**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC<br><br>**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE** |

Cases from across the nation have been transferred to the undersigned judge by the Judicial Panel on Multidistrict Litigation (the "Panel") pursuant to 28 U.S.C. § 1407. Doc. 1. Plaintiffs in these cases allege that Defendant C.R. Bard, Inc., along with its subsidiaries and related entities, are liable for injuries caused by Bard's inferior vena cava ("IVC") blood filters. *See generally* Case No. 15-1667, Doc. 1, ¶ 14. IVC filters are implanted in a patient's body to prevent the movement of blood clots. *See id.*, ¶ 15. Plaintiffs claim the IVC filters have caused significant injuries. *See id.*, ¶ 3. As a result, the Panel found that "common questions of fact" and decided to centralize the litigation in this District. *See In re Bard IVC Filters Products Liability Litigation*, No. MD-15-2641-PHX-DGC.

As of this date, 41 actions have been filed in MDL 2641. The Court has undertaken an initial review of the cases. Although many are in the initial phases of litigation, several have reached or passed the summary judgment stage and one has settled. *See* Case No. 15-1708 (*Pickard*). Additional cases may be filed and consolidated with MDL 2641.

**IT IS ORDERED**:

1. *Initial Case Management Conference*. An initial case management conference is set for **October 29, 2015, at 10:00 a.m.** in Courtroom 603, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, Arizona.

2. *Attendance*. To minimize costs and facilitate a manageable conference, parties are not required to attend the conference, and parties with similar interests should agree to the extent practicable on a single attorney to act on their joint behalf at the conference. A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation, and attendance at the conference will not waive objections to jurisdiction, venue, or service. Counsel who wish to participate by phone shall notify the Court's judicial assistant, Nancy Outley (602-322-7645). Any counsel who wishes to take a leadership position in this MDL should be present in the courtroom.

3. *Other Participants*. Persons who are not parties in this litigation, but may later be joined as parties, are invited to participate.

4. *Service List*. This order is being mailed to counsel who have made appearances in the cases currently consolidated in MDL 2641. Counsel on this list should forward a copy of this order to other attorneys who should be notified of the conference.

5. *Agenda and Discussion of Issues*. The Court will issue an order setting an agenda for the conference by **October 19, 2015**. Defense counsel shall confer with plaintiffs' counsel and submit a proposed agenda, along with a discussion of all issues that should be addressed at the outset of this case, by **October 9, 2015**. The submission should address the following, in addition to other matters identified by the parties:

    a. Are there categories of cases that raise different common issues, or

- 2 -

        do all of the cases raise all of the common issues?

   b.    Some cases in this MDL have been pending for years and are ready for trial, others are newly filed. What should be done given the varying ages of cases in this MDL?

   c.    Should a document depository of some sort be created?

   d.    Have the parties established an ESI protocol that is being used in some or all of the cases?

   e.    Have the parties agreed upon protective orders and Rule 502 orders that are being used in some or all of the cases?

   f.    Will some of the cases raise jurisdictional or remand issues that need to be addressed early? If so, what are those issues and what cases are affected?

   g.    Are there similar state court cases pending? If so, where and in what number? Has there been any coordination with state court cases thus far?

   h.    Should a master complaint be filed for organizational purposes (not to supersede pending complaints in individual cases)?

   i.    What discovery plan should be adopted in this case?

   j.    Should the case include alternatives to traditional written discovery, such as fact sheets to be completed under oath by parties?

   k.    Are there particular issues which, if resolved early, will significantly advance the litigation?

   l.    Should the Court set a firm date by which cases will be remanded to transferor districts?

   m.    The parties should review the undersigned's standard Case Management Order on the District website to get a sense for how the undersigned usually manages cases.

6.    *Admission of Counsel*. Attorney admission is governed by Local Rule 83.1.

Association of local co-counsel is not required at this stage of the litigation, although active local counsel likely will be important for attorneys appointed to leadership positions in this case.

7. *Pending and New Discovery.* Pending the conference, all outstanding disclosure and discovery is stayed. This Order does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to conducting depositions that already have been scheduled; (3) prevent a party from voluntarily making disclosures or responding to an outstanding discovery request; or (4) authorize a party to suspend its efforts in gathering information needed to respond to an outstanding discovery request.

8. *Later-Filed Cases.* This order applies to any cases later filed in, transferred to, or removed to this Court. Cases may not be filed directly as part of MDL 2641. Rather, cases must be filed in the appropriate district and transferred in accordance with 28 U.S.C. § 1407 and Rules 6.2 and 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation.

9. *Applications for Lead and Liaison Counsel.* The Court intends to appoint lead or liaison counsel for plaintiffs and defendants. The Court expects defendants to designate lead counsel. Applications for plaintiffs' lead or liaison counsel must be filed electronically by **October 9, 2015**. The Court will consider only attorneys who have filed a civil action or an appearance in this litigation. The main criteria will be (1) willingness and ability to commit to a time-consuming process; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner. By **October 9, 2015**, plaintiffs' counsel may submit suggestions on the appropriate organization of the plaintiffs in this case, including the

designation of lead or liaison counsel and supporting committees, and suggestions regarding the funding of the plaintiffs' side.

Dated this 15th day of September, 2015.

_____
David G. Campbell
United States District Judge