IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

IN RE: BARD IVC FILTERS
PRODUCTS   LIABILITY LITIGATION

Case No. 2:15-md-02641-DGC
MDL No. 2641

This Order Relates to:  All Actions

# PETITION FOR APPOINTMENT OF A PLAINTIFFS' LEADERSHIP STRUCTURE

The undersigned counsel, hereinafter referred to as "Movants," hereby submit this Petition For Appointment of a Plaintiffs' Leadership Structure.  Having conferred and come to a majority agreement, Movants collectively file this Petition so that it is representative of each and every plaintiff they represent in this litigation. In support of their petition, Movants state as follows:

## INTRODUCTION

On August 17, 2015, the Judicial Panel on Multidistrict Litigation issued a Transfer Order for all cases filed in federal judicial districts that share factual issues regarding C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.'s design, testing, manufacture, sale and marketing of Bard Inferior Vena Cava ("IVC") Filter product line. The Bard IVC Filters are medical devices cleared for marketing via the Food and Drug Administration's 510(k) process and alleged to cause perforation, tilting, fracture and migration of the device in the body.  On September 15, 2015, the Court issued its Order Setting an Initial Pretrial Conference for October 29, 2015, and outlined certain matters on which to engage in meet and confers, and  be prepared to discuss certain matters at the conference.  Pursuant to the Order, on October 1, 2015, representative counsel for all parties met in person at the law offices of Gallagher & Kennedy in Phoenix and

discussed each issue as set forth by this Court's Order Setting Initial (CMC) listed in paragraphs 5(a) through 5(m), including, but not limited to, the following:

- a. the proposed case management plan as agreed to amongst the parties which was filed and entered by the Court;
- b. the appointment of a leadership structure lead counsel for Plaintiffs;
- c. creation of a master complaint;
- d. protective order;
- e. discovery including proposals to avoid duplicative discovery;
- f. coordination with states
- g. ESI

Since the transfer of these cases, the undersigned have coordinated calls in order to discuss the initiation, process, status and organization of the overall litigation in state and federal courts, discovery negotiations regarding documents and electronically stored information ("ESI") with the defendant and process of production.  A call was held on Monday, September 21, 2015 to further discuss process and initiation.  Most recently and given the presence of participating plaintiffs' counsel, a meeting was held on October 1, 2015 in order to discuss the leadership structure further.  All participants attending both the telephonic meeting and the in-person meeting represents the majority of the cases and the discussions included state litigation. The undersigned represent the overwhelming majority of the Bard IVC Filter claimants whose cases are currently pending in federal court and appropriate for transfer to this MDL, and that are not the subject of current or anticipated motions to remand.

Moreover, since the issuance of "Order Setting Initial (CMC)" counsel for plaintiffs have met and conferred in conference calls and some, in person, to discuss this organizational structure and whom to support as Lead/Liaison Counsel.  Once we reached a consensus on

Ramon Rossi Lopez role as Lead and Liaison Counsel, Mr. Lopez began the process of defining various committees and subcommittees, and seeking appropriate membership in each. We now have sixteen (16) such committees in place, all of which are organized with chairs and members actively engaged in advancing the subject matter and related issues. The titles of many of these committees are attorney work product. If the court is interested in that detail we would respectively request that this list be submitted under seal for in camera review.

As such, Movants respectfully move this Court to exercise its discretionary authority, consistent with 28 U.S.C. § 1407; the August 17, 2015 Transfer Order issued by the Judicial Panel on Multidistrict Litigation (the "MDL Panel") in the related cases; the Supreme Court's decision in *Lexecon, Inc. v. Milberg, Weiss, Bershad, Hynes & Lerach*, 523U.S. 26 (1998); other case law and secondary authorities; and the Federal Judicial Center's MANUAL FOR COMPLEX LITIGATION (FOURTH) (2004), and appoint the two (2) undersigned attorneys to serve as Lead/Liaison Counsel, Federal/State Liaison Counsel and the twenty (20) undersigned attorneys to serve as Plaintiffs' Steering Committee ("PSC"). Accordingly, Movants respectfully submit that this Court should approve the proposed leadership structure and enter the Proposed Case Management Order, attached as Exhibit A.

