**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC<br><br>**ORDER** |

Attached is an agenda for the Case Management Conference to be held on October 29, 2015. The Court's previous order (Doc. 72) stated that the conference would begin at 10:00 a.m., but the Court has concluded that it should begin at **9:00 a.m.** The parties should be prepared to address all of the issues in the attached agenda and any others that should be resolved now or will expedite the resolution of this proceeding.[1]

Any parties wishing to appear telephonically at the Case Management Conference shall notify the Court's chambers no later than **4:00 p.m. on October 27, 2015**.

Dated this 19th day of October, 2015.

David G. Campbell
United States District Judge

---

[1] Numbers in brackets on the agenda are for the Court's use and refer to pages in the parties' joint submission.

# AGENDA

10-29-15 Case Management Conference

I. Identification and selection of parties' leadership

    A. Structure for Plaintiffs' leadership

    B. Common fund issues

    C. Require periodic status reports

    D. Length of appointments (Court proposes one year, subject to renewal)

II. Protective and 502 orders

    A. Form of order entered in cases to date [16]

    B. Any objection to Court entering the same order in this MDL?

III. ESI protocol

    A. Parties to submit stipulated order on format of production before conference [10]

    B. Preservation issues [34-35]

        1. Should the Court enter a preservation order?

        2. Plaintiffs state that they suspect a failure to preserve by Defendants, and seek discovery. [34-35] Assuming adequate preservation is currently underway, is there a need to address this 2006 issue now as opposed to near the close of discovery?

    C. Are there issues on ESI search methods that should be resolved (word searches, predictive coding, etc.)?

    D. How much transparency between the parties has there been to date (sharing information about the nature and configuration of ESI systems, search methods, etc.)?

    E. Have the two sides designated ESI experts to assist in ESI production?

IV. Scope of discovery [11-16]

    A. All new cases should be given immediate access to the document depository and the depositions completed to date [10]

    B. What additional common-issue discovery is needed?

    C.    What do the parties propose to do during the MDL with respect to non-common-issue discovery? [27]

        1.    Engage in such discovery in all cases?

        2.    Limit such discovery to a subset of cases?

        3.    Use of fact sheets?

    D.    Stipulations or agreements on effect of depositions in cases whose counsel did not participate? [21]

    E.    Adoption of plaintiffs' written discovery as having been served in MDL? [22]

    F.    Pending 30(b)(6) notices? [22]

V.    Particular issues that should be resolved early

    A.    Lehmann report (is it protected work product?) [27-30]

        1.    Briefing schedule

        2.    Evidentiary hearing?

        3.    Effect in cases where this issue has been decided?

    B.    Privilege logs [30-34]

        1.    Briefing schedule (Defendants contend this issue has been decided in several cases, but how can that decision bind the other cases in this MDL?)

        2.    Use of special master?

    C.    Remand and jurisdiction issues

        1.    Briefing schedule for *Saviuor* case [16-17]

        2.    Others?

    D.    Filing of a master complaint and answer (who, when, what effect?) [21]

VI.    Handling of advanced cases [7-10]

    A.    If discovery is closed in these cases, why should it be reopened?

    B.    If Daubert motions and motions for summary judgment have been decided, does anyone contend they should be reopened? (This will be a tough sell.)

       C.      If cases are ready for trial, why should they not be remanded immediately for trial?  Can't those cases serve as bellwethers?

       D.      What trials have already occurred and with what results?

             1.      Phillips case in D. Nev.  [18]

             2.      Others?

VII.    Discovery schedule

       A.      Plaintiffs' proposal [22-25]

       B.      Defendants' proposal [25-26]

VIII.   Coordination with state court litigation

       A.      Common document depository

       B.      Lifting of the discovery stay for the Nov. 10 production and Dec. 2 deposition of a corporate rep on FDA warning letter issue [17-18]

       C.      Coordination of Hill & Knowlton subpoena [18]

       D.      Designation of a state/federal liaison  [19]

       E.      State court stays of dispositive motions to be requested – in all state cases? [19]

       F.      Steps to avoid duplicative discovery

IX.     Settlement efforts

       A.      What has happened to date?

       B.      Any global settlement talks?

       C.      Should a neutral be designated to work with the parties as the litigation proceeds?

X.      Other issues

       A.      Science day?

       B.      Handling of discovery disputes

       C.      Status reports

X.      Future conferences