**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **IN RE:  BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION**<br><br>**This Order Relates to:  All Actions** | MDL No. 2641<br><br>**CASE MANAGEMENT ORDER NO. 2** |

The Court held a lengthy case management conference with the parties on October 29, 2015.  Before the conference, the parties submitted a proposed agenda and a memorandum setting forth positions of Plaintiffs and Defendants on various issues. Doc. 174.  The Court entered an order with a more detailed agenda on October 19, 2015. Doc. 203.  This order will generally follow the topics set forth in the Court's agenda.

**I.      Identification and Selection of Parties' Leadership.**

The Court has entered Case Management No. 1, which establishes Plaintiffs' Leadership Counsel.  By **November 6, 2015**, Plaintiffs' Lead/Liaison Counsel shall submit to the Court a proposed Case Management Order concerning: (a) the duties and authority of Plaintiffs' Leadership Counsel in coordinating pretrial practice in this MDL; (b) the establishment and operation of a common fund for eventual payment and reimbursement of attorneys and their firms for common benefit work; (c) a procedure for auditing the common benefit work of Plaintiffs' attorneys and their firms; (d) a procedure for making quarterly reports to the Court regarding the audits and the common benefit work performed by attorneys and their firms; (e) guidelines for eventual fee applications and cost reimbursement, including record-keeping requirements, time-keeping

requirements (*see*, *e.g.*, Local Rule of Civil Procedure 54.2(e)), staffing limitations for various tasks, acceptable hourly rates, when travel time can be billed, reimbursable expenses (what is and is not reimbursable), and acceptable levels of expense reimbursement; (f) procedures or agreements designed to avoid the duplication of common benefit discovery already completed in some of the MDL cases; and (g) periodic status reports on coordination with state cases and other relevant matters.

**II.     Protective and Rule 502 Orders.**

By **November 6, 2015**, the parties shall jointly submit to the Court a proposed protective order, including Rule 502 provisions, for all cases in this MDL.  If the order addresses the filing of confidential documents in court, it shall not say that such documents may be filed under seal.  Instead, it should say that any party seeking to file a confidential document under seal shall comply with Local Rule of Civil Procedure 5.6.

**III.    ESI Protocol.**

By **November 30, 2015**, the parties shall jointly present to the Court an ESI Protocol addressing format of production, preservation, and other relevant ESI-discovery matters.  If the parties are unable to reach agreement on all aspects of the ESI Protocol, they shall file a joint report setting forth the areas of agreement and disagreement and recommending a procedure for resolving disagreements.

**IV.    Discovery.**

**A.     Discovery Relevant Only to Individual Cases.**

By **November 6, 2015**, the parties shall propose to the Court profile forms to be completed by Plaintiffs and Defendants with respect to each new case added to this MDL.  The intent will be to provide the parties with basic and relevant information about each new case.  With the exception of bellwether cases, the Court generally will not oversee discovery relevant only to individual cases.  It is anticipated that such discovery will be conducted in transferor districts after this MDL is completed.

/ / /

/ / /

**B.      Binding Effect of Completed Discovery.**

The parties will discuss whether agreement can be reached on the binding effect already-completed discovery will have in cases filed after the date of the discovery.  If the parties are able to reach agreement, they shall jointly submit a stipulation to the Court by **December 18, 2015**.  If the parties are unable to reach agreement, each side shall file a 10-page memorandum setting forth its position with respect to the effect of the already-completed discovery by **December 18, 2015**.  Each side may file a 5-page response memorandum by **January 8, 2016**.

**C.      First-Phase Discovery.**

By **January 15, 2016**, the parties shall complete a first phase of MDL discovery which includes the following:

1.      Defendants shall provide an updated production of complaint (adverse event) files relating to the Recovery, G2, G2X, and G2 Express filters, and shall produce complaint (adverse event) files relating to the Eclipse, Meridian, and Denali filters.

2.      Defendants shall produce updated versions of Bard's Adverse Event Tracking System for the various filters set forth immediately above.

3.      By **November 10, 2015**, Defendants shall produce the documents described by defense counsel during the case management conference related to the FDA investigation and warning letter.

4.      Plaintiffs may take a Rule 30(b)(6) deposition with respect to the FDA investigation and warning letter.

5.      Kay Fuller shall be deposed.

**D.      Conferences Regarding Second Phase of Discovery.**

The parties shall meet and confer with respect to the following discovery issues, and, by **January 20, 2016**, provide the Court with a joint report regarding their discussions.  Areas of agreement and disagreement will be clearly identified, and each

party's position shall be set forth.   The parties shall propose, jointly if possible, procedures for resolving their disagreements.

1. Updated collections and productions of previously searched "custodians" and ESI sources.   In discussing this topic, the parties should avoid duplicative discovery, but relevant information not previously searched for should be considered as a possible subject of discovery.

2. Production of ESI from custodians involved with later-generation filter devices or employed at later time frames.

3. Further discovery related to the FDA inspection and warning letter.

4. ESI and documents that have been previously withheld, if any, as to Defendant's later-generation devices, such as the Eclipse, Meridian, and Denali filters.

5. Discovery related to the Simon Nitinol filter.

6. Discovery regarding the Recovery Cone Removal System design, design changes, corrective actions, reasons why design changes were made, regulatory communications, and adverse event reports.

7. Custodial files and other discovery with respect to sales and marketing personnel.   In addressing this issue, the parties should consider whether discovery focusing on higher-level sales and marketing personnel should be undertaken before discovery of lower-level personnel.   The parties should also consider whether sales and marketing discovery should be postponed until case-specific discovery is undertaken with respect to bellwether cases.

