# EXHIBIT B

**JOINT PROSECUTION AND CONFIDENTIALITY AGREEMENT**
<u>In re Bard IVC Filters Litigation</u>

This Joint Prosecution Agreement ("Agreement") is made and entered into by and between (1) the attorneys that have been litigating actions relating to inferior vena cava filters manufactured by C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. since 2011, hereinafter known as the Consortium Lawyers (*previously identified as Lopez McHugh LLP, Babbitt Johnson, Karon & Dalimonte, Heaviside Reed Zaic, and Law Offices of Ben C. Martin) and (2) _____ ("the Member Attorney/Firm" or "Member Attorneys/Firms").

**WHEREAS,** all federal actions relating to Bard manufactured inferior vena cava filters have been consolidated before and transferred to Judge David G. Campbell in MDL No. 2641.

**WHEREAS,** Judge David G. Campbell has ordered that Plaintiffs establish their leadership structure to facilitate the conduct of pretrial proceedings in MDL No. 2641.

**WHEREAS,** Consortium Lawyers and Member Attorneys have agreed to a proposed leadership structure for MDL No. 2641, involving Lead Co-Counsel and a Plaintiff Steering Committee.

**WHEREAS**, the Consortium Lawyers have completed a significant amount of discovery and trial preparation work product that will be beneficial to the litigation of state and federal court proceedings involving Bard IVC Filter, including:

1. Taking corporate depositions and creating page-line summaries thereof,
2. Creating and maintaining a document depository,
3. reviewing multiple document productions,

4. Creating a database and spreadsheet of most relevant documents
5. Preparing and arguing discovery motions,
6. Challenging privilege claims of work product and attorney-client privilege,
7. Vetting and retaining multi-disciplinary experts all of whom have submitted multiple Rule 26 reports and been deposed multiple times
8. Deposing all defense experts,
9. Researching, responding and arguing summary judgment motions,
10. Preparing and arguing motions in limine in multiple jurisdictions,
11. Preparing trial deposition cuts for multiple trials,
12. Objections to deposition testimony designated by defense
13. Preparing exhibit lists, and marked exhibits (electronic and hard copy) for submission to trial court
14. Creating trial ready video testimony presentations with incorporated exhibits,
15. opening statements,
16. demonstrative boards and videos,
17. 11 days of trial with trial transcript, and
18. Post-settlement briefing obtaining order by Federal Court trial judge that all testimony and exhibits admitted into evidence are now in the public domain.

**WHEREAS**, the undersigned Member Attorney represents individual claimants who have been or may be injured as a consequence

of their Bard manufactured IVC Filter and the Member Attorney has filed either or both a state court and/or federal court action on behalf of one or more clients, or are in the process of doing so.

**WHEREAS**, the undersigned Member Attorney and all members of the proposed Plaintiff leadership in MDL No. 2641 are desirous of acquiring the above described work product created by Consortium Lawyers and establishing an amicable, working relationship with Consortium Lawyers.

**NOW THEREFORE**, in consideration of the covenants and mutual promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

1. To the extent consistent with the best interest of his or her individual client, the undersigned Consortium and Member Attorney agrees to assist in a cooperative effort to investigate, prepare and conduct discovery in State and Federal Court litigations regarding Bard manufactured IVC Filters ("Subject Litigation") in order to achieve the common interest of minimizing cost, maximizing judicial efficiency and assuring the just and speedy resolution of the undersigned Member Attorney's individual claim and the other similar claims which collectively comprise the Subject Litigation.

2. In support these common interests:

    (a) The undersigned Consortium Lawyers and Member Attorney agrees to share information with other Member Attorneys, within their professional discretion, including discovery materials concerning the common issues involved in the Subject Litigation except where restricted by the terms of a valid and operative protective order.

(b) The undersigned Member Attorney agrees to take whatever action (including internal procedures and legal action) that is necessary and appropriate to preserve both the work product status and confidentiality of the identity and contents of materials or information provided to them as a result of this Agreement.

(c) To enforce the mutual obligations of this Agreement.

