1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **IN RE:** | MD No. 2641 |
| **BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION** | **STIPULATED PROTECTIVE ORDER** |

The parties, through their respective counsel, stipulate to the entry of a protective order to govern the dissemination of documents, materials, and other information, including the substance and content thereof, designated by any party as confidential and produced by any party in support of motions, in response to written discovery, or during any formal or informal discovery in this litigation subject to the terms as set forth below.

WHEREAS, the defendants to this action, through their counsel, have requested of the plaintiffs that a protective order preserving the confidentiality of certain documents and information should be entered by the Court.

THEREFORE, IT IS ORDERED as follows:

**I.      Definitions**

1.      **Confidential Information**.  "Confidential Information" is defined herein as any information that constitutes, reflects, discloses, or contains: (1) a "trade secret" or other confidential research, development, or commercial information" that is suitable for protection under Federal Rule of Civil Procedure 26(c)(1)(G); and (2) information that may be protected from disclosure under a party's constitutional right of privacy such as

confidential and private psychiatric, psychological, medical condition and/or employment information.

2. **Trade Secret**. A party, in designating information "Confidential" because it contains a "Trade Secret", shall designate only information that meets the definition of trade secret contained in 18 U.S.C.A. §1839 (West):

> the term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if --
>
> (A)   the owner thereof  has taken reasonable measures to keep such information secret; and
>
> (B)   the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, the public.

3. **This Action**. "This Action" means IN RE: BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION, MDL No. 2641, pending in the transferee district, the United States District Court District of Arizona, as per the Transfer Order issued by the United States Judicial Panel on Multidistrict Litigation on August 17, 2015 (Doc. 31) and all cases filed in or transferred to the District of Arizona as a result of the Transfer Order in the above captioned matter.

## II.   <u>Information Within the Scope of the Protective Order</u>

4. This Protective Order shall govern all hard copy and electronic materials, the information contained therein, and all other information produced or disclosed during This Action, including all copies, excerpts summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party to This Action or its representatives (the "Supplying Party") to any other party or parties to This Action or their representatives (the "Receiving Party"), whether provided voluntarily, pursuant to formal discovery procedures, or otherwise.

5.      The scope of confidentiality protections afforded under this Protective Order does not include any trial exhibits or trial testimony entered into evidence during the case known as *Phillips v. C.R. Bard, Inc., et al*., No. 3:12-cv-00344-RCJ-WGC (D. Nev. June 1, 2015) (*See*, **Exhibit C**, Order denying Bard's motion to seal trial exhibits and trial transcripts, Doc. No. 328).  Notwithstanding the foregoing, this Protective Order does not address or alter whether or not Defendants may argue that non-confidential documents should still be entitled to protection under the work-product doctrine and/or the attorney-client communication privilege.

**III.      Designating Information As "Confidential" Pursuant to This Protective Order**

6.      **Documents**.  Any Supplying Party producing documents that contain information that meets the definition of Confidential Information as provided in Paragraph 1 and 2 herein, may designate the contents of the documents as "Confidential" prior to or at the time of production by placing the following designation on the documents:  "CONFIDENTIAL – Subject to Protective Order".  Where a document consists of more than one page, each page of the document shall be designated as such. Any document or information for which it is impracticable or impossible to affix such a legend may be designated by written notice to that effect with a reasonable description of the material in question including a BATES number, where applicable.

7.      If a Supplying Party makes documents or information available for inspection, rather than delivering copies to another party, no "Confidential" designation is required in advance of the initial inspection.  For the purposes of initial inspection only, the documents shall be considered "CONFIDENTIAL".  Upon production of the inspected documents, the Supplying Party shall designate which of the produced or copied documents and materials are or contain Confidential Information pursuant to Paragraph 6 of this Order.

8.      **Written Discovery**.  If responses to written discovery contain Confidential Information as defined in Paragraph 1 and 2 of this Protective Order, the Responding Party may designate the responsive documents and information, as set forth in

Paragraph 6, with specific indication of the page and line references of the material that is "Confidential" under the terms of this Protective Order.

