James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Telephone: (602) 382-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**JOINT MOTION FOR LEAVE TO EXCEED PAGE LIMIT FOR BRIEFING RELATED TO LEHMANN REPORT** |

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") and the plaintiffs hereby jointly move for leave to exceed the page limits defined in Local Rule of Civil Procedure 7.2(e) for the memorandum by the moving party (Bard) and the plaintiffs' responsive memorandum regarding whether the December 15, 2004, report of Dr. John Lehmann ("the Lehmann Report") is protected work product. The parties each request 30 pages to brief the issues,[1] and in support of their motion state as

---

[1] At this time, Bard thinks that the eleven pages afforded by Local Civil Rule 7.2(e)(2) for its reply brief will be sufficient, but reserves the right to request additional leave, if necessary, upon review of the plaintiffs' responsive memorandum.

follows:

1. On October 30, 2015, the Court entered Case Management Order No. 2, ordering Bard to file a motion for protective order regarding the Lehmann Report.

2. Before the MDL was formed, Bard and various members of the Plaintiffs' Steering Committee litigated the issue of whether the Lehmann Report is protected from discovery and use in cases around the country. Earlier this year, the Lehmann Report was entered into evidence over Bard's objection during trial. Details and the implications of the procedural history and these various rulings are relevant to the Court's resolution of the motion for protective order.

3. Bard contends that there is an extensive factual record of evidence relating to its claim to work-product protection for the Lehmann Report, which Bard intends to lay out for the Court's consideration in resolving the motion for protective order. The plaintiffs do not concede that the evidentiary record is complete but agree that both parties will need to address the existing evidence and that the plaintiffs intend to respond to Bard's assertions regarding that evidence.

4. Courts that have addressed the issue to date have addressed the question under two different work-product standards, the "because of" test and the "primary motivating purpose test." The parties believe that both of these will need to be briefed for the Court's resolution of the motion for protective order.

5. The plaintiffs historically have raised several different arguments in favor of production even if the Lehmann report were considered work product, including various waiver arguments as well as that any work-product protection is overcome by their substantial need for the Lehmann Report to prosecute their claims against Bard. Each of these issues will need to be briefed for the Court's resolution of the motion for protective order.

6. The Court also directed the parties to address whether an evidentiary hearing is needed to resolve Bard's motion for protective order. (CMO No. 2, at 5.) The parties believe at this point that this issue will be contested in the briefing.

7. The Court also directed the parties to address the effect that the Court's ruling should have in cases where the work-product status of the Lehmann report has already been decided. (*Id.*)

8. The parties do not believe that all of these issues can sufficiently be addressed in the seventeen pages allotted to each party in Local Civil Rule 7(e).

WHEREFORE, the parties jointly seek leave of Court to exceed the page limits, and request that the Court allow Bard 30 pages for its initial supporting memorandum and the plaintiffs 30 pages for their responsive memorandum.

DATED this 20th day of November, 2015.

GALLAGHER & KENNEDY, P.A.

By: s/Paul L. Stoller
Robert W. Boatman
Paul L. Stoller
Shannon L. Clark
2575 E Camelback Road
Phoenix, Arizona 85016-9225

Ramon Rossi Lopez (admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660

Co-Lead/Liaison Counsel for Plaintiffs

SNELL & WILMER L.L.P.

By: s/Amanda C. Sheridan
James R. Condo
Amanda C. Sheridan
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
Nelson Mullins Riley & Scarborough LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363

Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2015, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

                                              s/Amanda C. Sheridan

22884907