# EXHIBIT A

Robert W. Boatman (009619)
Paul L. Stoller (016773)
Shannon L. Clark (019708)
**GALLAGHER & KENNEDY, P.A.**
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
rwb@gknet.com
paul.stoller@gknet.com
SLC@gknet.com

Ramon Rossi Lopez (CA Bar No. 86361)
(admitted *pro hac vice*)
**LOPEZ McHUGH LLP**
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
rlopez@lopezmchugh.com

*Attorneys for Plaintiffs*


James R. Condo (#005867)
Amanda Sheridan (#005867)
**SNELL & WILMER L.L.P.**
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
**NELSON MULLINS RILEY &
  SCARBOROUGH LLP**
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

|   |   |
|---|---|
| **IN THE UNITED STATES DISTRICT COURT** | |
| **FOR THE DISTRICT OF ARIZONA** | |

In re Bard IVC Filters Products Liability Litigation

NO. 2:15-MD-02641-DGC

**STIPULATION REGARDING PRIVILEGE LOG REVIEW**

WHEREAS, the Court ordered the parties to engage in an informal exchange of information to determine whether or not the parties can reach agreement as to the adequacy of Bard's privilege claims on the six (6) privilege logs produced by Bard on November 13, 2015.

WHEREAS, the Court ordered that during this informal exchange that the parties should apply the work product analysis law set forth in *Phillips v. C.R. Bard*, 290 F.R.D. 615 (D. Nevada 2013).

THEREFORE, the parties agree to a two phase approach to address Bard's claims of privilege and work product. First, and consistent with the Court's order of October 30, 2015, the parties will engage in an informal exchange of information as described below. This will be completed by January 20, 2016 and the parties will submit a joint report to the Court on that date.  If this informal exchange of information, does not resolve the parties' disputes, phase 2 will involve the parties proposing additional methods to address the issues and disputes, such as the appointment of a special master or a more robust sampling procedure.

THEREFORE, the parties agree to meet and confer on a regular basis from the date of this Stipulation through January 20, 2106 to attempt to resolve any disputes relating to the documents identified below, and to keep an on-going record of their exchange of documents and agreements.  That document is subject to the Protective Order and 502(d) order regarding privileged documents.

WHEREFORE, the parties have agreed to the following procedure for phase 1:

(A) **Categories**:

The parties have agreed that there are certain categories of documents that can potentially be identified and resolved within the informal resolution window ordered by the Court. This is not an exhaustive list of categories regarding which Plaintiffs have concerns. For each category identified below Bard will search for the documents as described, identify any located by Log number and control number and will state its position in writing as to why work product or attorney-client communication privilege attaches or agree to remove it from the log and produce it. The parties will then meet and confer on any remaining disputes.

1. <u>Corporate Management Committee Notes or CMC Notes</u>: This refers to notes taken by any individual notes from CMC meetings, CMC meeting minutes, or documents entitled "CMC Notes," and does not refer to the CMC Reports ruled on by the Court in *Phillips.*

2. <u>Remedial Action Plans (RAP) and Health Hazard Evaluations (HHE)</u>: Bard will search for any final or draft RAP or HHE listed on the privilege logs. This category specifically excludes all Remedial Action Plans created in 2004 and 2005 that are based on the Lehmann Report. Disputes relating to the Lehmann Report are currently being addressedseparately. Defendant agrees to produce any other final HHEs or RAPs identified on the log that were not previously produced to Lopez McHugh.

3. <u>Any communications to or from Kimberly Ocampo, Lee Lynch or any other employee of Hill and Knowlton, or that reference or quote any material or writing prepared by Hill and Knowlton.</u>

4. <u>Company documents collected for Richard North prior to 2006 to the extent they have not been preserved and produced, e.g. the file prepared by Judy Ludwig in 2005</u>: Bard will search to determine whether documents collected at the request of Mr. North have been produced. Bard will not identify the documents, but will state whether all have been preserved by Bard and previously produced to Lopez McHugh.

3

5. <u>Communications to or from Dr. Kaufman and Mr. Bliss</u>: Defendants have stated that in good faith all such documents have been removed. Defendants further agree to search for any communications to or from Dr. Kaufman and Mr. Bliss, as specific examples provided by Plaintiff.

6. <u>Any documents discussing or analyzing the costs of doing a study on the safety or efficacy of the Recovery Filter</u>. Bard agrees to do a word search of all documents from November 2004 through September 2005, that use the terms Recovery, RNF or filter [anchor terms] and safety, or efficacy, or risk, or benefit, or "risk-benefit", or Quantitative, or MCDA.

7. <u>Suzanne Carpenter</u>: Plaintiffs have noted that Ms. Carpenter is a non-lawyer who is often listed as giving legal advice. Plaintiffs have, therefore, requested that Defendant reconsider designations related to Ms. Carpenter. Bard has agreed to evaluate these designations. However, Bard has also stated that should designations relating to Ms. Carpenter prove to be too substantial, they will be unable to complete this review in time and that this may be better addressed by sampling.

Bard agrees that as part of its searches it will review all handwritten documents, as such content would not be revealed in electronic searches.

(B) **Review of Limited Number (5%) of Privilege Log Designations**:

The parties agree that by November 30, 2015 Plaintiffs will designate a sampling of approximately five percent (5%) of Bard's privilege designations, which Plaintiffs believe to be inappropriate.

On a rolling basis, Bard will either release these designations or explain in writing why privilege or work product attaches to each challenged designation. Defendant will respond to all challenges by December 30, 2015.

(C) **Exchange of Challenged Documents**

The parties agree that Bard may produce up to least twenty percent (approximately 50 documents) of the unresolved challenged documents for in person review by Plaintiffs' counsel. Plaintiffs' counsel will select which documents are to be reviewed in person. Bard

reserves the right to submit documents that contain highly sensitive information in camera for a review by the Court with the parties' joint report on January 20, 2016. The exchange and review of documents will take place on January 6, 2015 at the office of Gallagher and Kennedy.

This agreement is conditional upon the adoption of the 502(d) Order concurrently filed herewith.

DATED this 24th day of November, 2015.

| GALLAGHER & KENNEDY, P.A. | NELSON MULLINS RILEY & SCARBOROUGH LLP |
|---|---|
| By: s/Paul L. Stoller<br>Robert W. Boatman<br>Paul L. Stoller<br>Shannon L. Clark<br>2575 E Camelback Road<br>Phoenix, Arizona  85016-9225<br><br>Ramon Rossi Lopez (admitted *pro hac vice*)<br>Lopez McHugh LLP<br>100 Bayview Circle, Suite 5600<br>Newport Beach, CA  92660<br><br>Co-Lead/Liaison Counsel for Plaintiffs | By: s/Richard B. North, Jr.<br>Richard B. North, Jr. (admitted *pro hac vice*)<br>Georgia Bar No. 545599<br>Matthew B. Lerner(admitted *pro hac vice*)<br>Georgia Bar No. 446986<br>201 17th Street, NW / Suite 1700<br>Atlanta, GA 30363<br><br>James R. Condo<br>Amanda C. Sheridan<br>Snell & Wilmer L.L.P.<br>One Arizona Center<br>400 E. Van Buren, Suite 1900<br>Phoenix, Arizona  85004-2202<br><br>Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. |