James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
Telephone: (602) 382-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' UNOPPOSED MOTION AND INCORPORATED MEMORANDUM TO SEAL** |

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") hereby respectfully move this Court for an order, pursuant to the Stipulated Protective Order (Doc. 268), Federal Rule of Civil Procedure 26(c)(1)(G), and Local Civil Rule 5.6 sealing certain documents accompanying Bard's Motion for Protective Order Regarding Discovery of Litigation Consultant's Report.  The exhibits that are the subject of Bard's Unopposed Motion to Seal constitute trade secrets or other confidential research, development, or commercial information thereby warranting protection from public disclosure for a discovery related motion; and they previously have been sealed by the United States District Court for the Northern District of Texas in *Alexander v. C. R. Bard, Inc.*, No. 3:12-cv-05187-O.  The plaintiffs do not oppose the relief sought by this

Motion, but expressly reserve their challenges to, and their rights to challenge, Bard's claim of confidentiality as to the subject documents. Accordingly, there is good cause to grant Bard's Unopposed Motion to Seal.

### ARGUMENT AND CITATION OF AUTHORITY

In conjunction with Bard's Motion for Protective Order regarding Dr. Lehmann's December 15, 2004, report, Bard wishes to submit the following confidential documents to the Court for its consideration: internal e-mails and memoranda regarding adverse event reporting, investigation, analysis, and responses; detailed, patient-specific Complaint files; affidavits revealing internal Bard policies and corporate structure; and the sealed transcript of the *Alexander* hearing ("Documents at Issue").[1] The documents and testimony reflect Bard's confidential trade secrets and/or contain highly competitive, confidential, or proprietary information that warrants protection under Federal Rule of Civil Procedure 26(c)(1)(G) because the documents and testimony are not made public by Bard and, if obtained by Bard's competitors, would give an unfair economic advantage to those competitors. Additional documents to and from Bard's Law Department also were sealed by the *Alexander* Court, and Bard submits those previously sealed documents to be sealed here as well.

**A.  Bard Asserts that the Documents At Issue Are "Confidential Information" Pursuant to the Stipulation for Protective Order, and Therefore They Should Be Sealed**

The Court has entered a Stipulated Protective Order to protect public disclosure of "Confidential Information," which includes any "'trade secret' or other confidential research, development, or commercial information' that is suitable for protection under Federal Rule of Civil Procedure 26(c)(1)(G)" Stipulated Protective Order (Doc. 269 ¶¶ 1, 2.) Bard has designated the Documents at Issue in this motion as "CONFIDENTIAL" where those documents have been produced during discovery (*Id.* ¶ 6). As to Documents at Issue that have not been produced during discovery, Bard maintains that such documents are "Confidential" and thus likewise designates them as "CONFIDENTIAL."

---

[1] A more detailed listing of each exhibit at issue is attached as Exhibit A.

Finally, the Stipulated Protective Order states "All Confidential Information shall be used for the purpose of this lawsuit only . . . except as permitted by this Order." (*Id.* ¶ 12). These types of provisions are common in legal proceedings and are routinely enforced. *See, e.g., Culinary Foods, Inc. v. Raychem Corp.*, 151 F.RD. 297, 307 (N.D. Ill. 1993) ("We hold that confidential information obtained by Culinary in this litigation may not be disseminated to litigants in other cases against Raychem."); *cf Smithkline Beecham Corp. v. Synthon Pharmaceuticals Ltd.*, 210 F.RD. 163, 169 (M.D.N.C. 2002) (refusing to modify protective order to allow plaintiffs to use confidential documents in other litigation). Thus, the Court should grant Bard's Unopposed Motion to Seal to maintain the confidentiality afforded by the Stipulated Protective Order to the Documents at Issue.

**B.   The Documents at Issue Warrant Protection Pursuant to Fed. R. Civ. P. 26(c)(1)(G) as Trade Secrets or Other Confidential Research, Development or Commercial Information, and Would Cause Bard Competitive Harm if Made Public**

Federal Rule of Civil Procedure 26(c)(1)(G) provides that the Court may, for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (G) requiring that a trade secret or other confidential research, development, or commercial information . . . be revealed only in a specified way." "Good cause" exists when disclosure will result in "a clearly defined and serious injury to the party" seeking closure. *Blanchard & Co., Inc. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004) (citing *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994)). In determining whether "good cause" exists, the court "must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." *Id.* The Court has wide discretion in determining the scope of an order protecting confidential research, development, or commercial information. *See id.*

The information contained in the Documents at Issue includes confidential business information and correspondence concerning Bard's complaint handling processes, quality control and quality system procedures, device tracking methods, and corrective action

- 3 -

strategies, policies, and procedures. *See* Carr Aff. ¶ 8.b, Aug. 28, 2014, attached as Exhibit B.[2] The Documents at Issue represent the implementation of these processes, procedures, and policies, which Bard has in part developed to comply with the technical requirements provided for by the FDA and/or Bard's internal requirements. *See id.*

