# EXHIBIT B

Steven J. Boranian (SBN 174183)
Email:     sboranian@reedsmith.com
Mark A. Sentenac (SBN 286810)
Email:     msentenac@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYNE RUDEN,<br><br>Plaintiff,<br><br>vs.<br><br>C. R. BARD, INC., a New Jersey corporation, BARD PERIPHERAL VASCULAR, INC. (a subsidiary and/or division of defendant C. R. BARD, INC.) an Arizona corporation, CALIFORNIA PACIFIC MEDICAL CENTER, and DOES 1-100 INCLUSIVE,<br><br>Defendants. | Case No.:<br><br>[Removal from Superior Court of California, Count of San Francisco, Case No. CGC-15-548341]<br><br>**DEFENDANTS C. R. BARD, INC. AND BARD PERIPHERAL VASCULAR, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B)**<br><br>[Filed Concurrently With Civil Cover Sheet, Corporate Disclosure Statement, Notice of Pendency of Other Actions or Proceedings, Certification of Interested Entities or Persons, and Jury Trial Demand] |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT** Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard" or "Defendants") hereby remove this action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California. Removal is based on 28 U.S.C. §§ 1332, 1441, and 1446.

In support of this Notice of Removal, Bard states as follows:

## I. PROCEDURAL BACKGROUND AND RELEVANT FACTS

### A. Multidistrict Litigation Proceedings

1.     Product liability cases alleging personal injuries from Bard's line of inferior vena cava ("IVC") filters, which are prescription medical devices designed to prevent potentially fatal blood clots from migrating from patients' hips and legs to their lungs, have been filed in numerous federal courts around the country.

2.     On August 17, 2015, the Judicial Panel on Multidistrict Litigation established MDL No. 2641, *In re: Bard IVC Filters Products Liability Litigation*, in the District of Arizona to coordinate all federal products liability litigation involving Bard's line of IVC filters. *See* Transfer Order, Aug. 17, 2015, attached as Exhibit "A." One of the Bard IVC filters that is at issue in MDL No. 2641 is the Bard Recovery® Filter, which is the device allegedly at issue in this action.

3.     Bard will identify this action, which involves product liability claims related to a Bard Recovery® IVC Filter, as a potential "tag-along" to the MDL proceeding.

### B. Plaintiff Wayne Ruden's State Court Action

4.     On or about October 7, 2015, Plaintiff Wayne Ruden ("Plaintiff") commenced this action in the Superior Court of the State of California for the County San Francisco, entitled *Wayne Ruden v. C. R. Bard, Inc., et al.*, Case No. CGC-15-548341. Pursuant to 28 U.S.C. § 1446(a), Bard has attached copies of the state court docket, including all process, pleadings, and orders served on it in the above-referenced action as Exhibit "B" to this Notice of Removal.

5.     On October 13, 2015, C. R. Bard, Inc.'s agent for service of process received via uncertified mail a copy of Plaintiff's Complaint accompanied by a notice and acknowledgement of

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

receipt.  C. R. Bard, Inc. timely executed and returned the Notice and Acknowledgement of Receipt on October 28, 2015.  Bard Peripheral Vascular, Inc. has not yet been served with the Complaint.

6.      No further proceedings have been had in the state court action.

7.      Plaintiff alleges that in or around March 2004, he was implanted with a Bard Recovery® Filter.  *See* Ex. B, Compl. ¶ 31.  Plaintiff asserts claims against Bard for negligence, strict product liability (failure to warn, design defect, and manufacturing defect), breach of implied warranty of merchantability, negligent misrepresentation, and negligent failure to recall/retrofit; Plaintiff is also seeking punitive damages.  *Id.* at ¶¶ 43-53, ¶¶ 63-118, and ¶¶ 127-143.

8.      Plaintiff also asserts claims against Defendant California Pacific Medical Center ("CPMC") for medical negligence and breach of fiduciary duty.  *Id.* at ¶¶ 54-62 and ¶¶ 119-126.  Notably, Plaintiff's claims against CPMC arise not from CPMC's care or treatment of Plaintiff when Plaintiff allegedly received his Bard Recovery® Filter in or around 2004, but from CPMC's alleged inaction in failing to inform Plaintiff about a publically available FDA Public Health Notification ("FDA PHN") directed to physicians and health care providers on August 9, 2010, <u>more than six years after</u> CPMC's treatment of Plaintiff.

9.      This case is removable under 28 U.S.C. § 1441(b) because no defendant who is "properly joined and served" is a citizen of the State of California.

