# EXHIBIT C

David R. Ongaro (State Bar No. 154698)
dongaro@ongaropc.com
Glen Turner (State Bar No. 212417)
gturner@ongaropc.com
ONGARO PC
50 California Street, Suite 3325
San Francisco, CA 94111
Telephone: (415) 433-3900
Facsimile: (415) 433-3950

Attorneys for Plaintiff WAYNE RUDEN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE RUDEN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>C.R. BARD, INC., a New Jersey corporation, BARD PERIPHERAL VASCULAR, INC., (a subsidiary and/or division of defendant C.R. BARD, INC.) an Arizona corporation, CALIFORNIA PACIFIC MEDICAL CENTER, and DOES 1-100 INCLUSIVE,<br><br>　　　　　Defendants. | Case No. 4:15-cv-05189-JSW<br><br>**PLAINTIFF WAYNE RUDEN'S NOTICE OF MOTION AND MOTION FOR REMAND; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:　　　January 15, 2016<br>Time:　　　9:00 a.m.<br>Location:　 Courtroom 5: Second Floor<br><br>Complaint Filed: October 7, 2015<br><br>**\*ORAL ARGUMENT REQUESTED\*** |

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND;
MEMORANDUM OF POINTS AND AUTHORITIES**

# TABLE OF CONTENTS

I. STATEMENT OF ISSUES TO BE DECIDED ................................................................. 1

II. SUCCINCT STATEMENT OF RELEVANT FACTS ....................................................... 1

    A. Mr. Ruden ................................................................................................................ 2

    B. CPMC ...................................................................................................................... 2

    C. Bard ......................................................................................................................... 3

III. LEGAL STANDARD ......................................................................................................... 4

IV. ARGUMENT ...................................................................................................................... 4

    A. There Is No Unanimity of Defendants, Mooting Bard's Removal Request. ............ 4

    B. The Highly Criticized Doctrine of Fraudulent Misjoinder is Not Recognized As A Removal Basis in the 9th Circuit or The Northern District. ..................................... 5

        1. The Fraudulent Misjoinder Doctrine is Not Approved by the Ninth Circuit or Northern District. ............................................................................ 5

        2. The Fraudulent Misjoinder Doctrine is Bad Policy. ...................................... 6

        3. Bard's Cited Cases Do Not Support The Removal Request ......................... 7

    C. Even Under the Untenable Fraudulent Misjoinder Doctrine, the Matter Should Be Remanded as Mr. Ruden's Claims Arise From The Same Transaction and Occurrence, and CPMC Is An Indispensable Party. .................................................. 8

        1. The Claims Against CPMC and Bard Arise From the Same Transaction or Occurrence. .................................................................................................. 9

    D. CPMC Is An Indispensable Party ............................................................................. 11

    E. Perfecting Diversity by Severance Is An Improper Basis For Removal. ................. 11

    F. Because Removal Is Disfavored, Ambiguities Are Resolved Against Removal. .... 12

    G. Mr. Ruden Is Entitled To Costs and Expenses. ........................................................ 13

V. CONCLUSION AND RELIEF REQUESTED .................................................................. 14

i

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND;
MEMORANDUM OF POINTS AND AUTHORITIES**

# TABLE OF AUTHORITIES

## CASES

*Black v. Merck & Co., Inc.*
   2004 WL 5392660 (C.D. Cal. 2004) ................................................................... 11

*Brown v. Francis*
   (9th Cir. 1995) 75 F.3d 860 ................................................................................... 4

*Carper v. Adknowledge, Inc.*
   (N.D. Cal. 2013) 2013 WL 5954898 ..................................................................... 7

*Central Bank v. Jerrolds*
   (W.D. Tenn. 2015) 2015 WL 1486368 .................................................................. 8

*Chicago, R. I. & P. Ry. Co. v. Martin*,
   178 U.S. 245 (1900) ............................................................................................... 5

*Coughlin v. Rogers*
   (9th Cir. 1997)130 F.3d 1348 .............................................................................. 12

*Davis v. Prentiss Properties Ltd., Inc.*
   (C.D. Cal. 1999) 66 F. Supp. 2d 1112 ................................................................... 9

*Dent v. Lopez*
   (E.D. Cal.) 2014 WL 3057456 ............................................................................... 6

*Duncan v. Stuetzle*
   (9th Cir. 1996) 76 F.3d 1480 ................................................................................. 6

*Durham*
   445 F.3d at 1252 .................................................................................................... 6

*Early v. Northrop Grumman Corp.*
   (C.D. Cal. 2013) 2013 WL 3872218 ..................................................................... 6

*Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*,
   644 F.2d 1310 (9th Cir. 1981) ............................................................................... 5

*Emrich v. Touche Ross & Co.*
   (9th Cir. 1988) 846 F.2d 1190 ...................................................................... 4, 5, 7, 9

*Gasu v. Miles, Inc.*
   (9th Cir. 1992) 980 F.2d 564 ................................................................................. 4

*Greene v.* Wyeth
   (D. Nev. 2004) 344 F.Supp.2d 674 ............................................................... 7, 8, 9

*Hannig v. Juarez*
   (D. Nevada 2013) 2013 WL 7095748 ................................................................. 11

*Hannig v. Juarez*
   2014 WL 29402 ................................................................................................... 11

*Harlow v. Fitzgerald*
 (1982) 457 U.S. 800 .................................................................................................................. 9

*HVAC Sales, Inc. v. Zurich Am. Ins. Grp.*
 (N.D. Cal. 2005) 2005 WL 2216950 ..................................................................................... 11

*In re Norplant Contraceptive Products Liability Litigation*
 168 F.R.D. 579 (E.D. Tex. 1996) ........................................................................................... 11

*Jurin v. Transamerica Life Ins. Co.*,
 2014 WL 4364901 (N.D. Cal 2014) ......................................................................................... 6

*League to Save Lake Tahoe v. Tahoe Regional Planning Agency*
 558 F.2d 914 (9th Cir. 1977) ..................................................................................................... 7

*Lively v. Wild Oats Markets, Inc.*
 (9th Cir. 2006) 546 F.3d 933; S. Rep. No. 1830, 85th Cong., 2d Sess ............................. 12, 13

*Lopez v. Pfeffer*
 (2013) 2013 WL 5367723 ......................................................................................................... 6

*Lopez v. Pfeffer*
 (N.D. Cal. 2013) 2013 WL 5367723 ........................................................................................ 5

*Martin v. Franklin Capital Corp.*
 (2005) 546 U.S. 132 ............................................................................................................ 5, 13

*Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*
 (1999) 526 U.S. 344 .................................................................................................................. 4

*Osborn v. Metropolitan Life Ins. Co.*
 341 F.Supp.2d 1123 (2004) ....................................................................................................... 8

*Pan Am. World Airways, Inc. v. U.S. Dist. Court for Cent. Dist. of California*
 (9th Cir. 1975) 523 F.2d 1073 .................................................................................................. 9

*Parrino v FHP, Inc.*
 (9th Cir. 1988) 146 F.3d 699 .................................................................................................... 5

*Perry v. Luu*
 (E.D. Cal. 2013) 2013 WL 3354446 ..................................................................................... 8, 9

*Prize Frize, Inc v Matrix Inc.*
 (9th Cir. 1999) 167 F.3d 1261 .................................................................................................. 4

*Ramirez v. Speltz*
 2015 WL 5882065 (N.D. Cal. 2015) ...................................................................................... 10

*Robinson v. Swedish Health Servs.*
 (W.D. Wash. 2010) 2010 WL 816818 .............................................................................. 10, 12

*Scheuer v. Rhodes*
 (1974) 416 U.S. 232 .................................................................................................................. 9

*Shamrock Oil & Gas Corp. v. Sheets*
    (1941) 313 U.S. 100 .................................................................................................... 4

*Shwiff v. Hartford Cas. Inso. Co.*
    (N.D. Cal. 2013) 2013 WL 5129688 ........................................................................ 7, 9

*St. Paul Mercury Indem. Co. v. Red Cab Co.*
    (1938) 303 U.S. 283 .................................................................................................... 4

*Sturm v. United Servs. Auto Ass'n*
    (N.D. Cal. 2012) 2012 WL 2135356 .................................................................. 6, 7, 12

*Sutton v. Davol, Inc.*
    (E.D. Cal. 2008) 251 F.R.D. 500 ............................................................................. 7, 8

*Thee Sombrero, Inc. v. Murphy*
    (C.D. Cal. 2015) 2015 WL 4399631 ........................................................................ 8, 9

*United Mine Workers of Am. v. Gibbs*
    (1966) 383 U.S. 715 ............................................................................................... 7, 10

*Watson v. Gish*
    (N.D. Cal. 2011) 2011 WL 2160924 .......................................................................... 11

**STATUTES**

§ 1441 ...................................................................................................................................... 6

§ 1447(c) ................................................................................................................................ 13

§ 3723 ...................................................................................................................................... 9

1958 U.S. Code Cong. & Admin. News 3099 ....................................................................... 12

28 U.S.C. § 1441(a) ................................................................................................................. 4

28 U.S.C. § 1441(b)(2) .......................................................................................................... 13

28 U.S.C. § 1447(c) ............................................................................................................... 13

28 U.S.C. §§ 1446(b) .............................................................................................................. 4

28 U.S.C. §1441 ...................................................................................................................... 6

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on January 15, 2016, at 9:00 a.m. or as soon thereafter as counsel may be heard at Courtroom 5, Second Floor, Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, California, 94612, Plaintiff Wayne Ruden will and hereby does move the Court to remand this cause to the State of California, San Francisco County Superior Court pursuant to 28 U.S.C. § 1447(c). California Pacific Medical Center ("CPMC") is an indispensable, non-diverse defendant who has not consented to removal.[1] Therefore, C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard")'s request for removal has not been perfected, and removal is improper under 28 U.S.C. § 1441(b). Mr. Ruden also seeks an award of fees and costs incurred as a result of the improper removal request pursuant to 28 U.S.C. § 1447(c).

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Glen Turner, the pleadings and papers on file herein including plaintiff's First Amended Complaint ("FAC"), and upon other matters as may be presented to the Court at the time of the hearing. Mr. Ruden respectfully requests oral argument.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  STATEMENT OF ISSUES TO BE DECIDED**

1) Whether this matter should be remanded to the State of California, San Francisco County Superior Court pursuant to U.S.C. § 1447(c).

2) Whether Mr. Ruden is entitled to costs, including attorney fees, incurred as a result of Bard's improper request for removal.

**II.  SUCCINCT STATEMENT OF RELEVANT FACTS**

Mr. Ruden brings this case for serious injuries suffered as a result of CPMC's

---

[1] *See*, CPMC's Opposition to Bard Defendants' Motion for Stay p. 1, attached as Exhibit A to the Declaration of Glen Turner ("Turner Decl.") ("CPMC opposes co-defendant BARD's motion to stay all proceedings as moot. BARD removed the action asserting diversity jurisdiction. But the parties are not diverse. CPMC is a California corporation, and plaintiff is a resident of California.")

1
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND;
MEMORANDUM OF POINTS AND AUTHORITIES**

recommendation for the surgical implantation of a medical device designed and manufactured by Bard, the Bard Recovery Filter ("BRF") into his inferior vena cava. As CPMC and Bard knew it might, the device fractured, resulting in the embolization of two arm fragments into Mr. Ruden's proximal right pulmonary arteries and the embolization of one fractured arm fragment into his right atrium, where it remains to this day as a ticking time bomb.

On October 7, 2015 Mr. Ruden filed suit against CPMC, a general medical and surgical hospital and with multiple locations and a principal place of business in San Francisco, California. Mr. Ruden also filed suit against Bard. Bard, without the consent of CPMC, now improperly attempts to have this case removed from state to federal court.

### A.   Mr. Ruden

Upon the advice of agents and employees of CPMC, in 2004 San Francisco resident Wayne Ruden had a BRF placed in his inferior vena cava. Eleven years later, in March, 2015, Mr. Ruden learned that the implanted BRF had fractured, causing extreme pain and both physical and emotional suffering. Mr. Ruden must undergo regular medical monitoring and has incurred significant medical expenses. His earning capacity has been significantly diminished. The fragments could migrate at any time, causing Mr. Ruden's premature death. Experts at Stanford have informed Plaintiff that surgery to remove the fragments from the right atrium of his heart is too risky, the risk of death is too great, and would not perform the surgery.

### B.   CPMC

CPMC is a general medical and surgical hospital and academic medical center operating at multiple locations and with a principal place of business in San Francisco, California. (First Amended Complaint ["FAC"], ¶10, Turner Decl. exh. B) Mr. Ruden was a CPMC patient when the decision was taken to implant a BRF, and was an ongoing CPMC patient thereafter. He was hospitalized and/or seen in consultation at CPMC multiple times between 2004, when the device was implanted, and 2015, when removal was attempted, leaving fragments behind. (*Id.*)

CPMC knew the BRF was defective and unreasonably dangerous and was causing injury and death to patients who received it. (*Id.*) Yet, CPMC did not disclose the risks and other information known to it, including that the BRF had hidden dangers, including a high rate of

2
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND;
MEMORANDUM OF POINTS AND AUTHORITIES**

fracture, migration, and excessive tilting and perforation of the wall of the inferior vena cava. (*Id.*) Further, CPMC failed to insure that its agent and employee care providers were adequately trained to perform their relevant duties, including their duty to reasonably inform themselves of the risks of utilizing the BRF as part of Mr. Ruden's treatment, and subsequently failed to adequately inform Mr. Ruden. (*Id.*)

CPMC had an ongoing duty to reasonably warn Plaintiff of newly-discovered risks. (*Id.*; FAC ¶ 57.) However, CPMC did not communicate a FDA 2010 warning letter regarding dangers of IVC filters, especially when left in situ over a long period. (FAC ¶¶ 57, 60.)

As to CPMC, Mr. Ruden has properly asserted claims for (1) negligence, (2) breach of fiduciary duty, and (3) negligence-recall/retrofit. (*See*, FAC.)

**C.     Bard**

Bard is no stranger to litigation. The instant controversy involves Bard inferior vena cava ("IVC") filters. Bard IVC filters have spawned over 80 lawsuits, many of which have been sent to the Multi District Litigation and many of which have not. A 2010 study by Dr. William H. Nicholson discovered that an appalling 25% of BRFs—one type of Bard IVC filter and the type pertinent to this litigation—fractured and embolized, with 71% of those fracture/embolization cases including embolization to the patient's heart, with sequelae including sudden death. In 2010, the FDA published a warning letter noting more than 900 adverse events associated with IVC filters, including migration, fracture, embolization, and perforation of the inferior vena cava, and recommended that treaters consider removing retrievable filters once the initial emergency requiring insertion had passed.

On July 13, 2015, the FDA sent a warning letter directly to Bard, accusing Bard of (1) filing mere device malfunction reports in at least eight cases where Bard should have filed serious injury or death reports, (2) failing to report failed IVC filter removal attempts in sufficient detail to allow adequate investigation, and (3) failing to insure that device complaints were adequately evaluated for cause or that appropriate corrective action was implemented. Former C.R. Bard consultant Kay Fuller alleges that, because she would not endorse C.R. Bard's testing protocol, her name was forged on C.R. Bard's application for FDA approval of the BRF – the very device

3

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND;
MEMORANDUM OF POINTS AND AUTHORITIES**

at issue in this matter.

## III. LEGAL STANDARD

An action is removable to a federal court only if it might have been brought there originally. (28 U.S.C. § 1441(a).) Because removal ousts a state court of jurisdiction, "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the [removal] statute has defined." (*Shamrock Oil & Gas Corp. v. Sheets* (1941) 313 U.S. 100, 108-109). The burden of establishing federal jurisdiction is on the party seeking removal; here, Bard. (*Emrich v. Touche Ross & Co.* (9th Cir. 1988) 846 F.2d 1190, 1195; *see also*, *Prize Frize, Inc v Matrix Inc.* (9th Cir. 1999) 167 F.3d 1261, 1265; *Gasu v. Miles, Inc.* (9th Cir. 1992) 980 F.2d 564, 566, quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.* (1938) 303 U.S. 283, 288-90 ["The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."])

When ruling on a motion for remand, a district court must resolve all contested issues of substantive fact and any uncertainties as to the current state of controlling law in favor of the plaintiff. (*Brown v. Francis* (9th Cir. 1995) 75 F.3d 860, 865). "If there is any doubt as to the propriety of removal, that case should not be removed to federal court." (*Id.*)

## IV. ARGUMENT

Removal is improper and this case should be remanded to the San Francisco Superior Court for three reasons. First, there is no unanimity of defendants, rendering the removal request moot. Second, Bard's sole basis for removal—the "fraudulent misjoinder" doctrine—is not recognized in the Ninth Circuit; even so, the doctrine would not apply to CPMC. Finally, CPMC, a California citizen and non-severable indispensable party, defeats diversity jurisdiction.

### A. There Is No Unanimity of Defendants, Mooting Bard's Removal Request.

In order to perfect its removal request, Bard must file a proper notice of removal in the appropriate federal district court within thirty days after service of Mr. Ruden's complaint. (28 U.S.C. §§ 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.* (1999) 526 U.S. 344, 347.) In order for such a notice to be "proper," all defendants must join in or consent to removal.

4
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND;
MEMORANDUM OF POINTS AND AUTHORITIES**

(*Parrino v FHP, Inc.* (9th Cir. 1988) 146 F.3d 699, 703.) CPMC did not join or consent to the removal notice in this case and has stated in its pleadings that it will not do so. (*See*, Notice of Removal of Action, Turner Decl. C; CPMC's Opposition to Bard's Motion to Stay, Turner Decl. A.) Without CPMC's consent, the removal request is procedurally defective and therefore moot. (*See*, *Emrich v. Touche Ross & Co.* (1987) 846 F.2d 1190 [Failure to join all proper defendants in removal petition renders petition procedurally defective normally requires remand].) CPMC's refusal to join in the removal motion is an independent and sufficient basis for remand. *Chicago, R. I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900); *Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981).

**B. The Highly Criticized Doctrine of Fraudulent Misjoinder is Not Recognized As A Removal Basis in the 9th Circuit or The Northern District.**

Bard's removal papers are based exclusively on the theory of "fraudulent misjoinder," a novel theory never adopted by the Ninth Circuit and criticized roundly by Northern District courts. Although Bard's papers give the impression that fraudulent misjoinder is black-letter law, Bard provides **no** binding authority.[2] It is no accident that Bard served the Notice of Removal with a heaping helping of Eleventh Circuit cases that do not control this Court's decision, as Bard unilaterally removed this matter "on law that does not exist in this district." (*Lopez v. Pfeffer* (N.D. Cal. 2013) 2013 WL 5367723, *2 [Request for removal based on doctrine of fraudulent misjoinder, adopted by the Eleventh Circuit, is not relevant to Ninth Circuit courts which have not adopted the theory].)

**1. The Fraudulent Misjoinder Doctrine is Not Approved by the Ninth Circuit or Northern District.**

The Ninth Circuit "has not adopted, approved, nor applied," the theory of fraudulent misjoinder, which only applies when plausible claims have been asserted but joinder is improper due to a lack of some real connection between the defendants. (*Dent v. Lopez* (E.D.

---

[2] Further, as shown *infra*, even if the doctrine *were* controlling law, it would not apply in this matter as necessary or indispensable parties such as CPMC are not proper parties for the application of the doctrine in the limited jurisdictions that follow it.

5
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND;
MEMORANDUM OF POINTS AND AUTHORITIES**

Cal.) 2014 WL 3057456, at *6 [recognizing that the doctrine of fraudulent misjoinder "is simply inoperative in this circuit"].) In fact, nearly every District Court in the Ninth Circuit that has encountered the doctrine has harshly criticized and refused to apply it. (*Jurin v. Transamerica Life Ins. Co.*, 2014 WL 4364901, *3-4 (N.D. Cal 2014) [Ninth Circuit "repeatedly and consistently declined to adopt the [fraudulent misjoinder] doctrine" and it is "inappropriate to apply the novel theory of fraudulent misjoinder, especially considering the requirement that federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance]; *Early v. Northrop Grumman Corp.* (C.D. Cal. 2013) 2013 WL 3872218, *2 ["While fraudulent joinder is a well-established exception to the complete-diversity rule, the doctrine of procedural or fraudulent misjoinder is a recent and unwarranted expansion of jurisdiction, one which the Court is not inclined to adopt"]; *Lopez v. Pfeffer* (2013) 2013 WL 5367723, *2 [Defendant's fraudulent misjoinder argument is based on "law that does not exist in this district"]; *Duncan v. Stuetzle* (9th Cir. 1996) 76 F.3d 1480, 1485 ["Like many other courts in the circuit, the court 'finds it inappropriate to apply the novel theory of fraudulent misjoinder, especially considering the requirement that federal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance'"].) As the Ninth Circuit recognized when first addressing the doctrine of fraudulent misjoinder, "[e]specially considering that 28 U.S.C. §1441 is strictly construed against removal, the state court, not the federal court, should decide whether there is a sufficient nexus" between a plaintiff's claim against various defendants. (*Sturm v. United Servs. Auto Ass'n* (N.D. Cal. 2012) 2012 WL 2135356, *3); see *also, Durham, supra*, 445 F.3d at 1252 [Fraudulent misjoinder flips this maxim on its head by making cases removable that by § 1441's plain terms should not be, effectively increasing the jurisdiction of federal courts beyond what the rules envision"].)

**2. The Fraudulent Misjoinder Doctrine is Bad Policy.**

The fraudulent misjoinder doctrine is bad policy because it improperly requires the Court to determine whether joinder is proper under Federal Rules of Civil Procedure 20 and 21 and then to irrevocably sever parties and claims from the case *without first determining whether it has jurisdiction over the matter*. The doctrine, particularly as Bard would apply it in the instant

6

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND;
MEMORANDUM OF POINTS AND AUTHORITIES**

matter, would ignore the well-settled strong presumptions against fraudulent joinder (*see, e.g., Shwiff v. Hartford Cas. Inso. Co.* (N.D. Cal. 2013) 2013 WL 5129688, *2 and removal (*see, e.g.*, *Emrich v. Touche Ross & Co.* (9th Cir. 1988) 846 F.2d 1190, 1195), and in favor of the broadest actions allowable under the rules. (*United Mine Workers of Am. v. Gibbs* (1966) 383 U.S. 715, 724; *see also League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977) [citing *Gibbs*].)

The better practice is to bring a motion in state court to challenge joinder:

> If a defendant can demonstrate that the plaintiffs are improperly joined under state law, it could move the state court to sever the action. Then there would be little doubt about which portions of a dispute are properly removable and which are not. [¶] But by removing first and answering questions later, a removing defendant invoking fraudulent misjoinder is requesting that the federal court be the one to "gauge whether severance of improperly joined parties is warranted." The federal court, *before or as part of its inquiry into its own jurisdiction,* must entertain what is, in effect, a defendant's motion to sever. Among the many questions this request raises is this one: which forum's severance and joinder rules, and which bodies of decisional law, should the court apply?

(*Carper v. Adknowledge, Inc.* (N.D. Cal. 2013) 2013 WL 5954898, *4 (emphasis in original, citation omitted); *Sturm v. United Servs. Auto. Ass'n* (N.D. Cal. 2012) 2012 WL 2135356, *5.)

### 3. Bard's Cited Cases Do Not Support The Removal Request

In its removal papers, Bard cites the only two (non-binding) District Court cases in the Ninth Circuit that actually applied the fraudulent misjoinder doctrine, *Greene v.* Wyeth (D. Nev. 2004) 344 F.Supp.2d 674 and *Sutton v. Davol, Inc.* (E.D. Cal. 2008) 251 F.R.D. 500. Each case is readily distinguishable.

In *Greene*, only two of the five plaintiffs held claims against the non-diverse defendants, and, unlike here, common actions by the defendants were not even pled. (*Greene* at 674, 683-84.) The District Court held that it is appropriate to "sever claims where the joinder . . . clearly accomplishes no other objective than the manipulation of the forum," and "where the non-diverse party cannot be properly joined under the Federal Rules of Civil Procedure." (*Id*. at 683-84.) In this case, there is no finding of manipulation of the forum, nor has Bard even argued, that

7
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND;
MEMORANDUM OF POINTS AND AUTHORITIES**

1 CPMC was joined to manipulate the forum.

2 In *Sutton*, plaintiffs' claims against the California defendant hospital of implanting a previously recalled patch were entirely separate from their claims of strict product liability against the removing defendants because hospitals cannot be held strictly liable for negligent manufacture and distribution of a product. (*Sutton* at 505 [citation omitted].)

6 Both cases are distinguished from the instant matter, where Mr. Ruden's claims of, for example, negligent misrepresentation against all defendants, and breach of fiduciary duty against CPMC, are reliant on factual questions concerning communications between CPMC and Bard, which is a single series of transactions and occurrences involving common questions of fact and law that would have to be litigated twice in two courts, once against CPMC and once against Bard, possibly leading to inconsistent outcomes if CPMC is severed into state court while Bard is removed to federal court.

13 Noting that *Greene* and *Sutton* are the *only* two cases in the Ninth Circuit that have applied the doctrine of fraudulent misjoinder, the court in *Thee Sombrero, Inc. v. Murphy*, (C.D. Cal. 2015) 2015 WL 4399631 criticized those cases because fraudulent misjoinder requires the severance of non-diverse defendants under Federal Rule of Civil Procedure 20, yet Rule 20 "presumes the Court has jurisdiction to act." (*Id*. at *4, citing *Perry v. Luu* (E.D. Cal. 2013) 2013 WL 3354446, *5; *see also Central Bank v. Jerrolds* (W.D. Tenn. 2015) 2015 WL 1486368, *4 [disapproving *Sutton* and declining to recognize the fraudulent misjoinder doctrine because "[f]or this [C]ourt to rule on joinder issues before determining whether it has subject matter jurisdiction puts the cart before the horse" and therefore "the better course of action is for the state court to rule on the propriety of joinder under the state's joinder law in the first instance"].)

23     **C.    Even Under the Untenable Fraudulent Misjoinder Doctrine, the Matter Should Be Remanded as Mr. Ruden's Claims Arise From The Same Transaction and Occurrence, and CPMC Is An Indispensable Party.**

25 Even if, *arguendo*, this Court adopted the fraudulent misjoinder doctrine, it would follow the same test as is applied for fraudulent joinder[3] and would only be available when the

---

[3] This is because "[f]raudulent misjoinder is a branch of the fraudulent joinder doctrine." *Osborn v. Metropolitan Life Ins. Co.*, 341 F.Supp.2d 1123, 1127 (2004), citing Wright, Miller &

8

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND; MEMORANDUM OF POINTS AND AUTHORITIES**

plaintiff obviously cannot state a cause of action against a defendant even after amending his or her complaint. (*Davis v. Prentiss Properties Ltd., Inc.* (C.D. Cal. 1999) 66 F. Supp. 2d 1112, 1113, 1115-16; *accord* S*cheuer v. Rhodes* (1974) 416 U.S. 232, 236 , *abrogated on other grounds* in *Harlow v. Fitzgerald* (1982) 457 U.S. 800, 814.) Further, a complaint must be strictly construed against removal and the application of the doctrine. (*Emrich v. Touche Ross & Co.* (9th Cir. 1988) 846 F.2d 1190, 1195 (citations omitted); *Shwiff v. Hartford Cas. Ins. Co.* (N.D. Cal. 2013) 2013 WL 5129688, *2.)

Removing non-diverse defendants and causes of action related to those defendants under the doctrine of fraudulent misjoinder may only be accomplished by using Rules 20 and 21 to sever misjoined parties. (*Pan Am. World Airways, Inc. v. U.S. Dist. Court for Cent. Dist. of California* (9th Cir. 1975) 523 F.2d 1073, 1079; *Thee Sombrero, Inc. v. Murphy* (C.D. Cal. 2015) 2015 WL 4399631 *4, citing *Perry v. Luu* (E.D. Cal. 2013) 2013 WL 3354446, *5 ("fraudulent misjoinder requires the severance of non-diverse defendants under Federal Rule of Civil Procedure 20. . . . Rule 20, however, 'presumes the Court has jurisdiction to act.'") CPMC is clearly properly joined under the federal joinder rules, making severance improper and remand appropriate.

### 1. The Claims Against CPMC and Bard Arise From the Same Transaction or Occurrence.

Under Federal Rule of Civil Procedure 20(a)(2)(A)-(B), defendants may be joined when any cause of action is asserted against them "arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." In other words, applying the strong presumptions outlined above to the federal joinder rules means that severance is appropriate only if there is no "glimmer of hope" and "absolutely no possibility" that the causes of action against Bard and CPMC arose from the same series of transactions or occurrences or "absolutely no possibility" that there is a common

---

Cooper, Fed. Prac. & Proc., Jurisdiction 3d § 3723 at 656; *Greene v. Wyeth,* 344 F.Supp.2d 674, 684–85 (D.Nev.2004) ("Courts that apply this `fraudulent misjoinder' doctrine apply it as a `logical extension of the better-established `fraudulent joinder' doctrine.").

9
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND;
MEMORANDUM OF POINTS AND AUTHORITIES**

1  question of law or fact and further, that the Complaint could not be amended to so state.
2  *Ramirez v. Speltz*, 2015 WL 5882065, at *2 (N.D. Cal. 2015)

3  Bard's assertion in its Notice of Removal that the allegations against CPMC are limited
4  to CPMC's failure to inform Mr. Ruden of a 2010 FDA communication is unsupported by the
5  FAC's text and 180 degrees from the proper approach to the complaint under the authorities
6  cited *supra*. Those authorities dictate construing the complaint as broadly as possible in favor
7  of remand. *See also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("the
8  impulse is toward entertaining the broadest possible scope of action consistent with fairness to
9  the parties; joinder of claims, parties and remedies is strongly encouraged.") As to CPMC, Mr.
10 Ruden's complaint alleges that CPMC had an ongoing duty to reasonably warn plaintiff of the
11 risks of the device, and that CPMC was unable to discover the BRF's defective condition *prior*
12 *to implantation* because it relied on Bard's negligent misrepresentation. (FAC ¶¶ 10-12, 52,
13 55.)

14 It is disingenuous for Bard to argue that Mr. Ruden does not have causes of action
15 against both Bard and CPMC that arise from the same series of transactions or occurrences, or
16 that there are no common questions of law or fact. Each of Bard's misjoinder cases, discussed
17 above, is distinguishable on this point (even if they arose in controlling jurisdictions, which
18 they do not), because the court in each of those matters found that the liability of the severable
19 defendant either arose from a different transaction or occurrence than the transaction or
20 occurrence that was the basis of the liability for the non-severable defendant, or else that the
21 liabilities of the subject defendants were not based on a common question of law or fact.

22 Here, that is simply not the case. Bard made a device and placed it into the stream of
23 commerce. CPMC obtained the same device from the same stream of commerce and used it as
24 it was intended to be used by inserting it into plaintiff, where it fractured and went into his
25 heart. That is one series of transactions and occurrences. (*See Robinson v. Swedish Health*
26 *Servs.* (W.D. Wash. 2010) 2010 WL 816818, *2 [all claims arose from decedent's death, the
27 question of whether the subject drug caused the death was common to the liability of all
28 defendants, and plaintiff would be harmed by having to pursue his claims in two separate

10

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND;
MEMORANDUM OF POINTS AND AUTHORITIES**

courts]); *accord Black v. Merck & Co., Inc.*, 2004 WL 5392660 (C.D. Cal. 2004), *1, *4 and fn. 9, citing *In re Norplant Contraceptive Products Liability Litigation*, 168 F.R.D. 579, 581 (E.D. Tex. 1996).

### D. CPMC Is An Indispensable Party

Bard's liability is measured, at least partially, by how much it told CPMC and when; CPMC's liability is measured, at least partially, by how much Bard told CPMC and when. That is an overriding common question of fact, as is the more basic question of whether the BRF injured Mr. Ruden, how and why. Further, Bard's communications with CPMC is a single series of transactions and occurrences. CPMC is not only a necessary party to this action, it is an indispensable party because there is an overriding, common question of fact that could lead to inconsistent judgments if resolved separately in two court cases.

Mr. Ruden's claims should be determined in a single matter, because, as in *Watson v. Gish* (N.D. Cal. 2011) 2011 WL 2160924, *4, ["it is readily apparent that an interrelationship exists between the Defendants in this case that was absent in (the case cited by Bard,) *Tapscott*"]; *see also HVAC Sales, Inc. v. Zurich Am. Ins. Grp.* (N.D. Cal. 2005) 2005 WL 2216950, *6 [reading "*Tapscott* to apply in the rare circumstance where the egregiousness of plaintiffs' misjoinder is readily apparent" because "plaintiffs did not even attempt to justify their conglomeration of various unrelated defendants"]; *Hannig v. Juarez* (D. Nevada 2013) 2013 WL 7095748, *6, *report and recommendation rejected on other grounds* by *Hannig v. Juarez*, 2014 WL 29402, *1-2 [distinguishing case from *Tapscott* because "an interrelationship exists between the Defendants in this case" when, *inter alia*, all claims were "premised on the allegedly harmful effects produced by" the medical device produced by the manufacturer defendants and surgically installed by the health care defendants in that matter].)

### E. Perfecting Diversity by Severance Is An Improper Basis For Removal.

Bard argues, in the alternative, that this Court could simply elect on its own to perfect diversity by severing CPMC. (*See*, Notice of Removal.) This is not an appropriate case in which to apply this rarely-used maneuver, and Bard has adduced no cases where the doctrine was used to justify removal. At any rate, the Court only has discretion to sever when the test

11

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND;
MEMORANDUM OF POINTS AND AUTHORITIES**

1 for permissive joinder is not satisfied. (*Coughlin v. Rogers* (9th Cir. 1997)130 F.3d 1348, 1350.) As shown above, this is most certainly a case where permissive joinder is appropriate, as the various liabilities of Bard and CPMC are largely interdependent, and witnesses from each defendant would testify in the other defendant's case should the matters be tried separately.

Further, severance is inappropriate if any substantive right of plaintiff would be violated. (*Id*.) Plaintiff has the right to a forum of his own choosing and has the right to settle one indivisible controversy in one court case. (*Robinson v. Swedish Health Servs.* (W.D. Wash. 2010) 2010 WL 816818, *2.) If this case is severed, Plaintiff will be severely prejudiced by having to conduct two court cases, at double cost, to adjudicate the same operative facts. (*Id*.)

And make no mistake, there *will* be a state court trial. CPMC's motion to dismiss, filed December 1, 2015, did not address all of Mr. Ruden's claims as made in the FAC. Therefore, even if it is granted in full, Mr. Ruden would still have a claim in the superior court. Bard's witnesses will be summoned into the state court case to testify as to what they told CPMC, and CPMC's witnesses will be summoned into the federal matter to testify as to what CPMC heard from Bard. Defendants in each matter will inappropriately be able to use the "empty-chair defense," pointing to the missing defendant. (*See, Sturm v. United Servs. Auto Ass'n*, *supra*, 2012 WL 2135356, *7 ["*Tapscott* is distinguishable because there was no threat of an "empty chair" defense"].) Inconsistent judgments could easily arise, where the jury in the state court case concludes Bard was at fault and acquits CPMC, while the jury in the federal case concludes CPMC was at fault and acquits Bard.

**F.     Because Removal Is Disfavored, Ambiguities Are Resolved Against Removal.**

CPMC is a California resident. (CPMC Opposition to Motion for Stay, p. 5, Turner Decl. exh. A.) Congress permitted diversity jurisdiction to prevent local prejudice against out-of-state defendants. (*Lively v. Wild Oats Markets, Inc*. (9th Cir. 2006) 546 F.3d 933; S. Rep. No. 1830, 85th Cong., 2d Sess., reprinted in 1958 U.S. Code Cong. & Admin. News 3099, 3102 [the "purpose of diversity of citizenship legislation . . . is to provide a separate forum for out-of-state citizens against the prejudices of local courts and local juries by making available to them the benefits and safeguards of the federal courts."].)

Because in-state defendants need no protection from local bias, Congress prohibited removal—even when diversity jurisdiction otherwise exists—when a defendant is a citizen of the forum state. (*See, e.g.*, *Lively v. Wild Oats Mkts., Inc.*, *supra*, 456 F.3d at 939-940.) Specifically, 28 U.S.C. § 1441(b)(2) provides that removal is improper "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." These principles demand remanding this case to state court.

### G. Mr. Ruden Is Entitled To Costs and Expenses.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (28 U.S.C. § 1447(c).)

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

(*Martin v. Franklin Capital Corp.* (2005) 546 U.S. 132, 140.) Mr. Ruden is entitled to his attorney fees in defending Bard's removal request pursuant to 28 U.S.C. § 1447(c).

Bard removed this case on a discredited doctrine. In violation of Federal Rule of Civil Procedure 11, Bard failed to mention that no Ninth Circuit or Northern District cases espouse the doctrine, and did not acknowledge the existence of *abundant* contrary authority. Bard should be very familiar with removal law since it is involved in at least two MDLs (MDL 2641 and the pelvic mesh MDL in the Southern District of West Virginia, MDL 2187), yet removed this case on improper authority. Since removal is an action that a party may unilaterally employ to delay a case, Plaintiff submits that Bard should bear responsibility for wrongfully delaying this case.

Billed at the same hourly rates that they charge their product liability defense clients, David Ongaro expended $2,200 worth of time, Kirsten McNelly Bibbes expended $2,760 worth of time, and Glen Turner expended $11,400 worth of time, for a total amount of $16,360.

13
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND;
MEMORANDUM OF POINTS AND AUTHORITIES**

Turner Decl., ¶ 2.

By unilaterally and improperly removing this case from the San Francisco Superior Court, Bard has already managed to freeze the progress of this litigation for nearly two months, requiring Mr. Ruden to live with a sharp piece of Bard metal embedded in his heart yet no closer to justice. The delay should end. This case should be remanded and, since Bard had no reasonable basis for removal, Bard should pay the costs and fees that its unjustified conduct has caused.

**V.    CONCLUSION AND RELIEF REQUESTED**

Mr. Ruden respectfully requests that the Court grant his motion, remand the case to the San Francisco County Superior Court, and grant such other relief to which he is justly entitled.

ONGARO PC

Dated: December 4, 2015

By: _/s/ Glen Turner_
    Glen Turner
    Attorneys for Plaintiff
    WAYNE RUDEN