# EXHIBIT F

Steven J. Boranian (SBN 174183)
Email: sboranian@reedsmith.com
Mark A. Sentenac (SBN 286810)
Email: msentenac@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYNE RUDEN,<br><br>          Plaintiff,<br><br>    vs.<br><br>C. R. BARD, INC., a New Jersey corporation, BARD PERIPHERAL VASCULAR, INC. (a subsidiary and/or division of defendant C. R. BARD, INC.) an Arizona corporation, CALIFORNIA PACIFIC MEDICAL CENTER, and DOES 1-100 INCLUSIVE,<br><br>          Defendants. | Case No.: 3:15-cv-05189-EMC<br><br>Honorable Edward M. Chen<br><br>**DEFENDANTS C. R. BARD, INC. AND BARD PERIPHERAL VASCULAR, INC.'S NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS PENDING A RULING ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION TO MDL 2641; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        January 14, 2016<br>Time:       1:30 p.m.<br>Courtroom:  5<br><br>Compl. Filed:  October 7, 2015<br><br>[Filed Concurrently With Declaration Of Steven J. Boranian In Support Of Motion To Stay, and [Proposed] Order] |

Case No.: 3:15-cv-05189-EMC

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 14, 2016 at 1:30 p.m., or as soon as the matter can be heard in Courtroom 5 of the above-entitled Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, CA 94102, Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard" or "Defendants") will and hereby do move for a stay of all proceedings in this matter pending transfer of this action by the Judicial Panel on Multidistrict Litigation to the Multidistrict Litigation titled *In Re: Bard IVC Filters Products Liability Litigation* (MDL No. 2641), pending in the District of Arizona. This Motion is made on the grounds that a stay of proceedings in this case is necessary and appropriate to achieve the judicial economies that underlie 28 U.S.C. § 1407. Additionally, Defendants will be substantially prejudiced by duplicative discovery and motion practice if a stay is not put in place.

This Motion is based on this Notice, the Memorandum of Points and Authorities in Support of the Motion to Stay, the Declaration of Steven J. Boranian in Support thereof, all papers filed in relation to Defendants' Motion, the complete files and records in this action, matters that may be judicially noticed, and any oral or documentary evidence that may be presented at the hearing on this matter.

DATED: November 17, 2015

REED SMITH LLP

By: /s/ Steven J. Boranian
Steven J. Boranian
Mark A. Sentenac
Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.

Case No.: 3:15-cv-05189-EMC – 1 –
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PENDING TRANSFER TO MULTIDISTRICT
PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Defendants" or "Bard") respectfully move this Court to stay all proceedings in this action, including any ruling on a motion to remand the plaintiff may file, pending a decision by the United States Judicial Panel on Multidistrict Litigation ("JPML") on transfer of this action to the District of Arizona as part of MDL 2641, *In Re: Bard IVC Filters Products Liability Litigation*. It is within this Court's powers to grant Defendants' motion to stay, which furthers the interests of judicial economy, and ensures that Defendants are not subject to duplicative litigation and inconsistent rulings on the same issue. A stay is appropriate because Defendants will be prejudiced absent a stay, whereas the plaintiff will suffer no prejudice.

### I. BACKGROUND

**A. MDL No. 2641**

Title 28 U.S.C. Section 1407(a) authorizes transfer to a coordinated or consolidated pretrial proceeding where "civil actions involving one or more common questions of fact are pending in different districts." Pursuant to this authority, on August 17, 2015, the JPML ordered that centralization was appropriate for cases involving allegations of defects in the various models of Bard's retrievable inferior vena cava filters ("IVC filters"). *See* Declaration of Steven J. Boranian In Support of Motion to Stay ("Boranian Decl."), at ¶ 2. The JPML then created *In Re: Bard IVC Filters Products Liability Litigation*, MDL 2641, transferred 22 cases, and assigned the litigation to Judge David G. Campbell of the District of Arizona. *See* Boranian Decl., at ¶ 2, Exhibit "A", August 17, 2015 Transfer Order for MDL 2641. Since that time, the JPML has transferred numerous cases to MDL 2641. *See* Boranian Decl. ¶ 2.

**B. The Instant Action**

The plaintiff filed this action in the Superior Court of the State of California for the County of San Francisco on or about October 7, 2015. *See* Boranian Decl. ¶ 3. Bard timely removed this action to the United States District Court for the Northern District of California on November 12, 2015. *See* Boranian Decl. ¶ 4. Diversity jurisdiction exists because defendant California Pacific Medical Center has been fraudulently misjoined and, accordingly, its citizenship should be

Case No.: 3:15-cv-05189-EMC — 2 —

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

disregarded for determining diversity of citizenship under 28 U.S.C. § 1332(a). *See, e.g.*, *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds in Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *see also Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008) (applying the doctrine of fraudulent misjoinder and holding that the plaintiff's joinder of a non-diverse, medical malpractice defendant in a product liability case was "improper"). Complete diversity of citizenship exists between the plaintiff and all other defendants and the amount in controversy requirement is satisfied. *See* Bard's Notice of Removal [Dkt. No. 1], at ¶¶ 19-28.

The plaintiff in this case makes the same allegations as the plaintiffs in all other cases in MDL 2641 – namely, that one of Bard's IVC filters was allegedly defectively designed and/or manufactured, and that Bard failed to provide adequate warnings about the filter. Therefore, this case is appropriate for inclusion in MDL 2641. On November 13, 2015, pursuant to Rule 7.1 of the Rules of Procedure of the JPML, Defendants submitted a Notice of Potential Tag-Along to the JPML, seeking an order to transfer this action to MDL 2641. *See* Boranian Decl. ¶ 5. The JPML routinely issues conditional transfer orders for cases such as this one and finalizes those orders in spite of any objections by plaintiffs about federal subject matter jurisdiction. *See, e.g.*, Boranian Decl. ¶ 6, Exhibit "B", Transfer Order, MDL No. 2187, *In re C. R. Bard, Inc., Pelvic Repair System Products Liability Litigation* (J.P.M.L. June 11, 2013) (transferring cases for consolidation despite pending objections to federal jurisdiction).

## II. LEGAL ARGUMENT

### A. The Legal Standards for a Motion to Stay Are Established

A federal court has the authority to stay proceedings as part of its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Notably, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997); *see also Hardin v. Merck & Co.*, Inc., No. C 07-0070 SBA, 2007 WL 1056790, at *3 (N.D. Cal. Apr. 5, 2007)

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

(staying the action pending a transfer decision by the JPML). Federal district courts grant motions to stay pending a transfer decision by the JPML even when a party files a motion to remand for lack of subject matter jurisdiction, which then allows the MDL transferee court to consistently rule on jurisdiction issues that are likely to appear in other similar cases. *See, e.g.*, *Hardin*, 2007 WL 1056790, at *3 (staying action pending a decision by the JPML concerning transfer and noting that "[t]o do otherwise invites divergent results on identical law and facts"). Indeed, where, as here, the "jurisdictional issue of a motion to remand is similar or identical to those in cases transferred or likely to be transferred to the MDL transferee court, the court ***should stay*** the action." *Id*. at *2 (emphasis added).

A stay pending a transfer decision by the JPML serves the primary purposes of consolidation, which are "to eliminate duplicative discovery, prevent inconsistent pretrial rulings, . . . and conserve the resources of the parties, their counsel, and the judiciary." *In re California Retail Natural Gas & Elec. Antitrust Litig.*, 150 F. Supp. 2d 1383, 1384 (J.P.M.L. 2001). Indeed, the leading authority on managing complex litigation, the Manual for Complex Litigation published by the Federal Judicial Center, advises that "[a] stay pending the Panel's decision [on transfer] can increase efficiency and consistency, particularly when the [potential] transferor court believes that a transfer order is likely and when [any] pending motions raise issues likely to be raised in other cases as well." Manual for Complex Litigation (Fourth) § 22.35 (2004). It is also the U.S. JPML's current opinion that "the transferee judge is in the best position to determine jurisdictional issues." *See* U.S. Judicial Panel on Multidistrict Litig., Fed. Judicial Ctr., Ten Steps to Better Case Mgmt.: A Guide for Multidistrict Litig. Transferee Judges 5 (2d ed. 2014) (available at http://www.jpml.uscourts.gov/mdl-guides) (last visited on Apr. 10, 2015). Thus, the JPML has endorsed the prevailing rule that courts can and should stay proceedings where it is in the interest of judicial economy to do so. In accordance with these authorities, this Court should stay this action pending the decision by the JPML to transfer this case to MDL. 2641.

Courts analyze three factors when determining whether to issue a stay of proceedings pending the JPML's decision on transfer: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated; (2) hardship and inequity to the moving

Case No.: 3:15-cv-05189-EMC – 4 –
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PENDING TRANSFER TO MULTIDISTRICT PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

party if the action is not stayed; and (3) potential prejudice to the non-moving party. *Rivers*, 980 F. Supp. at 1360; *Asmann v. Dairy Farmers of Am., Inc.*, Civil Action No. 12-1060-KHV/DJW, 2012 WL 1136865, at *4-5 (D. Kan. Apr. 4, 2012). When applied to this matter, these factors weigh heavily in favor of staying this case pending transfer to MDL 2641.

### B. Judicial Economy is Served by Staying this Case

#### 1. A Stay Pending the JPML'S Transfer Decision Would Conserve Judicial Resources

A stay of proceedings pending transfer to the MDL court will "further the interest of judicial economy and consistency that underlies the MDL statute." *In re Vioxx Prod. Liab. Cases*, No. 05cv0943DMS(LSP), 2005 WL 6573263, at *3 (S.D. Cal. July 11, 2005). Indeed, the purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common facts in a just and efficient manner. *See* 28 U.S.C. § 1407(a). Allowing this action to proceed without a stay when it will likely be consolidated for pretrial proceedings with other cases sharing similar facts as part of an ongoing MDL would undermine that purpose. Even if the plaintiff challenges Defendants' removal, such a challenge would not stop the JPML's transfer of this action to MDL 2641 because the Panel has consistently ruled that "jurisdictional issues do not present an impediment to transfer." *See* Boranian Decl., Exhibit B. Therefore, judicial economy is best served by this Court not expending resources "familiarizing itself with the intricacies of a case" that will be coordinated for pretrial management before a transferee judge. *See Rivers*, 980 F. Supp. at 1360.

Moreover, issuing a stay and allowing the MDL transferee Court to rule on the plaintiff's potential motion to remand is appropriate. In fact, the "general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred the case to the MDL [court]." *Jackson v. Johnson & Johnson, Inc.*, No. 01-2113 DA, 2001 WL 34048067, at *7 (W.D. Tenn. Apr. 3, 2001); *see also Garza v. Organon USA, Inc.*, No. C 13–04988 RS, 2013 WL 6443433, at *2 (N.D. Cal. Dec. 9, 2013) (granting stay and deferring ruling on remand motion because a stay "would serve judicial economy and guard against judicial inconsistency."); *Nichols v. DePuy Orthopaedics, Inc.*, No. C 11-04748 JW, 2011 WL 5335619, at *2-3 (N.D. Cal. Nov. 2, 2011) (granting stay pending JPML ruling on transfer and denying remand as premature, because a stay would "prevent the Court from needlessly duplicating work that will be done by the

Case No.: 3:15-cv-05189-EMC – 5 –

MDL transferee court, and would also eliminate the possibility of this Court issuing a ruling inconsistent with the MDL court's.").

### 2. The Risk Of Duplicative Proceedings And Inconsistent Rulings On Issues Likely To Recur Warrants A Stay

Although Defendants timely and properly removed this action based on diversity jurisdiction, Defendants anticipate that the plaintiff may file a motion to remand given that he has fraudulently misjoined an in-state, non-diverse health care provider to defeat diversity. This exact issue, fraudulent misjoinder of a diversity-defeating in-state physician, has been repeatedly raised in other products liability drug or device MDL proceedings. *See, e.g.*, *Sutton*, 251 F.R.D. at 505 (severing and remanding the plaintiff's claims against a fraudulently misjoined, non-diverse California defendant, allowing the product liability claims to be transferred to an MDL). Given that MDL 2641 is newly established, it is likely that this issue will arise in other cases. Accordingly, "having individual courts decide an issue likely to be raised in multiple proceedings would be an inefficient use of judicial resources." *Rubio v. Arndal*, No. 1:13-cv-0027-LJO-BAM, 2013 WL 796669, at *5 (E.D. Cal. Mar. 4, 2013). However, judicial resources will be conserved if this jurisdictional issue, which is likely to arise in other cases transferred to MDL 2641, can be heard and ruled on by Judge Campbell.

Additionally, if individual courts were to separately rule on this issue of jurisdiction, there is a potential for inconsistent rulings, which is one of the reasons why Congress established the multidistrict litigation procedure. *See In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d at 1354 ("Centralization under [28 U.S.C. § 1407] is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."). Preventing inconsistent rulings is particularly important for a motion to remand because a decision to remand is not subject to appeal pursuant to 28 U.S.C. § 1447(d). Accordingly, to preserve judicial resources and prevent inconsistent rulings and duplicative litigation on the same issue of jurisdiction, this Court should stay all proceedings so this case can be coordinated for pretrial proceedings with the other similar cases in MDL 2641. *See, e.g.*, *Hardin*, 2007 WL 1056790, at *3 (staying case pending transfer to an MDL proceeding despite a motion to remand and

noting that, "the policy of consistent rulings favors allowing [the MDL] court to decide the remand issue . . . To do otherwise invites divergent results on identical law and facts"); *see also Rubio*, 2013 WL 796669, at *5 (staying case pending transfer to a "newly created" MDL proceeding because, *inter alia*, judicial economy is served and there is a risk of inconsistent rulings on the issue of fraudulent misjoinder that is likely to arise in future cases).

### C. Bard Will be Prejudiced Absent a Stay, Whereas Plaintiff will Suffer No Prejudice if a Stay Pending Transfer to MDL 2641 is Ordered

Plaintiff will not suffer prejudice if a stay is granted. Since this action clearly involves questions of fact that are common to the actions previously transferred to MDL 2641, Defendants anticipate that the JPML will quickly issue a Conditional Transfer Order for this case. Further, once transfer is final, the plaintiff's ability to raise jurisdictional objections will not be prejudiced. There is nothing in the record indicating that Judge Campbell will unduly delay hearing any objections to federal jurisdiction. Additionally, the plaintiff has expended limited resources to date, as this action is still in its infancy, and discovery has not yet commenced. Thus, Plaintiff will not suffer prejudice as a result of a stay. *See C.A. by Allen v. Pfizer, Inc.*, Case No: C 13-4087 SBA, 2013 WL 6091766, at *2 (N.D. Cal. Nov. 19, 2013) ("[T]here is no evidence that Plaintiffs will be unduly prejudiced or inconvenienced by a stay."); *Yuan v. Lewey*, No. C 13–04010 WHA, 2013 WL 5954900, at *1 (N.D. Cal. Oct. 28, 2013) ("Plaintiffs will not be prejudiced by this brief stay pending the MDL's determination to transfer."); *Tucker v. Organon USA, Inc.*, No. C 13–00728 SBA, 2013 WL 2255884, at *2 (N.D. Cal. May 22, 2013) ("[T]here is no evidence that Plaintiffs will be unduly prejudiced or inconvenienced by a temporary stay").

Conversely, if a stay is not granted in cases such as this one, Defendants will suffer the prejudice of potentially inconsistent rulings by individual federal district courts. Further, in the time before the case is transferred, Defendants will have to engage in parallel proceedings in numerous courts while being temporarily denied full benefit of the highly organized process of the MDL proceedings, which was established in part to conserve the resources of parties, their counsel, and the judiciary. *See, e.g., C.A. by Allen*, 2013 WL 6091766, at *2 ("Defendants may suffer hardship and inequity if a stay is not imposed. If this Court prematurely adjudicates Plaintiffs' motion to remand,

Case No.: 3:15-cv-05189-EMC – 7 –
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PENDING TRANSFER TO MULTIDISTRICT PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Defendants may be forced to re-litigate issues before the MDL Panel or in state court."). Notably, even if this Court were to properly deny a motion to remand by the plaintiff, Judge Campbell might revisit the issue upon transfer, forcing Defendants to re-litigate the same issue in two different courts. As a Court in this District succinctly put it in granting a stay and deferring ruling on a plaintiff's motion to remand in a recent case:

> [T]he court finds that [Defendant] will face significant hardship if its motion to stay the proceedings is not granted. If this court denies plaintiffs' motion, and the case is later transferred, the MDL court could revisit the issue, thus forcing [Defendant] to relitigate it. . . . If, on the other hand, this court grants the remand motion and the MDL later decides that removal in similar cases was proper, [Defendant] would be prejudiced by having to litigate the case in state court instead of before the MDL. . . . Should this court deny the motion to stay, [Defendant] would be left with two unfavorable alternatives that expose it to a significant risk of duplicative litigation and prejudice.

*Jones v. Bristol-Myers Squibb Co.*, No. C 13–2415 PJH, 2013 WL 3388659, at *3 (N.D. Cal. Jul. 8, 2013).

Therefore, to promote consistency and judicial efficiency, and to prevent undue prejudice to Defendants, a stay is proper.

### III. CONCLUSION

For the foregoing reasons, Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. respectfully request that the Court grant the motion to stay all proceedings pending a ruling on transfer by the Judicial Panel on Multidistrict Litigation to MDL 2641; relieve the parties of any pleading, discovery, or other obligation until further notice of the Court; and administratively close this case pending a ruling on transfer to MDL 2641.

DATED: November 17, 2015

REED SMITH LLP

By: /s/ Steven J. Boranian
    Steven J. Boranian
    Mark A. Sentenac
    Attorneys for Defendants C. R. Bard, Inc. and
    Bard Peripheral Vascular, Inc.

Case No.: 3:15-cv-05189-EMC     – 8 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware