# EXHIBIT G

HILARY E. YOUNGBLOOD, Bar No. 258026
hyoungblood@dblawsf.com
PATRICIA S. LAKNER, Bar No. 115007
plakner@dblawsf.com
**DAVIDOVITZ + BENNETT**
101 Montgomery Street, 25th Floor
San Francisco, CA 94104-4176
TEL: (415) 956-4800
FAX: (415) 788-5948

Attorneys for Defendant,
SUTTER WEST BAY HOSPITALS, doing business as
CALIFORNIA PACIFIC MEDICAL CENTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| WAYNE RUDEN, | NO. 4:15-cv-05189-JSW |
| Plaintiff, | OPPOSITION OF DEFENDANT CALIFORNIA PACIFIC MEDICAL CENTER TO BARD DEFENDANTS' MOTION FOR STAY |
| vs. | |
| C.R. BARD, INC., a New Jersey corporation; BARD PERIPHERAL VASCULAR, INC., (a subsidiary and/or division of defendant C.R. BARD, INC.) an Arizona Corporation; CALIFORNIA PACIFIC MEDICAL CENTER; and DOES 1-100, inclusive, | Date: January 8, 2016<br>Time: 9:00 a.m.<br>Courtroom: 5, Second Floor<br>Judge: Hon. Jeffrey S. White |
| Defendants. | |

Defendant, SUTTER WEST BAY HOSPITALS, doing business as CALIFORNIA PACIFIC MEDICAL CENTER, incorrectly named as "CALIFORNIA PACIFIC MEDICAL CENTER" (hereinafter "CALIFORNIA PACIFIC") hereby submits the following Memorandum of Points and Authorities in Opposition to Defendants C.R. BARD, INC.'s and BARD PERIPHERAL VASCULAR, INC.'s Motion to Stay All Proceedings.

//
//
//
//

DEFENDANT CPMC'S OPPOSITION TO BARD'S MOTION TO STAY
CASE NO. 4:15-cv-05189-JSW       1

TABLE OF CONTENTS

Page(s)

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . 1

II. FACTUAL & PROCEDURAL BACKGROUND . . . . . . . . . . . . . 2

    A. Personal Injury Complaint by California Resident
       Against a California Corporation Filed in
       California State Court . . . . . . . . . . . . . . . 2

       1. CPMC is a California Corporation . . . . . . . . 2

       2. Allegations Against All Named Defendants . . . . 2

       3. CPMC Was Served Before Removal . . . . . . . . . 3

    B. BARD Defendants Remove on Claim of Diversity
       Jurisdiction . . . . . . . . . . . . . . . . . . . . 4

III. LEGAL ANALYSIS . . . . . . . . . . . . . . . . . . . . . 4

    A. Complete Diversity Necessary to Exercise
       Jurisdiction . . . . . . . . . . . . . . . . . . . . 5

    B. "Fraudulent Misjoinder" Does Not Exist
       in the Ninth Circuit . . . . . . . . . . . . . . . . 6

       1. Court May Not Apply Law That Does Not Exist . . . 6

       2. Majority of District Courts Decline
          to Adopt Fraudulent Misjoinder . . . . . . . . 8

       3. *Tapscott* Reasoning Requires Egregious Joinder . . 10

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . 11

TABLE OF AUTHORITIES

CASES

Page(s)

*Abrego v. Dow Chem. Co.*,
443 F.3d 676 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . 4

*Caterpillar Inc. v. Lewis*,
519 U.S. 61 (1996) . . . . . . . . . . . . . . . . . . . . . . . 5

*Caterpillar, Inc. v. Williams*,
482 U.S. 386 (1987) . . . . . . . . . . . . . . . . . . . . . . 5

*Cohen v. Office Depot, Inc.*,
204 F.3d 1069 (11th Cir. 2000) . . . . . . . . . . . . . . . . . 7

*Dent v. Lopez*,
2014 WL 3057456 (E.D.Cal. July 7, 2014) . . . . . . . . . . . . 7

*Dent v. Lopez*,
2014 WL 3838837 (E.D.Cal. July 30, 2014) . . . . . . . . . . . 9

*Early v. Northrop Grumman Corp.*,
2013 WL 3872218 (C.D.Cal. July 24, 2013) . . . . . . . . . . 6, 7

*Gaus v. Miles*,
980 F.2d 564 (9th Cir. 1992) . . . . . . . . . . . . . . . . 4, 6

*Goodwin v Kojian*,
2013 WL 1528966 (C.D.Cal. 2013) . . . . . . . . . . . . . . . 10

*Hill v. C.R. Bard, Inc.*,
2008 WL 4615609 (C.D.Ill. Aug. 26, 2008) . . . . . . . . . . . 10

*Jones v. Pfizer*,
2012 WL 1029518 (N.D.Cal. March 26, 2012) . . . . . . . . . 7-9, 11

*Jurin v. Transamerica Life Ins. Co.*,
2014 WL 4364901, (N.D.Cal. Sept. 3, 2014) . . . . . . . . . . . 7

*Leite v. Crane Co.*,
749 F.3d 1117 (9th Cir. 2014) . . . . . . . . . . . . . . . . . 6

*Lopez v. Pfeffer*,
2013 WL 5367723 (N.D.Cal. Sept. 25, 2013) . . . . . . . . . . . 7

*McCabe v. Gen. Foods Corp.*,
811 F.2d 1336 (9th Cir. 1987) . . . . . . . . . . . . . . . . . 6

*Palmer v Davol, Inc.*, No. 08-cv-02499-ML
2008 WL 5377991 (D.R.I. Dec. 23, 2008) . . . . . . . . . . . 10

*Perry v Luu*, No. 1:13-CV-00729-AWI-JLT
2013 WL 3354446 (E.D.Cal. July 3, 2013) . . . . . . . . . . . . . . . 10

*Ramirez v. Our Lady of Lourdes Hospital*, No. 2:13-cv-01108-RSM
2013 WL 5373213 (W.D. Wash Sept. 25 2013) . . . . . . . . . . . . 8

*Shears v. Park*, No. 1:13-cv-01298-AWI-JLT
2013 WL 5492257 (E.D.Cal. Oct. 1, 2013) . . . . . . . . . . . . . . . 9

*Tapscott v. MS Dealer Serv. Corp.*,
77 F.3d 1353 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . 7

*Watson v Gish*, No. C 10-03770 SBA
2011 WL 2160924 (N.D.Cal. June 1, 2011) . . . . . . . . . . . . 9, 11


STATUTES

28 U.S.C. § 1332(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Cal. Code Civ. Proc. § 415.30 . . . . . . . . . . . . . . . . . . . . . . 4

# I.

# INTRODUCTION

This is an action for personal injury which was initially filed in the San Francisco Superior Court against CALIFORNIA PACIFIC, a California Corporation ("CPMC"), and against C.R. BARD, Inc., and BARD PERIPHERAL VASCULAR, INC. (collectively "BARD").

CPMC opposes co-defendant BARD's motion to stay all proceedings as moot.

BARD removed the action asserting diversity jurisdiction. But the parties are not diverse. CPMC is a California corporation, and plaintiff is a resident of California. Having been improperly removed to federal court, CPMC must now face the prospect of defending itself in a foreign jurisdiction, the Central District of Arizona. Granting BARD's motion to stay would be inequitable to CPMC.

BARD contends that all of this can be sorted out in federal court in Arizona. Not so fast. Before the Court can decide whether to stay this case, it must first determine whether it can exercise jurisdiction. BARD removed this case by asserting that CPMC was "fraudulently misjoined." This Court must first determine whether that distinct and limited concept -- not recognized by the Ninth Circuit -- applies in these circumstances. It does not.

This case was improperly removed and this Court lacks jurisdiction over the dispute. The Motion to Stay is therefore moot and should be denied.

//
//
//

## II.

## FACTUAL & PROCEDURAL BACKGROUND

A.  Personal Injury Complaint by California Resident Against a California Corporation Filed in California State Court

### 1. CPMC is a California Corporation

Plaintiff filed a Complaint for Damages in San Francisco Superior Court on October 7, 2015. **[**Case No. 4:15-cv-05189-JSW, Document 1 at p.1:22-24; Document 1-2 at pp. 12-38.**]** Plaintiff is a resident of San Francisco, California. **[**Document 1-2 at p.13:19-20.**]** Defendant CPMC is a fictional business name of SUTTER WEST BAY HOSPITALS, a California Corporation. **[**See, Request for Judicial Notice in Support of CPMC's Opposition ("RJN"), filed concurrently herewith and incorporated herein by reference, at ¶ 1; see also, Business Entity Detail, attached as Exh. 1 to the RJN.**]**

### 2. Allegations Against All Named Defendants

The Complaint begins with lengthy general allegations against all defendants, including portions on inferior vena cava filters, BARD recovery filters, the failure of such filters and all defendants' alleged knowledge of such failures. **[**Document 1-2 at pp. 16:1-22:18.**]** In each separate cause of action, plaintiff alleges and incorporates each allegation of every other cause of action. **[***See e.g.*, Document 1-2 at p. 35:12-13.**]**

In March 2004, plaintiff underwent surgery at CPMC during which a medical device known as a BARD Recovery Filter ("BRF") was implanted in his inferior vena cava. **[**Document 1-2 at p. 16:3-13.**]** Plaintiff alleges that "the BRF was plagued with manufacturing and design defects which caused it to experience a significant rate of fracture and migration of the device," and that "as early as 2003,

the Defendants were made aware that the BRF was flawed and was causing injury and death to patients who had the filter implanted in their bodies." [Document 1-2 at p. 18:10-26.] Plaintiff further alleges that on August 9, 2010, the FDA issued a warning letter regarding the device inserted in plaintiff, and "advised treaters to consider the risks and benefits of filter removal for each patient" [Document 1-2 at p. 26:7-9.] Plaintiff alleges "on information and belief" that CPMC received this warning. [Document 1-2 at p. 26:12.] Plaintiff allegedly discovered that the BRF had fractured, causing injuries, in about March 2015. [Document 1-2 at p. 20:4-6.]

Plaintiff alleges the First, and Third through Eighth causes of action against BARD, for negligence, strict liability for failure to warn, strict product liability based on design defect, strict product liability based on manufacturing defect, breach of warranty of merchantability, and negligent misrepresentation against the manufacturers of the allegedly defective product. [Document 1-2 at pp. 22:19-25:20, pp. 26:19-24:12.]

Against CPMC, plaintiff alleges the Second, Ninth and Tenth causes of action, for negligence and for breach of fiduciary duty. [Document 1-2 at pp. 25:21-26:20.] The Tenth cause for negligence, recall/retrofit is waged against all three named defendants. [Document 1-2 at pp. 35:9-36:5.]

3. <u>CPMC Was Served Before Removal</u>

BARD alleges that the agent for service of process for C.R. BARD, INC. received a copy of the Complaint and a California Judicial Council form of Notice and Acknowledgment on October 13, 2015. [Document 1 at pp. 1:27-2:1.] BARD further alleges that an agent signed and returned the Notice and Acknowledgment on October

28, 2015. **[**Document 1 at pp. 2:1-2.**]** Although BARD does not state so, the agent for service of process on C.R. Bard, Inc. is in Los Angeles, California. **[**Document 1-2 at p. 6, ¶ 4.**]**

BARD also alleges that BARD PERIPHERAL VASCULAR, INC. had not been served with the Complaint by the time of removal. **[**Document 1 at pp. 2:2.**]**

But plaintiff mailed the Complaint to CPMC in the same manner as it served C.R. BARD, INC. According to plaintiff's Notice and Acknowledgment citing California Code of Civil Procedure section 415.30, plaintiff mailed a copy of the Summons and Complaint to CPMC's agent for service of process on October 8, 2015. The form was not signed by CPMC before the action was removed. **[**See, plaintiff's Notice and Acknowledgment, attached as Exhibit 2 to the RJN.**]**

B.  <u>BARD Defendants Remove on Claim of Diversity Jurisdiction</u>

BARD removed the action to federal court on November 12, 2015 (then modified removal on November 13, 2015). **[**Document 1.**]** BARD asserts that CPMC had yet to be served with the Summons and Complaint as of the date of removal. **[**Document 1 at p. 2:18-19.**]** But BARD also asserts that even if CPMC was served that BARD did not need to obtain the consent of CPMC to the removal since BARD claims CPMC was "fraudulently misjoined." **[**Document 1 at p.2:24-25.**]**

### III.

### LEGAL ANALYSIS

BARD removed this case on an improper assertion of diversity jurisdiction. Removal statutes are strictly construed (*Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992)), and the party seeking

removal bears the burden of proving its propriety. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006).

BARD cannot meet its burden to establish diversity jurisdiction. The parties are not diverse: plaintiff resides in California and CPMC is a California corporation. Since CPMC was served with a copy of the Summons and Complaint before BARD removed the case, jurisdiction may be exercised only if BARD can prove an exception to the requirement of complete diversity. It cannot. BARD relies on the questionable concept of "fraudulent misjoinder," a doctrine that has not been adopted, approved or applied by the Ninth Circuit. Even if the concept had been approved by our Circuit Court of Appeals, the misjoinder alleged does not approach the egregious level required for the application.

This Court lacks diversity jurisdiction and BARD's motion to stay is therefore moot.

A. <u>Complete Diversity Necessary to Exercise Jurisdiction</u>

BARD removed this action on an improper assertion of diversity jurisdiction. A defendant has the right to remove a matter to federal court where the District Court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The District Court has original jurisdiction over actions in which there is complete diversity of citizenship. *See,* 28 U.S.C. § 1332(a). Thus, plaintiffs must be citizens of different states than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"[A] defendant seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting

each of the requirements for removal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014)(*citing Gaus v. Miles*, *supra*, 980 F.2d at 567). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, *supra*, 980 F.2d at 566.

CPMC was served before BARD removed the case. BARD does not and cannot allege that CPMC joined in or approved of the removal. The presence of CPMC, a California corporation, destroys diversity where the plaintiff is likewise from California. BARD therefore must assert and prove an exception to the requirement of complete diversity. BARD claims that CPMC was "fraudulently misjoined."

The Ninth Circuit recognizes a related doctrine, that of fraudulent joinder. Under that doctrine, "a defendant's presence in a lawsuit may be ignored for the purposes of determining diversity if the court finds that the plaintiff either fails to state a claim against that defendant or fraudulently states jurisdictional facts." *See, Early v. Northrop Grumman Corp.*, 2013 WL 3872218, at *2 (C.D. Cal. 2013) (citations omitted). "Fraudulent joinder is a term of art," which does not require an ill motive by plaintiff. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent").

B.  "Fraudulent Misjoinder" Does Not Exist in the Ninth Circuit

    1.  Court May Not Apply Law That Does Not Exist

BARD's removal does not rely on the well-settled doctrine of fraudulent joinder. Instead, BARD maintains that its removal

petition is based on "fraudulent misjoinder," a concept first articulated by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). A court applying the concept of "fraudulent misjoinder" would disregard the non-diverse plaintiff's citizenship when determining jurisdiction if the two Claims are not sufficiently related to one another. Fraudulent misjoinder "recognizes situations where plausible claims have been asserted, but joinder is improper nonetheless due to a lack of some real connection between the defendants." *N.C. ex rel. Jones v. Pfizer, Inc.*, 2012 WL 1029518, at *3 (N.D.Cal. 2012).

The Ninth Circuit "has not adopted, approved, nor applied," the theory of fraudulent misjoinder. *Jurin v. Transamerica Life Ins. Co.*, 2014 WL 4364901, at *3 (N.D.Cal. 2014). The concept of fraudulent misjoinder "is simply inoperative in this circuit." *Dent v. Lopez*, 2014 WL 3057456, at *6 (E.D.Cal. 2014). District courts throughout the circuit have consistently declined to adopt the doctrine. *See, e.g., Early v. Northrop Grumman Corp.*, 2:13-CV-3130-ODW MRW, 2013 WL 3872218, at *2 (C.D.Cal. 2013) ("fraudulent misjoinder is a recent and unwarranted expansion of jurisdiction ... which the Court is not inclined to adopt"). Given that the "Ninth Circuit has not adopted the *Tapscott* rationale, nor has any other court in our district adopted the fraudulent misjoinder theory," BARD based its removal "on law that does not exist in this district." *Lopez v. Pfeffer*, 2013 WL 5367723, at *2 (N.D.Cal. 2013).

//

DEFENDANT CPMC'S OPPOSITION TO BARD'S MOTION TO STAY
CASE NO. 4:15-cv-05189-JSW       7

2. <u>Majority of District Courts Decline to Adopt Fraudulent Misjoinder</u>

District courts frequently face the question of whether to apply the concept of fraudulent misjoinder in circumstances similar to those presented here. A medical device manufacturer or a pharmaceutical company is sued in state court by a plaintiff who has also served a non-diverse co-defendant, such as medical doctor who recommended or performed a procedure to place the device or the hospital where the procedure took place. Frequently, as here, these cases allege the failure to warn of side effects of the use of the device or drug. BARD implies that many District Courts located in the Ninth Circuit have utilized the Eleventh Circuit's concept of fraudulent misjoinder. The opposite is true. Most decisions have decided against applying the prolix and unnecessary tests required in considering "fraudulent misjoinder."

Northern District Judge Alsup decided against applying "fraudulent misjoinder" in *N.C. ex rel. Jones v. Pfizer, Inc.*, 2012 WL 1029518 (N.D. Cal. 2012). Plaintiff claimed injury due to side effects of the use of Dilantin, and sued the maker (Pfizer) and Children's Hospital, Oakland, in Alameda County Superior Court. Pfizer removed the case to the Northern District. *Id*. at *1.

In deciding against applying "fraudulent misjoinder," the Court there considered: (1) the Ninth Circuit has not adopted the doctrine; (2) the weight of other District Court decisions declining to apply it; and (3) that the level of alleged misjoinder did not approach a level of egregiousness needed to pass the *Tapscott* test. *Id*. at *2-3. *See, Ramirez v. Our Lady of Lourdes Hosp.*, 2013 WL 5373213(W.D. Wash 2013)(applying Judge Alsup's reasoning to remand).

*Jones v. Pfizer*, 2012 WL 1029518, cited another Northern District Court decision, *Watson v Gish*, 2011 WL 2160924 (N.D.Cal. 2011). That case, as here, involved a removal of a personal injury case filed in San Francisco Superior Court against a drug manufacturer, a doctor, and CALIFORNIA PACIFIC. The *Watson* court declined to adopt or apply the "fraudulent misjoinder" test proposed by the drug manufacturer, Novartis, stating "*Tapscott* is readily distinguishable." *Id*. at *4. The *Watson* court ruled:

> [T]he instant case does not involve two distinct classes that have 'no real connection' to each other. To the contrary, there is only one plaintiff whose claims arise from adverse reactions she suffered allegedly as a result [of] the Healthcare Defendants' administration of a medication produced by fellow defendant Novartis.

*Id*. As the *Watson* Court ruled, so should this Court. There is no reason to adopt and apply the concept of "fraudulent misjoinder."

Courts in other California federal districts have likewise decided against adopting "fraudulent misjoinder" in circumstances similar to that facing this Court. Many of these Courts have ruled that they must <u>first</u> make a determination on jurisdiction before ruling on motions to stay or to sever. *See, Shears v. Park*, 2013 WL 5492257, *5 (E.D.Cal. 2013)("The Court finds the concept of fraudulent misjoinder to be faulty, and is confounded by the concept's circular logic in that it requires the Court first-in full recognition of the lack of diversity jurisdiction-sever part of the case and only then find it has jurisdiction"); *Dent v. Lopez*, 2014 WL 3838837, *3 (E.D.Cal. 2014)("The Court agrees ... to abide by 'its historical obligation to determine jurisdiction before taking adjudicative action'")[1/]; *Perry v Luu*, 2013 WL 3354446, *5 (E.D.Cal.

---

[1/] In that action, C.R. BARD, INC. was a defendant represented by the Los Angeles office of Reed Smith, BARD's counsel here.

2013)(no need to expand removal jurisdiction absent showing state court is incompetent to determine misjoinder); *Goodwin v Kojian*, 2013 WL 1528966, *5 (C.D.Cal. 2013)(defendant better served to seek relief from alleged misjoinder in state court than by removal).

This is neither the first time, nor the only forum, where BARD and its related companies have unsuccessfully argued for "fraudulent misjoinder." Many of these cases turn on decisions against adopting "fraudulent misjoinder" in the absence of Circuit Court guidance. *See*, *Hill v. C.R. Bard, Inc.*, 2008 WL 4615609, *6 (C.D.Ill. 2018); *Palmer v Davol, Inc.*, 2008 WL 5377991, *4 (D.R.I. 2008). It is unnecessary for the Court here to validate BARD's strategy in seeking what it considers a favorable forum.

### 3. Tapscott Reasoning Requires Egregious Joinder

In *Tapscott*, the lack of connection between claims arose from two different categories of putative classes of plaintiffs. The first class consisted of claims by plaintiffs who "alleged violations arising from sales of service contracts in connection with the sale of automobiles, [and] the second amended complaint alleged [an additional class for] violations of the Alabama Code ... arising from the sale of 'extended service contracts' in connection with the sale of retail products." *Id*. Thus, two entirely separate class actions being joined. The only real connection was that both defendant classes had engaged in alleged fraudulent business practices under the same Alabama statute.

The Eleventh Circuit held that the procedural misjoinder exception applies "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse

Case 2:15-md-02641-DGC Document 358-7 Filed 12/15/15 Page 16 of 16
Case 4:15-cv-05189-JSW Document 27 Filed 12/01/15 Page 15 of 15

defendant has no real connection to the claim against the nondiverse defendant." *Id*. at 1360. In applying the rule of procedural misjoinder, the court stated "[w]e do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder." *Id*. Thus, in order to rise to the level of procedural misjoinder, the misjoinder must be egregious.

Plaintiff's joinder as defendants of the manufacturer of a medical device and the hospital where the device was implanted does not approach the level of egregious conduct sufficient to even apply the *Tapscott* concept. *Watson v. Gish*, *supra*, 2011 WL 2160924 at *4; *Jones v. Pfizer*, *supra*, 2012 WL 1029518 at *4.

IV.

CONCLUSION

The Court must first determine it has jurisdiction before making a ruling on a matter of substance.

Diversity is lacking here, and there is no legal basis to permit BARD to skirt this fatal defect, let alone to compel the Court to adopt a concept that is not adopted, approved or applied by the Ninth Circuit.

Therefore, this Court lacks jurisdiction, and BARD's Motion to Stay is moot.

DATED: December 1, 2015
DAVIDOVITZ + BENNETT

By: /s/
HILARY E. YOUNGBLOOD
Attorneys for Defendant,
SUTTER WEST BAY HOSPITALS, doing business as CALIFORNIA PACIFIC MEDICAL CENTER

DEFENDANT CPMC'S OPPOSITION TO BARD'S MOTION TO STAY
CASE NO. 4:15-cv-05189-JSW          11