1
2
3
4
5
6
7
8
9
10
11
12

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **IN RE:  BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION** | No. MDL-15-02641-PHX-DGC |
| | **CASE MANAGEMENT ORDER NO. 5** |
| | **(Plaintiff and Defendant Profile Forms)** |

13      The parties have agreed upon the use of an abbreviated Plaintiff Profile Form ("PPF")

14  (Exhibit 1) attached to this Order.  Except as expressly noted herein, the PPF shall be

15  completed in each currently pending case, and in all cases that become part of this MDL by

16  virtue of being filed in, removed to, or transferred to this Court on or after the date of this

17  Order.

18      Each plaintiff in currently filed cases (except as noted herein) shall submit a completed

19  PPF to defendants within 60 days of the date of this Order.  In cases that have been filed in,

20  removed to, or transferred to this MDL on or after the date of this Order, each plaintiff shall

21  submit a completed PPF to defendants within 60 days of filing the complaint. Each plaintiff

22  is required to provide defendants with a PPF that is substantially complete in all respects,

23  answering every question in the PPF, even if a plaintiff can answer the question in good faith

24  only by indicating "not applicable" or "unknown."  The PPF shall be signed by the plaintiff

25  under penalty of perjury.  If a plaintiff is suing in a representative or derivative capacity, the

26  PPF shall be completed by the person with the legal authority to represent the estate or the

27  person under legal disability.  Plaintiff spouses with a claim for loss of consortium shall also

28  sign the PPF, attesting that the responses made to the loss of consortium questions in the PPF

1  are true and correct to the best of his or her knowledge, information and belief, formed after

2  due diligence and reasonable inquiry.

3       A completed PPF shall be considered interrogatory answers under Fed. R. Civ. P. 33

4  and responses to requests for production under Fed. R. Civ. P. 34, and will be governed by

5  the standards applicable to written discovery under Federal Rules 26 through 37. The

6  interrogatories and requests for production in the PPF shall be answered without objection as

7  to the question posed in the agreed upon PPF.  This section does not prohibit a plaintiff from

8  withholding or redacting information from medical or other records provided with the PPF

9  based upon a recognized privilege.  If information is withheld or redacted on the basis of

10  privilege, plaintiff shall provide defendants with a privilege log that complies with Fed. R.

11  Civ. P. 26(b)(5) simultaneously with the submission of the PPF.

12       If a plaintiff does not submit a PPF within the time specified in this Order, defendants

13  shall mail an overdue letter by e-mail and U.S. mail to Plaintiffs' Co-Lead Counsel and the

14  plaintiffs' individual representative counsel, stating that defendants may move to dismiss that

15  plaintiff's case within 20 days of receipt of the letter.  If no PPF is received within those 20

16  additional days, defendants may move immediately to dismiss that plaintiff's case.   If

17  defendants receive a PPF that is not substantially complete, defendants' counsel shall send a

18  deficiency letter within 14 days of receipt of a PPF, as applicable by e-mail and U.S. mail to

19  Plaintiffs' Co-Lead Counsel and the plaintiffs' individual representative counsel, identifying

20  the purported deficiencies. Plaintiff shall have 20 days from receipt of that letter to serve a

21  PPF that is substantially complete in all respects.  This letter shall include sufficient detail for

22  the parties to meet and confer regarding the alleged deficiencies.

23       Within 45 days of receipt of a substantially complete PPF for an individual plaintiff,

24  the defendants shall provide the plaintiff with a completed Defendants' Profile Form

25  (Exhibit 2) attached to this order.

26       The procedures outlined in this Order shall not apply to the following cases:

27  / / /

28  / / /

| Plaintiff | Original Jurisdiction |
|---|---|
| 1.  Cason, Pamela | GA – N.D. Ga.<br>1:12-cv-1288 |
| 2.  Coker, Jennifer | GA – N.D. Ga.<br>1:13-cv-515 |
| 3.  Conn, Charles | TX – S.D. Tex.<br>4:14-cv-298 |
| 4.  Ebert, Melissa | PA – E.D. Pa.<br>5:12-cv-1253 |
| 5.  Fox, Susan | TX – N.D. Tex.<br>3:14-cv-133 |
| 6.  Henley, Angela | WI – E.D. Wis.<br>2:14-cv-59 |
| 7.  Keen, Harry | PA – E.D. Pa.<br>5:13-cv-5361 |
| 8.  Milton, Gary | GA – M.D. Ga.<br>5:14-cv-351 |
| 9.  Mintz, Jessica | NY – E.D.N.Y.<br>2:14-v-4942 |
| 10. Ocasio, Denise | FL – M.D. Fla.<br>8:13-cv-1962 |
| 11. Rivera (McClarty), Vicki | MI – E.D. Mich.<br>4:14-cv-13627 |
| 12. Smith, Erin | TX – E.D. Tex.<br>1:13-cv-633 |
| 13. Tillman, Lessie | FL – M.D. Fla.<br>3:13-cv-222 |

The parties are relieved from preparing or exchanging profile forms in those particular cases.

On or before January 15, 2016, the parties shall submit proposed Plaintiffs' and Defendants' Fact Sheets for the Court's consideration.  These forms will provide the parties with more detailed information about each plaintiff and his or her case.  Those forms will be completed and exchanged only in cases designated for further discovery or for consideration as a bellwether case.  The court will issue a subsequent Order outlining the procedures applicable to those more detailed forms.

Dated this 17th day of December, 2015.

David G. Campbell
United States District Judge

# EXHIBIT 1

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

*MDL No. 2641*
*In Re Bard IVC Filter Products Liability Litigation*

In completing this **Plaintiff Profile Form**, you are under oath and must provide information that is true and correct to the best of your knowledge. The Plaintiff Profile Form shall be completed in accordance with the requirements set forth in the applicable Case Management Order.

## 1. CASE INFORMATION

Caption: _____   Date: _____

Docket No.: _____

Plaintiff's attorney and Contact information:

_____

_____

_____

## 2. PLAINTIFF INFORMATION

Name: _____

Maiden Name: _____

Address: _____

Date of birth: _____

Social Security No.: _____

Occupation: _____

Spouse: _____

Is Spouse Making Claim for Loss of Consortium?   ☐ Yes ☐ No

## 3. DEVICE INFORMATION

A. Filter Model (e.g., Recovery®, G2®, etc.): _____

B. Lot Number: _____

C. Date of Bard IVC Filter implant: _____

D. Attach medical evidence of product identification and operative report for filter placement.

**E. Please check all the reasons why you believe your Bard Filter was placed:**

☐ Filter Placed After Being Diagnosed with Deep Vein Thrombosis/Pulmonary Embolism

☐ Filter Placed in Conjunction with or before Orthopedic Procedure

☐ Filter Placed in Conjunction with Trauma Situation/Motor vehicle accident

☐ Filter Placed in Conjunction with or before Bariatric Procedure

☐ Other Reason(s) for implant (explain): _____

_____

☐ Unknown

☐ See medical records attached

**F. Provide the name and address of both the doctor who implanted the Bard Filter and the hospital or medical facility at which the filter was placed:**

Doctor:_____

_____

Hospital/MedicalFacility:_____

_____

## 4. FAILURE MODE ALLEGED

**Please check all failure mode(s) that you allege apply to your Bard Filter:**

☐ Fracture
☐ Perforation of filter strut(s) into organs
☐ Migration of entire filter to heart
☐ Tilt with filter embedded in wall of the IVC
☐ Device unable to be retrieved
☐ Bleeding
☐ Other failure mode(s)
    If other, please describe _____

_____

## 5. REMOVAL INFORMATION

**A. Has your Bard Filter been removed?**

☐Yes
☐ No

2

☐ Unknown

B. **If your Bard <u>Filter</u> has been removed or a doctor has attempted to remove your Filter, please check <u>all</u> that apply regarding the removal or attempted removal procedure(s):**

☐Removed percutaneously

☐ Removed via an open abdominal procedure

☐ Removed via an open chest procedure

☐ Attempted but unsuccessful percutaneous removal procedure

☐ Attempted but unsuccessful open abdominal procedure

☐ Attempted but unsuccessful open chest procedure

☐ Unknown

☐ See medical records attached

C. **Provide the name(s) and address(es) of both the doctor(s) who removed your Bard Filter (or attempted to remove it) and the hospital or medical facility where removal/attempted removal occurred:**

**Filter Removal/Attempted Removal #1**

Doctor:_____

Hospital/MedicalFacility:_____

**Filter Removal/Attempted Removal #2**

Doctor:_____

Hospital/MedicalFacility:_____

## 6. FRACTURED STRUTS

A. **Do you claim that your Bard Filter <u>fractured?</u>**
☐ Yes

☐ No

**If you answered YES, answer the below questions in this section.**

**If you answered NO, skip the rest of Section 6 and go below to section 7 - "Outcome Attributed to Device."**

3

B.  **Are any fractured filter struts retained in your body?**

☐ Yes

☐ No

☐ Unknown

If yes, identify the location(s) within your body of each retained filter strut.

_____

_____

C.  **Have any fractured filter struts been removed from your body?**

☐ Yes

☐ No

☐ Unknown

D.  **If any fractured filter strut has been removed (or a doctor has attempted to remove any strut), please check all that apply regarding the removal / attempted removal procedure(s):**

☐ Removed percutaneously

☐ Removed via an open abdominal procedure

☐ Removed via an open chest procedure

☐ Attempted but unsuccessful percutaneous removal procedure

☐ Attempted but unsuccessful open abdominal procedure

☐ Attempted but unsuccessful open chest procedure

☐ Other, Describe_____

☐ Unknown

E.  **Provide the name and address of both the doctor who removed (or attempted to remove) the filter strut(s) and the hospital or medical facility at which it was removed (or attempted to be removed)**

**Filter Strut Removal/Attempted Removal #1**

Doctor:_____

4

Hospital/MedicalFacility:_____

**Filter <u>Strut</u> Removal/Attempted Removal #2**

Doctor:_____

Hospital/MedicalFacility:_____

## 7. OUTCOME ATTRIBUTED TO DEVICE

A. **Do you claim to be suffering from any bodily injuries, including psychological injuries that are above and beyond usual pain and suffering and mental anguish, related to the Filter?**

☐ Yes

☐ No

If your answer is "**Yes**," please list all symptoms and injuries you claim to have suffered :

_____

_____

Of the injuries/symptoms you listed above, which do you claim to be suffering from at the current time:

_____

_____

\*\*\*

Plaintiff reserves the right to supplement any and all responses upon the receipt of additional information.

_____     _____
Date                                            Signature of Plaintiff

_____     _____
Date                                            Signature of Plaintiff – Spouse (signature only
                                                      necessary if Loss of Consortium is alleged)

5

**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

IN RE: BARD IVC FILTERS                                    MDL No. 2641
PRODUCTS LIABILITY LITIGATION

_____

## DEFENDANT BARD CASE PROFILE FORM

For each case, the Bard Defendants must complete this Defendant Profile Form ("DPF") in accordance with the schedule established by the Court's Pretrial Order. In completing this Profile Form, you must answer every question.

### I.    CASE INFORMATION

This defendant profile form pertains to the following case:

Case caption: _____

Civil Action No.: _____

Court in which action was originally filed: _____

### II.   CONTACTS WITH IMPLANTING AND REMOVING PHYSICIANS

Plaintiff has identified each healthcare provider who implanted, removed and/or attempted to remove Bard's Filter. With respect to each of those healthcare providers, provide the following information:

A.    CONSULTATION AGREEMENT

1. As to the   identified healthcare providers, state whether Bard has consulting agreement with the healthcare provider relating to IVC filters that Bard has been able to locate after a reasonable and diligent search.

_____

_____

B.    SALES REPRESENTATIVE AND OTHER RELATED CONTACTS
As to each sales representative, territory manager and district manager who had any contact with an identified physician or healthcare provider, set forth the following:

1.    Identity and last known address and telephone number of Representative(s):

1

_____

_____

As to the individual who Bard believes was the territory manager and district manger for the territory where the filter was implanted at the time of implant, set forth the following:

2.      Identify the name of the territory manager and district manger, the dates of employment for each, and, if no longer employed by Bard, provide the last known address:

Territory Manager:

       Name: _____

       Employment Dates: _____

       If former, last known address: _____

District Manager:

       Name: _____

       Employment Dates: _____

       If former, last known address: _____

## III.    MANUFACTURING INFORMATION

A.      Identify the lot number(s) for the Bard filter implanted in Plaintiff:

_____

B.      Identify the lot number for the Bard device used to remove or used to attempt to remove the Bard Filter implanted into Plaintiff:

_____

C.      Identify the location and date of manufacture for each lot set forth in response to A and B above: _____

## IV.    DOCUMENTS

A.      Please produce the following:

1. The Device History Record (DHR) for the Bard filter at issue, or, if already produced, provide the bates number for the DHR.

2. The Bard complaint file relating to plaintiff's claims, or, in the alternative if already produced, provide the bates number for the complaint.

3. The bates numbers for any documents previously produced that reference the implanting physician and/or the hospital or facility where the device as placed, that Bard is able to identify after a reasonable and diligent search.

4. Any consulting agreement relating to IVC filters that Bard has entered with the physician that implanted the filter.

5. With regard to the plaintiff, any Med Watch Adverse Event Reports in Bard's possession.

_____

Attorney for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.

_____

[Signature]