Ramon Rossi Lopez - rlopez@lopezmchugh.com
California Bar Number 86361 - admitted *pro hac vice*
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
949-812-5771

Robert W. Boatman (009619) - rwb@gknet.com
Paul L. Stoller (016773) - paul.stoller@gknet.com
Shannon L. Clark (019708) – slc@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| IN RE: BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION | No. MD-15-02641-PHX-DGC<br><br>**PLAINTIFFS' BRIEF REGARDING APPLICABILITY OF PRIOR DISCOVERY** |
|---|---|

Pursuant to Section IV(B) of Case Management Order No. 2 (Dkt. No. 249) ("CMO No. 2"), Plaintiffs respectfully submit this brief concerning the "binding effect of already-completed discovery . . . in cases filed after the date of the discovery."

Plaintiffs' position, set forth below, is that discovery completed prior to the formation of this multidistrict litigation ("MDL") may be used in this MDL, but that parties to this MDL may not be bound by such discovery. Discovery taken in this MDL after its formation, on the other hand, may be used, and any party added to this MDL should have to make a showing that additional discovery, including deposition testimony from a witness deposed in this MDL, is necessary and non-duplicative. Plaintiffs' proposal balances the interests of fairness and efficiency that this issue raises, and is consistent with the Federal Rules of Civil Procedure.

## I.   PLAINTIFFS' POSITION

Plaintiffs have every incentive to litigate this case efficiently, and without needless duplication or repetition of discovery. At the same time, basic notions of fairness require

that no plaintiff be bound by discovery taken by an entirely different party in a different case, potentially years ago and with no notice to the new plaintiff.  Federal Rule of Civil Procedure 32(a)(8), titled "Deposition Taken in an Earlier Action," reflects this principle, stating that earlier-taken depositions can only be binding in later cases where the earlier deposition involves "the same subject matter" and "the same parties, or their representatives or successors in interest."  Fed. R. Civ. P. 32(a)(8).

Prior depositions of Bard's current and former employees, consultants, and agents in litigation involving Bard's IVC filters involved different plaintiffs, and therefore, do not satisfy Rule 32(a)(8).  These depositions, all of them taken prior to the formation of this MDL and this Court's coordination of pretrial proceedings (which Bard opposed), took place as many as five years ago, in varying forums under varying discovery rules and schedules, with varying amounts of discovery available to each plaintiff depending on the case and the time of filing, and involved different devices.  It would be contrary to Rule 32, as well as unfair and inequitable, to bind new plaintiffs – who may ultimately number in the thousands – to the testimony taken in years-old proceedings.

In the interest of efficiency and avoiding duplication, however, Plaintiffs agree that testimony from prior IVC filter cases may be usable in these proceedings.  Plaintiffs intend to identify, on a witness-by-witness basis, both areas of inquiry that they agree need not be covered again, and witnesses who will not need to be deposed again. Plaintiffs also agree that it is appropriate to require, upon proper notice, for litigants who join this MDL going forward who wish to re-open depositions taken since the formation of this MDL and prior to their involvement to make a showing that such supplemental depositions are necessary.

Plaintiffs provide a proposed order that reflects these considerations of fairness and efficiency.  Plaintiffs' proposed order is borrowed almost verbatim from a sample order in the *Manual for Complex Litigation, 4th*, *see* § 40.29 ¶ 13, and its language has been included in other MDL's, including the currently pending MDL involving Cook Medical, Inc.'s IVC filters.  *See* Exh. A (MDL No. 2570, CMO No. 2 (Deposition Protocol), part K

2

(entered Mar. 4, 2015). Plaintiffs' proposed order, like the sample order upon which it is based, is properly limited to discovery that took place *after* these cases were transferred to this Court for coordination of pretrial proceedings.

Bard's proposal, on the other hand, would go far beyond what is necessary to achieve these efficiencies, would unfairly bind new parties to prior discovery, and is not consistent with Rule 32 or MDL practice.[1] By applying broadly to all depositions of Bard's former and current employees and consultants taken in any "product liability case involving a Bard IVC filter," it would make additional depositions of Bard employees and agents presumptively off-limits. Such an order, to Plaintiffs' counsel's knowledge, would be unprecedented, and would severely prejudice potentially hundreds of new plaintiffs going forward.

## II. ARGUMENT

### A. Plaintiffs' Proposal is Consistent With Rule 32(a)(8).

The plain language of Rule 32 precludes entry of an order that would bind current and future plaintiffs to deposition testimony taken prior to the formation of this MDL. As the Ninth Circuit has held, "Rule 32(a) requires that the prior and present lawsuits involve the 'same subject matter' and the same parties or their representatives or successors in interest.'" *Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982) (quoting Fed. R. Civ. P. 32(a)).

Bard may argue that because prior plaintiffs had the same "motive" to vigorously cross-examine Bard's witnesses, new plaintiffs may be bound by the prior testimony. However, in *Hub*, even as it acknowledged that "identical issues and parties" may not be necessary to admit a prior deposition, the Ninth Circuit expressly declined to adopt such a rule focused on "motive." *Id.* at 778. The Court called a rule that would allow the "presence of an adversary with the same motive to cross-examine" to suffice to bind a

---

[1] Prior to submitting this brief, Plaintiffs' counsel contacted counsel for Bard to determine the scope of the parties' disagreement on this issue. Counsel exchanged draft proposed orders, and held a telephonic meet-and-confer on December 16, 2015. The proposed order sent by Bard's counsel is attached as Exhibit B.

3

new party to a deposition taken by the previous party, calling such a rule "troubling." The *Hub* court went on, "Not only does the test disregard the 'same parties' requirement in Rule 32(a), but it also fails to take into account the possibility that the prior opponent mishandled the cross-examination." *Id.* at 778 n*. The Ninth Circuit has never adopted the "same motive" test.

Bard's proposal to bind new parties to past depositions disregards Rule 32's "same parties" requirement, and any attempt to adopt the "same motive" test runs afoul of Rule 32's plain language.

### B.     Restrictions on New Depositions Would Necessitate Constant Judicial Involvement in Discovery Disputes.

Under Plaintiffs' proposal, current parties and those who will join the MDL will be able to draw from prior depositions. In this way, no party will be forced to re-invent the wheel on any given issue, but will not be bound by depositions that are not useful, whether because they predated certain discovery, involved different issues or devices, or for any other reason. Bard's proposal, on the other hand, by preemptively restricting new depositions at the outset of this MDL, would create substantial and unnecessary inefficiencies, as the parties would need to litigate, potentially for each witness, whether prior depositions involved the same issues, whether the prior plaintiffs had the same motive or opportunity to develop the testimony, and "whether the prior cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit." *Hub*, 682 F.2d at 778.

It is not difficult to foresee how such disputes would arise in this case, in which the parties continue to address a wide range of unresolved discovery issues and where Plaintiffs continue to seek new discovery. CMO No. 2 set forth the scope of this upcoming discovery, including a "First Phase," focused on updated adverse event files, the FDA warning letter, and certain new depositions, and an extensive "Second Phase" to follow. *See* Dkt. No. 249 (CMO No. 2), part D. Plaintiffs are seeking updated productions from several Bard custodians, as well as updated ESI productions from Bard.

4

As the Court is aware, the parties also continue to discuss other discovery issues, including Bard's privilege logs, the resolution of which will likely affect the scope of future depositions. As both phases of discovery continue, and as the parties either resolve outstanding disputes or bring them to the Court for resolution, it is likely that certain testimony from prior depositions will become obsolete. It would be inefficient and unworkable to require current and future plaintiffs to show that newly discovered material makes a new deposition necessary. Moreover, requiring counsel to explain the proposed subject matter of any proposed questioning of any witness and/or why the prior testimony is insufficient in some regard necessarily results in Plaintiffs' counsel having to expose their thoughts and theories to defense counsel before each deposition. Such a rule would be fundamentally unfair.

Under these circumstances, there should be no need for the Court constantly to assess "whether the prior cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit." *Hub*, 682 F.2d at 778. Such an inquiry would require assessing constantly changing circumstances as discovery proceeds, and an assessment of the state of discovery at the time of the prior deposition, which will differ depending on when the case was filed, what device was involved, and what discovery had been taken in that case. It is far more efficient to allow the parties to determine what prior testimony can and should be used, and to proceed with additional depositions as necessary. Even if Plaintiffs' counsel took every deposition again (which is unlikely), Defendants will have avoided dozens of depositions that would have otherwise occurred but for this MDL.

### C. Certain Restrictions on Parties Entering This MDL Are Appropriate.

While Plaintiffs oppose any proposal that would bind them or future plaintiffs in this MDL to discovery taken prior to the formation of the MDL, Plaintiffs agree that this Court has the authority to place certain restrictions on additional depositions of witnesses who have been deposed in this MDL that may be sought by new plaintiffs later added to this MDL, whether by transfer, removal, or direct filing. Any such plaintiff would need to show why a supplemental deposition is necessary.

There is little question that the Court's authority to supervise and coordinate pretrial proceedings here includes the ability to require such a showing of litigants who are part of this MDL. Such an order, as reflected in Plaintiffs' proposed order, properly covers discovery that has been taken since these cases were brought before this Court, and covers litigants seeking additional discovery that would occur under the auspices of this MDL. Plaintiffs' proposed order does not, however, reach beyond this MDL to discovery that occurred prior to the assignment of these cases to this Court, and prior to judicial coordination. This is consistent with accepted MDL practice, in which orders providing for the use of depositions in other cases, or against parties later added to an MDL, refer to "Depositions conducted in this MDL." *See, e.g.*, Exh. C (*In re Testosterone Replacement Therapy Prods. Liab. Litig.*, MDL No. 2545), part L; Exh. D (*In re Zoloft Prods. Liab. Litig.*, MDL No. 2342), § III).

### D. **Bard's Proposed Order Is Unprecedented.**

Given its inconsistency with Rule 32 and MDL practice, it is not surprising that the order that Bard seeks appears to be without precedent.[2] Plaintiffs' proposed order, by contrast, is drawn from the *Manual of Complex Litigation* and its language has been included in numerous case management orders in MDL's. *See, e.g.,* Exhs. A, C, D.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter Plaintiffs' proposed order.

---

[2] On the parties' meet-and-confer, Bard's counsel acknowledged that the order that Bard seeks has not been entered in other MDL's.

RESPECTFULLY SUBMITTED this 18th day of December, 2015.

**GALLAGHER & KENNEDY, P.A.**

By: */s/ Robert W. Boatman*
Robert W. Boatman
Paul L. Stoller
Shannon L. Clark
2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016-9225

**LOPEZ McHUGH LLP**
Ramon Rossi Lopez (CA Bar No. 86361)
(admitted *pro hac vice*)
100 Bayview Circle, Suite 5600
Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*/s/Mary E. Torrez*

5172308