Robert W. Boatman (009619) - rwb@gknet.com
Paul L. Stoller (016773) - paul.stoller@gknet.com
Shannon L. Clark (019708) - SLC@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona  85016-9225
602-530-8000

Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California  92660
949-812-5771

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
|---|---|
| | **EXHIBIT INDEX TO PLAINTIFFS' BRIEF REGARDING APPLICABILITY OF PRIOR DISCOVERY** |

### EXHIBIT INDEX

A.   MDL No. 2570, CMO No. 2 (Deposition Protocol), park K (entered Mar. 4, 2015)

B.   Draft Order proposed by Bard

C.   *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, MDL No. 2545, part L

D.   *In re Zoloft Prods. Liab. Litig.*, MDL No. 2342), § III

5172419

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                  Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2570

---

This Document Relates to ALL ACTIONS

---

## CASE MANAGEMENT ORDER #2
## (DEPOSITION PROTOCOL)

Pursuant to the agreement of Plaintiffs and the Cook Defendants (collectively the "Parties"), it is **ORDERED** that the following deposition protocol shall be followed in depositions conducted in the above-referenced MDL:

A.      Deposition Notices

1. This Order applies to all depositions in MDL 2570, which will be noticed and conducted pursuant to Federal Rule of Civil Procedure ("FRCP") 30 and this Order.

2. This Order, in its entirety, shall be attached to any non-party subpoena or deposition notice.

B.      Number of Depositions Allowed

Any FRCP and/or Local Rule purporting to limit the number of depositions shall not apply in this MDL proceeding. If either side believes that the other is taking unnecessary or irrelevant depositions they may bring the issue to the Court for appropriate resolution, after first making a good faith effort to resolve the issue without the Court's involvement. Notwithstanding this provision, Plaintiffs may take up to ten (10) depositions of the Cook Defendants in addition to ten (10) FRCP 30(b)(6) depositions of the Cook Defendants. Plaintiffs may take additional

1

depositions upon agreement by the Parties or by leave of Court for good cause shown. Consistent with Section III.F.5 of the Case Management Plan (Docket No. 51), the depositions of sales representatives directly associated with the sale of a Cook Filter to a specific Plaintiff's implanting physician shall not count towards this limit.

      C.    <u>Scheduling of Depositions</u>

      1.    Plaintiffs' and Defendants' Lead Counsel shall attempt to establish by mutual agreement, a schedule for depositions in this MDL that reflects a sequencing consistent with (a) the availability of documents from among those produced by the Parties and third parties; (b) the objective of not subjecting any person to repeated depositions; (c) the need to preserve relevant testimony; (d) the schedule established by this Order; and (e) the schedule set forth in the current Case Management Plan. Counsel for the Parties will attempt to coordinate the scheduling of depositions as much as possible. Lead and Liaison Counsel shall be responsible for providing written notice of any deposition in this MDL to all Counsel.

      2.    Absent exigent circumstances, as a general rule, no witness should be deposed in this MDL proceeding on the same subject more than once. A Party seeking to take a second deposition of a witness shall provide the opposing party its basis for an exception. Second depositions on new subject matter shall be permitted only upon consent of the parties or an Order of this Court issued for good cause shown. For purposes of this MDL proceeding, any deposition taken in a case not a part of this MDL proceeding shall not be considered a first deposition. This provision does not apply to 30(b)(6) witnesses. A witness for a 30(b)(6) deposition may have his/her deposition taken more than once regarding his/her official and individual capacities.

      3.    If counsel are unable to resolve any disputes regarding the timing and scheduling of depositions after good faith efforts, they may present those disputes to the Court

for resolution only after first contacting Magistrate Judge Baker's chambers to request his assistance in resolving the dispute without formal motions practice.

4.    For depositions that are not Plaintiff-specific, each side shall be notified at least thirty (30) days in advance of a deposition, absent agreement by the Parties otherwise, time constraints due to Orders by the Court, or by leave of Court.

5.    An officer, director, or managing agent of a corporation or government official served with a notice of deposition or a subpoena regarding a matter about which such a person has no knowledge may submit to the noticing Party within fifteen (15) prior to the date notices an affidavit or declaration so stating and identifying a person within the corporation or government entity believed to have such knowledge. Notwithstanding such affidavit or declaration, the noticing Party may proceed with the deposition, subject to the right of the witness to seek a protective order or other appropriate relief.

6.    Once a deposition has been scheduled, it shall not be taken off the calendar, postponed, rescheduled, or related less than five (5) days in advance of the date it is scheduled to occur, except upon agreement or by leave of Court for good cause.

D.    <u>Documents</u>

1.    For any notice of deposition where there is an accompanying request for the production of documents, the responding Party shall, within fifteen (15) days of receipt of such notice, alert Lead Counsel for the noticing Party by e-mail of any reason that the requested documents cannot be produced a minimum of fourteen (14) days prior to the date noticed for the deposition.

2.    Prior to any Cook 30(b)(6) and/or custodial fact witness depositions, Defendants shall separately respond to each non-duplicative request attached to the deposition

notice by producing the discoverable documents and/or by referencing previously produced documents by production Volume and Custodian. To the extent any documents are being withheld on the basis of privilege or objection, Defendants are required to specifically state such no later than fourteen (14) days prior to the deposition. The Parties should work to resolve any disputes regarding withheld documents no later than seven (7) days before the deposition. To the extent such dispute cannot be resolved by this deadline, the noticing Party has the option to postpone the deposition until the matter can be presented to the Court for resolution or proceed with the deposition reserving its right to conduct a second deposition once the dispute is resolved.

3.     Each Party will provide to the other Party advance notice of any foreign language documents each reasonably anticipates using in a deposition seven (7) days prior to the date of the deposition.

E.     Depositions of Treating Physicians

1.     The Parties agree that each side will have a reasonable opportunity to question a deponent treating physician. If a treating physician limits the time for a deposition, the Parties shall have equal time for questioning the treating physician, unless otherwise agreed upon prior to the deposition.

2.     Prior to the deposition of any of Plaintiffs' treating physicians, Defendants shall ensure that their case-specific discovery responses, including Defense Fact Sheet, pertaining to such treating physician are complete. Defendants shall also produce all discoverable documents requested pertaining to the deponent treating physician to the extent they have not already been produced. The Parties should work to resolve any disputes regarding the completeness of Defendants' document production no later than seven (7) days before the

deposition. To the extent such dispute cannot be resolved by this deadline, Plaintiffs shall have the option to postpone the deposition until the matter can be presented to the Court for resolution or proceed with the deposition reserving its right to conduct a second deposition once the dispute is resolved.

        3.     At least seventy-two (72) hours prior to the deposition of a treating physician, the Parties will confer to ensure that each side has all medical records obtained from the treating physician.

        F.    <u>Location of Depositions</u>

The Parties shall endeavor to schedule all depositions at locations within a reasonable distance from the residence of the deponent, or at such other location as is agreed to by all counsel involved and the deponent.

        G.    <u>Attendance at Deposition</u>

While a deponent is being examined about any information subject to the Protective Order entered in this litigation, persons to whom disclosure is not authorized shall be excluded. Unnecessary attendance at depositions is discouraged.

        H.    <u>Conduct of Depositions</u>

        1.     Based on the number of Plaintiffs and Plaintiffs' counsel involved in this litigation, Plaintiffs shall designate one attorney for the MDL to conduct the examination of each deponent, and examination by other Plaintiffs' attorneys on behalf of the MDL should be limited to matters not previously covered. Counsel for Plaintiffs shall cooperate so that examinations by multiple attorneys for the MDL do not exceed the allotted time, as set forth in FRCP 30(d)(1).

        2.     All deposition objections are reserved, except as to the form of the question and responsiveness of the answer. Counsel shall otherwise comply with FRCP 30(c)(2)

concerning objections at depositions. An objection by one Party reserves the objection for all Parties. Excessive and/or abusive use of objections, including speaking objections and coaching of the witness, shall not be counted against the allotted time and under the FRCP and may be grounds for additional time above the maximum allotted time permitted under the FRCP.

    I.          Deposition Disputes

Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule, require rescheduling of the deposition, or possibly result in the need to conduct a supplemental deposition, shall be presented to Judge Young or Magistrate Judge Baker by telephone. In the event both Judge Young and Magistrate Judge Baker are not available, all efforts will be made to continue the deposition with full reservation of rights of the interrogation for a ruling at the earliest possible time.

    J.          Duration of Depositions

The time limitations on depositions imposed by FRCP 30(d)(1) shall apply in the MDL unless the Parties agree to a different time limitation in the MDL or the Court establishes a different time limitation.

    K.          Supplemental Depositions

Each Party not present or represented at a deposition who did not get notice of the deposition as provided herein (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court) may, within thirty (30) days after the filing of the deposition (or within sixty (60) days after becoming a party in this Court in any action that is a part of this litigation), request permission to conduct a supplemental deposition of the deponent. If permitted, the deposition shall be treated as the resumption of the deposition

originally noticed. Such examination shall not be repetitive of the prior examination of said deponent.

      L.    <u>Use of Depositions</u>

Depositions may, under the conditions prescribed in FRCP 32(a)(1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used against any party (including parties later added and parties in cases subsequently filed in or transferred or removed to this Court that become part of this MDL) who: (a) was present or represented (including by Lead Counsel or an attorney designated by Lead Counsel) at the deposition; (b) had reasonable notice thereof; or (c) within thirty (30) days after the filing of the deposition (or within sixty (60) days after becoming a party in this Court to an action that is part of this MDL), fails to show just cause why such deposition should not be usable against such party.

      M.    <u>Depositions Outside of the United States</u>

In the event that a Party seeks to depose any individuals residing outside of the United States the Parties agree to meet and confer to establish a protocol with respect to where such depositions shall take place and how interpreters/translators will be utilized. With respect to William Cook Europe ApS ("WCE") employees residing in Denmark, the Parties will meet and confer to agree upon a week in 2015 during which any and all depositions of such employees will take place. Such depositions will take place at one, agreed upon location. Either Party may elect, at their expense, to bring the WCE employees or others to the U.S. for their deposition during the agreed upon week.

The Court DIRECTS the Clerk to file a copy of this Order in 1:14-ml-2570, which shall apply to each member case previously transferred to, removed to, or filed in this district. In cases subsequently filed in this district, a copy of this Order and the most recent Case Management

Plan deadlines will be provided by the Clerk to counsel appearing in each new action at the time

of filing of the complaint. In cases subsequently removed or transferred to this Court, a copy of

this Order and the most recent Case Management Plan deadlines will be provided by the Clerk to

counsel appearing in each new action upon removal or transfer. It shall be the responsibility of

the Parties to review and abide by all Case Management Plan deadlines and Case Management

Orders previously entered by the Court. The orders may be accessed through the CM/ECF

system.

      **SO ORDERED:** 03/04/2015

Tim A. Baker, Magistrate Judge
United States District Court
Southern District of Indiana


**AGREED TO BY:**

_s/ Irwin B. Levin (w/ consent)_                    _s/ Christopher D. Lee_

Irwin B. Levin, Esq.                                    Douglas B. King, Esq., Lead Counsel
COHEN & MALAD LLP                            James M. Boyers, Esq.
One Indiana Square, Suite 1400                Christopher D. Lee, Esq.
Indianapolis, Indiana 46204                   John C. Babione, Esq.
Tel:    (317) 636-6481                        Sandra L. Davis, Esq.
Fax:    (317) 636-2593                     Kip S. M. McDonald, Esq.
ilevin@cohenandmalad.com                 WOODEN & McLAUGHLIN LLP
                                        One Indiana Square, Suite 1800
Lead Counsel for Plaintiffs                 Indianapolis, IN 46204-4208
                                        Tel:    (317) 639-6151
                                        Fax:    (317) 639-6444
                                        dking@woodmclaw.com
                                        jboyers@woodmclaw.com
                                        sdavis@woodmclaw.com
                                        kmcdonald@woodmclaw.com

                                        Counsel for Cook Defendants

8

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

IN RE: Bard IVC Filters Products
Liability Litigation

No. MD-15-02641-PHX-DGC

**[PROPOSED] PRETRIAL ORDER NO. __**
**(SUPPLEMENTAL DEPOSITIONS)[1]**

_____

        With the agreement of the parties, the court hereby ORDERS that:

        Any party—including parties later added and parties in cases subsequently filed in, removed to, or transferred to this court—who was not present or represented at any <u>deposition taken</u> or <u>deemed taken</u> in this MDL may request permission to conduct a supplemental deposition of a deponent by the following deadlines:

        (1) For any <u>deposition taken</u> or deposition <u>deemed taken</u> in this MDL, any party may make such a request within 60 days after the deposition is taken or the deposition is deemed taken.

        (2) For any <u>deposition taken</u> or deposition <u>deemed taken</u> prior to the time a party becomes a party in this MDL, the party shall have 60 days after becoming a party to this action.

        The request for a supplemental deposition may request the right to take such depositions telephonically and by nonstenographic means. Any request to take a supplemental deposition of any deponent previously deposed in this MDL or in any

_____

[1] The language of this Order is drawn substantially from the Manual for Complex Litigation, Fourth § 40.29 ¶ 13.

deposition deemed taken in this MDL shall be governed by the rules regarding the scope of discovery, as set forth in Fed. R. Civ. P. 26(b), and particularly the provisions requiring that discovery be proportional and not duplicative. If a supplemental deposition is permitted, the deposition shall be treated as the resumption of the deposition originally noticed; and each deponent shall, at the conclusion of the initial deposition, be advised of the opportunity of nonattending parties to request a resumption of such deposition, subject to the right of the deponent to seek a protective order. Such examination shall not be repetitive of the prior interrogation.

For purposes of this Order, depositions "deemed taken" in this MDL shall include all depositions of Bard's employees, former employees, and/or consultants previously taken in a product liability case involving a Bard IVC Filter.

SO ORDERED this ____ day of December, 2015.

_____
David C. Campbell, Judge

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: TESTOSTERONE | ) | |
| REPLACEMENT THERAPY | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | MDL No. 2545 |
| | ) | |
| This document relates to all cases | ) | Honorable Matthew F. Kennelly |

**CASE MANAGEMENT ORDER #21**
**(DEPOSITION PROTOCOL)**

The Court finds that the Parties have met and conferred with regard to a Case Management Order addressing depositions of generic fact witnesses in these MDL proceedings. The Parties having stipulated thereto, the Court orders as follows:

**I.     GENERAL PROVISIONS**

This Order shall apply to all cases currently pending in MDL No. 2545 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings"). This Order is binding on all Parties and their counsel in all cases currently pending or subsequently made part of these proceedings and shall govern each case in the proceedings. "Party" or "Parties" refers to any Party, including Third Parties, to any case currently pending in MDL No. 2545. This Order controls depositions of all generic fact witnesses, including Third Parties, taken in this MDL proceeding.

**II.     GOVERNING LAW**

Discovery shall be governed by the applicable provisions of the Federal Rules of Civil Procedure and the Local Rules of the presiding Court, except as otherwise provided herein or in any other Case Management Order. Unless specifically modified herein, nothing in this Order shall be construed to abrogate, modify, or enlarge the Federal Rules of Civil Procedure or the

1

Local Rules of the presiding Court. This Order incorporates prior case management orders entered in this MDL, including CMO No. 17 (Coordination with State Court Cases), Section C, Paragraphs 5-7, regarding depositions.

### III. DEPOSITIONS

**A.** **Deposition Point Persons**. Depositions and matters related to depositions shall be coordinated by Point Persons designated for plaintiffs and each defendant. The Parties will cooperate to expand the notifications as necessary and convenient, but for a communication concerning the notice or scheduling of a deposition to be effective, it must be made by email to the deposition Point Person(s). Point Persons for plaintiffs and each defendant must be designated within fifteen (15) days after entry of this Order.

**B.** **Number of Depositions of Defendants.** In this MDL, Plaintiffs shall be entitled to take the following depositions for each Defendant:

| | |
|---|---|
| AbbVie/Abbott: | 43 Depositions |
| Auxilium: | 34 Depositions |
| Lilly: | 31 Depositions |
| Watson/Actavis: | 22 Depositions |
| Endo: | 20 Depositions |
| Pfizer: | 8 Depositions[1] |

The number of depositions apply to depositions of individual fact witnesses as well as to depositions of corporate representatives designated pursuant to Federal Rule of Civil Procedure

---

[1] Any additional defendant will confer with the PEC to determine the number of depositions that may be taken of that Defendant.

30(b)(6).[2]  If plaintiffs wish to conduct additional depositions, plaintiffs shall meet and confer with defendants to determine if an agreement can be reached on the number of additional depositions.  If the Parties are unable to agree on the number of additional depositions, the dispute shall be submitted promptly to the Court for resolution.

**C.    Fact and Corporate Witness Depositions.** Depositions noticed under Rule 30 for individual fact witnesses and those noticed under Rule 30(b)(6) for corporate depositions, may, but are not required to, be consolidated.  The decision to consolidate the depositions shall be left to the sole discretion of the noticing party.  In the event that the noticing party opts to consolidate the depositions, the noting party shall be entitled to two separate seven hour periods for each deposition.  Each deposition shall be counted separately for purposes of the limitations set forth in Paragraph III(B).

**D.    Deposition Notices**

**1.    Notice of Deposition Procedures**.    Absent extraordinary circumstances, counsel should consult in advance with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations.  Counsel are expected to cooperate and coordinate the scheduling of depositions. Deposition notices on behalf of the MDL shall be issued by a PEC member or liaison counsel.

A single deposition notice shall apply in all cases governed by this Order.  Unless otherwise agreed by the Parties, or exigent circumstances, depositions must be noticed at least

---

[2]Each 30(b)(6) deposition shall be governed by the time limits set forth in this Order and only count as one deposition against the limits set forth herein, regardless of the number of individuals who are designated as 30(b)(6) witnesses.  Defendants reserve their rights to object to the Notice.

thirty (30) days in advance, with notice served upon counsel. Any objections to the notice shall be served no later than ten (10) days after the notice is served.

        **2.**     **Contents of Notice**. Each deposition notice shall include the name of each deponent, if known. If the name of the deponent is unknown to the noticing Party, the deposition notice shall include the deponent's general occupational description. Each deposition notice shall include contact information for the designated deposition Point Person that will allow interested counsel to obtain information regarding the deposition. This Order shall be referenced in any Party or non-party subpoena or deposition notice. If the deposition is to be videotaped, the notice shall state that the deposition will be recorded by video.

        If a Party intends to depose a former employee of a Party, a subpoena shall be served upon counsel for the Party. The Point Person for the Party receiving the notice shall have ten (10) days to inform plaintiffs' Point Person whether the former employee will be represented by counsel and the name of such counsel if not the same as counsel for the Party employer. If no such notice is provided, counsel for plaintiffs shall be permitted to contact the former employee directly. If the notice asks the deponent to produce, or if the witness may be asked about, documents that may contain confidential information, Case Management Order No. 8 (Protective Order) shall be referenced in the notice.

### E.    Attendance

        **1.**     **Who May Be Present**. Unless otherwise ordered under Fed. R. Civ. P. 26(c) or agreed by the Parties, only the following may attend depositions: counsel of record, members and employees of their firms, attorneys specially engaged by a Party for purposes of the deposition, counsel for the witness, the Parties or their respective representatives, experts or non-testifying consultants, court reporters, videographers, the deponent, and counsel

for the deponent.  Employees of a defendant other than the defendant defending the deposition shall not attend the deposition absent agreement of the parties or order of the Court subject to the requirements of Section III.E.4.b. (Remote Participation), a person outside the categories above may attend a deposition remotely.  Upon application, and for good cause shown, the Court may permit in-person attendance by a person who does not fall within any of the categories set forth above.

While the deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under Case Management Order No. 8 (Protective Order) shall be excluded from the deposition.  Any portion of the deposition transcript containing confidential information shall be sealed so as not to waive confidentiality for a period of time consistent with Case Management Order No. 8 (Protective Order).  When a defendant's employees or former employees are being deposed, such defendant may ask that attendance at the deposition by any competitor co-defendants be limited to the attorneys-of-record for such co-defendants.

**2.** **Unnecessary Attendance**.  Unnecessary attendance by counsel – either in person or by telephone – is discouraged.  Counsel who have only marginal interest in a proposed deposition or who expect their clients' interests to be adequately represented by other counsel are encouraged not to attend.  No attorney who attends, participates in or uses a deposition in these proceedings shall be entitled or subject to any assessment, fee or tax merely by reason of such attendance, participation or use.

**3.** **Notice of Intent to Attend a Deposition**.  In order for counsel to make arrangements for adequate deposition space, any counsel who intends to attend a deposition noticed in this MDL – either in person or by telephone – should advise the deposition

Point Persons for plaintiffs and defendants not fewer than five (5) business days prior to the deposition, whenever feasible. The Point Persons will then confer regarding the expected attendance and make a final determination not fewer than three (3) business days prior to the scheduled date as to who may attend the deposition. Subject to other requirements in this Order, any person may attend remotely.

**4.** **Noticing and Participating in Depositions Remotely.**

        **a.** **Noticing Telephonic Depositions.** A Party may indicate in its notice of deposition that it wishes to conduct the deposition by telephone. Unless an objection is filed and served within ten (10) days after such notice is received, it shall be deemed that the Parties have stipulated to a telephonic deposition pursuant to Fed. R. Civ. P. 30(b)(4).

        **b.** **Remote Participation.** In the event that a Party, or the Party's representative, wishes to attend a deposition remotely by telephone or internet, that Party shall notify the deposition Point Persons for plaintiffs and defendants not fewer than two (2) business days prior to the deposition. Any Party who participates remotely shall be deemed bound by Case Management Order No. 8 (Protective Order) and shall not re-record the deposition, by video or audio means. The Party seeking to attend remotely is responsible for securing the necessary telephone or internet connections. Persons participating remotely must identify all persons attending at the deposition remotely with them, such persons being subject to the restrictions on attendance set forth in this Order. Persons attending remotely must comply with the provisions set forth in Section III.E.2. Counsel participating in a deposition remotely are permitted to make objections, but are not permitted to conduct examinations of witnesses, absent extenuating circumstances, such as weather delay or physical restriction on travel.

6

F.       **Conduct of Depositions**

1.       **Examinations Taken By Plaintiffs.**

a.       **Number of Examiners.** Subject to the agreement of the parties, except in depositions that have been cross-noticed in actions pending in state court (see below), questioning should ordinarily be conducted by no more than two (2) MDL attorneys for all MDL plaintiffs.  Each MDL examiner shall avoid duplicative questioning.  When there is examination by two (2) MDL attorneys examining a witness, the presumptive understanding is that the first MDL examiner should conduct his or her examination to completion before any questioning by the second MDL examiner.  The second MDL examiner's questioning is limited to non-redundant (i.e. new) subject matters not previously covered, and duplicative questioning by the second MDL examiner is prohibited, except as necessary to provide foundation for the examination. MDL examiners shall not be permitted to tag team a witness during witness examinations, but to the extent that a subject area was not covered, the first MDL examiner  may be permitted to re-examine the witness following the second MDL examiner subject to agreement by the parties.

b.       **Sequence of Examination Taken By Plaintiffs**.  The questioning of defendants' current and former employees will be conducted in the following sequence: (1) the MDL examiner(s) for Plaintiffs; (2) non-repetitive questioning by state court counsel;[3] (3) Defendants' Lead Counsel; (4) non-repetitive questioning by other defendants; (5) individual counsel for the deponent, if any, other than counsel above; and (6) any re-examination

---

[3] The parties have agreed to this provision with the caveat that it should be open to modification for purposes of facilitating participation by plaintiffs' counsel with state court proceedings, in order to enhance federal-state coordination.

by the MDL examiner to the extent the MDL examiner has not exceeded the time limitations set forth in Section III.F.4 (Length of Examination) of this Order.

Consistent with CMO No. 17, the PSC shall work cooperatively with respect to the division of time with any participating state court plaintiffs' counsel. The Parties shall conduct the examinations so as to avoid duplicative questioning, subject to the terms of this Order.

**2.** **Sequence of Examinations Taken by Defendants.** Questioning at the depositions to be taken by defendants shall be conducted in the following sequence: (a) the primary examiner selected by defendants; (b) the primary examiner selected by the plaintiffs; (c) non-repetitive questions by other MDL plaintiffs' attorneys; (d) individual counsel for the deponent, if any; (e) any re-cross and re-direct by (a)-(d), *supra*; and (f) examination by plaintiffs' and defendants' attorneys in cross-noticed state cases in the following order: non-repetitive questioning by counsel for state defendants; non-repetitive questioning by counsel for state plaintiffs; counsel for the deponent; and any re-cross and re-direct. Examination of treating physicians, plaintiffs and case specific witnesses, shall be the subject of a future CMO.

**3.** **Documents Used at Depositions**

**a.** **Production of Documents.** Rule 45 of the Federal Rules of Civil Procedure, including the pre-notice requirements, shall govern subpoenas directing third-party witnesses to produce documents.

**b.** **Copies of Documents**. A sufficient number of extra copies of documents about which deposing counsel expects to examine a deponent should be provided to examining counsel for the Parties and the deponent during the course of the deposition.

#### c. Marking of Deposition Exhibits.

All documents previously produced and used as exhibits with witnesses from a particular defendant or non-party witnesses shall be referred to clearly either by: (a) the Bates stamp numbers appearing on the documents; (b) a previously marked exhibit number; or (c) a clearly identifiable alternative designation. Documents that have not been previously produced shall be assigned a Bates stamp number from a range of numbers reserved for this purpose. The first time such a document is introduced as an exhibit at a deposition, it shall be marked with the assigned Bates stamp number within fourteen (14) days of the deposition.

#### d. Objections to Documents. 
Objections to the relevance or admissibility of documents used as deposition exhibits are preserved for later ruling by the Court or by the trial judge. All Parties shall cooperate as necessary so that the Court may issue a ruling on any objection to a document prior to trial or prior to any remand of cases for trial in the transferor courts.

### 4. Length of Examination.

a. Absent agreement of the Parties or a Court order allowing additional time pursuant to Rule 30(d)(1), the length of depositions shall not exceed seven (7) hours of examination for depositions noticed by the PSC in this MDL, or where the PSC has been cross-noticed and is participating.[4] The seven (7) hours of examination shall not include questioning by the party defending the deposition. The PSC shall be entitled to a minute-for-minute re-cross following any examination by the defending party. To the extent that the party

---

[4] The parties have agreed to this provision with the caveat that it should be open to modification for purposes of facilitating participation by plaintiffs' counsel with state court proceedings, in order to enhance federal-state coordination.

defending the deposition conducts a further re-direct examination following the PSC and/or any
state court counsel re-cross, the PSC shall be entitled to a minute for minute re-re-cross.

To the extent the party defending the deposition anticipates that its questioning of its own
witness will exceed forty-five minutes, it will provide notice at least ten (10) days before the
scheduled deposition, so arrangements can be made for the deposition to continue into a second
day.  In such case, the questioning by the party defending the deposition shall commence on the
second day with any additional questioning pursuant to the terms of this Order following
thereafter.

**5.     Deposition Day**.  A Deposition Day typically shall commence at 9:00 a.m.
Minimally, there shall be one fifteen (15) minute morning break and two fifteen (15) minute
afternoon breaks, with one (1) hour for lunch.  Variations in this schedule may be made by
agreement of counsel who noticed the deposition and counsel for the deponent.

**6.     Location for Depositions**.

**a.     Location for Depositions of Witnesses.**  Unless otherwise
agreed upon by counsel, depositions of witnesses who reside or work in the United States will
take place at one of the following locations, at defendants' election: (1) the offices of such
witness's attorney(s), or (2) at the location in the district where the witness resides or works.  If
the deposition is to take place at a location other than at the offices of the witness's counsel, the
witness's counsel will make arrangements for an appropriate location.  In the case of a former
employee of a defendant, defense counsel will make reasonable efforts to obtain the agreement
of former employees of defendants to appear at the designated locations.

**b.     Arrangements for Deposition Space.**  Parties responsible
for securing deposition space shall reserve an adequately-sized room and all counsel shall be

10

provided with a separate room in which to confer during breaks, and reasonable access to the Internet and basic office services including but not limited to copy and fax machines without charge.

### G. Objections and Directions Not to Answer.

1. **Preservation of Objections.** All objections, except those as to form and privilege, are reserved until trial or other use of the depositions. As soon as any one attorney representing a Party states the word "objection," all Parties shall be deemed to have preserved all possible objections to the form of the question or the responsiveness of the answer. Counsel for other Parties should avoid repeating the objection. If an explanation for the basis of the objection is requested, counsel other than the first to object may reiterate the objection and explain.

2. **Prohibition on Speaking Objections**. Counsel shall comply with Fed. R. Civ. P. 30(c)(2) concerning objections at depositions.

3. **Objections as to Authenticity.** Any objection to the authenticity of an exhibit used in the deposition must be made by the objecting Party within thirty (30) days of the deposition, or the exhibit will be deemed authentic. If a Party subsequently obtains information that an exhibit is not authentic, that Party will promptly notify the Party that offered the exhibit, and all Parties shall cooperate as necessary so that the Court may issue a ruling on any objection to a document prior to trial or prior to any remand of cases for trial in the transferor courts.

4. **Directions Not to Answer.** Counsel shall not direct or request that a witness refuse to answer a question unless that counsel has objected to the question on the ground that the question seeks (a) privileged information, (b) information that the Court has

11

ordered may not be discovered or (c) where the Parties have agreed that a 30(b)(6) deposition will be limited to the 30(b)(6) topics, and the question exceeds the scope of the topics. Alternatively, counsel may direct a deponent not to answer when the deponent or Party, through counsel, states his, her or its intention to present a motion to the Court for termination of the deposition on the ground that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress the Party or deponent, or to discover evidence that the deponent's counsel believes is not discoverable.

       H.    **Disputes During Depositions.**  Disputes between the Parties should be addressed to this Court rather than the district court in the district in which the deposition is being conducted.  Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Court, and if the Court is not available, and to the extent the Parties are still unable to resolve the dispute, the deposition shall continue as to matters not in dispute with full reservation of rights for a ruling at the earliest possible time.  If the nature of the dispute would not stop the deposition from going forward, the Parties may elect to either present the matter to the Court by telephone, or to present the dispute in writing. In the event that the Court is available to resolve the dispute, facilities shall be provided so that counsel attending the deposition and the deposition reporter can hear the proceedings.  The deposition reporter shall make a transcript of the conference call proceedings, which shall be transcribed immediately and bound separately.  In the event the Court is unavailable by telephone to resolve disputes arising during the course of the deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute.  Nothing in this Order shall deny counsel the right to (1) suspend a

deposition pursuant to Fed. R. Civ. P. 30(d)(3); or (2) file an appropriate motion with the Court after the deposition, and appear personally before the Court.

   **I**.  **Video Depositions**.  By so indicating in its notice of a deposition, a Party, at its expense, may record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(3) subject to the following rules:

    **1.**  **Real-time Feed.**  All video depositions will be stenographically recorded by a court reporter with "real-time feed" transcription capabilities.

    **2.**  **Video Operator.**  The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c).  At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

    **3.**  **Attendance.**  Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition.

    **4.**  **Filing.**  The operator shall preserve custody of the original video medium (tape or DVD) in its original condition until further order of the Court.

    **5.**  **Interruptions.**  No attorney or Party shall direct instructions to the video operator as to the method of operating the equipment.  The video camera operation will be suspended during the deposition only upon stipulation by counsel and "off-the-record" discussions.

    **6**.  **Filming**.  The videographer shall film the witness only while the witness is seated in the witness chair and shall not film the witness at any other time, including when entering or leaving the deposition room.  The videographer shall not film any persons in the room, except for the witness.

J.    **Correction and Signing of Depositions.**  Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature within thirty (30) days after the end of the deposition.  The deposition may be signed by the deponent before any notary within thirty (30) days after the transcript is submitted to the deponent.  If no corrections are made during this time, the transcript will be presumed accurate.

K.    **Cost of Deposition**.  The noticing Party shall bear the initial expense of both videotaping and stenographic recording.  The Parties shall pay for their own copies of transcripts and videotapes/DVDs of depositions.

L.    **Use of Depositions.**  Depositions of witnesses conducted in this MDL may be used in related cases in any state court to the extent permitted by that state's laws and rules.  Depositions may, under the conditions prescribed in Fed. R. Civ. P. 32(a)(1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used by or against any Party (including Parties later added and Parties in cases subsequently filed in, removed to or transferred to this Court as part of this litigation) who is:  (a) party to this litigation; (b) was present or represented at the deposition; or (c) within sixty (60) days after becoming a Party in any action that is a part of this MDL proceeding fails to show just cause why such deposition shall not be useable against such Party.

M.    **Production of Curriculum Vitae and Prior Testimony.**

For each witness, (i) a current and updated curriculum vitae and (ii) a list of any and all prior testimony that either (a) the witness recalls or (b) was given while the witness was employed by the defendant offering the witness for deposition shall be produced thirty (30) days before the actual date of the deposition, absent agreement of the parties.  Upon a request from Plaintiffs, Defendants will provide any prior testimony from that witness that is within the

possession, custody, or control of the witness, or the defendants subject to any applicable protective orders governing those transcripts.

SO ORDERED the 9th day of March, 2015.

Hon. Matthew F. Kennelly
Judge of the United States District Court

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE: ZOLOFT (SERTRALINE** | : | **MDL NO. 2342** |
| **HYDROCHLORIDE) PRODUCTS** | : | **12-MD-2342** |
| **LIABILITY LITIGATION** | : | |
| | : | **HON. CYNTHIA M. RUFE** |
| | : | |
| **THIS DOCUMENT RELATES TO** | : | |
| **ALL ACTIONS** | : | |
| | : | |

### PRETRIAL ORDER NO. 30
### (Deposition Protocol)

**AND NOW**, this 19th day of July 2013, to promote efficiency for the Court and the

parties in this Multi-District Litigation, and upon consideration of Report and Recommendation

No. 2 of the Special Discovery Master, Andrew A. Chirls, the Court hereby enters this Pretrial

Order to govern depositions taken with respect to these MDL proceedings.

### I.     GENERAL PROVISIONS

#### A.     Lead Deposition Counsel

Depositions and matters related to depositions shall be coordinated by a Lead Deposition

Counsel for plaintiffs and a Lead Deposition Counsel for defendant.  Lead Deposition Counsel

for plaintiffs shall be Mark Robinson and/or Dianne Nast or their designee.  Lead Deposition

Counsel for defendant Pfizer Inc. shall be Mark S. Cheffo or his designee.  The name and contact

information for any designee shall be promptly communicated to the other parties.

#### B.     Deposition Notices

1.     *Notice of Deposition Procedures.*  A single deposition notice shall apply in

all cases governed by this Order.  Unless otherwise agreed by the parties, depositions must be

noticed at least thirty 30 calendar days in advance, with notice served upon counsel.

2.     *Contents of Notice*.  In addition to the information required by Fed. R. Civ.

P. 30(b), each deposition notice shall include the name and, if known, the general occupational

description of each deponent, and contact information for Lead Deposition Counsel that will

allow interested counsel to obtain information regarding the deposition.  If the deposition is to be

videotaped, the notice shall state the name, firm and address of the videotape recorders.  If the

notice asks the deponent to produce, or if the witness may be asked about, documents that may

contain confidential information, the witness shall be provided with a copy of Pretrial Order

No. 8 (Protective Order).

## C.     **Attendance**

1.     *Who May Be Present.*  Unless otherwise ordered under Fed. R. Civ.

P. 26(c) or agreed by the parties, depositions may be attended by counsel of record, members and

employees of their firms, attorneys specially engaged by a party for purposes of the deposition,

the parties or their respective representatives, experts or non-testifying consultants, court

reporters, videographers, the deponent, and counsel for the deponent.  Upon application, and for

good cause shown, the Court may permit attendance by a person who does not fall within any of

the categories set forth in the preceding sentence.  While the deponent is being examined about

any stamped confidential document or the confidential information contained therein, persons to

whom disclosure is not authorized under an MDL No. 2342 Confidentiality Stipulation or

Protective Order shall be excluded from the deposition.  Any portion of the deposition transcript

containing confidential information shall be sealed so as not to waive confidentiality for a period

of time consistent with the Protective Order.  When a defendant's employees or former

employees are being deposed, such defendant may ask that attendance at the deposition by any

competitor co-defendants be limited to the attorneys-of-record for such co-defendants.

2

       2.     *Unnecessary Attendance.*  Unnecessary attendance by counsel is discouraged.  Counsel who have only marginal interest in a proposed deposition or who expect their clients' interests to be adequately represented by other counsel should elect not to attend.  No attorney who attends, participates in or uses a deposition in these proceedings shall be entitled or subject to any assessment, fee or tax merely by reason of such attendance, participation or use.

       3.     *Notice of Intent to Attend a Deposition.*  In order for counsel to make arrangements for adequate deposition space, any counsel who intends to attend a deposition noticed in this MDL should advise Lead Deposition Counsel for plaintiffs and Pfizer not fewer than three (3) business days prior to the deposition, whenever feasible.

       4.     *Remote Participation.*  In the event that a party wishes to attend a deposition remotely, that is, either by telephone or internet, that party shall notify Lead Deposition Counsel for plaintiffs and Pfizer not fewer than two (2) business days prior to the deposition.  Any party seeking to participate remotely must agree to be bound by applicable Protective Orders and shall not re-record the deposition, by video or audio means.  The party seeking to attend remotely is responsible for securing the necessary telephone lines or internet connections.  Persons attending remotely must identify all persons listening to the deposition, such persons being subject to the restrictions on attendance set forth in paragraph I.C.1 above.

## II.    CONDUCT OF DEPOSITIONS

### A.    Examination

       1.     Except in depositions that have been cross-noticed in actions pending in state court (see below), questioning should ordinarily be conducted by no more than two attorneys for all plaintiffs.  In some depositions, there may be sufficient divergence of positions among various parties such that additional examiners may be appropriate on non-redundant

3

Case 2:12-md-02342-CMR Document 751 Filed 07/28/15 Page 34 of 45
Case 2:12-md-02342-CMR Document 521 Filed 07/28/15 Page 4 of 15

matters. Counsel for plaintiffs who have individual or divergent positions (*i.e.*, class actions, actions with additional defendants), which cannot be resolved by good-faith negotiations with Plaintiffs' Lead Deposition Counsel, may designate one attorney to examine a deponent limited to matters not previously covered after the initial examination has concluded.

2.      The questioning of common defense witnesses will be conducted in the following sequence: (1) the two MDL examiners, (2) non-repetitive questioning by state court counsel, (3) Defendants' Lead Counsel; (4) non-repetitive questioning by defendants other than Pfizer; (5) individual counsel for the deponent, if any, other than counsel above; and (6) any re-examination by the counsel listed above, provided that time remains within the Plaintiffs' limit. Plaintiffs' counsel shall cooperate with respect to the division of time so as to ensure that the interests of any state court Plaintiffs' counsel are adequately addressed, and the Plaintiffs' attorneys designated to conduct the examinations shall coordinate with each other so as to conduct as thorough and non-duplicative an examination as is practicable. The parties shall leave sufficient time for examination by the attorney designated by Defendants' Lead Counsel, any other defendants' counsel or the deponent's counsel; although time expended for examination by Defendants' Lead Counsel, any other defendants' counsel or the deponent's counsel shall not count against Plaintiffs' time limitation.

3.      *Sequence of Examination of Non-Party Healthcare Provider Witnesses.*
At depositions of healthcare providers in Discovery Group or Trial Pool cases selected by Plaintiffs, Plaintiffs will be the first questioner in depositions of prescribers and OBGYNs and Pfizer will be the first questioner in depositions of all other healthcare providers. At depositions of healthcare providers in Discovery Group or Trial Pool cases selected by Defendants,

4

Defendants will be the first questioner in depositions of prescribers and OBGYNs and Plaintiffs will be the first questioner in depositions of all other healthcare providers.

**B.  Documents Used in Connection with Depositions**

1.  *Production of Documents*.  Third-party witnesses subpoenaed to produce documents shall, to the extent possible, be served with the document subpoena at least thirty (30) calendar days before a scheduled deposition.  Depending upon the quantity of documents to be produced, some time may be needed for inspection of the documents before the examination commences.

2.  *Copies*.  A sufficient amount of extra copies of documents about which deposing counsel expects to examine a deponent should be provided to primary counsel for the parties and the deponent during the course of the deposition.  Counsel should bring at least four copies of any document that counsel intends to show the witness or mark as an exhibit at the deposition.

3.  *Voluntary production of documents in advance of depositions.*  To allow for depositions to proceed more efficiently, five (5) days before the deposition, deposing counsel may voluntarily furnish deponent's counsel with any documents that are voluminous in nature and that deposing counsel wishes the witness to review in advance of the deposition.  Deponent's counsel will make a good faith effort to have the documents read by the deponent in advance of the deposition.  Where the deponent is an employee of Pfizer, the deposing counsel may furnish the deponent's counsel with a list of Bates numbers for the documents in lieu of furnishing the actual documents.  This section is wholly voluntary on the part of deposing counsel and in no way creates an obligation to furnish contemplated exhibits in advance of the deposition.

4.  *Ex parte communications with treating or prescribing healthcare providers.*  Contact with a treating or prescribing healthcare provider for a Plaintiff shall be

5

governed by the relevant law in the jurisdiction in which the healthcare provider resides. All documents provided by one party to any healthcare provider witness by any party shall be disclosed to the other party within a week after the document has been provided to the healthcare provider, or three days before any deposition of the healthcare provider, whichever comes first. The disclosure should include cover letters, letters about scheduling and letters about compensation to the healthcare provider. The disclosure should also identify documents (or provide copies of the documents) that are provided to the healthcare provider. If the copies shown to the healthcare providers have markings, highlighting or tabs affixed to them, these should be disclosed.

5. *Marking of Deposition Exhibits*. All documents previously produced and used as exhibits with witnesses from a particular defendant or non-party witnesses shall be referred to by the Bates stamp numbers appearing on the documents. Documents that have not been previously produced shall be assigned a Bates stamp number from a range of numbers reserved for this purpose. The first time such a document is introduced as an exhibit at a deposition, it shall be marked with the assigned Bates stamp number.

6. *Objections to Documents*. Objections to the relevance or admissibility of documents used as deposition exhibits are not waived, and are reserved for later ruling by the Court or by the trial judge. All parties shall cooperate as necessary so that the Court may issue a ruling on any objection to a document prior to trial or prior to any remand of cases for trial in the transferor courts.

## C. **Duration**

1. Counsel should consult prior to a deposition to agree upon the time required to depose a particular witness. The length of depositions (excluding breaks) shall not exceed seven (7) hours, absent agreement of the parties or court order; provided that Plaintiffs

6

can identify twelve (12) depositions where the limit will be fourteen (14) hours, occurring over two days. In the event either party anticipates any deposition other than the twelve (12) so identified by Plaintiffs will exceed seven (7) hours, such party shall notify opposing counsel no less than three (3) weeks prior to the deposition. The parties shall then negotiate in good faith, guided by the rule of reason, regarding the length of the deposition. If the parties cannot agree on the length of deposition, a party may move for an extension of the seven-hour limit; provided that in no event may a deposition last more than two days.

   2. If the parties are unable to agree on the length for a particular deposition, the dispute shall be submitted promptly to the Court for resolution in advance of the scheduled deposition. Counsel should cooperate so that examinations by multiple attorneys do not result in a deposition exceeding the allotted time.

### D. Deposition Day

  A deposition day typically shall commence at 9:30 a.m. and last typically no more than nine (9) hours, including lunch and breaks. There shall be one fifteen (15) minute morning break and two fifteen (15) minute afternoon breaks, with one (1) hour for lunch. Variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the deponent.

### E. Scheduling

   1. Absent extraordinary circumstances, counsel should consult in advance with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations. Counsel are expected to cooperate and coordinate the scheduling of depositions.

   2. Any motion for a protective order shall be filed at least 5 working days before the scheduled deposition; any response shall be filed within 2 working days.

3.      After counsel, through consultation, have arrived on a mutually acceptable date and location for a deposition, Liaison Counsel shall notify their side of the scheduled deposition at least 10 days in advance.

**F.      Location for Depositions**

1.      Unless otherwise agreed, depositions of Plaintiffs will take place in each Plaintiff's home district, which is the district in which the Plaintiff resides, at an appropriate space reserved by Plaintiffs' counsel.

2.      Unless otherwise agreed by the parties prior to the noticing of an expert deposition, the deposition of an expert witness shall take place in the expert witness' home district, which is the district in which the expert resides, unless the expert does not reside in the United States.  For any expert who resides outside the United States, Plaintiffs' experts shall be deposed in Philadelphia and Pfizer's experts shall be deposed in New York, or at such other place mutually agreed to by the parties.

3.      The location of the depositions shall be as consistent as feasible within each city so that videotape equipment, if being used, can be left in place.

4.      Unless otherwise agreed, depositions of any of Defendants' current and former employees who reside or work in the United States will take place at one of the following locations, at such Defendants' election:  (1) the offices of such Defendants' attorneys, if located in New York, Philadelphia, Chicago, or Washington, D.C., (b) the district where the witness resides or works, or (c) in Philadelphia.  If the deposition is to take place at some place other than at the offices of Defendants' counsel, Defendants' counsel will make arrangements for an appropriate location.  Defense counsel will make reasonable efforts to obtain the agreement of former employees of Defendants to appear at the designated locations.

8

5.      Parties responsible for securing deposition space shall reserve an adequately-sized room and all counsel shall be provided with a separate room in which to confer during breaks, and access to the Internet without charge.

## G.      Coordination with State Court Actions, Cross Noticing and Avoidance of Duplicative Depositions

1.      *Coordination with State Court Actions.* In order to avoid duplicative discovery, minimize the number of times that a witness shall appear for a deposition, and to prevent the unnecessary expenditure of judicial resources and the resources of parties, counsel for plaintiffs in the MDL shall use their best efforts to coordinate the scheduling of depositions with counsel for state court plaintiffs. In a coordinated deposition, this Court expects counsel for plaintiffs in the MDL and counsel for state court plaintiffs to cooperate in selecting the primary examiners described in section II.A., above. Absent agreement, it is the intent of this Order that counsel for MDL plaintiffs or MDL defendants, as the case may be, shall be the primary examiners in a deposition coordinated with a state court proceeding, but that counsel in the state court proceeding have sufficient opportunity to question the deponent so that the deposition may be used in the state proceeding for all purposes consistent with the state's procedure. Regardless of which counsel conducts the initial examination of the deponent, subsequent questioning shall not be redundant or repetitive, although clarification of prior testimony may be sought if reasonably calculated to elicit testimony that adds to the substance of prior testimony.

2.      *Cross-Noticing.* Any deposition in this MDL may be cross-noticed by any party in any Zoloft-related action pending in state court, and any deposition in any Zoloft-related action pending in state court may be cross-noticed by any party in this MDL. Each deposition notice shall include the information described in section I.B.2., supra. If a state court deposition has been cross-noticed in this MDL, then state court plaintiffs represented by counsel with

9

actions filed in this MDL may not take a subsequent deposition of that witness except for good
cause shown and, in that case, any subsequent deposition shall be restricted to such additional
inquiry permitted by the Court. Nothing herein shall be construed as an injunctive or equitable
order affecting state court proceedings. Rather, this provision is intended to reflect this Court's
desire for voluntary state-federal coordination.

###### H.      **Early Depositions**

If the parties become aware of persons who possess relevant information but who by
reason of age or ill health may become unavailable for deposition, the deposition may be taken
as soon as practicable.

###### I.      **Objections and Directions Not to Answer**

1.      Any objection made at a deposition shall be deemed to have been made on
behalf of all other parties. All objections, except those as to form and privilege, are reserved
until trial or other use of the depositions.

2.      Counsel shall refrain from engaging in colloquy during deposition. The
phrase "objection as to form" or similar language shall be sufficient to preserve all objections as
to form until the deposition is sought to be used. If requested, the objecting party shall provide a
sufficient explanation for the objection to allow the deposing party to rephrase the question. No
speaking objections are allowed and professionalism is to be maintained by all counsel at all
times. Counsel shall not make objections or statements which might suggest an answer to a
witness.

3.      Any objection to the authenticity of an exhibit used in the deposition must
be made by the objecting party within thirty (30) days of the deposition, or the exhibit will be
deemed authentic. If a party subsequently obtains information that an exhibit is not authentic,
that party will promptly notify the party that offered the exhibit, and all parties shall cooperate as

10

necessary so that the Court may issue a ruling on any objection to a document prior to trial or prior to any remand of cases for trial in the transferor courts.

        4.      Counsel shall not direct or request that a witness refuse to answer a question unless that counsel has objected to the question on the ground that the question seeks (a) privileged information, (b) information that the Court has ordered may not be discovered, or (c) where the parties have agreed that a 30(b)(6) deposition will be limited to the 30(b)(6) topics, that the question exceeds the scope of the topics. Alternatively, counsel may direct a deponent not to answer when the deponent or party, through counsel, states his, her or its intention to present a motion to the Court for termination of the deposition on the ground that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress the party or deponent, or to discover evidence that the deponent's counsel believes is not discoverable.

        5.      When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged.

        **J.**      **Evidentiary Form of Questions**

It is stipulated by Plaintiffs and Defendants that in the event the parties seek to use at any trial the deposition testimony of any witness offering an opinion, the parties shall not raise at such deposition or trial the objection that the deposition questions asked or the answers given regarding such expert opinion do not conform to the evidentiary form typically required by the jurisdiction whose law would control the case being tried. For example, if one jurisdiction

11

requires an opinion to be expressed to a reasonable degree of certainty, the parties shall not object to an opinion given to a reasonable degree of probability.

## K.    Telephonic Depositions and Participation

By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under Fed. R. Civ. P. 30(b)(4). Unless an objection is filed and served within ten (10) calendar days after such notice is received, the Motion shall be deemed to have been granted. Non-examining counsel may attend depositions telephonically but are not permitted to participate absent extenuating circumstances, such as weather delay or physical restriction on travel.

## L.    Disputes During Depositions

1.    Disputes between the parties should be addressed to this Court rather than the District Court in the District in which the deposition is being conducted.

2.    Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Court and if the Court is not available, and to the extent the parties are still unable to resolve the dispute, the deposition shall continue as to matters not in dispute with full reservation of rights for a ruling at the earliest possible time.

3.    If the nature of the dispute would not stop the deposition from going forward, the parties may elect to either present the matter to the Court by telephone, or to present the dispute in writing.

4.    In the event the Court is unavailable by telephone to resolve disputes arising during the course of the deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute. Nothing in this Order shall deny counsel the right to (1) suspend a

12

deposition pursuant to Fed. R. Civ. P. 30(d)(3); or (2) file an appropriate motion with the Court after the deposition, and appear personally before the Court.

### M. Video Depositions

By so indicating in its notice of a deposition, a party, at its expense, may record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(3) subject to the following rules:

1. *Real-time Feed.* All video depositions will be stenographically recorded by a court reporter with "real-time feed" transcription capabilities.

2. *Video Operator.* The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c). At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

3. *Attendance.* Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition.

4. *Filing.* The operator shall preserve custody of the original video medium (tape or DVD) in its original condition until further order of the Court.

5. *Interruptions.* No attorney or party shall direct instructions to the video operator as to the method of operating the equipment. The video camera operation will be suspended during the deposition only upon stipulation by counsel and "off the record" discussions.

### N. Correction and Signing of Depositions

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature within thirty (30) days after the end of the deposition. The deposition may be signed by the deponent before any notary within thirty (30) days after the

transcript is submitted to the deponent. If no corrections are made during this time, the transcript
will be presumed accurate.

      **O.**    **Cost of Deposition**

      1.    The noticing party shall bear the initial expense of both videotaping and
stenographic recording. The parties shall pay for their own copies of transcripts and videotapes
of depositions.

      2.    *Reimbursement of Prescribing Healthcare Providers.* The parties agree to
split the cost of reimbursement of prescribing healthcare providers for their time during
depositions equally, regardless of which party noticed the deposition. A rate of $350.00 per
hour is presumptively reasonable. Any hourly rate above $350.00 must be agreed to in advance
by the parties. Each party is responsible for their own payment to the prescribing healthcare
providers, unless previously arranged through the court reporter. The parties agree to work
cooperatively to share the costs requested by prescribing healthcare providers who are deposed
in connection with their collection and/or review of medical records. This paragraph does not
apply to treating (and non-prescribing) healthcare providers that demand reimbursement for their
time at a deposition, and such requests are to be agreed upon between the parties on a case-by-
case basis.

**III.**    **USE OF DEPOSITIONS**

      Depositions conducted in this MDL may be used in related cases in any state court to the
extent permitted by that state's laws and rules. Depositions may, under the conditions prescribed
in Fed. R. Civ. P. 32(a)(1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be
used by or against any party (including parties later added and parties in cases subsequently filed
in, removed to or transferred to this Court as part of this litigation):

      1.    who is party to this litigation;

2.      who was present or represented at the deposition;

3.      who was served with prior notice of the deposition or otherwise had reasonable

notice thereof; or

4.      who, within thirty (30) calendar days after the transcription of the deposition (or,

if later, with sixty (60) calendar days after becoming a party in this Court in any action that is a

part of this MDL proceeding), fails to show just cause why such deposition shall not be useable

against such party.

## IV.     FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE

Unless specifically modified herein, nothing in this order shall be construed to abrogate

the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

**BY THE COURT:**

*Cynthia M. Rufe*

**CYNTHIA M. RUFE, J.**

15