James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
Telephone: (602) 382-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' MEMORANDUM CONCERNING BINDING EFFECT OF COMPLETED DISCOVERY** |

In accordance with the Court's October 30, 2015 Case Management Order No. 2 [Dkt. No. 249], Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively referred to as "Bard") hereby submit this memorandum setting forth their position concerning the binding effect of already completed discovery, and specifically, the binding effect of depositions previously taken in Bard IVC Filter cases.

**I.     INTRODUCTION**

Congress authorized the creation of MDLs in order to "promote the just and efficient conduct" of a litigation. 28 U.S.C. § 1407(a). Consistent with this mandate, the primary objectives of an MDL are to "eliminate duplication in discovery, . . . reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and

1   the courts." Manual for Complex Litigation (Fourth) § 20.131 (2010) ("Manual") (citing
2   *In re Plumbing Fixture Cases*, 298 F. Supp. 484 (J.P.M.L. 1968)).[1] One tool to achieve
3   these objectives is for the MDL court to require parties to "review [prior discovery taken
4   by others in the same litigation] before undertaking additional discovery" and to "limit the
5   parties to supplemental discovery if [that prior discovery] will be usable as evidence in the
6   present litigation." Manual, § 11.423.

7         That is precisely what United States District Judge Sam Pointer, Jr. did in *In re:
8   Silicone Breast Implants Products Liability Litigation*, MDL No. 926. In that MDL--like
9   this one--significant discovery had already occurred, and multiple trials had already taken
10  place prior to the formation of the MDL. *See In re: Silicone Breast Implants Prods. Liab.
11  Litig.*, 793 F. Supp. 1098, 1100 (J.P.M.L. 1992). Given the volume of discovery that had
12  been accomplished, Judge Pointer recognized that "additional 'true discovery' will not be
13  needed with respect to many potential witnesses who have previously testified in
14  depositions or in trials." *In re: Silicone Breast Implants Prods. Liab. Litig.*, MDL No. 926,
15  CMO No. 5 [Dkt. No. 163] (N.D. Ala. Sept. 15, 1992).[2] Thus, Judge Pointer issued an
16  Order that required the parties to review that prior discovery and not notice any deposition
17  "without first determining that the materials are not available in the [discovery depository]
18  or are inadequate." *Id.* Additionally, he ordered that "[a] deposition taken pursuant to this
19  plan (including . . . ***depositions previously taken in these cases and depositions***
20  ***previously or subsequently taken in any other silicone gel implant litigation in federal***
21  ***or state courts***) shall be considered as satisfying the requirements of Rule 32(a) for use at
22  trial in any federal court action involving silicone gel implants." *Id.* (emphasis added).

---

24  [1] The objective of an MDL in eliminating duplication of discovery is confirmed by the legislative history of the bill that created the MDL statute, 28 U.S.C. § 1407. The House
25  Report that recommended passage of the bill stated that "[t]he objective of the legislation is to provide centralized management under court supervision of pretrial proceedings of
26  multidistrict litigation to assure the 'just and efficient conduct' of such actions. The committee believes that the possibility for conflict and duplication in discovery and other
27  pretrial procedures in related cases can be avoided or minimized by such centralized management." H. R. Rep. No. 90-1130 , at 1899-1900 (1968).
28  [2] Available at http://www.fjc.gov/BREIMLIT/ORDERS/order05.rtf.

These Orders from Judge Pointer promoted the "just and efficient conduct" of that litigation. As the Federal Judicial Center states in the Manual, "[l]imiting repetitive depositions of some witnesses promotes efficiency." Manual at § 22.84.

Like the Silicone Breast Implants Litigation, the Bard IVC Filter Litigation is mature, with significant discovery already completed. Approximately 85 corporate witness depositions have been accomplished, and many of the key witnesses have been deposed or given trial testimony multiples times. *See* Declaration of Matthew B. Lerner ("Lerner Decl."), attached as Exhibit "A," at ¶¶ 6, 11. The topics of these depositions have spanned the spectrum of issues, including design, testing, regulatory, risk assessment, marketing, sales, and post-market surveillance. *See id.* at ¶ 8. All of these depositions have been given in product liability cases involving a Bard IVC Filter. *See id.* at ¶ 9. And all of these prior depositions have been produced in this MDL. *See id.* at ¶ 10.

In light of the voluminous depositions taken in prior Bard IVC Filter cases--and to ensure that this MDL results in a "just and efficient conduct" of this litigation that avoids duplication of discovery--Bard requests that this Court enter an Order, similar to the Order entered in the Silicone Breast Implants Litigation, that provides that the prior depositions of Bard's employees, former employees, and/or consultants taken in a product liability case involving a Bard IVC Filter (the "Prior Depositions") be deemed taken in this MDL.[3] Such depositions could then be used "to the same extent as if taken" in this MDL. Fed. R. Civ. Proc. Rule 32(a)(8). Finally, given that these depositions should be deemed taken in this MDL, the scope of any future discovery should take into account the availability of these depositions.[4] Thus, Bard requests an Order that provides that any future requests by Plaintiffs for additional depositions be assessed under the principles of proportionality as

---

[3] A full list of the Prior Depositions that Bard requests be deemed taken in this MDL is attached as Exhibit "B."

[4] This approach makes particular sense in the context of an MDL or other mass tort litigations. *See* Mitchell A. Lowenthal, Modern Mass Tort Litigation, Prior Action Depositions and Practice Sensitive Procedure, 63 Fordham L. Rev. 989, 1025 (1995) ("The test for admissibility--whether there was a like-interested party at the deposition with similar motive to develop the testimony--should function well as a test for whether a repeat deposition is warranted or whether the prior-action deposition suffices.").

expressed in Rule 26(b)(1), taking into account these 85 depositions are deemed taken in this MDL, and, therefore, discovery should not be reopened on the topics covered in those depositions. *See* Manual at § 22.84 ("[D]iscovery that has already been competently conducted need not be reopened for later-added parties, absent a showing of a specific need."); Lowenthal, Mass Tort Litigation, *supra*, at p. 1025 ("If . . . the prior deposition would be usable in the subsequent action, the court in the subsequent action should entertain seriously a motion to avoid a repeat deposition of the same deponent.").

## II. ARGUMENT AND CITATION TO AUTHORITIES

### A. Legal Standard

Under Rule 32(a)(8), a deposition taken in a prior action may be used "to the same extent as if taken in the later action" where the actions involve "the same subject matter" and "the same parties, or their representatives or successors in interest." Fed. R. Civ. Proc. 32(a)(8). As the Ninth Circuit stated, "[t]hese requirements have been construed liberally in light of the twin goals of fairness and efficiency." *Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982). Thus, "[t]he accepted inquiry focuses on whether the prior cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit. Consequently, courts have required only a substantial identity of issues . . . and the presence of an adversary with the same motive to cross-examine the deponent."[5] *Id.*; *see also Fullerform Continuous Pipe Corp. v. Am. Pipe & Const. Co.*, 44 F.R.D. 453, 455 (D. Ariz. 1968) ("As a general proposition, depositions taken in a prior proceeding are admissible in subsequent actions when there is substantial identity of parties and issues."). Bard's counsel has exhaustively reviewed the available case law on this issue and has found that courts in every single Circuit in the United States follow this formulation of the

---

[5] This is not the only portion of Rule 32(a)(8), or its predecessor Rules 32(a)(4) and Rule 26(d), that Courts have traditionally construed broadly beyond the literal terms of the text. For example, the Rule formerly required that the prior action be dismissed before a deposition could be used in a subsequent action, but courts routinely ignored the requirement. *See* Fed. R. Civ. Proc. Rule 32 advisory committee's note - 1980 Amendment; Wright & Miller, Federal Practice and Procedure: Civil § 2150 (2010).

- 4 -

Rule or a similar interpretation or rule, including six of the ten Circuit Courts of Appeal.[6] Although the Ninth Circuit stated in dicta that it has not decided whether "the presence of an adversary with the same motive to cross-examine is sufficient," *Hub*, 682 F.2d at 778, District Courts within the Ninth Circuit--including this Court--have followed this

---

[6] *See, e.g.*, *Lloyd v. Am. Exp. Lines, Inc.*, 580 F.2d 1179, 1186-87 (3d Cir. 1978) (interpreting Rule 804(b)(1) and stating, "if it appears that in the former suit a party having a like motive to cross-examine about the same matters as the present party would have, was accorded an adequate opportunity for such examination, the testimony may be received against the present party"); *Rule v. Int'l Ass'n of Bridge, Struct. & Orn. Ironworkers, Local Union No. 396*, 568 F.2d 558, 568 (8th Cir. 1977) ("As a general rule, depositions taken in a prior action are admissible in a subsequent action if there is substantial identity of issues and parties in the two actions."); *Minyen v. Am. Home Assur. Co.*, 443 F.2d 788, 791 (10th Cir. 1971) ("The court in *Insul-Wool* reasoned that testimony adduced in a prior suit may be admissible in a subsequent suit even if the parties are not identical, so long as the issues are so similar that the party-opponent in the prior case had the same interest and motives in his cross-examination that the present opponent has. By this time, the decision in *Insul-Wool* has become bedrock authority."); *Ikerd v. Lapworth*, 435 F.2d 197, 205 (7th Cir. 1970) ("Although it is generally the rule that a deposition is not admissible as to one not having the opportunity to be represented at its taking, the presence of an adversary with the same motive to cross-examine the deponent and identity of issues in the case in which the deposition was taken with the one in which it is sought to be used provide a well-recognized exception to the rule."); *Tug Raven v. Trexler*, 419 F.2d 536, 542-43 (4th Cir. 1969) ("The interests of those present and represented by counsel were substantially the same as those who are parties in these proceedings, but who did not appear in the [prior] proceedings."); *Moultrie Nat. Bank v. Travelers Indem. Co.*, 275 F.2d 903, 905 (5th Cir. 1960) (holding that prior deposition could be used against party not present in the prior deposition, because "substantially the same parties and substantially the same issues are involved here as were involved when the deposition was taken"); *CWC Builders, Inc. v. United Specialty Ins. Co.*, No. CV 13-11576-DPW, 2015 WL 5698404, at *1 n.2 (D. Mass. Sept. 28, 2015) ("The presence of an adversary with the same motive to cross-examine the deponent, coupled with a substantial identity of issues, in the prior action may suffice to permit the usage of a prior deposition in a subsequent action." (internal quotation marks and citation omitted)); *Jackson v. ABC Nissan, Inc.*, No. CIV 03-563 PHXSMM, 2007 WL 274315, at *1 (D. Ariz. Jan. 29, 2007) ("The accepted inquiry focuses on whether the prior cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit and [c]ourts have required only a substantial identity of issues." (internal quotation marks and citation omitted)); *U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co.*, No. 97 CIV. 6124 (JGK)(T), 2000 WL 1886593, at *2 (S.D.N.Y. Dec. 29, 2000) ("[T]he relevant inquiry is whether the party-opponent in the prior case had the same motive and opportunity to cross-examine the deponent as the present opponent." (internal quotation marks and citation omitted)); *N. Kentucky Bank & Trust v. Rhein*, No. CIV.A. 83-11, 1986 WL 15632, at *4 (E.D. Ky. Nov. 5, 1986) ("Although it is generally the rule that a deposition is not admissible as to one not having the opportunity to be represented at its taking, the presence of an adversary with the same motive to cross-examine the deponent and identity of issues in the case in which the deposition was taken with the one in which it is sought to be used provides a well recognized exception to the rule."); *see also* Wright & Miller, Federal Practice and Procedure: Civil § 2150 (2010) (collecting cases and stating, "a deposition could even be offered against one who was not a party to the earlier action if there were parties to it who had the same interest in cross-examination as the present party has").

formulation of the rule. *See, e.g.*, *Jackson v. ABC Nissan, Inc.*, No. CIV 03-563 PHXSMM, 2007 WL 274315, at *1 (D. Ariz. Jan. 29, 2007) ("The accepted inquiry focuses on whether the prior cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit."); *see also Hynix Semiconductor Inc. v. Rambus Inc.*, 250 F.R.D. 452, 458 (N.D. Cal. 2008) (interpreting Rule 804(b)(1) and stating that "[t]he modern test does not require privity between the current party and the party who participated in the prior proceeding. A previous party having like motive to develop the testimony about the same material facts is a predecessor in interest to the present party." (internal quotation marks and citation omitted));[7] *Rhead v. Mundy*, No. 01CV0629-LAB(WMC), 2005 WL 5994165, at *14 (S.D. Cal. Oct. 21, 2005) ("The 'similar motive' element requires substantial identity of issues and the presence of an adversary with the same motive to cross-examine the deponent or witness.").

Requiring simply a substantial identity of the parties in the prior and later actions--instead of privity--"is designed to avoid a needless waste of time, money and effort and to expedite the litigation." *Fullerform*, 44 F.R.D. at 455. In this regard, the goals of Rule 32(a)(8) are even more applicable in the MDL context, where the purpose of an MDL is to "promote the just and efficient conduct" of a litigation by "eliminate[ing] duplication in discovery, . . . reduc[ing] litigation cost, and sav[ing] the time and effort of the parties, the attorneys, the witnesses, and the courts." 28 U.S.C. § 1407(a); Manual § 20.131. This formulation of the Rule "not only enhances efficiency, but also enhances fairness by removing a potent harassment tool." Lowenthal, Mass Tort Litigation, *supra*, at p. 1025. This is because the threat of taking repeat depositions can function as an unfair tool for the plaintiffs to drive up the price of settlement. *See id.* at 1025 n. 178 ("[I]n a mass tort litigation . . . each plaintiff may seek to depose the CEO in the hope that the defendant

---

[7] Similar to Rule 32(a)(8), Federal Rule of Evidence Rule 804(b)(1) allows depositions taken in a prior action to be used in a later action if the party or a "predecessor in interest had an opportunity and similar motive to develop" the testimony. Because the two rules have similar provisions regarding the parties present at the deposition, cases interpreting one rule on this point are applicable to the other rule on the same point.

- 6 -

will pay more in settlement to avoid the repeated inconvenience of depositions."). Finally, requiring the presence of an adversary in the prior proceeding with the same motives to develop the testimony as the later party "ensure[s] that the deposition is taken under adversarial circumstances," "substantially satisfy[ing]" the purpose of Rule 32(a)(8). *Ikerd v. Lapworth*, 435 F.2d 197, 205 (7th Cir. 1970).

Plaintiffs will likely cite the dicta from the Ninth Circuit in *Hub* to support their position that they should be able to start this litigation from square one and re-depose Bard's corporate witness employees because certain of the Plaintiffs and/or their attorneys were not present at some of the Prior Depositions. In dicta in *Hub*, the Ninth Circuit expressed reservations about the "same motive" test, stating that it "fails to take into account the possibility that the prior opponent mishandled the cross-examination." *Hub*, 682 F.2d at 778 n.*. Thus, the Court stated that "[w]hen that has happened [i.e., when the prior opponent mishandled the cross-examination], we question whether the deposition should be admitted against a party who did not participate in the cross-examination." *Id.*

Regardless of this dicta, the overwhelming majority rule applied in every Circuit is that the presence of an adversary in the prior action with the same motive to conduct the cross-examination is sufficient to satisfy the "same parties" requirement of Rule 32(a)(8). *See* Footnote 3, *supra*. The Court in *Hub* did not explicitly reject this rule, which the neighboring Tenth Circuit Court of Appeals has called "bedrock authority." *Minyen v. Am. Home Assur. Co.*, 443 F.2d 788, 791 (10th Cir. 1971) ("[T]he decision in *Insul-Wool* [which held that testimony from a prior case was admissible in a later case even if the parties are not identical so long as the party-opponent in the prior case had the same interest and motive in his cross-examination that the present opponent has] has become bedrock authority.").

More importantly, the concern expressed by the Court in *Hub* regarding the mishandling of prior cross-examinations is not applicable in this MDL. Of the 85 depositions that Bard requests be deemed taken in this MDL, 45 were taken in cases where at least one member of this MDL's Plaintiffs Leadership Counsel ("PLC") is

counsel of record. *See* Ex. A, Lerner Decl., at ¶ 12. The PLC constitutes attorneys that are, by their own account, the "original core group of attorneys who have been litigating similar actions against [Bard]." Pet. for Appoint. of a Pls.' Leader. Struct. [Dkt. No. 176] at p. 4 n.1. Plaintiffs cannot assert that these depositions were "mishandled," given they were taken in cases where a member of the PLC (attorneys with the most experience litigating these cases) is counsel of record. Finally, although PLC members did not take the remaining 40 depositions, that has not stopped them from seeking to designate testimony from 20 of the depositions in previous Bard IVC Filter trials. *See* Ex. A, Lerner Decl., at ¶ 13. Thus, these remaining depositions cannot be considered "mishandled" if they are good enough for PLC members to attempt to use in past trials.

In light of the parallel goals of Rule 32(a)(8) and an MDL to promote an efficient litigation that eliminates duplication of discovery, and given the overwhelming weight of authority on the issue, this Court should apply Rule 32(a)(8) and deem prior depositions as taken in this MDL if the prior case involves a substantial identity of the issues as in this MDL and the presence of an adversary with the same motive to cross-examine the deponent as Plaintiffs have now.

### B. The Prior Depositions Involve the Same Subject Matter

In the Ninth Circuit, to meet the "same subject matter" requirement under Rule 32(a)(8), "courts have required only a substantial identity of issues." *Hub*, 682 F.2d at 778. As one court stated "the two lawsuits need not involve identical issues." *Kmart Corp. v. Footstar, Inc.*, No. 09 CV 3607, 2012 WL 5389727, at *4 (N.D. Ill. Nov. 2, 2012) (internal quotation marks omitted). Stated differently, "the fact that the [prior] depositions did not address the precise issue presented in [the later case] does not demonstrate a lack of identity of issues." *Id.*

Here, it is beyond reasonable dispute that the Prior Depositions were taken in cases that involve the "same subject matter" as this MDL. All of the Prior Depositions were taken in product liability cases involving claims regarding a Bard IVC Filter. *See* Ex. A, Lerner Decl., at ¶ 9. They involved allegations of design or manufacturing defect, failure

to warn, and/or negligence. While a variety of Bard IVC Filters were at issue in these prior cases, those differences do not defeat a "same subject matter" finding. Those prior cases involved the three models of filters (Recovery®, G2®/G2®X, and Eclipse®) at issue in the majority of cases in this MDL. Moreover, Plaintiffs admit that "while some categories of cases may raise different issues, there are common issues with all of the cases and that these common issues predominate over any distinctions between the cases." Parties' Proposed Agenda [Dkt. No. 174] at p. 3. Thus, Plaintiffs "agree that much of the discovery already taken in individual cases at the federal and state level will apply to all cases." *Id.* In other words, the issues raised in cases wherein the Prior Depositions were taken are substantially similar to the issues in this MDL.

Because these Prior Depositions were taken in product liability cases involving claims against a Bard IVC Filter, they were taken in actions involving "the same subject matter" as this MDL for purposes of Rule 32(a)(8). *See Pesterfield v. Sunbeam Corp.*, No. 3:00CV104, 2005 WL 1076293, at *2 (E.D. Tenn. May 6, 2005) (holding that depositions taken in prior product liability cases involving the defendant's bedding products could be used in later product liability case involving the same or similar products because "the subject matter of the prior actions and issues involved are sufficiently similar").

### C. The Prior Depositions Included the Presence of an Adversary With the Same Motive to Cross-Examine the Deponents

As noted above, to satisfy the "same parties" requirement under Rule 32(a)(8), the previous depositions simply need to include the presence of an adversary with the same motive to cross-examine the deponents as in the present action. *See* Section II.A, *supra*. This requirement is met where the "interest of the objecting party in the prior suit was calculated to induce as thorough a cross-examination as the interest of the present opponent." *Rule*, 568 F.2d at 569; *see also Bushmaker v. A. W. Chesterton Co.*, No. 09-CV-726-SLC, 2013 WL 11079371, at *1 (W.D. Wis. Mar. 1, 2013) ("'The similar motive inquiry is essentially a hypothetical one: is the motive to develop the testimony at the

prior time similar to the motive that would exist if the declarant were produced (which of course he is not) at the current trial or hearing.'" (quoting *Schimpf v. Gerald, Inc.*, 52 F. Supp. 2d 976, 982 (E.D.Wis.1999))). The inquiry focuses on whether the prior attorney had the same *motive* to cross-examine, "not whether [the prior examiner] acted as [the later party] would have acted." *Id.* at *2.

Here, the various plaintiffs' attorneys who deposed Bard's witnesses in the Prior Depositions had the same motive to cross-examine Bard's witnesses as the MDL Plaintiffs have now. All of them seek to prove their product liability claims against Bard regarding a Bard IVC Filter. *Cf. Fullerform*, 44 F.R.D. at 456 ("Defendants common to both actions have the same primary interest—disproving the existence of a conspiracy. They would have protected this interest in the No-Joint proceedings, to the benefit of themselves and all others similarly situated herein."). Moreover, many of the Prior Depositions were noticed or cross-noticed in multiple cases, *see* Ex. A, Lerner Decl., at ¶ 14, and many of them have been used by multiple Plaintiffs and/or PLC members in support of their claims against Bard. Therefore, the attorneys who took the Prior Depositions had the same motive to ensure they took thorough depositions that could be used in more than just one case. Accordingly, the Prior Depositions were taken by adversaries of Bard with the same motive to cross-examine the deponents as the MDL Plaintiffs have now, satisfying the requirements of Rule 32(a)(8).

### III.     CONCLUSION

This is a mature litigation in which 85 corporate witness depositions have been taken in prior cases. It would be a waste of resources--and a direct contravention of the MDL's goals of efficiency and avoiding duplication of discovery--to give Plaintiffs unfettered access to re-depose Bard's corporate witnesses. Instead, the Prior Depositions taken in Bard IVC Filter cases should be deemed taken in this MDL, pursuant to Rule 32(a)(8). Future depositions in this MDL of Bard's witnesses should be allowed only after a showing that the additional discovery is "proportional to the needs of the case," taking into account these 85 Prior Depositions deemed already taken in this MDL.

DATED this 18th day of December, 2015.

               SNELL & WILMER L.L.P.

               By: s/ Richard B. North, Jr.
                  James R. Condo
                  Amanda C. Sheridan
                  One Arizona Center
                  400 E. Van Buren, Suite 1900
                  Phoenix, Arizona 85004-2202

               Richard B. North, Jr. (admitted *pro hac vice*)
               Georgia Bar No. 545599
               Matthew B. Lerner (admitted *pro hac vice*)
               Georgia Bar No. 446986
               Nelson Mullins Riley & Scarborough LLP
               201 17th Street, NW, Suite 1700
               Atlanta, GA 30363

               Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2015, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

               s/ Richard B. North, Jr.
               Richard B. North, Jr. (admitted *pro hac vice*)
               Georgia Bar No. 545599
               Nelson Mullins Riley & Scarborough LLP
               201 17th Street, NW, Suite 1700
               Atlanta, GA 30363
               Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.