James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Telephone: (602) 382-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' RESPONSE MEMORANDUM CONCERNING BINDING EFFECT OF COMPLETED DISCOVERY** |
|---|---|

Plaintiffs concede "that testimony from prior IVC filter cases may be usable in these proceedings." Pl.'s Br. [Dkt. No. 375] at p. 2; *see also id.* at p. 1 ("[D]iscovery completed prior to the formation of this [MDL] may be used in this MDL."). Thus, Bard and Plaintiffs agree with the fundamental premise that the 85 prior depositions of Bard's employees, former employees, and/or consultants (the "Prior Depositions") may be used in this MDL.

However, while Plaintiffs agree that the Prior Depositions may be used in this MDL, they do not want to stop there. Instead, they want an unrestricted ability to re-take any deposition, regardless of whether the deponent has already been deposed on the same

1    subject matter in a deposition completed prior to the formation of this MDL. The
2    Plaintiffs should not be permitted to have it both ways.

3    **I.      ARGUMENT AND CITATION TO AUTHORITIES**

4        **A.     Requests for Additional Depositions Should Be Assessed Under
5            Rule 26(b)**

6        Given Plaintiffs' concession that Prior Depositions may be used in this MDL, the
7    applicability of Federal Rule of Civil Procedure 32(a)(8) -- which dictates when "a
8    deposition lawfully taken . . . *may be used in a later action*" (emphasis added) -- appears
9    to be no longer at issue in this briefing.[1] Instead, the issue is simply this: How is the scope
10   of discovery affected by the fact that 85 Prior Depositions have been taken, and now with
11   the agreement of both sides, will be deemed taken and usable in this MDL?

12       Plaintiffs' position is that, notwithstanding that these Prior Depositions are usable
13   in this MDL, they should have an unfettered right to start from square one and take, or re-
14   take, as many new depositions as they like.[2] Indeed, Plaintiffs admit that under their
15   proposal, they could take "every deposition again," although they assert that this is
16   "unlikely." Pl.'s Br. [Dkt. No. 375] at p. 5. Plaintiffs' position ignores the basic principles
17   regarding the scope of discovery under Rule 26(b), because it would allow Plaintiffs to
18   obtain additional, voluminous and burdensome discovery regardless of whether it is
19   "unreasonably cumulative or duplicative" of the Prior Depositions, and regardless of

---

[1] Plaintiffs incorrectly assert that Rule 32(a)(8) addresses instances where prior depositions can be "*binding* in later cases." Pl.'s Br. [Dkt. No. 375] at p. 2 (emphasis added). Plaintiffs then argue why, under that Rule, it would be unfair to "bind" them to prior depositions. *See id.* at 2-4. However, Rule 32(a)(8) only addresses instances where prior depositions "may be used in a later action." Fed. R. Civ. Proc. 32(a)(8). Because both Bard and Plaintiffs agree that the Prior Depositions **may be used** in this MDL, the Court does not need to independently analyze whether the Prior Depositions may be used pursuant to Rule 32(a)(8).

[2] Plaintiffs' proposed order was not attached as an exhibit to their brief, and, thus, Bard is attaching it here as Exhibit "A" for the Court's reference. Plaintiffs repeatedly emphasize that their proposal is modeled after a sample order from the Manual for Complex Litigation, 4th. *See* Pl.'s Br. [Dkt. No. 375] at p. 2, 3, 6. However, as Bard pointed out to Plaintiffs' counsel during the meet and confer process, that sample order and Plaintiffs' proposed order do not squarely address the issue raised at the October 29, 2015 Case Management Conference concerning whether discovery, including depositions, completed prior to the formation of the MDL should be usable in this MDL.

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

whether it "can be obtained from some other source that is more convenient," such as from the Prior Depositions. *See* Fed. R. Civ. Proc. 26(b)(1) & (b)(2)(C).[3]

On the other hand, Bard's proposal explicitly embraces Rule 26(b).[4] Under Bard's proposal, requests for additional depositions should take into account the 85 Prior Depositions that are usable in this MDL. Given that these Prior Depositions are usable in this MDL -- as both parties agree -- requests for additional depositions should be governed by the rules regarding the scope of discovery, as set forth in Rule 26(b). If the additional depositions that Plaintiffs seek are relevant and proportional to the needs of the case and not unreasonably cumulative or duplicative, then they should be permitted. However, if Plaintiffs seek to re-take depositions of Bard's witnesses on subjects that have already been addressed in a Prior Deposition, or if the discovery that is sought is not proportional to the needs of the case, then the depositions should not be permitted.

Simply put, Bard's position is that Rule 26(b) should govern the scope of discovery, just as it does in every other case under the Federal Rules. And now that Plaintiffs have conceded that the 85 Prior Depositions are part of the discovery in this proceeding, the scope of discovery should be defined against that background.

**B.     Bard's Proposal Would Not Result in Inefficiencies**

Plaintiffs argue that Bard's proposal "would create substantial and unnecessary inefficiencies, as the parties would need to litigate, potentially for each witness, whether prior depositions involved the same issues, whether the prior plaintiffs had the same motive or opportunity to develop the testimony, and 'whether the prior cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit.'" Pl.'s Br. [Dkt. No. 375] at p. 4 (quoting *Hub v. Sun Valley*). Plaintiffs' argument misses the mark.

---

[3] Plaintiffs argue that they have "every incentive to litigate this case efficiently," and they assert that they "intend to identify, on a witness-by-witness basis, both areas of inquiry that they agree need not be covered again, and witnesses who will not need to be deposed again." Pl.'s Br. [Dkt. No. 375] at p. 1-2. These assertions are meaningless, however, without any enforcement mechanism. Having the scope of discovery limited by Rule 26(b) provides such enforcement.

[4] Bard's proposal to Plaintiffs was attached by Plaintiffs as Exhibit "B" to their Brief. *See* Ex. B to Pl.'s Br. [Dkt. No. 375-1].

- 3 -

1  Because Plaintiffs concede that the Prior Depositions may be used in this MDL, when
2  determining whether an additional deposition is warranted in this case, neither the parties
3  nor the Court need to assess the factors provided in Rule 32(a)(8), including whether the
4  Prior Depositions involve the same subject matter or the same parties (as that term has
5  been interpreted by the many cases cited by Bard in its brief). Instead, the parties would
6  assess whether the additional discovery is proportional to the needs of the case, and
7  whether the additional discovery is unreasonably cumulative or duplicative of previously
8  taken discovery. That is precisely the analysis that every other litigant must engage in
9  when determining whether additional discovery is warranted under the Federal Rules.
10 Indeed, Plaintiffs themselves advocate for this same analysis to be conducted when new
11 MDL plaintiffs seek additional depositions of witnesses deposed in this MDL after its
12 formation. *See* Pl.'s Br. [Dkt. No. 375] at p. 1 ("Discovery taken in this MDL after its
13 formation, on the other hand, may be used, and any party added to this MDL should have
14 to make a showing that additional discovery, including deposition testimony from a
15 witness deposed in this MDL, is necessary and non-duplicative.").

16 Depositions that are taken in this MDL should be treated no differently than
17 depositions that are taken prior to the formation of this MDL but that are usable in this
18 MDL. Accordingly, whether any additional depositions may be taken in this MDL should
19 be assessed under Rule 26(b)(1)'s framework, taking into account the 85 Prior
20 Depositions that are usable in this MDL.

21       C.  **Bard's Proposal Is Consistent With the Procedure Adopted in *In re:***
22           ***Silicone Breast Implants Products Liability Litigation***

23 Plaintiffs argue that Bard's proposal is "unprecedented." Pl.'s Br. [Dkt. No. 375] at
24 p. 3, 6. However, as Bard demonstrated in its opening brief, the procedure that Bard is
25 requesting is precisely the same procedure adopted by Judge Sam Pointer, Jr. in *In re:*
26 *Silicone Breast Implants Products Liability Litigation*, MDL No. 926.

27 Moreover, to the extent that this issue regarding the applicability of depositions
28 taken prior to the formation of an MDL has not occurred in many prior MDLs, it is not

- 4 -

surprising, given the unique circumstances of the Bard IVC Filter MDL, which was formed ten years after the first IVC filter case was filed against Bard. And while Plaintiffs cite two MDLs (*In re: Testosterone Replacement Therapy Products Liability Litigation*, MDL No. 2545, and *In re: Zoloft Products Liability Litigation*, MDL No. 2342) to support their claim that their proposal is "accepted MDL practice," they make no showing of whether the MDL courts there addressed the issue of how to treat depositions completed prior to the formation of those MDLs. *See* Pl.'s Br. [Dkt. No. 375] at p. 6.

## II.   CONCLUSION

The parties agree that the 85 Prior Depositions may be used in this MDL. However, Plaintiffs want more. They seek an unrestricted right to re-take the deposition of any of these prior witnesses, even if the deposition would be cumulative or duplicative of the prior deposition.

Bard respectfully requests that the Court reject Plaintiffs' proposal and, instead, adopt an Order that provides that any request to take a supplemental deposition of any deponent previously deposed in this MDL or in any deposition deemed taken in this MDL (including the 85 Prior Depositions) shall be governed by the rules regarding the scope of discovery, as set forth in Fed. R. Civ. P. 26(b), and particularly the provisions requiring that discovery be proportional and not duplicative.

DATED this 8th day of January, 2016.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/ Richard B. North, Jr.
    Richard B. North, Jr. (admitted *pro hac vice*)
    Georgia Bar No. 545599
    Matthew B. Lerner (admitted *pro hac vice*)
    Georgia Bar No. 446986
    201 17th Street, NW, Suite 1700
    Atlanta, GA 30363

    James R. Condo
    Amanda C. Sheridan
    SNELL & WILMER L.L.P.
    One Arizona Center
    400 E. Van Buren, Suite 1900
    Phoenix, AZ 85004-2202

Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2016, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

 s/ Richard B. North, Jr.
Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Nelson Mullins Riley & Scarborough LLP
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.