James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Telephone: (602) 382-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' UNOPPOSED MOTION AND INCORPORATED MEMORANDUM TO SEAL** |

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") hereby respectfully move this Court for an order, pursuant to the Stipulated Protective Order (Doc. 268), Federal Rule of Civil Procedure 26(c)(1)(G), and Local Civil Rule 5.6 sealing a document accompanying Defendants' Reply in Support of Their Motion for Protective Order Regarding Discovery of Litigation Consultant's Report. The exhibit that is the subject of Bard's Unopposed Motion to Seal constitutes trade secrets or other confidential research, development, or commercial information thereby warranting protection from public disclosure for a discovery related motion. Although the plaintiffs do not oppose the sealing of this document for purposes of expeditiously resolving Bard's Motion for Protective Order, the plaintiffs explicitly reserve their right to challenge the

1  confidentiality designation of Bard's document at a later time pursuant to the terms in the
2  Stipulated Protective Order. Accordingly, there is good cause to grant Bard's Unopposed
3  Motion to Seal.

## ARGUMENT AND CITATION OF AUTHORITY

In conjunction with Bard's Reply in Support of Its Motion for Protective Order regarding Dr. Lehmann's December 15, 2004, report, Bard wishes to submit the following confidential document to the Court for its consideration: an April 24, 2004 Health Hazard Evaluation (BPV-17-01-00153179), attached as Exhibit A, regarding adverse event reporting, investigation, and analysis ("Document at Issue"). Similar to other documents that the Court has sealed in conjunction with Bard's Motion for Protective Order, the Document at Issue reflects Bard's confidential trade secrets and/or contain highly competitive, confidential, or proprietary information that warrants protection under Federal Rule of Civil Procedure 26(c)(1)(G) because the document is not made public by Bard and, if obtained by Bard's competitors, would give an unfair economic advantage to those competitors.

**A.  Bard Asserts that the Document At Issue Is "Confidential Information" Pursuant to the Stipulation for Protective Order, and Therefore It Should Be Sealed**

The Court has entered a Stipulated Protective Order to protect public disclosure of "Confidential Information," which includes any "'trade secret' or other confidential research, development, or commercial information' that is suitable for protection under Federal Rule of Civil Procedure 26(c)(1)(G)" Stipulated Protective Order (Doc. 269 ¶¶ 1, 2.) Bard has designated the Document at Issue in this motion as "CONFIDENTIAL." (*Id.* ¶ 6). Finally, the Stipulated Protective Order states "All Confidential Information shall be used for the purpose of this lawsuit only . . . except as permitted by this Order." (*Id.* ¶ 12). These types of provisions are common in legal proceedings and are routinely enforced. *See, e.g., Culinary Foods, Inc. v. Raychem Corp.*, 151 F.RD. 297, 307 (N.D. Ill. 1993) ("We hold that confidential information obtained by Culinary in this litigation may not be

1  disseminated to litigants in other cases against Raychem."); *cf Smithkline Beecham Corp.*
2  *v. Synthon Pharmaceuticals Ltd.*, 210 F.RD. 163, 169 (M.D.N.C. 2002) (refusing to
3  modify protective order to allow plaintiffs to use confidential documents in other
4  litigation). Thus, the Court should grant Bard's Unopposed Motion to Seal to maintain
5  the confidentiality afforded by the Stipulated Protective Order to the Document at Issue.

**B.   The Document at Issue Warrants Protection Pursuant to Fed. R. Civ. P. 26(c)(1)(G) as a Trade Secret or Other Confidential Research, Development or Commercial Information, and Would Cause Bard Competitive Harm if Made Public**

Federal Rule of Civil Procedure 26(c)(1)(G) provides that the Court may, for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (G) requiring that a trade secret or other confidential research, development, or commercial information . . . be revealed only in a specified way." "Good cause" exists when disclosure will result in "a clearly defined and serious injury to the party" seeking closure. *Blanchard & Co., Inc. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004) (citing *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994)). In determining whether "good cause" exists, the court "must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." *Id.* The Court has wide discretion in determining the scope of an order protecting confidential research, development, or commercial information. *See id.*

The information contained in the Document at Issue includes confidential business information, and is correspondence concerning Bard's complaint handling processes, quality control and quality system procedures, and device tracking methods. *See* Carr Aff. ¶ 8.b, Aug. 28, 2014, attached as Exhibit B.[1] The Document at Issue represents the implementation of these processes, procedures, and policies, which Bard has in part

---

[1] Mr. Carr's affidavit was executed in relation to a motion to seal in a related case against Bard and dealt with some of the same documents at issue here. To the extent that the Court would like additional information regarding individual Document at Issue, Bard will supplement the record.

developed to comply with the technical requirements provided for by the FDA and/or Bard's internal requirements. *See id.*

The form and presentation of the information contained in the Document at Issue took years for Bard to develop. *See id.* ¶ 8.d. Given the time and money that Bard has invested in developing its evaluative and investigative processes, as well as its processes for regulatory and internal policy compliance, competitor medical device companies would gain an unfair economic advantage if they gained access to Bard's commercial information, thereby causing Bard real and tangible harm in the highly competitive medical device industry. *See* Carr Aff. ¶ 10.[2] Moreover, because of the economic injury that Bard would sustain if its internal documents were available to competitors, Bard seeks to protect the confidentiality of material like the Document at Issue whenever its internal documents are at issue in litigation.[3] *See id.* ¶ 11.

---

[2] *See e.g., Medicis Pharm. Corp. v. Acella Pharm., LLC*, CV 10-1780-PHX-JAT, 2012 WL 2260928 at *2 (D. Ariz. June 15, 2012) (sealing exhibits related to "Medicis' marketing strategy, Acella's product formulation, . . . various emails and deposition transcripts, viscosity test data, sales and marketing information, and various other documents" because "[m]uch of this information has been previously sealed by the Court, has been designated as confidential by the parties pursuant to the protective order in this case, or could otherwise potentially harm the parties if released publicly because of its confidential and sensitive nature."); *see also, e.g., In re Denture Cream Products Liab. Litig.*, 09-2051-MD, 2013 WL 214672 (S.D. Fla. Jan. 18, 2013) (sealing internal company documents because the "common law right of access to judicial proceedings does not apply under the facts of this case" the document at issue implicated hundreds of employee hours of work, costs hundreds of thousands of dollars to plan, implement and analyze, have substantial commercial value and are of substantial value to other denture adhesive manufacturers."); *In re Eli Lilly & Co., Prozac Prods. Liab. Litig.*, 142 F.R.D. 454, 460 (S.D. Ind. 1992) (holding pharmaceutical company would suffer harm if the manufacturing process it has expended time and money developing became known to competitors); *Culinary Foods, Inc. v. Raychem Corp.,* 151 F.R.D. 297, 305 *order clarified*, 153 F.R.D. 614 (N.D. Ill. 1993) ("[D]isclosing Raychem's product design modification and changes would decrease Raychem's incentive to invest in safety devices. Raychem's competitors would get free access to information which Raychem has spent a great deal of time and money producing and protecting"); *In re Gabapentin Patent Litigation*, 312 F. Supp. 2d 653, 659 (D.N.J. 2004) (noting the pharmaceutical industry is highly competitive and granted protective order); *see also, e.g., Davis v. AT&T*, 1998 WL 912012 (W.D.N.Y. 1998) (noting the market for automatic speech recognition technology is highly competitive and rises to the level of the court's protection).

[3] Therefore, Bard has taken reasonable efforts to maintain confidentiality of its document and it should remain confidential. *See In re Denture Cream Products Liab. Litig.,* 09-2051-MD, 2013 WL 214672 (S.D. Fla. Jan. 18, 2013) (finding documents confidential in part because the defendant "consistently treated the information as closely guarded secrets").

- 4 -

1    Finally, because the Document at Issue does not relate to a motion that requires
2 judicial resolution of this case on the merits, there is no general First Amendment right to
3 access the Document.  *See, e.g., Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d
4 1304, 1312–13 (11th Cir. 2001) (finding that "material filed with discovery motions is not
5 subject to the common-law right of access, whereas discovery material filed in connection
6 with pretrial motions that require judicial resolution of the merits is subject to the
7 common-law right"); *United States v. Wolfson*, 55 F.3d 58, 61 (2d Cir. 1995) ("We are not
8 aware . . . of any common-law principle that documents submitted to a court in camera for
9 the sole purpose of confirming that the refusal to disclose them to another party was
10 proper, are to be deemed judicial records open to the public."); *The Courier-Journal v.*
11 *Marshall,* 828 F.2d 361, 363 (6th Cir. 1987) (newspapers had no first amendment right of
12 access to discovery materials, despite the recognition that "proceedings [were] of intense
13 public concern").
14    For each of these reasons, Bard has met the good cause standard for protection of
15 its Document at Issue by showing that public disclosure of the Document will cause a
16 clearly defined injury to Bard.  *See Shell Exploration & Prod. Co. v. Robinson*, No.
17 CIV.A. 01-1417, 2001 WL 1490954 (E.D. La. Nov. 20, 2001) (finding that good cause
18 existed for sealing judicial record "out of an abundance of caution in order to protect trade
19 secrets" even when the testimony at issue "would not be particularly illuminating," the
20 "testimony did not specify any particular trade secrets").  Accordingly, the Court should
21 grant Bard's Unopposed Motion to Seal.

## **CONCLUSION**

23    For the foregoing reasons, the Document at Issue warrants protection as
24 confidential research, development, or commercial information pursuant to Rule
25 26(c)(1)(G). Accordingly, the Court should grant Bard's Unopposed Motion to Seal.
26 / / /
27 / / /
28 / / /

- 5 -

1     DATED this 8th day of January, 2016.

2                                     SNELL & WILMER L.L.P.

4                       By: s/Amanda C. Sheridan
                          James R. Condo
                          Amanda C. Sheridan
                          One Arizona Center
                          400 E. Van Buren, Suite 1900
                          Phoenix, Arizona 85004-2202

                          Richard B. North, Jr. (admitted *pro hac vice*)
                          Georgia Bar No. 545599
                          Matthew B. Lerner (admitted *pro hac vice*)
                          Georgia Bar No. 446986
                          Nelson Mullins Riley & Scarborough LLP
                          201 17th Street, NW / Suite 1700
                          Atlanta, GA 30363

                          Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2016, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

                                                    s/Amanda C. Sheridan

23283276