Ramon R. Rossi - rlopez@lopezmchugh.com
California Bar Number 86361 – admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660
949-812-5771

Robert W. Boatman (009619) – rwb@gknet.com
Paul L. Stoller (016773) – paul.stoller@gknet.com
Shannon L. Clark (019708) – slc@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, AZ 85016
802-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **IN RE BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION** | No. MD-15-02641-PHX-DGC |

**PLAINTIFFS' RESPONSE MEMORANDUM**

**CONCERNING APPLICABILITY OF PRIOR DISCOVERY**

/ / /

/ / /

This Court asked the parties to address what binding effect already-completed discovery will have on cases filed after the date of discovery. Plaintiffs' initial filing addressed the logical and necessary differences between discovery taken in cases prior to the formation of this MDL and discovery taken after. Plaintiffs' proposed procedure furthers all parties' interest in conducting discovery efficiently and limiting duplication, as well as the rights and interests of current and future plaintiffs (who may ultimately number more than one thousand) in not being bound – without prior notice – by discovery conducted years ago, by different lawyers, in different fora, with different amounts of information and discovery available to them.

Bard, on the other hand, proposes that 85 depositions of its current and former employees and consultants taken in prior cases (nearly half of which were not conducted by members of the Plaintiffs' Leadership Counsel) "be deemed taken in this MDL." *See* Dkt. No. 376, at 10 ("Br."). It further requests that "[f]uture depositions in this MDL of Bard's witnesses should be allowed only after a showing that the additional discovery is 'proportional to the needs of the case,' taking into account" the prior depositions. *Id.*

Bard's proposal is contrary to the Federal Rules of Civil Procedure, unfair, and inefficient. Simply put, much of the strategic and factual architecture of these cases has changed and is changing as new evidence is developed. Plaintiffs' proposal provides appropriate advance notice to all parties of the binding effect of any deposition testimony, is consistent with Rules 30 and 32 and accepted MDL practice, and allows the parties to conduct discovery as efficiently as possible.

**I.      Bard's Proposal is Inconsistent with Rules 30 and 32.**

Bard's attempt to bind all new Plaintiffs to depositions taken long ago in other actions is contrary to the plain language of Rules 30 and 32.

Rule 30(a)(1) provides authority for Plaintiffs to depose "any" person, including a party and its employees. The Rule requires leave of court to depose persons who have "already been deposed in the case." Rule 30(a)(2)(A)(ii) (emphasis added). However, no such restriction exists for persons deposed in prior actions.

Apparently attempting to pigeon hole the depositions from prior actions into this restriction, Bard asks this Court to "deem" those prior depositions as having been taken in this case. But, Bard makes no reference to Rule 30(a); nor does it cite any cases interpreting or applying that rule. Instead, it cites cases applying Rule 32 – treating these cases, and the standards they apply as to use and admissibility, as if they were relevant authority. But Rule 32 and Bard's cases address only when depositions from a prior case may be ***used*** in an action; they have no bearing on whether new depositions may be ***taken*** in an action. No Rule permits depositions from prior cases to be "deemed" as taken in the new one, and no Rule precludes a party from deposing a witness deposed in a prior case.

Indeed, no court has done what Bard asks this Court to do: to deem depositions taken in other prior matters by different parties (often years previously and with access to substantially less discovery than is available now) as depositions taken "in the case" in order to block additional depositions of those witnesses.[1] And, Bard cites no case in which a court has limited a party's right to depose a witness because the witness was deposed in a prior action by a different, unrelated party.[2] Instead, the cases Bard cites, both from within this Circuit[3] and outside (*see* Br. at 5 n.6), address only the affirmative use or admissibility of depositions taken in prior cases (the subject of Rule 32) – not the

---

[1] The case management order entered in 1992 in *In re: Silicone Gel Breast Implants Products Liability Litigation*, MDL No. 926, does not support the restrictions Bard seeks here. Contrary to Bard's suggestion, the court there did not "deem" the prior depositions as taken in the MDL. Rather, it allowed for the use of prior depositions, as Plaintiffs suggest here, while specifically allowing supplemental depositions for further questioning. It also expressly permitted the taking of separate trial depositions of "all persons whose testimony will likely be needed" for trials. *See In re: Silicone Gel Breast Implants Products Liability Litigation*, MDL No. 926, Order No. 5, at page 6, ¶ 7(a)(3) (Sept. 15, 1992).

[2] In *Pesterfield v. Sunbeam Corp.*, 2005 WL 1076293 (E.D. Tenn. May 6, 2005), cited by Bard (Br. at 9), the court did not bind the plaintiff to prior depositions; it held that the plaintiff could <u>choose</u> whether to use deposition testimony from the prior action or to re-depose the witnesses. And, the plaintiff sought to use the prior deposition testimony.

[3] *See Jackson v. ABC Nissan, Inc.*, 2007 WL 274315, at *1 (D. Ariz. Jan. 29, 2007) (addressing admissibility of depositions from prior lawsuit to which defendant conceded that it was a party); *Rhead v. Mundy*, 2005 WL 5994165, at *14 (S.D. Cal. Oct. 21, 2005) (addressing whether testimony at a criminal hearing was admissible); *Hynix Semiconductor Inc. v. Rambus Inc.*, 250 F.R.D. 452, 458 (N.D. Cal. 2008) (addressing whether prior deposition was hearsay and at trial); *Fullerform Continuous Pipe Corp. v. American Pipe and Construction Co.*, 44 F.R.D. 453, 455-56 (D. Ariz. 1968) (plaintiffs sought to use prior testimony at trial).

right of a party to depose such persons in the current action (the subject of Rule 30(a)).

On its face, Rule 32(a)(8) does not apply to the taking of a deposition of a person deposed in a prior case. The Rule addresses only the <u>use</u> of such prior deposition testimony. Moreover, even if the Rule applied to the taking of depositions, Bard does not – and cannot – contest that its text unambiguously requires that there be both the "same subject matter" and the "same parties" as in the prior action.[4] Fed. R. Civ. P. 32(a)(8). Bard, however, seeks to bind an entirely new set of plaintiffs who may have different devices than those at issue in the prior lawsuits, as well as other distinct factual or legal issues. Thus, Bard fails on every prong.

Although Plaintiffs can agree to the use of past depositions to achieve efficiencies wherever possible, Bard's proposal that such depositions be "deemed taken," and thus presumptively limit additional depositions, is inconsistent with Rules 30 and 32.

### II. **Bard's Proposal is Unfair: No Reasonable Party Would Agree to be Bound by Years-Old Depositions Taken in Cases with Different Issues.**

It is important to note that the depositions to which Bard would like to bind all Plaintiffs were taken years ago in individual actions, almost always involved a single device (as opposed to the six at issue in this MDL), and without the benefit of documents and other discovery since taken in other actions and to be taken in this MDL. The inequity to new plaintiffs with different devices is apparent.

This is the key distinction between Plaintiffs' proposal and Bard's: Plaintiffs recognize that much of the prior deposition testimony will be useful in this MDL and would seek the agreement of Bard to use portions of or entire depositions where that is the case; Bard would have this Court deem all of those depositions taken, and then leverage that finding into a sweeping restriction under Rule 30(a)(2)(A)(ii) barring Plaintiffs from

---

[4] While other circuits have applied Rule 32 to allow the use of depositions from a prior action where there are not the "same parties" but the same motive, the Ninth Circuit has called that test "troubling" and not adopted it in the intervening 23 years. *Hub v. Sun Valley Co.*, 682 F.2d 776, 778 n* (9th Cir. 1982); *see also Affinity Labs of Texas, LLC v. Apple Inc.*, 2011 WL 232521, at *2 (N.D. Cal. Jan. 24, 2011) (citing *Hub* and rejecting use of prior deposition testimony of third parties where opposing party did not have prior opportunity to depose the witnesses).

- 3 -

deposing any of those individuals again – regardless of the circumstances of the lawsuit, the claims in it, and discovery accomplished since then and in this case (which adding, as Plaintiffs show below, an unnecessary layer of procedure in forcing Plaintiffs to make a "showing".[5]

In the context of Rule 32, the Ninth Circuit noted that the determination of whether a party can <u>use</u> a prior deposition in a new lawsuit focuses on "whether the prior cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit." *Hub*, 682 F.2d at 778. The Court need not undertake this fact-specific inquiry for the nearly 100 prior depositions, because no reasonable party would agree to be bound by all of them – many taken years ago, *forty* by lawyers not in this MDL, at varying stages of discovery, and involving different devices and issues. Further, as Plaintiffs' initial brief details (Dkt. No. 375, at 4-5), the parties are just now entering the "Second Phase" of fact discovery, which should entail substantial new and supplemental document productions from Bard. Under these circumstances, the Court need not determine whether the "prior cross-examination would satisfy a reasonable party." Motion-laden deposition discovery would advance at a snail's pace under Bard's novel and legally-unprecedented approach.

### III. Bard's Proposal is Unworkable.

Although Bard professes to seek efficiency, its proposal would result in the opposite. Its insistence that Plaintiffs make a "showing" for each new deposition (*see* Br. at 10) not only invites, but ensures, constant wrangling over every deposition that Plaintiffs would seek to take. It is also a recipe for constant judicial involvement in basic discovery matters that the parties should manage without the Court's intervention.

Bard's proposal would necessitate a detailed, fact-intensive determination of whether each new deposition would cover the same subject matter and issues as a prior deposition or depositions. This would not only force Plaintiffs' counsel to preview lines

---

[5] Bard's contention that Plaintiffs should make a showing concerning proportionality is contrary to the Advisory Committee's commentary to the 2015 amendments to Rule 26, which emphasizes that addition of proportionality language "does not place on the party seeking discovery the burden of addressing all proportionality considerations."

- 4 -

of questioning, but would also be needlessly complicated. For example, for each prior deposition, the Court would need to examine what devices were at issue, as well as the posture and state of discovery in the case at the time.[6]

### IV.     Plaintiffs' Proposal is a More Efficient and Effective Way to Proceed.

Plaintiffs' proposal provides for commonsense restrictions consistent with the practice outlined by the *Manual for Complex Litigation* (4th ed. 2004) ("MCL"). The agreed use of prior depositions can create efficiencies that all parties should welcome. For this reason, the MCL notes that, for economy, parties "may stipulate to the use of depositions taken in one particular case." MCL § 11.455

But a procedure binding parties to prior depositions can only work prospectively, so that all parties – including current and future plaintiffs – understand the scope of the designated testimony and have the opportunity to seek supplementation of discovery if necessary. As the MCL states, "(***with advance notice***) the answers given at the earlier deposition may be adopted as the current testimony of the witness, subject to supplementation…." *Id.* at § 11.455 (emphasis added). It is clear that this guidance is applicable to discovery taken under the supervision of the MDL court, as the MCL later suggests "instituting procedures to facilitate the use of depositions against similarly situated parties ***later added to the litigation***…" *Id.* at § 22.84.

Plaintiffs' proposal serves the needs of current plaintiffs to pursue needed discovery and not be bound to past discovery, while also providing for notice to later-added parties of the scope of the discovery taken and stipulated as usable.

### Conclusion

For these reasons, Plaintiffs respectfully request that the Court permit use of prior depositions, but reject Bard's overly restrictive order concerning future discovery.

---

[6] Even under Rule 32, the Court would need to conduct this analysis to determine whether the prior plaintiff truly had the same motive and opportunity to conduct a cross-examination that would bind a plaintiff in 2016. *See Schimpf v. Gerald, Inc.*, 52 F. Supp. 2d 976, 983 (E.D. Wis. 1999) (applying Rule 804(b)(1) and holding that "[m]ere naked opportunity to cross-examine is not enough; there must also be a perceived real need or incentive to thoroughly cross-examine at the time of the deposition").

RESPECTFULLY SUBMITTED this 8th day of January, 2016.

LOPEZ MCHUGH LLP

By: */s/ Ramon R. Rossi*
Ramon R. Rossi
(Admitted *Pro Hac Vice*)
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660

GALLAGHER & KENNEDY

By: */s/ Robert W. Boatman*
Robert W. Boatman
2575 East Camelback Road, Suite 1100
Phoenix, AZ 85016

*Co-Lead/Liaison Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record through the Court's CM/ECF system on this 8th day of January, 2016.

*/s/ Nancy Jo Koenes*
Nancy Jo Koenes

5190709v3/26997-0001

- 6 -