# EXHIBIT 1

Robert W. Boatman (009619) - rwb@gknet.com
Paul L. Stoller (016773) - paul.stoller@gknet.com
Shannon L. Clark (019708) - SLC@gknet.com
**GALLAGHER & KENNEDY, P.A.**
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000

Ramon Rossi Lopez (CA Bar No. 86361)
(admitted *pro hac vice*)
**LOPEZ McHUGH LLP**
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
rlopez@lopezmchugh.com

*Co-Lead/Liaison Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION | MD No. 02641<br><br>**PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6) and RELATED REQUESTS FOR PRODUCTION OF DOCUMENTS** |

YOU ARE HEREBY NOTIFIED that, in accordance with Rule 30(b)(6), Fed. R. Civ. P., Plaintiff will depose the representative of Bard [full corporate names] ("BARD") who is the most knowledgeable regarding the following matters set forth in Exhibit A.

DATE/TIME OF DEPOSITION: December 15, 2015, 10 a.m.

LOCATION OF DEPOSITION: Gallagher & Kennedy, P.A.
2575 East Camelback Road, Suite 1100
Phoenix, Arizona 85016

The deposition will be taken upon oral examination before a stenographic court reporter or some other officer duly authorized by law to take oaths and acknowledgements in the State of Arizona. The deposition will continue day to day until completed and will be videotaped. This deposition is being taken for the purpose of discovery, for use at trial or both of the foregoing, or for such other purposes as permitted under the applicable rules and governing law.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 34, Fed. R. Civ. P., BARD is to produce by November 10, 2015 the documents and tangible things identified in Exhibit B attached hereto.

DATED this 5th day of November 2015.

GALLAGHER & KENNEDY, P.A.

By: /s/ Paul L. Stoller
Robert W. Boatman
Paul L. Stoller
Shannon L. Clark
2575 East Camelback Road
Phoenix, Arizona  85016-9225

**LOPEZ McHUGH LLP**
Ramon Rossi Lopez (CA Bar No. 86361)
(admitted *pro hac vice*)
100 Bayview Circle, Suite 5600
Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on November 5th, 2015 a true and correct copy of the foregoing was sent via U.S. Mail and/or Electronic Mail to:

James R. Condo
Snell & Wilmer LLP
One Arizona Center
400 East Van Buren Street
Suite 1900
Phoenix, Arizona 85004
*Attorneys for Defendants*

Richard B. North, Jr.
Nelson Mullins Riley & Scarborough LLP
Atlantic Station
201 17th Street NW, Suite 1700
Atlanta, Georgia 30363
*Attorneys for Defendants*

*Counsel for Plaintiffs will be served in accordance with the Court's Case Management Order No. 1

[signature]

3

**EXHIBIT A**

**Definitions**

The following definitions apply to this Notice of Deposition, including those matters set forth in Exhibit A hereto, and are deemed to be incorporated into each subject and request for documents listed below:

1. "Identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

2. BARD means defendants C.R. BARD INC. and BARD PERIPHERAL VASCULAR. INC., and any of its subsidiaries, affiliates, officers, agents, attorneys, employees, representatives, or others acting on its behalf.

3. "Person" means natural person, as well as corporate and/or governmental entity.

4. "IVC Filter" means all IVC Filters manufactured or distributed by BARD or its predecessors prior to assignment or sale of such filters to BARD. Also included is any device intended to retrieve any filter or to introduce any filter into the body.

5. "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "with regard to," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

6. "Documents" as used in this Request is coextensive with the meaning of the terms "documents" and "tangible things" in FRCP 34, and shall have the broadest possible meaning and interpretation ascribed to the terms "documents" and "tangible things" under FRCP 34. Consistent with the above definition, the term document shall include, without limitation, any written, printed, typed, photostatic, photographed,

4

recorded, computer-generated, computer- stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of you or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of you, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on your behalf.

      7.    "Or" and "and" will be used interchangeably.

### Deposition Subject Matter

Pursuant to Rule 30(b)(6), BARD shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the following subject matters:

/ / /

/ / /

FDA WARNING LETTER DATED JULY 13, 2015:

1. All communications with FDA officials regarding the subject matter and content of the warning letter issued by FDA on July 13, 2015 including but not limited to communications described in the letter.

2. The identity of BARD's corporate officers and other employees (including but not limited to their titles, duties and dates of such responsibility) who were and are responsible for communicating with regulatory officials with the FDA and related regulatory bodies concerning the subject matter and content of the warning letter issued by FDA on July 13, 2015.

3. The visits/inspections from/by the FDA to Bard facilities on the dates listed in the warning letter issued by the FDA on July 13, 2015.

4. The failure to establish and maintain procedures for receiving, reviewing and evaluating complaints associated with Bard's IVC filters and Bard IVC filter removal products as described in the warning letter issued by the FDA on July 13, 2015.

5. Determination of lot numbers subject to the failure to establish and maintain procedures for acceptance of incoming product as described in paragraph 5 of the warning letter issued by the FDA on July 13, 2015.

6. The failure to submit reports as described in paragraph 7 of the warning letter issued by the FDA on July 13, 2015 and the responses submitted by Bard to the FDA listed as inadequate.

7. Actions taken by defendants since the issuance of the warning letter issued by FDA on July 13, 2015.

**EXHIBIT B**

**DOCUMENTS TO BE PRODUCED**

1. An unredacted and final copy of the warning letter issued by FDA on July 13, 2015 to Bard.

2. All communications with FDA related to the subject matter of the warning letter issued by the FDA on July 13, 2015.

3. All documents which reflect a regulatory log of contacts with the FDA regarding the warning letter issued by FDA on July 13, 2015.

4. All complaint files referenced in the warning letter issued by FDA on July 13, 2015.

5. All complaint files provided to and/or reviewed by FDA as part of the investigation and inspections that resulted in the warning letter issued by FDA on July 13, 2015.

6. All documents and material provided to FDA during the course of its inspection and investigation that resulted in the warning letter issued by FDA on July 13, 2015.

7. All internal communications relating to the subject matter of the warning letter issued by FDA on July 13, 2015.

8. Communications with FDA and internally at BARD since the issuance of the warning letter issued by FDA on July 13, 2015 which pertain to the subject matter and content of said warning letter.

9. Documents reflecting actions taken by defendants as a result of the warning letter issued by FDA on July 13, 2015.

10. Observations noted on FDA Forms 483, Lists of Inspectional Observations that were issued to you at the close of the FDA's inspections that are referenced in the warning letter issued by FDA on July 13, 2015.

5117670v1/26997-0001