# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | MDL 15-02641-PHX DGC<br><br>**CASE MANAGEMENT ORDER NO. 8** |

The Court held a second case management conference with the parties on January 29, 2016. The conference was scheduled to address a number of issues identified in Case Management Order No. 2 ("CMO 2") (Doc. 249).

**I.    Second-Phase Discovery.**

The parties have largely completed the first phase of discovery outlined in CMO 2. The Court adopts the following schedule for the second phase of discovery in this MDL proceeding. The discovery shall include all common fact and expert issues in this MDL, but not case-specific issues to be resolved in individual cases after remand.

A.    Fact Discovery.

The deadline for completing fact discovery, including discovery by subpoena, shall be **October 28, 2016**. To ensure compliance with this deadline, the following rules shall apply:

1. Depositions: All depositions shall be scheduled to commence at least **five working days** prior to the discovery deadline. A deposition commenced five days prior to the deadline may continue up until the deadline, as necessary.

2. Written Discovery: All interrogatories, requests for production of documents, and requests for admissions shall be served at least **45 days** before the discovery deadline.

3. The parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this order.

B. <u>Expert Disclosures and Discovery</u>.

1. Plaintiffs shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **December 16, 2016.**

2. Defendant(s) shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **February 3, 2017.**

3. Rebuttal expert disclosures, if any, shall be made no later than **March 3, 2017.** Rebuttal experts shall be limited to responding to opinions stated by initial experts.

4. Expert depositions shall be completed no later than **May 19, 2017.**

5. Disclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who will provide testimony under Federal Rules of Evidence 702, 703, or 705, but who are not required to provide expert reports under Rule 26(a)(2)(B). Rule 26(a)(2)(C) disclosures are required for such witnesses on the dates set forth above. Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the witness will testify, but must also provide a summary of the facts and opinions to which the expert will testify. The summary, although clearly not as detailed as a

Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the expert will say at trial.[1]

6. As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures of such testimony are required on the dates set forth above; absent extraordinary circumstances, parties will not be permitted to supplement expert reports after these dates. The Court notes, however, that it usually permits parties to present opinions of their experts that were elicited by opposing counsel during depositions of the experts. Counsel should depose experts with this fact in mind.

C. Mature Cases.

In CMO 4 (Doc. 363), the Court identified 13 mature cases. The Court and parties concluded at the conference that these cases should not be subject to a separate discovery track, but that some or all of them may be ready for remand before other cases in this MDL proceeding. The parties should confer and agree on additional discovery or motion practice needed for these 13 cases, and shall file a stipulation identifying the specific litigation steps to be taken with respect to these cases. The purpose will be to remand these cases as soon as reasonably possible, rather than postponing their disposition until the end of this MDL proceeding. The parties' stipulation shall be filed by **March 1, 2016**.

**II. Bellwether Selection Process.**

The parties will confer and seek to agree on procedures to govern the selection of bellwether cases. The parties shall file a stipulation or joint submission on this issue by

---

[1] In *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011), the Ninth Circuit held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id.* at 826. Thus, for opinions formed outside the course of treatment, Rule 26(a)(2)(B) written reports are required. *Id*. For opinions formed during the course of treatment, Rule 26(a)(2)(C) disclosures will suffice.

- 3 -

**March 1, 2016.** The submission shall include proposed forms of Plaintiffs' and Defendants' fact sheets, as were previously to be submitted on January 15, 2016. In this respect, the Court grants the parties' stipulation at Doc. 436.

**III.    ESI and Previously Searched Custodians.**

The Court held an extended discussion with the parties on electronically stored information ("ESI") previously produced in this case, Plaintiffs' desire for additional information on the ESI, and related matters. The Court enters the following orders.

      A.    System Architecture.

           1.    Defendants shall provide Plaintiffs, in an interview or Rule 30(b)(6) deposition, information regarding Defendants' corporate structure and corporate information systems. The purpose of these disclosures will be to aid Plaintiffs in understanding the locations of information relevant to this litigation.

           2.    After obtaining this general information, Plaintiffs may conduct an interview or a Rule 30(b)(6) deposition focusing on the architecture of Defendants' information systems that are reasonably likely to contain information relevant to the products at issue in this MDL proceeding. The Court deems this discovery as comparable to the kind of location discovery that was expressly permitted by Rule 26(b)(1) before December 1, 2015, and removed from the language of the rule only because the Advisory Committee concluded that it was unnecessary because such discovery is routinely granted.

      B.    Defendants' ESI Collection Efforts.

           1.    Defendants shall provide Plaintiffs with the following categories of information in the form of interrogatory answers: A reasonably detailed description of the kinds of information defense counsel obtained from Bard witnesses interviewed as part of Defendants' document and ESI collection efforts in 2005 and 2006; a reasonably detailed description of update efforts Defendants have undertaken with respect to those custodians; reasonably detailed information regarding steps Defendants have taken to locate and produce relevant information from their shared document management

systems, including QUMAS and Master Control; all combinations of keyword search terms used by Defendants when searching for ESI, including instructions within these combinations of search terms; and any testing Defendants have done to determine whether their searches for ESI have been over-inclusive or under-inclusive.

2. Once the foregoing information has been exchanged, the parties shall meet and confer about additional information sought by Plaintiffs. Plaintiffs shall identify, *with specificity*, the categories of additional information they seek regarding Defendants' ESI-collection efforts. If the parties are unable to agree, they shall submit to the Court a matrix that contains a separate line for each *specific* category of information Plaintiffs seek, with two columns on each line. The left column shall set forth Plaintiffs' specific information request and an explanation of why it is relevant and discoverable. The second column shall set forth Defendants' response and explanation as to why the information is not discoverable. The parties shall complete this process and, if necessary, submit the matrix to the Court by **March 18, 2016**.

C. Preservation Discovery.

The Court concludes that it is premature for the parties to engage in discovery focused primarily on Defendants' alleged failure to preserve ESI. Thus far, there has been no demonstration that ESI has been lost. In addition, under Rule 37(e), parties should seek to find allegedly lost ESI through additional discovery efforts before a Court is to take corrective or punitive measures. If Plaintiffs later develop a good faith basis for concluding that relevant ESI has been lost and that some remedy is appropriate under Rule 37(e), they may raise the issue with the Court. This ruling does not foreclose Plaintiffs, during a deposition of a witness, from asking where information relevant to that witness's testimony is located.

**IV. Document and ESI Discovery from New Custodians.**

A. Defendants shall provide to Plaintiffs, in the form of interrogatory answers, the identification of employees who were involved with the Eclipse, Meridian, and Denali filters and whose documents and ESI have not yet been searched.

B. With this information in hand, Plaintiffs shall identify the specific custodians from whom they seek ESI discovery using the search terms already established in prior cases, and any additional search terms upon which the parties agree. If the parties are unable to reach agreement on custodians, they shall include the specific identifications of these custodians, and the searches Plaintiffs seek with respect to the custodians, in the matrix to be provided to the Court by **March 18, 2016**.

### V. FDA Inspection and Warning Letter.

On or before **February 10, 2016**, the parties shall file 15-page memoranda addressing the relevancy and discoverability of information related to the FDA inspection and warning letter. The purpose will be to aid the Court in determining whether further discovery with respect to the letter is warranted in this case. As part of the briefing, Plaintiffs should describe the specific discovery they seek with respect to the letter.

### VI. Discovery Regarding Recovery Cone Removal System.

The briefing described in the preceding paragraph shall include a discussion of the Recovery Cone Removal System, why it is or is not relevant in this case, and why discovery regarding the system is or is not warranted.

### VII. Discovery Regarding Simon Nitinol Filter.

Plaintiffs shall identify the specific discovery they seek to take regarding the Simon Nitinol Filter ("SNF"). The parties shall meet and confer regarding this requested discovery. If the parties are unable to reach agreement, they shall include Plaintiffs' *specific* discovery requests, and Defendants' objections, in the matrix to be filed by **March 18, 2016**, as discussed above.

### VIII. Discovery Regarding Sales and Marketing Personnel.

Discovery may begin with respect to Defendants' national sales and marketing practices. If, after completion of this discovery, Plaintiffs feel that discovery is needed of Defendants' regional sales and marketing practices, they shall discuss their specific discovery requests with Defendants. If the parties are unable to reach agreement, they shall raise this issue with the Court. The Court will not set a deadline for this issue to be

raised, but it should not be raised so late in the fact discovery schedule to afford insufficient time for discovery to be completed.

### IX. Pending Rule 30(b)(6) Notices in Consolidated Cases.

Issues regarding discovery of sales and marketing practices have been dealt with above. Discovery regarding the remaining issues in current notices – the FDA warning letter, regulatory affairs and communications, and post-market surveillance and adverse events reporting – should be addressed by the parties after the Court rules on the discoverability of the FDA warning letter. Existing notices are deemed moot, and may be re-issued during the discovery period if warranted. Disagreements should be brought to the Court's attention.

### X. Depositions of Previously-Deposed Witnesses.

Defendants have noted that approximately 80 witnesses have been deposed in connection with these cases before establishment of the MDL. Defendants generally oppose re-deposing these witnesses on topics already covered. Plaintiffs agree that there would be no purpose in re-asking the same questions of the same witnesses who were previously deposed. The parties have filed memoranda on the question of what discovery taken in Bard filter cases before this MDL proceeding should be deemed binding in this proceeding.

As the Court observed during the conference, this is not a matter governed by Rule 32(a)(8). That rule concerns the use of depositions in later proceedings; it does not place a limit on depositions in later proceedings. Although Rule 30(a) generally permits deposition of witnesses, Rule 26(b)(2)(C) provides that the Court must limit discovery "otherwise allowed by these rules" if "the discovery sought is unreasonably cumulative or duplicative, or might be obtained from some other source that is more convenient, less burdensome, or less expensive," or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

The Court declined to place a numerical limit on the number of fact depositions Plaintiffs may conduct in this MDL. The Court also declined to place an hours limit on

depositions. At the same time, the Court strongly agrees that the parties should not spend time asking the same questions of the same witnesses who have been deposed in these or previous filter cases. The Court establishes the following procedure for resolving disagreements about whether previously-deposed witnesses may be deposed again.

A. If Plaintiffs conclude that a previously-deposed witness should be deposed again, Plaintiffs shall provide Defendants with an explanation of why the witness should be deposed again. Relevant reasons would include, but are not necessarily limited to, new topics that are relevant to this MDL proceeding and were not addressed in the previous deposition, or new information about topics that were addressed in the previous deposition. Plaintiffs shall provide Defendants with an approximation of the time for the renewed deposition. The parties shall confer in good faith to reach agreement with respect to the proposed deposition.

B. If the parties are unable to agree, Defendants shall bear the burden of seeking a protective order under Rule 26(b)(2)(C). Defendants shall do so by placing a joint conference call to the Court to discuss the proposed depositions. The Court hopes the parties will be able to reach agreement on these issues and, if not, that the Court's rulings on a few depositions will provide sufficient guidance for the parties to reach agreement in the future. The Court will consider appointment of a Special Master if the issues become too numerous, but strongly prefers not to add that additional complexity and expense to this case.

C. The parties and the Court talked about whether "trial depositions" should be taken in this MDL. Plaintiffs suggested that such depositions could justifiably address questions and subjects previously covered in depositions. The Court will not authorize trial depositions at this point. If Plaintiffs conclude at a later stage that trial depositions of some witnesses should be taken, they may raise the issue with Defendants. The Court is reluctant, however, to adopt a procedure that will result in the re-deposition of virtually every witness previously deposed in this or related litigation solely for the purpose of capturing trial testimony.

**XI.  Discovery Regarding Kay Fuller Allegations.**

Plaintiffs may depose witnesses Edwards and Vierling in connection with Kay Fuller allegations. With respect to other witnesses Plaintiffs seek to depose, the parties shall follow the procedures set forth in section X above.

**XII.  Early Consideration of Equitable Tolling.**

The Court and the parties discussed whether this MDL proceeding is the correct venue to address or decide equitable tolling issues. Such issues may implicate case-specific matters such as state law, when a particular Plaintiff knew or should have known of his or her claim, and other case-specific equitable factors. If it is possible to address this issue on an MDL-wide basis that would advance the litigation, however, it should be considered. Defendants stated that they will discuss this issue further with Plaintiffs and bring it to the Court's attention if they wish to propose a method for considering equitable tolling in this proceeding.

**XIII.  Pending Motions in Individual Cases.**

Exhibit 7 to the parties' joint report (Doc. 451-7) identifies a number of motions pending in cases that have been transferred to this MDL. The Court concluded that these motions should be denied without prejudice to the parties' reasserting them in the individual cases after this MDL proceeding is resolved, or asserting them as part of non-case-specific issues and motions to be resolved in this proceeding. The Court shall deny these motions without prejudice, making reference to this Case Management Order.

**XIV.  Privilege Log Issues.**

The parties advised the Court that they may be able to reach agreement on the best method for resolving their disagreements with respect to privilege logs. The parties shall advise the Court by **February 12, 2016**, whether they have been able to reach agreement and, if not, their recommended procedure for resolving the issues.

**XV.  ESI Protocol.**

The Court will enter the parties' stipulated order at Doc. 438. The Court directed the parties, however, to engage in additional discussions about whether they can agree on

a stipulated order dealing with preservation, including by Plaintiffs. The parties shall notify the Court on or before **February 12, 2016**, as to whether they have reached agreement on this issue. If they have, they shall submit a stipulated order to the Court.

**XVI. Next Case Management Conference.**

The next Case Management Conference will be held on **March 31, 2016 at 10:00 a.m.** The parties shall provide the Court with a joint status report, and any issues they wish to address at the conference, by **March 25, 2016.** The parties' submission should include a proposed agenda for the conference.

Dated this 2nd day of February, 2016.

_____
David G. Campbell
United States District Judge