James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
JCondo@swlaw.com
ASheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
Richard.North@nelsonmullins.com
Matthew.Lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | MDL NO. 15-02641-PHX-DGC |
| This Document Relates to: | |
| JENNIFER SHROPSHIRE, an individual, | |
| Plaintiff, | Case No. CV-15-02655-PHX-DGC |
| v. | |
| C. R. BARD, INC., a corporation, BARD PERIPHERAL VASCULAR INC., a corporation, and DOES 1 through 100, inclusive, | **DEFENDANTS C. R. BARD, INC. AND BARD PERIPHERAL VASCULAR, INC.'S ANSWER AND AFFIRMATIVE DEFENSES AND DEMAND FOR TRIAL BY JURY** |
| Defendants. | |

1    Defendants C. R. Bard, Inc. ("Bard") and Bard Peripheral Vascular, Inc. ("BPV")

2    (Bard and BPV are collectively "Defendants") answer the Complaint ("Plaintiff's

3    Complaint") of Plaintiff Jennifer Shropshire ("Plaintiff") as follows:

4                                    **INTRODUCTORY ALLEGATIONS**

5    1.    Defendants admit that Plaintiff has brought this civil action for damages but

6    deny that Plaintiff has suffered any personal injuries caused by Defendants, deny that

7    Defendants are liable to Plaintiff, and deny that Plaintiff is entitled to any damages from

8    Defendants. Defendants deny any remaining allegations contained in Paragraph 1 of

9    Plaintiff's Complaint.

10    2.    Defendants are without knowledge or information sufficient to form a belief as

11    to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint regarding the

12    trade name of any inferior vena cava filter implanted in Plaintiff and, therefore deny them.

13    Defendants admit that Bard owns a facility where vena cava filters are manufactured,

14    including filters under the trademarks Recovery®, G2®, G2®X, G2® Express, Eclipse™,

15    Meridian™, and Denali™ Filter Systems. Defendants further admit that BPV designs, sells,

16    markets, and distributes inferior vena cava filters, and that BPV has designed, sold, marketed,

17    and distributed filters under the trademarks Recovery®, G2®, G2®X, G2® Express,

18    Eclipse™, Meridian™, and Denali™ Filter Systems. Defendants deny any remaining

19    allegations contained in Paragraph 2 of Plaintiff's Complaint.

20    3.    Defendants admit that Plaintiff has brought this civil action for damages but

21    deny that Plaintiff has suffered any personal injuries caused by Defendants, deny that

22    Defendants are liable to Plaintiff, and deny that Plaintiff is entitled to any damages from

23    Defendants. Defendants deny any remaining allegations contained in Paragraph 3 of

24    Plaintiff's Complaint.

25    4.    Defendants deny the allegations contained in Paragraph 4 of Plaintiff's

26    Complaint.

5.     Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.     Defendants deny that any of its inferior vena cava filter products are unreasonably dangerous or defective in any manner. Defendants admit that Bard owns a facility where vena cava filters are manufactured. Defendants further admit that BPV designs, sells, markets, and distributes inferior vena cava filters. Defendants deny any remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.     Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

## **PARTIES**

8.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and, therefore, deny them.

9.     Defendants deny that Bard is a Delaware Corporation. Defendants admit that Bard is a New Jersey Corporation and that Bard is authorized to do business, and does business, in the State of Georgia. Defendants admit that Bard owns a facility where vena cava filters are manufactured, including filters under the trademarks Recovery®, G2®, G2®X, G2® Express, Eclipse™, Meridian™, and Denali™ Filter Systems. Defendants deny any remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Defendants admit that BPV is an Arizona Corporation and that that BPV is authorized to do business, and do business, in the State of Georgia. Defendants further admit that BPV is a wholly owned subsidiary of Bard. Defendants admit that BPV designs, sells, markets, and distributes inferior vena cava filters and that BPV has designed, sold, marketed, and distributed filters under the trademarks Recovery®, G2®, G2®X, G2® Express, Eclipse™, Meridian™, and Denali™ Filter Systems. Defendants deny any remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     The allegations contained in Paragraph 11 of Plaintiff's Complaint are not directed at Defendants and, therefore require no response. To the extent a response is required, Defendants deny those allegations.

12.     The allegations contained in Paragraph 12 of Plaintiff's Complaint are not directed at Defendants and, therefore require no response. To the extent a response is required, Defendants deny those allegations.

**JURISDICTION AND VENUE**

13.     Regarding Paragraph 13 of Plaintiff's Complaint, Defendants do not contest that the injuries and damages alleged within Plaintiff's Complaint exceed the jurisdictional limit of this Court. However, Defendants deny that they are liable to Plaintiff for any amount whatsoever and deny that Plaintiff has suffered any damages whatsoever. Defendants do not dispute that, based on the facts as alleged by Plaintiff, which have not been, and could not have been confirmed by Defendants, jurisdiction appears to be proper in the United States District Court for the Eastern District of Kentucky.

14.     Regarding Paragraph 14 of Plaintiff's Complaint, Defendants do not dispute that, based on the facts as alleged by Plaintiff, which have not been and could not have been confirmed by Defendants, venue appears to be proper in the United States District Court for the Eastern District of Kentucky.

**GENERAL FACTUAL ALLEGATIONS**

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding the time frame when inferior vena cava filters were first introduced on the market or the identity of manufacturers of inferior vena cava filters. Defendants deny any remaining allegations of Paragraph 15 of Plaintiff's Complaint.

16.     Defendants admit that inferior vena cava filters are intended to prevent injury or death resulting from venous thrombosis and pulmonary embolism. Defendants further admit that inferior vena cava filters may be designed for permanent placement, temporary

placement, or both. Defendants deny any remaining allegations of Paragraph 16 of Plaintiff's Complaint.

17.     Defendants admit that the inferior vena cava is a large vein that receives blood from the lower regions of the body and delivers it to the right atrium of the heart. Defendants further admit that deep vein thrombosis and pulmonary emboli present dangerous risks to human health, including sometimes death. Defendants deny any remaining allegations of Paragraph 17 of Plaintiff's Complaint.

18.     Defendants admit that patients at a high risk for developing deep vein thrombosis and pulmonary embolism are frequently treated with anticoagulation therapy, including but not limited to the medications listed in Paragraph 18 of Plaintiff's Complaint. Defendants further admit that inferior vena cava filters may also be used to treat patients who are at a high risk for developing deep vein thrombosis and pulmonary embolism. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 18 of Plaintiff's Complaint and, on that basis, deny them.

19.     Defendants lack knowledge or information or information sufficient to form a belief as to the truth of the allegation regarding the time frame when inferior vena cava filters were first introduced on the market. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding doctors' use of permanent filters. Defendants deny any remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the medical community's concerns regarding the desirability

of a retrievable filter. Defendants deny any remaining allegations of Paragraph 22 of Plaintiff's Complaint.

23.    Defendants lack knowledge or information sufficient to admit or deny the allegations regarding the intent of any other manufacturers in developing inferior vena cava filter products. Defendants deny any remaining allegations of Paragraph 23 of Plaintiff's Complaint.

24.    Defendants admit that the Recovery® Filter was cleared by the FDA for retrievable placement on July 25, 2003, pursuant to applications submitted under Section 510(k) of the Food, Drug and Cosmetic Act. Defendants deny any remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.    Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.    Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.    Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.    Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint, including all subparts thereof.

29.    Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.    Defendants admit that Bard has distributed the Simon Nitinol Filter in the United States since at least 1992. Defendants further admit that the Simon Nitinol Filter is designed for permanent placement. Defendants deny any remaining allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.    Defendants admit that, as part of their continuing efforts to constantly evaluate the medical devices they sell, in conjunction with the ever-changing state-of-the-art, they are continually striving to improve the life-saving performance of those devices. The Recovery®

1    Filter was developed in furtherance of those efforts. Defendants further admit that the

2    Recovery® Filter was cleared by the FDA for optional use as a retrievable inferior vena cava

3    filter. Defendants deny any remaining allegations contained in Paragraph 31 of Plaintiff's

4    Complaint.

5         32.    Defendants deny the allegations contained in Paragraph 32 of Plaintiff's

6    Complaint.

7         33.    Defendants deny the allegations contained in Paragraph 33 of Plaintiff's

8    Complaint.

9         34.    Defendants deny the allegations contained in Paragraph 34 of Plaintiff's

10   Complaint, as stated. Defendants admit that the Recovery® Filter was cleared by the FDA for

11   permanent placement on November 27, 2002, pursuant to an application submitted under

12   Section 510(k) of the Food, Drug and Cosmetic Act. Defendants deny any remaining

13   allegations contained in Paragraph 34 of Plaintiff's Complaint.

14        35.    The allegations contained in Paragraph 35 of Plaintiff's Complaint regarding

15   the 510(k) process are conclusions of law, to which no response is required. To the extent a

16   response is required, Defendants deny those allegations. The remaining allegations contained

17   in Paragraph 35 are not directed at Defendants and, therefore, require no response. To the

18   extent a response is required, Defendants deny those allegations.

19        36.    The allegations contained in Paragraph 36 are not directed at Defendants and,

20   therefore, require no response. To the extent a response is required, Defendants deny those

21   allegations.

22        37.    The allegations contained in Paragraph 37 of Plaintiff's Complaint regarding

23   the 510(k) process are conclusions of law, to which no response is required. To the extent a

24   response is required, Defendants deny those allegations.

25        38.    Defendants admit that the Recovery® Filter was cleared by the FDA for

26   retrievable   placement   on   July 25, 2003,   pursuant   to   applications   submitted   under

27

28

1   Section 510(k) of the Food, Drug and Cosmetic Act. Defendants deny any remaining
2   allegations contained in Paragraph 38 of Plaintiff's Complaint.

3          39.    Defendants deny the allegations contained in Paragraph 39 of Plaintiff's
4   Complaint.

5          40.    Defendants deny the allegations contained in Paragraph 40 of Plaintiff's
6   Complaint.

7          41.    Defendants admit that the Recovery® Filter consists of twelve, shape-memory
8   Nitinol wires emanating from a central Nitinol sleeve. Defendants further admit that the
9   twelve wires form two levels of filtration for emboli:  the legs provide the lower level of
10  filtration, and the arms provide the upper level of filtration. Defendants deny any remaining
11  allegations contained in Paragraph 41 of Plaintiff's Complaint.

12         42.    Defendants admit that the Recovery® Filter consists of twelve, shape-memory
13  Nitinol wires emanating from a central Nitinol sleeve. Defendants further admit that the
14  twelve wires form two levels of filtration for emboli: the legs provide the lower level of
15  filtration, and the arms provide the upper level of filtration. Defendants deny any remaining
16  allegations contained in Paragraph 42 of Plaintiff's Complaint.

17         43.    Defendants admit that the Recovery® Filter consists of twelve, shape-memory
18  Nitinol wires emanating from a central Nitinol sleeve. Defendants further admit that the
19  twelve wires form two levels of filtration for emboli:  the legs provide the lower level of
20  filtration, and the arms provide the upper level of filtration. Defendants deny any remaining
21  allegations contained in Paragraph 43 of Plaintiff's Complaint.

22         44.    Defendants admit that a nickel-titanium alloy named Nitinol is used in the
23  manufacture of the Recovery® Filter.  Defendants admit that Nitinol contains shape memory.
24  Defendants deny any remaining allegations contained in Paragraph 44 of Plaintiff's
25  Complaint.

26         45.    Defendants admit that a nickel-titanium alloy named Nitinol is used in the
27  manufacture of the Recovery® Filter.  Defendants admit that Nitinol contains shape memory.

28

1    Defendants deny any remaining allegations contained in Paragraph 45 of Plaintiff's
2    Complaint.

3           46.    Defendants admit that the Recovery® Filter was designed to be inserted
4    endovascularly. Defendants further admit that the Recovery® Filter is designed to be
5    delivered via an introducer sheath, which is included in the delivery system for the device.
6    Defendants deny any remaining allegations of Paragraph 46 of Plaintiff's Complaint.

7           47.    Defendants admit that the Recovery® Cone Removal System was designed to
8    assist physicians with the removal of inferior vena cava filters. Defendants also admit that the
9    Recovery® Cone was marketed to physicians as the preferred mechanism for retrieval of
10   Bard's inferior vena cava filters. Defendants deny any remaining allegations contained in
11   Paragraph 47 of Plaintiff's Complaint.

12          48.    The allegations contained in Paragraph 48 of Plaintiff's Complaint are
13   conclusions of law, requiring no response. To the extent a response is required, Defendants
14   deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

15          49.    Defendants deny the allegations contained in Paragraph 49 of Plaintiff's
16   Complaint, as stated.

17          50.    Defendants deny the allegations contained in Paragraph 50 of Plaintiff's
18   Complaint.

19          51.    Defendants deny the allegations contained in Paragraph 51 of Plaintiff's
20   Complaint.

21          52.    Defendants deny the allegations contained in Paragraph 52 of Plaintiff's
22   Complaint. By way of further response, Defendants admit that there are various well-
23   documented complications that may occur as a result of the fracture, perforation, and/or
24   migration of any inferior vena cava filter. Defendants further admit that it is well documented
25   that many instances of filter fracture and/or migration result in no complications whatsoever
26   but, rather, are completely asymptomatic. Bard further states that there are incidents related to

27

28

1    the occurrence of known complications associated with every manufacturer of inferior vena

2    cava filters.

3         53.    Defendants deny the allegations contained in Paragraph 53 of Plaintiff's

4    Complaint.

5         54.    Defendants deny the allegations contained in Paragraph 54 of Plaintiff's

6    Complaint. By way of further response, Defendants admit that there are various well-

7    documented complications that may occur as a result of the fracture, perforation, and/or

8    migration of any inferior vena cava filter. Defendants further admit that it is well documented

9    that many instances of filter fracture and/or migration result in no complications whatsoever

10   but, rather, are completely asymptomatic. Bard further states that there are incidents related to

11   the occurrence of known complications associated with every manufacturer of inferior vena

12   cava filters.

13        55.    Defendants admit that the MAUDE database is a publicly available database

14   that houses certain data regarding adverse events with medical devices. By way of further

15   response, Defendants state that information available in the public domain, including the

16   FDA MAUDE database, is not a comprehensive analysis of all instances of such

17   complications.  Defendants deny any remaining allegations contained in Paragraph 55 of

18   Plaintiff's Complaint.

19        56.    Defendants deny the allegations contained in Paragraph 56 of Plaintiff's

20   Complaint.

21        57.    Defendants deny the allegations contained in Paragraph 57 of Plaintiff's

22   Complaint.

23        58.    Defendants admit that, as part of their continuing efforts to constantly evaluate

24   the medical devices they sell, in conjunction with the ever-changing state-of-the-art, they are

25   continually striving to improve the life-saving performance of those devices. The G2® Filter

26   was developed in furtherance of those efforts. Defendants deny the remaining allegations

27   contained in Paragraph 58 of Plaintiff's Complaint, including all sub-parts thereof.

28

59.     Defendants admit the G2® Filter System was cleared by the United States Food and Drug Administration pursuant to an application submitted under Section 510(k) of the Food, Drug and Cosmetic Act in 2005. Defendants deny any remaining allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Complaint. By way of further response, Defendants admit that there are various well-documented complications that may occur as a result of the fracture, perforation, and/or migration of any inferior vena cava filter. Defendants further admit that it is well documented that many instances of filter fracture and/or migration result in no complications whatsoever but, rather, are completely asymptomatic. Bard further states that there are incidents related to the occurrence of known complications associated with every manufacturer of inferior vena cava filters.

62.     Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.     Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.     Defendants admit that there are various well-documented complications that may occur as a result of the fracture, perforation, and/or migration of any inferior vena cava filter. Defendants further admit that it is well documented that many instances of filter fracture and/or migration result in no complications whatsoever but, rather, are completely asymptomatic. Bard further states that there are incidents related to the occurrence of known complications associated with every manufacturer of inferior vena cava filters. Defendants deny any remaining allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Complaint, including all sub-parts thereof.

73.     Defendants deny the allegations contained in Paragraph 73 of Plaintiff's Complaint, including all sub-parts thereof.

74.     Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of Plaintiff's Complaint, including all sub-parts thereof.

78.     Defendants deny the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of Plaintiff's Complaint, including all sub-parts thereof.

86.     Defendants deny the allegations contained in Paragraph 86 of Plaintiff's Complaint, including all sub-parts thereof.

87.     Defendants deny the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.     Defendants admit that, as part of their continuing efforts to constantly evaluate the medical devices they sell, in conjunction with the ever-changing state-of-the-art, they are continually striving to improve the life-saving performance of those devices. The Eclipse™ Filter was developed in furtherance of those efforts. Defendants admit that the Eclipse™ Filter, which was cleared by the United States Food and Drug Administration pursuant to an application submitted under Section 510(k) of the Food, Drug and Cosmetic Act in 2010, was electropolished. Defendants deny the remaining allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.     Defendants admit that, as part of their continuing efforts to constantly evaluate the medical devices they sell, in conjunction with the ever-changing state-of-the-art, they are continually striving to improve the life-saving performance of those devices. The Meridian™ Filter was developed in furtherance of those efforts. Defendants admit that the Meridian™ Filter, which includes an anchoring system, was cleared by the United States Food and Drug Administration pursuant to an application submitted under Section 510(k) of the Food, Drug and Cosmetic Act in 2011. Defendants deny the remaining allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.     Defendants admit that, as part of their continuing efforts to constantly evaluate the medical devices they sell, in conjunction with the ever-changing state-of-the-art, they are continually striving to improve the life-saving performance of those devices. The Denali™ Filter, which contains penetration limiters, was developed in furtherance of those efforts. Defendants admit that the Denali™ Filter was cleared by the United States Food and Drug Administration pursuant to an application submitted under Section 510(k) of the Food, Drug and Cosmetic Act in 2013. Defendants deny the remaining allegations contained in Paragraph 90 of Plaintiff's Complaint.

91.     Defendants admit the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.     Defendants deny the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.     Defendants deny the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.     Defendants deny the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.     Defendants deny the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.     Defendants deny the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.    Defendants deny the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.    Defendants deny the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103.    Defendants admit the G2® Filter System was cleared by the United States Food and Drug Administration in 2005 for permanent use pursuant to an application submitted under Section 510(k) of the Food, Drug and Cosmetic Act. Defendants deny the remaining allegations contained in Paragraph 103 of Plaintiff's Complaint.

104.    Defendants admit that the FDA initially declined to clear the G2® Filter. Defendants deny the remaining allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.    Defendants deny the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106.    Defendants deny the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107.    Defendants deny the allegations contained in Paragraph 107 of Plaintiff's Complaint.

108.   Defendants admit the G2® Filter System was cleared by the United States Food and Drug Administration in 2005 for permanent use pursuant to an application submitted under Section 510(k) of the Food, Drug and Cosmetic Act. Defendants further admit that the G2® Filter was subsequently cleared for retrievable use in 2008. Defendants deny the remaining allegations contained in Paragraph 108 of Plaintiff's Complaint, including any allegations contained in Footnotes 1 and 2.

109.   Defendants deny the allegations contained in Paragraph 109 of Plaintiff's Complaint.

110.   Defendants deny the allegations contained in Paragraph 110 of Plaintiff's Complaint, as stated.

111.   Defendants deny the allegations contained in Paragraph 111 of Plaintiff's Complaint.

112.   Defendants deny the allegations contained in Paragraph 112 of Plaintiff's Complaint.

113.   Defendants deny the allegations contained in Paragraph 113 of Plaintiff's Complaint.

114.   Defendants deny the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115.   Defendants deny the allegations contained in Paragraph 115 of Plaintiff's Complaint.

116.   Defendants deny the allegations contained in Paragraph 116 of Plaintiff's Complaint.

117.   Defendants deny the allegations contained in Paragraph 117 of Plaintiff's Complaint.

118.   Defendants deny the allegations contained in Paragraph 118 of Plaintiff's Complaint.

119.   Defendants deny the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120.   Defendants admit that there are various well-documented complications that may occur as a result of the fracture, perforation, and/or migration of any inferior vena cava filter. Defendants further admit that it is well documented that many instances of filter fracture and/or migration result in no complications whatsoever but, rather, are completely asymptomatic. Defendants further state that there are incidents related to the occurrence of known complications associated with every manufacturer of inferior vena cava filters. Defendants deny any remaining allegations contained in Paragraph 120 of Plaintiff's Complaint, including all sub-parts thereof.

121.   Defendants admit that there are various well-documented complications that may occur as the result of the fracture of any inferior vena cava filter. Defendants state that there are incidents related to the occurrence of known complications associated with every manufacturer of inferior vena cava filters. By way of further response, Defendants state that information available in the public domain, including the FDA MAUDE database, is not a comprehensive analysis of all instances of such complications. Defendants deny the remaining allegations contained in Paragraph 121 of Plaintiff's Complaint.

122.   Defendants deny the allegations contained in Paragraph 122 of Plaintiff's Complaint.

123.   Defendants deny the allegations contained in Paragraph 123 of Plaintiff's Complaint. By way of further response, Defendants state that information available in the public domain, including the FDA MAUDE database, is not a comprehensive analysis of all instances of such complications.

124.   Defendants deny the allegations contained in Paragraph 124 of Plaintiff's Complaint.

125.   Defendants deny the allegations contained in Paragraph 125 of Plaintiff's Complaint.

126.   Defendants admit the G2® Express Filter System was cleared by the United States Food and Drug Administration pursuant to an application submitted under Section 510(k) of the Food, Drug and Cosmetic Act in 2008. Defendants further admit that the G2® Express Filter is similar to the G2® Filter, but includes a snare on the sheath of the filter to enhance retrievability. Defendants deny any remaining allegations contained in Paragraph 126 of Plaintiff's Complaint.

127.   Defendants deny the allegations contained in Paragraph 127 of Plaintiff's Complaint.

128.   Defendants deny that the G2® Filter, G2®X, or G2® Express Filters are unreasonably dangerous or defective in any manner. Defendants admit that, as part of their continuing efforts to constantly evaluate the medical devices they sell, in conjunction with the ever-changing state-of-the-art, they are continually striving to improve the life-saving performance of those devices. The Eclipse™ Filter was developed in furtherance of those efforts. Defendants deny any remaining allegations contained in Paragraph 128 of Plaintiff's Complaint.

129.   Defendants admit that the Eclipse™ Filter System was cleared by the United States Food and Drug Administration pursuant to an application submitted under Section 510(k) of the Food, Drug and Cosmetic Act in 2010. Defendants further admit that, as part of their continuing efforts to constantly evaluate the medical devices they sell, in conjunction with the ever-changing state-of-the-art, they are continually striving to improve the life-saving performance of those devices. The Eclipse™ Filter, which was electropolished, was developed in furtherance of those efforts. Defendants deny any remaining allegations contained in Paragraph 129 of Plaintiff's Complaint.

130.   Defendants deny the allegations contained in Paragraph 130 of Plaintiff's Complaint.

131.   Defendants deny the allegations contained in Paragraph 131 of Plaintiff's Complaint.

132.    Defendants deny the allegations contained in Paragraph 132 of Plaintiff's Complaint.

133.    Defendants deny the allegations contained in Paragraph 133 of Plaintiff's Complaint.

134.    Defendants admit the Meridian™ Filter System was cleared by the United States Food and Drug Administration in 2011 pursuant to an application submitted under Section 510(k) of the Food, Drug and Cosmetic Act. Defendants deny any remaining allegations contained in Paragraph 134 of Plaintiff's Complaint.

135.    Defendants admit the Meridian™ Filter System was cleared by the United States Food and Drug Administration in 2011 pursuant to an application submitted under Section 510(k) of the Food, Drug and Cosmetic Act. Defendants deny any remaining allegations contained in Paragraph 135 of Plaintiff's Complaint.

136.    Defendants deny the allegations contained in Paragraph 136 of Plaintiff's Complaint.

137.    Defendants deny the allegations contained in Paragraph 137 of Plaintiff's Complaint.

138.    Defendants admit that, as part of their continuing efforts to constantly evaluate the medical devices they sell, in conjunction with the ever-changing state-of-the-art, they are continually striving to improve the life-saving performance of those devices. The Meridian™ Filter, which is electropolished and contains an anchoring system, was developed in furtherance of those efforts. Defendants deny any remaining allegations contained in Paragraph 138 of Plaintiff's Complaint.

139.    Defendants deny the allegations contained in Paragraph 139 of Plaintiff's Complaint.

140.    Defendants deny the allegations contained in Paragraph 140 of Plaintiff's Complaint.

141.   Defendants admit the Denali™ Filter System was cleared by the United States Food and Drug Administration in 2013 pursuant to an application submitted under Section 510(k) of the Food, Drug and Cosmetic Act. Defendants deny any remaining allegations contained in Paragraph 141 of Plaintiff's Complaint.

142.   Defendants admit the Denali™ Filter System was cleared by the United States Food and Drug Administration in 2013 pursuant to an application submitted under Section 510(k) of the Food, Drug and Cosmetic Act. Defendants deny any remaining allegations contained in Paragraph 142 of Plaintiff's Complaint.

143.   Defendants admit that, as part of their continuing efforts to constantly evaluate the medical devices they sell, in conjunction with the ever-changing state-of-the-art, they are continually striving to improve the life-saving performance of those devices. The Denali™ Filter, which is made of Nitinol, is electropolished, and contains an anchoring system, was developed in furtherance of those efforts. Defendants deny any remaining allegations contained in Paragraph 143 of Plaintiff's Complaint.

144.   Defendants deny the allegations contained in Paragraph 144 of Plaintiff's Complaint, as stated. By way of further answer, Defendants admit that there are various well-documented complications that may occur as a result of the fracture, perforation, and/or migration of any inferior vena cava filter. Defendants further admit that it is well documented that many instances of filter fracture and/or migration result in no complications whatsoever but, rather, are completely asymptomatic. Defendants further state that there are incidents related to the occurrence of known complications associated with every manufacturer of inferior vena cava filters.

145.   Defendants deny the allegations contained in Paragraph 145 of Plaintiff's Complaint.

146.   Defendants deny the allegations contained in Paragraph 146 of Plaintiff's Complaint.

147.   Defendants deny the allegations contained in Paragraph 147 of Plaintiff's Complaint.

148.   Defendants deny the allegations contained in Paragraph 148 of Plaintiff's Complaint.

149.   Defendants deny the allegations contained in Paragraph 149 of Plaintiff's Complaint.

150.   Defendants incorporate by reference their responses to Paragraphs 1-149 of Plaintiff's Complaint as if fully set forth herein.

151.   Defendants deny the allegations contained in Paragraph 151 of Plaintiff's Complaint.

152.   Defendants deny the allegations contained in Paragraph 152 of Plaintiff's Complaint.

153.   Defendants deny the allegations contained in Paragraph 153 of Plaintiff's Complaint.

154.   Defendants deny the allegations contained in Paragraph 154 of Plaintiff's Complaint.

155.   Defendants deny the allegations contained in Paragraph 155 of Plaintiff's Complaint.

156.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 of Plaintiff's Complaint and, therefore, deny them.

157.   Defendants deny the allegations contained in Paragraph 157 of Plaintiff's Complaint.

**FIRST CAUSE OF ACTION**

**STRICT LIABILITY MANUFACTURING DEFECT**

158.   Defendants incorporate by reference their responses to Paragraphs 1-157 of Plaintiff's Complaint as if fully set forth herein.

159.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations regarding the trade name of any inferior vena cava filter implanted in Plaintiff and, therefore, deny them. Defendants admit that Bard owns a facility where vena cava filters are manufactured. Defendants further admit that BPV designs, sells, markets, and distributes inferior vena cava filters. Defendants deny any remaining allegations contained in Paragraph 159 of Plaintiff's Complaint.

160.    Defendants deny the allegations contained in Paragraph 160 of Plaintiff's Complaint.

161.    Defendants deny the allegations contained in Paragraph 161 of Plaintiff's Complaint.

162.    Defendants deny the allegations contained in Paragraph 162 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

## STRICT LIABILITY INFORMATION DEFECT

163.    Defendants incorporate by reference their responses to Paragraphs 1-162 of Plaintiff's Complaint as if fully set forth herein.

164.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations regarding the trade name of any inferior vena cava filter implanted in Plaintiff and, therefore, deny them. Defendants admit that Bard owns a facility where vena cava filters are manufactured. Defendants further admit that BPV designs, sells, markets, and distributes inferior vena cava filters. Defendants deny any remaining allegations contained in Paragraph 164 of Plaintiff's Complaint.

165.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations regarding the trade name of any inferior vena cava filter implanted in Plaintiff and, therefore, deny them. Defendants admit that Bard owns a facility where vena cava filters are manufactured. Defendants further admit that BPV designs, sells, markets, and

1   distributes inferior vena cava filters. Defendants deny any remaining allegations contained in
2   Paragraph 165 of Plaintiff's Complaint.

3        166.   Defendants admit that there are various well-documented complications that
4   may occur as a result of the fracture, perforation, and/or migration of any inferior vena cava
5   filter. Defendants further admit that it is well documented that many instances of filter
6   fracture and/or migration result in no complications whatsoever but, rather, are completely
7   asymptomatic. Bard further states that there are incidents related to the occurrence of known
8   complications associated with every manufacturer of inferior vena cava filters. Defendants
9   deny any remaining allegations contained in Paragraph 166 of Plaintiff's Complaint.

10       167.   Defendants deny the allegations contained in Paragraph 167 of Plaintiff's
11  Complaint.

12       168.   Defendants deny the allegations contained in Paragraph 168 of Plaintiff's
13  Complaint.

14       169.   Defendants deny the allegations contained in Paragraph 169 of Plaintiff's
15  Complaint.

16       170.   Defendants deny the allegations contained in Paragraph 170 of Plaintiff's
17  Complaint.

18       171.   Defendants deny the allegations contained in Paragraph 171 of Plaintiff's
19  Complaint.

20       172.   Defendants deny the allegations contained in Paragraph 172 of Plaintiff's
21  Complaint.

22       173.   Defendants deny the allegations contained in Paragraph 173 of Plaintiff's
23  Complaint.

24                        **THIRD CAUSE OF ACTION**
25                     **STRICT LIABILITY DESIGN DEFECT**

26       174.   Defendants incorporate by reference their responses to Paragraphs 1-173 of
27  Plaintiff's Complaint as if fully set forth herein.

28

175.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations regarding the trade name of any inferior vena cava filter implanted in Plaintiff and, therefore, deny them. Defendants admit that Bard owns a facility where vena cava filters are manufactured. Defendants further admit that BPV designs, sells, markets, and distributes inferior vena cava filters. Defendants deny any remaining allegations contained in Paragraph 175 of Plaintiff's Complaint.

176.    Defendants deny the allegations contained in Paragraph 176 of Plaintiff's Complaint.

177.    Defendants deny the allegations contained in Paragraph 177 of Plaintiff's Complaint.

178.    Defendants deny the allegations contained in Paragraph 178 of Plaintiff's Complaint.

179.    Defendants deny the allegations contained in Paragraph 179 of Plaintiff's Complaint.

180.    Defendants deny the allegations contained in Paragraph 180 of Plaintiff's Complaint.

181.    Defendants deny the allegations contained in Paragraph 181 of Plaintiff's Complaint.

182.    Defendants deny the allegations contained in Paragraph 182 of Plaintiff's Complaint.

183.    Defendants deny the allegations contained in Paragraph 183 of Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION

## NEGLIGENCE – DESIGN

184.    Defendants incorporate by reference their responses to Paragraphs 1-183 of Plaintiff's Complaint as if fully set forth herein.

185.   Defendants deny the allegations contained in Paragraph 185 of Plaintiff's Complaint, including all sub-parts thereof.

186.   Defendants deny the allegations contained in Paragraph 186 of Plaintiff's Complaint, including all sub-parts thereof.

187.   The allegations contained in Paragraph 187 of Plaintiff's Complaint regarding Defendants' legal duties are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny those allegations.

188.   Defendants deny the allegations contained in Paragraph 188 of Plaintiff's Complaint, including all sub-parts thereof.

189.   Defendants deny the allegations contained in Paragraph 189 of Plaintiff's Complaint.

## FIFTH CAUSE OF ACTION

## NEGLIGENCE – MANUFACTURE

190.   Defendants incorporate by reference their responses to Paragraphs 1-189 of Plaintiff's Complaint as if fully set forth herein.

191.   The allegations contained in Paragraph 191 of Plaintiff's Complaint regarding Defendants' legal duties are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny those allegations.

192.   Defendants deny the allegations contained in Paragraph 192 of Plaintiff's Complaint, including all sub-parts thereof.

193.   Defendants deny the allegations contained in Paragraph 193 of Plaintiff's Complaint.

## SIXTH CAUSE OF ACTION

## NEGLIGENCE – FAILURE TO RECALL/RETROFIT

194.   Defendants incorporate by reference their responses to Paragraphs 1-193 of Plaintiff's Complaint as if fully set forth herein.

- 25 -

195.    The allegations contained in Paragraph 195 of Plaintiff's Complaint are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny those allegations.

196.    Defendants deny the allegations contained in Paragraph 196 of Plaintiff's Complaint.

197.    Defendants deny the allegations contained in Paragraph 197 of Plaintiff's Complaint.

198.    Defendants deny the allegations contained in Paragraph 198 of Plaintiff's Complaint.

199.    The allegations contained in Paragraph 199 of Plaintiff's Complaint regarding Defendants' legal duties are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny those allegations.

200.    Defendants deny the allegations contained in Paragraph 200 of Plaintiff's Complaint.

201.    Defendants deny the allegations contained in Paragraph 201 of Plaintiff's Complaint.

## SEVENTH CAUSE OF ACTION

## NEGLIGENCE – FAILURE TO WARN

202.    Defendants incorporate by reference their responses to Paragraphs 1-201 of Plaintiff's Complaint as if fully set forth herein.

203.    Defendants deny the allegations contained in Paragraph 203 of Plaintiff's Complaint.

204.    Defendants deny the allegations contained in Paragraph 204 of Plaintiff's Complaint.

205.    Defendants deny the allegations contained in Paragraph 205 of Plaintiff's Complaint.

206.   Defendants deny the allegations contained in Paragraph 206 of Plaintiff's Complaint.

207.   The allegations contained in Paragraph 207 of Plaintiff's Complaint regarding Defendants' legal duties are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny those allegations.

208.   Defendants deny the allegations contained in Paragraph 208 of Plaintiff's Complaint.

209.   Defendants deny the allegations contained in Paragraph 209 of Plaintiff's Complaint.

## EIGHTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

210.   Defendants incorporate by reference their responses to Paragraphs 1-209 of Plaintiff's Complaint as if fully set forth herein.

211.   Defendants deny the allegations contained in Paragraph 211 of Plaintiff's Complaint.

212.   Defendants deny the allegations contained in Paragraph 212 of Plaintiff's Complaint.

213.   The allegations contained in Paragraph 213 of Plaintiff's Complaint regarding Defendants' legal duties are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny those allegations.

214.   Defendants deny the allegations contained in Paragraph 214 of Plaintiff's Complaint.

215.   Defendants deny the allegations contained in Paragraph 215 of Plaintiff's Complaint.

216.   Defendants deny the allegations contained in Paragraph 216 of Plaintiff's Complaint.

217.   Defendants deny the allegations contained in Paragraph 217 of Plaintiff's Complaint.

218.   The allegations contained in Paragraph 218 of Plaintiff's Complaint regarding Defendants' legal duties are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny those allegations.

219.   Defendants deny the allegations contained in Paragraph 219 of Plaintiff's Complaint.

220.   Defendants deny the allegations contained in Paragraph 220 of Plaintiff's Complaint.

## NINTH CAUSE OF ACTION

## NEGLIGENCE *PER SE*

221.   Defendants incorporate by reference their responses to Paragraphs 1-220 of Plaintiff's Complaint as if fully set forth herein.

222.   The allegations contained in Paragraph 222 of Plaintiff's Complaint are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny those allegations.

223.   Defendants deny the allegations contained in Paragraph 223 of Plaintiff's Complaint, including all sub-parts thereof.

224.   The allegations contained in Paragraph 224 of Plaintiff's Complaint are not directed at Defendants and, therefore, require no response. To the extent a response is required, Defendants deny those allegations.

225.   The allegations contained in Paragraph 225 of Plaintiff's Complaint are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny those allegations.

226.   Defendants deny the allegations contained in Paragraph 226 of Plaintiff's Complaint.

1

**TENTH CAUSE OF ACTION**

2

**BREACH OF EXPRESS WARRANTY**

3

227.   Defendants incorporate by reference their responses to Paragraphs 1-226 of

4

Plaintiff's Complaint as if fully set forth herein.

5

228.   Defendants are without knowledge or information sufficient to form a belief as

6

to the truth of the allegations contained in Paragraph 228 of Plaintiff's Complaint and,

7

therefore, deny those allegations.

8

229.   The allegations contained in Paragraph 229 of Plaintiff's Complaint are

9

conclusions of law, to which no response is required. To the extent a response is required,

10

Defendants deny those allegations.

11

230.   Defendants deny the allegations contained in Paragraph 230 of Plaintiff's

12

Complaint.

13

231.   Defendants deny the allegations contained in Paragraph 231 of Plaintiff's

14

Complaint, including all sub-parts thereof.

15

232.   Defendants deny the allegations contained in Paragraph 232 of Plaintiff's

16

Complaint.

17

**ELEVENTH CAUSE OF ACTION**

18

**BREACH OF IMPLIED WARRANTY**

19

233.   Defendants incorporate by reference their responses to Paragraphs 1-232 of

20

Plaintiff's Complaint as if fully set forth herein.

21

234.   Defendants deny the allegations contained in Paragraph 234 of Plaintiff's

22

Complaint.

23

235.   Defendants deny the allegations contained in Paragraph 235 of Plaintiff's

24

Complaint, including all sub-parts thereof.

25

236.   Defendants deny the allegations contained in Paragraph 236 of Plaintiff's

26

Complaint.

27

28

1

2

**TWELFTH CAUSE OF ACTION**

**FRAUDULENT MISREPRESENTATION**

3       237.    Defendants incorporate by reference their responses to Paragraphs 1-236 of

4    Plaintiff's Complaint as if fully set forth herein.

5       238.    Defendants deny the allegations contained in Paragraph 238 of Plaintiff's

6    Complaint, including all sub-parts thereof.

7       239.    Defendants deny the allegations contained in Paragraph 239 of Plaintiff's

8    Complaint, as stated.

9       240.    Defendants deny the allegations contained in Paragraph 240 of Plaintiff's

10   Complaint.

11      241.    Defendants deny the allegations contained in Paragraph 241 of Plaintiff's

12   Complaint.

13      242.    Defendants deny the allegations contained in Paragraph 242 of Plaintiff's

14   Complaint.

15      243.    Defendants deny the allegations contained in Paragraph 243 of Plaintiff's

16   Complaint.

17      244.    Defendants deny the allegations contained in Paragraph 244 of Plaintiff's

18   Complaint.

19      245.    Defendants deny the allegations contained in Paragraph 245 of Plaintiff's

20   Complaint.

21      246.    Defendants deny the allegations contained in Paragraph 246 of Plaintiff's

22   Complaint.

23      247.    Defendants deny the allegations contained in Paragraph 247 of Plaintiff's

24   Complaint.

25      248.    Defendants deny the allegations contained in Paragraph 248 of Plaintiff's

26   Complaint.

27

28

249.  Defendants deny the allegations contained in Paragraph 249 of Plaintiff's Complaint.

250.  Defendants deny the allegations contained in Paragraph 250 of Plaintiff's Complaint.

251.  Defendants deny the allegations contained in Paragraph 251 of Plaintiff's Complaint.

## THIRTEENTH CAUSE OF ACTION

## FRAUDULENT CONCEALMENT

252.  Defendants incorporate by reference their responses to Paragraphs 1-251 of Plaintiff's Complaint as if fully set forth herein.

253.  Defendants deny the allegations contained in Paragraph 253 of Plaintiff's Complaint.

254.  Defendants deny the allegations contained in Paragraph 254 of Plaintiff's Complaint, including all sub-parts thereof.

255.  Defendants deny the allegations contained in Paragraph 255 of Plaintiff's Complaint.

256.  Defendants deny the allegations contained in Paragraph 256 of Plaintiff's Complaint.

257.  Defendants deny the allegations contained in Paragraph 257 of Plaintiff's Complaint.

258.  Defendants deny the allegations contained in Paragraph 258 of Plaintiff's Complaint.

## FOURTEENTH CAUSE OF ACTION

## VIOLATION OF APPLICABLE STATE LAW PROHIBITING CONSUMER FRAUD

## AND UNFAIR DECEPTIVE TRADE PRACTICES

259.  Defendants incorporate by reference their responses to Paragraphs 1-258 of Plaintiff's Complaint as if fully set forth herein.

1    260.   The allegations contained in Paragraph 260 regarding Defendants' legal duties

2    are conclusions of law, to which no response is required. To the extent a response is required,

3    Defendants deny those allegations.

4    261.   Defendants deny the allegations contained in Paragraph 261 of Plaintiff's

5    Complaint.

6    262.   Defendants deny the allegations contained in Paragraph 262 of Plaintiff's

7    Complaint.

8    263.   Defendants deny the allegations contained in Paragraph 263 of Plaintiff's

9    Complaint.

10   264.   Defendants deny the allegations contained in Paragraph 264 of Plaintiff's

11   Complaint.

12   265.   Defendants deny the allegations contained in Paragraph 265 of Plaintiff's

13   Complaint.

14   266.   Defendants deny the allegations contained in Paragraph 266 of Plaintiff's

15   Complaint.

16   267.   Defendants deny the allegations contained in Paragraph 267 of Plaintiff's

17   Complaint.

18   268.   Defendants deny the allegations contained in Paragraph 268 of Plaintiff's

19   Complaint.

20   269.   Defendants deny the allegations contained in Paragraph 269 of Plaintiff's

21   Complaint.

22   270.   Defendants deny the allegations contained in Paragraph 270 of Plaintiff's

23   Complaint.

24   271.   Defendants deny the allegations contained in Paragraph 271 of Plaintiff's

25   Complaint.

26

27

28

## PUNITIVE DAMAGES ALLEGATIONS

272.    Defendants incorporate by reference their responses to Paragraphs 1-271 of Plaintiff's Complaint as if fully set forth herein.

273.    Defendants deny the allegations contained in Paragraph 273 of Plaintiff's Complaint.

274.    Defendants deny the allegations contained in Paragraph 274 of Plaintiff's Complaint.

275.    Defendants deny the allegations contained in Paragraph 275 of Plaintiff's Complaint.

276.    Defendants deny the allegations contained in Paragraph 276 of Plaintiff's Complaint.

277.    Defendants deny the allegations contained in Paragraph 277 of Plaintiff's Complaint.

278.    Defendants deny the allegations contained in Paragraph 278 of Plaintiff's Complaint.

279.    Defendants deny the allegations contained in Paragraph 279 of Plaintiff's Complaint.

280.    Defendants deny the allegations contained in Paragraph 280 of Plaintiff's Complaint.

281.    Defendants deny the allegations contained in Paragraph 281 of Plaintiff's Complaint.

282.    Defendants deny the allegations contained in Paragraph 282 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

Furthermore, responding to the unnumbered Paragraph, including sub-parts, following the heading "PRAYER FOR RELIEF" and beginning "WHEREFORE," Defendants deny the allegations contained in such Paragraph and all sub-parts thereof.

Defendants further deny each and every allegation not specifically admitted herein.

## **DEFENSES**

Defendants allege as affirmative defenses the following:

1.      Plaintiff's Complaint filed herein fails to state a claim or claims upon which relief can be granted under Rule 12 of the Federal Rules of Civil Procedure.

2.      The sole proximate cause of Plaintiff's damages, if any were sustained, was the negligence of a person or persons or entity for whose acts or omissions Defendants were and are in no way liable.

3.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or statute of repose.

4.      If Plaintiff has been damaged, which Defendants deny, any recovery by Plaintiff is barred to the extent Plaintiff voluntarily exposed herself to a known risk and/or failed to mitigate her alleged damages. To the extent Plaintiff has failed to mitigate her alleged damages, any recovery shall not include alleged damages that could have been avoided by reasonable care and diligence.

5.      If Plaintiff has been damaged, which Defendants deny, such damages were caused by the negligence or fault of Plaintiff.

6.      If Plaintiff has been damaged, which Defendants deny, such damages were caused by the negligence or fault of persons and/or entities for whose conduct Defendants are not legally responsible.

7.      The conduct of Defendants and the subject product at all times conformed to the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301, *et seq.*, and other pertinent federal statutes and regulations. Accordingly, Plaintiff's claims are barred, in whole or in part, under the doctrine of federal preemption, and granting the relief requested would impermissibly infringe upon and conflict with federal laws, regulations, and policies in violation of the Supremacy Clause of the United States Constitution.

8.     If Plaintiff has been damaged, which Defendants deny, such damages were caused by unforeseeable, independent, intervening, and/or superseding events for which Defendants are not legally responsible.

9.     There was no defect in the product at issue with the result that Plaintiff is not entitled to recover against Defendants in this cause.

10.    If there were any defect in the products – and Defendants deny that there were any defects – nevertheless, there was no causal connection between any alleged defect and the product on the one hand and any damage to Plaintiff on the other with the result that Plaintiff is not entitled to recover against Defendants in this cause.

11.    Plaintiff's injuries, losses or damages, if any, were caused by or contributed to by other persons or entities that are severally liable for all or part of Plaintiff's alleged injuries, losses or damages. If Defendants are held liable to Plaintiff, which liability is specifically denied, Defendants are entitled to contribution, set-off, and/or indemnification, either in whole or in part, from all persons or entities whose negligence or fault proximately caused or contributed to cause Plaintiff's alleged damages.

12.    Plaintiff's claims are barred to the extent that the injuries alleged in the Plaintiff's Complaint were caused by the abuse, misuse, abnormal use, or use of the product at issue in a manner not intended by Defendants and over which Defendants had no control.

13.    Plaintiff's claims are barred to the extent that the injuries alleged in the Plaintiff's Complaint were caused by a substantial change in the product after leaving the possession, custody, and control of Defendants.

14.    Plaintiff's breach of warranty claims are barred because: (1) Defendants did not make any warranties, express or implied, to Plaintiff; (2) there was a lack of privity between Defendants and Plaintiff; and (3) notice of an alleged breach was not given to the seller or Defendants.

15.    Plaintiff's claims for breach of implied warranty must fail because the product was not used for its ordinary purpose.

16.     Defendants neither had nor breached any alleged duty to warn with respect to the product, with the result that Plaintiff is not entitled to recover in this cause.

17.     Plaintiff's claims are barred by Defendants' dissemination of legally adequate warnings and instructions to learned intermediaries.

18.     At all relevant times, herein, Plaintiff's physicians were in the position of sophisticated purchasers, fully knowledgeable and informed with respect to the risks and benefits of the subject product.

19.     If Plaintiff has been damaged, which Defendants deny, the actions of persons or entities for whose conduct Defendants are not legally responsible and the independent knowledge of these persons or entities of the risks inherent in the use of the product and other independent causes, constitute an intervening and superseding cause of Plaintiff's alleged damages.

20.     To the extent that injuries and damages sustained by Plaintiff, as alleged in Plaintiff's Complaint, were caused directly, solely, and proximately by sensitivities, medical conditions, and idiosyncrasies peculiar to Plaintiff not found in the general public, they were unknown, unknowable, or not reasonably foreseeable to Defendants.

21.     Defendants believe, and upon that ground allege, that Plaintiff was advised of the risks associated with the matters alleged in Plaintiff's Complaint and knowingly and voluntarily assumed them. Pursuant to the doctrine of assumption of the risk, informed consent, release, waiver, or comparative fault, this conduct bars in whole or in part the damages that Plaintiff seeks to recover herein.

22.     At all relevant times during which the device at issue was designed, developed, manufactured, and sold, the device was reasonably safe and reasonably fit for its intended use, was not defective or unreasonably dangerous, and was accompanied by proper warnings, information, and instructions, all pursuant to generally recognized prevailing industry standards and state-of-the-art in existence at the time.

23.     Plaintiff's claims are barred because Plaintiff suffered no injury or damages as a result of the alleged conduct and do not have any right, standing, or competency to maintain claims for damages or other relief.

24.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

25.     If Plaintiff suffered any damages or injuries, which is denied, Defendants state that Plaintiff's recovery is barred, in whole or in part, or subject to reduction, under the doctrines of contributory and/or comparative negligence.

26.     In the further alternative, and only in the event that it is determined that Plaintiff is entitled to recover against Defendants, recovery should be reduced in proportion to the degree or percentage of negligence, fault or exposure to products attributable to Plaintiff, any other defendants, third-party defendants, or other persons, including any party immune because bankruptcy renders them immune from further litigation, as well as any party, co-defendant, or non-parties with whom Plaintiff has settled or may settle in the future.

27.     Should Defendants be held liable to Plaintiff, which liability is specifically denied, Defendants would be entitled to a setoff for the total of all amounts paid to Plaintiff from all collateral sources.

28.     Plaintiff's claims may be barred, in whole or in part, from seeking recovery against Defendants pursuant to the doctrines of res judicata, collateral estoppel, release of claims, and the prohibition on double recovery for the same injury.

29.     The injuries and damages allegedly sustained by Plaintiff may be due to the operation of nature or idiosyncratic reaction(s) and/or pre-existing condition(s) in Plaintiff over which Defendants had no control.

30.     The conduct of Defendants and all activities with respect to the subject product have been and are under the supervision of the Federal Food and Drug Administration ("FDA"). Accordingly, this action, including any claims for monetary and/or injunctive relief, is barred by the doctrine of primary jurisdiction and exhaustion of administrative remedies.

31.     Defendants assert any and all defenses, claims, credits, offsets, or remedies provided by the Restatements (Second and Third) of Torts and reserve the right to amend their Answer to file such further pleadings as are necessary to preserve and assert such defenses, claims, credits, offsets, or remedies.

32.     The device at issue complied with any applicable product safety statute or administrative regulation, and therefore Plaintiff's defective design and warnings-based claims are barred under the Restatement (Third) of Torts: Products Liability § 4, *et seq.* and comments thereto.

33.     Plaintiff cannot show that any reasonable alternative design would have rendered the inferior vena cava filter as alleged in Plaintiff's Complaint to be safer overall under the Restatement (Third) of Product Liability § 2, cmt. f, nor could Defendants have known of any alternative design that may be identified by Plaintiff.

34.     The device at issue was not sold in a defective condition unreasonably dangerous to the user or consumer, and therefore Plaintiff's claims are barred under the Restatement (Second) of Torts: Products Liability § 402A and comments thereto, and comparable provisions of the Restatement (Third) of Torts (Products Liability).

35.     At all relevant times during which the device at issue was designed, developed, manufactured, and sold, the device was reasonably safe and reasonably fit for its intended use, was not defective or unreasonably dangerous, and was accompanied by proper warnings, information, and instructions, all pursuant to generally recognized prevailing industry standards and state-of-the-art in existence at the time.

36.     Defendants specifically plead all affirmative defenses under the Uniform Commercial Code ("UCC") now existing or which may arise in the future, including those defenses provided by UCC §§ 2-607 and 2-709.

37.     Plaintiff's alleged damages, if any, should be apportioned among all parties at fault, and any non-parties at fault, pursuant to the Uniform Contribution Among Tortfeasors Act.

38.     No act or omission of Defendants was malicious, willful, wanton, reckless, or grossly negligent, and, therefore, any award of punitive damages is barred.

39.     To the extent the claims asserted in Plaintiff's Complaint are based on a theory providing for liability without proof of defect and proof of causation, the claims violate Defendants' rights under the Constitution of the United States and analogous provisions of the Kentucky Constitution.

40.     To the extent Plaintiff seeks punitive damages, Defendants specifically incorporate by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damages awards that arose in the decisions of *BMW of No. America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); and *Exxon Shipping Co. v. Baker*, No. 07-219, 2008 U.S. LEXIS 5263 (U.S. June 25, 2008) and their progeny as well as other similar cases under both federal and state law.

41.     Any of Plaintiff's claims for punitive or exemplary damages violate, and are therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and similar provisions of the Kentucky Constitution, on grounds including the following:

(a)     it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the Due Process and

Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)     the procedures to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)     the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)     the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g)     the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(h)     the award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law; and

(i)     the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

42.     Defendants expressly reserve the right to raise as an affirmative defense that Plaintiff has failed to join all parties necessary for a just adjudication of this action, should discovery reveal the existence of facts to support such defense.

43.     Defendants reserve the right to raise such other affirmative defenses as may be available or apparent during discovery or as may be raised or asserted by other defendants in this case. Defendants have not knowingly or intentionally waived any applicable affirmative defense. If it appears that any affirmative defense is or may be applicable after Defendants have had the opportunity to conduct reasonable discovery in this matter, Defendants will assert such affirmative defense in accordance with the Federal Rules of Civil Procedure.

## **REQUEST FOR JURY TRIAL**

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. demand a trial by jury on all issues appropriate for jury determination.

**WHEREFORE**, Defendants aver that Plaintiff is not entitled to the relief demanded in the Plaintiff's Complaint, and these Defendants, having fully answered, pray that this action against them be dismissed and that they be awarded their costs in defending this action and that they be granted such other and further relief as the Court deems just and appropriate.

This 5th day of February, 2016.

s/ Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
Richard.North@nelsonmullins.com

*(Signatures Continued on Following Page)*

James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
JCondo@swlaw.com
ASheridan@swlaw.com

**Attorney for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

1

## <u>CERTIFICATE OF SERVICE</u>

2

3        I HEREBY CERTIFY that on February 5, 2016, I electronically filed the foregoing

4   with the Clerk of the Court by using the CM/ECF system which will send notification of such

5   filing to all counsel of record.

6
                                        s/ Richard B. North, Jr.
7                                       Richard B. North, Jr.
                                        Georgia Bar No. 545599
8                                       NELSON MULLINS RILEY & SCARBOROUGH, LLP
                                        Atlantic Station
9                                       201 17th Street, NW / Suite 1700
                                        Atlanta, GA  30363
10                                      PH: (404) 322-6000
                                        FX: (404) 322-6050
11                                      Richard.North@nelsonmullins.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28