1 | Robert W. Boatman (009619)
Paul L. Stoller (016773)
2 | Shannon L. Clark (019708)
GALLAGHER & KENNEDY, P.A.
3 | 2575 East Camelback Road
Phoenix, Arizona 85016-9225
4 | Telephone: (602) 530-8000
rwb@gknet.com
5 | paul.stoller@gknet.com
SLC@gknet.com

6 | Ramon Rossi Lopez (CA Bar No. 86361)
7 | (admitted *pro hac vice*)
LOPEZ McHUGH LLP
8 | 100 Bayview Circle, Suite 5600
Newport Beach, California 92660
9 | Telephone: 949-812-5771
rlopez@lopezmchugh.com

10 | *Attorneys for Plaintiffs*

11 | James R. Condo (#005867)
Amanda C. Sheridan (#027360)
12 | SNELL & WILMER L.L.P.
One Arizona Center
13 | 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
14 | Telephone: 602.382.6000
jcondo@swlaw.com
15 | asheridan@swlaw.com

16 | Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
17 | Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
18 | NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
19 | Atlanta, GA 30363
Telephone: (404) 322-6000
20 | richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

21 | *Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**SUPPLEMENTAL JOINT REPORT ON PRIVILEGE LOG EFFORTS** |

1

Since the filing of the parties' January 21, 2016, Joint Report on Privilege Log Efforts (Doc. 450), Bard and Plaintiffs have continued to meet and confer and have reached agreement on the following proposal for resolving privilege log issues going forward:

A.  The parties agree to further meet and confer on the remaining documents at issue from the prior sampling review, i.e., the disputed entries discussed in Plaintiffs' portion of the Joint Report on Privilege Log Efforts (Doc. 450).  The parties will continue to meet and confer and jointly report to the Court on March 4, 2016, as to the remaining disputes, if any. If the parties are not able to resolve the disputes as to those documents the parties propose the following briefing schedule to present those issues to the Court:

- March 25, 2016 – Plaintiffs' motion
- April 8, 2016 – Bard's response
- April 22, 2016 – Plaintiffs' reply

B.  In addition the parties propose the following:

- Both sides have proposed categories (see below) into which certain privilege log entries would be organized for meet and confer purposes only.
- By April 29, 2016, Bard will produce a list of the entries responsive to each of its categories; Plaintiffs will produce a list of the entries they believe fit each of their categories.
- After the lists are compiled, the parties will agree to a random selection of 25 entries from each of the 14 category lists (350 entries total) and will meet and confer about those documents.
- In response to the 25 entries from each of Plaintiffs' lists, Bard will either produce the documents on the lists or more specifically describe the documents and its basis for privilege.  If Plaintiffs still challenge privilege on any of those items, the parties will meet and confer to try to resolve the challenge.
- In response to the 25 entries on each of Bard's category lists, Plaintiffs will identify to Bard the entries where they believe Bard has not established a prima facie showing of attorney-client or work product privilege.  Bard will then further describe the

documents and its basis for privilege, and the parties will meet and confer as necessary to try to resolve the challenge.

- On May 27, 2016, the parties will file a joint report on their progress and will propose a briefing schedule to resolve the outstanding issues from this meet and confer.
- The parties will then apply the Court's analysis and direction to future rounds of review and meet and confer using the procedure identified above until Plaintiffs have concluded their challenges to Bard's privilege log.
- None of these procedures will be exclusive, exhaustive, or constitute a waiver of either other privilege assertions, other arguments for privilege waiver, or other procedures for resolving privilege log disputes including but not limited to requesting judicial intervention.
- All documents produced by Bard during this meet and confer process will be subject to the Rule 502(d) Order entered on December 1, 2015.

**Plaintiffs' Proposed Categories**:

1. Entries where no legal personnel are listed as either an author or recipient of the communication.
2. Entries where both the author and the recipient are non-lawyers and an attorney was merely "cc'd" on the communication.
3. Entries that do not identify the author or recipient of the communication.
4. Entries describing an attachment that was not authored by a lawyer and that was sent to a group of both non-lawyers and lawyers for review.
5. Entries describing an attachment that was not by or to an attorney but that merely referenced an attorney.
6. Entries that do not reflect that any legal advice was given or requested.
7. Entries where a non-party is an author, recipient or listed as receiving a copy of the communication so as to have waived any attorney-client privilege.

**Bard's Proposed Categories**:

1. Documents created directing actions to be taken or describing actions taken as result of the threat of or filing of lawsuits.

3

2. All communications relating to pending or threatened litigation.

3. Drafts created by lawyers.

4. Documents reflecting intellectual property advice or edits to documents to address intellectual property concerns.

5. Communications to and from outside counsel or their designees.

6. Communications directly between in-house counsel and non-lawyers requesting or providing legal advice.

7. Communications between or among only Bard legal department lawyers and staff.

DATED this 12th day of February, 2016.

| GALLAGHER & KENNEDY, P.A. | NELSON MULLINS RILEY & SCARBOROUGH LLP |
|---|---|
| By: s/ Robert S. Boatman<br>Robert W. Boatman (009619)<br>Paul L. Stoller (016773)<br>Shannon L. Clark (019708)<br>2575 East Camelback Road<br>Phoenix, Arizona 85016-9225<br><br>Ramon Rossi Lopez<br>(admitted *pro hac vice*)<br>CA Bar No. 86361<br>LOPEZ McHUGH LLP<br>100 Bayview Circle, Suite 5600<br>Newport Beach, California 92660<br><br>Attorneys for Plaintiffs | By: s/ Matthew B. Lerner<br>Richard B. North, Jr. (admitted *pro hac vice*)<br>Georgia Bar No. 545599<br>Matthew B. Lerner (admitted *pro hac vice*)<br>Georgia Bar No. 446986<br>201 17th Street, NW / Suite 1700<br>Atlanta, GA 30363<br><br>James R. Condo<br>Amanda C. Sheridan<br>SNELL & WILMER L.L.P.<br>One Arizona Center<br>400 E. Van Buren, Suite 1900<br>Phoenix, Arizona 85004-2202<br><br>Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. |

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2016, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

    s/ Mathew B. Lerner