HILARY E. YOUNGBLOOD, California Bar No. 258026 (Admitted Pro Hac Vice)
hyoungblood@dblawsf.com
**DAVIDOVITZ + BENNETT**
101 Montgomery Street, 25th Floor
San Francisco, CA 94104-4176
TEL: (415) 956-4800
FAX: (415) 788-5948

Attorneys for Defendant,
SUTTER WEST BAY HOSPITALS, doing business as
CALIFORNIA PACIFIC MEDICAL CENTER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | ) MDL No. 2:15-md-02641-DGC ) |
| This Document Relates to: WAYNE RUDEN v. C.R. BARD, INC., et al. | ) NOTICE OF DEFENDANT ) CALIFORNIA PACIFIC MEDICAL ) CENTER'S MOTION AND MOTION TO ) DISMISS PLAINTIFF'S AMENDED ) COMPLAINT UNDER FED.R.CIV.P. ) 12(b)(6) AND 12(e); OR IN THE ) ALTERNATIVE FOR MOTION TO ) REMAND UNDER 28 U.S.C. § ) 1447(c) AND FED.R.CIV.P. ) 12(b)(1) WITH SUPPORTING ) MEMORANDUM; DECLARATION OF ) HILARY E. YOUNGBLOOD |
| | ) ORAL ARGUMENT REQUESTED ) |
| _____ | ) Honorable David G. Campbell |



---

DEFENDANT CPMC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
CASE NO. 2:15-md-02641-DGC

# TABLE OF CONTENTS

Page(s)

NOTICE OF MOTION TO DISMISS/REMAND . . . . . . . . . . . .   1

SUMMARY OF ARGUMENT.. . . . . . . . . . . . . . . . . . .   iv

I.    INTRODUCTION. . . . . . . . . . . . . . . . . . .   3

II.   FACTUAL BACKGROUND. . . . . . . . . . . . . . . .   4

III.  LEGAL ANALYSIS. . . . . . . . . . . . . . . . . .   6

      A.   MOTION TO DISMISS UNDER FED.R.CIV.PROC. 12(b)(6)
           OR FOR A MORE DEFINITE STATEMENT UNDER 12(e).   6

           1.   Legal Standard. . . . . . . . . . . . .   6

           2.   The Second Cause of Action for Negligence
                Fails to State a Claim Against CPMC and Is
                Uncertain. . . . . . . . . . . . . . . .   8

           3.   The Seventh Cause of Action for Negligent
                Misrepresentation Fails as to CPMC and Is
                Uncertain. . . . . . . . . . . . . . . .   10

           4.   The Eighth Cause of Action for Breach of
                Fiduciary Duty Fails as to CPMC and Is
                Uncertain . . . . . . . . . . . . . . .   12

           5.   The Ninth Cause of Action for Negligence –
                Recall/Retrofit Fails as to CPMC and Is
                Uncertain. . . . . . . . . . . . . . . .   12

           6.   Plaintiff's Punitive Damages Claim is
                Improper and Should be Dismissed. . . . .   14

           7.   The Gravamen of the FAC is Product
                Liability. . . . . . . . . . . . . . . .   15

      B.   ALTERNATE MOTION TO REMAND TO STATE COURT. .   17

IV.   CONCLUSION. . . . . . . . . . . . . . . . . . . .   17

TABLE OF AUTHORITIES

CASES                                                    PAGES(S)

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).. . . . . . . . . . . . . . . . . 1, 6

*Baisden v. Bayer Corp.*,
275 F.Supp.2d 759 (S.D. W.Virginia 2003). . . . . . . . . . 7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007).. . . . . . . . . . . . . . . 6, 7, 12

*Brousseau v. Jarrett*,
73 Cal.App. 3d 864 (1977).. . . . . . . . . . . . . 15

*Derrick v. Ontario Community Hospital*,
47 Cal.App.3d 145 (1975). . . . . . . . . . iv, 5, 9, 10-13

*Estate of Prasad v. County of Sutter*,
958 F.Supp.2d 1101 (E.D. Cal. 2013).. . . . . . . 14 at fn 2

*Friedman v. Merck & Co.*,
107 Cal.App.4th 454 (2003). . . . . . . . . . . . . . . .11

*Hector v. Cedars-Sinai Medical Center*,
180 Cal.App.3d 493 (1986).. . . . . . . . . . . . . 16

*Houston v. Medtronic, Inc.*,
957 F.Supp.2d 1166 (C.D. Cal. 2013) . . . . . . . . . . . 10

*Huntman v. Danek Medical, Inc.*, No. 97-2155-IEG RBB,
1998 WL 663362 (S.D. Cal. July 24, 1998). . . . . . . . . .11

*In re Donald J. Trump Sec. Litig.*,
7 F.3d 357 (3rd Cir. 1993)(*cert. denied*). . . . . 1 at fn 1

*In re Prudential Ins. Co. of America Sales Practices Litig.*,
170 F.Supp.2d 1346 (Jud.Pan.Mult.Lit. 2001).. . . 1 at fn 1

*Lewis v. Ollison*,
571 F.Supp.2d 1162 (C.D. Cal. 2008).. . . . . . . . . . 6, 7

*Lopez v. Nissan N. Am., Inc.*,
201 Cal.App.4th 572 (2011) . . . . . . . . . . . . . . 11

*Mayers v. Litow*,
154 Cal.App.2d. 413 (1957). . . . . . . . . . . . . . 9

*McCabe v. Gen. Foods Corp.*,
811 F.2d 1336 (9th Cir. 1987). . . . . . . . . . . . . 17

*McHenry v. Renne*,
84 F.3d 1172 (9th Cir. 1996). . . . . . . . . . . . . 8

*Moore v. Regents of Univ. of Cal.*,
51 Cal.3d 120 (1990). . . . . . . . . . . . . . . . . 8

*Pierson v. Sharp Memorial Hospital*, *Inc.*,
216 Cal.App.3d 340 (1989).. . . . . . . . . . . . . 16

*Ramirez v. Plough, Inc.*,
6 Cal.4th 539 (1993). . . . . . . . . . . . . . . . 13

*Sadler v. Pella Corp.*,
2015 WL 7454516 (D. South Carolina Nov. 23, 2015).  1 at fn 1

*Salkin v. United Services Auto. Ass'n.*,
767 F.Supp.2d 1062 (C.D. Cal. 2011).. . . . . . . . . 4

*Silverhart v. Mount Zion Hospital*,
20 Cal.App.3d 1022 (1971).. . . . . . . . . . iv, 5, 15-16

*Singleton v. Univ. of Cal.*, No. C-93-3496 MHP,
1995 WL 16978 (N.D. Cal. Jan. 6, 1995). . . . . . . . 7

*Taylor v. Superior Court*,
24 Cal.3d 890 (1979). . . . . . . . . . . . . . . . 15

*West v. JPMorgan Chase Bank, N.A.*
214 Cal.App.4th 780 (2013) . . . . . . . . . . . 10-11

*Xerox Corp. v. Far Western Graphics, Inc.*, No. C-03-4059-JFPVT,
2004 WL 2271587 (N.D.Cal. Oct. 6, 2004).. . . . . . . 15

# STATUTES AND RULES

STATUTES

28 U.S.C. § 1447(c).. . . . . . . . . . . . . . . . . . v, 2

Cal. Civ. Code § 3294(a). . . . . . . . . . . . . . v, 2, 14

Cal. Code Civ. Proc. § 425.13.. . . . . v, 2, 14, 14 at fn 1

Cal. Code Civ. Proc. § 425.13(a). . . . . . . . . . . . . v

RULES

Fed.R.Civ.P. 8(a)(2). . . . . . . . . . . . . . . . . 6, 10

Fed.R.Civ.P. 9(b) . . . . . . . . . . . . . . . . . . . 10

Fed.R.Civ.P. 12(b)(1).. . . . . . . . . . . . . v, 2, 4, 17

Fed.R.Civ.P. 12(b)(6).. . . . . . . . . v, 1, 3, 6, 7, 14, 15

Fed.R.Civ.P. 12(e). . . . . . . . . . . . . . v, 2, 6, 8, 17

Fed.R.Civ.P. 12(g). . . . . . . . . . . . . . . . . . . . 2

**NOTICE OF MOTION TO DISMISS OR ALTERNATIVELY TO REMAND**

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that defendant Sutter West Bay Hospitals, doing business as California Pacific Medical Center ("CPMC"), will and hereby does move this Court for an Order granting its motion to dismiss the Second, Seventh, Eighth, and Ninth Causes of Action, along with Plaintiff's punitive damages claim, in Plaintiff's First Amended Complaint ("FAC"), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1/]

CPMC is a sham defendant. CPMC's motion to dismiss is therefore made on the ground that the Second, Seventh, Eighth, and Ninth claims fail to state a claim for relief "that is plausible on its face," as required under *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and that Plaintiff's claim for punitive damages is insufficiently pled, as follows:

1.  Plaintiff's Second, Eighth, and Ninth Causes of Action fail since CPMC did not owe plaintiff a fiduciary duty.

2.  Plaintiff's Ninth Cause of Action fails to allege any duty on the part of CPMC to recall the subject device.

3.  Plaintiff's Seventh Cause of Action fails to allege any facts relating to breach of duty owed to Plaintiff by CPMC.

4.  The gravamen of the FAC is in product liability, and California law does not recognize strict product liability

---

[1/] This Court has vested authority to rule on this motion, which ruling shall be governed by California substantive law and federal procedural law. *See In re Donald J. Trump Sec. Litig.,* 7 F.3d 357 (3rd Cir. 1993)(*cert. denied*); *In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F.Supp.2d 1346 (Jud.Pan.Mult.Lit. 2001); *Sadler v. Pella Corp.*, 2015 WL 7454516 (D. South Carolina Nov. 23, 2015).

1  for providers of medical services such as CPMC.

2       5.   CPMC was fraudulently misjoined in the case to

3  defeat diversity and federal jurisdiction.

4       6.   Plaintiff's punitive damages claim fails under

5  California Code of Civil Procedure section 425.13 and Civil

6  Code section 3294(a) to plead facts to show CPMC's corporate

7  leaders' requisite intent by clear and convincing evidence.

8       Alternatively, CPMC moves for an Order granting its

9  motion for a more definite statement pursuant to Rule 12(e),

10  on the ground that the Second, Seventh, Eighth and Ninth Causes

11  of Action are so vague or ambiguous that CPMC cannot reasonably

12  respond: (1) Plaintiff's Second and Ninth Causes of Action fail

13  to identify the duty of care which CPMC allegedly breached; (2)

14  Plaintiff's Seventh Cause of Action is unintelligible as to who

15  made which alleged misrepresentations to whom; and (3)

16  Plaintiff's Eighth Cause of Action is nonsensical.

17       Alternatively, joined under Rule 12(g), CPMC will and

18  hereby does move for an Order dismissing and remanding this

19  action to state court pursuant to 28 U.S.C. § 1447(c) for lack

20  of subject-matter jurisdiction under Rule 12(b)(1).

21       CPMC's motion is based on this Notice and Motion, the

22  Memorandum and Declaration in support thereof, the complete

23  files and records in this action, and such other argument and

24  evidence presented at or before the hearing of this matter.

25  DATED:  February 19, 2016.     DAVIDOVITZ + BENNETT

26

27                               By:_____/s/_____
                                    HILARY E. YOUNGBLOOD
                                    Attorneys for Defendant,
28                                  SUTTER  WEST  BAY  HOSPITALS,
                                    doing  business  as  CALIFORNIA
                                    PACIFIC MEDICAL CENTER

## SUMMARY OF ARGUMENT

This is a products liability action against the defendant manufacturers of a medical device, and the hospital where it was placed, CPMC. However, Plaintiff's claims for negligence, negligent misrepresentation, breach of fiduciary duty, and prayer for punitive damages, fail to state a claim upon which relief can be granted as to defendant CPMC and should be dismissed without leave to amend.

First, CPMC should be dismissed under Federal Rule of Civil Procedure ("Rule") 12(b)(6), since Plaintiff cannot plead a viable claim against a hospital for negligence, negligent misrepresentation, or breach of fiduciary duty based on the hospital's alleged failure to advise Plaintiff of a product warning. Even if the alleged facts were true, CPMC did not owe fiduciary duty of care to Plaintiff. *Derrick v. Ontario Comty. Hospital*, 47 Cal.App.3d 145, 154 (1975).

Second, the gravamen of this action is products liability. California law does not recognize strict product liability for medical providers such as hospitals. *Silverhart v. Mount Zion Hospital,* 20 Cal.App.3d 1022 (1971).

Finally, Plaintiff's punitive damages claim should be dismissed pursuant to California Civil Code section 3294(a) and Civil Procedure section 425.13(a). At the least, CPMC seeks an Order for more definite statement under Rule 12(e).

Alternatively, CPMC seeks an Order dismissing the action under Rule 12(b)(1) for lack of subject matter jurisdiction, and remanding the action to state court pursuant to 28 U.S.C. § 1447(c).

DEFENDANT CPMC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
CASE NO. 2:15-md-02641-DGC      v

# I.   **INTRODUCTION**

Initially, plaintiff filed this action in state court, but Bard defendants removed to the Northern District of California, and sought transfer to the Multidistrict Panel. Thereafter, on December 3, 2015, plaintiff filed a First Amended Complaint against California Pacific. *See* FAC, attached as Exhibit 1 to the Declaration of Hilary E. Youngblood in Support of CPMC's Motion.

On February 4, 2016, the United States Judicial Panel on Multidistrict Litigation entered its Conditional Transfer Order, thereby transferring this action to this Court. The Master Complaint does not apply to plaintiff's claims against CPMC. **[**Doc. 364.**]**

Plaintiff's claims against CPMC hinge on two theories: medical products liability, and negligent breach of fiduciary duty. Plaintiff's FAC fails to state any valid claim for relief as to CPMC, since under California law, hospitals are not subject to strict products liability, and CPMC did not owe Plaintiff a fiduciary duty. CPMC therefore cannot be liable to the Plaintiff for allegedly failing to inform Plaintiff of a 2010 FDA warning letter relating to the BRF. Further, CPMC did not negligently fail to recall Bard's device, since the hospital had no duty to do so.

Finally, Plaintiff seeks punitive damages against CPMC, without alleging any factual support in support of the request in direct contradiction to California law. His blanket allegation that all defendants' actions were "intentional, willful, knowing, fraudulent, malicious," and to "serve their

1  own pecuniary interests," if fatally deficient. **[**FAC at ¶¶
2  135-141 (p.26-27)**.]**

3      Given the foregoing, CPMC is fraudulently misjoined in
4  this action and should be dismissed. Plaintiff, a California
5  resident, alleges personal in jury damages against defendants
6  C.R. Bard, Inc., a New Jersey corporation, Bard Peripheral
7  Vascular, Inc., an Arizona corporation, and CPMC, a California
8  corporation. From the face of the FAC, it is clear that
9  Plaintiff has named CPMC as a defendant for the sole purpose
10 of defeating diversity.

11     The Court has jurisdiction to preside over this matter,
12 and, therefore, to dismiss Plaintiff's claims against CPMC.
13 *See e.g. Salkin v. United Services Auto. Ass'n.*, 767 F.Supp.2d
14 1062, 1069 (C.D. Cal. 2011). Accordingly, CPMC respectfully
15 requests that the Court sustain its Rule 12 (b)(6) motion, and
16 dismiss with prejudice the FAC as to CPMC.

17     However, if the Court finds that CPMC is not a sham
18 defendant, then CPMC moves the Court for an Order granting its
19 motion to remand on the basis that under Rule 12(b)(1) the
20 Court lacks subject-matter jurisdiction.

21                 **II.**  **FACTUAL BACKGROUND**

22     In March 2004, Plaintiff was implanted with a Bard
23 Recovery Filter ("BRF") at CPMC. Bard designed and
24 manufactured the BRF.

25     Plaintiff's Second Cause of Action for negligence
26 against CPMC, alleges that on August 9, 2010, the FDA issued
27 a warning letter regarding the BRF, and "advised treaters,
28 such as CPMC and its agents, to consider the risks and

benefits of filter removal for each patient." **[**FAC at 16:25-26.**]** On "information and belief," Plaintiff claims that CPMC received this warning, or negligently relied on Bard's misrepresentations about the product, and negligently failed to notify him. **[**FAC at 4:14-15, 16:27, 17:3-10.**]**

Plaintiff's Second Cause of Action for is based on his claim that CPMC created a fiduciary duty through its agents, who recommended and placed the BRF. These "agents" consisted of "the physicians employed by and/***or associated*** with CPMC, including Dr Edwin Hassid, Dr. Sung Choi, Dr. William Kuo, Dr. Bertrand Tuan, nurses, officers, directors, attendants and other employees of CPMC that decided, directed and/or performed the BRF procedure on Plaintiff." **[**FAC at 16:8-14 (emphasis added).**]**

Plaintiff's Seventh Cause of Action for negligent misrepresentation is predicated entirely on CPMC's claimed failure to "inquire as to [Bard's] misrepresentations." **[**FAC at 22:7-8.**]** The FAC further alleges that the "Defendants' intent and purpose in making these misrepresentations was to deceive and defraud the public and the medical community..." **[**FAC at 22:18-19**]**, but it is unclear to which defendants Plaintiff refers.

Plaintiff's Eighth Cause of Action for Breach of Fiduciary Duty is based on the doctors' advice to place the BRF in 2004 **[**FAC at 24:6-10**]**, and the later failure to advise Plaintiff of "adverse events." **[**FAC at 24:18-24.**]**

Plaintiff's Ninth Cause of Action is based on CPMC's alleged breach of a duty to advise Plaintiff of the FDA

warning **[**FAC at 25:19-22**]** and to recall the BFR from the market. **[**FAC at 25:25.**]**

Plaintiff seeks punitive damages, claiming that defendants, "acted to serve their own pecuniary interests." **[**FAC at 27:7.**]**

### III. LEGAL ANALYSIS

**A.     MOTION TO DISMISS UNDER RULE 12(b)(6) OR FOR A MORE DEFINITE STATEMENT UNDER 12(e)**

#### 1.   Legal Standard

Under Rule 8(a)(2), a complaint must provide, "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Lewis v. Ollison*, 571 F.Supp.2d 1162, 1168 (C.D. Cal. 2008). A complaint must be dismissed under Rule 12(b)(6), when a plaintiff's allegations fail "to state a claim upon which relief can be granted." See *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' . . . Dismissal is appropriate on a Rule 12(b)(6) motion if the facts alleged do not state a claim to relief that is 'plausible on its face.' Dismissal without leave to amend is appropriate when it is clear that

1   the deficiencies in the complaint could not possibly be cured

2   by amendment." *Lewis*, *supra*, 571 F.Supp.2d at 1168 (citations

3   omitted).

4          Conclusory allegations, such as "[o]n information and

5   belief, CPMC received [the FDA] warning" **[FAC, at 16:27]**

6   unsupported by proper factual allegations, do not meet the

7   requisite threshold to defeat a motion to dismiss." *Bell*

8   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)("Factual

9   allegations must be enough to raise a right to relief above

10  the speculative level.")

11         Inconsistent factual allegations, such as "CPMC knew

12  the BRF was defective . . . or, in the alternative, BARD

13  concealed dangers known to BARD from CPMC" **[FAC, at 3:19-21]**,

14  are grounds for dismissal of CPMC. Analogously, in *Baisden v.*

15  *Bayer Corp.*, 275 F.Supp.2d 759, 762-763 (S.D. W.Virginia,

16  2003), the court dismissed the defendant physician based on a

17  finding of fraudulent joinder:

18         ....[T]he impossibility of the claim against the non-
           diverse defendant(s) is implicit in the contradictory
19         allegations:  1)  defendant  manufacturer  hid  the
           information that 2) non-diverse doctor or pharmacist
20         knew or should have known.  In each of these cases,
           the premise of the case against the non-diverse
21         defendant(s) that they knew or should have known of
           the  dangers  is  undercut,  defeated,  and  made
22         impossible  by  the  claims  of  fraud  and
           misrepresentation against the manufacturers, who
23         allegedly prevented anyone from knowing the dangers.
           That  contradiction,  apparent  on  the  face  of  the
24         complaint, is also present here.

25         Rule 12(b)(6) also applies to strike punitive damages.

26  *Singleton v. Univ. of Cal.*, 1995 WL 16978, at *1 (N.D. Cal.

27  1995). Hence, joined with CPMC's motion to dismiss under Rule

28  12(b)(6) is a request for an Order striking Plaintiff's

1  punitive damages claim.

2      "[T]he judge may in his discretion, in response to a

3  motion for more definite statement under Rule 12(e), require

4  such detail as may be appropriate in the particular case."

5  *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). In the

6  alternative, CPMC seeks an Order requiring a more definite

7  statement of Plaintiff's claims.

8            **2.   The Second Cause of Action for Negligence Fails to**

9                 **State a Claim Against CPMC and Is Uncertain**

10     The Second cause of action set forth in the FAC

11 attempts to plead the elements of negligence against CPMC

12 couched upon a breach of fiduciary duty.  Plaintiff claims

13 CPMC, "created a fiduciary or special relationship with the

14 Plaintiff when they and their agents recommended and advised

15 the insertion of a BRF in Plaintiff, and when they and their

16 agents inserted a BRF in Plaintiff on or about March 2004."

17 **[**FAC at 16:8-11.**]** Plaintiff concludes that CPMC, "had an

18 ongoing duty to reasonably warn the Plaintiff of newly-

19 discovered risks related to this danger based on their

20 fiduciary and special relationship with the Plaintiff." **[**FAC

21 at 16:18-20.**]**

22     First, Plaintiff's negligence claim fails under

23 California law since it is established that a hospital does

24 not owe a fiduciary duty of care to patients. *Moore v. Regents*

25 *of Univ. of Cal.*, 51 Cal.3d 120, 133 (1990)(only defendant

26 physician and not hospital stood in fiduciary duty to

27 plaintiff in professional negligence and lack of informed

28 consent action). Plaintiff therefore cannot succeed in a cause

of action for negligence against CPMC on an alleged breach of fiduciary duty theory.

The sole exception permitting breach of fiduciary duty claims against a hospital requires, "a recognized theory of secondary liability, such as respondeat superior." *Id.* The doctors' "association with CPMC (the nature of which Plaintiff is unaware) does not *de facto* create secondary liability. California courts have held that non-employee doctors who are associated with a hospital are not agents of the hospital, and that the hospital has no liability for the acts of these independent contractor doctors. *See Mayers v. Litow* (1957) 154 Cal.App.2d 413, 417-418.

Second, Plaintiff's negligence claim fails to state a valid cause of action as to CPMC since the hospital had no duty to inform Plaintiff of the FDA correspondence. Plaintiff alleges that the FDA issued a warning letter in April 2010, "advis[ing] treaters, such as CPMC and its agents, to consider the risks and benefits of filter removal for each patient." **[FAC at 16:25-26.]** Assuming for purposes of this motion that CPMC received this letter, such a letter could not have created a duty of care owed to Plaintiff by CPMC since, under California law, a hospital has no "duty to advise a patient . . . concerning the patient's condition when that duty might substantially interfere with the relationship between the patient and her attending physician." *Derrick v. Ontario Community Hospital*, 47 Cal.App.3d 145, 154 (1975).

In *Derrick*, the court declined to impose on the defendant *hospital* a duty to advise a patient that she had

contacted a contagious disease. Instead, the court imposed the duty to warn the plaintiff on plaintiff's *physician*. Therefore, any duty to warn Plaintiff belonged to his physician(s), **not** CPMC. To the contrary, under *Derrick*, advice from a hospital to a patient concerning risks of filter removal may constitute interference with the physician-patient relationship. Hence, Plaintiff's Second Cause of Action for negligence fails to state a claim upon which relief can be granted as to CPMC and should be dismissed. In the alternative, the FAC should be amended to identify the duty CPMC allegedly breached.

### 3. The Seventh Cause of Action for Negligent Misrepresentation Fails as to CPMC and Is Uncertain

Plaintiff's FAC fails to comply with the pleading requirements of Rule 8(a)(2) and Rule 9(b). *See Houston v. Medtronic, Inc.*, 957 F. Supp. 2d 1166, 1180 (C.D. Cal. 2013). Instead, the FAC alleges that **Bard** provided "false or incorrect information, or omitted or failed to disclose material information." **[**FAC at 21:24.**]** To stretch this claim to CPMC, Plaintiff alleges, "CPMC failed to properly screen or inquire as to these misrepresentations and passed these misrepresentations along to Plaintiff's health care providers." **[**FAC at 22:7-9.**]**

Negligent misrepresentation requires proof that defendant (1) made a false representation of material fact to plaintiff, (2) without reasonable ground for believing it to be true, (3) with the intent to deceive, (4) on which plaintiff relied and (5) was therefore harmed. *West v.*

*JPMorgan Chase Bank, N.A.*, 214 Cal.App.4th 780, 792 (2013). In California, negligent misrepresentation further differs from intentional misrepresentation in that, while certain nondisclosures may support a claim for intentional misrepresentation, a negligent misrepresentation claim requires a "positive assertion," and hence "omissions" or nondisclosures cannot give rise to liability for negligent misrepresentation. *Lopez v. Nissan N. Am., Inc.,* 201 Cal.App.4th 572, 596 (2011).

First, there is no legal support for Plaintiff's theory that a hospital has an independent duty to verify information medical product information provided by manufacturers. *See Friedman v. Merck & Co.*, 107 Cal. App. 4th 454, 477 (2003) (to state negligent misrepresentation, "plaintiff must allege facts establishing that defendants owed him a duty to communicate accurate information"); *see also Huntman v. Danek Medical, Inc.*, No. 97-2155-IEG RBB, 1998 WL 663362, at *5 (S.D. Cal. Jul. 24, 1998).

Second, Plaintiff's FAC fails to satisfy at least two of the five requisite elements for negligent misrepresentation: CPMC did not make any representation to Plaintiff; and to the extent the FAC contends that Plaintiff's doctors, in their (untenable) capacity as CPMC's agents, made such misrepresentations, their representations did not impose a nonexistent duty on CPMC to verify the information provided by Bard. **[**FAC at 22:7-12.**]** Also, Plaintiff has not alleged any fact to support CPMC's or the doctors' intent to deceive the Plaintiff. Accordingly, the Seventh cause of action should be

1  dismissed as to CPMC. At the least, Plaintiff should be
2  ordered to amend the FAC to meet the heightened pleading
3  requirements.

4
5  **4.  The Eighth Cause of Action for Breach of Fiduciary Duty Fails as to CPMC and Is Uncertain**

6      The Eighth Cause of Action, for breach of fiduciary
7  duty, suffers from the same deficiencies as the Second Cause
8  of Action for Negligence, as both are improperly premised on
9  CPMC's failure to advise the Plaintiff of the 2010 FDA
10 warning. **[**FAC at 24:18-24.**]** As discussed above, this claim
11 fails to allege a claim upon which relief can be granted: It
12 is established that a hospital does not owe a fiduciary duty
13 of care to patients; and it is established that a hospital may
14 not interfere with the patient-physician relationship by
15 giving treatment-related advice. *See Derrick*, *supra*, 47
16 Cal.App.3d at 154. Moreover, Plaintiff's bald allegation that
17 CPMC received a warning from the FDA concerning the BRF is not
18 at all factually supported, and his allegation that CPMC
19 received warning information from Bard is contradicted by his
20 allegation that Bard fraudulently withheld such information
21 from the public. *Bell Atlantic, supra,* 550 U.S. at 555.
22 Accordingly, this claim should be dismissed.

23      However, if the Court is not inclined to grant CPMC's
24 motion to dismiss, CPMC requests that Plaintiff be ordered to
25 amend the FAC to specify which duty of care CPMC violated.

26
27 **5.  The Ninth Cause of Action for Negligence-Recall/Retrofit Fails as to CPMC and Is Uncertain**

28      Yet again, for the reasons stated above, the Ninth

DEFENDANT CPMC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
CASE NO. 2:15-md-02641-DGC    12

Cause of Action lacks merit and is fatally uncertain, since it relies on the claim that CPMC failed to advise plaintiff of the FDA "warning letter" issued to treaters. **[**FAC at 25:17-22.**]**

In addition, the Ninth Cause of Action is invalid since it alleges that CPMC should "have recalled the BRF." **[**FAC, at 25:25.**]** There is no legal or factual basis to impose a duty to recall the BRF on CPMC, a hospital that did not manufacture the product. Conveniently, the FAC fails to address the issue of duty as to CPMC. Such "vague, conclusory allegation avails plaintiff nothing . . . . Mere general assertions by way of conclusion or those indefinite in character, such as here presented, cannot be deemed sufficient compliance with the long-established rules of pleading." *Derrick*, *supra*, 47 Cal.App.3d at 153.

There is no common-law duty in California to recall a medical device unless the FDA requires such recall. As the California Supreme Court held in *Ramirez v. Plough, Inc.*, 6 Cal.4th 539, 556 (1993), unless a regulatory agency orders a recall, there cannot be liability for failing to take that action independently. Here, the FAC does not allege any recall by the FDA. Hence, none of the defendants, let alone CPMC, had any duty to recall the BRF.

Since the Ninth Cause of Action does not address the issue of duty, it cannot properly plead breach of such nonexistent duty. The Ninth Cause of Action therefore fails to state facts sufficient to constitute any claim for relief against CPMC.

**6.  Plaintiff's Punitive Damages Claim Is Improper as to CPMC and Should Be Dismissed**

Plaintiff's punitive damages claim should be dismissed under Rule 12(b)(6) since it is legally invalid and factually devoid.

First, Plaintiff has failed to comply with California Code of Civil Procedure section 425.13, which requires that he first seek and obtain leave of Court before he may assert any claim for punitive damages against CPMC. Plaintiff has never sought or obtained such an order. **[**Youngblood Decl., ¶5.**]** Due to this failure, plaintiff is barred from seeking punitive damages against CPMC.[2/]

Even ignoring this fatal failure under section 425.13, Plaintiff's FAC fails to meet the heightened pleading requirements to allege exemplary damages under California Civil Code section 3294(a). Instead, Plaintiff's claim is based solely on a conclusory allegation of fraud and malice on the part of the CPMC corporate entity, without any basis for such allegation. **[**FAC at pp. 26-27.**]**

Under California law, the "oppression, fraud, or malice" which is a prerequisite for exemplary damages must be plead by "clear and convincing evidence." Cal. Civ. Code § 3294(a). Specific facts must be pled to support such a finding, and a mere conclusory characterization of defendant's

---

[2/] There is a conflict between the District Courts of the Ninth Circuit as to application of California Civil Procedure section 425.13 in Federal Court. *See Estate of Prasad v. County of Sutter*, 958 F.Supp.2d 1101, 1108-1121 (E.D. Cal. 2013).

conduct as intentionally fraudulent is patently insufficient.
*Brousseau v. Jarrett*, 73 Cal.App. 3d 864, 872 (1977). The
allegations must set forth facts demonstrating a willful and
conscious disregard of the rights and safety of others. *Taylor
v. Superior Court*, 24 Cal.3d 890, 894-895 (1979). Furthermore,
a request for punitive damages against a corporation must be
based on the malice of its officers, directors or managing
agents. Lack of such allegation is ground to strike a request
for punitive damages. *Xerox Corp. v. Far Western Graphics,
Inc.*, *No. C-03-4059-JFPVT*, 2004 WL 2271587, at *2 (N.D.Cal.
2004).

Here, the FAC fails to allege any specific facts to
support the allegation of fraud or malice as to CPMC, let
alone any support by clear and convincing evidence that the
intent of CPMC's managing officers was malicious. Therefore,
under Rule 12(b)(6), Plaintiff's punitive damages claim should
be dismissed without leave to amend.

### 7.   **The Gravamen of the FAC Is Products Liability**

In the end, this is a product liability action against
a manufacturer based on the product's failed performance.
Under California law, a hospital may not be liable under a
product liability theory for a defective device such as the
BRF.

In *Silverhart v. Mount Zion Hospital*, 20 Cal.App.3d
1022 (1971), the plaintiff sought to apply the doctrine of
products liability to a hospital that furnished a defective
needle which caused her injury. Plaintiff's theory was that
the hospital was a "supplier" of the product and was therefore

subject to the same standard of liability as any other supplier of products. The court soundly dismissed this argument, noting that a hospital's business is to provide medical services, not sell products. *Id.* at 1027.

The holding in *Silverhart* has been consistently approved and relied on over the years. For example, in *Hector v. Cedars-Sinai Medical Center*, 180 Cal.App.3d 493, 505 (1986), the court found that defendant Hospital could not be found strictly liable for its provision of a defective pacemaker to plaintiff, because the Hospital was more properly viewed as a provider of medical services, and not as the seller of the product. Similarly, in *Pierson v. Sharp Memorial Hospital, Inc.*, 216 Cal.App.3d 340, 346-347 (1989), the defendant hospital was absolved of liability for an allegedly defective carpet, since the hospital was the provider of medical services rather than a producer and marketer of products.

Here, plaintiff cannot state facts sufficient to constitute a claim for negligence under a theory of product liability against defendant CPMC. CPMC's role was limited to providing medical services to plaintiff. It did not participate in the manufacture or retail of the BRF, nor does plaintiff allege as much. CPMC therefore requests that the Court dismiss plaintiff's FAC against CPMC, since the sole nexus between plaintiff and CPMC is that the BRF was placed at the Hospital, which is insufficient to attribute liability to a Hospital for failure of a medical device.

//

**B.    ALTERNATE MOTION TO REMAND TO STATE COURT**

Plaintiff named CPMC in an attempt to avoid federal multidistrict litigation. However, plaintiff has no viable claim against CPMC. Thus, CPMC is a sham defendant, improperly joined in the litigation for the purpose of defeating federal jurisdiction. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). CPMC should therefore be dismissed from this action and enable the federal court to retain jurisdiction.

However, if the Court finds that plaintiff is not simply forum shopping by naming a California corporation as a defendant, then CPMC requests that the Court remand the action to state court for lack of subject-matter jurisdiction under Rule 12(b)(1).

## IV.   CONCLUSION

CPMC does not belong in this action or in this Court.

Plaintiff's FAC fails to state any claim upon which relief can be granted against CPMC. Therefore, CPMC's motion to dismiss the Second, Seventh, Eighth and Ninth Causes of Action and the claim for punitive damages under Rule 12(b)(6) should be granted without leave to amend; or, at a minimum, defendant's 12(e) motion for a more definite statement should be granted. In the alternative, CPMC asks the Court to remand this action to state court for lack of federal subject-matter jurisdiction.

DATED:  February 19, 2016.      DAVIDOVITZ + BENNETT

By: _____/s/_____
                                HILARY E. YOUNGBLOOD
Attorneys for Defendant,
SUTTER WEST BAY HOSPITALS,
doing business as CALIFORNIA
PACIFIC MEDICAL CENTER

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date below, I electronically filed the foregoing NOTICE OF DEFENDANT CALIFORNIA PACIFIC MEDICAL CENTER'S MOTION AND MOTION TO DISMISS UNDER FED.R.CIV.P. 12(b)(6) AND 12(e); OR IN THE ALTERNATIVE FOR MOTION TO REMAND UNDER 28 U.S.C. § 1447(c) AND FED.R.CIV.P. 12(b)(1) WITH SUPPORTING MEMORANDUM; DECLARATION OF HILARY E. YOUNGBLOOD; and PROPOSED ORDER with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to all counsel of record in this action.

Dated this 19th day of February, 2016.

s/ Hilary E. Youngblood
Davidovitz + Bennett
Attorneys for Defendant,
SUTTER WEST BAY HOSPITALS,
doing business as CALIFORNIA
PACIFIC MEDICAL CENTER

DEFENDANT CPMC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
CASE NO. 2:15-md-02641-DGC