IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MD-15-02641-PHX-DGC<br><br>**AMENDED CASE MANAGEMENT ORDER NO. 4**<br><br>**(Master Complaint, Master Responsive Pleading, Use of Short Form Complaint, Waiver of Service for Bard Defendants, and Answer and General Denial in Cases Subsequently Transferred to MDL 2641)** |

The parties have submitted a Master Long Form Complaint and Jury Demand (previously docketed as Doc. 303-1) and a Master Responsive Pleading (previously docketed as Doc. 303-3). The Court has reviewed these proposed pleadings, finds them sufficient, and directs the Clerk to file them as separate documents in the Court's docket.[1] The parties have also submitted a proposed Amended Short Form Complaint, a copy of which is attached to this order. The Court also finds these proposed pleadings to be sufficient.

**IT IS ORDERED:**

All allegations pled in the Master Complaint and all responses pled in the Master Responsive Pleading are deemed pled in any previously filed Complaint and Responsive Pleading in this MDL proceeding, except as expressly noted below. They are also deemed

---

[1] The reference to "Federal Rule of Evidence 8" on the first page of the Master Complaint shall be deemed to be a reference to Federal Rule of Civil Procedure 8.

pled in any Short Form Complaint (attached to CMO No. 4, Doc. 363) or Amended Short Form Complaint (attached to this Order) and Entry of Appearance filed after the entry of this order, except that the Master Complaint applies only against the Defendant or Defendants identified in such future-filed Short Form or Amended Short Form Complaints.

The following cases will not be governed by the Master Complaint and Master Responsive Pleading, but will continue to be governed by the complaints (including any amended complaints) and answers filed in the various transferor courts prior to transfer:

| | Plaintiff | Original Jurisdiction |
|---|---|---|
| 1. | Cason, Pamela | GA – N.D. Ga. 1:12-cv-1288 |
| 2. | Coker, Jennifer | GA – N.D. Ga. 1:13-cv-515 |
| 3. | Conn, Charles | TX – S.D. Tex. 4:14-cv-298 |
| 4. | Ebert, Melissa | PA – E.D. Pa. 5:12-cv-1253 |
| 5. | Fox, Susan | TX – N.D. Tex. 3:14-cv-133 |
| 6. | Henley, Angela | WI – E.D. Wis. 2:14-cv-59 |
| 7. | Keen, Harry | PA – E.D. Pa. 5:13-cv-5361 |
| 8. | Milton, Gary | GA – M.D. Ga. 5:14-cv-351 |
| 9. | Mintz, Jessica | NY – E.D.N.Y. 2:14-v-4942 |

| Plaintiff | Original Jurisdiction |
| --- | --- |
| 10.  Ocasio, Denise | FL – M.D. Fla.<br>8:13-cv-1962 |
| 11.  Rivera (McClarty), Vicki | MI – E.D. Mich.<br>4:14-cv-13627 |
| 12.  Smith, Erin | TX – E.D. Tex.<br>1:13-cv-633 |
| 13.  Tillman, Lessie | FL – M.D. Fla.<br>3:13-cv-222 |

On or after **December 28, 2015**, any plaintiff whose case would be subject to transfer to MDL 2641 may file his or her case directly in this Court by using the Short Form Complaint (Doc. 363).  After **February __, 2016**, Plaintiffs may use the Amended Short Form Complaint attached to this Order.  If such a case is filed in this Court without the use of the Short Form or Amended Short Form Complaint, Plaintiffs' Co-Lead Counsel shall promptly advise the filing party to file an amended complaint using the Short Form or Amended Short Form Complaint.  If the filing party fails to do so, Plaintiffs' Co-Lead Counsel shall promptly notify the Court.

Defendants are not required to file answers to Short Form or Amended Short Form Complaints.  An Entry of Appearance shall constitute a denial of all allegations in the Short Form or Amended Short Form Complaints except as herein provided, and an assertion of all defenses included in the Master Responsive Pleading.  By filing an Entry of Appearance in response to a Short Form Complaint, in lieu of an answer, Defendants do not waive any defenses, including jurisdictional and service defenses.

Defendants shall have 60 days from the entry of this order to file any motion for failure of the Master Complaint to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) and 12(h)(2), and Plaintiff's shall have 30 days to respond.

Civil actions in this MDL were transferred to this Court by the Judicial Panel on Multidistrict Litigation for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Upon completion of the pretrial proceedings related to a civil action as determined by this Court, the case shall be transferred pursuant to 28 U.S.C. § 1404(a) or § 1406(a) to the District Court identified in the Short Form or Amended Short Form Complaint, provided the parties choose not to waive *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). The fact that a case was filed directly in this District and MDL proceeding shall not constitute a determination by this Court that jurisdiction or venue are proper in this District, and shall not result in this Court being deemed the "transferor court" for purposes of this MDL. In addition, filing a Short Form Complaint in this District shall have no impact on the conflict of law rules to be applied to the case. Instead, the law of the jurisdiction where the case is ultimately transferred will govern any conflict of law. Prior to transfer, Defendants may object to the district specified in the Short Form Complaint, based on venue or jurisdiction (including a lack of personal jurisdiction based on *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014)), and propose an alternative jurisdiction for the Court's consideration.

Subject to the conditions set forth in this order, Defendant C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") waive service of process in cases filed in this Court using the Short Form or Amended Short Form Complaint and in which they are named as defendants and one or more IVC filter products either manufactured or distributed by Bard is alleged to be at issue. For such cases, Plaintiffs shall send a Short Form or Amended Short Form Complaint and a request for waiver of service pursuant to the provisions of Fed. R. Civ. P. 4 to Richard B. North, Jr. by email to richard.north@nelsonmullins.com; maria.turner@nelsonmullins.com; and matthew.lerner@nelsonmullins.com. Counsel for Bard shall return the signed waiver requests to the Court within the time permitted by Fed. R. Civ. P. 4. Plaintiffs submitting a request for waiver shall not seek to hold Bard in default for failure to timely answer or

otherwise respond to a complaint in which service has been accomplished pursuant to the terms of this order without first giving Bard written notice of the alleged default and ten business days in which to cure any alleged default.

Prior to a Plaintiff's attorney filing a Short Form or Amended Short Form Complaint in this Court, that attorney must register for or already have a District of Arizona CM/ECF log-in name and password. If the Plaintiff's attorney does not already have a District of Arizona CM/ECF log-in name and password, that attorney **must** file the Short Form or Amended Short Form Complaint in paper form with the Clerk of Court and simultaneously file an Application of Attorney for Admission to Practice Pro Hac Vice pursuant to LRCiv 83.1(b)(2) (including all necessary attachments and filing fee).

Additionally, with respect to cases which are originally filed in courts other than this Court which are then subsequently transferred to MDL 2641 pursuant to 28 U.S.C. § 1407, Defendants' may file an Answer and General Denial with Respect to Cases Subsequently Transferred to MDL 2641, incorporating the defenses and denials set forth in the Master Answer and generally denying the plantiffs' allegations. This short-form answer shall serve as the responsive pleading. Defendants shall have 60 days from the date any such case is opened in this Court to file any motion for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) and 12(h)(2), and the plaintiff(s) shall have 30 days to respond.

Dated this \_\_\_\_ day of _____, 2016.

5252055v1/26997-0001