IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MD-15-02641-PHX-DGC<br><br>**AMENDED CASE MANAGEMENT ORDER NO. 5**<br><br>**(Plaintiff and Defendant Profile Forms)** |

The parties have agreed upon the use of an abbreviated Plaintiff Profile Form ("PPF") (Exhibit 1) attached to this Order.  Except as expressly noted herein, the PPF shall be completed in each currently pending case, and in all cases that become part of this MDL by virtue of being filed in, removed to, or transferred to this Court on or after the date of this Order.

Each plaintiff in currently filed cases (except as noted herein) shall submit a completed PPF to defendants within 60 days of the date of this Order.  In cases that have been filed in, removed to, or transferred to this MDL on or after the date of this Order, each plaintiff shall submit a completed PPF to defendants within 60 days of filing the complaint.

The completed PPF shall be delivered via email to: filterppf-pfs@nelsonmullins.com  and to co-lead counsel via email at wespita@lopezmchugh.com and karin.scheehle@gknet.com .

Each plaintiff is required to provide defendants with a PPF that is substantially complete in all respects, answering every question in the PPF, even if a plaintiff can answer the question in good faith only by indicating "not applicable" or "unknown." The PPF shall be signed by the plaintiff under penalty of perjury. If a plaintiff is suing in a representative or derivative capacity, the PPF shall be completed by the person with the legal authority to represent the estate or the person under legal disability. Plaintiff spouses with a claim for loss of consortium shall also sign the PPF, attesting that the responses made to the loss of consortium questions in the PPF are true and correct to the best of his or her knowledge, information and belief, formed after due diligence and reasonable inquiry.

A completed PPF shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34, and will be governed by the standards applicable to written discovery under Federal Rules 26 through 37. The interrogatories and requests for production in the PPF shall be answered without objection as to the question posed in the agreed upon PPF. This section does not prohibit a plaintiff from withholding or redacting information from medical or other records provided with the PPF based upon a recognized privilege. If information is withheld or redacted on the basis of privilege, plaintiff shall provide defendants with a privilege log that complies with Fed. R. Civ. P. 26(b)(5) simultaneously with the submission of the PPF.

If a plaintiff does not submit a PPF within the time specified in this Order, defendants shall mail an overdue letter by e-mail and U.S. mail to Plaintiffs' Co-Lead Counsel and the plaintiffs' individual representative counsel, stating that defendants may move to dismiss that plaintiff's case within 20 days of receipt of the letter. If no PPF is received within those 20 additional days, defendants may move immediately to dismiss that plaintiff's case. If defendants receive a PPF that is not substantially complete, defendants' counsel shall send a deficiency letter within 14 days of receipt of a PPF, as applicable by e-mail and U.S. mail to Plaintiffs' Co-Lead Counsel and the plaintiffs'

individual representative counsel, identifying the purported deficiencies. Plaintiff shall have 20 days from receipt of that letter to serve a PPF that is substantially complete in all respects.  This letter shall include sufficient detail for the parties to meet and confer regarding the alleged deficiencies.

Within 45 days of receipt of a substantially complete PPF for an individual plaintiff, the defendants shall provide the plaintiff with a completed Defendants' Profile Form (DPF) (Exhibit 2) attached to this order.  A completed DPF shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34, and will be governed by the standards applicable to written discovery under Federal Rules 26 through 37.  The interrogatories and requests for production in the DPF shall be answered without objection as to the question posed in the agreed upon DPF.  This section does not prohibit a defendant from withholding or redacting information from medical or other records provided with the DPF based upon a recognized privilege.  If information is withheld or redacted on the basis of privilege, defendants shall provide plaintiff with a privilege log that complies with Fed. R. Civ. P. 26(b)(5) simultaneously with the submission of the DPF.

If the plaintiff receives a DPF that is not substantially complete, plaintiff's counsel shall send a deficiency letter within 14 days of receipt of a DPF, as applicable by e-mail and U.S. mail to Defendants' Lead Counsel identifying the purported deficiencies. Defendants shall have 20 days from receipt of that letter to serve a DPF that is substantially complete in all respects.  This letter shall include sufficient detail for the parties to meet and confer regarding the alleged deficiencies.

The procedures outlined in this Order shall not apply to the following cases:

| Plaintiff | Original Jurisdiction |
| --- | --- |
| 1.  Cason, Pamela | GA – N.D. Ga. 1:12-cv-1288 |
| 2.  Coker, Jennifer | GA – N.D. Ga. 1:13-cv-515 |

3

| Plaintiff | Original Jurisdiction |
|---|---|
| 3. Conn, Charles | TX – S.D. Tex.<br>4:14-cv-298 |
| 4. Ebert, Melissa | PA – E.D. Pa.<br>5:12-cv-1253 |
| 5. Fox, Susan | TX – N.D. Tex.<br>3:14-cv-133 |
| 6. Henley, Angela | WI – E.D. Wis.<br>2:14-cv-59 |
| 7. Keen, Harry | PA – E.D. Pa.<br>5:13-cv-5361 |
| 8. Milton, Gary | GA – M.D. Ga.<br>5:14-cv-351 |
| 9. Mintz, Jessica | NY – E.D.N.Y.<br>2:14-v-4942 |
| 10. Ocasio, Denise | FL – M.D. Fla.<br>8:13-cv-1962 |
| 11. Rivera (McClarty), Vicki | MI – E.D. Mich.<br>4:14-cv-13627 |
| 12. Smith, Erin | TX – E.D. Tex.<br>1:13-cv-633 |
| 13. Tillman, Lessie | FL – M.D. Fla.<br>3:13-cv-222 |

The parties are relieved from preparing or exchanging profile forms in those particular cases.

Dated this ___ day of February, 2016.

5222582v1/26997-0001

4