1  James R. Condo (#005867)
   Amanda Sheridan (#005867)
2  SNELL & WILMER L.L.P.
   One Arizona Center
3  400 E. Van Buren
   Phoenix, AZ 85004-2204
4  Telephone: (602) 382-6000
   JCondo@swlaw.com
5  ASheridan@swlaw.com

6  Richard B. North, Jr. (admitted *pro hac vice*)
   Georgia Bar No. 545599
7  Matthew B. Lerner (admitted *pro hac vice*)
   Georgia Bar No. 446986
8  NELSON MULLINS RILEY & SCARBOROUGH, LLP
   Atlantic Station
9  201 17th Street, NW, Suite 1700
   Atlanta, GA  30363
10 Telephone: (404) 322-6000
   Richard.North@nelsonmullins.com
11 Matthew.Lerner@nelsonmullins.com

12 *Attorneys for Defendants*
   *C. R. Bard, Inc. and*
13 *Bard Peripheral Vascular, Inc.*

14

15              IN THE UNITED STATES DISTRICT COURT

16                 FOR THE DISTRICT OF ARIZONA

17

18 IN RE: Bard IVC Filters Products Liability      MDL NO. 15-02641-PHX-DGC
   Litigation

19 This Document Relates to:

20 WAYNE RUDEN,

21              Plaintiff,                          Case No. CV-16-00344-PHX-DGC

22 v.

23 C. R. BARD, INC., a New Jersey                   **DEFENDANTS C. R. BARD, INC. AND**
   Corporation; AND BARD PERIPHERAL                 **BARD PERIPHERAL VASCULAR,**
24 VASCULAR INC., an Arizona                        **INC.'S RESPONSE IN OPPOSITION**
   Corporation,                                     **TO PLAINTIFF'S MOTION TO**
25                                                  **REMAND**
                Defendants.
26

27         Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard")

28 hereby file this Response in Opposition to Plaintiff's Motion to Remand ("Plaintiffs'

1    Motion").

2    **I.    INTRODUCTION**

3         This Court should deny Plaintiff's Motion because Bard properly removed this case to

4    federal court based on diversity jurisdiction. Bard is a corporation that is not a citizen of

5    California, and Plaintiff is a California citizen. *See* Compl. [Dkt. No. 1-2] at ¶¶ 3, 7-8.

6    Although Defendant California Pacific Medical Center ("CPMC") is allegedly a citizen of

7    California, its citizenship should be ignored for purposes of determining diversity because

8    Plaintiff's claims against CPMC do not arise from the same transaction or occurrence or

9    series of transactions or occurrences as his product liability claims against Bard. Therefore,

10   Plaintiff has fraudulently misjoined CPMC.[1]

11        Alternatively, Bard requests that this Court sever and remand Plaintiff's claims against

12   CPMC pursuant to Federal Rules of Civil Procedure Rule 21 so that Plaintiff's remaining

13   product liability claims against Bard can stay and be decided in this MDL. *See, e.g.*, *Sutton v.*

14   *Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008) (severing and remanding fraudulently

15   misjoined medical malpractice claims against health care providers in product liability action

16   against medical device manufacturer); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 685 (D. Nev.

17   2004) (severing and remanding medical malpractice claims against a health care provider in a

18   products liability action against a pharmaceutical company).

19   **II.    FACTUAL AND PROCEDURAL BACKGROUND**

20        Plaintiff filed this action on October 7, 2015 in the Superior Court of the State of

21   California for the County of San Francisco. Bard received Plaintiff's Original Complaint on

22   October 13, 2015. On November 12, 2015, Bard timely removed the case to the United States

23   District Court for the Northern District of California based on diversity jurisdiction under 18

24   U.S.C. § 1332. *See* Bard's Notice of Removal [Dkt. No. 1]. Diversity jurisdiction exists

25

26        [1] Additionally, CPMC has filed a Motion to Dismiss [MDL 2641 Dkt. No. 870],

27   arguing that Plaintiff fails to state a claim against CPMC that is plausible on its face. *See id.*
     at 1-16. To the extent this Court agrees that Plaintiff has failed to state a claim against CPMC,

28   CPMC is fraudulently *joined*, and its citizenship may be ignored for purposes of determining
     diversity jurisdiction. *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

1  because the non-diverse health care provider defendant, CPMC, has been fraudulently

2  misjoined by Plaintiff. Accordingly, CPMC's citizenship should be ignored for purposes of

3  determining whether diversity of citizenship exists. *See Tapscott v. MS Dealer Serv. Corp.*,

4  77 F.3d 1353 (11th Cir. 1996) (holding diversity of citizenship requirement was satisfied by

5  reason of fraudulent misjoinder doctrine because the alleged transactions involving the non-

6  diverse defendants were wholly distinct from the alleged transactions involving the diverse

7  defendants), *abrogated on other grounds in Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th

8  Cir. 2000).

9         Bard and CPMC subsequently filed Motions to Dismiss on November 19, 2015 and

10  December 1, 2015, respectively. *See* Motions to Dismiss [Dkt. Nos. 18 and 28]. On

11  December 3, 2015, Plaintiff filed his First Amended Complaint [Dkt. No. 31] ("FAC") in an

12  apparent attempt to address the multiple problems in his Original Complaint as pointed out by

13  Bard in its Notice of Removal [Dkt. No. 1] and by all defendants' in their Motions to Dismiss

14  [Dkt. Nos. 18 and 28]. In particular, likely recognizing that the claims in his Original

15  Complaint against Bard and CPMC do not arise out of the same transaction or occurrence,

16  Plaintiff in his FAC has attempted to plead additional facts that purport to link his claims

17  against Bard and CPMC. *See, e.g.*, FAC [Dkt. No. 31] at ¶ 48.

18         On February 4, 2016, this action was transferred to this MDL No. 2641, because

19  Plaintiff makes the same allegations against Bard that the plaintiffs in the MDL make. *See*

20  Transfer Order [MDL 2641 Dkt. No. 562]. On February 9, 2016, Plaintiff filed the instant

21  Motion to Remand. *See* Pl.'s Mot. to Remand [MDL 2641 Dkt. No. 603].

22                            **III.    LEGAL ARGUMENT**

23  **A.    Plaintiff Has Fraudulently Misjoined CPMC**

24         **1.    Plaintiff's Original Complaint Governs Whether Removal Is Appropriate**

25         Plaintiff filed his FAC on December 3, 2015 in an attempt to address the multiple

26  problems in his Original Complaint as pointed out by Bard in its Notice of Removal and by

27  all defendants' in their Motions to Dismiss. Importantly, Bard's Notice of Removal points out

28

1    that Plaintiff's allegations in his Original Complaint against CPMC relate exclusively to

2    CPMC's alleged inaction in failing to inform Plaintiff about a publically available FDA

3    notice in August 2010, more than six years after CPMC treated Plaintiff. *See* Bard's Notice of

4    Removal [Dkt. No. 1] at p. 2. Plaintiff's allegations in his Original Complaint against CPMC

5    do not relate to CPMC's care and treatment of Plaintiff when he received his Bard IVC Filter

6    in 2004. *See id.* Recognizing that his allegations against Bard and CPMC do not arise out of

7    the same transaction or occurrence, Plaintiff amended his Complaint and re-cast his

8    allegations against CPMC as somehow relating to CPMC's treatment and care of Plaintiff in

9    2004. *See, e.g.*, Pl.'s FAC [Dkt. No. 31] at ¶ 12 (asserting an entirely new theory of liability

10   against CPMC that it allegedly "already knew at that time of implementation, but failed to

11   inform Plaintiff, that the device had hidden dangers"); *id.* at ¶ 11 (asserting new argument

12   that CPMC allegedly "knew the BRF was defective and unreasonably dangerous and was

13   causing injury and death to patients who received it").[2]

14          For purposes of determining whether it has subject matter jurisdiction, this Court

15   should examine the complaint that existed at the time of removal. *See Bennett v. First Am.*

16   *Prop. & Cas. Ins. Co.*, No. CV-15-08003-PCT-JAT, 2015 WL 1969087, at *2 (D. Ariz.

17   May 1, 2015) ("'[J]urisdiction must be analyzed on the basis of the pleadings filed at the time

18   of removal without reference to subsequent amendments.'" (quoting *Sparta Surgical Corp. v.*

19   *Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998))); *Shupe v. Cricket*

20   *Commc'ns, Inc.*, No. CIV 13-1052-TUC-CKJ, 2014 WL 119458, at *4 (D. Ariz. Jan. 14,

21   2014) ("In determining whether a defendant properly removed a complaint, a court must

22   examine the complaint as it existed when the petition for removal was filed."); *Addington v.*

23   *Bradford*, No. CV-08-1728-PHX-NVW, 2008 WL 4999163, at *1 (D. Ariz. Nov. 21, 2008)

24   ("Jurisdiction under 28 U.S.C. § 1441 depends solely on the complaint filed in state court,

25   irrespective of post-removal amendments."); *Stonebrae, L.P. v. Toll Bros.*, No. C-08-0221

26

27          [2] Paragraphs 11 and 12 of Plaintiff's First Amended Complaint are new and are not
     found in Plaintiff's Original Complaint. *Compare* Pl.'s Original Complaint [Dkt. No. 1-2]
28   *with* Pl.'s FAC [Dkt. No. 31].

EMC, 2008 WL 2157000, at *5 (N.D. Cal. May 21, 2008) (refusing to consider the plaintiff's first amended complaint, filed four days after removal in an attempt to defeat diversity jurisdiction, and instead considering only the plaintiff's original complaint); *see also Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 n.12 (9th Cir. 1989) (noting that because the right of removal is determined by the pleadings as they stand when the petition for removal is filed, the court "will not consider the allegations contained in [an] unfiled Proposed First Amended Complaint").

Here, at the time of removal, Plaintiff's operative pleading was his Original Complaint. Bard removed this action on November 12, 2015 [Dkt. No. 1], and Plaintiff filed his FAC on December 3, 2015 [Dkt. No. 31]. Therefore, in deciding this Motion to Remand, this Court should assess the Original Complaint and disregard Plaintiff's FAC, which was filed after Bard's Notice of Removal.

## 2.        CPMC Is Fraudulently Misjoined

As demonstrated in Bard's Notice of Removal, Plaintiff has fraudulently misjoined CPMC, and Bard properly removed this case to federal court. *See* Bard's Notice of Removal [Dkt. No. 1] at pp. 6-8. Where a defendant is fraudulently misjoined, its presence will not defeat diversity. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996) (holding diversity of citizenship requirement was satisfied by reason of fraudulent misjoinder doctrine because the alleged transactions involving the non-diverse defendants were wholly distinct from the alleged transactions involving the diverse defendants), *abrogated on other grounds in Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008) (applying fraudulent misjoinder doctrine and holding that claims involving products liability and medical negligence do not arise out of the same transaction or occurrence and should not be joined together); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 684-85 (D. Nev. 2004) ("[T]his Court agrees with the Fifth and Eleventh Circuits that the [*Tapscott*] rule is a logical extension of the established precedent that a plaintiff may not fraudulently join a defendant in order to defeat diversity jurisdiction in

1    federal court.") (internal citations omitted).

2          Federal courts within the Ninth Circuit have applied the doctrine of fraudulent

3    misjoinder to cases involving claims for medical negligence and products liability. For

4    instance, in *Sutton*, 251 F.R.D. 500 (E.D. Cal. 2008), the court held that plaintiffs'

5    malpractice claims against defendant healthcare providers were fraudulently misjoined with

6    claims against the defendant manufacturers for the allegedly defective mesh patch. *Id.* at 503-

7    505. The court found "compelling" the defendants' arguments in favor of removal,

8    "***especially in the context of Multi-District Litigation***." *Id.* at 504 (emphasis added). Thus,

9    the court severed the claims against the healthcare providers and remanded them to state court

10   "so as to preserve the removing Defendants' right to removal in the remaining multidistrict

11   action and to preserve the interests of judicial expediency and justice so that all pre-trial

12   discovery on the products liability case can be coordinated in a single forum." *Id.* at 505.

13         Courts in other Circuits have likewise held that claims against a health care provider

14   for medical malpractice are not properly joined with a product liability action against a

15   manufacturer if they do not arise out of the same transaction or occurrence and, instead, are

16   legally and factually distinct from one another. *See, e.g.*, *In re Stryker Rejuvenate & ABG II*

17   *Hip Implant Products Liab. Litig.*, No. CIV. 13-1811 DWF/FLN, 2013 WL 6511855, at *4

18   (D. Minn. Dec. 12, 2013) ("The joinder of any malpractice, negligence, or misrepresentation

19   claim against the Hospital Defendants with the other product liability claims (that are

20   properly asserted against the device manufacturer) is inappropriate because the claims do not

21   both involve common questions of law or fact and assert joint, several, or alternative liability

22   'arising out of the same transaction, occurrence, or series of transactions or occurrences.'"

23   (quoting Fed. R. Civ. Proc. 20(a))); *Stone v. Zimmer, Inc.*, No. 09-08202-CIV, 2009 WL

24   1809990, at*4 (S.D. Fla. June 25, 2009) ("The joinder of the malpractice claim against [the

25   doctor] and the [pain management center] with the product liability claim against [the product

26   manufacturer] is thus inappropriate because these claims do not both involve common

27   questions of law or fact and do not assert joint, several or alternative liability arising out of

28

the same transaction, occurrence or series of transactions or occurrences.") (internal quotation omitted); *In re Guidant Corp., Implantable Defibrillators Prods. Liab. Litig.*, MDL No. 05-1708, Case No. 07-1129, 2007 WL 5377783, at *7 (D. Minn. June 4, 2007) (severing and remanding only the claims against defendant hospital because "the basis for the causes of action against [the hospital] do not arise from the same transaction and occurrences as those in the causes of action against the [medical device manufactures]"); *In re Rezulin Products Liab. Litig.*, No. 00 CIV. 2843 (LAK), 2003 WL 21276425, at *1 (S.D.N.Y. June 2, 2003) (plaintiff fraudulently misjoined medical malpractice claims with product liability claims "because the claims do not both involve common questions of law or fact and assert 'joint, several, or alternative liability . . . arising from the same transaction, occurrence, or series of transactions or occurrences.'" (quoting Fed. R. Civ. Proc. 20(a))).

Bard acknowledges that the Ninth Circuit has not yet adopted or rejected the fraudulent misjoinder doctrine, and that, as Plaintiff points out, certain federal district court opinions in California have declined to apply the doctrine of fraudulent misjoinder. However, Plaintiff's brief fails to address Bard's argument that the legal and factual basis for applying fraudulent misjoinder in this action is particularly "compelling" in the context of a pending MDL, where Plaintiff's claims against Bard can be handled in the most efficient and consistent manner. *Sutton*, 251 F.R.D. at 504 ("Defendants' legal and factual position [advocating for the application of fraudulent misjoinder] is compelling, especially in the context of Multidistrict Litigation."). Plaintiff's brief also fails to take into account the stark difference between his product liability claims against Bard on the one hand and his medical malpractice claims against CPMC on the other.

### a. Plaintiff's Claims Against CPMC and Bard Do Not Arise Out of the Same Transaction or Occurrence, or Series of Transactions or Occurrences

Like the plaintiff's claims in *Sutton*, Plaintiff's medical malpractice claims against CPMC do not arise out of the same transaction or occurrence, or series of transactions or occurrences, as his products liability claims brought against Bard. Thus, joinder of the claims

1    against CPMC and Bard fails to meet the requirements under Federal Rule 20, which permits

2    joinder of defendants in a single action if (i) "any right to relief is asserted against them

3    jointly, severally, or in the alternative with respect to or arising out of the same transaction,

4    occurrence, or series of transactions or occurrences"; and (ii) "any question of law or fact

5    common to all defendants will arise in the action." Fed. R. Civ. Proc. 20(a)(2).

6         Here, the products liability claims against Bard are based on the "development, testing,

7    assembling, manufacture, packaging, labeling, preparing, distribution, marketing, supplying,

8    and/or selling" of the Bard Recovery® Filter. Compl. [Dkt. No. 1-2] at ¶ 1. By contrast, the

9    medical malpractice and breach of fiduciary duty claims against CPMC are based on whether

10   CPMC owed a duty to Plaintiff six years after it provided its treatment and care for Plaintiff,

11   and whether CPMC breached the duty of care and/or its fiduciary duty to Plaintiff by

12   allegedly failing to inform Plaintiff about a publically available FDA Public Health

13   Notification directed to physicians and health care providers on August 9, 2010. *See, e.g.*, *id.*

14   at ¶¶ 54-62.

15        Plaintiff's Complaint would require one jury to analyze Bard's state of knowledge at

16   the time that the filter at issue was designed, developed, tested, and sold, and to also

17   separately assess the knowledge of and standard of care applicable to a hospital in assessing a

18   notice by the FDA about IVC filters years after the filter was developed and sold. Of note, the

19   FDA notice relied on by Plaintiff in its action against CPMC does not deal specifically with

20   the Recovery® Filter or even filters manufactured by Bard, but instead deals with all

21   retrievable IVC filters that had ever been marketed up to that time.[3] Therefore, Plaintiff's

22   theory against Bard is specific to the Recovery® Filter, whereas, Plaintiff's theory against

23   CPMC would require a jury to assess CPMC's duty to inform all of its patients that ever had

24   an IVC filter placed prior to the FDA's notice in 2010. Plaintiff's claims allege divergent

25   theories against Bard and CPMC that involve different duties, different time frames, and

26

27   ───────────────

28   [3]   *See*   FDA's   August   9,   2010   Notice,   available   at
     http://www.fda.gov/MedicalDevices/Safety/AlertsandNotices/ucm221676.htm.

1    different products. Thus, the claims against CPMC are legally and factually distinct from the

2    claims against Bard, and they are fraudulently misjoined.

3          Even if this Court were to look to Plaintiff's FAC in assessing Plaintiff's Motion to

4    Remand, the same result would apply. Under Plaintiff's re-cast allegations in his FAC, the

5    claims against CPMC turn on whether it discharged its duty of care as a health-care provider.

6    *See* FAC [Dkt. No. 31] at ¶¶ 67-68, 122-123. Bard's alleged development, sale, testing,

7    and/or regulatory compliance with regard to its Recovery® Filter are immaterial to these

8    claims against CPMC. *See Sutton*, 251 F.R.D. at 505 ("Plaintiffs' claims based on strict

9    products liability against the removing Defendants are separate from Plaintiffs' claims of

10   medical malpractice against the California Defendants in implanting a previously recalled

11   patch in Plaintiff . . . [the] claims against the California Defendants are not based on the

12   allegedly negligent testing and manufacture of the Patch and cannot be under California

13   law."); *see also Greene*, 344 F. Supp. 2d at 683 ("Although each of the Plaintiffs' claims

14   against the Wyeth Defendants may regard the 'same transaction or occurrence'—i.e., the

15   manufacture and marketing of Fen-Phen—this characterization of the complaint would not

16   apply equally to the physician and sales representative who were joined as Defendants.").

17   Under similar circumstances, courts have found that medical malpractice and product liability

18   claims do not arise out of the same transaction or occurrence. *See In re Guidant*, 2007 WL

19   5377783 at **5-6 (holding that claims involving products liability and medical negligence do

20   not arise out of the same transaction or occurrence and should not be joined together); *Stone*,

21   2009 WL 1809990, at *4 ("The joinder of the malpractice claim against [the doctor] and the

22   [pain management center] with the product liability claim against [the product manufacturer]

23   is thus inappropriate because these claims do not both involve common questions of law or

24   fact and do not assert joint, several or alternative liability arising out of the same transaction,

25   occurrence or series of transactions or occurrences.") (internal quotation omitted); *In re*

26   *Rezulin*, 2003 WL 21276425 at **1-2 (where plaintiff attempted to assert product liability

27   claims against physician defendant in addition to a medical malpractice claim, court noted

28

1    that "plaintiff had no meaningful possibility of success" against the physician on the product

2    liability claims and that defendant physician and defendant manufacturer were improperly

3    joined in the action as "the claims [that were properly asserted against them independently of

4    one another] do not both involve common questions of law or fact and assert 'joint, several,

5    or alternative liability . . . arising from the same transaction, occurrence, or series of

6    transactions or occurrences'") (citing Fed. R. Civ. P. 20).

7         Because Plaintiff's medical malpractice claims against CPMC and his product liability

8    claims against Bard do not arise out of the same transaction or occurrence, or series of

9    transactions or occurrences, they are improperly joined under Rule 20.

10              **b.    Fraudulent Misjoinder Properly Protects Defendants' Right To**
                      **Remove Diverse Claims From Unwarranted Forum Manipulation**
11

12        The doctrine of fraudulent misjoinder prevents a plaintiff from avoiding removal by

13   improperly joining claims against a non-diverse defendant that are legally and factually

14   distinct from proper claims against a diverse defendant. Thus, like the doctrine of fraudulent

15   joinder, fraudulent misjoinder prevents a plaintiff from interfering with a defendant's right to

16   removal. *See Sutton*, 251 F.R.D. at 505 (noting that fraudulent misjoinder "preserve[s] the

17   removing Defendants' right to removal in the remaining multidistrict action"). *Cf. id.* at 503

18   ("A defendant's right of removal cannot be defeated by a fraudulent joinder of a resident

19   defendant having no real connection with the controversy" (internal quotation marks

20   omitted)).

21        Plaintiff argues that fraudulent misjoinder is "bad policy" because a court must

22   allegedly first determine whether it has jurisdiction before it can exercise its power to sever

23   certain claims. Pl.'s Mot. to Remand [MDL 2641 Dkt. No. 603] at p. 7. This argument misses

24   the point. By acknowledging that the claims against Plaintiff are fraudulently misjoined, the

25   Court has subject matter jurisdiction to act, because the presence of a fraudulently misjoined

26   defendant does not defeat diversity. *See Tapscott*, 77 F.3d at 1359 (11th Cir. 1996) (holding

27   that the presence of fraudulently misjoined defendant did not defeat diversity). *Cf.*

28

1    *Kensinger v. E.I. Du Pont de Nemours*, 244 Fed. App'x 114, 116 (9th Cir. 2007) (holding that

2    the presence of a fraudulently joined defendant is ignored for purposes of determining

3    diversity).

4         Plaintiff also argues that "[t]he better practice is to bring a motion in state court to

5    challenge joinder." Pls. Mot. to Remand [MDL 2641 Dkt. No. 603] at p. 7 (quoting *Carper v.*

6    *Adknowledge, Inc.*, 2013 WL 5954898, at *4 (C.D. Cal. 2013)). However, moving to sever in

7    state court prior to removal would offer defendants no protection against unfair forum

8    manipulation. Under the "voluntary act" rule, a complaint that is not initially removable on its

9    face can become removable only by a voluntary act of the plaintiff. *See* 28 U.S.C.

10   § 1446(b)(3); *Self v. Gen. Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978) ("[A] suit remains

11   in state court unless a "voluntary" act of the plaintiff brings about a change that renders the

12   case removable"). Therefore, even if a motion to sever were successful in state court, it is

13   unlikely that a defendant could then remove the now-diverse claims to federal court because

14   an order severing claims over the plaintiff's opposition is not a "voluntary act." The claims

15   would be severed, but the defendant still would be deprived of its right to a federal forum.

16   The fraudulent misjoinder doctrine solves this conundrum by protecting the defendant's right

17   to remove while also allowing for the post-removal severance of claims that are not properly

18   joined.

19        Accordingly, this Court can and should find that CPMC is fraudulently misjoined to

20   adequately protect Defendants' right to remove the diverse claims alleged against them.

21              **c.    Fraudulent Joinder Test Does Not Apply to Fraudulent Misjoinder**

22        Plaintiff argues that even if this Court were to apply the fraudulent *misjoinder*

23   doctrine, it should follow "the same test applied for fraudulent *joinder*" and should apply the

24   doctrine only "when the plaintiff obviously cannot state a claim against a defendant even after

25   amending his or her complaint." Pl.'s Mot. to Remand [MDL 2641 Dkt. No. 603] at p. 9

26   (emphasis added). This argument confuses the issues and has been rejected by another federal

27   court in within the Ninth Circuit. As the court in *Sutton* stated in rejecting this same

28

1  argument, "[b]ecause the *Tapscott* fraudulent misjoinder exception is applied, the *McCabe*

2  test for fraudulent joinder is inapplicable."[4] *Sutton*, 251 F.R.D. at 505. Therefore, to succeed

3  on its fraudulent misjoinder argument, Bard does not need to demonstrate that Plaintiff cannot

4  state a claim against CPMC.[5]

5  **B.      Consent of CPMC Is Not Needed for Removal**

6        Plaintiff erroneously argues that Bard's removal was procedurally improper because

7  CPMC did not join the removal or consent to it. *See* Pl.'s Mot. to Remand [MDL 2641 Dkt.

8  No. 603] at p. 5. But a defendant's consent to removal is not needed if that defendant is

9  fraudulently misjoined. As the Eastern District of California stated, "failure to obtain the

10  consent of an improperly joined defendant . . . does not negate an otherwise proper removal."

11  *Sutton*, 251 F.R.D. at 506. *Cf. United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756,

12  762 (9th Cir. 2002) ("Although the usual rule is that all defendants in an action in a state

13  court must join in a petition for removal, the 'rule of unanimity' does not apply to 'nominal,

14  unknown or fraudulently joined parties'"); *Rico v. Flores*, 481 F. 3d 234, 239 (5th Cir. 2007)

15  ("[A] removing party need not obtain the consent of a co-defendant that the removing party

16  contends is improperly joined"). Here, because CPMC is fraudulently misjoined, Bard was

17  not required to obtain its consent prior to removing this action.

18  **C.      Alternatively, Plaintiff's Claims Against CPMC Should Be Severed and**
19  **         Remanded Pursuant to Rule 21**

20        For the reasons set forth in Section III.B, *supra*, Plaintiff's claims against CPMC are

21  fraudulently misjoined to the product liability claims against Bard and should therefore be

22  severed and remanded. In the alternative, if this Court finds that CPMC is not fraudulently

23  misjoined, this Court should sever and remand the claims against it pursuant to Federal Rule

24

25        [4] Plaintiff cites *Davis v. Prentiss Props. Ltd.*, 66 F. Supp. 2d 1112 (C.D. Cal. 1999) to
      support his argument regarding the application of the fraudulent joinder test. *See* Pl.'s Mot. to
26  Remand [MDL 2641 Dkt. No. 603] at p. 9. The *Davis* court relies on *McCabe v. General
      Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987) in forming the test for fraudulent joinder. *See*
27  *Davis*, 66 F. Supp. 2d at 1114.
        [5] Regardless, as noted above, CPMC has filed a Motion to Dismiss [MDL 2641 Dkt.
28  No. 870] asserting that Plaintiff cannot state a claim against it.

1  of Civil Procedure 21.

2      The court in *Greene* recognized such authority under Rule 21 in a similar context:

3      [T]his Court is mindful of its authority under the Federal Rules of Civil
4      Procedure, Rule 21, to add or drop parties to a suit "at any stage of the
       action and on such terms as are just." Therefore, the Court is inclined to
5      sever claims where the joinder is procedurally inappropriate and clearly
6      accomplishes no other objective than the manipulation of the forum, and
       where the rights of the parties and interest of justice is best served by
7      severance.

8  *Greene*, 344 F. Supp. 2d at 685.

9      Similarly here, the Court should exercise its authority under Rule 21 to sever and

10 remand Plaintiff's medical malpractice claim against CPMC and deny Plaintiff's Motion to

11 Remand as to the product liability claims against Bard, as such severance would allow

12 Plaintiff's product liability claims against Bard to remain in the Bard IVC Filter MDL for

13 efficient and consistent resolution. Further, the severance of Plaintiff's malpractice claim

14 against CPMC would not prejudice Plaintiff as his claims would not be dismissed, but rather

15 remanded for resolution by the state court. *See* Fed. R. Civ. Proc. 21 ("Misjoinder of parties is

16 not a ground for dismissing an action. On motion or on its own, the court may at any time, on

17 just terms, add or drop a party. The court may also sever any claim against a party.")

18 **D.      Plaintiff Is Not Entitled to an Award of Attorneys' Fees**

19     If this Court should decide to remand this action, it should deny Plaintiff's request for

20 attorneys' fees under 28 U.S.C. § 1447(c). It is well established that "absent unusual

21 circumstances, attorney's fees should not be awarded when the removing party has an

22 objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132,

23 136 (2005). In the context of determining whether a magistrate appropriately assessed fees

24 against Bard in a fraudulent misjoinder case where the court declined to recognize the

25 doctrine, another District Court within the Ninth Circuit reversed the magistrate's decision

26 assessing attorneys' fees against Bard, stating that "the Court cannot find that Bard lacked an

27 objectively reasonable basis for seeking removal or relying on *Tapscott*." *Dent v. Lopez*,

28

No. 1:14-CV-442-LJO-SMS, 2014 WL 3838837, at *3 (E.D. Cal. July 30, 2014). The court in *Dent* recognized "the difference in opinion between courts in the Ninth Circuit with regard to the fraudulent misjoinder doctrine" as a basis for Bard's objective reasonableness in removing the case. *Id.*

Here, as in *Dent*, Bard has an objectively reasonable basis for removing this action. The Ninth Circuit has not formally accepted or rejected the *Tapscott* fraudulent misjoinder doctrine, and district courts within this Circuit have applied the doctrine in cases similar to this one. *See Sutton*, 251 F.R.D. at 504-505; *Greene*, 344 F. Supp. 2d at 685. Even Plaintiff admits that these two cases in this Circuit have applied the doctrine. *See* Pl.'s Mot. to Remand [MDL 2641 Dkt. No. 603] at p. 8.

There is simply no basis for Plaintiff to argue that it was unreasonable for Bard to rely on these prior district court opinions, given the absence of binding precedent to the contrary. Should this Court grant Plaintiff's Motion to Remand, it should deny Plaintiff's request for attorneys' fees.

## IV.   CONCLUSION

For the foregoing reasons, Bard requests that this Court sever and remand the medical malpractice claims against CPMC pursuant to Rule 21 of the Federal Rules of Civil Procedure, because those claims are fraudulently misjoined to Plaintiff's product liability claims against Bard.

This 26th day of February 2016.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

- 14 -

1
2
3
4
5

James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
JCondo@swlaw.com
ASheridan@swlaw.com

6
7

**Attorney for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## __CERTIFICATE OF SERVICE__

2

3     I HEREBY CERTIFY that on February 26, 2016, I electronically filed the foregoing

4   with the Clerk of the Court by using the CM/ECF system which will send notification of such

5   filing to all counsel of record.

6

7                                              s/Richard B. North, Jr.
                                               Richard B. North, Jr.
8                                              Georgia Bar No. 545599
                                               NELSON MULLINS RILEY & SCARBOROUGH, LLP
9                                              Atlantic Station
                                               201 17th Street, NW / Suite 1700
10                                             Atlanta, GA  30363
                                               PH: (404) 322-6000
11                                             FX: (404) 322-6050
                                               richard.north@nelsonmullins.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28