1  James R. Condo (#005867)
   Amanda C. Sheridan (#027360)
2  SNELL & WILMER L.L.P.
   One Arizona Center
3  400 E. Van Buren, Suite 1900
   Phoenix, Arizona  85004-2202
4  Telephone:  602.382.6000
   Facsimile:  602.382.6070
5  jcondo@swlaw.com
   asheridan@swlaw.com
6
   Richard B. North, Jr. (admitted *pro hac vice*)
7  Georgia Bar No. 545599
   Matthew B. Lerner (admitted *pro hac vice*)
8  Georgia Bar No. 446986
   NELSON MULLINS RILEY & SCARBOROUGH LLP
9  201 17th Street, NW / Suite 1700
   Atlanta, GA  30363
10 Telephone: (404) 322-6000
   Telephone: (602) 382-6000
11 richard.north@nelsonmullins.com
   matthew.lerner@nelsonmullins.com
12 Attorneys for Defendants C. R. Bard, Inc. and
   Bard Peripheral Vascular, Inc.

13

14                    IN THE UNITED STATES DISTRICT COURT

15                           FOR THE DISTRICT OF ARIZONA

16  IN RE:  Bard IVC Filters Products Liability     No. 2:15-MD-02641-DGC
    Litigation,
17
                                                    **DEFENDANTS' MOTION AND
18                                                  INCORPORATED MEMORANDUM
                                                    TO SEAL**
19

20         Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively

21  "Bard") hereby respectfully move this Court for an order, pursuant to the Stipulated

22  Protective Order (Doc. 268), Federal Rule of Civil Procedure 26(c)(1)(G), and Local Civil

23  Rule 5.6 sealing certain documents accompanying Bard's Notice of Supplemental

24  Information Regarding FDA Inspection and Warning Letter.  The exhibits that are the

25  subject of Bard's Motion to Seal constitute trade secrets or other confidential research,

26  development, or commercial information thereby warranting protection from public

27  disclosure for a discovery related motion.  Accordingly, there is good cause to grant

28  Bard's Motion to Seal.  The plaintiffs have noted during the meet and confer process that

they reserve the right to challenge any of the confidential designations pursuant to the Stipulated Protective Order (Doc. 269 ¶ 2) at a later time.

## ARGUMENT AND CITATION OF AUTHORITY

In conjunction with Bard's Notice of Supplemental Information Regarding FDA Inspection and Warning Letter, Bard wishes to submit the following confidential documents to the Court for its consideration: FDA's Section 483 Observation from its February to March 2016 inspection of Bard's Glens Falls facility, and FDA's Section 483 Observations from its February 2016 inspection of Bard Peripheral Vascular ("Documents at Issue").[1] The documents reflect Bard's confidential trade secrets and/or contain highly competitive, confidential, or proprietary information that warrants protection under Federal Rule of Civil Procedure 26(c)(1)(G) because the documents are not made public by Bard or the FDA and, if obtained by Bard's competitors, would give an unfair economic advantage to those competitors.

**A. Bard Asserts that the Documents At Issue Are "Confidential Information" Pursuant to the Stipulation for Protective Order, and Therefore They Should Be Sealed**

The Court has entered a Stipulated Protective Order to protect public disclosure of "Confidential Information," which includes any "'trade secret' or other confidential research, development, or commercial information' that is suitable for protection under Federal Rule of Civil Procedure 26(c)(1)(G)" Stipulated Protective Order (Doc. 269 ¶¶ 1, 2.) Bard has designated the Documents at Issue in this motion as "CONFIDENTIAL" in its recent production of those documents during discovery (*Id.* ¶ 6). Finally, the Stipulated Protective Order states "All Confidential Information shall be used for the purpose of this lawsuit only . . . except as permitted by this Order." (*Id.* ¶ 12). These types of provisions are common in legal proceedings and are routinely enforced. *See, e.g., Culinary Foods, Inc. v. Raychem Corp.*, 151 F.RD. 297, 307 (N.D. Ill. 1993) ("We hold that confidential information obtained by Culinary in this litigation may not be

---

[1] The documents are attached as Exhibit A to Defendants' Notice of Supplemental Information Regarding FDA Inspection and Warning Letter.

- 2 -

disseminated to litigants in other cases against Raychem."); *cf Smithkline Beecham Corp. v. Synthon Pharmaceuticals Ltd.*, 210 F.RD. 163, 169 (M.D.N.C. 2002) (refusing to modify protective order to allow plaintiffs to use confidential documents in other litigation). Thus, the Court should grant Bard's Motion to Seal to maintain the confidentiality afforded by the Stipulated Protective Order to the Documents at Issue.

**B.    The Documents at Issue Warrant Protection Pursuant to Fed. R. Civ. P. 26(c)(1)(G) as Trade Secrets or Other Confidential Research, Development or Commercial Information, and Would Cause Bard Competitive Harm if Made Public**

Federal Rule of Civil Procedure 26(c)(1)(G) provides that the Court may, for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (G) requiring that a trade secret or other confidential research, development, or commercial information . . . be revealed only in a specified way." "Good cause" exists when disclosure will result in "a clearly defined and serious injury to the party" seeking closure. *Blanchard & Co., Inc. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004) (citing *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994)). In determining whether "good cause" exists, the court "must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." *Id.* The Court has wide discretion in determining the scope of an order protecting confidential research, development, or commercial information. *See id.*

The information contained in the Documents at Issue includes confidential business information concerning Bard's validation and inspection procedures at its Glen Falls facility, and Bard Peripheral Vascular's complaint handling and trending procedures. The Documents at Issue represent highly sensitive information related to ongoing FDA inspections which Bard will be responding to in the future. *See id.* The disclosure of these documents would be particularly harmful to Bard because the Section 483 procedure related to these documents is not yet complete.

Finally, because the documents at issue do not relate to a motion that requires

1  judicial resolution of this case on the merits, there is no general First Amendment right to
2  access the Documents at Issue. *See, e.g., Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*,
3  263 F.3d 1304, 1312–13 (11th Cir. 2001) (finding that "material filed with discovery
4  motions is not subject to the common-law right of access, whereas discovery material
5  filed in connection with pretrial motions that require judicial resolution of the merits is
6  subject to the common-law right"); *United States v. Wolfson*, 55 F.3d 58, 61 (2d Cir.
7  1995) ("We are not aware . . . of any common-law principle that documents submitted to a
8  court in camera for the sole purpose of confirming that the refusal to disclose them to
9  another party was proper, are to be deemed judicial records open to the public."); *The*
10  *Courier-Journal v. Marshall,* 828 F.2d 361, 363 (6th Cir. 1987) (newspapers had no first
11  amendment right of access to discovery materials, despite the recognition that
12  "proceedings [were] of intense public concern").
13        For each of these reasons, Bard has met the good cause standard for protection of
14  its documents by showing that public disclosure of the Documents at Issue will cause a
15  clearly defined injury to Bard. *See Shell Exploration & Prod. Co. v. Robinson*, No.
16  CIV.A. 01-1417, 2001 WL 1490954 (E.D. La. Nov. 20, 2001) (finding that good cause
17  existed for sealing judicial record "out of an abundance of caution in order to protect trade
18  secrets" even when the testimony at issue "would not be particularly illuminating," the
19  "testimony did not specify any particular trade secrets"). Accordingly, the Court should
20  grant Bard's Motion to Seal.

## **CONCLUSION**

22        For the foregoing reasons, the Documents at Issue warrant protection as
23  confidential research, development, or commercial information pursuant to Rule
24  26(c)(1)(G). Accordingly, the Court should grant Bard's Motion to Seal.
25  / / /
26  / / /
27  / / /
28  / / /

- 4 -

DATED this 4th day of March, 2016.

        SNELL & WILMER L.L.P.

By: s/*Amanda C. Sheridan*
James R. Condo
Amanda C. Sheridan
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
Nelson Mullins Riley & Scarborough LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363

Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2016, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

        s/*Amanda C. Sheridan*

23633130.1