1  David R. Ongaro (State Bar No. 154698)
   dongaro@ongaropc.com
2  Glen Turner (State Bar No. 212417)
   gturner@ongaropc.com
3  ONGARO PC
   50 California Street, Suite 3325
4  San Francisco, CA  94111
   Telephone:    (415) 433-3900
5  Facsimile:     (415) 433-3950

6  Attorneys for Plaintiff WAYNE RUDEN

7

8                    UNITED STATES DISTRICT COURT

9                        DISTRICT OF ARIZONA

10

11 | IN RE:  BARD IVC FILTERS
12 | PRODUCT LIABILITY LITIGATION,          | MDL Docket No. 15-02641

13 | THIS DOCUMENT RELATES TO:

14 | WAYNE RUDEN,
15 | C. A. No.:  CV-16-00344-PHX-DGC

16 | WAYNE RUDEN,

17 |                    Plaintiff,           | **PLAINTIFF WAYNE RUDEN'S
                                              OPPOSITION TO CALIFORNIA
18 |        vs.                                PACIFIC MEDICAL CENTER'S
                                              MOTION TO DISMISS FIRST
19 | C.R. BARD, INC., a New Jersey            AMENDED COMPLAINT AND
20 | corporation, BARD PERIPHERAL            JOINDER IN REQUEST FOR
     VASCULAR, INC., (a subsidiary and/or    REMAND**
21 | division of defendant C.R. BARD, INC.)
22 | an Arizona corporation, CALIFORNIA      Complaint Filed:  October 7, 2015
     PACIFIC MEDICAL CENTER, and
23 | DOES 1-100 INCLUSIVE,                   ***ORAL ARGUMENT REQUESTED***

24 |                    Defendants.

25

26

27

28

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................... 1

II.     FACTS ALLEGED IN FIRST AMENDED COMPLAINT ........................... 1

        A.      CPMC-Related Facts. ....................................................................... 1

                1.      Allegations Regarding CPMC's Breach of Duty of Care/Protection
                        and Fiduciary Duty. ............................................................... 2

                2.      Allegations Regarding CPMC's Misrepresentation.................... 3

                3.      Causes of Action Against CPMC. ............................................ 3

III.    LEGAL STANDARD .................................................................................. 3

IV.     DISCUSSION ............................................................................................ 4

        A.      Mr. Ruden Has Alleged Facts Sufficient To State A Claim For Negligence. ........ 4

                1.      CPMC Owes Mr. Ruden A Duty of Care and Protection. .......................... 4

                2.      Mr. Ruden Alleged the Violation of CMPC's Duties of Care and
                        Protection. ......................................................................... 5

        B.      Mr. Ruden Has Alleged Facts Sufficient To State A Claim For Negligent
                Misrepresentation........................................................................ 6

        C.      Mr. Ruden Has Alleged Facts Sufficient To State A Claim For Breach of
                Fiduciary Duty. ........................................................................... 8

                1.      CPMC Owes Mr. Ruden A Fiduciary Duty............................... 8

                2.      *Derrick* Does Not Hold That Hospitals Owe No Fiduciary Duty
                        to Patients and Is Distinguishable. .......................................... 8

                3.      *Moore* Does Not Hold That Hospitals Owe No Fiduciary Duty
                        to Patients And Is Distinguishable........................................... 8

        D.      Mr. Ruden Has Alleged Facts Sufficient To State A Claim For Punitive
                Damages..................................................................................... 9

                1.      Facts Alleged Regarding Punitive Damages.............................. 9

                2.      Mr. Ruden Has Met His Burden Under Fed. R. Civ. Pro. 8. ...................... 9

                3.      The Cases Cited by CPMC Are Inapposite................................ 9

                4.      California Code of Civil Procedure Section 425.13 Does Not
                        Apply to Complaints Governed by Fed R. Civ. Pro. 8. ...................... 10

5.    Further, Plaintiff's Causes of Action Against CPMC Do Not Implicate California Code of Civil Procedure Section 425.13. ................ 11

E.    Mr. Ruden Is Entitled to Plead Alternative Facts And Theories. ......................... 13

F.    CPMC, An Indispensable Party, Is Not A Sham Defendant ................................. 14

G.    The Gravamen of Mr. Ruden's Complaint Is Not Products Liability As To CPMC; Even If It Were, Mr. Ruden Does Not Allege Strict Products Liability Against CPMC. ........................................................... 15

1.    The "Gravamen" Of Mr. Ruden's FAC Has No Bearing on This Court's Analysis Of CPMC's Motion. ................................ 15

2.    The "Gravamen" of Mr. Ruden's Complaint Is Not Products Liability. ................................................................................ 15

3.    Mr. Ruden Does Not Allege Strict Products Liability Against CPMC, So CPMC's Cited Cases Are Irrelevant. ....................................... 16

H.    CPMC Is Not Entitled To A More Definite Statement. ........................................ 16

I.    Mr. Ruden Concurs In CPMC's Remand Request. ............................................. 17

V.    CONCLUSION ............................................................................................................ 17

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*
    129 S.Ct. 1937, 1949050 (2009) ........................................................................ 3

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) .......................................................................................... 4

*Bommareddy v. Sup. Ct., et al.*
    222 Cal.App.3d 1017 (1990) ............................................................................ 11

*Boxall v. Sequoia Union High School Dist.*
    464 F. Supp. 1104 (N.D. Cal. 1979) ................................................................ 17

*Brousseau v. Jarrett*
    73 Cal.App.3d 864 (1977) .................................................................................. 9

*Burrows v. Redbud Cmty. Hosp. Dist.*
    188 F.R.D. 356 (N.D. Cal. 1997) ..................................................................... 11

*Carson v. Mercury Ins. Co.*
    210 Cal.App.4th 409 (2012) ............................................................................. 12

*Central Pathology Service Medical Clinic, Inc. v. Sup. Ct.*
    3 Cal.4th 181(1992) .......................................................................................... 12

*Cobbs v. Grant*
    8 Cal.3d 229 (1972) ............................................................................................ 8

*Coleman v. Standard Life Co.*
    288 F. Supp. 2d 1116 (E.D. Cal. 2004) ........................................................... 13

*Derrick v. Ontario Comty. Hosp.*
    47 Cal.App.3d 145 (1975) .................................................................................. 8

*Elam v. Coll. Park Hosp.*
    132 Cal. App.3d 332 (1982) ............................................................................... 4

*Engelking v. Carlson*
    13 Cal.2d 216 (1939) ........................................................................................ 12

*Estate of Prasad v. County of Sutter*
    958 F. Supp.2d 1101 (E.D. Cal. 2013) ....................................................... 10, 11

*Fansler Foundation v. American Realty Investors, Inc.*
    2007 WL 2695360 *3 (E.D. Cal. 2007) ........................................................... 15

*Flowers v. Torrance Mem. Hosp. Med. Ctr.*
    8 Cal.4th 992 (1994) ........................................................................................ 12

*Franklin v. Allstate Corp.*
    2007 WL 1991518, at *3-4 (N.D. Cal. 2007) ................................................. 11

i

*Gilligan v. Jamco Dev. Corp.*
    108 F.3d 246 (9th Cir. 1997) .................................................................................... 4

*Glenn K. Jackson Inc. v. Roe*
    273 F.3d 1192 (9th Cir. 2001) .................................................................................. 6

*Hanna v. Plumer*
    380 U.S. 460 (1965) ................................................................................................ 10

*Jackson v. East Bay Hosp.*
    980 F.Supp. 1341 (N.D. Cal. 1997) ......................................................................... 10

*Johnson v. Chiu*
    199 Cal.App.4th 775 (2011) .................................................................................... 12

*McCalden v. California Library Ass'n*
    955 F.2d 1214 (9th Cir. 1990) ................................................................................. 13

*Meyer v. McNutt Hospital*
    173 Cal. 156 (1916) ................................................................................................. 4

*Molsbergen v. United States*
    757 F.2d 1016 (9th Cir. 1985) ................................................................................. 13

*Moore v. Regents of Univ. of Cal.*
    51 Cal.3d 120 (1990) ............................................................................................... 8

*Moyo v. Gomez*
    32 F.3d 1382 (9th Cir. 1994) ................................................................................... 3

*Oki America v. Microtech Intern. Inc.*
    872 F.2d 312 (9th Cir. 1989) ................................................................................... 13

*Ortegoza v. Kho*
    2013 WL 2147799, at *7 (S.D. Cal. 2013) .............................................................. 11

*Paz v. California*
    22 Cal.4th 550 (2000) .............................................................................................. 4

*Raddatz v. U.S.*
    750 F.2d 791 (9th Cir. 1984) ................................................................................... 7

*Rhodes v. Placer County*
    2011 WL 1302240 *21 (E.D. Cal. 2011) .................................................................. 12

*Rice v. California Lutheran Hospital*
    27 Cal.23 296 (1945) ............................................................................................... 4

*Romar v. Fresno Community Hospital and Medical Center*
    583 F.Supp.2d 1179 (E.D. Cal. 2008) ...................................................................... 13

*Scheuer v. Rhodes*
    41 U.S. 232 (1974) ................................................................................................... 4

ii

**PLAINTIFF WAYNE RUDEN'S OPPOSITION TO CPMC'S MOTION TO DISMISS
AND JOINDER IN REQUEST FOR REMAND**

*Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*
    559 U.S. 393 (2010) ............................................................................................ 10

*Shinde v. Nithyananda Found.*
    2013 WL 1953707, at *16 & n. 6 (C.D. Cal. 2013) ........................................... 11

*Silverhart v. Mount Zion Hospital*
    20 Cal. App. 3d 1022 (1971) ............................................................................ 16

*Siverson v. Weber*
    57 Cal.2d 834 (1962) ......................................................................................... 12

*Stafford v. Shultz*
    42 Cal.2d 767 (1954) ........................................................................................... 6

*Steel v. City of San Diego*
    726 F.Supp.2d 1172 (S.D. Cal. 2010) ............................................................... 11

*Tapscott v. MS Dealer Service Corp.*
    77 F.3d 1353 (11th Cir. 1996) .......................................................................... 14

*Taylor v. Sup. Ct.*
    24 Cal.3d 890 (1979) ........................................................................................... 9

*Thomas v. Seaside Memorial Hosp. of Long Beach*
    80 Cal.App.2d 841 (1947) .................................................................................... 4

*United States ex rel. Atkins v. Reiten*
    313 F.2d 673 (9th Cir.1963) ............................................................................... 14

*Unruh-Haxton v. Regents of Univ. of Cal.*
    162 Cal.App.4th 343 (2008) ............................................................................... 13

*Valentin v. La Societe Francaise*
    76 Cal.App.2d 1 (1946) ........................................................................................ 4

*Wohlgemuth v. Meyer*
    139 Cal.App.2d 326 (1956) .................................................................................. 8

*Xerox Corp. v. Far Western Graphics, Inc.*
    2004 WL 2271587 (N.D. Cal. 2004) .................................................................. 10


**<u>Statutes</u>**

U.S.C. § 1447(c) .................................................................................................... 17


**<u>Other Authorities</u>**

Bus. and Prof. Code § 2282 ...................................................................................... 5

Cal. Admin. Code § 70703 ........................................................................................ 5

Cal. Admin. Code §§ 70701 ...................................................................................... 5

iii

Cal. Civ. Code § 1710 ............................................................................................ 6

Cal. Code Civ. § 3294(a) ....................................................................................... 9

Cal. Code. Proc. Civ. § 425.13 ................................................................. 10, 11, 12

Health and Safety Code § 32125 ........................................................................... 5

Health and Safety Code § 32128 ........................................................................... 5

Wright and Miller, Federal Practice and Procedure, Civil, § 1376 .................... 17

Wright and Miller, Federal Practice and Procedure, Civil, § 1377 .................... 17

**Rules**

Fed. R. Civ. Pro. 12(b)(1) .................................................................................... 17

Fed. R. Civ. Pro. 12(b)(6) ................................................................................ 1, 3

Fed. R. Civ. Pro. 12(e) ........................................................................................ 16

Fed. R. Civ. Pro. 19(a)(1)(B) .............................................................................. 14

Fed. R. Civ. Pro. 20 ............................................................................................. 15

Fed. R. Civ. Pro. 8 ........................................................................................... 9, 10

Fed. R. Civ. Pro. 8(a)(2) ....................................................................................... 3

Fed. R. Civ. Pro. 8(a)(3) ...................................................................................... 11

Fed. R. Civ. Pro. 8(e)(2) ...................................................................................... 13

**PLAINTIFF WAYNE RUDEN'S OPPOSITION TO CPMC'S MOTION TO DISMISS
AND JOINDER IN REQUEST FOR REMAND**

## I.      INTRODUCTION

Mr. Ruden brings this case for serious injuries suffered as a result of California Pacific Medical Center ("CPMC")'s recommendation for the surgical implantation of a medical device, the Bard Recovery Filter ("BRF"), into his inferior vena cava.  As CPMC knew it might, the device fractured, resulting in the embolization of two arm fragments into Mr. Ruden's proximal right pulmonary arteries and the embolization of one fractured arm fragment into the right atrium of his heart, where it remains as a ticking time bomb.

CPMC seeks to avoid responsibility for its wrongdoing by requesting dismissal pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. Pro.") 12(b)(6), arguing that Mr. Ruden failed to state a claim upon which relief can be granted.  CPMC's motion must be denied.  Mr. Ruden has pled facts sufficient to support his causes of action and his punitive damage claim against CPMC.[1]  CPMC is an indispensable party, not a "sham defendant."

As an alternative to dismissal under Fed. R. Civ. Pro. 12(b)(6), CPMC requests that this matter be remanded to state court.  Mr. Ruden concurs in this request, as the case should not have been removed to federal court in the first place.[2]

## II.     FACTS ALLEGED IN FIRST AMENDED COMPLAINT

On October 7, 2015, Mr. Ruden filed a Complaint in the San Francisco County Superior Court.  On December 3, 2015, after the case's improper removal to federal court, Mr. Ruden filed a First Amended Complaint ("FAC").  Declaration of Glen Turner ("Turner Decl."), Exh. 1, FAC.  The FAC is the operative pleading.

### A.      CPMC-Related Facts.

CPMC is a general medical and surgical hospital and academic medical center operating at multiple locations and with a principal place of business in San Francisco,

---

[1] Mr. Ruden withdraws his Ninth Cause of Action for Negligent Recall/Retrofit, alleged in the FAC, as to CPMC only.

[2] This is the subject of Mr. Ruden's Motion for Remand, Docket #603.  Mr. Ruden incorporates the arguments made therein by reference.

**PLAINTIFF WAYNE RUDEN'S OPPOSITION TO CPMC'S MOTION TO DISMISS
AND JOINDER IN REQUEST FOR REMAND**

California.  FAC, ¶ 10.  Mr. Ruden was a CPMC patient when the decision was made to implant a BRF, and was an ongoing CPMC patient thereafter.  *Id.*  He was hospitalized and/or seen in consultation at CPMC multiple times between 2004, when the BRF was implanted, and 2015, when removal was attempted, leaving irretrievable fragments.  *Id.*

### 1. Allegations Regarding CPMC's Breach of Duty of Care/Protection and Fiduciary Duty.

As alleged in the FAC, CPMC breached its duty of care/protection, as well as his fiduciary duty, to Mr. Ruden.  For example:

- CPMC's medical staff failed to take necessary steps to apprise themselves of the dangerous propensities of the BRF prior to surgically implanting it in Mr. Ruden's body.  *Id.* ¶¶ 11-12, 105-06, 110-11.

- CPMC failed to monitor plaintiff's condition after implantation of the BRF and it did not competently screen its medical staff and agents related to the treatment and monitoring of patients that had been implanted with the BRF at its facilities.  *Id.*, ¶¶ 14, 47-48, 105-06, 110-11.

- Despite knowledge acquired as early as 2004 that the BRF demonstrated a pattern of failure, doctors, treaters, nurses and agents were not adequately informed, trained or given relevant information regarding the potential for failure of the BRF.  *Id.*, ¶¶ 14, 38, 40-41, 47, 110.  No information regarding the BRF's failures was conveyed to Mr. Ruden post operation.  *Id.*, ¶¶ 10, 14, 105-06, 110-11, 119-21.

- CPMC had an ongoing duty to reasonably warn Plaintiff of newly-discovered risks.  FAC, *supra*, ¶ 57.  However, CPMC did not communicate dangers of IVC filters, especially when left in situ over a long period.  *Id.* ¶¶ 57, 60.

- On August 9, 2010, the FDA issued a warning letter regarding BRF filters and adverse effects related to implementation which CPMC received and failed to communicate to plaintiff; CPMC was subsequently informed of all remedial procedures and did not convey this information to plaintiff, including the adverse effects of a BRF remaining in the body for a long period of time.  *Id.*

2

¶¶ 10, 14, 105-06, 110-11, 119-21.  CPMC did not contact Mr. Ruden in order to obtain information regarding his condition or advise testing to gather all possible information on the severe dangers to which they knew the plaintiff was exposed.  *Id.* ¶¶ 14, 41, 120-23.

### 2. Allegations Regarding CPMC's Misrepresentation.

CPMC knew the BRF was defective and unreasonably dangerous and was causing injury and death to patients who received it.  *Id.* ¶11, 18, 38, 40, 56, 64-66, 111.  Yet, intending that Mr. Ruden rely on their misrepresentation, CPMC did not disclose risks and other known information, including that the BRF had hidden dangers, such as a high rate of fracture, migration, and excessive tilting and perforation of the wall of the inferior vena cava.  *Id.* ¶12-14, 48, 105-106, 112-113, 119-123, 137-138.  Further, CPMC failed to insure that its agent and employee care providers were adequately trained to perform their relevant duties, including their duty to reasonably inform themselves of the risks of utilizing the BRF as part of Mr. Ruden's treatment, and failed to adequately inform Mr. Ruden.  *Id.* ¶13, 14, 18, 47-48, 61, 67-68, 106-108, 10, 118-123, 127-130, 137-138.

### 3. Causes of Action Against CPMC.

Via his FAC, Mr. Ruden asserts the following causes of action against CPMC: (1) Count Two- negligence; (2) Count Seven - Negligent Misrepresentation; (3) Count Eight - Breach of Fiduciary Duty; and (4) Count Nine - Negligent Recall/Retrofit.  Mr. Ruden withdraws his claim for Negligent Recall/Retrofit as to CPMC only.  Mr. Ruden seeks punitive damages against all defendants.

## III.  LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).  Fed. R. Civ. Pro. 8(a) requires only a short and plain statement of the claim showing the pleader is entitled to relief.  Fed. R. Civ. Pro. 8(a)(2).  When evaluating a Rule 12(b)(6) motion, the district accepts all material allegations as true and construes them favorably to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).

To survive a motion to dismiss under the Rule, a plaintiff must allege only "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "To be clear, the issue on a motion to dismiss for failure to state a claim "is not whether the [claimant] will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims" asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 41 U.S. 232, 236 (1974)).

## IV.    DISCUSSION

CPMC's Motion must be denied for several reasons.  Mr. Ruden has pled ample facts in support of his claims for negligence, negligent misrepresentation, breach of fiduciary duty, and punitive damages.  CPMC is not a "sham defendant," nor is the "gravamen" of his claims against CPMC products liability.  His claims stand.

### A.    Mr. Ruden Has Alleged Facts Sufficient To State A Claim For Negligence.

The elements of a negligence cause of action are: (1) the existence of a duty to exercise due care; (2) breach of that duty; (3) causation; and (4) damages.  *Paz v. California,* 22 Cal.4th 550, 559 (2000).  Hospitals owe their patients a duty of care and protection, and Mr. Ruden has alleged facts sufficient to state this claim.

#### 1.    CPMC Owes Mr. Ruden A Duty of Care and Protection.

It has long been held that a private hospital owes its patients the duty of protection. *Meyer v. McNutt Hospital*, 173 Cal. 156, 159 (1916).  It is the duty of the hospital to use reasonable care and diligence in safeguarding a patient committed to its charge.  *Valentin v. La Societe Francaise*, 76 Cal.App.2d 1, 4 (1946); *Thomas v. Seaside Memorial Hosp. of Long Beach*, 80 Cal.App.2d 841, 847 (1947); *Rice v. California Lutheran Hospital*, 27 Cal.23 296, 299 (1945) ("The measure of duty of a hospital is to exercise that degree of care, skill and diligence used by hospitals generally in that community, and required by the express or implied contract of the undertaking.").  Case law has recognized that a hospital's business is caring for ill persons, and it is under a duty to observe and know their conditions.  *Elam v. Coll. Park Hosp.*, 132 Cal. App.3d 332, 340 (1982), citing *Rice v. California Lutheran Hosp.*, 27 Cal.2d 296, 299 (1945).

This duty of due care encompasses the duty to insure the competence of its medical staff through careful selection and review. *Id.* at 341. The statutory authority recognizing hospital accountability for the quality of medical care and the competence of medical staff furnishes additional support for this conclusion. *Id.* at 341-44 (citing Health and Safety Code § 32125 [hospital boards must operate hospitals in best interests of public health and insure minimum statutory standards are followed], Health and Safety Code § 32128 and Bus. and Prof. Code § 2282 [hospital must initially screen medical staff for competency and periodically review competency at least every two years, and must periodically review patients' medical records, and must place such limitations on the practice of medicine and surgery as are in the best interests of health and welfare], Cal. Admin. Code §§ 70701 [hospital must assure high standards of professional practice including monitoring ability of physicians to competently perform their duties], Cal. Admin. Code § 70703 [medical staff is responsible to governing body of hospital for fitness, adequacy and quality of care rendered to patients].)

As alleged, CPMC clearly owed Mr. Ruden various duties of care and protection.

### 2. Mr. Ruden Alleged the Violation of CMPC's Duties of Care and Protection.

Contrary to CPMC's assertions, Mr. Ruden's negligence claim does not rely solely on fiduciary duty allegations. For example, Mr. Ruden alleged:

- CPMC had a duty to exercise reasonable care as to Mr. Ruden, which it breached. FAC ¶ 47;
- CMPC breached various other duties, including its duty to monitor Mr. Ruden's condition after implantation of the BRF, its duty to screen its medical staff, physicians, and agents for competency to administer and monitor patients who were treated with the BRF, to learn pertinent facts about the BRF and then determine whether the BRF was safe for clinical use. *Id.* ¶¶ 12-14, 47-48, 61-63, 77-79, 110-16;
- CPMC had a duty to disclose material information to Mr. Ruden regarding

5

the potential for the BRF's migration, but did not do so.  *Id.* ¶¶ 10, 12-14, 47-48, 61-63, 77-79, 105-106, 110-16; 119-21.

Because of these breaches, Mr. Ruden's claim for negligence stands.

### B.   Mr. Ruden Has Alleged Facts Sufficient To State A Claim For Negligent Misrepresentation.

The elements of negligent misrepresentation include:  "(1) misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed, and (5) resulting damage."  *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1201 (9th Cir. 2001).  Further, to the extent CPMC withheld information it had a duty to disclose, such wrongful withholding amounts to misrepresentation.  *Stafford v. Shultz*, 42 Cal.2d 767, 777 (1954) ("Where there is a duty to disclose, the disclosure must be full and complete, and any material concealment or misrepresentation will amount to fraud sufficient to entitle the party injured thereby to an action.") (citation omitted); *see also* Cal. Civ. Code § 1710.  Mr. Ruden has alleged facts sufficient to meet these elements.

In Paragraph 105 of the FAC, Mr. Ruden alleges that CPMC negligently provided him with false or incorrect information, or omitted or failed to disclose material information concerning the safety, efficacy, failure rate, and approved uses of the BRF. Mr. Ruden also alleges that CPMC had a duty to communicate to him accurate information regarding the BRF, and that he reasonably relied on such communications. *Id.* ¶¶ 48, 72-73, 106-07, 113.

Mr. Ruden further alleges that CPMC negligently failed to screen false representations made by Bard and passed these misrepresentations along to Mr. Ruden through CPMC's agents, staff, nurses, officers, directors, attendants and other employees, or alternatively failed to disclose information received from Bard it had a duty to provide. *Id.*, ¶¶ 48, 74, 106.  CPMC knew when the BRF was implanted of the device's hidden dangers.  *Id.*, ¶ 12.  Over the years following the insertion of the device, CPMC learned

of the numerous adverse incidents cited in the FDA's 2010 warning letter and failed to accurately communicate the newly-discovered danger to Mr. Ruden. *Id*. ¶¶ 14, 18, 26-27, 40. Mr. Ruden's reliance on such communications caused his injuries. *Id*. ¶¶ 34-36, 114.

Mr. Ruden's allegations include facts sufficient to support each of the required elements:

**(1) Misrepresentation of fact**: CPMC misrepresented past or existing material facts, or failed to disclose facts they had a duty to disclose, when they represented to Mr. Ruden that the BRF was safe to be implanted in his body, and when they failed to disclose to him subsequently-learned dangers of the BRF that they had a duty to disclose; *Id*. ¶¶ 10-14, 47-48, 61-67, 72, 105-06, 110-11, 118, 122-23, 137, 139.

**(2) Lacking reasonable ground to believe its truth**: CPMC, through its agents and staff, had a duty to ascertain the true facts, and was thus unreasonable in accepting Bard's misrepresentations and omissions. *Id*. ¶¶ 12-14, 38, 40, 106, 110-11, 137-38.

**(3) Intent that patient rely on misrepresentations:** As Mr. Ruden's caretakers, CPMC intended that its instructions and advice to him to be relied on. *Id*. ¶¶ 61-63.

**(4) Reasonable reliance**: Mr. Ruden's reliance on his medical caretakers' assurances was pled, and was appropriate as a matter of law. *See, e.g.*, *Raddatz v. U.S.*, 750 F.2d 791, 796 (9th Cir. 1984) (doctor's assurance of patient's condition "may be reasonably relied on by a patient"). FAC ¶ 106.

**(5) Resulting damage**: because Mr. Ruden consented to implantation of the BRF after CPMC's misrepresentations, and because he allowed it to remain in his body over a decade because CPMC misrepresented or concealed its danger, the device fractured in his body and grave injuries resulted. *Id*. ¶¶ 16, 34-36, 59, 89, 92, 103, 140.

Clearly, Mr. Ruden has stated a claim for negligent misrepresentation, and this cause of action should not be dismissed.

C.   **Mr. Ruden Has Alleged Facts Sufficient To State A Claim For Breach of Fiduciary Duty.**

1.  **CPMC Owes Mr. Ruden A Fiduciary Duty.**

CPMC owes Mr. Ruden a fiduciary duty.  "The doctor-patient relationship is a fiduciary one and it is incumbent on the doctor to reveal all pertinent information to his patient. The same is true of the hospital-patient relationship**.**" *Wohlgemuth v. Meyer*, 139 Cal.App.2d 326, 331 (1956).  CPMC's authorities do not refute this.

2.  ***Derrick* Does Not Hold That Hospitals Owe No Fiduciary Duty to Patients and Is Distinguishable.**

*Derrick v. Ontario Comty. Hosp*., 47 Cal.App.3d 145, 152-53 (1975), cited by CPMC, merely held that a hospital does not owe a fiduciary duty to **the general public at large**, persons with whom the hospital had no relationship. *See Derrick*, *supra*.  In *Derrick,* plaintiff sued hospital after contracting disease from former hospital patient, alleging the hospital owed her a duty to report the potential for disease.  The court held the hospital owed no statutory duty to report the possibility of disease to the general public, including the plaintiff).  The facts of *Derrick* are not analogous to the case at bar.

3.  ***Moore* Does Not Hold That Hospitals Owe No Fiduciary Duty to Patients And Is Distinguishable.**

The only other case cited by CPMC for the proposition that there is no fiduciary duty owed by a hospital to a patient is similarly inapplicable here, as the facts relate only to lack of informed consent for a surgical procedure.  *Moore v. Regents of Univ. of Cal.*, 51 Cal.3d 120, 133 (1990).  It was well-established prior to *Moore* that the duty to obtain informed consent for a surgical procedure runs to the surgeon.  *See*, *e.g., Cobbs v. Grant*, 8 Cal.3d 229, 242-43 (1972).  *Moore* did not deal with a hospital's fiduciary duty to reveal material information to a patient, and did not in any way disapprove *Wohlgemuth*, which established that duty.  *Wohlgemuth* at 331.  Nor did *Moore* make sweeping claims that no hospital owes any sort of fiduciary duty to a patient.  *Moore* merely stated that the defendants in that case had no fiduciary duty to obtain informed consent to a medical procedure, a cause of action against *those* defendants based on failure to obtain informed

8

consent, it could only be by a theory of secondary liability.  *Moore* at 133.  *Moore* did not erase a hospital's fiduciary duty to provide all material information under *Wohlgemuth*.

### D.   Mr. Ruden Has Alleged Facts Sufficient To State A Claim For Punitive Damages.

#### 1.  Facts Alleged Regarding Punitive Damages.

The FAC alleges that, prior to the BRF surgery, CPMC failed to learn and/or disclose the dangerous then-known or –knowable propensities of the BRF; further, post-BRF surgery, and even with additional information available to it regarding the defective nature of the BRF, CPMC again failed to inform Mr. Ruden of known or knowable risks. FAC, pp. 10:2-13:7; 26:7-27:20.  Despite receiving an FDA warning and additional knowledge regarding BRF defects subsequent to the surgery, CPMC remained silent.

Mr. Ruden has identified CPMC's officers, directors and managing agents, including explicitly identifying physicians, who acted in a malicious, willful and oppressive manner as alleged in the FAC.  FAC, p. 10:2-13:7; 26:24-28.

#### 2.  Mr. Ruden Has Met His Burden Under Fed. R. Civ. Pro. 8.

CPMC's reliance on California Civil Code section 3294(a) for the proposition that "oppression, fraud or malice" must be pled by clear and convincing evidence is incorrect. Section 3294(a) states that malice, fraud or oppression must be "proved" by clear and convincing evidence, not "pled" by such evidence.  Cal. Code Civ. Sec. 3294(a). Accordingly, Mr. Ruden satisfied his burden under Rule 8.

#### 3.  The Cases Cited by CPMC Are Inapposite.

The cases cited by CPMC in support of dismissal of punitive damages are inapposite.  First, *Brousseau v. Jarrett*, 73 Cal.App.3d 864 (1977) is distinguishable.  In *Brousseau*, plaintiff's punitive damages claim did not allege specific facts in support. *Brousseau*, 73 Cal.App.3d at 869.  Here, Mr. Ruden has alleged specific facts as to CPMC and its control persons.  FAC, pp. 10:2-13:7; 26:7-27:20.  CPMC's reliance on *Taylor v. Sup. Ct.*, 24 Cal.3d 890, 893-94 (1979) also fails to support dismissal.  Distinct

1   from *Taylor*, Mr. Ruden alleged facts including CPMC's monetary incentive to hide

2   known dangers of the BRF and its conscious disregard for safety in its failure to

3   communicate known or knowable dangers of the BRF.  FAC, pp. 10:2-13:7; 26:7-27:20.

4       Finally, CPMC's citation to *Xerox Corp. v. Far Western Graphics, Inc.*, 2004 WL

5   2271587 (N.D. Cal. 2004) is misplaced.  In *Xerox*, the plaintiff failed to allege <u>any</u>

6   conduct by an officer, director or managing agent to support punitive damages.  *Xerox*

7   *Corp.*, 2004 WL 2271587, at *2.  Here, plaintiff's FAC plainly alleges acts of CPMC's

8   control persons, including physicians/managing agents.  FAC, pp. 10:2-13:7; 26:7-27:20.

9       Mr. Ruden has sufficiently pled a claim for punitive damages under Rule 8.

### 4.   California Code of Civil Procedure Section 425.13 Does Not Apply to Complaints Governed by Fed R. Civ. Pro. 8.

11       California Code of Civil Procedure section 425.13's places a subject-matter

12   procedural restriction on punitive damages that is already adequately addressed via Rule.

13   8.  Plaintiff's punitive damages claim cannot be dismissed via CPMC's motion.

14       To determine whether a state law applies in Federal Court, the Court must first

15   find whether a relevant Federal Rule answers the question in dispute.  *See generally*

16   *Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010).  Here,

17   Rule 8 is on point and explicitly permits the FAC's punitive damages claim.  As such, the

18   Court need not make a challenging and "relatively unguided *Erie* choice."  *Hanna v.*

19   *Plumer*, 380 U.S. 460, 471 (1965).  Section 425.13) directly conflicts with the plain

20   meaning of Rule 8(a)(3); therefore, Section 425.13 is inapplicable to plaintiff's FAC.

21   *Estate of Prasad v. County of Sutter*, 958 F. Supp.2d 1101, 1121 (E.D. Cal. 2013).

22       Decisions from each District Court in California hold that Section 425.13 does not

23   apply in Federal cases.  In *Jackson v. East Bay Hosp.*, 980 F.Supp. 1341 (N.D. Cal.

24   1997), the Court deemed Section 425.13 inapplicable in Federal Court because it is

25   "essentially a method of managing or directing a plaintiff's pleadings, rather than a

26   determination of substantive rights."  *Jackson*, 980 F.Supp. at 1352 (finding that the

27   statute is a "procedural matter rather than a substantive one"); *Burrows v. Redbud Cmty.*

28

*Hosp. Dist.*, 188 F.R.D. 356, 361 (N.D. Cal. 1997) ("[S]ection 425.13 is a procedural rule for managing and directing pleadings; it does not create substantive limits on the damages a plaintiff may seek"); *see also Franklin v. Allstate Corp.*, 2007 WL 1991518, at *3-4 (N.D. Cal. 2007).  Also, multiple decisions from the Southern and Central Districts find Section 425.13 to be procedural and null and void in Federal Court.  *Ortegoza v. Kho*, 2013 WL 2147799, at *7 (S.D. Cal. 2013) ("agree[ing] with the *Jackson* court's determination that section 425.13 is procedural" and inapplicable in Federal Court); *see also, e.g., Steel v. City of San Diego*, 726 F.Supp.2d 1172, 1182 (S.D. Cal. 2010); *Shinde v. Nithyananda Found.*, 2013 WL 1953707, at *16 & n. 6 (C.D. Cal. 2013).

Accordingly, Section 425.13 directly conflicts with the plain meaning of Fed. R. Civ. Pro. 8(a)(3) and should not be considered by this Court; thus, the California statute cannot support CPMC's motion to dismiss.  *See generally Jackson*, 980 F.Supp. 1341; *see also Estate of Prasad,* 958 F. Supp.2d at 1121 (citations omitted).  CPMC's motion to dismiss must be denied as to plaintiff's claim for punitive damages.

### 5. Further, Plaintiff's Causes of Action Against CPMC Do Not Implicate California Code of Civil Procedure Section 425.13.

Even assuming, *arguendo*, that the section applies, this is not a medical malpractice case that falls within the ambit of Section 425.13. Cal. Code Civ. Proc. § 425.13 ("[I]n any action for damages arising out of professional negligence of a health care provider, no claim for punitive damages shall be included in a complaint or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive damages to be filed.") (emphasis added).  The Supreme Court has held that Section 425.13 is applicable to an action for damages if the injury is based upon professional negligence directly related to the professional medical services provided. *Central Pathology Service Med. Clinic, Inc. v. Sup. Ct.*, 3 Cal.4th 1818, 191 (1992).  In addition, the term "professional negligence" is a term of art that must be interpreted accordingly on a case by case basis.  *See Bommareddy v. Sup. Ct., et al.*, 222 Cal.App.3d 1017, 1024 (1990), overruled on other grounds by *Central Pathology Service Medical*

1    *Clinic, Inc. v. Sup. Ct.*, 3 Cal.4[th] 181, 191-92 (1992).

2        Here, Mr. Ruden's claims are not "directly related" to the professional medical

3 services provided.  Plaintiff's claims are based on CPMC's communication or lack

4 thereof before and after his surgery, not on provision of professional medical services.  In

5 Mr. Ruden's case, no claims are based upon the actual surgery.  Mr. Ruden's injury stems

6 from CPMC's failure to adequately screen and train staff regarding investigation of

7 medical devices or to communicate the dangers known or knowable with respect to the

8 BRF.  As demonstrated herein, Mr. Ruden's causes of action against CPMC are not

9 professional negligence claims, and further, are not "intimately bound up" with any

10 claims regarding professional medical services supplied to plaintiff that would justify the

11 application of Cal. Code Civ. Proc. section 425.13.  *Cf. Rhodes v. Placer County*, 2011

12 WL 1302240, *21 (E.D. Cal. 2011) (plaintiff's claim for punitive damages was <u>directly</u>

13 related to the professional medical services rendered and Section 425.13 was applicable).

14        In *Flowers v. Torrance Mem. Hosp. Med. Ctr.*, 8 Cal.4th 992 (1994), the

15 California Supreme Court found the provider's negligence of the medical provider fell

16 within the scope of Section 425.13 because the claims were based on a single malfeasant

17 act by defendant.  *Flowers*, 8 Cal.4th at 996-97 (defendant failed to raise a guardrail on a

18 gurney).  Notwithstanding the fact that plaintiff's FAC does not allege a claim for

19 professional negligence, Mr. Ruden's causes of action against CPMC involves multiple

20 negligent acts regarding training of staff and agents, and crucially, communication of

21 dangers associated with the BRF that were known or knowable by CPMC.  Allegations of

22 multiple negligent acts fall outside the scope of claims intended to be addressed by

23 Section 425.13.  *Johnson v. Chiu*, 199 Cal.App.4th 775, 781-82 (2011).

24        Importantly, CPMC's failure to communicate known or knowable dangers is a

25 duty within the common knowledge of a layperson and does not require testimony solely

26 within the purview of expert witnesses.  *Engelking v. Carlson*, 13, Cal.2d 216, 221

27 (1939), disapproved on other grounds by *Siverson v. Weber*, 57 Cal.2d 834, 836-37

28 (1962); *see generally Carson v. Mercury Ins. Co.*, 210 Cal.App.4th 409, 422-23 (2012).

12

The facts here mirror the oft-quoted example of the scalpel left in the patient's body post-surgery; anyone could perceive the negligence plaintiff alleges. *Id.*

Further, even generously considering the FAC's allegations as a claim for medical malpractice, "[I]t is settled that additional causes of action may arise out of the same facts as a medical malpractice action." *See Romar v. Fresno Community Hospital and Medical Center*, 583 F.Supp.2d 1179, 1184 (E.D. Cal. 2008) (quoting *Unruh-Haxton v. Regents of Univ. of Cal.*, 162 Cal.App.4th 343, 352 (2008)). Here, Mr. Ruden alleges causes of action against CPMC for negligence, negligent misrepresentation and punitive damages. Like the plaintiff in *Romar* who alleged disparate claims, Mr. Ruden makes factual allegations separate and distinct from the actual BRF implantation and akin to plaintiff's claims in *Romar* where the same facts could support both professional and general negligence negligence claims. *See Romar*, 583 F.Supp.2d at 1189. Thus, Section 425.13 cannot be applied serve to dismiss plaintiff's punitive damages claim.

### E.   Mr. Ruden Is Entitled to Plead Alternative Facts And Theories.

CPMC asserts that Mr. Ruden's recitation of alternative facts in his FAC warrants dismissal . Motion to Dismiss p. 6. CPMC is incorrect:

> A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds.

Fed. R. Civ. Pro. 8(e)(2); *Coleman v. Standard Life Co.,* 288 F. Supp. 2d 1116 (E.D. Cal. 2004). "[A] pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case." *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990) (quoting *Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir. 1985)); *see also Oki America v. Microtech Intern. Inc.*, 872 F.2d 312, 314 (9th Cir. 1989). These readings are consistent with both the language of

Rule 8 and "the general purpose of the Federal Rules," which is "to minimize technical obstacles to a determination of the controversy on its merits." *United States ex rel. Atkins v. Reiten,* 313 F.2d 673, 675 (9th Cir.1963).  Alternative pleading is no cause for dismissal.

### F.       CPMC, An Indispensable Party, Is Not A Sham Defendant.

Mr. Ruden's FAC alleges negligent misrepresentation against both Bard and CPMC.  Plaintiff pled in the alternative that (1) Bard negligently provided false information and (2) that CPMC had the ability to determine the true facts but did not because its agents and employees were not properly trained to investigate medical devices, and that as a result of this failure by one or both parties, plaintiff was injured.

It is clear that a relationship exists between defendants CPMC and Bard and between Mr. Ruden's claims against the two entities.  Bard manufactured a product and released it into the stream of commerce, from whence it was acquired by CPMC and used as it was intended to be used, by implanting it into Mr. Ruden's body, where it fractured, with a fragment entering Mr. Ruden's heart.  FAC, ¶¶ 12-14, 17-19, 25, 34, 51, 57-58, 70-71, 77-79, 83-84, 91, 101.  Both Bard and CPMC shared a joint duty to ensure the BRF was safe for use by the end user.  *Id.*, ¶¶ 12-14, 47-48, 61-63, 73-74, 110-11, 118, 139.  Bard had a duty to make the product's dangerous propensities known to users and the general public and CPMC had a duty to insure that its medical provider staff learned of those same dangerous propensities.  At least to some extent, Bard's and CPMC's liabilities here are measured by each other's acts.  *Id.*, ¶¶ 38, 43-46, 48, 52, 54-57, 73-74.

This is not a case that merely alleges that two defendants conduct a similar business practice, as in the lead fraudulent misjoinder case *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996).  Indeed, CPMC is an indispensable party, as it would incur a substantial risk of being saddled with a double obligation should Plaintiff prevail against CPMC in a state court suit while Bard cross-claims against CPMC in a federal suit.  *See* Fed. R. Civ. Pro. 19(a)(1)(B).  If Mr. Ruden is forced to pursue claims against these defendants in two separate forums, judicial economy will

14

1    suffer and there is a grave risk that Mr. Ruden will not receive justice in either forum.

2        The question of what Bard told CPMC (and the public), and when it told it to

3    them, closely knits together the liabilities of Bard and CPMC, such that severing Bard

4    and CPMC into separate actions would raise a serious risk of inconsistent judgments.  *See*

5    Fed. R. Civ. Pro. 20 (permitting joinder when "*any* right to relief is asserted against them

6    . . . arising out of the same . . . series of transactions or occurrences" and "any question of

7    law or fact common to all defendants will arise in the action").  CPMC is far from a sham

8    defendant; it is a necessary and indispensable defendant.

9        **G.    The Gravamen of Mr. Ruden's Complaint Is Not Products Liability As To**
         **CPMC; Even If It Were, Mr. Ruden Does Not Allege Strict Products**
10       **Liability Against CPMC.**

11           **1.    The "Gravamen" Of Mr. Ruden's FAC Has No Bearing on This**
12                  **Court's Analysis Of CPMC's Motion.**

13       As an initial matter, CPMC cites to no authority stating that determining the

14   "gravamen" of a complaint is an issue of law.  *See Fansler Foundation v. American*

15   *Realty Investors, Inc.*, 2007 WL 2695360, *3-*4 (E.D. Cal. 2007) ["The parties did not

16   cite, and the Court did not find, authority that determining the `gravamen' of a complaint

17   is an issue of law."]. Even if products liability *were* the "gravamen" of Mr. Ruden's FAC,

18   CPMC did not indicate why this analysis is relevant to its Motion to Dismiss.

19           **2.    The "Gravamen" of Mr. Ruden's Complaint Is Not Products**
                     **Liability.**
20

21       The *Fansler* court, *supra*, defined "gravamen" as the "principle thrust" or

22   "operative facts" of the complaint.  *Id.*  To the unlikely extent that the "gravamen" of Mr.

23   Ruden's FAC may be factored into the Court's analysis, Mr. Ruden makes multiple

24   allegations against CPMC and submits that his FAC contains more than one "thrust."

25       Mr. Ruden's FAC alleges negligent misrepresentation, negligence, and product

26   liability.  Mr. Ruden alleges that Bard "negligently provided Plaintiff, Plaintiff's health

27   care providers, and the general medical community with false or incorrect information"

28

---

15

1  involving certain specified subject areas.  FAC, ¶¶ 105-06, 110.  Thus, the "gravamen" of

2  Mr. Ruden's FAC is not simply product liability.

### 3.  Mr. Ruden Does Not Allege Strict Products Liability Against CPMC, So CPMC's Cited Cases Are Irrelevant.

CPMC misstates the holdings of several cases when it claims that "under California law, a hospital may not be liable under a product liability theory for a defective device such as the BRF."  Motion to Dismiss, p. 13.  The cases cited by CPMC hold, at most, that a hospital in the circumstances of specific cases may not be held liable for *strict* products liability.  Mr. Ruden does not allege strict product liability—or product liability—against CPMC, so this argument is irrelevant.

*Silverhart v. Mount Zion Hospital*, 20 Cal. App. 3d 1022 (1971)  holds that "the rule of *strict* liability adopted by the courts of this state precludes the application of that doctrine to a hospital under the circumstances of this case."  *Silverhart* at 1028 (emphasis added).  The court in *Silverhart* reasoned that consumed needles rather than placing them in the stream of commerce.[3]  Here, CPMC was part of the stream of commerce which placed the BRF in the end consumer's body, and received remuneration for the device.

### H.    CPMC Is Not Entitled To A More Definite Statement.

Fed. R. Civ. Pro. 12(e) allows this Court to require Mr. Ruden to make a more definite statement of his FAC only if—as is not the case here—the FAC were "so vague and ambiguous that a party cannot reasonably prepare a response."  Fed. R. Civ. Pro. 12(e).  Not only is the FAC sufficient to put CPMC on notice of the claims against it, CPMC has not properly requested relief under Rule 12(e).  This request must be denied.

A motion under this rule "must point out the defects complained of and the details desired."  *Id.*  CPMC's moving papers neither analyze nor discuss this request.  Simply put, CPMC has not put Mr. Ruden or this Court on notice of the specific defects claimed.

---

[3] Similarly, *Hector v. Cedars-Sinai Medical Center*, 180 Cal. App. 3d 493 (1986) and *Pierson v. Sharp Memorial Hospital Inc*., 216 Cal.App.3d 340 (1989), cited by CPMC, solely address strict liability.

Further, a motion for a more definite statement should **not** be granted unless, unlike here, the defendant cannot frame a responsive pleading. *Boxall v. Sequoia Union High School Dist.*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979); Wright and Miller, Federal Practice and Procedure, Civil, § 1377, p. 750 (1969). Due to liberal pleading standards and extensive discovery, this procedural avenue has been substantially restricted. Wright and Miller, Federal Practice and Procedure, Civil, § 1376, pp. 737-740. In particular, where the information sought by the moving party is available through discovery, the motion should be denied. *Id.*, § 1377, p. 750.

Mr. Ruden's FAC puts CPMC on clear notice of the claims levied against it. CPMC is able to adequately frame its response, and this request should be denied.

## I.    Mr. Ruden Concurs In CPMC's Remand Request.

As an alternative to its motion to dismiss, CPMC seeks remand of this case under Fed. R. Civ. Pro. 12(b)(1) because this Court "lacks subject-matter jurisdiction." Mr. Ruden concurs, as this Court is not the proper forum to litigate claims between non-diverse defendants. Mr. Ruden has filed a Motion for Remand in this Court, Docket #603, in which he likewise argues that federal court is not the proper forum for this action. CPMC is an indispensable, non-diverse, California defendant who has not consented to removal. Because there is no diversity, this matter should not be litigated in a federal forum. *See*, Fed. R. Civ. Pro. 12(b)(1); U.S.C. § 1447(c).

## V.    CONCLUSION

Mr. Ruden respectfully requests that this Court deny CPMC's Motion to Dismiss or in the alternative, allow Mr. Ruden leave to amend his First Amended Complaint. Further, Mr. Ruden concurs with CPMC's request to remand this action to the San Francisco Superior Court, where it was properly brought.

Dated:  March 4, 2016                     ONGARO PC

                                          By:  ___/s/ Glen Turner_____
                                               Glen Turner
                                               Attorneys for Plaintiff
                                               WAYNE RUDEN

1

## CERTIFICATE OF SERVICE

2

3          I hereby certify that on this 4th day of March, 2016, a copy of the foregoing was

4  served electronically and notice of the service of this document will be sent to all parties

5  by operation of the Court's electronic filing system to CM/ECF participants registered to

6  receive service in this matter.  Parties may access this filing through the Court's system.

7
                    */s/Glen Turner*
8                     Glen Turner

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF WAYNE RUDEN'S OPPOSITION TO CPMC'S MOTION TO DISMISS
AND JOINDER IN REQUEST FOR REMAND**