James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | MDL NO. 15-02641-PHX-DGC |
| This Document Relates to: | |
| PAMELA NOTERMAN, an individual, | |
| Plaintiff, | |
| v. | Case No. CV-15-01714-PHX-DGC |
| C. R. BARD, INC., a New Jersey Corporation; AND BARD PERIPHERAL VASCULAR INC., (a subsidiary and/or Division of Defendant C. R. BARD, INC.) an Arizona Corporation, | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT** |
| Defendants. | |

## I.    INTRODUCTION

The Court should dismiss the Complaint because it is a legal nullity. Plaintiff Pamela Noterman filed a lawsuit on February 13, 2015 against Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard") for personal injuries allegedly sustained from a Bard G2®X inferior vena cava filter (the "Filter"), and served the same on June 11, 2015. The style of the Complaint lists "PAMELA NOTERMAN, an individual" as the plaintiff. At the time the Complaint was filed, however, the plaintiff had been deceased for over nine months. Because a deceased party cannot be party to a legal proceeding, the Complaint is void *ab initio*. Accordingly, Bard respectfully requests that the Court dismiss the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b).

## II.    FACTUAL BACKGROUND

Ms. Noterman's lawsuit asserts negligence, strict liability, breach of warranty, negligent misrepresentation, and punitive claims against Bard in connection with injuries she alleges resulted from the Filter. (*See* Complaint *generally*). The Filter was implanted at Naples Community Hospital in Naples, Florida on or about November 5, 2009. (*Id.* at ¶ 51). Subsequently, in February 2011, the plaintiff presented to Lakewood Ranch Medical Center in Bradenton, Florida with chest pains, and subsequent diagnostic testing revealed that the Filter had fractured. (*Id.* at ¶ 53). Specifically, the Complaint alleges that, although the Filter was successfully retrieved, a fractured strut remained in her body "causing [the plaintiff] anxiety, stress, anxiousness, and constant worry [and] physical and emotional pain." (*Id.* at ¶ 54-6). The Complaint further avers that, as a result of the implantation of the Filter, she "is no longer able to sustain the active lifestyle that she enjoyed prior to the time when she was treated with the G2®X Filter" and that she "continues to suffer from physical and emotional pain, including but not limited to chest pains." (Compl. at ¶ 56).

The plaintiff's Complaint was filed on February 13, 2015 and served on June 11, 2015 (*Id.*), but the plaintiff passed away on May 6, 2014.[1] As such, the plaintiff had been dead for

---

[1] *See* Copy of Death Certificate for Pamela Noterman, attached hereto as <u>Exhibit A</u>.

nine months before the Complaint was filed and over a year before the Complaint was served on Bard.

### III.   ANALYSIS

The Court lacks jurisdiction to consider the Complaint because it is a legal nullity. Accordingly, Bard respectfully requests that the Court dismiss this case pursuant to Federal Rule of Civil Procedure 12(b).

"Only a real party in interest has the capacity to bring a lawsuit." *In re Engle Cases*, No. 3:09-CV-10000-J-32, 2013 WL 8115442, at *2 (M.D. Fla. Jan. 22, 2013) *aff'd*, 767 F.3d 1082 (11th Cir. 2014); *Tennyson v. ASCAP*, 477 F. App'x 608, 610 (11th Cir.2012) (citing Fed. R. Civ. P. 17(a), (b)).[2] "The capacity doctrine relates to the issue of a party's personal right to litigate in federal court'" and presents a jurisdictional issue to the court. *In re Engle*, 2013 WL 8115442, at *2 (quoting *Glickstein v. Sun Bank/Miami, N.A.*, 922 F.2d 666, 670 (11th Cir.1991), *abrogated on other grounds, Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 963 (11th Cir.2001)). "[A] party must have a legal existence as a prerequisite to having the capacity to sue or be sued." *Adelsberger v. United States*, 58 Fed. Cl. 616, 618 (Fed. Cl. 2003) ("The question presented is whether an action can be initiated in the name of a deceased person. We think the answer is plainly, 'no.'"). Indeed, under Florida law, a deceased individual cannot be a party to a lawsuit. *Xtra Super Food Ctr. v. Carmona*, 516 So.2d 300, 301 (Fla. 1st DCA 1987). Here, however, the Complaint was filed on behalf of Pamela Noterman in her individual capacity, despite the fact that she had been deceased for several months. Hence, the Complaint is a nullity, which should be dismissed with prejudice. *See In re Engle*, 2013 WL 8115442, at *2.

---

[2] This Court has vested authority to rule on this motion, which ruling shall be governed by Florida substantive law and federal procedural law. *See In re Donald J. Trump Sec. Litig.*, 7 F.3d 357 (3rd Cir. 1993) (*cert. denied*); *In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F.Supp.2d 1346 (Jud.Pan.Mult.Lit. 2001); *Sadler v. Pella Corp.*, 2015 WL 7454516 (D. South Carolina Nov. 23, 2015).

1       The court in *Engle* addressed the specific issue before the Court under federal

2   procedural law and Florida substantive law and dismissed the plaintiffs' complaints at issue

3   as legal nullities. As is the case here, well after suit was filed on behalf of a group of plaintiffs

4   in that case, discovery revealed that 521 plaintiffs had died before their cases were even filed.

5   *Id.* at *1. Upon learning that the plaintiffs were deceased at the time their cases were filed, the

6   defendants moved to dismiss, with prejudice, contending that "the cases were, and are, 'legal

7   nullities' and the 'law permits no other result.'" *Id.* The plaintiffs conceded that they had filed

8   cases naming dead plaintiffs, but argued that their mistake was "a pleading deficiency related

9   to the capacity of the plaintiff, rather than a jurisdictional defect," and asked the court to

10  allow them to amend the complaint to allege wrongful death and survival claims. *Id.* The

11  district court refused to allow amendment, holding that filing a case on behalf of a deceased

12  individual was not a pleading deficiency, but that "personal injury actions filed in the name of

13  deceased smokers are nullities." *Id.* at *2.  The court therefore dismissed the case without

14  prejudice. *Id.*

15      As in *Engle*, federal and state courts interpreting other states' laws have consistently

16  held that cases filed naming deceased parties are nullities, which must be dismissed with

17  prejudice.  *E.g., Banakus v. United Aircraft Corp.*, 290 F.Supp. 259, 260

18  (S.D.N.Y.1968) (Since [the plaintiff] was dead when the action for personal injuries was

19  commenced, that action must be treated as a nullity" and  as such, "there were no claims

20  capable of amendment"); *Adelsberger*, 58 Fed.Cl. at 618–19 (action brought in the name of a

21  deceased individual declared null); *Banks v. Employers' Liab. Assur. Corp. Ltd., of London,

22  England*, 4 F.R.D. 179, 180 (W.D. Mo. 1944) (in dismissing suit brought in the name of a

23  deceased individual and stating "[c]learly a suit could not be brought in the name of [the

24  plaintiff] after his decease."); *Pasos v. Eastern S.S. Co.*, 9 F.R.D. 279 (D. Del. 1949) ("the

25  suit should be dismissed if the court is clearly convinced that neither at the institution of the

26  suit or at any time since has there been a legally existent party plaintiff and at no time could

27  there have been entered a valid judgment in the matter."); *Garlock Sealing Techs., LLC v.*

28

*Pittman*, No. 2008-IA-01572-SCT, 2010 WL 4009151, at *4 (Miss. Oct. 14, 2010) (holding that a case filed in the name of a deceased person was a legal nullity, adding that such an action "has no hope of success and is therefore frivolous."); *Black Canyon Citizens Coalition, Inc. v. Bd. of County Comm'rs of Montrose County*, 80 P.3d 932, 933–35 (Colo.App.2003) (suit filed in the name of a nonexistent corporation deemed void *ab initio*); *Mathews v. Cleveland*, 159 Ga.App. 616, 617, 284 S.E.2d 634, 636 (1981) (deceased person cannot commence an action); *Levering v. Riverside Methodist Hosp.*, 2 Ohio App.3d 157, 159, 441 N.E.2d 290, 291 (Ohio App.1981) (complaint declared a nullity where plaintiff died prior to its filing); *Gregory v. DiCenzo*, 713 A.2d 772, 775 (R.I. 1998) (complaint commenced in deceased person's name deemed a nullity); *Williams v. Travelers Property & Casualty of America*, 2007 WL 1299245 (Conn. Super. Ct. Apr. 13, 2007); *McCormick v. Illinois Central Railroad Company*, 2009 WL 1392575 (Tenn. Ct. App. May 19, 2009).

The issue decided in *Engle* and the other cases cited above is identical to the issue in the present case. In those cases, the courts consistently dismissed the complaints as nullities. Similarly, because the Complaint was brought on behalf of Pamela Noterman in her individual capacity, despite the fact that she had been deceased for nine months, the Complaint should be void *ab initio*. Therefore, Bard respectfully requests that the Court dismiss the Complaint with prejudice.

**IV.   CONCLUSION**

Because the Complaint named Pamela Noterman as the plaintiff, despite the fact that she was deceased at the time of filing, the Complaint is a nullity. For that reason, Bard respectfully requests that the Court dismiss the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b).

This 11th day of March, 2016.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

**Attorney for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 11, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to all counsel of record.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com