```
 1  HILARY E. YOUNGBLOOD (admitted pro hac vice),
    California Bar No. 258026
 2  hyoungblood@dblawsf.com
    DAVIDOVITZ + BENNETT
 3  101 Montgomery Street, 25th Floor
    San Francisco, CA 94104-4176
 4  TEL: (415) 956-4800
    FAX: (415) 788-5948
 5
    Attorneys for Defendant,
 6  SUTTER WEST BAY HOSPITALS, doing business as
    CALIFORNIA PACIFIC MEDICAL CENTER
 7
```

                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation<br><br>This Document Relates to:<br>WAYNE RUDEN v. C.R. BARD, INC., et al. | MDL No. 2:15-md-02641-DGC<br><br>ND CA - 4:15cv5189;<br>AZ Member Case - 2:16cv344<br><br>REPLY IN SUPPORT OF DEFENDANT CALIFORNIA PACIFIC MEDICAL CENTER'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT UNDER FED.R.CIV.P. 12(b)(6) AND 12(e); OR IN THE ALTERNATIVE FOR MOTION TO REMAND UNDER 28 U.S.C. § 1447(c) AND FED.R.CIV.P. 12(b)(1) |



REPLY IN SUPPORT OF DEFENDANT CPMC'S MOTION TO DISMISS
CASE NO. 4:15-cv-05189-JSW

TABLE OF CONTENTS

Page(s)

I.   SUMMARY OF REPLY. . . . . . . . . . . . . . . . . . . . . 1

II.  LEGAL ARGUMENT IN REPLY. . . . . . . . . . . . . . . . . 1

     A. PLAINTIFF HAS FAILED TO PLEAD FACTS TO SHOW
        THAT CPMC BREACHED ANY DUTY OF CARE OWED
        TO PLAINTIFF. . . . . . . . . . . . . . . . . . . . . 1

        1. Plaintiff's Citations in Support of
           His Argument Regarding a Hospital's
           Duty of Care Are Inapposite. . . . . . . . . . . 1

        2. Plaintiff's Reliance on *Elam* to Establish
           CPMC's Duty of Care Is Misplaced. . . . . . . . 3

        3. Plaintiff Cannot Sustain His Burden to Prove
           Proximate Causation of His Damages Against CPMC . 4

     B. PLAINTIFF HAS FAILED TO STATE A CLAIM
        FOR NEGLIGENT MISREPRESENTATION. . . . . . . . . . . 5

     C. PLAINTIFF HAS FAILED TO ALLEGE A CAUSE OF ACTION
        FOR BREACH OF FIDUCIARY DUTY. . . . . . . . . . . . 6

     D. THE AMENDED COMPLAINT'S INCONSISTENT FACTUAL
        ALLEGATIONS ARE GROUNDS FOR DISMISSAL. . . . . . . 8

     E. PLAINTIFF'S PUNITIVE DAMAGES CLAIM IS IMPROPER. . . 9

     F. PLAINTIFF'S ACTION IS FOUNDED ENTIRELY IN PRODUCT
        LIABILITY. . . . . . . . . . . . . . . . . . . . . . 10

III. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . 11

REPLY IN SUPPORT OF DEFENDANT CPMC'S MOTION TO DISMISS
CASE NO. 4:15-cv-05189-JSW     i

TABLE OF AUTHORITIES

CASES

PAGE(S)

*Auto Equity Sales, Inc. v. Superior Court,*
57 Cal.2d 450 (1962)................... 8

*Baisden v. Bayer Corp.,*
275 F.Supp.2d 759 (S.D.W. Virginia 2003)......... 8, 9

*Berman v. Bromberg,*
56 Cal.App.4th 936 (1997)................ 9

*Coleman v. Standard Life Insurance Co.,*
288 F.Supp.2d 1116 (E.D. CA 2003)............ 8

*Derrick v. Ontario Community Hospital,*
47 Ca.App.3d 145 (1975).................. 6, 7

*Elam v. College Park Hospital,*
132 Cal.App.3d 332 (1982)................. 3, 4

*Hector v. Cedars-Sinai Medical Center,*
180 Cal.App.3d 493 (1986)................. 10

*Jackson v. East Bay Hosp.,*
980 F.Supp 1341 (N.D. Cal. 1997)............. 10

*Meyer v. McNutt Hospital*,
173 Cal. 156 (1916).................... 2

*Moore v. Regents of University of California,*
51 Cal.3d 120 (1990)................... 7, 8

*Rice v. California Lutheran Hospital,*
27 Cal.23 296 (1945).................... 2

*Silverhart v. Mount Zion Hospital,*
20 Cal.App.3d 1022 (1971)................. 10

*Stafford v. Shultz,*
42 Cal.2d 767 (1954).................... 5

*State of California v. Superior Court,*
150 Cal.App.3d 848 (1984)................. 5

*Steiner v. Rowley,*
35 Cal.2d 713 (1950).................... 9

*Thomas v. Seaside Memorial Hospital of Long Beach,*
80 Cal.App.2d 841 (1947)................. 2

//

REPLY IN SUPPORT OF DEFENDANT CPMC'S MOTION TO DISMISS
CASE NO. 4:15-cv-05189-JSW     ii

CASES (*CONTINUED*)

PAGE(S)

*Valentin v. La Societe Francaise,*
76 Cal.App.2d 1 (1946). . . . . . . . . . . . . . . . . . . 2

*Wohlgemuth v. Meyer,*
139 Cal.App.2d 326 (1956).. . . . . . . . . . . . . . . . . 8

## I. SUMMARY OF REPLY

Plaintiff's Opposition argues that CPMC had a duty to supervise and verify BARD's representations about its product, and an infinite duty to update Plaintiff about BARD's products. However, California law does not support Plaintiff's theories. Imposition of such onerous duties on a hospital would unjustifiably expand California law regarding a hospital's duty of care toward the patients under its care.

Plaintiff has failed to show that CPMC had a legal duty to him, and has failed to plead facts sufficient to satisfy causation, his Amended Complaint against CPMC is fatally deficient. Accordingly, this Court should grant CPMC's Motion to Dismiss.

## II. LEGAL ARGUMENT IN REPLY

**A. PLAINTIFF HAS FAILED TO PLEAD FACTS TO SHOW THAT CPMC BREACHED ANY DUTY OF CARE OWED TO PLAINTIFF**

### 1. Plaintiff's Citations in Support of His Argument Regarding a Hospital's Duty of Care Are Inapposite

CPMC does not dispute that a hospital generally owes a duty of care to patients while under its care. The issue presented here, however, is whether a hospital's duty of care to patients continues indefinitely, long after implantation of a device manufactured by an unrelated party. California law does not impose any such a duty.

None of the cases cited by Plaintiff support his claim that CPMC had an affirmative duty to seek information regarding the BARD product, and a continuous duty to relay this

information to the Plaintiff, many years after the surgery. Instead, Plaintiff relies on case law which with liability arising from events which occurred *during* the subject hospitalization, due to the conduct of hospital employees.

In *Meyer v. McNutt Hospital*, 173 Cal. 156 (1916), the issue was whether a hospital breached its duty of care to an unconscious patient who was burned while *in the hospital*. In *Valentin v. La Societe Francaise*, 76 Cal.App.2d 1 (1946), the issue was whether the inaction of hospital employees toward a patient while *in the hospital* constituted a breach of the hospital's duty of care. In *Thomas v. Seaside Memorial Hospital of Long Beach*, 80 Cal.App.2d 841 (1947), the court imposed a "duty of the hospital to use reasonable care and diligence in safeguarding a patient committed to its charge," (*Id.* at 847), after a patient died while she was *in the hospital*. In *Rice v. California Lutheran Hospital*, 27 Cal.23 296 (1945), at issue was the scope of a hospital's duty of care toward mentally impaired patients who were injured while *in the hospital*.

The *Rice* Court defined the scope of a hospital's duty of care:

> The measure of duty of a hospital is to exercise that degree of care, skill, and diligence used by hospitals generally in that community, and required by the express or implied contract of the undertaking. [Citation.]

(*Id.* at 299.)

Plaintiff's Amended Complaint fails to allege facts to show that CPMC did not exercise the degree of care, skill, and diligence used by hospitals generally in its community.

REPLY IN SUPPORT OF DEFENDANT CPMC'S MOTION TO DISMISS
CASE NO. 4:15-cv-05189-JSW    2

Plaintiff does not allege that other hospitals in the community banned the BARD device, or that any other hospital communicated warnings to patients who had received such implant.

Hence, Plaintiff's Amended Complaint fails to allege a breach of CPMC's duty of care. Plaintiff's Opposition to this motion only cites to cases which establish a hospital's duty of care to patients while in the hospital, which is unrelated to Plaintiff's claims.

### 2. **Plaintiff's Reliance on *Elam* to Establish CPMC's Duty of Care Is Misplaced**

In *Elam v. College Park Hospital*, 132 Cal.App.3d 332 (1982), the issue was whether a hospital could be held liable under the doctrine of corporate negligence for the negligence of a podiatrist in performing a surgery on a patient at the hospital. The *Elam* Court opined, "a hospital is accountable for negligently screening the competency of its medical staff to insure the adequacy of medical care rendered to patients at its facility." *Id.* at 346.

*Elam* does not apply here. *Elam* only holds that a hospital has a duty to screen its medical staff for competency. It does not hold that a hospital has a duty to screen product manufacturers for competency. The reasoning behind *Elam's* holding is that a hospital, "is in the best position to evaluate the competence of physicians it, in its discretion, allows to perform surgery and to practice within its premises...." *Id.* at 345. This rationale does not apply to manufacturers with whom the hospital has no such relationship, does not control, and whom are regulated by independent

agencies. To accept Plaintiff's proposition and hold that a hospital has a duty to individually screen each and every manufacturer of medical products that are used by physicians on its premises would improperly distort and expand the reasoning behind the *Elam* Court's holding.

Furthermore, the *Elam* facts concerned the qualifications of the surgeon who performed surgery. Here, the issue is neither the qualifications of Plaintiff's doctors nor the quality of the surgery they performed. The issue is communication between Plaintiff and his physicians before and after the surgery. *Elam* does not hold that a hospital has a duty to supervise communications between a patient and his physician -- before and after the patient's stay in the hospital -- to determine the substance of these communications.

Plaintiff's expansive theory of a hospital's duty of care is contrary to California law. Therefore, CPMC's Motion to Dismiss should be granted.

### 3. **Plaintiff Cannot Sustain His Burden to Prove Proximate Causation of His Damages Against CPMC**

Plaintiff contends that CPMC should have advised him not to have the BFR inserted, or later on CPMC should have advised him to have the BFR removed, and that CPMC's failure to so advise him is the causation of his damages. However, Plaintiff does not contend that he would in fact have opted not to have the BARD BFR inserted, or that he would have later opted to have it removed. The Amended Complaint therefore fails to allege proximate causation against CPMC.

In *State of California v. Superior Court*, 150 Cal.App.3d

1  848 (1984), the Court of Appeal reasoned that the Real Estate
2  Commissioner's failure to investigate the plaintiffs'
3  complaints about real estate licensees could not be the
4  proximate cause of a licensee's allegedly unlawful
5  appropriation of plaintiffs' funds, because there was no
6  reasonable assurance that sanctions would have been imposed
7  upon licensees that would have prevented plaintiffs' subsequent
8  losses, even if the commissioner had used due care to
9  investigate the complaint.  Therefore, plaintiffs could not
10 recover on their claim against the State based on the
11 Commissioner's failure to investigate the licensees.

12     Analogously here, even assuming CPMC had a duty to
13 communicate to Plaintiff information about BARD's products,
14 there is no reasonable assurance that such communication would
15 have prevented Plaintiff's damages.  Therefore, Plaintiff
16 cannot show that CPMC's alleged conduct proximately caused his
17 damages, and his Amended Complaint thus fails to state a valid
18 cause of action against CPMC.

19 **B.   PLAINTIFF HAS FAILED TO STATE A CLAIM FOR NEGLIGENT**
20 **     MISREPRESENTATION**

21     Plaintiff cites a single case, *Stafford v. Shultz*, 42
22 Cal.2d 767 (1954), in support of his position that CPMC is
23 liable for negligent misrepresentation.  Yet, as Plaintiff
24 explains in his own Opposition, *Stafford* explicitly refers to
25 "fraud" -- i.e., intentional misrepresentation.  Plaintiff
26 fails to address the distinction between negligent and
27 intentional misrepresentation, which is the key point in CPMC's
28 Motion to Dismiss.  (*See* CPMC's Motion to Dismiss Docket No.

REPLY IN SUPPORT OF DEFENDANT CPMC'S MOTION TO DISMISS
CASE NO. 4:15-cv-05189-JSW     5

870, at 11:1 - 12:3).

Plaintiff's Opposition also fails to address CPMC's argument and supporting *stare decisis* that a hospital does not have a duty to verify allegedly false information disseminated by manufacturers to the health care industry. The FAC does not allege sufficient facts establishing that CPMC owed him a duty to communicate **any** information regarding the BARD product, or that CPMC ever made **any** representation to Plaintiff regarding such product. Plaintiff's cause of action for negligent misrepresentation is supported entirely by nonexistent duties and conclusory allegations. Therefore, since Plaintiff has failed to plead sufficient facts to satisfy the elements of negligent misrepresentation, this Court should grant CPMC's Motion to Dismiss.

**C.** **PLAINTIFF HAS FAILED TO ALLEGE A CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY**

Contrary to Plaintiff's claim, the decision in *Derrick v. Ontario Community Hospital*, 47 Ca.App.3d 145 (1975), applies here since the Court's decision that the hospital owed plaintiff no duty except under the Health and Safety Code was premised in part upon a hospital's lack of duty of disclosure to its patient, when such disclosure would interfere with the relationship between physician and patient. Plaintiff misinterprets *Derrick* to hold that the hospital owed no "fiduciary" duty under statute to report the possibility of disease to the general public. First, the court held the opposite, and found that such statutory duty could be imposed upon the hospital, but that it did not have a corresponding

common law duty.  Second, *Derrick* did not address the "fiduciary" duty issue.

Similarly untenable is Plaintiff's attempt to distinguish *Moore v. Regents of University of California*, 51 Cal.3d 120 (1990).  Contrary to Plaintiff's claim that "*Moore* did not deal with the issue of a hospital's fiduciary duty to reveal material information to a patient" (Opposition at 9:1-2), *Moore* did exactly that.  In *Moore*, the California Supreme Court rejected the claim that a medical center had a fiduciary relationship with a patient.  The *Moore* plaintiff underwent a procedure at the medical center, at which time his physician removed organs and took fluid samples.  Plaintiff sued the physician and the medical center on many theories, including breach of fiduciary duty.  He claimed the defendants used his cells in research without his permission, and that, "his physician failed to disclose preexisting research and economic interests in the cells . . . ."  *Id.* at 125.

The Supreme Court held that the plaintiff had stated a claim for breach of fiduciary duty against his physician, but **not** as to the remaining defendants including the medical center, holding:

> The[y] ... are not physicians.  In contrast to [the physician], none of these defendants stood in a fiduciary relationship with Moore or had the duty to obtain Moore's informed consent to medical procedures.  If any of these defendants is to be liable for breach of fiduciary duty or performing medical procedures without informed consent, it can only be on account of [the physician's] acts and on the basis of a recognized theory of secondary liability, such as respondeat superior.

*Id*. at 133.  *Moore* therefore controls, and establishes that a

REPLY IN SUPPORT OF DEFENDANT CPMC'S MOTION TO DISMISS
CASE NO. 4:15-cv-05189-JSW         7

hospital does not owe a fiduciary duty of care to patients.

Finally, Plaintiff's reliance on *dicta* in *Wohlgemuth v. Meyer*, 139 Cal.App.2d 326 (1956), a sixty-year-old appellate court decision, to contradict a more recent Supreme Court decision is a violation of the *stare decisis* doctrine. *Stare decisis* mandates that, "all tribunals exercising inferior jurisdiction are required to follow decisions of courts exercising superior jurisdiction [....] Courts exercising inferior jurisdiction must accept the law declared by courts of superior jurisdiction. It is not their function to attempt to overrule decisions of a higher court. [Citation.]" *Auto Equity Sales, Inc. v. Superior Court,* 57 Cal.2d 450, 455 (1962).

There is no legal basis for Plaintiff's attempt to impose a fiduciary duty on CPMC. Plaintiff's Amended Complaint therefore fails to state any valid claim against CPMC.

## D. THE AMENDED COMPLAINT'S INCONSISTENT FACTUAL ALLEGATIONS ARE GROUNDS FOR DISMISSAL

Plaintiff cannot justify his improper attempt to plead alternate theories by relying on *Coleman v. Standard Life Insurance Co.*, 288 F.Supp.2d 1116 (E.D. CA 2003), which addressed the question of whether ERISA preempted state claims, and is inapplicable here. In *Coleman*, the issue was whether the defendant was an ERISA fiduciary. The complaint consistently alleged that defendant wrongfully denied plaintiff certain benefits. It did not set forth a set of facts which "undercut, defeated, and made impossible" the defendant's liability. *Baisden v. Bayer Corp.*, 275 F.Supp.2d 759, 763 (S.D.W. Virginia (2003). Thus, Plaintiff relies on an

inapposite ERISA case, and ignores *Baisden*.

Under California law, "[a] complaint may plead inconsistent causes of action if there are no contradictory or antagonistic facts." *Berman v. Bromberg*, 56 Cal.App.4th 936, 944-945 (1997). As held in *Steiner v. Rowley*, 35 Cal.2d 713, 718-719 (1950), "unless the alternate pleadings contain antagonistic statements, the statement of facts sufficient to constitute a cause of action in one count is not a bar to the maintenance of a separately stated count in the same pleading based upon inconsistent allegation."

Plaintiff must allege facts that are not inherently inconsistent. Plaintiff's contradictory allegations that, "CPMC knew the BRF was defective ... or, in the alternative, BARD concealed dangers known to BARD from CPMC" [Amended Complaint, at 3:19-21], is itself sufficient grounds for dismissal of CPMC.

### E. PLAINTIFF'S PUNITIVE DAMAGES CLAIM IS IMPROPER

Plaintiff cannot escape his fatal failure to satisfy the minimum pleading requirements for punitive damages as required by California Civil Code section 3294.

Plaintiff cites to *Jackson v. East Bay Hosp.*, 980 F.Supp 1341 (N.D. Cal. 1997) in his Opposition, but the Court in *Jackson* struck down the punitive damages claims because the facts plead in that case did not rise to the level to show the oppression, fraud, and malice as required by section 3294.

Just like the plaintiff in *Jackson*, Plaintiff's conclusory claim that CPMC acted maliciously does not meet the specific pleading requirements to support a punitive damages claim.

**F.  PLAINTIFF'S PRODUCT LIABILITY ACTION IS INVALID AS TO CPMC**

That the gravamen of Plaintiff's action is products liability has direct bearing on whether Plaintiff may state a valid cause of action against CPMC.  He cannot.  Plaintiff claims injuries from a defective medical implant.  CPMC's only connection here that the surgery occurred on its premises.  California law does not subject hospitals to product liability.

Plaintiff tries to distinguish "strict liability" from "product liability," a distinction without a difference. *Silverhart v. Mount Zion Hospital*, 20 Cal.App.3d 1022 (1971), and *Hector v. Cedars-Sinai Medical Center*, 180 Cal.App.3d 493, 505 (1986), make no such distinction, and CPMC is not aware of any.  Plaintiff's claim that CPMC "was part of the stream of commerce which placed the BRF in Mr. Ruden" is simply wrong. Plaintiff has a claim for strict product liability against the manufacturer.  Plaintiff does not have a claim for product liability against CPMC.  Plaintiff's Amended Complaint is simply untenable as to CPMC.

Finally, Plaintiff concedes that the Ninth Cause of Action for Negligent Recall/Retrofit is improper as to CPMC. (See Opposition, Docket No. 995 at p. 1, fn. 1.)  At the very minimum, CPMC requests that the Court dismiss plaintiff's Ninth Cause of Action with prejudice as to CPMC.

//
//
//
//
//

REPLY IN SUPPORT OF DEFENDANT CPMC'S MOTION TO DISMISS
CASE NO. 4:15-cv-05189-JSW        10

### III. <u>CONCLUSION</u>

Plaintiff's Amended Complaint fails to state any viable cause of action against the hospital, CPMC.  CPMC cannot be liable to Plaintiff RUDEN for breach of a fiduciary duty which California law establishes that it did not owe to him.  There is no factual or legal support for Plaintiff's negligent misrepresentation claim against CPMC.

Accordingly, CPMC respectfully requests that this Court dismiss CPMC from this action with prejudice.

DATED:  March 11, 2016.

                                DAVIDOVITZ + BENNETT


                                By:_____/s/_____
                                    HILARY E. YOUNGBLOOD
                                Attorneys for Defendant,
                                SUTTER WEST BAY HOSPITALS,
                                doing business as CALIFORNIA
                                PACIFIC MEDICAL CENTER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date below, I electronically filed the foregoing REPLY IN SUPPORT OF DEFENDANT CALIFORNIA PACIFIC MEDICAL CENTER'S MOTION AND MOTION TO DISMISS UNDER FED.R.CIV.P. 12(b)(6) AND 12(e); OR IN THE ALTERNATIVE FOR MOTION TO REMAND UNDER 28 U.S.C. § 1447(c) AND FED.R.CIV.P. 12(b)(1) with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to all counsel of record in this action.

Dated this 11th day of March, 2016.

DAVIDOVITZ + BENNETT

By: _____/s/_____
HILARY E. YOUNGBLOOD
Attorneys for Defendant,
SUTTER WEST BAY HOSPITALS,
doing business as CALIFORNIA
PACIFIC MEDICAL CENTER