John A. Dalimonte (Admitted Pro Hac Vice)
MA Bar No: 554554
KARON & DALIMONTE LLP
85 Devonshire Street, Suite 1000
Boston, MA 02109
Tel:  (617) 367-3311
Fax:  (617) 742-9130
johndalimonte@kdlaw.net

Attorney for Plaintiffs
Bianca Fraser-Johnson and
Michael Johnson

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| IN RE: BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION | Case No: 2:15-md-02641-DGC<br>MDL No. 2641 |
| This Document relates to:<br><br>BIANCA FRASER-JOHSON and<br>MICHAEL JOHNSON<br>Plaintiffs<br><br>v.<br><br>C.R. BARD, INC. and<br>BARD PERIPHERAL VASCULAR, INC.,<br>CHRISTIANA CARE HEALTH<br>SERVICES, INC., CHRISTIANA CARE<br>HEALTH SYSTEM,INC.,<br>THOMAS BAUER, M.D. and<br>CYNTHIA HELDT, M.D.<br>Defendants | Case No: 2:16-cv-00336-DGC |

**PLAINTIFFS' MOTION TO REMAND AND MEMORANDUM IN SUPPORT THEREOF, AND REQUEST FOR ORAL ARGUMENT**

Now come plaintiffs Bianca Fraser-Johnson and Michael Johnson and hereby move that

this Court remand this action to the Superior Court of the State of Delaware in and for New

1

Castle County where this action was originally filed on September 23, 2015. As grounds therefore, plaintiffs state that diversity jurisdiction does not exist and that this matter was wrongfully removed from state court.  Plaintiffs submit that the injuries suffered by Bianca Fraser-Johnson were the result of her doctors failing to remove a Bard Recovery IVC filter that fractured and perforated her vena cava after an initial surgery which subsequently further fractured and migrated to her heart needlessly requiring open heart surgery to remove. Although the doctors and medical facility were named to the underlying action in state court, defendants C.R. Bard, Inc. and Bard Peripheral Vascular (hereinafter "Bard") removed this action to the United States District Court in Delaware claiming fraudulent joinder and diversity jurisdiction. In further support thereof, plaintiffs incorporate by reference their Motion to Remand, Objection to Removal, and Opposition to defendants Motion to Sever Claims and Opposition to Motion to Stay (docket entry Nos. 10 and 16, respectively) that was filed before the JPML and state as follows:

## FACTS

On July 5, 2005, plaintiff Bianca Fraser-Johnson underwent a surgical implant of a Bard Recovery inferior vena cava (hereinafter "IVC") filter. Approximately eight years later, Ms. Fraser-Johnson started to experience pain in her chest for which she sought medical treatment. At the time, her doctors found a piece of wire that was located in her pericardium that was causing her pain. On July 10, 2013, Ms. Fraser Johnson had the wire fragment surgically removed from her chest. However, the doctors failed to check her chart or even attempt to determine the origin or source of the wire. On June 4, 2015, Ms. Fraser-Johnson again experience severe sharp pain in her chest and went to the hospital where she learned that the filter had perforated her vena cava, fractured and a strut had embolized to her heart. She was

immediately admitted to the hospital where she was required to undergo open heart surgery and filter removal. Apparently, the wire removed approximately two years earlier was a strut that fractured from the Bard defendants' defective IVC filter for which her physicians failed to diagnose.

## PROCEDURAL HISTORY

On September 23, 2015, plaintiffs filed suit asserting claims for the defective filter against the Bard defendants and medical malpractice against Christiana Care Health Services, Inc., Christiana Care Health System, Inc., Thomas Bauer, M.D. and Cynthia Heldt, M.D who are all Delaware citizens. The factual allegations of the complaint clearly established that the product and medical negligence claims are interrelated and interconnected making severance inappropriate.[1] (2:15-cv-00336-DCG docket entry No. 1, Exhibit B, Part 1, Complaint attached hereto and marked as Exhibit "A"). Nonetheless, on October 23, 2015, the Bard defendants filed a Notice of Removal (2:15-cv-00336-DCG docket entry No. 1) claiming that this Court may exercise federal diversity jurisdiction over this case, even though the other four defendants are Delaware citizens. In doing so, the Bard defendants argued that the healthcare defendants were "fraudulently misjoined" to this case and therefore are excluded from analysis required to establish diversity jurisdiction.

On October 28, 2015, the United States Judicial Panel on Multi District Litigation (hereinafter "JPML") issued Conditional Transfer Order No. 11 "conditionally transferring" this case to U.S. District Court for the District of Arizona. On October 29, 2015, the Bard defendants filed a motion to sever the non-diverse defendants and to remand the claims against them back to

---

[1] Plaintiffs submit that if it is Defendants position that the claims are not interrelated or interconnected to support that the claims should be severed, Defendants should be judicially estopped from asserting any third-party defense or empty chair defense that the doctors contributed to Bianca Fraser-Johnson's injuries.

3

the Delaware Superior Court (2:15-cv-00336-DCG docket entry No. 5). Plaintiffs timely filed their Notice of Opposition to Conditional Transfer Order No. 11 to MDL 2641 on November 4, 2015 (2:15-cv-00336-DCG docket entry No. 10).

On November 16, 2015, plaintiffs moved the JPML to remand, objection to removal and opposition to defendant's motion to sever and stay, and requested a hearing (2:15-cv-00336-DCG docket entry No. 16). However, without hearing, on February 4, 2016, the JPML issued a transfer order sending this case to this Court (2:15-cv-00336-DCG docket entry No. 23). Notwithstanding, the JPML held that the issue to remand may be raised before this Court recognizing that, "The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiff can present these arguments to the transferee judge. See, e.g., In re: Prudential Ins. Co. of Am: Sales Practices Litig., 170 F.Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)." Accordingly, plaintiffs request that this Court remand this matter to the appropriate jurisdiction.

## ARGUMENT

### A. The Non-Diverse Healthcare Defendants Were Not Fraudulently Misjoined

To establish that a particular joinder is fraudulent, the removing party bears the "heavy burden of persuasion" that jurisdiction exists. *In re Briscoe,* 448 F.3d 201, 217 (3rd Cir. 2006); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3rd Cir. 1990), *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010, 1012 (3d Cir. 1987). The Third Circuit, governing where this removal originated, has stated that joinder is fraudulent only "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or

no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *In re Briscoe,* 448 F.3d at 217; *Boyer*, 913 F.2d at 111.[2]

The Third Circuit has not ruled on whether to adopt the doctrine of fraudulent misjoinder. *See*, *e.g.*, *In re Zoloft (Sertraline Hydrochloride) Products Liability Litigation*, 2014 WL 2526613 (E.D. Pa. June 3, 2014); *In re Avandia Mktg, Sales Pracs., & Prods. Liab. Litig*., 2014 WL 2011597 (E.D. Pa. May 15, 2014). Of the courts in this circuit who have analyzed fraudulent misjoinder, it was in the context of the misjoinder of numerous plaintiffs' claims in pharmaceutical mass tort cases. *See In re Avandia, infra; In re Fosamax (Alendronate Sodium) Products Liab. Litig.* (No. II), 2012 WL 1118780 (D.N.J. Apr. 3, 2012) *aff'd* 751 F.3d 150 (3d Cir. 2014).

As a general matter and without regard to the nature of the case, it appears that an overwhelming number of district courts in the Third Circuit have declined to apply the fraudulent misjoinder doctrine. *In re Plavix Prod. Liab. & Mktg. Litig*., 2014 WL 4954654 (D.N.J. Oct. 1, 2014), *citing Kaufman v. Allstate Ins. Co*., 2010 WL 2674130, at *8 (D.N.J. June 30, 2010) ("The Court, without guidance from the Third Circuit, and noting other district courts' reluctance to embrace the *Tapscott* doctrine finds that this issue would be better decided in state court, the court in which the parties were originally joined."); *Belmont Condo. Ass'n, Inc. v. Arrowpoint Capital Corp*., 2011 WL 6721775, at *7 (D.N.J. Dec. 20, 2011) ("This Court declines to include procedural misjoinder as an alternative ground for fraudulent joinder."); *In re Paulsboro*

---

[2] Federal courts do not like having their courts clogged up when "defendants have felt free to persist in removing these cases, each time raising arguments that have been consistently rejected by the district courts. Such tactics waste the time and resources of both plaintiffs and the courts in this circuit." *Kanter v. Warner-Lambert Co.,* 52 F.Supp.2d 1126, 1132 (N.D. California, 1999)

*Derailment Cases*, 2014 WL 197818, at *3–7 (D.N.J. Jan. 13, 2014) (declining to apply fraudulent misjoinder because it is unclear whether it is a viable theory in the district, it has never been applied outside of the pharmaceutical context, defendants failed to point to any egregious conduct on the part of plaintiffs, and because the plain requirements of Rule 20 for permissive joinder were satisfied); *Prudential Ins. Co. of Am. v. Barclays Bank PLC*, 2013 WL 221995, at *10 n. 13 (D.N.J. Jan.22, 2013) ("The Third Circuit has never approved extending the doctrine to attack the joinder of Plaintiffs, and some courts refuse to do so.") *report and recommendation adopted*, 2013 WL 1890279 (D.N.J. May 6, 2013); *Reuter v. Medtronics, Inc.*, 2010 WL 4628439, at *5–6 (D.N.J. Nov. 5, 2010) ("Even assuming fraudulent misjoinder in its most expansive form was accepted in this Circuit (which it clearly is not), it would not apply here.") report and recommendation adopted, 2010 WL 4902662 (D.N.J. Nov.23, 2010).

The Eastern District of Pennsylvania in *In re Avandia* has addressed the concept of "fraudulent misjoinder" in the context of multiple plaintiffs:

> Likewise, in accordance with rulings of MDL courts in this Circuit and others, when evaluating removal the Court will sever any "procedurally misjoined" plaintiff where the misjoinder in question is "so egregious as to constitute fraudulent misjoinder." Like the fraudulent joinder of a defendant with no real connection to an action, the egregious misjoinder of a plaintiff in order to prevent removal based on diversity jurisdiction has no proper justification and should not be permitted. The Court agrees with several courts which have ruled that the egregiousness evaluation is analogous to that which a court uses to assess the purported fraudulent joinder of a defendant. The inquiry thus looks to whether, based on the pleadings, there is an outright absence of reasonable basis in fact or colorable ground supporting the joinder. The legal point of reference for the evaluation is the applicable state's joinder law.

*Id.*, at *412.

This Court must determine whether there is any "reasonable basis in fact or colorable

ground supporting the joinder" of the non-diverse defendants.  The answer to that inquiry is resoundingly, yes.  The medical negligence claims against the non-diverse defendants are genuine claims properly supported by affidavits of merit of medical experts in accordance with Delaware law.  18 *Del. C.*§ 6853(a)(1).  (Exhibit "A", Complaint, ¶96) The fact that medical experts "in the same or similar field of medicine as … the defendants" have reviewed the care provided to the injured plaintiff and concluded that "there are reasonable grounds to believe that the applicable standard of care was breached by the named … defendants and that the breach was a proximate cause of injury or injuries claimed in the complaint" is proof positive that the medical negligence claims are legitimately pleaded claims.  18 *Del. C.*§ 6853(c).  The claims against all defendants are inter-related at the very core.  But for the product liability of the Bard defendants, whose IVC filter fractured and migrated, and the medical negligence of the non-diverse defendants, who failed to discover and remove the defective IVC filter in a timely manner, the injuries that resulted after July 10, 2013 would not have occurred.  The acts and omissions of all defendants commonly resulted from the IVC's "broken parts [having] migrated to other areas of Bianca's [Fraser-Johnson's] body, including her heart, necessitating surgeries to remove the filter and broken parts on June 4 and 9, 2015 (Exhibit "A", Complaint, ¶24). There is no fraudulent misjoinder of claims here.  The claims filed against the Bard defendants and the non-diverse defendants in the state court proceeding are properly joined claims, making removal to federal district court improper.

    The Bard defendants' arguments to the Court concerning the issue of fraudulent misjoinder are devoid of any reference to the propriety of that joinder under either state or federal procedural rules. The Delaware permissive joinder rule, Delaware Superior Court Civil Rule 20, provides: "[all] persons may be joined in one action as defendants if

there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all defendants will arise in the action.  A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded." The nearly identical federal rule, Rule 20 of the Federal Rules of Civil Procedure, states that joinder is proper where: "any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Under both rules, joinder of <u>all</u> of Plaintiffs' claims against <u>all</u> of the defendants is appropriate.

The Bard defendants do not challenge the propriety of the joinder under Rule 20, presumably because there is no basis for such a challenge.  Instead, they requested the Court to use its discretionary power under Federal Rule of Civil Procedure 21 to sever the already properly joined claims and defendants. This failure to address the proper joinder of the Plaintiffs' claims causes its reliance upon "fraudulent misjoinder" to miss the mark. Not only are the Bard defendants without proof that the plaintiffs' claims against the non-diverse defendants violated Delaware or Federal Rule 20 – and in fact assume for purposes of their brief in support of its original Motion to Sever that the joinder was indeed proper – but they also failed to address the "egregiousness" requirement necessary for application of the doctrine.  Without satisfying the "heavy burden" of proof on these issues, Bard cannot establish fraudulent joinder as a means to defeat diversity jurisdiction.

Moreover, any claim that there is remoteness in time and theory between the manufacture and the failure of the device of Plaintiff Fraser-Johnson's IVC Recovery (device) and therefore no common occurrence, makes no sense.  Plaintiffs have alleged that the Bard's product caused the injuries suffered after the filter was placed on July 5, 2005.  The allegations against the non-diverse healthcare defendants include claims that the Bard defendants failed to adequately warn plaintiff and her healthcare providers of the risks associated with the device, and that they failed to detect the product defects/product failures which led to further injury flowing from the conduct of the Bard defendants. The life-threatening injuries and resulting damages are due to the failure of the IVC Filter, and the non-diverse healthcare defendants' failure to detect the defects, are injuries arising from the same occurrence: the failure of the IVC Recovery Filter. Further, the alleged injuries are the same.

The facts of this case comport with other similar cases in which medical defendants were found to be properly joined with those made against a medical device manufacturer.  *See*, *e.g.*, *Hagensicker v. Boston Scientific Corp.*, 2012 WL 836804 (W.D. Missouri March 12, 2012) (finding that claims against the manufacture of a transvaginal mesh device and the implanting surgeon had been properly joined);  *see also Stone v. Zimmer, Inc.*, 2009 WL 1809990, at *3 (S.D. Fla. June 25, 2009) (noting that a surgeon that implants a device and the manufacturer of the device can be joint tortfeasors by causing a single injury and citing cases in support of this proposition); *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 6 (1990) (noting that a doctor that implanted a device alleged to be defective and the manufacturer of the device were joint tortfeasors).

**B. <u>Complete Diversity Does Not Exist And Therefore This Court Cannot Permissibly Exercise Jurisdiction</u>**

This Court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a), "only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Minker v. HSB Industrial Risk Ins.*, 2000 U.S. Dist. LEXIS 3121, *11-12 (D. Del. Mar. 14, 2000) *quoting Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381 (1998). Because Plaintiffs and the (properly joined) Non-Diverse Defendants all are Delaware citizens, complete diversity does not exist, removal was improper, and this case should be remanded to Delaware state court.

### C. Rule 21 Severance Should Not Be Used To Create Federal Jurisdiction Where It Does Not Otherwise Exist

The Supreme Court has cautioned that the Court's severance power under Rule 21 "should be exercised sparingly." *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 838 (1989) (authority to dismiss dispensable non-diverse parties "should be exercised sparingly"). It is particularly important to exercise this caution when considering the severance of a non-diverse defendant.

Bard cited no controlling District of Delaware or Third Circuit law to support their argument seeking severance of the non-diverse defendants. While this Court does not appear to have considered this precise issue under the instant circumstances, the Eastern District of Pennsylvania's ruling and reasoning in *Slater v. Hoffman-LaRoche*, 771 F. Supp. 2d 524, 529 (E. D. Pa. 2011) is on point and instructive. The *Slater* court declined to exercise its discretion under Federal Rule of Civil Procedure 21 to sever a non-diverse defendant in a case involving a multidistrict litigation, noting that the plaintiff's choice of forum should be preserved, finding that the prejudice to defendants would be outweighed by the prejudice to plaintiffs, and holding

that the removal itself had been improper and therefore the severance and remand only of the non-diverse defendants undermined 28 U.S.C. § 1441(b):

> Although severance and remand of the claims against WKH would benefit Roche because plaintiff's claims against Roche would remain in federal court and would be transferred to the MDL, and although the discovery relevant to the claims against WKH and Roche is not completely identical, the Court concludes that the potential prejudice to defendants if WKH is not severed is outweighed by the prejudice plaintiff will suffer if there is a severance. First, the Court is mindful of the deference to be afforded plaintiff's choice of forum. *See Delta Air Lines, Inc. v. Chimet, S.p.A.*, 619 F.3d 288, 294 (3d Cir.2010) ("[A] plaintiff's choice of forum should rarely be disturbed.") (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). Second, severance will prejudice plaintiff, who will be required to litigate in two different fora. Third, and most importantly, given the Court's determination that WKH, the Pennsylvania defendant, was not fraudulently joined, Roche's removal of the case was improper. Thus, severing and remanding only the claims against WKH would undermine 28 U.S.C. § 1441(b)'s prohibition on removal of cases involving forum defendants.

*Slater*, 771 F. Supp. at 530.

All of the circumstances that led the *Slater* court to rule against the removing defendants in that case are present here, and this Court should reach the same result.

Convenience to the Bard defendants to litigate the claims against them only in the MDL is not a proper basis for federal jurisdiction, and, if applied to all such defendants for all multidistrict litigation, would represent a significant expansion of federal jurisdiction. It cannot be the law that, once an MDL is formed, plaintiffs lose the option to file a state court lawsuit against an MDL defendant because that defendant is entitled to remove and then sever the local party so that the MDL defendant can choose a federal forum. The choice of forum should be

plaintiffs to elect in the first instance. And, federal jurisdiction is restricted by statute to certain limited circumstances not present in this case.

### D. Judicial Efficiency Requires That The Entire Case Should Be Tried Together, Before The Delaware State Court

As explained above, plaintiffs' claims against all defendants involve a common nucleus of operative facts, were properly joined, and should be tried together before the Delaware Superior Court, the only option among the several courts involved here which can appropriately hear all of plaintiffs' claims together. This is particularly true where the injury itself is inseverable. Defendants, on the other hand, would like to sever the claims or cause unfair delay in the litigation of the claims against the healthcare defendants as plaintiffs would have to wait until their case is eventually remanded to the jurisdiction where the Delaware court has jurisdictional reach over the healthcare defendants.

Subdividing this lawsuit into two separate cases, however, would be inefficient and would make this litigation more cumbersome. *See Baker v. Tri-Nations Express, Inc.*, 531 F. Supp. 2d 1307, 1318 (M.D. Ala. 2008) ("This court is similarly convinced that any Rule 21 discretion to dismiss parties and sever claims to 'create' jurisdiction does not . . .promote judicial economy where all of the claims arise out of one accident."). If this Court permits the severance of the non-diverse defendants, plaintiffs would be required to fight on two fronts – litigating some of the same issues in state and federal court actions with the potential for inconsistent results on overlapping issues. The prejudice to plaintiffs would be considerable. *See Slater*, 771 F. Supp. at 530. Likewise, the healthcare defendants are also entitled to discovery and a fair defense by having the Bard defendants present in the underlying action. By contrast, plaintiffs' choice of forum in Delaware (where the removing defendants' defective products harmed

plaintiff Fraser-Johnson) and in state court (which has subject matter jurisdiction over the entirety of plaintiffs' lawsuit) may not be Bards' preferred scenario, but cannot be considered a "prejudice."

Severance is also likely to lead to the risk of inconsistent judgments. Discovery against all defendants will be taken in the state court action whether or not the Bard defendants are a party. Furthermore, it is likely that, if severance is granted, both the Bard defendants and healthcare defendants will attempt to exploit the "empty chair" defense not available in a trial involving all defendants against which plaintiffs have claims and which were properly sued in each case. The significant potential prejudice arising from an empty chair defense has been recognized as a reason to deny severance in other pharmaceutical litigation. *In re Heparin Product Liability Litigation*, 2011 WL 197967, *2 (Jan. 18, 2011). And, fairness dictates that plaintiffs' recoverable damages against all responsible parties for the same injuries be litigated and resolved in a single proceeding by a single jury.

For all of these reasons, removal on the basis of "fraudulent misjoinder" with a request to remand the claims against the non-diverse defendants who are not subject to the jurisdiction of this MDL should not be countenanced. Rather, judicial efficiency would be best served by remanding this case in its entirety to the Delaware Superior Court.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that this Court remand this case in its entirety to the Delaware Superior Court in and for New Castle County, and award any other further relief, either at law or in equity, to which Plaintiffs may be entitled.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs hereby request oral argument on this Motion to Remand.

Date: March12, 2016                                         Respectfully submitted,

/s/ John A. Dalimonte_____
John A. Dalimonte, Esquire
KARON & DALIMONTE, LLP
Admitted Pro Hac Vice
Massachusetts BBO No. 554554
85 Devonshire Street, Suite 1000
Boston, MA 02109
(617) 367-3311
Email: johndalimonte@kdlaw.net

### Certificate of Meet and Confer

I, John A. Dalimonte, hereby certify that on March 11, 2016 at 1:05 p.m. a telephone conference was had between Richard North, lead counsel of record, and myself to discuss whether agreement could be reached to remand this matter to the state court in Delaware. However, no agreement could be reached.

/s/ John A. Dalimonte_____
John A. Dalimonte, Esquire

### Certificate of Service

I, John A. Dalimonte, hereby certify that a copy of the foregoing document has been served upon all parties of record electronically on this March 12, 2015.

/s/ John A. Dalimonte_____
John A. Dalimonte, Esquire