IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**[PROPOSED] CASE MANAGEMENT ORDER NO. \_\_\_**<br><br>**(Early Resolution of Issues Related to Statutes of Limitations)** |

Having considered Defendants' Notice of Submission Regarding Propriety, Necessity, and Procedure for Early Resolution of Applicability of Plaintiffs' Claim of Equitable Tolling Due to Fraudulent Concealment, the court hereby ORDERS that:

1. Subject to the conditions set forth in this Order, Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") will identify via email to Plaintiffs' Co-Lead/Liaison Counsel an exemplar case that Defendants believe to be time-barred pursuant to the applicable statute of limitations, but for Plaintiffs' argument that Bard's alleged fraudulent concealment tolls the statute of limitations.

2. Plaintiffs will have 14 days following Bard's identification of an exemplar case to serve an affidavit setting forth additional facts they believe establish that the case is not time-barred.

3. Within 21 days after receipt of any affidavit served pursuant to Paragraph 2, Bard will file a Motion for Summary Judgment and supporting Memorandum of Law limited to the issue of whether the case is time-barred. Bard's Memorandum of Law in Support of Motion for Summary Judgment shall not exceed 20 pages. If Plaintiffs do not

1  serve an affidavit pursuant to Paragraph 2, Bard's time period during which to serve its
2  Motion shall begin to run on the 14th day after Bard's identification of an exemplar case
3  pursuant to Paragraph 1.

4      4.    Plaintiffs shall have 21 days after the filing of Bard's Motion to file any
5  opposition, which shall not exceed 20 pages.

6      5.    Bard shall have 21 days after the filing of any opposition to its Motion to
7  file a reply in support thereof, which shall not exceed 10 pages.

8      6.    Should the Court grant Bard's Motion or otherwise find that fraudulent
9  concealment does not toll the statute of limitations under the facts set forth in the
10 exemplar case, Bard may file and serve upon Plaintiffs' Co-Lead/Liaison Counsel by
11 email a letter (limited to 3 pages) identifying any case which Bard believes should be
12 dismissed or otherwise treated consistent with the Court's Order on Bard's Motion.

13     7.    Upon receipt of a letter served pursuant to Paragraph 6, Plaintiffs shall have
14 30 days to respond by either: (a) filing a motion of voluntary dismissal, noting that each
15 side shall bear its own costs and fees; or (b) filing and serving by email a letter (limited to
16 3 pages) showing cause as to why the case should not be dismissed consistent with the
17 Court's Order on the exemplar case.  If Plaintiffs wish to serve an affidavit setting forth
18 additional facts  they believe establish the case is not time-barred, they shall so state in the
19 letter, attaching an affidavit setting forth additional facts that would distinguish the case
20 from the reasoning set forth in the Court's Order.

21     8.    Upon receipt of a letter served pursuant to Paragraph 7, Defendants shall
22 have 30 days during which to file and serve upon Plaintiffs' Co-Lead/Liaison Counsel by
23 email a response letter (limited to 3 pages).

24     9.    The Court will determine whether (a) dismissal is appropriate or
25 inappropriate, or (b) state that a decision can be made only after additional briefing and
26 setting forth a briefing schedule.

27
28

10. If a Plaintiff identified via letter served pursuant to Paragraph 6 does not take action within 30 days of being served with a letter, Bard may submit to the Court a proposed Order of Dismissal With Prejudice with respect to that Plaintiff.

DATED this _____ day of _____, 20__.

_____
David G. Campbell
United States District Judge