Robert W. Boatman (009619)
Paul L. Stoller (016773)
Shannon L. Clark (019708)
**GALLAGHER & KENNEDY, P.A.**
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
rwb@gknet.com
paul.stoller@gknet.com
SLC@gknet.com

Ramon Rossi Lopez (CA Bar No. 86361)
(admitted *pro hac vice*)
**LOPEZ McHUGH LLP**
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
rlopez@lopezmchugh.com
*Co-Lead/Liaison Counsel for Plaintiffs*

James R. Condo (#005867)
Amanda C. Sheridan (#027360)
**SNELL & WILMER L.L.P.**
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona    85004-2202
Telephone:    602.382.6000
Facsimile:    602.382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
201 17th Street, NW / Suite 1700
Atlanta, GA   30363
Telephone: (404) 322-6000
Telephone: (602) 382-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com
*Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE:   BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION, | No. 2:15-MD-02641-DGC<br><br>**STIPULATION AND FILING REGARDING PROPOSED PROCEDURE FOR PARTY FACT SHEETS** |

Pursuant to Case Management Order No. 8, Paragraph II [Doc. 519], and the parties' stipulation to submit proposed fact sheets for use in the bellwether process by no later than March 8, 2016, the parties submit this stipulation regarding a procedure for those fact sheets.

**I.     Proposed Fact Sheets**

The parties have exchanged proposed fact sheets, and have met and conferred and reached agreement as to the form and content of those fact sheets.

1. A copy of the Plaintiff Fact Sheet (PFS) agreed upon by the parties is attached as Exhibit "A"; and

2. A copy of the Defendants' Fact Sheet (DFS) agreed upon by the parties is attached as Exhibit "B".

**II.    Proposed Procedure Regarding Plaintiff Fact Sheets and Defendants Fact Sheets**

A.  The parties agree to the following procedures relating to PFS and DFS:

1. PFS and DFS will be completed for each case in **PFS/DFS Group 1**. A copy of the Fact Sheet to be utilized by the Plaintiffs will be attached as Exhibit "A" to the Case Management Order addressing this issue, and a copy of the Fact Sheet to be utilized by the Defendants will be attached as Exhibit "B".

2. A completed PFS and DFS shall be considered interrogatory answers under Fed. R. Civ. P. 33, responses to requests for production under Fed. R. Civ. P. 34, and will be governed by the standards applicable to written discovery under Fed. R. Civ. P. 26 and Fed. R. Civ. P. 37. The PFS and DFS questions and document requests shall be answered without objection. This section does not prohibit a party from withholding or redacting information based on a recognized privilege; however, if information is withheld or redacted, the party so withholding or redacting information shall provide opposing party with a privilege log.

3. The parties will provide a PFS or DFS that is substantially complete in all respects. "Substantially complete in all respects" requires that:

   (a) Every question in the PFS or DFS be answered, even if a party can only answer the question in good faith by indicating "not applicable" or "I don't know";

   (b) Plaintiffs shall provide the requested records authorizations accompanying the PFS;

   (c) The parties will produce the documents requested in the PFS and DFS, or provide a statement certifying that there are no responsive documents; and

   (d) Plaintiffs shall sign the PFS and provide an executed Affidavit attesting that the information contained therein is true and correct to the best of Plaintiff's knowledge, information and belief, formed after due diligence and reasonable inquiry. If a plaintiff is suing in a representative or derivative capacity, the PFS shall be completed by the person with the legal authority to represent the estate or the person under legal disability. Plaintiff spouses with a claim for loss of consortium shall also sign the PFS, attesting that the responses made to the loss of consortium questions in the PFS are true and correct to the best of his or her knowledge, information and belief, formed after due diligence and reasonable inquiry.

4. If a plaintiff fails to timely submit a PFS, or submits a PFS within the allotted time which Defendants deem not to be substantially complete, Defendants shall mail an overdue/deficiency letter by e-mail and U.S. mail to Plaintiffs' Co-Lead Counsel and the plaintiff's individual representative counsel, stating whether the PFS is overdue or deemed deficient, in which case the letter shall identify the purported deficiencies. The letter shall

include sufficient detail for the parties to meet and confer regarding the alleged deficiencies. The plaintiff receiving such deficiency letter shall have fifteen (15) days from receipt of that letter to meet and confer and to serve a PFS that is substantially complete in all respects. Should a plaintiff fail to cure the deficiencies identified and fail to provide responses that are substantially complete in all respects, the parties will submit the dispute to the Court in a manner to be prescribed by the Court, setting forth the efforts the parties made to meet and confer regarding the alleged deficiencies.

Similarly, if Defendants do not submit a DFS within the time specified in this Order, or submit a DFS within the allotted time which Plaintiffs deem not to be substantially complete, Plaintiffs shall mail an overdue/deficiency letter by e-mail and U.S. mail to Defendants' Lead Counsel, stating whether the DFS is overdue or deemed deficient, in which case the letter shall identify the purported deficiencies. The letter shall include sufficient detail for the parties to meet and confer regarding the alleged deficiencies. Defendants shall have fifteen (15) days from receipt of such a letter to meet and confer and to serve a DFS that is substantially complete in all respects. Should Defendants fail to cure the deficiencies identified and fail to provide responses that are substantially complete in all respects, the parties will submit the dispute to the Court in a manner to be prescribed by the Court, setting forth the efforts the parties made to meet and confer regarding the alleged deficiency.

**B.**  Timing of Provision of PFS/DFS

1.  Plaintiffs anticipate being able to provide all PFS for the **PFS/DFS Group 1** within thirty (30) days from the final determination of the makeup of **PFS/DFS Group 1.**

- 4 -

2. Defendants anticipate being able to provide all DFS for **PFS/DFS Group 1** within thirty (30) days thereafter.

3. The parties agree to provide completed PFS/DFS on a rolling basis as they are completed.

**C.** Records Discovery in **PFS/DFS Group 1**

1. Plaintiffs will execute and provide Defendants with the records authorizations, agreed upon by the parties, which accompany the PFS form. The parties have agreed to jointly retain a records vendor, which will obtain records. The parties have agreed upon the process, costs, and how those costs will be borne for the records obtained through the records vendor. The parties intend to submit to the Court a proposed Case Management Order relating to Joint Records Collection that will address these issues.

2. The parties have agreed that pursuant to the provisions for the records vendor process, upon receipt of each PFS, Defendants may commence immediately with obtaining records on each of the plaintiffs within **PFS/DFS Group 1.**

The Parties will submit an agreed form of proposed Case Management Order for Fact Sheets in advance of the Case Management Conference on March 31, 2016.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

- 5 -

DATED this 18th day of March 2016.

| | |
|---|---|
| GALLAGHER & KENNEDY, P.A. | SNELL & WILMER L.L.P. |
| By: *s/ Robert W. Boatman*<br>Robert W. Boatman (009619)<br>Paul L. Stoller (016773)<br>Shannon L. Clark (019708)<br>2575 East Camelback Road<br>Phoenix, Arizona 85016-9225<br><br>Ramon Rossi Lopez<br>(admitted *pro hac vice*)<br>CA Bar No. 86361<br>LOPEZ McHUGH LLP<br>100 Bayview Circle, Suite 5600<br>Newport Beach, California 92660<br><br>*Co-Lead/Liaison Counsel for Plaintiffs* | By: *s/ Matthew B. Lerner [with permission]*<br>James R. Condo<br>Amanda C. Sheridan<br>One Arizona Center<br>400 E. Van Buren, Suite 1900<br>Phoenix, Arizona 85004-2202<br><br>Richard B. North, Jr. (admitted *pro hac vice*)<br>Georgia Bar No. 545599<br>Matthew B. Lerner (admitted *pro hac vice*)<br>Georgia Bar No. 446986<br>NELSON MULLINS RILEY & SCARBOROUGH LLP<br>201 17th Street, NW / Suite 1700<br>Atlanta, GA 30363<br><br>*Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2016, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

*s/ Nancy Jo Koenes*