**EXHIBIT B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

IN RE: BARD IVC FILTERS
PRODUCT LIABILITY LITIGATION

MDL No. 2641

This Document Relates:

Case No:_____

**DEFENDANT FACT SHEET**

For each case, the Bard Defendants must complete this Defendant Fact Sheet ("DFS") in accordance with the schedule established by the Court's Pretrial Order.

The DFS shall be completed in accordance with the requirements and guidelines set forth in the applicable Case Management Order. A completed Fact Sheet shall be considered interrogatory answers pursuant to Fed. R. Civ. P. 33 and 34 and will be governed by the standards applicable to written discovery under Fed. R. Civ. P. 26 through 37. Therefore, you must supplement your responses if you learn that they are incomplete or incorrect in any material respect. The questions and requests for production of documents contained in this Fact Sheet are non-objectionable and shall be answered without objection, except that Defendants may assert, where appropriate, objections based on privilege or work product grounds; in which case they will produce a privilege log. This Fact Sheet shall not preclude Plaintiffs from seeking additional documents and information on a reasonable, case-by-case basis, pursuant to the Federal Rules of Civil Procedure and as permitted by the applicable Case Management Order.

This DFS must be completed and served on all counsel representing a plaintiff in the action identified in Section I below, as well as Co-Lead Counsel for PLC, Ramon Rossi Lopez and Robert W. Boatman. Complete fact sheets must be answered and served in accordance with the Case Management Plan to be entered by this Court.

Each document request and interrogatory not only calls for knowledge but also for all knowledge that is available to you by reasonable inquiry, including inquiry of your officers, directors, employees, contractors and agents.

To the extent that the form does not provide enough space to complete your responses or answers, please attach additional sheets as necessary. Please identify any documents that you are producing responsive to a question with Bates-Stamp identifiers.

In filling out this form, "document" and "documents" mean and refer to a writing and/or recording as defined by Federal Rule 34, including, without limitation, the following terms in their broadest sense, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: agreements, "communications", State and Federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, radiographs, photographs, motion picture films, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

In filling out this form, the word "communication and/or "correspondence" shall mean and refer to any oral, written, spoken, or electronic transmission of information, including, but not limited to, meetings, discussions, conversations, telephone calls, memoranda, letters, emails, text messages, postings, instructions, conferences, seminars, or any other exchange of information between Defendants and any other person or entity.

In filling out this form, "healthcare provider" shall mean any doctor, physician, or surgeon who treated the plaintiff for deep vein thrombosis, pulmonary embolism, or associated conditions, or who prescribed or implanted a Bard IVC Filter, who removed or attempted to remove a Bard IVC Filter. In filling out this form, the terms "You", "Your", or "Yours" refer to the person who sold, marketed, researched, designed, manufactured, consulted, or represented a Bard Inferior Vena Cava Filter manufactured and/or distributed on behalf of C.R. Bard Inc. "Bard Defendants" and who is identified in Question I below.

In filling out this form, "key opinion leader" or "thought leader" shall mean and refer to physicians, who are believed by Defendants to be effective at transmitting messages to their peers and others in the medical community. This term shall mean and refer to any doctors or medical professionals hired by, consulted with, or retained by Defendants to, amongst other things, consult, give lectures, respond to media inquiries, conduct clinical trials, write articles or abstracts, sign their names as authors to articles or abstracts written by others, and occasionally make presentations on their behalf at regulatory meetings or hearings, association meetings, hospital department meetings, or other professional meetings including local, regional and national meetings, and any other meeting organized and planned by or on behalf of Defendants.

I. **CASE INFORMATION**

This DFS pertains to the case captioned above:

Case Number and Court in which action was originally filed, if other than direct file into MDL No. 2641: _____

Date this DFS was completed: _____

    A. Please provide the following information on the person or persons who provided the information responsive to the questions posed in this DFS:

        1. Name;
        2. Current position (if no longer employed, last position with Defendant(s));
        3. City of employment (if no longer employed, city of residence).

II. **CONTACTS WITH TREATING AND EVALUATING PHYSICIANS**

Plaintiff has identified each healthcare provider who treated and/or evaluated Plaintiff for deep vein thrombosis, pulmonary embolism, and/or associated conditions that led to the use of Defendants' Bard Inferior Vena Cava Filter, and who prescribed or implanted a Bard IVC Filter, who removed or attempted to remove a Bard IVC Filter. As to each such healthcare provider, provide the following information:

    A. CONSULTATION AND OTHER NON-SALES REPRESENTATIVE CONTACTS

    As to each identified healthcare provider with whom the Defendants were affiliated, consulted or otherwise had contact outside the context of sales representative contacts, set forth the following:

        1. Identify all contacts between the healthcare provider and Bard's Medical Services and Support.

        2. Identify all past and present consulting arrangements with the healthcare provider.

        3. Identify any document previously produced that references the healthcare provider.

        4. Identify and produce all Form 1099's reflecting payments or reimbursements of any nature to the healthcare provider.

5. Identify any Dear Doctor letter or similar communication regarding Bard's IVC filters that concern any safety-related issue and that could have been sent to the healthcare provider (or the hospital or facility where the filter was implanted), and identify any record reflecting actual delivery of the communication to the provider or the facility.

6. Identify (to the extent known) any Bard-sponsored clinical study in which the healthcare provider participated.

7. Identify any training provided to or by the healthcare provider including, but not limited to, date, location, healthcare provider's role, cost for attending such training, and subject matter.

8. Set forth any and all contractual relationships between the healthcare provider(s) and any named Defendant, including, but not limited to:

    a. whether the provider participated in any study or clinical trials as a principal investigator or supervising physician at any study site which was sponsored by Defendant(s) on Defendants' behalf;

    b. whether the provider has spoken on behalf of Defendant(s) or any of its products;

    c. whether the provider has served in any capacity on any advisory board, etc.;

    d. whether the provider has ever served as a Key Opinion Leader or Thought Leader for, or on behalf of, any of the named defendants;

    e. whether the provider has functioned in any capacity promoting Defendants' products;

    f. whether the provider has ever been employed by or under contract to Defendant(s).

9. For each facility where a Bard IVC filter was implanted in the plaintiff, set forth the number and type of Bard Inferior Vena Cava Filter(s) purchased from you, or otherwise provided by you, for a four-year period (spanning from 2 years before the implant until 2 years afterward). If there are no records of filter sales to that facility during the time period in question, identify any distributors known to the Defendants that may have supplied filters to the facility, or the names of all purchasers of filters from the lot number in question

10. Set forth any contact between the Defendants and the healthcare provider with regard to the Plaintiff, this includes, but is not limited to, any information or knowledge Defendants have with respect to research studies conducted on or that include information related to Plaintiffs implant or associated lot number.

B. SALES REPRESENTATIVE AND OTHER RELATED CONTACTS

As to the sales representative assigned to the territory where the implanting facility is located, during the time period when the implant occurred, set forth the following:

1. Identity and last known address and telephone number of the Representative(s).

2. The work history with you and current relationship, if any, between the specified Defendant(s) and the Representative(s).

3. Identity of the Representative(s)' supervisor(s) during his/her Employment.

4. For each Sales Representative, Sales Manager, Marketing Organization Representative, medical liaison, and/or Representative, please produce the most current Curriculum Vitae or Resume. If the Company is not in possession of a Curriculum Vitae or Resume, produce the portion of that person's personnel file that reflects their educational background and experience over the past 10 years.

5. Defendants or their Representatives, Sales Representatives, Representative(s) or Managers have ever provided any of Plaintiffs healthcare provider(s) with Bard Inferior Vena Cava Filter(s) samples, please provide the identity of the person or entity who received the samples, the date(s) the samples were shipped, the date on which the samples were provided, the number and lot numbers of such samples, and the name of the person who provided the samples.

11. Set forth all information provided by the healthcare provider to the Representatives, Sales Representatives, Representative(s) or Managers with regard to the Plaintiff.

12. Set forth all information provided by the Representatives, Sales Representatives, Representative(s) or Managers with regard to the Plaintiffs.

13. State whether the sales representative, Sales Manager, Marketing

                Organization Representative, medical liaison, and/or Representative while employed by you, or acting as an agent or independent contractor on your behalf, was ever reprimanded and/or otherwise penalized by any person, entity, or government agency for his/her sales or marketing practices during the period of employment with you, and if so set forth the details thereof.

## III. INFORMATION REGARDING THE PLAINTIFF: COMMUNICATIONS AND RELATIONSHIPS WITH PLAINTIFF'S HEALTHCARE PROVIDERS

    A.    Identify all data, information, objects, and reports in Defendants' possession or control or which have been reviewed or analyzed by Defendants, with regard to the Plaintiffs medical condition; this also includes, but is not limited to, any study or research that includes Plaintiffs specific implant or associated lot number. Attorney-work product is specifically excluded from this request.

    B.    Identify any direct or indirect contact, either written or oral, between the Plaintiff and any employee or representative of the Defendants, including, but not limited to, pre-operative inquiries, post-operative complaints, "Dear Healthcare Provider" letters, "Dear Doctor" letters, "Dear Colleague" letters or other similar type of document or letter concerning Bard Inferior Vena Cava Filters, recall letters, telephone or email contacts or meetings. This request specifically includes, but is not limited to, calls to the Bard hotline and calls to the Field Assurance Department.

    C.    Identify and produce any Physician's Information Request Letters ("PIR") or other similar information request that has ever been initiated between the Plaintiff and any employee or representative of the Defendants relating to Bard Inferior Vena Cava Filters, and identify the date of the request and the recipient, the name and address of the sender or requestor, the corresponding bates number of the request, and whether or not a response to the PIR or other similar information request was sent or provided.

    D.    Produce communications between the Defendants, the sales representative company and/or sales representative(s), Sales Manager, Marketing Organization Representative, medical liaison, and/or Representative identified in section B above and Plaintiff, to the extent not contained in the complaint file, if any, and identify the Bates numbers of such communications.

    E.    Identify all Adverse Event Reports, Medical Devise Reports, and all versions of any MedWatch forms and/or any other documents submitted to the FDA or any other government agency with regard to the Plaintiff.

    F.    If you have any evidence or records indicating or demonstrating the possibility that any person, entity, condition, or product, other than the Defendants and their product(s), is a cause of the Plaintiffs injuries, ("Alternate Cause") set forth:

        1.    Identify the Alternate Cause with specificity.

        2.    Set forth the date and mechanism of alternate causation,

    G.    In Plaintiffs Fact Sheet, Plaintiff identified his/her Implanting Healthcare Provider(s). For each listed provider, please state and produce the following: Do you have or have you had access to any database or information which purports to track any of Plaintiffs Implanting Healthcare Provider's implanting practices with respect to Bard Inferior Vena Cava Filter(s). If yes, please produce or identify the database or document which captures that information.

## IV.   MANUFACTURING INFORMATION

    A.    Identify the lot number(s) for the device(s) implanted into the Plaintiff.

    B.    Identify the location and date of manufacture for each lot set forth in response to A and B above.

    C.    Identify the date of shipping and sale, and the person or entity purchasing, each of Plaintiffs device(s).

    E.    Identify all manufacturing facilities and associated lot number(s) of Plaintiffs implanted device(s).

    F.    Other than Bard related entities, and those entities listed in Sections IV(A-F) herein, the chain of custody of the device from Bard to the healthcare provider.

## V.   PLAINTIFF'S MEDICAL CONDITION:

    A.    Have you been contacted by Plaintiff, any of his/her physicians, or anyone on behalf of Plaintiff concerning Plaintiff? If yes, please provide, to extent permitted by CMO 7 the following:: a) the name of the person(s) who contacted you; b) the person(s) who were contacted including their name, address and telephone number; and c) produce or identify any and all documents which reflect any communication between any person and you concerning Plaintiff.

## VI. DOCUMENTS

Please ensure that the production of documentation includes specific reference to the question to which the documentation is provided in response. Documentation is defined to include all forms of documents, including, but not limited to, paper, email, video, audio, spreadsheets, or otherwise.

    A.    Identify and attach complete documentation of all information set forth in I through IV above; except, you may identify but not serve copies of medical records that were provided to Defendants by Plaintiffs' counsel.

    B.    Aside from any privileged materials, identify and attach all records, documents, and information that refer or relate to the Plaintiff in Defendants' possession or control, to the extent not identified and attached in response to a prior question.

    C.    Produce a true and complete copy of the Device History Record for the Plaintiffs lot number(s).

    D.    Produce a true and complete copy of the complaint file relating to the Plaintiff.

_____
[Bard Defendant Name]

_____
[Title]