IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC<br><br>**CASE MANAGEMENT ORDER NO. 10** |

The Court held a third case management conference with the parties on March 31, 2016. The conference was scheduled to address ongoing matters and a number of issues identified in Case Management Order No. 8 ("CMO 8") (Doc. 519).

**I.    Second Phase Discovery.**

   A.    Fact Discovery.

Fact discovery is under way. The parties reported that they have scheduled seven depositions and are in the process of scheduling more. The parties also continue to discuss a number of discovery issues that will be addressed later in this Order. The parties are encouraged to continue exchanging relevant information on discovery topics on which they agree, even if other issues need to be presented to the Court.

The Court asked the parties whether special deposition scheduling is needed, such as blocking out specific weeks for depositions and double-tracking or triple-tracking depositions. Counsel stated they do not believe such deposition scheduling is needed at this time. The parties should provide an update on this issue in the status report to be filed before the next case management conference.

B. <u>Mature Cases</u>.

Case Management Order No. 4 (as amended) identifies 13 mature cases that are not governed by the Master Complaint and Master Responsive Pleading and that are not generally subject to ongoing discovery. After further discussion, the parties have agreed that the *Conn*, *Milton*, and *Mintz* cases identified in Case Management Order No. 4 (Doc. 1108) should no longer be treated as mature cases. Rather, they will be treated as all other cases in this MDL. The remaining 10 cases identified in CMO 4 will continue to be treated as mature cases under that CMO. The parties should address these cases in the joint status report they file before the next case management conference, and particularly when these cases will be ready for remand.

**II.     Bellwether Selection Process.**

Consistent with the direction in CMO 8, the parties have addressed an appropriate bellwether selection process. They have submitted a stipulation related to the process (Doc. 923), and a stipulation regarding fact sheets to be exchanged during the process (Doc. 1153).

The Court discussed the proposed procedures and fact sheets with the parties, making some suggestions for modifications. The parties will make modifications to their stipulations and, by **April 15, 2016**, provide the Court with a stipulated case management order to govern the bellwether selection process and fact sheets.

As part of this work, the parties will provide the Court with a stipulated order regarding the collection of records. This stipulated order will be provided by **April 15, 2016**.

While discussing the bellwether process, the Court discussed the issue of *Lexecon* waivers. The parties will confer to see if they can agree on a procedure for dealing with *Lexecon* waivers. Plaintiffs' counsel are of the view that such issues should be addressed up front so as not to interfere with the selection of cases after much work has been invested in the bellwether pool. Defense counsel does not disagree, but expressed concern about choosing the Bellwether pool solely from cases in which Plaintiffs have

agreed to waive *Lexecon*. The Court described for the parties the approaches taken in a number of other MDL cases. The parties will confer to see if they can reach agreement. The Court will also do inquire further into cross-designations for trials in transferor districts under 28 U.S.C. § 292(b) and (d).

### III. ESI and Previously Searched Custodians.

The parties have filed a joint motion to extend the deadline in CMO 8 for presenting a matrix to the Court outlining ESI disagreements. Doc. 1151. The motion notes that the parties have been working on this issue diligently, and requests a new deadline for submitting disagreements to the Court by **May 16, 2016**. The Court will grant the joint motion, but advised the parties that it will not be inclined to grant additional extensions. ESI issues need to be resolved soon. ESI production and review tends to take a significant amount of time, and if ESI issues are not resolved soon, there may be too little time remaining in the discovery schedule for a thorough production and review of ESI. The parties will also continue to address the issue of new custodians (CMO 8, § IV) and submit any disagreements to the Court, in a matrix, by **May 16, 2016**.

### IV. FDA Inspection and Warning Letter.

The Court has reviewed the memoranda and other materials provided by the parties with respect to discovery related to the FDA warning letter. *See* Docs. 693, 697, 850, 989, 1152. The Court provided initial feedback on the issues raised. The Court views discovery related to under-reporting or non-reporting of problems with retrievable filters to be clearly relevant to this case. Actual failure rates will be relevant to Plaintiffs' negligence and product defect claims. Evidence regarding representations made by Defendants concerning failure rates will be relevant to Plaintiffs' claims for fraud and misrepresentation. The Court does not view discovery on these issues to be disproportionate in light of the factors set forth in Rule 26(b)(1).

At the same time, the Court sees little relevancy in the Recovery Cone issues. The Recovery Cone has always been available for retrieval of Defendants' filters, the FDA has now approved use of the Recovery Cone, and no claim in this case is based on

1  alleged defects in the Recovery Cone.  Defendants have offered to produce Ms. Edwards
2  for a deposition on the Recovery Cone issue, and the Court agrees, but the Court believes
3  that other discovery is not warranted.

4      In addition to this guidance, the Court noted that the three or four employees who
5  report to Chad Modra should be deposed.  They appear to have relevant information.

6      With this feedback in hand, the parties are to discuss the specific discovery
7  requests of Plaintiffs with respect to the under-reporting issue.  If they are unable to reach
8  agreement on appropriate discovery, the parties should provide the Court with a matrix
9  setting forth their specific areas of disagreement by **April 15, 2016**.

10 **V.    Discovery Regarding Simon Nitenol Filter ("SNF").**

11     The Court has reviewed the matrix provided by the parties on this issue.
12 Doc. 1161.  The Court provided guidance during the case management conference.

13     The Court does not believe that discovery related to the design or testing of the
14 SNF is relevant to this case.  Plaintiffs do not contend that the SNF is defective.  To the
15 contrary, they intend to argue that the SNF was a safe and effective product, that
16 retrievable filters were less safe, and that Defendants made misrepresentations to the
17 FDA and the public when they asserted that the retrievable filters were substantially
18 equivalent to the SNF or as safe as the SNF.  In light of these positions, the actual design
19 and testing of the SNF will not be at issue in this case.

20     The Court also concludes, however, that sales and marketing materials related to
21 the SNF, documents comparing filter performance and failure rates to the SNF, and
22 internal communications on these subjects are relevant.  At the same time, it would be
23 unduly burdensome to require Defendants to produce every document related to sales and
24 marketing of SNF over its 20-plus year life, or every communication related to that
25 subject.  The Court instructed the parties to confer and attempt to reach agreement on
26 appropriate discovery with respect to these subjects.  If the parties are unable to agree,
27 they should include this subject in the matrix to be submitted to the Court on
28 **April 15, 2016**.   Plaintiffs should be precise in the discovery they seek so that the matrix

will be as focused as possible.

The parties have reached agreement on regulatory communications relating to the SNF. Defendants will be providing discovery on this issue.

## VI.     Depositions of Previously Deposed Witnesses.

The parties are in the process of negotiating a deposition protocol for the case. This protocol presumably will include agreement on depositions of previously deposed witnesses and witnesses related to the Kay Fuller issue. The parties will provide a stipulated deposition protocol to the Court by **April 15, 2016**.

## VII.    Privilege Log Issues.

The Court appreciates the parties' efforts to resolve privilege log issues. The Court has reviewed the status reports provided by the parties (s*ee* Docs. 705, 984), as well as Plaintiffs' motion to compel (Doc. 1214).

The parties have been unable to reach agreement on 133 documents identified during their first sampling effort. Plaintiffs have filed a motion to compel with respect to these documents (Doc. 1214) that identifies several specific legal issues and attaches a spreadsheet identifying the documents and setting forth a summary of Plaintiffs' position with respect to each document. Rather than simply completing the briefing on this issue, the Court directed the parties to take the following steps.

By the close of business on **April 4, 2016**, Plaintiffs shall identify for Defendants the specific legal issues addressed in Plaintiffs' motion to compel.[1] In addition, with respect to each of these issues, Plaintiffs shall identify three documents from among the 133 documents still in dispute.

By **April 11, 2016**, Defendants shall file a memorandum with the Court addressing the specific legal categories identified by Plaintiff. Defendants shall set forth their legal arguments on each of these issues. On the same day, Defendants shall provide Plaintiffs with the identification of two additional documents for each of the legal

---

[1] The Court sees discrete issues in the following sections of Plaintiffs' motion: IV.B.1, IV.B.2, IV.B.3.a, IV.B.3.b, IV.B.3.c, IV.B.3.d, IV.B.3.e, and IV.C, but Plaintiffs are free to narrow the list.

- 5 -

categories, chosen from the 133 documents in dispute, as well as a draft matrix setting forth Defendants' arguments (in summary form – the memoranda need not be repeated) with respect to the five documents chosen by the parties for each legal category.

By **April 22, 2016**, Plaintiffs shall file a reply memorandum which addresses the specific legal issues identified for Defendants on April 4, 2016. Plaintiffs shall attach to the memorandum the matrix which sets forth, in summary form, the parties' respective arguments with respect to the five documents chosen for each of the legal issues addressed in the briefing. Plaintiffs' counsel shall provide defense counsel with a draft of the matrix two days before this filing so that defense counsel can make any needed adjustments to their section of the matrix. On **April 22, 2016**, Defendants shall provide the Court with *in camera* copies of the documents listed in the matrix.

The Court will enter an order on the legal issues and the five documents chosen for each issue. The intent will be to provide guidance to the parties concerning the Court's view of privilege and work product issues, hopefully to help the parties in resolving additional disagreements.

The Court and parties also discussed part B of the parties' joint report. Doc. 705. The Court directed the parties to engage in the process described in part B, but only with respect to Plaintiffs' seven proposed categories. The Court sees no purpose in addressing Bard's proposed categories. The Court agrees that the parties should provide a joint report to the Court by **May 27, 2016**, describing their progress and the number of documents that remain in dispute. If the number is large, the Court most likely will appoint a special master to work with the parties in resolving the privilege log issues.

**VIII. Equitable Tolling.**

Defendants have filed a brief on this issue. Doc. 1146. The parties will brief this issue under the time limits set forth in the relevant rules. The Court will rule on it in due course.

**IX.    Next Case Management Conference.**

The next Case Management Conference will be held on **June 22, 2016 at**

**10:00 a.m.** The parties shall provide the Court with a joint status report on issues mentioned in this order and any issues they wish to address at the conference by **June 15, 2016**. If issues arise in the meantime that require prompt decision, the parties should place a conference call to the Court.

Dated this 1st day of April, 2016.

David G. Campbell
United States District Judge