1  James R. Condo (#005867)
   Amanda Sheridan (#005867)
2  SNELL & WILMER L.L.P.
   One Arizona Center
3  400 E. Van Buren
   Phoenix, AZ 85004-2204
4  Telephone: (602) 382-6000
   JCondo@swlaw.com
5  ASheridan@swlaw.com

6  Richard B. North, Jr. (admitted *pro hac vice*)
   Georgia Bar No. 545599
7  Matthew B. Lerner (admitted *pro hac vice*)
   Georgia Bar No. 446986
8  NELSON MULLINS RILEY & SCARBOROUGH, LLP
   Atlantic Station
9  201 17th Street, NW, Suite 1700
   Atlanta, GA  30363
10 Telephone: (404) 322-6000
   Richard.North@nelsonmullins.com
11 Matthew.Lerner@nelsonmullins.com

12 *Attorneys for Defendants*
   *C. R. Bard, Inc. and*
13 *Bard Peripheral Vascular, Inc.*

14

15                 IN THE UNITED STATES DISTRICT COURT

16                     FOR THE DISTRICT OF ARIZONA

17
   IN RE: Bard IVC Filters Products Liability      MDL NO. 15-02641-PHX-DGC
18 Litigation

19 This Document Relates to:

20 RONALD A. WOLFE,

21            Plaintiff,                           Case No. CV-16-00786-PHX-DGC

22 v.
                                                  **DEFENDANTS C. R. BARD, INC.'S**
23 C. R. BARD, INC., BARD PERIPHERAL             **AND BARD PERIPHERAL**
   VASCULAR, INC., LAWRENCE L.                    **VASCULAR, INC.'S OPPOSITION TO**
24 SCHMETTERER, M.D,                              **PLAINTIFF'S MOTION TO REMAND**

25            Defendants.

26

27          Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, the "Bard

28 Defendants" or "Bard") hereby file their response in opposition to Plaintiff's Motion to

Remand (Dkt. No. 7).  For the following reasons, and reasons set forth in Bard's Notice of Removal (Dkt. No. 1) and Motion to Sever and Remand Claims Against Defendant Lawrence L. Schmetterer, M.D., or in the Alternative, to Stay All Proceedings Pending a Ruling on Transfer by the Judicial Panel on Multidistrict Litigation to MDL 2641 (Dkt. No. 4-5), this action was properly removed to federal court because Dr. Schmetterer (the "Health Care Defendant") is fraudulently misjoined and/or the claim against the Health Care Defendant should be severed and remanded pursuant to Federal Rules of Civil Procedure 19 and 21 because he is not a necessary or indispensible party.  Particularly given the pendency of MDL 2641, all parties will benefit from the severance of the claims against the Health Care Defendant, which will allow the product liability claims against Bard to remain in the MDL.

# I.  INTRODUCTION

The Bard Defendants properly removed this case on March 9, 2016, because Plaintiff's medical negligence claim against the Health Care Defendant does not arise from the same transaction or occurrence as his product liability claims against the Bard Defendants.  The claim against the Health Care Defendant should be severed and remanded for one or both of the following reasons: (1) the Health Care Defendant is fraudulently misjoined; and/or (2) pursuant to Federal Rule of Civil Procedure 21, the Health Care Defendant is not a necessary and indispensable party under Rule 19.

Here, Plaintiff claims that two different Bard inferior vena cava ("IVC") filters, implanted three years apart, were defective.  The Health Care Defendant implanted the Bard Eclipse filter on or about March 30, 2012.  (Complaint, Dkt. No. 5-2, ¶ 8.)  A different Bard filter (the Bard Meridian) was implanted three years later, on March 24, 2015.  (*Id.*)  Plaintiff's medical negligence claim against the Health Care Defendant, which involves the question whether the Health Care Defendant violated the standard of care for a physician, is unrelated to the product liability claims against Bard, which involve alleged deficiencies in the design, manufacturing, and labeling of both filters years *before* their implantation.  Accordingly, Plaintiff's product liability claims against Bard and medical negligence claim

1   against the Health Care Defendant do not arise from the same transaction or occurrence and
2   do not involve common questions of law and fact. As a result, the claim against the Health
3   Care Defendant should be severed and remanded while the claims against Bard remain in this
4   MDL.

5       This is one of three cases currently pending in MDL 2641 which involve jurisdictional
6   issues arising from fraudulent misjoinder and/or Bard's motion to sever diversity-destroying
7   health care defendants who are not necessary and indispensable parties under Rule 19. *See*
8   *Ruden v. C. R. Bard, Inc., et al.,* Case No. CV-16-00344-PHX-DGC, and *Fraser-Johnson v.*
9   *C. R. Bard, Inc., et al*., Case No. CV-16-00336-PHX-DGC.   In this case, like the others
10  currently in the MDL, severance of Plaintiff's claim against the Health Care Defendant would
11  promote the efficiency and judicial economy for which the MDL was created.

12              **II.  FACTUAL AND PROCEDURAL BACKGROUND**

13      Plaintiff filed this action in the Court of Common Pleas in Mahoning County, Ohio, on
14  February 1, 2016.  Plaintiff's Complaint largely consists of a detailed recounting of the
15  history of various Bard filters, beginning with the Simon Nitinol Filter in 1992 (Dkt. No. 5-2,
16  ¶¶ 15-115).  Plaintiff then alleges nine claims against Bard for strict liability (manufacturing
17  defects, inadequate warnings, and design defects), failure to recall/retrofit and/or failure to
18  provide  post  market  warnings  or  instructions,  misrepresentation,  fraudulent
19  misrepresentation, fraudulent concealment, consumer fraud and unfair deceptive trade
20  practices, and punitive damages (*Id*., ¶¶ 121-211).  Plaintiff devotes over 200 Paragraphs of
21  his Complaint to allegations related to his product liability claims against the Bard
22  Defendants, including allegations regarding events spanning two decades.  (*See id.*, ¶¶ 1-7, 9-
23  11, 15-115, and 118-211). In contrast, Plaintiff alleges a single claim, set forth in only eight
24  Paragraphs in his Complaint, against the Health Care Defendant for medical negligence (*Id*.,
25  ¶¶ 212-219).  On March 9, 2016, the Bard Defendants timely removed this case to the United
26  States District Court for the Eastern District of Ohio based on diversity jurisdiction under 18
27  U.S.C. § 1332 (Dkt. No. 1)  On March 11, 2016, Bard filed its Motion to Sever and Remand

28

1   Plaintiff's claims against the Health Care Defendant or, in the Alternative, to Stay all

2   Proceedings Pending a Ruling on Transfer by the Judicial Panel on Multidistrict Litigation to

3   MDL 2641 (Dkt. No. 4-5).  On March 18, 2016, Plaintiff filed his Motion to Remand (Dkt.

4   No. 7).  On March 21, 2016 the JPML issued a transfer order sending the case to this Court

5   (Dkt. No. 9)**.**

6   ### III.  ARGUMENT AND CITATION OF AUTHORITY

7   **A.    Plaintiff's Claims Against the Health Care Defendant Should Be Severed and**

8   **Remanded Pursuant to Fed. R. Civ. P. 19 and 21 Because the Health Care**

9   **Defendant Is Not a Necessary and Indispensible Party.**

10   Whether or not this Court determines that Plaintiff's claim against the Health Care

11   Defendant is fraudulently misjoined to the product liability claims against Bard,[1] this Court

12   should sever and remand the claim against the Health Care Defendant pursuant to Federal

13   Rule of Civil Procedure 21 because he is not a necessary and indispensable party under Rule

14   19.  Simply stated, Plaintiff's nine claims against Bard arise out of the design, manufacture,

15   and warnings associated with the Eclipse and Meridian filters, and necessarily relate to events

16   which occurred well before Plaintiff received the filters.  Plaintiff's sole claim against the

17   Health Care Defendant concerns whether the Health Care Defendant met the applicable

18   standard of care for a physician when he implanted the two filters.  Accordingly, the Health

19   Care Defendant is not necessary to a determination of the claims against Bard.

20   A party is necessary under Rule 19(a) only if "1) relief cannot be accorded without the

21   third party; 2) an adjudication of the parties' rights would impair or impede an absent party's

22

23

---

24   [1]   In his Motion to Remand (Dkt. No. 7), Plaintiff argues in error that Bard's "only argument
is that [the Health Care Defendant's] citizenship should be disregarded for jurisdictional

25   purposes based on the 'fraudulent misjoinder' doctrine."  *Id.* at 5.  As discussed below,
Bard does contend that the Healthcare Defendant has been fraudulently misjoined in an

26   improper attempt to destroy diversity jurisdiction.  Plaintiff's fraudulent misjoinder of the
Health Care Defendant presents a second, independent ground for this Court to deny

27   Plaintiff's Motion to Remand.  As discussed in the cases cited at pages 5-8 of this Brief,
however, this Court need not reach the fraudulent misjoinder issue to deny Plaintiff's

28   Motion.

1    ability to protect its interests in the subject matter of the litigation; and 3) there would

2    otherwise be a substantial risk of multiple or inconsistent obligations."  *Official Comm. of*

3    *Unsecured Creditors v. Shapiro*, 190 F.R.D. 352, at 356 n.7 (E.D. Pa. 2000) (citations

4    omitted).  Further, the factors to determine whether a party is indispensible under Rule 19(b)

5    are (1) the extent to which a judgment rendered in the party's absence might be prejudicial to

6    any of the parties; (2) the extent to which the prejudice can be lessened or avoided; and (3)

7    whether a judgment rendered in the party's absence will be adequate.  Fed. R. Civ. P. 19(b);

8    *Enza, Inc. v. We The People, Inc.*, 838 F. Supp. 975, 978 (E.D. Pa. 1993).

9    Rule 21 provides, "On motion or on its own, the court may at any time, on just terms,

10   add or drop a party."  Numerous courts have used Rule 21, in conjunction with Rule 19

11   regarding required joinder of parties, to sever and remand medical malpractice actions against

12   nondiverse health care defendants when they are joined to product liability claims against

13   pharmaceutical or medical device manufacturers (like Bard), particularly where an MDL has

14   been formed.  For example, in *Joseph v. Baxter International, Inc*., 614 F. Supp. 2d 868, 870

15   (N.D. Ohio 2009), the plaintiffs filed a complaint in state court, alleging wrongful death after

16   the decedent's exposure to the prescription drug Heparin.   The plaintiffs asserted product

17   liability claims against Baxter International, Inc. and medical malpractice claims against the

18   decedent's non-diverse treating physicians and related healthcare entities.  *Id*.  A Heparin

19   MDL had been established, and the court concluded that the treating physicians were not

20   necessary parties under Rule 19(a) because the "medical malpractice allegations differ from

21   [plaintiffs'] products liability claim, which focuses on Baxter's conduct in designing,

22   manufacturing, labeling and recalling tainted Heparin."  *Id*. at 872.  The court then concluded

23   that severance under Rule 21 was appropriate because "the plaintiffs will benefit from the

24   MDL process: they will not bear the burden of having to engage on their own, and at their

25   sole expense, in discovery vis-à-vis Baxter," and "the inconvenience and potential prejudice

26   to Baxter if I remand substantially outweigh the inconvenience and possible prejudice to the

27   plaintiffs from remaining before me."  *Id*. at 873; *see id* at 874 (discussing numerous JPML

28

1  decisions under similar facts, finding that medical malpractice claims do not share sufficient

2  questions of fact in common with product liability claims, and severing and remanding the

3  medical malpractice claims before transfer of the product liability claims to the MDL).[2]

4         Likewise in *Sullivan v. Calvert Mem. Hosp*., 117 F. Supp. 3d 702 (D. Md. 2015), the

5  plaintiff asserted products liability claims against the manufacturer of a transvaginal sling and

6  medical malpractice claims against the healthcare providers who had inserted the device.  The

7  plaintiff and healthcare providers were both citizens of Maryland, while the manufacturer

8  defendants were not.  The manufacturer defendants removed the case to federal court and

9  moved to sever and remand the healthcare defendants' claims on the grounds that (1) the

10  healthcare defendants were not necessary parties to the claims against the manufacturer

11  defendants; or (2) the claims against the healthcare defendants had been fraudulently

12  misjoined.  The court held that the healthcare defendants were not necessary to plaintiff's

13  claims against the manufacturer defendants, reasoning as follows:

14  
15        While Counts III and IV against the Maryland Healthcare
Defendants may involve the same physical object that is the
source of the products liability claims against the Ethicon
Defendants, the medical negligence claims against the Maryland
16  Healthcare Defendants involve legal standards and factual

17  

18  _____

[2]    The court noted that Baxter had also argued that the healthcare defendants were
19  fraudulently misjoined but determined that it was unnecessary to reach the fraudulent
misjoinder issue:
20  
21      Because Rule 21 applies to properly joined parties, however, my conclusion
regarding the dispensability of the Healthcare Defendants is determinative.  *See
22  Newman Green, Inc., supra*, 490 U.S. at 832, 109 S.Ct. 2218; *Safeco Ins. Co.,
supra*, 36 F.3d at 545; *Williams, supra*, Docket No. 03-8030; Moore's Federal
23  Practice § 21.05 at 21-25 ("Despite its title, 'Misjoinder and Nonjoinder of Parties,'
the courts agree that the Rule may apply even in the absence of misjoinder or
24  nonjoinder.  For example, the Supreme Court has recognized the use of Rule 21 to
dismiss a properly joined party for the purpose of maintaining diversity of
citizenship.")
25  
26      As such, I have no need to opine on the doctrine's viability or decide whether
the Healthcare Defendants were fraudulently misjoined to determine whether
diversity jurisdiction exists.
27  
  614 F. Supp. 2d. at 874.
28

1    inquiries distinctly different from the products liability claims
     against the Ethicon Defendants.

2    Additionally, resolution of the Sullivan's claims against the
3    Maryland Healthcare Defendants, would not necessarily resolve
     her claims against the Ethicon Defendants.  In just such a
4    circumstance, district courts have held that a healthcare provider
     is not a necessary party to the plaintiff's claims against the
5    manufacturer of the medical device used by the healthcare
     provider, when the resolution of the plaintiff's claim against the
6    healthcare provider would not necessarily resolve the plaintiff's
     claims against the product manufacturer.

7    *Id*. at 706 (citations omitted).[3]

8         In *Mayfield v. London Women's Care, PLLC*, 2015 WL 3440492 (E.D. Ky. May 28,

9    2015), the plaintiff sued the manufacturers of pelvic mesh implants under products liability

10   theories and the physician who implanted the devices for medical malpractice.  Again, a

11   manufacturer defendant removed the case to federal court and moved to sever the healthcare

12   defendants either (1) because they were dispensable parties, or (2) because they were

13   fraudulently misjoined.  The court noted, "It is well-settled that Rule 21 can be used to sever

14   a dispensable, nondiverse party in order to preserve federal jurisdiction."  *Id*. at *3.  The court

15   determined that the healthcare defendants were not necessary parties and explained:

16        The medical malpractice claim against Healthcare Defendants is
17        highly distinct from the various claims brought against Ethicon
          for products liability.  Not only is it comprised of unique legal
18        elements, it is based on completely different factual allegations.
          Just as no one from Ethicon was involved with Mayfield's
19        surgery, Dr. Mechas had nothing to do with the design
          manufacture or sale of a single pelvic mesh implant.  Thus, if
20        Healthcare Defendants are severed from this case, they would be
          equally capable of protecting their interests in state court, and
21        their absence will not expose Ethicon to double or inconsistent
          obligations in federal court.  Assuming Plaintiffs are willing to
22        litigate in both forums, their ability to obtain complete relief will
          also be unchanged.  Based on these reasons, the Court finds that
23        Healthcare Defendants are not necessary parties.

24

25   [3]   Again, the court noted the fraudulent misjoinder issue but stated, "Since the Court has
26   concluded that it has discretion to sever the claims against the Maryland Healthcare
     Defendants because they are not necessary parties to the claims against the Ethicon
27   Defendants, it need not decide the issue of whether the Maryland Healthcare Defendants
     have been fraudulently misjoined to the claims against the Ethicon Defendants."  117 F.
     Supp. 3d at 708 n.4.

28

1  *Id.* at \*4.  *See also Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (finding that doctor who

2  performed implant surgery was not a necessary party to a products liability action against the

3  medical device's manufacturer); *Todd by Todd v. Merrell Dow Pharms., Inc.*, 942 F.2d 1173,

4  1176-78 (7th Cir. 1991) (finding that medical malpractice defendant was not indispensable in

5  a products liability case against a drug manufacturer).[4]

6        The same factors that led to severance of the healthcare defendants in *Joseph*, *Sullivan*,

7  and *Mayfield* are equally compelling here.  Here, as in those cases, resolution of Plaintiff's

8  claim against the Health Care Defendant will not necessarily resolve his claims against the

9  Bard Defendants. This is because Plaintiff's medical malpractice claim against the Health

10  Care Defendant is based on completely different factual allegations and involves different

11  legal standards than his product liability claims against the Bard Defendants. As the *Mayfield*

12  court stated, "[j]ust as no one from [the Bard Defendants] was involved with [Wolfe's]

13  surgery, [the Health Care Defendant] had nothing to do with the design manufacture or sale

14  of [a Bard IVC filter]." *Mayfield*, 2015 WL 3440492, at \*4.  Accordingly, the medical

15  negligence claim against the Health Care Defendant should be severed from the product

16  liability claims against Bard because the Health Care Defendant is not necessary or

17  indispensible under Rule 19.

18  **B.**    **Bard's Removal Was Also Proper Because Plaintiff's Claim Against the Health**

19         **Care Defendant Is Fraudulently Misjoined With the Product Liability Claims**

20         **Against Bard.**

21        The fraudulent misjoinder doctrine, first discussed by the Eleventh Circuit in

22  *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996) and *Triggs v. John Crump*

23  *Toyota, Inc.*, 154 F.3d 1284 (11th Cir. 1998), prevents improper party joinder from defeating

24  diversity jurisdiction when there is "no real connection" between the underlying facts of the

25  two classes of claims.  Specifically, fraudulent misjoinder "involves a purposeful attempt to

26

27  [4]   The court concluded that it "need not address the doctrine of fraudulent misjoinder in this
order."  2015 WL 3440492 at \*6.

28

defeat removal by joining together claims against two or more defendants where the presence of one would defeat removal, and where in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard provided under Rule 20 of the Federal Rules of Civil Procedure." *Stone v. Zimmer, Inc.*, No. 09-80252-CIV, 2009 WL 1809990, at *2 (S.D. Fla. June 25, 2009).

Rule 20(a) allows permissive joinder of defendants as follows:

> Persons . . . may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).[5]   If a party is fraudulently misjoined, the Court can disregard its citizenship for purposes of diversity jurisdiction and sever and remand the claims to state court.  *See*, *e.g.*, *In re Fosamax (Alendronate Sodium) Products Liab. Litig. (No. II)*, 2012 WL 1118780 at *6.

The Sixth Circuit (where this case was filed) and Ninth Circuit (where MDL 2641 is located) have not adopted or rejected the fraudulent misjoinder theory, and there is no binding authority in either circuit.  A number of federal courts in various jurisdictions, however, have recognized and applied the fraudulent misjoinder doctrine.  *See Sutton v. Davol, Inc.,* 251 F.R.D. 500, 505 (E.D. Cal. 2008) (applying fraudulent misjoinder doctrine and holding that claims involving products liability against manufacturer and medical negligence against implanting physician do not arise out of the same transaction or occurrence and should not be joined together); *In Re Stryker Rejuvenate & ABG II Hip Implant Products Liab. Litig.,* No. CIV 13-1811 DWF/FLN, 2013 WL 6511855, at *4 (D. Minn. Dec. 12, 2013) ("The joinder of any malpractice, negligence, or misrepresentation claim against the Hospital

---

[5]   Federal Rule of Civil Procedure 20(a) and Ohio Rule of Civil Procedure 20(a) have the same permissive joinder standard for defendants. *See* Fed. R. Civ. P. 20; Ohio R. Civ. P. 20.  Thus, regardless of whether the federal or state rule applies in determining whether joinder is proper, the same analysis will apply.

1    Defendants with the other product liability claims (that are properly asserted against the
2    device manufacturer) is inappropriate because the claims do not both involve common
3    questions of law or fact and assert joint, several, or alternative liability 'arising out of the
4    same transaction, occurrence, or series of transactions or occurrences'"); *In re Guidant Corp.,*
5    *Implantable Defibrillators Prods. Liab. Litig.*, MDL No. 05-1708, Case No. 07-1129, 2007
6    WL 5377783, at *7 (D. Minn. June 4, 2007) (severing and remanding only the claims against
7    defendant hospital because "the basis for the causes of action against [the hospital] do not
8    arise from the same transaction and occurrences as those in the causes of action against the
9    [medical device manufacturers]"); *In re Rezulin Products Lib. Litig.*, No. 00 CIV. 2843
10   (LAK), 2003 WL 21276425, at *1 (S.D.N.Y. June 2, 2003) (plaintiff fraudulently misjoined
11   medical malpractice claims with product liability claims "because the claims do not involve
12   common questions of law or fact and assert 'joint, several, or alternative liability . . . arising
13   from the same transaction, occurrence, or series of transactions or occurrences'"); *In re*
14   *Fosamax (Alendronate Sodium) Products Liab. Litig. (No. II)*, 2012 WL 1118780, at *2-3
15   (D.N.J. Apr. 3, 2012) aff'd, 751 F.3d 150 (3d Cir. 2014).[6]

16          Likewise in this case, the Healthcare Defendant is misjoined as a party and should be
17   severed from this action to sustain this Court's diversity jurisdiction, because Plaintiff's
18   medical negligence claim against the Healthcare Defendants is fraudulently misjoined with
19   Plaintiff's product liability claims against the Bard Defendants.[7]   Plaintiff alleges nine
20   product liability claims against Bard relating to the design, manufacture, and labeling of two
21   of its IVC filters before and up to the time they were implanted in 2012 and 2015.

22

23
---
24   [6]   Bard is aware of one case involving an IVC filter in which the trial court remanded claims
      against Bard and an implanting physician.   *Stavropoulos v. Bard Peripheral Vascular,*
25   *Inc., et al,* 2015 WL 6810856 (E.D. Pa. Nov. 5, 2015).   In *Stavropoulos*, however, the
      court acknowledged that a number of other courts had ruled in favor of severance and
26   proceeding in the applicable MDL. *Id.* at 4.

27   [7]   Plaintiff does not allege, nor is there basis to conclude, that the Bard Defendants and
      Health Care Defendant are subject to joint and several liability.   (*See generally*, Plaintiff's
28   Motion to Remand, Dkt. No.  7.)

1   (Complaint, Dkt. No. 5-2, ¶¶ 121-211.)   By contrast, Plaintiff asserts a single medical
2   negligence claim against the Health Care Defendant relating exclusively to medical care
3   provided in connection with the implants.  (*Id.* ¶¶ 212-219.)  The facts and evidence relating
4   to the claim against the Health Care Defendant would be focused on the quality of medical
5   care, treatment, and services provided in 2012 and 2015.  As shown above, such evidence
6   differs from the pre-implant evidence on design, manufacture, warnings, and knowledge
7   necessary to prove any product liability claim against the Bard Defendants.

8        In short, as the courts in *Sutton, In re Stryker, In re Guidant Corp.,* and *In re Rezulun*
9   held, the medical negligence claim against the Health Care Defendant is procedurally
10  misjoined with the defect and warnings-based product liability claims against the Bard
11  Defendants.   Thus, the claim against the Health Care Defendant should be severed and
12  remanded and the claims against the Bard Defendants should remain in this MDL, resulting
13  in significant economy to the parties and judiciary.

14  **C.    Public Policy and Judicial Economy Favor Proceeding in the MDL With**
15  **       Plaintiff's Claims Against Bard.**

16       Plaintiff argues in passing that "public policy" requires that his choice of forum be
17  given deference.  To the contrary, public policy and judicial economy are best served by
18  severing and remanding Plaintiff's claim against the Health Care Defendant, and permitting
19  Plaintiff's claims against Bard to proceed in this MDL.  As the *Sullivan* court concluded, the
20  existence of an MDL presents a "critical policy reason" for a court to sever two groups of
21  defendants in cases like this one.  117 F. Supp. 3d at 707.  Failure to sever the Health Care
22  Defendant almost certainly would subject the Bard Defendants to multiple and potentially
23  inconsistent rulings by having this case adjudicated in Ohio state court, while being denied
24  the benefits of centralization that Bard's IVC Filter MDL provides.  In contrast, any prejudice
25  to Plaintiff from severing the Health Care Defendant would be minimal. As the *Mayfield*
26  court noted, "Plaintiffs greatly overstate the prejudice that would result from having to try
27  separate cases."  2015 WL 3440492, at *5.  The *Mayfield* court added, "the prospect of dual

28

1    litigation has undeniable upside.  The cost and burden of litigating against [the manufacturer

2    defendant] would drop considerably, and Plaintiffs' ability to potentially negotiate a

3    settlement would be greatly enhanced.  Also, they could proceed with discovery of the

4    medical malpractice claim immediately, and do so more efficiently, as other attorneys will

5    take the lead in the Ethicon MDL."  *Id.*  *See also Sullivan*, 117 F. Supp. 3d at 707 (any

6    inconvenience in pursuing two cases is far exceeded by the prejudice of requiring the

7    manufacturer to defend on "many more than just two fronts"); *Joseph*, 614 F. Supp. 2d at 873

8    (noting that plaintiff will benefit from the MDL process); *Cooke-Bates v. Bayer Corp.*, 2010

9    WL 3984830 (E.D. Va. Oct. 8, 2010)(considering "practical potential for prejudice" given the

10   pendency of an MDL and finding prejudice to Defendants without severance would exceed

11   any prejudice to Plaintiff if severance occurred); *In re: Stryker*, 2013 WL 6511855 (finding

12   severance appropriate particularly given the "nature, stage, and progression of [the] MDL").

13   As the *Sullivan* court observed, "Forcing the [manufacturer defendants] to litigate [product

14   liability] claims in state courts throughout the country whenever and wherever the claims

15   might be joined to claims against the healthcare providers that installed the device would

16   defeat the entire purpose of the MDL." 117 F. Supp. 3d at 707.  If medical negligence claims

17   are not properly severed in cases like this one, the Bard Defendants will be forced to litigate

18   product liability claims in numerous state courts across the country. This is not a mere

19   abstract risk.  Instead, it is a real, tangible prejudice that the Bard Defendants will suffer if

20   cases like this one -- and the other two similarly situated cases (*Ruden* and *Fraser-Johnson*) --

21   are remanded back to state courts in Ohio, California, and Delaware.

22       Similarly, the Health Care Defendant would suffer prejudice by having to litigate and

23   defend himself in a product liability case focusing on the design, manufacture, and warnings

24   of two different Bard IVC filters, when those facts have nothing whatsoever to do with

25   whether the he complied with the medical standard of care.  Lastly, as the JPML found when

26   forming Bard's Filter MDL, adjudicating Plaintiffs' product liability claims in Bard's Filter

27

28

| | |
|---|---|
| 1 | MDL "will serve the convenience of the parties and witnesses and promote the just and |
| 2 | efficient conduct of the litigation." (*See* MDL No. 2641 Transfer Order, Dkt. No. 63, p.1.). |

<div align="center">

**IV.  <u>CONCLUSION</u>**

</div>

For the foregoing reasons, and those cited in Bard's Notice of Removal (Dkt. No. 1) and Motion to Sever and Remand (Dkt. No. 4-5), Bard respectfully requests that the medical negligence claim against Laurence Schmetterer, M.D. be severed and remanded to Ohio state court and that this Court maintain jurisdiction over the product liability claims against C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.

This 4th day of April, 2016.

<div style="margin-left: 40%;">

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
Richard.North@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
JCondo@swlaw.com
ASheridan@swlaw.com

**Attorney for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.**

</div>

<div align="center">

- 13 -

</div>

1

## <u>CERTIFICATE OF SERVICE</u>

2

3       I HEREBY CERTIFY that on April 4, 2016, I electronically filed the foregoing with

4 the Clerk of the Court by using the CM/ECF system which will send notification of such

5 filing to all counsel of record.

6

7                                        s/Richard B. North, Jr.
                                         Richard B. North, Jr.
8                                        Georgia Bar No. 545599
                                         NELSON MULLINS RILEY & SCARBOROUGH, LLP
9                                        Atlantic Station
                                         201 17th Street, NW / Suite 1700
10                                       Atlanta, GA  30363
                                         PH: (404) 322-6000
11                                       FX: (404) 322-6050
                                         Richard.North@nelsonmullins.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28