# EXHIBIT 1

**REPRESENTATIVE CASE TABLE 1**

| STATE | CASE |
|---|---|
| Alaska | *Payton v. Monsanto, Co.*, 801 So.2d 829, 835 (Ala. 2001) (statute of limitations begins to run from the time the plaintiff is entitled to maintain a cause of action, or in other words, only when the first legal injury occurs); Ala. Code. § 6-2-3 (fraud claims begin to accrue when plaintiff discovers the fraud) <br> *Cameron v. State*, 822 P.2d 1362, 1366 (Alaska 1991) ("[I]t seems accurate to express our discovery rule as follows: (1) a cause of action accrues when a person discovers, or reasonably should have discovered, the existence of all elements essential to the cause of action; (2) a person reasonably should know of his cause of action when he has sufficient information to prompt an inquiry into the cause of action, if all of the essential elements of the cause of action may reasonably be discovered within the statutory period at a point when a reasonable time remains within which to file suit.") |
| Arkansas | *Wages v. Johnson Regional Med. Ctr.,* 916 F.Supp2d 900, 904 n.2 (W.D. Ark. 2013) ("The three-year statute of limitations period described in…Ark. Code Ann. § 16–116–103, begins to run when a plaintiff first becomes aware of her condition, 'including both the fact of injury and the probable causal connection between the injury and the product's use.'") |
| Arizona | *Anson v. Am. Motors Corp.*, 155 Ariz. 420, 423, 747 P.2d 581, 584 (Ct. App. 1987) (discovery rule applies in Arizona and a defendant's fraudulent concealment of information is relevant to that factual inquiry) |
| California | *Jolly v. Eli Lilly & Co.,* 44 Cal. 3d 1103, 1110-11, 1114 (1988) (statute of limitations begins to accrue when a plaintiff has knowledge of injury and knowledge of facts creating, or which in any reasonable person would create, a suspicion of wrongdoing on the part of someone) |
| Colorado | *Owens v. Brochner*, 172 Colo. 525 (1970) (Colorado has "consistently recognized fraudulent concealment as a basis for tolling statutes of limitation. We have defined the elements of fraudulent concealment that a plaintiff must prove to toll a statute of limitations as follows: (1) the concealment of a material existing fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages."  The third prong of this test is typically a fact question if any facts germane to the analysis are disputed.) |
| Connecticut | *Durett v. Leading Edge Prods., Inc.*, 965 F.Supp. 280, 283 (D. Conn. 1997) (statute of limitations "period would not begin to run until the plaintiff has or should have discovered all the essential elements of the |

1

| | |
|---|---|
| | cause of action, including the causal connection between the defendant's conduct and the plaintiff's injury") |
| Delaware | *In re Asbestos Litig.*, 673 A.2d 159, 163 (Del. 1996) (limitations period begins to run when plaintiff "is chargeable with knowledge attributable to [his injury]") |
| Florida | *Keller v. Reed*, 603 So.2d 717, 719 (Fla. 2d DCA 1992) (Per Florida's delayed discovery doctrine, cause of action accrues when the last element occurs, which is when the plaintiff knew, or through the exercise of due diligence should have known, of the invasion of his or her legal rights.") |
| Georgia | *Luem v. Johnson*, 574 S.E.2d 835, 837 (Ga. Ct. App. 2002) ("The discovery rule provides that a plaintiff's cause of action does not accrue, and the statute of limitations does not commence to run, until he knew, or through the exercise of reasonable diligence should have discovered, not only the nature (identity) of his injury but also the causal connection between the injury and the alleged negligent conduct of the defendant.") |
| Hawaii | *Yamaguchi v. Queen's Med. Ctr.,* 648 P.2d 689, 693–94 (Haw. 1982) (tort claims accrue only after plaintiff discovered or should have discovered "the negligent act, the damage, and the causal connection between the two"); the statute of limitations "shall be deemed to accrue when the injured party knows or in the exercise of reasonable care should have been put on inquiry regarding the condition or matter complained of." *Id.* "Ordinarily, what constitutes reasonable diligence to discover fraud so as to affect the time when the statute of limitations begins to run is a question of fact for the jury." |
| Idaho | *Full Circle, Inc. v. Schelling*, 701 P.2d 254, 258 (Id. Ct. App. 1985) |
| Illinois | *Lowe v. Ford Motor Co.*, 730 N.E.2d 58, 60 (Ill. Ct. App. 2000) (Under Illinois' discovery rule, a plaintiff's statute of limitations does not begin to accrue "until the injured plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused.") |
| Indiana | *Doe v. United Methodist Church,* 673 N.E.2d 839, 842 (Ind. Ct. App. 1996) ("Under Indiana's discovery rule, a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another.") |
| Iowa | *Estate of Montag By & Through Montag v. T H Agric. & Nutrition Co.*, 509 N.W.2d 469, 470 (Iowa 1993) ("Discovery rule holds that statute of limitations "does not begin to run until the plaintiff knew, or in the exercise of reasonable care, should have known, that he had a cause of action.") |
| Kansas | *Spicer v. New Image Int'l, Inc.*, 447 F. Supp. 2d 1226, 1234 (D. Kan. 2006) (Statute of limitations under K.S.A. § 60-513(b) "starts to run at the time a negligent act causes injury if both the act and the resulting injury are reasonably ascertainable by the injured person.") |
| Kentucky | *Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 60 (Ky. 2010) (Under Kentucky's discovery rule, "a cause of action will not accrue until the plaintiff discovers (or in the exercise of reasonable diligence should have |

2

| | discovered) not only that he has been injured, but also that this injury may have been caused by the defendant's conduct.") |
|---|---|
| Louisiana | *Lucas v. Commercial Union Ins. Co.,* 198 So. 2d 560, 563 (La. Ct. App. 1967) (While Louisiana does have a one-year statute of limitations applicable to many claims, "[w]here knowledge of the tort and damage is kept from the victim by the tort-feasor, prescription does not commence until the aggrieved party becomes cognizant of the damage.") |
| Maine | *Brawn v. Oral Surgery Associates*, 819 A.2d 1014, 1025-26 (Me. 2003) (recognizing fraudulent concealment may toll statute of limitations) |
| Maryland | *Poffenberger v. Risser,* 290 Md. 631, 636 (1981) ("the cause of action accrues when the claimant in fact knew or reasonably should have known of the wrong.") |
| Massachusetts | *Fidler v. E.M. Parker Co.,* 394 Mass. 534, 545-46 (1985) (statute of limitations begins to accrue when a plaintiff has "notice that one has been harmed by defendant's conduct [which] is knowledge that one has been harmed by defendant's product); Mich. Stat. § 600.5855 (If a person who is or may be liable for any claim fraudulently conceals the existence of the claim…from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim…) |
| Minnesota | *Tuttle v. Lorillard Tobacco Co.,* 377 F.3d 917, 922 (8th Cir. 2004) ("Before a cause of action can accrue in cases involving injury caused by defective products, the Minnesota discovery rule requires a showing of two elements: '(1) a cognizable physical manifestation of the disease or injury, and (2) evidence of a causal connection between the injury or disease and the defendant's product, act, or omission.'"); Miss. Code. Ann. § 15-1-67 ("If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.") |
| Montana | *Tilley v. Franklin Life Ins. Co.*, 957 S.W.2d 349, 351 (Mo. Ct. App. 1997) (if a party takes affirmative action to conceal a fraud, the statute of limitations is tolled until the fraud is discovered); Mont. Stat. § 27-2-102(3) (statute of limitations does not accrue until a plaintiff knew or should have known of "facts constituting the claim," but limitations period can be tolled if "the defendant has taken action which prevents the injured party from discovering the injury or its cause.") |
| Nebraska | *Upah v. Ancona Bros. Co.,* 246 Neb. 585, 594–95, 600 (1994) (Doctrine of fraudulent concealment applies where a defendant affirmatively acted to conceal the cause of action.) |
| Nevada | *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990) (statute of limitations begins to accrue when "the injured party discovers or reasonably should have discovered facts supporting a cause of action); N.H. Rev. Stat. § 508:4(I), ("when the injury and its causal relationship to the act or |

3

|  | omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.") |
|---|---|
| New Jersey | *Lopez v. Swyer*, 62 N.J. 267, 272, 300 A.2d 563, 565 (1973) (statute of limitations begins to accrue when the plaintiff "discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim.") |
| New Mexico | *Cummings v. X-Ray Assoc. of N.M.*, 918 P.2d 1321 (N.M. 1996) (statute of limitations does not begin to accrue until a plaintiff 'discovers, or reasonably should discover, the essential facts of his or her cause of action."); N.Y. CVP. Law § 214-c(2) (claims begin to accrue on "the date of discovery of the injury by the plaintiff or the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier.") |
| North Carolina | *Frieland v. Gales*, 509 S.E.2d 793, 807 (N.C. App. 1998) (doctrine of fraudulent concealment tolls statute of limitations where a plaintiff has alleged that "the opposing party knew a material fact, and failed to fully disclose that fact in violation of a pre-existing duty to disclose) |
| North Dakota | *Phoenix Assurance Co. of Canada v. Runck,* 366 N.W.2d 788, 791 (N.D.1985) (under the doctrine of fraudulent concealment, statute of limitations runs from when plaintiff discovers or should have discovered claim for relief); |
| Ohio | *O'Stricker v. Jim Walter Corp.*, 447 N.E.2d 727 (Oh. 1983) (discovery rule applies and the cause of action begins to accrue (1) when a plaintiff discovers that he or she is injured; *and* (2) when the plaintiff discovers that the injury was caused by the conduct of the defendant) |
| Oklahoma | *Daugherty v. Farmers Co-op. Ass'n*, 689 P.2d 947, 950 (Ok. 1984) (statute of limitations "does not begin to run until the plaintiff knows, or as a reasonably prudent person should know, that he has the condition for which his action is brought and that the defendant caused it.") |
| Oregon | *Gaston v. Parsons*, 864 P.2d 1319, 1323-24 (Or. 1994) (Under Oregon law, a plaintiff's cause of action "begins to run when the plaintiff knows or in the exercise of reasonable care should have known facts which would make a reasonable person aware of a substantial possibility that each of the three elements (harm, causation, and tortious conduct) exists.") |
| Pennsylvania | *Carney v. Barnett,* 278 F. Supp. 572, 575 (E.D. Pa. 1967) (if, in the exercise of reasonable diligence, a plaintiff "could not have ascertained defendant's culpability within the statutory period," then under those circumstances, "the statute begins to run as of the date [the culpability] could reasonably have been discovered.") *Esposito v. Novartis Pharm. Corp.,* -- F.Supp.2d --, 2015 WL 5474339, *5 (D.R.I. Sept. 18, 2015) (statute of limitations in product liability actions begins to run when plaintiff discovered or should have discovered |

| | |
|---|---|
| | the manufacturer's wrongful conduct); S.C. Code Ann. § 15-3-535 (actions "must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action.") |
| South Dakota | *Strassburg v. Citizens State Bank,* 581 N.W.2d 510, 515 (S.D. 1998) (doctrine of fraudulent concealment applies where the defendant has committed "'some affirmative act or conduct…designed to prevent, and which does prevent, the discovery of the cause of action.'") *Strassburg v. Citizens State Bank,* 581 N.W.2d 510, 515 (S.D. 1998) ("Fraudulent concealment tolls the statute of limitations until the claim is discovered or might have been discovered with reasonable diligence.") |
| Tennessee | *Wyatt v. A-Best, Co.,* 910 S.W.2d 851, 856-57 (Tenn. 1995) ("a cause of action in tort does not accrue until a judicial remedy is available. A judicial remedy is available when (1) a breach of a legally recognized duty owed to plaintiff by defendant (2) causes plaintiff legally cognizable damage. A breach of a legally cognizable duty occurs when plaintiff discovers or 'reasonably should have discovered, (1) the occasion, the manner and means by which a breach of duty occurred that produced…injury; and (2) the identity of the defendant who breached the duty.' Legally cognizable damages occur when plaintiff discovers 'facts which would support an action for tort against the tortfeasor.'") |
| Texas | *Arabian Shield Dev. Co. v. Hunt*, 808 S.W.2d 577, 584 (Tex. App. 1991), *writ denied* (Oct. 2, 1991) (Fraudulent concealment applies where a plaintiff can show "(1) existence of the underlying tort; (2) the defendant's knowledge of the tort; (3) the defendant's use of deception to conceal the tort; and (4) the plaintiff's reasonable reliance on the deception") |
| Utah | *Hill v. Allred*, 28 P.3d 1271, 1275 (Utah 2001) (discovery rule tolls the statute of limitations until discovery of facts forming the basis for the cause of action) |
| Vermont | *Rodrigue v. VALCO Enterprises, Inc.,* 726 A.2d 61, 63 (Vt. 1999) (statute of limitations begins to accrue when "a plaintiff had information, or should have obtained information, sufficient to put a reasonable person on notice that a particular defendant may have been liable for the plaintiff's injuries.") |
| Virginia | *Culpeper Nat'l Bank,* 89 S.E. 118, 121 (Va. 1916) (fraudulent concealment tolls a statute of limitations where the defendant affirmatively acts to prevent and "does prevent the discovery of the cause of action.") *1000 Virginia Ltd. Partnership v. Vertecs Corp.,* 146 P.3d 423, 428 (2006), as corrected, (Nov. 15, 2006) (statute of limitations does not begin to accrue until "the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the facts that give rise to his or her cause of action.") *Bradshaw v. Soulsby*, 558 S.E.2d 681, 685 (W.Va. 2001) ("the statute of limitations begins to run when the plaintiff knows, or by the exercise of |

5

|  | reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury.") |
|---|---|
| Wisconsin | *Rubenzer v. Assoc. Banc-Corp.*, 815 N.W.2d 406, *3 (Wis. Ct. App. 2012) (per curiam) ("with tort claims, the discovery rule tolls the statute of limitations 'until the plaintiff discovers or with reasonably diligence should have discovered that he or she has suffered actual damage due to wrongs committed by a particular, identified person.'") |
| Wyoming | *DeLoge v. Homar*, 297 P.3d 117, 120 (Wyo. 2013) (statute of limitations begins to run when "claimant is chargeable with information which should lead him to believe he has a claim) |

5356374/26997-0001