# EXHIBIT 2

## REPRESENTATIVE CASE TABLE 2

| STATE | CASE |
|---|---|
| Alaska | *Kindred v. Burlington Northern R.R.*, 742 So.2d 155, 157 (Ala. 1999); *Catholic Bishop of N. Alaska v. Does 1-6*, 141 P.3d 719, 725 (Alaska 2006) |
| Arizona | *Doe v. Roe,* 955 P.2d 951, 962 (1998) |
| Arkansas | *In re Prempro Prods. Lia. Litig.*, 586 F.3d 547, 563-64 (8th Cir. 2009) (relying on Arkansas law) |
| California | *Nat'l Auto. & Cas. Ins. Co. v. Payne*, 67 Cal. Rptr. 784, 788 (Ct. App. 1968) |
| Colorado | *Owens v. Brochner*, 172 Colo. 525 (1970) |
| Connecticut | *Champagne v. Raybestos-Manhattan, Inc.*, 562 A.2d 1100, 1110 (1989) |
| Delaware | *In re Asbestos Litig.*, 673 A.2d 159, 163 (Del. 1996) |
| Florida | *Copeland v. Armstrong Cork Co.,* 447 So. 2d 922, 927 (Fla. Dist. Ct. App. 1984 *decision approved in part, quashed in part sub nom. Celotex Corp. v. Copeland*, 471 So. 2d 533 (Fla. 1985) |
| Georgia | *Sandy Springs Toyota v. Classic Cadillac Atlanta Corp.,* 269 Ga. App. 470, 472 (2004) |
| Hawaii | *Ass'n of Apartment Owners of Newtown Meadows ex rel. its Bd. of Directors v. Venture 15, Inc.*, 167 P.3d 225, 270 (2007) |
| Idaho | *Full Circle, Inc. v. Schelling*, 701 P.2d 254, 258 (Id. Ct. App. 1985) |
| Illinois | *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 633 N.E.2d 627, 631 (Ill. 1994) |
| Indiana | *Burks v. Rushmore*, 534 N.E.2d 1101, 1104 (Ind. 1989) |
| Iowa | *Frideres v. Schiltz*, 540 N.W.2d 261, 267 (Iowa 1995) |
| Kansas | *Hall v. Miller*, 36 P.3d 328, 332 (2001) |
| Kentucky | *Lipsteuer v. CSX Transp., Inc.,* 37 S.W.3d 732, 737 (Ky. 2000) |
| Maine | *Brawn v. Oral Surgery Associates*, 819 A.2d 1014, 1025-26 (Me. 2003) (fraud is a mixed question of fact and law) |
| Maryland | *O'Hara v. Kovens*, 305 Md. 280, 294-95 (1986) |
| Massachusetts | *Taygeta Corp. v. Varian Associates, Inc*., 763 N.E.2d 1053, 1063 (Mass. 2002) |
| Michigan | *Flynn v. McLouth Steel Corp.,* 223 N.W.2d 297, 301 (Mich. Ct. App. 1974) |
| Mississippi | *Jordan v. Emp. Transfer Corp.,* 509 So.2d 420, 423-24 (analysis is specific to whether, in light of plaintiff's own information and the diagnosis he received, the plaintiff was reasonable to delay filing suit, and thus inquiry must be on a case-by-case basis) *Stringer v. Trapp,* 30 So.3d 339, 342 (Miss. 2010) |
| Montana | *Johnson v. Berry*, 171 F. Supp. 2d 985, 990 (E.D. Mo. 2011) *Nelson v. Nelson*, 50 P.3d 139, 144 (Mont. 2002) |
| Nebraska | *Dutton-Lainson Co. v. Continental Ins. Co.,* 716 N.W.2d 87, 99 (Neb. 2006) (statute of limitations is only a question of law where facts are |

| | |
|---|---|
| | undisputed) |
| Nevada | *Klehr v. A.O. Smith Corp.,* 87 F.3d 231, 235 (8th Cir. 1996) aff'd, 521 U.S. 179, 117 S. Ct. 1984 (1997)<br>*Bacon v. United Rd. Serv., Inc.,* 238 P.3d 794 (Nev. 2008) |
| New Hampshire | *Kelleher v. Marvin Lumber & Cedar Co.,* 891 A.2d 477, 487 (N.H. 2005) |
| New Jersey | *Lopez v. Swyer,* 300 A.2d 563, 566 (N.J. 1973) |
| New Mexico | *Williams v. Stewart*, 112 P.3d 281, 286 (N.M. 2005) |
| New York | *New York State Workers' Comp. Bd. v. Consol. Risk Servs., Inc.,* 125 A.D.3d 1250 (N.Y. App. Div. 2015) |
| North Carolina | *Lord v. Customized Consulting Specialty, Inc*., 643 S.E.2d 28, 33 (N.C. App. 2007) |
| North Dakota | *Muhammed v. Welch*, 675 N.W.2d 402, 414 (N.D. 2004) (whether defendant is estopped from claiming statute of limitations defense is a fact question for a jury) |
| Ohio | *Cyrus v. Henes,* 623 N.E.2d 1256, 1258 (Oh. App. 1993)  rev'd on other grounds, 640 N.E.2d 810 (1994) |
| Oklahoma | *Horton v. Hamilton*, 2015 OK 6, ¶ 10 |
| Oregon | *Cole v. Sunnyside Marketplace, LLC*, 160 P.3d 1, 6 (Or. Ct. App. 2007) |
| Pennsylvania | *Fine v. Checcio*, 870 A.2d 850, 858-59 (Pa. 2005)<br>*Esposito v. Novartis Pharm. Corp.,* -- F.Supp.2d --, 2015 WL 5474339, *6 (D.R.I. Sept. 18, 2015) |
| South Carolina | *Graham v. Welch, Roberts & Amburn, LLP*, 743 S.E.2d 860, 862-63 (S.C. Ct. App. 2013) |
| South Dakota | *Robinson v. Ewalt*, 808 N.W.2d 123, 126 (S.D. 2012) |
| Tennessee | *Wyatt v. A-Best, Co.,* 910 S.W.2d 851, 855 (Tenn. 1995) |
| Texas | *Hooks v. Samson Lone Star, Ltd. P'ship*, 457 S.W.3d 52, 55 (Tex. 2015) *reh'g denied* (May 1, 2015) (issue of reasonable diligence is a question of fact) |
| Utah | *Berenda v. Langford*, 914 P.2d 45, 54 (Utah 1996) |
| Vermont | *Ware v. Gifford Mem'l Hosp.*, 664 F. Supp. 169, 171 (D. Vt. 1987) |
| Virginia | *Louisville & N.R. Co. v. Saltzer*, 144 S.E. 456 (Va. 1928) (question of when a statute of limitations accrued is a question for a jury unless evidence is undisputed) |
| Washington | *Green v. A.P.C.,* 136 Wash.2d 87, 100 (1998) |
| West Virginia | *Dunn v. Rockwell,* 689 S.E.2d 255, 265 (W. Va. 2009) |
| Wisconsin | *Gumz v. N. States Power Co.,* 742 N.W.2d 271, 280 (Wis. 2007) |
| Wyoming | *DeLoge v. Homar*, 297 P.3d 117, 120 (Wyo. 2013) (when facts are disputed, statute of limitations is a fact question reserved for a jury) |

5356430/26997-0001