John A. Dalimonte (Admitted Pro Hac Vice)
MA Bar No: 554554
KARON & DALIMONTE LLP
85 Devonshire Street, Suite 1000
Boston, MA 02109
Tel:  (617) 367-3311
Fax:  (617) 742-9130
johndalimonte@kdlaw.net

Attorney for Plaintiffs
Bianca Fraser-Johnson and
Michael Johnson

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
## PHOENIX DIVISION

|  |  |
|---|---|
| IN RE: BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION | Case No: 2:15-md-02641-DGC<br>MDL No. 2641 |
| This Document relates to:<br><br>BIANCA FRASER-JOHSON and<br>MICHAEL JOHNSON<br>Plaintiffs<br><br>v.<br><br>C.R. BARD, INC. and<br>BARD PERIPHERAL VASCULAR, INC.,<br>CHRISTIANA CARE HEALTH<br>SERVICES, INC., CHRISTIANA CARE<br>HEALTH SYSTEM,INC.,<br>THOMAS BAUER, M.D. and<br>CYNTHIA HELDT, M.D.<br>Defendants | Case No: 2:16-cv-00336-DGC |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AND MEMORANDUM IN SUPPORT THEREOF, AND REQUEST FOR ORAL ARGUMENT**

Now come plaintiffs Bianca Fraser-Johnson and Michael Johnson and hereby submit their Reply to Defendants' Opposition to Plaintiffs' Motion to Remand. As grounds therefore, plaintiffs incorporate by reference the arguments and authority set forth in their original motion and the briefing filed by plaintiff Wayne Ruden in his motion to remand and reply filed in this consolidated action and the case specific matter styled *Wayne Ruden v. C.R. Bard, Inc., et al,* U.S.D.C. (Dist. Ariz., Phoenix Div.) docket no: 2:2016-cv-00344. As further grounds therefore, plaintiffs state as follows:

## ARGUMENT

Defendants' argument relies primarily on unpublished decisions ignoring the law in the appropriate governing jurisdictions. Specifically, defendant relies upon the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996) adopting the doctrine of "fradulent misjoinder." The ruling in *Tapscott, supra,* was neither accepted by the Third Circuit nor Ninth the Circuit. *In re Briscoe,* 448 F.3d 201, 217 (3rd Cir. 2006); *In re Plavix Prod. Liab. & Mktg. Litig.*, 2014 WL 4954654 (D.N.J. Oct. 1, 2014), *citing Kaufman v. Allstate Ins. Co.*, 2010 WL 2674130, at *8; *Belmont Condo. Ass'n, Inc. v. Arrowpoint Capital Corp.*, 2011 WL 6721775, at *7 (D.N.J. Dec. 20, 2011); *In re Paulsboro Derailment Cases*, 2014 WL 197818, at *3–7 (D.N.J. Jan. 13, 2014); *Lopez v. Pfeffer*, 2013 WL 5367723, *2 (N.D. Cal. 2013); *accord Dent v. Lopez*, 2014 WL 3057456, *6 (E.D. Cal. 2014). The doctrine of fraudulent misjoinder is distinguishable from fraudulent joinder. Although it may look more like symantics, "misjoinder" is procedural and encourages defendants to remove first and ask questions later. *Carper v. Ackowledged, Inc.*, 2013 WL 5954898, *4 (N.D. Cal. 2013).

Once removal is accomplished by claim of misjoinder and is challenged by motion to remand, defendants, like in this case, often seek to sever the claims without first reconciling

whether the federal court has jurisdiction. This practice usurps the authority of state courts who are in a better position to apply local law on whether the claims are properly joined and ignores the congressional mandate of 28 U.S.C. 1332.  Moreover, from a logical point of view, if federal courts lack subject matter jurisdiction, any decision to sever could not be reached.  It would put the cart before the horse after the horse should have been put to rest in the barn.  This is precisely what the defendants are attempting in the case at bar.

Here, defendants ignore common questions of fact relating to damages and to the extent that each defendant is liable for said damages in an effort to shift focus away from joint and several liability and sever claims. Bianca Fraser-Johnson's injury required open heart surgery to remove a fragment of the defective IVC filter device caused by both the failure of the device and the negligence of the health care providers.  Defendants, however, take the position that the healthcare defendants are unnecessary and dispensable parties.  Yet, defendants take an entirely inconsistent position in their affirmative defenses blaming the very same  healthcare providers for plaintiffs injuries and seek apportionment of damages relating to the broken fragment removed from plaintiff's heart.  (See Defendants' <u>Case Specific</u> Answer and Affirmative Defenses 2, 6, 8, 10, 11, 12, 17, 18, 19, 26, 27 and 37 at **Doc. No. 8**, C.A. No. 2:16-cv-00336-DGC).

In support of removal and sever, defendants rely heavily upon the unpublished decision in *Stone v. Zimmer, Inc.*, No. 09-80252-CIV, 2009 WL 1809990 (S.D. Fla. June 25, 2009).  However, defendants conveniently omit from their brief a more recent decision in that very same District Court involving the Bard G2 filter, as opposed to a Zimmer hip, which was remanded to state court after Bard made the same argument to sever the failure to diagnose claims from the

product liability claims. *Austin v. C.R. Bard, Inc., et al*, Case No: 15-61316-CIV-Dimitrouleas. (U.S.D.C. S.D. Fla. 8/17/2015)(Exhibit "A").

In *Austin*, plaintiff was implanted with a Bard G2 IVC filter that tilted, migrated and perforated through the wall of her vena cava. *Id.* at 1. On June 29, 2011, plaintiff's physicians performed a CT scan and improperly interpreted it as essentially normal. *Id.* at 2. After about a year, the plaintiff suffered further complications and injuries as a result of her healthcare providers failing to timely diagnose the complications with the filter at the time of the CT scan. *Id*. Plaintiff originally filed her action in the state circuit court in Broward County. Bard immediately removed the action arguing fraudulent joinder, fraudulent misjoinder and severance. In *Austin*, the Court granted plaintiff's motion to remand finding that the non-diverse healthcare defendants were defendants not fraudulently joined or misjoined, and that the damages flowing from the failure to diagnose and product defect were common facts leading to a common injury. *Id.* at 5.

As referenced in Plaintiffs' Motion to Remand, *Hagensicker v. Boston Scientific*, 2012 WL 836804 (W.D. Missouri March 12, 2012), is another case that reached the same conclusion as *Austin, supra*. In *Hagensicker*, plaintiff filed suit against her doctors for medical negligence involving the placement of a pelvic mesh product and against the manufacturer for product defect claims. The manufacturing defendant removed on the basis that the medical negligence claims and the products liability claims are factually and legally distinct citing *Stone v. Zimmer*, *supra*. The court in *Hagensicker*, rejected that argument and remanded the action to state court. In its decision, the court looked to Rule 20 of the Federal Rules of Civil Procedure. Rule 20(a)(2) states that joinder is proper if "(A), <u>any right to relief is asserted</u> against [the defendants] <u>jointly, severally</u>, or in the alternative with respect to or arising out of the same transaction,

occurrence, or series of transactions or occurrences; and (B) <u>any</u> question of law or fact common to all defendants will arise in the action." *Id.* at *3.  In applying this rule the court held that there were common questions of fact relating to damages and apportionment.  *Id.*   Moreover, the court acknowledged that severance could lead to inconsistent decisions, would force plaintiffs to litigate the same action twice and would cause prejudice as each defendant would attempt to shift liability onto the absent defendant.  *Id*. at *4 (2).  It is worth noting that this court declined to apply Fed. R. Civ. P. 21 on the grounds that without subject matter jurisdiction, the court could not sever.  *Id*. at *4 (2).

In the present action, the Bard defendants have affirmatively made it clear in its defense of this action, that they intend to pursue common questions of law and fact against the non-diverse healthcare defendants shifting blame and seeking apportionment of damages.  (See Defendants' <u>Case Specific</u> Answer and Affirmative Defenses 2, 6, 8, 10, 11, 12, 17, 18, 19, 26, 27 and 37 at **Doc. No. 8**, C.A. No. 2:16-cv-00336-DGC).  As such, they cannot now claim that the claims are entirely uncommon and that the healthcare defendants are unnecessary and dispensable. Moreover, under Delaware law, affidavits of merit have to be filed under seal with the court by practicing physicians in the field to show that the medical negligence claims are meritorious.  In light of these circumstances, the issue is not a matter of fraudulent joinder or misjoinder, but one of fraudulent removal.

## CONCLUSION

For the foregoing reasons and those set forth in Plaintiffs' Motion to Remand, plaintiffs respectfully request that this Court remand this case in its entirety to the Delaware Superior Court in and for New Castle County, award attorneys fees pursuant to Rule 11 and 28 U.S.C. 1447(c) and any other further relief, either at law or in equity, to which Plaintiffs may be entitled.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs hereby request oral argument on this Motion to Remand.

Date: April 5, 2016                                     Respectfully submitted,

                                                        /s/ John A. Dalimonte_____
                                                        John A. Dalimonte, Esquire
                                                        KARON & DALIMONTE, LLP
                                                        Admitted Pro Hac Vice
                                                        Massachusetts BBO No. 554554
                                                        85 Devonshire Street, Suite 1000
                                                        Boston, MA 02109
                                                        (617) 367-3311
                                                        Email: johndalimonte@kdlaw.net

## Certificate of Service

I, John A. Dalimonte, hereby certify that a copy of the foregoing document has been served upon all parties of record electronically on this April 5, 2015.

                                                        /s/ John A. Dalimonte_____
                                                        John A. Dalimonte, Esquire