EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61316-CIV-DIMITROULEAS

CLARE AUSTIN,

    Plaintiff,

vs.

C. R. BARD, INC., a foreign corporation, and
BARD PERIPHERAL VASCULAR, INC., an
Arizona corporation, MATTHEW ROBBINS,
M.D., and CLEVELAND CLINIC FLORIDA,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR REMAND

THIS CAUSE is before the Court upon Plaintiff Clare Austin's Motion to Remand [DE 7], filed herein on June 30, 2015. The Court has carefully considered the Motion, the Notice of Removal [DE 1], Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.'s Response [DE 12], Plaintiff's Reply [DE 13], the Notice of Supplemental Authority [DE 14], and is otherwise fully advised in the premises.

Plaintiff Clare Austin ("Plaintiff") filed the instant action on May 12, 2015, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County. Therein, Plaintiff brought claims against Defendants Matthew Robbins, M.D. and Cleveland Clinic Florida (collectively, the "Medical Defendants"), and Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, the "Bard Defendants"), arising out of personal injuries that allegedly occurred after having been implanted with a Bard G2® inferior vena cava filter that tilted, migrated, and perforated through a wall of the vena cava with organ involvement, causing injury and damage to Plaintiff. *See* [DE 1-2].

Plaintiff's Complaint alleges claims for medical-negligence against the Medical

Defendants. She alleges that the Medical Defendants performed a CT scan on approximately June 29, 2011 and improperly interpreted it as "essentially normal." She further alleges that, as a result, the Medical Defendants failed to diagnose alleged complications that had arisen with the G2® Filter implanted more than one year previously. Plaintiff's Complaint also asserts various product-liability claims against the Bard Defendants, including for negligence, negligent failure to warn, strict liability for warnings, design, and manufacturing defects, breach of express and implied warranties, fraudulent concealment, negligent and fraudulent misrepresentation, and punitive damages.

On June 22, 2015, the Bard Defendants removed this case to federal court. *See* [DE 1]. The Bard Defendants concede that, if the Court includes the citizenship of the Medical Defendants (who are Florida citizens) in the diversity analysis, the Court has no subject matter jurisdiction over this case, as Plaintiff is a Florida citizen. However, the Bard Defendants contend that the Court should not consider the Medical Defendants' citizenship because the Medical Defendants are either fraudulently joined or procedurally misjoined in this action. Further, the Bard Defendants assert that, ignoring the citizenship of the Medical Defendants, complete diversity of citizenship exists, as Plaintiff is a Florida citizen, and the Bard Defendants are citizens of New Jersey and Arizona.

On June 30, 2015, Plaintiff filed the instant Motion to Remand. [DE 7]. Plaintiff argues that the Bard Defendants cannot satisfy their burden to show fraudulent joinder or procedural misjoinder. As explained below, the Court agrees with Plaintiff.

*A. Fraudulent Joinder*

First, the Bard Defendants assert that Plaintiff's remand motion should be denied on the grounds of fraudulent joinder. "In a removal case alleging fraudulent joinder, the removing party

has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). The burden on the removing party is a "heavy one." *Id.* (internal citations omitted). "When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id.* On the contrary, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), superseded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993).

Here, the Bard Defendants contend that the Medical Defendants are fraudulently joined because Plaintiffs' medical negligence claims fail to plead compliance with the pre-suit requirements and lack the counsel certification required by Fla. Stat. § 766.104(1)[1]. The Bard Defendants argue that such a failure in Plaintiff's allegations means that no possibility of a claim against the Medical Defendants exists. The Court rejects this argument.

First, Plaintiff's Motion to Remand attaches documents demonstrating Plaintiff's actual compliance with the pre-suit requirements for a medical negligence action. *See* [DE's 7-2, 7-3, 7-4]. Upon remand, Plaintiff can file an amended complaint containing allegations so reflecting.

---

[1] Florida Statutes § 766.104(1) provides:
(1) No action shall be filed for personal injury or wrongful death arising out of medical negligence, whether in tort or in contract, unless the attorney filing the action has made a reasonable investigation as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate of counsel that such reasonable investigation gave rise to a good faith belief that grounds exist for an action against each named defendant. For purposes of this section, good faith may be shown to exist if the claimant or his or her counsel has received a written opinion, which shall not be subject to discovery by an opposing party, of an expert as defined in s. 766.102 that there appears to be evidence of medical negligence.

Moreover, had the Medical Defendants moved this Court to dismiss the claims against them based on Plaintiff's failure to make these allegations in her complaint[2], that motion would have been denied. Pursuant to Fed. R. Civ. P. 11(a), "[u]nless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit." As the Eleventh Circuit has held, "[t]he rule's reference to other rules or statutes, however, means other *federal* rules or statutes." *Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1360 (11th Cir. 2014) (emphasis added). *See also Braddock v. Orlando Regional Health Care*, 881 F.Supp. 580, 583-84 (M.D. Fla. 1995) ("[W]here states have created specialized hurdles for filing particular causes of action, as Florida has with regard to medical malpractice suits, the Eleventh Circuit has consistently favored the federal rules.").

### B. *Procedural Misjoinder*

Second, the Bard Defendants argue, in the alternative, that the Medical Defendants have been procedurally misjoined in this action because Plaintiff's medical negligence claims are disconnected from her claims against the Bard Defendants.

"Procedural misjoinder" involves a purposeful attempt to defeat removal by joining together claims against two or more defendants where the presence of one would defeat removal, and where in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard provided under Rule 20 of the Federal Rules of Civil Procedure. 14B Wright, § 3723 at 657; *Synder v. Davol, Inc.*, 2008 WL 113902, *8 (D. Or. Jan. 7, 2008).

Rule 20(a) allows permissive joinder of defendants as follows:

> All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or

---

[2] The Court notes that Defendant Cleveland Clinic Florida filed an answer to the complaint in state court. *See* [DE 7-1].

occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

The Eleventh Circuit has held that "mere misjoinder" does not constitute "fraudulent joinder." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir.1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.2000). Rather, it held that in certain "egregious," circumstances procedural misjoinder may constitute fraudulent joinder. *Id.*

In the instant case, the Bard Defendants cannot meet the heavy burden of establishing fraudulent misjoinder with respect to the Medical Defendants. Here, the alleged failure of the Bard Defendants' filter and the alleged negligence of the Medical Defendants in failing to timely detect the tilt, migration, perforation that Plaintiff suffered from a year after the filter was placed involve common facts and common injury to Plaintiff. *See, e.g., In re Accutane Products Liability*, 841 F.Supp.2d 1243, 1246-46 (M.D. Fla. 2012) (holding that product liability claims against drug manufacturer and medical negligence claim against physician were not fraudulently misjoined). That Plaintiff has sued both the Bard Defendants and Medical Defendants in this case is certainly not "so egregious."

Based upon the foregoing, the Court concludes that complete diversity does not exist between the parties. Thus, the Court lacks jurisdiction over this action and remand is necessary.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand [DE 7] is hereby **GRANTED**;

2. The above-styled case is hereby **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida;

3. The clerk shall **CLOSE** this case and **DENY** all pending motions as moot

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 14th day of August, 2015.

*[signature]*

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record