IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| In re Bard IVC Filters Products Liability Litigation | NO. MD-15-02641-PHX-DGC<br><br>**CASE MANGEMENT ORDER NO. __**<br>**(Joint Records Collection)** |
|---|---|

Based upon the stipulation and agreement of the parties, it is hereby **ORDERED** as follows:

1. The parties to this litigation have jointly agreed to use The Marker Group, Inc. ("Marker") to collect medical, insurance, Medicare, Medicaid, prescription, Social Security, workers' compensation, and employment records for individual plaintiffs from third-parties designated as custodians for such records by Plaintiffs or Defendants C.R. Bard, Inc. and Bard Peripheral Vascular ("Bard").

2. All plaintiffs who are included in the PFS/DFS Group of the Bellwether process (as set forth in Case Management Order No. __) must complete, date, and execute the agreed-upon forms of party authorizations attached to this Order as Exhibit A (the "Authorizations"). Those plaintiffs may not object to the form, execution, or issuance of the Authorizations. In completing the authorizations, the individual plaintiff shall authorize production of records from the date five years prior to implant for all records described in the Authorizations.

3. Each Plaintiff required to execute Authorizations under this Order must provide the original completed and executed Authorizations to Marker on the date that his or her Plaintiff Fact Sheet ("PFS") is due to be served on Bard. Each Plaintiff must also serve copies of the same to Defendants with his or her PFS.

4. If a custodian to whom an Authorization is presented refuses to provide records in response to the Authorization, Marker will notify the parties (in accordance with its vendor agreement with the parties). The individual plaintiff's attorney shall attempt to resolve the issue with the custodian, such that the necessary records are promptly provided. To the extent any custodian requires a release other than the Authorizations, the individual plaintiff whose records are sought must complete the custodian-specific authorization form within ten (10) days after it has been provided by Marker or Bard unless he or she objects to the form. If the individual plaintiff objects to the custodian-specific form, the parties shall meet and confer in an effort to resolve the objection.

5. Marker will send all custodians from whom records are sought the form of certificate of acknowledgment attached as Exhibit B (the "Acknowledgement"). The Acknowledgement will serve as evidence of authenticity and satisfy the requirements of authentication under Federal Rule of Evidence 901(a). All other evidentiary objections are preserved, and any party retains the right to offer proof that the certified documents are not complete or are otherwise inaccurate.

6. Marker will obtain records and host them in a secure database, accessible to Plaintiffs and Bard, according to the parties' vendor agreement with Marker. Any party may request any of ancillary services from Marker at its own expense.

7. Upon receipt of records and placement into the secure database, Marker will notify designated individuals for Plaintiffs and Bard (via email) that documents have been posted for Plaintiffs' review on Marker's website. Plaintiffs shall have ten (10) calendar days after such notice from Marker (the "Review Grace Period") to review records for privilege and compliance with the applicable date range for the records. During the Review Grace Period, Plaintiffs will identify any documents for which they claim a privilege exists or that fall outside of the applicable date range for the records. In the event that Plaintiffs' counsel in good faith finds that the volume or content of the documents posted cannot be sufficiently reviewed within the Review Grace Period, Plaintiffs will notify Bard and Marker, within the applicable Review Grace Period,

of a request for extension of time to review the documents. Thereafter, the parties will meet and confer regarding Plaintiffs' request for an extension. If the parties are unable to agree, Plaintiffs will apply to the Court for relief during the Review Grace Period. Such application shall extend the Review Grace Period until resolution by the Court.

8.  Prior to the end of the Review Grace Period, Plaintiffs will notify Bard and Marker if they contend that there are privileged documents within the group or that there are documents that fall outside of the applicable date range for the records.

9.  Absent notification by Plaintiffs to Marker of a claimed privilege, agreement to extend the Review Grace Period, or a request for relief made to the Court within the Review Grace Period, Marker will automatically make the documents accessible to Bard on the day after the Review Grace Period ends.

10. If Plaintiffs notify Bard of a privilege claim, Plaintiffs' counsel will produce to Bard, via email, a privilege log identifying the documents as to which privilege is asserted, the bases for the claimed privilege, and whether Plaintiffs will be producing redacted versions of any of the documents within five (5) business days of the notice. Plaintiffs will contemporaneously produce to Marker any redacted documents and instruct Marker in writing to either make the redacted documents available to both parties on Marker's website or to withhold from Bard the entire set or portion of records based upon Plaintiffs' claim of privilege until further notice.

11. In the event that Plaintiffs inadvertently fail to claim a legal privilege they contend attaches to any record, Plaintiffs shall request a clawback of those documents by Bard, meet and confer with Bard counsel regarding those documents and, if the parties agree, direct Marker to destroy the designated records.

12. If Plaintiffs notify Bard of a claim that certain documents fall outside of the applicable date range for the records, Plaintiffs' counsel will produce to Bard, via email, a log identifying all such documents (including their dates). Plaintiffs will contemporaneously instruct Marker in writing to withhold those documents from Bard until further notice based upon Plaintiffs' claim that they fall outside of the applicable date range for such records.

3

13.     The parties will meet and confer on any claims that documents are privileged or fall outside of the applicable date range for the records, and if not resolved, submit the issue to the Court for determination in the matrix format previously ordered by the Court for other discovery disputes.

14.     Bard will pay the total costs associated with records collection from each custodian, including the records-copying and provision charges from the custodians and Marker's collection service fees.  Plaintiffs may download collected records from the repository by paying Marker's fees for a copy of those records without contributing to the costs incurred by Bard to obtain the records from custodians.  In the event that Bard believes that Plaintiffs' downloading of records exceeds that which the parties contemplated in agreeing to this Order, Bard may meet and confer with Plaintiffs' Co Lead Counsel.  If the parties cannot resolve the dispute, they shall contact the Court on how to resolve the issue.

15.     Any party may choose to discontinue the use of the joint vendor, Marker, at any time upon thirty (30) days' notice to the other parties.  The withdrawing party will remain responsible for the costs of any records ordered prior to the withdrawal to the extent otherwise required by this Order.

16.     Each party retains the right to issue subpoenas and to employ other means for discovery if required by any custodian to obtain records.

5378454/26997-1

# EXHIBIT A

**AUTHORIZATION TO DISCLOSE EMPLOYMENT INFORMATION**

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to the agents or designees of the law firm of Nelson Mullins Riley & Scarborough, LLP, and/or to The Marker Group, Inc., any and all records, since **[Date]**, containing employment information, including those that may contain protected health information (PHI) regarding **[Plaintiff]**, including records created after the date of signature.  This authorization should also be construed to permit agents or designees of Nelson Mullins Riley & Scarborough, LLP and/or The Marker Group, Inc. to copy, inspect and review any and all such records.  Records requested may include, but are not limited to:

> all applications for employment, resumes, records of all positions held, job descriptions of positions held, payroll records, W-2 forms and W-4 forms, performance evaluations and reports, statements and reports of fellow employees, attendance records, worker's compensation files; all hospital, physician, clinic, infirmary, nurse, dental records; test results, physical examination records and other medical records; any records pertaining to medical or disability claims, or work-related accidents including correspondence, accident reports, injury reports and incident reports; insurance claim forms, questionnaires and records of payments made; pension records, disability benefit records, and all records regarding participation in company-sponsored health, dental, life and disability insurance plans; material safety data sheets, chemical inventories, and environmental monitoring records and all other employee exposure records pertaining to all positions held; and any other records concerning employment with the above-named entity.  I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

Unless revoked in writing, this authorization shall expire two years after it is signed.  A copy of this authorization may be used in place of and with the same force and effect as the original.  The purpose of this authorization is for civil litigation.

**NOTICE**
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Nelson Mullins Riley & Scarborough, LLP and/or The Marker Group, Inc.; 13105 Northwest Freeway, Suite 300, Houston, TX  77040, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Nelson Mullins Riley & Scarborough, LLP and/or to The Marker Group, Inc.

| [Plaintiff] | |
|---|---|
| Name of Employee | Signature of Employee or Employee Representative |
| Former/Alias/Maiden Name of Employee | Date |
| Employee's Date of Birth | Name of Employee Representative |
| Employee's Social Security Number | Description of Authority |
| Employee's Address | |

**AUTHORIZATION TO DISCLOSE INSURANCE INFORMATION**

To:


I, the undersigned, hereby authorize and request the above-named entity to disclose to the agents or designees of the law firm of Nelson Mullins Riley & Scarborough, LLP, and/or to The Marker Group, Inc., any and all records, since **[Date]**, containing health or disability insurance information, including those that may contain protected health information (PHI) regarding **[Plaintiff]**, including records created after the date of signature. This authorization should also be construed to permit agents or designees of Nelson Mullins Riley & Scarborough, LLP and/or The Marker Group, Inc. to copy, inspect and review any and all such records. Records requested may include, but are not limited to:

> applications for insurance coverage and renewals; all insurance policies, certificates and benefit schedules regarding the insured's coverage, including supplemental coverage; health and physical examination records that were reviewed for underwriting purposes, and any statements, communications, correspondence, reports, questionnaires, and records submitted in connection with applications or renewals for insurance coverage, or claims; all physicians', hospital, dental reports, prescriptions, correspondence, test results, radiology reports and any other medical records that were submitted for claims review purposes; any claim record filed; records of any claim paid; records of all litigation; and any other records of any kind concerning or pertaining to the insured. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

Unless revoked in writing, this authorization shall expire two years after it is signed. A copy of this authorization may be used in place of and with the same force and effect as the original. The purpose of this authorization is for civil litigation.

**NOTICE**
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Nelson Mullins Riley & Scarborough, LLP and/or The Marker Group, Inc.; 13105 Northwest Freeway, Suite 300, Houston, TX 77040, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **This authorization shall expire within 1 year from the date of execution.**


I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Nelson Mullins Riley & Scarborough, LLP, and/or to The Marker Group, Inc.

| [Plaintiff] | |
|---|---|
| Name of Individual | Signature of Individual or Individual Representative |
| Former/Alias/Maiden Name of Individual | Date |
| Individual's Date of Birth | Name of Individual Representative |
| Individual's Social Security Number | Description of Authority |
| Individual's Address | |

**AUTHORIZATION TO DISCLOSE MEDICAID INFORMATION**

To:


I, the undersigned, hereby authorize and request the above-named entity to disclose to the agents or designees of the law firm of Nelson Mullins Riley & Scarborough, LLP, and/or to The Marker Group, Inc., any and all records, since **[Date]**, containing Medicaid information, including those that may contain protected health information (PHI) regarding **[Plaintiff]**, including records created after the date of signature.  This authorization should also be construed to permit agents or designees of Nelson Mullins Riley & Scarborough, LLP and/or The Marker Group, Inc. to copy, inspect and review any and all such records. Records requested may include, but are not limited to:

> all Medicaid records, including explanations of Medicaid benefit records and claims records; any statements, communications, pro reviews, denials, appeals, correspondence, reports, questionnaires or records submitted in connection with claims; all reports from physicians, hospital, dental providers, prescriptions; correspondence, test results and any other medical records; records of claims paid to or on the behalf of **[Plaintiff]**; records of litigation and any other records of any kind. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

Unless revoked in writing, this authorization shall expire two years after it is signed. A copy of this authorization may be used in place of and with the same force and effect as the original.  The purpose of this authorization is for civil litigation.

> **NOTICE**
> - **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to** Nelson Mullins Riley & Scarborough, LLP **and/or The Marker Group, Inc.; 13105 Northwest Freeway, Suite 300, Houston, TX  77040, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
> - **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
> - **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
> - **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Nelson Mullins Riley & Scarborough, LLP and/or to The Marker Group, Inc.

| [Plaintiff] | |
| --- | --- |
| Name of Individual | Signature of Individual or Individual Representative |
| Former/Alias/Maiden Name of Individual | Date |
| Individual's Date of Birth | Name of Individual Representative |
| Individual's Social Security Number | Description of Authority |
| Individual's Address | |

**AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION**

To:

I, the undersigned, hereby authorize and request the Custodian above-named entity to disclose to the agents or designees of the law firm of Nelson Mullins Riley & Scarborough, LLP, and/or to The Marker Group, Inc., any and all medical records, since **[Date]**, including those that may contain protected health information (PHI) regarding **[Plaintiff],** including records created after the date of signature.  This authorization should also be construed to permit agents or designees of Nelson Mullins Riley & Scarborough, LLP and/or The Marker Group, Inc. to copy, inspect and review any and all such records. Records requested may include, but are not limited to:

> all medical records, physician's records, surgeon's records, pathology/cytology reports, physicals and histories, laboratory reports, operating room records, discharge summaries, progress notes, patient intake forms, consultations, prescriptions, nurses' notes, birth certificate and other vital statistic records, communicable disease testing and treatment records, correspondence, prescription records, medication records, orders for medications, therapists' notes, social worker's records, insurance records, consent for treatment, statements of account, itemized bills, invoices and any other papers relating to any examination, diagnosis, treatment, periods of hospitalization, or stays of confinement, or documents containing information regarding amendment of protected health information (PHI) in the medical records, copies (NOT originals) of all x-rays, CT scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films and of any corresponding reports, all pathology/cytology specimens, slides, wet tissue, tissue blocks, pathology/cytology reports and requisition records, and any other materials in its possession relating to any and all medical diagnoses, medical examinations, medical and surgical treatments or procedures.  I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

Unless revoked in writing, this authorization shall expire two years after it is signed. A copy of this authorization may be used in place of and with the same force and effect as the original.  The purpose of this authorization is for civil litigation.

**NOTICE**

- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Nelson Mullins Riley & Scarborough, LLP and/or The Marker Group, Inc.; 13105 Northwest Freeway, Suite 300, Houston, TX  77040 except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization expressly authorizes the above-named entity to disclose HIV/AIDS records and information to Nelson Mullins Riley & Scarborough, LLP and/or The Marker Group, Inc., and authorizes re-disclosure of said records and information to consultants, experts, agents, and/or other counsel in this litigation.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **This authorization shall expire within 1 year from the date of execution.**
- **This authorization does NOT authorize the requesting party (Nelson Mullins Riley & Scarborough, LLP, The Marker Group, Inc. or their agents) to discuss the patient's care, treatment or prognosis with recipient of this authorization.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Nelson Mullins Riley & Scarborough, LLP and/or to The Marker Group, Inc.

| [Plaintiff] | |
|---|---|
| Name of Patient | Signature of Patient or Individual Representative |
| Former/Alias/Maiden Name of Patient | Date |
| Patient's Date of Birth | Name of Patient Representative |
| Patient's Social Security Number | Description of Authority |
| Patient's Address | |

**AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION**
**SPECIFIC AUTHORIZATION FOR RELEASE OF INFORMATION PROTECTED BY STATE OR FEDERAL LAW**

In addition to the authorization and other provisions contained above, hereby incorporated by reference, I authorize: (i) the release of data and information to Nelson Mullins Riley & Scarborough LLP and/or to The Marker Group, Inc.; and (ii) Nelson Mullins Riley & Scarborough LLP and/or to The Marker Group, Inc.'s re-disclosure of the data and information to its consultants, experts, agents, and/or other counsel; any and all data, notes, records, reports, and/or any other documents and information relating to:

__ 1. Substance Abuse (Alcohol/Drug) __2. Mental Health (includes psychological testing) __3. HIV-related information (AIDS related testing)

This form does not authorize re-disclosure of medical information beyond the limits of this consent. Where information has been disclosed from records protected by federal law for alcohol/drug abuse records or by state law for mental health records, federal requirements (42 C.F.R. Part 2) and state requirements prohibit further disclosure without specific written consent of the patient, or as otherwise permitted by such law and/or regulations. A general authorization for the release of medical or other information is not sufficient for these purposes. Civil and/or criminal penalties may attach for unauthorized disclosure of alcohol/drug abuse or mental health information. Federal regulations state that any person who violates any provision of this law shall be fined not more than $500, in the case of a first offense, and not more than $5000 in the case of each subsequent offense. Drug Abuse Office and Treatment Act of 1972 (21 U.S.C. 1175); Comprehensive Alcohol Abuse Alcoholism Prevention, Treatment and Rehabilitation Act of 1970 (42 U.S.C. 4582).

**[Plaintiff]**
Name of Patient                                              Date

Signature of Patient or Individual Representative            Date

**AUTHORIZATION TO DISCLOSE PRESCRIPTION INFORMATION**

To:


I, the undersigned, hereby authorize and request the above-named entity to disclose to the agents or designees of the law firm of Nelson Mullins Riley & Scarborough, LLP, and/or to The Marker Group, Inc., any and all prescription records, since **[Date]**, including those that may contain protected health information (PHI) regarding **[Plaintiff]**, including records created after the date of signature.  This authorization should also be construed to permit agents or designees of Nelson Mullins Riley & Scarborough, LLP and/or The Marker Group, Inc. to copy, inspect and review any and all such records. Records requested may include, but are not limited to:

> complete copies of all prescription profile records, prescription slips, medication records, orders for medication, payment records, insurance claims forms correspondence and any other records. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

Unless revoked in writing, this authorization shall be expire two years after it is signed.  A copy of this authorization may be used in place of and with the same force and effect as the original.  The purpose of this authorization is for civil litigation.

**NOTICE**
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Nelson Mullins Riley & Scarborough, LLP and/or The Marker Group, Inc.; 13105 Northwest Freeway, Suite 300, Houston, TX  77040 except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **This authorization shall expire within 1 year from the date of execution.**
- **This authorization does NOT authorize the requesting party (Nelson Mullins Riley & Scarborough, LLP, The Marker Group, Inc. or their agents) to discuss the patient's care, treatment or prognosis with recipient of this authorization.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Nelson Mullins Riley & Scarborough, LLP and/or to The Marker Group, Inc.

| [Plaintiff] | |
|---|---|
| Name of Patient | Signature of Patient or Patient Representative |
| Former/Alias/Maiden Name of Patient | Date |
| Patient's Date of Birth | Name of Patient Representative |
| Patient's Social Security Number | Description of Authority |
| Patient's Address | |

**AUTHORIZATION TO DISCLOSE WORKERS' COMPENSATION INFORMATION**

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to the agents or designees of the law firm of Nelson Mullins Riley & Scarborough, LLP, and/or to The Marker Group, Inc., any and all records, since **[Date]**, containing Workers' Compensation information, including those that may contain protected health information (PHI) regarding **[Plaintiff]**, including records created after the date of signature.  This authorization should also be construed to permit agents or designees of Nelson Mullins Riley & Scarborough, LLP and/or The Marker Group, Inc. to copy, inspect and review any and all such records. Records requested may include, but are not limited to:

> all workers' compensation claims, including claim petitions, judgments, findings, notices of hearings, hearing records, transcripts, decisions and orders; all depositions and reports of witnesses and expert witnesses; employer's accident reports; all other accident, injury, or incident reports; all medical records; records of compensation payment made; investigatory reports and records; applications for employment; records of all positions held; job descriptions of any positions held; salary records; performance evaluations and reports; statements and comments of fellow employees; attendance records; all physicians', hospital, medical, health reports; physical examinations; records relating to health or disability insurance claims, including correspondence, reports, claim forms, questionnaires, records of payments made to physicians, hospitals, and health institutions or professionals; statements of account, itemized bills or invoices; and any other records relating to the above-named individual.  Copies (NOT originals) of all x-rays, CT scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films and of any corresponding reports. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

Unless revoked in writing, this authorization shall be expire two years after it is signed.  A copy of this authorization may be used in place of and with the same force and effect as the original.  The purpose of this authorization is for civil litigation.

NOTICE
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Nelson Mullins Riley & Scarborough, LLP and/or The Marker Group, Inc.; 13105 Northwest Freeway, Suite 300, Houston, TX  77040, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **This authorization shall expire within 1 year from the date of execution.**
- **This authorization does NOT authorize the requesting party (Nelson Mullins Riley & Scarborough, LLP, The Marker Group, Inc. or their agents) to discuss the patient's care, treatment or prognosis with recipient of this authorization.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Nelson Mullins Riley & Scarborough, LLP and/or to The Marker Group, Inc.

| [Plaintiff] | |
|---|---|
| Name of Individual | Signature of Individual or Individual Representative |
| Former/Alias/Maiden Name of Individual | Date |
| Individual's Date of Birth | Name of Individual Representative |
| Individual's Social Security Number | Description of Authority |
| Individual's Address | |

**1-800-MEDICARE Authorization to Disclose Personal Health Information**

Use this form if you want 1-800-MEDICARE to give your personal health information to someone other than you.

1. **Print Name**       **Medicare Number**      **Date of Birth**
   (First and last name of the person with Medicare)   (Exactly as shown on the Medicare Card)   (mm/dd/yyyy)

2. Medicare will only disclose the personal health information you want disclosed.

   2A: **Check only <u>one</u> box below to tell Medicare the specific personal health information you want disclosed:**

   ☐ Limited Information (go to question 2b)

   ☒ Any Information (go to question 3)

   2B: **Complete <u>only</u> if you selected "limited information". Check all that apply:**

   ☐ Information about your Medicare eligibility

   ☐ Information about your Medicare claims

   ☐ Information about plan enrollment (e.g. drug or MA Plan)

   ☐ Information about premium payments

   ☐ Other Specific Information (please write below; for example, payment information)

   _____

3. **Check only <u>one</u> box below indicating how long Medicare can use this authorization to disclose your personal health information** (subject to applicable law—for example, your State may limit how long Medicare may give out your personal health information):

   ☐ Disclose my personal health information indefinitely

   ☒ Disclose my personal health information for a specified period only
   beginning: (mm/dd/yyyy) _____ and ending: (mm/dd/yyyy) Two years after date of signature

4. **Fill in the name and address of the person(s) or organization(s) to whom you want Medicare to disclose your personal health information. Please provide the specific name of the person(s) for any organization you list below:**

   1. Name:    Marker Group, Inc.

      Address:    13105 Northwest Freeway, Suite 300

                     Houston, TX 77040

   2. Name:    Nelson Mullins Riley & Scarborough LLP

      Address:    201 17th Street NW, Suite 1700

                     Atlanta, GA 30363

   3. Name:

      Address:

5. **I authorize 1-800-MEDICARE to disclose my personal health information listed above to the person(s) or organization(s) I have named on this form. I understand that my personal health information may be re-disclosed by the person(s) or organization(s) and may no longer be protected by law.**

   Signature           Telephone Number           Date (mm/dd/yyyy)

   Print the address of the person with Medicare (Street Address, City, State, and ZIP)

   ☐ Check here if you are signing as a personal representative and complete below. Please attach the appropriate documentation (for example, Power of Attorney). This <u>only</u> applies if someone other than the person with Medicare signed above.

   Print the Personal Representative's Address (Street Address, City, State, and ZIP)

   Telephone Number of Personal Representative: _____

   Personal Representative's Relationship to the Beneficiary: _____

6. **Send the completed, signed authorization to**:

6. **Send the completed, signed authorization to**:

> Medicare BCC, Written Authorization Dept.
> PO Box 1270
> Lawrence, KS 66044

7. **Note:**

   You have the right to take back ("revoke") your authorization at any time, in writing, except to the extent that Medicare has already acted based on your permission. If you would like to revoke your authorization, send a written request to the address shown above.

   Your authorization or refusal to authorize disclosure of your personal health information will have no effect on your enrollment, eligibility for benefits, or the amount Medicare pays for the health services you receive.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is **0938-0930**. The time required to complete this information collection is estimated to average **15 minutes** per response, including the time to review instructions, search existing data resources, gather the data needed, and complete and review the information collection. If you have comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to: CMS, 7500 Security Boulevard, Attn: PRA Reports Clearance Officer, Mail Stop C4-26-05, Baltimore, Maryland 21244-1850.

**Social Security Administration**  
Consent for Release of Information

Form Approved  
OMB No. 0960-0566

### Instructions for Using this Form

Complete this form only if you want us to give information or records about you, a minor, or a legally incompetent adult, to an individual or group (for example, a doctor or an insurance company). If you are the natural or adoptive parent or legal guardian, acting on behalf of a minor, you may complete this form to release only the minor's non-medical records. If you are requesting information for a purpose not directly related to the administration of any program under the Social Security Act, a fee may be charged.

**NOTE:** Do not use this form to:

- Request us to release the medical records of a minor. Instead, contact your local office by calling 1-800-772-1213 (TTY-1-800-325-0778), or
- Request information about your earnings or employment history. Instead, complete form SSA-7050-F4 at any Social Security office or online at www.ssa.gov/online/ssa-7050.pdf.

### How to Complete this Form

We will not honor this form unless all required fields are completed. An asterisk (*) indicates a required field. Also, we will not honor blanket requests for "all records" or the "entire file." You must specify the information you are requesting and you must sign and date this form.

- Fill in your name, date of birth, and social security number or the name, date of birth, and social security number of the person to whom the information applies.
- Fill in the name and address of the individual (or organization) to whom you want us to release your information.
- Indicate the reason you are requesting us to disclose the information.
- Check the box(es) next to the type(s) of information you want us to release including the date ranges, if applicable.
- You, the parent or legal guardian acting on behalf of a minor, or the legal guardian of a legally incompetent adult, must sign and date this form and provide a daytime phone number where you can be reached.
- If you are not the person whose information is requested, state your relationship to that person. We may require proof of relationship.

### PRIVACY ACT STATEMENT

Section 205(a) of the Social Security Act, as amended, authorizes us to collect the information requested on this form. The information you provide will be used to respond to your request for SSA records information or process your request when we release your records to a third party. You do not have to provide the requested information. Your response is voluntary; however, we cannot honor your request to release information or records about you to another person or organization without your consent.

We rarely use the information provided on this form for any purpose other than to respond to requests for SSA records information. However, in accordance with 5 U.S.C. § 552a(b) of the Privacy Act, we may disclose the information provided on this form in accordance with approved routine uses, which include but are not limited to the following: 1. To enable an agency or third party to assist Social Security in establishing rights to Social Security benefits and/or coverage; 2. To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level; 3. To comply with Federal laws requiring the disclosure of the information from our records; and, 4. To facilitate statistical research, audit, or investigative activities necessary to assure the integrity of SSA programs.

We may also use the information you provide when we match records by computer. Computer matching programs compare our records with those of other Federal, State, or local government agencies. Information from these matching programs can be used to establish or verify a person's eligibility for Federally-funded or administered benefit programs and for repayment of payments or delinquent debts under these programs.

Additional information regarding this form, routine uses of information, and other Social Security programs are available from our Internet website at www.socialsecurity.gov or at your local Social Security office.

### PAPERWORK REDUCTION ACT STATEMENT

This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 3 minutes to read the instructions, gather the facts, and answer the questions. SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. You can find your local Social Security office through SSA's website at www.socialsecurity.gov. Offices are also listed under U.S. Government agencies in your telephone directory or you may call 1-800-772-1213 (TTY 1-800-325-0778). *You may send comments on our time estimate above to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401. Send only comments relating to our time estimate to this address, not the completed form.*

Form **SSA-3288** (07-2010) EF (07-2010) Destroy Prior Editions

**Social Security Administration**
Consent for Release of Information

Form Approved
OMB No. 0960-0566

*SSA will not honor this form unless all required fields have been completed (*signifies required field).*

TO:  Social Security Administration

\*Name: _____   \*Date of Birth: _____   \*Social Security Number: _____

I authorize the Social Security Administration to release information or records about me to:

\*NAME: Marker Group, Inc.

\*ADDRESS: 13105 Northwest Freeway, Suite 300
Houston, TX 77040

Nelson Mullins Riley & Scarborough LLP     201 17th Street, NW, Suite 1700, Atlanta, GA 30363

\*I want this information released because: Litigation
*There may be a charge for releasing information.*

\*Please release the following information selected from the list below:
*You must check at least one box. Also, SSA will not disclose records unless applicable date ranges are included.*

- [ ] Social Security Number
- [ ] Current monthly Social Security benefit amount
- [ ] Current monthly Supplemental Security Income payment amount
- [ ] My benefit/payment amounts from _____ to _____
- [ ] My Medicare entitlement from _____ to _____
- [ ] Medical records from my claims folder(s) from _____ to _____
  *If you want SSA to release a minor's medical records, do not use this form but instead contact your local SSA office.*
- [ ] Complete medical records from my claims folder(s)
- [X] Other record(s) from my file (e.g. applications, questionnaires, consultative examination reports, determinations, etc.) Disability claims of any sort, including but not limited to, statements, applications, disclosures, correspondence, notes, settlements, agreements, contracts or other documents in the file from _____ - Present

I am the individual to whom the requested information/record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury in accordance with 28 C.F.R. § 16.41(d)(2004) that I have examined all the information on this form, and on any accompanying statements or forms, and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that any applicable fees must be paid by me.

\*Signature: _____                    \*Date: _____

Relationship *(if not the individual)*: _____       \*Daytime Phone: _____

Form **SSA-3288** (07-2010) EF (07-2010)

# EXHIBIT B

| RECORDS PERTAINING TO: | Patient Name |
|---|---|
| AKA: | |
| DOB: | M/D/YYYY |
| SSN: | XXX-XX-3421 |
| SCOPE: | any and all medical records. |

******** **AFFIDAVIT FOR CERTIFICATION OF RECORDS** ********

My name is _____ and I am personally acquainted with the facts herein stated:

I am the Custodian of Records of **{Location Name}**.  The _____ page(s) attached to this Affidavit are true and accurate reproductions and copies of all of the records held by this office.  These records are kept by our facility in the regular course of business, and it was in the regular course of business for an employee or representative of our facility with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the records or to transmit information thereof to be included in such record; and the record was made at or near the time of the act, event, condition, opinion or diagnosis.  The records attached hereto are the original or exact duplicates of the original.

_____   I have released an exact duplicate of the original records as requested, including but not limited to all medical records, third party records and any other written materials in my possession relating to any and all medical diagnoses, medical examinations, medical and surgical treatment or procedures, attached hereto.

_____   I have omitted or redacted the following information and/or documents from the copy of records attached:
_____
_____

_____   I have omitted or redacted the above-listed information and/or documents from the copy of records attached hereto for the following reasons:
_____
_____

**We normally destroy records after _____ years.**
I declare under penalty of perjury that the foregoing is true and correct.  Executed on _____.

_____
Custodian of Records

******** **NO RECORDS CERTIFICATION** ********

My name is _____ and I am personally acquainted with the facts herein stated:

I am the Custodian of Records of **{Location Name}.**

A thorough search of both our active and archived files, carried out under my direction revealed no documents, records or other materials called for in the authorization, for the following reason:

[  ]   All records for the time period in question have been destroyed in accordance with our document retention policy.  We normally destroy records after _____ years.

[  ]   A thorough search of both our active and archived files has been performed and no such records were found.

[  ]   Other: _____

I declare under penalty of perjury that the foregoing is true and correct.  Executed on _____.

_____
Custodian of Records

Order No. XXXXXX-XX