IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| IN RE:  Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-DGC <br><br>**[PROPOSED]** <br>**CASE MANAGEMENT ORDER NO. ___** <br>**(Deposition Protocols)** |
|---|---|

THIS DOCUMENT RELATES TO ALL CASES

Pursuant to the parties' agreement, it is **ORDERED** that the following deposition protocols shall be followed in depositions conducted in the above-referenced MDL.

A.  <u>Deposition Notices</u>

1.  This Order applies to all depositions in MDL-2641, which will be noticed and conducted pursuant to Fed. R. Civ. P. ("FRCP") 30 and this Order.

2.  This Order, in its entirety, shall be attached to any non-party subpoena or deposition notice.

B.  <u>Cross-Notices Between State Court Cases and These Proceedings</u>

Any depositions originally noticed in this MDL may be cross-noticed in any state court cases pending at the time of the deposition.

C.  <u>Number of Depositions Allowed</u>

Any Federal Rule of Civil Procedure and/or Local Rule purporting to limit the number of depositions shall not apply in this MDL proceeding.  If either side believes that the other is taking unnecessary or irrelevant depositions they may bring the issue to the Court for appropriate resolution, after first making a good faith effort to resolve the issue without the Court's involvement.

D.   Scheduling of Depositions

   1.   Absent extraordinary circumstances, counsel shall cooperate with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations in accordance with the schedule established in this case.

   2.   Lead and Liaison Counsel shall be responsible for providing posted notice of any deposition in this MDL to counsel.

E.   Location of Depositions

   The parties shall endeavor to schedule all depositions at locations within a reasonable distance from the place of residence of the deponent, or at such other location as is agreed to by all counsel involved and the deponent.

F.   Attendance at Deposition

   1.   In order to arrange for adequate deposition space, counsel wishing to attend in person a deposition noticed in MDL-2641 shall provide notice to Plaintiffs' Co-Lead Counsel or Defendants' Lead Counsel of their intention to attend in person three days in advance of the deposition. Plaintiffs' Co-Lead Counsel and Defendants' Lead Counsel shall consult two days prior to the deposition to ensure that there is adequate space for the deposition.

   2.   In the event that a party wishes to participate in a deposition remotely, that is, either by telephone or internet, that party shall notify the party noticing the deposition (either Plaintiff' Co-Lead Counsel or Defendants' Lead Counsel) two days in advance of the start of the deposition and make the arrangements necessary to participate in the deposition. Any party seeking to participate remotely must agree to be bound by applicable Protective Order in this case and agree not to re-record the deposition, by video or audio means.

   3.   While a deponent is being examined about any information subject to the Protective Order entered in this litigation, persons to whom disclosure is not authorized shall be excluded whether in person or telephonically.

1  G.	Conduct of Depositions

2      1.	There should ordinarily be no more than two examining attorneys per side, who shall confer prior to the deposition regarding the allocation of time to question. Counsel for Plaintiffs shall cooperate so that examinations by multiple attorneys for the MDL do not exceed the allotted time. Under no circumstances will Plaintiffs' failure to allocate time among themselves (or to enforce such an allocation during the deposition) result in the extension of a deposition.

    2.	All deposition objections are reserved, except as to the form of the question and the answer. Counsel shall otherwise comply with Fed. R. Civ. P. 30(c)(2) concerning objections at depositions. An objection by one party reserves the objection for all parties.

H.	Duration and Time Allocation of Deposition

    1.	The time limitations on depositions imposed by Fed. R. Civ. P. 30(d)(1) shall apply in the MDL unless the parties agree to a different time limitation in the MDL or the Court establishes a different time limitation in this Order or for a particular deposition or depositions. The Parties shall negotiate in good faith regarding any request by any Party for an extended length of time for a particular deposition. If the Parties cannot agree on the length of a deposition, a Party may move for an extension of the seven hour limit; provided that in no event may a deposition last more than seven hours in a given day absent agreement of counsel or order of this Court.

    2.	The party noticing the deposition of an opposing party, its officers, present employees, present agents, and present consultants shall be entitled to the full time allowed under Fed. R. Civ. P 30(d)(1). The deposed party (or party whose officers, employees, or agents are deposed) may extend the deposition beyond the time allowed under Fed. R. Civ. P 30(d)(1) in order to examine the witness; however, the noticing party shall presumptively be entitled to an additional amount of deposition time equal to half the time used by the extending party.

    3.	For the depositions of former employees, agents, or consultants of Bard both sides shall have the opportunity to examine the witnesses on common issues for up to a

3

1 total of eight (8) hours.  The deposition time shall be allocated as follows: six (6) hours to
2 Plaintiffs, and two (2) hours to Bard.  If Bard believes unusual circumstances exist to alter
3 the allocation of time, it shall notify Plaintiffs' Co-Lead Counsel not later than ten (10)
4 days prior to the deposition date and the parties shall meet and confer as to whether to
5 reallocate time and, if so, on the reallocation.

   4. For all other fact witnesses, both sides shall have equal time to examine the witnesses.

   5. Depositions should normally be completed by no later than 7:30 p.m. on the date noticed.  If for some reason the deposition cannot be completed by 7:30 p.m., the parties and the witness may agree to extend the deposition beyond 7:30 p.m.  However, if both parties and the witness are not in agreement to extend the deposition beyond 7:30 p.m., the parties and witness shall meet and confer regarding the date and time for completion of the deposition.

I. <u>Supplemental Depositions</u>

   Each Party not present or represented at a deposition (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court) may, within thirty (30) days after the delivery of the deposition transcript by the court reporter (or within sixty (60) days after becoming a party in this Court in any action that is a part of this litigation), request permission to conduct a supplemental deposition of the deponent.  If permitted, the deposition shall be treated as the resumption of the deposition originally noticed.  Supplemental depositions may not be taken without leave or court or agreement of the parties.

J. <u>Deposition Disputes</u>

   Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule, require rescheduling of the deposition, or possibly result in the need to conduct a supplemental deposition, shall be presented to the Court by telephone. In the event the Court is not available, the parties will continue with the deposition making a full reservation of rights

4

1 on the record concerning the dispute at issue to preserve it for a ruling by the Court at the
2 earliest possible time.