Robert W. Boatman (009619)
Paul L. Stoller (016773)
Shannon L. Clark (019708)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
rwb@gknet.com
paul.stoller@gknet.com
SLC@gknet.com

Ramon Rossi Lopez (CA Bar No. 86361)
(admitted *pro hac vice*)
LOPEZ McHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
rlopez@lopezmchugh.com
*Co-Lead/Liaison Counsel for Plaintiffs*

James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
E-Mail: jcondo@swlaw.com
           asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
Nelson Mullins Riley & Scarborough, LLP
201 17th St. NW, Suite 1700
Atlanta, GA 30363
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com
*Attorneys for Defendants C. R. Bard, Inc.
and Bard Peripheral Vascular, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Bard IVC Filters Products Liability Litigation | NO. MD-15-02641-PHX-DGC<br><br>**STIPULATION AND JOINT SUBMISSION REGARDING BELLWETHER SELECTION PROCESS** |

In accordance with this Court's request at the March 31, 2016 case management conference and as provided in Section II of Case Management Order No. 10 (Doc. 1319), the parties jointly provide this submission regarding a stipulated case management order governing the bellwether selection process and fact sheets and procedures for dealing with the issue of *Lexecon* waivers.

**I.     Stipulated Case Management Order for Bellwether Selection and Fact Sheets**

Exhibit 1 to this filing is a stipulated form of case management order for the bellwether selection process.

**II.     Parties' Positions Regarding *Lexecon* Waivers**

Ideally, the parties would prefer that the Court exercise its ability to seek cross-designation to sit as judge in transferor districts under 28 U.S.C. § 292(b) and (d) for those cases in which both parties do not waive *Lexecon*.

If the Court is inclined to require *Lexecon* waiver for cases included in the bellwether process, the parties jointly suggest that the court include the following provision as Subsection C. under Section II (PFS/DFS Group 1) in the attached proposed case management order for the bellwether selection process:

C.     It is important for the use of the bellwether process that is contemplated by this Order that both sides waive applicable venue and forum non conveniens challenges for the cases in **PFS/DFS Group 1** and stipulate that the initial scheduled trials can be conducted in the District of Arizona without remanding any case to the transferor forum under *Lexecon v. Milberg Weiss* ("Lexecon Waiver").  Accordingly, the selection of any case for inclusion in **PFS/DFS Group 1** constitutes a Lexecon Waiver by the side/party selecting the case.  Upon receipt of the list of cases from opposing counsel, each side will have five (5) business days to notify the other side if they do not agree to waive Lexecon with respect to any of the cases selected by the other side.  Plaintiffs' Co-Lead Counsel and the Plaintiffs' Steering Committee shall use best efforts to secure a Lexecon Waiver for any case selected to be included in **PFS/DFS Group 1** by Defendants.  Defendants'

2

counsel shall use best efforts to secure a Lexecon Waiver by Defendants for any case selected to be included in **PFS/DFS Group 1** by Plaintiffs.

If a plaintiff in a case selected for inclusion in **PFS/DFS Group 1** by Defendants does not provide a Lexecon Waiver, the plaintiff or his/her counsel shall show cause why a Lexecon Waiver is not being made.  If Defendants do not provide a Lexecon Waiver for any case selected for inclusion in **PFS/DFS Group 1** by Plaintiffs, Defendants' counsel shall show cause why a Lexecon waiver is not being made in that particular case.  Any party required to show cause must appear in person or by telephone before the Court to explain why a Lexecon Waiver may not be made in the particular case.

For any case removed from **PFS/DFS Group 1** because the Court determines that a Lexecon Waiver is not possible, the side that selected the case shall have the right to select a replacement case within five (5) business days following the Court's determination.  Thereafter, the parties shall proceed with the Lexecon Waiver process under this Section for that particular case.

DATED this 15th day of April 2016.

| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR DEFENDANTS |
|---|---|
| /s/    Paul L. Stoller<br>Robert W. Boatman<br>Paul L. Stoller<br>Gallagher & Kennedy PA<br>2575 E Camelback Road, Suite 1100<br>Phoenix, AZ  85016-9225<br><br>Ramon R. Lopez (admitted pro hac vice)<br>Lopez McHugh LLP<br>100 Bayview Circle, Suite 5600<br>Newport Beach, CA  92660<br><br>*Co-Lead/Liaison Counsel for Plaintiffs* | /s/    Richard B. North, Jr.<br>James R. Condo<br>Amanda C. Sheridan<br>Snell & Wilmer<br>One Arizona Center<br>400 E. Van Buren<br>Phoenix, AZ  85004-2202<br><br>Richard B. North, Jr. (admitted *pro hac vice*)<br>Nelson Mullins Riley & Scarborough LLP<br>201 17th St. NW, Suite 1700<br>Atlanta, GA 30363<br><br>*Attorneys for Defendants*<br>*C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of April, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

                                    */s/  Deborah Yanazzo*
                                    Deborah Yanazzo

5375025/26997-0001