

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

IN RE: BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION,

No. 2:15-MD-02641-DGC

**[PROPOSED] CASE MANAGEMENT ORDER NO. __**
**(Bellwether Selection Process)**

Pursuant to the agreement of the parties, the Court enters this Case Management Order No. __ regarding the process for the selection of and discovery in first set of bellwether cases for this MDL.

**I. Initial Plaintiff Pool**

A. The **Initial Plaintiff Pool** for this bellwether process includes all cases filed and properly served upon Defendants in MDL 2641 as of April 1, 2016.[1]

B. The parties will provide Plaintiff Profile Forms ("PPF") and Defendants Profile Forms ("DPF") for each of the **Initial Plaintiff Pool** cases. For purposes of the **Initial Plaintiff Pool** cases, the deadlines established in CMO No. 5 (Doc. 365) will be expedited. All Plaintiff Profile Forms for cases in the **Initial Plaintiff Pool** must be served within thirty (30) days of filing and service, and in no event later than May 1, 2016; and the Defendants Profile Forms shall be served within forty (40) days after the

[1] The **Initial Plaintiff Pool** does not, however, include those cases which make up the group of "Mature Cases" referenced in Case Management Order No. 8, Para. I (C) [Doc. 519], with the exception of the Conn, Milton, and Mintz cases, which the Court removed from that list in Case Management Order No. 10 [Doc. 1319].

date of receipt of the PPF and, in no event later than June 9, 2016. Cases filed after April 1, 2016 shall continue to be governed by the deadlines established in CMO No. 5 (Doc. 365). In order to make the process as efficient as possible, the parties shall provide their PPFs and DPFs on a rolling basis, as they are completed.

**II. PFS/DFS Group 1**

A. By not later than June 29, 2016, the parties shall make a simultaneous exchange of lists identifying twenty-four (24) representative cases each. Those forty-eight (48) cases shall constitute **PFS/DFS Group 1**. The lists exchanged by the parties shall be organized alphabetically by plaintiffs' last name and shall include the civil action number for each case.

B. Should Plaintiffs and Defendants select one or more of the same cases among their twenty-four (24) cases selected for **PFS/DFS Group 1**, thus resulting in a total pool of fewer than forty-eight (48) plaintiffs, the parties will alternate to identify additional plaintiffs to bring the pool to forty-eight (48), with Plaintiffs having the first selection. The parties shall make simultaneous exchange of the additional selections to complete the pool within 3 days of the initial simultaneous exchange set forth above.

**III. Plaintiff Fact Sheets (PFS) and Defendants Fact Sheets (DFS)**

A PFS and a DFS will be completed for each case in **PFS/DFS Group 1**.

A. Timing of services of Fact Sheets

Plaintiffs shall serve on counsel for Defendants all PFS for the **PFS/DFS Group 1** by no later than July 29, 2016.

Defendants shall serve on Plaintiffs' Co-Lead/Liaison Counsel the DFS for a particular matter no later than thirty (30) days after service of the PFS and all DFS shall be served by no later than August 29, 2016.

The parties shall provide completed PFS/DFS on a rolling basis as they are completed.

B. Completion of Fact Sheets

A completed PFS and DFS shall be considered interrogatory answers under Fed. R. Civ. P. 33, responses to requests for production under Fed. R. Civ. P. 34, and will be governed by the standards applicable to written discovery under Fed. R. Civ. P. 26 and Fed. R. Civ. P. 37. The PFS and DFS questions and document requests shall be answered without objection. This section does not prohibit a party from withholding or redacting information based on a recognized privilege; however, if information is withheld or redacted, the party so withholding or redacting information shall provide opposing party with a privilege log.

The parties will provide a PFS or DFS that is substantially complete in all respects. "Substantially complete in all respects" requires that:

(a) Every question in the PFS or DFS be answered, even if a party can only answer the question in good faith by indicating "not applicable" or "I don't know";

(b) Plaintiffs shall provide the requested records authorizations accompanying the PFS;

(c) The parties will produce the documents requested in the PFS and DFS, or provide a statement certifying that there are no responsive documents; and

(d) Plaintiffs shall sign the PFS and provide verification that the information contained therein is true and correct to the best of Plaintiff's knowledge, information, and belief, formed after due diligence and reasonable inquiry. If a plaintiff is suing in a representative or derivative capacity, the PFS shall be completed by the person with the legal authority to represent the estate or the person under legal disability. Plaintiff spouses with a claim for loss of consortium shall also sign the PFS, attesting that the responses made to the loss of consortium questions in the PFS are true and correct to the best of his or her knowledge, information, and belief, formed after due diligence and reasonable inquiry.

C. Fact Sheet Deficiencies

If a plaintiff fails to timely submit a PFS, or submits a PFS within the allotted time which Defendants deem not to be substantially complete, Defendants shall mail an overdue/deficiency letter by e-mail and U.S. mail to Plaintiffs' Co-Lead Counsel and the plaintiff's individual representative counsel, stating whether the PFS is overdue or deemed deficient, in which case the letter shall identify the purported deficiencies. The letter shall include sufficient detail for the parties to meet and confer regarding the alleged deficiencies. The plaintiff receiving such deficiency letter shall have fifteen (15) days from receipt of that letter to meet and confer in an effort to resolve the dispute. Should the meet-and-confer process not resolve the dispute, the parties shall arrange a call with the Court to resolve it.

Similarly, if Defendants do not submit a DFS within the time specified in this Order, or submit a DFS within the allotted time which Plaintiffs deem not to be substantially complete, Plaintiffs shall mail an overdue/deficiency letter by e-mail and U.S. mail to Defendants' Lead Counsel, stating whether the DFS is overdue or deemed deficient, in which case the letter shall identify the purported deficiencies. The letter shall include sufficient detail for the parties to meet and confer regarding the alleged deficiencies. Defendants shall have fifteen (15) days from receipt of such a letter to meet and confer in an effort to resolve the dispute. Should the meet-and-confer process not resolve the dispute, the parties shall arrange a call with the Court to resolve it.

C. Records Discovery in **PFS/DFS Group 1**

Records discovery for PFS/DFS Group 1 will proceed in accordance with the separate Case Management Order relating to Joint Records Collection to be entered by the Court.

Upon receipt of a plaintiff's PFS, Defendants may commence immediately to obtain records for that plaintiff pursuant to the provisions for the records vendor process.

**IV. Discovery Group 1**

A. Selection Process

1. By December 9, 2016, the parties shall exchange lists of ten (10) cases, selected in a manner consistent with the goal of identifying representative cases. The parties can each designate four (4) cases on those lists for automatic inclusion in **Discovery Group I**. After exchange of lists, the parties will meet and confer in an effort to identify from the exchanged lists the remaining four (4) additional cases that will be included in **Discovery Group 1.** By December 16, 2016, the parties will complete their meet and confer process and submit to the Court a list of twelve (12) cases they jointly recommend as **Discovery Group 1**.

2. On December 16, 2016, the parties shall file a joint submission identifying each of Plaintiffs' and Defendants' selections of cases as well as all additional cases on which the parties have agreed for inclusion in **Discovery Group 1**. If the parties are unable to agree upon all four (4) additional cases for **Discovery Group 1**, they shall on December 16, 2016 each submit to the Court, outside of the ECF system, their proposed list of additional cases to include in **Discovery Group 1** with a memorandum in support of their selections. Within seven (7) business days of such submission, the parties may submit a response to the opposing party's memorandum regarding selection of cases. The Court will then select the remaining cases to be included in the twelve (12) cases to constitute **Discovery Group 1**.

3. **Discovery Group 1** will be governed by a scheduling order and case management order that will be determined at the time the group is selected. The parties will meet and confer in an effort to agree upon such scheduling order.

**V. Bellwether Group 1**

A. Selection Process

1. The initial bellwether cases for trial will be selected from **Discovery Group 1**.

2. After having met and conferred, and by March 1, 2017, the parties shall exchange lists of six (6) proposed selections from **Discovery Group 1** for bellwether plaintiffs, and order of trials. The parties will meet and confer in an effort to agree upon a group of six (6) cases to constitute **Bellwether Group 1,** which shall be done in a manner consistent with achieving the goal of proportionate identification of representative cases. If the parties are unable to agree on six (6) cases, the parties shall submit to the Court, outside of the ECF system, by March 5, 2017, their proposed lists and a memorandum in support of their selections and in opposition, if applicable, to the opposing party's selections. Within seven (7) business days of such submission, the parties may submit a response to the opposing party's memorandum regarding selection of cases. The parties propose that the Court then select the final group of six (6) cases to form **Bellwether Group 1**.

3. **Bellwether Group 1** will be governed by a scheduling order and case management order that will be determined at the time the group is selected. The parties will meet and confer in an effort to agree upon such scheduling order with the goal of completing remaining case-specific discovery as close as possible to the completion of common-issue discovery.

B. Remedies for Diminishment of Discovery Group and/or Bellwether Group 1.

1. Should Plaintiffs withdraw, settle, or dismiss without prejudice a case from **Discovery Group 1**, such case will be replaced. The party that originally designated the eliminated case shall select the replacement. However, if the eliminated case was one of the cases chosen by the Court, the Court will select the

substitute cases from a list of four (4) cases nominated by the parties (two from Plaintiffs and two from Defendants).

2. Should Plaintiffs withdraw, settle, or dismiss without prejudice a case from **Bellwether Group 1**, such case will be replaced by a case from **Discovery Group 1** selected by the Court from a list of four (4) cases nominated by the parties (two from each side).

**VI. Future Discovery and Bellwether Groups.**

The selection, discovery, and trial of future bellwether cases will be the subject of a future case management order or orders.