1   James R. Condo (#005867)
    Amanda Sheridan (#005867)
2   SNELL & WILMER L.L.P.
    One Arizona Center
3   400 E. Van Buren
    Phoenix, AZ 85004-2204
4   Telephone: (602) 382-6000
    jcondo@swlaw.com
5   asheridan@swlaw.com

6   Richard B. North, Jr. (admitted *pro hac vice*)
    Georgia Bar No. 545599
7   Matthew B. Lerner (admitted *pro hac vice*)
    Georgia Bar No. 446986
8   NELSON MULLINS RILEY & SCARBOROUGH LLP
    Atlantic Station
9   201 17th Street, NW, Suite 1700
    Atlanta, GA  30363
10  Telephone: (404) 322-6000
    richard.north@nelsonmullins.com
11  matthew.lerner@nelsonmullins.com

12  *Attorneys for Defendants*
    *C. R. Bard, Inc. and*
13  *Bard Peripheral Vascular, Inc.*

14

15              IN THE UNITED STATES DISTRICT COURT

16              FOR THE DISTRICT OF ARIZONA

17

18  IN RE: Bard IVC Filters Products Liability          MDL NO. 15-02641-PHX-DGC
    Litigation
19
    This Document Relates to:
20
    PAMELA NOTERMAN, an individual,
21
                    Plaintiff,
22                                                       Case No. CV-15-01714-PHX-DGC
    v.
23
    C. R. BARD, INC., a New Jersey                       **DEFENDANTS' MEMORANDUM OF**
    Corporation; AND BARD PERIPHERAL                     **LAW IN OPPOSITION TO**
24  VASCULAR INC., (a subsidiary and/or                  **PLAINTIFF'S MOTION FOR LEAVE**
    Division of Defendant C. R. BARD, INC.)              **TO AMEND COMPLAINT**
25  an Arizona Corporation,
26                  Defendants.
27
28

## I.  INTRODUCTION

The Court should deny the plaintiff's Motion to Amend the Complaint (the "Motion")[1] because the Complaint is a legal nullity and, therefore, cannot be amended. Suit was filed in Plaintiff Pamela Noterman's name on February 13, 2015 against Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard") for personal injuries allegedly sustained from a Bard G2®X inferior vena cava filter (the "Filter"). The suit was served on June 11, 2015. The style of the Complaint lists "PAMELA NOTERMAN, an individual" as the plaintiff. At the time the Complaint was filed, however, the plaintiff had been deceased for over nine months. Because a deceased party cannot be party to a legal proceeding, the Complaint is void *ab initio* and, as a nullity, cannot be amended. Bard therefore respectfully requests that the Court deny the plaintiff's Motion and dismiss the Complaint.

## II.  FACTUAL BACKGROUND

Ms. Noterman's lawsuit asserts negligence, strict liability, breach of warranty, negligent misrepresentation, and punitive claims against Bard in connection with injuries she alleges resulted from the Filter. (*See* Complaint *generally*). The Filter was implanted at Naples Community Hospital in Naples, Florida on or about November 5, 2009. (*Id.* at ¶ 51). Subsequently, in February 2011, the plaintiff presented to Lakewood Ranch Medical Center in Bradenton, Florida with chest pains, and subsequent diagnostic testing revealed that the Filter had fractured. (*Id.* at ¶ 53). Specifically, the Complaint alleges that, although the Filter was successfully retrieved, a fractured strut remained in her body "causing [the plaintiff] anxiety, stress, anxiousness, and constant worry [and] physical and emotional pain." (*Id.* at ¶

---

[1] Bard notes that the Motion does not contain a memorandum of law in support thereof, although such a memorandum is required by Local Rule 7.2(b). Instead, the plaintiff simply attached an affidavit admitting that Pamela Noterman had been deceased for nine months at the time the Complaint was filed in her name, indicating that this is the plaintiff's first attempt to amend the Complaint, and concluding that amendment should be allowed. Because the legal foundation for the plaintiff's position is unclear, this Memorandum in Opposition may not respond to every legal theory the plaintiff will attempt to marshal in support of the Motion. Bard therefore respectfully requests that either the Court allow Bard a surreply to respond to any legal theories not discussed herein employed by the plaintiff in her reply or that the Court disallow the plaintiff a reply.

54-6). The Complaint further avers that, as a result of the implantation of the Filter, she "is no longer able to sustain the active lifestyle that she enjoyed prior to the time when she was treated with the G2®X Filter" and that she "continues to suffer from physical and emotional pain, including but not limited to chest pains." (Compl. at ¶ 56).

The Complaint was filed on February 13, 2015 and served on June 11, 2015 (*Id.*), but the plaintiff passed away on May 6, 2014.[2] As such, Ms. Noterman had been dead for nine months before the Complaint was filed in her name and for over a year before the Complaint was served on Bard. Bard was only made aware of Ms. Noterman's passing when it received her plaintiff profile form in this matter on February 15, 2016.

On March 11, 2016, Bard filed a motion to dismiss the Complaint as a legal nullity. (ECF No. 1072). The plaintiff's attorneys failed to file a response to Bard's motion to within the fourteen-day timeframe established by Local Rule 7.2(c), but on April 4, 2016, the plaintiff's attorneys filed a Motion for Leave to Amend the Complaint.

## III.   ANALYSIS

Amendment of the Complaint is improper, and impossible, because the Complaint is a legal nullity. Accordingly, Bard respectfully requests that the Court deny the plaintiff's Motion for Leave to Amend and dismiss the Complaint as void *ab initio*.

The plaintiff cannot amend her Complaint because it is a legal nullity and there is simply nothing to amend. "Only a real party in interest has the capacity to bring a lawsuit." *In re Engle Cases*, No. 3:09-CV-10000-J-32, 2013 WL 8115442, at *2 (M.D. Fla. Jan. 22, 2013) *aff'd*, 767 F.3d 1082 (11th Cir. 2014); *Tennyson v. ASCAP*, 477 F. App'x 608, 610 (11th Cir.2012) (citing Fed. R. Civ. P. 17(a), (b)). "The capacity doctrine relates to the issue of a party's personal right to litigate in federal court'" and presents a jurisdictional issue to the court. *In re Engle*, 2013 WL 8115442, at *2 (quoting *Glickstein v. Sun Bank/Miami, N.A.*, 922 F.2d 666, 670 (11th Cir.1991), *abrogated on other grounds, Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 963 (11th Cir.2001)). "[A] party must have a legal existence as a

---

[2] *See* Copy of Death Certificate for Pamela Noterman, attached hereto as <u>Exhibit A</u>.

1    prerequisite to having the capacity to sue or be sued." *Adelsberger v. United States*, 58 Fed.

2    Cl. 616, 618 (Fed. Cl. 2003) ("The question presented is whether an action can be initiated in

3    the name of a deceased person. We think the answer is plainly, 'no.'"). Indeed, under Florida

4    law, a deceased individual cannot be a party to a lawsuit. *Xtra Super Food Ctr. v.*

5    *Carmona*, 516 So.2d 300, 301 (Fla. 1st DCA 1987). Here, however, the Complaint was filed

6    on behalf of Pamela Noterman in her individual capacity, despite the fact that she had been

7    deceased for nine months. Hence, the Complaint is a nullity, leaving nothing for the plaintiff

8    to seek leave to amend. *See In re Engle*, 2013 WL 8115442, at *2.

9           In *Engle*, the United States District Court for the Middle District of Florida addressed

10   the specific issue before the Court under federal procedural law and Florida substantive law.

11   There, the court refused to permit amendment of complaints filed on behalf of dead plaintiffs

12   and dismissed those complaints as legal nullities. As is the case here, in *Engle*, well after suit

13   was filed on behalf of a group of plaintiffs, discovery revealed that 521 of those plaintiffs had

14   died before their cases were even filed. *Id.* at *1. Upon learning that the plaintiffs were

15   deceased at the time their cases were filed, the defendants moved to dismiss, contending that

16   "the cases were, and are, 'legal nullities' and the 'law permits no other result.'" *Id.* The

17   plaintiffs conceded that they had filed cases in the name of dead parties, but argued that their

18   mistake was "a pleading deficiency related to the capacity of the plaintiff, rather than a

19   jurisdictional defect" and asked the court to allow them to amend the complaint to substitute

20   the proper party plaintiff. *Id.* The district court refused to allow amendment, holding that

21   filing a case on behalf of a deceased individual was not a pleading deficiency, but that

22   "personal injury actions filed in the name of deceased smokers are nullities." *Id.* at *2.

23   Indeed, the court in *Engle* explicitly recognized that "substitution and amendment may be

24   proper under Rules 17, 25, or 15" under certain circumstances "where the proper cause of

25   action was alleged but the plaintiff lacks capacity," but held that "such circumstances do not

26   exist" where "the plaintiffs died *before* counsel filed suit." *Engle*, 2013 WL 8115442 at *4

27   (emphasis in original). The court therefore dismissed the cases. *Id.*

28

Consistent with *Engle*, federal and state courts interpreting other states' laws have routinely held that cases filed naming deceased parties are nullities, which cannot be amended. *E.g., Banakus v. United Aircraft Corp.*, 290 F.Supp. 259, 260 (S.D.N.Y.1968) (Since [the plaintiff] was dead when the action for personal injuries was commenced, that action must be treated as a nullity" and, therefore, "there were no claims capable of amendment"); *Garlock Sealing Techs., LLC v. Pittman*, No. 2008-IA-01572-SCT, 2010 WL 4009151, at *4 (Miss. Oct. 14, 2010) (holding that when an original complaint is a nullity, "there is simply nothing to amend"); *Black Canyon Citizens Coalition, Inc. v. Bd. of County Comm'rs of Montrose County*, 80 P.3d 932, 933–35 (Colo.App.2003) (suit filed in the name of a nonexistent corporation deemed void *ab initio* and any attempt to cure a defect in such suit "failed as a matter of law"); *Mathews v. Cleveland*, 159 Ga.App. 616, 617, 284 S.E.2d 634, 636 (1981) ("where an action is brought in the name of a plaintiff who is dead, the complaint may not be amended by substituting a plaintiff having capacity to sue."); *Levering v. Riverside Methodist Hosp.*, 2 Ohio App.3d 157, 159, 441 N.E.2d 290, 291 (Ohio App.1981) (complaint declared a nullity where plaintiff died prior to its filing, and amendment not permitted because the original complaint was a nullity, not a "pleading"); *Gregory v. DiCenzo*, 713 A.2d 772, 775 (R.I. 1998) (disallowing amendment, reasoning that neither Rhode Island rule allowing for amendment of pleadings "has any applicability in circumstances in which a complaint is brought in the name of a deceased person."); *Adelsberger*, 58 Fed.Cl. at 618–19 (refusing to allow amendment of an action brought in the name of a deceased individual, as a nullity); *Williams v. Travelers Property & Casualty of America*, 2007 WL 1299245 (Conn. Super. Ct. Apr. 13, 2007); *McCormick v. Illinois Central Railroad Company*, 2009 WL 1392575 (Tenn. Ct. App. May 19, 2009) ("because [the named plaintiff] was deceased when the complaint was filed on his behalf, the suit was a nullity, and thus not amenable to substitution.").

The issue decided in *Engle* and the other cases cited above is identical to the issue presented in the plaintiff's Motion, and those cases control here. Courts have consistently held

1  that complaints filed on behalf of deceased plaintiffs are nullities, which, contrary to the

2  plaintiff's arguments, "no substitution or amendment can save", but which must be dismissed.

3  *Engle*, 2013 WL 8115442 at *4. The result should be no different here. Because the

4  Complaint was brought on behalf of Pamela Noterman in her individual capacity, despite the

5  fact that she had been deceased for nine months, the Complaint is void *ab initio* and cannot be

6  amended. Hence, Bard respectfully requests that the Court deny the plaintiff's Motion and

7  dismiss the Complaint with prejudice.

8      **IV.    CONCLUSION**

9          Because the Complaint named Pamela Noterman as the plaintiff, despite the fact that

10  she was deceased at the time of filing, the Complaint is a nullity. As a legal nullity, there is

11  nothing for the plaintiff to amend and, therefore, Bard respectfully requests that the Court

12  deny the plaintiff's Motion for Leave to Amend and dismiss the Complaint with prejudice.

13          This 18th day of April, 2016.

14

15                                         s/Richard B. North, Jr.
                                           Richard B. North, Jr.
16                                         Georgia Bar No. 545599
                                           Matthew B. Lerner
17                                         Georgia Bar No. 446986
                                           NELSON MULLINS RILEY & SCARBOROUGH LLP
18                                         Atlantic Station
                                           201 17th Street, NW / Suite 1700
19                                         Atlanta, GA  30363
                                           PH: (404) 322-6000
20                                         FX: (404) 322-6050
                                           richard.north@nelsonmullins.com
21                                         matthew.lerner@nelsonmullins.com

22                                         James R. Condo (#005867)
                                           Amanda Sheridan (#005867)
23                                         SNELL & WILMER L.L.P.
                                           One Arizona Center
24                                         400 E. Van Buren
                                           Phoenix, AZ 85004-2204
25                                         PH: (602) 382-6000
                                           jcondo@swlaw.com
26                                         asheridan@swlaw.com

27                                         **Attorney for Defendants C. R. Bard, Inc. and**
                                           **Bard Peripheral Vascular, Inc.**

28

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 18, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to all counsel of record.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com