**EXHIBIT B**

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**
**EAST COUNTY**

**MINUTE ORDER**

DATE: 11/05/2013                TIME: 04:08:00 PM         DEPT:  E-14
JUDICIAL OFFICER PRESIDING: Eddie C Sturgeon
CLERK:  Joan Sturgeon
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT:

CASE NO: **37-2011-00069363-CU-PO-EC**   CASE INIT.DATE: 08/05/2011
CASE TITLE: **Giordano vs. CR Bard Inc**
CASE CATEGORY: Civil - Unlimited    CASE TYPE: PI/PD/WD - Other

**APPEARANCES**

There are no appearances by any party.

**RULING ON MOTION REGARDING PRIVILEGE LOG**

On September 6, 2013, the court allowed further briefing on whether defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.'s (collectively "Bard") were required to revise their privilege log. No further argument was allowed, but the court allowed the issue to be supplementally briefed.  The court, after reviewing the additional pleadings, enters the following order:

Plaintiff Mary Giordano's request for production of documents for an in camera review of  Bard's documents is granted, in part.  Bard shall provide for an in camera inspection documents numbers 1 (1304), 4 (1243), 7 (336), 8 (1991) and 9 (1992).  Bard may also submit a supporting declaration and correct the typographic error for document number 3 (155). No further response is required to document numbers 2, 3, 5 and 6.

Plaintiff has challenged Bard's privilege log.  Bard amended its responses after multiple meetings.  This court has reviewed the published order by United States Magistrate Judge William G. Cobb, after denying plaintiff's motion for reconsideration, entered in the United States District Court, Nevada Division, in Phillips v. C.R. Bard, Inc. (D. Nev. 2013) 290 F.R.D. 615 ("Phillips").  Notwithstanding that plaintiff contends that Bard has argued that each case must be considered separately for discovery purposes, the Nevada court has extensively reviewed and considered many of the same documents presented in this case.  Given that the Nevada court has had the opportunity to review the actual documents and the similarity between the California, federal and Nevada cases, the court adopts the findings of Phillips.

First, although the court has the discretion to order that Bard correlate its responses in the privilege log and the corresponding discovery request, the facts in this case support that further revision would present a substantial burden on Bard.  Nonetheless, this court will review additional documents to determine whether Bard's privilege logs confirm Bard's characterization of privilege, even after the multiple revisions.  However, at this time, Bard is not required to revise its privilege log to provide more

Case 2:15-md-02641-DGC   Document 1476-2   Filed 04/18/16   Page 3 of 6

| CASE TITLE: Giordano vs. CR Bard Inc | CASE NO: **37-2011-00069363-CU-PO-EC** |

information to allow plaintiff to evaluate the merits of Bard's claims.

Plaintiff provides nine (9) further examples of what she describes as inadequate. For the purposes of the 9 examples, the court finds that there has been no waiver of the privilege based upon the same reasoning set forth by Judge Cobb. Plaintiff in her points and authorities did not specifically number the documents. However, both the opposition and the reply cite document numbers. The identification in the reply will control.

**Document 1 (#1304). Defendant should provide this document for in camera review.**

Khoi Ta is the intellectual property attorney who authored "email and attachments regarding legal advice about revised presentation." It was given to 12 employees who were in the sphere of patents and/or intellectual property, according to Bard. However, in order to determine this, plaintiff was required to review in alphabetical order Bard's exhibit D. Khoi Ta is listed as the intellectual property attorney under "T", but Bard refers to him as "Khoi" in parts of the opposition.

Bard claims that once it has shown a communication between the client and his or her lawyer made in the course of the attorney client relationship, it is presumed to be confidential, citing Costco Wholesale Corp. v. Superior Court (2009) 47 Cal.4th 725, 733. Bard has shown that it has a corporate policy to not share emails beyond employees who need the information to perform their job function. (Ex. E to Lerner decl., Passero decl., ¶5.)

Bard asserts that its dominant purpose of the advice was legal in nature because Ta revised a PowerPoint presentation and gave his legal advice concerning numerous Bard inventions and patent dispositions. This is not under oath, a factor that Nevada court emphasized in ordering production. In the reply, plaintiff contends that the opposition clarified that it was actually created by unidentified persons and was forwarded to Ta for editing. Plaintiff provided a declaration that Ta was listed as a member of research and development, not the law department in the organizational chart. (Brenes supplemental decl., Ex. A, organizational chart.)

It is impossible to determine whether the primary purpose of the revision of the power point was for a business purpose or giving legal advice. As explained by the court in In re Vioxx Products Liability Litigation (E.D. La. 2007) 501 F.Supp.2d 789, 802:

In attempting to make an assessment of the nature of a lawyer's services, we generally concluded that when lawyers are examining and commenting upon a legal instrument, like a patent application, contract for a study, or the retention of experts, lawyers historically have assisted with clarity, grammar, consistency, and organization. We had a particular problem, however, when lawyers made extensive grammatical, editorial, and word choice comments on non-legal type communications like scientific reports, articles, and study proposals. Often, paragraphs of a report were deleted and new materials were added. We could not see the legal significance of these comments and changes and insisted that Merck explain how the lawyers were primarily rendering legal advice on the document as a whole. Of course, when only portions of a lawyer's communications were excised, each comment was judged on its own merits relative to its legal nature. (Emphasis court's.)

The court orders an in camera review of document 1 because it may have been created for a non-legal purpose and no declaration was provided.

**Document 2 (#06)-No further production is required.**

Document 06, dated July 15, 2005, was from the office of general counsel, Pat Rodewald, which Bard claims is under attorney-client privilege. It is a portion of a fax from the General Counsel, regarding a corporate copy approval form and FAA (Facts & Questions) documents related to vena cava filter with legal advice from attorney Passero, and provided to employees who needed the information.

Plaintiff claims that there were revisions made by non-lawyers, and that it was seen by more than just Wodewald. Passero is assistant general counsel, and Judge Cobb relied heavily on Passero's declarations, supporting that she acts primarily giving legal, rather than business, advice. Her declaration states that she provides a variety of legal services and counsel to the corporation. (DNOL, Ex. E, Passero decl., ¶4.) "Those communications and legal advice often pertain to, but are not necessarily limited to, advice about product complaints, unlitigated claims, potential litigation, ongoing litigation, reports of adverse events..." (Ibid.) It is only a portion of the fax, supporting that legal advice was given, and only the hand written portions removed, and exchanged. No further production is required.

**Document 3 (#155)-Bard should correct its typographical error and place the facts under oath.**

Document 155, dated April 7, 2005, from Mickey Graves (senior engineer) to Khoi Ta, (IP attorney) is described as a memo regarding a patent clearance opinion. Bard claims attorney-client and work product privileges. Plaintiff claims it is not protected by attorney-client privilege, but does not challenge the work product. Thus, it is deemed protected under work product privilege. Bard asserts that there was a typographical error as it was drafted by Ta, but that statement is not placed under oath. Bard asserts that patent clearance opinions involve analysis of filed patents and their relation to potential Bard products, which are entirely legal in nature. It was only given to one engineer employee. Bard should correct its typographical error and place the facts under oath.

**Document 4 (#1243) Given the wide dissemination prior to contacting the attorney, the document should be produced for the court's inspection.**

Document 1243, dated September 4, 2009, was written by Brian Hudson to Jim Beasley, Robert Carr, Greg Dadika (attorney), Richard North (attorney) and 9 others. It is an email and attachment regarding filter complaint tracking created in furtherance of ongoing litigation. Bard claims work product and attorney client privilege. Plaintiff contends that Bard was required to and did conduct ongoing complaint tracking as part of their responsibilities.

Given the wide dissemination prior to contacting the attorney, the document should be inspected because Bard did not provide a declaration setting forth facts supporting its position that the communication was for legal advice. It is impossible to determine whether the documents are witness statements merely because a consultant was also sent a copy of the document.

**Documents 5 and 6 (#025, 026)-no further response is necessary.**

Document 025 is an email from Dr. Lehmann to attorney Passero on April 17, 2004, responding to a request for information from Passero for the purposes of providing legal advice. Copies were given to five employees. Document #026 is an email from recipient Barry to Lehman dated two days later responding to and reflecting the request for information from Passero.

Plaintiff contends that due to the lack of a declaration, Bard has failed to show that the dominant

Case 2:15-md-02641-DGC   Document 1476-2   Filed 04/18/16   Page 5 of 6

| CASE TITLE: Giordano vs. CR Bard Inc | CASE NO: **37-2011-00069363-CU-PO-EC** |

purpose was for legal advice, rather than business, since a normal part of the business was to create a remedial action plan, and a health hazard evaluation ("HHE") in response to device failures. Bard has stated that it has provided the HHEs and the Phillips opinion reflects that the HHEs were provided.

Judge Cobb gave great deference to the reports of Lehmann, who was retained by the legal department. Because it is undisputed that plaintiff obtained copies of the final HHE, notwithstanding that no additional declaration was provided, no further production is required.

**Document 7 (336)-Bard shall produce this document for an in camera review.**

Document 7 is an email "containing information prepared to assist counsel in providing legal advice" dated October 10, 2005, Annette Everett (customer service manager in the sales department) prepared the document and sent it to Richard Bliss, a consultant temporarily acting as head of quality assurance, Gin Schultz, and Toole (manager of quality assurance), and Jones, the executive assistant.

This document should be produced as it is between non-lawyers, no declaration was prepared by Bard, and it is too vague to determine what type of document it is.

**Document 8 (1991)- Bard shall produce this document for an in camera review.**

Document 1991 is a September 25, 2006 email from Natalie Wong to Harmison and Klocke "reflecting legal advice of Judith Reinsdorf (attorney) and Ed Basile (attorney) about audit report" provided to employees who needed the information.

Plaintiff is correct that the correspondence was between non-lawyers only, with no declaration. Bard has not met its burden.

**Document 9 (1992) Bard shall produce this document for an in camera review.**

Document 1992 is an October 15, 2007 email from John Van Vleet to Hudnall and Klocke, with a copy to Rutter regarding legal advice from Stephen Long (attorney) about the review of a vena cava filter manuscript provided to employees who needed the information.

Again, plaintiff is correct that the correspondence was between non-lawyers only, with no declaration. Bard has not met its burden.

Bard shall produce these documents to the court within 20 days of this ruling.

A copy of the Minute Order Dated 11-05-2013 is mailed as follows to:

Troy A. Brenes, Esq.
LopezMcHugh, LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA   92660

Kevin G. Lohman, Esq.
ReedSmith, LLP
355 South Grand Ave., Suite 2900
Los Angeles, CA   90071

The minutes are the order of the Court. No formal order is required.

*Eddie C. Sturgeon*

_____
Judge Eddie C Sturgeon