# EXHIBIT I

## DECLARATION OF CANDACE CAMARATA, ESQ.

I, Candace Camarata, declare under penalty of perjury that the following is true and correct:

1. I am over the age of 21 and am a resident of the state of New York. I am Assistant General Counsel, Litigation for C. R. Bard, Inc. ("Bard").

2. Bard's in-house Law Department, of which I am a part, provides a variety of legal services and counsel to the corporation, including its subsidiaries, such as Bard Peripheral Vascular ("BPV"). The Bard Law Department routinely communicates with and provides legal advice to employees of the corporation as well as to employees of BPV.

3. Those communications and legal advice often pertain to advice about product complaints; non-litigated claims; potential litigation; ongoing litigation; reports of adverse events; product assessment; regulatory matters; trademark, patent, and other intellectual property matters; consultant agreements; the drafting of business and regulatory documents, contracts, and business agreements with companies outside of Bard; and other areas in which Bard or its subsidiaries seek legal advice and consultation. At times, these communications are made with the paralegals who work for and at the direction of the in-house lawyers. These paralegals have titles within Bard such as Litigation Manager (who report to and work at the direction of in-house lawyers responsible for litigation) and Trademark Manager (who report to and work at the direction of in-house intellectual property lawyers).

4. The medical device industry is subject to myriad federal regulations. Employees of Bard and its subsidiaries often call on in-house counsel and the professionals who work with us and at our direction to know, interpret, and provide legal advice to make certain that they comply with federal law. Often this legal advice is necessary to ensure that business, marketing, and other ostensibly "non-legal" documents comport with federal regulations.

5. I have observed that employees of Bard and its subsidiaries are judicious in their consulting the in-house lawyers and professionals who work at our direction on legal matters.

6. Communications between and among Bard's employees and Bard's Law Department or outside legal counsel, which are made for the purpose of giving or receiving legal advice are kept confidential. Likewise, other communications that reflect legal advice from counsel, documents created at the direction of counsel for purposes of giving or receiving legal advice, and documents created in anticipation of litigation are kept confidential.

7. Bard and its subsidiaries are too large for the lawyers to know everyone who needs to know the legal advice to perform their job functions. Thus, legal advice may be forwarded from the recipient(s) of the legal advice to other non-lawyers who need the legal advice to perform their jobs. The legal advice remains confidential and is distributed only to those who need the legal advice to perform their jobs.

Dated: April 18, 2016

*Candace Camarata*
Candace Camarata