IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-DGC<br><br>**SECOND AMENDED CASE MANAGEMENT ORDER NO. 4**<br><br>**(Master Complaint, Master Responsive Pleading, Use of Short Form Complaint, Waiver of Service for Bard Defendants, and Answer and General Denial in Cases Subsequently Transferred to MDL 2641)** |

The parties previously submitted a Master Long Form Complaint and Jury Demand (previously docketed as Doc. 303-1) and a Master Responsive Pleading (previously docketed as Doc. 303-3). The Court has reviewed these proposed pleadings, finds them sufficient, and directs the Clerk to file them as separate documents in the Court's docket.[1] The parties have also submitted a proposed Second Amended Short Form Complaint, a copy of which is attached to this order. The Court also finds this proposed pleading to be sufficient.

**IT IS ORDERED:**

All allegations pled in the Master Complaint and all responses pled in the Master Responsive Pleading are deemed pled in any previously filed Complaint and Responsive Pleading in this MDL proceeding, except as expressly noted below. They are also deemed pled in any Short Form Complaint (attached to CMO No. 4, Doc. 363) or Second

---

[1] The reference to "Federal Rule of Evidence 8" on the first page of the Master Complaint shall be deemed to be a reference to Federal Rule of Civil Procedure 8.

Amended Short Form Complaint (attached to this Order) and Entry of Appearance filed after the entry of this order, except that the Master Complaint applies only against the Defendant or Defendants identified in such future-filed Short Form or Second Amended Short Form Complaints.

The following cases will not be governed by the Master Complaint and Master Responsive Pleading, but will continue to be governed by the complaints (including any amended complaints) and answers filed in the various transferor courts prior to transfer:

| Plaintiff | Original Jurisdiction |
| --- | --- |
| 1. Cason, Pamela | GA – N.D. Ga. 1:12-cv-1288 |
| 2. Coker, Jennifer | GA – N.D. Ga. 1:13-cv-515 |
| 3. Ebert, Melissa | PA – E.D. Pa. 5:12-cv-1253 |
| 4. Fox, Susan | TX – N.D. Tex. 3:14-cv-133 |
| 5. Henley, Angela | WI – E.D. Wis. 2:14-cv-59 |
| 6. Keen, Harry | PA – E.D. Pa. 5:13-cv-5361 |
| 7. Ocasio, Denise | FL – M.D. Fla. 8:13-cv-1962 |
| 8. Rivera (McClarty), Vicki | MI – E.D. Mich. 4:14-cv-13627 |
| 9. Smith, Erin | TX – E.D. Tex. 1:13-cv-633 |
| 10. Tillman, Lessie | FL – M.D. Fla. 3:13-cv-222 |

On or after **December 28, 2015,** any plaintiff whose case would be subject to

transfer to MDL 2641 may file his or her case directly in this Court by using the Short Form Complaint (Doc. 363).  After **April 20, 2016,** Plaintiffs may use the use the Second Amended Short Form Complaint attached to this Order.  If such a case is filed in this Court without the use of the Second Amended Short Form Complaint, Plaintiffs' Co-Lead Counsel shall promptly advise the filing party to file an amended complaint using the Second Amended Short Form Complaint.  If the filing party fails to do so, Plaintiffs' Co-Lead Counsel shall promptly notify the Court.

Defendants are not required to file answers to Short Form, Amended Short Form, or Second Amended Short Form Complaints.  An Entry of Appearance shall constitute a denial of all allegations in the Short Form, Amended Short Form, or Second Amended Short Form Complaints except as herein provided, and an assertion of all defenses included in the Master Responsive Pleading.  By filing an Entry of Appearance in response to a Short Form, Amended Short Form, or Second Amended Short Form Complaints, in lieu of an answer, Defendants do not waive any defenses, including jurisdictional and service defenses.

Civil actions in this MDL were transferred to this Court by the Judicial Panel on Multidistrict Litigation for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.  Upon completion of the pretrial proceedings related to a civil action as determined by this Court, the case shall be transferred pursuant to 28 U.S.C. § 1404(a) or § 1406(a) to the District Court identified in the Short Form, Amended Short Form, or Second Amended Short Form Complaints, provided the parties choose not to waive *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).  The fact that a case was filed directly in this District and MDL proceeding shall not constitute a determination by this Court that jurisdiction or venue are proper in this District, and shall not result in this Court being deemed the "transferor court" for purposes of this MDL.  In addition, filing a Short Form, Amended Short Form, or Second Amended Short Form Complaint in this District shall have no impact on the conflict of law rules to be applied to

the case. Instead, the law of the jurisdiction where the case is ultimately transferred will govern any conflict of law. Prior to transfer, Defendants may object to the district specified in the Short Form, Amended Short Form, or Second Amended Short Form Complaint, based on venue or jurisdiction (including a lack of personal jurisdiction based on *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014)), and propose an alternative jurisdiction for the Court's consideration.

Subject to the conditions set forth in this order, Defendant C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") waive service of process in cases filed in this Court using the Short Form, Amended Short Form, or Second Amended Short Form Complaint and in which they are named as defendants and one or more IVC filter products either manufactured or distributed by Bard is alleged to be at issue. For such cases, Plaintiffs shall send a Short Form, Amended Short Form, or Second Amended Short Form Complaint and a request for waiver of service pursuant to the provisions of Fed. R. Civ. P. 4 to Richard B. North, Jr. by email to richard.north@nelsonmullins.com; maria.turner@nelsonmullins.com; and matthew.lerner@nelsonmullins.com. Counsel for Bard shall return the signed waiver requests to the Court within the time permitted by Fed. R. Civ. P. 4. Plaintiffs submitting a request for waiver shall not seek to hold Bard in default for failure to timely answer or otherwise respond to a complaint in which service has been accomplished pursuant to the terms of this order without first giving Bard written notice of the alleged default and ten business days in which to cure any alleged default.

Prior to a Plaintiff's attorney filing a Short Form, Amended Short Form, or Second Amended Short Form Complaint in this Court, that attorney must register for or already have a District of Arizona CM/ECF log-in name and password. If the Plaintiff's attorney does not already have a District of Arizona CM/ECF log-in name and password, that attorney **must** file the Short Form, Amended Short Form, or Second Amended Short Form Complaint in paper form with the Clerk of Court and simultaneously file an Application of Attorney for Admission to Practice Pro Hac Vice pursuant to LRCiv 83.1(b)(2)

(including all necessary attachments and filing fee).

Additionally, with respect to cases which are originally filed in courts other than this Court which are then subsequently transferred to MDL 2641 pursuant to 28 U.S.C. § 1407, Defendants' may file an Answer and General Denial with Respect to Cases Subsequently Transferred to MDL 2641, incorporating the defenses and denials set forth in the Master Answer and generally denying the plaintiffs' allegations. This short-form answer shall serve as the responsive pleading. Defendants shall have 60 days from the date any such case is opened in this Court to file any motion for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) and 12(h)(2), and the plaintiff(s) shall have 30 days to respond.

Dated this 20th day of April, 2016.

---
David G. Campbell
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| IN RE BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION | No. 2:15-MD-02641-DGC<br><br>**SECOND AMENDED MASTER SHORT FORM COMPLAINT FOR DAMAGES FOR INDIVIDUAL CLAIMS AND DEMAND FOR JURY TRIAL** |
|---|---|

Plaintiff(s) named below, for their Complaint against Defendants named below, incorporate the Master Complaint for Damages in MDL 2641 by reference (Doc. 364). Plaintiff(s) further show the Court as follows:

1. Plaintiff/Deceased Party:

   _____

2. Spousal Plaintiff/Deceased Party's spouse or other party making loss of consortium claim:

   _____

3. Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   _____

4. Plaintiff's/Deceased Party's state(s) [if more than one Plaintiff] of residence at the time of implant:

   _____

5. Plaintiff's/Deceased Party's state(s) [if more than one Plaintiff] of residence at the time of injury:

   _____

6. Plaintiff's current state(s) [if more than one Plaintiff] of residence:

   _____

7. District Court and Division in which venue would be proper absent direct filing:

   _____

8. Defendants (check Defendants against whom Complaint is made):
   - ☐ C. R. Bard Inc.
   - ☐ Bard Peripheral Vascular, Inc.

9. Basis of Jurisdiction:
   - ☐ Diversity of Citizenship
   - ☐ Other: _____

   a. Other allegations of jurisdiction and venue not expressed in Master Complaint:

   _____

   _____

10. Defendants' Inferior Vena Cava Filter(s) about which Plaintiff(s) is making a claim (Check applicable Inferior Vena Cava Filter(s)):
    - ☐ Recovery® Vena Cava Filter
    - ☐ G2® Vena Cava Filter
    - ☐ G2® Express Vena Cava Filter
    - ☐ G2® X Vena Cava Filter
    - ☐ Eclipse® Vena Cava Filter
    - ☐ Meridian® Vena Cava Filter

      ☐    Denali® Vena Cava Filter

      ☐    Other: _____

11. Date of Implantation as to each product:

_____

_____

12. Counts in the Master Complaint brought by Plaintiff(s):
    ☐    Count I:    Strict Products Liability – Manufacturing Defect
    ☐    Count II:    Strict Products Liability – Information Defect (Failure to Warn)
    ☐    Count III:    Strict Products Liability – Design Defect
    ☐    Count IV:    Negligence - Design
    ☐    Count V:    Negligence - Manufacture
    ☐    Count VI:    Negligence – Failure to Recall/Retrofit
    ☐    Count VII:    Negligence – Failure to Warn
    ☐    Count VIII:    Negligent Misrepresentation
    ☐    Count IX:    Negligence *Per Se*
    ☐    Count X:    Breach of Express Warranty
    ☐    Count XI:    Breach of Implied Warranty
    ☐    Count XII:    Fraudulent Misrepresentation
    ☐    Count XIII:    Fraudulent Concealment
    ☐    Count XIV:    Violations of Applicable _____ (insert state) Law Prohibiting Consumer Fraud and Unfair and Deceptive Trade Practices
    ☐    Count XV:    Loss of Consortium
    ☐    Count XVI:    Wrongful Death
    ☐    Count XVII: Survival
    ☐    Punitive Damages

☐ Other(s): _____ (please state the facts supporting this Count in the space immediately below)

_____
_____
_____
_____
_____
_____

13. Jury Trial demanded for all issues so triable?

☐ Yes

☐ No

RESPECTFULLY SUBMITTED this ____ day of _____, 20___.

**[SIGNATURE BLOCK]**

By: /s/ _____
[Attorney name/address]

I hereby certify that on this ____ day of _____, 20___, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

/s/ _____