Chart of the Parties' Privilege Log Examples
In Re: Bard IVC Filters Products Liability Litigation

| Log | Control | Date | Author | Recipient | CC | Description | Privilege | Bates Begin | Bates End |
|---|---|---|---|---|---|---|---|---|---|
| Log 2 | 809 | 7/18/2005 | Wendy Hayes | Brian Brown; Mandy Ferrin; Kellee Jones; Judy Ludwig; Stephanie Lyke; Leigh Toole; Cindi Walcott | Richard Bliss (Consultant) | Email regarding legal advice of Suzanne Carpenter (Litigation Manager) about pending litigation provided to employees who need the information to perform their job functions. | Attorney-Client Privilege | | |
| Log 6 | 8 | 2/20/2012 | N/A | N/A | | Portion of document seeking legal advice of Sabina Downing (Litigation Manager), and Suzanne Carpenter (Litigation Manager), about Filter litigation. | Attorney-Client Privilege; Work Product | BPVEFILTER-01-00100020 | BPVEFILTER-01-00100020 |
| Log 6 | 193 | 10/11/2005 | Kellee Jones | Rich Bliss | | Email reflecting legal advice of Sabina Downing (Litigation Manager) about potential adverse events provided to employees who need the information to perform their job function. | Attorney-Client Privilege; Work Product | BPVEFILTER-01-00120409 | BPVEFILTER-01-00120410 |

Bard's E:

Chart of the Parties' Privilege Log Examples
*In Re: Bard IVC Filters Products Liability Litigation*

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Log 3 | 3184 | 9/29/2009 | Cindi Walcott | Brian Hudson | | Email with legal advice of Suzanne Carpenter (Litigation Manager) about litigation file created in anticipation of and furtherance of litigation and provided to employees who need the information to perform their job functions. | Attorney-Client Privilege; Work Product | | |
| Log 3 | 2244 | 10/7/2009 | DeAnn Goodrich (Paralegal) | Jeffrey Pellicio | Bret Baird, Dara Englert (Trademark Manager) | Email containing legal advice of DeAnn Goodrich (Trademark Manager) regarding trademark registration. | Attorney-Client Privilege | | |

Chart of the Parties' Privilege Log Examples
*In Re: Bard IVC Filters Products Liability Litigation*

Section 1.a. of Letter dated April 4, 2016

### Plaintiffs' Examples

| Plaintiffs' Challenge | Bard's Response |
|---|---|
| Bard has failed to establish that the communication was made for the primary purpose of obtaining legal advice. First, Ms. Carpenter is not a lawyer and, therefore, cannot give legal advice. Second, Bard has not provided any facts suggesting how the matter being discussed is of legal importance. Finally, any privilege was waived by disclosure to Mr. Bliss. | This is an email about a pending lawsuit involving communications with Suzanne Carpenter, a paralegal in Bard's Law Department. Ms. Carpenter worked at the direction of in-house counsel at Bard. (See Ex. I, Camarata Declaration Paras. 2-7.) The communication also involves Richard Bliss, who worked at Bard as the functional equivalent of a Bard employee. (See Ex. H, Carr Declaration Para. 5.) Bard incorporates its Memorandum Sections B.3 and B.5. Bard notes that, while not listed on the log, this document is also work product and incorporates Section C. |
| This is a document dated February 20, 2012 with no listed author or recipient. Bard claims privilege and work product protection on the basis that it reflects "legal advice" that was sought from two non-lawyer employees, Sabina Downing and Suzanne Carpenter, about filter litigation. Bard refers to these employees as "Litigation managers." Bard has failed to establish privilege as no facts have been presented supporting that the communication reveals a solicitation for or a rendering of legal advice from a lawyer. Bard has also failed to establish work product protection as no facts were presented to indicate that this communication was not made because of normal business activities, i.e. investigation and creation of complaint files as required by the FDA. Finally, Bard has not acted to preserve confidentiality given that the allegedly protected material is kept in the general complaint database that anyone at Bard can access. | This spreadsheet was produced in redacted form at cells H71 and H288 on the "All Filter complaints" tab. The redacted portions are communications within the Bard legal department relating to information gathered for purposes of on-going litigation. The communications involve Sabina Downing and Suzanne Carpenter, paralegals in Bard's Law Department who worked under the direction of in-house counsel. (See Ex. I, Camarata Decl. Paras. 2-7.) Bard incorporates its Memorandum Sections B.3 and C. |
| The entry involves a communication from Kellee Jones (Executive Administrative Assistant) to Rich Bliss (third party consultant) allegedly communicating independent legal advice of Sabina Downing (non-lawyer) "about potential adverse events." Bard's claim of attorney-client privilege should be denied for numerous reasons. First, Bard has failed to establish that the communication involves a request for legal advice from a lawyer. "What is vital to the privilege is that the communication be made in confidence for the purpose of obtaining *legal advice from the lawyer.*" Richey, 632 F.3d at 566 n. 3 (quoting *United States v. Gurtner*, 474 F.2d 297, 299 (9th Cir. 1973) (emphasis in original) (other quotation marks and citation omitted). Yet, here Bard is claiming that privilege should attach because a non-lawyer is independently giving legal advice. Second, the communication involves a normal business activity that Bard would have been required to conduct regardless of litigation, i.e. investigation of adverse events and, if and what type of corrective action is necessary. Further any claims of attorney-client privilege has been waived and work product cannot apply as Bard has not established any facts supporting that Mr. Bliss was retained by Bard's lawyers to help prepare for litigation or that he was merely helping Bard's lawyers interpret already privileged material. | This email is a request from the in-house law department for information that it needed relating to litigation at the time. The communications involve Sabina Downing and Suzanne Carpenter, paralegals in Bard's Law Department who worked under the direction of in-house counsel (See Ex. I, Camarata Decl. Paras. 2-7), Donna Passero, who was Bard's in-house counsel responsible for litigation (see Ex. G, Passero Decl. Para. 3-5); and Richard Bliss, who worked at Bard as the functional equivalent of a Bard employee (see Ex. H, Carr Declaration Para. 5.) Bard incorporates its Memorandum Sections B.3., B.5., and C. |

**Chart of the Parties' Privilege Log Examples**
*In Re: Bard IVC Filters Products Liability Litigation*

| | |
|---|---|
| Bard describes the entry as an email dated September 29, 2009 from Cindi Walcott (Field Assurance Manager) to Brian Hudson (Quality Engineering Manager) regarding legal advice of Suzanne Carpenter (non-lawyer) about a litigation file. First, this cannot be legal advice as Ms. Carpenter is not a lawyer. Second, Bard has failed to establish attorney-client privilege or work product as it has not established that this communication involved legal matters or that it would not have been created in substantially the same manner absent litigation. These employees are tasked with investigating reported adverse events and ensuring adequate corrective actions to prevent further failures as part of Bard's mandatory requirements under FDA regulations. There is nothing to suggest that they are doing anythign different here, regardless of whether the adverse event was reported as part of a lawsuit or directly from a doctor. | This is an example of a communication from Suzanne Carpenter, a paralegal in Bard's Law Department. Ms. Carpenter worked at the direction of in-house counsel at Bard. It communicates about a pending lawsuit and activities to take place because of it. (*See* Ex. I, Camarata Decl. Para. 3.) Bard incorporates its Memorandum Sections B.3. and C. |
| Bard has failed to establish that the primary purpose of the communication was to obtain legal advice from a lawyer. The person alleged to be giving legal advice, is not a lawyers and, therefore, privilege cannot apply. | This is an example of a communication from DeAnn Goodrich, a intellectual property paralegal in the Bard Law Department, relating to information necessary for registration of a trademark. Ms. Goodrich worked at the direction of in-house counsel at Bard. (*See* Ex. I, Camarata Decl. Para. 3.) Bard incorporates its Memorandum Section B.3. |

Chart of the Parties' Privilege Log Examples
*In Re: Bard IVC Filters Products Liability Litigation*

| Plaintiffs' Response |
|---|
| Regardless of whether Arizona or Non-Arizona law applies, a non-lawyer cannot render legal advice independent of an attorney. (Category 1a.) A.R.S. Section 12-2234 merely makes it clear that confidentiality is not waived because the attorney's "paralegal, assistant, secretary, stenographer or clerk" communicates the attorney's advice or requests information on the attorney's behalf. (Category 1a). Bard has also failed to establish privilege or work product because there are sufficient motivating business reasons for this communication to have occurred regardless of legal reasons. (Categories 2-3). This appears to be parts of Bard's general business obligation to investigate adverse events. Even of this was privileged, that privilege was waived by sending the communication a third party and not for the purpose of gather information to give legal advice. (Category 8) Ms. Camarata's declaration is inadmissible and does not support the claims being made. Ms. Camarata did not work for Bard until November 2013 and thus has not established personal knowledge over this communication from 2012. Moreover, she does not claim any personal knowledge of the individual communication, who the attorney was, or what the nature of this communication was. |
| Regardless of whether Arizona or Non-Arizona law applies, a non-lawyer cannot render legal advice independent of an attorney. (Category 1a.) A.R.S. Section 12-2234 merely makes it clear that confidentiality is not waived because the attorney's "paralegal, assistant, secretary, stenographer or clerk" communicates the attorney's advice or requests information on the attorney's behalf. (Category 1a). Bard has also failed to establish that the primary purpose of this communication was to render legal advice or obtain information so that the attorney could render legal advice. (Categories 2-3). Further, any attorney-client privilege that did exist was waived by sending the confidential information to a third party. There is no evidence that Mr. Bliss was being asked to provide information so that a lawyer could give legal advice. (Category 8). Bard did not timely assert a claim for work product. The affidavits cited by bard are inadmissible and do not support the claims being made. Ms. Camarata did not work for Bard until 2013 and thus has not established personal knowledge over this communication from July 2005. Moreover, she does not claim any personal knowledge of the communication, who the attorney was, or what the nature of this communication was. |
| Regardless of whether Arizona or Non-Arizona law applies, a non-lawyer cannot render legal advice independent of an attorney. (Category 1a.) A.R.S. Section 12-2234 merely makes it clear that confidentiality is not waived because the attorney's "paralegal, assistant, secretary, stenographer or clerk" communicates the attorney's advice or requests information on the attorney's behalf. (Category 1a). Bard has also failed to establish privilege or work product because there are sufficient motivating business reasons for this communication to have occurred regardless of legal reasons. (Categories 2-3). This appears to be part of Bard's general business obligation to investigate adverse events. Even if this was privileged, that privilege was waived by sending the communication a thrid party and not for the purpose of gathering information to give legal advice. (Category 8). Ms. Camarata's declaration is inadmissible and does not support the claims being made. Ms. Camarata did not work for Bard until November 2013 and thus has not established personal knowledge over this communication. The declarations of Ms. Camarata and Ms. Passero also fail because they do not establish personal knowledge over this communication, such as who the attorney was, the identity of the lawyers they were allegedly seeking information for, or how this communication implicated legal matters. |

Chart of the Parties' Privilege Log Examples
*In Re: Bard IVC Filters Products Liability Litigation*

| |
|---|
| Regardless of whether Arizona or Non-Arizona law applies, a non-lawyer cannot render legal advice independent of an attorney. (Category 1a.) A.R.S. Section 12-2234 merely makes it clear that confidentiality is not waived because the attorney's "paralegal, assistant, secretary, stenographer or clerk" communicates the attorney's advice or requests information on the attorney's behalf. (Category 1a). Bard has also failed to establish privilege or work product because there are sufficient motivating business reasons for this communication to have occurred. Further, Bard has not established any evidence establishing that communication related to matter of legal significance. (Categories 2-3). This appears to be part of Bard's general business obligation to investigate adverse events. Providing an affidavit from someone that did begin working at Bard until four years after the communication and who does not claim any personal knowledge of the communication, why it took place, or who was involved, is not sufficient. |
| Regardless of whether Arizona or Non-Arizona law applies, a non-lawyer cannot render legal advice independent of an attorney. (Category 1a.) A.R.S. Section 12-2234 merely makes it clear that confidentiality is not waived because the attorney's "paralegal, assistant, secretary, stenographer or clerk" communicates the attorney's advice or requests information on the attorney's behalf. (Category 1a). Bard has also failed to establish that the purpose for the communication was to render legal advice of a lawyer or obtain information so that a lawyer could render legal advice. (Categories 2-3). Providing an affidavit from someone that did begin working at Bard until four years after the communication and who does not claim any personal knowledge of the communication, why it took place, or who was involved, is not sufficient. |