Chart of the Parties' Privilege Log Examples
*In Re: Bard IVC Filters Products Liability Litigation*

Section 2 of Letter dated April 4, 2016

Plaintiffs' Examples

| Log | Control | Date | Author | Recipient | CC | Description | Privilege | Bates Begin | Bates End | Plaintiffs' Challenge |
|---|---|---|---|---|---|---|---|---|---|---|
| Log 2 | 403 | 10/3/2005 | Janet Hudnall | Shari Allen | Kevin Shifrin | Email and attachments regarding legal advice of Donna Passero, Esquire about G2 sales force call provided to employees who need the information to perform their job functions at the direction of counsel. | Attorney-Client Privilege | | | Bard's claim of attorney-client privilege should be denied as Bard has failed to establish that the communication reveals a solicitation for or rendering of advice from a lawyer, discloses any facts suggesting legal advice was being provided or solicited, or that confidentiality was expected or maintained. The communication does not include legal personnel. Bard has also failed to identify who authored the attachments. Further, the communications do not involve a legal matter. Instead they involve a traditional business matter, promotional and marketing practices. See, *Phillips v. C.R. Bard, Inc.*, 290, F.R.D. 615, 644, 653-654 (D. Nev. 2013)(finding Joint Selection No. 5 (Sales Communication) and No. 29 (Colleague letter) not privileged). Bard has also failed to identify who authored the attachments. |
| Log 3 | 1697 | 12/6/2006 | Robert Carr | John McDermott; Carl Rickenbaugh | Janet Hudnall | Email regarding legal advice of Thomas Conniff, Esquire about a draft term sheet provided to employees who need the information to perform their job functions. | Attorney-Client Privilege | BPVE-502d-00000523 | BPVE-502d-00000524 | This is basically the same as entry 1569 from log 3. This is an email chain involving Bard's negotiations to buy an safer IVC filter design from Phase One Medical. The first email sent by Carl Rickenbaugh on December 5, 2006 to Thomas Connif (outside counsel) and Luke Harada (VP Business Development) and copied to Robert Carr, John McDermott (BPV President), Kevin Shifrin (VP Marketing), Bob Mellen (VP Planning and Business Development), Janet Hudnall (Marketing Manager), and Bill Krueger (Finance Manager) with a subject line "Phase One Term Sheet." He then goes on to discuss his negotiations with Phase One and his advice for moving forward. Importantly, he does not request any legal advice. Bard has now produced the email but has redacted significant parts of Mr. Rickenbaugh's advice and planning. Bard privilege redacted should be overruled as Bard has not established that this communication as made for the primary purpose of requesting legal advice. Indeed, the author is simply providing his own advice for moving forward. The email simply reflect a business negotiation being done by a non-lawyer. Further, Bard fails to explain why people such as to why the marketing employees would need sensitive legal information. |

Chart of the Parties' Privilege Log Examples
*In Re: Bard IVC Filters Products Liability Litigation*

| Log 6 | 65 | 1/20/2010 | John Van Vleet | John DeFord | | Email and attachments reflecting legal advice of Gina Dunsmuir, Esquire about promotional practices provided to employees who need the information to perform their job function | Attorney-Client Privilege | BPVE-502d-00000151 | BPVE-502d-00000155 | Bard's claim of attorney-client privilege should be denied as Bard has failed to: establish that the communication reveals a solicitation for or rendering of advice from a lawyer, disclose any facts suggesting legal advice was being provided or solicited, or that confidentiality was maintained. The communication does not include legal personnel. Instead it is a communication between two regulatory and clinical affairs employees John Van Vleet and John Deford. Further, the email does not appear to involve a legal matter. Instead it appears to involve a traditional business matter, promotional and marketing practices. *See, Phillips v. C.R. Bard, Inc.*, 290, F.R.D. 615, 644, 653-654 (D. Nev. 2013)(finding Joint Selection No. 5 (Sales Communication) and No. 29 (Colleague letter) not privileged). Bard has also failed to identify who authored the attachments. Finally, to the extent the attachments represent a discussion of a quality audit, such activity was required by a business requirement under 21 C.F.R. 820.22. |
|---|---|---|---|---|---|---|---|---|---|---|

**Bard's Examples**

| Log 3 | 1694 | 6/8/2007 | Carl Rickenbaugh | Robert Carr; Thomas Conniff, Esquire; Robert Coyne, Esquire; Luke Harada; Kevin Kramer, Esquire | | Email and attachments regarding legal advice about a negotiation letter for potential acquisition. | Attorney-Client Privilege | | | This is another communication regarding Bard's negotiation to buy another safer alternative design filter from Phase One Medical. Bard privilege claim fails as the primary purpose of the communication was not to obtain or provide legal advice. As seen in Log 3, Nos. 1569 and 1697, Carl Rickenbaugh was the one doing the negotiating and providng advice and planning on how to move forward. There is no suggestion that he was requesting legal advice from these lawyers. |
|---|---|---|---|---|---|---|---|---|---|---|

**Chart of the Parties' Privilege Log Examples**
*In Re: Bard IVC Filters Products Liability Litigation*

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Log 2 | | 741 | 10/6/2004 | Glenn Norton | Kim Gonzales | | Email conveying legal advice from Bard Corporate Legal Department (Gary Mitchell) about product IFU changes and provided to employees who need the information to perform their job functions. | Attorney-Client Privilege | | Bard has failed to establish that the email was sent for the primary purpose of obtaining legal advice. No lawyer is listed as being part of the communication. Nor is there an explanation as to how the lawyer's advice regarding changes to the IFU has legal importance. Unless the lawyer is discussing proposed changes and identifying potential resulting legal implications, privilege should not apply. |

Chart of the Parties' Privilege Log Examples
In Re: Bard IVC Filters Products Liability Litigation

| Bard's Response | Plaintiffs' Response |
|---|---|
| This document was redacted for attorney-client privilege. The redacted sentence contains legal advice from Donna Passero, Bard's in-house counsel, regarding a regulatory compliance matter. The attachments to the email were withheld as attorney-client privilege because they reflect material gathered at Ms. Passero's request. (See Ex. G, Passero Decl. Paras. 3-5; Ex. I, Camarata Decl. Paras. 2-7.) Bard incorporates its Memorandum Section B.1. | The communication does not involve legal counsel or his or her assistants, so the communication cannot be privileged under Arizona Law. (Category 1a.) Even under Non-Arizona law, the communication is not privileged because Bard has not established how this communication is legal in nature or why disclosure was necessary to fulfil the purpose for why the lawyer was consulted. (Category 1b.) Further a communication regarding a "sales force call" is not something that is legal in nature. (Categories 2-4). There is also no evidence supporting that a lawyer drafted the attachment or that it was prepared for lawyer so she could give legal advice. (Category 7). Both cited Declarations are irrelevant because neither one claims personal knowledge about this communication, such as who was involved, what the purpose of the communication was, or who drafted the attachments. |
| This document relates to a potential transaction between Bard Peripheral Vascular and a company called Phase One Medical. Thomas Conniff was Bard's inhouse counsel responsible for providing legal advice on the potential transaction. (See Ex. H, Carr Decl. Para. 8.) The information was provided to him for his legal advice and to advise others in the company working on the transaction. Bard incorporates its Memorandum Section B. | There is no evidence that communication involves a rendering of legal advice by a lawyer or the provision of information to the lawyer could give legal advice. (Category 2). Rather, this is simply a report by an employee to a wide range of people on what he is doing to negotiate a business deal. To the extent there is a dual purpose, there clearly was a sufficient business purpose that would have resulted in this communication being made regardless of a legal purpose. (Category 3). Further, the fact that the lawyer was merely copied also suggest this was primarily a business communication. (Category 5.) |

Chart of the Parties' Privilege Log Examples
*In Re: Bard IVC Filters Products Liability Litigation*

| | |
|---|---|
| Bard previously produced the cover email, but withheld the attachment as attorney-client privilege. The attachment reflects legal advice of both in-house and outside counsel regarding improper competitor marketing, which encompasses regulatory and potentially adversarial legal issues. Bard incorporates its Memorandum Section B.2.<br><br>Bard's reply:<br><br>The fact that a document is not "a traditionally legal document" is not a factor in determining whether it contains communications or information protected by the attorney client privilege. Plaintiffs rely on *In re Vioxx Prods. Liab. Litig.*, 501 F. Supp. 2d 789, 800 (E.D. La. 2007). That court specifically noted that "we have come to appreciate how services that initially appear to be non-legal in nature, like commenting upon and editing television ads and other promotional materials could, in fact, be legal advice ... Without question, the pervasive nature of governmental regulation is a factor that must be taken into account"). | The communication does not involve legal counsel or his or her assistants, so the communication cannot be privileged under Arizona Law. (Category 1a.) Even under Non-Arizona law, the communication is not privileged because Bard has not established how this communication is legal in nature or why disclosure was necessary to fulfil the purpose for why the lawyer was consulted. (Category 1b.). Even assuming there was evidence that the lawyer was editing, advising, or commenting on the communication to the sales force on how best to promote the product, that is not something that is legal in nature. (Categories 2-4.) Further, there is no evidence that a lawyer actually helped draft the attachment. (Category 7.) |
| This is an email from outside counsel for Bard forwarding a letter he drafted to respond to opposing counsel regarding the negotiations with Phase One Medical. (See Ex. H, Carr Decl. Para. 8. Bard incorporates its Memorandum Section B.1.<br><br>Bard's reply:<br><br>This is an email from outside counsel for Bard forwarding a letter he drafted to respond to opposing counsel regarding the negotiations with Phase One Medical. The letter and email reveal the circumstances. (See, Ex. H. Carr Decl. Para. 8.) Bard incorporates its Memorandum Section B.1. | There is no evidence that communication involves a rendering of legal advice by a lawyer or the provision of information to the lawyer so that he or she could give legal advice. (Category 2). Rather, this is simply a report by an employee to a wide range of people on what he is doing to negotiate a business deal. To the extent there is a dual purpose, there clearly was a sufficient business purpose that would have resulted in this communication being made regardless of a legal purpose. (Category 3). |

**Chart of the Parties' Privilege Log Examples**
*In Re: Bard IVC Filters Products Liability Litigation*

| | |
|---|---|
| This is an email chain regarding the draft of the Recovery filter IFU. Plaintifs claim it does not seek or provide legal advice. However, the email is directed to Bard inhouse counsel, Gary Mitchell and he provides legal advice regarding the UCC. That information is then passed on to others within Bard who need it. Bard incorporates it Memorandum Sections B.1., B.2. and B.4.<br><br>Bard's reply:<br><br>The fact that a document is not "a traditionally legal document" is not a factor in determining whether it contains communications or information protected by the attorney client privilege. Plaintiffs rely on *In re Vioxx Prods. Liab. Litig.*, 501 F. Supp. 2d 789, 800 (E.D. La. 2007). That court specifically noted that "we have come to appreciate how services that initially appear to be non-legal in nature, like commenting upon and editing television ads and other promotional materials could, in fact, be legal advice … Without question, the pervasive nature of governmental regulation is a factor that must be taken into account"). | The communication does not involve legal counsel or his or her assistants, so the communication cannot be privileged under Arizona Law. (Category 1a.) Even under Non-Arizona law, the communication is not privileged because Bard has not established how this communication is legal in nature or why disclosure was necessary to fulfil the purpose for why the lawyer was consulted. (Category 1b.) Simply making line edits on an IFU, to the extent this is what the document actually reveals, is not something traditionally deemed to be legal in nature. (Category 4). |