**Chart of the Parties' Privilege Log Examples**
*In Re: Bard IVC Filters Products Liability Litigation*

**Section 7 of Letter dated April 4, 2016**

**Plaintiffs' Examples**

| Log | Control | Date | Author | Recipient | CC | Description | Privilege | Bates Begin | Bates End | Plaintiffs' Challenge | Bard's Response |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Log 2 | 403 | 10/3/2005 | Janet Hudnall | Shari Allen | Kevin Shifrin | Email and attachments regarding legal advice of Donna Passero, Esquire about G2 sales force call provided to employees who need the information to perform their job functions at the direction of counsel. | Attorney-Client Privilege | | | Bard's claim of attorney-client privilege should be denied as Bard has failed to: establish that the communication reveals a solicitation for or rendering of advice from a lawyer, discloses any facts suggesting legal advice was being provided or solicited, or that confidentiality was expected or maintained. The communication does not include legal personnel. Bard has also failed to identify who authored the attachments. Further, the communications do not involve a legal matter. Instead they involve a traditional business matter, promotional and marketing practices. See, *Phillips v. C.R. Bard, Inc.*, 290, F.R.D. 615, 644, 653-654 (D. Nev. 2013)(finding Joint Selection No. 5 (Sales Communication) and No. 29 (Colleague letter) not privileged). Bard has also failed to identify who authored the attachments. | This document was produced redacted. The redacted sentence is legal advice from Bard's inhouse counsel regarding a legal and regulatory matter, and was forwarded to employees with a need to know. This entry was also addressed in Section 2 of Plaintiffs' April 4, 2016 letter. (See Ex. G, Passero Decl. Paras. 3-5; Ex. I, Camarata Decl. Paras 2-7.) Bard incorporates its Memorandum Sections B.1, B.2, B.4 |
| Log 3 | 224 | 9/7/2006 | John McDermott | Janet Hudnall | Shari Allen; Joe DeJohn; Kevin Shifrin | Email and attachment reflecting legal advice of Judith Reinsdorf, Esquire and Donna Passero, Esquire about product communication plan to sales force provided to employees who need the information to perform their job functions. | Attorney-Client Privilege | BPVE-502d-00000174 | BPVE-502d-00000174 | Bard has failed to establish that the primary purpose of the communications was to obtain or provide legal advice. Bard has not established that any lawyer authored the attachments or in what way did lawyers provide "legal" advice about the proposed sales force communication. These are not traditionally legal documents, such that edits and commentary would be protected. | The entry on the privilege log clearly states that the attachment withheld contains legal advice of two Bard inhouse lawyers. A review of the document shows that it was prepared by Donna Passero and Judith Reinsdorf, both lawyers in the Bard Law Department and that it contains legal advice and regulatory advice. (See Ex. G, Passero Decl. Paras. 3-5; Ex. I, Camarata Decl. Paras. 2-7). Bard incorporates its Memorandum Sections B.1. and B.2. |

Chart of the Parties' Privilege Log Examples
*In Re: Bard IVC Filters Products Liability Litigation*

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Log 6 | 330 | 6/21/2013 | Denise Marie Barton, Esquire | John Kaufman | | Document containing legal advice of Denise Marie Barton, Esquire about filter litigation. | Attorney-Client Privilege; Work Product | BPVE-502d-00000598 | BPVE-502d-00000607 | The entry contains multiple communications, including the disclosed communication between Dr. Kaufman and Ms. Barton, as well multiple undisclosed attached communications between Dr. Kaufman and non-lawyers. Bard's claim of privilege should be denied as Bard has refused to disclose who retained Ms. Barton, provide any facts establishing that communications were being made to obtain or provide legal advice, and confidentiality was not maintained as the communications were made to a third party. There are no facts supporting that Dr. Kaufman was merely helping Bard's lawyers interpret already privileged material. Instead he appears to be providing his own advice and working on non-legal matters. The work product claim should also be denied as Bard has failed to establish that there was impending litigation and/or that the communications would not have been made in substantially similar form but for the prospect of litigation. In particular, the multiple communications between Dr. Kaufman and non-legal employees were clearly made for the purpose of obtaining FDA clearance to market the device. | After further review of the circumstances involving this document, which was created in 2001, and involving litigation between Bard and NMT Medical Inc., Bard agrees that it is not privileged and has produced it to Plaintiffs.<br><br>Bard's reply:<br><br>These documents were produced to plaintiffs on April 29, 2016, and after Bard had prepared and sent the documents for *in camera* review. |

**Bard's Examples**

Chart of the Parties' Privilege Log Examples
In Re: Bard IVC Filters Products Liability Litigation

| Log 6 | 115 | 10/21/2009 | Tim Ring | Diana Doyle | | Email and attachments reflecting legal advice of Stephen Long, Esquire about communications about product litigation provided to employees who need the information to perform their job function. | Attorney-Client Privilege | BPVE-502d-00000448 | BPVE-502d-00000448 | This is an email with an attachment dated October 20, 2009 sent by Stephen Long (in-house counsel) to Tim Ring (Chairman & Chief Executive Officer), John Weiland (President, COO), Todd Schermerhorn (Senior Vice President and Chief Financial Officer), John Deford (Senior Vice President, Scient, Technology, and Clinical Affairs) and Eric Shick (Vice President, Investor Relations). The subject of the email is an upcoming presentation to shareholders and the attachment is the talking points for all of those involved. Of note, Bard has been unable to identify who wrote the attachment and has refused Plaintiffs request to examine the metadata as to the author. Privilege does not apply as Bard has failed to establish that the communication reveals a request for or rendering of advice from a lawyer, disclose any facts suggesting legal advice was being provided or solicited, or that confidentiality was expected or maintained. First, the subject matter here does not appear legal in nature. This about a script that is being used during a meeting with shareholders. This is certainly not something that is traditionally legal in nature as discussed in the *Vioxx* decision. Second, confidentiality was not maintained as the talking points were disclosed to shareholders. Third, Bard has not even established that the in-house lawyer authored the attachment. | This document is an email from Bard inhouse counsel Stephen Long to Bard senior management (Tim Ring is CEO, John Weiland is President) forwarding a document that reflects that it was prepared by counsel, and is providing legal advice regarding communicaitons relating to Bard products which are the subject of litigation. Bard incorporates its Memorandum Sections B.1 and B.2. |

Chart of the Parties' Privilege Log Examples
In Re: Bard IVC Filters Products Liability Litigation

| Log 3 | 3089 | 2/6/2009 | Mike Randall | Bret Baird; Genevieve Balutowski; Robert Carr; Patty Christian; Jon Conaway; Gina Dunsmuir, Esquire; Bill Little; Mike Randall; John Reviere; Richard North, Esquire; Dennis Salzmann; Gin Schulz; John Van Vleet | Greg Dadika, Esquire; Abtihal Raji-Kubba | Email and attachments reflecting request for legal advice of Gina Dunsmuir, Esquire and Greg Dadika, Esquire about product risk review provided to employees who need the information to perform their job functions. | Attorney-Client Privilege; Work Product | | | Bard describes this as an email and attachment sent by Mike Randall on February 6, 2009 to 12 non-lawyers, three in-house counsel, and Richard North reflecting legal advice of Gina Dunsmuir and Greg Dadika about a product risk review. This appears to be a similiar document to what the Phillips court determined to not be privileged in Joint Selection No. 36. Bard has failed to establish that these were confidential communications made for the primary purpose of obtaining or providing legal advice. Notably, Bard has refused to identify who authored the attachments. Further, numerous other alleged "risk reviews" have turned out to be monthly summaries of failures that were being collected and submitted to Bard management to comply with regulatory requirement of engaging in post-market surveillance. Further, the breadth and simultaneous nature of the disclosure suggests that it was not confidential and was not for the primarily legal purpose. Bard has also failed to establish that the communication would not have been made in a substantially similar form but for anticipated litigation. | This is an email from the Program Manager for IVC Filters to a team working on the IFU for the G2 and G2X filters. It was sent to both non-lawyers and inhouse and outside lawyers who were a part of the team. The attachment shows the work done by both lawyers and non-lawyers, and the issues identified by the team and lawyers. Bard incorporates its Memorandum Sections B.1. and B.2.  Bard's reply:  Again, plaintiffs' premise that a lawyer and non-lawyers cannot work together in a corporation without waiving the attorney-client privilege is without merit or support. In fact, plaintiffs cite none. This document was prepared in 2009, well after Bard had been sued relating to its filters. The document reflects that in-house and outside counsel were working with business people to address the litigation-related issues and provide advice regarding them. |

Chart of the Parties' Privilege Log Examples
*In Re: Bard IVC Filters Products Liability Litigation*

**Plaintiffs' Response**

The communication does not involve legal counsel or his or her assistants, so the communication cannot be privileged under Arizona Law. (Category 1a.) Even under Non-Arizona law, the communication is not privileged because Bard has not established how this communication is legal in nature or why disclosure was necessary to fulfil the purpose for why the lawyer was consulted. (Category 1b.). Further a communication regarding a "sales force call" is not something that is legal in nature. (Categories 2-4). There is also no evidence supporting that a lawyer drafted the attachment or that it was prepared for lawyer so she could give legal advice. (Category 7). Both cited Declarations are irrelevant because neither one claims personal knowledge about this communication, such as who was involved, what the purpose of the communication was, or who drafted the attachments and why.

The communication does not involve legal counsel or his or her assistants, so the communication cannot be privileged under Arizona Law. (Category 1a.) Even under Non-Arizona law, the communication is not privileged because Bard has not established how this communication is legal in nature or why disclosure was necessary to fulfil the purpose for why the lawyer was consulted. (Category 1b.). Further a communication regarding a "sales force call" is not something that is legal in nature. (Categories 2-4). There is also no evidence supporting that a lawyer drafted the attachment or that it was prepared for lawyer so she could give legal advice. (Category 7). Both cited Declarations are irrelevant because neither one claims personal knowledge about this communication, such as who was involved, what the purpose of the communication was, or who drafted the attachments and why.

The documents should still be reviewed by the Court. Defendants claim the documents are only being produced under a 502(d) order and thus are still privileged. Further, the document is representative of the types of inappropriate claims still being made by Defendants. Defendants expressly argue that just because they release a document does not mean that similar documents should be released.

Chart of the Parties' Privilege Log Examples
*In Re: Bard IVC Filters Products Liability Litigation*

| |
|---|
| Bard oddly claims that email and attachment discuss pending lawsuits. In reality, however, the attachment is just the business employees talking points to use during a call with shareholders. There is no evidence that the talking points were created by lawyer, give legal advice. Further, given that the talking points were being disclosed to shareholders, Bard cannot claim that confidentiality was expected or maintained. |

Chart of the Parties' Privilege Log Examples
*In Re: Bard IVC Filters Products Liability Litigation*

| |
|---|
| Bard fails to offer any explanation as to how these communications can be deemed to be made for primarily legal purpose or that any lawyer was actually asked to provide legal advice. |