Chart of the Parties' Privilege Log Examples
*In Re: Bard IVC Filters Products Liability Litigation*

**Section 8 of Letter dated April 4, 2016**

**Plaintiffs' Examples**

| Log | Control | Date | Author | Recipient | CC | Description | Privilege | Bates Begin | Bates End | Plaintiffs' Challenge | Bard's Response |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Log 2 | 502 | 8/16/2005 | Christopher Ganser | Suzanne Carpenter (Litigation Manager); Kellee Jones | Richard Bliss (Consultant); Sabina Downing (Litigation Manager); Cindi Walcott | Email to Bard Legal Department providing information in response to request from same for information concerning Recovery Filter reports. | Attorney-Client Privilege | BPVE-502d-00000226 | BPVE-502d-00000228 | Bard has failed to establish that the email or attachments were made for the primary purpose of obtaining legal advice. No lawyer is listed as being part of the communication or having requested the information. Bard also fails to identify who authored the attachments. There is nothing to suggest that these were not communications regarding normal investigations of adverse events or post-market trending. Indeed, Bard prepared monthly trending summaries of failure data so that management could track the failure rates. These were sent to Mr. Ganser who then shared them with John Weiland and Tim Ring. This email chain is just part of the normal process. Further, Bard waived any privilege by disclosing the material to a third party consultant. | This document is challenged on the basis of waiver because it went to Richard Bliss. Mr. Bliss was the functional equivalent of an employee at the time. (See Ex. H, Carr Decl. Para. 5.) Bard incorporates its Memorandum Section B.5. To the extent that plaintiffs also challenge this document because it is a request for information from a paralegal. (See Ex. I, Camarata Decl. Para. 3). Bard incorporates its Memorandum Sections B.3. and B.5. |
| Log 2 | 1220 | 9/13/2005 | Charis Campbell | John Kaufman | | Email and attachments conveying legal advice of Thomas Klein, Esquire about contract documents and provided to employees who need the information to perform their job functions | Attorney-Client Privilege | BPVE-502d-00000516 | BPVE-502d-00000517 | Bard has failed to establish that the communication was made for primary purpose of securing legal advice. No lawyers are listed as participants to the communication. Further no explanation is given as to how this communication reveals legal advice, or who authored the attachments. Even if privilege did exist, it was waived by disclosure to Dr. Kaufman. Bard now claims to have produced the documents unredacted but Plaintiff cannot verify as no bates number is provided. Further, Bard conitnues to assert the document is privileged and is only being produced under a 502(d) order. | Bard has produced this document unredacted. |

## Chart of the Parties' Privilege Log Examples
### *In Re: Bard IVC Filters Products Liability Litigation*

| Log | Doc # | Date | From | To | CC | Description | Privilege Claimed | Plaintiffs' Position | Bard's Position |
|---|---|---|---|---|---|---|---|---|---|
| Log 3 | 335 | 4/21/2006 | Janet Hudnall | John Kaufman | | Email and attachments reflecting legal advice of Khoi Ta, Esquire about product application and provided to employees who need the information to perform their job functions. | Attorney-Client Privilege | Bard has failed to establish that the primary purpose of this communication was obtain or provide legal advice. There is no evidence that Dr. Kaufman was retained to assist with the preparation of the patent or that he helped in interpret any already privileged material. Rather, Bard seems to have simply sent him a copy of the application and suggested he be listed as a patent holder. Certain materials produced in this litigation suggest that Bard funneled money to leading physcians by listing them as patent holders. To the extent any privilege existed, it was waived by disclosing the documents to Dr. Kaufman. There is no evidence that Dr. Kaufman was retained to help prepare the patent. | This is a communication between Bard's in house intellectual property lawyer and Dr. Kauffman who was under a consulting agreement with Bard and was an inventor on a patent application along wth Bard employees. (*See* Ex. H, Carr Decl. Para. 7). Bard incorporates its Memorandum Section B.5. |

**Bard's Examples**

| Log | Doc # | Date | From | To | CC | Description | Privilege Claimed | Plaintiffs' Position | Bard's Position |
|---|---|---|---|---|---|---|---|---|---|
| Log 3 | 326 | 5/5/2006 | Khoi Ta, Esquire | John Kaufman | Len DeCant; Janet Hudnall; David Laub, Esquire | Email and attachments conveying legal advice of Khoi Ta, Esquire regarding product patent application. | Attorney-Client Privilege | Bard has failed to establish that the primary purpose of this communication was obtain or provide legal advice. There is no evidence that Dr. Kaufman was retained to assist with the preparation of the patent or that he helped in interpret any already privileged material. Rather, Bard seems to have simply sent him a copy of the application and suggested he be listed as a patent holder. Certain materials produced in this litigation suggest that Bard tried to funnel money to leading physcians by listing them as patent holders. To the extent any privilege existed, it was waived by disclosing the documents to Dr. Kaufman. | This is an example of the type of commmunication forwarding legal advice and communications from the Law Department to Mr. Bliss while he was working for Bard as Head of Quality and Regulatory for BPV. (*See* Ex. H, Carr Decl. Para. 5.) Bard incorporates is Memorandum Sections B.2, B.4 and B.5. |

Chart of the Parties' Privilege Log Examples
*In Re: Bard IVC Filters Products Liability Litigation*

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Log 2 | 336 | 10/10/2005 | Annette Everett | Richard Bliss (Consultant); Kellee Jones; Gin Schulz; Leigh Toole | Wendy Hayes | Email containing information prepared to assist counsel in providing legal advice about Recovery Filter | Attorney-Client Privilege | | | Bard has failed to establish that the primary purpose of this communication was to obtain or provide legal advice. No lawyers as listed as being a party to the communication and any confidentiality was waived by disclosure to a third party consultant. There is also no declaration from anyone in the legal department stating that Richard Bliss was retained to provide consultative services to Bard in anticipation of litigation or that the subject memo was done at the direction of the Law Department. See *Phillips* order as to Joint Selection 27. | This is another example of privileged communication between Dr. Kauffman as an inventor on a patent and the Bard inhouse lawyer responsible for providing legal advice regarding the patent application. (*See* Ex. H, Carr Decl. Para. 7). Bard incorporates its Memorandum Sections B.5. |

Chart of the Parties' Privilege Log Examples
*In Re: Bard IVC Filters Products Liability Litigation*

### Plaintiffs' Response

Arizona has never adopted the functional equivalent test. Instead, the Arizona statute only allows privilege if it was a communication between Bard's lawyer or his or her paralegal, assistant, or clerk and an agent of Bard for the purpose of rendering legal advice or gathering information necessary to render legal advice. Any communications not involving Bard's lawyer or his or her direct assistants are not privileged. Further, unless Bard establishes that the communication was relating to legal advice, privilege also does not apply.

To the extent Non-Arizona law applies, Courts, in very limited situations, have determined that third party consultants are covered by attorney-client privilege. However, courts have cautioned that the privilege should only extend where the consultative services are closely tied to the giving of legal, rather than business, advice. The communications involving Dr. Kaufman and Mr. Bliss do not appear closely tied to the giving of legal advice. Rather they seem to relate to general business matters.

Bard now claims to have produced the documents unredacted but Plaintiffs cannot verify this as no bates number is provided. Further, Bard conitnues to assert the document is privileged and is only being produced under a 502(d) order.

Chart of the Parties' Privilege Log Examples
*In Re: Bard IVC Filters Products Liability Litigation*

To the extent that Arizona law applies, Bard ignores that Arizona has never adopted the functional equivalent test. Instead, the Arizona statute only allows privilege if it was a communication between Bard's lawyer or his or her paralegal, assistant, or clerk and an agent of Bard for the purpose of rendering legal advice or gathering information necessary to render legal advice. Any communications not involving Bard's lawyer or his or her direct assistants are not privileged. Further, unless Bard establishes that the communication was relating to legal advice, privilege also does not apply.

To the extent Non-Arizona law applies, Courts, in very limited situations, have determined that third party consultants are covered by attorney-client privilege. However, courts have cautioned that the privilege should only extend where the consultative services are closely tied to the giving of legal, rather than business, advice. The communications involving Dr. Kaufman and Mr. Bliss do not appear closely tied to the giving of legal advice. Rather they seem to relate to general business matters.

To the extent that Arizona law applies, Bard ignores that Arizona has never adopted the functional equivalent test. Instead, the Arizona statute only allows privilege if it was a communication between Bard's lawyer or his or her paralegal, assistant, or clerk and an agent of Bard for the purpose of rendering legal advice or gathering information necessary to render legal advice. Any communications not involving Bard's lawyer or his or her direct assistants are not privileged. Further, unless Bard establishes that the communication was relating to legal advice, privilege also does not apply.

To the extent Non-Arizona law applies, Courts, in very limited situations, have determined that third party consultants are covered by attorney-client privilege. However, courts have cautioned that the privilege should only extend where the consultative services are closely tied to the giving of legal, rather than business, advice. The communications involving Dr. Kaufman and Mr. Bliss do not appear closely tied to the giving of legal advice. Rather they seem to relate to general business matters.

Chart of the Parties' Privilege Log Examples
*In Re: Bard IVC Filters Products Liability Litigation*

To the extent that Arizona law applies, Bard ignores that Arizona has never adopted the functional equivalent test. Instead, the Arizona statute only allows privilege if it was a communication between Bard's lawyer or his or her paralegal, assistant, or clerk and an agent of Bard for the purpose of rendering legal advice or gathering information necessary to render legal advice. Any communications not involving Bard's lawyer or his or her direct assistants are not privileged. Further, unless Bard establishes that the communication was relating to legal advice, privilege also does not apply.

To the extent Non-Arizona law applies, Courts, in very limited situations, have determined that third party consultants are covered by attorney-client privilege. However, courts have cautioned that the privilege should only extend where the consultative services are closely tied to the giving of legal, rather than business, advice. The communications involving Dr. Kaufman and Mr. Bliss do not appear closely tied to the giving of legal advice. Rather they seem to relate to general