IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC<br><br>**CASE MANAGEMENT ORDER NO. 11**<br>**(Bellwether Selection Process)** |

Pursuant to the agreement of the parties (Doc. 1473), the Court enters this Case Management Order No. 11 regarding the process for the selection of and discovery in the first set of bellwether cases for this MDL.

**I.    Initial Plaintiff Pool.**

A.    The **Initial Plaintiff Pool** for this bellwether process includes all cases filed and properly served upon Defendants in MDL 2641 as of April 1, 2016.[1]

B.    The parties will provide Plaintiff Profile Forms ("PPF") and Defendants Profile Forms ("DPF") for each of the **Initial Plaintiff Pool** cases.  For purposes of the **Initial Plaintiff Pool** cases, the deadlines established in CMO No. 5 (Doc. 365) will be expedited.  All Plaintiff Profile Forms for cases in the **Initial Plaintiff Pool** must be served within thirty (30) days of filing and service, and in no event later than May 1, 2016; and the Defendants Profile Forms shall be served within forty (40) days after the date of receipt of the PPF and, in no event later than June 9, 2016.  Cases filed after April 1, 2016 shall continue to be governed by the deadlines established in CMO No. 5 (Doc. 365).  In order to make the process as efficient as possible, the parties shall

---

[1] The **Initial Plaintiff Pool** does not, however, include those cases which make up the group of "Mature Cases" referenced in Case Management Order No. 8, Para. 1 (C) [Doc. 519], with the exception of the *Conn*, *Milton*, and *Mintz* cases, which the Court removed from that list in Case Management Order No. 10 [Doc. 1319].

1    provide their PPFs and DPFs on a rolling basis, as they are completed.

2    **II.     PFS/DFS Group 1**.

3         A.     By not later than June 29, 2016, the parties shall make a simultaneous

4    exchange of lists identifying twenty-four (24) representative cases each selected from the

5    **Initial Plaintiff Pool** .  Those forty-eight (48) cases shall constitute **PFS/DFS Group 1**.

6    The lists exchanged by the parties shall be organized alphabetically by plaintiffs' last

7    name and shall include the civil action number for each case.

8         B.     Should Plaintiffs and Defendants select one or more of the same cases

9    among their twenty-four (24) cases selected for **PFS/DFS Group 1**, thus resulting in a

10   total pool of fewer than forty-eight (48) plaintiffs, the parties will alternate to identify

11   additional plaintiffs to bring the pool to forty-eight (48), with Plaintiffs having the first

12   selection.  The parties shall make simultaneous exchange of the additional selections to

13   complete the pool within 3 days of the initial simultaneous exchange set forth above.

14        C.     It is important for the use of the bellwether process that is contemplated by

15   this Order that both sides waive applicable venue and forum non conveniens challenges

16   for the cases in **PFS/DFS Group 1** and stipulate that the initial scheduled trials can be

17   conducted in the District of Arizona without remanding any case to the transferor forum

18   under *Lexecon v. Milberg Weiss* ("Lexecon Waiver").  Accordingly, the selection of any

19   case for inclusion in **PFS/DFS Group 1** constitutes a Lexecon Waiver by the side/party

20   selecting the case.  Upon receipt of the list of cases from opposing counsel, each side will

21   have five (5) business days to notify the other side if they do not agree to waive Lexecon

22   with respect to any of the cases selected by the other side. Plaintiffs' Co-Lead Counsel

23   and the Plaintiffs' Steering Committee shall use best efforts to secure a Lexecon Waiver

24   for any case selected to be included in **PFS/DFS Group 1** by Defendants.  Defendants'

25   counsel shall use best efforts to secure a Lexecon Waiver by Defendants for any case

26   selected to be included in **PFS/DFS Group 1** by Plaintiffs.

27        If a plaintiff in a case selected for inclusion in **PFS/DFS Group 1** by Defendants

28   does not provide a Lexecon Waiver, the plaintiff or his/her counsel shall show cause why

a Lexecon Waiver is not being made.  If Defendants do not provide a Lexecon Waiver for any case selected for inclusion in **PFS/DFS Group 1** by Plaintiffs, Defendants' counsel shall show cause why a Lexecon waiver is not being made in that particular case.  Any party required to show cause must appear in person or by telephone before the Court to explain why a Lexecon Waiver may not be made in the particular case.

For any case removed from **PFS/DFS Group 1** because the Court determines that a Lexecon Waiver is not possible, the side that selected the case shall have the right to select a replacement case within five (5) business days following the Court's determination.  Thereafter, the parties shall proceed with the Lexecon Waiver process under this Section for that particular case.

**III.    Plaintiff Fact Sheets ("PFS") and Defendants Fact Sheets ("DFS").**

A PFS and a DFS will be completed for each case in **PFS/DFS Group 1**.

A.    Timing of services of Fact Sheets.

Plaintiffs shall serve on counsel for Defendants all PFS for the **PFS/DFS Group 1** by no later than July 29, 2016.

Defendants shall serve on Plaintiffs' Co-Lead/Liaison Counsel the DFS for a particular matter no later than thirty (30) days after service of the PFS and all DFS shall be served by no later than August 29, 2016.

The parties shall provide completed PFS/DFS on a rolling basis as they are completed.

B.    Completion of Fact Sheets.

A completed PFS and DFS shall be considered interrogatory answers under Fed. R. Civ. P. 33, responses to requests for production under Fed. R. Civ. P. 34, and will be governed by the standards applicable to written discovery under Fed. R. Civ. P. 26 and Fed. R. Civ. P. 37.  The PFS and DFS questions and document requests shall be answered without objection.  This section does not prohibit a party from withholding or redacting information based on a recognized privilege; however, if information is withheld or redacted, the party so withholding or redacting information shall provide opposing party

1    with a privilege log.

2         The parties will provide a PFS or DFS that is substantially complete in all

3    respects.  "Substantially complete in all respects" requires that:

4              (a)    Every question in the PFS or DFS be answered, even if a party can

5    only answer the question in good faith by indicating "not applicable" or "I don't know";

6              (b)    Plaintiffs shall provide the requested records authorizations

7    accompanying the PFS;

8              (c)    The parties will produce the documents requested in the PFS and

9    DFS, or provide a statement certifying that there are no responsive documents; and

10             (d)    Plaintiffs shall sign the PFS and provide verification that the

11   information contained therein is true and correct to the best of Plaintiff's knowledge,

12   information, and belief, formed after due diligence and reasonable inquiry.  If a plaintiff

13   is suing in a representative or derivative capacity, the PFS shall be completed by the

14   person with the legal authority to represent the estate or the person under legal disability.

15   Plaintiff spouses with a claim for loss of consortium shall also sign the PFS, attesting that

16   the responses made to the loss of consortium questions in the PFS are true and correct to

17   the best of his or her knowledge, information, and belief, formed after due diligence and

18   reasonable inquiry.

19        C.    Fact Sheet Deficiencies.

20        If a plaintiff fails to timely submit a PFS, or submits a PFS within the allotted time

21   which Defendants deem not to be substantially complete, Defendants shall mail an

22   overdue/deficiency letter by e-mail and U.S. mail to Plaintiffs' Co-Lead Counsel and the

23   plaintiff's individual representative counsel, stating whether the PFS is overdue or

24   deemed deficient, in which case the letter shall identify the purported deficiencies.  The

25   letter shall include sufficient detail for the parties to meet and confer regarding the

26   alleged deficiencies.  The plaintiff receiving such deficiency letter shall have fifteen (15)

27   days from receipt of that letter to meet and confer in an effort to resolve the dispute.

28   Should the meet-and-confer process not resolve the dispute, the parties shall arrange a

1    call with the Court to resolve it.

2           Similarly, if Defendants do not submit a DFS within the time specified in this

3    Order, or submit a DFS within the allotted time which Plaintiffs deem not to be

4    substantially complete, Plaintiffs shall mail an overdue/deficiency letter by e-mail and

5    U.S. mail to Defendants' Lead Counsel, stating whether the DFS is overdue or deemed

6    deficient, in which case the letter shall identify the purported deficiencies.  The letter

7    shall include sufficient detail for the parties to meet and confer regarding the alleged

8    deficiencies. Defendants shall have fifteen (15) days from receipt of such a letter to meet

9    and confer in an effort to resolve the dispute. Should the meet-and-confer process not

10   resolve the dispute, the parties shall arrange a call with the Court to resolve it.

11          D.      Records Discovery in **PFS/DFS Group 1**.

12          Records discovery for **PFS/DFS Group 1** will proceed in accordance with the

13   separate Case Management Order relating to Joint Records Collection to be entered by

14   the Court.

15          Upon receipt of a plaintiff's PFS, Defendants may commence immediately to

16   obtain records for that plaintiff pursuant to the provisions for the records vendor process.

17   **IV.    Discovery Group 1**.

18          A.      Selection Process.

19          1.      By December 9, 2016, the parties shall exchange lists of ten (10)

20   cases selected from **PFS/DFS Group 1**, selected in a manner consistent with the goal of

21   identifying representative cases.  The parties can each designate four (4) cases on those

22   lists for automatic inclusion in **Discovery Group 1**. After exchange of lists, the parties

23   will meet and confer in an effort to identify from the exchanged lists the remaining four

24   (4) additional cases that will be included in **Discovery Group 1**.  By December 16, 2016,

25   the parties will complete their meet and confer process and submit to the Court a list of

26   twelve (12) cases they jointly recommend as **Discovery Group 1**.

27          2.      On December 16, 2016, the parties shall file a joint submission

28   identifying each of Plaintiffs' and Defendants' selections of cases as well as all additional

cases on which the parties have agreed for inclusion in **Discovery Group 1**.  If the parties are unable to agree upon all four (4) additional cases for **Discovery Group 1**, they shall on December 16, 2016 each submit to the Court, outside of the ECF system, their proposed list of additional cases to include in **Discovery Group 1** with a memorandum in support of their selections.  Within seven (7) business days of such submission, the parties may submit a response to the opposing party's memorandum regarding selection of cases.  The Court will then select the remaining cases to be included in the twelve (12) cases to constitute **Discovery Group 1**.

> 3. **Discovery Group 1** will be governed by a scheduling order and case management order that will be determined at the time the group is selected.  The parties will meet and confer in an effort to agree upon such scheduling order.

**V.    Bellwether Group 1.**

> A.    Selection Process.

> 1.    The initial bellwether cases for trial will be selected from **Discovery Group 1**.

> 2.    After having met and conferred, and by March 1, 2017, the parties shall exchange lists of six (6) proposed selections from **Discovery Group 1** for bellwether plaintiffs, and order of trials.  The parties will meet and confer in an effort to agree upon a group of six (6) cases to constitute **Bellwether Group 1**, which shall be done in a manner consistent with achieving the goal of proportionate identification of representative cases.  If the parties are unable to agree on six (6) cases, the parties shall submit to the Court, outside of the ECF system, by March 5, 2017, their proposed lists and a memorandum in support of their selections and in opposition, if applicable, to the opposing party's selections.  Within seven (7) business days of such submission, the parties may submit a response to the opposing party's memorandum regarding selection of cases.  The parties propose that the Court then select the final group of six (6) cases to form **Bellwether Group 1**.

> 3.    **Bellwether Group 1** will be governed by a scheduling order and

case management order that will be determined at the time the group is selected.  The parties will meet and confer in an effort to agree upon such scheduling order with the goal of completing remaining case-specific discovery as close as possible to the completion of common-issue discovery.

        B.    <u>Remedies for Diminishment of Discovery Group and/or Bellwether Group 1</u>.

        1.    Should Plaintiffs withdraw, settle, or dismiss without prejudice a case from **Discovery Group 1**, such case will be replaced.  The party that originally designated the eliminated case shall select the replacement.  However, if the eliminated case was one of the cases chosen by the Court, the Court will select the substitute cases from a list of four (4) cases nominated by the parties (two from Plaintiffs and two from Defendants).

        2.    Should Plaintiffs withdraw, settle, or dismiss without prejudice a case from **Bellwether Group 1**, such case will be replaced by a case from **Discovery Group 1** selected by the Court from a list of four (4) cases nominated by the parties (two from each side).

**VI.   Future Discovery and Bellwether Groups.**

        The selection, discovery, and trial of future bellwether cases will be the subject of a future case management order or orders.

        Dated this 5th day of May, 2016.

 

_____
David G. Campbell
United States District Judge

- 7 -