**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION<br><br>This Order Relates to:<br><br>Pamela Noterman,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>C.R. Bard, Inc., et al.,<br><br>　　　　　　　Defendants. | MDL No. 2641<br><br><br><br>No. CV-15-01714-PHX-DGC<br><br><br>**ORDER** |

Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Bard") filed a motion to dismiss Plaintiff Pamela Noterman's complaint. Doc. 1072. Plaintiff failed to respond. During the March 31, 2016 case management conference, the Court excused Plaintiff's failure to respond to Bard's motion, and allowed Plaintiff leave to file a motion to amend her complaint. Plaintiff filed her motion, which Bard opposed. Docs. 1324; 1475. Plaintiff did not file a reply. For the following reasons, the Court will deny Plaintiff's motion to amend and grant Bard's motion to dismiss.

**I.    Background.**

On November 5, 2009, Plaintiff Pamela Noterman was implanted with a Bard inferior vena cava filter. Doc. 1324-2 at 16, ¶¶ 51-52. On February 16, 2011, Plaintiff presented to a medical facility with chest pain, where she learned that the filter had

fractured. *Id.* at ¶ 53. The filter was subsequently removed. *Id.* at ¶¶ 54-55. Plaintiff died on May 6, 2014. Doc. 1475-1 at 2.

On February 13, 2015, Plaintiff's counsel filed this lawsuit in Florida state court. Doc. 1324-2 at 2. Bard removed the case to the Middle District of Florida, and the U.S. Judicial Panel on Multidistrict Litigation transferred the case to this Court for inclusion in this MDL. *See* Docs. 1 (notice of removal), 10 (conditional transfer order), in *Noterman v. C.R. Bard, Inc.*, No. 2:15-cv-01714-DGC (M.D. Fla. July 1, 2015). Bard became aware of Plaintiff's death when it received her plaintiff profile form on February 15, 2016. Doc. 1475 at 3. On March 11, 2016, Bard filed its motion to dismiss. *See* Doc. 1072. On April 4, 2016, Plaintiff's counsel requested leave to amend Plaintiff's complaint to substitute her husband and personal representative, John Noterman, for her. *See* Doc. 1324.

## II.   Capacity to Sue.

"'Only a real party in interest has the capacity to bring a lawsuit.'" *In re Engle Cases*, No. 3:09-cv-10000-J-32JBT, 2013 WL 8115442, at *2 (M.D. Fla. Jan. 22, 2013) ("*In re Engle Cases I*"), *aff'd*, 767 F.3d 1082 (11th Cir. 2014) (quoting *Tennyson v. ASCAP*, 477 F. App'x 608, 610 (11th Cir. 2012) (unpublished) (citing Fed. R. Civ. P. 17(a), (b)).[1] "The capacity doctrine relates to the issue of a party's personal right to litigate in a federal court." *Glickstein v. Sun Bank/Miami, N.A.*, 922 F.2d 666, 670 (11th Cir. 1991), *abrogated on other grounds by Saxton v. ACF Indus., Inc.*, 254 F.3d 959 (11th Cir. 2001) (quotation marks and citation omitted). "'[A] party must have a legal existence as a prerequisite to having the capacity to sue or be sued.'" *In re Engle Cases I*, 2013 WL 8115442, at *2 (quoting *Adelsberger v. United States*, 58 Fed. Cl. 616, 618 (Fed. Cl. 2003)). "Indeed, a deceased individual cannot be a party to a lawsuit." *Id.* (citing *Xtra Super Food Ctr. v. Carmona*, 516 So. 2d 300, 301 (Fla. Dist. Ct. App.

---

[1] Because an MDL transferee court applies the substantive law of the transferor forum, the Court applies the substantive law of the Middle District of Florida. *In re Zicam Cold Remedy Mktg., Sales Practices, & Prods. Liab. Litig.*, 797 F. Supp. 2d 940, 941 (D. Ariz. 2011) (citing *Ferens v. John Deere Co.*, 494 U.S. 516, 525 (1990)).

- 2 -

1987)); *see also Adelsberger*, 58 Fed. Cl. at 618 (collecting cases). A lawsuit filed in the name of a deceased individual is therefore a nullity, which presents a jurisdictional defect that cannot be saved by substitution or amendment. *In re Engle Cases I*, 2013 WL 8115442, at *2, 4.

In *In re Engle Cases I*, a lawyer represented thousands of individual plaintiffs in suits against a number of tobacco companies. *Id.* at *1. Among those cases were 521 cases where the complaint had been filed after the plaintiff had already died, but the complaint alleged personal injury claims. *Id.* After repeated attempts to cull the docket of cases with non-viable claims, the court issued a questionnaire to be filled out under oath to determine which cases had viable claims. *Id.* Upon reviewing the questionnaires and learning of these cases, defendants moved for dismissal of the 521 cases with predeceased plaintiffs. *Id.* Plaintiffs sought leave to amend the complaints to substitute parties and allege wrongful death claims under Rules 15 and 17 of the Federal Rules of Civil Procedure, arguing that the error was simply "a pleading deficiency related to capacity of the plaintiff, rather than a jurisdictional defect." *Id.*

The court found that the "521 personal injury actions not only name parties without capacity, but allege personal injury claims that abated when the smokers died." *Id.* at *3 (citing Fla. Stat. § 768.20 ("When a personal injury to the decedent results in death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate.")). The court acknowledged

> that under certain circumstances when the proper cause of action is alleged but the plaintiff lacks capacity, or where the plaintiff dies after the complaint has been filed, substitution and amendment may be proper under Rules 17, 25, or 15. *See* Fed. R. Civ. P. 15, 17, 25. However, such circumstances do not exist here. In these cases, the plaintiffs died *before* counsel filed suit. Further, the complaints allege a personal injury cause of action that was not viable in the first place. Regardless of the reasons and authorization for these filings, a personal injury suit cannot be commenced by a dead person and thus, these claims are nullities that must be dismissed. As such, no substitution or amendment can save these claims.

*Id.* at *4 (emphasis in original). The court dismissed the 521 cases without prejudice. *Id.*

at *6. The Eleventh Circuit affirmed the district court's order, but did so without deciding "whether a personal injury claim brought on behalf of a deceased individual has any legal effect, such that it can later be amended." *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014) ("*In re Engle Cases II*").

Plaintiff's motion is supported by few facts. And the few facts provided do not adequately explain why counsel filed a personal injury complaint on behalf of a Plaintiff who had died nine months before the complaint was filed. Plaintiff's counsel explains that "[i]n an abundance of caution to protect plaintiffs' [sic] Statute of Limitations, an action was commended [sic] on or about February 13th, 2015, by the filing of a Complaint." Doc. 1324 at 4, ¶ 3. Plaintiff's counsel states that "[t]hereafter Parker Waichman LLP was notified that plaintiff-decedent died on May 6, 2014." *Id.* at ¶ 4. Plaintiff's counsel does not explain how he filed a complaint without first speaking with his client. Nor does he explain why he had not communicated with his client during the nine-month period between her death and the filing of the complaint. Nor does he explain why he did not take immediate action to correct the deficient pleading upon learning of her death. Plaintiff's counsel summarily concludes that "Plaintiff should be allowed to amend the original complaint in the above-captioned case herein to substitute and add husband of plaintiff-decedent Pam W. Noterman, John Noterman as Personal Representative of the Estate of Pam W. Noterman, in place of and stead of Pamela Noterman." *Id.* at ¶ 5.

Plaintiff's motion is supported by virtually no legal authority.[2] The solitary authority Plaintiff cites is "Rule 15(2)" of the Federal Rules of Civil Procedure. Doc. 1324 at 3-4, ¶ 3. Presumably, Plaintiff is referencing Rule 15(a)(2), which allows a party to amend her complaint with the opposing party's consent or with leave of the court. But

---

[2] Because of this dearth of legal authority, Bard asserts in a footnote that Plaintiff's motion violates LRCiv 7.2(b), which requires the moving party to "serve and file with the motion's papers a memorandum setting forth the points and authorities relied upon in support of the motion." Doc. 1475 at 2 n.1. As a remedy, Bard requests leave to file a surreply to address any new arguments raised in Plaintiff's reply brief. Because Plaintiff declined to file a reply brief, Bard's request to file a surreply is moot.

- 4 -

Plaintiff cites no additional legal authority to explain why the Court should grant Plaintiff leave under Rule 15(a)(2) to file an amended complaint. Plaintiff's counsel makes no genuine attempt to counter Bard's legal arguments despite having had two opportunities to do so.[3] Nonetheless, the Court will address the arguments that can be inferred from Plaintiff's motion to amend, which, as discussed above, is largely devoid of substance.

Although the motion to amend only references Rule 15, Plaintiff's request primarily implicates Rule 17 of the Federal Rules of Civil Procedure. A plaintiff's request to substitute the real party in interest invokes Rule 17(a)(1), which requires that an action be prosecuted in the name of the real party in interest, and Rule 17(a)(3), which permits substitution of the real party in interest in certain circumstances. "[M]ost courts have interpreted . . . Rule 17(a) as being applicable only when the plaintiff brought the action [in the name of the wrong party] as a result of an understandable mistake, because the determination of the correct party to bring the action is difficult." *In re Engle Cases II*, 767 F.3d at 1109 (alteration in original; citations omitted); *see also* Fed. R. Civ. P. 17 (Advisory Comm. Notes to 1966 Amend.). Substitution is not appropriate in this case. Plaintiff's counsel could have readily determined the correct party to bring this action had Plaintiff's counsel investigated the basic facts underlying Plaintiff's claims prior to filing the complaint. If there is an understandable mistake as to why the proper party could not be discovered, Plaintiff's counsel has not even attempted to convey that information to the Court. Plaintiff's request to substitute parties under Rule 17(a)(3) is therefore denied.

Plaintiff's motion to amend also implicates Rule 15(a)(2). Plaintiff's motion does not clearly state that the requested amendment includes a new claim. But in reviewing the proposed amended complaint attached to the motion, Plaintiff has added a "survival action" claim. Doc. 1324-4 at 33-34. Because the Court denied the motion to substitute, it will also deny the motion to amend under Rule 15(a)(2).

---

[3] Before Plaintiff filed her motion to amend, Bard filed its motion to dismiss. Bard's motion is substantially similar to its response to Plaintiff's motion to amend. Docs. 1072; 1475. But in her motion to amend, Plaintiff did not address any of the arguments Bard made in its motion to dismiss. Nor did she address Bard's arguments in a reply brief; Plaintiff elected not to file one at all.

The Court finds a number of parallels between this case and *In re Engle Cases I*. In this case, Plaintiff died on May 6, 2014. Doc. 1475-1 at 2. Over nine months later, Plaintiff's counsel filed a complaint against Bard alleging personal injury claims, including that Plaintiff "is no longer able to sustain the active lifestyle that she enjoyed prior to the time when she was treated with the G2X Filter," and that she "suffered and continues to suffer from physical and emotional pain." Doc. 1324-2 at 16-17. The complaint did not indicate that Plaintiff had already died. Nor was it filed by her personal administrator. This pleading deficiency only came to light when Bard received Plaintiff's profile form. To date, Plaintiff's counsel has provided essentially no explanation for the pleading deficiency or the lack of diligence. Nor has Plaintiff's counsel provided any legal authority to support Plaintiff's position. Therefore, as in *In re Engle Cases I*, Plaintiff's complaint was a legal nullity when it was filed and remains so today. This issue cannot be cured by substitution or amendment. The Court concludes that Plaintiff's motion to amend her complaint must be denied and the case must be dismissed with prejudice.

**IT IS ORDERED:**

1. Defendants' motion to dismiss (Doc. 1072) is **granted with prejudice**.
2. Plaintiff's motion to amend (Doc. 1324) is **denied**.

Dated this 31st day of May, 2016.

David G. Campbell
United States District Judge