Robert W. Boatman (009619)
Paul L. Stoller (016773)
Shannon L. Clark (019708)
**GALLAGHER & KENNEDY, P.A.**
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
rwb@gknet.com
paul.stoller@gknet.com
SLC@gknet.com

Ramon Rossi Lopez (CA Bar No. 86361)
(admitted *pro hac vice*)
**LOPEZ McHUGH LLP**
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
rlopez@lopezmchugh.com
*Attorneys for Plaintiffs*

James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
Telephone: (602) 382-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| IN RE:  Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC |
|---|---|
| | THE PARTIES' JOINT STATUS REPORT FOR THE JUNE 21, 2016 CASE MANAGEMENT CONFERENCE |

1    In accordance with Paragraph IX of Case Management Order No. 10 [Doc. 1319],

2  the Parties hereby submit their Joint Status Report and proposed agenda for the June 21,

3  2016 Case Management Conference.

4    **A.    Fact Discovery**

5    Fact discovery is proceeding efficiently without any impediments thus far.  The

6  parties have scheduled the depositions of all witnesses requested by Plaintiffs with the

7  exception of one witness who is presently out of the country and one witness who is the

8  subject of ongoing discussions between the parties.

9    The following depositions have already been completed:

| | |
|---|---|
| May 3, 2016 | Dr. Murray Asch |
| May 11, 2016 | Carol Vierling |
| May 17, 2016 | Anne Bynon |
| May 24, 2016 | Len DeCant |
| June 2, 2016 | John DeFord, Ph.D. |
| June 9, 2016 | Bret Baird |
| June 16, 2016 | Robert DeLeon |
| June 17, 2016 | Joe DeJohn |

The following depositions have been scheduled:

| | |
|---|---|
| July 18, 2016 | Abtihal Raji-Kubba |
| July 20, 2016 | Kevin Shifrin |
| July 22, 2016 | Jack Sullivan |
| July 27, 2016 | Bill Little |
| July 27, 2016 | Judy Ludwig |
| July 28, 2016 | Maureen Uebelacker |
| July 29, 2016 | John Wheeler |
| August 3, 2016 | Rule 30(b)(6) re: sales, etc. |
| August 4, 2016 | Steve Williamson |
| August 10, 2016 | John Van Vleet |

| August 10, 2016 | Cindi Walcott |
| August 12, 2016 | Chris Ganser (tentative) |
| August 19, 2016 | Mary Edwards |
| August 20, 2016 | Rule 30(b)(6) re: REACH |

**B.**   **ESI Discovery**

As noted in the Joint Report and Dispute Matrix Regarding ESI Discovery and Custodians submitted on May 16, 2016 (Docket No. 1756), the parties have agreed upon a number of custodians for "refresh" collections of ESI as well as a number of newly-identified custodians for collection.  The parties continue to meet and confer regarding additional custodians.  At present, the only area of dispute is the collection of ESI from persons holding the title of "regional sales manager," as outlined in the parties' Joint Report.

With regard to those custodians agreed upon by the parties, the collection and processing of that data is underway.  Bard is producing the data on a rolling basis.

**C.**   **FDA Warning Letter**

The parties have scheduled the depositions of the three employees who report to Chad Modra as directed by the Court in Paragraph IV of Case Management Order No. 10 (Docket No. 1319).  Pursuant to that same order, the parties filed a joint submission on April 15, 2016 (Docket No. 1471) outlining their remaining areas of dispute regarding further discovery about the warning letter.

**D.**   **Deposition Protocol**

The parties submitted a proposed deposition protocol on April 15, 2016 (Docket No. 1472).  The parties have been voluntarily abiding by the terms of that protocol, pending entry of a case management order.

**E.**   **Privilege Issues**

The parties have submitted a number of filings regarding the Plaintiffs' motion to compel (Docket Nos. 1214, 1476, 1590, and 1976).  By order dated June 13, 2016

1   (Docket No. 2132), the Court has indicated its intent to entertain oral argument regarding

2   the choice of law issues at the June 21, 2016 case management conference.

3           **F.**      **Resolution of Confidentiality Designations**

4         Plaintiffs would like to address with the Court how it would prefer to deal with

5   disputes between the parties regarding Bard's designation of various materials as

6   confidential.  Plaintiffs have requested of Bard that the parties develop a procedure to

7   address those disputes at this time because the failure to resolve such disputes results in

8   the multiplication of disputes as Bard designates as confidential deposition testimony

9   regarding documents that would be the subject of dispute or that is on the same subject

10  matter.  Plaintiffs believe that early resolution of some of these disputes will result in later

11  efficiency by reducing the total quantity of confidential designations made by Bard.

12        Bard believes the plaintiffs are raising this issue prematurely, and that an attempt to

13  address the issue at this juncture will create unnecessary work and expense for the Court

14  and the parties.  Few, if any, confidential documents will need to be filed with the Court

15  until dispositive motions are filed, which will likely be in mid-2017.  The standard

16  applicable to an assessment of Bard's confidentiality claims will differ depending on the

17  stage of proceedings at the time the issue arises.  Presently, during discovery or with the

18  filing of non-dispositive motions, Bard need only establish "good cause" to maintain a

19  confidentiality designation.  *See*, e.g., Phillips v. General Motors Corp., F.3d 1206, 1210

20  (9th Cir. 2002).  If, however, documents are later submitted in open court or under seal in

21  connection with a dispositive motion, a different standard applies.  In those situations, a

22  party claiming confidentiality must demonstrate "sufficiently important countervailing

23  interests" to overcome the "strong presumption of public access" to judicial documents.

24  Phillips, 307 F.3d at 1213; compare Seattle Times Co. v. Rhinehart, 407 S.S. 20, 33, 104

25  S. Ct. 2199, 81 L.Ed.2d 17 (1983) ("Much of the information that surfaces during pretrial

26  discovery may be unrelated, or only tangentially related, to the underlying cause of action.

27  Therefore, restraints placed on discovered, but not yet admitted, information are not a

28  restriction on a traditionally public source of information.")

1    Under the circumstances, Bard believes the adjudication of confidentiality

2 challenges at this time will be a needless waste of judicial resources and an unnecessary

3 expenditure of time and expense by the parties.  Few of the documents designated as

4 confidential will even be submitted to the Court prior to the filing of dispositive motions,

5 and a different standard altogether will apply then.  Plaintiffs' suggestion that those claims

6 be litigated now will simply require the parties to litigate the same issues twice, under two

7 different standards.

8    **G.    Bellwether Process Timing**

9    The Parties intend to report to the Court on the timing of the bellwether process

10 and the potential need to adjust the schedule slightly due to the delay in Bard's receipt of

11 Plaintiff Profile Forms from certain plaintiffs in the MDL.  Lead Counsel for Plaintiffs

12 believes that the delay was the result of confusion and docketing issues that resulted from

13 having two separate orders that addressed due dates for service of Plaintiff Profile Forms

14 and the timing of the entry of Case Management Order No. 11.  Lead Counsel for

15 Plaintiffs believes that all or virtually all such forms have now been served and that Bard

16 will have all or virtually all of its Defendants Profile Forms for all cases that are part of

17 the Initial Plaintiff Pool.  Under these circumstances, it may be appropriate to move the

18 remaining deadlines 7 to 10 days to accommodate for these earlier delays.

19    DATED this 15th day of June 2016.

20 GALLAGHER & KENNEDY, P.A.          SNELL & WILMER L.L.P.

21

22 By: s/ Paul L. Stoller          By: s/  Richard North
       Robert W. Boatman (009619)          James R. Condo
23     Paul L. Stoller (016773)          Amanda C. Sheridan
       Shannon L. Clark (019708)          One Arizona Center
24     2575 East Camelback Road          400 E. Van Buren, Suite 1900
       Phoenix, Arizona 85016-9225          Phoenix, Arizona  85004-2202
25

26     *and*          *and*

27

28

Ramon Rossi Lopez
(admitted *pro hac vice*)
CA Bar No. 86361
LOPEZ McHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660

*Attorneys for Plaintiffs*

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
Nelson Mullins Riley & Scarborough LLP
201 17th Street, NW / Suite 1700
Atlanta, GA  30363

*Attorneys for C. R. Bard, Inc. and Bard
Peripheral Vascular, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2016, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

s/ Deborah Yanazzo

5464927/26997-0001

6