IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC<br><br>**CASE MANAGEMENT ORDER NO. 13** |

The Court held a fourth Case Management Conference with the parties on June 21, 2016. The conference was scheduled to address ongoing matters and a number of issues identified in Case Management Order No. 10 (Doc. 1319).

A. **ESI Discovery.**

The Court addressed the discovery dispute identified in the parties' matrix regarding ESI discovery and custodians. Doc. 1756. The parties have made considerable progress in agreeing on custodians to be searched or revisited, and the development of search terms. After considering arguments from the parties about the matrix dispute, the Court concluded that Defendants' ESI searches should include the regional sales managers identified in the matrix. *See* Doc. 1756 at 5. The Court is persuaded that these regional sales managers had direct responsibility for Defendants' sales force throughout the nation and likely will possess relevant information.

B. **FDA Warning Letter.**

The Court addressed issues raised by the parties in a matrix of disputes related to the FDA warning letter. Doc. 1471. The first, second, and fourth issues raised in the matrix (Plaintiffs' deposition request no. 7, Plaintiffs' deposition request no. 8, and Plaintiffs' request for production no. 35) concern discovery of internal communications

related to the FDA warning letter and related actions.  Counsel advised the Court that Defendants have agreed to include in the ESI discovery search 11 of the 17 individuals identified by Plaintiffs, and that the parties will continue discussing the remaining six individuals Plaintiffs have identified.  As a result, the parties agreed that the Court need not rule on this issue.

The Court addressed the fourth dispute (Plaintiffs' request for production no. 26) regarding Plaintiffs' request for the complete employment files of Messrs. Modra, Uebelocker, Wheeler, and Ludwig.  After listening to the parties' arguments, the Court concluded that Defendants need not produce the entire employment files for these individuals.  But Defendants shall produce, under the protective order, documents from the files relating to any internal discipline, reprimands, adverse consequences, negative employment reviews, or comparable information, taken against any of these four individuals on the basis of under-reporting or non-reporting addressed in the FDA warning letter.

The final issue raised in the matrix concerned Plaintiffs' request for the "files" of Messrs. Ring, Williamson, and Gaede related to the FDA investigation and warning letter.  Defense counsel have agreed to produce ESI from Messrs. Williamson and Gaede, and the parties are discussing the production of ESI from Mr. Ring.  The Court concluded that Plaintiffs' request for the "files" of these individuals is vague and imprecise. Plaintiffs should craft more specific requests for production.  The Court agreed that ESI to or from these individuals related to the FDA warning letter is relevant and should be produced, but further production will depend on Plaintiffs' issuance of more precise document requests.

**C.**     **Deposition Protocol.**

The Court reviewed the deposition protocol submitted by the parties.  Doc. 1472. The Court will make some minor modifications and issue the protocol shortly.

**D.**     **Confidentiality Designations.**

The parties' joint report for the status conference (Doc. 1756) noted that Plaintiffs

disagree with confidentiality designations Defendants have applied to some documents under the Court's protective order.  Plaintiffs have been identifying the designations with which they disagree, pursuant to paragraph 22 of the protective order, and asked whether the Court wishes to rule on these disagreements now or later in the litigation.  The Court directed the parties to raise these issues later in the litigation, when documents are to be used in connection with dispositive motions.  At that point in the case, a different standard for protection of information will apply and the Court's decision will be informed by the nature of the dispositive motions being filed by each side.  In the meantime, if a confidentiality designation creates problems in discovery, the parties should call the Court immediately for a resolution.

**E.     Discovery Schedule.**

The Court discussed the existing October 28, 2016 fact discovery deadline with the parties.  *See* CMO 8, Doc. 519.  Both sides stated that discovery was proceeding well and that the deadline does not present concerns.

**F.     Mature Cases.**

The Court requested an update on the 10 mature cases that are likely to be remanded before other cases in this MDL.  *See* Doc. 1485 at 2.  In the joint report to be filed before the next Case Management Conference, the parties should address these cases and identify projected dates by which they will be returned to their original districts.

**G.     Recently Filed Class Action.**

The parties advised the Court that Plaintiffs' counsel recently have filed a medical monitoring class action, which was assigned to this Court.  *See Barraza, et al. v. CR Bard, Inc., et al.*, Case No. CV-16-1374-PHX-DGC (D. Ariz. May 5, 2016).  The parties stipulated on the record that the class action may be consolidated with this MDL.  The Court will enter a separate order consolidating the cases.  The parties also agreed that the fact discovery deadline of October 28, 2016, will apply to the class action.  In the joint report to be filed before the next Case Management Conference, the parties shall provide

the Court with a proposal regarding the remaining litigation schedule for the class action. Specifically, the parties should address when a motion for class certification will be filed, what expert discovery is needed before that motion is filed, and whether other deadlines in the MDL, such as the deadlines for disclosure of merits-related expert reports, will apply in the class action.

H. **Next Case Management Conference.**

The Court will hold the next Case Management Conference on **August 23, 2016 at 10:00 a.m.** The parties shall provide the Court with a joint status report on issues mentioned in this Order and any issues they wish to address at the conference on or before **August 17, 2016**.

Dated this 21st day of June, 2016.

*[signature]*

David G. Campbell
United States District Judge