IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC<br><br>**CASE MANAGEMENT ORDER NO. 15** |

The Court held a fifth case management conference with the parties on August 23, 2016. The conference addressed ongoing matters and issues identified in Case Management Order No. 13 (Doc. 2238).

**A.   Bellwether Selection.**

The parties have made good progress in selecting bellwether cases for PFS/DFS Group 1. *See* Doc. 1662. Two Plaintiffs among the cases selected by Defendants have declined to provide *Lexecon* waivers. At the case management conference, counsel for these Plaintiffs explained the Plaintiffs' reasons for not providing waivers. After hearing the reasons, and comments by defense counsel, the Court concluded that Plaintiffs are not attempting to manipulate the bellwether selection process by strategically withholding of waivers, and that counsel for the two Plaintiffs provided colorable reasons for declining waivers. Based on these findings, the Court could identify no basis upon which to order these Plaintiffs to waive their rights under *Lexecon*. As a result, Defendants should identify two more cases and the parties should continue to follow the procedures in Case Management Order No. 11 (Doc. 1662).

**B.    ESI Discovery.**

The parties have encountered some difficulties with respect to the discovery of ESI from "shared" space on Defendants' servers and computers. The Court expressed concern that this issue remains unresolved so late in the litigation. To ensure that the issue is resolved promptly, the Court entered the following order. The parties will meet (as they had already planned to do) today to address this issue. Defense experts will be present to propose a method for locating relevant ESI on shared space. If the parties have not reached agreement on this issue by August 30, 2016, the Court will hold a conference call on **August 31, 2016, at 10:00 a.m.** The Court intends to appoint a Special Master if a dispute remains, and to require the Special Master to render a decision on this issue no later than September 16, 2016, so production can occur by the end of September. If the parties reach agreement, they can simply notify the Court that a conference call is not necessary on August 31, 2016. In all events, the Court expects Defendants to complete production of ESI from the shared space by the end of September.

The parties addressed Plaintiffs' request to obtain ESI discovery from Defendants' overseas operations. Specifically, Plaintiffs want to obtain marketing materials or regulatory communications, from entities operating in foreign countries, that differ from marketing and regulatory statements Defendants have made in the United States. Plaintiffs have not identified any reason to believe that such different communications have occurred, and Mr. Carr apparently testified that Defendants' marketing and regulatory communications all originate in Defendants' United States operations. The Court is inclined to conclude that the chances of finding relevant and helpful information through such discovery are simply too remote to justify the effort required to search electronic communications in 15 to 20 overseas companies in order to find statements that might be inconsistent with the myriad marketing and regulatory communications Defendants have issued in the United States. To ensure that the Court makes a fully-informed decision on this issue, however, Plaintiffs may file a short memorandum by the close of business on **August 25, 2016**, stating their reasons for believing either that Mr.

Carr's description is incorrect or that there is good reason to suspect that relevant information can be obtained from foreign sources without undue burden. If the Court concludes that a response is required by Defendants, the Court will order Defendants to provide that response promptly. Otherwise, Defendants need not respond, and the Court will issue a ruling on this matter.

C. **Mature Cases.**

The parties have indicated that remand of the mature cases identified in previous Case Management Orders should await completion of expert discovery in this case because such discovery may be relevant in the trials of the mature cases. The parties asked whether any case-specific discovery should occur in this MDL with respect to mature cases, and the Court concluded that it should not. Case-specific discovery should occur after remand.

D. **Class Action Schedule.**

The Court and the parties discussed a schedule for class certification discovery and briefing in the *Barraza* case, No. CV16-1374. The Court established a schedule that will be contained in a separately issued Case Management Order.

E. **Beasley Deposition.**

The Court concludes that Mr. Beasley, who is a Group President at C.R. Bard, qualifies for consideration under the apex deposition doctrine. The relevant inquiry, therefore, is (1) whether he has unique, first-hand, non-repetitive knowledge of the facts at issue in this case, and (2) whether Plaintiffs have exhausted other less-intrusive discovery methods. *See Klungvedt v. UNUM Grp.*, 2013 WL 551473, at *2 (D. Ariz. Feb. 13, 2013). The parties shall file three page memoranda by the close of business on **August 26, 2016**, addressing these issues.

F. **Multi-Plaintiff Cases.**

The Court discussed with the parties a multi-plaintiff case recently transferred to this MDL (CV16-2442), and a second multi-plaintiff case that may be transferred in the future. Defendants have filed a motion to dismiss in the recently transferred case. *See*

No. CV16-2442, Docs. 9, 10. Plaintiffs shall file a response to this motion no later than **September 2, 2016**, and Defendants shall file a reply on or before **September 13, 2016.** The Court will deal with the coming multi-plaintiff case when it arrives.

**G.    Privilege Issues.**

The parties shall resolve remaining privilege issues by **September 28, 2016**. If the issues are not resolved by that date, the parties promptly shall place a conference call to the Court.

**H.    Duplicative Filings.**

The parties stated that three Plaintiffs have appeared in at least two cases, represented by different attorneys, in this MDL. The Court directed the Plaintiffs' Steering Committee to confer with the attorneys representing these Plaintiffs in an effort to obtain agreement regarding dismissal of one of the duplicative cases. Plaintiffs shall report on this effort in the joint report to be filed before the next Case Management Conference. If duplicative filings remain, the parties should propose a motion method and schedule under which the Court can resolve this issue.

**I.    Plaintiffs' Objections.**

Plaintiffs have objected to discovery of communications between Plaintiffs and the FDA related to the FDA warning letter, communications between Plaintiffs and NBC related to NBC news stories about the products at issue in this case, and third-party financing that may be in place with respect to Plaintiffs in this MDL. The Court discussed these issues with the parties, and decided that focused briefing is needed. By the close of business on **September 2, 2016**, the parties shall file nine-page memoranda addressing these three issues.

**J.    Deceased Plaintiffs.**

The Court has, unfortunately, received notices of the deaths of three Plaintiffs: John L. Kuhn, Jr. (Doc. 2332), Olan Jones (Doc. 2850), and Anthony C. Docimo (Doc. 3101). The Plaintiffs' Steering Committee shall contact Plaintiffs' counsel in these cases. Before the next status conference, Plaintiffs' counsel shall decide whether the

cases survive the death of the Plaintiff in each case, and shall file documents with respect to their position on the survival of claims.  Plaintiffs' counsel shall report on the status of these cases and any additional cases that may arise at the next Case Management Conference.

**K.	PSC Report.**

Plaintiffs' counsel stated that a report from the Plaintiffs' Steering Committee is due at the end of September 2016, and requested an extension to October 31, 2016 for the filing of the report.  The Court agreed.  After the hearing, the Court reviewed Case Management Order No. 6 (Doc. 372) and noted that the most recent quarterly report was due at the end of the second week of August (Doc. 372 at 13).  The Court is not certain what report Plaintiffs' counsel were referring to at the conference, or whether the report required in Case Management Order No. 6 has been provided.  Plaintiffs' counsel shall, within the next week, communicate with the Court regarding this issue.

**L.	Next Case Management Conference.**

The Court will hold the next Case Management Conference on **October 14, 2016 at 10:00 a.m.**  The parties shall provide the Court with a joint status report on issues mentioned in this Order and any issues they wish to address at the conference on or before **October 10, 2016.**

Dated this 24th day of August, 2016.

_____
David G. Campbell
United States District Judge

- 5 -