James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
Telephone: (602) 382-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' MEMORANDUM REGARDING APEX DOCTRINE AS TO JIM C. BEASLEY** |

Pursuant to CMO No. 15, Bard submits its brief regarding whether Jim Beasley has "unique, first-hand, non-repetitive knowledge of the facts at issue in this case" and "whether Plaintiffs have exhausted other less-intrusive discovery methods."

**Mr. Beasley has no unique, first-hand, non-repetitive knowledge of the facts at issue in this case.**  Before 2007, Mr. Beasley was the President of Bard Access Systems ("BAS"), a subsidiary of C. R. Bard that does not involve IVC filters.  When Mr. Beasley became President of Bard Peripheral Vascular ("BPV") in 2007, he had responsibilities for all of BPV's products, approximately 170 in total.  In 2009, Mr. Beasley was promoted to Group Vice-President of BPV and BAS, and his responsibilities increased to

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

include more than 1000 additional medical devices.  Since 2013, Mr. Beasley has been Group President of C. R. Bard.  Initially, his corporate responsibilities included oversight of BPV and BAS.  Since that time, his responsibilities have expanded, and now include global responsibilities, including oversight of Bard Japan (among other international entities).  His responsibilities continue to include oversight of literally hundreds, indeed thousands, of medical devices.

Mr. Beasley's role at BPV and BAS was and is to ensure that the companies operate pursuant to Bard's overall objectives.  Given the breadth of products that he has overseen, Mr. Beasley necessarily has had <u>no</u> day-to-day, hands-on experience with the products.  Concerning Bard's line of IVC filters, Mr. Beasley has had <u>no</u> day-to-day involvement regarding the issues in this litigation.

More importantly, all knowledge that Mr. Beasley possesses regarding Bard's line of IVC filters is also known by one or more of BPV's vice-presidents and other employees who report to them.  These employees have significantly more hands-on, day-to-day experience and first-hand knowledge about Bard's line of IVC filters than Mr. Beasley could have, given his high-level position.

To date—and despite Bard's repeated requests—the plaintiffs have not identified a single issue that they think Mr. Beasley uniquely knows.  Rather, the plaintiffs have made a series of unsubstantiated claims about Mr. Beasley in the Parties Joint Status Report for the August 23, 2016 Case Management Conference (Doc. 3102).  First, the plaintiffs claim that "Mr. Beasley was an active decision maker with respect to IVC filters as the President of BPV from 2007 to 2012" (*Id.* at 15.)  But vaguely stating that Mr. Beasley generally was an "active decision maker" over a five-year period is not the same as proving that he has "unique, first-hand, non-repetitive knowledge" about any specific decisions.  Second, the plaintiffs claim that Mr. Beasley "would have been advised of, consulted," and "involved in" decisions on various subjects. (*Id.*)  As a president of the division, and now Group President of the parent company, of course he would.  But being "advised of, consulted" and "involved in" unspecified decisions is not proof that Mr.

Nelson Mullins Riley & Scarborough
L.L.P.
201 17ᵗʰ Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

1    Beasley has any "unique, first-hand, non-repetitive knowledge" of these alleged and

2    unspecified decisions.  Finally, the plaintiffs claim that "[i]t appears Mr. Beasley was also

3    the decision maker in deciding to continue selling the G-2 while it sold another filter it has

4    asserted was safer, the Eclipse." (*Id.*)  The plaintiffs, however, have not conducted any

5    discovery about whether there even was a decision to continue selling the G2 Filter at the

6    same time as the Eclipse Filter, nor have they conducted any discovery about who made

7    any such decision.  Thus, the plaintiffs have no foundation for their assertion about Jim

8    Beasley's alleged role as "the decision maker," let alone evidence that Mr. Beasley

9    possesses "unique, first-hand, non-repetitive knowledge" about any such decision.

10         **Plaintiffs have not exhausted other less-intrusive discovery methods.**  To date

11   in the MDL, the plaintiffs have not asked Bard witnesses about **any** of the issues that they

12   identified in the parties' recently submitted Joint Status Report (Doc. 3102).  Of the four

13   witnesses in the MDL who they have questioned about Mr. Beasley, none of the plaintiffs'

14   questioning concerned any unique, first-hand, non-repetitive knowledge of the facts at

15   issue in this litigation.  Rather, the questioning about Mr. Beasley was incidental and

16   superficial.  The plaintiffs asked John DeFord about an e-mail that merely "cc:'d" Mr.

17   Beasley.  The plaintiffs asked Bret Baird who Mr. Beasley is; whether Mr. Beasley was

18   involved in Mr. Baird's termination (Baird had "no idea"); the frequency of his contacts

19   with Mr. Beasley (rare); whether Mr. Beasley has any military background ("I don't

20   know"); and what Mr. Beasley's "personality" is like.  The plaintiffs asked William Little

21   about an e-mail chain that involved Mr. Beasley in which Mr. Beasley responded that Gin

22   Schultz was going to take the lead on the issue being discussed.  Finally, the plaintiffs

23   asked Cindi Walcott if she had any professional interaction with Mr. Beasley (no).

24         In sum, the plaintiffs have undertaken no efforts to identify any unique knowledge

25   that Mr. Beasley may have, nor have they made any attempt to exhaust less-intrusive

26   discovery methods to learn about any such knowledge.  For these reasons, the plaintiffs

27   have not met their burden of proof to take Mr. Beasley's "apex" deposition, and the Court

28   should not permit deposition.

- 3 -

1    DATED this 26th day of August, 2016.

2                                    s/Matthew B. Lerner
                                     Richard B. North, Jr.
3                                    Georgia Bar No. 545599
                                     Matthew B. Lerner
4                                    Georgia Bar No. 446986
                                     NELSON MULLINS RILEY & SCARBOROUGH, LLP
5                                    Atlantic Station
                                     201 17th Street, NW / Suite 1700
6                                    Atlanta, GA  30363
                                     PH: (404) 322-6000
7                                    FX: (404) 322-6050
                                     richard.north@nelsonmullins.com
8                                    matthew.lerner@nelsonmullins.com

9                                    James R. Condo (#005867)
                                     Amanda Sheridan (#005867)
10                                   SNELL & WILMER L.L.P.
                                     One Arizona Center
11                                   400 E. Van Buren
                                     Phoenix, AZ 85004-2204
12                                   PH: (602) 382-6000
                                     JCondo@swlaw.com
13                                   ASheridan@swlaw.com

14                                   **Attorney for Defendants C. R. Bard, Inc. and
                                     Bard Peripheral Vascular, Inc.**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2016, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

s/Matthew B. Lerner
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
matthew.lerner@nelsonmullins.com