Robert W. Boatman (009619)
Paul L. Stoller (016773)
Shannon L. Clark (019708)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
rwb@gknet.com
paul.stoller@gknet.com
SLC@gknet.com

Ramon Rossi Lopez (CA Bar No. 86361)
(admitted *pro hac vice*)
LOPEZ McHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
rlopez@lopezmchugh.com

*Co-Lead/Liaison Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**PLAINTIFFS' BRIEF RE DEPOSITION OF JIM BEASLEY** |

I.     Introduction.

        Pursuant to this Court's Case Management Order No. 15, the following is Plaintiffs' submission in support of their request for the deposition of Bard Peripheral Vascular ("BPV") President Jim Beasley.[1]

II.    Legal Issues.

        Although the Plaintiffs are mindful that the Court has stated that Mr. Beasley is an apex witness, counsel believes the following factors apply to this issue:

- A party seeking solely to prevent a deposition carries a heavy burden to show why discovery should be denied.  Absent extraordinary circumstances, it is very unusual for a court to prohibit the taking of a deposition.  *In re Google Litig.*, 2011 U.S. Dist. LEXIS 120905 (N.D. Cal. 2011).

- There has been no affidavit from Mr. Beasley or other evidence attesting that he is too busy to give a deposition or, more importantly, that he lacks personal knowledge of issues concerning IVC filters.  For example, in *Klungvedt v. Unum Group*, 2013 U.S. Dist. LEXIS 20105 (D. Ariz.), the case cited by the Court, the executive submitted an affidavit that he had no personal knowledge of the issues in the litigation.

III.   Mr. Beasley Has Unique, First-Hand Knowledge of Essential Facts at Issue in This Case.

        As the President of BPV in charge of filters from 2007 to 2012[2], Mr. Beasley was necessarily the ultimate decision-maker concerning all issues with filters, including, of primary importance to this litigation:

- Deciding on how to respond to ongoing reports of injury and death with the filters, including whether to recall the product or stop sales until design changes to reduce injury and death could be implemented.

---

[1] Plaintiffs believe that the witness's position at the time of the events at issue, rather than at the time of the deposition, that should be considered in an "apex" analysis, and that Mr. Beasley's position as President of the subsidiary should not be given the deference of his current position.

[2] And an employee at Bard since 1989.

- To assure that the Bard representatives in marketing tasked with informing doctors and patients of the risk caused by the filters were given truthful and accurate information of the risks only known internally at Bard. To date, all Bard witnesses have admitted such an obligation, but contend that information known by Bard concerning its true failure rates were not made known to them. The senior executive (Mr. Beasley) is the person responsible to make sure the proper information was being communicated between departments and the only one who can explain why such information was not communicated.

IV.    There Are Not Less Intrusive Means to Obtain the Needed Information.

- The ultimate decisions and actions set forth in Section III are necessarily that of the executive, not those of lower-level employees.
- Employees from recent deposition of lower-level Bard employees addressing Mr. Beasley include:
  - John DeFord, who identified Mr. Beasley as the man in charge of Bard's attempts to refute medical literature reporting Bard had the most dangerous filters, including a 25% fracture rate in Bard filters. (Exhibit 1)
  - Daniel Orms, who identified Mr. Beasley as the man to answer multiple questions concerning Mr. Beasley's monthly report to Tim Ring, the President of C.R. Bard, which includes information concerning:
    - Monthly reports of various reports of malfunctions and failures and sales; (Exhibits 2 and 3)
    - Notes reflecting ongoing sales of the G-2 despite a new and safer filter (the Eclipse) being on the market;

Based upon the foregoing, Plaintiffs request that the Court allow a three-hour deposition of Mr. Beasley. Alternatively, in the event the Court is inclined to grant Bard's request to preclude the Beasley deposition, Plaintiffs request that they be allowed to renew this request for a deposition after further discovery is completed. *See*, *Klungvedt*, *supra*.

1    RESPECTFULLY SUBMITTTED this 26th day of August 2016.

2                                    GALLAGHER & KENNEDY, P.A.

3

4                          By: s/ Robert W. Boatman
                               Robert W. Boatman (009619)
5                              Paul L. Stoller (016773)
                               Shannon L. Clark (019708)
6                              2575 East Camelback Road
                               Phoenix, Arizona 85016-9225

7                              Ramon Rossi Lopez
                               (admitted *pro hac vice*)
8                              CA Bar No. 86361
                               LOPEZ McHUGH LLP
9                              100 Bayview Circle, Suite 5600
                               Newport Beach, California 92660

10                             Co-Lead/Liaison Counsel for Plaintiffs

11

12

13

14                          **CERTIFICATE OF SERVICE**

15        I hereby certify that on August 26, 2016, the foregoing was electronically filed

16   with the Clerk of Court using the CM/ECF system which will automatically send email

17   notification of such filing to all attorneys of record.

18

19                                        s/ Karen L. Trumpower

20
     5589851v1/26997-0001
21

22

23

24

25

26

27

28

- 3 -