# EXHIBIT A

James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' FIRST INTERROGATORIES TO ALL PLAINTIFFS** |

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc., pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and in compliance with Case Management Order No. 8, request that you answer the following interrogatories in writing and under oath within thirty (30) days from the receipt hereof:

### INSTRUCTIONS

1. If any interrogatory cannot be answered in full, answer to the extent possible and specify reasons for the inability to answer.

2. Terms in the singular shall be deemed to include the plural and the terms in the plural shall be deemed to include the singular.

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## DEFINITIONS

The terms listed below are defined as follows:

1. "Bard" refers to C. R. Bard, Inc. and Bard Peripheral Vascular, Inc., both individually and collectively.

2. "Communication" means any form of transmission or conveyance of information or ideas through any verbal or written means, including but not limited to phone calls, in-person meetings or conversations, video conferences, e-mails, facsimile, letters, memoranda, U.S. mail, third-party carriers (e.g., FedEx, UPS, DHS), or any submission of hard-copy material or electronically stored information (ESI).

3. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents" or "electronically stored information" in Federal Rule of Civil Procedure 34(a)(1). A draft or non-identical copy of any document is a separate document within the meaning of this term.

4. "Identify" means the following:

   a. Regarding a person: provide the person's full name; present or last known address; present or last known phone number; present or last known e-mail address; present or last place of employment; and present or last title at the place of employment.

   b. Regarding a document or electronically stored information (ESI): provide the date of the document/ESI; provide the full name of the person who drafted the document/ESI; provide the full name of the person to whom the document/ESI was addressed or distributed; provide a description of the substance of the document/media with sufficient particularity to enable it to be identified; provide the present location of the document/ESI, including the name and address of its custodian(s); and provide the Bates Number of

the document/ESI, if applicable.

    c. Regarding a communication: provide when the communication occurred; the method of communication; provide the name of the person who initiated the communication; provide the name of each person involved in the communication; and provide a description of the content and substance of the communication with particularity.

5. "IVC Filters" means any individual or combination of the following inferior vena cava filters: Bard Recovery Filter, Bard G2 Filter, Bard G2X Filter, Bard G2 Express Filter, Bard Eclipse Filter, Bard Meridian Filter, Bard Denali Filter, and Simon Nitinol Filter.

6. "Media" means, and is limited to, the following: NBC News, NBC Nightly News, WPTV West Palm Beach News, and KHSB Kansas City News, including any journalist, employee, or other person associated with these news organizations.

7. "News Reports" means, and is limited to, the following news stories:

    a. The September 2, 2015, WPTV West Palm Beach News story entitled "FDA warns of potentially deadly complications associated with blood clot filter implants: Fort Lauderdale women [sic] shares nightmare experience."[1]

    b. The September 2, 2015, NBC Nightly News story entitled "Did Blood-Clot Filter Used on Thousands of Americans Have Fatal Flaw?"[2]

    c. The September 3, 2015, NBC Nightly News story entitled "Did Forged Signature Clear Way for Dangerous Blood-Clot Filter?"[3]

    d. The November 30, 2015, KHSB Kansas City News story entitled "Medical device used to filter blood clots blamed for deaths and injuries: Overland Park woman files lawsuit."[4]

---

[1] Available at http://www.wptv.com/news/local-news/investigations/fda-warns-of-potentially-deadly-complications-associated-with-blood-clot-filter-implants (last accessed May 3, 2016).
[2] Available at http://www.nbcnews.com/health/health-news/did-blood-clot-filter-used-thousands-americans-have-fatal-flaw-n384536 (last accessed May 3, 2016).
[3] Available at http://www.nbcnews.com/health/heart-health/did-forged-signature-clear-way-dangerous-medical-device-n417246 (last accessed May 3, 2016).

e. The December 31, 2015, NBC Nightly News story entitled "Why Did Firm Keep Selling Problem Blood-Clot Filters?"[5]

8. "U.S. Government" means the United States Federal Food and Drug Administration and/or the United States Department of Health and Human Services.

9. "You" means all the plaintiffs in the above-captioned action, both individually and collectively, including all loss of consortium plaintiffs, and anyone who represents the interests of the plaintiffs in the above-captioned action, including but not limited to, attorney(s), expert(s), investigator(s), agent(s), consultant(s), and representative(s).

10. "Litigation" refers to the *IN RE Bard IVC Filters Products Liability Litigation*, MDL. No. 2641, including each individual products liability case that is pending in the MDL.

11. "Relate to," "relating to," or "related to" means relating to, reflecting, concerning, or evidencing in any way.

### INTERROGATORIES

**INTERROGATORY NO. 1.** Please Identify each and every Communication between You and the U.S. Government related to IVC Filters. This request is limited in time to Communications occurring between January 1, 2013, and the present.

**INTERROGATORY NO. 2.** Please Identify each and every Document that You sent to, or received from, the U.S. Government related to IVC Filters. This request is limited in time to Documents that You sent or received between January 1, 2013, and the present.

**INTERROGATORY NO. 3.** Please Identify all Communications between You and the U.S. Government related to the issues contained in the March 2, 2016, FDA 483 Letter to Bard; February 26, 2016, FDA 483 Letter to Bard; July 13, 2015, FDA

---

[4] Available at http://www.kshb.com/news/local-news/investigations/medical-device-used-to-filter-blood-clots-blamed-for-deaths-and-injuries (last accessed May 3, 2016).
[5] Available at http://www.nbcnews.com/health/health-news/why-did-firm-keep-selling-problem-blood-clot-filters-n488166 (last accessed May 3, 2016).

Warning Letter to Bard; January 5, 2015, FDA 483 Letter to Bard; and/or the November 25, 2014, FDA 483 Letter to Bard. Copies of these letters are attached as Exhibit A.

**INTERROGATORY NO. 4.** Please Identify all Documents that You sent to, or received from, the U.S. Government related to the issues contained in the March 2, 2016, FDA Letter to Bard; February 26, 2016, FDA 483 Letter to Bard, July 13, 2015, FDA Warning Letter to Bard; January 5, 2015, FDA 483 Letter to Bard; and/or the November 25, 2014, FDA 483 Letter to Bard.

**INTERROGATORY NO. 5.** Please Identify each and every Communication between You and the Media related to the News Reports.

**INTERROGATORY NO. 6.** Please Identify each and every Document that You sent to, or received from, the Media related to the News Reports.

**INTERROGATORY NO. 7.** Have you contracted with a third party to assist You in obtaining medical care from a health care provider, health care facility, or any other ancillary provider? If so, please identify the third party assisting You and the terms of Your arrangement with said third party.

**INTERROGATORY NO. 8.** Please Identify each and every Document referencing, relating to, or discussing any agreement with a third party to assist You in obtaining any medical care.

**INTERROGATORY NO. 9.** Please Identify each and every Communication referencing, relating to, or discussing any agreement with a third party to assist You in obtaining any medical care.

**INTERROGATORY NO. 10.** Please Identify any and all funding You have obtained from another party to pursue this Litigation, including the source, amount, and terms of such funding.

**INTERROGATORY NO. 11.** Please Identify each and every Document referencing, relating to, or discussing funding you have obtained to pursue this Litigation.

**INTERROGATORY NO. 12.** Please Identify each and every Communication referencing, relating to, or discussing funding you have obtained to pursue this Litigation.

DATED this 27th day of May, 2016.

SNELL & WILMER L.L.P.

By: /s/ Amanda C. Sheridan
James R. Condo
Amanda C. Sheridan
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
Nelson Mullins Riley & Scarborough LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363

Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2016, the original of the foregoing was mailed to:

Robert W. Boatman
Paul L. Stoller
Shannon L. Clark
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225

A copy was also mailed this same date to:

Ramon Rossi Lopez
LOPEZ McHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660

/s/ Pam Ritchey

24196383