# EXHIBIT A

# Nelson Mullins

**Nelson Mullins Riley & Scarborough LLP**
Attorneys and Counselors at Law
Atlantic Station / 201 17th Street, NW / Suite 1700 / Atlanta, GA  30363
Tel: 404.322.6000  Fax: 404.322.6050
www.nelsonmullins.com

Richard B. North, Jr.
Tel: 404.322.6155
richard.north@nelsonmullins.com

March 4, 2016

**VIA E-MAIL AND U.S. MAIL**

Paul L. Stoller, Esq.
Gallagher & Kennedy
2575 E. Camelback Road Suite 1100
Phoenix, AZ  85016

> **Re:    *Interrogatory Response Regarding Corporate Structure***

Dear Paul:

My colleague, Matthew Lerner, has brought to my attention your letter dated March 3, 2016, questioning the interrogatory response we served regarding corporate structure.

To be frank, I am at a loss to understand your complaints.  Your letter contends that our interrogatory response failed to provide you with various information, when in fact, the interrogatory specifically addresses virtually every point you raise in your letter.

Here are just a few examples:

1)    You state that Bard's interrogatory response "identifies only one subsidiary and none of the corporate structure of C. R. Bard, Inc. ..."  To the contrary, the interrogatory response identifies all of the company's divisions that sell medical devices:  Davol, Inc.; Bard Access Systems, Inc.; Bard Peripheral Vascular, Inc.; and Bard Medical Division.

2)    You suggest that our interrogatory response failed to identify the products produced by those various divisions.  To the contrary, we provided you with the internet link to Bard's product catalog.  That catalog lists all products sold by the company.  That catalog then breaks down the products for each division.  In turn, the catalog breaks down the product types for each division.  Finally, if you click on each link of product type, you can find a

*With offices in the District of Columbia, Florida, Georgia, Massachusetts, New York, North Carolina, South Carolina, Tennessee and West Virginia*

Paul L. Stoller, Esq.
March 4, 2016
Page 2

listing of the products sold within that category.  In short, that catalog provides you extensive details about the products sold by each division.

3)   You state that Bard "should also be able to answer whether each division/department/subsidiary has any involvement (of any kind and in any way) with IVC filters."  We agree, and thought our interrogatory response addressed that precise question. The response identified all entities and/or facilities having involvement with IVC filters:  Bard Peripheral Vascular; the Glens Falls Operation; the Covington, Georgia facility; Bard's corporate headquarters in Murray Hill, New Jersey; and the International Business Centers (for the limited function of international distribution and the filing of foreign regulatory submissions).   Conversely, the interrogatory response states that no other divisions and facilities of Bard are involved with inferior vena cava filters.  For the facilities that do have involvement with the filters, we further describe the nature of that involvement.  Given those detailed explanations, I candidly do not understand your suggestion that we have failed to identify the entities involved with the filter products or explain the roles of those entities.

In short, the interrogatory response was intended to address all of the questions you raise in your March 3 letter. As outlined above, we believe it did address those questions.  The response identifies each and every Bard entity having any involvement with the filters, and the response describes the nature of that involvement.  The response affirmatively notes that no other division, facility, or entity has been involved with the product line.   Further, the response identifies the other product divisions affiliated with Bard, and refers you to a comprehensive listing of all products sold by those divisions.

If there is additional information you would like, let's schedule a phone call as soon as possible to discuss what you are seeking.  Given the apparent communication gap, it appears to be time to dispense with letters and emails, and engage in old-fashioned personal conversations.

We look forward to hearing from you.

With best regards, I am

Sincerely yours,

Richard B. North, Jr.

RBN,JR:jbruner