James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Telephone: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' MOTION AND INCORPORATED MEMORANDUM TO SEAL** |

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") hereby respectfully move this Court for an order, pursuant to the Stipulated Protective Order (Doc. 268), Federal Rule of Civil Procedure 26(c)(1)(G), and Local Civil Rule 5.6 sealing certain documents accompanying Bard's Response to Plaintiffs' Brief on Foreign Regulatory Materials. The exhibits that are the subject of Bard's Motion to Seal constitute trade secrets or other confidential research, development, or commercial information, thereby warranting protection from public disclosure for a discovery related motion. Accordingly, there is good cause to grant Bard's Motion to Seal. Although the plaintiffs do not oppose Bard's motion, the plaintiffs have noted during the meet and

confer process that they reserve the right to challenge any of the confidential designations pursuant to the Stipulated Protective Order (Doc. 269 ¶ 2) at a later time.

## ARGUMENT AND CITATION OF AUTHORITY

In conjunction with Bard's Response to Plaintiffs' Brief on Foreign Regulatory Materials, Bard wishes to submit the following confidential documents to the Court for its consideration: deposition testimony from Rob Carr's March 18, 2016 deposition; documents regarding Bard's sales and marketing document control policies for foreign materials; drafts of Bard's instructions for use for the Denali™ Filter; and an internal email chain regarding discussions with an international regulatory agency ("Documents at Issue").[1] The Documents at Issue reflect Bard's confidential trade secrets and/or contain highly competitive, confidential, or proprietary information that warrants protection under Federal Rule of Civil Procedure 26(c)(1)(G) because the documents are not made public by Bard and, if obtained by Bard's competitors, would give an unfair economic advantage to those competitors.

**A.   Bard Asserts that the Documents At Issue Are "Confidential Information" Pursuant to the Stipulation for Protective Order, and Therefore They Should Be Sealed**

The Court has entered a Stipulated Protective Order to protect public disclosure of "Confidential Information," which includes any "'trade secret' or other confidential research, development, or commercial information' that is suitable for protection under Federal Rule of Civil Procedure 26(c)(1)(G)" Stipulated Protective Order (Doc. 269 ¶¶ 1, 2.)  Bard has designated the Documents at Issue in this motion as "CONFIDENTIAL" in its recent production of those documents during discovery (*Id.* ¶ 6).  Finally, the Stipulated Protective Order states "All Confidential Information shall be used for the purpose of this lawsuit only . . . except as permitted by this Order." (*Id.* ¶ 12). These types of provisions are common in legal proceedings and are routinely enforced. *See, e.g., Culinary Foods, Inc. v. Raychem Corp.*, 151 F.RD. 297, 307 (N.D. Ill. 1993) ("We hold that confidential information obtained by Culinary in this litigation may not be

---

[1] A more detailed listing of each exhibit at issue is attached as Exhibit A.

disseminated to litigants in other cases against Raychem."); *cf Smithkline Beecham Corp. v. Synthon Pharmaceuticals Ltd.*, 210 F.RD. 163, 169 (M.D.N.C. 2002) (refusing to modify protective order to allow plaintiffs to use confidential documents in other litigation). Thus, the Court should grant Bard's Motion to Seal to maintain the confidentiality afforded by the Stipulated Protective Order to the Documents at Issue.

**B.   The Documents at Issue Warrant Protection Pursuant to Fed. R. Civ. P. 26(c)(1)(G) as Trade Secrets or Other Confidential Research, Development or Commercial Information, and Would Cause Bard Competitive Harm if Made Public**

Federal Rule of Civil Procedure 26(c)(1)(G) provides that the Court may, for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (G) requiring that a trade secret or other confidential research, development, or commercial information . . . be revealed only in a specified way." "Good cause" exists when disclosure will result in "a clearly defined and serious injury to the party" seeking closure. *Blanchard & Co., Inc. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004) (citing *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994)). In determining whether "good cause" exists, the court "must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." *Id.* The Court has wide discretion in determining the scope of an order protecting confidential research, development, or commercial information. *See id.*

The information contained in the Documents at Issue includes confidential business and trade secret information concerning Bard's development of sales and marketing materials, as well as its interactions with foreign regulatory agencies, and contains highly sensitive information related to those areas. *See id.* The Documents at Issue are not made public by Bard and, if obtained by Bard's competitors, would give an unfair economic advantage to those competitors.

Finally, because the Documents at Issue do not relate to a motion that requires judicial resolution of this case on the merits, there is no general First Amendment right to

- 3 -

access the Documents at Issue. *See, e.g., Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312–13 (11th Cir. 2001) (finding that "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right"); *United States v. Wolfson*, 55 F.3d 58, 61 (2d Cir. 1995) ("We are not aware . . . of any common-law principle that documents submitted to a court in camera for the sole purpose of confirming that the refusal to disclose them to another party was proper, are to be deemed judicial records open to the public."); *The Courier-Journal v. Marshall,* 828 F.2d 361, 363 (6th Cir. 1987) (newspapers had no first amendment right of access to discovery materials, despite the recognition that "proceedings [were] of intense public concern").

For each of these reasons, Bard has met the good cause standard for protection of its documents by showing that public disclosure of the Documents at Issue will cause a clearly defined injury to Bard. *See Shell Exploration & Prod. Co. v. Robinson*, No. CIV.A. 01-1417, 2001 WL 1490954 (E.D. La. Nov. 20, 2001) (finding that good cause existed for sealing judicial record "out of an abundance of caution in order to protect trade secrets" even when the testimony at issue "would not be particularly illuminating," the "testimony did not specify any particular trade secrets"). Accordingly, the Court should grant Bard's Motion to Seal.

## CONCLUSION

For the foregoing reasons, the Documents at Issue warrant protection as confidential research, development, or commercial information pursuant to Rule 26(c)(1)(G). Accordingly, the Court should grant Bard's Motion to Seal.

DATED this 6th day of September, 2016.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Nelson Mullins Riley & Scarborough**
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
JCondo@swlaw.com
ASheridan@swlaw.com

**Attorney for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

- 5 -

**CERTIFICATE OF SERVICE**

  I hereby certify that September 6, 2016, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

                  s/Richard B. North, Jr.
                  Richard B. North, Jr.

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000