### UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | | |
|---|---|---|
| IN RE: BARD IVC FILTERS | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | No. MD-15-02641-PHX-DGC |
| | ) | |
| | ) | |

This document applies to:

Oma Hardwick, Case No. 16-cv-2442

### PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

Plaintiffs, through undersigned counsel, respond in opposition to Defendants' Motion to Dismiss and state as follows:

## I.   INTRODUCTION AND LITIGATION BACKGROUND

Plaintiffs herein have joined in one petition raising claims against two Defendants ("Defendants" or "Bard"), consisting of C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. The parties agree that Plaintiff Rudolph Iglewski and Defendant Bard Peripheral Vascular, Inc. share Arizona citizenship. Nonetheless, as addressed in Plaintiffs' Motion to Remand, Defendants removed on patently inapplicable complete diversity of citizenship grounds, relying on a joinder/misjoinder theory rejected by the overwhelming consensus of District Courts in the Eastern District of Missouri in cases in which all plaintiffs allege injuries from the same nationally-marketed product. This same argument, made by these same Defendants, was recently rejected in *Jackson v. C. R. Bard, Inc.*, 2016 WL 1732765 (E.D. Mo. May 2, 2016).

In their Motion to Dismiss, Defendants demand that the Court adjudicate personal jurisdiction issues notwithstanding a clear lack of subject matter jurisdiction. Defendants rely upon an inapplicable exception to the general rule that subject matter jurisdiction is a threshold issue, asking that the Court dismiss Plaintiffs' claims for alleged lack of personal jurisdiction. The Court

1

should resolve the straightforward issue of subject matter jurisdiction, without reaching the question of personal jurisdiction or the pleadings arguments advanced in Defendants' Motion to Dismiss.

### A.  All Plaintiffs Allege Personal Injuries Caused by Bard IVC filters.

All Plaintiffs' damages arise from IVC filters developed, manufactured, marketed, sold and/or distributed by Bard. Specifically, the petition explains that Defendants failed to adequately warn against the negative risks or the actual benefits associated with an allegedly "retrievable" IVC filter. [Doc. #1-1]. Each plaintiff has suffered severe personal injuries as a result of the implantation of a Bard IVC filter. [Doc. #1-1]. All Plaintiffs' claims arise from the common facts that Bard IVC filters are unreasonably dangerous and defective, that Defendants knew of the risks of personal injuries as a result of the use of their products, and that Defendants failed to adequately warn or to otherwise ameliorate their product's dangerous condition. These allegations support Plaintiffs' claims of negligence, fraud, strict product liability, breaches of warranties and for damages.

### B.  Defendants Aggressively Marketed Bard IVC filters in Missouri and Have Continuous and Systematic Contacts There.

Defendants specifically target the State of Missouri for the marketing, sale and distribution of their products that are then sold to and used at numerous medical facilities throughout the State of Missouri. [Doc. 1-1, ¶¶11, 12, 16, 17, 24]. Defendants cannot seriously deny their continuous presence and systematic contacts in every State of the union, including Missouri. Defendants' continuous and systematic contacts with Missouri specifically extend to Bard IVC filters, the products alleged to have caused Plaintiffs' injuries. Defendants aggressively marketed Bard IVC filters in the State of Missouri. [Doc. 1-1, ¶¶11, 12].

Plaintiffs allege that all Defendants acted in concert together in Missouri and throughout the United States to convey false and misleading information about the safety and efficacy of Bard IVC filters. [Doc. 1-1, ¶¶11, 18, 22, 23]. Defendants are all alleged to have done business within the State of Missouri by, among other things, marketing and selling Bard IVC filters. [Doc. 1-1, ¶¶11-24]. All Defendants are further alleged to have engaged in substantial business in Missouri, and to have derived substantial revenue from goods, including Bard IVC filters, purchased and consumed in Missouri. [Doc. 1-1, ¶¶11-24]. All Defendants are alleged to have "designed, set specifications for, manufactured, prepared, compounded, assembled, processed, marketed, distributed, and sold" Bard IVC filters in the stream of commerce in Missouri and the rest of the country. [Doc. 1-1, ¶¶11-24]. Plaintiffs' Petition articulates facts establishing personal jurisdiction over Defendants:

> 11.    Requiring Defendants to litigate these claims in Missouri does not offend traditional notions of fair play and substantial justice and is permitted by the United States Constitution. All Plaintiffs' claims arise in part from conduct Defendants purposefully directed to Missouri. On information and belief, Bard IVC Filters are sold to and used at numerous medical facilities throughout the State of Missouri.

[Doc. 1-1, ¶11]. Defendants' arguments ignore these pleadings. Defendants' Motion to Dismiss and Notice of Removal fail to address them, much less rebut them.

## II.    ARGUMENT

Federal courts "have no power to decide the merits of a case over which [they] have no jurisdiction." *Filla v. Norfolk & Southern Ry.*, 336 F.3d 806, 811 (8th Cir. 2003); *see also Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause"); 28 U.S.C. §1447(c). Therefore, the issue of whether there is complete diversity of citizenship in a case in which Plaintiff Rudolph Iglewski and Defendant Bard Peripheral Vascular, Inc. share Arizona citizenship must be resolved before consideration of

3

Defendants' Motion to Dismiss. Defendants' specious personal jurisdiction theory should be resolved in state court after remand, if Defendants continue to pursue it there.

### A. The Obvious Lack of Federal Subject Matter Jurisdiction Precludes Consideration of the Issues Raised in Defendants' Motion to Dismiss.

To divert attention from the lack of complete diversity, Defendants contend the Court should first reach another issue – the argument that Missouri lacks personal jurisdiction over the claims of Plaintiffs subject to the same nationwide marketing scheme as Missouri citizens. In so doing, Bard mistakenly relies on an inapplicable exception to the general rule of ordering of issues. As established in Plaintiffs' Motion to Remand and supporting memorandum, once this Court considers federal subject matter jurisdiction, remand to state court will be mandated pursuant to 28 U.S.C. §1447(c) and the controlling case law. Any continuing issue of personal jurisdiction must be resolved in state court after remand. *Dones v. Sensient Colors, LLC*, 2012 WL 1802438, at *2 (E.D. Mo. May 17, 2012) ("Because this Court has concluded that it lacks subject matter jurisdiction, the determination of the motion to dismiss is also for the state court to decide.").

The general rule is that subject matter jurisdiction is addressed first—unless personal jurisdiction is straightforward and subject matter jurisdiction is novel and difficult. Bard cites *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999) in support of its argument that this Court should not reach the issue of federal subject matter jurisdiction [Doc. #1, ¶56]. The *Ruhrgas* Court stated that "in most instances subject-matter jurisdiction will involve no arduous inquiry. . . . In such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." 526 U.S. at 587-88. The Court found no abuse of discretion in a court making an exception to this rule where "a district court has before it a straightforward

personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question." *Id*. at 588.

Further, the Eighth Circuit in C*rawford v. F. Hoffman-LaRoche Ltd*., 267 F.3d 760 (8th Cir. 2001) recognized that under *Ruhrgas*, "certain threshold issues, such as personal jurisdiction, may be taken up without a finding of subject-matter jurisdiction, provided that the threshold issue is simple when compared with the issue of subject-matter jurisdiction." *Crawford*, 267 F.3d at 764. In *Crawford*, the Eighth Circuit found that resolution of subject matter jurisdiction was "not particularly time consuming or difficult to resolve" in comparison to the "substantial and unavoidable questions of law and fact" involved in granting dismissal. *Id*. at 765. After finding that the amount in controversy was insufficient to confer diversity jurisdiction, the Eighth Circuit remanded the case to state court. *Id.* at 767.

Defendants' removal arguments were recently rejected in the substantively indistinguishable cases *Polk v. Pfizer, Inc.*, 2015 WL 1976370 (E.D. Mo. May 1, 2015); *Morgan v. Janssen Pharms., Inc*., 2014 U.S. Dist. LEXIS 164811 (E.D. Mo. Nov. 25, 2014); and *Butler v. Ortho-McNeil-Janssen Pharms., Inc.,* 2014 U.S. Dist. LEXIS 142985 (E.D. Mo. Oct. 8, 2014). In those cases, jurists in the Eastern District of Missouri declined to resolve the defendants' personal jurisdiction arguments. As one such decision explains:

> [T]he Court finds that the issue of subject matter jurisdiction is a straightforward legal issue that has already been addressed by judges in this district, including the undersigned. Issues of personal jurisdiction and venue would require a more fact-intensive inquiry. Therefore, the Court will first take up the issue of subject matter jurisdiction.

*Morgan,* 2014 U.S. Dist. LEXIS 164811, at *4. A number of courts interpreting *Ruhrgas* have similarly declined to delay consideration of subject matter jurisdiction, following the general rule

that subject matter jurisdiction is a threshold issue considered first in priority.[1] Further, earlier this year, these Defendants arguments regarding whether personal jurisdiction should be decided before subject matter jurisdiction were rejected. *Jackson*, 2016 WL 1732765.

Defendants cannot establish that their personal jurisdiction theory "is simple when compared with the issue of subject-matter jurisdiction," *Crawford*, 267 F.3d at 764, or that subject matter jurisdiction "raises a difficult and novel question." *Ruhrgas*, 526 U.S. at 588. There clearly is no complete diversity because Plaintiff Rudolph Iglewski and Defendant Bard Peripheral Vascular, Inc. share Arizona citizenship. The subject matter jurisdictional issues are in no way "difficult and novel." As explained in Plaintiffs' Memorandum in Support of their Motion to Remand, substantively indistinguishable removals have been consistently rejected by a very large body of case law applying the Eighth Circuit precedent controlling here.

By contrast, the Court must make extensive inquiry into the facts and the law in order to determine whether Defendants' continuous and systematic contacts in Missouri somehow do not constitute a basis for personal jurisdiction. In particular, the Court must determine whether Defendants fall within Missouri long-arm jurisdiction, and whether sufficient contacts exist to

---

[1] *See Clark v. Pfizer, Inc*., No. 4:15CV546 HEA, 2015 WL 4648019, at *2 (E.D. Mo. Aug. 5, 2015) (deciding remand motion first); *Parker v. Pfizer, Inc.*, No. 4:15-CV-441 CAS, 2015 WL 3971169, at *4 (E.D. Mo. June 30, 2015)(same); *Simmons v. Skechers USA, Inc*., No. 4:15-CV-340-CEJ, 2015 WL 1604859, at *2 (E.D. Mo. Apr. 9, 2015) (same); *Swann v. Johnson & Johnson,* No. 4:14-CV-1546 CAS, 2014 U.S. Dist. LEXIS 167254, at *5 (E.D. Mo. Dec. 3, 2014) (same); *Aday v. Fresenius Med. Care N. Am., Inc.*, No. 4:13–CV–2462–CEJ, 2014 WL 169634 (E.D. Mo. Jan. 15, 2014); *Woodside v. Fresenius Med. Care N. Am., Inc.*, No. 4:13–CV–2463–CEJ, 2014 WL 169637 (E.D. Mo. Jan. 15, 2014); *Geo-Chevron Ortiz Ranch # 2 v. Woodworth*, No. L-04-138, 2005 U.S. Dist. LEXIS 46809, at *4 (S.D. Tex. May 10, 2005) (same); *Gib. Trading Corp. v. PMC Specialties Group, Inc*., 851 F. Supp. 2d 437, 441 (E.D.N.Y. 2011) (same); *Brown v. Kerkhoff*, No. 4:05-cv-274, 2005 U.S. Dist. LEXIS 24346, at *17 (S.D. Iowa Oct. 19, 2005) (same); *A.O. Smith Corp. v. American Alternative Ins. Corp*., No. 99-3347, 2000 U.S. Dist. LEXIS 467, at **8-9 (E.D. La. Jan. 12, 2000) (same); *YA Global Invs., L.P. v. McKenzie Bay Int'l Ltd.*, No. 9-2107, 2009 U.S. Dist. LEXIS 124103, at ** 9-10 (D. N.J. May 26, 2009) (declining to consider personal jurisdiction before subject matter jurisdiction), *adopted*, 2010 U.S. Dist. LEXIS 6374 (D. N.J. Jan. 27, 2010); *Gray v. Remley*, No. 1:03CV421, 2003 U.S. Dist. LEXIS 25265, at **16-17 (M.D.N.C. Dec. 3, 2003) (same), *adopted*, 2004 U.S. Dist. LEXIS 7697 (M.D. N.C. April 30, 2004).

confer personal jurisdiction for purposes of the Due Process Clause, bearing in mind the eight factors identified by the Eighth Circuit in *Aftanase v. Economy Baler Co*., 343 F.2d 187 (8th Cir. 1965): (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relationship of the cause of action to the contacts; (4) the interest of Missouri in providing a forum for its residents; and (5) the convenience or inconvenience to the parties. 343 F.2d at 197; *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010).

### B. All Plaintiffs Allege and Can Prove Facts Sufficient to Confer Personal Jurisdiction over Defendants.

A review of the jurisdictional facts demonstrates both the complexity of assessing personal jurisdiction relative to subject matter jurisdiction, and the ultimate weakness of Defendants' jurisdictional argument. To support personal jurisdiction over a nonresident defendant, due process requires sufficient contacts between the nonresident defendant and the forum state "'such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *J. McIntyre Mach. Ltd. v. Nicastro,* 131 S. Ct. 2780, 2787 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "As a general rule, the sovereign's exercise of power requires some act by which the defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws.'" *J. McIntyre Mach. Ltd.*, 131 S. Ct. at 2787 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

General jurisdiction arises when a defendant's contacts with the forum state are so "continuous and systematic" that the defendant may be subject to suit there even for causes of action distinct from the in-state activities. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 & n.9 (1984). Specific jurisdiction, on the other hand, "'refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state.'"

7

*Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 475 (8th Cir. 2012)(quoting *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1091 (8th Cir. 2008)). "Specific jurisdiction over a defendant is exercised when a state asserts personal jurisdiction over a nonresident defendant that has purposefully directed [its] activities at [Missouri] residents in a suit that arises out of or relates to these activities." *Johnson*, 614 F.3d at 794 (citations and quotations omitted). While Plaintiffs have not had the opportunity to conduct jurisdictional discovery sufficient to assess Defendants' denial of specific jurisdiction,[2] the available facts establish a prima facie case of personal jurisdiction.[3] Further, on information and belief, that jurisdictional discovery would show significant contacts with healthcare providers in Missouri by Defendants' agents.

     a.    <u>Plaintiffs assert claims related to sales and marketing activities Defendants purposefully directed at Missouri and its citizens.</u>

Defendants purposefully availed themselves of the Missouri market as part of their scheme to profit from nationwide sales of Bard IVC filters. Defendants' Missouri sales of the products at issue here were extensive. [Doc. 1-1, ¶¶11-24].

Plaintiffs allege injuries "related to" the activities Defendants purposefully directed at Missouri: they suffered the same injury experienced by Missourians who were implanted with Bard IVC filters in Missouri. All Plaintiffs were injured by the same conduct of Defendants, Defendants' uniform failure to adequately warn of the dangers of their product and their

---

[2]   Even according to the authority invoked by Defendants, the Court has general jurisdiction. *See Neeley v. Wolters Kluwer Health, Inc.,* No. 4:11-CV-325, 2013 U.S. Dist. LEXIS 106191, **13-19 (E.D. Mo. July 30, 2013) (finding general jurisdiction over generic drug manufacturers and distinguishing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011) and *J. McIntyre*, 131 S. Ct. 2780).
[3]   If the Court does not find the current record sufficient to demonstrate jurisdiction, jurisdictional discovery would be appropriate and is hereby requested by Plaintiffs. *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008).

nationwide misrepresentations as to the safety of their IVC filters. [Doc. 1-1]. All Plaintiffs claims are "related," as they were injured by the exact same conduct of Defendants.

Further, Defendants' citation to *In re Testosterone Replacement Therapy Products Liab. Litig. Coordinated Pretrial Proceedings* ("*Liggins*"), No. 14 C 1748, 2016 WL 640520, at *4 (N.D. Ill. Feb. 18, 2016) and *Evans v. Johnson & Johnson*, No. H–14–2800, 2014 WL 7342404 (S.D. Tex. Dec. 23, 2014) are unavailing. The approach taken by the district courts in *Liggins* and *Evans* contradicts the Supreme Court's express statement that a court's minimum contacts analysis "properly focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984). In *Keeton*, the United States Supreme Court determined that because the inquiry focuses on the relations between the defendant, the forum, and the litigation, "[the] plaintiff's residence in the forum State is not a separate requirement, and lack of residence will not defeat jurisdiction established on the basis of defendant's contacts." *Id.* at 780. The Court stated:

> [W]e have not to date required a plaintiff to have "minimum contacts" with the forum State before permitting that State to assert personal jurisdiction over a nonresident defendant. On the contrary, we have upheld the assertion of jurisdiction where such contacts were entirely lacking. In *Perkins v. Benguet Mining Co.*, none of the parties was a resident of the forum State; indeed, neither the plaintiff nor the subject matter of his action had any relation to that State. Jurisdiction was based solely on the fact that the defendant corporation had been carrying on in the forum "a continuous and systematic, but limited, part of its general business." In the instant case, respondent's activities in the forum may not be so substantial as to support jurisdiction over a cause of action unrelated to those activities. But respondent is carrying on a "part of its general business" in New Hampshire, and that is sufficient to support jurisdiction when the cause of action arises out of the very activity being conducted, in part, in New Hampshire."

*Keeton*, 465 U.S. at 779-80 (citations omitted). As such, the Court held that a defendant that "continuously and deliberately exploited the New Hampshire market," by selling magazines was subject to answer a libel suit over the contents of a magazine sold there regardless of the

residence of the plaintiff. *Id*. at 781. For the reasons above, Defendants have sufficient contacts with Missouri to be sued there. The fact that some plaintiffs do not reside there is simply irrelevant.

      b.    <u>Defendants do not articulate any reason why the exercise of personal jurisdiction is unfair or unreasonable.</u>

When a defendant seeks to rely on the considerations of "fair play and substantial justice" to avoid the exercise of personal jurisdiction, "he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78 (1985). Defendants' general personal jurisdictional disavowal rests on the Supreme Court's inapposite decision in *Daimler*. In *Daimler*, foreign residents brought suit in the United States against a foreign corporation for alleged human rights violations in a foreign country, basing personal jurisdiction on the activities of a U.S. subsidiary. *Daimler*, 134 S. Ct. at 751-52. Therefore, *Daimler* "concerns the authority of a court in the United States to entertain a claim brought by foreign plaintiffs against a foreign defendant based on events occurring entirely outside the United States." *Id.* at 750. The Court found that the Ninth Circuit erred by concluding that Daimler was "subject to suit [in California] on claims by foreign plaintiffs having nothing to do with anything that occurred or had its principal impact in California." *Id*. at 762. The Supreme Court held that the plaintiffs failed to establish *general* jurisdiction over Daimler for conduct wholly unrelated to the forum, criticizing the Ninth Circuit for paying "little heed to the risks to international comity its expansive view of general jurisdiction posed." *Id*. at 763.

The considerations of international rapport that made the exercise of general jurisdiction unreasonable in *Daimler* are irrelevant to this case, which was brought by United States citizens against two inextricably-related companies incorporated under state laws and headquartered in the

United States, and which arises from injuries sustained in the United States due to a product marketed aggressively within the United States, including in Missouri. Further, as noted above, the *Daimler* decision concerned only general jurisdiction and the plaintiffs "never attempted to fit [their] case into the *specific* jurisdiction category." *Id.* at 758.[4]

As discussed above, Plaintiffs allege that Defendants have continuous and systematic contacts with Missouri, including contacts specifically relating to the sale and deceptive marketing of the product that injured each Plaintiff. Such contacts are sufficient to confer personal jurisdiction because each Defendant can reasonably be expected to answer suits over a given product in a market it targeted for the sale of that product. *See Keeton,* 465 U. S. 770, 781 (1984) (holding defendant that "'continuously and deliberately exploited the New Hampshire market," could reasonably be expected to answer a libel suit there over contents of a magazine sold there). Accordingly, Plaintiffs have properly alleged that Defendants are subject to personal jurisdiction in this case.

c. Defendants' Missouri contacts are sufficient to confer jurisdiction under the Missouri Long-Arm Statute.

The Missouri Supreme Court has held that the legislature intended the long-arm statute "to provide for jurisdiction, within the specific categories enumerated in the statutes, to the full extent permitted by the due process clause of the Fourteenth Amendment." *State ex rel. Metal Serv. Ctr.*

---

[4] *See also Boyer v. Diversified Consultants Inc.,* No. 14-cv-12339, 2014 U.S. Dist. LEXIS 161868, at *11 (E.D. Mich. Nov. 19, 2014) (distinguishing *Daimler*; case concerning "limited personal jurisdiction for alleged conduct causing consequences in the forum state … is a different issue entirely"); *Solargenix Energy, LLC v. Acciona, S.A.*, 2014 IL App (1st) 123403, P52 (Ill. App. Ct. 1st Dist. 2014) (because the court found specific jurisdiction it "need not discuss" *Daimler*).

Defendants' heavy reliance on *Locke v. Ethicon Inc.*, No. 4:14-CV-2648, 2014 U.S. Dist. LEXIS 158416 (S.D. Tex. Nov. 10, 2014) is misplaced as those plaintiffs did not make a case for, and apparently failed to argue, specific jurisdiction. *Id.* at *5. The *Locke* plaintiffs did not plead that a national marketing scheme was conducted in Texas in part. Thus, even assuming *Locke* is correctly decided, which is denied, it is distinguishable.

*of Georgia, Inc. v. Gaertner*, 677 S.W.2d 325, 327 (Mo. 1984); *see also Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010) ("Missouri's long-arm statute, Mo. Rev. Stat. §506.500, confers jurisdiction to the extent allowed by the Due Process Clause."). Missouri's long-arm statute authorizes jurisdiction over any person or firm as to any cause of action arising from, among other things, that person or firm's "transaction of any business within this state" or "making of any contract within this state." Mo. Rev. Stat. §506.500.1(1), (2). "A person or firm transacts business [in] Missouri [by] sending its product or advertising" to Missouri. *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 476 (8th Cir. 2012). Jurisdiction is met under the Missouri Long-Arm Statute by virtue of Defendants' above-described sales and their contractual arrangements with Missouri medical providers in the course of their nationwide marketing and distribution scheme.

## III.     CONCLUSION.

The proper and efficient procedure is to address subject matter jurisdiction before reaching Defendants' Motion to Dismiss. Remanding this case to state court for lack of subject matter jurisdiction is straightforward, whereas extending the *Daimler* decision regarding foreign parties and out-of-country events to the facts here cannot be characterized as straightforward, especially in view of the evidentiary analysis required to assess Defendants' in-state contacts. Should the Court reach the issue of personal jurisdiction, it should deny Defendants' motion to dismiss, or, in the alternative, allow time for jurisdictional discovery.

Respectfully Submitted,

/s/ John J. Driscoll
John J. Driscoll #54729
Philip Sholtz #57375
**The Driscoll Firm, P.C.**
One Metropolitan Square
211 North Broadway, 40th Floor
St. Louis, MO 63102
314-932-3232 – Telephone
314-932-3233 – Facsimile
john@thedriscollfirm.com
phil@thedriscollfirm.com

*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 6, 2016, a copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

/s/ John J. Driscoll
John J. Driscoll