UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

IN RE: BARD IVC FILTERS              )
PRODUCTS LIABILITY LITIGATION        )   No. MD-15-02641-PHX-DGC
                                     )
                                     )

This document applies to:

Oma Hardwick, Case No. 16-cv-2442

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

Pursuant to 28 U.S.C. §1447(c) and for the reasons that follow, this action should be remanded to the Twenty-Second Judicial Circuit Court, St. Louis City, Missouri.

**I.   INTRODUCTION AND BACKGROUND**

Plaintiffs herein joined in one petition raising claims, for personal injuries related to their implantation of Inferior Vena Cava ("IVC") filter medical devices, against Defendants, C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Defendants" or "Bard"). The parties agree that Plaintiff Rudolph Iglewski and Defendant Bard Peripheral Vascular, Inc. share Arizona citizenship. Nonetheless, the removal notice quizzically claims complete diversity of citizenship. [Doc. 1, page 1].

Through their Motion to Dismiss, Defendants demand that the Court adjudicate merits issues notwithstanding a clear lack of subject matter jurisdiction. Contrary to Eighth Circuit precedent and the overwhelming consensus of District Courts in the Eastern District of Missouri, Defendants removed a case in which all plaintiffs allege injuries from the same nationally-marketed medical device, demanding a *de facto* post-removal severance as justification for a groundless removal. In fact, these same arguments by these same Defendants were rejected earlier this year. *Jackson v. C. R. Bard, Inc.*, 2016 WL 1732765 (E.D. Mo. May 2, 2016). In the face of

1

precedent compelling remand, the Notice of Removal labors to change the subject. First, Defendants rely upon an inapplicable exception to the general rule that subject matter jurisdiction is a threshold issue, asking that the Court dismiss Plaintiffs' cases for alleged lack of personal jurisdiction. Second, Defendants advance an ambiguous "improper" joinder argument that is an insufficient basis for removal, as determined previously by the Eastern District of Missouri interpreting Eighth Circuit precedent. Defendants' stratagem for evading precedent is unavailing.

### A. All Plaintiffs Allege Personal Injuries Caused by Bard IVC filters.

All Plaintiffs' damages arise from IVC filters developed, manufactured, marketed, sold and/or distributed by Bard. Specifically, the petition explains that Defendants failed to adequately warn against the negative risks or the actual benefits associated with an allegedly "retrievable" IVC filter. [Doc. #1-1]. Each plaintiff has suffered severe personal injuries as a result of the implantation of a Bard IVC filter. [Doc. #1-1]. All Plaintiffs' claims arise from the common facts that Bard IVC filters are unreasonably dangerous and defective, that Defendants knew of the risks of personal injuries as a result of the use of their products, and that Defendants failed to adequately warn or to otherwise ameliorate their product's dangerous condition. These allegations support Plaintiffs' claims of negligence, fraud, strict product liability, breaches of warranties, and for damages including punitive damages. Therefore, joinder is proper because Plaintiffs' rights to relief arise out of the same transaction, occurrence, or series of transactions or occurrences and involve common questions of law and fact.

### B. There Is No Diversity of Citizenship Because Plaintiff Piwetz and Defendant Bard Peripheral Vascular Share Arizona Citizenship.

Plaintiff Rudolph Iglewski and Defendant Bard Peripheral Vascular, Inc. share Arizona citizenship. [Doc. 1, page 10]. These undisputed facts preclude diversity jurisdiction.

### C. Defective Notice of Removal.

A removal notice must contain a plain statement of the grounds for removal. 28 U.S.C. §1446(a). The Notice alleges complete diversity of citizenship in a case in which Defendants irreconcilably admit that Plaintiff Rudolph Iglewski and Defendant Bard Peripheral Vascular, Inc. are citizens of the same State. Defendants attempt to support their argument by claiming that the non-diverse Plaintiff is fraudulently joined. That argument is more commonly referred to as fraudulent misjoinder of plaintiffs, a theory that is not recognized in the Eighth Circuit. As this theory is not recognized in any relevant jurisdiction, Defendants' removal is improper and this case should be remanded.

## II. ARGUMENT

Federal courts "have no power to decide the merits of a case over which [they] have no jurisdiction." *Filla v. Norfolk & Southern Ry.*, 336 F.3d 806, 811 (8th Cir. 2003). Therefore, whether there is complete diversity of citizenship in a case in which a plaintiff shares citizenship with a defendant is to be resolved before consideration of Defendants' Motion to Dismiss. Upon consideration of the issue of subject matter jurisdiction, the case must be remanded to the state court wherein it was filed.

The removal does not come close to satisfying the strict construction and beyond-a-doubt standard imposed on Defendants as a matter of law. More than thirty decisions in the Eastern District of Missouri have granted remand motions where, as here, removal was based on a challenge to plaintiffs' joinder and plaintiffs were injured by the same nationally marketed product. Finally, Defendants' personal jurisdiction arguments cannot be reached before subject matter jurisdiction.

### A. Defendants Must Establish the Propriety of Removal Beyond Doubt.

A case must be remanded if at any time it appears that the district court lacks subject matter

jurisdiction. 28 U.S.C. §1447(c). The party seeking the federal forum has the burden of pleading diversity of citizenship of the parties, *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997), and the burden of establishing diversity jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy College,* 420 F.3d 763, 768 (8th Cir. 2005). Here, however, the Notice of Removal defectively levies factual claims without a scintilla of supporting proof.[1] Removal statutes must be strictly construed because they impede states' rights to resolve controversies in their own courts. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). The Court must resolve "all doubts about federal jurisdiction in favor of remand." *In re Prempro Prods. Liab. Litig.,* 591 F.3d 613, 620 (8th Cir. 2010).

**B. According to Controlling Precedent, Challenges to Plaintiffs' Joinder Do Not Defeat Diversity Where Plaintiffs Joined in an Action Allege Injuries from the Same Product and Common Facts.**

To the extent the Notice invokes a fraudulent joinder of plaintiffs argument, that theory, termed fraudulent misjoinder, has not been adopted by the Eighth Circuit. *See Prempro.,* 591 F.3d at 622. The fraudulent misjoinder doctrine is a "novel exception to the complete diversity rule." 591 F.3d at 620. "The Eleventh Circuit is **the only** federal appellate court to have adopted fraudulent misjoinder." *Madderra v. Merck Sharpe & Dohme Corp.*, No. 4:11CV1673 (JCH), 2012 U.S. Dist. LEXIS 22862, at *4 (E.D. Mo. Feb. 23, 2012) (emphasis added).

The *Prempro* court reversed the district court's denial of remand motions filed by plaintiffs who sued manufacturers of Hormone Replacement Therapy ("HRT") drugs. In *Prempro*, the claims of 123 diverse and non-diverse products liability plaintiffs or decedents were joined in three cases against 12 manufacturers of various HRT drugs alleged to have caused breast cancer.

---

[1] *See Smith v. Mexas Kan. City LLC*, No. 13-348-CV-W-FJG, 2013 U.S. Dist. LEXIS 126267, at *7 (W. D. Mo. Aug. 30, 2013) ("defendant must provide some evidence to the court in order to meet its burden to demonstrate subject matter jurisdiction in its notice of removal").

*Prempro*, 591 F.3d at 617. The Eighth Circuit analyzed Federal Rule of Civil Procedure 20(a)(1), which "allows multiple plaintiffs to join in a single action if (i) they assert claims 'with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;' and (ii) 'any question of law or fact common to all plaintiffs will arise in the action.'" *Id*. at 622. Specifically, "[i]n construing Rule 20, the Eighth Circuit has provided a very broad definition for the term 'transaction.'" *Id.* Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *Id*. (citing *Mosely v. General Motors Corp*., 497 F.2d 1330, 1333 (8th Cir. 1974)). Based upon the "palpable connection between the plaintiffs' claims against the manufacturers," as they all related to similar drugs and injuries and the manufacturers' knowledge of the risks of HRT drugs, the court could not say that the plaintiffs' claims had "'no real connection' to each other such that they [were] egregiously misjoined." *Prempro*, 591 F.3d at 623. The Eighth Circuit concluded that, "[b]ecause the joinder of claims in this case does not constitute egregious misjoinder, complete diversity does not exist." *Id*. at 624. Moreover, the "[p]laintiffs' subjective intent in adding non-diverse parties is irrelevant to the Court's Rule 20 analysis." *Gracey,* 2015 WL 2066242, at *3. "If the nondiverse plaintiff is a real party in interest, the fact that his joinder was motivated by a desire to defeat federal jurisdiction is not material." *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.,* 556 F.2d 400, 404 (8th Cir. 1977).

In this case, as in *Prempro*, Defendants cannot show that Plaintiffs' claims have no real connection to each other such that they are misjoined. Plaintiffs' claims all relate to personal injuries sustained as a result of Defendants' nationally marketed medical devices. Questions surrounding Defendants' knowledge, marketing and labeling are common to all Plaintiffs' claims. Defendants spend considerable time in their Notice of Removal claiming that joinder is not proper

because Defendants manufactured slightly different versions of their uniformly defective product. That argument fails. As Plaintiffs' claims all arise from injuries related to the implantation of Defendants' IVC filters, the case for proper joinder is stronger here than it was in *Prempro,* wherein a dozen different manufacturers of different HRT drugs were defendants. Further, these Defendants' arguments regarding joinder were expressly rejected just a few months ago. *Jackson*, 2016 WL 1732765, *2-3.

Defendant cites to *Witherspoon v. Bayer HealthCare Pharm. Inc.*, 2013 WL 6069009 (E.D. Mo. Nov. 18, 2013) for the proposition that a plaintiff's claim is fraudulently joined when it has "no reasonable basis in law and fact." [Doc. 1, page 18]. In *Witherspoon*, it was clear from the face of the complaint that the only non-diverse plaintiff's claims were barred by the statute of limitations. *Id.* at *5. Accordingly, the court found that the non-diverse plaintiff was "fraudulently joined," as state law "precluded" the non-diverse plaintiff's cause of action. *Id*.

In this case, state law recognizes Plaintiffs' claims against Defendants. Defendants have cited no Missouri case law establishing that any Plaintiff's claim against Defendants are "precluded." *Witherspoon* is not applicable as Defendants have provided no explanation as to how any Plaintiff's claim is "precluded" under state law.

1. **The courts within the Eastern District of Missouri, following *In re Prempro,* overwhelmingly remand cases removed on grounds of alleged fraudulent misjoinder of plaintiffs.**

Recent Eastern District of Missouri decisions have remanded substantially similar cases removed by defendants on alleged diversity grounds. *Morgan v. Janssen Pharms., Inc.*, No. 4:14-CV-1346CAS, 2014 U.S. Dist. LEXIS 164811 (E.D. Mo. Nov. 25, 2014); *Butler v. Ortho-McNeil-Janssen Pharms., Inc.,* No. 4:14CV1485RWS, 2014 U.S. Dist. LEXIS 142985 (E.D. Mo. Oct. 8, 2014). One such decision explains:

[T]here is no need to express an opinion on the validity of the fraudulent misjoinder

6

> doctrine because defendants have failed to demonstrate that the joinder of non-Missouri citizens with Missouri plaintiffs in this action "is so egregious and grossly improper . . . . that plaintiffs' misjoinder borders on a 'sham' . . . ." *Prempro*, 591 F.3d at 624. As other judges from this district have found, the joinder of plaintiffs alleging injury from a single drug is not "egregious" because common issues of law and fact connect plaintiffs' claims.

*Butler, supra,* 2014 U.S. Dist. LEXIS 142985, at \*\*6-7. Here, too, all Plaintiffs were implanted with IVC filters manufactured and sold by Defendants, all have sustained personal injuries, and all allege that Defendants failed to warn of the dangers, misrepresented IVC filters and breached warranties. [Doc. 1-1]. Those common questions of fact and law make joinder appropriate.

Again, these Defendants' arguments regarding joinder in an substantially similar case have been rejected by the Eastern District of Missouri. *Jackson*, 2016 WL 1732765, \*2-3. In *Jackson*, the court noted that remand is required in cases where, as here, the joined claims arise out of the same transactions or occurrences and include common questions of law and fact. *Id.* at \*2. The plaintiffs' claims were logically related and likely to contain common questions of law and fact "because plaintiffs' complaint raises common questions of law or fact regarding, inter alia, the manufacture of successive generations of IVC filters all allegedly plagued by the same defective "draw markings" that compromise their structural integrity." *Id.* As such, the court determined the case must be remanded for lack of subject matter jurisdiction. *Id.* at \*6. Those findings are consistent with precedent, including *Prempro*, and should be followed here.

The Eastern District of Missouri has consistently rejected joinder challenges as grounds for removal:

> [B]ased on *In re Prempro*, several judges in this district, including the undersigned, have held, in factual scenarios similar to that presented here, that the plaintiffs were entitled to have their case remanded to state court due to the lack of complete diversity. [Collecting cases]
> . . . .The claims of all Plaintiffs are against the same Defendants, related to the same drug, and there is no dispute that the litigation is likely to contain common questions of law and fact. Thus the Court concludes that the issue before it is governed by the

7

essential holding of *In re Prempro*, namely, that the doctrine of fraudulent misjoinder does not apply to the joinder of a nondiverse plaintiff who is a real party in interest, where the litigation is likely to contain common questions of law and fact.

*Townsend v. Hoffmann-La Roche, Inc.*, No. 4:11CV01420 AGF, 2011 U.S. Dist. LEXIS 98964, at **4-5 (E.D. Mo. Sept. 1, 2011); *see also Dickerson v. GlaxoSmithKline, LLC*, No. 4:10CV00972 (AGF), 2010 U.S. Dist. LEXIS 69070 (E.D. Mo. July 12, 2010). Dozens of additional decisions following *Prempro* reject fraudulent joinder/misjoinder removals where, as here, plaintiffs allege injury from the same product.[2]

---

[2] *Clark v. Pfizer, Inc.*, No. 4:15CV546 HEA, 2015 WL 4648019, at *2 (E.D. Mo. Aug. 5, 2015); *Parker v. Pfizer, Inc.*, No. 4:15-CV-441 CAS, 2015 WL 3971169, at *4 (E.D. Mo. June 30, 2015)(same); *Simmons v. Skechers USA, Inc.*, No. 4:15-CV-340-CEJ, 2015 WL 1604859, at *2 (E.D. Mo. Apr. 9, 2015); *Fenner v. Wyeth*, 912 F. Supp. 2d 795 (E.D. Mo. 2012) (remanding Prempro cases after return from MDL); *Hall v. GlaxoSmithKline, LLC*, 706 F. Supp. 2d 947 (E.D. Mo. 2010) (Avandia); *Davood v. Pfizer Inc.*, 4-14-CV-970 (CEJ), 2014 U.S. Dist. LEXIS 78678, at *5 (E.D. Mo. June 10, 2014) (collecting cases); *Pryor v. Fresenius Med. Care N. Am., Inc.*, No. 4:14-CV-964-JAR, 2014 U.S. Dist. LEXIS 98514 (E.D. Mo. July 21, 2014) (Granuflo); *Couch v. Fresenius Med. Care N. Am., Inc.*, No. 4:14-CV-955-JAR, 2014 U.S. Dist. LEXIS 98519 (E.D. Mo. July 21, 2014) (Granuflo); *Nesbitt v. Fresenius Med. Care N. Am., Inc.*, No. 4:14-CV-976-JAR, 2014 U.S. Dist. LEXIS 98525 (E.D. Mo. July 21, 2014) (Granuflo); *Matthews v. Fresenius Med. Care N. Am., Inc.*, No. 4:14-CV-979-JAR, 2014 U.S. Dist. LEXIS 98526 (E.D. Mo. July 21, 2014) (Granuflo); *McGee v. Fresenius Med. Care N. Am., Inc.*, No. 4:14-CV-967 (SNLJ), 2014 U.S. Dist. LEXIS 90735 (E.D. Mo. July 3, 2014) (Granuflo); *Bluestein v. Fresenius Med. Care N. Am., Inc.*, No. 4:14CV00973 (ERW), 2014 U.S. Dist. LEXIS 86933 (E.D. Mo. June 26, 2014) (citing Judge Sippel's decision in *Weaver, et al., v. Fresenius Medical Care N. Amer., Inc.,* No. 4:14CV00959 RWS, slip op. (E.D. Mo. May 29, 2014)) (Granuflo); *Jennings v. Pfizer Inc.*, No. 4:14-CV-276 (HEA), 2014 U.S. Dist. LEXIS 81044 (E.D. Mo. May 8, 2014) (Lipitor); *Lovett v. Pfizer Inc.*, No. 4:14-CV-458 (CEJ), 2014 U.S. Dist. LEXIS 39983 (E.D. Mo. Mar. 26, 2014) (Lipitor); *Spiller v. Fresenius USA, Inc.,* No. 4:13-CV-2538 (HEA), 2014 U.S. Dist. LEXIS 9727, 2014 WL 294430 (E.D. Mo. Jan. 27, 2014) (Granuflo); *Woodside v. Fresenius Med. Care N. Am.*, No. 4:13-CV-2463 (CEJ), 2014 U.S. Dist. LEXIS 5078, 2014 WL 169637 (E.D. Mo. Jan. 15, 2014) (Granuflo); *Aday v. Fresenius Med. Care N. Am., Inc.*, No. 4:13-CV-2462 (CEJ), 2014 U.S. Dist. LEXIS 5066, 2014 WL 169634 (E.D. Mo. Jan. 15, 2014) (Granuflo); *Agnew v. Fresenius Medical Care North America, Inc.*, No. 4:13-CV-2468 (TCM), 2014 U.S. Dist. LEXIS 2536, 2014 WL 82195 (E.D. Mo. Jan. 9, 2014) (Granuflo); *Jackson v. Pfizer Inc.*, No. 4:13-CV-1915 (RWS), 2013 U.S. Dist. LEXIS 186545 (E.D. Mo. Oct. 15, 2013) (Lipitor); *Spears v. Fresenius Med. Care N. Am.*, Case No. 4:13-CV-855 (CEJ), 2013 U.S. Dist. LEXIS 82423, 2013 WL 2643302 (E.D. Mo. June 12, 2013) (Granuflo); *M.B. v. Abott Labs. Inc.,* No. 4:12-CV-1250 CAS, 2012 U.S. Dist. LEXIS 152588, at **7-9 & n.1 (E.D. Mo. Oct. 24, 2010); (Depakote; collecting cases); *T.F. v. Pfizer, Inc.*, Case No. 4:12-cv-01221-CDP, 2012 U.S. Dist. LEXIS 101859 (E.D. Mo. July 23, 2012) (Zoloft); *S.L. v. Pfizer, Inc.*, No. 4:12-cv-00420-CEJ, 2012 U.S. Dist. LEXIS 103134 (E.D. Mo. April 4, 2012) (Zoloft)*; Madderra, supra.,* 2012 U.S. Dist. LEXIS 22862 (Fosamax); *Coleman v. Bayer Corp*, No. 4:10CV01639 SNLJ, 2010 U.S. Dist. LEXIS 143673 (E.D. Mo. Dec. 9, 2010) (Trasylol); *Hudson v. Glaxosmithkline, LLC*, No. 4:10cv970 (TIA), 2010 U.S. Dist.

8

In sum, in cases challenging the same nationally marketed product, removals on fraudulent joinder of plaintiffs grounds have been overwhelmingly rejected in the well-reasoned decisions of the Eastern District of Missouri. Under the weight of Eighth Circuit precedent as consistently interpreted, there is no complete diversity of citizenship as required by 28 U.S.C. §1332.

### 2. Defendants cannot distinguish this long line of precedent.

To exercise federal subject matter jurisdiction here would create an irreconcilable conflict with Eighth Circuit precedent, previous Eastern District of Missouri cases and this Court's prior decisions. [2:15-md-02641-DGC, Doc. 1880]. As explained below, if the Notice is not based on fraudulent misjoinder as discussed in *Prempro*, then there is no other theory even potentially relevant to subject matter jurisdiction.

### 3. Fraudulent joinder of plaintiffs is not grounds for removal.

The only joinder grounds even arguably relevant to removal are either fraudulent misjoinder of plaintiffs *or* fraudulent joinder of defendants; there is no fraudulent joinder of plaintiffs doctrine existing separately from fraudulent misjoinder as discussed (but not adopted) in *Prempro*.³ Even overlooking this for the sake of argument, the Notice omits the controlling standard for fraudulent joinder of defendants (even assuming it applies, which is denied). As explained by the Eighth Circuit, removal cannot be sustained if there is even a "colorable" cause of action against the non-diverse defendant. *Filla*, 336 F.3d at 810. Whether the claims are colorable is determined based "on the face of plaintiff's state court pleadings." *Anderson v. Home*

---

LEXIS 72650 (E.D. Mo. July 20, 2010) (Avandia); *Aurillo v. GlaxoSmithKline, LLC*, No. 4:10CV968 SNLJ, 2010 U.S. Dist. LEXIS 68348 (E.D. Mo. July 9, 2010) (Avandia); *Douglas v. GlaxoSmithKline, LLC,* No. 4:10CV971 CDP, 2010 U.S. Dist. LEXIS 66234 (E.D. Mo. July 1, 2010) (Avandia).

³ *See Prempro,* 591 F.3d at 620 (describing fraudulent misjoinder as "somewhat different" from fraudulent joinder of defendants); *Filla*, 336 F.3d at 810 ("if the state law *might* impose liability **on the resident defendant** under the facts alleged-then there is no fraudulent joinder.") (emphasis added).

*Ins. Co.,* 724 F.2d 82, 84 (8th Cir. 1983). If liability "*might* [be] impose[d] … **under the facts alleged** then there is no fraudulent joinder." *Filla*, 336 F.3d at 810 (emphasis added). "In making such a prediction, the district court should **resolve all facts** and ambiguities in the current controlling substantive law in the plaintiff's favor." *Filla* at 811 (emphasis added). The defendants' burden to establish fraudulent joinder is a heavy one. *Arens v. O'Reilly Auto., Inc*., 874 F. Supp. 2d 805, 808-809 (D. Minn. 2012) (citing *Polito v. Molasky*, 123 F.2d 258 (8th Cir. 1941). Ignoring Eighth Circuit precedent, the removal notice omits any proof or even explanation as to how the *Filla* standard is possibly met. It is not.

Finally, the removal fails to articulate any conduct or *mens rea* rising to the level of fraud.[4] Therefore, whatever nomenclature is used, the removal Notice's many omissions fail to state any possible justification for removing this case.

### C. Defendants' Personal Jurisdiction Denials Are Not a Basis for Ignoring the Lack of Federal Subject Matter Jurisdiction.

To distract from the lack of complete diversity, Defendants demand that the Court first reach another issue – the argument that Missouri lacks personal jurisdiction over the claims of non-resident plaintiffs subject to the same nationwide marketing scheme as Missouri citizens. However, the motion to dismiss must be resolved in state court after remand.[5]

The general rule is that subject matter jurisdiction is addressed first—unless personal jurisdiction is straightforward and subject matter jurisdiction is novel and difficult. "[I]n most instances subject-matter jurisdiction will involve no arduous inquiry. . . . In such cases, both

---

[4] A plaintiff is "privilege[d]" to choose a state forum, as allowed by law. *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1997).

[5] *See Dones v. Sensient Colors, LLC*, No. 4:12CV00216 AGF, 2012 U.S. Dist. LEXIS 68959, at *9 (E.D. Mo. May 17, 2012) ("Because this Court has concluded that it lacks subject matter jurisdiction, the determination of the motion to dismiss is also for the state court to decide.").

expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 587-88 (1999). The *Ruhrgas* Court found no abuse of discretion in a court making an exception to this rule where "a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question." *Id.* at 588.

The Eighth Circuit recognizes that under *Ruhrgas*, "certain threshold issues, such as personal jurisdiction, may be taken up without a finding of subject-matter jurisdiction, *provided that the threshold issue is simple when compared with the issue of subject-matter jurisdiction*." *Crawford v. F. Hoffman-LaRoche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) (emphasis added). The *Crawford* court found that resolution of subject matter jurisdiction was "not particularly time consuming or difficult to resolve" in comparison to the "substantial and unavoidable questions of law and fact" involved in granting dismissal, and ordered remand to state court. *Id.* at 765, 767.

Defendants cannot possibly establish that their personal jurisdiction theory "is simple when compared with the issue of subject-matter jurisdiction," *Crawford,* 267 F.3d at 764, or that subject matter jurisdiction "raises a difficult and novel question." *Ruhrgas*, 526 U.S. at 588. For example, in another case ordering remand, the court explained:

> [T]he Court finds that the issue of subject matter jurisdiction is a straightforward legal issue that has already been addressed by judges in this district, including the undersigned. Issues of personal jurisdiction and venue would require a more fact-intensive inquiry. Therefore, the Court will first take up the issue of subject matter jurisdiction.

*Morgan, supra*, 2014 U.S. Dist. LEXIS 164811, at *4; *see also Swann v. Johnson & Johnson,* No. 4:14-CV-1546 CAS, 2014 U.S. Dist. LEXIS 167254, at *5 (E.D. Mo. Dec. 3, 2014); *Butler,* 2014

11

U.S. Dist. LEXIS 142985, at **3-4. This analysis is directly on point.[6]

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be granted and this action should be remanded to the Circuit Court for the Twenty-Second Judicial Circuit, St. Louis City, Missouri.

Respectfully Submitted,

/s/John J. Driscoll
John J. Driscoll #54729
Philip Sholtz #57375
**The Driscoll Firm, P.C.**
One Metropolitan Square
211 North Broadway, 40th Floor
St. Louis, MO 63102
314-932-3232 – Telephone
314-932-3233 – Facsimile
john@thedriscollfirm.com
phil@thedriscollfirm.com

*Attorneys for the Plaintiffs*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 6, 2016, a copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

/s/ John J. Driscoll
John J. Driscoll

---

[6] *See also Geo-Chevron Ortiz Ranch # 2 v. Woodworth*, No. L-04-138, 2005 U.S. Dist. LEXIS 46809, at *4 (S.D. Tex. May 10, 2005); *Gib. Trading Corp. v. PMC Specialties Group, Inc.*, 851 F. Supp. 2d 437, 441 (E.D. N.Y. 2011); *Brown v. Kerkhoff*, No. 4:05-cv-274, 2005 U.S. Dist. LEXIS 24346, at *17 (S.D. Iowa Oct. 19, 2005); *A.O. Smith Corp. v. American Alternative Ins. Corp.*, No. 99-3347, 2000 U.S. Dist. LEXIS 467, at **8-9 (E.D. La. Jan. 12, 2000); *YA Global Invs., L.P. v. McKenzie Bay Int'l Ltd.*, No. 9-2107, 2009 U.S. Dist. LEXIS 124103, at ** 9-10 (D. N.J. May 26, 2009), *adopted*, 2010 U.S. Dist. LEXIS 6374 (D. N.J. Jan. 27, 2010); *Gray v. Remley*, No. 1:03CV421, 2003 U.S. Dist. LEXIS 25265, at **16-17 (M.D. N.C. Dec. 3, 2003), *adopted*, 2004 U.S. Dist. LEXIS 7697 (M.D. N.C. April 30, 2004).