James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL &WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com
*Attorneys for Defendants C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION | MDL No: 2641 |
| This Document Relates to: ANGELA NOVY, et al., | Az. Member Case No: 2:16-cv-2853 |
| Plaintiffs, | JURY TRIAL DEMANDED ON ALL COUNTS |
| v. | |
| C. R. BARD, INC., and BARD PERIPHERAL VASCULAR, INC., | |
| Defendants. | |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Defendants" or "Bard") hereby file this Response in Opposition to Plaintiffs' Motion to Remand [Dkt. No. 13].

## INTRODUCTION

This Court should deny Plaintiffs' Motion to remand. Bard appropriately removed this action and asserted three independent bases for federal jurisdiction. *First*, because no Missouri court has personal jurisdiction over Bard with respect to the Out-of-State Plaintiffs' claims, including the diversity-destroying Plaintiffs Denise Gill, Joseph Grossman, Faith Hinchman, Allan Kotter, James Maxfield, Heather Powers, Lisa Radzik, Sabir Saad, and William Salters (collectively, the "non-diverse Plaintiffs"),[1] those claims should be severed and dismissed, perfecting diversity of citizenship. Because this personal jurisdiction issue is straightforward and not complex, this Court should address it before reaching the relatively more complex subject matter jurisdiction issues. *See* Defs.' Not. of Rem. [Dkt. 1] at 11-17. *Second*, because the Out-of-State Plaintiffs cannot plausibly recover for their claims under Missouri law in any Missouri court, their claims are fraudulently joined, and they should be ignored for purposes of determining diversity. *Id.* at 17-19. *Third*, because the claims of the Plaintiffs do not arise out of the same transaction or occurrence, the Plaintiffs are fraudulently misjoined. *Id.* at 19-26. Because

---

[1] Plaintiffs' Petition alleges that William Salters is a citizen of the State of New Jersey, which was erroneously omitted from Defendants' Notice of Removal. Defendants also contend that no Missouri court has personal jurisdiction over Bard with respect to Plaintiff William Salters.

the misjoinder is egregious, the citizenship of the non-diverse Plaintiffs should be ignored. *Id.* at 26-30.

<u>**ARGUMENT**</u>

**I.      This Court Should Deny the Motion to Remand.**

There is no dispute that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Indeed, Plaintiffs do not contest this issue. The only issue raised by Plaintiffs' Motion is whether the Court should consider the citizenship of the non-diverse Plaintiffs when deciding whether diversity exists. As explained below, their citizenship should be ignored.

**A. This Court Should Decide Personal Jurisdiction Before Determining Subject Matter Jurisdiction.**

Plaintiffs argue that this Court should remand this case for lack of subject matter jurisdiction without first considering whether it has personal jurisdiction. *See* Pls.' Br. at 4-6. Plaintiffs concede—as they must pursuant to *Ruhrgas AG v. Marathon* Oil, 526 U.S. 574, 588 (1999)—that this Court may decide a simple personal jurisdiction issue before deciding a complex subject matter jurisdiction issue. *See* Pls. Br. at 4. Plaintiffs claim that the subject matter jurisdiction question here is easy to resolve, and is "no way arduous"; however, they make no specific argument to support that premise other than the bald assertion that "personal jurisdiction is generally a fact intensive issue." Pls. Br. at 4-6. They fail to recognize that the subject matter jurisdiction issue raised by Defendants depends on a personal jurisdiction analysis, and if the claims of the non-diverse Plaintiffs are not supported in the first place by personal jurisdiction, or if they are fraudulently

joined to the claims of diverse Plaintiffs, then federal jurisdiction over the non-diverse Plaintiffs' claims is improper.

Here, Defendants contend that this Court lacks personal jurisdiction over the Out-of-State Plaintiffs' claims (including *all* of the claims of *all* of the non-diverse Plaintiffs); that their claims are fraudulently joined to destroy diversity; and that the Out-of-State Plaintiffs are egregiously misjoined. As the court in *In re Testosterone Replacement Therapy Prods. Liab. Litig.* ("*In re: TRT*"), MDL No. 2545, __ F. Supp. 3d __, 2016 WL 640520, at *3 (N.D. Ill. Feb. 18, 2016), stated, "[t]he Court cannot simply ignore or summarily reject th[ese] argument[s] to make its subject matter jurisdiction analysis easier." *Id.* At the very least, the subject matter jurisdiction analysis in this case is "rather complicated" when compared to the simple and straightforward personal jurisdiction issue. *Id.* (quoting *Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891, 899 (N.D. Iowa 2000)); *see also In re: Zofran (Ondansetron) Prod. Liab. Litig.* ("*In re: Zofran*"), No. 1:15-CV-13760-FDS, 2016 WL 2349105, at *2 (D. Mass. May 4, 2016) (MDL court concluding that the subject matter jurisdiction issues (including fraudulent joinder and misjoinder) raised by defendant in multi-plaintiff pharmaceutical drug action are "complicated" when compared to the personal jurisdiction issue raised). Finally, because Defendants' fraudulent joinder argument arises from the fact that this Court lacks personal jurisdiction over them with respect to the Out-of-State Plaintiffs' claims, "unless the Court were to conclude at the outset that the fraudulent joinder inquiry has no application in this case, the Court will necessarily confront the personal jurisdiction

question regardless of the sequence in which it conducts the analysis." *In re: TRT*, 2016 WL 640520, at *4.

Although Plaintiffs attempt to oversimplify the question of subject matter jurisdiction and overcomplicate the personal jurisdiction analysis, a review of the Petition in light of applicable Supreme Court precedent demonstrates that personal jurisdiction is lacking as to the Out-of-State Plaintiffs' claims. This is a simple and straightforward analysis that may be conducted first. This Court should follow *Ruhrgas AG*, *In re: TRT*, *In re: Zofran*, and *Foslip*, and, applying *Daimler*, *Goodyear*, and *Union Carbide*,[2] find that the Out-of-State Plaintiffs cannot establish personal jurisdiction over Defendants in Missouri before ruling on the Plaintiffs' Motion to Remand. *See, e.g.*, *In re: Zofran*, 2016 WL 2349105; *In re: TRT*, 2016 WL 640520; *see also Aclin v. PD-RX Pharm. Inc.*, No. 5:15-CV-00561-R, 2016 WL 3093246, at *2 (W.D. Okla. June 1, 2016) (exercising discretion in multi-plaintiff pharmaceutical drug case to address personal jurisdiction issue before the more "complex" issue of subject matter jurisdiction, which involved doctrine of fraudulent misjoinder); *Bragg v. Johnson & Johnson*, No. 2:14-CV-29743, 2015 WL 4889308, at *3 (S.D.W. Va. Aug. 17, 2015) ("[E]ngaging the parties' arguments on procedural or fraudulent misjoinder, and in turn subject matter jurisdiction, may require passage upon unsettled jurisdictional grounds. By contrast, the personal

---

[2] As Defendants noted in their Motion to Dismiss and Notice of Removal, the court in *Daimler* held that "placement of a product into the stream of commerce . . . does not warrant a determination that based on those ties, the forum has *general* jurisdiction over a defendant." *Daimler*, 134 S. Ct. at 761 (quoting *Goodyear Dunlop Tires, S.A. v. Brown*, 131 S. Ct. 2846, 2857 (2011). In *Smith v. Union Carbide Corp.*, the court found that it lacked specific jurisdiction over a defendant whose in-state activities were unrelated to the cause of action. *See Smith v. Union Carbide Corp.*, No. 1422-CC00457, 2015 WL 191118, at *2 (Mo. Cir. Ct. 22nd Dist. Jan. 12, 2015)

jurisdiction inquiry here turns on a relatively simple issue: whether a Texas court may exercise jurisdiction over claims against out-of-state corporate defendants based on the defendants' unrelated contacts with the forum."); *Evans v. Johnson & Johnson*, No. H-14-2800, 2014 WL 7342404, at *3 (S.D. Tex. Dec. 23, 2014) (examining whether to address the defendant's subject-matter jurisdiction issues involving fraudulent joinder or misjoinder first, or to first address personal jurisdiction and whether the court may exercise jurisdiction over claims against an out-of-state corporate defendant based on the defendants' unrelated contacts with the forum, and "determin[ing] that the most efficient course of action is to consider the motion to dismiss for lack of personal jurisdiction"); *Locke v. Ethicon, Inc.*, 58 F. Supp. 3d 757, 760 (S.D. Tex. 2014) (addressing personal jurisdiction before subject matter jurisdiction in products liability case involving various out-of-state plaintiffs joined with one in-state plaintiff, dismissing claims of out-of-state plaintiffs for lack of personal jurisdiction, and denying motion to remand).

### B. Missouri Courts Do Not Have Personal Jurisdiction Over the Defendants to Hear the Out-of-State Plaintiffs' Claims.

Plaintiffs must establish that a Missouri has personal jurisdiction over each Plaintiff's claims. As discussed in Defendants' Motion to Dismiss [Dkt. Nos. 8-9], Missouri Courts lack personal jurisdiction over Defendants with respect to the Out-of-State Plaintiffs' claims. First, as Defendants explained in their Notice of Removal, Motion to Dismiss, and Reply in Support of their Motion to Dismiss, because the Out-of-State Plaintiffs' claims arise outside of Missouri, they must establish *general* personal jurisdiction over the Defendants. Plaintiffs concede that the court does not have general

jurisdiction over the Defendants based on their omission of any argument on the issue in their response to Defendants' Motion to Dismiss and in their Motion to Remand. *See generally* Pls.' Brs. Indeed, the Court lacks general jurisdiction over Defendants because they are not "at home" in Missouri, given that Missouri is not their state of incorporation or where their principal places of business are located. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760 & 761 n.19 (2014). Plaintiffs fail to allege any facts regarding Defendants' conduct and operations that would support a finding of general jurisdiction in Missouri. *See generally* Petition.

Second, the Court lacks specific jurisdiction over Defendants regarding the claims of the Out-of-State Plaintiffs. Plaintiffs fail to allege even one specific, non-conclusory fact that would support a Missouri court's exercise of specific jurisdiction over the Out-of-State Plaintiffs. Plaintiffs' Petition specifically alleges that each of the Out-of-State Plaintiffs' claims arise from events that occurred outside of Missouri. *See* Petition at ¶¶ 7-27, 29-53. Nowhere do the Plaintiffs allege in their Petition any specific facts showing a connection between the Out-of-State Plaintiffs' claims and the Defendants' contacts with Missouri. *Id.* Because the Out-of-State Plaintiffs' claims arise from events that occurred outside of Missouri, they cannot establish specific jurisdiction over Defendants in this Court. *See J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2788 (2011) ("[S]ubmission through contact with and activity directed at a sovereign may justify specific jurisdiction 'in a suit arising out of or related to the defendant's contacts with the forum.'" (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, and n. 8 (1984)).

Plaintiffs are correct that the Court should focus on the relations among the defendant, the forum, and the litigation. However, contrary to Plaintiffs' argument, because the Court should focus on the defendant, the presence or absence of a Missouri plaintiff is irrelevant and does not alter the specific jurisdictional analysis for the Out-of-State Plaintiffs' claims. *See Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). An inquiry into specific jurisdiction must be undertaken *as to the claims of each Plaintiff* because a single "plaintiff's contacts with the forum State cannot be decisive in determining whether the defendant's due process rights are violated." *Id.* at 1119; (internal quotation omitted); *see also Sun World Lines v. March Shipping*, 585 F. Supp. 580, 584-85 (E.D. Mo. 1984) ("[P]ersonal jurisdiction must be valid as to each and every cause of action in a complaint. Those causes of action which do not provide a sufficient basis for *in personam* jurisdiction must be dismissed even if other claims have such a basis.").

Plaintiffs allege that Defendants have conducted activities and transacted business in Missouri, and then conclude that because Defendants chose to enter into the Missouri market, they should anticipate being hauled into Court in Missouri for marketing, promoting and selling their IVC filters in any jurisdiction. Pls.' Br. at 8. However, Plaintiffs, misconstruing general jurisdiction as equivalent to specific jurisdiction, conveniently brush over that fact that they allege nothing that connects Defendants' Missouri contacts in any way with the Out-of-State Plaintiff's claims, thus showing no connection between the Out-of-State Plaintiffs' claims and Defendants' alleged contacts with Missouri. *See Walden,* 134 S. Ct. at 1121. Plaintiffs allege that Plaintiffs Novy and Dykema suffered injuries from Defendants' allegedly tortious acts in Missouri, but then

summarily conclude that this conduct gives "rise to this cause of action, as a whole." Pls.'
Br. at 8-9. Put another way, Plaintiffs contend specific jurisdiction is proper because
Defendants marketed and sold IVC filters in Missouri, and the Out-of-State Plaintiffs'
claims involve IVC filters. Such a tangential connection between Defendants' purported
contacts in Missouri and the Out-of-State Plaintiffs' injuries cannot establish specific
jurisdiction. *See In re: Zofran*, 2016 WL 2349105, at *5.

The MDL court in *In re: Zofran* recently addressed—and rejected—precisely the
same theory of specific jurisdiction advanced by Plaintiffs here. In *In re: Zofran*, the
court reasoned as follows:

> The complaint falls far short of establishing any nexus between the non-
> Missouri plaintiffs' claims and [the defendant's] Missouri-based activities .
> . . the non-Missouri plaintiffs do not allege that they were prescribed Zofran
> in Missouri, took Zofran in Missouri, or that their children suffered injuries
> in Missouri. Nor do they allege any facts connecting the conduct of [the
> defendant] in Missouri, if any, to their own claims.  Thus to the extent that
> the claims of the non-Missouri plaintiffs relate to [the defendant's] conduct
> in Missouri, they do so only in the abstract or by analogy.

*In re: Zofran*, 2016 WL 2349105, at *5 (internal quotations omitted); *see also In re: TRT*,
2016 WL 640520, at *4-6 (MDL court reaching the same conclusion as the court in *In re:
Zofran* and finding that a state cannot exercise specific jurisdiction over the claims of out-
of-state plaintiffs merely because the defendant marketed the product in that state). If
Plaintiffs' argument were valid, a defendant who may be subject to specific jurisdiction
based on a claim by one Plaintiff would thus suddenly be subject to general jurisdiction
as to the claims of all other Plaintiffs, including out-of-state plaintiffs. Under the
plaintiffs' theory, that would be true regardless of any concrete connection between the

Out-of-State Plaintiffs' claims and the defendant's alleged connections with the forum state. If valid, that argument would eviscerate the requirements of specific personal jurisdiction, and relieve the plaintiffs of the obligation to demonstrate that the defendants' activities "arise out of" or "relate to" their contacts with the forum.

As Defendants set forth in their Notice of Removal and Motion to Dismiss, Plaintiffs' argument has not only been recently rejected by MDL courts in *In re: TRT*, and *In re: Zofran*, it has also been similarly rejected by numerous judges in the Eastern District of Missouri, as well as courts in multiple other circuits.[3] *See Keeley v. Pfizer*, No. 4:15-cv-00583-ERW, 2015 WL 3999488, at *1 (E.D. Mo. July 1, 2015) (dismissing out-of-state-plaintiffs' claims for lack of personal jurisdiction and noting that "[s]imply stating Defendant marketed, promoted and sold Zoloft® in Missouri does not establish specific jurisdiction"); *Clarke v. Pfizer*, No. 4:15-cv-01072-AGF, 2015 WL 5243876 at *4 (E.D. Mo. Sept. 8, 2015) (dismissing out-of-state plaintiffs because those plaintiffs failed to specify how the defendants' marketing and sale of Zoloft® in Missouri related to their causes of action); *Neely v. Wolters Kluwer Health, Inc.,*, No. 4:11-CV-00325-JAR, 2013 WL 3929059, at * 4, 11 (E.D. Mo. July 29, 2013) (holding that the court

---

[3] *See, e.g. Glater v. Eli Lilly & Co.,* 744 F.2d 213, 213 (1st Cir. 1984) (holding that a New Hampshire court lacked specific jurisdiction over plaintiff's claim for injuries from a drug "purchased and consumed in Massachusetts," and rejecting argument that the court could rely on sales in New Hampshire because the claims "did not arise from Lilly's New Hampshire activities"); *Locke v. Ethicon Inc.*, No. 4:14-CV-2647, 2014 WL 5819824, at *1-3, 7-8 (S.D. Tex., Nov. 10, 2014) (holding the court lacked personal jurisdiction over non-Missouri plaintiffs for claims brought by out-of-state plaintiffs who alleged injury in their home states); *In re Plavix Related Cases*, No. 2012L5688, 2014 WL 3928240, at *8-10 (Trial Order) (Circ. Ct. Ill. Aug. 11, 2014) (holding that Illinois court lacked specific jurisdiction over Eli Lilly as to claims by non-Illinois plaintiffs who alleged injury in their home states, stating that there was no "causal or logical link between their claims and Defendants' Illinois operations").

lacked specific personal jurisdiction over out-of-state defendants where the plaintiffs resided, had ingested, and sustained alleged injuries in Kentucky, emphasizing that "[a]bsent any connection to the alleged injury within the State of Missouri, there can be no specific jurisdiction").

As in *Keeley, Clarke*, *Neeley*, *Glater, Locke, and In re: Plavix*, Plaintiffs here have failed to show how the claims of the Out-of-State Plaintiffs "arise out of" or are "related to" Defendants' alleged actions in and contacts with Missouri. Indeed, Plaintiffs make no attempt to connect their general allegations regarding "Missouri activities"—which would relate, at best, to general jurisdiction or joinder—to *any* of the claims of the Out-of-State Plaintiffs. Thus, what Plaintiffs really seek is to forgo the requirement entirely that a jurisdictional link exist between Defendants' Missouri contacts and the individual Out-of-State Plaintiffs' claims. That is, Plaintiffs invite the Court to exercise general jurisdiction over the Defendants in Missouri for *any claim* involving Defendants merely because they sold and marketed IVC filters in the state—a result plainly foreclosed by *Daimler*. *See* 134 S. Ct. at 751-54 (general jurisdiction does not exist simply because a corporation engages in a "substantial, continuous, and systematic course of business" in the state).

Plaintiffs' attempt at arguing that *Keeley* and *Neeley* are inapposite because they did not involve a tort committed in the state of Missouri is misleading. *See* Pls.' Br. at 13. The reasoning in both *Keeley* and *Neeley* is directly on point, and the facts do not show that there was no Missouri tort committed, but rather that there was no connection with any Missouri alleged torts. As noted in Defendants' Notice of Removal, in *Keeley*, the

court found that it did not have specific jurisdiction over a defendant incorporated in Delaware with a principal place of business in New York when the Georgia plaintiffs argued injuries caused by medication taken in Georgia. *Keeley v. Pfizer*, 2015 WL 3999488, at *1 (E.D. Mo. July 1, 2015). Based on the facts in *Keeley*, the "Defendant marketed, promoted, and sold Zoloft® throughout the United States, including St. Louis, Missouri," but yet, the court still found that simply stating the defendant marketed and promoted a product in Missouri was insufficient to establish specific jurisdiction without showing how these contacts related to the cause of action in this suit. *Id.* at *1, *3. In *Neeley*, the court found that it lacked specific jurisdiction over a non-Missouri defendant when plaintiffs resided and sustained injuries in Kentucky. *Neeley*, 2013 WL 3929059, at *4, *11. Notably, in *Neeley*, the facts do not state that there was no Missouri tort, just that the "the cause of action alleged—that the Generic Defendants created and promoted a defective product that injured Kentucky plaintiffs—is entirely unrelated to *their activities in Missouri*. Rather, the cause of action 'arises out of' and 'relates to' activities in the State of Kentucky." *Neeley*, 2013 WL 3929059, at *4 (emphasis added). While those cases involve a single plaintiff, as noted by the Plaintiffs, the specific jurisdiction inquiry focuses on the relations among the defendant, the forum, and the litigation, and thus the presence or absence of a Missouri plaintiff should be irrelevant to the specific jurisdiction inquiry as to the other Plaintiffs. Here, as in *Keeley* and *Neeley*, Plaintiffs argue generally, and with no factual support, that the Defendants "commit[ed] torts in the State of Missouri that relate to this cause of action as whole" and fail to make *any* connection with these alleged torts with *any* of the Out-of-State Plaintiffs. *See* Pls.' Br. at 8-9.

Further, Plaintiffs argue that under *Keeton*, because Defendants chose to enter the Missouri market and marketed, promoted, and sold their product in Missouri, that they should anticipate being hauled into court there. Pls.' Br. at 8. However, as noted by the *Keeley* court, although the Plaintiff in *Keeton* had little contact with New Hampshire, the Plaintiff still suffered damages there, and thus, the plaintiff's injury was connected to the Defendant's contacts with the forum state. *See Keeton*, 465 U.S. at 776; *Keeley*, 2015 WL 3999488, at *3 ("Under Plaintiffs' theory of jurisdiction, a national company could be sued by any resident of any state in any state. This does not comport with "traditional notions of fair play and substantial justice" as required by the Constitution.") (citing *Daimler*, 134 S. Ct. at 754).

For their specific jurisdiction theory to succeed, Plaintiffs must allege facts—which they have not—to establish that the injuries suffered by the Out-of-State Plaintiffs *outside* Missouri are plausibly connected to Defendants' conduct *within* Missouri. Plaintiffs fail to meet this burden. In light of the foregoing precedents and the paucity of Plaintiffs' jurisdiction allegations, no Court in the State of Missouri has personal jurisdiction over the Defendants to hear the Out-of-State Plaintiffs' claims.

### C.  The Out-of-State Plaintiffs Are Fraudulently <u>Joined</u>.

Fraudulent joinder is an exception to the typical requirement of complete diversity. *See Filla v. Norfolk S. Ry., Co.*, 336 F.3d 806, 810 (8th Cir. 2003). "The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially non-diverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the non-diverse party from the case and retain subject matter

jurisdiction over the remaining claims." *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 893 (8th Cir. 2014) (quoting *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012)).[4]

Here, the Out-of-State Plaintiffs have no factual or legal basis for asserting their claims in a Missouri court. They allege no facts to suggest their claims "arose" in Missouri and thus cannot establish that a Missouri court can exercise specific personal jurisdiction over their claims. Further, they fail to argue that a Missouri court could exercise general personal jurisdiction over the Defendants either. Accordingly, the Out-of-State Plaintiffs are fraudulently joined. This Court should therefore ignore the Out-of-State Plaintiffs, including the diversity-destroying Plaintiffs, for purposes of determining subject matter jurisdiction. *See Witherspoon*, 2013 WL 6069009, at *5; *Foslip*, 92 F. Supp. 2d at 902 (citing *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977))).

---

[4] Although Plaintiffs cite to *Simmons v. Skechers USA, Inc.*, to support their argument that fraudulent joinder cannot be based on a lack of personal jurisdiction, that reasoning lacked any precedent, and moreover, is not controlling on this Court. Further, that argument simply makes the subject matter analysis more complicated. *See In re TRT*, 2016 WL 640520, at *3 ("[T]he possibility of fraudulent joinder can make the subject matter jurisdiction analysis rather complicated, especially if the inquiry involves the more unusual question of fraudulent joinder of a plaintiff.")(internal quotations omitted); *see also In re: Zofran*, 2016 WL 2349105, at *2 ("Both inquiries are made even more complicated where, as here, the alleged joinder deficiency is based not on the merits of the underlying claim, but on the ability of the Court to exercise personal jurisdiction over the defendant against whom the claim is made. Thus, the Court will first turn to GSK's contention that it is not subject to personal jurisdiction as to the claims of the three non-Missouri plaintiffs").

### D.  The Out-of-State Plaintiffs Are Fraudulently <u>Misjoined</u>.

Plaintiffs' argument regarding fraudulent misjoinder rests on the assumption that if multiple plaintiffs join in an action and allege injuries from the same product, they must not be fraudulently misjoined according to "controlling precedent." *See* Pls.' Br. at 10-14.

***First***, Plaintiffs have failed to allege that they all received the *same product*. Plaintiffs' Petition is devoid of any specificity regarding which of Bard's six IVC filters each Plaintiff allegedly received. Instead, Plaintiffs vaguely assert that each "was implanted with a Bard IVC Filter." Petition at ¶¶ 6-53. Plaintiffs' Motion to Remand provides no additional specificity; instead, it relies on the same vague allegations that each Plaintiff allegedly received a Bard IVC filter. *See, e.g.*, Pls.' Br. at 1 ("arising out of injuries sustained as a result of being implanted with a Bard 'retrievable' IVC filter."); *id.* at 2 ("Plaintiffs in this action have jointly alleged state law claims against Defendants for injuries suffered as a direct and proximate result of their injuries cause by Bard 'retrievable' filters."). The problem with Plaintiffs' vague allegations is that Bard has designed and marketed <u>six different retrievable IVC filters</u> over the course of almost 14 years. Each of these six filters is different in design, has separate and distinct regulatory clearances, underwent its own testing, and has distinct labeling, among other differences. Because the claims of the Plaintiffs likely involve different medical devices, their claims are even more disparate than the claims of pharmaceutical plaintiffs, whose claims involve products with the same pharmacological makeup.[5]

---

[5] Contrary to Plaintiffs' claim that the plaintiffs in *In re: Prempro* received different products, they, in fact, all received dosages of estrogen plus progestin (human replacement therapy drugs),

**Second**, the Eighth Circuit in *In re: Prempro* suggested that fraudulent misjoinder would apply where the misjoinder is "egregious," and the court did not foreclose a finding of egregiousness in cases involving the same or similar products. Although Plaintiffs' sole argument that they are not egregiously misjoined is based on *In re: Prempro*, Defendants have already demonstrated in their Notice of Removal why this action is more akin to *In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)*, No. CIV.A. 11-3045, 2012 WL 1118780 (D.N.J. Apr. 3, 2012), *aff'd*, 751 F.3d 150 (3d Cir. 2014), where the court distinguished *In re Prempro* and found fraudulent misjoinder in a case originating in Missouri state court. Like the Plaintiffs in this action, the plaintiffs in *In re: Fosamax*, stated allegations that were "exceptionally vague, making it difficult for the Court to establish how the Plaintiffs share a connection, if any." *Id.* at *5. Plaintiffs' allegations here are unspecific, exceedingly vague, and lack specificity regarding which Bard IVC filter each plaintiff received, and regarding what each plaintiffs' alleged injury is, and seemingly "structured their complaint in order to defeat diversity jurisdiction." *See id.* Because Plaintiffs are egregiously misjoined, this Court should disregard the citizenship of the non-diverse Plaintiffs and properly allow the removal of this matter under fraudulent misjoinder jurisprudence.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion to Remand.

---

which may have been prescribed in different dosages, but have the same pharmacological makeup. *See In re: Prempro*, 592 F.3d at 616.

This 7th day of September, 2016.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL &WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

**Attorney for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of September, 2016, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will transmit notice of the filing to all counsel of record.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com