James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL &WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com
*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: BARD IVC FILTERS <u>PRODUCTS LIABILITY LITIGATION</u> ) ) ) | MDL No: 2641 |
| This Document Relates to: ) ANGELA NOVY, et al., ) ) | Az. Member Case No: 2:16-cv-02853 |
| Plaintiffs, ) ) v. ) ) C. R. BARD, INC., and BARD ) PERIPHERAL VASCULAR, INC., ) ) Defendants. ) ) | **JURY TRIAL DEMANDED ON ALL COUNTS** |

## DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS

The personal jurisdiction analysis in this case is simple and straightforward. Although Plaintiffs' claims arise from an alleged placement of a Bard IVC filter, *only two* of the Plaintiffs allege to have been injured in the state of Missouri. The Out-of State Plaintiffs' claims arise from their implantation of a Bard IVC filter outside of Missouri, and, thus, their claims do not arise out of or relate to Bard's contacts in Missouri.

Accordingly, because they cannot establish *specific* jurisdiction, the Out-of-State Plaintiffs must establish *general* personal jurisdiction. Under *Daimler*, Plaintiffs fall short of meeting their burden to prove that the District of Missouri has general personal jurisdiction over Defendants regarding the Out-of-State Plaintiffs' claims. Plaintiffs concede this clear lack of general jurisdiction, as nowhere in their opposition do they attempt to argue general jurisdiction. Rather, the Out-of-State Plaintiffs attempt to repackage general jurisdiction arguments rejected by the Supreme Court in *Daimler* under the guise of specific jurisdiction and then try to piggyback onto the In-State Plaintiffs' claims to obtain personal jurisdiction over Bard. The Out-of-State Plaintiffs' argument should be rejected.

## ARGUMENT

As an initial matter, in multidistrict litigation, the transferee court must apply the law of the transferor forum in determining issues of personal jurisdiction. *See In re Plumbing Fixtures Litig.*, 342 F. Supp. 756, 758 (J.P.M.L. 1972). Thus, a transferee court can exercise personal jurisdiction only to the same extent as the transferor court could. *In re Agent Orange Prod. Liability Litig.*, 818 F.2d 145, 163 (2d Cir. 1987).

## I.     This Court Should Consider Personal Jurisdiction as a Threshold Issue.

Plaintiffs argue that this Court must remand this case for lack of subject matter jurisdiction without first considering whether the Eastern District of Missouri has personal jurisdiction. *See* Pls.' Opp. [Dkt. No. 14] at 7 n.1, 8). To the contrary, this Court has discretion to address the personal jurisdiction argument first. *See Ruhrgas AG v.*

*Marathon Oil Co.*, 526 U.S. 574, 578 (1999). Although Plaintiffs claim that the subject matter jurisdiction question is easy to resolve, and is "non-arduous," they make no argument to support that premise other than that "the Eighth Circuit has not spoken directly on the issue." *See* Pls.' Opp. [Dkt. No. 14] at 7 n.1, 8. Plaintiffs' argument misses the mark. Here, Defendants contend that the District of Missouri lacks personal jurisdiction over the Out-of-State Plaintiffs' claims; that their claims were fraudulently joined to destroy diversity; and that the Out-of-State Plaintiffs are egregiously misjoined. As the court in *In re Testosterone Replacement Therapy Prods. Liab. Litig.* ("*In re: TRT*"), MDL No. 2545, __ F. Supp. 3d __, 2016 WL 640520, at *3 (N.D. Ill. Feb. 18, 2016) stated, "[t]he Court cannot simply ignore or summarily reject th[ese] argument[s] to make its subject matter jurisdiction analysis easier." *Id.* At the very least, the subject matter jurisdiction analysis in this case is "rather complicated" when compared to the simple and straightforward personal jurisdiction issue. *Id.* (quoting *Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891, 899 (N.D. Iowa 2000)). Finally, because Defendants' fraudulent joinder argument arises from the fact that the Eastern District of Missouri lacks personal jurisdiction over them with respect to the Out-of-State Plaintiffs' claims, "unless the Court were to conclude at the outset that the fraudulent joinder inquiry has no application in this case, the Court will necessarily confront the personal jurisdiction question regardless of the sequence in which it conducts the analysis." *In re: TRT*, 2016 WL 640520, at *4.

Although Plaintiffs attempt to oversimplify the question of subject matter jurisdiction and overcomplicate the personal jurisdiction analysis, a review of the Petition in light of applicable Supreme Court precedent demonstrates that personal jurisdiction is lacking as to the Out-of-State Plaintiffs' claims. This is a simple and straightforward analysis that may, and should, be conducted first. *See, e.g.*, *Aclin v. PD-RX Pharm. Inc.*, No. 5:15-CV-00561-R, 2016 WL 3093246, at *2 (W.D. Okla. June 1, 2016) (exercising discretion in multi-plaintiff pharmaceutical drug case to address

personal jurisdiction issue before the more "complex" issue of subject matter jurisdiction, which involved doctrine of fraudulent misjoinder); *In re: Zofran (Ondansetron) Prod. Liab. Litig.*, No. 1:15-CV-13760-FDS, 2016 WL 2349105, at *2 (D. Mass. May 4, 2016) (MDL court concluding that "considerations of judicial economy strongly suggest resolving the issue of personal jurisdiction ahead of subject-matter jurisdiction" in multi-plaintiff action where defendant removed case on basis of fraudulent joinder and misjoinder).

## II.   Under *Daimler*, Defendants Are Not "at Home" in Missouri.

Plaintiffs fail to make any argument that Defendants' contacts with Missouri are somehow so extensive as to render them "at home" in this state. This is not an "exceptional" case that could fall within the narrow exception carved out by the Court in *Daimler. See Daimler AG v. Bauman*, 134 S. Ct. 746, 761 n. 19 (2014). Given Plaintiffs' failure to establish a *prima facie* showing of general jurisdiction, "general jurisdiction is easily resolved under *Daimler*'s limiting and '[s]imple jurisdictional rule[]' that, barring exceptional circumstances, a corporate defendant subjects itself to suit only in the State of incorporation and where its principal business office is located." *Locke*, 58 F. Supp. 3d at 765 (quoting *Daimler*, 134 S. Ct. at 760).

## III.   The Out-of-State Plaintiffs' Claims Do Not "Arise Out of" or "Relate to" Defendants' Contacts with Missouri.

As in the cases cited in Defendants' opening brief, as well as multiple other cases where courts have found personal jurisdiction lacking over claims of nonresident prescription drug or medical device plaintiffs,[1] Plaintiffs here have failed to show how

---

[1] *See, e.g., Glater v. Eli Lilly & Co.*, 744 F.2d 213, 216 (1st Cir. 1984) (holding that a New Hampshire court lacked specific jurisdiction over plaintiff's claim for injuries from a drug "purchased and consumed in Massachusetts," and rejecting argument that the court could rely on sales in New Hampshire because the claims "did not arise from Lilly's New Hampshire activities"); *Locke v. Ethicon Inc.*, No. 4:14–CV–2648, 2014 WL 5819824, at *1-3, 7-8 (S.D. Tex. Nov. 10, 2014) (holding the court lacked personal

the claims of the Out-of-State Plaintiffs "arise out of" or are "related to" Defendants' alleged actions in and contacts with Missouri.

Specific jurisdiction requires that a plaintiff's claims "arise out of" or "relate to" a defendant's contacts within a state. *Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 707 (8th Cir. 2003). It is not enough for one plaintiff's claims to "relate to" another plaintiff's claims. Thus, the Out-of-State Plaintiffs cannot "piggy-back" onto the jurisdiction over the In-State Plaintiffs' claims. Instead, each Plaintiff in a multi-plaintiff action must independently establish personal jurisdiction over the Defendants with respect to his or her claims. *See Sun World Lines, Ltd. v. March Shipping Corp.*, 585 F. Supp. 580, 584-85 (E.D. Mo. 1984) ("[P]ersonal jurisdiction must be valid as to each and every cause of action in a complaint. Those causes of action which do not provide a sufficient basis for *in personam* jurisdiction must be dismissed even if other claims have such a basis.") (citations omitted), *aff'd*, 801 F.2d 1066 (8th Cir. 1986); *see also Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274-75 (5th Cir. 2006) ("Permitting the legitimate exercise of specific jurisdiction over one claim to justify the exercise of specific jurisdiction over a different claim that does not arise out of or relate to the defendant's forum contacts [] violate[s] the Due Process Clause."); *In re: TRT*, 2016 WL 640520, at *4 ("[T]he specific jurisdiction inquiry in this case must be conducted separately for the claims of each individual plaintiff.").

Plaintiffs argue that the Court's specific jurisdiction over the Defendants as to the claims of the two Missouri Plaintiffs automatically establishes specific jurisdiction over the "properly joined" claims of the Out-of-State Plaintiffs. *See* Pls.' Opp. [Dkt. No. 14] at

---

jurisdiction over non-Missouri plaintiffs for claims brought by out-of-state plaintiffs who alleged injury in their home states); *In re Plavix Related Cases*, No. 2012L5688, 2014 WL 3928240, at *8-10 (Trial Order) (Circ. Ct. Ill. Aug. 11, 2014) (holding that Illinois court lacked specific jurisdiction over Bristol-Meyers Squibb as to claims by non-Illinois plaintiffs who alleged injury in their home states, stating that there was no "causal or logical link between their claims and Defendants' Illinois operations").

4-5. However, the law does not allow such a leap—even assuming that joinder was proper in this instance, which it is not. Plaintiffs' argument rests on the improper assumption that proper joinder under the Federal Rules of Civil Procedure somehow constitutes a satisfactory substitution for meeting the jurisdictional requirements under the Due Process Clause of the United States Constitution. *See Int'l Shoe v. State of Wash.*, 326 U.S. 310 (1945). Contrary to Plaintiffs' argument, the presence or absence of a Missouri plaintiff in a lawsuit does not alter the specific jurisdictional analysis for the non-Missouri resident plaintiffs' claims. *See* Pls.' Opp. [Dkt. No. 14] at 7-8. This is because specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation," *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (internal quotation marks omitted), not on the relationship of one plaintiff's claims to another plaintiff's claims. *See also Sun World Lines*, 585 F. Supp. at 584-85 ("[P]ersonal jurisdiction must be valid as to each and every cause of action in a complaint. Those causes of action which do not provide a sufficient basis for *in personam* jurisdiction must be dismissed even if other claims have such a basis.").

Plaintiffs also argue that the Out-of-State Plaintiffs' injuries "relate to the cause of action as a whole" and that they "do not have to separately establish personal jurisdiction for each claim as though they were in a vacuum." Pls.' Opp. at 5. Stated differently, Plaintiffs contend specific jurisdiction is proper because Defendants marketed and sold Bard IVC Filters in Missouri, and the Out-of-State Plaintiffs' claims involve Bard IVC Filters. Such a tangential connection between Defendants' purported contacts in Missouri and the Out-of-State Plaintiffs' injuries is insufficient to establish specific jurisdiction.

First, Plaintiffs' argument is premised on facts that are nowhere in the record. While Plaintiffs argue in their brief that Defendants "conducted activities in Missouri, transacted business in Missouri, and committed torts in Missouri," they fail to allege any specific facts, including whether the plaintiffs suffered the same injury. In fact, their Petition lacks any specificity regarding their alleged injuries, alleges that the Out-of-State

Plaintiffs received their filters in numerous different states, and alleges no further facts concerning Missouri. *See* Petition at ¶¶ 7-27, 29-53. Moreover, the Petition fails to address whether the physicians or the Out-of-State Plaintiffs saw any relevant advertisements or warnings from the Defendants in Missouri, whether they were induced to receive a Bard IVC filter in Missouri, or whether they received any relevant treatment in Missouri. *See id.* Given that Bard developed and marketed its IVC Filters over the course of almost 20 years, one can hardly presume that In-State and Out-of-State Plaintiffs were allegedly injured by "the same conduct."

Second, Plaintiffs reliance on *Gracey v. Janssen Pharms.*, No. 4:15-CV-407(CEJ), 2015 WL 2066242 (E.D. Mo. May 4, 2015) is unavailing as that court merely mentioned in a footnote that a Missouri court could exercise personal jurisdiction over the defendants with respect to the cause of action as a whole if there is personal jurisdiction over an in-state plaintiff, which was dicta and entirely unrelated to the court's ultimate decision to remand.  Further, the court cited to *Shaffer v. Heitner*, 433 U.S. 186 (1977), which was pre-*Daimler*, and did not rest on the proposition that jurisdiction over the claims of one plaintiff was sufficient for jurisdiction over the claims of all plaintiffs. Respectfully, *Gracey* is contrary to today's controlling authority. Plaintiffs' argument— that "[t]his case is no different than *Gracey*" and that because "Defendants conducted activities in Missouri, transacted business in Missouri, and committed torts in Missouri that directly gave rise to this cause of action as a whole," that all the claims therefore arise out of the same series of transactions or occurrences—is contrary to *Walden* and *Sun World Lines*, in that a defendant's conduct must create a substantial connection with the forum state as to the claims of each of the individual Plaintiffs.  *See Walden*, 134 S. Ct. at 1119, 1121*; Sun World Lines*, 585 F Supp. at 584-85. As in *In re: TRT*, "to the extent [the Out-of-State Plaintiffs'] claims 'relate to' defendants' contacts within Missouri, they do so only in the abstract or by analogy. . . But plaintiffs make no allegation of any real relationship between [the Out-of-State Plaintiffs'] claims and

defendants' Missouri contacts . . . . Their argument thus appears to be based on a kind of 'pendent' or 'supplemental' theory of specific personal jurisdiction," which has been rejected by numerous courts. *In re: TRT*, 2016 WL 640520 at *5 (citing cases rejecting supplemental specific personal jurisdiction). Similarly, this argument was also recently rejected by four different district judges and a magistrate judge in Missouri Federal Court. *See* Defs.' Op. Br. [Dkt. No. 9] at 6-7, 9.

## IV.    Plaintiffs' Argument Is Virtually Indistinguishable From the General Jurisdiction Arguments Rejected in *Daimler*.

Plaintiffs propose a theory of *specific* jurisdiction that is, in reality, virtually indistinguishable from the *general* jurisdiction arguments rejected by the Supreme Court in *Daimler*. Plaintiffs cannot avoid the holding from *Daimler* merely by changing the label on the type of jurisdiction they are asserting. Plaintiffs' expansive theory of personal jurisdiction is foreclosed by *Daimler*, which held that exercising general jurisdiction under a similar set of facts as argued by Plaintiffs would be "unacceptabl[e]" and "grasping." *See Daimler*, 134 S. Ct. at 761 (general jurisdiction does not exist simply because a corporation engages in a "substantial, continuous, and systematic course of business" in the state).

The MDL court in *In re: TRT* squarely addressed—and rejected—substantially the same argument advanced by Plaintiffs here. There, the court rejected the plaintiffs' theory of jurisdiction under which "the alleged sale and promotion of AndroGel within Missouri, which allegedly caused a Missouri plaintiff's injury, would subject defendants to general personal jurisdiction in Missouri for claims brought by any plaintiff who allegedly suffered injury by purchasing and using AndroGel anywhere in the country." 2016 WL 640520, at *6. The court held that "[s]uch a result would be plainly contrary to 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co.*, 326 U.S. at 316). The court further stated that such a result "would be particularly at odds with the rationale underlying the requirement that a defendant have minimum contacts

with the forum state." *In re: TRT*, 2016 WL 640520. One reason for that requirement is to "protect[ ] the defendant against the burdens of litigating in a distant or inconvenient forum." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). That purpose would be frustrated if a Missouri court were held to have personal jurisdiction over the Out-of-State Plaintiffs' claims. As noted in Defendants' Notice of Removal, Plaintiffs' allegations and claims differ significantly. They likely received different products, suffered different alleged injuries, have different medical histories, received different medical treatment at different facilities, and received their devices at different times. *See* Defs.' Notice of Removal [Dkt. No. 1] at Paras. 42-47. Because Plaintiffs received their devices in different states, different states' product liability laws likely apply to their claims. Given these numerous differences, it is likely that Plaintiffs' claims would be tried separately. If a Missouri court exercised jurisdiction over the Out-of-State Plaintiffs' claims, Defendants would be haled into a Missouri court to defend against allegations that are entirely unrelated to any of their actions in Missouri. A jury would likely hear no evidence related to Missouri. As the court in *In re: TRT* stated,

> It would [] be unfair and contrary to the rationale underlying the minimum contacts doctrine to allow plaintiffs to use the Missouri plaintiff's claims as a hook to reel defendants into a series of separate trials in a distant and inconvenient forum to try issues unrelated to their conduct within the forum.

*In re: TRT*, 2016 WL 640520, at *6.

For their specific jurisdiction theory to succeed, Plaintiffs must allege facts—which they have not—to establish that the injuries suffered by the Out-of-State Plaintiffs *outside* Missouri are plausibly connected to Defendants' conduct *within* Missouri. Plaintiffs fail to meet this burden. Accordingly, the claims of the Out-of-State Plaintiffs should be dismissed.[23]

---

[2] Because this Court does not have specific or general jurisdiction over Defendants with respect to the Out-of-State Plaintiffs' claims, this Court need not need address whether

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court dismiss the Out-of-State Plaintiffs' claims for lack of personal jurisdiction.

This 8th day of September, 2016.

<u>s/Richard B. North, Jr.</u>
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#005867)

---

the requirements of the Missouri long-arm statute are met.

[3] Defendants are aware of the recent decision of the California Supreme Court in *Bristol-Myers Squibb Co. v. Super. Ct.*, *et al.*, in which the court unanimously declined to find general jurisdiction over a non-resident pharmaceutical manufacturer but ruled 4-3 that a California state court may assert specific jurisdiction over claims brought by out-of-state plaintiffs. No. S221038, 2016 WL 4506107 (Cal. Aug. 29, 2016). However, that case is not controlling and, as the dissent emphasized, the majority's expansive view of personal jurisdiction is inconsistent with the Supreme Court's pronouncement in *Daimler. Id.* at *33 ("Such an aggressive assertion of personal jurisdiction is inconsistent with the limits set by due process"). Further, *Bristol-Myers* is factually distinct because specific jurisdiction was based in part on the California residence of a co-defendant, the alleged in-state distributor of the medication at issue, and BMS having, among other things, five offices and research and laboratory facilities which employed 164 people in the state of California. *See id.* at *7. Here, Plaintiffs make no claim that a Missouri defendant gave rise to their claim, nor do they make any similar allegations regarding the Defendants' contacts in the state of Missouri.

-10-

SNELL &WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

**Attorney for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of September, 2016, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will transmit notice of the filing to all counsel of record.

<u>s/Richard B. North, Jr.</u>
Richard B. North, Jr.
Georgia Bar No. 545599
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com