1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>JOINT [PROPOSED] CASE MANAGEMENT ORDER NO. __<br><br>**(Stipulation and Order Concerning Protective Order and Redactions of Material from Defendants' Expedited ESI Production)** |

13          To expedite document production of ESI from Defendants, the parties, through

14   their respective counsel, have agreed to a primarily "no-eyes-on" document production as

15   to relevancy while still performing a privilege review for ESI Defendants will be

16   producing subsequent to this Order.  That procedure requires certain changes to protection

17   and requirements in the protective order (Doc. 269) and Case Management Order No. 7

18   and corresponding Exhibit A (Doc. 401) for ESI produced pursuant to this process. To the

19   extent that any of the below provisions are inconsistent with either the protective order

20   (Doc. 269) or Case Management Order No. 7 and corresponding Exhibit A (Doc. 401), the

21   below provisions shall control all documents produced pursuant to this Order.

22          THEREFORE, IT ORDERED as follows:

23          The parties have agreed on an ESI production process (the "Process"). All ESI

24   produced by Bard pursuant to the Process will be subject to the following terms:

25          1.      At the time of production, Bard will identify the documents or ESI as being

26   produced pursuant to the Process and subject to the restrictions of this Case Management

27   Order ("CMO").

28

2.      Plaintiffs will maintain all documents and ESI produced pursuant to the Process as confidential and not use the documents or ESI for any purpose outside of their own review and analysis until they have complied with this CMO.

3.      Until Plaintiffs identify the documents or ESI for use, access to the documents and ESI is limited to attorneys and staff at PLC firms and their consultants who execute the attached addendum and agree to be subject to the restrictions of this CMO.

4.      If Plaintiffs intend to use a document or ESI identified by Defendants as produced pursuant to the Process for any purpose other than as set forth in paragraph 2 above, they shall notify Defendants in writing (or by email) of their intent to use the document or ESI, identifying the document or ESI by production Bates number(s).  Once Plaintiffs have done so, the document or ESI shall be deemed conditionally designated as "Confidential" under the protective order (Doc. 269) and subject to the restrictions of that Order (including filing under seal).  Such designation shall not negate the additional protections and procedures afforded by Paragraphs 6, 7, 9, and 10 of this CMO.

5.      Defendants shall thereafter have 30 days to affirmatively designate the document or ESI as Confidential pursuant to the Protective Order (doc. 269) in which case it will be treated as Confidential under that Order as of the date of initial production.  Such designation may be made by separate writing that identifies the document or ESI by production Bates number(s).  Plaintiffs may challenge such confidentiality designations in accordance with the terms of the Protective Order (doc. 269).

6.      Defendants shall have the right to identify any document, file, or other form of ESI produced pursuant to the Process as both being irrelevant to the matters in dispute in this MDL and containing trade secret or other confidential information and to "claw back" such ESI or documents from the production.  After Plaintiffs identify a particular document, file, or other ESI for intended use pursuant to Paragraph 4, Defendants shall have 30 days to seek claw back of the particular document pursuant to this paragraph; this latter requirement does not apply to documents, files, and other ESI produced pursuant to

the Process that have not been identified for use by Plaintiffs pursuant to Paragraph 4, which may be clawed back at any time.

7.      Defendants shall have the right to identify any such documents or ESI as subject to the requirements of CMO No. 7 (Doc. 401) and to require the redaction of the information set forth in that Order; in that event, Defendants shall provide Plaintiffs with a redacted version of the subject documents or ESI with the same production Bates number(s) and Plaintiffs shall destroy any unredacted copies or versions of the document that they possess.

8.      Plaintiffs shall have the right to challenge any designation by Defendants under paragraphs 6 or 7 by submission of the ESI or document to the Court under seal and any filings that refer to the protected substance of the ESI or document must, likewise, be made under seal.

9.      Federal Rule of Evidence 502(d) protection for privileged information produced pursuant to the Process:

    a. Pursuant to Federal Rule of Evidence 502(d), production or disclosure pursuant to the Process of the substance or content of documents, materials, or other information that is protected by the attorney-client privilege, work-product protection, or any other privilege or protection shall not amount to waiver of the privilege and/or protection in this MDL, or in any other federal or state proceeding.

    b. If Plaintiffs identify a document, material, or other information in the documents and ESI produced pursuant to the Process that reasonably appears to be protected by any privilege or other protection, they shall promptly notify Defendants in writing or email.  If the Defendants determine that the document, material, or other information is privileged or otherwise protected, it shall make such an assertion in writing within 30 days of receipt of notification.  Once the privilege or protection is asserted, the parties shall follow the process discussed in Federal Rule of Civil

Procedure 26(b)(5)(B).  Failure to assert the privilege or protection within 30 days of receipt of notification shall amount to waiver of any privilege or protection only of the document, material, or other information identified in the notification, subject to Federal Rule of Evidence 502(a).

c.  For any document, material, or other information produced or disclosed during discovery, and not identified pursuant to section (b) of this Paragraph, Defendants shall assert any claim of privilege or protection in writing (including by email) within 30 days after Plaintiffs identify the material for use pursuant to Paragraph 4 of this CMO.  Once the privilege or protection is asserted, the parties shall follow the process discussed in Federal Rule of Civil Procedure 26(b)(5)(B).  Failure to assert the privilege or protection shall amount to waiver of the privilege or protection only of the document, material, or other information used, subject to Federal Rule of Evidence 502(a).

d.  Unless waived under sections (b) or (c), at any time, a party that produces any document, material, or other information that it believes to be protected by the attorney-client privilege, work-product protection, or any other privilege or protection may assert the privilege or protection in writing. Once the privilege or protection is asserted in writing, the parties shall follow the process discussed in Federal Rule of Civil Procedure 26(b)(5)(B).

10.    To the extent that the documents or ESI produced pursuant to the Process contain any adverse event reporter names or information of a patient who is not a party to this litigation and which would otherwise be redacted in accordance with CMO No. 7, Plaintiffs and their counsel and agents shall not contact the patient or reporter of an adverse event unless and until the parties go through the processes outlined in Paragraphs 6 and 8 of this CMO with respect to the redaction of information and this Court determines the information is not subject to redaction.

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **IN RE:  BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION** | No. MD-15-02641-PHX-DGC<br><br>**AGREEMENT TO MAINTAIN CONFIDENTIALITY** |

I, _____ (Name), have been given and have read a copy of the Case Management Order No. __, dated _____, 2016 in the case of MDL No. 2641, pending in the United States District Court District of Arizona.  I understand and will strictly adhere to the contents of said Order. I understand that produced material disclosed to me is subject to the Order of this Court and that I am prohibited from copying, disclosing, or otherwise using such material except as provided by said court Order.  I understand that my unauthorized disclosure of any information protected by the Order or contact of a patient or reporter of an adverse event in violation of the Order may constitute contempt of court and I agree to be personally subject to the jurisdiction of this Court for the purpose of enforcing my obligations under this Agreement, the Order, and any contempt proceeding that may be instituted for my violation of the terms of this Acknowledgment and the Order.  I also understand that my signature on this "Agreement to Maintain Confidentiality", indicating my agreement to be bound by the terms of the Case Management Order, is required before I may be allowed to receive and review any produced document and materials that are produced pursuant to the Process as set forth in the Case Management Order.

Date: _____          Print Signature:_____

                                                  Signature:_____

5