Case 2:15-md-02641-DGC   Document 3360   Filed 09/13/16   Page 1 of 12

James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL &WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com
*Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: BARD IVC FILTERS <u>PRODUCTS LIABILITY LITIGATION</u> | MDL No: 2641 |
| This Document Relates to:<br>OMA HARDWICK[1], et al., | Az. Member Case No: 2:16-cv-2442 |
| Plaintiffs,<br>v.<br>C. R. BARD, INC., and BARD PERIPHERAL VASCULAR, INC.,<br>Defendants. | **JURY TRIAL DEMANDED ON ALL COUNTS** |

---

[1] Plaintiff Oma Hardwick has been dismissed from this action. [Dkt. No. 3213]

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS**

Plaintiffs' Opposition unsuccessfully attempts to advance a theory of personal jurisdiction that contravenes Supreme Court precedent. Instead of articulating specific facts to support a claim for specific or general jurisdiction over Defendants, Plaintiffs try to avoid the personal jurisdiction issue altogether. To the extent Plaintiffs address personal jurisdiction, their argument is foreclosed by *Daimler AG v. Bauman,* 134 S. Ct. 746 (2014). The personal jurisdiction analysis in this case is simple and straightforward. Under *Daimler*, Plaintiffs fall well short of meeting their burden to prove that this Court has personal jurisdiction over Defendants.

## ARGUMENT

**I.   This Court Can and Should Consider Personal Jurisdiction First.**

Plaintiffs argue that this Court must summarily remand this case for lack of subject matter jurisdiction without first considering whether it has personal jurisdiction. *See* Pls.' Opp. [Dkt. No. 21] at 4. To the contrary, the Supreme Court has confirmed that "in cases removed from state court to federal court, as in cases originating in federal court, there is no unyielding jurisdictional hierarchy." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999). Thus, this Court can and should first address the straightforward personal jurisdiction issue raised by Defendants before addressing the subject matter jurisdiction issues that raise "difficult" and "novel" questions. *Id.* at 576.

Plaintiffs claim that the subject matter jurisdiction question is easy to resolve because "[t]here clearly is no complete diversity because Plaintiff Rudolph Iglewski and Defendant Bard Peripheral Vascular, Inc. share Arizona citizenship." Pls.' Opp. at 6. Plaintiffs' argument misses the mark. As the court in *In re: TRT* observed when addressing this same argument, "[t]his oversimplifies the issue." *In re Testosterone Replacement Therapy Prods. Liab. Litig.* ("*In re: TRT*"), MDL No. 2545, __ F. Supp. 3d __, 2016 WL 640520, at *3 (N.D. Ill. Feb. 18, 2016). Here, Defendants contend that this Court lacks personal jurisdiction over Defendants; that their claims were fraudulently

joined to destroy diversity; and that Plaintiffs are egregiously misjoined. "The Court cannot simply ignore or summarily reject th[ese] argument[s] to make its subject matter jurisdiction analysis easier." *Id.* The subject matter jurisdiction analysis in this case is "rather complicated" when compared to the simple and straightforward personal jurisdiction issue. *See id.* (quoting *Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891, 899 (N.D. Iowa 2000)); *see also In re: Zofran (Ondansetron) Prod. Liab. Litig.*, No. 1:15-CV-13760-FDS, 2016 WL 2349105, at *2 (D. Mass. May 4, 2016) (MDL court concluding that "considerations of judicial economy strongly suggest resolving the issue of personal jurisdiction ahead of subject-matter jurisdiction" in multi-plaintiff action where defendant removed case on basis of fraudulent joinder and misjoinder). Finally, because Defendants' fraudulent joinder argument arises from the fact that this Court lacks personal jurisdiction over them, "unless the Court were to conclude at the outset that the fraudulent joinder inquiry has no application in this case, the Court will necessarily confront the personal jurisdiction question regardless of the sequence in which it conducts the analysis." *In re: TRT*, 2016 WL 640520, at *4.

Although Plaintiffs attempt to oversimplify the question of subject matter jurisdiction and overcomplicate the personal jurisdiction analysis, a review of the Petition in light of applicable Supreme Court precedent demonstrates that personal jurisdiction is lacking. This is a simple and straightforward analysis that may be conducted first. This Court should follow *Ruhrgas AG*, *In re: TRT*, *In re: Zofran*, and *Foslip*, and, applying *Daimler* and *Goodyear*, find that Plaintiffs cannot establish personal jurisdiction over Defendants in Missouri before ruling on Plaintiffs' Motion to Remand. *See, e.g.*, *In re: Zofran*, 2016 WL 2349105; *In re: TRT*, 2016 WL 640520; *see also Aclin v. PD-RX Pharm. Inc.*, No. 5:15-CV-00561-R, 2016 WL 3093246, at *2 (W.D. Okla. June 1, 2016) (exercising discretion in multi-plaintiff pharmaceutical drug case to address personal jurisdiction issue before the more "complex" issue of subject matter jurisdiction, which involved doctrine of fraudulent misjoinder); *Bragg v. Johnson & Johnson*, No. 2:14-CV-

29743, 2015 WL 4889308, at *3 (S.D.W. Va. Aug. 17, 2015) ("[E]ngaging the parties' arguments on procedural or fraudulent misjoinder, and in turn subject matter jurisdiction, may require passage upon unsettled jurisdictional grounds. By contrast, the personal jurisdiction inquiry here turns on a relatively simple issue: whether a Texas court may exercise jurisdiction over claims against out-of-state corporate defendants based on the defendants' unrelated contacts with the forum."); *Locke v. Ethicon, Inc.*, 58 F. Supp. 3d 757, 760 (S.D. Tex. 2014) (addressing personal jurisdiction before subject matter jurisdiction in products liability case involving various out-of-state plaintiffs joined with one in-state plaintiff, dismissing claims of out-of-state plaintiffs for lack of personal jurisdiction, and denying motion to remand).

## II.     Under *Daimler*, Defendants Are Not "At Home" in Missouri.

Recognizing that *Daimler* requires a finding that Defendants are not "at home" in Missouri, Plaintiffs try to circumvent *Daimler* by arguing that it is "inapposite." Pls.' Opp. at 8-11. However, similar arguments have been repeatedly rejected by the courts.

Contrary to Plaintiffs' suggestion, the Supreme Court's holding in *Daimler* is not limited to international parties. *See id.* at 10-11 (arguing that "[t]he considerations of international rapport" in *Daimler* "are irrelevant to this case"). *Daimler* contains no such limitation, and attempts to impose one have been repeatedly rejected.[2] Indeed, *Daimler* states without ambiguity that its references were to "<u>sister-state</u> or foreign-country" corporations, *Daimler*, 134 S. Ct. at 754 (emphasis added). And, the Eighth Circuit recently applied *Daimler* in holding that a sister-state corporation was not subject to general personal jurisdiction in Missouri. *See Jones v. ITT Sys. Division*, 595 Fed. App'x

---

[2] *See, e.g.*, *Brown v. CBS Corp.*, 19 F. Supp. 3d 390, 399 (D. Conn. 2014) ("*Daimler* makes clear that the holding would be the same even if all aspects of the case were entirely domestic."); *Segal v. Zieleniec*, No. CIV.A. 13-7493, 2014 WL 2710989, at *2 n. 9 (E.D. Pa. June 16, 2014) ("[T]he same principles apply whether defendants are from another state or another country.").

662 (Mem.) (8th Cir. Mar. 5, 2015).[3] Accordingly, the analysis in *Daimler* is controlling.

To support their general jurisdiction claim, Plaintiffs allege that "Defendants have continuous and systematic contacts with Missouri," Pls.' Opp. at 11, and that Defendants have "engaged in substantial business in Missouri, and [] have derived substantial revenue from goods, including Bard IVC filters, purchased and consumed in Missouri." *Id.* at 3. These arguments disregard *Daimler*, in which the Supreme Court addressed and rejected these same arguments: "Plaintiffs would have us . . . approve the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business.' . . . That formulation, we hold, is unacceptably grasping." *Daimler*, 134 S. Ct. at 760-61; *see also Sutcliffe v. Honeywell Int'l, Inc.*, No. CV–13–01029–PHX–PGR, 2015 WL 1442773, at *5 (D. Ariz. Mar. 30, 2015) ("[T]he proper inquiry is not, as the plaintiffs seem to suggest, whether a defendant's contacts in the aggregate in the forum state are extensive."). The Supreme Court explained its reasoning as follows:

> Here, neither Daimler nor [its subsidiary] is incorporated in [the forum state of] California, nor does either entity have its principal place of business there. If Daimler's California activities sufficed to allow adjudication of this Argentina-rooted case in California, the same global reach would presumably be available in every other State in which [Daimler's American subsidiary]'s sales are sizable. Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants "to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit."

*Daimler*, 134 S. Ct. at 761-62 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

Here, Plaintiffs fail to show that Defendants' contacts with Missouri are so extensive as to render them "at home" in this state. This is not the "exceptional" case that

---

[3] This Court should apply the personal jurisdiction law of the transferor forum. *See In re Plumbing Fixtures Litig.,* 342 F. Supp. 756, 758 (J.P.M.L. 1972).

could fall within the narrow exception carved out by the Court. See *Daimler*, 134 S. Ct. at 761 n. 19. Given Plaintiffs' failure to establish a *prima facie* showing of jurisdiction, "general jurisdiction is easily resolved under *Daimler*'s limiting and '[s]imple jurisdictional rule[]' that, barring exceptional circumstances, a corporate defendant subjects itself to suit only in the State of incorporation and where its principal business office is located." *Locke*, 58 F. Supp. 3d at 765 (quoting *Daimler*, 134 S. Ct. at 760).

### III. Plaintiffs' Claims Do Not "Arise Out of" Nor "Relate to" Defendants' Contacts with Missouri.

Plaintiffs argue that their injuries "relate[] to" Defendants' activities in Missouri such that specific jurisdiction is proper because allegedly all Plaintiffs "suffered the same injury experienced by [unnamed] Missourians" "by the same conduct of Defendants." Pls.' Opp. at 8. Stated differently, Plaintiffs contend jurisdiction is proper because Defendants marketed and sold Bard IVC Filters in Missouri, and an unknown Missourian experienced an unidentified injury involving a Bard IVC Filter. Such a tangential connection between Defendants' purported Missouri contacts with others not related to the suit at hand and Plaintiffs' injuries is insufficient to establish specific jurisdiction.

First, Plaintiffs' argument is premised on facts that are nowhere in the record. While Plaintiffs argue in their brief that Plaintiffs suffered the "same injury" as "experienced by Missourians who were implanted" based on the "same conduct" of Defendants, these allegations are belied by Plaintiffs' Petition. Not only do Plaintiffs not allege they suffered the same injury, their Petition lacks any specificity regarding their alleged injuries, and vaguely assert that they "suffer[] ongoing injuries." Petition at ¶¶ 168, 170, 172, 176, 178, 180, and 182. Moreover, Plaintiffs' Petition does not specify which of Bard's six IVC filters each Plaintiff received. Instead, Plaintiffs vaguely assert that each "was implanted with a Bard IVC Filter." *Id.* Given that Bard developed and marketed its six IVC Filters over the course of almost 14 years, one can hardly conclude that Plaintiffs were allegedly injured by "the same conduct" of Defendants. *See In re: TRT*, 2016 WL

640520, at *6 ("It would [] be unfair and contrary to the rationale underlying the minimum contacts doctrine to allow plaintiffs to use the Missouri plaintiff's claims as a hook to reel defendants into a series of separate trials in a distant and inconvenient forum to try issues unrelated to their conduct within the forum").

Further, as Defendants explained in their opening brief, Plaintiffs' precise argument was recently rejected by four different district judges and a magistrate judge in the Eastern District of Missouri. *See* Defs.' Op. Br. [Case No. 2:16-CV-02442-DGC, Dkt. No. 10] at 5-7. As in *Barthomome v. Pfizer, Inc.*, No. 4:15CV788 HEA, 2016 WL 366795, at *1 (E.D. Mo. Jan. 29, 2016), *Barron v. Pfizer, Inc.*, No. 4:15-CV-584 CAS, 2015 WL 5829867, at *1 (E.D. Mo. Oct. 6, 2015), *Keeley v. Pfizer*, No. 4:15CV00583 ERW, 2015 WL 3999488, at *1 (E.D. Mo. July 1, 2015) , *Clarke v. Pfizer*, No. 4:15-cv-010702, 2015 WL 5243876, at *2 (E.D. Mo. Sept. 8, 2015), and *Neely v. Wolters Kluwer Health, Inc.*, No. 4:11-cv-325 JAR, 2013 WL 3929059, at *4, 11 (E.D. Mo. July 29, 2013), as well as multiple other cases where courts have found personal jurisdiction lacking over claims of nonresident prescription drug or medical device plaintiffs,[4] Plaintiffs here have failed to show how the claims of Plaintiffs "arise out of" or are "related to" Defendants' alleged actions in and contacts with Missouri. Specific jurisdiction requires that a plaintiff's claims "arise out of" or "relate to" a defendant's contacts within a state. *Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 707 (8th Cir. 2003). It is not enough for the claims to "relate to" another plaintiff's claims. It is even more tenuous to allege that Plaintiffs' claims "relate to" a non-plaintiff's hypothetical claims. Thus, Plaintiffs cannot "piggy-back" onto the jurisdiction over a hypothetical

---

[4] *See, e.g.*, *Glater v. Eli Lilly & Co.*, 744 F.2d 213, 216 (1st Cir. 1984) (holding that a New Hampshire court lacked specific jurisdiction over plaintiff's claim for injuries from a drug "purchased and consumed in Massachusetts," and rejecting argument that the court could rely on sales in New Hampshire because the claims "did not arise from Lilly's New Hampshire activities"); *Locke*, 2014 WL 5819824, at *1-3, 7-8 (holding the court lacked personal jurisdiction over non-Missouri plaintiffs for claims brought by out-of-state plaintiffs who alleged injury in their home states).

Missourian's claim. Instead, each Plaintiff in a multi-plaintiff action must independently establish personal jurisdiction over the Defendants with respect to his or her claims. *See Sun World Lines, Ltd. v. March Shipping Corp.*, 585 F. Supp. 580, 584-85 (E.D. Mo. 1984) ("[P]ersonal jurisdiction must be valid as to each and every cause of action in a complaint.") (citations omitted), *aff'd*, 801 F.2d 1066 (8th Cir. 1986); *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274-75 (5th Cir. 2006) ("Permitting the legitimate exercise of specific jurisdiction over one claim to justify the exercise of specific jurisdiction over a different claim that does not arise out of or relate to the defendant's forum contacts [] violate[s] the Due Process Clause."); *In re: TRT*, 2016 WL 640520, at *4 ("[T]he specific jurisdiction inquiry in this case must be conducted separately for the claims of each individual plaintiff.").

Plaintiffs make no attempt to connect their general allegations regarding Defendants' alleged Missouri activities to <u>any</u> of the claims of Plaintiffs. For example, Plaintiffs fail to plead where their devices were implanted, or where they experienced any alleged injury, and also failed not plead any facts alleging how they "relate to" or "arise from" Defendants' sale, promotion, or so-called "aggressive marketing" of Bard IVC Filters in Missouri. As with the plaintiffs in *Barthomome*, *Barron*, *Keeley*, *Clarke*, and *Neeley*, there are no facts suggesting that Plaintiff Iglewski (or any of the other Plaintiffs) received their IVC Filter in Missouri, saw advertisements in Missouri, had physicians who were contacted by Defendants in Missouri, or were in any way injured in Missouri. Defendants highlight these facts not to suggest that the jurisdictional analysis should center on the respective Plaintiffs' contacts with Missouri. Rather, the Plaintiff-specific inquiry confirms that the injuries allegedly suffered by Plaintiffs while outside of Missouri have <u>no relevant ties</u> -- much less "arise from" or "relate to" -- Defendants' conduct in Missouri. Indeed, Plaintiffs' claims would be precisely the same had Defendants never sold or marketed IVC Filters in Missouri. Accordingly, a finding of specific jurisdiction over Defendants plainly fails to comport with due process. *See*

*Keeley*, 2015 WL 3999488, at *1 ("Under Plaintiffs' theory of jurisdiction, a national company could be sued by any resident of any state in any state. This does not comport with 'traditional notions of fair play and substantial justice' as required by the Constitution.").

Plaintiffs rely on *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984) to argue that Defendants' alleged continuous and deliberate actions toward Missouri are sufficient to confer jurisdiction over the claims of any plaintiff regardless of that plaintiff's residence. *See* Pls.' Opp. at 9-10. Plaintiffs' reliance on *Keeton* is misplaced. *Keeton* was a libel case in which the defendant distributed magazines containing libelous material in New Hampshire, the state where the non-resident plaintiff filed suit. Because someone who is libeled suffers reputational harm wherever the libelous material is distributed, the plaintiff was harmed in New Hampshire; thus the plaintiff's claim arose from the defendant's New Hampshire contacts. *See id.* at 776-77. *Keeton* turned on the fact that the plaintiff was harmed in New Hampshire by the defendant's contacts directed towards that state, not because the plaintiff was or was not a resident of that state. Here, Plaintiffs do not allege -- nor could they possibly allege -- that they were injured in Missouri.

In sum, for their specific jurisdiction theory to succeed, Plaintiffs must allege facts -- and they have not -- to establish that the injuries suffered by <u>outside</u> Missouri are plausibly connected to Defendants' conduct <u>within</u> Missouri. Plaintiffs fail to meet this burden. Accordingly, the claims of Plaintiffs should be dismissed.[5]

## IV. Jurisdictional Discovery Is Not Warranted.

Plaintiffs suggest that "the Court must make extensive inquiry into the facts" and

---

[5] Because this Court does not have specific or general jurisdiction over the Defendants, this Court need not need address whether the requirements of the Missouri long-arm statute are met. *See State ex rel. Metal Service Ctr. of Ga., Inc. v. Gaertner*, 677 S.W.2d 325, 327 (Mo. 1984)(noting that the purpose of the Missouri long-arm statute was to provide for jurisdiction "to the fullest extent permitted by the due process clause" of the United States Constitution").

that "jurisdictional discovery" may be necessary. Pls.' Opp. at 6, 8 n. 3. However, Plaintiffs have not "demonstrat[ed] the necessity of discovery," and are "not entitled to jurisdictional discovery when the record shows that the requested discovery is not likely to produce the facts needed to withstand a . . . motion." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014). The decision whether to permit jurisdictional discovery is committed to this Court's discretion, which should be exercised with an eye toward whether "facts necessary to resolving the jurisdictional inquiry are either unknown or disputed." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co.*, 646 F.3d 589, 598 (8th Cir. 2011).

For purposes of this Motion to Dismiss, Defendants do not dispute Plaintiffs' allegation that Defendants marketed their IVC Filters nationwide, including in Missouri. However, even accepting the factual allegations in Plaintiffs' Petition as true, jurisdiction over Defendants is lacking. Plaintiffs' entire personal jurisdiction argument is centered on the allegation that Defendants engaged in "nationwide" marketing of IVC filters, and that such marketing "target[ed]" Missouri, just as it did the other 49 states in the Union. Nowhere in Plaintiffs' Petition or briefing do they articulate some unique aspect of Defendants' marketing efforts in Missouri that would make this case "exceptional" so as to fall within the narrow exception of *Daimler*. And, Plaintiffs do nothing to connect their claims to Defendants' contacts within Missouri, as demonstrated above. Contrary to Plaintiffs' claim, there is no need for an "evidentiary analysis" of "Defendants' in-state contacts." Pls.' Opp. at 12. The personal jurisdiction analysis turns on a legal question, not a factual question. "No amount of discovery will change the applicable law." *Merryman v. JPMorgan Chase Bank, N.A.*, No. 5:15-CV-5100, 2015 WL 7308666, at *5 (W.D. Ark. Nov. 19, 2015).

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiffs' claims for lack of personal jurisdiction.

This 13th day of September, 2016.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY &
  SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL &WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

**Attorney for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of September, 2016, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will transmit notice of the filing to all counsel of record.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
NELSON MULLINS RILEY &
 SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
