James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL &WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com
*Attorneys for Defendants C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| IN RE: BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION | ) | MDL No: 2641 |
| This Document Relates to: OMA HARDWICK[1], et al., | ) | Az. Member Case No: 2:16-cv-2442 |
| Plaintiffs, | ) | **JURY TRIAL DEMANDED ON ALL COUNTS** |
| v. | ) | |
| C. R. BARD, INC., and BARD PERIPHERAL VASCULAR, INC., | ) | |
| Defendants. | ) | |

[1] Plaintiff Oma Hardwick has been dismissed from this action. [Dkt. No. 3213]

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Defendants" or "Bard") hereby file this Response in Opposition to Plaintiffs' Motion to Remand [Dkt. 3316].

**INTRODUCTION**

This Court should deny Plaintiffs' Motion to remand. ***First***, as a threshold matter, the Court need not reach the issue of subject matter jurisdiction because no Missouri court has personal jurisdiction over Bard. Plaintiffs' claims should be dismissed on that basis. Because this personal jurisdiction issue is straightforward and not complex, this Court should address it before reaching the relatively more complex subject matter jurisdiction issues. *See* Defs.' Not. of Rem. [Case No. 2:16-CV-02442, Dkt. 1] at 11-17, 32-37; Defs' Reply ISO Mot. to Dismiss [Dkt. No. 3360] at 2-4. ***Second***, because Plaintiffs cannot plausibly recover for their claims under Missouri law in any Missouri court, their claims, including the claims of the Arizona Plaintiff Iglewski, are fraudulently joined and should be ignored for purposes of determining diversity. *Id.* at 17-19. ***Third***, because the claims of Plaintiffs do not arise out of the same transaction or occurrence, Plaintiffs are fraudulently misjoined. *Id.* at 19-26. Further, because the misjoinder is egregious, the citizenship of the non-diverse Plaintiff Iglewski should be ignored. *Id.* at 26-32.

## ARGUMENT

### I. This Court Should Deny the Motion to Remand.

There is no dispute that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Indeed, Plaintiffs do not contest this issue. The only issue raised by Plaintiffs' Motion is whether the Court should consider the citizenship of the non-diverse Plaintiff Iglewski when deciding whether diversity exists. As explained below, his citizenship should be ignored.

#### A. This Court Should Decide Personal Jurisdiction Before Determining Subject Matter Jurisdiction.

Instead of addressing Defendants' personal jurisdiction argument directly, Plaintiffs argue that the issue is a "distract[ion]" that should be addressed only after the Court addresses subject matter jurisdiction. Pls.' Br. at 10-12. However, Plaintiffs concede -- as they must, pursuant to *Ruhrgas AG v. Marathon Oil*, 526 U.S. 574, 588 (1999) -- that this Court may decide a simple personal jurisdiction issue before deciding a relatively more complex subject matter jurisdiction issue. *Id.* at 11.

Plaintiffs argue that "Defendants cannot possibly establish that their personal jurisdiction theory is simple when compared with the issue of subject-matter jurisdiction." Pls.' Br. at 11 (internal quotation marks omitted). To the contrary, the issue of personal jurisdiction is established and straightforward. As explained below and in Defendants' Motion to Dismiss, on the face of Plaintiffs' Petition, and in light of the Supreme Court's decision in *Daimler*, 134 S. Ct. at 746, it is apparent that courts in Missouri lack personal jurisdiction over Defendants. On the other hand, Defendants'

subject matter jurisdiction arguments are relatively more complicated. Here, Defendants contend that Missouri courts lack personal jurisdiction over Defendants; that Plaintiffs' claims are fraudulently joined to destroy diversity; and that Plaintiffs are egregiously misjoined. As the court in *In re Testosterone Replacement Therapy Prods. Liab. Litig.* ("*In re: TRT*"), MDL No. 2545, __ F. Supp. 3d __, 2016 WL 640520 (N.D. Ill. Feb. 18, 2016) stated, "[t]he Court cannot simply ignore or summarily reject th[ese] argument[s] to make its subject matter jurisdiction analysis easier." *Id.* at *4. At the very least, the subject matter jurisdiction analysis in this case is "rather complicated" when compared to the simple and straightforward personal jurisdiction issue. *Id.* (quoting *Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891, 899 (N.D. Iowa 2000)); *see also In re: Zofran (Ondansetron) Prod. Liab. Litig.* ("*In re: Zofran*"), No. 1:15-CV-13760-FDS, 2016 WL 2349105, at *2 (D. Mass. May 4, 2016) (MDL court concluding that the subject matter jurisdiction issues (including fraudulent joinder and misjoinder) raised by defendant in multi-plaintiff pharmaceutical drug action are "complicated" when compared to the personal jurisdiction issue raised). Finally, because Defendants' fraudulent joinder argument arises from the fact that this Court lacks personal jurisdiction over them, "unless the Court were to conclude at the outset that the fraudulent joinder inquiry has no application in this case, the Court will necessarily confront the personal jurisdiction question regardless of the sequence in which it conducts the analysis." *In re: TRT*, 2016 WL 640520, at *4.

Although Plaintiffs attempt to oversimplify the question of subject matter jurisdiction and overcomplicate the personal jurisdiction analysis, a review of the Petition

in light of applicable Supreme Court precedent demonstrates that personal jurisdiction is lacking. This is a simple and straightforward analysis that may be conducted first. This Court should follow *Ruhrgas AG*, *In re: TRT*, *In re: Zofran*, and *Foslip*, and, applying *Daimler*, *Goodyear*, and *Union Carbide*,[2] find that Plaintiffs cannot establish personal jurisdiction over Defendants in Missouri before ruling on Plaintiffs' Motion to Remand. *See, e.g.*, *In re: Zofran*, 2016 WL 2349105; *In re: TRT*, 2016 WL 640520; *see also Aclin v. PD-RX Pharm. Inc.*, No. 5:15-CV-00561-R, 2016 WL 3093246, at *2 (W.D. Okla. June 1, 2016) (exercising discretion in multi-plaintiff pharmaceutical drug case to address personal jurisdiction issue before the more "complex" issue of subject matter jurisdiction, which involved doctrine of fraudulent misjoinder); *Bragg v. Johnson & Johnson*, No. 2:14-CV-29743, 2015 WL 4889308, at *3 (S.D.W. Va. Aug. 17, 2015) ("[E]ngaging the parties' arguments on procedural or fraudulent misjoinder, and in turn subject matter jurisdiction, may require passage upon unsettled jurisdictional grounds. By contrast, the personal jurisdiction inquiry here turns on a relatively simple issue: whether a Texas court may exercise jurisdiction over claims against out-of-state corporate defendants based on the defendants' unrelated contacts with the forum."); *Evans v. Johnson & Johnson*, No. H-14-2800, 2014 WL 7342404, at *3 (S.D. Tex. Dec. 23, 2014) (examining

---

[2] As Defendants noted in their Motion to Dismiss and Notice of Removal, the court in *Daimler* held that "placement of a product into the stream of commerce . . . does not warrant a determination that based on those ties, the forum has *general* jurisdiction over a defendant." *Daimler*, 134 S. Ct. at 761 (quoting *Goodyear Dunlop Tires, S.A. v. Brown*, 131 S. Ct. 2846, 2857 (2011). In *Smith v. Union Carbide Corp.*, the court found that it lacked specific jurisdiction over a defendant whose in-state activities were unrelated to the cause of action. *See Smith v. Union Carbide Corp.*, No. 1422-CC00457, 2015 WL 191118, at *2 (Mo. Cir. Ct. 22nd Dist. Jan. 12, 2015).

whether to address the defendant's subject-matter jurisdiction issues involving fraudulent joinder or misjoinder first, or to first address personal jurisdiction and whether the court may exercise jurisdiction over claims against an out-of-state corporate defendant based on the defendants' unrelated contacts with the forum, and "determin[ing] that the most efficient course of action is to consider the motion to dismiss for lack of personal jurisdiction"); *Locke v. Ethicon, Inc.*, 58 F. Supp. 3d 757, 760 (S.D. Tex. 2014) (addressing personal jurisdiction before subject matter jurisdiction in products liability case involving various out-of-state plaintiffs joined with one in-state plaintiff, dismissing claims of out-of-state plaintiffs for lack of personal jurisdiction, and denying motion to remand).

**B. Missouri Courts Do Not Have Personal Jurisdiction Over Defendants.**

Plaintiffs have the burden to establish that a Missouri Court has personal jurisdiction over Defendants. Instead of establishing how a Missouri court somehow has personal jurisdiction over Defendants, Plaintiffs Motion to Remand does not address the substance of Defendants' personal jurisdiction argument at all. *See generally* Pls.' Br.

As Defendants explained in their Notice of Removal, Motion to Dismiss, and Reply in Support of their Motion to Dismiss, because Plaintiffs' claims arise outside of Missouri and have no nexus or substantial connection to Missouri, they must establish *general* personal jurisdiction over Defendants. However, the Missouri courts lack general jurisdiction over Defendants because they are not "at home" in Missouri, given that Missouri is not their state of incorporation or where their principal places of business are located.

The Supreme Court has made it clear that, absent an "exceptional" case, a corporation is only subject to general jurisdiction where it is "at home," i.e., where it "is incorporated or has its principal place of business." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 & 761 n.19 (2014). Plaintiffs fail to allege any facts regarding Defendants' conduct and operations that would support a finding of general jurisdiction in Missouri. Instead, Plaintiffs make conclusory allegations of fact that have been repeatedly rejected as a basis to confer general jurisdiction over a corporate defendant. *See, e.g.*, Petition at Para. 13 ("These Defendants regularly conduct or solicit business and derive substantial revenue from goods used or consumed in, inter alia, the State of Missouri."). As the Supreme Court pointed out, these facts do not satisfy the standard required to exercise general jurisdiction. *See Daimler*, 134 S. Ct. at 761; *see also id.* at 757 ("Although the placement of a product into the stream of commerce 'may bolster an affiliation germane to *specific* jurisdiction,' . . . such contacts do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant." (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 131 S. Ct. 2846, 2857 (2011))). Given Plaintiffs' failure to meet their obligation to establish a *prima facie* showing of jurisdiction, "general jurisdiction is easily resolved under *Daimler*'s limiting and '[s]imple jurisdictional rule[]' that, barring exceptional circumstances, a corporate defendant subjects itself to suit only in the State of incorporation and where its principal business office is located." *Locke v. Ethicon, Inc.*, 58 F. Supp. 3d 757, 765 (S.D. Tex. 2014) (quoting *Daimler*, 134 S. Ct. at 760).

Second, Missouri courts lack specific jurisdiction over Defendants. Plaintiffs fail to allege even one specific, non-conclusory fact that would support a Missouri court's exercise of specific jurisdiction over Defendants. To the contrary, Plaintiffs' Petition specifically alleges that each of Plaintiffs' claims arise from events that occurred *outside* of Missouri, given Plaintiffs' allegations that each Plaintiff "is and was at all times alleged herein" a citizen of their respective non-Missouri state. *See* Petition at ¶¶ 167-182. Nowhere do Plaintiffs allege in their Petition any specific facts showing any connection between Plaintiffs' claims and Defendants' contacts with Missouri. *Id.* The only connection Plaintiffs attempt to make with Missouri is in their Response to Defendants' Motion to Dismiss, in which they allege that Plaintiffs "suffered the same injury by [non-party] Missourians who were implanted with Bard IVC filters in Missouri." Pls. Opp. to Mot. To Dis. at 8. But any relationship between Plaintiffs' claims and the alleged injuries of a hypothetical non-party Missourian is irrelevant for purposes of determining whether a Missouri court has specific jurisdiction over Defendants regarding *Plaintiffs'* claims. Plaintiffs' claims must arise out of or relate to Defendants' contacts with Missouri, not be merely related to a hypothetical claim of a non-party Missourian. *See J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2788 (2011) ("[S]ubmission through contact with and activity directed at a sovereign may justify specific jurisdiction 'in a suit arising out of or related to the defendant's contacts with the forum.'" (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, and n. 8 (1984)). Because Plaintiffs' claims arise from events that occurred outside of Missouri, they cannot establish specific jurisdiction over Defendants.

### C. Plaintiffs Are Fraudulently Joined.

Fraudulent joinder is an exception to the typical requirement of complete diversity. *See Filla v. Norfolk S. Ry., Co.*, 336 F.3d 806, 810 (8th Cir. 2003). "The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially non-diverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the non-diverse party from the case and retain subject matter jurisdiction over the remaining claims." *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 893 (8th Cir. 2014) (quoting *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012)).

Here, Plaintiffs have no factual or legal basis for asserting their claims in a Missouri court. They allege no facts to suggest their claims "arose" in Missouri and thus cannot establish that a Missouri court can exercise specific personal jurisdiction over Defendants. Further, they fail to argue that a Missouri court could exercise general personal jurisdiction over Defendants either. Accordingly, Plaintiffs are fraudulently joined. This Court should therefore ignore the citizenship of diversity-destroying Plaintiff Iglewski for purposes of determining subject matter jurisdiction. *See Witherspoon*, 2013 WL 6069009, at *5; *Foslip*, 92 F. Supp. 2d at 902 (citing *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977)).

Instead of explaining how Plaintiffs somehow have a legal basis to assert their claims, Plaintiffs argue that "there is no fraudulent joinder of plaintiffs doctrine existing separately from fraudulent misjoinder." Pls.' Br. at 9. Plaintiffs are incorrect. As demonstrated in Defendants' Notice, Eighth Circuit courts are among the majority of

courts that recognize the doctrine of fraudulent joinder of plaintiffs. *See Med. Bow Coal Co.*, 556 F.2d at 404 (concluding, in the context of a contract case, that if the plaintiff is not "the person who, under governing substantive law, is entitled to enforce the right asserted" then "his or its presence in the case may be ignored in determining jurisdiction"); *Witherspoon*, 2013 WL 6069009, at *5 (finding that a diversity-destroying plaintiff in a multi-plaintiff medical device product liability case was fraudulently joined when that plaintiff's claims had "no reasonable basis in fact and law"); *Foslip*, 92 F. Supp. 2d at 904 ("This court finds that the 'real party in interest' test articulated in *Medicine Bow Coal Company* is analogous to, but perhaps even more expansive than, the standard as articulated by other courts that a plaintiff is not fraudulently joined unless there is no possibility that the plaintiff would be able to establish a cause of action against the defendant in state court."); *see also, e.g.*, *Oliva v. Chrysler Corp.*, 978 F. Supp. 685, 689 (S.D. Tex. 1997) ("The citizenship of a party-plaintiff may also be disregarded for purposes of determining whether diversity jurisdiction exists if the removing party can show that the nondiverse plaintiff was fraudulently joined.").

Finally, Plaintiffs erroneously argue that there must be a finding of intent or culpable "*mens rea* rising to the level of fraud" to support a finding of fraudulent joinder. Pls.' Br. at 10. That is not the standard. Defendants do not need to prove that Plaintiffs intended to defraud the court in order to prove fraudulent joinder. *See Hudgins v. First Student, Inc.*, 853 F. Supp. 2d 883, 886 n.3 (E.D. Mo. 2012) (citing *Filla* and noting that its "definition of fraudulent joinder does not include consideration of the plaintiff's intention to follow through with claims against the resident defendant").

**D. Plaintiffs Are Fraudulently Misjoined.**

Plaintiffs' argument regarding fraudulent misjoinder rests on the assumption that if multiple plaintiffs join in an action and allege injuries from the same product, they must not be fraudulently misjoined according to "controlling precedent." *See* Pls.' Br. at 4-9.

***First***, Plaintiffs have failed to allege that they all received the *same product.* Plaintiffs' Petition is devoid of any specificity regarding which of Bard's six IVC filters each Plaintiff allegedly received. Instead, Plaintiffs vaguely assert that each "was implanted with a Bard IVC Filter." Petition at ¶¶ 168, 170, 172, 174, 176, 178, 180, and 182.

Plaintiffs' Motion to Remand provides no additional specificity; instead, it relies on the same vague allegations that each Plaintiff allegedly received a Bard IVC filter. *See, e.g.*, Pls.' Br. at 1 ("injuries from the same nationally-marketed medical device."); *id.* at 2 ("All Plaintiffs' damages arise form IVC filters . . . by Bard.") The problem with Plaintiffs' vague allegations is that Bard has designed and marketed six different retrievable IVC filters[3] over the course of almost 14 years. Each of these six filters is different in design, has separate and distinct regulatory clearances, underwent its own testing, and has distinct labeling, among other differences. Because the claims of Plaintiffs likely involve different medical devices, their claims are even more disparate than the claims of pharmaceutical plaintiffs, whose claims involve products with the same pharmacological makeup.

[3] Although they attempt to minimize the difference in the filters, Plaintiffs concede that the filters are different. Pls.' Br. at 6 ("slightly different versions").

***Second***, the Eighth Circuit in *In re: Prempro* suggested that fraudulent misjoinder would apply where the misjoinder is "egregious," and the court did not foreclose a finding of egregiousness in cases involving the same or similar products. Although Plaintiffs' sole argument that they are not egregiously misjoined is based on *In re: Prempro*, Defendants have already demonstrated in their Notice of Removal why this action is more akin to *In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)*, No. CIV.A. 11-3045, 2012 WL 1118780 (D.N.J. Apr. 3, 2012), *aff'd*, 751 F.3d 150 (3d Cir. 2014), where the court distinguished *In re Prempro* and found fraudulent misjoinder in a case originating in Missouri state court. Like Plaintiffs in this action, the plaintiffs in *In re: Fosamax*, stated allegations that were "exceptionally vague, making it difficult for the Court to establish how Plaintiffs share a connection, if any." *Id.* at *5. Plaintiffs' allegations here are unspecific, exceedingly vague, and lack specificity regarding which Bard IVC filter each Plaintiff received, when each Plaintiff received his or her filter, and regarding what each Plaintiffs' alleged injury is. As in *In re: Fosamax*, Plaintiffs seemingly "structured their complaint in order to defeat diversity jurisdiction." *See id.* Because Plaintiffs are egregiously misjoined, this Court should disregard the citizenship of the non-diverse Plaintiff Iglewski and properly allow the removal of this matter under fraudulent misjoinder jurisprudence.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion to Remand.

This 16th day of September, 2016.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL &WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

**Attorney for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of September, 2016, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will transmit notice of the filing to all counsel of record.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com