# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANGELA NOVY, FREDERICK BECKER, LARRY COLLINS, WILSON PALMER, JUANITA WILLIAMS, SARAH BESTE, HEATHER POWERS, LAURA CROWLEY, TERRY ELWELL, ANGELA PETROUTSA, JOSEPH GROSSMAN, JAMES MAXFIELD, ABDUL-MUTAAL BILAL, LISA RADZIK, ALLAN KOTTER, DENISE GILL, FAITH HINCHMAN, MICHELLE BAGGETT, ANGELA GIBSON, DIANE REYNOLDSON, JOANN CARDONA, JASON SMITH, TAMMY DYKEMA, TONY WALKER, SHEILA MAY, BRIAN MORRISON, MELVIN HOLMES III, ERIC ROBINSON, CHRISTINE BAKER, SUSAN COLE, SANDRA GRAHAM, CYNTHIA HOUSTON, TINA KENNEDY, PETER MCGRATH, SABIR SAAD, RONELL SMITH, WILFRED VEGIARD, JEROME WEISS, ALANA ADAMS, HELEN ARTIST-ROGERS, WILLIAM BROWN SR., JESSICA L. CARROLL, SUETTE COLLINS, JAMES NICOL, VANESSA MARSHALL, WILLIAM SALTERS, JERRY SIMERLY, and ANNIE THOMAS, | ) ) ) ) ) Case No. 4:16-cv-1233 ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| C. R. BARD, INC., and BARD PERIPHERAL VASCULAR, INC., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendants C. R. Bard, Inc. ("C. R. Bard") and Bard Peripheral Vascular, Inc. ("BPV") (collectively "Defendants" or "Bard"), move to dismiss the claims of the Out-of-State Plaintiffs[1] for lack of personal jurisdiction.

The Plaintiffs are 48 unrelated citizens of 24 states[2] and one citizen of the United Kingdom, who allege that they suffered different injuries at different times in various states arising from their implantation of an unspecified "Bard IVC Filter." The Out-of-State Plaintiffs make no specific allegations connecting them to the State of Missouri. Indeed, the Out-of-State Plaintiffs' claims would ostensibly be exactly the same if the Out-of-State Plaintiffs had filed these actions in their home jurisdictions and if Defendants never sold, promoted, or advertised an IVC filter in the State of Missouri.

Because Defendants are headquartered and incorporated in New Jersey or Arizona—not Missouri—no court sitting in the State of Missouri has personal jurisdiction over Defendants to hear the Out-of-State Plaintiffs' claims.  First, this court lacks specific jurisdiction because the Out-of-State Plaintiffs have not alleged, and cannot allege, a single, specific (and non-conclusory) Missouri contact by Defendants that gives rise to any of their individual claims. Second, as the United States Supreme Court recently made clear in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), this Court does not have general jurisdiction over the Defendants because they

---

[1] "Out-of-State Plaintiffs" refers to Plaintiffs Becker, Collins, Palmer, Williams Beste, Powers, Crowley, Elwell, Petroutsa, Grossman, Maxfield, Bilal, Radzik, Kotter, Gill, Hinchman, Baggett, Gibson, Reynoldson, Cardona, Smith, Walker, May, Morrison, Holmes, Robinson, Baker, Cole, Graham, Houston, Kennedy, McGrath, Saad, Smith, Vegiard, Weiss, Adams, Artist-Rogers, Brown, Carroll, Collins, Nicol, Marshall, Salters, Simerly, and Thomas.  For ease of reference, "Out-of-State Plaintiffs" excludes only Plaintiffs Novy and Dykema.
[2] Alabama, Alaska, Arizona, California, Colorado, Connecticut, Delaware, Florida, Georgia, Illinois, Indiana, Iowa, Kansas, Maryland, Mississippi, Missouri, Nebraska, New Jersey, Ohio, Tennessee, Virginia, Washington, West Virginia, Wisconsin.

are not "at home" in Missouri, given Missouri is not their state of incorporation or where their principal places of business are located. Accordingly, the Out-of-State Plaintiffs should be dismissed for lack of personal jurisdiction.

## ARGUMENT

Personal jurisdiction can be general or specific. *See Daimler AG V. Bauman*, 134 S. Ct. 746, 754 (2014). Specific jurisdiction refers to jurisdiction which arises from a defendant's actions in the forum state, while general jurisdiction refers to the power to hear any and all claims against a defendant regardless of where those claims arose. *See id.* For the limited purpose of this motion, Defendants do not dispute that on the basis of the allegations in the Petition, this Court has specific personal jurisdiction over them for the claims of the In-State Missouri Plaintiffs who allegedly are citizens of and were injured in Missouri.

The Out-of-State Plaintiffs allege that they are citizens of Alabama, Alaska, Arizona, California, Colorado, Connecticut, Delaware, Florida, Georgia, Illinois, Indiana, Iowa, Kansas, Maryland, Mississippi, Nebraska, New Jersey, Ohio, Tennessee, Virginia, Washington, West Virginia, Wisconsin, and the United Kingdom. *See* Petition at ¶¶ 7-27, 29-53. It is their burden to establish facts—not mere conclusory allegations—that satisfy the requirements of personal jurisdiction. *See Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008) ("[T]he party asserting jurisdiction bears the burden of establishing a prima facie case of jurisdiction."); *T.L.I. Holding Corp. v. Samsung Int'l, Inc.*, No. 4:07CV01916 FRB, 2008 WL 2620910, at *5 (E.D. Mo. June 27, 2008) ("[C]onclusory allegations are insufficient to support a finding that this Court has personal jurisdiction over [the defendant]."). The Out-of-State Plaintiffs cannot rely on the In-State Plaintiffs to establish jurisdiction. Instead, each Plaintiff in a multi-plaintiff action must independently establish personal jurisdiction over the Defendants with respect to his or her

claims. *See Sun World Lines, Ltd. v. March Shipping Corp.*, 585 F. Supp. 580, 584-85 (E.D. Mo. 1984) ("[P]ersonal jurisdiction must be valid as to each and every cause of action in a complaint. Those causes of action which do not provide a sufficient basis for *in personam* jurisdiction must be dismissed even if other claims have such a basis.") (citations omitted), *aff'd*, 801 F.2d 1066 (8th Cir. 1986); *see also Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274-75 (5th Cir. 2006) ("Permitting the legitimate exercise of specific jurisdiction over one claim to justify the exercise of specific jurisdiction over a different claim that does not arise out of or relate to the defendant's forum contacts [] violate[s] the Due Process Clause."); *In re Testosterone Replacement Therapy Prods. Liab. Litig.* ("*In re TRT*"), MDL No. 2545, __ F. Supp. 3d __, 2016 WL 640520, at *4 (N.D. Ill. Feb. 18, 2016) ("[T]he specific jurisdiction inquiry in this case must be conducted separately for the claims of each individual plaintiff."). Thus, as the court in *In re TRT* held, "every plaintiff . . . [must] show that his claims arise from, or are related to, defendants' conduct in Missouri." *Id.*

Here, the Out-of-State Plaintiffs cannot carry their burden of establishing that a Missouri court has either specific or general jurisdiction over Defendants; therefore, their claims should be dismissed.

## I. This Court Lacks Specific Jurisdiction Over Defendants to Hear the Out-of-State Plaintiffs' Claims

"Specific jurisdiction refers to jurisdiction over causes of action that 'arise out of' or 'relate to' a defendant's activities within a state." *Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 707 (8th Cir. 2003) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 2182 (1985)); *see also Daimler*, 134 S. Ct. at 751 (specific jurisdiction exists when a corporation's in-state activities "'give rise to the liabilities sued on'" (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945))); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)

(describing specific jurisdiction situation as one in which the "controversy is related to or arises out of a defendant's contacts with the forum"). The exercise of specific jurisdiction must be consistent with the Due Process Clause such that the "defendant's suit-related conduct must create a substantial connection with the forum state." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). Contacts that are unconnected to the claims at issue cannot confer specific jurisdiction.

Here, the Out-of-State Plaintiffs unquestionably fall short of their burden, failing to allege even one specific, non-conclusory fact that would support a Missouri court's exercise of general or specific personal jurisdiction over the Defendants. Bard notes that the Out-of-State Plaintiffs all allege that they received their filter in a different state, and allege no facts relating to Missouri. *See* Petition at ¶¶ 7-27, 29-53. Moreover, they do not state whether they or their implanting physicians saw any relevant advertisements or warnings from Defendants in Missouri, whether they were somehow induced to receive a Bard IVC filter while in Missouri, whether they received any treatment for their filters in Missouri, or whether they were allegedly injured in Missouri. *See id.*

Because the Out-of-State Plaintiffs' claims arise out of events that occurred outside of Missouri, they cannot establish specific jurisdiction over Defendants in this Court. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) ("[S]ubmission through contact with and activity directed at a sovereign may justify specific jurisdiction 'in a suit arising out of or related to the defendant's contacts with the forum.'" (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, and n. 8 (1984))). Indeed, the Out-of-State Plaintiffs' claims would be precisely the same had Defendants never sold, promoted, or advertised an IVC filter in the State of Missouri. Thus, the Out-of-State Plaintiffs cannot credibly claim that this Court has specific jurisdiction over Defendants with respect to their claims.

Courts in this District have recently rejected a finding of specific jurisdiction under similar circumstances. For example, in *Keeley v. Pfizer*, Georgia plaintiffs brought suit in Missouri against Pfizer, a company incorporated in Delaware with its principal place of business in New York, alleging injuries caused by the medication Zoloft in Georgia. *See* 2015 WL 3999488 at *1 (E.D. Mo. July 1, 2015). Judge Webber dismissed the plaintiffs' contention that Pfizer's marketing, promotion, and sales of Zoloft in Missouri created specific jurisdiction over their claims: "Simply stating Defendant marketed, promoted, and sold Zoloft® in Missouri does not establish specific jurisdiction." *Id.* Stressing that "Plaintiff's injury must be connected to Defendant's contacts with the forum state," the court held that it lacked specific jurisdiction because there were no facts indicating that the plaintiffs were prescribed the medicine, purchased the medicine, saw advertisements, or were otherwise injured in Missouri. *Id.* Significantly, Judge Webber explained that, "[u]nder Plaintiffs' theory of jurisdiction, a national company could be sued by any resident of any state in any state. This does not comport with 'traditional notions of fair play and substantial justice' as required by the Constitution." *Id.*; *see also Barthomome v. Pfizer, Inc.*, No. 4:15CV788 HEA, 2016 WL 366795, at *1 (E.D. Mo. Jan. 29, 2016) (declining to find specific jurisdiction over the defendants for claims of Florida plaintiff, where the defendants' only contacts with Missouri were that they marketed and sold Zoloft in the state); *Barron v. Pfizer, Inc.*, No. 4:15-CV-584 CAS, 2015 WL 5829867, at *1 (E.D. Mo. Oct. 6, 2015) (same, but with respect to claims of Washington plaintiff who ingested drug in Florida); *Clarke v. Pfizer*, No. 4:15-cv-010702, 2015 WL 5243876, at *2 (E.D. Mo. Sept. 8, 2015) (same, but with respect to claims of Nebraska plaintiffs).

Similarly in *Neeley v. Wolters Kluwer Health, Inc.*, Judge Ross determined that the court lacked specific personal jurisdiction over non-Missouri defendants in a pharmaceutical products

liability action where the plaintiffs resided, had ingested the medicine, and sustained alleged injuries in Kentucky. *See* 2013 WL 3929059, at *4, *11. The court emphasized that "[a]bsent any connection to the alleged injury within the State of Missouri, there can be no specific jurisdiction. . . . Here, the cause of action alleged—that the Generic Defendants created and promoted a defective product that injured Kentucky plaintiffs—is entirely unrelated to their activities in Missouri." *Id.* at *4 (citation omitted). Judge Robert H. Dierker from the Missouri Circuit Court is in accord. *See Smith v. Union Carbide Corp.*, No. 1422-CC00457, 2015 WL 191118, at *2 (Mo. Cir. Ct. 22nd Dist. Jan. 12, 2015) (finding the court lacked specific jurisdiction over DuPont as to claims arising from asbestos exposure in Oklahoma).

As in *Keeley* and *Neeley* and multiple other cases where courts have found a lack of personal jurisdiction over defendants in cases involving the claims of nonresident prescription drug or medical device plaintiffs, the Plaintiffs here have failed to allege facts to show how the claims of the Out-of-State Plaintiffs "arise out of" or are "related to" Defendants' alleged actions in and contacts with Missouri. As such, the Plaintiffs have failed to carry their burden of proving that this Court has specific personal jurisdiction over Defendants with respect to the Out-of-State Plaintiffs' claims.[3]

---

[3] The Out-of-State Plaintiffs would hardly be prejudiced by having their claims dismissed for lack of personal jurisdiction. Bard is presently unaware of any fact or circumstance that would prevent the Out-of-State Plaintiffs from re-filing their actions against Bard in courts located within their home states, where specific jurisdiction would likely exist, or in the District of Arizona, where the Bard IVC Filter MDL is currently pending. If the Out-of-State Plaintiffs re-filed their actions directly in the District of Arizona, they would have the added benefit and efficiency of being able to take advantage of the "Short Form Complaint," approved by Judge Campbell in the MDL, which allows the plaintiffs to identify the district court and division in which venue would be proper absent direct filing. *See In re Bard IVC Filter Prods. Liab. Litig.*, MDL No. 2641 [Dkt. No. 1108] (D. Ariz. March 17, 2016).

## II.     *Daimler* Dictates That This Court Lacks General Jurisdiction Over Defendants

Plaintiffs also cannot establish general personal jurisdiction over the Defendants because Defendants are residents and citizens of New Jersey and Arizona. The Supreme Court has made it clear that, absent an "exceptional" case, a corporation is only subject to general jurisdiction where it is "at home," i.e., where it "is incorporated or has its principal place of business." *Daimler*, 134 S. Ct. at 760 & 761 n.19.[4]

In *Daimler*, the Supreme Court held that the California court lacked general jurisdiction over the defendants because "neither Daimler nor MBUSA is incorporated in California, nor does either entity have its principal place of business there." *Id.* at 761. The fact that MBUSA was the largest supplier of luxury vehicles to the California market and MBUSA's California sales accounted for 2.4% of Daimler's worldwide sales was of no import to the Court. *Id.* at 752, 761. Allowing general jurisdiction in California would have meant that general jurisdiction "would presumably be available in every other State in which MBUSA's sales are sizable," a proposition that the Supreme Court rejected. *Id.* "Plaintiffs would have us . . . approve the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business.' . . . That formulation, we hold, is unacceptably grasping." *Id.* at 760-61. As the Supreme Court admonished: "A corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at 762 n.20. Thus, the Supreme Court has made it clear that the law does not intend to expose corporations -- even very large corporations like Daimler -- to general jurisdiction in *every* state for *any* suit arising from marketing, sales, and general commercial operations within that state.

---

[4] As an example of an "exceptional" case, the Supreme Court pointed to *Perkins v. Benguet Consol. Mining*, 342 U.S. 437 (1952), where a Philippine company had temporarily made Ohio its principal place of business. *Id.* at 756. Defendants have never made Missouri their principal place of business.

Courts in this District have recently followed *Daimler* and concluded that a large corporate defendant was not subject to the general jurisdiction of Missouri. For example, in *Barthomome v. Pfizer, Inc.*, a product liability case involving a major pharmaceutical manufacturer, Judge Autrey concluded that Missouri could not exercise general jurisdiction over Pfizer. *See* Case No. 4:15CV788 HEA, 2016 WL 366795, at *2 (E.D. Mo. Jan. 29, 2016). The Court noted that, as here, the plaintiffs did not allege that the defendant-manufacturer maintained corporate headquarters in Missouri or is managed from Missouri. *See id.* In reaching his decision, Judge Autrey reasoned that "[t]he mere marketing of Zoloft in Missouri does not make [the defendant's] connection with the state continuous and systematic as to render it at home here." *Id.* He further stated that "[m]erely establishing that a corporation regularly conducts business in a forum is not sufficient to confer general jurisdiction." *Id.* Judge Shaw and Judge Fleissig have both reached the same conclusion that Pfizer is not subject to the general jurisdiction of Missouri. *See Barron*, 2015 WL 5829867, at *2 (holding that a defendant being simply a "business conducting activities in multiple states," including forum state, not sufficient to establish general jurisdiction); *Clarke*, 2015 WL 5243876, at *2 ("Even if Defendants marketed and sold Zoloft in Missouri, that does not make their connections with the state 'continuous and systematic as to render them essentially at home' here." (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011))).

Likewise, courts in the United States District Court for the Southern District of Texas have applied *Daimler* and concluded that large pharmaceutical and medical device manufacturers are not subject to the general jurisdiction of Texas, where the companies are not incorporated in and do not have their principal places of business in Texas. For example, in *Evans v. Johnson & Johnson*, Civil Action No. H-14-2800, 2014 WL 7342404, at *5 (S.D. Tex.

Dec. 23, 2014), the plaintiffs asserted that the defendants, Johnson & Johnson and Ethicon, Inc., had "continuous and systematic contacts with Texas because they [sold] more products in Texas than in [their home state], that they hire[d] and train[ed] Texas-based sales representatives and division managers to market and sell the [products] to Texas physicians and hospitals, [and] that they train[ed] physicians on the use of the [products] in Texas." Notwithstanding Johnson & Johnson's and Ethicon's connections to Texas, the court found that these contacts did not rise to a level that would render the defendants essentially "at home" in Texas. *Id.* Specifically, the court reasoned that if it "were to consider the contacts cited by the plaintiffs as sufficient to render Texas 'home' for Defendants, then 'the same global reach would presumably be available in every other State in which [Defendants'] sales are sizable.'" *Id.* (quoting *Daimler*, 134 S. Ct. at 761)). Accordingly, the court granted the defendants' motion to dismiss the out-of-state plaintiffs' claims. *Id.* at *6; *see also Locke v. Ethicon, Inc.*, 58 F. Supp. 3d 757, 762-65 (S.D. Tex. 2014) (holding that Texas could not exercise general jurisdiction over Johnson & Johnson or Ethicon, notwithstanding the plaintiffs' allegations that the defendants had substantial sales in Texas, used Texas-based sales representatives, and maintained a website accessible in Texas); *Bragg v. Johnson & Johnson*, No. 2:14-CV-29743, 2015 WL 4889308, at *6 (S.D.W. Va. Aug. 17, 2015) ("[T]he argument that [Johnson & Johnson and Ethicon] market and sell large amounts of products in the forum is unavailing for the purposes of general jurisdiction.").

  Here, just like Daimler, Pfizer, and Johnson & Johnson, Defendants are not subject to the general jurisdiction of Missouri. Defendants are not incorporated in and do not have their principal places of business or headquarters in Missouri. As such, they do not have affiliations with Missouri so extensive as to render them "at home" in this state. Moreover, the Plaintiffs fail to allege any actual facts specific to Missouri regarding Defendants' conduct and operations that

would support such a finding. Instead, the Plaintiffs make conclusory allegations of facts that have been repeatedly rejected as a basis to confer general jurisdiction over a corporate defendant. *See* Petition at ¶ 63 ("The Defendants have transacted business in the State of Missouri that has given rise to this cause of action . . . [which] includes the marketing and selling of the Bard IVC Filter in the State of Missouri . . . .") As the Supreme Court pointed out, these facts may support a *specific* jurisdiction argument as to the In-State Plaintiffs, but they do not satisfy the heightened standard required to exercise *general* jurisdiction. *See Daimler*, 134 S. Ct. at 761; *see also id.* at 757 ("Although the placement of a product into the stream of commerce 'may bolster an affiliation germane to *specific* jurisdiction,' . . . such contacts do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant." (quoting *Goodyear*, 131 S. Ct. at 2857)).

In short, it is undisputed that Defendants are not incorporated in and do not have their principal places of business in Missouri. Moreover, the Plaintiffs fail to allege that Defendants' contacts in Missouri are somehow "exceptional" so as to fall within the narrow exception carved out by the Court in *Daimler*. *See Daimler*, 134 S. Ct. at 761 n.19. Given the Plaintiffs' failure to meet their obligation to establish a *prima facie* showing of jurisdiction, "general jurisdiction is easily resolved under *Daimler*'s limiting and '[s]imple jurisdictional rule[]' that, barring exceptional circumstances, a corporate defendant subjects itself to suit only in the State of incorporation and where its principal business office is located." *Locke*, 58 F. Supp. 3d at 765 (quoting *Daimler*, 134 S. Ct. at 760).

## CONCLUSION

The Plaintiffs have failed to carry their burden of establishing a *prima facie* case that this Court—or any other court of original jurisdiction sitting in Missouri—has personal jurisdiction over Defendants with respect to the Out-of-State Plaintiffs' claims. Accordingly, Defendants respectfully request this Court to dismiss the Out-of-State Plaintiffs' claims for lack of personal jurisdiction.

Respectfully submitted,

 /s/ *Angela M. Higgins*
Angela M. Higgins          MO #52159
Kara T. Stubbs
BAKER STERCHI COWDEN & RICE, L.L.C.
2400 Pershing Road, Suite 500
Kansas City, MO  64108
Telephone:     (816) 471-2121
Facsimile:     (816) 472-0288
higgins@bscr-law.com
stubbs@bscr-law.com

and

James F. Rogers
Michelle W. Johnson
Mark R. Nash
NELSON MULLINS RILEY &
   SCARBOROUGH LLP
Atlantic Station
201 17th Street NW, Suite 1700
Atlanta, GA 30363
Telephone:     (404) 322-6463
Facsimile:     (404) 322-6381

**ATTORNEYS FOR DEFENDANTS
C. R. BARD, INC., and BARD PERIPHERAL
VASCULAR, INC.**

-13-

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing was filed with the Clerk of the Court using the CM/ECF system on this 28th day of July, 2016, which will send notification of the same to all counsel of record. A copy has also been served on all counsel of record in this proceeding by U.S. Mail, postage prepaid, addressed to:

Mark R. Niemeyer
David L. Grebel
Michael S. Kruse
NIEMEYER, GREBEL, & KRUSE, LLC
10 S. Broadway, Suite 1125
St. Louis, MO 63102
(314) 241-1919
Niemeyer@ngklawfirm.com
Grebel@ngklawfirm.com
Kruse@ngklawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

Ramon Rossi Lopez
Matthew R. Lopez
Amorina P. Lopez
LOPEZ McHUGH, LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA 82660
949-737-1501
rlopez@lopezmchugh.com
mlopez@lopezmchugh.com
alopez@lopezmchugh.com

 /s/ *Angela M. Higgins*