# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **MICHELE CLAYTON, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:14-cv-01927-JAR** |
| | ) | |
| **ORTHO-MCNEIL-JANSSEN** | ) | |
| **PHARMACEUTICALS, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on Plaintiffs Michele Clayton, individually and as Guardian of Ricky Alford, Waleeah Brooks, individually and as next friend of J.G., a minor, and Samuel Fisch's (collectively "Plaintiffs") Motion to Remand (Doc. 17). The motion is fully briefed and ready for disposition.[1] For the following reasons, the motion will be **GRANTED.**

On October 9, 2014, Plaintiffs filed this action in the Circuit Court of the City of Saint Louis against Defendants claiming that they or their next friend suffered various damages arising out of Defendants' research, development, manufacture, design, testing, sale and marketing of the antipsychotic drug Risperdal® (risperidone). On November 14, 2014, Defendants removed this action to this Court on the basis of diversity jurisdiction. However, Plaintiff Samuel Fisch and Defendants Janssen Pharmaceuticals, Inc., and Janssen Research and Development, LLC, are citizens of the State of Pennsylvania. Additionally, Plaintiff Waleeah Brooks, Minor Plaintiff

---

[1] In addition to its response, Defendants also filed a Motion for Leave to File Supplemental Authority (Doc. 29) that the Court has granted. Accordingly, the Court considered the undersigned's opinion *Neeley v. Wyeth LLC*, No. 4:11-cv-00325-JAR, 2015 WL 1456984 (E.D. Mo. Mar. 30, 2015).

1

J.G., and Defendants Janssen Pharmaceuticals, Inc. and Johnson & Johnson are citizens of the State of New Jersey. Despite the lack of complete diversity on the face of the petition, Defendants argue that federal diversity jurisdiction exists because the out-of-state Plaintiffs' claims are fraudulently joined (Doc. 23 at 9-11). Defendants also urge the Court to rule on personal jurisdiction before addressing the issue of subject-matter jurisdiction. Plaintiffs move to remand this case to the Circuit Court for the Twenty-Second Judicial Circuit, asserting that Plaintiffs' claims have been properly joined, and Defendants' fraudulent misjoinder theory must be rejected.

As a preliminary matter, the Court declines to rule on issues of personal jurisdiction first, as the inquiry regarding subject-matter jurisdiction is not "arduous." *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999) (recognizing that where, as here, the issue of subject matter jurisdiction is straightforward, "expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first.")

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Products Liability Litigation*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 U.S. 342, 346 (8th Cir. 2007). There is no dispute that one plaintiff is a citizen of the State of Pennsylvania and two plaintiffs are citizens of the State of New Jersey, therefore defeating diversity jurisdiction. However,

Defendants contend that this Court has jurisdiction because the non-diverse plaintiffs have been fraudulently misjoined.

While other circuits have adopted the fraudulent misjoinder doctrine, the Eighth Circuit has not yet determined whether fraudulent misjoinder is a valid basis for removal. *Prempro*, 591 F.3d at 620-22. In *Prempro*, the Eighth Circuit considered the defendants' argument that the plaintiffs' claims were fraudulently misjoined because they did not arise out of the same transaction action or occurrence as required by Rule 20(a), but declined to either adopt or reject the fraudulent misjoinder doctrine. *Id.* at 618-22. The Eighth Circuit concluded that the Prempro plaintiffs' claims, having arisen from a series of transactions involving manufacturers of hormone replacement therapy drugs, shared a "real connection," because common questions of law and fact, particularly as to the issue of causation, were likely to arise during the course of litigation. *Id.* at 623. In this case, Defendants have failed to demonstrate that the joinder of non-Missouri citizens with Missouri plaintiffs in this action "is so egregious and grossly improper . . . that plaintiffs' misjoinder borders on a 'sham' . . . " *Id.* at 624. Furthermore, Plaintiffs' claims share a "real connection" because Plaintiffs are each alleged to have been injured by the same prescription product and arising from the same development, distribution, marketing, and sales practices for that product.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that all remaining pending motions are denied without prejudice as moot.

Dated this 16th day of April, 2015.

_____

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

4

# EXHIBIT 2

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JOAN BRADSHAW, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-332 SNLJ |
| | ) | |
| | ) | |
| MENTOR WORLDWIDE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

In this case, plaintiffs claim they were injured by the surgical implantation of defective ObTape "pelvic mesh" due to defendant Mentor Worldwide LLC's conduct in designing, marketing, manufacturing, and distributing the ObTape pelvic mesh products. The 19 plaintiffs are citizens of Missouri, New Jersey, and several other states. Plaintiffs originally sued Mentor in the Circuit Court for the City of St. Louis, Missouri. Defendant removed the case to this Court, relying upon this Court's diversity jurisdiction, 28 U.S.C. § 1332, 1441, and 1446. Defendant Mentor is a citizen of New Jersey. Because two plaintiffs are also citizens of New Jersey, defendant simultaneously moved to dismiss those plaintiffs (#5). Plaintiffs have moved to remand (#13). This matter is fully briefed and is now ripe for disposition.

Defendant contends that the out-of-state plaintiffs' claims should be dismissed because those plaintiffs "cannot establish personal jurisdiction over Mentor in Missouri." (#6 at 2.) "To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a prima facie showing of personal jurisdiction over the defendant." *Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir.

1

1996). The court is guided by two primary rules. First, the facts alleged must satisfy the requirements of the forum state's long-arm statute. Second, the exercise of personal jurisdiction over the defendant must not violate due process. *See id.*

Here, defendant does not appear to contest that it is subject to personal jurisdiction in Missouri regarding the four Missouri plaintiffs' claims. Thus, this Court need not address whether the long-arm statute or due process is satisfied. In addition, the defendant does not suggest that the out-of-state plaintiffs' claims are significantly different from the claims of the Missouri plaintiffs except that the out-of-state plaintiffs have no contact with Missouri.

Defendant would have the Court focus on the out-of-state plaintiffs' contacts to Missouri. Relying on *DaimlerAG v. Bauman*, 134 S.Ct. 746 (2014), defendant points out that the out-of-state plaintiffs were not injured in Missouri, and they argue that activities in Missouri did not cause their injuries. However, *Daimler* involved general jurisdiction matters because the plaintiffs were foreign individuals suing an Argentinian company for acts that occurred in Argentina, but who sought to have the case heard in California based on a German parent company's business activities in California. 134 S.Ct. at 750 (considering a court's authority "to entertain a claim brought by foreign plaintiffs against a foreign defendant based on events occurring entirely outside the United States.").

Relevant here is the Supreme Court's holding that the proper focus regarding the minimum contacts necessary to create specific jurisdiction is on "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S.Ct. 115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). Notably, "the proper question is not where the plaintiff experienced a particular injury or effect but

whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* at 1125.

Here, plaintiffs claim that defendant marketed, promoted, and sold their pelvic mesh product in Missouri, and that because defendant chose to enter the Missouri market and has continuously and deliberately exploited the Missouri market, it must reasonably anticipate being haled into Court here in an action based on products it marketed, promoted, and sold, and its conduct in so doing. The Missouri and out-of-state plaintiffs are properly joined, they say, because their claims arise out of the same transactions or occurrences and include common questions of law and fact, *see* Fed. R. Civ. P. 29(a)(1).

Defendants argue that the out-of-state plaintiffs cannot join in this action without showing some sort of independent personal jurisdiction over the defendant. Defendants rely on *Level 3 Commc'ns, LLC v. Illinois Bell Tel. Co.*, No. 4:13-CV-1080 CEJ, 2014 WL 50856, at *2 (E.D. Mo. Jan. 7, 2014) *order vacated in part on reconsideration*, No. 4:13-CV-1080 CEJ, 2014 WL 1347531 (E.D. Mo. Apr. 4, 2014). There, two telecommunications companies sued AT&T for breach of contract and federal laws. One plaintiff had a contract with the defendant in which the defendant consented to jurisdiction in Missouri. The other plaintiff's contract had no such consent provision. *Id.* This Court held that the second plaintiff could not establish personal jurisdiction over the defendant for its claims. *Id.* Defendant Mentor's reliance on *Level 3* fails because, here, the plaintiffs' claims all arise from the same or substantially related acts, which happened to take place in Missouri and in other states, but which squarely subject Mentor to personal jurisdiction in Missouri. The contract-based claims in the *Level 3* case, however, are not subject to the same analysis.

It is notable that scores of products liability cases regarding pharmaceuticals or medical devices involve similar arrangements of in-state and out-of-state plaintiffs. *See, e.g.*, *In re Prempro Products Liability Litigation*, 591 F.3d 613, 617 (8th Cir. 2010). The Court has been unable to find other cases addressing the matter of the out-of-state plaintiffs' establishment of personal jurisdiction over the defendant. However, the Eighth Circuit addressed the concept of "misjoined plaintiffs" in the *Prempro* litigation on a motion to remand, where the defendant had removed on the basis that non-diverse plaintiffs had been added for the sole purpose of defeating diversity jurisdiction. *Id.* at 620. Rather than determining the propriety of the fraudulent misjoinder doctrine, the Eighth Circuit concluded that, even if adopted, any such "misjoinder" in that action was not so egregious as to constitute fraudulent misjoinder. *Id.* at 622. The Court noted that, in light of Federal Rule of Civil Procedure 20's joinder standard and the allegations of the defendants' national sales and marketing campaigns, the claims were "logically related." *Id.* at 623. Furthermore, the litigation was likely to contain common questions of law and fact. *Id.* Thus the Eighth Circuit rejected the notion that the plaintiffs were egregiously misjoined. *Id.*

The defendants in *Prempro* might have made a personal jurisdiction argument in that case, but it was not addressed. The same appears to be so for the many other cases in which plaintiffs from different states file products liability lawsuits against a common defendant. *See, e.g.*, *Couch v. Fresenius Med. Care N. Am., Inc.*, No. 4:14-CV-955-JAR, 2014 WL 3579926 (E.D. Mo. July 21, 2014); *McGee v. Fresenius Med. Care N. Am., Inc.*, No. 4:14-CV-967 SNLJ, 2014 WL 2993755, at *3 (E.D. Mo. July 3, 2014); *Spiller v. Fresenius USA, Inc.,* No. 4:13–CV2538 (HEA), 2014 WL 294430 (E.D.Mo. Jan. 27, 2014); *Aday v. Fresenius Med. Care N. Am., Inc.,* No. 4:13–CV–2462 (CEJ), 2014 WL

4

169634 (E.D.Mo. Jan. 15, 2014); *Agnew v. Fresenius Medical Care North America, Inc.,* No. 4:13–CV–2468 (TCM), 2014 WL 82195 (E.D.Mo. Jan. 9, 2014); *Atwell v. Boston Scientific Corp.*, No. 4:12-CV-2363 CEJ, 2013 WL 136471, at *3 (E.D. Mo. Jan. 10, 2013). In each of those cases (and many more similar cases), this Court has granted motions to remand because diversity jurisdiction --- and therefore subject matter jurisdiction --- did not exist. The Court will do so here, as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand (#12) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss parties (#5) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for hearing (#23) is **DENIED** as moot.

**IT IS FINALLY ORDERED** that this cause of action, in its entirety, shall be **REMANDED** to the Circuit Court for the City of St. Louis from which it was removed.

Dated this __4th__ day of June, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

# EXHIBIT 3

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| SCOTTA CLARK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:15CV546 HEA |
| | ) | |
| PFIZER, INC., et al., | ) | |
| | ) | |
| Defendants, | ) | |

### OPINION, MEMORANDUM AND ORDER

This litigation is before the Court having been removed to this Court pursuant to 28

U.S.C. § 1446(c), based on diversity of citizenship jurisdiction, 28 U.S.C. § 1332.

This matter is before the Court on Defendants' Motion to Dismiss [Doc. No. 7],

Plaintiffs' Motion to Remand [Doc. No. 11], and Defendants' Motion to Stay [Doc. No. 14]. All

three Motions are fully briefed, each party has filed Notices of Supplemental Authority [Doc.

Nos. 21, 22], and Plaintiffs have filed a Response to Defendants' Notice of Supplemental

Authority [Doc. No. 23]. For the reasons set forth below, the Court will grant Plaintiffs' Motion

to Remand, and deny Defendants' Motions to Dismiss and Stay.

### Background

Plaintiffs are twenty-nine women who filed this action in the Circuit Court for the

Twenty-Second Judicial Circuit of the City of St. Louis, on February 27, 2015. Plaintiffs' suit

arises out of injuries they allegedly sustained as a result of their ingestion of the prescription drug

Lipitor. Plaintiffs are citizens of Missouri, Arkansas, Arizona, Colorado, Florida, Hawaii,

Louisiana, Maryland, Massachusetts, Michigan, Minnesota, North Carolina, New York, South

Carolina, Texas, and Washington. Defendant Pfizer Inc. is a corporation incorporated under the

laws of Delaware with its principal place of business in New York. Defendant Greenstone, LLC

is a limited liability company organized under the laws of Delaware with its principal place of business in New York.

At all relevant times, Defendants were engaged in the business of researching, designing, testing, formulating, inspecting, labeling, manufacturing, packaging, marketing, distributing, producing, processing, promoting, and selling Lipitor in Missouri and throughout the United States.

### Standard

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.,* 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC,* 417 F.3d 1006, 1010 (8th Cir. 2005)). Diversity jurisdiction requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a).

"Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert,* 486 F.3d 342, 346 (8th Cir. 2007). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy College,* 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Prempro,* 591 F.3d at 620 (citing *Wilkinson v. Shackelford,* 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if, at any time, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

### Discussion

On the issue of whether the matter should be stayed pending a ruling on conditional transfer by the MDL panel, Defendants are reminded that "[t]he pendency of a . . . conditional transfer order . . . does not affect or suspend orders and pretrial proceedings in any pending

federal district court action and does not limit the pretrial jurisdiction of that court." J.P.M.L.

Rule of Procedure 2.1(d). It has been said by another member of this court related to the same

motion in another case such as this:

> A putative transferor court need not automatically postpone rulings on pending
> motions, or in any way generally suspend proceedings [related to an MDL
> proceeding]." This is especially true where, as here, the pending motion is one for
> remand and goes to the Court's subject matter jurisdiction.

*Spears v. Fresnius Medical Care No. Am., Inc.*, No. 4:13CV855 (CEJ), 2013 WL 2633302, at *1

(E.D. Mo. 2013); *see also Littlejohn v. Janssen Research & Dev., LLC*, No. 4:15CV194 (CDP),

2015 U.S. Dist. LEXIS 48048 (E.D. Mo. Apr. 13, 2015). Jurisdiction of the court is always the

paramount consideration. As such, Defendants' Motion to Stay will be denied.

　　As to the competing Motion to Dismiss and Motion to Remand, Plaintiffs argue that the

case must be remanded due to lack of complete diversity,[1] while Defendants contend that the

action must be dismissed for lack of personal jurisdiction over any Plaintiffs but the two that

reside in Missouri. Defendants contend that, despite the ostensible lack of complete diversity, it

was intentionally destroyed through Plaintiffs fraudulently misjoining plaintiffs who share

citizenship with Defendants, and therefore the Court should consider the Motion to Dismiss first.

　　On the issues presented in these dueling Motions—namely, whether to first address

subject matter jurisdiction or personal jurisdiction, and whether to apply the doctrine of

fraudulent misjoinder—this Court will follow the great weight of authority from this District.

　　Colleagues in this District have repeatedly exercised their discretion in deciding whether

to consider personal or subject matter jurisdiction in the first instance—*see Ruhrgas AG v.

Marathon Oil Co.*, 526 U.S. 574, 585 (1999)—to consider subject matter jurisdiction first. *See,

e.g.*, *Bradshaw v. Mentor Worldwide, LLC*, No. 4:15CV332 (SNLJ), 2015 U.S. Dist. LEXIS

---

[1] Three Plaintiffs are citizens of New York, which is home to both Defendants by virtue of that state being their
principal place of business.

72088 (E.D. Mo. June 4, 2015); *Clayton v. Ortho-Mcneil-Janssen Pharms, Inc.*, No.

4:14CV1927 (JAR), 2015 U.S. Dist. LEXIS 50062 (E.D. Mo. Apr. 16, 2015); *Littlejohn*, 2015

U.S. Dist. LEXIS 48048. The consistent holding has been to grant motions to remand because

diversity jurisdiction—and therefore subject matter jurisdiction—was found to be lacking. *See*

*Bradshaw*, 2015 U.S. Dist. LEXIS 72088, at *6 (collecting cases).

When squarely confronted with the legal theory of fraudulent misjoinder,[2] the Eighth

Circuit declined to either adopt or reject the doctrine because it found that, even assuming the

doctrine were applicable in the case before it, the plaintiffs' alleged misjoinder was "not so

egregious as to constitute fraudulent misjoinder." *Prempro*, 591 F.3d at 622. Colleagues in this

District have repeatedly found that, even assuming the validity of the fraudulent misjoinder

doctrine, the joinder of plaintiffs alleging injury from a single drug is not "egregious," because

common issues of law and fact connect plaintiffs' claims. *See, e.g.*, *Lovett v. Pfizer Inc.*, No.

4:14CV458 (CEJ), 2014 U.S. Dist. LEXIS 39983 (E.D. Mo. Mar. 26, 2014) (citing *Jackson v.*

*Pfizer Inc.*, 4:13CV1915 (RWS), 2013 U.S. Dist. LEXIS 186545 (E.D. Mo. Oct. 15, 2013); *T.F.*

*v. Pfizer, Inc.*, No. 4:12CV1221 (CDP), 2012 WL 3000229, at *1 (E.D. Mo. July 23, 2012); *S.L.*

*v. Pfizer, Inc.*, No. 4:12CV420 (CEJ) (E.D. Mo. Apr. 4, 2012); *Douglas v. GlaxoSmithKline,*

*LLC*, No. 4:10CV971 (CDP), 2010 WL 2680308, at *2 (E.D. Mo. July 1, 2010); *Valle v.*

*Ethicon, Inc.*, No. 4:13CV798 (RWS) (E.D. Mo. Apr. 29, 2013)); *see also Clayton*, 2015 U.S.

---

[2] Fraudulent misjoinder occurs when a plaintiff joins a viable claim, either by another non-diverse plaintiff or against another non-diverse defendant, with "no reasonable procedural basis to join them in one action" because the claim that destroys diversity has "no real connection with the controversy." *Prempro*, 591 F.3d at 620 (footnotes and citations omitted). Whether a party has been fraudulently misjoined depends on whether there has been an "egregious and grossly improper" joinder "under the broadly-interpreted joinder standards." *Id.* at 624. By contrast, "[f]raudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal," *Prempro*, 591 F.3d at 620, which has "no reasonable basis in fact and law." *Knudson v. Systs. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011).

Dist. LEXIS 50062; *Littlejohn,* 2015 U.S. Dist. LEXIS 48048; *Jennings v. Pfizer Inc.*, 4:14CV276 (HEA), 2014 U.S. Dist. LEXIS 81044 (E.D. Mo. May 8, 2014).

Accordingly, this Court will remand this matter and "leave to the learned state court the question of personal jurisdiction." *Liljeberg v. Continental Tire the Americas, LLC*, 2012 WL 602306 at *5 (M.D. Ala. Feb. 24, 2012).


### Conclusion

Based on the foregoing, the Court grants Plaintiffs' Motion to Remand, and denies Defendants' Motions to Dismiss and Stay. Further, the Court denies Defendants' request for an interlocutory order permitting appeal.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Doc. No. 7] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay [Doc. No. 14] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' request for an interlocutory order permitting appeal is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand [Doc. No. 11] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court for the Twenty-Second Judicial Circuit of the City of St. Louis.

Dated this 5th day of August, 2015.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

# EXHIBIT 4

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | | | |
|---|---|---|---|---|
| SYLVESTER HEBRON, et al., | ) | | | |
| | ) | | | |
| Plaintiffs, | ) | | | |
| | ) | | | |
| v. | ) | No. | 4:14CV01910 ERW | |
| | ) | | | |
| ABBVIE INC., et al., | ) | | | |
| | ) | | | |
| Defendants. | ) | | | |

## MEMORANDUM AND ORDER OF REMAND

This matter comes before the Court on Defendants' joint "Motion to Dismiss for Lack of Personal Jurisdiction and to Sever" [ECF No. 4], Defendants' joint "Motion to Stay All Proceedings" [ECF No. 8], and Plaintiffs' joint "Motion to Remand" [ECF No. 14].

## I.    BACKGROUND

On October 1, 2014, sixteen individuals who are citizens of twelve different states (Missouri, Illinois, Kansas, Idaho, Florida, Ohio, California, Arizona, Virginia, Mississippi, Oklahoma, and Michigan) filed this action against Abbvie Inc. and Abbott Laboratories, Inc. (both of which are citizens of Delaware and Illinois) in the Circuit Court for the City of St. Louis, State of Missouri, alleging injuries caused by the use of AndroGel®, a prescription drug for testosterone replacement therapy [*See* ECF No. 7].    According to Plaintiffs' Petition (hereafter "Complaint"), AndroGel® is "an exogenous form of the androgen testosterone.    It regulates the expression of platelet $TXA_2$ receptors in humans, which significantly increases platelet aggregation" [ECF No. 7 at ¶ 25].    Plaintiffs allege the effects of AndroGel®, "if not monitored and controlled properly, can lead to life threatening cardiac events, strokes and

thromboembolic events, including but not limited to deep vein thrombosis, pulmonary embolism, transient ischemic attacks, ischemic stroke, and numerous types of cardiovascular injuries" [ECF No. 7 at ¶ 25]. Plaintiffs' Complaint contains the following claims, each of which is alleged against both Defendants: strict products liability (failure to warn) (Count I); negligence (Count II); breach of implied warranty (Count III); breach of express warranty (Count IV); fraud (Count V); negligent misrepresentation (Count VI); design defect (Count VII); and punitive damages (Count VIII).

On November 12, 2014, Defendants filed a Notice of Removal, removing the case to this Court on the basis of diversity, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 [ECF No. 1]. That same day, Defendants filed their joint "Motion to Dismiss for Lack of Personal Jurisdiction and to Sever" [ECF No. 4], arguing Plaintiff John Taylor's claims should be dismissed for lack of personal jurisdiction and/or severed and dropped.[1] John Taylor is the only Plaintiff who is a citizen of Illinois, and the dismissal or severance of his claim would create the complete diversity upon which Defendants' removal was based. Defendants also filed a Motion to Stay [ECF No. 8], in which they asked the Court to stay all proceedings in this case pending its likely transfer to the multi-district litigation proceeding, *In Re Testosterone Replacement Therapy  Products*, MDL No. 2545. Thereafter, on November 22, Plaintiffs filed their Motion to Remand [ECF No. 14], asserting this Court does not have subject matter jurisdiction to hear the case, based on the lack of complete diversity resulting from the presence of John Taylor's claims.

## II.    DISCUSSION

Defendants urge the Court to rule on the personal jurisdiction issue before determining whether the Court has subject matter jurisdiction over this case [ECF No. 21 at 8-9]. However, it

---

[1] Defendants' Motion also asked the Court to sever each of the remaining Plaintiffs' claims.

is within the Court's discretion to determine whether to decide issues of personal or subject matter jurisdiction first, and here, the Court declines to rule on the personal jurisdiction issue first, as the inquiry regarding subject matter jurisdiction is not "arduous." *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999) (recognizing that when the issue of subject matter jurisdiction is straightforward, "expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first").

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Products Liability Litigation*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Circ. 2005)). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

After removal, a plaintiff may seek remand of the case to state court, and the case should be remanded if it appears the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy College,* 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

Fraudulent joinder, which occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal, has long been recognized as an exception to the complete diversity rule. *In re Prempro*, 591 F.3d at 620 (internal citation omitted). A more recent exception to the complete diversity rule is fraudulent misjoinder, which

"occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other." *Id.* In such cases, where the claim destroying diversity has no real connection with the controversy involving the claims that would qualify for diversity jurisdiction, some courts have concluded diversity is not actually defeated. *Id.* Here, Defendants ask the Court to ignore John Taylor's Illinois citizenship (and to dismiss or sever his claims) "because his claims were fraudulently misjoined" [ECF No. 21 at 13].

In its recent discussion of fraudulent misjoinder, the Eighth Circuit neither adopted nor rejected the doctrine as a valid basis for removal. *In re Prempro*, 591 F.3d at 622. In *Prempro*, plaintiffs filed three lawsuits in which they asserted state law tort and contract claims against defendant companies that manufactured and marketed hormone replacement therapy (HRT) drugs. *Id.* at 617. Defendants removed the cases to federal court, alleging diversity jurisdiction and arguing the plaintiffs' claims were fraudulently misjoined because they did not arise out of the same transaction or occurrence as required by Federal Rule of Civil Procedure 20(a). *Id.* at 618. The Eighth Circuit concluded, "[E]ven if we adopted the doctrine, the plaintiffs' alleged misjoinder in this case is not so egregious as to constitute fraudulent misjoinder." *Id.* at 622. More specifically, the court found, after considering Rule 20 joinder standards, the defendants "ha[d] not met their burden of establishing that plaintiffs' claims are egregiously misjoined." *Id.* at 623.

In reaching its decision, the Eighth Circuit addressed several issues. First, the court discussed Rule 20(a)(1), which states:

> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
>     (A) they assert any right to relief jointly, severally, or in the alternative with

> respect to or arising out of the same transaction, occurrence, or series of
> transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a); *In re Prempro*, 591 F.3d at 622.  The court then noted its previous adoption

of a "very broad definition" for the term "transaction" (for purposes of Rule 20), which it

described as "a word of flexible meaning," which "may comprehend a series of many

occurrences, depending not so much upon the immediateness of their connection as upon their

logical relationship."  *In re Prempro*, 591 F.3d at 622.  Accordingly, the court noted the

plaintiffs' claims arose "from a series of transactions between HRT pharmaceutical

manufacturers and individual[] users, and given the nature of the plaintiffs' claims, determined

the litigation was "likely to contain common questions of law and fact."  *Id.* at 623 (quoting a

law review article which states, "When plaintiffs join together to sue a defendant based on the

purchase of a common product or having engaged in a common transaction, it seems rather clear

that their claims will involve some common question of law or fact").  For example, the court

pointed out the existence of common questions relating to causation between the product and the

injuries.  *Id.* (stating, "One such common question might be the causal link between HRT drugs

and breast cancer").  The court concluded, "Based on the plaintiffs' complaints, we cannot say

that their claims have 'no real connection' to each other such that they are egregiously

misjoined."  *Id.* (distinguishing the case from *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353,

1360 (11th Cir. 1986), and declining to apply the fraudulent misjoinder doctrine "absent

evidence that plaintiffs' misjoinder borders on a 'sham' . . .").

Here, as in *Prempro*, "it is not clear that the joinder is so egregious and grossly improper

under the broadly-interpreted joinder standards that it warrants an adoption and application of the

fraudulent misjoinder doctrine."  *Id.* at 624.  In their brief, Defendants attempt to evoke suspicion

from the Court as to Plaintiffs' motives in joining John Taylor's claims, and they cite several cases from outside the Eighth Circuit in arguing the alleged misjoinder was "egregious" [ECF No. 21 at 13-15].  However, as other judges from this district have found, the joinder of plaintiffs alleging injury from a single drug is not "egregious" because common issues of law and fact connect the plaintiffs' claims.  *See, e.g.*, *T.F., et al. v. Pfizer, Inc.*, Case Number 4:12CV1221 CDP (E.D. Mo. July 23, 2012) (Zoloft®); *S.F., et al. v. Pfizer, Inc.*, Case Number 4:12CV420 CEJ (E.D. Mo. April 4, 2012) (Zoloft®); *Douglas v. GlaxoSmithKline, LLC*, 2010 WL 2680308 (E.D. Mo. July 1, 2010) (Avandia®).  As noted in Plaintiffs' brief, the claims here "all arise out [of] injuries suffered as a result of the wrongful conduct of the defendants surrounding the manufacture, marketing and sale of AndroGel, as well as that product's unreasonably dangerous and defective nature [ECF No. 15 at 2 (citing ECF No. 7)].  According to Plaintiffs, "each plaintiff suffered a cardiovascular or cerebrovascular event as a result of AndroGel use" [ECF No. 15 at 2 (citing ECF No. 7 at ¶¶ 1-17].  Thus, Plaintiffs' claims, arguably, seem to be based on a series of transactions between Defendants and individual users, and at the very least, common issues of law and fact are likely to arise in this litigation (for instance, the causal link between AndroGel® and Plaintiffs' injuries).

Therefore, Defendants have failed to persuade the Court the joinder of John Taylor with the other plaintiffs in this action "is so egregious and grossly improper" that it constitutes misjoinder "bordering on a sham."  *In re Prempro*, 591 F.3d at 624.  Because the joinder of claims in this case does not constitute egregious misjoinder, complete diversity does not exist.  Thus, Defendants have not met their burden of demonstrating that the parties are diverse or that this Court has jurisdiction over this case as required by 28 U.S.C. § 1332.  Because the Court lacks subject matter jurisdiction over this case, the case will be remanded to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion to Remand" [ECF No. 14] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED**, without prejudice, **as moot**.

So Ordered this 18<u>th</u> day of December, 2014.

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**

# EXHIBIT 5

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

VALERIE SWANN, et al.,                )
                                      )
               Plaintiffs,                )
                                      )
      v.                              )          No. 4:14-CV-1546 CAS
                                      )
JOHNSON & JOHNSON, et al.,             )
                                      )
              Defendants.                )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to remand for lack of federal jurisdiction. Defendants Johnson & Johnson, Johnson & Johnson Consumer Companies, Inc., Imerys Talc America, Inc., and Person Care Products Council oppose the motion. For the following reasons, plaintiffs' motion will be granted, and this action will be remanded to the Circuit Court of the City of St. Louis.

### *Background*

On July 31,  2014, plaintiffs filed this action in the City of St. Louis Circuit Court, alleging eleven state law claims against defendants arising out of the design, testing, promotion, and sale of Johnson & Johnson Baby Powder and Shower to Shower (the "Talc Products").  Plaintiffs are sixty-two individuals who are citizens Missouri, New Jersey, California, Alabama, Arizona, Arkansas, Connecticut, Florida, Georgia, Hawaii, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maryland, Michigan, Minnesota, Nebraska, New York, North Carolina, Ohio, Pennsylvania, South Carolina, Tennessee, Texas, and Virginia.  They allege that they or a decedent family member  used the Talc Products to dust their perineum areas for feminine hygiene purposes, and as a result they developed ovarian cancer.  They bring claims for strict liability for failure to warn (Count I);

negligence (Count II); negligence (Count III); breach of express warranty (Count IV);  breach of implied warranties (Count V); civil conspiracy (Count VI); concert of action (Count VII); punitive damages (Count VIII); wrongful death (Count IX); concert of action (Count X); and negligence misrepresentation (Count XI).

On September 10, 2014, defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc. removed the action to this Court on the basis of diversity jurisdiction.  The parties, however, are not diverse.  One of the plaintiffs and two of the defendants, Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc., are citizens of New Jersey; and four of the plaintiffs and one of the defendants, Imerys Talc America, Inc., are citizens of California. Despite the lack of complete diversity on the face of the complaint, defendants state that federal diversity jurisdiction exits because  the plaintiffs are procedurally misjoined. Defendants also argue that the Court lacks personal jurisdiction over defendants for the out-of-state plaintiffs' claims, and that the Court should address the threshold issue of personal jurisdiction prior to subject matter jurisdiction.

Plaintiffs move to remand the case to the City of St. Louis Circuit Court, stating that pursuant to controlling case law, In re Prempro Products Liability Litigation, 591 F.3d 613 (8th Cir. 2010), plaintiffs' claims have been properly joined, and defendants' fraudulent misjoinder theory must be rejected.  Plaintiffs further argue that the Court should address the straight-forward issue of subject matter jurisdiction before addressing personal jurisdiction, which is fact dependant.

### *Discussion*

A federal court may not proceed in a case unless it has subject matter jurisdiction.  See Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 164 (8th Cir. 2001).  Certain threshold issues, however, such as personal jurisdiction, may be addressed without a finding of subject matter

jurisdiction, "provided that the threshold issue is simple when compared with the issue of subject-matter jurisdiction." Id. (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 588 (1999).  It is within the Court's discretion to determine whether to decide the issue of personal jurisdiction or subject matter jurisdiction first.  Id. In this case, the Court finds that the issue of subject matter is a straight forward legal issue that has already been addressed by judges in this district, including the undersigned.  Issues of personal jurisdiction and venue would require a more fact-intensive inquiry.  Therefore, the Court will first take up the issue of subject matter jurisdiction.

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

A state civil action may be removed to the proper district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs." Manning v. Wal–Mart Stores East, Inc., 304 F. Supp.2d 1146, 1148 (E.D. Mo. 2004) (citing 28 U.S.C. § 1332(a)(1)). Actions where jurisdiction is predicated solely on diversity are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The diversity jurisdiction statute has also been interpreted to require complete diversity, which means that "diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373

(1978). Here, defendants assert that this case falls within fraudulent misjoinder doctrine, which is an exception to the requirement of complete diversity.

"Courts have long recognized fraudulent joinder as an exception to the complete diversity rule." In re Prempro Products Liability Litigation, 591 F.3d 613, 620 (8th Cir. 2010) (citing 14B Charles Alan Wright et al., Federal Practice and Procedure § 3723 (4th ed. 2009)). "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." Id. Fraudulent misjoinder is a more recent exception to the complete diversity rule. As explained by the Eighth Circuit, " '[f]raudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other.'" Id. (quoting Ronald A. Parsons, Jr., Should the Eighth Circuit Recognize Procedural Misjoinder?, 53 S.D. L.Rev. 52, 57 (2008)). While acknowledging the fraudulent misjoinder doctrine, the Eighth Circuit has expressly declined to either adopt or reject it. Id. at 622.

In Prempro, the plaintiffs sued many different manufacturers of hormone replacement therapy ("HRT") drugs, alleging they (or a decedent family member) had developed breast cancer from taking the drugs. As in our case, defendant manufacturers removed to federal court, arguing that plaintiffs fraudulently misjoined their claims. The Prempro defendants argued plaintiffs' claims did not arise out of the same transaction or occurrence as required under Federal Rule of Civil Procedure 20(a). Defendants argued that plaintiffs were residents of different states, were prescribed different HRT drugs, by different doctors, for different lengths of time, in different amounts, and

they suffered different injuries. <u>Id.</u> at 618. The district court agreed with defendants that the plaintiffs' claims had been improperly joined under Rule 20.

After considering the Rule 20 joinder standards, the Eighth Circuit reversed, concluding that the defendant manufacturers had not met their burden of establishing plaintiffs' claims were egregiously misjoined. Despite all the differences in their claims, plaintiffs' claims were "logically related because they each developed breast cancer as a result of the manufacturers' negligence in designing, manufacturing, testing, advertising, warning, marketing, and selling HRT drugs." <u>Id.</u> at 623. The Eighth Circuit found several common questions of law and fact, including the causal link between HRT drugs and breast cancer, and whether the manufacturers knew of the dangers of HRT drugs. The Eighth Circuit found that even if the fraudulent misjoinder doctrine were applicable, the plaintiffs' alleged misjoinder was not so egregious as to constitute fraudulent misjoinder. <u>Id.</u> at 622.

The facts of this case are essentially indistinguishable from <u>Prempro</u>. This Court agrees with the Honorable Jean C. Hamilton, who in a nearly identical case with the same defendants wrote:

> Plaintiffs have alleged joint action between the Defendants in the manufacturing, testing, promoting, warning, marketing, and selling of products containing talcum powder. They claim that the main substance in talcum powder has long been linked with an increased risk of ovarian cancer, that Defendants at least should have known about that increased risk, and that Defendants acted in concert to conceal the information from consumers. Plaintiffs have all allegedly used talcum powder in a similar manner, albeit for different periods of time, and they have all allegedly developed ovarian cancer as a result. While the J & J Defendants are correct that there may be some differences between each of the Plaintiffs' claims, the similarity to the facts in Prempro requires the conclusion that there is a logical connection between the claims such that the fraudulent misjoinder doctrine, even if it were adopted, is inapplicable.

<u>Hogans v. Johnson & Johnson</u>, No. 4:14-CV-1385, 2014 WL 4749162, at *3 (E.D. Mo. Sept. 24, 2014) (remanding to state court). Plaintiffs' claims here are just as logically connected to one another than the <u>Prempro</u> plaintiffs. Plaintiffs allege claims arising out of, inter alia, defendants'

failure to warn, breach of express and implied warranties, and negligent misrepresentations.  As in

Prempro, common questions of law and fact are likely to arise in this case, including the causal link

between talcum powder and ovarian cancer, whether defendants knew of the alleged danger of

ovarian cancer, and the terms of any express or implied warranties given by defendants. Because the

plaintiffs all allege injuries arising out of the use of talcum powder and the connection to ovarian

cancer, the Court cannot say plaintiffs' claims have no real connection to each other such that they

are egregiously misjoined. See Prempro, 591 F.3d at 623.

   In support of the application of the doctrine of fraudulent misjoinder in this case, defendants

cite to a case decided by the undersigned, Boschert v. Pfizer, Inc., No. 4:08-CV-1714, 2009 WL

1383183 (E.D. Mo. May 14, 2009). Boschert, however, was decided in 2009, prior to the Prempro

decision. This Court decided the case without the benefit of the Eighth Circuit's guidance on the

doctrine of fraudulent misjoinder as detailed in Prempro, and therefore, the Court declines to follow

the outdated reasoning in Boschert.  In addition, defendants cite to a number of cases from districts

in New Jersey, Florida, New York, Pennsylvania, Texas, and Ohio.  The Court does not find these

cases to be persuasive. They "are not sufficient indicators that the Eighth Circuit Court of Appeals

is likely to alter a precedent that has been applied consistently in the Eighth Circuit."[1]  Hogans,

2014 WL 4749162 at *3 (rejecting authority outside the Eighth Circuit).  Defendants also encourage

this Court to veer from the Eighth Circuit's decision in Prempro in light of decisions from other

circuits.  The Court declines defendants' invitation to reject the egregiousness standard as set forth

by the Eighth Circuit in Prempro.  The Court is bound to follow Eighth Circuit precedent, and the

---

[1]Defendants do cite to In re Baycol Prods. Liab. Litig., MDL No. 1431, 2002 WL 32155269, at *2 (D. Minn. July 5, 2002), a case from Minnesota, a district within the Eighth Circuit.  But like Boschert, this case was decided prior to the Prempro decision.

Court does not find defendants' arguments to be persuasive that there is "substantial doubt" as to whether the Eighth Circuit would adhere to its decision in <u>Prempro</u> if presented with the issue of fraudulent misjoinder again.

In sum, plaintiffs' claims are sufficiently related to support joinder in this case. Because there is not complete diversity between the parties, the Court lacks subject matter jurisdiction. Thus, this matter must be remanded to state court for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand is **GRANTED.** [Doc. 13]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that defendants' motions to dismiss and plaintiffs' motion to stay or, in the alternative, for leave to initiate discovery on the issue of personal jurisdiction are **DENIED without prejudice as moot.** [Docs. 5, 9, 11, 17, 19, and 21]

An appropriate Order of Remand will accompany this Memorandum and Order.


 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this __3rd___ day of December, 2014.

# EXHIBIT 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BENJAMIN BUTLER, et al.,           )
                                   )
            Plaintiffs,            )
                                   )
vs.                                )        Case No. 4:14 CV 1485 RWS
                                   )
ORTHO-MCNEIL-JANSSEN               )
PHARMACEUTICALS, INC., et al.,     )
                                   )
            Defendants.            )

## MEMORANDUM AND ORDER OF REMAND

This newly-removed case is before me on plaintiffs' motion for remand. For the reasons

stated below, I must remand this action to state court.

Plaintiffs filed this action in state court claiming that they or their next friend suffered

various damages as a result of their use of the drug Risperdal, which was allegedly researched,

developed, manufactured, designed, tested, sold, and marketed by defendants. On August 27,

2014, defendants removed the action to this Court, alleging diversity jurisdiction under 28 U.S.C.

§ 1332(a). Despite the fact that defendants and four of the plaintiffs are citizens of New Jersey

and/or Pennsylvania, defendants argue that the citizenship of the non-diverse plaintiffs should be

disregarded because their claims are fraudulently misjoined. Defendants also argue that the non-

Missouri plaintiffs cannot establish personal jurisdiction over defendants in Missouri.

Defendants urge me to rule on personal jurisdiction before determining whether I have

subject-matter jurisdiction over this case. They acknowledge, as they must, that it is within my

discretion to determine whether to decide issues of personal or subject matter jurisdiction first. I

1

decline to rule on issues of personal jurisdiction first, as the inquiry regarding subject-matter jurisdiction is not "arduous".  See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587-88 (1999) (recognizing that where, as here, the issue of subject matter jurisdiction is straightforward, "expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first.").

 "A defendant may remove a state law claim to federal court only if the action originally could have been filed there."  In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)).  Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants.  28 U.S.C. § 1332(a).  "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."  OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).  The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence.  Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005).  "All doubts about federal jurisdiction should be resolved in favor of remand to state court."  In re Prempro, 591 F.3d at 620 (citing Wilkinson v. Shackleford, 478 F.3d 957, 963 (8th Cir. 2007)).

"Courts have long recognized fraudulent joinder as an exception to the complete diversity rule."  In re Prempro, 591 F.3d at 620.  "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal."  Id.

Here, defendants are claiming fraudulent misjoinder.  The Eighth Circuit Court of Appeals has not yet determined whether fraudulent misjoinder is a valid basis for removal.  Prempro, 591 F.3d at 620.  The Eighth Circuit recently discussed the doctrine of fraudulent misjoinder, stating:

A more recent, somewhat different, and novel exception to the complete diversity
rule is the fraudulent misjoinder doctrine which one appellate court and several
district courts have adopted. Fraudulent misjoinder occurs when a plaintiff sues a
diverse defendant in state court and joins a viable claim involving a nondiverse
party, or a resident defendant, even though the plaintiff has no reasonable
procedural basis to join them in one action because the claims bear no relation to
each other. In such cases, some courts have concluded that diversity is not
defeated where the claim that destroys diversity has "no real connection with the
controversy" involving the claims that would qualify for diversity jurisdiction.
Ronald A. Parsons, Jr., Should the Eighth Circuit Recognize Procedural
Misjoinder?, 53 S.D. L.Rev. 52, 57 (2008).

Id. (footnotes omitted).

In Prempro, plaintiffs filed three lawsuits in which they asserted state law tort and

contract claims against defendant companies that manufactured and marketed hormone

replacement therapy (HRT) drugs. Id. at 613. Defendants removed the cases to federal court,

alleging diversity jurisdiction. In support of removal, defendants argued that plaintiffs' claims

were fraudulently misjoined because they did not arise out of the same transaction or occurrence

as required by Fed. R. Civ. P. 20(a). Id. at 618.

The Eighth Circuit declined to either adopt or reject the fraudulent misjoinder doctrine,

holding that "even if we adopted the doctrine, the plaintiffs' alleged misjoinder in this case is not

so egregious as to constitute fraudulent misjoinder." Id. at 622. In reaching this conclusion, the

court considered that plaintiffs' claims arose from a series of transactions involving HRT

manufacturers and users and that common questions of law and fact were likely to arise in the

litigation, particularly on the issue of causation. Id. at 623. The court concluded that, "[b]ased

on the plaintiffs' complaints, we cannot say that their claims have 'no real connection' to each

other such that they are egregiously misjoined." Id. (distinguishing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1986), and declining to apply it and fraudulent misjoinder doctrine "absent evidence that plaintiffs' misjoinder borders on a 'sham' . . . .").

Similarly, in this case, there is no need to express an opinion on the validity of the fraudulent misjoinder doctrine because defendants have failed to demonstrate that the joinder of non-Missouri citizens with Missouri plaintiffs in this action "is so egregious and grossly improper . . . . that plaintiffs' misjoinder borders on a 'sham' . . . ." Prempro, 591 F.3d at 624. As other judges from this district have found, the joinder of plaintiffs alleging injury from a single drug is not "egregious" because common issues of law and fact connect plaintiffs' claims. See, e.g., T.F., et al. v. Pfizer, Inc., Case Number 4:12CV1221 CDP (E.D. Mo. July 23, 2012) (Zoloft®); S.F., et al. v. Pfizer Inc., Case Number 4:12CV420 CEJ (E.D. Mo. April 4, 2012) (Zoloft®); Douglas v. GlaxoSmithKline, LLC, 2010 WL 2680308 (E.D. Mo. July 1, 2010) (Avandia®).  Plaintiffs in this case have filed suit against defendants for injuries caused by the same products and arising out of the same development, distribution, marketing and sales practices for those products, and common issues of law and fact are likely to arise in the litigation.  Plaintiffs' claims need not arise from the same transaction or occurrence, nor do they need to share a common outcome or state law, as long as common questions or law are fact likely to arise in the litigation.  See Prempro, 591 F.3d at 623.

Plaintiffs' claims are sufficiently related to support joinder in this case, and defendants have not met their burden of demonstrating that the parties are diverse or that this Court has jurisdiction over this case as required by 28 U.S.C. § 1332.  Because I lack subject-matter jurisdiction over this case, I will remand this action to state court.   Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [#12] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that all remaining pending motions are denied without prejudice as moot.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 8th day of October, 2014.

# EXHIBIT 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

D.B., et al.,                                )
                                             )
          Plaintiffs,                        )
                                             )
     vs.                                     )          Case No. 4:14CV1803 RWS
                                             )
FOREST PHARMACEUTICALS, INC., )
                                             )
          Defendant.                         )

## MEMORANDUM AND ORDER OF REMAND

This newly-removed case is before me on my review for subject matter
jurisdiction.  Plaintiffs are mothers and their minor children who filed this action
in state court claiming that they suffered injuries as a result of the mothers' use of
Celexa and Lexapro during pregnancy.  Celexa and Lexapro are antidepressants
developed, manufactured, promoted, and sold  by defendant.

On October 24, 2014, defendant removed the action to this Court, alleging
diversity jurisdiction under 28 U.S.C. § 1332.  Defendant has not even been served
with the petition.  Although two plaintiffs and defendant are allegedly citizens of
New Jersey,[1] defendant urges me to disregard the citizenship of the non-diverse
plaintiffs as fraudulently misjoined.

---

[1]Defendant claims it is no longer a citizen of Missouri.  I need not, and therefore do not,
make any findings on this issue.

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)).  Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants.  28 U.S.C. § 1332(a).  "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).  The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence.  Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005).  "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro, 591 F.3d at 620 (citing Wilkinson v. Shackleford, 478 F.3d 957, 963 (8th Cir. 2007)).

"Courts have long recognized fraudulent joinder as an exception to the complete diversity rule." In re Prempro, 591 F.3d at 620.  "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." Id.

Here defendant is claiming fraudulent misjoinder.  The Eighth Circuit Court of Appeals has not yet determined whether fraudulent misjoinder is a valid basis

for removal.  Prempro, 591 F.3d at 620.  The Eighth Circuit recently discussed the

doctrine of fraudulent misjoinder, stating:

> A more recent, somewhat different, and novel exception to the
> complete diversity rule is the fraudulent misjoinder doctrine which
> one appellate court and several district courts have adopted.
> Fraudulent misjoinder occurs when a plaintiff sues a diverse
> defendant in state court and joins a viable claim involving a
> nondiverse party, or a resident defendant, even though the plaintiff
> has no reasonable procedural basis to join them in one action because
> the claims bear no relation to each other. In such cases, some courts
> have concluded that diversity is not defeated where the claim that
> destroys diversity has "no real connection with the controversy"
> involving the claims that would qualify for diversity jurisdiction.
> Ronald A. Parsons, Jr., Should the Eighth Circuit Recognize
> Procedural Misjoinder?, 53 S.D. L.Rev. 52, 57 (2008).

Id.  (footnotes omitted).

In Prempro, plaintiffs filed three lawsuits in which they asserted state law

tort and contract claims against defendant companies that manufactured and

marketed hormone replacement therapy (HRT) drugs.  Id. at 613.  Defendants

removed the cases to federal court, alleging diversity jurisdiction.  In support of

removal, defendants argued that plaintiffs' claims were fraudulently misjoined

because they did not arise out of the same transaction or occurrence as required by

Fed. R. Civ. P. 20(a).  Id. at 618.

The Eighth Circuit declined to either adopt or reject the fraudulent

misjoinder doctrine, holding that "even if we adopted the doctrine, the plaintiffs'

alleged misjoinder in this case is not so egregious as to constitute fraudulent

misjoinder." Id. at 622.  In reaching this conclusion, the court considered that plaintiffs' claims arose from a series of transactions involving HRT manufacturers and users and that common questions of law and fact were likely to arise in the litigation, particularly on the issue of causation. Id. at 623.  The court concluded that, "[b]ased on the plaintiffs' complaints, we cannot say that their claims have 'no real connection' to each other such that they are egregiously misjoined." Id. (distinguishing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1986), and declining to apply it and fraudulent misjoinder doctrine "absent evidence that plaintiffs' misjoinder borders on a 'sham' . . . .").

Similarly, in this case, there is no need to express an opinion on the validity of the fraudulent misjoinder doctrine because defendant has failed to demonstrate that the joinder of New Jersey citizens with other plaintiffs in this action "is so egregious and grossly improper . . . . that plaintiffs' misjoinder borders on a 'sham' . . . ." Prempro, 591 F.3d at 624.  As other judges from this district and I have found, the joinder of plaintiffs alleging injury from a single drug is not "egregious" because common issues of law and fact connect plaintiffs' claims. See, e.g., S.F., et al. v. Pfizer Inc., Case Number 4:12CV420 CEJ (E.D. Mo. April 4, 2012) (Zoloft®); Douglas v. GlaxoSmithKline, LLC, 2010 WL 2680308 (E.D. Mo. July 1, 2010) (Avandia®).  Plaintiffs in this case have filed suit against defendants for injuries caused by the same drugs and arising out of the same

development, marketing and sales practices for those drugs, and common issues of law and fact are likely to arise in the litigation.

Defendant attempts to distinguish this case from <u>Prempro</u> and the previous remands from this Court by arguing in their Notice of Removal that each plaintiffs' claim will depend upon unique factual determinations, that the laws of many states apply to plaintiffs' claims, and that plaintiffs must have filed this suit for the sole purpose of defeating federal jurisdiction. These arguments are woefully insufficient to demonstrate the propriety of jurisdiction here. Plaintiffs' claims need not arise from the same transaction or occurrence, nor do they need to share a common outcome or state law, as long as common questions or law are fact are likely to arise in the litigation. <u>See</u> <u>Prempro</u>, 591 F.3d at 623. Nor has defendant demonstrated that joinder is "so egregious and grossly improper . . . that [it] borders on a 'sham' . . . ." <u>Id.</u> at 624.

Plaintiffs' claims are sufficiently related to support joinder in this case, and defendant has not met its burden of demonstrating that the parties are diverse or that this Court has jurisdiction over this case as required by 28 U.S.C. § 1332. Because I lack subject-matter jurisdiction over this case, I will remand the action to state court.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall remand this

action to the Circuit Court for the Twenty-Second Judicial Circuit, St. Louis City,

Missouri from which it was removed under 28 U.S.C. § 1447(d).


_____

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE


Dated this 30th day of October, 2014.

# EXHIBIT 8

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIFFANY HOGANS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 4:14-cv-1385 (JCH) |
| | ) | |
| JOHNSON & JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs Motion to Remand, which Plaintiffs filed on
August 15, 2014. (ECF No. 13). The Motion has been fully briefed and is ready for disposition.

## BACKGROUND

Plaintiffs filed their Petition in the Circuit Court for the City of St. Louis, Missouri on
June 23, 2014. (Petition, ECF No. 6). There are 65 plaintiffs in this action. Each plaintiff claims
that she used talcum powder products and that she "developed ovarian cancer, and suffered
effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and
defective nature of talcum powder . . . ."[1] (Petition ¶¶ 2-66). These claims are alleged to be the
"direct and proximate result of Defendants' and/or their corporate predecessors [*sic*] negligent,
willful, and wrongful conduct in connection with the design, development, manufacture, testing,
packaging, promoting, marketing, distribution, labeling, and/or sale of the products known as
Johnson & Johnson Baby Powder and Shower to Shower . . . ." (Petition ¶ 1). The link between
talcum powder and ovarian cancer was allegedly first suggested by a study conducted in 1971.
(Petition ¶ 79). Defendants are alleged to have had a duty to know of the carcinogenic properties

---

[1] One of the 65 plaintiffs brings a wrongful death claim on behalf of the estate of a woman who allegedly
developed ovarian cancer as a result of using talcum powder. (Petition ¶ 20).

of talcum powder and to have "procured and disseminated false, misleading, and biased information regarding the safety of the PRODUCTS to the public and used influence over governmental and regulatory bodies regarding talc."[2] (Petition ¶¶ 89, 91). The claims brought against Defendants based on these activities include failure to warn, negligence, breach of warranty, and civil conspiracy. (Petition at 51-58).

Defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc. (collectively the "J&J Defendants") removed the action to this Court on August 8, 2014, despite the lack of complete diversity on the face of the Petition. (Notice of Removal, ECF No. 1). Plaintiffs filed this Motion to Remand on August 15, 2014, and the J&J Defendants have filed a Response to the Motion. The J&J Defendants assert that removal is appropriate under the fraudulent misjoinder doctrine despite the lack of complete diversity.

## DISCUSSION

"Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). The party invoking federal jurisdiction and seeking removal has the burden of establishing jurisdiction by a preponderance of the evidence. *Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009); *see also Nicely v. Wyeth, Inc.*, 2011 WL 2462060 at *2 (E.D. Mo. Jun. 17, 2011).

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "Federal district courts have original jurisdiction in all civil actions between citizens of different states if the

---

[2] "Talc is the main substance in talcum powders." (Petition ¶ 72).

amount in controversy exceeds $75,000.00, exclusive of interest and costs."[3] *Manning*, 304 F. Supp. 2d at 1148 (citing 28 U.S.C. § 1332(a)(1)). Actions where jurisdiction is predicated solely on diversity are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The diversity jurisdiction statute has also been interpreted to require complete diversity, which means that "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different state from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). The J&J Defendants assert that this situation falls within the contours of the fraudulent misjoinder doctrine, which, where it has been adopted, is an exception to the requirement of complete diversity.

"Courts have long recognized fraudulent joinder as an exception to the complete diversity rule." *In re Prempro Products Liability Litigation*, 591 F.3d 613, 620 (8th Cir. 2010) (citing *14B* Charles Alan Wright et al., *Federal Practice and Procedure* § 3723 (4th ed. 2009)). "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *Id.* Fraudulent misjoinder is a more recent exception to the complete diversity rule. *Id.* "Fraudulent misjoinder 'occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other.'" *Id.* (quoting Ronald A. Parsons, Jr., *Should the Eighth Circuit Recognize Procedural Misjoinder?*, 53 S.D. L. Rev. 52, 57 (2008)).

The Eighth Circuit has acknowledged the fraudulent misjoinder doctrine but has declined to either adopt or reject it. *See Prempro*, 591 F.3d at 622. When presented the opportunity to adopt the doctrine in *Prempro*, the court concluded that the facts of the case did not warrant

---

[3] There is no dispute in this case that the amount in controversy exceeds $75,000.

application of the doctrine even if it were to be adopted. *Id.* The court began its reasoning with the observation that the Eighth Circuit uses "a very broad definition for the term 'transaction[,]'" as that term applies in the context of permissive joinder under Fed. R. Civ. P. 20. Specifically, the term may be understood to "comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Id.* The *Prempro* court then took account of the second requirement for permissive joinder under Rule 20—the existence of "common questions of law and fact." *Id.* at 623. The court also observed that the question of whether joinder is proper under Rule 20 is distinct from that of whether a party has been fraudulently misjoined, *i.e.*, that something more than a mere procedural impropriety is required for fraudulent misjoinder to apply. *See id.* at 623-24 (finding that despite the inapplicability of fraudulent misjoinder, "[i]t may be that the plaintiffs' claims are not properly joined"). Fraudulent misjoinder can only be applied where there is evidence of bad faith and "evidence that plaintiffs' misjoinder borders on a sham." *See id.* at 623, 624 (internal quotation marks omitted). For instance, fraudulent misjoinder may be applicable where there is "'no real connection'" between plaintiffs' claims. *See id.* at 621 (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996)).

The *Prempro* plaintiffs all claimed that "they or a decedent family member had developed breast cancer from taking [hormone replacement therapy ("HRT")] medications." *Id.* at 617. A link between HRT drugs and breast cancer was allegedly discovered in a study conducted by the Women's Health Initiative, the results of which were published in 2002 in The Journal of the American Medical Association. *Id.* The plaintiffs brought claims against several manufacturers of HRT drugs. *Id.* The claims included "state law claims for negligence, strict liability, breach of implied warranty, breach of express warranty, fraud, negligent

misrepresentation, and statutory violations of the False and Misleading Advertising Act, the Prevention of Consumer Fraud Act, and the Uniform Deceptive Trade Practices Act." *Id.*

The *Prempro* court found that the plaintiffs' claims all arose from a series of transactions between the HRT manufacturers and the HRT users because the plaintiffs alleged that "the manufacturers conducted a national sales and marketing campaign to falsely promote the safety and benefits of HRT drugs and understated the risks of HRT drugs." *Id.* at 623. This finding was further supported by the plaintiffs' allegation that each "developed breast cancer as a result of the manufacturers' negligence in designing, manufacturing, testing, advertising, warning, marketing, and selling HRT drugs." *Id.* The court also found that there was likely to be common questions of law and fact between the claims, such as the causal link between HRT drugs and breast cancer. *Id.* Based on these findings, the *Prempro* court was unable to conclude that the plaintiffs' claims had "'no real connection' to each other such that they [were] egregiously misjoined." *Id.* This was true despite the fact that "[s]ome of the plaintiffs allege[d] to have taken several HRT drugs made by different manufacturers." *Id.*

The facts here are substantially indistinguishable from *Prempro*. Plaintiffs have alleged joint action between the Defendants in the manufacturing, testing, promoting, warning, marketing, and selling of products containing talcum powder. They claim that the main substance in talcum powder has long been linked with an increased risk of ovarian cancer, that Defendants at least should have known about that increased risk, and that Defendants acted in concert to conceal the information from consumers. Plaintiffs have all allegedly used talcum powder in a similar manner, albeit for different periods of time, and they have all allegedly developed ovarian cancer as a result. While the J&J Defendants are correct that there may be some differences between each of the Plaintiffs' claims, the similarity to the facts in *Prempro*

requires the conclusion that there is a logical connection between the claims such that the fraudulent misjoinder doctrine, even if it were adopted, is inapplicable.

The J&J Defendants contend, for the following reasons, that the Eighth Circuit would reconsider *Prempro* if given the opportunity: (1) that *Prempro* effectively eliminated the "same transaction" prong of the joinder inquiry; (2) that a showing of mere procedural impropriety rather than egregiousness or bad faith is more fitting for the application of procedural misjoinder; and (3) that cases such as this, which are carefully structured to avoid diversity jurisdiction, are egregious *per se*. (J&J Response, ECF No. 22, at 13-14). In support of their contention, the J&J Defendants cite several post-*Prempro* cases, all of which are from districts outside the Eighth Circuit.

None of the reasons given is persuasive. The first rests on misreading of *Prempro*; the second on a misunderstanding of the nature of federal jurisdiction; and the third on an inadequate appreciation of a plaintiff's right to select a forum. Moreover, decisions calling into question *Prempro*'s persuasiveness in the Eastern District of New York, the District of New Jersey, the District of Nevada, and the Southern District of West Virginia are not sufficient indicators that the Eighth Circuit Court of Appeals is likely to alter a precedent that has been applied consistently in the Eighth Circuit.

Complete diversity does not exist, and the facts of this case do not warrant application of the fraudulent misjoinder doctrine.


Accordingly,

6

**IT IS HEREBY ORDERED** that Plaintiffs Motion to Remand, (ECF No. 13), is **GRANTED**, and this matter is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri.

Dated this 24th day of September, 2014.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

# EXHIBIT 9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

Bernard Dickerson and Gwendolyn Fox,    )
                                        )
                Plaintiffs,             )
                                        )
        vs.                             )        Case No.  4:10CV00972 AGF
                                        )
GlaxoSmithKline, LLC,                   )
                                        )
                Defendant.              )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand and Request for
Expedited Consideration, and Defendant's Motion to Stay pending transfer of all
proceedings to the multidistrict litigation now pending in the Eastern District of
Pennsylvania.

This products liability suit was brought by Plaintiffs Bernard Dickerson and
Gwendolyn Fox in the Circuit Court for the City of St. Louis, Missouri.  Plaintiffs allege
that the prescription medication Avandia, which was manufactured, advertised, sold, and
distributed by Defendant, caused irreparable damage to their hearts and cardiovascular
systems.  They further contend that Defendant was aware of the potential danger caused
by its medication, and continued to sell it without proper warnings.  Dickerson is a citizen
of Delaware.  Fox is a citizen of Missouri.  Both Plaintiffs were prescribed Avandia by
their physicians, and purchased the medication in their home states.  Defendant
GlaxoSmithKline, LLC, is a citizen of Delaware.

Defendant removed the case to this Court asserting that nondiverse Plaintiff Dickerson was fraudulently joined for the sole purpose of destroying diversity and defeating federal jurisdiction.  In support of their motion to remand, Plaintiffs argue that their claims are properly joined under <u>In re Prempro Products Liability Litigation</u>, 591 F.3d 613 (8th Cir. 2010).  In <u>In re Prempro</u>, multiple plaintiffs joined in a single suit, asserting claims against multiple pharmaceutical manufacturers for medical conditions the plaintiffs alleged resulted from the manufacturers' negligent design, testing, and warning of certain drugs.  The defendants removed the case to federal court, asserting fraudulent misjoinder.  Though noting that some courts had rejected the theory of fraudulent misjoinder, the Eighth Circuit declined to rule on that basis, but found that the claims of the unrelated plaintiffs were "logically related" within the meaning of Rule 20(a)(1) of the Federal Rules of Civil Procedure, and that the alleged misjoinder was "not so egregious as to constitute fraudulent misjoinder."  <u>Id.</u> at 622.  The Court noted that given the nature of the plaintiffs' claims, the litigation was "likely to contain common questions of law and fact."  <u>Id.</u> at 623.

In a case presenting the same question as the one before this Court, <u>Hall v. GlaxoSmithKline, LLC</u>, ___ F. Supp. 2d___, No. 4:10CV00965 MLM (E.D. Mo. June 16, 2010), United States Magistrate Judge Mary Ann L. Medler determined that, indeed, under <u>In re Prempro</u>, two unrelated Plaintiffs, one of whom was nondiverse, who took Avandia were properly joined in one action against GlaxoSmithKline, LLC.  <u>Id.</u> (Memo and Order of June 17, 2010, remanding case to state court).  This Court finds the

2

reasoning and conclusion in <u>Hall</u> convincing.

Defendant here seeks to distinguish <u>In re Prempro</u>, asserting that the two Plaintiffs in the present case were joined in a single suit merely to defeat federal jurisdiction. Defendant cites to language in <u>In re Prempro</u>, in which the Court noted that there was no evidence in that case that the plaintiffs joined their claims to defeat diversity jurisdiction, and that without evidence of "bad faith," the Court would not conclude that there was egregious misjoinder.  Defendant asserts that a bad faith finding is appropriate here, pointing to the fact that besides <u>Hall</u> and the present case, there are currently four cases pending in this district against Defendant, each filed by Plaintiffs' counsel in this case on behalf of two plaintiffs who were allegedly injured by taking Avandia, and each including one plaintiff who is nondiverse.

The "bad faith" language in <u>In re Prempro</u> upon which Defendant relies may well be dictum.  Even if it is not dictum, given the broad definition of proper joinder adopted by the Eighth Circuit, this Court finds no misjoinder.  This case is not like <u>Tapscott v. MS Dealer Service Corp.</u> 77 F.3d 1353, 1360 (11th Cir. 1996), <u>abrogated on other grounds</u> by <u>Cohen v. Office Depot, Inc.</u>, 204 F.3d 1069 (11th Cir. 2000), upon which Defendant relies.  In <u>Tapscott</u>, the amended complaint joined two groups of plaintiffs, a non-diverse "automobile class" and a diverse "merchant class."  <u>Id.</u> at 1359-60 & n.16.  Finding no similarity between the claims of the two classes, other than the fact that the defendants were alleged to have violated the same fraud provisions, the Eleventh Circuit found the joinder bordered on a "sham."  <u>Id.</u> at 1360.  In <u>In re Prempro</u>, the Eighth Circuit declined

to apply <u>Tapscott</u> "absent evidence that plaintiffs' misjoinder borders on a 'sham.'" <u>In re Prempro</u>, 591 F.3d at 624 (citing <u>Walton v. Tower Loan of Miss.</u>, 338 F. Supp. 2d 691, 695 (N.D. Miss. 2004) ("[F]or <u>Tapscott</u> to be applicable, this court would be required to find a level of misjoinder that was not only improper, but grossly improper.")).

Here the joinder does not appear to be a "sham" or to be grossly improper. Plaintiffs' claims are against the same Defendant, related to the same drug, and there is no dispute that the litigation is likely to contain common questions of law and fact. In this respect, the case for proper joinder is stronger here than it was in <u>In re Prempro</u>.

Further, the language upon which Defendant relies in <u>In re Prempro</u> does not undermine the essential holding of that case – namely, that the doctrine of fraudulent misjoinder does not apply to the joinder of a nondiverse plaintiff who is a real party in interest, where the litigation is likely to contain common questions of law and fact. The "bad faith" referred to must be something more than a desire to defeat federal jurisdiction. As Judge Medler noted in <u>Hall</u>, 2010 WL 2473387, at *3, the Eighth Circuit explained in <u>Iowa Public Service Co. v. Medicine Bow Coal Co.</u>, 556 F.2d 400 (8th Cir. 1997), as follows:

> [I]f the nondiverse plaintiff is a real party in interest, the fact that his joinder was motivated by a desire to defeat federal jurisdiction is not material. . . . If under our dual court system a potential plaintiff has a choice between a state forum and a federal forum, it is his privilege to exercise that choice subject to legal limitations, and if he can avoid the federal forum by the device of properly joining a . . . a nondiverse co-plaintiff, he is free to do so.

-4-

556 F.2d at 404, 406.  The Court does not believe that the above-referenced language pertaining to bad faith in In re Prempro abrogates this proposition.

Here there is no dispute that the nondiverse party, Dickerson, is a real party in interest seeking to recover against Defendant for his own alleged injuries.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand is **GRANTED**. [Doc. #12]

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay is **DENIED** as moot.  [Doc. #9]

**IT IS FURTHER ORDERED** that Plaintiffs' Second Motion for Leave to File Supplemental Legal Authority and Plaintiffs' Third Motion for Leave to File Supplemental Legal Authority are **DENIED** as moot. [Doc. #26 & #27]

**IT IS FURTHER ORDERED** that the Clerk of Court shall take all necessary administrative steps to remand this case to the Circuit Court for the City of St. Louis, Missouri, from which it was removed.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 12th day of July, 2010.

-5-

# EXHIBIT 10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KIEONNA LITTLEJOHN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15CV194 CDP |
| | ) | |
| JANSSEN RESEARCH & | ) | |
| DEVELOPMENT, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on a motion to stay by several defendants, as well as the plaintiffs' motion to immediately remand. Pursuant to 28 U.S.C. § 636(b), the motions were referred to United States Magistrate Judge Nannette A. Baker. Judge Baker filed a Report and Recommendation, in which she recommended that the motion to stay be denied and the motion to remand be granted. She advised the parties that they had fourteen days to file written objections to her recommendations. *See* Section 636(b)(1)(C).

The moving defendants filed timely objections. The plaintiffs also filed a memorandum alerting the Court that one plaintiff's citizenship had been misstated in the Report and Recommendation.

I have reviewed *de novo* all matters relevant to the motions, and I conclude that the defendants' objections have no merit.  Although plaintiff Kieonna Littlejohn is a citizen of Illinois who has alleged she first suffered injury in Missouri,[1] rather than a citizen of Missouri as the Report and Recommendation states, substituting her actual alleged citizenship does not change the fact that there is no complete diversity among the parties.  As such, I agree with Judge Baker that this court lacks subject-matter jurisdiction over this action.

Contrary to the defendants' objections, Judge Baker properly determined that in an action with multiple potential jurisdictional deficiencies, this Court has discretion over which jurisdictional issue to resolve first.  *See, e.g., Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999).   Furthermore, this Court has discretion to remand an action for lack of federal jurisdiction despite the existence of a conditional transfer order to pending multidistrict litigation.  *See* Rule 2.1(d), Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation.

Finally, even assuming the Eighth Circuit Court of Appeals had explicitly recognized fraudulent misjoinder as an exception to the complete-diversity requirement *and* that a lack of personal jurisdiction over a nondiverse defendant supported the theory that parties had been fraudulently misjoined, personal jurisdiction over the nondiverse defendants is not so improbable here to

---

[1]  (*See* Pet., Doc. 15, p. 3.)

demonstrate that the parties have been "egregiously" misjoined. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010).

Accordingly,

**IT IS HEREBY ORDERED** that the **Report and Recommendation** of the United States Magistrate Judge [#23] is **SUSTAINED, ADOPTED, and INCORPORATED** herein.

**IT IS FURTHER ORDERED** that the defendants' motion to stay [#13] is denied, and the plaintiffs' motion to immediately remand or shorten the briefing schedule [#18] is granted.

**IT IS FINALLY ORDERED** that this case is remanded to the Circuit Court of the City of St. Louis, State of Missouri, from which it was removed.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 13th day of April, 2015.

# EXHIBIT 11

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

SUSAN TURLEY, *et al.*,        )
                                 )
        Plaintiffs,        )
                                 )
        v.               )       No. 4:15cv1553 SNLJ
                                 )
JANSSEN RESEARCH & .,        )
DEVELOPMENT LLC, *et al.*        )
                                 )
        Defendants,        )

## MEMORANDUM AND ORDER

In this case, six plaintiffs claim they were injured by their use of the defendants' blood thinning prescription medication, Xarelto. They filed their lawsuit in the Twenty-Second Judicial Circuit in the City of St. Louis. Three plaintiffs are citizens of Missouri; one is a citizen of Pennsylvania; one is a citizen of Illinois; one is a citizen of North Carolina. The Pennsylvania plaintiff --- William Exline --- shares Pennsylvania citizenship with defendants Janssen Research & Development, LLC, f/k/a John and Johnson Pharmaceutical Research & Development, LLC, Janssen Pharmaceuticals, Inc., f/k/a Janssen Pharmaceutica, Inc., Bayer Corporation, and Bayer Healthcare, LLC. Despite that shared citizenship, defendants removed this matter to federal court based upon diversity jurisdiction, arguing in their notice of removal (#1) that

(1) the three non-Missouri-resident plaintiffs have not established that the defendants are subject to personal jurisdiction in Missouri, so their claims may be dismissed, and

(2) this Court has subject matter jurisdiction over the three remaining Missouri resident plaintiffs.

Further, defendants advise that a Multi-District Litigation ("MDL") has been established to address claims against these defendants regarding Xarelto claims alleging severe bleeding or other injuries as a result of taking Xarelto. There are now more than 2,000 actions pending in the MDL. The defendants here seek inclusion of this action in the MDL and request that this action be stayed pending transfer. (#10.) That MDL Court has indicated that it will, sua sponte, issue an order severing individual plaintiffs' claims. Defendants argue that this Court should defer to the MDL Court's processes to ensure that this litigation is managed in a consistent and efficient manner with respect to joinder, severance, and personal jurisdiction.

Defendants contend in their Notice of Removal that the Court should consider the "straightforward" personal jurisdiction question first and should also consider the issue of procedural misjoinder before engaging in the "more involved" subject matter jurisdiction analysis. Defendants maintain that after this Court severs the non-resident plaintiffs' claims for lack of personal jurisdiction or misjoinder, there is complete diversity among the remaining parties. Defendants have also filed a Motion to Stay proceedings in this case pending transfer to the MDL. (#10.)

Plaintiffs have filed a Motion to Remand (#13). Plaintiffs contend that this Court should remand the matter back to state court because complete diversity does not exist, and subject matter jurisdiction is not a difficult question. Rather, plaintiffs suggest, the personal jurisdiction question is a difficult one that should be left for the state court's determination on remand.

With respect to the Motion to Stay, a "putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed." *Spears v.*

2

*Fresenius Med. Care N. Am., Inc.*, No. 4:13-CV-855 CEJ, 2013 WL 2643302, at *1 (E.D. Mo. June 12, 2013) (quoting *T.F. v. Pfizer, Inc.*, No. 4:12–CV–1221 (CDP), 2012 WL 3000229, at *1 (E.D. Mo. July 23, 2012)). "This is especially true where, as here, the pending motion is one for remand and goes to the Court's subject matter jurisdiction." *Id.* The Motion to Stay will therefore be denied, and the Court will address plaintiffs' Motion to Remand.

This case is very much like *Bradshaw v. Mentor Worldwide, LLC*, No. 4:15-CV-332 SNLJ, 2015 WL 3545192, at *1 (E.D. Mo. June 4, 2015), in which the defendant --- also subject to numerous personal injury lawsuits related to a medical product --- sought to contest personal jurisdiction with regard to the out-of-state plaintiffs. As here, the defendant argued that the out-of-state plaintiffs were not injured in Missouri, nor did activities in Missouri cause their injuries, citing *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014). This Court noted that "the proper focus regarding the minimum contacts necessary to create specific jurisdiction is on the relationship among the defendant, the forum, and the litigation," and that "the proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* (quoting *Walden v. Fiore*, 134 S.Ct. 115, 1121 (2014) and rejecting defendant's reliance on *Daimler*, 134 S.Ct. 746). As Judge Jackson recently observed under similar circumstances in *Simmons v. Sketchers USA, Inc.*, No. 4:15-CV-340-CEJ, 2015 WL 1604859, at *3 (E.D. Mo. Apr. 9, 2015), "defendants are challenging the propriety of joining the non-Missouri plaintiffs' claims into a single action by asserting a procedural challenge to personal jurisdiction." As with the plaintiffs in *Sketchers* and *Bradshaw*, the plaintiffs here have been properly joined

under Federal Rule of Civil Procedure 20(a)(1) because their claims arise out of the same transactions or occurrences and include common questions of law and fact.

Many products liability cases regarding pharmaceuticals or medical devices involve similar arrangements of in-state and out-of-state plaintiffs. *See, e.g.*, *In re Prempro Products Liability Litigation*, 591 F.3d 613, 617 (8th Cir. 2010). The law surrounding jurisdictional matters for these cases is evolving as defendants attempt to address plaintiffs' attorneys' apparent mission to keep these products liability cases in the state court of their choosing. Although the Eighth Circuit has not yet addressed the defendants' personal jurisdiction argument, it has addressed the concept of "misjoined plaintiffs" in the *Prempro* litigation on a motion to remand. As this Court observed in *Bradshaw*, in the *Prempro* case,

> the defendant had removed on the basis that non-diverse plaintiffs had been added for the sole purpose of defeating diversity jurisdiction. *Id.* at 620. Rather than determining the propriety of the fraudulent misjoinder doctrine, the Eighth Circuit concluded that, even if adopted, any such "misjoinder" in that action was not so egregious as to constitute fraudulent misjoinder. *Id.* at 622. The Court noted that, in light of Federal Rule of Civil Procedure 20's joinder standard and the allegations of the defendants' national sales and marketing campaigns, the claims were "logically related." *Id.* at 623. Furthermore, the litigation was likely to contain common questions of law and fact. *Id.* Thus the Eighth Circuit rejected the notion that the plaintiffs were egregiously misjoined. *Id.*

*Bradshaw*, 2015 WL 3545192 at *2 (quoting and citing *Prempro*, 591 F.3d at 620-32). Those same circumstances exist here. Under this binding Eighth Circuit precedent, the Court holds that the plaintiffs here have not been egregiously misjoined, and the motion to remand will be granted for lack of subject matter jurisdiction. *See also, e.g.*, *Couch v. Fresenius Med. Care N. Am., Inc.*, No. 4:14-CV-955-JAR, 2014 WL 3579926 (E.D. Mo. July 21, 2014); *McGee v. Fresenius Med. Care N. Am., Inc.*, No. 4:14-CV-967 SNLJ,

2014 WL 2993755, at *3 (E.D. Mo. July 3, 2014); *Spiller v. Fresenius USA, Inc.,* No. 4:13–CV2538 (HEA), 2014 WL 294430 (E.D. Mo. Jan. 27, 2014); *Aday v. Fresenius Med. Care N. Am., Inc.,* No. 4:13–CV–2462 (CEJ), 2014 WL 169634 (E.D. Mo. Jan. 15, 2014); *Agnew v. Fresenius Medical Care North America, Inc.,* No. 4:13–CV–2468 (TCM), 2014 WL 82195 (E.D. Mo. Jan. 9, 2014); *Atwell v. Boston Scientific Corp.*, No. 4:12-CV-2363 CEJ, 2013 WL 136471, at *3 (E.D. Mo. Jan. 10, 2013).

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion to stay (#10) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for remand (#13) **GRANTED**.


Dated this ___23rd___ day of December, 2015     .


_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE