**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ANGELA NOVY, et al., | |
| Plaintiffs, | |
| v. | Case No.:  4:16-cv-01233-CDP |
| C.R. BARD, INC., et al., | |
| Defendants. | |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

The Court should deny Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim (CM/ECF Doc. 8).

Defendants improperly removed this action because the Plaintiffs and Defendants are not completely diverse.  Because the issue of subject matter jurisdiction-or lack thereof-is straightforward, it should be disposed of before addressing Defendants' Motion to Dismiss.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 586, 587-88 (1999).

In any event, the basis for dismissal asserted by Defendants is devoid of merit.  Missouri Courts possess specific personal jurisdiction over this case because the cause of action, as a whole, arises out of Defendants' contacts with the State of Missouri.  Accordingly, should the Court reach the merits of this Motion, it should be denied.

**Factual Background**

The 48 properly joined Plaintiffs originally filed this action in the Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri on May 6, 2016, pursuant to Missouri Rule 52.05(a), arising out of injuries sustained as a result of being implanted with a Bard "retrievable" IVC filter. (Pet., CM/ECF Doc. 4).   While the Plaintiffs are from a number of different States, numerous Plaintiffs share citizenship with both Defendants.   Plaintiffs Lisa Radzik, Allen Kotter, Denise Gill, Faith Hinchman, Sabir Saad, and William Salters are citizens of the State of New Jersey, as is Defendant C.R. Bard, Inc. (Id. at ¶¶ 19-22, 40, 51, 54; Not. of Rem., CM/ECF Doc. 1, ¶¶17, 20).   And Plaintiffs Heather Powers, Joseph Grossman, and James Maxfield are citizens of the State of Arizona, as is Defendant Bard Peripheral Vascular, Inc. ("BPV") (Pet. at ¶¶ 12, 16, 55; Not. of Rem. at ¶¶18, 20).   Defendant BPV is a wholly owned subsidiary of Defendant C.R. Bard, Inc., and, amongst other things, Defendants manufactured, designed, marketed and sold the retrievable IVC filters at issue in this case.   (Id. at ¶¶ 54-60).

IVC filters are devices designed to be implanted into individuals to "catch" blood clots travelling from the lower portions of the body to the heart and lungs.  (Pet. at ¶ 75).  Originally, these filters were designed to be permanent implants, for use primarily by individuals contraindicated for anticoagulation therapy.  (Id. at ¶¶ 75, 78).  Defendants sought to expand this market by developing "retrievable" filters for prophylactic use among nontraditional patients that were temporarily at risk of developing blood clots.  (Id. at ¶¶ 79-83).

Defendants' first retrievable IVC filter was known as the Bard Recovery Filter.   (Id. at ¶ 83).  Defendants subsequently designed, manufactured, marketed, and sold additional retrievable IVC filters known as the G2, G2X (G2 Express), Eclipse, Meridian and Denali.  (Id. at ¶ 3 and generally).  Each of these devices are substantially similar for all pertinent purposes of this case,

with each serving as the "next generation" of the previous device. (Id. at ¶¶117, 185, 188,196, 200).   Each of these devices suffer from the same design and manufacturing defects that cause them to be unnecessarily prone to migration related failure. (Id. at ¶¶ 60, 120-124, 127-128, 131-135, 137-143, 145-146, 173, 177, 185-86, 190, 198-99, 203-04, 206).  This migration can result in the product becoming imbedded, tilting, fracturing, perforating the user and/or otherwise becoming irretrievable.  (Id.)  Each of the Plaintiffs in this action suffered an injury caused by such a migration related failure of a Bard "retrievable" IVC filter, i.e., the product migrated, imbedded, tilted, fractured, perforated the user, and/or otherwise became irretrievable.  (Id. at ¶¶ 6-53, 60).

Plaintiffs in this action have jointly alleged state law claims against Defendants for injuries suffered as a direct and proximate result of their injuries caused by Bard "retrievable" IVC filters. Each of these claims involves common legal and medical issues.  (Id. at ¶¶ 1, 60).  Each Plaintiff in this action was implanted with a Bard "retrievable" IVC filter and thereafter suffered a migration related failure injury, as a result of the same manufacturing and design defects. (Supra).   All of the Plaintiffs allege, among other things, that they were victims of the same wrongful conduct and tortious acts, including, but not limited to, the Defendants' failure to conduct adequate safety and efficacy studies, the Defendants' distribution of inadequate and misleading marketing materials and literature to physicians and patients, and the lack of adequate warnings to physicians and patients.  (Pet. ¶60).   And the wrongful conduct and tortious acts at issue were done without any regard for individual Plaintiff differences.

At all pertinent times, Defendants marketed and sold the products at issue in the State of Missouri, and committed the wrongful conduct and tortious acts at issue in this case in the State of Missouri, and should have anticipated being sued in the State of Missouri.  (Id. at ¶¶62-63). Two Plaintiffs in this action, Angela Novy and Tammy Dykema, were implanted with Bard

retrievable IVC filters in the State of Missouri (Id. at ¶¶ 6, 28), and Defendants do not challenge personal jurisdiction as to these Plaintiffs.   These contacts with the State of Missouri are part of the same series of transactions or occurrences at issue for all Plaintiffs and gave rise to this cause of action as a whole.  (Id. at ¶63).

## ARGUMENT

Missouri Courts have specific personal jurisdiction over all Defendants for all Plaintiffs and all claims in this action because this cause of action, as a whole, arises out of Defendants' contacts with the State of Missouri.

The Missouri Long-Arm Statute provides that Missouri Courts have specific jurisdiction over actions before them if a Defendant transacts business within this State or commits a tortious act within this State and it gives rise to the Plaintiffs' cause of action.  *See* RSMo § 506.500. "[S]pecific jurisdiction is warranted when the defendant purposefully directed its activities at the forum state and the litigation 'result[s] from injuries. . . relating to [the defendant's] activities [in the forum state.]'" *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 912-13 (8th Cir. 2012) (internal citations omitted).

The specific personal jurisdiction inquiry focuses on the relations among the Defendant, the forum, and the litigation.  *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984); *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).   A Plaintiff's residence may be relevant in determining the Defendant's contacts with the forum, but the "plaintiff's residence in the forum State is not a separate requirement, and the lack of residence will not defeat jurisdiction established on the basis of defendant's contacts." *Id*.

As it is the Defendants' contacts with forum state that are relevant, as opposed to the Plaintiffs, properly joined Plaintiffs, whose claims arise out of the same series of transactions or

occurrences, do not have to separately establish personal jurisdiction for each claim as though they were in a vacuum.  In such a scenario, the Defendants' contacts with the forum state can support all properly joined claims because they relate to the cause of action as a whole.

Judge Jackson was presented with a similar scenario in the multi-Plaintiff pharmaceutical case *Gracey v. Janssen Pharmaceuticals, Inc*.  2015 WL 2066242 (No. 4:15-cv-407-CEJ, E.D. Mo, May 4, 2015) (Jackson, J.).  *Gracey* involved the claims of 64 Plaintiffs from thirty states arising out of their use of the antipsychotic medication Risperdone.  The Defendants asserted the Court could not exercise personal jurisdiction over the claims of the out-of-state Plaintiffs. Relying on the principal that it is the Defendants' contacts with the forum that are pertinent. Judge Jackson rejected this argument.  She explained:

> According to defendants, no federal or state court in Missouri can exercise personal jurisdiction over defendants and comport with due process with respect to the out-of-state plaintiffs' claims. The parties do not dispute, however, that Missouri courts have personal jurisdiction over defendants with respect to the in-state plaintiffs' claims. **Missouri courts, thus, may properly exercise personal jurisdiction over defendants with respect to this cause of action as a whole arising out of or related to its contacts and conduct in Missouri.** *See Shaffer v. Heitner,* 433 U.S. 186, 204 (1977) (stating that the proper focus of the due process inquiry for the exercise of personal jurisdiction is "the relationship among the defendant, the forum, and the litigation"); *see also Walden v.. Fiore,* 134 S.Ct. 1115, 1126 (U.S.2014) ("[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State."); *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 779 (1984) (permitting a forum State to assert personal jurisdiction over a nonresident defendant when a plaintiff's contacts with the forum are "extremely limited" or even "entirely lacking").

Id. at * 3, n. 2 (emphasis added); *see Bradshaw v. Mentor Worldwide*, No. 4:15-cv-332-SNLJ, Memorandum and Order, CM/ECF Doc. 24 (Limbaugh, Jr., J.).

This case is no different than *Gracey*. The Court possesses specific personal jurisdiction over this case because Defendants conducted activities in Missouri, transacted business in Missouri and committed torts in Missouri that directly gave rise to this cause of action as a whole.

5

Defendants' activities in the State of Missouri directly caused the injuries of the Missouri Plaintiffs Angela Novy and Tammy Dykema, and the Defendants do not challenge personal jurisdiction as to them.  As the Missouri Plaintiff was in *Gracey*, Ms. Novy and Ms. Dykema are properly joined with the other Plaintiffs in this action because their claims all arise out of the same series of transactions or occurrences, and those contacts with the State of Missouri form part of the common nucleus of facts underlying this entire cause of action as a whole.   (See Pet., CM/ECF Doc. 4 at ¶¶ 60-63).  Therefore, this cause of action, as whole, does arise out of Defendants' contacts with the State of Missouri, and the exercise of specific personal jurisdiction is proper.

The cases Defendants rely on to support their position that personal jurisdiction must be established for the claims of each separate Plaintiff do not mandate a different result.

Defendants' reliance upon dicta from a *Sun World Lines, Ltd. v. March Shipping Corp.*, 585 F. Supp. 580 (E.D. Mo. 1984), is misplaced as the actual holding in that case appears contrary to Defendants' position.   In denying the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, the Court explained:

> In the case at bar, however, this Court is convinced that personal jurisdiction is also appropriate as to Count I, even though movants' contacts with Missouri might not be sufficient for them to be subject to Count I alone in Missouri. Plaintiffs' breach of contract claim is based on the same core facts as the fraud claim and requiring plaintiffs to bring the contract claim in another forum would result in unnecessary duplicative litigation and waste of judicial resources. This result is inconsistent with the federal rule of judicial economy. *See* C. Wright, A. Miller and M. Kane, *Federal Practice & Procedure: Civil* § 1069 at 85 n. 82 (1983 Suppl.). Moreover, movants will not suffer from any unfairness in defending against the contract claim in Missouri, because it already has to defend the tort claims here. Accordingly, movants' motion to dismiss is also denied as to Count I.

*Id.* at 585.

*Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266 (5th Cir. 2006), an out-of-Circuit case that was a question of first impression for that jurisdiction[1], is unlike the present case.  In *Seiferth* each claim did not have a relationship to Defendants' contacts with the forum state.  Here, that is not the case.  In this action, all claims of all Plaintiffs relate to the Defendants' contacts with the forum state because the Defendants' contacts with Missouri were part of the same series of transactions or occurrences giving rise to this cause of action as a whole.

Defendants' reliance on the MDL Court's opinion in *In re Testosterone Replacement Therapy Products Liability Litigation* should be paid no heed.  This out of Circuit opinion is in no way controlling, and Plaintiffs respectfully contend it was wrongly decided.  Plaintiffs respectfully assert that the Court in that case improperly focused on the Plaintiffs' contacts with the forum state, as opposed to the Defendants', and did not properly follow the United States Supreme Court's opinion in *Keeton*.

Similarly, Defendants' reliance on *Walden v. Fiore*, 134 S. Ct. 1115 (2014) does not change the analysis.  While that case does state that the Defendant's suit related conduct must create a substantial connection with the forum state to support specific personal jurisdiction, that substantial connection is present in this action.  That substantial connection is present by virtue of the aforementioned wrongful conduct and tortious activities that took place in the State of Missouri that gave rise to this action as a whole.

Finally, the cases Defendants rely upon to support their position that specific personal jurisdiction has been rejected under similar circumstances by this Court or the Circuit Court of the City of St. Louis are equally inapposite.  *Keeley v. Pfizer*, *Barthomome v. Pfizer, Inc.*, *Barron v.*

---

[1] Indeed, the fact that the Eighth Circuit has not spoken directly on this issue further supports Plaintiffs' position that the subject-matter jurisdiction inquiry is far less arduous than the personal jurisdiction inquiry and should be decided first.

*Pfizer, Inc., Clarke v. Pfizer*, *Neeley v. Wolters Kluwer Health, Inc.*, and *Smith v. Union Carbide Company* are all single Plaintiff (or Plaintiff and derivative Plaintiff) claims that did not involve the presence of any Missouri Plaintiffs injured by actions that occurred in the State of Missouri. The present case, however, does involve the injury of Missouri Plaintiffs as a result of actions occurring in the State of Missouri. As explained above, these Missouri contacts relate to the cause of action as whole since all claims arise out of the same series of transactions or occurrences.

In sum, the Court has specific jurisdiction over this action as a whole as a result of Defendants contacts with the State of Missouri. The cases Defendants rely upon that pertain to a general jurisdiction analysis are of no consequence because the Court need not reach the general jurisdiction issue. The Court has specific jurisdiction over this action because Defendants' contacts with the State of Missouri form the common nucleus of operative facts giving rise to this action as a whole.

However, in any event, this issue need not even be addressed by this Court. Given the non-arduous nature of the subject-matter jurisdiction inquiry, the Court should remand this action before reaching the issue of personal jurisdiction.

Respectfully submitted,

**NIEMEYER, GREBEL & KRUSE, LLC**

By:     /s/ Michael S. Kruse_____
        Michael S. Kruse #57818MO
        10 S. Broadway, Suite 1125
        St. Louis, MO 63102
        314/241-1919 telephone
        314/665-3017 facsimile
        kruse@ngklawfirm.com
        *Attorneys for Plaintiffs*

8

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via the Court's CM/ECF filing system, this 8th day of August, 2016, to all counsel of record.

/s/ Michael S. Kruse