Michael S. Kruse (admitted *pro hac vice*)
Missouri Bar No. 57818
NIEMEYER, GREBEL & KRUSE, LLC
10 S. Broadway, Suite 1125
St. Louis, MO 63102
(314) 241-1919 (T)
(314) 665-3017 (F)
kruse@ngklawfirm.com
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: BARD IVC FILTERS <u>PRODUCTS LIABILITY</u> <u>LITIGATION</u> | MDL No. 2641 |
| This Document Relates to: ANGELA NOVY, et al., | |
| Plaintiffs, | Az. Member Case No: 2:16-cv-2853 |
| v. | |
| C.R. BARD, INC., et al., | |
| Defendants. | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO REMAND**

The Court should remand this action to the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri. This Court lacks subject matter jurisdiction over this action because there is a lack of complete diversity of the parties and no federal question is raised. For the reasons previously set forth in Plaintiffs' Motion to Remand and Memorandum in

Support, the arguments Defendants' raise to create diversity, fraudulent joinder and fraudulent misjoinder, have no merit in the present case.

The Defendants' Opposition attempts to district this Court from the clear-cut subject matter jurisdiction inquiry by engaging in a protracted analysis on personal jurisdiction, but the Court need not reach that issue. When the subject-matter jurisdiction inquiry is non-arduous, "both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999). While Defendants' obviously try to paint it in a different light, the personal jurisdiction analysis at issue in the present case is a far more complex inquiry than the subject matter jurisdiction analysis, and it should be reserved for the State Court following remand.

As explained in Plaintiffs' Motion to Remand and Memorandum in Support, the Judges of the Eastern District of Missouri, where the Defendants' originally removed this action, have repeatedly been presented with multi-Plaintiff pharmaceutical cases involving personal jurisdiction arguments similar to those raised by the Defendants, and they have repeatedly remanded the cases over similar objections. As Plaintiffs contend is proper, the Judges have frequently deemed the subject matter jurisdiction analysis far more straightforward than the personal jurisdiction analysis and remanded without reaching the issue.

Indeed, at a minimum, the personal jurisdiction question presented by the Defendants (i.e., whether a separate personal jurisdiction analysis must be undertaken for each properly joined Plaintiff in a multi-Plaintiff lawsuit) is complex and unresolved,

rendering the analysis far more arduous than that necessary to resolve the subject matter jurisdiction inquiry. As Judge Rufe explained in remanding a similar multi-Plaintiff action involving the pharmaceutical drug Zoloft:

> This Court previously remanded a nearly identical case for lack of subject-matter jurisdiction, rejecting an argument by Defendants that non-Missouri plaintiffs were fraudulently joined in the case to defeat diversity. The ruling accords with numerous decisions of the Missouri federal courts, and that issue is settled for purposes of this litigation, barring any developments in appellate law. In contrast, the question of whether or not a Missouri court may exercise personal jurisdiction over a non-resident defendant with regard to claims by non-resident plaintiffs that have been joined with claims by resident plaintiffs is unresolved and potentially complex. Indeed, the novelty of the argument that the allegedly fraudulent joinder of Plaintiffs determines personal jurisdiction over Defendants may explain why Defendants failed to raise the issue in earlier cases, and why the defendants in other, similar litigation apparently have raised the issue only recently. Personal jurisdiction may be raised as a basis for dismissal in the Missouri state courts, and under these circumstances, that forum is the appropriate one to decide the question.

*R.J. v. Pfizer, Inc.*, No. 2:15-cv-03285-CMR (E.D. Pa. November 17, 2015, Order, CM/ECF Doc. 5) (Rufe, J.) (Exhibit 1). As explained in the Plaintiffs Motion to Remand and Memorandum in Support, the mere fact that Defendants rely on a personal jurisdiction argument to support their assertion of fraudulent joinder does not deprive the Court of its discretion to remand without reaching the issue of personal jurisdiction. Plaintiffs respectfully submit that Judge Rufe's analysis is the most appropriate in this case.

In any event, the Plaintiffs assert that should the Court reach the issue of personal jurisdiction, the proper focus is on the Defendants contacts with the forum state, not the Plaintiffs' contacts as the Defendants desire. *See e.g., Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 784 (1984); *Bradshaw v. Mentor Worldwide*, No. 4:15-cv-332-SNLJ, 2015

WL 3545192 (E.D. Mo. June 4, 2015) (Limbaugh, J.) (in remanding a similar multi-Plaintiff case involving pelvic mesh over similar arguments, Judge Limbaugh explained "'the proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.'"). When the focus is properly on the Defendants contacts with the forum state, as opposed to the Plaintiffs', it is clear that Missouri Courts possess specific personal jurisdiction over the cause of action as a whole.

As explained in Plaintiffs' Opposition to Defendants' Motion to Dismiss for Lack for Lack of Personal Jurisdiction, when this proper analysis is applied, it is clear that the Defendants have the requisite contacts with the State of Missouri to support personal jurisdiction over Defendants for the claims of all Plaintiffs. In sum, the Defendants conducted activities in Missouri, transacted business in Missouri, and committed torts in Missouri that caused injuries in the State of Missouri that directly gave rise to this cause of action as a whole. *See Gracey v. Janssen Pharmaceuticals, Inc*. 2015 WL 2066242 at n. 2 (No. 4:15-cv-407-CEJ, E.D. Mo, May 4, 2015) (Jackson, J.). *See also*, *Bristol-Myers Squibb Co. v. Superior Court*, 206 Cal.Rptr.3d 636 (Cal. 2016) (California Supreme Court recently holding that California Courts had specific personal jurisdiction over Defendants for claims brought by non-resident Plaintiffs in multi-Plaintiff actions involving the pharmaceutical drug Plavix). There is no requirement to examine each Plaintiff in a vacuum, as though they filed a separate case, because their claims are properly joined and all arise out of the same series of transactions or occurrences.

Further, exercising personal jurisdiction in light of these contacts and the circumstances is reasonable. Defendants suffer little to no burden in litigating in the State of Missouri. This is not a case where a foreign corporation is being hauled into a Court with which it has no connection. Plaintiffs have alleged that Defendants committed tortious acts in Missouri that caused injuries in Missouri. If Defendants are rightfully before the Court for the claims of the Missouri Plaintiffs based on alleged tortious acts and injuries occurring in the State of Missouri, it is clear that the Defendants have sufficient contacts with the State of Missouri to satisfy the long-arm statute and Due Process. Missouri Courts also have an interest in adjudicating this dispute because it involves injuries occurring and caused in Missouri, and the Plaintiffs are interested in obtaining convenient and effective relief from a forum where properly joined Plaintiffs reside and were injured by Defendants' alleged tortious activities. Ignoring these contacts in this single action for properly joined Plaintiffs just because they are not from the State of Missouri would improperly shift the focus from Defendants' contacts with the forum state to those of the Plaintiffs.

As also previously explained, the Missouri cases of *Keeley v. Pfizer*, *Neeley v. Wolters Kluwer Health, Inc.*, *Clarke v. Pfizer*, and *Smith v. Union Carbide Company* are nothing like the present case. None of those cases involved a Missouri Plaintiff injured in the State of Missouri, meaning they involved an entirely different minimum contacts analysis. Indeed, following his opinion in *Neeley*, Judge Ross remanded a similar case over the Defendants' same personal jurisdiction arguments in *Crockett v. Janssen Research*

*& Development, LLC*, No. 4:16-cv-00522-JAR (E.D. Mo. May 26, 2016, Memorandum and Order of Remand, CM/ECF Doc. 23) (Ross, J.) (Exhibit 2).

Finally, Defendants non-personal jurisdiction based fraudulent misjoinder arguments are wholly devoid of merit for the reasons previously set forth in Plaintiffs' Motion to Remand and Memorandum in Support. As already set forth therein, the purported differences in the Plaintiffs' claims are far from sufficient to render the joinder of those claims "egregious" (if the doctrine of fraudulent misjoinder even exists as a legitimate basis for removal). The analysis the Defendants wish for the Court to engage in goes beyond that called for in evaluating fraudulent misjoinder and is more appropriately left to the State Court on a Motion to Sever following remand. *See In Re Prempro Products Liability Litigation,* 591 F.3d 613, 622 n. 6, 8 (8th Cir. 2010).

In conclusion, the Court should decide subject matter jurisdiction prior to personal jurisdiction and remand this action to the Twenty-Second Judicial Circuit, State of Missouri. Complete diversity of the parties is lacking and no federal question is raised. Nevertheless, should the Court choose to examine personal jurisdiction first, the Court should conclude that Missouri Courts possess specific personal jurisdiction over the Defendants for all claims of all Plaintiffs because this action, as a whole, arises out of the Defendants' contacts with the State of Missouri. Alternatively, the Plaintiffs seek leave to conduct jurisdictional discovery.

Respectfully submitted,

**NIEMEYER, GREBEL & KRUSE, LLC**

By:    /s/ Michael S. Kruse
Michael S. Kruse #57818MO
10 S. Broadway, Suite 1125
St. Louis, MO 63102
314/241-1919 telephone
314/665-3017 facsimile
kruse@ngklawfirm.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via the Court's CM/ECF filing system, this 19th day of September, 2016, to all counsel of record.

/s/ Michael S. Kruse