# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ZOLOFT (SERTRALINE HYDROCHLORIDE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2342<br>12-MD-2342<br><br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*R.J. v. Pfizer, Inc., et al.* | No. 15-3285 |

**ORDER**

In this case, 41 Plaintiff families from 29 different states filed a single lawsuit in state court in Missouri. Defendants Pfizer, Inc. and Greenstone LLC removed the case to federal court in Missouri, and the case was then transferred to this Court as part of the Zoloft MDL.[1] Plaintiffs have moved to remand the case, arguing that the Court lacks subject-matter jurisdiction because Pfizer and four Plaintiff families are citizens of New York and therefore complete diversity is lacking. Defendants oppose the motion to remand and have moved to dismiss the non-Missouri Plaintiffs from the case, arguing that the courts may not exercise personal jurisdiction over Defendants with regard to the claims by the non-Missouri Plaintiffs. Plaintiffs oppose the motion to dismiss.

The initial, and determinative, issue is whether the Court addresses first subject-matter jurisdiction, as raised in the motion to remand, or personal jurisdiction, as raised in the motion to dismiss. The Supreme Court has held that in cases in which subject-matter jurisdiction "will involve no arduous inquiry . . . both expedition and sensitivity to state courts' coequal stature

---

[1] One Plaintiff family (Stroble) filed a notice of voluntary dismissal before the case was removed, so 40 Plaintiff families remain.

should impel the federal court to dispose of that issue first."[2] In contrast, where "a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction."[3] This case fits into the former category, as the issue of subject-matter jurisdiction is straightforward, despite Defendants' attempts to conflate the issues of personal and subject-matter jurisdiction.

This Court previously remanded a nearly identical case for lack of subject-matter jurisdiction, rejecting an argument by Defendants that non-Missouri plaintiffs were fraudulently joined in the case to defeat diversity.[4] The ruling accords with numerous decisions of the Missouri federal courts,[5] and that issue is settled for purposes of this litigation, barring developments in appellate law. In contrast, the question of whether or not a Missouri court may exercise personal jurisdiction over a non-resident defendant with regard to claims by non-resident plaintiffs that have been joined with claims by resident plaintiffs is unresolved and potentially complex. Indeed, the novelty of the argument that the allegedly fraudulent joinder of Plaintiffs determines personal jurisdiction over Defendants may explain why Defendants failed to raise the issue in earlier cases, and why the defendants in other, similar litigation apparently have raised the issue only recently.[6] Personal jurisdiction may be raised as a basis for dismissal

---

[2] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999).

[3] *Id.* at 588 (footnote omitted).

[4] *In re Zoloft*, Nos. 12-md-2342, 12-6934, 2014 WL 2526613 (E.D. Pa. June 2, 2014) (citing *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613 (8th Cir. 2010)).

[5] *See Clark v. Pfizer, Inc.*, No. 15-546, 2015 WL 4648019 (E.D. Mo. Aug. 5, 2015); *Parker v. Pfizer, Inc.*, No. 15-441, 2015 WL 3971169, at * 3 (E.D. Mo. June 30, 2015) (collecting cases).

[6] *See Bradshaw v. Mentor Worldwide, LLC*, 2015 WL 3545192, at * 3 (E.D. Mo. June 4, 2015) (collecting cases); *Littlejohn v. Janssen Res. & Dev., LLC*, No. 15-194, 2015 WL 1647901, at *1 (E.D. Mo. Apr. 13, 2015) ("Finally, even assuming the Eighth Circuit Court of Appeals had explicitly recognized fraudulent misjoinder as an exception to the complete-diversity requirement and that a lack of personal jurisdiction over a nondiverse defendant

2

in the Missouri state courts, and under these circumstances, that forum is the appropriate one to decide the question.[7]

**AND NOW**, this 17th day of November 2015, upon consideration of the Motion to Remand [MDL Doc. No. 1354], and the responses and replies thereto, it is hereby **ORDERED** that the Motion to Remand is **GRANTED** and the case is **REMANDED** to the Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri.

It is further **ORDERED** that the Motion to Dismiss [MDL Doc. No. 1384] is **DISMISSED without prejudice** to its assertion in state court. The Clerk is directed to **CLOSE** the case in the Eastern District of Pennsylvania.

It is so **ORDERED.**

BY THE COURT:

_____
CYNTHIA M. RUFE, J.

---

supported the theory that parties had been fraudulently misjoined, personal jurisdiction over the nondiverse defendants is not so improbable here to demonstrate that the parties have been 'egregiously' misjoined."). In contrast, the MDL Court for the transvaginal surgical mesh litigation has determined personal jurisdiction first, granting motions by the defendants to dismiss out-of-state residents as plaintiffs in cases filed in New Mexico and Texas and denying remand. *See, e.g., Torres v. Johnson & Johnson*, No. 14-29741, 2015 WL 4888748, at *2 (S.D. W. Va. Aug. 17, 2015). That court found that the issue of fraudulent joinder is unsettled in the relevant jurisdictions. *Id.* at *3. This Court has held that the issue has been settled with regard to Missouri cases pursuant to the *Prempro* decision.

[7] *Clark*, 2015 WL 4648019, at *3 ("Accordingly, this Court will remand this matter and leave to the learned state court the question of personal jurisdiction." (internal quotation marks omitted)).

# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALICE CROCKETT, et al., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16-CV-00522 JAR |
| JANSSEN RESEARCH & DEVELOPMENT LLC, et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER OF REMAND**

This matter is before the Court on Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare LLC, Bayer Corporation, Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Johnson & Johnson Company, and Janssen Ortho LLC's Motion to Stay (Doc. No. 10) and Plaintiffs' Motion to Remand (Doc. No. 15) The motions are fully briefed and ready for disposition. For the following reasons, Defendants' motion to stay will be denied and Plaintiffs' motion to remand will be granted.

**Background**

On February 29, 2016, Plaintiffs filed this action in the City of St. Louis Circuit Court against Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare LLC, Bayer Corporation, Janssen Research & Development, LLC, Janssen Ortho LLC, Janssen Pharmaceuticals, Inc., and Johnson & Johnson Company (collectively "Defendants"), and Bayer HealthCare AG, Bayer Pharma AG, and Bayer AG, none of whom have been served, seeking damages for injuries resulting from their use of the prescription anticoagulant drug, Xarelto. Plaintiffs bring state law claims for strict liability, manufacturing defect, design defect, failure to

1

warn, negligence, breach of express and implied warranties, negligent misrepresentation, fraud, and violation of consumer protection and consumer fraud laws.

Four plaintiffs are citizens of Missouri (Petition, Doc. No. 9 at ¶¶ 2, 5, 6, 7); one plaintiff shares New Jersey citizenship with Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Bayer Healthcare Pharmaceuticals, Inc., and Bayer Healthcare LLC. (Notice of Removal, Doc. No. 1 at ¶¶ 3, 19-21, 23, 27) One plaintiff shares Pennsylvania citizenship with Defendants Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Bayer Corporation, and Bayer Healthcare, LLC. (Id. at ¶¶ 3, 17, 19, 22-23, 27) One plaintiff shares California citizenship with Bayer Healthcare LLC. (Id. at ¶¶ 3, 25, 27) Despite that shared citizenship, on April 14, 2016, Defendants, excluding Bayer Pharma AG, Bayer Healthcare AG, and Bayer AG, removed the action to this Court on the basis of diversity jurisdiction. (Doc. No. 1)

In their notice of removal, Defendants argue the nonresident Plaintiffs have not established that Defendants are subject to personal jurisdiction in Missouri, so their claims should be dismissed. (Id. at ¶ 3) Defendants also argue that Plaintiffs have misjoined their claims in a single petition in an attempt to defeat removal to federal court. (Id. at ¶ 5) Defendants contend the Court should consider the threshold issue of personal jurisdiction before determining whether the Court has subject matter jurisdiction over the case.

Defendants also advise that a Multi-District Litigation ("MDL") has been established for federal actions involving "allegations that plaintiffs suffered severe bleeding or other injuries as a result of taking Xarelto." (Id. at ¶ 2; Doc. No. 1-2) Defendants seek inclusion of this action in the MDL, and request this action be stayed pending transfer. Defendants argue this Court should

2

defer to the MDL Court's processes to ensure that this litigation is managed in a consistent and efficient manner on the issues of joinder, severance and personal jurisdiction. (Id. at ¶ 5)

Plaintiffs move to remand the case back to state court because complete diversity does not exist and because fraudulent misjoinder has not been recognized by the Eighth Circuit as a basis for removal of state law pharmaceutical product liability cases, citing In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010). (Doc. No. 16 at 1-2, 11-15)

**Motion to stay**

With respect to Defendants' motion to stay, a "putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed." Turley v. Janssen Research & Development LLC, et al., No. 4:15CV1553 SNLJ, ECF No. 25 at 2 (E.D. Mo. Dec. 23, 2015) (quoting Spears v. Fresenius Med. Care N. Am., Inc., No. 4:13CV855 CEJ, 2013 WL 2643302, at *1 (E.D. Mo. June 12, 2013) (quoting T.F. v. Pfizer, Inc., No. 4:12CV1221 (CDP), 2012 WL 3000229, at *1 (E.D. Mo. July 23, 2012)); Littlejohn v. Janssen Research & Dev., LLC, No. 4:15CV194 CDP, 2015 WL 1647901, at *3 (E.D. Mo. Apr. 13, 2015) (citing Rule 2.1(d), Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation). "This is especially true where, as here, the pending motion is one for remand and goes to the Court's subject matter jurisdiction." Turley, ECF No. 25 at 3. The motion to stay will therefore be denied, and the Court will address Plaintiffs' motion to remand.

**Motion to remand**

An action is removable to federal court if the claims originally could have been filed in federal court. 28 U.S.C. § 1441; Prempro, 591 F.3d at 619. The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy

Coll., 420 F.3d 763, 768 (8th Cir. 2005). A case must be remanded if, at any time, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). Any doubts about the propriety of removal are resolved in favor of remand. Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007).

Removal in this case was premised on diversity jurisdiction, which requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). There is no dispute that the amount in controversy is over $75,000. Likewise, the parties agree that Plaintiffs' petition does not allege complete diversity between the parties. Nevertheless, Defendants argue this Court has diversity jurisdiction because the nonresident Plaintiffs' claims were either fraudulently joined or fraudulently misjoined. Defendants further argue this Court can and should resolve the personal jurisdiction question first before ruling on subject matter jurisdiction.

On numerous occasions, this Court has exercised its discretion in deciding whether to consider personal or subject matter jurisdiction in the first instance, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587-88 (1999), to consider subject matter jurisdiction first. See Morgan v. Janssen Pharmaceuticals, Inc., et al., No. 4:14CV1346 CAS, 2014 WL 6678959 (E.D. Mo. Nov. 25, 2014); Butler v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., et al., No. 4:14CV1485 RWS, 2014 WL 5025833 (E.D. Mo. Oct. 8, 2014); Littlejohn v. Janssen Research & Dev., LLC, No. 4:15CV194 CDP, 2015 WL 1647901, at *3 (E.D. Mo. Apr. 13, 2015). The Court will do so here, where the inquiry regarding subject matter jurisdiction is straightforward.

With regard to Defendants' challenge to the propriety of joining the nonresident Plaintiffs' claims into a single action, even if the fraudulent misjoinder doctrine is applied, it does not support this Court's exercise of jurisdiction. See, e.g., Prempro, 591 F.3d at 619; Robinson v. Pfizer Inc., No. 4:16-CV-439 (CEJ), 2016 WL 1721143, at *3 (E.D. Mo. Apr. 29, 2016); Littlejohn, 2015 WL 1647901, at *3; Morgan, 2014 WL 6678959; Butler, 2014 WL 5025833 (E.D. Mo. Oct. 8, 2014); Orrick v. Smithkline Beecham Corp., No. 4:13-CV-2149 (SNLJ), 2014 WL 3956547 (E.D. Mo. Aug. 13, 2014). Several recent cases from this district have determined that the joinder of plaintiffs alleging injury from a single drug is not "egregious," because common issues of law and fact connect the plaintiffs' claims. Robinson, 2016 WL 1721143, at *4 (citing cases).

The Court finds that here, as in those cases, Plaintiffs' complaint raises common questions of law or fact regarding injuries alleged from use of the same drug, Xarelto, and arising out of the same development, distribution, marketing, and sales practices for that drug, such that common issues of law and fact are likely to arise in the litigation. Moreover, because Plaintiffs' allegations relate to Defendants' design, manufacture, testing, and promotion of Xarelto - occurrences common to all Plaintiffs - their claims also arise out of the same transaction or occurrence, or series thereof. That is so even if the exposures occurred in different states and under the supervision of different medical professionals. Robinson, 2016 WL 1721143 at *4.

**Conclusion**

Plaintiffs' claims are sufficiently related to support joinder in this case, and Defendants have not met their burden of demonstrating diversity of citizenship as required by 28 U.S.C. §

1332. Therefore, this Court lacks subject matter jurisdiction over this case and the case will be remanded to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare LLC, Bayer Corporation, Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Johnson & Johnson Company, and Janssen Ortho LLC's Motion to Stay [10] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand [15] is **GRANTED**.

**IT IS FINALLY ORDERED** that this matter is **REMANDED** to the Circuit Court for the City of St. Louis.

Dated this 26th day of May, 2016.

JOHN A. ROSS
**UNITED STATES DISTRICT JUDGE**