Robert W. Boatman (009619)
Paul L. Stoller (016773)
Shannon L. Clark (019708)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
rwb@gknet.com
paul.stoller@gknet.com
SLC@gknet.com

Ramon Rossi Lopez (CA Bar No. 86361)
(admitted *pro hac vice*)
LOPEZ McHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
rlopez@lopezmchugh.com
*Co-Lead/Liaison Counsel for Plaintiffs*

James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
Telephone: (602) 382-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com
*Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**JOINT ESI STATUS REPORT** |

On August 31 and September 7, 2016, the Court held conference calls with the Parties concerning the status of ESI.  During the September 7, 2016 status call—and in a Minute Entry of the same day—the Court noted that the Parties had reached agreement on the ESI process, ordered that Defendants' production be completed by September 30, 2016, and ordered the Parties to provide the Court with a brief status report of the status of ESI by September 23, 2016.  In accordance with the Court's instructions, the Parties provide the following ESI status report:

To expedite document production of ESI from Defendants, the Parties agreed to a process by which Defendants would produce documents primarily without "eyes-on" review for relevancy while still performing a privilege review.  As part of that process, on September 9, the Parties submitted a proposed case management order ("CMO") regarding the protection of information and redaction of materials from Defendants' expedited ESI production.  The Court entered the CMO on that subject on September 14.  The parties have subsequently engaged in negotiation regarding clarification of that CMO to make clear the parties' intent that the order does not require Plaintiffs to identify or describe the specific intended use for any document or file that they notify Defendants they "intend to use" pursuant to paragraph 4 of the CMO, e.g., Plaintiffs are not required to identify documents before use at depositions.  The parties are negotiating the particular language of the clarification and intend to submit a proposed amended CMO by early next week.

Since the August 31 conference call, Defendants have collected and processed terabytes of data from custodial and shared data sources.  In addition, Defendants have, on a rolling basis, produced hundreds of thousands of pages of documents and anticipate producing hundreds of thousands of additional documents over the next week.

Since the September 7, 2016 status conference, the Parties have continued to work cooperatively on ESI issues.  They have agreed on search parameters using identified and agreed keyword and fuzzy terms (subject to discussion as to whether there may need to be some discrete additional terms run against the resulting non-responsive set) and are producing documents using those terms; with the exception some specific folders from the

already-collected shared server locations which they are actively discussing, they have agreed on all sources and locations of ESI from which ESI is to be produced and are producing from those sources; and, they have agreed on the general parameters for testing of documents that did not hit on the agreed-upon keyword or fuzzy terms and are continuing to negotiate the specifics of such testing.

While the Parties continue to work cooperatively on this matter, in the event the Parties are unable to resolve any of the remaining issues, they will contact the Court to determine how it wants to resolve any such impasse.

DATED this 23rd day of September, 2016.

| GALLAGHER & KENNEDY, P.A. | SNELL & WILMER L.L.P. |
|---|---|
| By: s/ Paul L. Stoller<br>Robert W. Boatman (009619)<br>Paul L. Stoller (016773)<br>Shannon L. Clark (019708)<br>2575 East Camelback Road<br>Phoenix, Arizona 85016-9225<br><br>Ramon Rossi Lopez<br>(admitted *pro hac vice*)<br>CA Bar No. 86361<br>LOPEZ McHUGH LLP<br>100 Bayview Circle, Suite 5600<br>Newport Beach, California 92660<br><br>Attorneys for Plaintiffs | By: s/ Matthew B. Lerner<br>James R. Condo<br>Amanda C. Sheridan<br>One Arizona Center<br>400 E. Van Buren, Suite 1900<br>Phoenix, Arizona  85004-2202<br><br>Richard B. North, Jr. (admitted *pro hac vice*)<br>Georgia Bar No. 545599<br>Matthew B. Lerner (admitted *pro hac vice*)<br>Georgia Bar No. 446986<br>Nelson Mullins Riley & Scarborough LLP<br>201 17th Street, NW / Suite 1700<br>Atlanta, GA  30363<br><br>Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2016, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

   s/ Deborah Yanazzo
   Deborah Yanazzo