IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC<br><br>**CASE MANAGEMENT ORDER NO. 18** |

The Court held a sixth case management conference with the parties on October 14, 2016. The conference addressed ongoing matters and issues identified in Case Management Order No. 15 (Doc. 3214) and the parties' joint report (Doc. 3636).

**A.  Adjustment of Discovery Schedule.**

Plaintiffs ask that the discovery schedule be extended by approximately four months in light of substantial document production that has occurred in the last few weeks, the need to review the documents, and the likely need for additional depositions in light of the new documents. Defendants oppose the request.

A case management schedule entered under Rule 16 of the Federal Rules of Civil Procedure "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Good cause exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm. Notes (1983 Am.). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609; *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Where that party has not been diligent, the inquiry ends and

the motion is denied. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.2002); *Johnson*, 975 F.2d at 609.

On the basis of the discussion at the case management conference and previous conferences, the Court concludes that Plaintiffs have been reasonably diligent in seeking the production of ESI in this litigation. ESI discovery has been monitored by the Court from the start of this litigation. *See* Docs. 249 at 2; 519 at 4-5; 1259; 1319 at 3; 2238 at 1; 3214 at 2. Throughout this process, it has appeared that Plaintiffs and Defendants have worked with reasonable diligence to understand the location and nature of ESI and agree upon search methods. Some of the parties' progress was slowed when Defendants concluded that they must change ESI vendors in August 2016. Although it is true that final search terms were not arrived at until September 14, 2016, the parties had agreed upon and produced much ESI before that date and worked with reasonable diligence up to that date.

Plaintiffs report that they have received production of more than 800,000 documents in the last few weeks. Clearly, Plaintiffs are unable to complete their review of these documents (totaling more than 3 million pages) by the close of discovery on October 28, 2016. Plaintiffs say they need about six weeks to review the documents, and then 10 to 12 weeks for depositions. The Court does not agree that this much time is needed for depositions. The Court will extend the discovery schedule as follows.[1] **The parties are advised that the Court does not intend to grant additional extensions.**

    Deadline for completing fact discovery:        February 3, 2017

    Deadline for Plaintiffs' expert disclosures:        March 3, 2017

---

[1] Following the case management conference, the Court concluded that review of the documents and additional depositions could be completed in less time, and drafted this order accordingly. The Court then received a conference call from the parties stating that Defendants plan to produce an additional one million pages of documents tomorrow. Plaintiffs' counsel stated that this would delay their predictive-coding search of the documents by one week. It also will result in additional documents to review, although, as Defendants have noted, the production has been made without eyes-on review by Defendants (to expedite the production, and with Plaintiffs' consent) and therefore includes a potentially large amount of irrelevant material. Following the conference call, the Court decided to grant a longer extension to account for this additional production.

- 2 -

| | |
|---|---|
| Deadline for Defendants' expert disclosures: | April 14, 2017 |
| Deadline for rebuttal expert disclosures: | May 12, 2017 |
| Deadline for expert depositions: | July 14, 2017 |

The Court notes that expert disclosures on these dates must be full and complete as required by Rule 26(a)(2)(A)-(C), and rebuttal expert disclosures shall be limited to responding to opinions of initial experts.

**B.     Adjustment of Bellwether Schedule.**

Because the parties likely will be busy completing fact discovery in January, the Court concludes that the bellwether schedule in CMO 11 (Doc. 1662) should be adjusted slightly. The deadlines for forming Discovery Group 1 will remain as set forth in CMO 11, § IV. Section V.A.2 of CMO 11 is amended as follows:

> After having met and conferred, and by **April 21, 2017**, the parties shall exchange lists of six (6) proposed selections from Discovery Group 1 for bellwether plaintiffs, and order of trials. The parties will meet and confer in an effort to agree upon a group of six (6) cases to constitute Bellwether Group 1, which shall be done in a manner consistent with achieving the goal of proportionate identification of representative cases. If the parties are unable to agree on six (6) cases, the parties shall submit to the Court, outside of the ECF system, by **April 28, 2017**, their proposed lists and a memorandum in support of their selections and in opposition, if applicable, to the opposing party's selections. Within seven (7) business days of such submission, the parties may submit a response to the opposing party's memorandum regarding selection of cases. The parties propose that the Court then select the final group of six (6) cases to form Bellwether Group 1.[2]

The parties should confer on the discovery to be completed between the December 2016 selection of Discovery Group 1 and the bellwether selection process set forth above. In the Court's view, all discovery need not be completed in every case in Discovery Group 1 before the bellwether cases are selected, but enough discovery will be needed to

---

[2] The Court set these new dates to fall after each side has made their initial expert disclosures, thus ensuring that the parties can consider the other side's major expert opinions in making their bellwether selections.

- 3 -

ensure that the parties have a reasonably informed basis for making selections. The parties should be prepared at the next case management conference to propose the nature and timing of discovery to occur during this period.

The Court's intention will be complete bellwether selection in early May, and set a schedule that will permit all discovery, and appropriate motion practice, to be completed in time to hold the first bellwether trial in the Fall of 2017. Other bellwether trials may also be possible before the end of 2017.

**C.     Depositions.**

The Court will permit the additional depositions of Drs. Kaufman (4 hours), Venbrux (3 hours), Trerotola (4 hours), and Stavropolous (4 hours). The Court concludes that these doctors have information relevant to the thousand-plus cases that are now part of this MDL and that could not reasonably have been inquired into during their previous, shorter depositions. In scheduling these depositions, the parties should be considerate of the doctors' busy schedules. These depositions may be scheduled any time between now and the new fact discovery deadline of February 3, 2017. If these doctors have filed motions to quash in other districts, the parties should consider the applicability of Rule 45(f). The 2013 Advisory Committee note to Rule 45(f) states that exceptional circumstances – as required in one application of the provision – may exist "in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion[.]"

The Court concludes that Plaintiffs have had ample opportunity to question Dr. Lehmann in the 11 hours of deposition already completed and the Texas hearing at which he testified, and will not permit his further deposition. The re-deposition of John McDermott will not occur for reasons agreed upon during the case management conference.

The Court will permit the following depositions: Kevin Boyle, Scott Randall, Mike Randall, Mark Wilson, Kim Romney, Dr. Lynch, and Dr. Cohen. These depositions may occur between now and the February 3, 2017 deadline. The Court

- 4 -

concludes that each of these witnesses has relevant information, and that their depositions are proportional to the needs of this MDL.

**D.   Special Master.**

The Court will not appoint a special master to oversee depositions. The Court does not believe that the experienced and professional counsel in this case are incapable of conducting a proper deposition without supervision. If problems arise in any deposition, however, the parties should call the Court during the deposition. The Court has instructed staff that the call is to be taken if at all possible. If the undersigned judge is out of town in rules committee or other meetings, staff will be instructed to transfer the call to the judge or arrange a time later that day for a conference call. Such out-of-town calls may not be on the record. The Court will endeavor to make itself available to resolve any issues that arise during depositions.

**E.   Next Case Management Conference.**

The Court will hold the next Case Management Conference on **December 9, 2016 at 3:00 p.m.** The parties shall provide the Court with a joint status report on or before **December 5, 2016.**

Dated this 14th day of October, 2016.

_____
David G. Campbell
United States District Judge