WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION | MDL No. 15-2641 |
| This Order Relates to: | |
| Angela Novy, et al., | No. CV-16-02853-PHX-DGC |
| Plaintiffs, | |
| v. | **ORDER** |
| C.R. Bard, Inc., et al., | |
| Defendants. | |

This case was originally filed in Missouri state court. Defendants removed the case to the United States District Court for the Eastern District of Missouri, and it was transferred to this Court to become part of this MDL proceeding. Defendants have filed a motion to dismiss for lack of personal jurisdiction. *See* Docs. 3401, 3402. Plaintiffs have responded (Doc. 3405), and filed a motion to remand (Doc. 3403). No party has requested oral argument. For the following reasons, the Court will grant Defendants' motion to dismiss all Plaintiffs other than Angela Novy and Tammy Dykema, and deny Plaintiffs' motion to remand.

**I.    Background.**

The allegations of Plaintiffs' complaint are taken as true for purposes of this motion. Plaintiffs are 48 unrelated persons from 29 different states. *See* Doc. 1-3, ¶¶ 6-

53 in *Novy v. C.R. Bard, Inc.*, No. 2:16-cv-02853-PHX-DGC (E.D. Mo. July 28, 2016).[1] Defendant C.R. Bard, Inc. is a Delaware corporation with its principal place of business in New Jersey.  E.D. Mo. Doc. 1-3, ¶ 54.  Defendant Bard Peripheral Vascular, Inc. ("BPV") is a wholly-owned subsidiary of C.R. Bard, Inc. with its principal place of business in Arizona.  *Id.*, ¶ 55.  Defendants manufacture a line of Inferior Vena Cava ("IVC") filters to capture blood clots that travel to the heart and lungs.  *Id.*, ¶¶ 3-4, 58-59.

On May 6, 2016, Plaintiffs filed this action against C.R. Bard, Inc. and BPV (collectively, "Bard") in the Circuit Court for the Twenty-Second Judicial Circuit, St. Louis City, Missouri.  *See id.* at 1.  Plaintiffs allege, as do the plaintiffs in this MDL, that they each received a Bard IVC filter and have suffered injury "directly and proximately caused by Defendants, [and] the unreasonably dangerous and defective nature of Bard IVC filters."  *Id.*, ¶ 5.  Only two Plaintiffs, Angela Novy and Tammy Dykema, allege claims based on events that occurred in Missouri.  *Id.* at ¶¶ 6, 28.  All other Plaintiffs are citizens of other states whose claims arise from events that occurred outside of Missouri. Several of these Plaintiffs share common citizenship with Bard.[2]  *See id.* at ¶¶ 6-53.

On July 28, 2016, Bard removed this case to federal court in the Eastern District of Missouri on the basis of diversity jurisdiction, and requested transfer to this MDL.  *See* E.D. Mo. Doc. 1.  Bard also moved to dismiss Plaintiffs' action for lack of personal jurisdiction.  *See* Docs. 3401, 3402.  On August 8, 2016, Plaintiffs filed a motion to remand the case to Missouri state court.  *See* Docs. 3403, 3404.

**II.   Legal Standard.**

A civil case brought in state court may be removed to federal court in the district where the action is pending if the federal district court would have had original

---

[1] To avoid confusion, documents filed in the Eastern District of Missouri case after removal but before consolidation in this MDL will be cited as "E.D. Mo. Doc.," and documents filed in MDL No. 2641 will be cited as "Doc."

[2] Plaintiffs Lisa Radzik, Allen Kotter, Denise Gill, Faith Hinchman, Sabir Saad, and William Salters are citizens of New Jersey.  E.D. Mo. Doc. 1-3, ¶¶ 6-53.  Plaintiffs Heather Powers, Joseph Grossman, and James Maxfield are citizens of Arizona.  *Id.* Plaintiffs Abdul-Mutaal Bilal and Brian Morrison are citizens of Delaware.  *Id.*

jurisdiction, including diversity jurisdiction. 28 U.S.C. §§ 1332, 1441(a). Removal based on diversity jurisdiction is not proper if complete diversity is lacking, but "[c]ourts have long recognized fraudulent joinder as an exception to the complete diversity rule." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).[3] The removal statute, 28 U.S.C. § 1441, is to be strictly construed against removal. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). A defendant seeking to remove a case to federal court carries the burden of establishing diversity jurisdiction, and "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro*, 591 F.3d at 620 (citation omitted); *see* 28 U.S.C. § 1447(c).

**III. Analysis.**

Defendants divide the 48 Plaintiffs into two groups: "in-state Plaintiffs" and "out-of-state Plaintiffs." Doc. 3402 at 2-3. In-state Plaintiffs include only Novy, who is a resident of Missouri, and Dykema, who was implanted with a Bard IVC filter in Missouri. *Id.* Out-of-state Plaintiffs include all other named Plaintiffs. *Id.* Defendants concede that the Court has specific personal jurisdiction over them with respect to the claims of the in-state Plaintiffs. *Id.* at 3.

In their notice of removal, Defendants assert that the diversity-destroying out-of-state Plaintiffs were fraudulently joined because their claims have no reasonable basis in Missouri. E.D. Mo. Doc. 1 at 3. In their motion to dismiss, Defendants argue that this Court lacks personal jurisdiction over Defendants for all claims brought by out-of-state Plaintiffs because those Plaintiffs cannot assert sufficient facts to establish such personal jurisdiction in any Missouri court. Docs. 3401, 3402 at 4, 3319 at 4-5. In their response and motion to remand, Plaintiffs argue that the Court lacks subject matter jurisdiction because complete diversity is lacking, Defendants therefore improperly removed this case

---

[3] Because an MDL transferee court applies the substantive law of the transferor forum, the Court applies the substantive law of the Eastern District of Missouri and the Eighth Circuit to this motion. *In re Zicam Cold Remedy Mktg., Sales Practices, & Prods. Liab. Litig.*, 797 F. Supp. 2d. 940, 941 (D. Ariz. 2011) (citing *Ferens v. John Deere Co.*, 494 U.S. 516, 525 (1990)).

- 3 -

to federal court, and, in ruling on the various motions, the Court should decide subject matter jurisdiction before addressing personal jurisdiction, which will result in immediate remand. Docs. 3405, 3404. Plaintiffs also argue that they are not fraudulently joined because all Plaintiffs allege injuries arising from the same product and common facts. Doc. 3404 at 6-9. The Court will first determine whether it must decide subject matter jurisdiction before personal jurisdiction.

### A. Priority of Jurisdictional Arguments.

"Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). "[I]n cases removed from state court to federal court, as in cases originating in federal court, there is no unyielding jurisdictional hierarchy." *Id.* at 578. "[I]n most instances subject-matter jurisdiction will involve no arduous inquiry. In such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." *Id.* at 587-88 (citations omitted). But where "a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction." *Id.* at 588; *see also Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) ("certain threshold issues, such as personal jurisdiction, may be taken up without a finding of subject-matter jurisdiction, provided that the threshold issue is simple when compared with the issue of subject-matter jurisdiction.").

Plaintiffs argue that subject matter jurisdiction analysis in this case is simple because complete diversity is lacking. Doc. 3404 at 4. They contend the Court should remand this action immediately without reaching the issue of personal jurisdiction. *Id.*

Plaintiffs oversimplify. Defendants argue that the diversity-destroying out-of-state Plaintiffs were fraudulently joined to circumvent complete diversity. Doc. 3402; 3319.

"The Court cannot simply ignore or summarily reject this argument to make its subject matter jurisdiction analysis easier." *In re Testosterone Replacement Therapy Prod. Liab. Litig. Coordinated Pretrial Proceedings*, 164 F. Supp. 3d 1040, 1044 (N.D. Ill. 2016) ("*TRT*"). Defendants' fraudulent joinder argument raises complicated issues upon which there is no controlling Eighth Circuit precedent, such as whether the fraudulent joinder doctrine applies to plaintiffs who allegedly cannot invoke the court's personal jurisdiction. The fraudulent joinder argument makes the subject matter jurisdiction analysis "rather complicated," especially if the inquiry involves "the more unusual question of 'fraudulent joinder' of a plaintiff." *Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F.Supp.2d 891, 899 (N.D. Iowa 2000). The personal jurisdiction question, by contrast, does not present a complex question, and the Court therefore concludes that addressing it will not offend principles of federalism. *Ruhrgas AG*, 526 U.S. at 588.

What is more, Defendants' subject matter jurisdiction argument relies on their claim that joinder of the diversity-destroying out-of-state Plaintiffs was improper because those Plaintiffs cannot establish personal jurisdiction over Defendants in a Missouri court. Doc. 3319 at 4-8. Thus, the Court will confront the personal jurisdiction issue regardless of the sequence in which it conducts its analysis. *TRT*, 164 F. Supp. 3d at 1046.

The Court will first address personal jurisdiction over the out-of-state Plaintiffs. If personal jurisdiction is lacking, the Court may dismiss the out-of-state Plaintiffs and deny the motion for remand without addressing fraudulent joinder.

**B.     Personal Jurisdiction.**

The Court need not decide whether to apply federal law or Missouri law because "[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons," *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (citation omitted), and Missouri has authorized its courts to exercise jurisdiction to the maximum extent permitted by the Due Process Clause of the U.S. Constitution, *see J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. 2009). Thus, whether in federal court or

Missouri courts, the question of personal jurisdiction turns on well-known principles of due process law.

Missouri may exercise jurisdiction over a defendant who is not physically present in the State if the defendant has minimum contacts with Missouri, such that suit can be maintained there without offending "'traditional notions of fair play and substantial justice.'" *J. McIntyer Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The party asserting personal jurisdiction bears the burden of establishing a prima facie case that jurisdiction exists. *Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir. 2006). "To survive a motion to dismiss, the plaintiff must state sufficient facts in the complaint to support a reasonable inference that [the defendant] may be subjected to jurisdiction in the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008).

Personal jurisdiction can be general or specific. *Daimler AG v. Bauman*, 134 S.Ct. 746, 754 (2014). General personal jurisdiction grants a court the ability to entertain any claim against a defendant over which it has subject matter jurisdiction, even claims arising from the defendant's actions in other States. *Id.* It exists when a defendant's contacts with the forum State "are so continuous and systematic as to render [it] essentially at home in the forum State." *Id.* Plaintiffs do not directly argue that Defendants are subject to general personal jurisdiction in Missouri, nor could they. Plaintiffs identify no Missouri-related contacts by Defendants other than sales and marketing efforts, and the Supreme Court has held that such contacts are not sufficient for general jurisdiction. *Id.* at 761.

Specific personal jurisdiction grants a court personal jurisdiction over a specific claim asserted against a defendant. It exists when the defendant has purposefully availed itself of the privilege of conducting business in the forum State and the plaintiff's injuries arise out of the defendant's forum-related activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). As the Eighth Circuit has explained, specific jurisdiction applies to "causes of action arising from or related to a defendant's actions within the

forum state." *Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745-46 (8th Cir. 2011); *see also Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004).

The out-of-state Plaintiffs present no facts to suggest that their alleged injuries from Bard IVC filters arise out of or relate to Defendants' actions in Missouri. No out-of-state Plaintiff is a citizen of Missouri, and no event giving rise to their claims took place there. *See Id.*, ¶¶ 6-53. Plaintiffs do not allege that any out-of-state Plaintiff was ever in Missouri, much less that they were subjected to any advertising, doctor recommendation, filter implants, illness, injury, or medical procedure there. Because the out-of-state Plaintiffs received their Bard filters and related medical care in other States, they cannot individually show that their injuries arise out of or relate to Defendants' Missouri activities.

Plaintiffs argue that out-of-state Plaintiffs "do not have to separately establish personal jurisdiction for each claim as though they were in a vacuum." Doc. 3405 at 4-5. They contend that the Court can look to this lawsuit "as a whole," and, upon finding that the claims of in-state Plaintiffs arise out of Defendants' contacts with Missouri, exercise personal jurisdiction over the entire case due to the factual similarity of Plaintiffs' claims.

The Court does not agree. This is not a class action. The in-state Plaintiffs are not suing on behalf of the out-of-state Plaintiffs, and cannot establish personal jurisdiction for them. Rather, each Plaintiff is suing in his or her own right and must prove his her own case. The fact that Plaintiffs have been joined in a single lawsuit does not alter the reality that this case involves 48 different Plaintiffs asserting 48 different claims.

Joinder is not the same as jurisdiction. Joinder of multiple Plaintiffs may be appropriate when their claims arise out of "the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a). But the rule permitting joinder says nothing about personal jurisdiction. Instead, specific jurisdiction applies only to "causes of action arising from or related to a defendant's actions within the forum state." *Pangaea*, 647 F.3d at 745-46. If an individual plaintiff's cause of action does not arise out of or relate to the defendant's actions within the forum State, the plaintiff cannot

- 7 -

establish specific personal jurisdiction over the defendant. This is true even if the plaintiff is joined with other plaintiffs whose claims do arise out of the defendant's forum contacts. As courts have recognized, "[p]ermitting the legitimate exercise of specific jurisdiction over one claim to justify the exercise of specific jurisdiction over a different claim that does not arise out of or relate to the defendant's forum contacts would violate the Due Process Clause." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 275 (5th Cir. 2006); *see also TRT*, 164 F. Supp. 3d at 1049 ("defendants' contacts in Missouri that give rise to [the in-state plaintiff's] claims are inadequate to confer jurisdiction over defendants for [the out-of-state plaintiff's] claims"); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1351, at 299 n.30 (2004) ("There is no such thing as supplemental specific personal jurisdiction; if separate claims are pled, specific personal jurisdiction must independently exist for each claim and the existence of personal jurisdiction for one claim will not provide the basis for another claim.").[4]

Without saying so, Plaintiffs in essence are arguing for general personal jurisdiction over Defendants – that Defendants may be sued in Missouri for any claim, even those that do not arise out of Defendants' Missouri-related contacts. The Supreme Court has squarely rejected the suggestion that general jurisdiction – sometimes referred to as "all-purpose jurisdiction" – may arise from a defendant's sales and marketing efforts in a State:

> only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there. For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home. With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for

---

[4] Some cases have recognized a form of pendent personal jurisdiction with respect to multiple claims of a single plaintiff: "where a federal statute authorizes nationwide service of process, and the federal and state claims 'derive from a common nucleus of operative fact,' the district court may assert personal jurisdiction over the parties to the related state law claims even if personal jurisdiction is not otherwise available." *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1056 (2d Cir. 1993). Even if this doctrine is viable, it applies to claims asserted by a single plaintiff, not claims asserted by different plaintiffs. *Id.*

>general jurisdiction. Those affiliations have the virtue of being unique – that is, each ordinarily indicates only one place – as well as easily ascertainable.

*Daimler*, 134 S. Ct. at 760 (citations, quotation marks, and brackets omitted). Plaintiffs do not contend, and cannot contend, that Defendants are incorporated or have their principal places of business in Missouri. And the fact that Defendants marketed their IVC filters in Missouri is not sufficient. The Supreme Court rejected "the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business." *Id.* at 761 (quotation marks and citation omitted). The Court specifically declined to approve general jurisdiction "in every . . . State in which [the defendant's] sales are sizable." *Id.*

Defendants are not subject to general jurisdiction in Missouri. Their marketing efforts and profits from the State are not sufficient, and Plaintiffs cannot show that they otherwise operate so continuously and systematically in Missouri as to render them "at home" there. As noted above, Defendant C.R. Bard, Inc. is a Delaware corporation with its principal place of business in New Jersey, and Defendant BPV is a wholly-owned subsidiary of C.R. Bard, Inc., with its principal place of business in Arizona.

Plaintiffs cite *Gracey v. Janssen Pharm., Inc.*, No. 4:15-cv-407-CEJ, 2015 WL 2066242, at *3 (E.D. Mo. May 4, 2015), in support of their jurisdictional argument. In *Gracey*, the district court remanded a case in which 64 plaintiffs from 30 states asserted claims against defendants arising out of their use of the same medication. *Gracey*, 2015 WL 2066242, at *1. The *Gracey* defendants, like Defendants in this case, sought to dismiss diversity-destroying out-of-state plaintiffs for lack of personal jurisdiction in order to preserve subject matter jurisdiction in federal court. *Id.* The *Gracey* court held that because the defendants conceded that Missouri courts had specific personal jurisdiction over them with respect to the Missouri plaintiffs, "Missouri courts, thus, may properly exercise personal jurisdiction over defendants with respect to this cause of action as a whole arising out of or related to its contacts and conduct in Missouri." *Id.*

at *3.  *Gracey* held that properly joined plaintiffs with claims arising out of the same transaction need not establish personal jurisdiction over the defendants.  *Id.* at *3-4.

The Court respectfully disagrees with *Gracey*.  It conflates joinder and jurisdiction, and runs counter to the fundamental specific jurisdiction principle that every plaintiff's case must arise out of a defendant's forum-related activities.  Under Plaintiffs' theory of personal jurisdiction, any company engaged in the sale or marketing of products in Missouri, and whose products allegedly cause a Missouri plaintiff's injury, would be subject to personal jurisdiction in Missouri for claims brought by any plaintiff who allegedly suffered a similar injury anywhere in the country.  Such a broad theory of personal jurisdiction has been rejected by the Supreme Court as "unacceptably grasping." *See Daimler*, 134 S. Ct. at 761.

Plaintiffs also argue that requiring personal jurisdiction over each plaintiff's claim ignores the Supreme Court's instruction in *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984), that a court's minimum contacts analysis "properly focuses on the relationship among the defendant, the forum, and the litigation." Doc. 3405 at 4-8; *Keeton*, 465 U.S. at 775.  But *Keeton* did not alter the specific jurisdiction requirement that a plaintiff's injuries must arise out of or be related to the defendant's activities in the forum.  *Keeton* involved a libel suit brought by a non-resident for libelous publications in New Hampshire.  *Id.*  The Supreme Court specifically recognized that the injury arose from the defendant's conduct in the State, holding that "New Hampshire may also extend its concern to the injury that *in-state libel causes within New Hampshire to a nonresident*. The tort of libel is generally held to occur wherever the offending material is circulated." *Id.* at 776-777 (emphasis added); *see also id.* at 776 ("it is beyond dispute that New Hampshire has a significant interest in redressing injuries *that actually occur within the State*. . . . This interest extends to libel actions brought by nonresidents.") (emphasis added); *TRT*, 164 F. Supp. 3d at 1048 ("There is no indication in *Keeton* that the plaintiff could have brought suit in New Hampshire if, for example, the magazine circulated within the state contained only libelous statements related to other, unrelated plaintiffs.").

Unlike the plaintiff in *Keeton*, who was personally harmed by the defendant's conduct in New Hampshire, the out-of-state Plaintiffs in this case have suffered no injury arising from Defendants' actions in Missouri.

Plaintiffs make only conclusory allegations that they are "suing defendants for the very activity being conducted, in part, in Missouri – that is marketing, promoting, and selling their retrievable IVC filters." Doc. 3404 at 8. Such conclusory allegations are not sufficient to establish personal jurisdiction. *See Dever*, 380 F.3d at 1074 (holding that a plaintiff failed to establish personal jurisdiction over a defendant where the plaintiff rested on conclusory allegations); *T.L.I. Holding Corp. v. Samsung Int'l, Inc.*, No. 4:07-cv-01916-FRB, 2008 WL 2620910, at *5 (E.D. Mo. June 27, 2008) ("[C]onclusory allegations are insufficient to support a finding that this Court has personal jurisdiction over [the defendant]."). Plaintiffs provide no facts to show how their claims arise out of Bard's marketing and sales of its IVC filters in Missouri, particularly given that out-of-state Plaintiffs do not allege that they received their filters in Missouri or otherwise have any link to the State. Plaintiffs have failed to show that the out-of-state Plaintiffs can establish specific personal jurisdiction over Defendants.[5]

**IV.    Conclusion.**

The Court will grant Defendants' motion to dismiss out-of-state Plaintiffs' claims for lack of personal jurisdiction. With the out-of-state Plaintiffs dismissed, complete diversity exists among the parties. The Court therefore has subject matter jurisdiction over this action with regard to the remaining Plaintiffs, Novy and Dykema, and the motion to remand will be denied. This ruling does not preclude dismissed Plaintiffs from filing suit in a State that can exercise personal jurisdiction over Defendants, or from joining this MDL through the filing of a short form complaint as described in the Court's

---

[5] Plaintiffs suggest that jurisdictional discovery may enable them to show personal jurisdiction in Missouri. Doc. 3406 at 6. The Court will not grant such discovery because it is clear that Defendants are not subject to general jurisdiction in Missouri and out-of-state Plaintiffs' injuries do not arise out of Defendants' activities there. Plaintiffs possess all of the facts concerning their own receipt of an IVC filter and problems that allegedly resulted from it, and yet they never suggest that any out-of-state Plaintiff received the filter or was otherwise injured in Missouri.

- 11 -

case management orders.

**IT IS ORDERED:**

1. Defendants' motion to dismiss the out-of-state Plaintiffs for lack of personal jurisdiction (Doc. 3401) is **granted**. The Court will retain jurisdiction over the claims of Plaintiffs Angela Novy and Tammy Dykema.

2. Plaintiffs' motion to remand (Doc. 3403) is **denied**.

Dated this 27th day of October, 2016.

_____
David G. Campbell
United States District Judge