Robert W. Boatman (009619)
Paul L. Stoller (016773)
Shannon L. Clark (019708)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
rwb@gknet.com
paul.stoller@gknet.com
SLC@gknet.com

Ramon Rossi Lopez (CA Bar No. 86361)
(admitted *pro hac vice*)
LOPEZ McHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
rlopez@lopezmchugh.com

*Co-Lead/Liaison Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**PLAINTIFFS' CO-LEAD/LIAISON COUNSEL'S MEMORANDUM RE LEADERSHIP APPOINTMENTS** |

In accordance with this Court's Case Management Order No. 1, Plaintiffs' Co-Lead/Liaison Counsel submits this memorandum regarding appointments to the Plaintiffs' Leadership Committee (PLC).

In Case Management Order No. 1, this Court appointed Ramon R. Lopez of Lopez McHugh and Robert W. Boatman of Gallagher & Kennedy as Plaintiffs' Co-Lead/Liaison Counsel and State/Federal Liaison Counsel. The Court also appointed 20 attorneys from various firms to the Plaintiffs' Steering Committee. The Court set these appointments for a one-year term and ordered the Co-Lead/Liaison Counsel file a memorandum notifying the Court of the need to make further appointments and making recommendations regarding those appointments thirty days before the expiration of the one-year term.

After one year of this litigation, Plaintiffs' Co-Lead Counsel are proud to report that the leadership structure appointed by this Court has been both highly active and highly effective. That attorneys this Court appointed and their firms have brought considerable experience in mass tort litigation to this MDL and have collectively committed thousands of hours to the litigation. The leadership group has been very effective in working together to prosecute this litigation. Co-Lead Counsel and the PSC firms have been active in discovery with numerous attorneys and law firms taking and participating actively in depositions and other discovery. All counsel have worked together collegially and collectively and for the benefit of all the plaintiffs in this MDL (a significant number of whom are represented by firms in leadership).

Subject to the following proposed changes to the PLC`, Co-Lead Counsel and all PSC members recommend re-appointment of Co-Lead Counsel and all PSC members.

<u>Withdrawal from the PSC.</u> Troy Brenes (formerly of Lopez McHugh) has requested permission to withdraw from the PSC subject to his right to apply for common benefit fees and costs for the Brenes Law Group consistent with Case Management Order No. 6. Co-Lead Counsel has accepted Mr. Brenes's resignation, and Mr. Brenes does not seek reappointment to the PSC.

<u>Substitution of PSC Appointment.</u> During the past year, Turner W. Branch of the Branch Law Firm passed away. Margaret Branch, his wife and a practicing mass-tort attorney, has requested that she be substituted in to the PSC in place of Mr. Branch. Plaintiffs' Co-Lead Counsel and the other PSC Members support Mrs. Branch's appointment. A copy of Margaret Branch's information and materials supporting her application for substitution appointment are attached as Exhibit A.

Plaintiffs' Co-Lead Counsel and the other members of the PSC support this substitution and request that the Court appoint Mrs. Branch to the PSC.

<u>Proposed New PSC Members.</u> After this Court's appointment of PSC members, Matthew Schultz of Levin Papantonio Thomas Mitchell Rafferty Proctor, P.A. and Steve Rotman of the Hausfeld law firm requested to be actively involved in the prosecution of

the litigation with the hope of a subsequent appointment by this Court to the PSC. In the past eight to ten months, Both Mr. Schultz and Mr. Rotman have been actively involved in this MDL on behalf of Plaintiffs; both have participated in and taken depositions of Bard corporate witnesses; both have attended and participated in PSC meetings and phone calls; and both have contributed substantively and financially to the prosecution of Plaintiffs' claims.

The supporting information and materials for Mr. Schultz and Mr. Rotman are attached as Exhibits B and C, respectively. Plaintiffs' Co-Lead Counsel and the other members of the PSC support these applications and request that the Court appoint Messrs. Schultz and Rotman to the PSC.

Creation of Plaintiffs' Executive Committee (PEC). Co-Lead/Liaison Counsel recommend that an Executive Committee be established from existing members of the PSC to serve as an experienced and diversified advisory body to advise and collaborate with Lead Counsel in the further administration, organization and strategic decisions in the further interest of all Plaintiffs. The following are examples of other MDLs involving drug/medical device products liability actions in which Co-Lead Plaintiffs' Counsel, Ramon R. Lopez, was a Lead, PEC and/or PSC member which included a similar executive committee structure: *In re Lipitor* (MDL No. 2502); *In re Gadolinium* (MDL No. 1909); *In re Pradaxa* (MDL No. 2385); *In re Incretins* (MDL No. 2452); *In re Rezulin* (MDL No. 1348), and *In re Chantix* (MDL No. 2092).[1]

While many members of the PSC would qualify and are worthy of such an appointment, Co-Leads recommend and have asked the following current members of the PSC to serve in the capacity of a four-member PEC: Mr. Howard Nations, Ms. Julia Reed Zaic, Mr. Russell Budd and Ms. Wendy Fleishman. Each has formally accepted this request and have committed to the structure and purpose of this committee. They and other members of their firms have been significantly involved in virtually every aspect of

---

[1] Brand names of products in some case names substituted for chemical or generic names as appear in official title of MDL caption.

this litigation since inception. This revised structure will not hamper, but rather enhance our policy of open and inclusive participation and contribution by our entire PLC as we proceed.  More importantly, it will enhance the ability of our PLC to meet the demands of the completion of our duties and commitment to this case.  We respectfully direct the Court's attention to the original applications of each for their background and experience in similar complex cases and to further support this request.

Conclusion.

Accordingly, Plaintiffs' Co-Lead/Liaison Counsel and the PSC request that this Court reappoint Plaintiffs' Co-Lead/Liaison Counsel and reappoint the members of the PSC with the following changes: (1) removing Troy Brenes from the PSC, (2) removing Turner Branch from the PSC and substituting Margaret Branch in his position, (3) appointing Matthew Schultz and Steve Rotman as members of the PSC.

RESPECTFULLY SUBMITTTED this 31st day of October 2016.

GALLAGHER & KENNEDY, P.A.

By: s/ Robert W. Boatman
Robert W. Boatman (009619)
Paul L. Stoller (016773)
Shannon L. Clark (019708)
2575 East Camelback Road
Phoenix, Arizona 85016-9225

Ramon Rossi Lopez
(admitted *pro hac vice*)
CA Bar No. 86361
LOPEZ McHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660

Co-Lead/Liaison Counsel for Plaintiffs

**Certificate of Service**

I hereby certify that on this 31st day of October, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

/s/Deborah Yanazzo
Deborah Yanazzo

5689022/26997-0001

- 5 -