James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | MDL NO. 15-02641-PHX-DGC |
| This Document Relates to: | |
| ARON ALDRIDGE, | |
| Plaintiff, | Case No. CV-15-02500-PHX-DGC |
| v. | |
| C. R. BARD, INC., a New Jersey Corporation; AND BARD PERIPHERAL VASCULAR INC., (a subsidiary and/or Division of Defendant C. R. BARD, INC.) an Arizona Corporation, | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT** |
| Defendants. | |

## I.     INTRODUCTION

The Court should dismiss the Complaint because it is a legal nullity. Plaintiff Aron Aldridge (the "plaintiff") filed a lawsuit on July 25, 2016, against Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard") for personal injuries allegedly sustained from a Bard Eclipse™ inferior vena cava filter (the "Filter").[1] The style of the Complaint identifies "Aron C. Aldridge" as the plaintiff, and identifies no other plaintiff.[2] At the time the Complaint was filed, however, the plaintiff had been deceased for over a month. Because a deceased party cannot be party to a legal proceeding, the Complaint is void *ab initio*.

Bard notes at the outset that it contacted the plaintiff's counsel on several occasions in an effort to obtain dismissal of this action without the Court's involvement. To that end, Bard reached out to the plaintiff's counsel on September 27, 2016; October 12, 2016; and October 21, 2016 in an effort to resolve this dispute without filing a formal motion.[3] Ultimately, however, the plaintiff's counsel did not respond to Bard, and this motion follows.

## II.    FACTUAL BACKGROUND

The Complaint asserts claims against Bard for negligence, strict liability, breach of warranty, negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, and punitive damages in connection with injuries the plaintiff alleges resulted from the Filter.[4] (*See* Complaint *generally*). The Filter was implanted at Carle Foundation Hospital in Urbana, Illinois on or about June 26, 2011. (*Ex. B*, pp. 1-2, § 3). Subsequently, the plaintiff claims that he sustained "embedment, DVT, [and] post-thrombotic syndrome," and that the implantation of the Filter caused him to have "difficulty walking, shortness of breath," and

---

[1] ECF No. 1, Case 2:16-cv-02500 (D. Ariz). A copy of the Complaint is attached hereto as Exhibit A.
[2] Bard notes that Mr. Aldridge's plaintiff profile form states that his spouse, Denise Aldridge, is making a claim for loss of consortium. A copy of Mr. Aldridge's plaintiff profile form is attached hereto as Exhibit B.
[3] Copies of this correspondence are attached hereto as Exhibit C.
[4] Ex. A, p. 3-4.

1   also "to suffer from depression." (*Id.* at 2-5).  No doctor attempted to remove the Filter,

2   however. (*Id.* at 2).

3         The Complaint was filed in the MDL on July 25, 2016 (Ex. A), but the plaintiff passed

4   away on June 23, 2016.[5] As such, the plaintiff had been dead for a month before the

5   Complaint was filed in the MDL.

6      **III.    ANALYSIS**

7         The Court lacks jurisdiction to consider the Complaint because it is a legal nullity.

8   Accordingly, Bard respectfully requests that the Court dismiss this case pursuant to Federal

9   Rule of Civil Procedure 12(b).

10        "Only a real party in interest has the capacity to bring a lawsuit." *In re: Bard IVC*

11  *Filters Prod. Liab. Litig.*, No. 2641, 2016 WL 3055112, at *1 (D. Ariz. May 31, 2016),

12  *appeal dismissed* (July 15, 2016); *In re Engle Cases*, No. 3:09-CV-10000-J-32, 2013 WL

13  8115442, at *2 (M.D. Fla. Jan. 22, 2013) *aff'd*, 767 F.3d 1082 (11th Cir. 2014); *Tennyson v.*

14  *ASCAP*, 477 F. App'x 608, 610 (11th Cir.2012) (citing Fed. R. Civ. P. 17(a), (b)).[6] "The

15  capacity doctrine relates to the issue of a party's personal right to litigate in federal court'"

16  and presents a jurisdictional issue to the court. *In re: Bard IVC Filters Prod. Liab. Litig.*,

17  2016 WL 3055112, at *1. "[A] party must have a legal existence as a prerequisite to having

18  the capacity to sue or be sued." *Adelsberger v. United States*, 58 Fed. Cl. 616, 618 (Fed. Cl.

19  2003) ("The question presented is whether an action can be initiated in the name of a

20  deceased person. We think the answer is plainly, 'no.'"). Indeed, under Florida law, a

21  deceased individual cannot be a party to a lawsuit. *Xtra Super Food Ctr. v. Carmona*, 516

22  So.2d 300, 301 (Fla. 1st DCA 1987).

23

24  [5] *See* Notice of Suggestion of Death of Plaintiff Aron C. Aldridge, ECF No. 3628, Case 2:15-md-02641-DCG; *see also* obituary for Aron C. Aldridge, available at

25  http://www.legacy.com/obituaries/chronicleonline/obituary.aspx?pid= 180474494, last visited September 27, 2016.

26  [6] This issue is governed by Florida substantive law and federal procedural law. *See In re*

27  *Donald J. Trump Sec. Litig.,* 7 F.3d 357 (3rd Cir. 1993) (*cert. denied*); *In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F.Supp.2d 1346 (Jud.Pan.Mult.Lit. 2001); *Sadler*

28  *v. Pella Corp.*, 2015 WL 7454516 (D. South Carolina Nov. 23, 2015).

1    Here, however, the Complaint was filed in Aron Aldridge's name, in his individual

2  capacity, despite the fact that he had been deceased for over a month. Hence, the Complaint is

3  a nullity, which should be dismissed with prejudice. *See Bard IVC Filters Prod. Liab. Litig.*,

4  2016 WL 3055112, at *1; *In re Engle*, 2013 WL 8115442, at *2.

5    The Court has already dismissed a case with the same operative facts as a legal nullity.

6  On May 31, 2016, the Court dismissed the complaint filed in Pamela Noterman's name,

7  which was filed in Florida state court approximately nine months after Ms. Noterman died. In

8  so holding, the Court reasoned that "[a] lawsuit filed in the name of a deceased individual is

9  . . . a nullity, which presents a jurisdictional defect that cannot be saved by substitution or

10 amendment." *Bard IVC Filters Prod. Liab. Litig.*, 2016 WL 3055112 at *1.

11   Similarly, the court in *Engle*, upon which the Court relied in its dismissal of the

12 *Noterman* matter, addressed the same issue before the Court under the same controlling law

13 and dismissed the plaintiffs' complaints at issue as legal nullities. *In re Engle*, 2013 WL

14 8115442. In *Engle*, the plaintiffs conceded that they had filed cases naming dead plaintiffs,

15 but argued that the court should allow them to amend the complaint to allege wrongful death

16 and survival claims. *Id.* The district court refused to allow amendment, holding that filing a

17 case on behalf of a deceased individual was not a pleading deficiency, but that "personal

18 injury actions filed in the name of deceased smokers are nullities." *Id.* at *2.  The district

19 court, therefore, dismissed the case. *Id.*

20   In addition to the *Noterman* matter and the *Engle* litigation, numerous federal and state

21 courts interpreting other states' laws have held that cases filed naming deceased parties are

22 nullities that must be dismissed with prejudice. *E.g., Banakus v. United Aircraft Corp.*, 290

23 F.Supp. 259, 260 (S.D.N.Y.1968) (Since [the plaintiff] was dead when the action for personal

24 injuries was commenced, that action must be treated as a nullity" and  as such, "there were no

25 claims capable of amendment"); *Adelsberger*, 58 Fed.Cl. at 618–19 (action brought in the

26 name of a deceased individual declared null); *Banks v. Employers' Liab. Assur. Corp. Ltd., of*

27 *London, England*, 4 F.R.D. 179, 180 (W.D. Mo. 1944) (in dismissing suit brought in the

28

name of a deceased individual and stating "[c]learly a suit could not be brought in the name of [the plaintiff] after his decease."); *Pasos v. Eastern S.S. Co.*, 9 F.R.D. 279 (D. Del. 1949) ("the suit should be dismissed if the court is clearly convinced that neither at the institution of the suit or at any time since has there been a legally existent party plaintiff and at no time could there have been entered a valid judgment in the matter."); *Garlock Sealing Techs., LLC v. Pittman*, No. 2008-IA-01572-SCT, 2010 WL 4009151, at *4 (Miss. Oct. 14, 2010) (holding that a case filed in the name of a deceased person was a legal nullity, adding that such an action "has no hope of success and is therefore frivolous."); *Black Canyon Citizens Coalition, Inc. v. Bd. of County Comm'rs of Montrose County*, 80 P.3d 932, 933–35 (Colo.App.2003) (suit filed in the name of a nonexistent corporation deemed void *ab initio*); *Mathews v. Cleveland*, 159 Ga.App. 616, 617, 284 S.E.2d 634, 636 (1981) (deceased person cannot commence an action); *Levering v. Riverside Methodist Hosp.*, 2 Ohio App.3d 157, 159, 441 N.E.2d 290, 291 (Ohio App.1981) (complaint declared a nullity where plaintiff died prior to its filing); *Gregory v. DiCenzo*, 713 A.2d 772, 775 (R.I. 1998) (complaint commenced in deceased person's name deemed a nullity); *Williams v. Travelers Property & Casualty of America*, 2007 WL 1299245 (Conn. Super. Ct. Apr. 13, 2007); *McCormick v. Illinois Central Railroad Company*, 2009 WL 1392575 (Tenn. Ct. App. May 19, 2009).

The issue decided in *Noterman*, *Engle*, and the other cases cited above is identical to the issue in the present case. In those cases, the complaints at issue were dismissed as nullities because they were brought in the name of a deceased plaintiff. Because the Complaint was brought in the name of Aron Aldridge in his individual capacity, despite the fact that he had been deceased for over a month, the Complaint should be void *ab initio*. Therefore, Bard respectfully requests that the Court dismiss the Complaint with prejudice.

## IV.    CONCLUSION

Because the Complaint named Aron Aldridge as the plaintiff, despite the fact that he was deceased at the time of filing, the Complaint is a nullity. For that reason, Bard

1    respectfully requests that the Court dismiss the Complaint with prejudice pursuant to Federal

2    Rule of Civil Procedure 12(b).

3         This 14th day of November, 2016.

4

5        s/Richard B. North, Jr.
    Richard B. North, Jr.

6        Georgia Bar No. 545599
    Matthew B. Lerner

7        Georgia Bar No. 446986
    NELSON MULLINS RILEY & SCARBOROUGH LLP

8        Atlantic Station
    201 17th Street, NW / Suite 1700

9        Atlanta, GA  30363
    PH: (404) 322-6000

10       FX: (404) 322-6050
    richard.north@nelsonmullins.com

11       matthew.lerner@nelsonmullins.com

12       James R. Condo (#005867)
    Amanda Sheridan (#005867)

13       SNELL & WILMER L.L.P.
    One Arizona Center

14       400 E. Van Buren
    Phoenix, AZ 85004-2204

15       PH: (602) 382-6000
    jcondo@swlaw.com

16       asheridan@swlaw.com

17       **Attorney for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 14, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to all counsel of record.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com