# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC<br><br>**AMENDED CASE MANAGEMENT ORDER NO. 17**<br><br>(Stipulation and Order Concerning Protective Order and Redactions of Material from Defendants' Expedited ESI Production) |

To expedite document production of ESI from Defendants, the parties, through their respective counsel, have agreed to a primarily "no-eyes-on" document production as to relevancy while still performing a privilege review for ESI Defendants will be producing subsequent to this Order.  That procedure requires certain changes to protection and requirements in the Stipulated Protective Order (Doc. 268) and Case Management Order No. 7 and corresponding Exhibit A (Doc. 401) for ESI produced pursuant to this process.  To the extent that any of the below provisions are inconsistent with either the protective order (Doc. 268) or Case Management Order No. 7 and corresponding Exhibit A (Doc. 401), the below provisions shall control all documents produced pursuant to this Order.

This Amended Case Management Order replaces in its entirety the original Case Management Order No. 17 and any inconsistent provisions in the Stipulated Protective Order (Doc. 268), including the attached revised Exhibit A.THEREFORE, IT ORDERED as follows:

The parties have agreed on an ESI production process (the "Process"). All ESI produced by Defendants pursuant to the Process will be subject to the following terms:

1. At the time of production, Defendants will identify the documents or ESI as being produced pursuant to the Process and subject to the restrictions of this Case Management Order (the "Process ESI").

2. The Process ESI shall be subject to the Stipulated Protective Order (Doc. 268) entered in this case and the terms of this CMO. Nothing in this CMO shall prevent the use of any Process ESI in other actions brought by the plaintiff's counsel, so long as a substantially comparable protective order, including both the terms of the Stipulated Protective Order (Doc. 268) and this CMO, is entered in those other actions. Paragraph 12 of the Stipulated Protective Order (Doc. 268) is hereby amended consistent with this Paragraph.

3. Prior to using any document or ESI from the Process ESI as part of a filing, at a deposition, or at a trial or hearing in this matter, Plaintiffs shall make a good faith effort to identify whether the document or ESI contains any information that is subject to redaction under Case Management Order No 7 and corresponding Exhibit A (Doc. 401) and to redact any such information in accordance with that Order and redaction protocol.

4. Defendants shall independently have the right to identify any documents or ESI from the Process ESI, including documents identified by Plaintiffs pursuant to Paragraph 3, as subject to the requirements of Case Management Order No. 7 (Doc. 401) and to require the redaction of the information set forth in that Order; in that event, Defendants shall provide Plaintiffs with a redacted version of the subject documents or ESI with the same production Bates number(s) and Plaintiffs shall destroy any unredacted copies or versions of the document that they possess.

5. Defendants shall have the right to identify any document, file, or other form of ESI produced pursuant to the Process as both being irrelevant to the matters in dispute in this MDL and containing trade secret or other confidential information and to "claw back" such ESI or documents from the production. After Plaintiffs use a document or ESI

2

from the Process ESI as part of a filing, at a deposition, or at a trial or hearing in this matter, Defendants shall have 30 days to seek claw back of the particular document pursuant to this Paragraph; this latter requirement does not apply to Process ESI that has not been used by Plaintiffs as part of a filing, at a deposition, or at a trial or hearing in this matter, which may be clawed back at any time.

6. Plaintiffs shall have the right to challenge any designation or claw back by Defendants under Paragraphs 4 or 5 by submission of the ESI or document to the Court under seal, and any filings that refer to the protected substance of the ESI or document must, likewise, be made under seal.

7. Federal Rule of Evidence 502(d) protection for privileged information produced pursuant to the Process:

    a. Pursuant to Federal Rule of Evidence 502(d), production or disclosure pursuant to the Process of the substance or content of documents, materials, or other information that is protected by the attorney-client privilege, work-product protection, or any other privilege or protection shall not amount to waiver of the privilege and/or protection in this MDL, or in any other federal or state proceeding.

    b. If Plaintiffs identify a document, material, or other information in the documents and ESI produced pursuant to the Process that reasonably appears to be protected by any privilege or other protection, they shall promptly notify Defendants in writing or email. If the Defendants determine that the document, material, or other information is privileged or otherwise protected, it shall make such an assertion in writing within 30 days of receipt of notification. Once the privilege or protection is asserted, the parties shall follow the process discussed in Federal Rule of Civil Procedure 26(b)(5)(B). Failure to assert the privilege or protection within 30 days of receipt of notification shall amount to waiver of any privilege or

      protection only of the document, material, or other information identified in the notification, subject to Federal Rule of Evidence 502(a).

  c. For any document, material, or other information produced or disclosed during discovery, and not identified pursuant to section (b) of this Paragraph, Defendants shall assert any claim of privilege or protection in writing (including by email) within 30 days after Plaintiffs use the document or ESI as part of a filing, at a deposition, or at a trial or hearing in this matter. Once the privilege or protection is asserted, the parties shall follow the process discussed in Federal Rule of Civil Procedure 26(b)(5)(B). Failure to assert the privilege or protection shall amount to waiver of the privilege or protection only of the document, material, or other information used, subject to Federal Rule of Evidence 502(a).

  d. Unless waived under sections (b) or (c), at any time, a party that produces any document, material, or other information that it believes to be protected by the attorney-client privilege, work-product protection, or any other privilege or protection may assert the privilege or protection in writing. Once the privilege or protection is asserted in writing, the parties shall follow the process discussed in Federal Rule of Civil Procedure 26(b)(5)(B).

8. To the extent that the documents or ESI produced pursuant to the Process contain any adverse event reporter names or information of a patient who is not a party to this litigation and which would otherwise be redacted in accordance with Case Management Order No. 7, Plaintiffs and their counsel and agents shall not contact the patient or reporter of an adverse event unless and until the parties go through the processes outlined in Paragraphs 5 and 7 of this Case Management Order with respect to

redaction of information and this Court determines the information is not subject to redaction.

Dated this 15th day of November, 2016.

_____
David G. Campbell
United States District Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **IN RE: BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION** | No. MD-15-02641-PHX-DGC<br><br>**AGREEMENT TO MAINTAIN CONFIDENTIALITY** |

I, _____ (Name), as a principal in _____ ("Law Firm"), have been given and have read a copy of the Amended Case Management Order No. 17 and the Stipulated Protective Order (Doc 268) (the "Orders") in the case of MDL No. 2641, pending in the United States District Court District of Arizona, as have all members of the Law Firm working on this litigation. We understand and will strictly adhere to the contents of said Orders. We understand that produced material disclosed to us is subject to the Orders of this Court and that we are prohibited from copying, disclosing, or otherwise using such material except as provided by said court Orders. We understand that any member of the Law Firm's unauthorized disclosure of any information protected by the Orders or contact of a patient or reporter of an adverse event in violation of the Orders may constitute contempt of court, and we agree to be personally subject to the jurisdiction of this Court for the purpose of enforcing our obligations under this Agreement, the Orders, and any contempt proceeding that may be instituted for the Law Firm's violation of the terms of this Acknowledgment and the Orders. I also understand that my signature on this "Agreement to Maintain Confidentiality," indicating my agreement, the agreement of the members of the Law Firm working on this litigation and the Law Firm's agreement to be bound by the terms of the Orders, is required before me and the members of the Law Firm may be allowed to receive and review any produced document and materials that are protected under the Orders.

Date: _____  Print Signature:_____

Signature:_____