IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: BARD IVC FILTERS <u>PRODUCTS LIABILITY LITIGATION</u><br>**This Order Relates to:  All Actions** | MDL 15-21641 PHX DGC<br><br>**AMENDED CASE MANAGEMENT ORDER NO. 1** |

This Court set appointments of Plaintiffs' leadership in the original Case Management Order No. 1 (Doc. 248) on October 30, 2015 for a term of one year. The Court has reviewed Plaintiffs' Co-Lead/Liaison Counsel's Memorandum Re Leadership Appointments (Doc. 3847) and issues this Amended Case Management Order No. 1 for the appointment of individuals to Plaintiffs' leadership in this MDL for the term of this Order.

**I.  Plaintiffs' Leadership Counsel Appointments**

The Court having considered all of the applications submitted and other relevant information, appoints the following plaintiffs' counsel to leadership positions, as indicated and to be known as "Plaintiffs Leadership Counsel" (PLC):

| Plaintiffs' Co-Lead/Liaison Counsel and State/Federal Liaison Counsel | |
|---|---|
| Robert W. Boatman | Gallagher & Kennedy, PA<br>2575 E. Camelback Rd., Ste. 1100<br>Phoenix, AZ 85016 |
| Ramon R. Lopez | Lopez McHugh, LLP<br>100 Bayview Cir., Ste. 5600<br>Newport Beach, CA 92660 |

| **Plaintiffs' Executive Committee (PEC)** | |
|---|---|
| Julia Reed Zaic | Heaviside Reed Zaic<br>312 Broadway St., Ste. 203<br>Laguna Beach, CA 92651 |
| Howard L. Nations | The Nations Law Firm<br>3131 Briarpark Dr., #208<br>Houston, TX 77042 |
| Russell W. Budd | Baron & Budd, P.C.<br>3102 Oak Lawn Ave., Ste. 1100<br>Dallas, TX 75219 |
| Wendy R. Fleishman | Lieff, Cabraser, Heimann & Bernstein, LLP<br>250 Hudson St., 8th Floor<br>New York, NY 10013 |

| **Plaintiffs' Steering Committee (PSC)** | |
|---|---|
| Shannon Clark | Gallagher & Kennedy, PA<br>2575 E. Camelback Rd., Ste. 1100<br>Phoenix, AZ 85016 |
| John A. Dalimonte | Karon & Dalimonte, LLP<br>85 Devonshire St., Ste. 1000<br>Boston MA, 02109 |
| Ben C. Martin | Law Offices of Ben C. Martin<br>3219 McKinney Ave., Ste. 100<br>Dallas, TX 75204 |
| Joseph R. Johnson | Babbitt & Johnson, PA<br>1641 Worthington Rd., #100<br>West Palm Beach, FL 33409 |
| Julia Reed Zaic | Heaviside Reed Zaic<br>312 Broadway St., Ste. 203<br>Laguna Beach, CA 92651 |
| Howard L. Nations | The Nations Law Firm<br>3131 Briarpark Dr., #208<br>Houston, TX 77042 |
| Russell W. Budd | Baron & Budd, P.C.<br>3102 Oak Lawn Ave., Ste. 1100<br>Dallas, TX 75219 |

| | | |
|---|---|---|
| 1<br>2 | Thomas P. Cartmell | Wagstaff & Cartmell, LLP<br>4740 Grand Ave., #300<br>Kansas City, MO 64112 |
| 3<br>4 | Margaret Branch | Branch Law Firm<br>2025 Rio Grande Blvd, NW<br>Albuquerque, NM 87104 |
| 5<br>6 | Wendy R. Fleishman | Lieff, Cabraser, Heimann & Bernstein, LLP<br>250 Hudson St., 8th Floor<br>New York, NY 10013 |
| 7<br>8 | Donald A. Migliori | Motley Rice, LLC<br>321 South Main St., 2nd Floor<br>Providence, RI 02903 |
| 9<br>10 | Sheila M. Bossier | Freese & Goss, PLLC<br>1520 North State St.<br>Jackson, MS 39202 |
| 11<br>12<br>13 | Stuart L. Goldenberg | Goldenberg Law, PLLC<br>800 Lasalle Ave., #2150<br>Minneapolis, MN 55402 |
| 14<br>15 | Christopher T. Kirchmer | Provost Umphrey Law Firm, LLP<br>490 Park St., P.O. Box 4905<br>Beaumont, TX 77704 |
| 16<br>17 | Michael A. Kelly | Walkup, Melodia, Kelly & Schoenberger<br>650 California St.<br>San Francisco, CA 94108 |
| 18<br>19 | Matthew McCarley | Fears Nachawati Law Firm<br>4925 Greenville Ave., Ste. 715<br>Dallas, TX 75206 |
| 20<br>21<br>22 | Hadley L. Matarazzo | Faraci Lange, LLP<br>First Federal Plaza<br>28 East Main St., Ste. 1100<br>Rochester, NY 14614 |
| 23<br>24 | Eric M. Terry | TorHoerman Law, LLC<br>101 W. Vandalia<br>Edwardsville, IL 62025 |
| 25<br>26 | Joseph A. Osborne | Osborne & Associates Law Firm, PA<br>433 Plaza Real, Ste. 271<br>Boca Raton, FL 33432 |

27

28

| | |
|---|---|
| Michael T. Gallagher | The Gallagher Law Firm, LLP<br>2905 Sackett Street<br>Houston, TX 77098 |
| Nate Van Der Veer | Farris, Riley & Pitt LLP<br>The Financial Center<br>505 20th Street North<br>Birmingham, AL 35203 |
| Matthew Schultz | Levin Papantonio Thomas Mitchell Rafferty Proctor, PA<br>316 S. Baylen St.<br>Suite 600<br>Pensacola FL 32502 |
| Steven Rotman | Hausfeld, LLP<br>1700 K Street NW<br>Suite 650<br>Washington DC 20006 |

**II.     Responsibilities**

    **A.     Procedural Matters**

        1.     As noted in this Court's previous Order Setting Initial Case Management Conference dated September 15, 2015, the Clerk of this Court will maintain a master docket case file under the style "*In Re: Bard IVC Filters Products Liability Litigation*" and the identification "MDL No. 2641." Lead/Liaison will be (a) the only attorneys permitted to file in the Master Docket as to all actions, and (b) the only attorneys receiving Notices of Electronic Filing for pleadings and orders filed in the Master Docket for all actions.

        2.     With regard to the Master Docket, Plaintiffs' Lead/Liaison Counsel shall:

            a.     Serve as the recipient for all Court orders.

            b.     Coordinate service and filings for all plaintiffs whether presently included or subsequently added.

            c.     Maintain and distribute to co-counsel and to Defendants' Counsel an up-to-date service list.

            d.     Maintain responsibility for service upon all other attorneys

and parties as to filings made in the master docket. Specifically, Lead/Liaison Counsel shall receive and distribute, to all other Plaintiffs' counsel, pleadings orders, and motions by email, overnight courier service, or telecopier, within two days after receipt, unless such service has been waived, in writing, by a receiving counsel.

  e. Coordinate discovery and litigation with similar cases outside of this Court's jurisdiction.

 3. Lead/Liaison Counsel is only responsible for service with regard to filings in the Master Docket. With regard to case-specific filings, all attorneys of record in the relevant member action will receive a Notice of Electronic Filing from the Court.

 4. New counsel for later-filed or later-transferred cases that become part of this MDL shall be responsible for checking the Master Docket for all orders previously entered that may have relevance to such new cases.

**B.** **Responsibilities Specific to Lead/Liaison Counsel**

In addition to the responsibilities identified above, Plaintiffs' Lead/Liaison Counsel shall:

 1. Coordinate the establishment of a document depository, real or virtual, to be available to all participating plaintiffs' counsel;

 2. Maintain and make available to all participating plaintiffs' counsel of record, at reasonable hours, a complete file of all documents served by or upon each party (except documents as may be available at a document depository);

 3. Prepare agendas for court conferences and periodically report regarding the status of the case; and

 4. Carry out such other duties as the Court may order.

**C.** **Responsibilities of Plaintiffs' Executive Committee**

The PEC shall assist, advise, and collaborate with Co-Lead Counsel in the discharge of duties of liaison and Co-Lead Counsel outlined in Sections II. A and B

above. The PEC, with the authority of Co-Lead counsel, and in coordination with their efforts and responsibilities, shall assist and collaborate with Co-Lead Counsel in the administration, organization, and strategic decisions of the PLC. At the direction of Co-Lead Counsel PEC members shall have the authority to make, supervise and oversee assignments to other PSC members.

### D. Responsibilities Applicable to all Plaintiffs' Leadership Counsel

Plaintiffs' Leadership Counsel shall have the following responsibilities:

5. Discovery

   a. Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with this MDL.

   b. Develop and propose schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

   c. Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation.

   d. Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs.

6. Hearings and Meetings

   a. Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules or joint briefs, and any other appropriate matters pertaining to pretrial proceedings.

      b.    Examine witnesses and introduce evidence on behalf of plaintiffs at hearings.

      c.    Act as spokespersons for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

7.    Miscellaneous

      a.    Submit and argue all verbal and written motions presented to the Court on behalf of Plaintiff's Leadership Counsel as well as oppose when necessary any motion submitted by defendants or other parties which involve matters within the sphere of the responsibilities of Plaintiffs' Leadership Counsel.

      b.    Negotiate and enter into stipulations with defendants regarding this litigation. All stipulations entered into by Plaintiffs' Leadership Counsel, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until ratified by the Court. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection within five (5) days after he/she knows or should have reasonably become of aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

      c.    Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation.

    d. Maintain adequate files of all pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or virtual format, and having those documents available, under reasonable terms and conditions for examinations by all MDL plaintiffs or their attorneys.

    e. Perform any task necessary and proper for Plaintiffs Leadership Counsel to accomplish its responsibilities as defined by the Court's orders, including organizing subcommittees comprised of plaintiffs' lawyers not on Plaintiffs' Leadership Counsel.

    f. Work with Lead/Liaison Counsel to coordinate the responsibilities of Plaintiffs' Leadership Counsel meetings, keep minutes or transcripts of these meetings, appear at periodic Court-noticed status conferences, perform other necessary administrative or logistic functions of Plaintiffs' Leadership Counsel, and carry out any duty as ordered by the Court.

    g. Perform other such functions that may be expressly authorized by further Court Orders.

**E. <u>Reimbursement of Costs Expended</u>**

Plaintiffs' Leadership Counsel shall be entitled to seek reimbursement for costs expended at the time and in a manner approved by the Court. Reimbursements will be governed by a further case management order to be proposed by Plaintiffs' Leadership Counsel and entered by the Court.

**III. Term of Appointments.**

Appointments to all leadership positions in this order shall last for a term of one year from the date of this order unless terminated earlier by the Court. Thirty days before the expiration of this one-year term, Lead/Liaison Counsel shall file a memorandum

1 notifying the Court of the need to make further appointments and making
2 recommendations regarding those appointments.
3     Dated this 15th day of November, 2016.

*David G. Campbell*
David G. Campbell
United States District Judge