# EXHIBIT A

John A. Dalimonte, Esquire
Dalimonte Rueb Law Group LLP
85 Devonshire Street, Suite 1000
Boston, MA 02109
Tel: (617) 302-9900
Fax: (617) 742-9130
john@drlawllp.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

--------------------------------------------------------)
IN RE:  BARD IVC FILTER PRODUCTS  )          C.A. No. 2:15-MD-02641-DCG
        LIABILITY LITIGATION  )          MDL No. 2641
--------------------------------------------------------)

### ATTORNEY JOHN A. DALIMONTE ANSWERS TO DEFENDANTS' INTERROGATORIES AND RESPONSE TO PRODCUTION OF DOCUMENTS

Now comes attorney John A. Dalimonte who is counsel of record for some of the

plaintiffs in the above captioned matter and hereby answers defendants' interrogatories and

responds to requests for documents as follows.

### General Objections

Attorney John A. Dalimonte objects to responding to the following interrogatories and

request for documents on the grounds that he is not a party to this action and the information

sought through these interrogatories is protected by privilege pursuant to 5 U.S.C. §552(b)(5)

and 5 U.S.C. §552(b)(7).  The information sought if discoverable would have been obtained from

a readily available alternative source i.e. the FDA.  However, it is obvious that defendants

attempted this route, but were denied access to the same information sought here on the grounds

of the above referenced protections set forth under §552(b).  Now, defendants seek to circumvent

this regulation by serving identical sets of discovery on each lawyer to determine who reported

defendants' misconduct to the FDA and what was shared.  No such response could possibly lead

to the discovery of information of what the FDA's internal decision making process was or

1

whether it influenced them in any manner.  The FDA's investigation led them to independently find that defendants were in certain violations of the law – not violations by plaintiffs or their respective counsel.

Non-party attorney John A. Dalimonte further objects to responding to the following interrogatories and document requests on the grounds that the information sought is beyond the scope of permissible discovery under Fed. R. Civ. P. 26, seeks attorney mental impressions, work product and is overly broad as it seeks all communications regardless of whether there is any connection to any of the issues raised in the March 2, 2016 FDA 483 letter to Bard; February 25, 2016 FDA 483 letter to Bard; July 13, 2015 FDA Warning letter to Bard; January 5, 2015 FDA 483 letter to Bard; and/or the November 25, 2014 FDA 483 letter to Bard.

Notwithstanding and subject to the foregoing objections, attorney Dalimonte states as follows:

## ANSWERS TO INTERROGATORIES

1.  Please identify each and every communication between You and the U.S. Government related to IVC filters.  This request is limited in time to communications occurring between January 1, 2013 to the present.

Answer:      Notwithstanding and subject to the general objections set forth above, on or about May 13, 2014, I received a call from William C. MacFarland from the FDA who I believe was from the New Jersey regional office in response to several calls I made to the FDA's Massachusetts and New Jersey regional offices.  At that time, we exchanged email addresses and he asked if I would be available for a conference call together with any of my colleagues who wanted to participate with himself and Joshua Simms, Branch Chief of Cardiovascular Devices at the FDA's Office of Compliance.  On May 14, 2014, Mr. MacFarland circulated a call in

number for the conference call which was held on May 15, 2014. The participants of that call were myself, Troy Brenes, then of Lopez McHugh LLP, William C. MacFarland and Joshua Simms. None of the issues raised in March 2, 2016 FDA 483 letter to Bard; February 25, 2016 FDA 483 letter to Bard; July 13, 2015 FDA Warning letter to Bard; January 5, 2015 FDA 483 letter to Bard; and/or the November 25, 2014 FDA 483 letter to Bard were discussed. They asked us for any information we could provide them, but we told them that we could only share publicly available information. At time, we advised the FDA that we believe that we could share the decision denying the defendants' motion for summary judgment in <u>Giordano v. C.R. Bard, Inc, et al.</u>, San Diego Superior Court Case No. 37-2011-00069363-CU-PO-EC, but would need to check to determine whether that was publicly available.

On May 23, 2014, after confirming that the decision denying the motion for summary judgment in <u>Giordano</u> was available to the public, a copy of that decision was sent electronically. No further communications were made with the FDA.

On April 28, 2015, after confirming that the trial brief in <u>Jones v. C.R. Bard, Inc.,</u> <u>U.S.D.C. N.D. Tex,</u> C.A. No. 3:12-cv-00599-K, was publicly available, the <u>Jones</u> trial brief was sent electronically together with the following two articles.

- Tam, et al, <u>Fracture and Distant Migration of the Bard Recovery Filter: A Retrospective Review of 363 Implantations for Potentially Life-Threatening Complications</u>, J. Vasc. Interv. Radiol. 21:2 (2011)

- An, et al, <u>Prevalence and Clinical Consequences of Fracture and Fragment Migration of the Bard G2 Filter: Imaging and Clinical Follow-up in 684 Implantations</u>, J. Vasc. Interv. Radiol. 2014; 25:941-948

Other than a thank you response, no further communications were made with the FDA.

After the court in <u>Phillips v. C.R.Bard, Inc., et al., U.S.D.C. Nev., C.A.</u> NO: 3:12-cv-00344-RCJ-WGC, denied defendants' request to seal the trial exhibits, in June of 2015, copies of the following documents were electronically sent to the FDA:

- Plaintiff Exhibits 1190, 1191, 517, 697, 682, 672 and 945.

- 848 F. Supp. 287 (D. Mass. 1994)

No further communications were made with the FDA.

2.   Please identify each and every Document that You sent to, or received from, the U.S. Government related to IVC filters.  This request is limited in time to communications occurring between January 1, 2013 to the present.

<u>Answer</u>:  Notwithstanding and subject to the general objections set forth above, see response to the preceding interrogatory.

3.   Please identify all Communications between You and the U.S. Government related to issues contained in the March 2, 2016 FDA 483 letter to Bard; February 25, 2016 FDA 483 letter to Bard; July 13, 2015 FDA Warning letter to Bard; January 5, 2015 FDA 483 letter to Bard; and/or the November 25, 2014 FDA 483 letter to Bard.   Copies of these letters are attached as Exhibit A.

<u>Answer</u>:  Notwithstanding and subject to the general objections set forth above, none.

4.   Please identify all Documents that You sent to, or received from, the U.S. Government related to issues contained in the March 2, 2016 FDA 483 letter to Bard; February 25, 2016 FDA 483 letter to Bard; July 13, 2015 FDA Warning letter to Bard; January 5, 2015 FDA 483 letter to Bard; and/or the November 25, 2014 FDA 483 letter to Bard.

<u>Answer</u>:  Notwithstanding and subject to the general objections set forth above, none.

## RESPONSE TO REQUEST FOR DOCUMENTS

1.  Please produce all Documents identified or referenced in Your responses to Bard's First Interrogatories to all Plaintiffs, served contemporaneous herewith.

Response:      Notwithstanding and subject to the general objections set forth above, see attached documents, including the email exchanges with the FDA.

## VERIFICATION

I hereby declare under the penalty and perjury under the laws of the United States of America, and pursuant to Title 28, U.S. Code of Judiciary and Judicial Procedure Section 1746 "Unsworn Declarations Under Penalty and Perjury" that the foregoing is true and correct to the best of my knowledge.

John A. Dalimonte

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2016, a true and correct copy of the foregoing was sent via U.S. Mail and/or Electronic Mail to:

James R. Condo
Snell & Wilmer LLP
400 East Van Buren Street, Suite 1900
Phoenix, Arizona 85004
*Attorneys for Defendants*

Richard B. North, Jr.
Nelson Mullins Riley & Scarborough LLP
Atlantic Station
201 17th Street NW, Suite 1700
Atlanta, Georgia 30363
*Attorneys for Defendants*

*Counsel for Plaintiffs will be served in accordance with the Court's Case Management Order No. 1

John A. Dalimonte

5

# EXHIBIT B

Troy A. Brenes
Brenes Law Group, P.C.
16A Journey, Suite 200
Aliso Viejo, CA 92656
Tel: (949) 397-9360
Fax: (949) 607-4192
tbrenes@breneslawgroup.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

-------------------------------------------------------)
IN RE:  BARD IVC FILTER PRODUCTS  )
           LIABILITY LITIGATION      )
-------------------------------------------------------)

C.A. No. 2:15-MD-02641-DCG
MDL No. 2641

## ATTORNEY TROY A. BRENES ANSWERS TO DEFENDANTS' INTERROGATORIES AND RESPONSE TO PRODCUTION OF DOCUMENTS

Now comes attorney Troy A. Brenes who is counsel of record for some of the plaintiffs in the above captioned matter and hereby answers defendants' interrogatory and production requests as follows.

### General Objections

Attorney Troy A. Brenes objects to responding to the following interrogatories and request for documents on the grounds that he is not a party to this action and the information sought through these interrogatories is protected by privilege pursuant to 5 U.S.C. §552(b)(5) and 5 U.S.C. §552(b)(7).  The information sought, if discoverable, would have been obtained from a readily available alternative source i.e. the FDA.  However, it is obvious that defendants attempted this route, but were denied access to the same information sought here on the grounds of the above referenced protections set forth under §552(b).

The requests are further overly broad and ambiguous so as to be unduly burdensome in respect to the definition of the term "You" in that the term is defined as including any who

1

represents the parties interest. While this is explained to some extent in specific examples, it unduly ambiguous as to what is meant beyond the specific examples provided.

Non-party attorney Troy Brenes further objects to responding to the following interrogatories and document requests on the grounds that the information sought is beyond the scope of permissible discovery under Fed. R. Civ. P. 26, seeks attorney mental impressions, work product and is overly broad as it seeks all communications regardless of whether there is any connection to any of the issues raised in the March 2, 2016 FDA 483 letter to Bard; February 25, 2016 FDA 483 letter to Bard; July 13, 2015 FDA Warning letter to Bard; January 5, 2015 FDA 483 letter to Bard; and/or the November 25, 2014 FDA 483 letter to Bard.

Notwithstanding and subject to the foregoing objections, attorney Troy Brenes states as follows:

## ANSWERS TO INTERROGATORIES

1.   Please identify each and every communication between You and the U.S. Government related to IVC filters.  This request is limited in time to communications occurring between January 1, 2013 to the present.

Answer:

I believe in or about May 2014, I was asked by my prior employer and another attorney to participate in a conference call with William C. MacFarland, who I believe was from the New Jersey regional office of the FDA, and Joshua Simms, Branch Chief of Cardiovascular Devices at the FDA's Office of Compliance. I do not believe any of the issues raised in the March 2, 2016 FDA 483 letter to Bard; the February 25, 2016 FDA 483 letter to Bard; the July 13, 2015 FDA Warning letter to Bard; the January 5, 2015 FDA 483 letter to Bard; and/or the November 25, 2014 FDA 483 letter to Bard were discussed.  My best recollection is that they asked for any

information we could provide relating to Bard's filters. My recollection is that I responded that nearly everything we had uncovered in litigation was bound by a secrecy order and that we could only share one of two documents that had been unsealed by the court or were otherwise public record. I don't recall actually forwarding any documents, but it is possible that I may have subsequently shared one or two documents that had been unsealed at that point in time.  I do not recall any further communications with anyone from the "Government."

2.   Please identify each and every Document that You sent to, or received from, the U.S. Government related to IVC filters.  This request is limited in time to communications occurring between January 1, 2013 to the present.

Answer:  Notwithstanding and subject to the general objections set forth above, see response to the preceding interrogatory.

3.   Please identify all Communications between You and the U.S. Government related to issues contained in the March 2, 2016 FDA 483 letter to Bard; February 25, 2016 FDA 483 letter to Bard; July 13, 2015 FDA Warning letter to Bard; January 5, 2015 FDA 483 letter to Bard; and/or the November 25, 2014 FDA 483 letter to Bard.   Copies of these letters are attached as Exhibit A.

Answer:  Notwithstanding and subject to the general objections set forth above, none to the best of my recollection.

4.   Please identify all Documents that You sent to, or received from, the U.S. Government related to issues contained in the March 2, 2016 FDA 483 letter to Bard; February 25, 2016 FDA 483 letter to Bard; July 13, 2015 FDA Warning letter to Bard; January 5, 2015 FDA 483 letter to Bard; and/or the November 25, 2014 FDA 483 letter to Bard.

Answer: Notwithstanding and subject to the general objections set forth above, none to the best of my recollection.

## RESPONSE TO REQUEST FOR DOCUMENTS

1. Please produce all Documents identified or referenced in Your responses to Bard's First Interrogatories to all Plaintiffs, served contemporaneous herewith.

Response: Notwithstanding and subject to the general objections set forth above, I do not recall corresponding with anyone from the government in writing. If I did it would have been simply to forward several documents deemed part of the public record in one of the early litigation cases. However, I have no recollection if I did that or someone else did, and I do not have possession, control or custody over any responsive documents.

## VERIFICATION

I hereby declare under the penalty and perjury under the laws of the United States of America, and pursuant to Title 28, U.S. Code of Judiciary and Judicial Procedure Section 1746 "Unsworn Declarations Under Penalty and Perjury" that the foregoing is true and correct to the best of my knowledge.

_____
Troy A. Brenes

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2016, a true and correct copy of the foregoing was sent via U.S. Mail and/or Electronic Mail to:

James R. Condo
Snell & Wilmer LLP
400 East Van Buren Street, Suite 1900
Phoenix, Arizona 85004
*Attorneys for Defendants*

Richard B. North, Jr.
Nelson Mullins Riley & Scarborough LLP
Atlantic Station
201 17th Street NW, Suite 1700
Atlanta, Georgia 30363
*Attorneys for Defendants*

*Counsel for Plaintiffs will be served in accordance
with the Court's Case Management Order No. 1

Troy A. Brenes

# EXHIBIT C

## John Dalimonte

| | |
|---|---|
| **From:** | Ramon Lopez [RLopez@lopezmchugh.com] |
| **Sent:** | Thursday, May 15, 2014 1:03 PM |
| **To:** | Troy Brenes |
| **Cc:** | 'johndalimonte@kdlaw.net' |
| **Subject:** | RE: C.R. Bard |

I will be in meetings here at that time. Go ahead and let me know what happens.


Sent from my Verizon Wireless 4G LTE Smartphone


-------- Original message --------
From: Troy Brenes
Date:05/15/2014 12:47 PM (GMT-05:00)
To: Ramon Lopez
Cc: "'johndalimonte@kdlaw.net'"
Subject: FW: C.R. Bard

FDA call is at 11:30 PST. Call in number is below.

---

**From:** John A. Dalimonte [mailto:johndalimonte@kdlaw.net]
**Sent:** Tuesday, May 13, 2014 10:15 AM
**To:** Ramon Lopez; Troy Brenes; 'Teresa Toriseva'
**Subject:** FW: C.R. Bard

FYI

**From:** MacFarland, William C [mailto:William.MacFarland@fda.hhs.gov]
**Sent:** Tuesday, May 13, 2014 12:49 PM
**To:** John A. Dalimonte
**Subject:** RE: C.R. Bard

You've got the right call-in information. Talk with you Thursday.

Sincerely,
Bill MacFarland
Tel: 301-796-5547
Fax: 301-847-8128
Email: william.macfarland@fda.hhs.gov
**From:** John A. Dalimonte [mailto:johndalimonte@kdlaw.net]
**Sent:** Tuesday, May 13, 2014 12:15 PM
**To:** MacFarland, William C
**Subject:** FW: C.R. Bard

Dear Mr. MacFarland,

It was a pleasure speaking with you this morning.  As we discussed, I may have a couple of my colleagues join
the call with Joshua Simms, Branch Chief of Cardiovascular Devices at the FDA's Office of Compliance this

# EXHIBIT D



**foi**

FOI Services
23219 Stringtown Road, Suite 240
Clarksburg, MD 20871-9363
Phone: 301-975-9400
Email: infofoi@foiservices.com

## 6204533 - A: Consumer Complaint/Injury Report #131097, Regarding Bard G2 Filter

Do you need additional U.S. Government records?

Since 1975, FOI Services, Inc. has specialized in acquiring government files using the Freedom of Information Act. We have millions of pages of unpublished documentation, especially from the Food and Drug Administration, already on file and available for immediate download at www.foiservices.com.

Unless specified otherwise, all of FOI Services' documents have been released by the U.S. Government under the provisions of the Freedom of Information Act and are therefore available to the general public. FOI Services, Inc. does not guarantee the accuracy of any of the information in these documents; the documents will be faithful copies of the information supplied to FOI Services, Inc.

**United States Food and Drug Administration**

**Consumer Complaint / Injury Report**

This is an accurate reproduction of the original electronic record as of 06/07/2016

| COMPLAINT | # 131097 |
|---|---|

| Complaint Date | Receiving Organization | Accomplishing District | How Received | Complaint Source | Complaint Received By | Complaint Status |
|---|---|---|---|---|---|---|
| 03/07/2013 | NWE-DO | LOS-DO | Telephone | Industry | Vantwuyver,Sheila M | Closed |

**Complainant Identification**

| Name | Address |
|---|---|
| anonymous | MA |

| Phone (W) | Phone (H) | Source POC Name | Source Phone |
|---|---|---|---|

**Complaint/Injury**

| Complaint Description | Adverse Event Result | Adverse Event Date | Injury / Illness |
|---|---|---|---|
| Complainant reported a problem with Bard's vena cava filters, labeled as G2 filters, manufactured between 2004 - 2008. Complainant knows of 1000 adverse events not reported to FDA. Complaints involve breakages, migrations, and perforations that resulted in serious injuries. | None | | |

| Notify DEIO/EMOPS? | Notification Date | Attended Health Professional? | Required Hospitalization? | Emergency Room / Outpatient Visit? | Reported Complaint To? | Need addnl. FDA Contact? |
|---|---|---|---|---|---|---|
| No | | N/A | N/A | N/A | Unknown | Unknown |

**Remarks**

The G2 was manufactured in Tempe, AZ and firm's corporate HQ is in Murray Hil, NJ. Details were provided in a memo of telecon written by NWE-DO's Compliance Officer. Memo of telecon is attached with the complaint record.

**Complaint Symptoms**

| Sympton | System Affected | Onset Time | Duration | Remarks |
|---|---|---|---|---|

**Health Care Professional**

| Provider Name | Address | Phone | Occupation |
|---|---|---|---|

**Hospital Information**

| Hospital Name | Address | Phone | Dates of Stay |
|---|---|---|---|

**Emergency Room/Outpatient Visit**

| Hospital Name | Address | Phone | ER Date |
|---|---|---|---|

**Product and Labeling**

| Brand Name | Product Name | Product Code | Product Description | PAC | UPC Code |
|---|---|---|---|---|---|
| Bard | vena cava filters, G2 | 74 | Cardiovascular | 81R801 | |

Date: 06/07/2016                Page: 1 of 3

Complaint # 131097

| Qty / Unit / Package | Lot/ Serial # | Exp/Use by Date | Purchase Date | Product Used No | Amount Consumed/Used |
|---|---|---|---|---|---|

| Date Used | Date Discontinued | Amount Remained | Imported Product? No | Country of Origin | Label Remarks |
|---|---|---|---|---|---|

Problem Ingredient Group

**Retail**

| Name | Address |
|---|---|
| n/a | |

**Manufacturer/Distributor**

| FEI | Name & Address | Home District | Firm Type |
|---|---|---|---|
| 2020394 | Bard Peripheral Vascular Inc 1625 W 3rd St Tempe Arizona United States 85281-2438 | LOS-DO | Manufacturer |
| 1000208905 | C. R. Bard, Inc. 730 Central Ave New Providence New Jersey United States 07974-1139 | NWJ-DO | Corporate Headquarters |

**Initial Evaluation/Initial Disposition**

| Problem Keyword | Problem Keyword Details |
|---|---|
| Other, identify in Details | Firm not reporting 1000 adverse events and serious injuries to FDA |

| Initial Evaluation | Initial Disposition | Disposition Made By | Disposition Date |
|---|---|---|---|
| FDA Action Indicated | Referred to Other FDA District | Vantwuyver,Sheila M | 03/07/2013 |

**Initial Disposition Remarks**

NWJ-DO, LOS-DO, and CDRH were notified. CC was referred to NWJ-DO first.
NWJ CCC discussed complaint with Deputy DD who instructed her to forward complaint to LOS-DO, location of manufacturer.

**Referrals**

| Org Name | HHS Mail Code |
|---|---|
| NWJ-DO | HFR-MA300 |
| LOS-IB-CCC | HFR-PA250T |

There are no Cosmetics details for this Complaint.
There are no Adverse Event details for this Complaint.

Complaint #131097

## COMPLAINTS FOLLOW - UP

### Grouped Follow - Up Operations

| Operation Id | Operation Code | Assignment Number | Accomplishing Organization | Performing Organization | Sample Number | PAF | Status | Status Date |
|---|---|---|---|---|---|---|---|---|

There are no Follow Up Operations related to this complaint.

### Disposition Summary

| Is Consumer Responsible? | Responsible FEI | Address | Name | Firm Type |
|---|---|---|---|---|

| Follow-Up Disposition | Disposition Made By | Disposition Date |
|---|---|---|
| Surveillance Information for Next EI | Lee,Franklin | 03/27/2013 |

**Disposition Remarks**

### Follow-Up Sent To

| Organization Name | HHS Mail Code |
|---|---|
| LOS-DO | HFR-PA200 |

# EXHIBIT E

## John Dalimonte

| | |
|---|---|
| **From:** | MacFarland, William C [William.MacFarland@fda.hhs.gov] |
| **Sent:** | Wednesday, May 14, 2014 4:49 PM |
| **To:** | John A. Dalimonte |
| **Subject:** | RE: C.R. Bard |

Got it, so did you contact the New England District Office?


Sincerely,
Bill MacFarland

Tel: 301-796-5547
Fax: 301-847-8128
Email: william.macfarland@fda.hhs.gov

**From:** John A. Dalimonte [mailto:johndalimonte@kdlaw.net]
**Sent:** Wednesday, May 14, 2014 4:34 PM
**To:** MacFarland, William C
**Subject:** RE: C.R. Bard

I have reached out to several folks here in Massachusetts about a year or so ago, but they have not followed up. I was told that I needed to contact one of your regional offices since Bard was based in NJ. No others have been involved. I look forward to our conference call tomorrow.

John

**From:** MacFarland, William C [mailto:William.MacFarland@fda.hhs.gov]
**Sent:** Wednesday, May 14, 2014 3:57 PM
**To:** John A. Dalimonte
**Cc:** Simms, Joshua
**Subject:** RE: C.R. Bard

Hello Mr. Dalimonte, just a quick question for you that you can answer now or on our call tomorrow. I understand that you have contacted the New Jersey District Office and CDRH's Office of Surveillance and Biometrics. Is there anybody else that you have contacted at FDA? We would just want to operate with a central point of contact with you. If there are others at FDA that have been involved then I would like to know who they are so that we are all working together.


Thanks,
Bill



Tel: 301-796-5547
Fax: 301-847-8128
Email: william.macfarland@fda.hhs.gov

**From:** John A. Dalimonte [mailto:johndalimonte@kdlaw.net]
**Sent:** Tuesday, May 13, 2014 12:15 PM
**To:** MacFarland, William C
**Subject:** FW: C.R. Bard

Dear Mr. MacFarland,

# EXHIBIT F

**John Dalimonte**

| | |
|---|---|
| **From:** | John A. Dalimonte [johndalimonte@kdlaw.net] |
| **Sent:** | Wednesday, June 03, 2015 7:21 AM |
| **To:** | 'MacFarland, William C' |
| **Cc:** | 'Simms, Joshua' |
| **Subject:** | RE: C.R. Bard |
| **Attachments:** | Exh 1190.pdf; Exh 1191.pdf; Exh 517.pdf; Exh 697.pdf; Exh 682.pdf; Exh  672 Updated.pdf; Exh 945.pdf; PT Exh 6 - 848 F. Supp. 287.pdf |

Good morning gentlemen:

We recently received a favorabe ruling allowing us to share with you documents that C.R. Bard, Inc. has held back from the FDA concerning its IVC filter product line.  As you know, the Bard Simon Nitinol Filter was the predicate device to the Recovery filter which was cleared throught the 510(k) process as the substantially equivalent.  Bard then used the Recovery filter to serve as the predicate device for its subsequent filter product line knowing full well that it was not the substantial equivalent and concealed information relating to the safety of this device from the FDA, doctors and public in order to gain a competitive advantage.  The same was true with some of its successors such as the G2 filter.  I have hundreds of doucments that I can share, but it still only the tip of the iceberg.  In the meantime,  attached are a couple of documents for your review.  I intend to forward all recently made public documents.  I have many more concerning off label promotion, lack of sufficient testing prior to market, discovery of improper testing after market, refusal to follow up with post market surveillance after several physicians and medical centers reported significant failure rates, admission of a reactive/redesign policy essentially using people as Guinea pigs to test and get their product to market.
 This is the same conduct, if not worse, than what took place in the past that led to criminal indictments and millions in fines.  I would be happy to set up a drop box account with a link to share these documents, or can place them on a flash drive and send them to you.  Please let me know what you prefer.

Ironically, Bard's defense at this trial was that they shared all their documents with the FDA and that the FDA gave their blessing.  Feel free to call me anytime on this matter at the number below.

John A. Dalimonte
617-367-3311

---

**From:** MacFarland, William C [mailto:William.MacFarland@fda.hhs.gov]
**Sent:** Tuesday, April 28, 2015 4:41 PM
**To:** John A. Dalimonte
**Cc:** Simms, Joshua
**Subject:** RE: C.R. Bard

Thank you for this information, John. It will help keep me up to date with the IVC filter issue.


Sincerely,
Bill MacFarland

Tel: 301-796-5547
Fax: 301-847-8128
Email: william.macfarland@fda.hhs.gov


*Excellent customer service is important to us. Please take a moment to provide feedback regarding the customer service you have received:*

*https://www.research.net/s/cdrhcustomerservice?O=300&D=360&B=361&E=&S=E*

# EXHIBIT G

1  Wendy R. Fleishman
   Daniel E. Seltz
2  Adam H. Weintraub
   LIEFF CABRASER HEIMANN
3     & BERNSTEIN, LLP
   250 Hudson Street, 8th Floor
4  New York, NY 10013
   Phone: (212) 355-9500
5  Email: wfleishman@lchb.com
   *Attorneys for Plaintiffs*
6

7              UNITED STATES DISTRICT COURT

8                   DISTRICT OF ARIZONA

9
   MARIA E. BARRAZA, THOMAS              MDL No. 15-2641-DGC
10 FLOURNAY, JAMES HOLT, GREGORY
   LESTER, KEVIN MEEKS, MICHELLE
11 MESSNER, EDDIE MIMS, DELMAR          Case No.  2:16-CV-01374-DGC
   LEE PECK, LATASHA PROPHET,
12 DENISE TOMLIN, AND DIANE
   WASHINGTON                           **PLAINTIFFS' RULE 30(b)(6)**
13                                       **NOTICE OF DEPOSITION**
                Plaintiffs,
14
   v.
15
   C.R. BARD, INC., and BARD
16 PERIPHERAL VASCULAR, INC.,

17              Defendants.

18

19 To:    Richard B. North
          Nelson Mullins
20        Atlantic Station
          201 17th Street NW, Suite 1700
21        Atlanta, GA 30363
          Richard.North@nelsonmullins.com
22

23 **DEPONENT(S):    Bard, Inc. and Bard Peripheral Vascular, Inc. Corporate
24                   Designee re: Topics Listed Below**

25        PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure Rule

26 30(b)(6), the Plaintiffs by and through the Plaintiffs' Steering Committee, will take the

27 deposition upon oral examination of the Corporate Designee from Bard, Inc. and Bard

28

1320056.1

Peripheral Vascular, Inc. ("Bard") in the manner specified as set forth on Schedule A and concerning the topics set forth in Schedule B below.

The deposition will commence on a date to be determined at Gallagher & Kennedy, P.A., 2575 Camelback Drive, Suite 1100, Phoenix, AZ.  Said deposition will take place before a court reporter authorized to administer oaths, pursuant to Federal Rules of Civil Procedure 28, and will be recorded by audiotape and videotape.  This deposition is being taken for the purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure and the local rules.

Pursuant to Federal Rule of Civil Procedure 30(b)(2), the witness is requested and required to produce true, correct and complete copies of all documents, materials and **information listed in Schedule A, no later than three (3) weeks prior to his/her deposition**.

**\*\*SEE ATTACHED DEPOSITION RIDER ATTACHED AS SCHEDULE A"**

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the witness(es) is(are) to be prepared to respond to the topics identified on the attached Schedule B.

Dated:  September 30, 2016.                    LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

/s/Wendy R. Fleishman
Wendy R. Fleishman
Daniel E. Seltz
Adam H. Weintraub
250 Hudson Street, 8th Floor
New York, NY 10013
Phone: (212) 355-9500
Email: wfleishman@lchb.com
***Attorneys for Plaintiffs and Plaintiffs'
Steering Committee***

2

1320056.1

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2016 a true and correct copy of the foregoing was sent via U.S. Mail and/or Electronic Mail to:

James R. Condo
Snell & Wilmer LLP
400 East Van Buren Street, Suite 1900
Phoenix, Arizona 85004
*Attorneys for Defendants*

Richard B. North, Jr.
Nelson Mullins Riley & Scarborough LLP
Atlantic Station
201 17th Street NW, Suite 1700
Atlanta, Georgia 30363
*Attorneys for Defendants*

*Counsel for Plaintiffs will be served in accordance
with the Court's Case Management Order No. 1

/s/ *Daniel E. Seltz*
Daniel E. Seltz

3

1320056.1

1

## SCHEDULE A

2          In responding to this Deposition Upon Oral Examination, you are required to produce all

3  documents known or reasonably available to you, regardless of whether such documents are in

4  your possession, custody or control, or in the possession, custody or control of your agents,

5  representatives, investigators, or your attorneys or their agents, employees, representatives, or

6  investigators.  This demand specifically requires that you search your personal records including

7  your home computer, files, and text message records for responsive documents.

8  All documents that exist in electronic form are to be produced in electronic form and in their

9  native form or other searchable form, not in an electronic form that is merely a picture of a

10  document, such as a PDF file.  All documents that do not exist in electronic form are to be

11  produced in their hard-copy, native form.

12

## SCHEDULE A DEFINITIONS

13          The following definitions apply to this Notice of Deposition and are deemed

14  incorporated into each subject matter and document request listed below:

15          1.      "You" shall mean the deponent and/or Bard.

16          2.      "IVC Filters" shall refer to the Bard IVC Filters marketed as the Recovery, the G2,

17  the G2X or G2 Express, the Eclipse, the Meridian, and the Denali.

18          3.      "Communication" and/or "correspondence" shall mean and refer to any oral,

19  written or electronic transmission of information, including, without limitation, meetings,

20  discussions, conversations, telephone calls, memoranda, letters, e-mails, text messages,

21  conferences, or seminars or any other exchange of information between yourselves or between

22  you and any other person or entity.

23          4.      "Computer" means all devices utilizing microchips to facilitate processing,

24  analysis, or storage of data, including microcomputers (also known as personal computers),

25  laptop computers, portable computers, notebook computers, palmtop computers (also known as

26  personal digital assistants or PDA's), minicomputers and mainframe computers.  "Computer

27  system," when used in reference to any computer, includes the following information: (a) the

28  computer type, brand, and model, and (b) the brand and version of all software, including the

4

1320056.1

operating system, private- and custom-developed applications, commercial applications, and/or shareware.

5.     "Documents" shall have the broadest possible meaning and interpretation and shall include, without limitation, any written, printed, typed, photostatic, photographed, recorded, computer generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, emails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, films, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any primary versions, drafts or revisions of any of the foregoing, and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of you or anyone else, and shall include all nonidentical copies and drafts of any of the foregoing now in the possession, custody or control of you, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on your behalf.

6.     "Electronic data" or "data" means the original (native format), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  Electronic data includes, by way of example only, computer programs (whether private,

5

1   commercial, or work-in-progress), programming notes or instructions, activity listings of

2   electronic mail receipts and/or transmittals, output resulting from the use of any software program,

3   including word processing documents, spreadsheets, database files, charts, graphs and outlines,

4   electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch

5   files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the

6   media on which they reside and regardless of whether said electronic data consists in an active

7   file, deleted file or file fragment.  Electronic data includes any and all items stored on computer

8   memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz

9   cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched

10  cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and

11  ROM, on or in any other vehicle for digital data storage and/or transmittal.  The term electronic

12  data also includes the file, folder tabs and/or containers and labels appended to, or associated with,

13  any physical storage device associated with each original and/or copy.

14      7.      To the extent any document responsive to the requests below are stored

15  electronically, such documents shall be produced on discs or other agreed upon storage devices

16  with a load file which fully preserves any and all metadata from the original electronic documents

17  or information, the logical document divisions between files, and the parent-child relationship

18  between any documents that have an "attachment," "exhibit," or any other relationship to another

19  document in a manner that fully discloses and maintains the relationship.

20      8.      "Person" means natural person, as well as corporate and/or governmental entity.

21      9.      "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect,"

22  "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing,

23  embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting,

24  pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically

25  or factually, connecting with the matter described in that paragraph of these demands, including

26  documents attached to or used in the preparation of or concerning the preparation of the

27  documents.

28

1320056.1

1      10.    "Possession, custody or control" shall mean and refer to any documents in your

2    possession, custody or control.  A document is deemed to be in your "possession, custody or

3    control" if is in your physical custody, or if it is in the physical custody of another person or

4    entity and you:  (a) own such document in whole or in part; (b) have a right by contract, statute or

5    otherwise to use, inspect, examine or copy such document on any terms; (c) have an

6    understanding, express or implied, that you may use, inspect, examine or copy such document on

7    any terms; or (d) have, as a practical matter, been able to use, inspect, examine or copy such

8    document when you have sought to do so.  Such document shall include, without limitation,

9    documents that are in the custody of your attorney(s), employees, staff, representatives and

10   agents.  Documents in your physical custody include documents stored on your home computer,

11   or other computers that you have accessed, and physical documents stored at your home, or

12   elsewhere.  Documents in your attorney's possession are deemed to be in your possession so that

13   if your attorney has possession of documents sought to be obtained herein, said documents must

14   be produced in response to these Requests even if such documents are unknown to you

15   individually.

16      11.    The terms "AND," "OR" and "AND/OR" shall be construed either disjunctively or

17   conjunctively as necessary to bring within the scope of the discovery request all responses that

18   might otherwise be construed to be outside the scope.

19                              **DOCUMENTS REQUESTED**

20      1.    A current copy of your most recent curriculum vitae or resume.

21      2.    Any and all documents, records, information, tangible things, or other materials

22   reviewed by you in preparation for deposition.

23      3.    Any and all documents, records, information or other material that you have in

24   your personal and business possession, custody or control, or any documents in the possession of

25   the deponent's agents, attorneys, representatives or investigators, relating to the Bard IVC Filters

26   including but not limited to electronic data that has not already been produced in this litigation.

27      4.    Any and all documents, records, information or other material, including but not

28   limited to electronic data, that you have in your personal and business possession, custody or

1320056.1

1  control, or any documents in the possession of the deponent's agents, attorneys, representatives or

2  investigators that relate to the sale of the Bard IVC Filters.

3      5.      Any and all documents, records, information or other material, including but not

4  limited to electronic data, that you have in your personal and business possession, custody or

5  control, or any documents in the possession of the deponent's agents, attorneys, representatives or

6  investigators that relate to the number of IVC Filters implanted by doctors at any time in the U.S.

7      6.      Any and all documents, records, information or other material, including but not

8  limited to electronic data, that you have in your personal and business possession, custody or

9  control, or any documents in the possession of the deponent's agents, attorneys, representatives or

10  investigators that relate to the revenue generated from the sale of the IVC Filters implanted by

11  doctors at any time in the U.S.

12      7.      Any and all documents, records, information or other material, including but not

13  limited to electronic data, that you have in your personal and business possession, custody or

14  control, or any documents in the possession of the deponent's agents, attorneys, representatives or

15  investigators that relate to the number of IVC Filters retrieved successfully by doctors and other

16  health care practitioners at any time in the U.S.

17      8.      Any and all documents, records, information or other material, including but not

18  limited to electronic data, that you have in your personal and business possession, custody or

19  control, or any documents in the possession of the deponent's agents, attorneys, representatives or

20  investigators that relate to the IVC Filters by type of Bard IVC Filters implanted by doctors at any

21  time in the U.S., sold by Bard and the number of IVC Filters by type that were retrieved.

22      9.      Any and all marketing and/or IMS data having to do with the number of IVC

23  Filters sold, information about each type sold and each type explanted by number.

24      10.      Any and all documents, text, notes, outlines, slides or presentation from any

25  speeches, presentations, testimonies, oral proposals, or the like prepared or given by you that

26  reference or relate to the number of IVC Filters implanted, retrieved, the amount of time in which

27  the IVC Filter remained without retrieval, and any comparison of the above to the IVC Filters of

28  your competitor manufacturers.

8

11.     Any agreements between you and Bard, including but not limited to, all employment, consulting, joint defense, indemnification, or other agreements.

12.     Any and all records relating to your employment status that refer to your job performance as it relates to any issues relating to the IVC Filters including performance reviews that refer to your role with the IVC Filters.

13.     Any and all documents, records, information, or other materials, including but not limited to electronic data such as e-mails, shown to the deponent by Nelson Mullins or any other lawyer, even if such documents are not in the deponent's possession, in preparation for this deposition, or other testimony worldwide relating to the IVC Filters.

9

1320056.1

**SCHEDULE B**

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants shall designate one or more officers, directors, managing agents, employees, or other sufficiently knowledgeable persons to testify concerning the following topics:

1.     The identity, nature, location, retention and organization of any and all documents that pertain to the sales, revenue generated, and retrievals of the Bard IVC Filters, and all IVC Filters sold and/or manufactured by Bard's competitors.

2.     IMS Data requested, acquired and maintained that refer to, relate to, or reflect any information about the sale, implant, use, and retrieval of the Bard IVC Filters as well as Bard's reliance on IMS Data with regard to its sales, marketing, commercialization, strategies, device tracking and device pharmacovigilance practices.

3.     Bard's tracking of adverse event information, including both public and internal information, and Bard's reliance on such information with regard to its sales, marketing, commercialization, strategies, and device pharmacovigiliance practices.

4.     The internal organizational structure of Defendants' departments, divisions, committees, and/or task forces responsible for the tracking the marketing, advertising, branding, revenue generated by the Bard IVC Filters from 2002 through the present.

5.     Communications to physicians, healthcare professionals, or healthcare providers, relating to the safety or efficacy of Bard IVC Filters, including Bard's consideration of such communications, whether or not sent.  Such communications include, but are not limited to, Dear Doctor letters and other notices.

6.     Bard's communications to patients or the general public, relating to the safety or efficacy of Bard IVC Filters, and Bard's consideration of whether to send such communications, whether or not sent.

7.     Bard's communications to physicians, healthcare professionals, or healthcare providers regarding the replacement of filters in the market and/or the introduction of new filters into the market, and Bard's consideration of whether to send such communications, whether or not sent.

1320056.1

8.      Bard's communications to patients and/or the general public regarding the replacement of filters in the market and/or the introduction of new filters into the market, including Bard's consideration of whether to send such communications, whether or not sent.

9.      Communications to Bard from physicians, healthcare professionals, or healthcare providers, either written or oral, concerning the safety and efficacy of Bard IVC Filters.

10.     Communications to Bard from patients, either written or oral, concerning the safety and efficacy of Bard IVC Filters.

11.     Bard's efforts to identify the  physicians, healthcare professionals, and/or healthcare providers that purchased, implanted, used, retrieved, and/or monitored Bard IVC Filters, and when such implantation, retrievals, and/or monitoring occurred.

12.     Bard's efforts to identify and determine the location of patients that have received implants, retrievals, and/or monitoring of Bard IVC Filters and when such implantation, retrievals, and/or monitoring occurred.

13.     Bard's efforts to determine the logistics, strategy, and costs of a monitoring program for patients implanted with Bard IVC filters.

14.     Communications from Bard to physicians, healthcare professionals, and/or patients about the risks associated with non-retrieval of Bard IVC Filters.

15.     Bard's efforts to identify the safety status of Bard IVC Filters for indwell times in excess of two months.

16.     Bard's communication to physicians, healthcare professionals, sales and marketing representatives, and/or patients regarding all changes in instructions, illustrations, videos, photos, animation, surgical procedure, surgical equipment, assembly, and technique for retrieval of Bard IVC filters.  (a/k/a troubleshooting guide)

17.     Bard's communication to physicians, healthcare professionals, sales and marketing representatives and/or patients regarding all changes in instructions, illustrations, videos, photos, animation, surgical procedure, surgical equipment, assembly, and technique for implantation of Bard IVC filters.

18.     Bard's design, conduct, support, or funding of studies concerning the complication rates of their retrievable filters in patients who have had them implanted.

19.     Bard's communications with investigators who have conducted studies concerning the complication rates of their retrievable filters in patients who have had them implanted.

12

1320056.1