IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC<br><br>**CASE MANAGEMENT ORDER NO. 19** |

The Court held a seventh Case Management Conference on December 9, 2016. The conference addressed ongoing matters identified in the parties' joint report (Doc. 4176).

**A.   ESI.**

Plaintiffs have identified some Defendant custodians from whom they have not received ESI. Defendants have agreed to conduct additional searches with respect to some of these custodians, and are investigating the lack of responsive information from others. Defendants shall produce any additional ESI from these custodians by December 22, 2016. Plaintiffs mentioned that they may consider raising spoliation issues, and the Court directed the parties to Federal Rule of Civil Procedure 37(e) as providing the rules the Court will apply to any ESI-spoliation argument.

**B.   Bellwether Selection.**

Defendants expressed concern that two cases in PFS/DFS Group 1 (*see* CMO 11) have recently been dismissed or shortly will be dismissed by Plaintiffs. Defendants stated that these two cases were to be among the ten cases Defendants intended to identify under paragraph IV.A.1 of CMO 11. After conferring with the parties, the Court struck two cases from Plaintiffs' list of ten (not including the four cases Plaintiffs

intended to designate for automatic inclusion in Discovery Group 1), and directed the parties to exchange their lists of ten without respect to the two stricken cases and the two cases to be dismissed. In effect, the Court reduced the pool from which the parties could choose their ten preferred cases from 48 to 44, and did so in a way that results in each side losing two possible candidates.

By December 16, 2016, the parties shall provide the Court with the 12 cases in Discovery Group 1 if they have been able to reach agreement, and, if not, with the eight cases to be included in Discovery Group 1 (or ten, if the parties have reached agreement on two additional cases), along with memoranda explaining why they believe the Court should pick particular cases to complete Discovery Group 1. The memoranda shall not exceed three pages case. Responses shall be filed on or before **December 22, 2016**.

On or before **December 16, 2016**, the parties shall also provide the Court with a proposed scheduling order to govern Discovery Group 1 between now and March 1, 2017, when Bellwether Group 1 will be selected. *See* CMO 11, ¶ V.A.

**C.   Mature Cases.**

After conferring with the parties, the Court concluded that it is premature to remand mature cases to their home districts. Those cases will involve expert opinions regarding the FDA warning letters and the Kay Fuller allegations, and the Court concludes that disclosure of those opinions, as well as expert discovery and any *Daubert* motions, should be handled in this MDL. This conclusion does not preclude the parties from discussing specific cases which may be subject to remand before the expert work is completed.

**D.   Depositions of Plaintiffs' Counsel.**

Plaintiffs shall file a response to the arguments set forth by Defendants in Doc. 4176 on or before **December 16, 2016**. Defendants shall file a reply on or before **December 22, 2016**.

**E.     30(b)(6) Deposition Notice.**

After conferring with the parties, the Court concluded that Topic 15 in the Rule 30(b)(6) deposition discussed in Doc. 4176 should read as follows: "Did Defendants ever conduct any studies, formulate any company positions, or adopt any policies addressing whether there was any correlation between indwell times and safety risks?"  If the answer to any portion of this question is yes, the Rule 30(b)(6) witness should be prepared to testify about the studies, positions, or policies.

**F.     Next Case Management Conference.**

The next Case Management Conference will be held on **February 17, 2017 at 10:00 a.m**.  The parties shall provide the Court with a joint status report on or before **February 13, 2017.**

Dated this 13th day of December, 2016.

_____
David G. Campbell
United States District Judge