**EXHIBIT A**

John A. Dalimonte, Esquire
Dalimonte Rueb Law Group LLP
85 Devonshire Street, Suite 1000
Boston, MA 02109
Tel:  (617) 302-9900
Fax:  (617) 742-9130
john@drlawllp.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

------------------------------------------------------)
IN RE:  BARD IVC FILTER PRODUCTS  )      C.A. No. 2:15-MD-02641-DCG
      LIABILITY LITIGATION      )      MDL No. 2641
------------------------------------------------------)

**ATTORNEY JOHN A. DALIMONTE ANSWERS TO DEFENDANTS'**
**INTERROGATORIES AND RESPONSE TO PRODCUTION OF DOCUMENTS**

Now comes attorney John A. Dalimonte who is counsel of record for some of the

plaintiffs in the above captioned matter and hereby answers defendants' interrogatories and

responds to requests for documents as follows.

**<u>General Objections</u>**

Attorney John A. Dalimonte objects to responding to the following interrogatories and

request for documents on the grounds that he is not a party to this action and the information

sought through these interrogatories is protected by privilege pursuant to 5 U.S.C. §552(b)(5)

and 5 U.S.C. §552(b)(7).  The information sought if discoverable would have been obtained from

a readily available alternative source i.e. the FDA.  However, it is obvious that defendants

attempted this route, but were denied access to the same information sought here on the grounds

of the above referenced protections set forth under §552(b).  Now, defendants seek to circumvent

this regulation by serving identical sets of discovery on each lawyer to determine who reported

defendants' misconduct to the FDA and what was shared.  No such response could possibly lead

to the discovery of information of what the FDA's internal decision making process was or

1

whether it influenced them in any manner. The FDA's investigation led them to independently find that defendants were in certain violations of the law – not violations by plaintiffs or their respective counsel.

Non-party attorney John A. Dalimonte further objects to responding to the following interrogatories and document requests on the grounds that the information sought is beyond the scope of permissible discovery under Fed. R. Civ. P. 26, seeks attorney mental impressions, work product and is overly broad as it seeks all communications regardless of whether there is any connection to any of the issues raised in the March 2, 2016 FDA 483 letter to Bard; February 25, 2016 FDA 483 letter to Bard; July 13, 2015 FDA Warning letter to Bard; January 5, 2015 FDA 483 letter to Bard; and/or the November 25, 2014 FDA 483 letter to Bard.

Notwithstanding and subject to the foregoing objections, attorney Dalimonte states as follows:

## ANSWERS TO INTERROGATORIES

1. Please identify each and every communication between You and the U.S. Government related to IVC filters. This request is limited in time to communications occurring between January 1, 2013 to the present.

Answer: Notwithstanding and subject to the general objections set forth above, on or about May 13, 2014, I received a call from William C. MacFarland from the FDA who I believe was from the New Jersey regional office in response to several calls I made to the FDA's Massachusetts and New Jersey regional offices. At that time, we exchanged email addresses and he asked if I would be available for a conference call together with any of my colleagues who wanted to participate with himself and Joshua Simms, Branch Chief of Cardiovascular Devices at the FDA's Office of Compliance. On May 14, 2014, Mr. MacFarland circulated a call in

number for the conference call which was held on May 15, 2014. The participants of that call were myself, Troy Brenes, then of Lopez McHugh LLP, William C. MacFarland and Joshua Simms. None of the issues raised in March 2, 2016 FDA 483 letter to Bard; February 25, 2016 FDA 483 letter to Bard; July 13, 2015 FDA Warning letter to Bard; January 5, 2015 FDA 483 letter to Bard; and/or the November 25, 2014 FDA 483 letter to Bard were discussed. They asked us for any information we could provide them, but we told them that we could only share publicly available information. At time, we advised the FDA that we believe that we could share the decision denying the defendants' motion for summary judgment in Giordano v. C.R. Bard, Inc, et al., San Diego Superior Court Case No. 37-2011-00069363-CU-PO-EC, but would need to check to determine whether that was publicly available.

On May 23, 2014, after confirming that the decision denying the motion for summary judgment in Giordano was available to the public, a copy of that decision was sent electronically. No further communications were made with the FDA.

On April 28, 2015, after confirming that the trial brief in Jones v. C.R. Bard, Inc., U.S.D.C. N.D. Tex, C.A. No. 3:12-cv-00599-K, was publicly available, the Jones trial brief was sent electronically together with the following two articles.

–   Tam, et al, Fracture and Distant Migration of the Bard Recovery Filter: A Retrospective Review of 363 Implantations for Potentially Life-Threatening Complications, J. Vasc. Interv. Radiol. 21:2 (2011)

–   An, et al, Prevalence and Clinical Consequences of Fracture and Fragment Migration of the Bard G2 Filter: Imaging and Clinical Follow-up in 684 Implantations, J. Vasc. Interv. Radiol. 2014; 25:941-948

Other than a thank you response, no further communications were made with the FDA.

3

After the court in  Phillips v. C.R.Bard, Inc., et al., U.S.D.C. Nev., C.A. NO: 3:12-cv-

00344-RCJ-WGC, denied defendants' request to seal the trial exhibits, in June of 2015, copies of

the following documents were electronically sent to the FDA:

- Plaintiff Exhibits 1190, 1191, 517, 697, 682, 672 and 945.

- 848 F. Supp. 287 (D. Mass. 1994)

No further communications were made with the FDA.

2.  Please identify each and every Document that You sent to, or received from, the U.S.

Government related to IVC filters.  This request is limited in time to communications occurring

between January 1, 2013 to the present.

Answer:  Notwithstanding and subject to the general objections set forth above, see

response to the preceding interrogatory.

3.  Please identify all Communications between You and the U.S.

Government related to issues contained in the March 2, 2016 FDA 483 letter to Bard; February

25, 2016 FDA 483 letter to Bard; July 13, 2015 FDA Warning letter to Bard; January 5, 2015

FDA 483 letter to Bard; and/or the November 25, 2014 FDA 483 letter to Bard.   Copies of these

letters are attached as Exhibit A.

Answer:  Notwithstanding and subject to the general objections set forth above, none.

4.  Please identify all Documents that You sent to, or received from, the U.S.

Government related to issues contained in the March 2, 2016 FDA 483 letter to Bard; February

25, 2016 FDA 483 letter to Bard; July 13, 2015 FDA Warning letter to Bard; January 5, 2015

FDA 483 letter to Bard; and/or the November 25, 2014 FDA 483 letter to Bard.

Answer:  Notwithstanding and subject to the general objections set forth above, none.

4

## RESPONSE TO REQUEST FOR DOCUMENTS

1.  Please produce all Documents identified or referenced in Your responses to Bard's First Interrogatories to all Plaintiffs, served contemporaneous herewith.

Response:     Notwithstanding and subject to the general objections set forth above, see attached documents, including the email exchanges with the FDA.

## VERIFICATION

I hereby declare under the penalty and perjury under the laws of the United States of America, and pursuant to Title 28, U.S. Code of Judiciary and Judicial Procedure Section 1746 "Unsworn Declarations Under Penalty and Perjury" that the foregoing is true and correct to the best of my knowledge.

John A. Dalimonte

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2016, a true and correct copy of the foregoing was sent via U.S. Mail and/or Electronic Mail to:

James R. Condo
Snell & Wilmer LLP
400 East Van Buren Street, Suite 1900
Phoenix, Arizona 85004
*Attorneys for Defendants*

Richard B. North, Jr.
Nelson Mullins Riley & Scarborough LLP
Atlantic Station
201 17th Street NW, Suite 1700
Atlanta, Georgia 30363
*Attorneys for Defendants*

*Counsel for Plaintiffs will be served in accordance with the Court's Case Management Order No. 1

John A. Dalimonte

5