**EXHIBIT E**

Troy A. Brenes
Brenes Law Group, P.C.
16A Journey, Suite 200
Aliso Viejo, CA 92656
Tel: (949) 397-9360
Fax: (949) 607-4192
tbrenes@breneslawgroup.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

---------------------------------------------------------)
IN RE:  BARD IVC FILTER PRODUCTS  )          C.A. No. 2:15-MD-02641-DCG
        LIABILITY LITIGATION        )          MDL No. 2641
---------------------------------------------------------)

## ATTORNEY TROY A. BRENES ANSWERS TO DEFENDANTS' INTERROGATORIES AND RESPONSE TO PRODCUTION OF DOCUMENTS

Now comes attorney Troy A. Brenes who is counsel of record for some of the plaintiffs

in the above captioned matter and hereby answers defendants' interrogatory and production

requests as follows.

### General Objections

Attorney Troy A. Brenes objects to responding to the following interrogatories and

request for documents on the grounds that he is not a party to this action and the information

sought through these interrogatories is protected by privilege pursuant to 5 U.S.C. §552(b)(5)

and 5 U.S.C. §552(b)(7).  The information sought, if discoverable, would have been obtained

from a readily available alternative source i.e. the FDA.  However, it is obvious that defendants

attempted this route, but were denied access to the same information sought here on the grounds

of the above referenced protections set forth under §552(b).

The requests are further overly broad and ambiguous so as to be unduly burdensome in

respect to the definition of the term "You" in that the term is defined as including any who

1

represents the parties interest. While this is explained to some extent in specific examples, it unduly ambiguous as to what is meant beyond the specific examples provided.

Non-party attorney Troy Brenes further objects to responding to the following interrogatories and document requests on the grounds that the information sought is beyond the scope of permissible discovery under Fed. R. Civ. P. 26, seeks attorney mental impressions, work product and is overly broad as it seeks all communications regardless of whether there is any connection to any of the issues raised in the March 2, 2016 FDA 483 letter to Bard; February 25, 2016 FDA 483 letter to Bard; July 13, 2015 FDA Warning letter to Bard; January 5, 2015 FDA 483 letter to Bard; and/or the November 25, 2014 FDA 483 letter to Bard.

Notwithstanding and subject to the foregoing objections, attorney Troy Brenes states as follows:

## ANSWERS TO INTERROGATORIES

1. Please identify each and every communication between You and the U.S. Government related to IVC filters. This request is limited in time to communications occurring between January 1, 2013 to the present.

Answer:

I believe in or about May 2014, I was asked by my prior employer and another attorney to participate in a conference call with William C. MacFarland, who I believe was from the New Jersey regional office of the FDA, and Joshua Simms, Branch Chief of Cardiovascular Devices at the FDA's Office of Compliance. I do not believe any of the issues raised in the March 2, 2016 FDA 483 letter to Bard; the February 25, 2016 FDA 483 letter to Bard; the July 13, 2015 FDA Warning letter to Bard; the January 5, 2015 FDA 483 letter to Bard; and/or the November 25, 2014 FDA 483 letter to Bard were discussed. My best recollection is that they asked for any

2

information we could provide relating to Bard's filters. My recollection is that I responded that nearly everything we had uncovered in litigation was bound by a secrecy order and that we could only share one of two documents that had been unsealed by the court or were otherwise public record. I don't recall actually forwarding any documents, but it is possible that I may have subsequently shared one or two documents that had been unsealed at that point in time.  I do not recall any further communications with anyone from the "Government."

2.   Please identify each and every Document that You sent to, or received from, the U.S. Government related to IVC filters.  This request is limited in time to communications occurring between January 1, 2013 to the present.

Answer:  Notwithstanding and subject to the general objections set forth above, see response to the preceding interrogatory.

3.   Please identify all Communications between You and the U.S. Government related to issues contained in the March 2, 2016 FDA 483 letter to Bard; February 25, 2016 FDA 483 letter to Bard; July 13, 2015 FDA Warning letter to Bard; January 5, 2015 FDA 483 letter to Bard; and/or the November 25, 2014 FDA 483 letter to Bard.   Copies of these letters are attached as Exhibit A.

Answer:  Notwithstanding and subject to the general objections set forth above, none to the best of my recollection.

4.   Please identify all Documents that You sent to, or received from, the U.S. Government related to issues contained in the March 2, 2016 FDA 483 letter to Bard; February 25, 2016 FDA 483 letter to Bard; July 13, 2015 FDA Warning letter to Bard; January 5, 2015 FDA 483 letter to Bard; and/or the November 25, 2014 FDA 483 letter to Bard.

Answer:  Notwithstanding and subject to the general objections set forth above, none to the best of my recollection.

## RESPONSE TO REQUEST FOR DOCUMENTS

1.  Please produce all Documents identified or referenced in Your responses to Bard's First Interrogatories to all Plaintiffs, served contemporaneous herewith.

Response:      Notwithstanding and subject to the general objections set forth above, I do not recall corresponding with anyone from the government in writing. If I did it would have been simply to forward several documents deemed part of the public record in one of the early litigation cases. However, I have no recollection if I did that or someone else did, and I do not have possession, control or custody over any responsive documents.

## VERIFICATION

I hereby declare under the penalty and perjury under the laws of the United States of America, and pursuant to Title 28, U.S. Code of Judiciary and Judicial Procedure Section 1746 "Unsworn Declarations Under Penalty and Perjury" that the foregoing is true and correct to the best of my knowledge.

_____
Troy A. Brenes

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2016, a true and correct copy of the foregoing was sent via U.S. Mail and/or Electronic Mail to:

James R. Condo
Snell & Wilmer LLP
400 East Van Buren Street, Suite 1900
Phoenix, Arizona 85004
*Attorneys for Defendants*

Richard B. North, Jr.
Nelson Mullins Riley & Scarborough LLP
Atlantic Station
201 17th Street NW, Suite 1700
Atlanta, Georgia 30363
*Attorneys for Defendants*

*Counsel for Plaintiffs will be served in accordance
with the Court's Case Management Order No. 1

Troy A. Brenes

5