# EXHIBIT A

James R. Condo (005867)
Amanda C. Sheridan (027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (GA Bar No. 545599)
(admitted *pro hac vice*)
Matthew B. Lerner (GA Bar No. 446986)
(admitted *pro hac vice*)
Nelson Mullins Riley & Scarborough, LLP
201 17th St. NW, Suite 1700
Atlanta, GA 30363
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants C. R. Bard, Inc.*
*and Bard Peripheral Vascular, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| IN RE:  Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC |
|---|---|
| | DEFENDANTS' [PROPOSED] CASE MANAGEMENT ORDER NO. __ |
| | **(Discovery  Protocols for Discovery Group 1)** |

Pursuant to Case Management Order No. 11 [Doc. 1662], Case Management Order No. 18 [Doc. 3685], and Case Management Order No. 19 [Doc. 4311] the Court enters this Case Management Order No. _____ regarding the discovery to be conducted specific to the cases in Discovery Group 1.

[Defendants have incorporated into this Proposed Order the jointly agreed upon discovery protocols and have added in **bold and underlined** the additional discovery protocols Defendants request in their submission.]

I.   <u>**DEPOSITION PROTOCOLS GENERALLY**</u>

A.   Case Management Order No. 14 shall apply to Discovery Group 1.

B.    The additional protocols of this Case Management Order shall also apply to Discovery Group 1 as provided herein.

C.    Pursuant to Case Management Order No. 11, Section V.A.3 and Case Management Order No. 18, Section B, the Parties will provide discovery protocols applicable to Bellwether Group 1 by no later than April 28, 2017.

II.    **DEPOSITIONS PERMITTED**

A.    Prior to April 10, 2017, the Parties may take the following depositions in each case that is part of Discovery Group I:

1.    The principal Plaintiff and any loss-of-consortium plaintiff;

2.    The spouse or significant family member of the Plaintiff if there is no loss-of-consortium plaintiff;

3.    The implanting physician; and

4.    One additional treating physician as selected by Defendants.

B.    **The implanting physician and treating physician agreed upon by the parties will be deposed pursuant to the provisions of Case Management Order No. 14, Section H 1 and 4 [Doc. 2239]. The parties will alternate as to which party first examines the physician witnesses.  Plaintiffs' counsel will be the first examining counsel for the implanting physician in each case that was a Defendants' Discovery Group 1 selection, and Defendants' counsel will be the first examining counsel for the implanting physician in each case that was a Plaintiffs' Discovery Group 1 selection. The party who was not the first examiner for the implanting physician shall be the first examiner for the agreed upon treating physician.**

C.    Nothing in this Order is intended to limit additional fact discovery in cases selected for inclusion in Bellwether Group 1.

- 2 -

**III.**    <u>PROTOCOLS RELATING TO TREATING PHYSICIANS</u>

     **A.**    **Ex Parte Communications with Treating Physicians**

         1.    Defendants are prohibited from communicating *ex parte* with Plaintiffs' treating physicians.

         2.    Plaintiffs' counsel may communicate *ex parte* with treating physicians.

     **B.**    **Limitations on Plaintiffs' Ex Parte Communications with Treating Physicians**

         **1.**    <u>**Plaintiffs' counsel's *ex parte* communications with treating physicians are limited to discussion of that physician's treatment of the Plaintiff at issue.  Such discussion may include review of the physicians' medical records, course of treatment, Instructions for Use and brochures for the specific device implanted in that Plaintiff.**</u>

         **2.**    <u>**Plaintiffs' counsel are prohibited from engaging in *ex parte* discussions with Plaintiffs' treating physicians concerning liability issues or theories, or Defendants' internal documents, research, analysis, trending, or related materials.**</u>

         **3.**    <u>**Plaintiffs must inform the treating physicians that any interviews, pre-deposition discussions or substantive written communications with Plaintiffs counsel are voluntary and may be declined.**</u>

         **4.**    <u>**Consistent with the Stipulated Protective Order [Doc. 269], in any *ex parte* communications with Plaintiffs' treating physicians, Plaintiffs' counsel are not precluded from disclosing the following documents so long as the disclosure is consistent with Section III.B.2 above:**</u>

a. **Documents (including documents from the previously produced ESI) to, from, or referencing the treating physician to whom the disclosure is being made;**

b. **IFUs, warning communications, brochures, other marketing materials, including medical literature, seminar, training or other educational materials disseminated to physicians by Bard, related to the inferior vena cava filter implanted in that particular plaintiff.**

C.   **Disclosure of Documents Prior to Depositions of Treating Physicians**

1.   If Plaintiffs' counsel has communicated *ex parte* with a treating physician who will be deposed, Plaintiffs' counsel shall identify by production bates number (or provide a copy if no such bates numbers exist) to opposing counsel all documents provided, shown, read from, or otherwise specifically described to the witness, other than the physician's records of treatment, at least five (5) days prior to the deposition.

2.   For *ex parte* meetings with a physician that take place less than five (5) days prior to the deposition:

a.   at least 24 hours prior to the meeting, Plaintiffs' counsel shall identify by production bates number (or provide a copy if no such bates numbers exist) to opposing counsel all documents they intend to provide, show, read from, or otherwise specifically describe to the witness, other than the physician's records of treatment;

b.   as soon as practicable after the meeting, Plaintiffs' counsel shall disclose to opposing counsel all documents that were actually provided, shown read from, or otherwise specifically

- 4 -

1       described to the witness, other than the physician's records of

2       treatment.

3           3.       At least five (5) days prior to a physician deposition, all examining

4       counsel shall provide to opposing counsel and deponent's counsel

5       copies of documents that may be shown to the witness during the

6       deposition or about which counsel expects to examine a deponent,

7       other than the physician's records of treatment.  The obligations of

8       this section include the good faith representations of counsel to

9       identify only those documents actually intended to be utilized during

10      the deposition, not to exceed 40 in number.

11

12  DATED this 3rd day of January, 2017.

13

                    By: s/Richard B. North, Jr.
14                          Richard B. North, Jr. (admitted *pro hac vice*)
                            Georgia Bar No. 545599
15                          Matthew B. Lerner (admitted *pro hac vice*)
                            Georgia Bar No. 446986
16                          Nelson Mullins Riley & Scarborough LLP
                            201 17th Street, NW / Suite 1700
17                          Atlanta, GA  30363
18

19                          James R. Condo
                            Amanda C. Sheridan
20                          SNELL & WILMER L.L.P.
                            One Arizona Center
21                          400 E. Van Buren, Suite 1900
                            Phoenix, Arizona  85004-2202
22

23

24                          **Attorneys for C. R. Bard, Inc. and Bard
                            Peripheral Vascular, Inc**.

25

26

27

28

                                  - 5 -