IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>JOINT [PROPOSED] CASE MANAGEMENT ORDER NO. __<br><br>**(Discovery Protocols for Discovery Group 1)** |
|---|---|

Pursuant to Case Management Order No. 11 [Doc. 1662] and Case Management Order No. 18 [Doc. 3685], Case Management Order No. 19 [Doc. 4311] the Court enters this Case Management Order No. ____ regarding the discovery to be conducted specific to the cases in Discovery Group 1.

**I.   Deposition Protocols Generally**

    A.   Case Management Order No. 14 shall apply to Discovery Group 1.

    B.   The additional protocols of this Case Management Order shall also apply to Discovery Group 1 as provided herein.

    C.   Pursuant to Case Management Order No. 11, Section V.A.3 and Case Management Order No. 18, Section B, the Parties will provide discovery protocols applicable to Bellwether Group 1 by no later than April 28, 2017.

**II.   Depositions Permitted**

    A.   Prior to April 10, 2017, the Parties may take following depositions in each case that is part of Discovery Group I:

        1.   The principal Plaintiff and any loss-of-consortium plaintiff;

        2.   The spouse or significant family member of the Plaintiff if there is no loss-of-consortium plaintiff;

      3.      The implanting physician; and

      4.      One additional treating physician as selected by Defendants.

**[Plaintiffs propose to take up to two sales representatives (or supervisor) depositions in each Discovery Group 1 case. The parties are not in agreement that Plaintiffs may take any sales representative depositions in the Discovery Group 1 phase. Defendants propose that, whenever taken, the Court should limit the depositions of sales representatives to four hours and limit the scope of their examination; the parties are not in agreement on these requests. ]**

**[The parties are not in agreement as which side shall be the first examiner for the depositions of treating physicians.]**

  B.    Nothing in this Order is intended to limit additional fact discovery in cases selected for inclusion in Bellwether Group 1.

### III. Protocols Relating to Treating Physicians

  A.    Ex Parte Communications with Treating Physicians

      1.      Defendants are prohibited from communicating *ex parte* with Plaintiffs' treating physicians.

      2.      Plaintiffs' counsel may communicate *ex parte* with Plaintiffs' treating physicians.

**[The parties are not in agreement on the scope of any *ex parte* communications that Plaintiffs' counsel may have with treating physicians, or as to any limitations on such communications. The parties are in agreement that Plaintiffs' counsel may discuss with treating physicians their medical records and medical treatment of plaintiffs. Defendants propose that Plaintiffs' *ex parte* communications with physicians be limited to those**

2

**subjects; Plaintiffs disagree and contend that there should be no limitations as to subject matter of those communications.]**

**[However, the parties are in agreement that, if the Court permits Plaintiffs to conduct *ex parte* communications with treating physicians on issues other than their specific medical treatment of the plaintiffs in whose case the physician's deposition is being taken, that the protocols set forth in Section B below, relating to documents used in such communications, will be followed.]**

B.  Disclosure of Documents Prior to Depositions of Treating Physicians

1. If Plaintiffs' counsel has communicated *ex parte* with a treating physician who will be deposed, Plaintiffs' counsel shall identify by production bates number (or provide a copy if no such bates numbers exist) to opposing counsel all documents provided, shown, read from, or otherwise specifically described to the witness, other than the physician's records of treatment, at least five (5) days prior to the deposition.

2. For *ex parte* meetings with a physician that take place less than five (5) days prior to the deposition:

    a. at least 24 hours prior to the meeting, Plaintiffs' counsel shall identify by production bates number (or provide a copy if no such bates numbers exist) to opposing counsel all documents they intend to provide, show, read from, or otherwise specifically describe to the witness, other than the physician's records of treatment;

    b. as soon as reasonably practicable after the meeting, Plaintiffs' counsel shall disclose to opposing counsel all documents that were actually provided, shown, read from, or otherwise

3

        specifically described to the witness, other than the physician's records of treatment.

3. At least five (5) days prior to a physician deposition, all examining counsel shall provide to opposing counsel and deponent's counsel copies of documents that may be shown to the witness during the deposition or about which counsel expects to examine a deponent, other than the physician's records of treatment.  The obligations of this paragraph include the good faith representations of counsel to identify only those documents actually intended to be utilized during the deposition, not to exceed 40 in number.