1  Robert W. Boatman (009619) - rwb@gknet.com
   Paul L. Stoller (016773) - paul.stoller@gknet.com
2  Gallagher & Kennedy, P.A.
   2575 East Camelback Road
3  Phoenix, Arizona 85016-9225
   602-530-8000
4
   Ramon Rossi Lopez - rlopez@lopezmchugh.com
5  (California Bar Number 86361; admitted *pro hac vice*)
   Matthew R. Lopez – mlopez@lopezmchugh.com
6  (California Bar Number 263134; admitted *pro hac vice*)
   Lopez McHugh LLP
7  100 Bayview Circle, Suite 5600
   Newport Beach, California 92660
8  949-812-5771

9  *Co-Lead/Liaison Counsel for Plaintiffs*

10
11                    UNITED STATES DISTRICT COURT
12                         DISTRICT OF ARIZONA

13  | In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
    |---|---|
14  | | **PLAINTIFFS' RESPONSE TO DEFENDANTS' SUBMISSION REGARDING ISSUES IN DISPUTE AS TO PROTOCOLS FOR CONDUCT OF DISCOVERY IN DISCOVERY GROUP 1** |

17       In their Submission Regarding Issues in Dispute as to Protocols for Conduct of

18  Discovery in Discovery Group 1 [Doc. 4503] ["Defendants' Submission"], Defendants

19  seek restrictions on Plaintiffs' rights and abilities to conduct discovery and to meet with

20  witnesses as they exist under the case management orders of this Court and the Federal

21  Rules of Civil Procedure. Plaintiffs provide this response to address three discrete issues

22  in that submission.

23  **I.    Depositions of Sales Representatives**

24       Defendants admit that "depositions of sales representatives would reveal evidence

25  pertinent to a specific case," but nonetheless contend that they would "not [produce]

26  evidence that might illuminate how a particular case is representative of the MDL

27  inventory as a whole." [Defendants' Submission at 3.] This is illogical – it is precisely by

28  learning the facts specific to each case that the parties and the Court will be able to

1  determine whether a particular case is appropriate to serve as a bellwether trial.  This is
2  why courts in medical device and pharmaceutical MDLs have consistently permitted the
3  deposition of sales representatives in discovery pool cases.
4  　　　　Defendants further contend that Plaintiffs have "already deposed sales
5  representatives at every level of the Bard organization (national, regional, and even local)."
6  [*Id.* at 11.]  Other than in the *Austin* state-court matter (the depositions of which have been
7  cross noticed in the MDL), this is simply not true.  To date, other than a Rule 30(b)(6)
8  deposition, Plaintiffs have only deposed the various vice presidents of sales and marketing
9  at BPV over the years.  They have not deposed even regional, let alone local sales
10  personnel except for those in the *Austin* case.
11  　　　　Particularly, they have not deposed the Bard representatives who actually spoke
12  with and provided (or failed to provide) information to the doctors for the Discovery
13  Group 1 Plaintiffs – doctors whose knowledge and actions Defendants admit they are
14  going to put at issue by the learned intermediary defense.  [*See id.* at 5.]  As set forth in
15  Plaintiffs' Submission, the actions of Bard's sales representatives who talked to those
16  doctors and their supervisors are going to be at issue on that defense as well as Plaintiffs'
17  claims for liability and punitive damages.
18  　　　　Plaintiffs have not yet had the opportunity to depose those individuals and seek to
19  do so to help determine which cases are most appropriate to serve as bellwethers.
20  **II.     Order of Examination of Treating Physicians**
21  　　　　The Parties disagree as to the order of examination of treating physicians.
22  Defendants' proposal – while not outright unreasonable – is not appropriate for this case.
23  Defendants ignore that, in a setting in which these cases were being tried where they were
24  filed, Plaintiffs would call virtually every physician who implanted, removed, or
25  attempted to remove their IVC filter in their case in chief at trial.  Order of examination at
26  deposition in those circumstances would be irrelevant.  Indeed, Plaintiffs likely would not
27  question the doctors at deposition and would reserve their examination for trial – where
28

2

Plaintiffs would go first; Defendants would follow with cross-examination; and Plaintiffs would have final questions on re-direct.

Because these cases are not being tried in Plaintiffs' home states, the depositions in these cases will be trial depositions. Defendants admit as much in their submission: "these depositions will be the only testimony from these key witnesses that the jury will hear." [Defendants' Submission at 6.] Under those circumstances, Plaintiffs necessarily should go first. To do otherwise, would be to punish Plaintiffs for waiving *Lexecon*.

*In re Lipitor (Atorvastatin Calcium) Marketing, Sales Practices and Prods. Liab. Litig.*, MDL 2502, Case Management Order No. 18 (D. S.C. Sept. 22, 2014), to which Defendants cite in their submission, actually makes Plaintiffs' case on this issue. Defendants cite to the *Lipitor* MDL order as permitting the defendants to examine first the treating physicians in the discovery pool cases in that MDL. They fail to note, however, that the Court expressly found that the plaintiffs there would have the opportunity to conduct *de bene esse* (trial) depositions of the treating physicians "later" after the defense depositions. *See In re Lipitor (Atorvastatin Calcium) Marketing, Sales Practices and Prods. Liab. Litig.*, MDL 2502, Case Management Order No. 18 (D.S.C. Sept. 22, 2014).[1] Thus, as defense counsel knows given their involvement in that case, the plaintiffs were the first examining party for the trial depositions.

Defendants argue that they should be first questioners because Plaintiffs are generally permitted *ex parte* access to their treating physicians. But this argument was squarely rejected in *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, MDL 2545, 167 F.Supp.3d 936 (N.D. Ill. 2016). There, the defendant made a similar request to be first examiner of the plaintiffs' treating physicians based on the fact that plaintiffs would have unrestricted *ex parte* communications with those doctors. For the same

---

[1] In that same order, citing Judge Fallon's decision in *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657, 230 F.R.D. 473 (E.D. La. 2005), the *Lipitor* court allowed plaintiffs *ex parte* contact with plaintiffs' treating and prescribing physicians without limitation (requiring similar disclosure of documents to what Plaintiffs have agreed here).

3

reasons courts have rejected restrictions on *ex parte* contacts between plaintiffs' lawyers and their physicians, the court rejected the defendant's request:

> The Court rejects [defendant's] request … to permit it to examine each treating physician first, irrespective of which party served the deposition notice. As the Court has stated, disclosure of plaintiffs' counsel's pre-deposition contacts, combined with the opportunity to cross-examine, is sufficient to allow appropriate determination of the weight to be given to a physician's testimony.

*Id.* at 940.

Plaintiffs' proposal is appropriate here where the depositions are going to be presented at trial as the testimony of these witnesses. There is no unfairness to Defendants in examining second; they will have a full and fair opportunity to cross examine Plaintiffs' witnesses while examining second and the order of examination will proceed logically and as it would at trial. *See* Fed. R. Civ. P. 30(c)(1). Defendants' proposal to alternate who examines first is not based on any logic and will only result in a stilted and awkward presentation of these witnesses at trial.

**III.   Plaintiffs' *Ex Parte* Contacts with Treating Physicians**

Unsurprisingly, Defendants' Submission relies exclusively on MDL decisions that precede the 2016 decisions in *Xarelto*, *Benicar*, and *Testosterone* on this very issue. Indeed, the 2016 decisions cite and reject most of the cases on which Defendants rely (including many of the state court decisions). *See Xarelto*, 2016 WL 915288, at *3 (addressing *Ortho Evra*, *Chantix*, and New Jersey and California state court decisions *Pelvic Mesh* and *Actos*); *Benicar*, 2016 WL 1370998, at *5 (*Pelvic Mesh*); *Testosterone*, 167 F.Supp.3d 936, 938 (*Chantix*, *Ortho Evra*, and *NuvaRing*). And, *Vioxx* and the 2016 cases soundly reject the reasoning in all of Defendants' proffered cases.

Plaintiffs submit that not only are *Vioxx* and the 2016 cases the clear trend of the courts, they are better reasoned. As Judge Kennelly succinctly noted in *In re Testosterone*, "no statute or established rule requires or even counsels in favor of these sorts of restrictions [on Plaintiffs' counsel's *ex parte* communications with treating physicians]." *Id.* at 938. Further, he found "[t]here is nothing un-evenhanded about this

4

1  approach [of precluding defense contacts with plaintiffs' physicians while permitting
2  plaintiffs' attorneys to meet with them *ex parte*]. The Court is simply relying on the
3  restrictions, or the absence thereof, imposed by state laws and precedents that are aimed at
4  protecting the physician-patient relationship." *Id.* at 939.

5  Moreover, the 2016 cases are not the only cases to have considered and rejected
6  Defendants' argument. In addition to *Vioxx*, other similar decisions pre-date 2016. *See In
7  re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, MDL 2327, 2015 WL 5943420
8  (S.D. W.Va. Oct. 13, 2015); *In re E.I. Du Pont de Nemours & Co. C–8 Pers. Injury Litig.*,
9  MDL 2433, 2014 WL 1653158 (S.D. Ohio May 16, 2014); *In re Zoloft (Sertraline
10  Hydrocloride) Prods. Liab. Litig.*, No. 12-md-2342, slip op. (E.D. Pa. July 18, 2013); *In
11  re C.R. Bard, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, MDL 2187, Pretrial Order No.
12  48, (S.D.W.Va. Aug. 3, 2012); *In re Kugel Mesh Hernia Repair Patch Litig.*, No. 07–
13  1842ML, slip op. at 3 (D.R.I. Jan. 12, 2012).

14  Plaintiffs submit that the weight of both authority and logic support denial of
15  Defendants' requested restrictions on Plaintiffs' counsel's ability to communicate with
16  Plaintiffs' treating physicians.

17  RESPECTFULLY SUBMITTED this 10th day of January 2017.

GALLAGHER & KENNEDY, P.A.

By:*/s/ Paul L. Stoller*
   Robert W. Boatman
   Paul L. Stoller
   2575 East Camelback Road
   Phoenix, Arizona  85016-9225

LOPEZ McHUGH LLP
   Ramon Rossi Lopez (CA Bar No. 86361)
   (admitted *pro hac vice*)
   Matthew R. Lopez (CA Bar No. 263134)
   (admitted *pro hac vice*)
   100 Bayview Circle, Suite 5600
   Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of January 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

                                            */s/ Deborah Yanazzo*

5784375/26997-0001