Ramon R. Lopez - rlopez@lopezmchugh.com
California Bar Number 86361 (*pro hac vice*)
LOPEZ MCHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660
949-812-5771

Wendy R. Fleishman
LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Phone: (212) 355-9500
Email: wfleishman@lchb.com

*Co-Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| MARIA E. BARRAZA, THOMAS FLOURNAY, JAMES HOLT, GREGORY LESTER, KEVIN MEEKS, EDDIE MIMS, NANCY MOSHER, DELMAR LEE PECK, DENISE TOMLIN, LINDA WALKER, AND DIANE WASHINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>C.R. BARD, INC., and BARD PERIPHERAL VASCULAR, INC.,<br>Defendants. | MDL No. 15-2641-DGC<br><br>Case No. 2:16-CV-01374-DGC<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR SUBSTITUTION AND TO AMEND** |

## I. Introduction

Class Plaintiffs respectfully move for an order permitting the substitution of a new proposed class representative, Karen Black, in the place of Kevin Meeks, who is unable to continue to serve as class representative. Courts routinely allow substitutions such as the one sought here, recognizing that it is inequitable and unfair to leave absent class members without a representative to press their claims based on the personal circumstances of an individual, withdrawing representative. At the same time, there is no

prejudice to Bard in the proposed substitution, as plaintiffs have taken numerous steps to assure that Bard has ample time and opportunity to conduct discovery of Ms. Black's claims. Further, denying Ms. Black the opportunity to directly substitute for Mr. Meeks creates needless inefficiency and delay, as she will then be forced to file a new action that most likely would ultimately be joined to this one.

## II.  **Background**

Kevin Meeks, a resident of California, was among the eleven class representatives who brought this class action seeking medical monitoring due to the increased medical risks of their Bard IVC filters. His deposition, which had been scheduled for November 7, 2016, was postponed following his hospitalization in early November. It is unclear to counsel whether Mr. Meeks' hospitalization is related to his IVC filter. Following his hospitalization, Mr. Meeks' attorneys attempted to re-initiate contact with him to re-schedule his deposition, but were unsuccessful. On December 6, 2016, one of Meeks' attorneys informed Bard that Mr. Meeks was no longer in contact with his law firm, and would not be proceeding with this case. Plaintiffs' counsel continued to try to contact Mr. Meeks, and finally received confirmation that Mr. Meeks did not intend to pursue this case in mid-December.

In the meantime, plaintiffs' counsel worked to identify an appropriate substitute for Mr. Meeks, and importantly, took steps to ensure that when they notified Bard of the new plaintiff, they would have all relevant discovery information about the new plaintiff in hand, as well as signed authorizations from her, allowing Bard's record collection to begin immediately. On January 9, 2017, plaintiffs' counsel emailed Bard's counsel, informing them that a replacement for Mr. Meeks was ready to proceed. Acknowledging the limited time remaining before the cut-off date for class certification discovery (February 3, 2017), plaintiffs' counsel offered to expedite discovery of the new proposed class representative in four ways:

- First, they would provide executed authorizations allowing Bard to gather medical, employment, and other records;

- Second, they would provide written discovery responses within one week;[1]

- Third, they would shorten the Review Grace Period, for plaintiff's privilege review of records Bard obtained, from the ten days provided under Case Management Order No. 10 (*see* ¶ 7) to two.

- Finally, the new plaintiff would sit for her deposition after the class certification discovery cut-off date, during what would then be the period for expert discovery, and well before the due date for Bard's class certification opposition.

On January 10, 2017, Bard communicated its non-consent to the proposed substitution, citing the limited amount of time remaining in class certification discovery and the gap between its learning of Mr. Meeks' decision not to pursue this case and the notification of the new plaintiff. Bard did not address the numerous steps that plaintiffs' counsel offered to take to address those concerns.

### III. Argument

The Court should permit the substitution of Ms. Black for Mr. Meeks because Bard is not prejudiced by the substitution, while class members – particularly residents of California – face potential prejudice if they are left without a representative seeking to advance their claims. *See* Dkt. No. 35 (Complaint) ¶ 195(b) (proposed class of California residents). As the leading treatise on class actions states, in explaining why courts allow substitution of plaintiffs, "Rule 23 is designed to assure that the rights of absent class members are not prejudiced by the voluntary actions of the representative plaintiff." Rubenstein, 1 Newberg on Class Actions § 2:17 (5th ed. 2011).

The substitution of the new plaintiff will not prejudice Bard. First, this substitution does nothing to change any claim or defense in this case. Plaintiffs do not seek any new discovery of Bard as a result of the substitution. To the extent that Bard's records collection concerning the new plaintiff is not complete in time to take the new plaintiff's deposition by February 3, 2017, the new plaintiff will be available for a deposition after

---

[1] Plaintiffs' counsel will be prepared to serve those responses upon the Court's ruling on this motion.

that date.  Taking this single deposition out of time causes no prejudice to Bard, whose class certification opposition is not due until *July 7, 2017*.  *See* Amended CMO No. 16, at 2.  Even in the (highly) unlikely event that one of Bard's experts considers the new plaintiff's testimony in forming an opinion, those reports are not due until March 17, 2017.  *Id.*  By contrast to Bard's lack of prejudice, the absent class members whom Mr. Meeks is no longer able to represent will be without a representative, due to the personal circumstances of a single individual.

Under circumstances like this, courts routinely allow plaintiffs an opportunity to substitute an adequate class representative to allow for the fair adjudication and basic management of class actions and to fulfill its duty to protect absent class members.  As the Seventh Circuit has noted, "Substitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ('routine') feature of class action litigation … in the federal courts.…" *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2005).[2]

Plaintiffs' counsel, in expeditiously vetting and presenting a new class representative, acted appropriately to protect absent class members, whose claims should not be affected by an issue that has only individual and not classwide impact.  In repeatedly allowing similar substitutions, courts have even provided class counsel additional time to identify new representatives (which counsel here do not seek).  *See In re Nat'l Austl. Bank Sec. Litig.*, No. 03-cv-6537, 2006 WL 3844463, at *3 (S.D.N.Y. Nov. 8, 2006) (collecting cases that "demonstrate that courts not only may, but should, respond to the pre-certification mooting of a class representative's claims by permitting

---

[2] *See also, e.g., In re Motor Fuel Temperature Sales Practices Litig.*, No. 07-MD-1840-KHV, 2009 WL 3122501, at * 2 (D. Kan. 2009) (granting motion for leave to amend the complaint to substitute new proposed class representatives when original plaintiffs stated that "other legal matters preclude him from fulfilling his responsibilities as the class representative" and noting that "the need to substitute new plaintiffs as class representatives does not frequently arise at convenient times"); *Bristow v. Lycoming Engines*, No. 06-cv-1947, 2007 WL 2695226 (E.D. Cal. 2007) (permitting substitution of class representative when original representative lacked standing); *Wright v. Am. Bankers Life Assur. Co.*, 586 F. Supp. 2d 464, 475 (D.S.C. 2008) (noting that "in the class action context, shuffling and substitution of class representatives is not uncommon").

1335203.1 - 4 - MEMORANDUM IN SUPPORT OF MOTION FOR SUBSTITUTION CASE NO.  2:16-CV-01374-DGC

substitution of a new class representative") (internal citation and quotation omitted).[3]

These cases reflect courts' recognition that denying substitutions like Ms. Black's leads to inefficient and irrational results. If Ms. Black, whose claims were tolled by the filing of the class complaint, *see American Pipe & Construction Co. v. Utah*, 415 U.S. 952 (1974), is denied an opportunity to enter this case directly, she will be forced to file a separate and new class complaint on behalf of California residents, which would then most likely be related to and consolidated with this litigation. All that would have been gained was needless delay.

Ordinarily, leave to amend is to be "freely given" in the absence of "'undue delay,'" "'bad faith,'" "'undue prejudice to the opposing party,'" or "'futility of amendment.'" *Reed v. Dynamic Pet Prods.*, No. 15-cv-0987, 2016 WL 4491597, at *1 (S.D. Cal. Jan. 5, 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) and Fed. R. Civ. P. 15(a)). As explained above, none of those factors is present here, particularly given plaintiffs' counsel's diligence in identifying and presenting a new class representative after it became clear that Mr. Meeks was not able or willing to continue, and their offer to expedite discovery and to present Ms. Black during the expert discovery period.

A "good cause" standard governs amendments to a scheduling order. *See* Fed. R. Civ. P. 16(b)(4). The operative case management schedule (Dkt. No. 4141) is silent as to deadlines for amendment of pleadings, and this amendment will potentially necessitate only a single deposition after the current cut-off date (and well before Bard's deadline to oppose class certification), so Rule 16's standard does not necessarily apply. *See, e.g., Little v. Ryan*, No. 12-cv-2512, 2014 WL 687965, at *2 (D. Ariz. Feb. 21, 2014) (holding that good cause standard applies when leave to amend is sought after the deadline for

---

[3] *Birmingham Steel Corp. v. Tennessee Valley Authority*, 353 F.3d 1331, 1343 (11th Cir. 2003) (holding that the district court should have allowed a reasonable time for substitution of an inadequate class representative); *In re Initial Pub. Offering Sec. Litig.*, 2008 WL 2050781, at *2 (S.D.N.Y. May 13, 2008) (holding that plaintiffs' counsel should be afforded a reasonable period of time for the substitution or intervention of a new class representative).

amending pleadings has passed). Even if it does, however, there is good cause to allow Ms. Black to enter this litigation.

This Court has recognized that a class representative's individual health issues are a legitimate basis for allowing for a substitution, and constituted good cause to modify a scheduling order. *See Rice v. Lender Servs. Direct, Inc.*, No. CV-06-2727, 2007 WL 2287873, at *1-2 (D. Ariz. Aug. 8, 2007) (Campbell, J.) (holding that the plaintiff's husband's surgery constituted a "material event" justifying reconsideration of denial of motion for leave to amend the complaint).[4] Here, plaintiffs do not seek alteration of the overall schedule, but instead are themselves consenting to and facilitating Bard taking a single deposition out of time, if necessary. In addition, as noted above, absent leave to amend, Ms. Black will be forced to file a separate action, creating needless inefficiency and delay.

## IV. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court allow Plaintiffs to amend their complaint solely to reflect the substitution of Ms. Black for Mr. Meeks. Plaintiffs agree that Bard need not file an amended answer to the amended complaint.

Dated: January 12, 2017  ON BEHALF OF PLAINTIFFS AND THE PROPOSED CLASS

By: */s/ Daniel E. Seltz*
Wendy R. Fleishman
Daniel E. Seltz
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013

*Co-Counsel for Plaintiffs*

---

[4] *See also Aguilar v. Boulder Brands, Inc.*, No. 3:12-CV-01862-BTM, 2014 WL 4352169, at *11 (S.D. Cal. Sept. 2, 2014) (allowing motion to substitute class representative after finding that "Plaintiff's counsel acted diligently and promptly by filing this motion less than a month after learning that [the withdrawing plaintiff] sought to withdraw as named Plaintiff due to health issues.").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ramon R. Lopez
LOPEZ MCHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660

John A. Dalimonte
KARON & DALIMONTE, LLP
85 Devonshire Street, Suite 1000
Boston, MA 02109

Ben C. Martin
LAW OFFICES OF BEN C. MARTIN
3219 McKinney Avenue, Suite 100
Dallas, TX 75204

Joseph R. Johnson
BABBITT & JOHNSON, P.A.
1641 Worthington Road, #100
West Palm Beach, FL 33409

Julia Reed Zaic
HEAVISIDE REED ZAIC
312 Broadway Street, Suite 203
Laguna Beach, CA 92651

Howard L. Nations
THE NATIONS LAW FIRM
3131 Briarpark Drive, #208
Houston, TX 77042

Russell W. Budd
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219

Thomas P. Cartmell
WAGSTAFF & CARTMELL, LLP
4740 Grand Avenue, #300
Kansas City, MO 64112

Turner W. Branch
BRANCH LAW FIRM
2025 Rio Grande Blvd., NW
Albuquerque, NM 87104

Donald A. Migliori
MOTLEY RICE, LLC
321 South Main Street, 2nd Floor
Providence, RI 02903

Sheila M. Bossier
FREESE & GOSS, PLLC
1520 North State Street
Jackson, MS 39202

Stuart L. Goldenberg
GOLDENBERG LAW, PLLC
800 Lasalle Avenue, #2150
Minneapolis, MN  55402

Christopher T. Kirchmer
PROVOST UMPHREY LAW FIRM, LLP
490 Park Street, P.O. Box 4905
Beaumont, TX  77704

Michael A. Kelly
WALKUP, MELODIA, KELLY & SCHOENBERGER
650 California Street
San Francisco, CA  94108

Matthew McCarley
FEARS NACHAWATI LAW FIRM
4925 Greenville Avenue, Suite 715
Dallas, TX  75206

Hadley L. Matarazzo
FARACI LANGE, LLP
First Federal Plaza
28 East Main Street, Suite 1100
Rochester, NY  14614

Eric M. Terry
TORHOERMAN LAW, LLC
101 W. Vandalia
Edwardsville, IL  62025

Joseph A. Osborne
OSBORNE & ASSOCIATES LAW FIRM, P.A.
433 Plaza Real, Suite 271
Boca Raton, FL  33432

Michael T. Gallagher
THE GALLAGHER LAW FIRM, LLP
2905 Sackett Street
Houston, TX  77098

Nate Van Der Veer
FARRIS, RILEY & PITT LLP
The Financial Center
505 20th Street North
Birmingham, AL  35203

Matthew Schultz
Levin Papantonio Thomas Mitchell Rafferty & Proctor, P.A.
316 S. Baylen Street, #600
Pensacola, FL  32502

| | |
|---|---|
| 1 | Steve Rotman |
| | Hausfeld, LLP |
| 2 | 1700 K Street, NW, Suite 650 |
| | Washington, DC 20006 |
| 3 | |
| | *Plaintiffs' Steering Committee in MDL No. 2641* |
| 4 | |
| | Elizabeth J. Cabraser  (*pro hac vice*) |
| 5 | Lieff Cabraser Heimann & Bernstein, LLP |
| | 275 Battery Street, 29th floor |
| 6 | San Francisco, CA  94111-3339 |
| | (415) 956-1000 |
| 7 | |
| | Richard S. Lewis (*pro hac vice to be submitted*) |
| 8 | (rlewis@hausfeld.com) |
| | Hausfeld, LLP |
| 9 | 1700 K Street, NW, Suite 650 |
| | Washington, DC 20006 |
| 10 | info@hausfeld.com |
| | (202) 540-7200 |
| 11 | |
| | *Additional Counsel* |
| 12 | |

1335203.1

- 9 -

MEMORANDUM IN SUPPORT OF
MOTION FOR SUBSTITUTION
CASE NO.  2:16-CV-01374-DGC