# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-2641-PHX DGC<br><br>**CASE MANAGEMENT ORDER NO. 21**<br><br>**(Discovery Protocols for Discovery Group 1)** |

Pursuant to Case Management Order No. 11 [Doc. 1662], Case Management Order No. 18 [Doc. 3685], and Case Management Order No. 19 [Doc. 4311], the Court enters this Case Management Order No. 21 regarding the discovery to be conducted for cases in Discovery Group 1.

**I. DEPOSITION PROTOCOLS GENERALLY**

    **A.** Case Management Order No. 14 shall apply to Discovery Group 1.

    **B.** The additional protocols of this Case Management Order shall also apply to Discovery Group 1.

    **C.** Pursuant to Case Management Order No. 11, Section V.A.3 and Case Management Order No. 18, Section B, the Parties will provide discovery protocols applicable to Bellwether Group 1 by no later than April 28, 2017.

**II. DEPOSITIONS PERMITTED**

    **A.** Prior to April 10, 2017, the Parties may take the following depositions in each case that is part of Discovery Group I:

        1. The principal Plaintiff and any loss-of-consortium plaintiff;

      2.      The spouse or significant family member of the Plaintiff if there is no loss-of-consortium plaintiff;

      3.      The implanting physician;

      4.      One additional treating physician as selected by Defendants; and

      5.      No more than one sales representative and/or supervisor as selected by Plaintiffs.

  B.    Examination of treating physicians.

      1.      By no later than February 15, 2017, Plaintiffs shall identify the physicians whom they have a good faith belief they would call as witnesses in their case in chief for each of the Discovery Group 1 cases. By no later than February 24, 2017, Defendants shall identify any physician not identified by Plaintiffs whom they have a good faith belief they would call in their case in chief for each of the Discovery Group 1 cases.

      2.      For any physician deposed in Discovery Group 1:

          a.      Plaintiffs' counsel shall be the first examiner for any physician Plaintiffs have identified by February 15, 2017 as a witness they would call in their case in chief; and

          b.      Defendants' counsel shall be the first examiner for any physician Defendants have identified by February 24, 2017 as a witness they would call in their case in chief.

**C.**    Nothing in this Order is intended to limit additional fact discovery in cases selected for inclusion in Bellwether Group 1.

### III. PROTOCOLS RELATING TO TREATING PHYSICIANS

**A.**    **Ex Parte Communications with Treating Physicians**

      1.      Defendants are prohibited from communicating *ex parte* with Plaintiffs' treating physicians.

2. Plaintiffs' counsel may communicate *ex parte* with treating physicians.

**B. Disclosure of Documents Prior to Depositions of Treating Physicians**

1. If Plaintiffs' counsel has communicated *ex parte* with a treating physician who will be deposed, Plaintiffs' counsel shall identify by production bates number (or by providing a copy if no such bates numbers exist) to opposing counsel all documents provided, shown, read from, or otherwise specifically described to the witness, other than the physician's records of treatment, at least five (5) days prior to the deposition.

2. For *ex parte* meetings with a physician that take place less than five (5) days prior to the deposition:

   a. at least 24 hours prior to the meeting, Plaintiffs' counsel shall identify by production bates number (or by providing a copy if no such bates numbers exist) to opposing counsel all documents they intend to provide, show, read from, or otherwise specifically describe to the witness, other than the physician's records of treatment;

   b. as soon as practicable after the meeting, Plaintiffs' counsel shall disclose to opposing counsel all documents that were actually provided, shown, read from, or otherwise specifically described to the witness, other than the physician's records of treatment.

3. At least five (5) days prior to a physician deposition, all examining counsel shall provide to opposing counsel and deponent's counsel copies of documents that may be shown to the witness during the deposition or about which counsel expects to examine a deponent,

other than the physician's records of treatment. The obligations of this section include the good faith representations of counsel to identify only those documents actually intended to be utilized during the deposition, not to exceed 40 in number.

Dated this 6th day of February, 2017.

_____
David G. Campbell
United States District Judge