James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-DGC<br><br>**MOTION FOR LEAVE TO EXCEED PAGE LIMIT FOR BRIEFING RELATED TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING PREEMPTION** |

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") hereby move for leave to exceed the page limits defined in Local Rule of Civil Procedure 7.2(e) for the memorandum by the moving party (Bard), the Plaintiffs' responsive memorandum, and the moving party's reply memorandum in support of Defendants' motion for summary judgment regarding preemption. Bard requests 30 pages for both parties to brief the issues and 17 pages for Bard's reply, and in support of its motion states as follows:

1.      On February 17, 2017, the Court entered Case Management Order No. 22 (Doc. 5007), ordering Bard to file a motion for summary judgment arguing that Plaintiffs' claims are preempted.

2.      Bard contends that its motion for summary judgment regarding preemption addresses a complex issue of federal law. Preemption under § 360k(a) of the Medical Device Amendments of 1976, which amended the Food, Drug, and Cosmetic Act FDCA, has been addressed by the United States Supreme Court on numerous occasions. The Supreme Court opinions demand a careful comparison of the federal regulatory activity at issue in this case.

3.      Plaintiffs' claims arise from their treatment with seven of Bard's retrievable IVC Filters. The federal regulatory activity for these seven devices is complex, highly detailed, and spans a fifteen year period. Bard contends that there is an extensive factual record of evidence, which Bard intends to lay out in support of its motion for summary judgment regarding preemption. Both parties will need to address the existing evidence of regulatory activity for the Court's resolution of this motion for summary judgment.

4.      The statutory and regulatory framework of the § 510k review process has also evolved significantly since the time the Supreme Court analyzed that process. The parties dispute the significance of these statutory and regulatory changes but both parties will need to address this issue for the Court's resolution of this motion for summary judgment.

5.      Bard does not believe that these issues can sufficiently be addressed in the seventeen pages allotted to each party in Local Civil Rule 7(e)(1), nor in the eleven pages allotted for reply in Local Civil Rule 7(e)(2).

6.      Bard's request is consistent with the joint request the parties made for briefing related to the Lehmann Report (Doc. 290). The Court granted the joint request (Doc. 294) allowing Bard 30 pages for its supporting memorandum, the Plaintiffs 30 pages for their response memorandum, and 17 pages for Bard's reply. Bard contends that its motion for summary judgment regarding preemption has a far greater potential impact

on this MDL than the Lehmann Report issue, and warrants at least similar treatment as to page limitations.

7. Counsel for Bard contacted counsel for the Plaintiffs seeking their consent for a joint motion to exceed the page limits consistent with the parties' prior joint requests related to the Lehmann Report, considering the potential significance of this motion for summary judgment on the MDL. Counsel for the Plaintiffs offered to stipulate to a five-page extension to 22 pages for Bard's supporting memorandum.

WHEREFORE, Bard seeks leave of Court to exceed the page limits, and requests that the Court allow Bard 30 pages for its initial supporting memorandum, the Plaintiffs 30 pages for their responsive memorandum, and Bard 17 pages for its reply memorandum.

RESPECTFULLY SUBMITTED this 15th day of March, 2017.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

**Attorney for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of March 2017, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

s/Richard B. North, Jr.<br>
Richard B. North, Jr.

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

- 4 -