

MARK S. O'CONNOR
ATTORNEY
CERTIFIED SPECIALIST IN INJURY AND WRONGFUL DEATH LITIGATION
DIRECT: (602) 530-8377
EMAIL: MARK.OCONNOR@GKNET.COM

April 3, 2017

Via E-Mail

Richard B. North, Jr.
Nelson Mullins Riley & Scarborough LLP
Atlantic Station, Suite 1700
201 17th Street, NW
Atlanta, GA  30363

Re:   *In re Bard IVC Filter Litigation*

Dear Richard:

This letter is in response to yours of March 29, 2017 concerning plaintiffs' expert, Dr. Tom Kinney.

As a threshold matter, you have still provided us with no concrete evidence in support of your position. We asked you for that in our March 22, 2017, letter, and you were asked again when you and I were together at Dr. Kuo's deposition on March 23, 2017. We take your assertions very seriously, but without some documentary evidence to demonstrate that Bard has a realistic chance of establishing that Dr. Kinney's involvement on the prior Bard matters was the type of work that would make this a "switching sides" scenario, we cannot agree to withdraw this expert. There is also no indication that Dr. Kinney was provided confidential information that has not been produced in this litigation (or that any information used in his report was confidential information provided by Bard). Thus, even if this was a "switching sides" situation, disqualification would not be necessary or appropriate. *See Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp. 2d 1087, 1093 (N.D. Cal. 2004). The only materials produced in your correspondence reflect that Dr. Kinney signed a confidentiality agreement with Bard (and reviewed a draft confidentiality agreement) many years ago, the subject matter of which is not addressed in the Kinney, et al. Rule 26 expert report. This is insufficient to disqualify him from work in this matter. *See id.* at 1093.

Since we have now asked twice, and since you have had four weeks since your receipt of the Kinney, Roberts, and Kalva Rule 26 expert report, we assume the kind of

Richard B. North, Jr.
April 3, 2017
Page 2

concrete evidence and documentation to support Bard's position regarding Dr. Kinney do not exist.

It is Bard's burden to reveal supporting evidence for such a draconian request, and not Plaintiffs' responsibility to show facts that dispel this claim. Having said that, based on our own investigation of the true nature of Dr. Kinney's prior history with you and Bard, which ended almost a decade ago, we see no factual or legal support for your claim that Dr. Kinney had the type of relationship with Bard that would disqualify him from the work he has now done for Plaintiffs in the MDL.

Sincerely,

By: /s/ Ramon Rossi Lopez
Ramon Rossi Lopez
LOPEZ McHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660

Mark S. O'Connor
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225

*Co-Lead/Liaison Counsel for Plaintiffs*

MSO:gam

5934748v1

G|K