IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC<br><br>**CASE MANAGEMENT ORDER NO. 23** |

The Court held a 9th case management conference on May 3, 2017. The conference addressed ongoing matters identified in the parties' joint report. Doc. 5708. The following matters were decided.

**A.  Deadline for Expert Depositions.**

The Court extended the deadline for completing expert depositions to **July 31, 2017**.

**B.  Bellwether Cases.**

The Court heard oral arguments on which cases should be selected for bellwether trials. After considering the parties' arguments and their detailed submissions, the Court selects the following five bellwether cases: Mulkey, Hyde, Jones, Kruse, and Booker.

The Court will not choose a sixth bellwether case at this time. The Court finds that Nelson, a strong candidate, is very similar to Jones, and therefore may not provide the range of information hoped for from bellwether trials. The Court finds Peterson to be a strong candidate, but selecting Peterson would mean that 33% of the bellwether trials involve open surgeries when only 6% of the cases in this MDL involve such surgeries, making the overall mix less than fully representative. Tinlin presents the same issue as

Peterson, and also involves an extremely ill plaintiff who would be required to travel from out of state and endure the rigors of trial. For reasons stated on the record, the Court does not view King or Mixson as helpful bellwether cases. The DeWitt case includes some uncertainty due to surgery scheduled this month, but may be a candidate when the sixth case is selected.

The Court will select the sixth bellwether case from Discovery Group 1 after two bellwether trials have been completed.[1] Because each bellwether trial will last up to three weeks, and the Court has a full docket to manage in the interim, it is likely that trials of the bellwether cases will spread over more than one year. Thus, there will be time to complete the case-specific discovery and motion practice for a sixth bellwether trial after two bellwether trials have been completed. In choosing the sixth case, the Court will take into account the results of the first two trials and will endeavor to select a case that will produce the most representative bellwether trials possible from Discovery Group 1.

Plaintiffs want to re-depose doctors in the Hyde case. The parties should address this issue in the joint status report they present for the next status conference. The parties should include relevant examples of testimony or objections from the depositions of Hyde's doctors to illustrate their respective positions.

C. *Daubert* **and Summary Judgment Motions.**

By **August 21, 2017**, the parties shall file *Daubert* motions and any motions for summary judgment on the five bellwether cases identified above. Responses shall be filed by **September 22, 2017**. Replies shall be filed by **October 13, 2017**.[2]

D. **Science Day.**

The Court will likely schedule a science day during the next status conference. The science day will be held shortly before oral arguments on the *Daubert* and summary judgment motions.

---

[1] Although the Court declines to order the trials now, it may make sense to try Jones and Booker first in order to facilitate a more informed selection of the sixth case.

[2] This schedule is a bit longer than the parties proposed, due to the large number of possible motions the parties described during the case management conference.

- 2 -

**E.      Defendants' Preemption Motion.**

The Court declines to accept Plaintiffs' proposal that this motion be briefed initially solely on the law.  A decision on law-only arguments would not be possible until late June at the earliest, and may need to be followed by discovery and re-briefing.  Such potential delay would be unwise in light of the demands on the parties and the Court that will arise this fall due to the *Daubert* and summary judgment motions.

The Court will allow Plaintiffs to depose Mr. Carr and Mr. Van Vleet on matters addressed in Defendants' summary judgment motion.  These depositions shall not exceed four hours each.  The Court also concludes that Plaintiffs should be permitted to present expert opinions in opposition to Defendants' preemption motion, if they choose.  Because the parties did not address a possible schedule for production of relevant expert opinions and depositions of those experts, the Court is unable to set a specific schedule.  The Court directs the parties to confer and agree, if possible, on a procedure and schedule for completing the Carr and Van Vleet depositions and necessary expert discovery, followed by completion of briefing on the preemption motion.  The parties shall include a briefing schedule for Defendants' motion to seal documents related to the preemption motion.  The parties should present their agreement to the Court, or their respective positions if they are unable to agree, by **May 12, 2017**.  The Court will review the parties' submissions and set an appropriate schedule.

**F.      Other Matters.**

1.      The Court will set a date for remanding mature cases at a future status conference.  The cases cannot be remanded until *Daubert* motions are decided, and the amount of time required to decide those motions is presently unclear.

2.      The Court agreed that Dr. Desai may be deposed on **June 6, 2017** in the *Barazza* class action.

3.      The parties indicated that there may be between 17 and 20 *Daubert* motions filed in August.  If so, the Court will not be able to decide all of those motions before the

end of this year.[3] The Court hopes to have them all decided by year's end. This will permit bellwether trials to begin in early 2018.

4. The parties and the Court discussed changes to the proposed bellwether protocol. If the parties have not already done so, they shall submit a revised version to the Court promptly.

5. The Court will hold another case management conference on **July 13, 2017 at 4:00 p.m.** The dial-in information for the case management conference is: 888-240-3210, access code: 2194741. The parties on the phone are reminded to mute their phones once connected to the conference call line to minimize the amount of background noise. The parties shall provide a joint status report by **July 7, 2017**.

Dated this 5th day of May, 2017.

_____
David G. Campbell
United States District Judge

---

[3] As the current chair of the Committee on Rules of Practice and Procedure for the federal courts, the undersigned must attend six meetings outside Arizona in September, October, and November. This travel schedule, plus the Court's regular docket, means the Court will not be able to decide this volume of *Daubert* and summary judgment motions within a month or two.

- 4 -