IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-2641-PHX DGC<br><br>CASE MANAGEMENT ORDER NO. ____<br><br>**(Discovery Protocols for Bellwether Group 1)** |

Pursuant to Case Management Order No. 11 [Doc. 1662], No. 18 [Doc. 3685], No. 19 [Doc. 4311], No. 20 [Doc. 4335], and No. 21 [Doc. 4866], the Court enters this Case Management Order No. ____ regarding discovery to be conducted specific to the cases in Bellwether Group 1.

I. **DEPOSITION PROTOCOLS GENERALLY**

    A.    Case Management Order No. 14 shall apply to Bellwether Group 1.

    B.    The additional protocols of this Case Management Order shall also apply to Bellwether Group 1 as provided herein.

II. **FACT WITNESS DEPOSITIONS PERMITTED**

    A.    Commencing three (3) days after the Court's selection of the Bellwether Group 1 cases, the Parties may each take not more than five depositions of case relevant fact (non-expert) witnesses in each case that is part of Bellwether Group I. These depositions may include Bard present or former

1
2
        employees only if the depositions will likely produce probative evidence that could not reasonably have been obtained during general discovery.

3
4
  B.    The parties may exceed this number by mutual agreement or Order of the Court.

5
6
7
  C.    The parties shall make a good faith effort to identify the case relevant fact witnesses they intend to depose in each case in accordance with Section II.A. above, and exchange lists of those witnesses by May 12, 2017.

8
9
10
11
  D.    Thereafter, the parties shall make a good faith effort, on a rolling basis, and in accordance with Section II.A. above, to identify any additional case relevant witnesses they intend to depose, as soon as those witnesses become known to them or they determine the need to depose the witness.

12
13
14
15
16
17
18
  E.    Should either party object to the taking of a deposition proposed by the other party, including objecting that one or more of the identified case specific depositions are disproportionate to the needs of the case (even if the requesting party has not exceeded the numerical limitation set forth in Section II.A. above), the parties will meet and confer on that issue, and failing resolution, shall notify the Court of their need for a ruling on the propriety of deposing such witness(es).

19
  F.    Examination of treating physicians.

20
21
22
23
24
25
26
      1.    By no later than five (5) days following the Court's selection of Bellwether Group 1, Plaintiffs shall supplement the list they provided pursuant to CMO 21 of physicians whom they have a good faith belief they would call as witnesses in their case in chief for each Bellwether Group 1 case. By no later than ten (10) days thereafter, Defendants shall supplement the list they provided pursuant to CMO 21 of physicians not identified by Plaintiffs whom Defendants have a

27
28

good faith belief they would call in their case in chief for each Bellwether Group 1 case.

2. For any physician deposed in Bellwether Group 1:

    a. Plaintiffs' counsel shall be the first examiner for any physician Plaintiffs identified in response to Paragraph II.B.1 of CMO 21 or they have identified timely under Para. II. B. 1 to this Order; and

    b. Defendants' counsel shall be the first examiner for any physician Defendants identified in response to Paragraph II.B.1 of CMO 21 or they have identified timely under Para. II. B. 1 to this Order.

### III. PROTOCOLS RELATING TO TREATING PHYSICIANS

    A. **Ex Parte Communications with Treating Physicians**

        1. Defendants are prohibited from communicating *ex parte* with Plaintiffs' treating physicians.

        2. Plaintiffs' counsel may communicate *ex parte* with treating physicians.

    B. **Disclosure of Documents Prior to Depositions of Treating Physicians**

        1. If Plaintiffs' counsel has communicated *ex parte* with a treating physician who will be deposed, Plaintiffs' counsel shall identify by production bates number (or by providing a copy if no such bates numbers exist) to opposing counsel all documents provided, shown, read from, or otherwise specifically described to the witness, other than the physician's records of treatment, at least five (5) days prior to the deposition, those five days to include and count weekends and holidays.

        2. For *ex parte* meetings with a physician that take place less than five (5) days prior to the deposition:

      a. at least 24 hours prior to the meeting, counting weekends and holidays, Plaintiffs' counsel shall identify by production bates number (or by providing a copy if no such bates numbers exist) to opposing counsel all documents they intend to provide, show, read from, or otherwise specifically describe to the witness, other than the physician's records of treatment;

      b. as soon as practicable after the meeting, Plaintiffs' counsel shall disclose to opposing counsel all documents that were actually provided, shown, read from, or otherwise specifically described to the witness, other than the physician's records of treatment.

3. At least five (5) days, counting weekends and holidays, prior to a physician deposition, all examining counsel shall provide to opposing counsel and deponent's counsel copies of documents that may be shown to the witness during the deposition or about which counsel expects to examine a deponent, other than the physician's records of treatment.  The obligations of this section include the good faith representations of counsel to identify only those documents actually intended to be utilized during the deposition, not to exceed 40 in number.

## IV. EXPERT WITNESS DEPOSITIONS

A. Commencing on June 20, 2017 and no later than July 30, 2017, the parties may take the depositions of all case specific expert witnesses disclosed for Bellwether Group 1 cases, limited to their case specific opinions if those witnesses are also experts previously disclosed as general MDL experts.

## V. **TRIAL DEPOSITIONS**

    A.    For good cause shown, and either by stipulation of the Parties or order of the Court, trial preservation testimony of previously deposed witnesses will be permitted.

DATED this _____ day of May 2017.

                                                                                                        _____