Ramon Rossi Lopez (admitted *pro hac vice*)
(CA Bar No. 86361)
LOPEZ McHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
rlopez@lopezmchugh.com

Mark S. O'Connor (011029)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
mark.oconnor@gknet.com

*Attorneys for Plaintiffs*

James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY &
   SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
Telephone: (602) 382-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
|---|---|
| | **PARTIES' JOINT SUBMISSION RE SCHEDULE RELATING TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE PREEMPTION** |

In accordance with Case Management Order No. 23 [Doc. 5770], the Parties make this joint submission regarding the schedule relating to the discovery, expert disclosure, and response to Defendants' Motion for Summary Judgment Regarding Preemption [Doc. 5396] and the schedule for briefing on Defendants' Motion and Incorporated Memorandum to Seal [Doc. 5397].

The Parties are in disagreement as to whether Defendants should be permitted to disclose supplemental expert opinions in support of their motion for summary judgment as part of the schedule for Plaintiffs' response to that motion. The Parties' respective positions on that issue are set forth in Section I below. The Parties' respective proposed schedules relating to the discovery, expert disclosure, and response to Defendants' motion for summary judgment are set forth in Section II below.

With respect to the Motion to Seal, the Parties have agreed on a schedule as set forth in Section III below.

**I.     Dispute Regarding Defendants' Right to Disclose Expert Testimony on Preemption**

The Parties dispute whether Defendants have the right or should be allowed, at this juncture, to disclose supplemental expert opinions regarding the preemption issues raised in their summary judgment motion. The Parties' respective positions are set forth in the following matrix:

| Plaintiffs' Position | Defendants' Position |
|---|---|
| Plaintiffs oppose Bard's attempt to supplement Defendants' motion for summary judgment through new expert disclosure at this stage for three reasons.<br>First, the discovery and expert disclosure that this Court allowed in CMO 23 was as a result of Plaintiffs' request pursuant to Rule 56(d) to take additional discovery and to make expert disclosures to respond to Defendants' motion. This Court granted that request and allowed Plaintiffs to take discovery and make expert disclosure for the purpose of responding to the motion. Simply, there nothing in Rule 56(d) or this Court's order that permits Defendants to make supplemental expert disclosures. | The Defendants submit that the Plaintiffs' argument is premature. They are seeking to categorically bar the Defendants from submitting any responsive expert testimony in conjunction with the motion for summary judgment on preemption, before either the Court or the Defendants have the opportunity to see what type of expert opinion the Plaintiffs will submit themselves.<br>It is true, as the Plaintiffs note, that Bard has advised the Court from the outset that it did not intend to rely on expert opinion testimony in support of its motion for summary judgment. It is also true that the motion filed by the Defendants in fact did not rely on expert opinions. That is |

2

Second, it would be inherently unfair to permit Defendants to bring out new testimony in support of their motion after filing it. Defendants already filed an 818 paragraph statement of facts (SOF) in support of their motion. [Doc. 5398.] That document lays out the facts on which Defendants rely for their motion, and it is that document to which Plaintiffs must respond in opposition to the motion. Anything that Defendants' experts disclose would necessarily be <u>new</u> evidence not included in the motion or filed SOF. There is simply no basis for Defendants to add new evidence now.

Third, at the February 17 Case Management Conference, Bard expressly disclaimed that it would rely on expert testimony in support of the motion. After Plaintiffs raised their need to be able to utilize expert testimony to respond to Defendants' anticipated motion, this Court directly asked defense counsel, "Mr. North, are you going to rely on experts <u>at all</u> in this presentation?" (Emphasis added.) Defense counsel responded: "Your Honor, we are not … We understand their contention that they need expert testimony. We personally don't believe that is necessary, but one thing we were talking about ourselves is we're not afraid to put our cards on the table, we can go on and file this motion if the Court permits it, and then give them two weeks to look at it and tell us if they need time to do expert rebuttal." Thus, Defendants knew Plaintiffs intended to disclose expert testimony in response to the motion and expressly disclaimed to this Court that they would need any.

because, in the Defendants' view, expert testimony is not probative evidence on the legal question of preemption. *See Steele v. Depuy Orthopaedics, Inc.*, 295 F. Supp. 2d 439, 446 (D.N.J. 2003) (rejecting expert testimony because "whether the FDA's approval of a [device] imposes requirements on a particular device is a question of law to be determined by the Court.").

Bard continues to believe expert testimony is not probative on the issue of preemption in these cases. For that reason, Bard believes it is very unlikely that it will submit any expert evidence in response to the plaintiffs' supplemental disclosures. However, at this early juncture and without even seeing the sort of expert opinions the plaintiffs are going to offer, it is impossible to definitively determine the need or appropriateness of responsive expert opinions in such a theoretical vacuum. Bard has therefore proposed a schedule that merely adds one additional week to the schedule proposed by the Plaintiffs to accommodate the possibility that the Plaintiffs' disclosures may warrant the submission of supplemental reports from Bard's own regulatory experts.

The Defendants submit that building one additional week into the schedule devised by the Plaintiffs will not cause any prejudice. In the unlikely event that Bard does submit supplemental expert opinion related to the preemption issue, and if the Plaintiffs believe that the submission or any reliance on it is inappropriate, they would certainly be able to raise the issue at that time.

For now, however, Bard believes that the categorical prohibition sought by the Plaintiffs is premature.

3

## II. Proposed Schedules on Summary Judgment Motion

Depending upon how the Court resolves the above dispute, the parties' proposed schedules relating to the discovery, expert disclosure, and response to Defendants' motion for summary judgment are as follows:

### A. Plaintiffs' Proposed Schedule

| Date | Event |
|---|---|
| June 16 | Deadline to complete depositions of John Van Vleet and Rob Carr (Those depositions have been scheduled for June 6th and June 16th.) |
| July 14 | Plaintiffs' supplemental expert reports re preemption issues due |
| August 4 | Deadline to depose experts re preemption issues |
| August 25 | Plaintiffs response to Bard's motion for summary judgment |
| Sept. 15 | Defendants' reply, if any, in support of motion for summary judgment |

### B. Defendants' Proposed Schedule

| Date | Event |
|---|---|
| June 16 | Deadline to complete depositions of John Van Vleet and Rob Carr (Those depositions have been scheduled for June 6th and June 16th.) |
| July 14 | Plaintiffs' supplemental expert reports re preemption issues due |
| July 28 | Defendants' supplement expert reports (if any) re preemption issues due |
| August 11 | Deadline to depose experts re preemption issues |
| Sept. 1 | Plaintiffs response to Bard's motion for summary judgment |
| Sept. 22 | Defendants' reply, if any, in support of motion for summary judgment |

## III. Motion to Seal Briefing Schedule

The Parties have agreed on the following schedule for briefing on Defendants' motion to seal:

| Date | Event |
|---|---|
| May 18 | Defendants produce to Plaintiffs amended list to exclude Phillips exhibits and testimony not marked confidential |

| | |
|---|---|
| June 2 | Defendants produce to Plaintiffs amended list to exclude all publicly available documents |
| June 23 | Deadline for parties to meet and confer regarding the issues raised by the motion to seal |
| June 30 | Deadline for Defendants to file an amended motion to seal (noting issues resolved by the parties by agreement) |
| July 31 | Deadline for Plaintiffs to respond to amended motion to seal |
| Aug. 22 | Deadline for Defendants to file any reply brief supporting the amended motion to seal |

RESPECTFULLY SUBMITTED this 12th day of May 2017

GALLAGHER & KENNEDY, P.A.

By: *s/ Paul L. Stoller*
   Mark S. O'Connor
   Paul L. Stoller
   2575 East Camelback Road
   Phoenix, Arizona 85016-9225

   Ramon Rossi Lopez
   (admitted *pro hac vice*)
   CA Bar No. 86361
   LOPEZ McHUGH LLP
   100 Bayview Circle, Suite 5600
   Newport Beach, California 92660

   *Attorneys for Plaintiffs*

SNELL & WILMER L.L.P.

By: *s/ Richard B. North*
   James R. Condo
   Amanda C. Sheridan
   One Arizona Center
   400 E. Van Buren, Suite 1900
   Phoenix, Arizona 85004-2202

   Richard B. North, Jr. (admitted *pro hac vice*)
   Georgia Bar No. 545599
   Matthew B. Lerner (admitted *pro hac vice*)
   Georgia Bar No. 446986
   Nelson Mullins Riley & Scarborough LLP
   201 17th Street, NW / Suite 1700
   Atlanta, GA 30363

   *Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

**Certificate of Service**

I hereby certify that on this 12th day of May, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

                                              */s/Deborah Yanazzo*
                                              Deborah Yanazzo