Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC<br><br>**SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY THOMAS KINNEY, M.D. AS AN EXPERT FOR PLAINTIFFS** |

Plaintiffs provide this surreply in support of their opposition to Defendants' Motion to Disqualify Thomas Kinney, M.D. as an Expert for Plaintiffs ("Motion," Doc. 5677) and, specifically, to supplement the record as a result of Dr. Kinney's deposition that was taken after completion of the briefing on Defendants' Motion.

Bard took the deposition of Dr. Kinney in this matter on June 17, 2017, approximately one month after briefing was complete on its Motion to disqualify him. In the Motion, Bard contends that Dr. Kinney was its consultant to whom it provided protected, confidential information. In opposition to that Motion, Dr. Kinney provided a sworn declaration in which he attested that he had not been retained by Bard for any purposes related to this litigation and that had not received any information from Bard that related to the mental impressions of its counsel, legal theories, liability theories, or relating at all to the subject matter of his report in this litigation.

Despite its claims in the Motion and Dr. Kinney's sworn declaration refuting them, Bard failed to examine Dr. Kinney at his deposition regarding those subjects or to produce

any evidence that Dr. Kinney received from Bard any protected information that should result in his disqualification in this MDL.  To the contrary, despite the elephant in the room, Bard did not examine Dr. Kinney <u>at all</u> regarding what work he did for Bard as a consultant or the information or types of information he received from Bard in that role.  Nor did it mark his declaration as an exhibit or ask him any questions about it.

Plaintiffs, on the other hand, examined Dr. Kinney regarding his work for Bard, and that testimony provided further evidence that he was not, as Bard contends, a litigation consultant with access to confidential information or attorney mental impressions related to this litigation.  Plaintiffs have attached the relevant excerpts of Dr. Kinney's deposition testimony as Exhibit A to this Surreply.  In relevant part, he testified that his primary contact at Bard was Janet Hudnall but that he did speak to Richard North, Rob Carr, and Dr. Ciavarella.  Other than Richard North, all of these individuals are corporate, non-legal employees of Bard.  Further, he expressly disclaimed any contact with Richard North relating to the lawsuits on which he had been retained. *See id.* at 312:3-6. Rather, Mr. North "contacted [him] about having the phone conversations with helping physicians" having problems with filters. *Id.* at 312:8-19.  In that role, Dr. Kinney was "asked to give advice about particular [medical] cases.  Usually it was about retrievals, difficult retrievals." *Id.* at 313:11-13.  He considered himself to be a "consultant giving a second opinion to a physician having a problem with a filter." *Id.* at 313:18-21.  And, he would prepare progress notes for those calls of the advice that he gave to the physician. *Id.* at 313:22-314:5

In his errata, Dr. Kinney noted that, while Richard North set up his arrangement to help physicians and Bard support staff with problem clinical cases, Mr. North did not participate in the individual calls.  Bard personnel would put Dr. Kinney in contact with the specific clinician involved with the problem case. *See* Declaration, attached as Exhibit B.

Dr. Kinney also produced at his deposition the one and only "report" he did for Bard regarding the case in which he is alleged to have been a consulting expert (Mattes

2

versus Bard). Plaintiffs have not reviewed that report; Plaintiffs understand that it has been filed in camera. Plaintiffs advised counsel for Bard that Dr. Kinney was prepared to testify about the circumstances of his involvement and the purpose of his report. Bard, however, chose not to examine him on those issues or anything relating to the report. *See id.* at 61:8-62:15.

In sum, Dr. Kinney's deposition testimony only further supports his declaration in opposition to Bard's Motion. For the reasons set forth in Plaintiffs' Opposition, Bard's continued failure to adduce any evidence that it provided Dr. Kinney with protected information relevant to the subject matter of his report or this litigation is fatal to its Motion.

RESPECTFULLY SUBMITTED this 12th day of July 2017.

GALLAGHER & KENNEDY, P.A.

By: */s/ Paul L. Stoller*
    Mark S. O'Connor
    Paul L. Stoller
    2575 East Camelback Road
    Phoenix, Arizona  85016-9225

LOPEZ McHUGH LLP
    Ramon Rossi Lopez (CA Bar No. 86361)
    (admitted *pro hac vice*)
    100 Bayview Circle, Suite 5600
    Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

        */s/ Deborah Yanazzo*

6090025/26997-1