IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC<br><br>**CASE MANAGEMENT ORDER NO. 26** |

The Court held a tenth case management conference on July 13, 2017. The conference addressed ongoing matters identified in the parties' joint report. Doc. 6599. The following matters are decided.

**A.   Dr. Henry Deposition.**

In order to decide whether Dr. Henry should be re-deposed, the Court must decide whether the objections asserted in his first deposition were appropriate. On or before **July 28, 2017**, the parties shall file memoranda, not to exceed 12 pages, addressing the following issues: (1) Does Federal Rule of Evidence 501 apply to the privilege asserted by Dr. Henry's counsel? (2) If so, what state law supplies the rule of decision within the meaning of Rule 501? (3) Does the applicable state law support the objection and instruction made by Dr. Henry's attorney? (4) Even if the instruction and objection were appropriate in the normal case, does assertion of the learned intermediary defense mean that the objection and instruction should not be permitted?

### B. Proposed Deposition of Dr. Altonaga.

Case Management Order No. 24 addressed fact depositions in bellwether cases: "These depositions may include Bard present or former employees only if the depositions will likely produce probative evidence that could not reasonably have been obtained during general discovery." Doc. 5883 at 1-2. After considering the parties' arguments, the Court concludes that the evidence Plaintiffs now seek to elicit from Dr. Altonaga could reasonably have been obtained during general discovery. Plaintiffs do not seek facts unique to any of the bellwether cases, but instead to obtain Bard information that existed at the time of the design, sale, and use of the various filters at issue in the bellwether cases. While bellwether cases had not been identified during general discovery, Plaintiffs clearly understood that most of the cases in this MDL concern the G2-series or Eclipse filters, and could have deposed Dr. Altonaga during general discovery regarding facts related to those filters and the years in which they were offered for sale. As a result, the requirement of CMO 24 is not satisfied and the Court will not permit Plaintiffs to depose Dr. Altonaga as part of bellwether-case discovery.

### C. Communications Among Plaintiffs' Experts.

The Court and parties held a discussion regarding the discoverability of communications between Plaintiffs' experts, with the Court attempting to provide some guidance on its interpretation of Rule 26(b)(4). Plaintiffs shall produce communications among their experts to Defendants. If Plaintiffs conclude that any such communications are properly withheld, they shall provide Defendants with a privilege log that identifies the specific basis on which Plaintiffs' conclude that the communications are protected under Rule 26(b). If the parties have disagreements after this production has occurred, they should place a conference call to the Court for a resolution.

### D. Preemption Motion Briefing.

The Court sets the following schedule for completion of briefing on Defendants' preemption motion for summary judgment:

- Plaintiffs' experts on preemption shall be disclosed by **July 21, 2017**;
- Defense experts on preemption, if sought by Defendants and allowed by the Court after a conference call, shall be disclosed by **August 4, 2017**;
- Preemption experts shall be deposed by **August 18, 2017**;
- Plaintiffs' response to Defendants' motion shall be filed by **September 1, 2017**;
- Defendants' reply shall be filed by **September 22, 2017**.

Defendants' motion to seal exhibits will be briefed on the following schedule:

- Defendants' amended motion to seal shall be filed on or before **July 28, 2017**;
- Plaintiffs' response shall be filed on or before **August 28, 2017**;
- Defendants' reply shall be filed on or before **September 13, 2017**.

### E. Class Certification Hearing.

The Court will allow 45 minutes per side for oral argument at the class certification hearing on **August 11, 2017**. The Court does not expect this to be an evidentiary hearing.

### F. Next Case Management Conference and Science Day.

The next case management conference will be held on **October 5, 2017, at 10:00 a.m.** The parties shall file a joint report seven days before the conference.

A science day will also be held on **October 5, 2017.** The Court will set aside two hours per side for science presentations.

### G. Motions to Disqualify Experts.

Plaintiffs shall respond to the recently filed motion to disqualify Drs. Vogelzang and Desai by **July 28, 2017**. Defendants shall file a reply by **August 4, 2017**. The Court will endeavor to review this motion before the class certification hearing on August 11, 2017.

### H.   Bellwether Trial Issues.

The Court and the parties discussed preparation for and scheduling of bellwether trials. The Court advised the parties that it cannot know whether bellwether trials will be possible in the first quarter of 2018 until it sees the volume and substance of the *Daubert* motions and motions for summary judgment to be filed in late August. The Court and parties will address the scheduling of bellwether trials on October 5, 2017.

The Court advised the parties that it may be very difficult for the Court to conduct all six bellwether trials within a 12 or 18 month period, given the Court's docket and administrative responsibilities. The Court raised the possibility of enlisting other judges to try some of the bellwether cases. If such an approach were taken, the trials probably could be scheduled over the course of a year or 18 months, dates could be blocked out, and the other judges could be identified. The parties should address this issue in the joint report to be filed before the conference on October 5, 2017.

The Court advised the parties of its practices regarding a final pretrial conference and motions in limine. The Court also stated that it would be willing to entertain the possibility of juror questionnaires.

### I.   Other Matters.

The Court and parties discussed choice of law issues that might arise in the bellwether cases. The Court asked the parties to discuss this issue and see if they can agree on a method for briefing. It may be that such briefing needs to occur as part of the summary judgment briefing, particularly since a choice of law will not be necessary unless the law of the possible jurisdictions is in conflict on specific points raised in the summary judgment briefing. If the parties need the Court's guidance on this matter before summary judgment briefs are filed, they may place a telephone call to the Court.

The Court will also require the parties to discuss bellwether summary judgment motions before they are filed on August 21, 2017. The purpose of such discussion will be to identify claims that Plaintiffs intend to assert in each of the bellwether cases and arguments Defendants intend to make with respect to such claims. The parties should

endeavor to focus and streamline the briefing wherever possible.  If issues are to be addressed that apply to some or all of the bellwether cases, they should be briefed only once.  The parties should also endeavor to make the statements of fact as efficient as possible.

Dated this 14th day of July, 2017.

_____
David G. Campbell
United States District Judge