UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BARD IVC FILTERS PRODUCTS
LIABILITY LITIGATION        MDL No. 2641

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in the action listed on Schedule A (*Allen*) move under Panel Rule 7.1 to vacate our order conditionally transferring their action to MDL No. 2641. Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. (together Bard) oppose the motion to vacate.

After considering the argument of counsel, we find this action involves common questions of fact with the actions transferred to MDL No. 2641, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs do not dispute that this action shares questions of fact with MDL No. 2641. Like many of the already-centralized actions, this action involves factual questions arising from allegations that defects in the design of Bard's retrievable inferior vena cava filters make them more likely to fracture, migrate, tilt, or perforate the inferior vena cava, causing injury. *See In re: Bard IVC Filters Prods. Liab. Litig.*, 122 F. Supp. 3d 1375, 1376 (J.P.M.L. Aug. 17, 2015).

In support of the motion to vacate, plaintiffs argue that transfer unduly burdens them while removing any burden from defendants. Plaintiffs do not specify any particular inconvenience they will suffer, but instead suggest that transfer will result in a general imbalance of fairness. We find this argument unpersuasive. The Panel repeatedly has held that, while it might inconvenience some parties, transfer of an action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: IntraMTA Switched Access Charges Litig.*, 67 F. Supp. 3d 1378, 1380 (J.P.M.L. 2014). As with the more than 2,000 cases already transferred to or filed in MDL No. 2641, transfer of this action will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

-2-

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of Arizona and, with the consent of that court, assigned to the Honorable David G. Campbell for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

Charles R. Breyer        Lewis A. Kaplan
Ellen Segal Huvelle      R. David Proctor
Catherine D. Perry

**IN RE: BARD IVC FILTERS
PRODUCTS LIABILITY LITIGATION**                                    MDL No. 2641

## SCHEDULE A

<u>Eastern District of Missouri</u>

ALLEN, ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 4:17-00770