James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-DGC<br><br>**DECLARATION OF ROBERT CARR IN SUPPORT OF DEFENDANTS' MOTION TO SEAL DOCUMENTS FILED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING PREEMPTION**<br><br>(Assigned to the Honorable David G. Campbell) |

I, Robert Carr, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge and belief:

1. I am over 18 years of age and am competent to testify about the matters contained herein. The statements contained herein are based on my personal knowledge and

upon the basis of the documents maintained by Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard") in the regular course of business.

2. I am presently employed as the Vice President of International at Bard Peripheral Vascular, Inc. ("BPV") a subsidiary of C. R. Bard, Inc. ("C. R. Bard"). Until October 2015, I was Senior Director of Research and Development at BPV. Bard manufactures and distributes inferior vena cava ("IVC") filters and has manufactured and distributed the Recovery® Filter, G2® Filter, G2® Express Filter, G2®X Filter, Eclipse® Filter, Meridian® Filter, and Denali® Filter (collectively, "Bard IVC Filters"), each of which is a medical device cleared by the Food and Drug Administration ("FDA") indicated for treatment of blood flow problems posing the risk of pulmonary embolism. Before joining BPV in 2002, I was employed by Nitinol Medical Technologies ("NMT"), where I was also responsible for that company's research and development of IVC filters.

3. This declaration is based upon my personal knowledge and review of certain business records prepared and maintained in the ordinary course of business of Bard and of certain public records that set out FDA's regulatory activities concerning Bard's IVC Filters. I could and would competently testify to the matters set forth herein if called as a witness in this matter. As part of and during the course of my work with Bard and NMT, I have become familiar with documentation and records associated with the design, development, manufacture, regulatory compliance, and testing (including clinical testing) of the Bard IVC Filters.

   a. The documentation and records include, for example, 510(k) submissions, IDE submissions, and other materials sent to FDA, as well as contact reports and email communications with the FDA, which detail Bard's product development and regulatory compliance activities of Bard's IVC Filters.

   b. The documentation and records also include internal documents prepared by the FDA, a public federal agency. These records or statements of a public office detail the agency's investigation and regulatory review activities of Bard's regulatory compliance and product development activities concerning Bard's IVC Filters.

4. As part of and during the course of my work with Bard, I have become familiar with Bard's record-keeping procedures. I have personal knowledge of the roles and responsibilities of Bard's employees responsible for this record-keeping process. The business documents referenced herein were prepared and maintained in the ordinary course of Bard's business, and it was the regular practice of Bard to make such records. These documents were prepared at or near the time of the events they record by persons with knowledge of the recorded events or from information transmitted by persons with knowledge of the recorded events.

5. Bard or its affiliates are engaged in the development, design, manufacturing, and distribution of medical devices, including the Bard Filters. Many documents involving the Bard IVC Filters are confidential and are maintained as such by Bard for the reasons listed below.

6. The medical device business for IVC filters is a highly technical and sophisticated industry. It is also a highly competitive industry in which each company carefully guards its company documents, data, systems, processes, research and development, analysis, marketing strategies and trade secrets from competitors.

7. As part of and during the course of my work with Bard, I have become familiar with Bard's efforts to protect its trade secret and confidential proprietary information and documents. This information is maintained internally at Bard and distributed to employees who need to know the information to perform their duties. It is not available outside the company. Outside physician consultants working with the company who have access to this information sign confidentiality agreements. Additionally, Bard has always sought a Protective Order or Confidentiality Agreement during the course of civil lawsuits in order to protect their confidential, proprietary and trade secret information

8. As part of and during the course of my work with Bard and NMT (before Bard acquired the NMT filter product line), I have become familiar with documentation

- 3 -

and records associated with the design, development, manufacture, regulatory compliance, and testing (including clinical testing) of the Bard IVC Filters.

9. I am familiar with the exceptions to the Freedom of Information Act ("FOIA"). Specifically FOIA recognizes an exception for trade secrets, and confidential commercial and financial information. When FDA makes a production, it redacts confidential and trade secret information provided by medical device companies such as Bard including: drafts of documents; testing protocols; test methods, results and analysis; design protocols; DFMEA (Design Failure Modes and Effects Analysis); engineering drawings; and other documents created during the design of a medical device.

10. Attached as Exhibit "A" is a chart identifying documents from Bard's extensive communications with and submission to the FDA relating to its IVC filters that are redacted. Bard had made FOIA requests for these documents, and the redacted information in the documents identified on Exhibit "A" is confidential trade secret, commercial and financial information that was redacted exactly as they were redacted and produced by FDA in the FOIA response. The redacted information consists of: drafts of documents; testing protocols; test methods, results and analysis; design protocols; DFMEA (Design Failure Modes and Effects Analysis); engineering drawings; and other documents created during the design of the filter discussed in those documents.

11. Attached as Exhibit "B" is a chart identifying documents from Bard's extensive communications with and submission to the FDA relating to its IVC filters that are redacted. Bard did not have a FOIA production from FDA for these documents, but the redacted information in the documents identified on Exhibit "B" is confidential trade secret, commercial and financial information that was redacted consistent with the types of redactions made by FDA in response to a FOIA request for similar submissions from Bard. The redacted information consists of: drafts of documents; testing protocols; test methods, results and analysis; design protocols; DFMEA (Design Failure Modes and Effects Analysis); engineering drawings; and other documents created during the design of the filter discussed in those documents.

12. The redacted information contained in the documents referenced in Exhibits "A" and "B" required years for Bard to develop and is Bard's critical business information which is not made public by Bard.

13. The redacted information contained in the documents referenced in Exhibits "A" and "B" would be of economic value to Bard's competitors. Moreover, such value would extend not only to manufacturers of other IVC filters, but also to manufacturers of other medical devices, as the value and utility of this information is not limited to IVC filters.

14. Bard invests very substantial sums of money in medical device research, testing (including clinical testing), development, design, analysis, regulatory compliance, evaluation, and marketing. If the information Bard has developed over the years pertaining to the Bard IVC Filters was obtained by its competitors, it would give an unfair economic advantage to those competitors.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

Executed on this 28th day of August, 2017.

_____
Robert Carr

# Exhibit A

**Documents Redacted Exactly as Produced by FDA Pursuant to a FOIA Request**

A.  Exhibits to Exhibit A Declaration of Robert Carr In Support of Defendants' Motion for Summary Judgment Regarding Preemption.

| Ex. No. | Date | Bates No. | Description |
|---|---|---|---|
| 43. | 03/02/2005 | BPV-17-01-00125335 through 125415 | BPV's Modified Recovery Filter Special 510(k) (K050558) |
| 45. | 03/29/2005 | FDA_PRODUCTION_ 00000206 through 22045 | Internal FDA memo re Modified Recovery (K050558) |
| 46. | 03/30/2005 | BPV-17-01-00125312 through 125314 | Letter FDA to BPV re Modified Recovery (K050558) |
| 58. | 07/28/2005 | BPV-17-01-00125220 through 125222 | Letter FDA to BPV re AI re Modified Recovery (K050558) |
| 60. | 08/10/2005 | BPV-17-01-00125616 through 125633 | Letter BPV to FDA Responses to AI re G2 (K050558) |
| 104. | 03/07/2008 | BPV-17-01-00130498 through 130730 | BPV's G2 Express Filter Special 510(k) (K080668) |
| 105. | 04/08/2008 | BPV-17-01-00130470 through 130473 | Letter FDA to BPV re AI Demand re G2 Express (K080668) |
| 106. | 05/05/2008 | BPV-17-01-00131255 through 131261 | Letter BPV to FDA Request 30 day extension re G2 Express (K080668) |
| 108. | 05/08/2008 | BPV-17-01-00130268 through 130441 | Letter BPV to FDA Responses to AI Demand re G2 Express (K080668) |
| 109. | 06/06/2008 | BPV-17-01-00130460 through 130463 | Letter BPV to FDA Responses to AI Demand re G2 Express (K080668) |
| 110. | 06/25/2008 | BPV-17-01-00117271 through 117272 | Conference FDA and BPV re AI Demand re G2 Express (K080668) |
| 111. | 06/26/2008 | BPV-17-01-00130442 through 130448 | Letter BPV to FDA Request 30 Day Extension re G2 Express (K080668) |
| 113. | 07/02/2008 | BPV-17-01-00117260 through 117783 | Letter BPV to FDA Responses re AI Demand re G2 Express (K080668) |
| 121. | 11/23/2009 | BPV-17-01-00116991 through 117153 | BPV's Eclipse Filter System Special 510(k) (K093659) |
| 123. | 12/17/2009 | BPV-17-01-00145607 through 145616 | Letter BPV to FDA re Responses to FDA AI Demand re Eclipse (K093659) |
| 125. | 05/20/2010 | BPV-17-01-00171679 through 171793 | BPV's Eclipse Filter Special 510(k) (K101431) |
| 127. | 06/21/2010 | BPV-17-01-00145617 through 145633 | Letter BPV to FDA re Responses to FDA AI Demand re Eclipse (K101431) |

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

# Exhibit B

**Documents Filed Redacted Consistent with FOIA**

A.  Exhibits to Exhibit "A" Declaration of Robert Carr In Support of Defendants' Motion for Summary Judgment Regarding Preemption.

| Ex. No. | Date | Bates No. | Description |
|---|---|---|---|
| 3. | 02/10/2000 | BPV-17-01-00058907 through 58930 | Conference FDA and NMT re Recovery (K993809)<br><br>Test methods and results |
| 8. | 08/12/2002 | BPV-17-01-00059159 through 59193 | Conference IMPRA and FDA re Recovery (K022236) |
| 32. | 01/10/2005 | BPV-17-01-00043382 through 43402 | Conference FDA and BPV re DDL and Recovery Retrievable (K031328) |
| 34. | 01/22/2005 | BPVE-01-00303306 through 303318 | Email from BPV to FDA re DCL and Recovery Retrievable (K031328) |
| 47. | 04/19/2005 | FDA_PRODUCTION_00000193 through 201 | BPV's Informal Responses to FDA AI Letter re Modified Recovery (K050558) |
| 54. | 6/03/2005 | BPV-17-01-00125416 through 125616 | Letter BPV to FDA re Modified Recovery conversion Traditional 510(k) (K050558) |
| 61. | 08/19/2005 | BPVE-01-00155084 through 155088 | Email BPV to FDA re G2 (K050558) |
| 62. | 08/22/2005 | BPVE-01-00155392 through 155396 | Email BPV to FDA re G2 (K050558) |
| 68. | 06/03/2005 | BPV-17-01-00125226 through 125285 | Email BPV to FDA re proposed IDE G2 Everest Study |
| 69. | 07/08/2005 | BPV-17-01-00122544 through 122829 | BPV's original IDE submission re G2 Everest Study (G050134)<br><br>Test methods and results |
| 74. | 10/21/2005 | BPVE-01-00275704 | Conference FDA and BPV re G2 Everest Study (G051034) and future submission |
| 79. | 07/11/2006 | BPV-17-01-00123071 through 123152 | Letter BPV to FDA re G2 Everest Study (G051304) IDE Supplement |
| 85. | 10/25/2007 | BPV-17-01-00123498 through 123562 | Letter BPV to FDA re Responses to FDA re G2 Everest Study (G051304)<br><br>Test methods and results |
| 89. | 9/19/2005 | BPV-17-01-00125658 through 125749 | BPV's G2 Filter - Jugular Subclavian Delivery Kit Special 510(k) (K052578) |
| 91. | 10/13/2005 | BPV-17-01-00046358 through 46362 | Email FDA to BPV re G2 Filter - Jugular Subclavian Delivery Kit (K052578) |
| 94. | 10/14/2005 | BPV-17-01-00048142 through 48144 | Letter FDA to BPV re G2 Filter - Jugular Subclavian Delivery Kit (K052578) |
| 95. | 10/25/2005 | BPV-17-01-00125782 through 125876 | Letter BPV to FDA Responses to FDA AI Demand re G2 Filter - Jugular (K052578) |

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

| Ex. No. | Date | Bates No. | Description |
|---|---|---|---|
| | | | Test methods and results |
| 97. | 11/16/2005 | BPV-17-01-00125893 through 125923 | Letter BPV to FDA Responses to FDA AI Demand re G2 Filter - Jugular (K052578)<br><br>Test methods and results |
| 99. | 09/25/2006 | BPV-17-01-00125963 through 126062 | BPV's G2 Filter - Femoral Delivery Kit Special 510(k) (K062887) |
| 102. | 10/31/2007 | BPV-17-01-00123629 through 125197 | BPV's G2 Filter Retrievable Traditional 510(k) (K073090) |
| 115. | 08/12/2008 | BPV-17-01-00131320 through 131596 | BPV's G2X Filter Special 510(k) (K082305)<br><br>Redacted consistent with FOIA exceptions |
| 118. | 09/29/2008 | BPV-17-01-00130734 through 130838 | Letter BPV to FDA re Responses to FDA AI Demand re G2X (K082305)<br><br>Test methods and results |

**B.  Exhibits to Exhibit B Declaration of John D. Van Vleet In Support of Defendants' Motion for Summary Judgment Regarding Preemption.**

| Ex. No. | Date | Bates No. | Description |
|---|---|---|---|
| 1. | 08/14/2009 | BPV-17-01-00171823 through 171824 | FDA Contact Report (Eclipse and Platinum Pre IDE) |
| 3. | 12/03/2009 | BPVEFILTER-08-00026072 through 26125 | Meridian Pre-IDE Meeting Request<br><br>Test methods and results |
| 4. | 01/08/2010 | BPV-17-01-00171850 through 171853 | (Meridian Pre IDE)<br><br>Test methods and results |
| 5. | 08/31/2010 | BPV-17-01-00150192 through 151045 | Meridian Jugular Subclavian Delivery Kit Traditional 510(k) (K102511)<br><br>Redacted consistent with FOIA exemptions |
| 6. | 10/26/2010 | BPVE-01-01977697 through 1977704 | Letter from FDA to BPV re Meridian Jugular (K102511)<br><br>Test methods and results |
| 7. | 11/12/2010 | BPV-17-01-00171872 through 171873 | (Meridian)<br><br>Test methods and results |

| Ex. No. | Date | Bates No. | Description |
|---|---|---|---|
| 8. | 11/16/2010 | BPVE-01-01404251 through 1404291 | Email to FDA enclosing fatigue testing info re Meridian<br><br>Test methods and results |
| 10. | 12/27/2010 | BPVEFILTER-01-01201729 through 1201779 | Letter from BPV to FDA re Meridian Jugular (K102511)<br><br>Test methods and results |
| 11. | 12/27/2010 | BPVEFILTER-11-00002394 through 2960 | Appendices to Letter to FDA<br><br>Redacted consistent with FOIA exemptions |
| 12. | 02/01/2011 | BPVEFILTER-01-00016497 through 16501 | Letter from FDA to BPV re Meridian Jugular (K102511)<br><br>Test methods and results |
| 13. | 02/10/2011 | BPV-17-01-00171836 through 171838 | FDA Contact Report (Meridian)<br><br>Test methods and results |
| 14. | 02/17/2011 | BPV-17-01-00171841 through 171844 | (Meridian)<br><br>Test methods and results |
| 15. | 02/22/2011 | BPVEFILTER-01-01853704 through 1853705 | Email with FDA re chromosomal aberration testing (Question 3 from Feb. 1 letter)<br><br>Test methods and results |
| 16. | 05/17/2011 | BPV-17-01-00171857 through 171864 | (Meridian)<br><br>Test methods and results |
| 17. | 05/17/2011 | BPVEFILTER-01-00136505 | PPT to FDA re Meridian<br><br>Test methods and results |
| 18. | 05/20-23/2011 | BPVEFILTER-08-00065051 through 65053 | Email chain re deficiencies 8 and 9<br><br>Test methods and results |
| 19. a. | 05/23/2011 | BPVEFILTER-08-00076994 through 77147 | Letter to FDA re Meridian FDA Questions Feb. 1, 2011 Nos 1-7, 10-13<br><br>Test methods and results |

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

- 3 -

| Ex. No. | Date | Bates No. | Description |
|---|---|---|---|
| 19.b. | 05/23/2011 | BPVEFILTER-08-00077067 | Letter from BPV to FDA (Appendix 6) Produced in Native Format<br><br>Test methods and results |
| 20. | 06/16/2011 | BPVEFILTER-01-01138842 through 1138951 | Email from custodial file of Joni Creal with Appendix 1-6<br><br>Test methods and results |
| 21. | 06/22/2011 | BPV-17-01-00171877 through 171879 | (Meridian)<br><br>Test methods and results |
| 22. | 06/27/2011 | BPVEFILTER-08-00075953 through 76043 | Email from custodial file of Joni Creal with Appendix 1 & 2 |
| 23. | 06/27/2011 | BPVEFILTER-08-00074784 through 74827 | Email from custodial file of Joni Creal with Appendix 3-5 |
| 24. | 06/27/2011 | BPVEFILTER-08-00085241 through 85294 | Email from custodial file of Joni Creal with Appendix 6 & 7 |
| 25. | 06/27/2011 | BPVEFILTER-08-00083555 through 83592 | Email from custodial file of Joni Creal with Appendix 8 & 9 |
| 26.a. | 06/27/2011 | BPVEFILTER-08-00081986 through 82031 | Email from custodial file of Joni Creal with Appendix 10 & 11 |
| 26.b. | 02/10/2011 | BPVEFILTER-08-00082031 | Letter from BPV to FDA (Appendix 11) Produced in Native Format |
| 27. | 06/27/2011 | BPVEFILTER-08-00080312 through 80407 | Email from custodial file of Joni Creal with Appendix 12 & 13 |
| 28. | 06/27/2011 | BPVEFILTER-01-01156092 through 1156185 | Email from custodial file of Joni Creal with Appendix 14 Part A |
| 29. | 06/27/2011 | BPVEFILTER-35-00027113 through 27173 | Email from custodial file of Joni Creal with Appendix 14 Part B |
| 30. | 08/17/2011 | BPVEFILTER-08-00077841 through 77854 | Email with FDA re Meridian IFU changes |
| 32. | 08/27/2011 | BPV-17-01-00147141 through 147592 | Femoral Delivery Kit Special 510(k) (K112497) (Vol. I & II)<br><br>Redacted consisted with FOIA exemptions |
| 34. | 09/30/2011 | BPV-17-01-00147598 through 147607 | Letter from BPV to FDA re Meridian Filter System Response to FDA Questions |

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000