1   Mark S. O'Connor (011029) – mark.oconnor@gknet.com
    Paul L. Stoller (016773) – paul.stoller@gknet.com
2   Gallagher & Kennedy, P.A.
    2575 East Camelback Road
3   Phoenix, Arizona 85016-9225
    602-530-8000
4
    *Counsel for Plaintiffs Doris and Alfred Jones*
5

6                      UNITED STATES DISTRICT COURT

7                            DISTRICT OF ARIZONA

8   | In Re Bard IVC Filters Products | No. MD-15-02641-PHX-DGC |
9   | Liability Litigation | |

10  | DORIS JONES and ALFRED JONES, a | **JONES PLAINTIFFS' MOTION FOR** |
    | married couple, | **PARTIAL SUMMARY JUDGMENT ON** |
11  | | **DEFENDANTS' THIRTEENTH** |
    | Plaintiffs, | **AFFIRMATIVE DEFENSE** |
12  | | |
    | v. | |
13  | | |
    | C.R. BARD, INC., a New Jersey | |
14  | corporation and BARD PERIPHERAL | |
    | VASCULAR, an Arizona corporation, | |
15  | | |
    | Defendants. | |
16

17          Plaintiffs Doris Jones and Alfred Jones submit their Motion for Partial Summary

18   Judgment along with their corresponding Statement of Facts ("SOF"), filed

19   contemporaneously herewith. Defendants Bard Peripheral Vascular and C.R. Bard, Inc.

20   (collectively "Bard") have produced no evidence in the Jones's case in support of—and,

21   therefore, there is no genuine issue to be tried—as to Bard's thirteenth affirmative defense

22   of its Master Answer: that there was a substantial change in the device after leaving

23   Bard's possession, custody, and control that caused Plaintiff Doris Jones's injuries. As a

24   result, the Court should grant summary judgment as to that affirmative defense.

25                   **INTRODUCTION AND BACKGROUND**

26          This case arises from injuries Plaintiffs sustained after Plaintiff Doris Jones was

27   implanted with Bard's Eclipse® Inferior Vena Cava Filter (the "Device") on August 24,

28   2010. *See* SOF ¶ 3. Dr. Anthony Avino performed the implantation procedure at

1  Memorial Health, University Medical Center in Savannah, Georgia. *Id.* at ¶¶ 3-4. The

2  Device in question had been sold to the hospital by Bard. *Id.* at ¶ 1.  Bard has admitted

3  that the implanting and explanting physicians for Doris Jones's filter were not negligent

4  and did not contribute to, and were not a factor in producing, any injuries to Doris Jones.

5  *Id.* at ¶¶ 4-10.  There is no evidence that Plaintiff Doris Jones's injuries were caused by

6  abuse, misuse, abnormal use, or use of the Eclipse IVC Filter in a manner not intended by

7  Defendants.  *Id.* at ¶ 11. And, there is no evidence available to any party to this action of a

8  change to condition of the subject Bard Eclipse IVC filter from the time it left the custody

9  and/or control of Bard and the time it was implanted in Plaintiff Doris Jones (and

10  presumably Dr. Avino would not implant anything other than a sterile, properly packaged

11  product).  *Id.* at ¶ 12.

12      Nevertheless, as its thirteenth affirmative defenses, Bard asserts:

13
14      Plaintiff's claims are barred to the extent that the injuries alleged in the Plaintiff's Complaint were caused by a substantial change in the product after leaving the possession, custody, and control of Defendants.

15  *Id.* at ¶ 13.  Meanwhile, in its supplemental responses to Plaintiffs' Requests for

16  Admission, Bard claimed it had "no knowledge, despite completion of all discovery in

17  this case, about what happened to the Bard filter after it left the possession, custody, and

18  control of Defendant but before implantation in Plaintiff."  *Id.* at ¶ 14.  Bard also admitted

19  that Dr. Avino was not negligent and did not cause any of Plaintiffs' injuries, and that

20  Plaintiff's injuries were not caused by abuse, misuse, abnormal use, or use of the Device

21  in a manner not intended by Bard.  *Id.* at ¶¶ 4-7, 11.

22      Plaintiffs' counsel attempted to secure Defendants' agreement to withdraw the

23  thirteenth affirmative defense on August 22, 2017. *Id.* at ¶ 15. On August 23, Bard

24  responded:

25
26
27      Regarding Defense Number 13 (Substantial Change After Leaving Bard's Possession), this is not an affirmative defense but rather is an element of the plaintiffs' claims where the plaintiffs carry the burden of proof. Bard does not think that the plaintiffs have met their burden on this element and therefore reserves its right to argue as such.

28

2

1    *Id.* at ¶ 16.  Having failed to obtain Bard's agreement to withdraw this defense, Plaintiffs

2    now move for summary judgment.

3                                                    **ARGUMENT**

4          Summary judgment is appropriate when no genuine issues of material fact exist

5    and a party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Rule 56 is

6    not a "disfavored procedural shortcut."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327

7    (1986).  Rather, it is an integral part of the rules designed to secure the just, speedy, and

8    inexpensive determination of every action.  *See* Fed. R. Civ. P. 1.  Therefore, summary

9    judgment is properly entered "against a party who fails to make a showing sufficient to

10   establish the existence of an element essential to that party's case, and on which the party

11   will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.

12         To establish a claim for products liability under a theory of defective design under

13   Georgia law (which the parties agree applies to this case), a plaintiff must show that she

14   was injured by a product, that it was defective, and that the defect caused her injury.  *See*

15   *Weaver v. PACCAR, Inc.*, 52 F. Supp. 3d 1342, 1346 (S.D. Ga. 2014); *Hunt v. Harley-*

16   *Davidson Motor Co.*, 248 S.E.2d 15, 15 (Ga.App. 1978).  If the product is substantially

17   altered—such that the ultimate failure is the result of the modification and not of the

18   device itself—the *manufacturer* "is entitled to demonstrate" that the alteration is to blame.

19   *Talley v. City Tank Corp.*, 279 S.E.2d 264, 269 (Ga. App. 1981).  Therefore, where the

20   manufacturer has presented evidence of a modification, the extent of the change "may be

21   a jury question[,]" whereby the jury would assess "whether the proximate cause of the

22   injuries sustained was the original defective design or the subsequent modification."  *Id.*

23         Here, however, Bard has not presented evidence of *any* change, let alone a

24   substantial one.  By its own admission, Bard has no evidence of any change in its Device

25   prior to implantation.  It does not claim that the Device was misused or mishandled.

26   Instead, Bard apparently intends to argue that the Device was substantially altered at some

27   point between the time when it was sent to the hospital and when Dr. Avino implanted it

28   in Plaintiff—all without an iota of evidence to suggest such an alteration took place.

3

1   Given the complete absence of evidence that the Device was modified at all, we do not

2   reach the question in *Talley* of whether the Device's modification is substantial.

3          Put differently, because Bard has failed to introduce evidence of any modification

4   *at all*, it would be sheer and impermissible speculation for the jury to conclude that the

5   Device was substantially modified after leaving Bard's possession.  Bard has made no

6   showing in support of its affirmative defense, and therefore summary judgment is

7   appropriate under *Celotex* and Rule 56.

8                                   **CONCLUSION**

9          Georgia law affords manufacturers the opportunity to argue that a substantial

10  change to their product—and not the product they designed—is to blame for a plaintiff's

11  injuries.  However, as with all claims and defenses, this argument must be supported by

12  the evidence or face summary judgment under *Celotex*.  Here, Bard offers no evidence in

13  support of its thirteenth affirmative defense, which claims that a substantial change

14  occurred after the Device left Bard's possession or control.  Therefore, Plaintiffs

15  respectfully ask this Court to grant summary judgment as to Bard's thirteenth affirmative

16  defense.

17         RESPECTFULLY SUBMITTED this 28th day of August 2017.

18                                       GALLAGHER & KENNEDY, P.A.

19                                       By:   */s/ Paul L. Stoller*
20                                             Mark S. O'Connor
                                               Paul L. Stoller
21                                             2575 East Camelback Road
                                               Phoenix, Arizona  85016-9225
22
                                         *Counsel for Plaintiffs Doris and Alfred Jones*
23

24

25

26

27

28

                                             4

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2017, a true and correct copy of the foregoing was sent via U.S. Mail and/or Electronic Mail to:

James R. Condo
Amanda Sheridan
Snell & Wilmer LLP
400 East Van Buren Street, Suite 1900
Phoenix, Arizona  85004
*Attorneys for Defendants*

Richard B. North, Jr.
Matthew Lerner
Nelson Mullins Riley & Scarborough LLP
201 17th Street NW, Suite 1700
Atlanta, Georgia  30363
*Attorneys for Defendants*

*Counsel for Plaintiffs will be served in accordance with the Court's Case Management Order No. 1

*/s/ Deborah Yanazzo*