Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Paul L. Stoller (016773) – paul.stoller@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
602-530-8000

*Counsel for Plaintiffs Doris and Alfred Jones*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
| DORIS JONES and ALFRED JONES, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation,<br><br>Defendants. | **JONES PLAINTIFFS' SEPARATE STATEMENT OF FACTS IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' THIRTEENTH AFFIRMATIVE DEFENSE** |

Plaintiffs, Doris Jones and Alfred Jones, submit this Separate Statement of Facts in Support of their Motion for Partial Summary Judgment on Defendants' Thirteenth Affirmative Defense. Plaintiffs contend that there is no genuine issue to be tried as to the following facts:

1. Defendant Bard Peripheral Vascular ("BPV") sold a Bard Eclipse Inferior Vena Cava Filter to Memorial Health, University Medical Center in Savannah, Georgia which was implanted in Plaintiff Doris Jones on August 24, 2010. Bard Peripheral Vascular, Inc.'s and C.R. Bard, Inc.'s Supplemental Responses to Plaintiffs Doris and Alfred Jones's First Set of Requests for Admission ("Def's Supp. Resp. to RFA") No. 4., pertinent pages attached hereto as Exhibits A and B.

2.   Plaintiff Doris Jones was an appropriate candidate for implantation of the Eclipse IVC Filter which was appropriately indicated. Exs. A and B, Def's Supp. Resp. to RFAs No. 11 and 12.

3.   Plaintiff Doris Jones met the indications for use or implantation of an Eclipse IVC Filter on August 24, 2010. Exs. A and B, Def's Supp. Resp. to RFA No. 13.

4.   Anthony Avino, M.D., who implanted the Eclipse IVC Filter in Plaintiff, met the applicable standard of care in performing the implantation. Exs. A and B, Def's Supp. Resp. to RFA No. 14.

5.   Anthony Avino, M.D. was not negligent in choosing to implant the Eclipse IVC Filter in Plaintiff Doris Jones. Exs. A and B, Def's Supp. Resp. to RFA No. 15.

6.   Anthony Avino, M.D. did not cause any injuries alleged by Plaintiff Doris Jones in this lawsuit. Exs. A and B, Def's Supp. Resp. to RFA No. 20.

7.   Anthony Avino, M.D. did not contribute to any injuries claimed by Plaintiff Doris Jones and was not a factor in producing any of her injuries. Exs. A and B, Def's Supp. Resp. to RFA Nos. 21 and 22.

8.   On April 23, 2015, Doris Jones underwent retrieval of the Eclipse IVC Filter which was performed by Kirstin Nelson, M.D. Exs. A and B, Def's Supp. Resp. to RFA No. 24.

9.   The decision by Kirstin Nelson, M.D. to remove the Eclipse IVC Filter was appropriate, as was her decision not to retrieve a filter fragment which traveled into Plaintiff's pulmonary artery. Exs. A and B, Def's Supp. Resp. to RFA Nos. 26 and 27.

10.  Dr. Nelson did not cause, contribute to, and was not a factor in producing any injuries claimed by Plaintiff Doris Jones in this lawsuit. Exs. A and B, Def's Supp. Resp. to RFA Nos. 28, 29 and 30.

11.  There is no evidence that Plaintiff Doris Jones's injuries were caused by abuse, misuse, abnormal use, or use of the Eclipse IVC Filter in a manner not intended by Defendants. Exs. A and B, Def's Supp. Resp. to RFA No. 32.

12. There is no evidence available to any party to this action of a change to condition of the subject Bard Eclipse IVC filter from the time it left the custody and/or control of Bard Peripheral Vascular and the time it was implanted in Plaintiff Doris Jones. See Declaration of Paul L. Stoller, attached hereto as Exhibit E.

13. As its thirteenth affirmative defense in the Master Answer in this lawsuit, Bard has asserted as follows:

> Plaintiff's claims are barred to the extent that the injuries alleged in the Plaintiff's Complaint were caused by a substantial change in the product after leaving the possession, custody, and control of Defendants.

Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.'s Answer and Affirmative Defenses and Demand for Trial by Jury, Doc. 366, at 29:6-8.

14. In response to Plaintiffs' request to admit that Plaintiff's injuries claimed in this lawsuit were not caused by a substantial change in the Eclipse IVC Filter after leaving the possession, custody, and control of Defendants but before implantation in Plaintiff," Defendants responded

> Based on the information currently known to Defendant, after reasonable inquiry, Defendant cannot admit or deny the Request because <u>it has no knowledge, despite completion of all discovery in this case, about what happened to the Bard filter after it left the possession, custody, and control of Defendant but before implantation in Plaintiff</u>.

Exs. A and B, Def's Supp. Resp. to RFA No. 33 (emphasis added).

15. Plaintiffs requested that Defendants withdraw their thirteenth affirmative defense in the Jones case on August 22, 2017. *See* Aug. 22, 2017, letter from M. O'Connor to M. Lerner, attached hereto as Exhibit C.

16. In response, Defendants contended affirmative defense number 13 is "not an affirmative defense" in the Jones case and refused to withdraw it. *See* Aug. 23, 2017, letter from M. Lerner to R. Lopez and M. O'Connor, attached hereto as Exhibit D.

RESPECTFULLY SUBMITTED this 28th day of August 2017.

GALLAGHER & KENNEDY, P.A.

By: */s/ Paul L. Stoller*
    Mark S. O'Connor
    Paul L. Stoller

3

2575 East Camelback Road
Phoenix, Arizona  85016-9225

*Counsel for Plaintiffs Doris and Alfred Jones*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2017, a true and correct copy of the foregoing was sent via U.S. Mail and/or Electronic Mail to:

James R. Condo
Amanda Sheridan
Snell & Wilmer LLP
400 East Van Buren Street, Suite 1900
Phoenix, Arizona  85004
*Attorneys for Defendants*

Richard B. North, Jr.
Matthew Lerner
Nelson Mullins Riley & Scarborough LLP
201 17th Street NW, Suite 1700
Atlanta, Georgia  30363
*Attorneys for Defendants*

*Counsel for Plaintiffs will be served in accordance
with the Court's Case Management Order No. 1

/s/ Deborah Yanazzo