# EXHIBIT A

1  James R. Condo (#005867)
   Amanda C. Sheridan (#027360)
2  SNELL & WILMER L.L.P.
   One Arizona Center
3  400 E. Van Buren, Suite 1900
   Phoenix, Arizona 85004-2202
4  Telephone: 602.382.6000
   Facsimile: 602.382.6070
5  jcondo@swlaw.com
   asheridan@swlaw.com
6

7  Richard B. North, Jr. (admitted *pro hac vice*)
   Georgia Bar No. 545599
8  Matthew B. Lerner (admitted *pro hac vice*)
   Georgia Bar No. 446986
9  NELSON MULLINS RILEY
     & SCARBOROUGH LLP
10 201 17th Street, NW / Suite 1700
   Atlanta, GA 30363
11 Telephone: (404) 322-6000
   Telephone: (404) 322-6050
12 richard.north@nelsonmullins.com
   matthew.lerner@nelsonmullins.com
13
   Attorneys for Defendants C. R. Bard, Inc. and
14 Bard Peripheral Vascular, Inc.

15                IN THE UNITED STATES DISTRICT COURT

16                     FOR THE DISTRICT OF ARIZONA

17

18 | IN RE: Bard IVC Filters Products Liability Litigation, | No. MD-15-02641-PHX-DGC |
|---|---|
|  | **SUPPLEMENTAL RESPONSES TO PLAINTIFFS DORIS AND ALFRED JONES'S FIRST SET OF REQUESTS FOR ADMISSION TO C. R. BARD, INC.** |
| DORIS JONES and ALFRED JONES, a married couple, | |
| Plaintiffs, | |
| v. | |
| C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation, | |
| Defendants. | |

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

1 which Defendants cannot be aware of the contents of every conversation or physician
2 education event attended by, sponsored by, or offered by Defendants, as a result, this
3 Request is overbroad and unduly burdensome.

**SUPPLEMENTAL RESPONSE:**

Defendant objects to this Request on the grounds that the undefined term "you" if vague and ambiguous and is likely to include Defendants' agents. Defendants cannot be aware of the contents of every conversation or physician education event attended by, sponsored by, or offered by Defendants. Defendant further states that Defendant is not engaged in the practice of medicine. Defendant further refers Plaintiff to the information provided in the pertinent Instructions for Use. As a result, this Request is denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Plaintiff was an appropriate candidate for implantation of the Eclipse IVC Filter on August 24, 2010.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference. Defendant further objects to this Request on the ground that the term "appropriate candidate for implantation" is undefined, vague, and ambiguous.

**SUPPLEMENTAL RESPONSE:**

Defendant objects to this Request on the ground that the term "appropriate candidate for implantation" is undefined, vague, and ambiguous. Defendant further notes that a determination of whether or not to prescribe or use any implantable medical device is a decision within the discretion of the treating physicians. Subject to and without waiving its objection, and based on information known to date, Defendant admits that Plaintiff was properly indicated for the subject filter.

**REQUEST FOR ADMISSION NO. 12:**

Admit that placement of the Eclipse IVC Filter in Plaintiff on August 24, 2010, was appropriately indicated.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference. Defendant further objects to this Request on the ground that the term "appropriately indicated" is undefined, vague, and ambiguous.

**SUPPLEMENTAL RESPONSE:**

Defendant objects to this Request on the ground that the term "appropriate candidate for implantation" is undefined, vague, and ambiguous. Defendant further notes that a determination of whether or not to prescribe or use any implantable medical device is a decision within the discretion of the treating physicians. Subject to and without waiving its objection, and based on information known to date, admitted.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Plaintiff met the indications for use for implantation of an Eclipse IVC Filter on August 24, 2010.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

**SUPPLEMENTAL RESPONSE:**

Denied as stated. The IFU for the filter at issue contains a section regarding "Indications for Use," which contains a number of indications for use. Defendant denies that Plaintiff met all of the listed indications for use. In addition, as with any prescription device or medication, physicians may, and do, use the filter in patients who do not meet the indications for use as set forth in the IFU. A determination of whether or not to prescribe or use any implantable medical device is a decision within the discretion of the treating physician. Subject to and without waiving its objections, based on information known to date, Bard admits that Plaintiff met one or more of the indications for use contained in the IFU.

**REQUEST FOR ADMISSION NO. 14:**

Admit that that the actions of Anthony Avino, M.D., in implanting the Eclipse IVC Filter in Plaintiff met the applicable standard of care.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Anthony Avino, M.D. was not negligent in choosing to implant the Eclipse IVC Filter in Plaintiff.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you do not contend Anthony Avino, M.D. failed to obtain Plaintiff's informed consent prior to implanting the Eclipse IVC Filter in her.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 20:**

Admit that Anthony Avino, M.D., did not cause any of the injuries claimed by Plaintiff in this lawsuit.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 21:**

Admit that Anthony Avino, M.D., did not contribute to any of the injuries claimed by Plaintiff in this lawsuit.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference. Defendant further objects to this Request to the extent the term "contribute" is undefined, vague, and ambiguous.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 22:**

Admit that the actions of Anthony Avino, M.D., were not a factor in producing the injuries claimed by Plaintiff in this lawsuit.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference. Defendant further objects to this Request on the grounds that the term "factor" is undefined, vague, and ambiguous.

**SUPPLEMENTAL RESPONSE:**

Defendant objects to this Request to the extent the term "factor" is undefined, vague, ambiguous, and not a legal term. Subject to and without waiving its objection, admitted.

**REQUEST FOR ADMISSION NO. 23:**

Admit that you do not contend that Anthony Avino, M.D., is responsible for any of the injuries claimed by Plaintiff in this lawsuit.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 24:**

Admit that that the actions of Kirsten Nelson, M.D., in retrieving the Eclipse IVC Filter from Plaintiff on April 23, 2015, met the applicable standard of care.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Kirsten Nelson, M.D., was not negligent in choosing to retrieve the Eclipse IVC Filter from Plaintiff on April 23, 2015.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein

by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 26:**

Admit that the decision by Kirsten Nelson, M.D., to remove the Eclipse IVC Filter from Plaintiff on April 23, 2015, was not negligent.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 27:**

Admit that the decision by Kirsten Nelson, M.D., not to attempt to retrieve the filter fragment from the pulmonary artery of Plaintiff was not negligent.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 28:**

Admit that Kirsten Nelson, M.D., did not cause any of the injuries claimed by Plaintiff in this lawsuit.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 29:**

Admit Kirsten Nelson, M.D., did not contribute any of the injuries claimed by Plaintiff in this lawsuit.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 30:**

Admit that the actions of Kirsten Nelson, M.D., were not a factor in producing injuries claimed by Plaintiff in this lawsuit.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference. Defendant further objects to this Request on the grounds that the term "factor" is undefined, vague, and ambiguous.

**SUPPLEMENTAL RESPONSE:**

Defendant objects to this Request to the extent the term "factor" is undefined, vague, ambiguous, and not a legal term. Subject to and without waiving its objection, based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 31:**

Admit that you do not contend that Kirsten Nelson, M.D., is responsible for any of the injuries claimed by Plaintiff in this lawsuit.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described

fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 32:**

Admit that Plaintiff's injuries claimed in this lawsuit were not cause by abuse, misuse, abnormal use, or use of the Eclipse IVC Filter in a manner not intended by Defendants.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 33:**

Admit that Plaintiff's injuries claimed in this lawsuit were not caused by a substantial change in the Eclipse IVC Filter after leaving the possession, custody, and control of Defendants but before implantation in Plaintiff.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, after reasonable inquiry, Defendant cannot admit or deny the Request because it has no knowledge, despite completion of all discovery in this case, about what happened to the Bard filter after it left the possession, custody, and control of Defendant but before implantation in Plaintiff.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

Any and all Requests not specifically admitted herein are denied.

This 21st day of August, 2017.

*/s/ Matthew B. Lerner*

Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
JCondo@swlaw.com
ASheridan@swlaw.com

**Attorney for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing has been served by First Class postage prepaid U.S. Mail on August 21, 2017, to the following:

Mark S. O'Connor, Esq.
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, AZ 85016-9225

Ramon Rossi Lopez, Esq.
LOPEZ McHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660

Co-Lead/Liaison Counsel for Plaintiffs

Matthew B. Lerner
Georgia Bar No. 446986

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000