# EXHIBIT B

James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY
  & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
Telephone: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.

Nelson Mullins Riley & Scarborough
L.L.P.
201 17ᵗʰ Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. MD-15-02641-PHX-DGC |
| | **SUPPLEMENTAL RESPONSES TO PLAINTIFFS DORIS AND ALFRED JONES'S FIRST SET OF REQUESTS FOR ADMISSION TO BARD PERIPHERAL VASCULAR, INC.** |
| DORIS JONES and ALFRED JONES, a married couple, | |
| Plaintiffs, | |
| v. | |
| C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation, | |
| Defendants. | |

1  which Defendants cannot be aware of the contents of every conversation or physician
2  education event attended by, sponsored by, or offered by Defendants, as a result, this
3  Request is overbroad and unduly burdensome.

4  **SUPPLEMENTAL RESPONSE:**

5  Defendant objects to this Request on the grounds that the undefined term "you" if
6  vague and ambiguous and is likely to include Defendants' agents.  Defendants cannot be
7  aware of the contents of every conversation or physician education event attended by,
8  sponsored by, or offered by Defendants.  Defendant further states that Defendant is not
9  engaged in the practice of medicine.  Defendant further refers Plaintiff to the information
10  provided in the pertinent Instructions for Use.  As a result, this Request is denied.

11  **REQUEST FOR ADMISSION NO. 11:**

12  Admit that Plaintiff was an appropriate candidate for implantation of the Eclipse
13  IVC Filter on August 24, 2010.

14  **RESPONSE:**

15  Defendant objects to this Request on the grounds that it is untimely as described
16  fully in Defendant's Preliminary Statement and Objection, which is incorporated herein
17  by reference.  Defendant further objects to this Request on the ground that the term
18  "appropriate candidate for implantation" is undefined, vague, and ambiguous.

19  **SUPPLEMENTAL RESPONSE:**

20  Defendant objects to this Request on the ground that the term "appropriate
21  candidate for implantation" is undefined, vague, and ambiguous.  Defendant further notes
22  that a determination of whether or not to prescribe or use any implantable medical device
23  is a decision within the discretion of the treating physicians.  Subject to and without
24  waiving its objection, and based on information known to date, Defendant admits that
25  Plaintiff was properly indicated for the subject filter.

26  **REQUEST FOR ADMISSION NO. 12:**

27  Admit that placement of the Eclipse IVC Filter in Plaintiff on August 24, 2010,
28  was appropriately indicated.

Nelson Mullins Riley & Scarborough
L.L.P.
201 17ᵗʰ Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

1    **RESPONSE:**

2         Defendant objects to this Request on the grounds that it is untimely as described

3    fully in Defendant's Preliminary Statement and Objection, which is incorporated herein

4    by reference.   Defendant further objects to this Request on the ground that the term

5    "appropriately indicated" is undefined, vague, and ambiguous.

6    **SUPPLEMENTAL RESPONSE:**

7         Defendant objects to this Request on the ground that the term "appropriate

8    candidate for implantation" is undefined, vague, and ambiguous.  Defendant further notes

9    that a determination of whether or not to prescribe or use any implantable medical device

10   is a decision within the discretion of the treating physicians.   Subject to and without

11   waiving its objection, and based on information known to date, admitted.

12   **REQUEST FOR ADMISSION NO. 13:**

13        Admit that Plaintiff met the indications for use for implantation of an Eclipse IVC

14   Filter on August 24, 2010.

15   **RESPONSE:**

16        Defendant objects to this Request on the grounds that it is untimely as described

17   fully in Defendant's Preliminary Statement and Objection, which is incorporated herein

18   by reference.

19   **SUPPLEMENTAL RESPONSE:**

20        Denied as stated.   The IFU for the filter at issue contains a section regarding

21   "Indications for Use," which contains a number of indications for use.  Defendant denies

22   that Plaintiff met all of the listed indications for use.  In addition, as with any prescription

23   device or medication, physicians may, and do, use the filter in patients who do not meet

24   the indications for use as set forth in the IFU.   A determination of whether or not to

25   prescribe or use any implantable medical device is a decision within the discretion of the

26   treating physician.  Subject to and without waiving its objections, based on information

27   known to date, Bard admits that Plaintiff met one or more of the indications for use

28   contained in the IFU.

Nelson Mullins Riley & Scarborough
L.L.P.
201 17ᵗʰ Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

Nelson Mullins Riley & Scarborough
L.L.P.
201 17ʰ Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

1  **REQUEST FOR ADMISSION NO. 14:**

2  Admit that that the actions of Anthony Avino, M.D., in implanting the Eclipse IVC

3  Filter in Plaintiff met the applicable standard of care.

4  **RESPONSE:**

5  Defendant objects to this Request on the grounds that it is untimely as described

6  fully in Defendant's Preliminary Statement and Objection, which is incorporated herein

7  by reference.

8  **SUPPLEMENTAL RESPONSE:**

9  Based on the information currently known to Defendant, admitted.

10  **REQUEST FOR ADMISSION NO. 15:**

11  Admit that Anthony Avino, M.D. was not negligent in choosing to implant the

12  Eclipse IVC Filter in Plaintiff.

13  **RESPONSE:**

14  Defendant objects to this Request on the grounds that it is untimely as described

15  fully in Defendant's Preliminary Statement and Objection, which is incorporated herein

16  by reference.

17  **SUPPLEMENTAL RESPONSE:**

18  Based on the information currently known to Defendant, admitted.

19  **REQUEST FOR ADMISSION NO. 16:**

20  Admit that you do not contend Anthony Avino, M.D. failed to obtain

21  Plaintiff's informed consent prior to implanting the Eclipse IVC Filter in her.

22  **RESPONSE:**

23  Defendant objects to this Request on the grounds that it is untimely as described

24  fully in Defendant's Preliminary Statement and Objection, which is incorporated herein

25  by reference.

26  **SUPPLEMENTAL RESPONSE:**

27  Based on the information currently known to Defendant, admitted.

28

**REQUEST FOR ADMISSION NO. 20:**

Admit that Anthony Avino, M.D., did not cause any of the injuries claimed by Plaintiff in this lawsuit.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 21:**

Admit that Anthony Avino, M.D., did not contribute to any of the injuries claimed by Plaintiff in this lawsuit.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.  Defendant further objects to this Request to the extent the term "contribute" is undefined, vague, and ambiguous.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 22:**

Admit that the actions of Anthony Avino, M.D., were not a factor in producing the injuries claimed by Plaintiff in this lawsuit.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.  Defendant further objects to this Request on the grounds that the term "factor" is undefined, vague, and ambiguous.

Nelson Mullins Riley & Scarborough
L.L.P.
201 17ᵗʰ Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

**SUPPLEMENTAL RESPONSE:**

Defendant objects to this Request to the extent the term "factor" is undefined, vague, ambiguous, and not a legal term.  Subject to and without waiving its objection, admitted.

**REQUEST FOR ADMISSION NO. 23:**

Admit that you do not contend that Anthony Avino, M.D., is responsible for any of the injuries claimed by Plaintiff in this lawsuit.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 24:**

Admit that that the actions of Kirsten Nelson, M.D., in retrieving the Eclipse IVC Filter from Plaintiff on April 23, 2015, met the applicable standard of care.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Kirsten Nelson, M.D., was not negligent in choosing to retrieve the Eclipse IVC Filter from Plaintiff on April 23, 2015.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 26:**

Admit that the decision by Kirsten Nelson, M.D., to remove the Eclipse IVC Filter from Plaintiff on April 23, 2015, was not negligent.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 27:**

Admit that the decision by Kirsten Nelson, M.D., not to attempt to retrieve the filter fragment from the pulmonary artery of Plaintiff was not negligent.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 28:**

Admit that Kirsten Nelson, M.D., did not cause any of the injuries claimed by Plaintiff in this lawsuit.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

Nelson Mullins Riley & Scarborough
L.L.P.
201 17ᵗʰ Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 29:**

Admit Kirsten Nelson, M.D., did not contribute any of the injuries claimed by Plaintiff in this lawsuit.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 30:**

Admit that the actions of Kirsten Nelson, M.D., were not a factor in producing injuries claimed by Plaintiff in this lawsuit.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference. Defendant further objects to this Request on the grounds that the term "factor" is undefined, vague, and ambiguous.

**SUPPLEMENTAL RESPONSE:**

Defendant objects to this Request to the extent the term "factor" is undefined, vague, ambiguous, and not a legal term. Subject to and without waiving its objection, based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 31:**

Admit that you do not contend that Kirsten Nelson, M.D., is responsible for any of the injuries claimed by Plaintiff in this lawsuit.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described

Nelson Mullins Riley & Scarborough
L.L.P.
201 17ᵗʰ Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 32:**

Admit that Plaintiff's injuries claimed in this lawsuit were not cause by abuse, misuse, abnormal use, or use of the Eclipse IVC Filter in a manner not intended by Defendants.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, admitted.

**REQUEST FOR ADMISSION NO. 33:**

Admit that Plaintiff's injuries claimed in this lawsuit were not caused by a substantial change in the Eclipse IVC Filter after leaving the possession, custody, and control of Defendants but before implantation in Plaintiff.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is untimely as described fully in Defendant's Preliminary Statement and Objection, which is incorporated herein by reference.

**SUPPLEMENTAL RESPONSE:**

Based on the information currently known to Defendant, after reasonable inquiry, Defendant cannot admit or deny the Request because it has no knowledge, despite completion of all discovery in this case, about what happened to the Bard filter after it left the possession, custody, and control of Defendant but before implantation in Plaintiff.

1  **RESPONSE:**

2      Defendant objects to this Request on the grounds that it is untimely as described

3  fully in Defendant's Preliminary Statement and Objection, which is incorporated herein

4  by reference.

5  **SUPPLEMENTAL RESPONSE:**

6      Based on the information currently known to Defendant, admitted.

7      Any and all Requests not specifically admitted herein are denied.

8      This 21st day of August, 2017.

9

10

11      Richard B. North, Jr.
        Georgia Bar No. 545599

12      Matthew B. Lerner
        Georgia Bar No. 446986

13      NELSON MULLINS RILEY & SCARBOROUGH LLP
        Atlantic Station

14      201 17th Street, NW / Suite 1700
        Atlanta, GA  30363

15      PH: (404) 322-6000
        FX: (404) 322-6050

16      richard.north@nelsonmullins.com
        matthew.lerner@nelsonmullins.com

17      James R. Condo (#005867)

18      Amanda Sheridan (#005867)
        SNELL & WILMER L.L.P.

19      One Arizona Center
        400 E. Van Buren

20      Phoenix, AZ 85004-2204
        PH: (602) 382-6000

21      JCondo@swlaw.com
        ASheridan@swlaw.com

22      **Attorney for Defendants C. R. Bard, Inc. and
        Bard Peripheral Vascular, Inc.**

23

24

25

26

27

28

Nelson Mullins Riley & Scarborough
L.L.P.
201 17ᵗʰ Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served by First Class postage prepaid U.S. Mail on August 21, 2017, to the following:

Mark S. O'Connor, Esq.
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, AZ 85016-9225

Ramon Rossi Lopez, Esq.
LOPEZ McHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660

Co-Lead/Liaison Counsel for Plaintiffs


Matthew B. Lerner
Georgia Bar No. 446986

Nelson Mullins Riley & Scarborough
L.L.P.
201 17ᵗʰ Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000