# EXHIBIT C

G|K

Gallagher&Kennedy

**MARK S. O'CONNOR**
ATTORNEY
CERTIFIED SPECIALIST IN INJURY AND WRONGFUL DEATH LITIGATION
DIRECT: (602) 530-8377
EMAIL: MARK.OCONNOR@GKNET.COM

August 22, 2017

Matthew Lerner
Nelson Mullins Riley & Scarborough LLP
Atlantic Station, Suite 1700
201 17th Street, NW
Atlanta, Georgia  30363

   Re:  *Bard – Bellwether Affirmative Defenses*

Dear Matthew:

   In accordance with the Court's minute entry, below are the affirmative defenses which will be moved on by each of the five Bellwether cases unless Bard agrees to withdraw any of defenses identified below.

   **A.**  *Jones v. Bard et al.*

     13.  Plaintiffs' claims are barred to the extent that the injuries alleged in Plaintiffs' Complaint were caused by a substantial change in the products after leaving the possession, custody, and control by Defendants.  (Substantial Change Defense)

   The Jones trial team attempted to discover Bard's factual basis in support of this defense by submitting Request for Admission No. 33.  Unfortunately, Bard indicated that it cannot admit or deny.

   Because Bard apparently does not have any evidence to support a defense based on substantial change, we believe that this defense should be withdrawn.  Please confirm your agreement that this defense will be withdrawn.  Otherwise, we will move for summary judgment asserting that there is no evidence or triable issues to allow this case to go before a jury.

     25.  If Plaintiff suffered any damages or injuries, which are denied, Defendants state that Plaintiff's recovery is barred, in whole or in part, or subject to reduction under the doctrines of contributory and/or comparative negligence.  (Contributory/Comparative Negligence Defense)

Matthew Lerner
August 22, 2017
Page 2

Bard admitted that there is no fault on the part of either the implanting physician, Anthony Avino, M.D., or the retrieving physician, Kirsten Nelson, M.D.  Further, Bard has not produced any evidence and Plaintiffs are unaware of any evidence supporting either a claim of contributory negligence on the part of Doris Jones or comparative negligence on the part of any other non-party to a lawsuit.  Please confirm your agreement that this defense will be withdrawn.  Otherwise, the Jones trial team will be filing a motion for summary judgment on this defense.

26.   In the further alternative, and only in the event that it is determined that Plaintiffs are entitled to recover against Defendants, recovery should be reduced in proportion to the degree or percentage of negligence, fault or exposure to products attributable to Plaintiffs, any other defendant, third-party defendants, other persons, including any party immune because bankruptcy lenders are immune from further litigation, as well as any party, co-defendant or non-parties with whom Plaintiffs have settled or may settle in the future. (Contributory/Comparative Negligence Reduction Defense)

*See* our position to defense No. 25 above.  Again, in the absence of any evidence, please confirm your agreement to withdraw this defense.  Otherwise, the Jones trial team will be filing a motion for summary judgment on this defense.

**B.    *Kruse v. Bard et al.***

13.   Substantial Change Defense.

Bard answered Request for Admission No. 30 that it could neither admit nor deny that Plaintiff's injury was not caused by a substantial change of the device after leaving Bard.  Bard obviously has no evidence to support this defense.  Therefore, please withdraw this defense. Otherwise, the Kruse trial team will be filing a motion for summary judgment on this defense.

33.   Plaintiffs cannot show that any reasonable alternative design would have rendered Bard's IVC filters as alleged in Plaintiff's complaint to be safer overall under the Res. 3d of PL  §2, cmt. F, nor could Defendants have known of any alternative design that may be identified by Plaintiffs.

Nebraska does not recognize reasonable alternative design as a defense. Accordingly, please withdraw this defense.  Otherwise, the Kruse trial team will be filing a motion for summary judgment on this defense.

G|K

Matthew Lerner
August 22, 2017
Page 3

     **C.**    *Booker v. Bard et al.*

         13.    Substantial Change Defense.

Bard has not provided any factual basis to support this defense. In its Supplemental Response to Request for Admission No. 28, Bard admitted that Plaintiff's injuries were not caused by a substantial change of the device. This admission warrants withdrawal of the substantial change defense. Please agree to withdraw this defense. Otherwise, the Booker trial team will be filing a motion for summary judgment on this defense.

     **D.**    *Mulkey v. Bard et al.*

         13.    Substantial Change Defense.

Bard has not provided any factual basis to support this defense. In its Supplemental Response to Request for Admission No. 33, Bard could not admit or deny that Plaintiff's injuries were not caused by a substantial change of the device. However, there is an agreement by Bard's counsel in an email that substantive changes will not be a defense. Please agree to withdraw this defense. Otherwise, the Mulkey trial team will be filing a motion for summary judgment on this defense.

         25.    Contributory/Comparative Negligence Defense
         26.    Contributory/Comparative Negligence Reduction Defense

Bard admitted that neither the implanting doctor nor explanting doctor were negligent. Also, Bard admitted in its Response to Request for Admissions No. 32 that Plaintiff's injuries were not caused by abuse, abnormal use, or used in a manner not intended by Bard. Please confirm these defenses will be withdrawn. Otherwise, the Mulkey trial team will be filing a motion for summary judgment on these issues.

     **E.**    *Hyde v. Bard et al.*

         13.    Substantial Change Defense.

Bard has not provided any factual basis to support this defense. In its Supplemental Response to Request for Admission No. 36, Bard could not admit or deny that Plaintiff's injuries were not caused by a substantial change of the device. Please agree to withdraw this defense. Otherwise, the Hyde trial team will be filing a motion for summary judgment on this defense.

G|K

Matthew Lerner
August 22, 2017
Page 4


        25.     Contributory/Comparative Negligence Defense

        26.     Contributory/Comparative Negligence Reduction Defense

       Bard's responses to Plaintiff's Request for Admissions suggest that Bard has no evidence of fault on the part of any doctor who provided care to Ms. Hyde. Please confirm these defenses will be withdrawn. Otherwise, the Hyde trial team will be filing a motion for summary judgment on these issues.

       Please communicate your position on each of the defenses no later than tomorrow, August 23, 2017, at 5:00 p.m. PDT. Also, please identify the claims Bard intends to include in motions for summary judgment at the same time tomorrow.

                          Sincerely,

                          GALLAGHER & KENNEDY, P.A.

                          By:

                          Mark S. O'Connor

MSO:jh
6167779

G|K