# EXHIBIT D

# Nelson Mullins

**Nelson Mullins Riley & Scarborough LLP**
Attorneys and Counselors at Law
Atlantic Station / 201 17th Street, NW / Suite 1700 / Atlanta, GA  30363
Tel: 404.322.6000  Fax: 404.322.6050
www.nelsonmullins.com

Matthew B. Lerner
(Admitted in GA & FL)
Tel: 404.322.6158
matthew.lerner@nelsonmullins.com

August 23, 2017

<u>VIA E-MAIL</u>

Ramon Rossi Lopez, Esq.
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660

<u>VIA E-MAIL</u>

Mark S. O'Connor, Esq.
Gallagher & Kennedy, PA
2575 E. Camelback Rd., Suite 1100
Phoenix, AZ 85016

Re: MDL No. 2641, *In re: Bard IVC Filters Products Liability Litigation*
Case No. 2:16-cv-01374-DGC

Dear Counsel,

In response to your August 22, 2017, letter about the affirmative defenses subject to the plaintiffs' anticipated motions for summary judgment, Bard responds as follows:

**Jones:**

Regarding Defense Number 13 (Substantial Change After Leaving Bard's Possession), this is not an affirmative defense but rather is an element of the plaintiffs' claims where the plaintiffs carry the burden of proof.  Bard does not think that the plaintiffs have met their burden on this element and therefore it reserves its right to argue as such.

Regarding Defenses 25 and 26 (Contributory/Comparative Negligence), Bard has withdrawn these Defenses, as Bard has informed the plaintiffs previously (*see, e.g.,* my e-mail to you dated August 18 at 12:28 p.m.).

**Kruse:**

Regarding Defense Number 13 (Substantial Change After Leaving Bard's Possession), Bard will not argue at trial that the plaintiff failed to meet her burden of proof.  Therefore, Bard "withdraws" this "defense."

Regarding Defense Number 33 (Reasonable Alternative Design), a feasible alternative design is a "central factor" in determining the risk-utility of the product pursuant to Nebraska's application of comment k to the *Restatement (Second) of Torts* section 402A. *See Freeman v.*

Ramon Rossi Lopez, Esq.
Mark S. O'Connor, Esq.
August 23, 2017
Page 2

*Hoffman-La Roche, Inc.*, 260 Neb. 552, 562, 567, 618 N.W.2d 827, 837, 839 (2000).  Thus, whether a feasible alternative design existed is salient to the plaintiff's strict liability claims, and Bard will not withdraw this defense.

### **Booker:**

Regarding Defense Number 13 (Substantial Change After Leaving Bard's Possession), Bard will not argue at trial that the plaintiff failed to meet her burden of proof.  Therefore, Bard "withdraws" this "defense."

### **Hyde:**

Regarding Defense Number 13 (Substantial Change After Leaving Bard's Possession), this is not an affirmative defense but rather is an element of the plaintiffs' claims where the plaintiffs carry the burden of proof.  Bard does not think that the plaintiffs have met their burden on this element and therefore reserves its right to argue as such.

Regarding Defenses 25 and 26 (Contributory/Comparative Negligence), Bard has withdrawn the Defenses, as Bard has informed the plaintiffs previously (*see, e.g.,* my e-mail to you dated August 18 at 12:28 p.m.).

### **Mulkey:**

Regarding Defense Number 13 (Substantial Change After Leaving Bard's Possession), Bard has "withdrawn" this "defense," as Bard has informed the plaintiffs previously (*see, e.g.,* my e-mail to you dated August 18 at 12:28 p.m.).

Regarding Defenses 25 and 26 (Contributory/Comparative Negligence), Bard will not withdraw the Defenses because the plaintiff failed to follow up with her physicians as instructed, which caused or contributed to her alleged damages.

\* \* \* \*

For the bellwether plaintiffs, I previously provided a list of the causes of action on which Bard anticipated moving for summary judgment.  Excluding the causes of action that the plaintiffs have agreed to withdraw, Bard will move for summary judgment on the following causes of action:

Ramon Rossi Lopez, Esq.
Mark S. O'Connor, Esq.
August 23, 2017
Page 3

| Case | Causes of Action Subject to Bard's Motions for Summary Judgment |
|------|-----------------------------------------------------------------|
| Booker | <ul><li>Manufacturing Defect (Counts I, V)</li><li>Failure to Warn (Counts II, VII)</li><li>Fraudulent/Negligent Misrepresentation (Counts VIII, XII)</li><li>Failure to Recall/Retrofit (Count VI)</li><li>Negligence *Per Se* (Count IX)</li><li>Punitive Damages</li></ul> |
| Jones | <ul><li>Failure to Warn (Counts II, VII)</li><li>Fraudulent/Negligent Misrepresentation (Counts VIII, XII)</li><li>Consumer fraud (Count XIV)</li><li>Negligence *Per Se* (Count IX)</li><li>Punitive Damages</li></ul> |
| Kruse | <ul><li>All claims based on statute of limitations</li><li>All claims based on judicial estoppel</li><li>Failure to warn (Counts II, VII)</li><li>Negligent post-sale duty to warn/retrofit (Count VI)</li><li>Negligence per se (Count IX)</li><li>Negligent and fraudulent misrepresentation and concealment (Counts VIII, XII, XIII)</li><li>Consumer fraud (Count XIV)</li><li>Punitive damages</li></ul> |
| Hyde | <ul><li>Strict Liability Failure to Warn (Count II)</li><li>Strict Liability Design Defect (Count III)</li><li>Negligence – Failure to Recall/Retrofit (Count VI)</li><li>Negligence – Failure to Warn (Count VII)</li><li>Negligent Misrepresentation (Count VIII)</li><li>Breach of Implied Warranty (Count XI)</li></ul> |

Ramon Rossi Lopez, Esq.
Mark S. O'Connor, Esq.
August 23, 2017
Page 4

| Case | Causes of Action Subject to Bard's Motions for Summary Judgment |
|---|---|
|  | - Fraudulent Misrepresentation (Count XII)<br>- Fraudulent Concealment (Count XIII)<br>- Violations of Wisconsin and/or Nevada Law Re Fraud (Count XIV) |
| Mulkey | - All claims based on statute of limitations<br>- Breach of implied warranty (Count XI)<br>- Failure to warn claims (Counts II, VII)<br>- Negligent and fraudulent misrepresentation and concealment claims (Counts VIII, XII, XIII)<br>- Negligent post-sale duty to warn/retrofit (Count VI)<br>- Negligence per se (Count IX)<br>- Consumer fraud (Count XIV) |

If you would like to discuss any of the remaining claims or defenses, please let me know. I will update and circulate our proposed stipulation relating to claims and defenses to reflect our understanding as to what claims and defenses are being withdrawn.

Sincerely,

Matthew B. Lerner

cc:   Richard B. North, Jr., Esq.
      James Condo, Esq.
      Amanda Sheridan, Esq.