James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
Taylor Tapley Daly (admitted *pro hac vice*)
Georgia Bar No. 697887
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Telephone: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | No. 2:15-md-02641-DGC<br><br>**DEFENDANTS C. R. BARD, INC. AND BARD PERIPHERAL VASCULAR, INC.'S RESPONSE TO PLAINTIFFS' MOTIONS TO SEAL**<br><br>(Assigned to the Honorable David G. Campbell) |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTIONS TO SEAL

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular (referred to herein as "Bard" or "Defendants") respond to the plaintiffs' motions to seal [Doc. 7606, 7607, 7608, 7609, and 7751] as follows: [1]

In each of the motions to seal, the plaintiffs ask the Court to seal certain medical records that Bard lodged under seal with its motions for summary judgment.[2] However, the plaintiffs have not met the standard necessary for sealing documents filed with a dispositive motion.

The plaintiffs assert that Bard admits in its Notices of Lodging that the information and materials "contain Plaintiffs' personal healthcare information that is protected under HIPAA and confidential under the Stipulated Protective Order[,]" and therefore "there is no dispute regarding the need to file the lodged documents under seal" [Doc. 7606, 7607, 7608, 7609, and 7751]. To the contrary, Bard lodged the documents under seal as a courtesy because the plaintiffs previously made claims during the bellwether selection process that their medical records are confidential. It is now the plaintiffs' burden to demonstrate the protected nature of the information.

A party seeking to seal documents attached to dispositive motions bears the burden of overcoming the presumption of openness by meeting the high threshold of showing that a "compelling reason" supports secrecy. *See Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (finding a higher 'compelling reasons' standard is proper even if the dispositive motion, or its attachments, were previously filed under seal or protective order); and *Ground Zero Ctr. for Non-Violent Action v. United States Dep't of Navy*, 860 F.3d 1244, 1261 (9th Cir. 2017) ("We also require parties to show 'compelling reasons' to justify sealing documents attached to dispositive motions and other filings that relate to the merits of a case, even when those documents were produced pursuant to a

---

[1] The plaintiffs filed an identical motion in each case.

[2] Bard filed limited, selected medical records or testimony from treating physicians that relate directly to the particular plaintiff's claims and medical treatment regarding her IVC filter.

-1-

sealing order.").

The plaintiffs make no effort to comply with Ninth Circuit standard for sealing documents filed with a motion for summary judgment, and instead simply assert that the information is entitled to protection. As this Court recognized, the plaintiffs put their medical condition at issue when they filed their lawsuits against Bard, and "[t]he mere assertion that Plaintiff considers medical and personal information sensitive does not amount to a compelling reason to seal." *Krieger v. Nationwide Mut. Ins. Co.*, No. CV11-1059-PHX-DCG, 2012 WL 1623158, at *1 (D. Ariz. May 9, 2012).

Further, the plaintiffs unsupported argument that the medical records are "clearly" protected under the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and that "the knowing disclosure of such information is prohibited by 42 U.S.C. § 1320d-6" is likewise without merit. When an individual affirmatively places privileged information or conduct at issue, such as his/her medical condition in a personal injury case, statutory and constitutional rights and privileges are deemed waived. HIPAA only addresses the procedures associated with obtaining medical records, and when those procedures are properly followed, as they were here, what ultimately happens to the material is no longer a concern under HIPAA. The drafters of the HIPAA Privacy Rule specifically endorsed this approach, stating: "[HIPAA] is not intended to disrupt current practice whereby an individual who is a party to a proceeding and has put his or her medical condition at issue will not prevail without consenting to the production of his or her protected health information." Standards for Privacy of Individually Identifiable Health Information, 65 Fed. Reg. 82462, 82530 (Dec. 28, 2000) (codified at 45 C.F.R pts. 160, 164.512(e)); *see also United States v. Streich*, 560 F.3d 926, 935 (9th Cir. 2009) (Kleinfeld, J., concurring) ("HIPAA does not provide any private right of action, much less a suppression remedy."); *United States v. Frazin*, 780 F.2d 1461, 1466 (9th Cir. 1986) ("Had Congress intended to authorize a suppression remedy, it surely would have included it among the remedies it expressly authorized.").

The plaintiffs have not met their burden of demonstrating a compelling reason that

warrants sealing the information and documents be filed under seal and, therefore, their motions to seal should be denied.

DATED this 26th day of September, 2017.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
Taylor Tapley Daly
Georgia Bar No. 697887
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com
taylor.daly@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
JCondo@swlaw.com
ASheridan@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that September 26, 2017, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

s/ Richard B. North, Jr.
Richard B. North, Jr.

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000