James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-DGC<br><br>**DECLARATION OF ROBERT CARR IN SUPPORT OF DEFENDANTS' MOTION TO SEAL DOCUMENTS FILED BY PLAINTIFFS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING PREEMPTION**<br><br>(Assigned to the Honorable David G. Campbell) |

    I, Robert Carr, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge and belief:

    1.    I am over 18 years of age and am competent to testify about the matters

contained herein. The statements contained herein are based on my personal knowledge and upon the basis of the documents maintained by Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard") in the regular course of business.

2.  I am presently employed as the Vice President of International at Bard Peripheral Vascular, Inc. ("BPV") a subsidiary of C. R. Bard, Inc. ("C. R. Bard"). Until October 2015, I was Senior Director of Research and Development at BPV. Bard manufactures and distributes inferior vena cava ("IVC") filters and has manufactured and distributed the Recovery® Filter, G2® Filter, G2® Express Filter, G2®X Filter, Eclipse® Filter, Meridian® Filter, and Denali® Filter (collectively, "Bard IVC Filters"), each of which is a medical device cleared by the Food and Drug Administration ("FDA") indicated for treatment of blood flow problems posing the risk of pulmonary embolism. Before joining BPV in 2002, I was employed by Nitinol Medical Technologies ("NMT"), where I was also responsible for that company's research and development of IVC filters.

3.  This declaration is based upon my personal knowledge and review of certain business records prepared and maintained in the ordinary course of business of Bard regarding the design, testing, marketing, and product assessment of its IVC filters and of certain public records that set out FDA's regulatory activities concerning Bard's IVC Filters. I could and would competently testify to the matters set forth herein if called as a witness in this matter. As part of and during the course of my work with Bard and NMT, I have become familiar with documentation and records associated with the design, development, manufacture, regulatory compliance, testing (including clinical testing), marketing and product assessment of the Bard IVC Filters.

   a. The documentation and records include, for example, 510(k) submissions, IDE submissions, and other materials sent to FDA, as well as contact reports and email communications with the FDA, which detail Bard's product development and regulatory compliance activities of Bard's IVC Filters.

   b. The documentation and records also include internal documents prepared by the FDA, a public federal agency. These records or statements of a public office detail

the agency's investigation and regulatory review activities of Bard's regulatory compliance and product development activities concerning Bard's IVC Filters.

  c. The documents created during the design and development of Bard's IVC Filters, including testing and product assessment.

  d. Bard's internal marketing and regulatory compliance procedures.

  e. Bard' product analysis and evaluation processes and review of product performance.

  f. Confidential deposition testimony regarding the documents or Bard's internal business practices.

4. As part of and during the course of my work with Bard, I have become familiar with Bard's record-keeping procedures. I have personal knowledge of the roles and responsibilities of Bard's employees responsible for this record-keeping process. The business documents referenced herein were prepared and maintained in the ordinary course of Bard's business, and it was the regular practice of Bard to make such records. These documents were prepared at or near the time of the events they record by persons with knowledge of the recorded events or from information transmitted by persons with knowledge of the recorded events.

5. Bard or its affiliates are engaged in the development, design, manufacturing, and distribution of medical devices, including the Bard Filters. Many documents involving the Bard IVC Filters are confidential and are maintained as such by Bard for the reasons listed below.

6. The medical device business for IVC filters is a highly technical and sophisticated industry. It is also a highly competitive industry in which each company carefully guards its company documents, data, systems, processes, research and development, analysis, marketing strategies and trade secrets from competitors.

7. As part of and during the course of my work with Bard, I have become familiar with Bard's efforts to protect its trade secret and confidential proprietary information and documents. This information is maintained internally at Bard and

distributed to employees who need to know the information to perform their duties. It is not available outside the company. Outside physician consultants working with the company who have access to this information sign confidentiality agreements. Additionally, Bard has always sought a Protective Order or Confidentiality Agreement during the course of civil lawsuits in order to protect their confidential, proprietary and trade secret information

8.  As part of and during the course of my work with Bard and NMT (before Bard acquired the NMT filter product line), I have become familiar with documentation and records associated with the design, development, manufacture, regulatory compliance, testing (including clinical testing), product analysis and adverse event reports of the Bard IVC Filters.

9.  I am familiar with the exceptions to the Freedom of Information Act ("FOIA"). Specifically FOIA recognizes an exception for trade secrets, and confidential commercial and financial information. When FDA makes a production, it redacts confidential and trade secret information provided by medical device companies such as Bard including: drafts of documents; testing protocols; test methods, results and analysis; design protocols; DFMEA (Design Failure Modes and Effects Analysis); engineering drawings; and other documents created during the design of a medical device.

10. Attached as Exhibit "A" is a list of the confidential documents lodged under seal by Plaintiffs on September 1, 2017. The documents are redacted to protect Bard's trade secrets and confidential information including:

  a. Documents created during the design of Bard's IVC Filters (including DFMEA);
  b. Test procedures and results regarding Bard's IVC Filters;
  c. Internal marketing and regulatory analysis;
  d. Internal product analysis both through studies and based on adverse event reporting;
  e. Internal communications to employees regarding analysis of Bard's IVC filters.

11. The redacted information contained in the documents referenced in Exhibit "A" required years for Bard to develop and is Bard's critical business information which is not made public by Bard.

12. The redacted information contained in the documents referenced in Exhibit "A" would be of economic value to Bard's competitors. Moreover, such value would extend not only to manufacturers of other IVC filters, but also to manufacturers of other medical devices, as the value and utility of this information is not limited to IVC filters.

13. Bard invests very substantial sums of money in medical device research, testing (including clinical testing), development, design, analysis, regulatory compliance, product evaluation, and marketing. If the information Bard has developed over the years pertaining to the Bard IVC Filters was obtained by its competitors, it would give an unfair economic advantage to those competitors.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

Executed on this 11th day of September, 2017.

_____
Robert Carr

**EXHIBIT A**

| | | |
|---|---|---|
| 3 | Ex 1-B | D Kessler Report 09-26-16 (without exhibits) SUBMITTED REDACTED |
| 4 | Ex 1-C | 1st Supplemental Expert Report D Kessler (without exhibits) SUBMITTED REDACTED |
| 6 | Ex 1-D | 2nd Supplemental Report D Kessler (without exhibits) WITHDRAWN |
| 7 | Ex 2-A | Brauer Expert Report 4-13-17 SUMBITTED REDACTED |
| 8 | Ex 2-E | BPV-17-01-00109956-109957 (SNF Letter 4-28-1995) WITHDRAWN |
| 9 | Ex 2-G | BPV-17-01-00262213 (FDA Letter 2-18-09 re G2 510k Submission) WITHDRAWN |
| 11 | Ex 2-H | BPVE-01-01525227 (Chart Showing Withdrawn Prophylactic Filter) SUBMITTED REDACTED |
| 12 | Ex 2-I | Murray Asch 05-02-16 (19:1 Redacted) WITHDRAWN |
| 13 | Ex 2-J | BPVEFILTER-01-01573378 (Denali Final Study Report) SUBMITTED REDACTED |
| 15 | Ex 2-L1 | BPV-17-01-00098020 (RF PowerPoint) SUBMITTED REDACTED |
| 16 | Ex 2-M | BPV-17-01-00072614 (6-12-88 SNF Meeting Minutes) SUBMITTED REDACTED |
| 18 | Ex 2-N | BBA-00013699-13715; BBA-00012802-12821 (10-26-06 & 08-28-06 Everest Med Mon) |
| 20 | Ex 2-O | BBA-00013300-13309 (12-08-06 Everest Med Mon) |
| 21 | Ex 2-P | BBA-00013151-13158 (12-20-06 Everest Med Mon) |
| 22 | Ex 2-T | BPV-17-01-00204231 (07-13-15 FDA 483 Letter) WITHDRAWN |
| 23 | Ex 2-V | BPVE-01-00280224 (SNF Build Schedule) |

**EXHIBIT A**

==Exhibit 2     BPV-DEP-00014537 (G2 FAQS)==

Exhibit 3     Kessler 2nd Supplemental Report WITHDRAWN

Exhibit 5     Robert Carr 06-16-17 (P. 51 Redacted) WITHDRAWN

Exhibit 6     Murray Asch 05-02-16 (19:1 Redacted) WITHDRAWN