Ramon Rossi Lopez (admitted *pro hac vice*)
(CA Bar No. 86361)
LOPEZ McHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
rlopez@lopezmchugh.com

Mark S. O'Connor (011029)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
mark.oconnor@gknet.com

*Attorneys for Plaintiffs*

James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY &
   SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
Telephone: (602) 382-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**THE PARTIES' JOINT STATUS REPORT FOR THE OCTOBER 5, 2017 CASE MANAGEMENT CONFERENCE** |

In accordance with Paragraph F of Case Management Order No. 26 [Doc. 6799], the Parties hereby submit their Joint Status Report for the July 13, 2017 Case Management Conference.

**I.      Discovery**

     A.      MDL Common Discovery

The Parties completed MDL common discovery on February 3, 2017. The following depositions have been completed:

| Date | Deponent |
|---|---|
| December 15, 2015 | 30(b)(6) re FDA Warning Letter |
| January 11, 2016 | Kay Fuller |
| January 20, 2016 | Continued 30(b)(6) re FDA Warning Letter |
| March 18, 2016 | 30(b)(6) re corporate structure |
| April 27, 2016 | 30(b)(6) re ESI systems structure |
| May 3, 2016 | Murray Asch, M.D. |
| May 11, 2016 | Carol Vierling |
| May 17, 2016 | Anne Bynon |
| May 24, 2016 | Len DeCant |
| June 2, 2016 | John DeFord |
| June 9, 2016 | Bret Baird |
| June 16, 2016 | Robert DeLeon |
| June 17, 2016 | Joe DeJohn |
| July 18, 2016 | Abithal Raji-Kubba |
| July 27, 2016 | Bill Little |
| July 27, 2016 | Judy Ludwig |
| July 29, 2016 | John Wheeler |
| August 9, 2016 | Maureen Uebelacker |
| August 16, 2016 | Daniel Orms |
| August 19, 2016 | Mary Edwards |
| August 24, 2016 | Cindi Walcott |

| | | |
|---|---|---|
| 1 | August 30, 2016 | 30(b)(6) re REACH program |
| 2 | September 7, 2016 | Steve Williamson |
| 3 | September 7, 2016 | 30(b)(6) re Sales/Marketing |
| 4 | September 7, 2016 | Kevin Shifrin |
| 5 | September 16, 2016 | Jack Sullivan |
| 6 | September 19, 2016 | Brian Doherty |
| 7 | September 23, 2016 | Holly Glass |
| 8 | September 29, 2016 | John Van Vleet |
| 9 | October 11, 2016 | Chris Ganser |
| 10 | October 18, 2016 | Natalie Wong |
| 11 | November 3, 2016 | Jack Sullivan (continued) |
| 12 | November 11, 2016 | Robert Cortelezzi |
| 13 | December 6, 2016 | David Peeler, M.D. |
| 14 | January 4, 2017 | John Kaufman, M.D. |
| 15 | January 18, 2017 | Michael Randall - 30(b)(6) Meridian/Denali |
| 16 | January 18, 2017 | Kim Romney |
| 17 | January 19, 2017 | Robert Carr - 30(b)(6) Key Opinion Leaders |
| 18 | January 20, 2017 | Scott Trerotola, M.D. |
| 19 | January 24, 2017 | Scott Randall |
| 20 | January 25, 2017 | Gary Cohen, M.D. |
| 21 | January 26, 2017 | Chad Modra - 30(b)(6) Failure Rate Thresholds |
| 22 | January 26, 2017 | Anthony Venbrux, M.D. |
| 23 | January 30, 2017 | Frank Lynch, M.D. |
| 24 | January 31, 2017 | Mark Wilson |
| 25 | February 1, 2017 | William Stavropoulos, M.D. |
| 26 | February 2, 2017 | Mike Randall |
| 27 | February 2, 2017 | Kevin Boyle |
| 28 | June 6, 2017 | Rob Carr (Preemption Declaration) |

B. <u>MDL Expert Disclosure and Discovery</u>

Plaintiffs made their initial disclosures of expert witnesses on March 3, 2017, and their initial disclosures relating to the Meridian and Denali devices on April 7, 2017. Those disclosures included the following witnesses:

- David W. Bates, M.D., MSc
- Rebecca Betensky, Ph.D.
- Mark J. Eisenberg, M.D.
- David Garcia, M.D.
- Steven M. Hertz, M.D.
- Sanjeeva Kalva M.D.
- David A. Kessler, M.D.
- Thomas Kinney, M.D., M.S.M.E.
- Robert M. McMeeking, Ph.D., NAE, FREng, FRSE, LFASME
- Robert O. Ritchie, Ph.D.
- Suzanne Parisian, M.D.
- Anne Christine Roberts, M.D.
- Michael B. Streiff, M.D.
- Robert L. Vogelzang, M.D.

Defendants made their initial disclosures of expert witnesses on April 14, 2017, and their initial disclosures relating to the Meridian and Denali devices on May 12, 2017. Those disclosures included the following witnesses:

- Christine L. Brauer, Ph.D.
- Paul Briant, Ph.D., P.E.
- Audrey A. Fasching, Ph.D., P.E.
- David W. Feigal. Jr., M.D., M.P.H.
- Clement J. Grassi, M.D.
- Mark W. Moritz, M.D.
- Christopher S. Morris, M.D.

| | |
|---|---|
| 1 | Frederick B. Rogers, M.D., FACS |
| 2 | Moni Stein, M.D., FSIR |
| 3 | Ronald A. Thisted, Ph.D. |
| 4 | Donna Bea Tillman, Ph.D., M.P.A. |

Plaintiffs made their rebuttal disclosures of expert witnesses on May 12, 2017. Those disclosures included the following witnesses:

- Rebecca Betensky, Ph.D.
- Kush Desai, M.D.
- Mark J. Eisenberg, M.D.
- Steven M. Hertz, M.D.
- Robert M. McMeeking, Ph.D.
- Robert O. Ritchie, Ph.D.
- Robert L. Vogelzang, M.D.

The following expert depositions have been taken:

| Date | Deponent |
|---|---|
| May 9, 2017 | David W. Bates, M.D., MSc (class-action) |
| May 16, 2017 | Steven M. Hertz, M.D. (class-action) |
| May 17, 2017 | Christopher S. Morris, M.D. |
| June 5, 2017 | Robert L. Vogelzang, M.D. |
| June 6, 2017 | Kush Desai, M.D. |
| June 9, 2017 | Robert O. Ritchie, Ph.D. |
| June 15, 2017 | Clement J. Grassi, M.D. |
| June 17, 2017 | Thomas Kinney, M.D., M.S., M.E. |
| June 21, 2017 | David L. Garcia, M.D. |
| June 21, 2017 | Suzanne Parisian, M.D. |
| June 21, 2017 | Anne Christine Roberts, M.D. |
| June 23, 2017 | Rebecca Betensky, Ph.D. |
| June 26, 2017 | Audrey Fasching, Ph.D., PE |
| July 6, 2017 | Mark J. Eisenberg, M.D., MPH, FACC, FAHA |

5

| | | |
|---|---|---|
| 1 | July 6, 2017 | Robert M. McMeeking, Ph.D., NAE, FREng, |
| 2 | | FRSE, LFASME |
| 3 | July 7, 2017 | Anne Christine Roberts, M.D. |
| 4 | July 11, 2017 | Sanjeeva Kalva, M.D. |
| 5 | July 12, 2017 | Michael B. Streiff, M.D. |
| 6 | July 13, 2017 | Paul Briant, Ph.D, PE |
| 7 | July 18, 2017 | Mark W. Moritz, M.D. |
| 8 | July 18, 2017 | Frederick B. Rogers, M.D., MS, FACS |
| 9 | July 20, 2017 | David W. Feigal, Jr., M.D., MPH |
| 10 | July 21, 2017 | Dr. Darren R. Hurst |
| 11 | July 24, 2017 | Dr. Derek D. Muehrcke |
| 12 | July 25, 2017 | Christopher S. Morris, MD |
| 13 | July 26, 2017 | J. Matthew Sims, MC, MS |
| 14 | July 26, 2017 | Dr. Kenneth Herbst |
| 15 | July 28, 2017 | Ronald A. Thisted, Ph.D. |
| 16 | July 31, 2017 | David A. Kessler, M.D. |
| 17 | July 31, 2017 | Moni Stein, MD |
| 18 | August 2, 2017 | Christine L. Brauer, M.D., Ph.D. |
| 19 | August 3, 2017 | Paul Briant, Ph.D., PE |
| 20 | August 3, 2017 | Audrey Fasching, Ph.D. |
| 21 | August 3, 2017 | David S. Poll, MD |
| 22 | August 4, 2017 | Robert O. Ritchie, Ph.D. |
| 23 | August 4, 2017 | Donna Bea Tillman, Ph.D.MPA, FRAPS |
| 24 | August 4, 2017 | Lora K. White, RN, BSN, CNLCP, CCM, |
| 25 | | MSCC |
| 26 | August 16, 2017 | Lora K. White, RN, BSN, CCM, CNLCP |
| 27 | August 25, 2017 | Dr. Daniel Cousin |
| 28 | September 29, 2017 | Dr. Piotr Sobiesczyk |

6

C. *Barazza* Class Action Discovery

The Parties completed the depositions of the named plaintiffs. The following depositions were taken:

| | |
|---|---|
| October 19, 2016 | Diane Washington |
| October 28, 2016 | James Holt |
| November 10, 2016 | Gregory Lester |
| November 16, 2016 | Maria Barazza |
| November 30, 2016 | Edward Mims |
| December 1, 2016 | Nancy Mosher |
| December 6, 2016 | Thomas Flournay |
| December 6, 2016 | Delmar Lee Peck |
| December 15, 2016 | Denise Tomlin |
| January 24, 2017 | John Van Vleet |
| February 27, 2017 | Linda Walker |
| May 11, 2017 | Ana Hernandez |

The Parties designated and disclosed experts on class certification issues, including Plaintiffs' rebuttal expert reports. Many of those class certification experts were also the same experts in the general MDL and were deposed at the same time for both the MDL and the class action.

D. Bellwether Group 1 Depositions

1. Fact Discovery

In addition to the numerous fact witness depositions taken by the Parties before the last status conference, the Parties have scheduled or have already taken the following fact witness depositions in the five bellwether cases since that status conference:

| | |
|---|---|
| May 31, 2017 | Angelic Thompson (Mulkey) |
| May 31, 2017 | Lorelie Thompson (Mulkey) |
| May 31, 2017 | Torin Walters, M.D. (Mulkey) |

7

| | | |
|---|---|---|
| 1 | June 1, 2017 | Pho Nguyen, M.D. (Mulkey) |
| 2 | June 15, 2017 | Brandon Kang, M.D. (Booker) |
| 3 | June 20, 2017 | Richard Harvey, M.D. (Booker). |
| 4 | June 26, 2017 | Eric Hairston (Booker) |
| 5 | June 27, 2017 | Brody Puckett (Kruse, postponed due to illness) |
| 6 | July 7, 2017 | Amy Sparks, M.D. (Hyde) |
| 7 | July 11, 2017 | Colleen Taylor, M.D. (Jones) |
| 8 | July 12, 2017 | Aaron Donner (Mulkey) |
| 9 | August 3, 2017 | Chris Smith (Jones) |
| 10 | August 15, 2017 | Bryan Vogel (Booker and Kruse) |
| 11 | August 23, 2017 | Tim Hug (Hyde) |

Per CMO 25 (Doc. 6227), the deadline for deposing medical witnesses (treating physicians) was August 7, 2017, and the deadline for deposing all other fact witnesses was August 15, 2017. Those depositions have been completed, with the exception of Dr. Sobieszczyk (a case-specific medical expert in Booker), whose deposition had to be rescheduled to September 29 due to conflicts and the impact of Hurricane Harvey.

### 2. Case-Specific Expert Disclosures and Discovery

On June 5, 2017, Plaintiffs disclosed case-specific expert reports by the following expert witnesses in all five bellwether cases:

    Darren Hurst, M.D.

    Derek D. Muehrcke, M.D.

On June 5, 2107, Plaintiffs disclosed the case-specific expert report of David Garcia, M.D. in the Jones bellwether case.

On June 9, 2017, in accordance with the agreement of the Parties, Plaintiffs disclosed case-specific expert reports by Robert M. McMeeking, Ph.D., NAE, FREng, FRSE, LFASME in all five bellwether cases.

On June 12, 2017, in accordance with the agreement of the Parties, Plaintiffs disclosed case-specific expert reports by the following expert witnesses in all five bellwether cases:

>Robert O. Ritchie, Ph.D.
>
>J. Matthew Sims, MC, MS & Lora K. White, RN, BSN, CNLCP, CCM, MSCC

On July 3, 2017, Defendants disclosed case-specific expert reports for the following expert witnesses:

>Kenneth D. Herbst, M.D.
>
>Mark W. Moritz, M.D.
>
>Christopher S. Morris, M.D.
>
>Moni Stein, M.D., FSIR

On July 13, 2017, in accordance with agreement of the parties, Defendants disclosed case-specific expert reports for the following expert witnesses:

>Audrey A. Fasching, Ph.D.
>
>Paul Briant, Ph.D
>
>Daniel Cousin, M.D.
>
>David Poll, M.D.
>
>Piotr Sobieszczyk, M.D.

With the exception of the September 29th deposition of Dr. Sobiesczyk (noted above), all general MDL deposition discovery and all depositions related to the initial five bellwether cases has been completed (subject to this Court's resolution of the disputes identified below).

**II.     Science Day Proposed Procedure**

The Parties will be prepared to make their Science Day presentations on October 5, 2019.

### III. Bellwether Trials Issues

In paragraph H of CMO 26, the Court advised the Parties that it will, at the upcoming status conference, address the scheduling of bellwether trials. The Court also asked the Parties to be prepared to address at the status conference and to address in this submission the issues of enlisting other judges as part of the bellwether process. The parties note their respective positions on those issues below.

#### Plaintiffs' Position

Plaintiffs will be prepared to discuss with the Court issues relating to the setting of the bellwether cases for trial. With respect to the Court's suggestion as to the enlistment of other judges to try some of the bellwether cases, Plaintiffs believe that it is important to get the bellwether cases tried in as expedient a manner as reasonably possible. To that end, Plaintiffs believe that this Court should try at least the first two bellwether cases in order to address issues that may come up in subsequent trials. At that point, Plaintiffs are amenable to the involvement of other judges to try some of the remaining bellwether cases in order to get the trials scheduled and completed in 2018.

#### Defendants' Position

Defendants will be prepared to discuss possible trial settings with the Court at the upcoming status conference. Defendants are also open to the possibility of enlisting visiting judges to try some of the MDL bellwether cases. However, given the two-years of institutional knowledge that the Court has developed regarding these cases, Defendants would propose that, if possible, this Court schedule three 3-week trials in 2018 or early 2019 and that this Court try those cases. The Court's ruling on evidentiary, trial issues, and motions in *limines* could then provide guidance to the parties and future Courts on similar issues and would likely result in significant increased efficiencies for the parties and other Courts in preparing for and trying subsequent bellwether cases.

### IV. Defendants' Motion for Summary Judgment on Preemption

Defendants filed a motion for summary judgment based on preemption on March 24, 2017 [Doc. 5397]. Plaintiffs filed their response brief on September 1, 2017 [Doc.

7369]. The Parties' filed a Joint Motion to Extend Daubert Response and Reply Brief Page Limits and Extend Deadline to File Reply Brief to Motion for Summary Judgment on Preemption and Motion to Seal [Doc. 7332]. If granted, the Defendants' Reply Brief will be due on September 28, 2017. At that point, briefing on the motion will be complete.

The Parties would like to discuss whether the Court desires oral argument on the motion, and if so, the scheduling of that argument.

V.     **Summary Judgment and *Daubert* Motions**

The Parties have filed their *Daubert* and summary judgment motions in accordance with CMO 23 and this Court's August 31, 2017, Order [Doc. 7368] extending the deadlines for filings such motions. The Parties would like to discuss whether the Court desires oral argument on those motions, and if so, the scheduling and organization of those arguments.

VI.    **Disputes Related to Defendants' Discovery from Plaintiffs' Experts**

At the July 13 Status Hearing, the Court addressed the issue of discoverability of communications among the plaintiffs' experts who jointly wrote Rule 26 Reports (Drs. Kinney, Roberts, and Kalva; Drs. Garcia and Streiff; and Drs. Vogelzang, Desai, Resnick, and Lewandowski). On July 17, the Court entered Case Management Order No. 26, which provides that "Plaintiffs shall produce communications among their experts to Defendants. If Plaintiffs conclude that any such communications are properly withheld, they shall provide Defendants with a privilege log that identifies the specific basis on which Plaintiffs' conclude that the communications are protected under Rule 26(b)."

**Plaintiffs' Position:**

Following the July 13, 2017, Case Management Conference, Plaintiffs reviewed all relevant communications involving the identified experts. Those communications included emails from Plaintiffs' attorneys to the experts, communications from the experts to the attorneys, and communications between the experts themselves. In some cases, the communications from expert to expert(s) included attorneys as copyees (CCs).

Pursuant to Federal Rule of Civil Procedure 26(b)(4)(C)(i)-(iii), Plaintiffs produced all communications between the attorneys and experts that relate to (i) compensation for the experts, (ii) the identification of facts or data provided by the attorneys and the expert(s) considered in forming opinions, and (iii) the identification of assumptions provided by the attorneys and on which the expert(s) relied in forming opinions. Plaintiffs did not produce any communications from attorneys to experts that did not fall within Rule 26(b)(4)(C)(i)-(iii); nor did Plaintiffs produce any communications from experts to attorneys that did not fall within 26(b)(4)(C)(i)-(iii). This included communications from individual experts to an attorney or attorneys on which the expert included other experts as copyees (CCs).

With the exception of a single communication, Plaintiffs produced every communication from any expert to another expert (or experts) even if attorneys were copied on those communications. The single communication exists within a string of emails between experts; accordingly, Plaintiffs redacted that email from the longer chain and included the email on a redaction log in which they identified the email, its participants, and the basis for the redaction – which is that the experts were discussing between themselves attorney work-product that had been provided to one of the experts. [Plaintiffs address the basis for this privilege claim below.]

Prior to the production of the documents, Plaintiffs' counsel had a meet and confer with Bard's counsel. In that meet and confer, Bard's counsel agreed that Plaintiffs did not need to log attorney-to-expert and expert-to-attorney communications that were being withheld pursuant to Rule 26(b)(4)(C). That agreement recognized that there is no reason to do a document-by-document log for such communications because categorically they are all protected under Rule 26(b)(4)(C). Accordingly, when Plaintiffs produced the responsive expert communications, Plaintiffs did not include a log for attorney-to-expert or expert-to-attorney communications. Plaintiffs produced logs for any redactions made to produced documents because some of the email strings included both discoverable

communications, such as those under 26(b)(4)(C)(i)-(iii), and non-discoverable communications.

At the July 13, 2017, Case Management Conference, Plaintiffs discussed the possibility of five "buckets" of types of expert communications: (1) communications between lawyers and experts protected under 26(b)(4)(C)(i)-(iii); (2) draft reports; (3) communications between experts retained by the attorneys that convey work-product from an attorney; (4) communications between joint experts that is effectively a draft of their report; and (5) other communications between experts. Plaintiffs have produced all category 5 documents; there are no category 4 documents; and Plaintiffs identified one communication that falls within category 3.

Plaintiffs have not produced category 1 documents. After agreeing that such communications need not be logged, Bard subsequently insisted that Plaintiffs log communications from experts to attorneys that were not produced pursuant to 26(b)(4)(C)(i)-(iii). Plaintiffs admit that such communications exist. There are dozens (if not hundreds) of communications from experts that do fall outside of the exceptions listed in Rule 26(b)(4)(C)(i)-(iii). But, because those communications do not involve the exceptions to the protection of expert-attorney communication, they are all categorically protected from discovery under Rule 26(b)(4)(C). Individually logging those communications provides no benefit in that Plaintiffs have withheld all of them for the same reason, and the descriptions in a log of the basis for withholding them (Rule 26(b)(4)(C)) would be the same for them all. Plaintiffs have explained this to Bard's counsel, but Bard's counsel nonetheless insists, after previously agreeing otherwise, on a log that will provide no actual benefit.

To be clear, Plaintiffs do not make a "blanket" claim that the presence of an attorney on a communication renders it protected under 26(b)(4)(C); rather, Plaintiffs' counsel has reviewed the communications involving experts and produced expert-to-expert communications regardless of whether attorneys were copied (CCed) on the emails.

Plaintiffs redacted (and provided a redaction log for) a single email communication involving Drs. Garcia and Streiff.  The basis for the redaction is that the communication conveys attorney work-product information (protected under Rule 26(b)(3)(A)) that Plaintiffs' counsel gave to Dr. Garcia (an expert retained by plaintiff and, thus, the communication of which is protected under Rule 26(b)(4)(C)) to Dr. Streiff (another expert retained by Plaintiffs and communications with which are protected under Rule 26(b)(4)(C)).  Unlike normal attorney-expert communications, the communication of attorney work product is entitled to a higher degree of protection.  *See Hickman v. Taylor*, 329 U.S. 495, 510 (1947) ("it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel.").  Plaintiffs contend that this non-discoverable information did not lose its protected status when conveyed from one expert retained by Plaintiffs to another expert also retained by Plaintiffs.[1]  Indeed, Bard's contention that such information loses its protected status elevates form over substance.  Plaintiffs' counsel's communications with Dr. Garcia are protected; Plaintiffs' counsel's communications with Dr. Streiff are protected.  The conveyance from one of those experts to the other of the protected information should not lose its protected status because both experts fall under Rule 26(b)(4)(C)'s protection.

Second, Plaintiffs disagree that they have not "sufficiently ensured" that their expert's communications have been collected.  Plaintiffs' counsel has had express conversations with all of the experts at issue to determine what communications they had, where they exist, and the best way to collect those communications.

---

[1] *See, e.g., Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1195 (11th Cir. 2013) (addressing discoverability of communications between retained experts: "To the extent that any attorney core opinion work-product is embedded in the 1,200 documents at issue here, Chevron and Dr. Hinchee may appropriately redact such portions …."); *see also In re Application of Republic of Ecuador v. Douglas*, 153 F. Supp. 3d 484, 491 (D. Mass. 2015) (expert's "communications with non-attorneys—including communications in which attorneys are merely copied, *but in which no attorney work product exists*—and notes must be provided" (emphasis added)).

14

- In the case of the Northwestern doctors, Bard ignores that these are four practicing physicians who work together on medical cases; they are not simply experts engaged together for expert testimony in this MDL. Plaintiffs' counsel discussed with those doctors the best way to identify responsive communications; all the doctors agreed that the attorneys at the Hausfeld firm were copied on all the relevant communications. Accordingly, rather than dig through thousands of emails between the doctors, the attorneys collected all relevant communications from all four doctors from a review of Plaintiffs' counsel's email server and then reviewed each one based on the standards and criteria set forth in 26(b)(4)(C).
- Plaintiffs asked Drs. Garcia and Streiff to produce all of their relevant emails, and the doctors have confirmed that they have done so.

**Defendants' Position:**

Bard believes that there are two issues outstanding: (1) whether communications "From:" an expert to another expert need to be produced or put on a privilege log even if a lawyer is a recipient of the e-mail; (2) whether the plaintiffs properly collected responsive communications from the Northwestern physicians and Dr. Garcia.

First, since early August, counsel for Bard have written and spoken to the plaintiffs' counsel multiple times about the production of a privilege log and about questions regarding the communications produced. During a meet and confer with the plaintiffs' counsel in early August, Bard agreed that communications "From:" *an attorney* to plaintiffs' experts need not be itemized on a privilege log because such communications appear to fall outside of scope of CMO-26 and appear to be protected by Rule 26(b)(4)(C). Counsel for Bard explicitly and repeatedly informed the plaintiffs multiple times in writing and on the phone that the plaintiffs should produce or log any e-mail communication "From:" an expert where another expert is a recipient of the e-mail regardless of a lawyer's presence on the e-mail. (*See* E-mails from Counsel for Bard to Counsel for Plaintiffs, Aug. 10, Aug. 11, Sept. 5, and Sept. 8, collectively attached as Exhibits A, B, C.)

15

The plaintiffs, however, make the blanket assertion that communications involving a lawyer are protected under Rule 26(b)(4)(C), and appear to be claiming that they need not produce a privilege log for any communications where a lawyer is somehow involved. But their position ignores Case Management Order No. 26, which requires "a privilege log that identifies the specific basis on which Plaintiffs' conclude that the communications are protected under Rule 26(b)." Without a privilege log, the plaintiffs cannot establish that all communications involving a lawyer are protected from discovery. For example, while a communication "From:" an expert "To:" both a lawyer and another expert might properly be withheld under Rule 26(b)(4)(C) if the content of the communication is directed to a lawyer, the communication might be discoverable if the content of the communication is directed to the other expert. Only a privilege log, per the Court's Case Management Order, can allow Bard to assess the validity of the privilege claim.

Second, the plaintiffs have not sufficiently ensured that all responsive communications between their experts were collected and produced. The plaintiffs appear to have used a scattershot approach to locate e-mails from their experts, as opposed to simply requiring the experts to produce to them all of their communications regarding this matter so the plaintiffs' attorneys could either produce them or place them on a log. From the e-mail communications that the plaintiffs produced, the Northwestern physicians appear to have used e-mail addresses at both @northwestern.edu and @nw.org. Despite multiple requests from Bard, the plaintiffs have not confirmed that both e-mail domains were searched for all four Northwestern physicians. Rather, the plaintiffs specifically state that in regard to communications between all four Northwestern doctors (Drs. Vogelzang, Desai, Resnick, and Lewandowski), they relied on the doctors' representations that all "written communications among them" about the litigation included an attorney and thus they limited their search for responsive communications to "a review of Plaintiffs' counsel's email server." But the plaintiffs produced an e-mail solely between these four physicians that did not involve counsel, so a search of plaintiffs' counsel's servers based on a representation from the physicians is demonstrably insufficient.

Additionally, the plaintiffs state that they asked Drs. Vogelzang and Desai to "identify" their "relevant" emails, but it does not appear that all of the e-mails were collected and analyzed by counsel. Instead, the plaintiffs relied on the representations of these doctors that all relevant e-mails were provided.

Similarly, Dr. Garcia used e-mail addresses at both @uw.edu and @gmail.com, but the plaintiffs have not confirmed that both e-mail domains were searched for responsive communications. Instead, the plaintiffs limited their production to confirmation from the doctors that "all of their relevant emails" have been produced. Bard has simply requested confirmation that both of Dr. Garcia's e-mail domains were searched for responsive communications, but the plaintiffs have not done so.

Bard requests that the Court reiterate its order that the plaintiffs to produce a privilege log by a date certain for all communications "From:" an expert where another expert is a recipient regardless of the presence of a lawyer on the communication. Bard also requests that the Court order the plaintiffs to meet and confer with Bard regarding the collection and production of e-mails from the various e-mail domains used by the Northwestern physicians and Dr. Garcia.

**VI.     Miscellaneous Pending Motions**

A.     Dr. Henry Deposition in Hyde Case

In CMO 26, the Court required the parties to file by July 28, 2017, memoranda addressing various issues relating whether Dr. Henry should be re-deposed. Those submissions have been made [Docs. 7027 & 7028]. The Parties will be prepared to address questions the Court may have, if any, relating to that motion at the upcoming status conference.

B.     Motion to Disqualify Thomas Kinney, M.D., as an Expert for Plaintiffs

Defendants' Motion to disqualify one of the plaintiffs' experts, Dr. Thomas Kinney [Doc. 5677], has been filed and is fully briefed. The Parties will be prepared to address questions the Court may have, if any, relating to that motion at the upcoming status conference.

17

C. <u>Motion to Disqualify Plaintiffs' Experts Drs. Vogelzang and Desai as Testifying Experts and Drs. Resnick and Lewandowski as Consulting Experts for Plaintiffs</u>

Defendants' motion to disqualify Drs. Vogelzang and Desai as Testifying Experts and Drs. Resnick and Lewandowski as Consulting Experts for Plaintiffs [Doc. 6678] has been filed and is fully briefed. The Parties will be prepared to address questions the Court may have, if any, relating to that motion at the upcoming status conference.

Respectfully submitted this 28th day of September 2017.

| GALLAGHER & KENNEDY, P.A. | SNELL & WILMER L.L.P. |
|---|---|
| By: *s/ Paul L. Stoller*<br>Mark S. O'Connor (011029)<br>Paul L. Stoller (016773)<br>2575 East Camelback Road<br>Phoenix, Arizona 85016-9225<br><br>Ramon Rossi Lopez<br>(admitted *pro hac vice*)<br>CA Bar No. 86361<br>LOPEZ McHUGH LLP<br>100 Bayview Circle, Suite 5600<br>Newport Beach, California 92660<br><br>*Attorneys for Plaintiffs* | By: *s/ Richard B. North*<br>James R. Condo (005867)<br>Amanda C. Sheridan (027360)<br>One Arizona Center<br>400 E. Van Buren, Suite 1900<br>Phoenix, Arizona 85004-2202<br><br>Richard B. North, Jr. (admitted *pro hac vice*)<br>Georgia Bar No. 545599<br>Matthew B. Lerner (admitted *pro hac vice*)<br>Georgia Bar No. 446986<br>Nelson Mullins Riley & Scarborough LLP<br>201 17th Street, NW / Suite 1700<br>Atlanta, GA 30363<br><br>*Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2017, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

          *s/ Deborah Yanazzo*