> I.  Appointment of a Plaintiffs' Leadership Structure is Critical to the Management and Success of Multi-Party Complex Litigation.

At present there are 65 complaints that have been filed in or transferred to this Court, and there are hundreds more expected to be filed. Each Complaint contains the same core allegations. Accordingly, there is an immediate need for organization of the parties and the coordination of discovery efforts and motion practice to promote fairness, to avoid unnecessary duplication and ensure the most efficient use of the Court's and the parties' resources.

"In multi-party, multi-case litigation, the district court's success is largely dependent on its ability to uncomplicate matters." *In re Recticel Foam Corp.,* 859 F.2d 1000, 1004 (1st Cir. 1988). In complex matters such as this, one of the key organizational tools the district court has is to appoint a steering/leadership committee of counsel. See MANUAL FOR COMPLEX LITIGATION (FOURTH) § 10.221 (2004) (suggesting mechanisms to organize counsel and discovery in multi-party litigation); see also *In Re Linerboard Antitrust Litigation*, 292 F. Supp. 2d 644, (E.D. Penn. 2003) ("The multiplicity of suits requires that the district court be allowed to combine procedures, . . . recognize steering committees of lawyers, limit and manage discovery, etc., to minimize expense to all litigants and to provide judicial efficiency." (citing *In re Showa Denko K.K.*, 953 F.2d 162, 165 (4th Cir. 1992)).

Indeed, in "a case of this magnitude and complexity, it is imperative that counsel be well organized and work efficiently and harmoniously among themselves and with opposing counsel" to avoid additional costs and unnecessary time expenditures as a result of duplicative pre-trial proceedings. *In re Domestic Air Trans. Antitrust Litig.*, 1990 U.S. Dist. LEXIS 20095, at *1 (N.D. Ga. Dec. 21, 1990), see also MANUAL § 10.221 (Lead Counsel is to cooperate and work together with Defendant in developing and implementing a litigation plan). Fortunately, the majority of the members of the proposed leadership committee have been litigating a similar IVC filter matter[1] in multiple jurisdictions and these proposed members have engaged in a volunteer coordinated structure in the absence of an MDL or similar consolidation structure. These efforts involved coordinated negotiations of Protective Orders, document production, electronically

---

[1] Ten of the twenty proposed members of this leadership structure have actively litigated another IVC filter matter involving similar science, medicine, and injuries against *Cook Medical, Inc., et al.*, which has been consolidated and is pending before the U.S.D.C. in the Southern District of Indiana Case No: 1:14-ml-2570-RLY-TAB; MDL 2570. The original core group of attorneys who have been litigating similar actions against C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. are Ramon Lopez and Troy Brenes of Lopez McHugh LLP, John Dalimonte of Karon & Dalimonte LLP, Julia Reed Zaic of Heaviside Reed Zaic, Joseph Johnson of Babbit & Johnson, P.A. and Ben C. Martin.

stored information and the engagement of an eDiscovery vendor for documents management. Therefore, these proposed members bring forth the same cooperative skills and resources they've been using effectively in this 'sister' litigation to collaborate in this MDL. Appointment of a Plaintiffs' Leadership Committee led by proposed Lead/Liaison Counsel and coordinated by the proposed State/Federal Liaison Counsel will surely provide similar organization and efficiency in this case.  After all, the primary purpose of the proposed structure is to preserve and collect evidence and frame, write, argue, and respond to pretrial motions – it simply makes sense for plaintiffs to speak with one voice on these issues rather than having the defendants respond to dozens of plaintiffs' counsel. In the interest of efficiently litigating these cases and conserving judicial resources, as well as the parties' resources, this Court should organize plaintiffs' counsel and appoint the proposed structure for pre-trial proceedings suggested at the request by the Court for a leadership structure.

      II.    <u>Appointed Counsel Should Have Exemplary Qualifications and Experience</u>.

Appointment of the proposed counsel and the assignment of responsibilities to these positions is consistent with the Manual's recommended organizational structure and ultimate goal of achieving "efficiency and economy" in this litigation. See MANUAL § 10.221. All counsel appointed by this court are charged with the ultimate responsibility of acting for, and in the best interest of, all plaintiffs throughout pre-trial proceedings by addressing matters of common concern and representing all plaintiffs when discussing such matters with the court and defendants. See *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 2007 U.S. Dist. LEXIS 2650, at *18 (E.D.N.Y. Jan. 12, 2007) (citing MANUAL § 10.221 (2004)). As such, the court must appoint counsel who are fully capable and qualified to represent all parties on their side fairly and adequately.

When determining which counsel should be appointed, it is important for the Court to assess the following factors:

- Qualifications, functions, organization, and compensation of designated counsel;

- Would-be designated attorneys' competence for assignments;

- Whether designated counsel fairly represent the various interests in the litigation;

- The attorneys' resources, commitment, and qualifications to accomplish the assigned tasks;

- The attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court; and

- The attorneys' experience in similar roles in other litigation.

MANUAL § 10.224.

As discussed in the subsequent sections and attached materials, proposed Lead/Liaison Counsel, and the PSC members satisfy these factors.

Since all of the transferred cases are brought as individual personal injury actions, the factors that a court is to look to when determining whether lead counsel should be appointed – as set out in the Manual – are analogous to the factors weighed by a court under Rule 23(g). In addition to meeting the general principles for complex litigation case management set forth in the Manual, the attached Proposed Case Management Order complies with Federal Rule of Civil Procedure 23's criteria governing the appointment of lead counsel. In considering the appointment of Class Counsel under Rule 23(g) of the Federal Rules of Civil Procedure, the Court is instructed to evaluate the following factors: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge

of the applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g).

As discussed below and in the attached materials in more detail, each of the counsel seeking appointment has a great deal of experience with complex mass tort litigation. These attorneys and law firms have impressive qualifications, a long record of success in complex litigation and a demonstrated willingness to invest substantial resources in the prosecution of complex cases. Many have already committed thousands of hours to this litigation over the course of several years and will vigorously and skillfully represent the interests of all individual plaintiffs. They have already performed extensive legal and factual investigations into the matters at issue in this litigation and many have been involved in a similar IVC matter described in footnote 1, *supra*. Additionally, the proposed Lead/Liaison Counsel and Steering Committee members, by their count, have the largest and most diverse number of clients involved in this litigation. Therefore, the proposed leadership structure satisfies the factors set forth in the Manual.

### III.     Proposed Plaintiffs' Leadership Structure

The undersigned Plaintiffs submit the following leadership structure:

| Plaintiffs' Co-Lead/Liaison Counsel and State/Federal Liaison Counsel, | | |
|---|---|---|
| Robert W. Boatman | Gallagher & Kennedy, PA<br>2575 E. Camelback Rd., Ste. 1100<br>Phoenix, AZ 85016 | B |
| Ramon R. Lopez | Lopez McHugh, LLP<br>100 Bayview Cir., Ste. 5600<br>Newport Beach, CA 92660 | C |

| Plaintiffs' Steering Committee (PSC) |
|---|

| | | |
|---|---|---|
| Shannon Clark | Gallagher & Kennedy, PA<br>2575 E. Camelback Rd., Ste. 1100<br>Phoenix, AZ 85016 | D |
| John A. Dalimonte | Karon & Dalimonte, LLP<br>85 Devonshire St., Ste. 1000<br>Boston MA, 02109 | E |
| Troy A. Brenes | Lopez McHugh, LLP<br>100 Bayview Cir., Ste. 5600<br>Newport Beach, CA 92660 | F |
| Ben C. Martin | Law Offices of Ben C. Martin<br>3219 McKinney Ave., Ste. 100<br>Dallas, TX 75204 | G |
| Joseph R. Johnson | Babbitt & Johnson, PA<br>1641 Worthington Rd., #100<br>West Palm Beach, FL 33409 | H |
| Julia Reed Zaic | Heaviside Reed Zaic<br>312 Broadway St., Ste. 203<br>Laguna Beach, CA 92651 | I |
| Howard L. Nations | The Nations Law Firm<br>3131 Briarpark Dr., #208<br>Houston, TX 77042 | J |
| Russell W. Budd | Baron & Budd, P.C.<br>3102 Oak Lawn Ave., Ste. 1100<br>Dallas, TX 75219 | K |
| Thomas P. Cartmell | Wagstaff & Cartmell, LLP<br>4740 Grand Ave., #300<br>Kansas City, MO 64112 | L |
| Turner W. Branch | Branch Law Firm<br>2025 Rio Grande Blvd, NW<br>Albuquerque, NM 87104 | M |
| Wendy R. Fleishman | Lieff, Cabraser, Heimann & Bernstein, LLP<br>250 Hudson St., 8th Floor<br>New York, NY 10013 | N |
| Donald A. Migliori | Motley Rice, LLC<br>321 South Main St., 2nd Floor<br>Providence, RI 02903 | O |
| Sheila M. Bossier | Freese & Goss, PLLC<br>1520 North State St.<br>Jackson, MS 39202 | P |
| Stuart L. Goldenberg | Goldenberg Law, PLLC<br>800 Lasalle Ave., #2150<br>Minneapolis, MN 55402 | Q |
| Christopher T. Kirchmer | Provost Umphrey Law Firm, LLP<br>490 Park St., P.O. Box 4905<br>Beaumont, TX 77704 | R |

| Michael A. Kelly | Walkup, Melodia, Kelly & Schoenberger<br>650 California St.<br>San Francisco, CA 94108 | S |
|---|---|---|
| Matthew McCarley | Fears Nachawati Law Firm<br>4925 Greenville Ave., Ste. 715<br>Dallas, TX 75206 | T |
| Hadley L. Matarazzo | Faraci Lange, LLP<br>First Federal Plaza<br>28 East Main St., Ste. 1100<br>Rochester, NY 14614 | U |
| Eric M. Terry | TorHoerman Law, LLC<br>101 W. Vandalia<br>Edwardsville, IL 62025 | V |
| Joseph A. Osborne | Osborne & Associates Law Firm, PA<br>433 Plaza Real, Ste. 271<br>Boca Raton, FL 33432 | W |
| Michael T. Gallagher | The Gallagher Law Firm, LLP<br>2905 Sackett Street<br>Houston, TX 77098 | X |
| Nate Van Der Veer | Farris, Riley & Pitt LLP<br>The Financial Center<br>505 20th Street North<br>Birmingham, AL 35203 | Y |

Having this structure in place with these attorneys, who have already devoted substantial time and resources to advancing the litigation, will achieve the goals of efficiency, organization and, ultimately, resolution.

IV.     Information on Leadership Applicants

Lead/Liaison Counsel

The undersigned Plaintiffs' counsel unanimously endorses the appointment of Ramon R. Lopez and Robert W. Boatman as co-lead/liaison counsel to oversee the management of this litigation and serve as the state/federal liaison to coordinate similar litigation pending in the various state courts around the country. Each will be filing separate applications for approval to this Court pursuant to paragraph 9 of this Court's Order Setting Initial (CMC) setting forth their

9

willingness, qualifications and capacity to serve in these leadership roles.  Notwithstanding, a brief summary of their credentials are as follows:

    1. Ramon Rossi Lopez

Ramon R. Lopez, is the founding member of the law firm Lopez McHugh LLP located in Newport Beach, California and is a member in good standing of the California bar.  Mr. Lopez has been practicing for more than thirty six (36) years and has regularly appeared in both state and federal courts throughout the country. His practice is concentrated in the areas of products liability and complex litigation.  Mr. Lopez has extensive experience in multi-district litigation and has served as lead/liaison counsel in Rezulin Litigation MDL No. 1348, Baycol Litigation California JCCP and PPA Litigation to California JCCP 4166 and has served in numerous other Plaintiff Steering Committees for various mass torts.  Mr. Lopez is also member of the executive committee in the Cook IVC Filter Products Liability MDL No. 2570.

Mr. Lopez' firm has the resources, capabilities and staff to meet the demands and responsibilities to serve as Lead/Liaison Counsel in this MDL.  Mr. Lopez' experience and that of his firm are noted in greater detail in his accompanying materials attached as Exhibit C, as well as in the separate formal application he will be filing for approval as Lead/Liaison counsel and Chair of this Plaintiffs' Steering Committee..

    2. Robert W. Boatman

Robert W. Boatman, is shareholder at the law firm Gallagher & Kennedy located in Phoenix, Arizona and is a member in good standing of the Arizona bar.  Mr. Boatman has practiced in Phoenix for more than thirty (30) years and has regularly appeared in both state and federal courts. His practice is concentrated in the areas of products liability and complex litigation.  He has served as co-lead counsel for all Arizona plaintiffs in the Ford/Firestone

Products Liability litigation and as co-lead counsel for multiple deaths due to defective bus design.  Mr. Boatman is an experienced trial lawyer and has obtained multiple substantial verdicts on behalf of his clients.

Mr. Boatman's firm has the resources, capabilities and staff to meet the demands and responsibilities to serve as Lead/Liaison Counsel in this MDL.  Mr. Boatman's experience and that of his firm are noted in greater detail in his accompanying materials attached as Exhibit B.

### A.    2.    Plaintiffs' Steering Committee

The attorneys included in the proposed structure have litigated countless complex civil actions and will draw on their combined experiences and resources to zealously represent all plaintiffs involved in this MDL. As demonstrated by the attached materials  (See Exhibits B-Y) the applicant firms and attorneys have substantial experience and knowledge in litigating mass tort cases, which will prove essential in the litigation of these cases. They all represent plaintiffs and have agreed to work together for <u>all</u> plaintiffs. Just as importantly, each of these attorneys have demonstrated commitment to this litigation, and will continue to commit their time and resources to the prosecution of this litigation.

### CONCLUSION

Pursuant to the Court's Order Setting Initial Conference entered on September 15, 2015, and for the reasons set forth herein, the undersigned respectfully request that the Court enter the proposed Order appointing Robert W. Boatman and Ramon R. Lopez as Co-Lead/Liaison Plaintiffs' Counsel and Plaintiffs' Steering Committee as set forth above and in the proposed Order attached hereto.

Dated: October 9, 2015.            Respectfully submitted,

ON BEHALF OF PLAINTIFFS

By: */s/ John A. Dalimonte*
John A. Dalimonte
(Admitted Pro Hac Vice)
KARON & DALIMONTE LLP
85 Devonshire Street, Suite 1000
Boston, MA 02109
Tel: 617-367-3311
Fax: 617-742-9130
Email: johndalimonte@kdlaw.net


By: */s/ Ramon R. Lopez*
Ramon R. Rossi
(Admitted Pro Hac Vice)
LOPEZ MCHUGH LLP
100 Bayview Cir., Ste. 5600
Newport Beach, CA 92660
Tel: 949-737-1501
Fax: 949-737-1504
Email: rlopez@lopezmchugh.com


By:   /s/ *Robert W. Boatman*
Robert W. Boatman
rwb@gknet.com
GALLAGHER & KENNEDY
2575  East Camelback Road
Phoenix, AZ 85016
(802) 530-8000
(802) 530-8500 (facsimile)


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record through the Court's CM/ECF system on this 9th day of October, 2015.

*/s/ John A. Dalimonte*
John A. Dalimonte

12