8. Pending Rule 30(b)(6) deposition notices in cases consolidated in this MDL or state-court cases.

9. Additional depositions of corporate and third party witnesses.

10. Rule 26 expert disclosures and expert depositions.

11. Discovery related to ESI preservation issues.

/ / /

/ / /

- 4 -

**V.      Issues to be Briefed.**

      **A.      Lehmann Report.**

      Defendants shall file a motion for protective order with respect to the Lehmann Report, including evidentiary material, by **November 30, 2015**.  Plaintiffs shall file a response, including evidentiary material, by **December 18, 2015**.  Defendants shall file a reply by **January 8, 2016**.  The parties' briefs should address whether the Lehmann Report constitutes work product, whether an evidentiary hearing is needed, and what effect the Court's ruling should have in cases where this issue has already been decided.

      **B.      Privilege Logs.**

      By **November 13, 2015**, Defendants shall provide to Plaintiffs the current version of all privilege logs.  By the same date, Defendants shall identify for Plaintiffs all documents that previously were listed on privilege logs but subsequently were produced to Plaintiffs.  A chart showing privilege log control numbers and bates numbers of produced documents likely would be most helpful.

      Between November 13, 2015 and early January, 2016, the parties should engage in the informal privilege log exchange proposed by Defendants during the case management conference.  The purpose of this exchange will be to see if the parties can reach agreement on privilege log issues.  For purposes of the informal exchange, the parties should apply the work product law set forth in the magistrate judge's decision in the Nevada case, unless they agree upon different legal standards.  This paragraph will not preclude parties from arguing for a different legal standard if privilege log issues must be resolved by the Court.

      By **January 20, 2016**, the parties shall provide the Court with a joint report on their privilege log efforts, identifying areas of agreement and disagreement, setting forth the parties' positions on the disagreements, and proposing procedures for resolution of any remaining outstanding issues.

/ / /

/ / /

## VI.    Pleading and Filing Procedures.

By **November 30, 2015** the parties shall provide to the Court a master complaint drafted by Plaintiffs, a master answer drafted by Defendants, and templates of short-form complaints and answers agreed upon by the parties.  The parties shall also submit to the Court a proposed case management order which provides that the master complaint and master answer will be filed in the master docket in this MDL proceeding; that new cases may be filed in the District of Arizona using the short-form complaint; that filing of a short-form complaint in the District of Arizona will not mean that the trial in that case will be held in Arizona, but instead will mean that the case will be transferred to the appropriate home district at the conclusion of this MDL; that Defendants may file a short-form answer in response to a short-form complaint; and that service of process in cases filed in the District of Arizona using the short-form complaint may be made by email on defense counsel.[1]

The parties shall include in the jointly-submitted case management order a provision identifying cases in which the master complaint and master answer will not become the operative pleadings – where the existing complaints and answers will remain the operative pleadings.  The master complaint and answer will become the operative pleadings in all other cases in this MDL.

## VII.    Handling of Advanced Cases.

This MDL includes some cases in which discovery and motion practice has been completed.  The Court does not intend to reopen already-decided *Daubert* motions or motions for summary judgment in these cases.  The parties agree, however, that these cases should not be remanded to transferor courts at the present time.  Rather, they will remain a part of the MDL and will be considered as possible bellwether cases in the future.

---

[1] The parties should address an additional issue in their November 30 filing.  If cases are filed in Arizona under such a case management order, what is the legal basis upon which they later would be transferred to their home district?  Because they would not originally have been filed in another district, transfer under 28 U.S.C. § 1407(a) presumably would not be available.

**VIII.   Coordination with State Court Litigation.**

Plaintiffs' Lead/Liaison Counsel shall, through the Plaintiffs' Steering Committee, coordinate discovery and motion practice in this MDL proceeding with state court cases. As an immediate matter, Plaintiffs' counsel shall coordinate discovery of Hill & Knowlton with state cases.

**IX.     Next Case Management Conference.**

The Court will hold a second case management conference on **January 29, 2016 at 9:00 a.m.**  The parties should file a joint report and proposed agenda by **January 20, 2016**, identifying issues to be addressed at the conference.[2]   The purpose of the conference will be to address matters raised in the joint report and the various filings identified above.  The Court will establish a second phase of fact discovery on the basis of the parties' submissions and discussions at the case management conference.  The Court will also confer with the parties about a schedule for expert disclosures, depositions, and *Daubert* motions.  Because many of the cases in this MDL proceeding have involved no expert discovery, the Court concludes that full Rule 26 disclosures, followed by depositions and *Daubert* motions, should be conducted in this MDL.  The effect of that discovery and motion practice in cases where experts have already been disclosed will be addressed later.

**X.      Other Matters**.

A.      Settlement Talks.  After conferring with the parties, the Court concluded that it should not require global settlement talks at this stage of the litigation.  The number and nature of cases to be added to this MDL is yet to be determined, and the scale of this litigation will be an important factor in settlement efforts.  The Court will raise this issue with the parties in the future.

B.      Discovery Disputes.  The parties shall not file written discovery motions without leave of Court.  If a discovery dispute arises, the parties promptly shall contact

---

[2] Among other topics, the joint report should identify pending motions in all MDL cases and set forth the parties' recommendation as to what the Court should do with those motions.

the Court to request a telephone conference concerning the dispute.  The Court will seek to resolve the dispute during the telephone conference, and may enter appropriate orders on the basis of the telephone conference.  The Court may order written briefing if it does not resolve the dispute during the telephone conference.[3]  Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j).

C.      Briefing Requirements.  All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13 point font in text and footnotes. Citations in support of any assertion in the text shall be included in the text, not in footnotes.

D.      Rule 34 Responses.  Rule 34 responses shall comply with the amended Rule 34 to become effective on December 1, 2015.

Dated this 30th day of October, 2015.


David G. Campbell
United States District Judge

---

[3] The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered correspondence with attachments.

- 8 -