3. The undersigned Member Attorney agrees to maintain the confidential status of all confidential information acquired in furtherance of this Agreement and agrees that all such information (including but not limited to the identity and contents of material contained in or selected from a document database, confidential communications with other Member Attorneys, confidential information acquired at seminars, and all correspondence, memoranda, notes and other materials based on or reflecting the identity or content of such information) shall be maintained in absolute confidence

4. In an effort to maintain the confidential status of all information generated by, developed by and/or acquired from Consortium Lawyers, Member Attorneys agree that they will not disclose that they have received any materials from other Consortium Attorneys. The source of the acquisition of relevant data while not germane to a member's lawsuit is germane to Consortium Attorneys status and usefulness in preparing data bases and other materials.

5. In the event that a Member Attorney has any data received from consortium Attorneys and is compelled by a Court to produce or disclose said information, the Member Attorney must immediately move for the imposition of a protective order which precludes the attorneys in the subject case from disseminating the data to anyone (attorneys or non-attorneys) outside the confines of the subject case; the protective order shall further restrict the use of these materials and require the return of the original and any copies of these materials at the

completion of the case.

9.     To the extent that the undersigned Member Attorney discloses information in violation of this Agreement, or otherwise waives protection available to the undersigned Member Attorney (including but not limited to entitlement to protection under the work product doctrine), such waiver shall not extend to other Member Attorneys or to Consortium Attorneys.

10.    The undersigned Member Attorney authorizes and designates Consortium Lawyers to act on his or her behalf in his or her capacity as a Member Attorney for the purpose of entering into and enforcing the mutual obligations of this Agreement.

11.    No provision of this Agreement shall be construed as requiring the undersigned Member Attorney to pay to any other Member Attorney any additional fees or costs not contemplated by this Agreement. Furthermore, this Agreement shall have no effect on any current or outstanding obligation of the undersigned Member Attorney to pay any other Member Attorney fees or costs. This Paragraph does not have any effect on any other agreements or orders (including assessment orders) that now or hereinafter exist relating to payment for any common benefit work performed by Consortium Lawyers.

12.    Any obligation assumed under this Agreement shall survive the dismissal, settlement or other resolution of any individual claim handled by the undersigned Member Attorney.

13.    In addition to any other agreements contained herein relating to keeping materials confidential and preventing disclosure to defendants, Member Attorneys expressly agree not to release the materials provided hereunder to any other attorney or Bard IVC Filters claimant whose claims are not represented by Member Attorneys herein or who are not otherwise a

signatory to this Agreement.

14. This Agreement shall apply to each and every claim or action arising from the defective Bard IVC Filters in which the Member Attorneys have a right to a fee recovery and shall encompass all claims, filed or unfiled, wherein the Member Attorneys or their respective law firms have been directly retained by a client in connection with a Bard IVC Filters related claim, or, alternatively, are associated as co-counsel or otherwise.

15. In the event that a Member Attorney fails to comply with any provision set forth herein, his or her Membership shall be subject to immediate termination.

16. Consortium Attorneys and the Member Attorneys agree to consent to the jurisdiction of Judge David G. Campbell in the United States District Court for the District of Arizona for the resolution of any disputes arising from or related to this Agreement.

17. The Undersigned Member Attorney agrees to honor any common benefit holdback or assessment from settlement or judgment proceeds in any Bard IVC Filter case they have an interest in, which has been or may be ordered by Judge David G. Campbell in the United States District Court for the District of Arizona. The Undersigned Member Attorney further agree to recognize the work product created by Consortium Lawyers prior to said order as counting towards common benefit time, as to those categories and subject matters that are commonly recognized as common benefit activities in state and/or federal coordinated actions, whether or not said work was created prior to or after the consolidation. The recognitions, value and qualifications of such common benefit activities will be subject to the same scrutiny, protocol, policies, procedures and evaluations sanctioned by the MDL court for all past, pending and future common benefit work, which will be the subject of a future Case Management Order,

MEMBER ATTORNEY

Date    _____


CONSORTIUM ATTORNEY

Date:   _____