9. **Depositions**. The parties may designate as Confidential any deposition transcript, or portions thereof, in This Action that meets the definition of Confidential Information provided in Paragraphs 1 and 2 of this Protective Order. Counsel for the designating party shall advise the court reporter and the parties on the record during the deposition or by letter no later than thirty (30) calendar days after the court reporter provides the parties with the final deposition transcript. If any portion or all of a deposition transcript is designated as Confidential Information, the court reporter shall label the cover page of the original and one copy of the transcript to state that Confidential Information is contained therein, and shall label as "Confidential" each page of the transcript and/or exhibits to the deposition transcript that constitute "Confidential Information". Confidential designations of transcripts or portions thereof, apply to audio, video, or other recordings of the testimony. The court reporter shall clearly mark any transcript or portion thereof prior to the expiration of the 30-day period as "DO NOT DISCLOSE – SUBJECT TO FURTHER CONFIDENTIALITY REVIEW." Deposition transcripts or portions thereof will be treated as Confidential Information until expiration of the 30-day period. If any party does not designate the transcript as "Confidential" either at the time of the deposition or within the 30-day period defined above, no portion of the entire transcript will be deemed "Confidential" and the "DO NOT DISCLOSE-SUBJECT TO FURTHER CONFIDENTIALITY REVIEW" legend shall be removed. The 30-day period may not be extended without mutual agreement of the parties.

10. **Confidential Information Produced By Third Parties**. A party in This Action may designate as Confidential any document, information, or testimony produced or supplied by any person or entity not a party to This Action, that constitutes or meets the definition of Confidential Information as defined in Paragraphs 1 and 2 of this Protective Order. The party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information. Any party receiving information from a

4

third party shall treat such information as Confidential Information during this thirty (30) day period while all parties have an opportunity to review the information and to determine whether it should be designated as confidential.  Any party designating third party information as Confidential Information shall have the same rights, duties, and obligations, as a Supplying Party under this Protective Order.

11.     **Publicly Available Information.**  The confidentiality restrictions and confidentiality obligations set forth herein shall not apply to information that is at the time of production or disclosure, or subsequently becomes, through no wrongful act on the part of the Receiving Party, generally available to the public through publication or otherwise. This includes information published during public hearings and trials, if the Supplying Party does not move to seal or appeal any order denying such motion to seal within the time permitted under the applicable rules.  Notwithstanding the foregoing, this Protective Order does not address or alter whether or not Defendants may argue that non-confidential documents should still be entitled to protection under the work-product doctrine and/or the attorney-client communication privilege.

**IV.     Limitations on Use of Confidential Information**

12.     All Confidential Information shall be used for the purpose of this lawsuit only, and except as permitted by this Order, the parties and their respective attorneys, as well as experts or consultants, shall not give, show, or otherwise divulge or disclose the Confidential Information, or any copies, prints, negatives or summaries thereof to any person or entity. Notwithstanding the foregoing provisions of this paragraph, nothing in this Order shall prevent the use of any of the documents or electronically stored information ("ESI") produced pursuant to this Protective Order in other actions brought by the plaintiff's counsel, so long as a comparable protective order is entered in those other actions.

13.     Confidential Information pursuant to this Protective Order shall be treated by the parties, their counsel, and any other signatory to this Protective Order as being confidential and private.  Any copy of Confidential Information shall have the same status

as the original.  The disclosure and use of Confidential Information shall be confined to the permissible disclosures and uses set forth in this Protective Order, and no one shall disclose or use Confidential Information in a manner inconsistent with the terms and the intent of this Protective Order.

14.    Confidential Information may be disclosed only to the following persons and shall be used solely for the litigation of This Action and may not be disclosed to anyone not authorized under this paragraph:

a.    Parties, their representatives, in-house counsel and regular employees who are actively engaged in, or actively overseeing This Action;

b.    Counsel of record, their associated attorneys, and support staff, including paralegal and secretarial personnel who are working on This Action;

c.    Experts and consultants (including their employees/contractors) who are consulted or retained by a party to assist in the litigation of This Action;

d.    Third-party contractors and their employees who are consulted or retained by one or more parties to provide litigation-support or copy services in connection with the litigation of This Action

e.    Witnesses or prospective witnesses in This Action;

f.    Court reporters, videographers, and other persons involved in recording deposition testimony in This Action;

g.    The Court and its personnel, including any mediators and/or special masters appointed by the Court, or if an appeal, the court with appellate jurisdiction; and

h.    Jurors in This Action

15.    Prior to the disclosure of any Confidential Information to any person identified in Paragraph 14 above (except the Court and its personnel and jurors in This Action), the disclosing party will provide each potential recipient of Confidential

Information with a copy of this Protective Order, which said recipient shall read.  Upon
reading this Protective Order, such person shall sign an Acknowledgment, annexed to this
Protective Order as **Exhibit A**, acknowledging that he or she has read this Protective
Order and shall abide by its terms.  Notwithstanding the foregoing provision, Confidential
Information may be disclosed to a witness who will not sign an Acknowledgment in a
deposition at which the party who has designated the Confidential Information is
represented or has been given notice that Confidential Information produced by the party
may be used.  These Acknowledgments are strictly confidential and shall be maintained
by counsel for each party and only with good cause shown and separate court order will
the Acknowledgments be disclosed to the opposing side.  Persons who come into contact
with Confidential Information for clerical or administrative purposes, and who do not
retain copies or extracts thereof, are not required to execute Acknowledgments but must
comply with the terms of this Protective Order.

16.     All persons receiving or given access to Confidential Information in
accordance with the terms of this Order consent to the continuing jurisdiction of this Court
for the purposes of enforcing this Order and remedying any violations thereof.

17.     Confidential Information shall not be placed or deposited in any sort of data
bank that is made available for indiscriminate or general circulation to lawyers, litigants,
consultants, expert witnesses or any other persons not working on This Action and not
signatories to this Protective Order.  This paragraph and the other provisions of this Order
shall not apply to materials which, if challenged by any party, the Court rules are not
entitled to protection.  This paragraph does not limit or restrict in any way the manner in
which a party may store and make Confidential Information available to the attorneys,
support staff, experts, and any other persons or entities working on This Action, provided
the general terms of this Order are followed.

18.     The parties and their counsel as well as their technical consultants and
experts shall also not sell, offer, advertise, publicize nor provide under any condition any
Confidential Information produced by any other party to any competitor of any defendant

or to any employee or any competitor (irrespective of whether they are retained as an expert by a party in This Action).

19.    In the event that either of the parties is served by a non-party with a subpoena for Confidential Information that was originally provided and claimed as Confidential by another party, the Receiving Party will give notice to the Supplying Party, where reasonably possible, no less than ten (10) business days prior to disclosure by providing a copy of the subpoena, to allow a reasonable opportunity for the Supplying Party to object to such production before any production takes place.

20.    If a Receiving Party learns of any unauthorized disclosure of Confidential Information, it shall take reasonable efforts to immediately (a) inform the Supplying Party in writing of such disclosure, including to whom the material was disclosed; (b) make a reasonable effort to retrieve all copies of the Confidential Information only to the extent the Receiving Party has control over the unauthorized disclosed documents; (c) and to the extent the Receiving party has control over the person or persons to whom unauthorized disclosures were made, inform the persons of the terms of this Protective Order.

**V.    Changes In and Objections to Designation of Information**

21.    **Inadvertent Disclosure of Confidential Information**.  If a Supplying Party through inadvertence produces any documents containing Confidential Information without designating the documents as such in accordance with Paragraph 6 of this Protective Order, such inadvertence does not waive any claim for confidentiality that the Supplying Party may possess so long as the Supplying Party notifies the Receiving Party of the Confidential Information designation in writing within twenty (20) days of the date that the Supplying Party became aware or reasonably should have become aware of the failure to designate the information as Confidential Information.  If a Supplying Party fails to designate information as Confidential Information within this twenty (20) day period, the Supplying Party waives its right to designate the documents as Confidential Information.  The Supplying Party shall also supply the Receiving Party with a new copy of the documents designated in accordance with Paragraph 6 of this Protective Order,

8

which shall be substituted for the undesignated documents. Upon receipt of the substitute

documents, the Supplying Party shall promptly return or destroy the improperly-

designated document(s).  Upon receipt of the Supplying Party's notice of the inadvertent

disclosure, the Receiving Party shall, within a reasonable time, not exceed twenty (20)

days, (a) treat such material in accordance with this Order; (b) take reasonable steps to

notify any person to whom the Receiving Party disclosed such information of the new

confidential designation; (c) take reasonable steps to procure the return of all copies of

such material from any such persons who are not entitled to receipt of Confidential

Information under the terms of this Protective Order ; (d) request in writing that such

person procure the return of such information from any person to whom such person may

have disclosed the information.

Notwithstanding the foregoing provisions of this section, the Supplying Party shall

be deemed to have waived any claim of confidentiality with respect to the information

inadvertently not claimed as confidential to which the Supplying Party fails to claim as

Confidential Information, prior to sixty (60) days from the close of discovery.

22.   **Challenges to Designation of Confidential Information**.  A Receiving

Party may challenge a Supplying Party's designation or redesignation by notifying the

Supplying Party in writing that the confidentiality designation does not meet the definition

of "Confidential Information".  The designation by any party of Confidential Information

raises no presumption that the information or documents are entitled under the law to

protection.  If any party contends, in writing, that any document, material, ESI, or other

thing has been erroneously designated as Confidential Information, the party who

designated the information as Confidential Information shall initiate a meet and confer

within ten (10) days with the opposing party and the parties shall make a good faith effort

to resolve issues relating to such designations.  After the meet and confer, the party who

designated the information as Confidential Information shall file a motion with the Court

within thirty (30) days of receiving such written notification establishing that the

information is entitled to protection as Confidential Information under the law.  If the

designating party fails to timely file such a motion within the allotted thirty (30) day period, the document, ESI, material, or other thing, which is designated as Confidential Information, shall forthwith be produced and be deemed not to be Confidential Information.  Any information or thing being challenged as inappropriately designated as Confidential Information shall nonetheless be treated as Confidential Information unless and until either (a) the designating party gives written permission to do otherwise, (b) the designating party fails to file a motion establishing that the challenged material is subject to protection as Confidential Information under the law within the thirty (30) day time period, or (c) the Court rules that the document, material, ESI, or other thing shall not be treated as confidential. Should the Court rule that any item designated as Confidential Information is not entitled to protection under the law, the designating party shall, within fourteen (14) days after all appeals are exhausted, provide the party challenging the confidential designation with copies of each item free of any language indicating that the item is subject to a Protective Order.

23. **Nothing in this Order shall be deemed to shift the burden of proof to the party challenging the confidential designation with regard to whether the materials produced pursuant to his Order are entitled to protection under the law as Confidential Information.**

**VI.**   **Filing Under Seal**

24. **Where a Party Files Documents and Contends the Documents Should be Kept Sealed.**  Where a party intends to file documents that contain Confidential Information with the Court, said party must file a motion for an order sealing the documents consistent with applicable law and comply with the provisions of Local Rule of Civil Procedure 5.6.  A copy of the motion must be served on all parties that have appeared in the case.

25. **Where a Party Files Documents Claimed as Confidential by Another Party**.  A party that files or intends to file with the Court Confidential Information

produced by another party but does not intend to request to have the records sealed, must do the following:

    a.    Make arrangements consistent with Local Rule of Civil Procedure 5.6 to lodge the documents under seal in accordance with local rules.

    b.    File redacted copies of the documents (if appropriate) so that they do not disclose the contents of the records that are subject to the confidentiality agreement or protective order;

    c.    Serve a copy of the motion on all parties that have appeared in the case; and

    d.    Give written notice to the party that produced the documents that the documents will be placed in the public court file unless the party files a timely motion to seal records.

If the party that produced the Confidential Information and was served with the above-mentioned notice fails to file a motion to seal the records within fifteen (15) days of receipt of the notice referenced in subsection 25(d) or to obtain a court order extending the time to file such motion, the clerk must promptly remove all the documents filed under seal pursuant to this provision from the envelope or container where they are located and place them in the public file. If the party files a motion or an application to seal within fifteen (15) days of receipt of the notice referenced in subsection 25(d) days or such later time as the Court has ordered, these documents are to remain conditionally under seal until the Court rules on the motion or application and thereafter are to be filed as ordered by the Court.

This section shall not apply with respect to documents admitted into evidence as exhibits at the trial of this matter. The Supplying Party reserves the right, however, to petition the Court for protection with respect to such documents admitted into evidence as exhibits at trial.

/ / /

/ / /

## VII.   **Miscellaneous Provisions**

26.   **Amending or Modifying Protective Order.**  By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified.  This Protective Order shall continue in force until amended or modified by consent or agreement of the parties or by order of the Court, and shall survive any final judgment or settlement in This Action, including but not limited to any final adjudication of any appeals petitions for extraordinary writs, unless otherwise vacated or modified by the Court.  The Court shall have continuing jurisdiction over the terms and provisions of this Protective Order.

27.   **After Final Adjudication**.  Upon written demand by the Supplying Party made within thirty (30) days after final adjudication of This Action, including but not limited to, any final adjudication of any appeals and petitions for extraordinary writs, the Receiving Party shall assemble and return all Confidential Information to the Supplying Party or, alternatively, shall destroy all such material at the Supplying Party's expense. The Receiving Party shall verify the complete destruction or return to the Supplying Party all such Confidential Information by executing and mailing to counsel for the Supplying Party an Acknowledgment in the form attached hereto as **Exhibit B**.  A copy of each such executed Acknowledgment shall be maintained by counsel for the Receiving Party and counsel for the Supplying Party.  Notwithstanding the foregoing provisions of this paragraph, the Receiving Party may maintain its privileged communications, work product, Acknowledgments pursuant to the Protective Order, materials required to be retained pursuant to applicable law, and all court-filed documents even though they contain Confidential Information, but such materials shall remain subject to the terms of this Protective Order.  This provision may not be invoked while the plaintiff's attorneys of record have active pending cases relating to IVC Filters manufactured by C.R. Bard, Inc. and/or Bard Peripheral Vascular, Inc.

28.   The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of Confidential Information at trial.  The use of Confidential

Information during trial will be addressed in a later agreement between the parties, or, if they cannot reach an agreement, by further order of the Court.

29.     Nothing in this Order shall be deemed a waiver of any parties' right to oppose any motion by any other party for a protective order or to oppose any objection to the disclosure of any information or documents on any legal grounds, including, but not limited to, the grounds that the party seeking the protective order has neither timely nor adequately objected to disclosure of such documents and information or moved for a protective order.

30.     This Protective Order does not relieve any party of its obligations to respond to otherwise proper discovery in This Action.  Nothing contained in this Order, or any action taken pursuant to it shall waive or impair any party's right to assert claims of privilege or work product protection, or the right of any party to object to the relevancy of admissibility of documents or information sought or produced into assert objections to requested discovery on grounds other than Confidential Information.  This Protective Order also shall not affect or create any presumption with respect to the right of any party from seeking or obtaining additional protection with respect to any documents, materials, or information where allowed by law.

31.     **Inadvertent Production.**  Pursuant to Rule 502 of the Federal Rules of Evidence, inadvertent production of documents or electronically-stored information (hereinafter collectively "Inadvertently-Produced Documents") subject to work product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of immunity or privilege in the pending case or in any other federal or state proceeding. In the event that a party inadvertently produces documents or ESI subject to a claim of privilege, the Supplying Party shall, within 15 days of the discovery of the inadvertent disclosure, notify the other party in writing of the inadvertent disclosure.  The Supplying Party may, in the notice, request a "clawback" of the inadvertently disclosed material.  Upon receiving notice of the inadvertent production, the parties agree to follow the procedures provided by Federal Rules of Civil

Procedure 26 (b)(5)(B) respect to the clawback of the Inadvertently Produced Documents. All notes or other work product of the Receiving Party, reflecting the contents of such materials, shall be destroyed and not used.

If the party receiving such Inadvertently-Produced Documents moves the Court to dispute the claim of privilege or immunity, the party shall not assert the fact or circumstances of the inadvertent production to challenge whether the material is, in fact, privileged.  Likewise, as part of any such motion, the Receiving Party shall not challenge the "reasonable steps", as described in Rule 502(b) of the Federal Rules of Evidence, taken or not taken by the Supplying Party.

Pursuant to Rule 502(d) of the Federal Rules of Evidence, there is no waiver of privilege or work product immunity in this matter or any other matter in any other jurisdiction for any document or ESI returned or destroyed under this subsection, or for the subject matter of any such document or ESI, whether the privileged document or ESI was inadvertently produced following review or as part of a "Quick Peek" production.  In the event that either party receives information produced in discovery from the other party that reasonably appears to be Inadvertently-Produced Documents, the Receiving Party shall promptly notify the Supplying Party in writing of the apparent inadvertent production.

32.     Each party shall retain all rights and remedies available to it under the law for the enforcement of this Protective Order against anyone who violates it.

33.     Nothing in this Protective Order shall be construed to prevent this Court from disclosing any facts the Court relies upon in making any findings or issuing any ruling, order, judgment, or decree.

34.     Within thirty (30) days of any information that has been claimed as Confidential Information being de-designated or made publically available, the Supplying Party shall provide notice of the Confidential Information that has been de-designated and/or made publicly available.  Such notice shall be made by identifying bates numbers or by other means such as identifying categories of information where the identification of

1  bates numbers are not possible or not feasible.  Publically available includes documents

2  that have been filed with any court or entered as an exhibit during trial not under seal,

3  provided, however that the Supplying Party is not required to provide notice of de-

4  designation with regard to such documents until any motion or request to seal those

5  documents is denied.  This paragraph only applies to the extent that the Supplying Party

6  knew or should have known that the information claimed as Confidential Information was

7  de-designated or made publically available.

8       Dated this 9th day of November, 2015.

9

10

11

12  _____

        David G. Campbell
        United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

**IN RE:  BARD IVC FILTERS
PRODUCTS LIABILITY LITIGATION**

No. MD-15-02641-PHX-DGC

**AGREEMENT TO MAINTAIN
CONFIDENTIALITY**

I, _____ (Name), have been given and have read a copy of the

Protective Order, dated _____, 2015 in the case of MDL No. 2641, pending

in the United States District Court District of Arizona.  I understand and will strictly

adhere to the contents of said Order. I understand that produced material disclosed to me

is subject to the Order of this Court and that I am prohibited from copying, disclosing or

otherwise using such material except as provided by said court Order.  I understand that

my unauthorized disclosure of any "Confidential Information" may constitute contempt of

court and I agree to be personally subject to the jurisdiction of this Court for the purpose

of enforcing my obligations under this Agreement, the Order, and any contempt

proceeding that may be instituted for my violation of the terms of this Acknowledgment

and the Protective Order.  I also understand that my signature on this "Agreement to

Maintain Confidentiality", indicating my agreement to be bound by the terms of this

Protective Order, is required before I may be allowed to receive and review any produced

document and materials that are designated as "Confidential Information" .

Date: _____                Print Signature:_____

                        Signature:_____

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **IN RE:  BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION** | No. MD-15-02641-PHX-DGC <br><br> **ACKNOWLEDGEMENT OF DESTRUCTION OR RETURN OF CONFIDENTIAL INFORMATION** |

I, _____ (Name), am over the age of 18 years and am a resident of _____ County, _____.  I make this Declaration based upon my personal knowledge, and I am competent to testify to the matters stated herein.

I have requested and received from _____ all of the "Confidential Information" contained in materials, transcripts, and other things within the scope of this Protective Order and produced in this case MDL No. 2641, pending in the United States District Court District of Arizona.

I have either destroyed or have attached hereto all of the "Confidential Information" contained in the materials, transcripts, and other things within the scope of this Protective Order including those materials which were returned to me by the experts and consultants mentioned above in accordance with the preceding paragraph, and as described in the Protective Order related to this matter.  Notwithstanding the foregoing provisions of this paragraph, the Receiving Party may maintain its privileged communications, work product, Acknowledgments pursuant to the Protective Order, materials required to be retained pursuant to the applicable law, and all court-filed documents even though they contain "Confidential Information," but such materials shall remain subject to the terms of this Protective Order.

/ / /

/ / /

1         I declare under penalty of perjury under the laws of the United States of America

2    that the foregoing is true and correct.

3

4    Date: _____          Print Signature:_____

5                                    Signature:_____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>EXHIBIT C</u>**

[PHILLIPS ORDER ON MOTION TO SEAL, 6.1.15]

1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7   KEVIN PHILLIPS,

8          Plaintiff,

9   vs.

10  C.R. BARD, INC. et al.,

11         Defendants.

12

3:12-cv-00344-RCJ-WGC

**ORDER**

13         This case arises out of an allegedly defective medical device.  The parties settled during

14  trial.  Defendants have asked the Court to seal certain trail exhibits and portions of the trial

15  transcript.

16         A court may "make any order which justice requires to protect the party or person from

17  annoyance, embarrassment, oppression or undue burden or expense" upon motion by a party or a

18  person from whom discovery is sought. Fed. R. Civ. Pro. 26(c).  "The mere fact that the

19  production of records may lead to a litigant's embarrassment, incrimination, or exposure to

20  further litigation will not, without more, compel the court to seal its records. *Kamakana v. City &*

21  *Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.2006).  There is a strong presumption towards

22  public access to judicial records. *See id.* at 1178.  Under *Kamakana*, judicial records are

23

24

1    separated into two groups, each with its own standard to be met if litigants wish to seal them.

2    First, judicial records attached to dispositive motions must meet the "compelling reasons"

3    standard in order for those documents to be sealed. *Id.* at 1180.  Those compelling reasons must

4    outweigh the competing interests of the public in gaining access to the judicial records and to

5    understand the judicial process. *Id.* at 1178–79.  Second, judicial records attached to

6    nondispositive motions must meet the lesser "good cause" standard to be sealed. *Id.*  A motion to

7    seal transcripts and evidence adduced at trial must satisfy the "compelling reasons" test, because

8    a trial is a dispositive proceeding. *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008).

9    The Court of Appeals has rejected requests to seal documents under the "compelling reasons"

10   standard where the movant makes nothing more than "conclusory statements about the content of

11   the documents—that they are confidential and that, in general," their disclosure would harm the

12   movant. *Id.* at 1182.

13          Defendants argue that three categories of material should be sealed: (1) product design

14   and testing, including confidential communications between Defendants and the FDA; (2) sales

15   and marketing information; and (3) Defendant's internal quality control procedures, complaint

16   and adverse event responses, reporting and handling, device tracking procedures, and corrective

17   action procedures.  The Court finds that these categories of information do not satisfy the

18   compelling reasons test.  The only harm that could come to Defendants form the release of this

19   information is the precipitation of further lawsuits against it.  Preventing lawsuits due to the

20   release of inculpating information is not a compelling reason to seal otherwise public legal

21   proceedings.  Indeed, the exposure of facts relevant to the material claims in a lawsuit is the

22

23

24

1  purpose of a trial, and these facts should remain public unless the harm likely to result from their

2  release is unrelated to the nature of the claims.  The information does not directly implicate trade

3  secrets.

4       Even if the test could be satisfied, Plaintiff correctly notes that Defendants have waived

5  the issue because Defendants made no motion to seal the exhibits or testimony at the public trial.

6  *See, e.g.*, *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 & n.11 (2nd Cir. 2004); *Littlejohn v.*

7  *BIC Corp.*, 851 F.2d 673, 680 (3d Cir. 1988); *Nat'l Polymer Prods. v. Borg–Warner Corp.*, 641

8  F.2d 418, 421 (6th Cir. 1981); *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp.

9  2d 572, 588 (E. D. Va. 2009) ("The First Amendment public right of access to these exhibits

10  sprang into existence upon their being offered into evidence for the jury's consideration at  trial,

11  and since no request was made to seal them prior to or at that time, Savvis waived any future

12  right to assert any competing interest to be weighed by the Court and, thus, any objection to the

13  public availability of the exhibits in the Court's files.").

14                                **CONCLUSION**

15       IT IS HEREBY ORDERED that the Motion to Seal (ECF No. 317) is DENIED.

16       IT IS FURTHER ORDERED that the Motion (ECF No. 326) is DENIED without

17  prejudice, as it has been incompletely filed.

18       IT IS SO ORDERED.

19  Dated this 1st day of June, 2015.

                                      ROBERT C. JONES
                                    United States District Judge