The information contained in the Documents at Issue took years for Bard to develop. *See id.* ¶ 8.d  Given the time and money that Bard has invested in developing its evaluative and investigative processes, as well as its processes for regulatory and internal policy compliance, competitor medical device companies would gain an unfair economic advantage if they gained access to Bard's commercial information, thereby causing Bard real and tangible harm in the highly competitive medical device industry. *See* Carr Aff. ¶ 10.[3]  Moreover, because of the economic injury that Bard would sustain if its internal documents were available to competitors, Bard seeks to protect the confidentiality of material like the Documents at Issue whenever its internal documents are at issue in a

---

[2] Mr. Carr's affidavit was executed in relation to a motion to seal in a related case against Bard and dealt with some of the same documents at issue here.  To the extent that the Court would like additional information regarding individual documents listed in Exhibit A, Bard will supplement the record.

[3] *See e.g., Medicis Pharm. Corp. v. Acella Pharm., LLC*, CV 10-1780-PHX-JAT, 2012 WL 2260928 at *2 (D. Ariz. June 15, 2012) (sealing exhibits related to "Medicis' marketing strategy, Acella's product formulation, . . . various emails and deposition transcripts, viscosity test data, sales and marketing information, and various other documents" because "[m]uch of this information has been previously sealed by the Court, has been designated as confidential by the parties pursuant to the protective order in this case, or could otherwise potentially harm the parties if released publicly because of its confidential and sensitive nature."); *see also, e.g., In re Denture Cream Products Liab. Litig.*, 09-2051-MD, 2013 WL 214672 (S.D. Fla. Jan. 18, 2013) (sealing internal company documents because the "common law right of access to judicial proceedings does not apply under the facts of this case" the document at issue implicated hundreds of employee hours of work, costs hundreds of thousands of dollars to plan, implement and analyze, have substantial commercial value and are of substantial value to other denture adhesive manufacturers."); *In re Eli Lilly & Co., Prozac Prods. Liab. Litig.*, 142 F.R.D. 454, 460 (S.D. Ind. 1992) (holding pharmaceutical company would suffer harm if the manufacturing process it has expended time and money developing became known to competitors); *Culinary Foods, Inc. v. Raychem Corp.,* 151 F.R.D. 297, 305 *order clarified*, 153 F.R.D. 614 (N.D. Ill. 1993) ("[D]isclosing Raychem's product design modification and changes would decrease Raychem's incentive to invest in safety devices. Raychem's competitors would get free access to information which Raychem has spent a great deal of time and money producing and protecting"); *In re Gabapentin Patent Litigation*, 312 F. Supp. 2d 653, 659 (D.N.J. 2004) (noting the pharmaceutical industry is highly competitive and granted protective order); *see also, e.g., Davis v. AT&T*, 1998 WL 912012 (W.D.N.Y. 1998) (noting the market for automatic speech recognition technology is highly competitive and rises to the level of the court's protection).

litigation.[4] *See id.* ¶ 11.

Finally, because the documents at issue do not relate to a motion that requires judicial resolution of this case on the merits, there is no general First Amendment right to access the Documents at Issue. *See, e.g., Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312–13 (11th Cir. 2001) (finding that "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right"); *United States v. Wolfson*, 55 F.3d 58, 61 (2d Cir. 1995) ("We are not aware . . . of any common-law principle that documents submitted to a court in camera for the sole purpose of confirming that the refusal to disclose them to another party was proper, are to be deemed judicial records open to the public."); *The Courier-Journal v. Marshall,* 828 F.2d 361, 363 (6th Cir. 1987) (newspapers had no first amendment right of access to discovery materials, despite the recognition that "proceedings [were] of intense public concern").

For each of these reasons, Bard has met the good cause standard for protection of its documents by showing that public disclosure of the Documents at Issue will cause a clearly defined injury to Bard. *See Shell Exploration & Prod. Co. v. Robinson*, No. CIV.A. 01-1417, 2001 WL 1490954 (E.D. La. Nov. 20, 2001) (finding that good cause existed for sealing judicial record "out of an abundance of caution in order to protect trade secrets" even when the testimony at issue "would not be particularly illuminating," the "testimony did not specify any particular trade secrets"). Accordingly, the Court should grant Bard's Unopposed Motion to Seal.

## **CONCLUSION**

For the foregoing reasons, the Documents at Issue warrant protection as confidential research, development, or commercial information pursuant to Rule

---

[4] Therefore, Bard has taken reasonable efforts to maintain confidentiality of these documents and they should remain confidential. *See In re Denture Cream Products Liab. Litig.,* 09-2051-MD, 2013 WL 214672 (S.D. Fla. Jan. 18, 2013) (finding documents confidential in part because the defendant "consistently treated the information as closely guarded secrets").

26(c)(1)(G). Accordingly, the Court should grant Bard's Unopposed Motion to Seal.

DATED this 30th day of November, 2015.

SNELL & WILMER L.L.P.

By: s/
James R. Condo
Amanda C. Sheridan
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
Nelson Mullins Riley & Scarborough LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363

Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.

### CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2015, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

s/

23009404