10.      To the best of Bard's knowledge, Defendant CPMC has not yet been served with a copy of the Summons and the Complaint.  The consent of unserved defendants is not required for successful removal.  *See, e.g.*, 28 U.S.C. § 1441(b); s*ee also Salveson v. Western States Bankcard Ass'n.*, 731 F.2d 1423, 1429 (9th Cir.1984) (noting that "a party not served need not be joined" in a petition for removal); *Roberts v. Palmer*, 354 F. Supp. 2d 1041, 1044 (E.D. Mo. 2005) ("It is well recognized that the consent of unserved defendants need not be obtained to effectuate removal.").

11.      Even if CPMC has been served, CPMC's consent to remove is not necessary because CPMC is fraudulently misjoined in this action.  *See, e.g.*, *Sutton v. Davol*, Inc., 251 F.R.D. 500, 505-06 (E.D. Cal. 2008) (consent of fraudulently misjoined party not required for removal); *see also United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (fraudulently joined defendant need not join in removal petition).

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## II. BARD HAS MET THE PROCEDURAL REQUIREMENTS FOR REMOVAL

12. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the Clerk of the Court for the Superior Court of the State of California for the County of San Francisco.

13. This Notice of Removal is properly filed in the Northern District of California pursuant to 28 U.S.C. § 1446(a).

14. The United Stated District Court for the Northern District of California, San Francisco Division, is the proper district to where this matter should be assigned because it is the District Court embracing the Superior Court of California, Country of San Francisco, where Plaintiff's state court action is pending. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 84(c)(1).

15. C. R. Bard, Inc. received a copy of the Complaint on October 13, 2015. This Notice of Removal is being filed within 30 days of that date; therefore, the Notice is timely pursuant to 28 U.S.C. § 1446 (b).

16. No previous application has been made for the relief requested herein.

17. As discussed at length below, Defendant CPMC is fraudulently misjoined in this action, and, thus, CPMC's consent to removal is not required. *See, e.g., Sutton,* 251 F.R.D. at 505-506*; see also United Computer Systems, Inc.,* 298 F.3d at 762 (fraudulently joined defendant need not join in removal petition).

18. No party in interest properly joined and served as a defendant is a citizen of the State in which this action was brought, California. *See* 28 U.S.C. §1441(b). The Complaint purports to name CPMC, upon information and belief, a California citizen; however, because CPMC is fraudulently misjoined in this lawsuit, its California citizenship is not a barrier to removal jurisdiction. *See* 28 U.S.C. § 1441(c); *see also United Computer Sys. Inc.,* 298 F.3d at 762.

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

19. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, where the properly joined parties are citizens of different states.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## A. The Amount in Controversy Requirement Is Satisfied

20.  Bard filed this Notice of Removal in good faith and on a reasonable basis in law and in fact that the requisite amount in controversy is being sought in this action.  When the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal.  *See Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

21.  To determine the amount in controversy, a district court takes into account claims for general damages, pain and suffering, out-of-pocket loss, emotional distress, and punitive damages.  *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995).  Additionally, the "amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)).

22.  Plaintiff alleges that he has "incurred significant medical expenses and has endured extreme pain and suffering, fear of death, loss of enjoyment of life, and other losses, some of which are permanent in nature."  Ex. B, Compl. ¶ 31.  Plaintiff further alleges that as a result of the failure of his Bard Recovery® Filter, he "lives in constant fear that the [Bard Recovery® Filter] will continue to migrate, pierce his heart, and kill him."  *Id.*  He also alleges that he "has become impaired and his ability to earn wages has been diminished, and will remain so in the future . . . [and] is required to attend regular physicians' visits and to undergo imaging studies."  *Id.*  Finally, he alleges that he "has suffered permanent and continuing injury, loss of enjoyment of life, pain, suffering, and impairment.  Plaintiff has suffered emotional trauma, harm, and injuries.  Plaintiff's ability to carry on the affairs of his daily life has been impacted and diminished, and will continue to diminish in the future."  *Id.* at ¶ 32.  As result of his alleged injuries, Plaintiff seeks past and future general damages; past and future economic and special damages; loss of earnings and impaired earning capacity; past and future medical expenses; past and future mental and emotional distress; punitive damages; costs of suit incurred herein; pre-judgment interest; loss of consortium damages; and such other and further relief as the Court may deem just and proper.  *See id.* at Prayer for

– 4 –

Damages ¶¶ a-d.  Plaintiff's punitive damages claim is included when determining the amount in controversy.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *see also Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943).

23.     It is thus facially apparent from the Complaint that Plaintiff claims in excess of $75,000.00.  *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy requirement met where plaintiff alleged "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization" as a result of heart failure allegedly caused by the defendant); *Evans v. CDX Servs., LLC*, 528 F. Supp. 2d 599, 606 (S.D. W. Va. 2007) (denying remand where plaintiffs alleged injury but did not specify damages; "When the Court 'considers the additional elements of pain and suffering and future damages, one can easily conclude the amount in controversy is satisfied.'"); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (concluding that complaint "obviously asserts a claim exceeding $75,000" where plaintiff sought "compensatory and punitive damages" for alleged serious medical conditions and economic losses due to use of a prescription medication).

**B.  There is Complete Diversity of Citizenship Between the Plaintiff and the Properly Joined Defendants**

24.     There is complete diversity between Plaintiffs and the properly joined defendants.

25.     Plaintiff is a resident and citizen of the State of California.  *See* Ex. B, Compl. ¶ 3.

26.     Defendant C. R. Bard, Inc. is a New Jersey corporation with its principal place of business in the State of New Jersey.  Therefore, C. R. Bard, Inc. is a citizen of New Jersey.  *See* 28 U.S.C. § 1332(c).

27.     Defendant Bard Peripheral Vascular, Inc. is an Arizona corporation with its principal place of business in the State of Arizona.  Therefore, Bard Peripheral Vascular, Inc. is a citizen of Arizona.  *Id.*

28.     Upon information and belief, none of the DOE defendants has been substituted with any named defendants or been served with process in the state court action.  For purposes of

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C.

2   § 1441(b)(1); *accord Soliman v. Phillip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002); *McCabe v.*

3   *General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Therefore, the citizenship of DOES 1

4   through 100 should be disregarded for purposes of diversity.

5       **C. The California Defendant Is Fraudulently Misjoined, and CPMC's Presence Will**

6           **Not Defeat Diversity**

7       29.     Upon information and belief, Defendant CPMC, at the time the state court action was

8   commenced and at the time of this Notice, is a citizen of the State of California.

9       30.     CPMC is fraudulently misjoined in this action, and, thus, CPMC's presence will not

10  defeat diversity. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996) (holding

11  diversity of citizenship requirement was satisfied by reason of fraudulent misjoinder doctrine

12  because the alleged transactions involving the non-diverse defendants were wholly distinct from the

13  alleged transactions involving the diverse defendants), *abrogated on other grounds in Cohen v.*

14  *Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 684-85

15  (D. Nev. 2004) ("[T]his Court agrees with the Fifth and Eleventh Circuits that the [Tapscott] rule is a

16  logical extension of the established precedent that a plaintiff may not fraudulently join a defendant in

17  order to defeat diversity jurisdiction in federal court.") (internal citations omitted); *see also Sutton*,

18  251 F.R.D. at 505 (applying the doctrine of fraudulent misjoinder and holding that the plaintiff's

19  joinder of a non-diverse, medical malpractice defendant in a product liability case was "improper").

20      31.     The only claims against CPMC are for medical malpractice and breach of fiduciary

21  duty. *See* Ex. B, Compl. ¶¶ 54-62 and ¶¶ 119-126. Both claims are premised on CPMC's alleged

22  failure to inform Plaintiff about a publically available FDA Public Health Notification ("FDA

23  PHN") directed to physicians and health care providers on August 9, 2010. *See id.* at ¶¶ 61, 125.

24      32.     Critically, Plaintiff's claims against CPMC arise not from CPMC's treatment and care

25  of Plaintiff when he allegedly received a Bard Recovery® Filter in or around March 2004, but from

26  CPMC's alleged inaction that occurred *more than six years after* CPMC's treatment and care of

27  Plaintiff. Thus, Plaintiff's claims against CPMC will likely turn, at least in in part, on whether

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

CPMC even owed a duty (either a duty of care of a fiduciary duty) to Plaintiff six years after CPMC treated him.

33. Federal courts have frequently applied the doctrine of fraudulent misjoinder to cases involving claims for medical negligence and products liability. For instance, in *Sutton*, 251 F.R.D. at 503-505, the plaintiff joined product liability claims against the manufacturer of a prescription medical device with a medical negligence claim against his healthcare provider. Specifically, the plaintiff alleged that his healthcare providers had failed to timely act in response to an FDA recall notice, and that as a result, plaintiff was implanted with a recalled device. *Id.* at 502. The court found "compelling" the defendants' argument that the plaintiff's product liability claims were so factually distinct from the claims against plaintiff's healthcare providers for failing to respond to a recall warning as to constitute fraudulent misjoinder. *Id.* at 505. The defendant's arguments were particularly persuasive in light of the fact that the fraudulent misjoinder deprived the defendants' of their right to have the product liability claims transferred to multidistrict litigation, where they could be handled in an efficient and consistent matter in a single forum in the MDL. *Id.* at 504. Thus, the court severed the claims against the healthcare providers and remanded them to state court "so as to preserve the removing Defendants' right to removal in the remaining multidistrict action and to preserve the interests of judicial expediency and justice so that all pre-trial discovery on the products liability case can be coordinated in a single forum." *Id.* at 505; *see also In re Guidant Corp., Implantable Defibrillators Prods. Liab. Litig.*, MDL No. 05-1708, Case No. 07-1129, 2007 WL 5377783, *7 (D. Minn. Jun. 4, 2007) (severing and remanding only the claims against defendant hospital because "the basis for the causes of action against [the hospital] do not arise from the same transaction and occurrences as those in the causes of action against the [medical device manufactures]; *Greene*, 344 F. Supp. 2d at 684-85 (remanding medical malpractice claims against non-diverse doctor while retaining jurisdiction over product liability claims); *In re Rezulin Prod. Liab. Litig.*, MDL No. 1348, 2003 WL 21276425, at *1-2 (S.D.N.Y June 2, 2003) (finding claims against non-diverse physician were misjoined with claims against drug manufacturer); *Stone v. Zimmer, Inc.*, No. 09-08202-CIV, 2009 WL 1809990, at *4 (S.D. Fla. June 25, 2009) ("The joinder of the malpractice claim against [the doctor] and the [pain management center] with the product

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  liability claim against [the product manufacturer] is thus inappropriate because these claims do not

2  both involve common questions of law or fact and do not assert joint, several or alternative liability

3  arising out of the same transaction, occurrence or series of transactions or occurrences.") (internal

4  quotation omitted).

5       34.    Like the plaintiff's claims in *Sutton*, Plaintiff's claims against CPMC do not arise out

6  of the same transaction or occurrence as the products liability claims brought against Bard. Instead,

7  the claims against CPMC are legally and factually distinct from the claims against Bard. The

8  products liability claims against Bard are based on the "development, testing, assembling,

9  manufacture, packaging, labeling, preparing, distribution, marketing, supplying, and/or selling" of

10  the Bard Recovery® Filter. Ex. B, Compl. ¶ 1. By contrast, the medical malpractice and breach of

11  fiduciary duty claims against CPMC are based on whether CPMC owed a duty to Plaintiff six years

12  after it provided its treatment and care for Plaintiff, and whether CPMC's breached the duty of care

13  and/or its fiduciary duty to Plaintiff by allegedly failing to inform Plaintiff about a publically

14  available FDA Public Health Notification directed to physicians and health care providers on August

15  9, 2010. *See Burgess v. Superior Court*, 2 Cal. 4th 1064, 1077 (1992) (stating the elements of a

16  medical malpractice claim); *Jameson v. Desta*, 215 Cal. App. 4th 1144, 1164 (2013) (stating the

17  elements of a breach of fiduciary duty claim against a physician). The crucial aspects of the claims

18  against Bard, on the one hand, and against CPMC, on the other hand, are legally and factually

19  separate and distinct such that they do not arise from the same transaction or occurrence. *See Sutton*,

20  251 F.R.D. at 505 ("Plaintiffs' claims based on strict products liability against the removing

21  Defendants are separate from Plaintiffs' claims of medical malpractice against the California

22  Defendants in implanting a previously recalled patch in Plaintiff . . . [the] claims against the

23  California Defendant are not based on the allegedly negligent testing and manufacture of the Patch

24  and cannot be under California law.").

25      **D. Alternatively, Plaintiff's Claims Against CPMC Should Be Severed Pursuant to**

26         **Rule 21 Because it Is Not A Necessary and Indispensable Party**

27       35.    In the alternative, even if CPMC was not fraudulently misjoined, this Court should

28  sever and remand Plaintiff's medical malpractice and breach of fiduciary duty claims against CPMC

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

pursuant to Federal Rule of Civil Procedure 21 because it is not a necessary and indispensable party. Under Rule 21, courts may sever claims against non-diverse defendants and thereby perfect diversity jurisdiction. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable party to be dropped at any time").

36.     Courts have previously used Rule 21 to perfect diversity jurisdiction, including in product liability actions where an MDL has been formed against a pharmaceutical or medical device company and the plaintiff joins medical malpractice claims against a non-diverse physician. Indeed, that is precisely what the Eastern District of California did in *Sutton v. Davol, Inc.*,[1] where the plaintiff attempted to join non-diverse California health care providers in a product liability action against two medical device companies. *See Sutton*, 251 F.R.D. at 501. Finding that the interests of judicial expediency and justice favored removal so that the case could be part of an MDL, the court severed the medical malpractice claims against the non-diverse California defendants and remanded those claims to state court. *See Sutton*, 251 F.R.D. at 505 (severing and remanding the plaintiff's claims against a non-diverse California defendant pursuant to Rule 21 "so as to preserve the removing Defendants' right to removal in the remaining multidistrict action and to preserve the interests of judicial expediency and justice so that all pre-trial discovery on the products liability case can be coordinated in a single forum"); *see also Greene*, 344 F. Supp. 2d at 683-84 (severing and remanding claims because manufacturing and marketing of drug and alleged wrongdoing of prescribing physician were dissimilar acts); *Sullivan v. Calvert Mem. Hosp.*, -- F. Supp. 3d --, 2015 WL 4614467, at *3 (D. Md. July 30, 2015) (severing medical malpractice claims against non-diverse doctors to retain jurisdiction over product liability claims against medical device manufacturer before transfer to the MDL, noting that although the two sets of claims "may involve the same physical object that is the source of the products liability claims against the Ethicon Defendants, the medical negligence claims against the Maryland Healthcare Defendants involve legal standards and factual inquiries distinctly different from the products liability claims"); *Mayfield v. London Women's Care, PLLC*, No. 15-19-DLB, 2015 WL 3440492, at *4 (E.D. Ky. May 28, 2015) (same,

---

[1] Davol, Inc. is a subsidiary of C. R. Bard, Inc.

DEFENDANTS C. R. BARD, INC.'S AND BARD PERIPHERAL VASCULAR, INC.'S
NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B)

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

noting that the medical malpractice claim "is highly distinct from the various claims brought . . . for products liability"); *Akin v. Stryker Corp. et al.*, Case No. 13-cv-01811(DWF/FLN), 2013 WL 6511855, at *3-5 (D. Minn. Dec. 12, 2013) (severing and remanding claims against non-diverse medical provider defendants from claims against manufacturer defendants, even though the misjoinder was not "egregious," because a finding of bad faith is not required to find that non-diverse defendants have been fraudulently misjoined); *Cooke-Bates v. Bayer Corp.*, No. 3:10-CV-261, 2010 WL 3984830, at *4-5 (E.D. Va. Oct. 8, 2010) (severing medical malpractice claims against non-diverse doctors to retain jurisdiction over product liability claims against medical device manufacturer before transfer to the MDL); *Joseph v. Baxter International, Inc.*, 614 F. Supp. 2d 868, 873 (N.D. Ohio 2009) (concluding that severance under Rule 21 was appropriate because "the plaintiffs will benefit from the MDL process: they will not bear the burden of having to engage on their own, and at their sole expense, in discovery vis-a-vis Baxter," and "the inconvenience and potential prejudice to Baxter if I remand substantially outweigh the inconvenience and possible prejudice to the plaintiffs from remaining before me.").

37. Likewise, here, CPMC is not an indispensable party. The claims against CPMC deal with its alleged failure to provide appropriate information to Plaintiff six years after Plaintiff received his Bard IVC filter, whereas Plaintiff's product liability claims against Bard deal with entirely different issues of the design, manufacture, and labeling the Recovery® Filter. Moreover, transfer of Plaintiff's claims against Bard to the Bard IVC Filter MDL will advance the convenience and efficiency of the case, eliminate duplicative discovery, prevent inconsistent pre-trial rulings, and conserve the resources of the judiciary, the parties, and their counsel. Accordingly, even if the Court finds that CPMC is not fraudulently misjoined, the Court should sever and remand the claims against CPMC to perfect diversity jurisdiction over Bard.

38. By removing this action to this Court, Bard does not waive any defenses, objections or motions available to them under state or federal law.

39. Bard reserves the right to amend or supplement this Notice of Removal.

40. Bard requests a trial by jury on all issues so triable.

– 10 –

WHEREFORE, Bard prays that this action be removed from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California.


DATED: November 12, 2015


REED SMITH LLP


By: /s/ Steven J. Boranian
Steven J. Boranian
Mark A. Sentenac
Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware