# EXHIBIT A

| | |
|---|---|
| **From:** | Matthew Lerner |
| **Sent:** | Friday, August 11, 2017 11:58 AM |
| **To:** | O'Connor, Mark S. (mark.oconnor@gknet.com); Ramon Lopez |
| **Cc:** | Richard North; Matt Brown; Richard S. Lewis; Steven B. Rotman; Stoller, Paul L.; Ramon Lopez; Matt Brown; Kate Helm; Jim Rogers; Sheridan, Amanda (asheridan@swlaw.com); Jim Condo |
| **Subject:** | Northwestern radiologists; Kinney, Kalva, and Roberts, Garcia/Streiff |

Ramon and Mark,

Based on our call yesterday regarding the plaintiffs' obligations under CMO-26 to produce communications among the plaintiffs' experts and after re-reviewing some of the expert depositions, I am still unclear about whether any responsive communications exist. Based on our conversation yesterday, I understood that you to say there are no such communications, except for one communication between two experts where a draft report was attached and the email communication said "see attached," which is at odds with the experts' sworn testimony.

For the Northwestern group (Drs. Resnick, Vogelzang, Lewandowski, and Desai), Dr. Desai specifically testified that e-mail communications among the experts exist (see page 39 of his deposition transcript). Similarly, for Drs. Kinney, Roberts, and Kalva, Dr. Kinney specifically testified that e-mail communications among the experts exist (see page 80 of his deposition transcript).

Please confirm that there are no communications among plaintiffs' experts, as described in CMO-26, which requires production of all "communications among [plaintiffs'] experts to Defendants." Alternatively, please produce all responsive communications or a privilege log concerning the communications.

To the extent that an e-mail specifically came from a lawyer (i.e., the lawyer's name is in the "From:" line of the e-mail), Bard agrees that such communications are protected under Rule 26(b)(4)(C) and need not be logged or produced under CMO-26 unless such communications relate to compensation for the expert, identify facts or data that plaintiffs' counsel provided and that the expert considered in forming the opinions to be expressed, or identify assumptions that the plaintiffs' counsel provided and that the expert relied on in forming the opinions to be expressed. Bard maintains that all other e-mail communications involving two or more of the plaintiffs' experts should either be produced or included on a privilege log (e.g., all e-mails in e-mail chains; all e-mails written "From:" an expert where another expert is a direct or cc: recipient regardless of whether a lawyer or anyone else is a direct or cc: recipient).

-Matthew

**Matthew B. Lerner**
*Partner, Nelson Mullins Riley & Scarborough LLP*
Atlantic Station
201 17th Street NW, Suite 1700
Atlanta, Georgia  30363
Direct: 404.322.6158
Main: 404.322.6000
Fax: 404.322.6050
<u>Bio</u> <u>vCard</u>

**From:** Matthew Lerner
**Sent:** Thursday, August 10, 2017 3:01 PM
**To:** O'Connor, Mark S. <mark.oconnor@gknet.com>
**Cc:** Richard S. Lewis <rlewis@hausfeld.com>; Steven B. Rotman <srotman@hausfeld.com>; Stoller, Paul L.
<paul.stoller@gknet.com>; Richard North <richard.north@nelsonmullins.com>; Ramon Lopez
<RLopez@lopezmchugh.com>; Matt Brown <Matt.Brown@nelsonmullins.com>
**Subject:** RE: Northwestern radiologists

Mark,

The agreement was that you do not need to log communications directly from a lawyer to the experts.

Please confirm that there are no communications among plaintiffs' experts, as described in CMO-26, which requires production of all "communications among [plaintiffs'] experts to Defendants." To the extent that the communications specifically come from a lawyer, Bard agrees that such communications are protected under Rule 26(b)(4)(C) and need not be logged or produced under CMO-26 except unless such communications relate to compensation for the expert, identify facts or data that plaintiffs' counsel provided and that the expert considered in forming the opinions to be expressed, or identify assumptions that the plaintiffs' counsel provided and that the expert relied on in forming the opinions to be expressed.

Matthew

**From:** O'Connor, Mark S. [mailto:mark.oconnor@gknet.com]
**Sent:** Thursday, August 10, 2017 11:49 AM
**To:** Richard North <richard.north@nelsonmullins.com>; Ramon Lopez <RLopez@lopezmchugh.com>; Matthew Lerner
<matthew.lerner@nelsonmullins.com>; Matt Brown <Matt.Brown@nelsonmullins.com>
**Cc:** Richard S. Lewis <rlewis@hausfeld.com>; Steven B. Rotman <srotman@hausfeld.com>; Stoller, Paul L.
<paul.stoller@gknet.com>
**Subject:** RE: Northwestern radiologists

Richard, We responded in accordance with the agreement we had with Mathew Lerner and Matt Brown. We are happy to discuss. Please provide a time you are available for a call.
Thank you

**Gallagher&Kennedy**

2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016-9225
602-530-8000 | www.gknet.com

**Mark S. O'Connor**
CERTIFIED SPECIALIST IN
INJURY AND WRONGFUL DEATH LITIGATION
Attorney Profile
mark.oconnor@gknet.com
602-530-8377







**From:** Richard North [mailto:richard.north@nelsonmullins.com]
**Sent:** Wednesday, August 09, 2017 7:15 PM
**To:** Ramon Lopez; Matthew Lerner; Matt Brown

2

**Cc:** O'Connor, Mark S.; Richard S. Lewis; Steven B. Rotman; Stoller, Paul L.
**Subject:** RE: Northwestern radiologists

Ramon:

       This response does not comply with CMO No. 26.   We need a precise clarification of your position.  Are you saying that there were NO communications among experts?  If so, please state that explicitly.  If there were, CMO No. 26 obligates you to produce those communications, and if you claim a privilege for those communications, to provide us with a privilege log.

Regards,

Richard

**From:** Ramon Lopez [mailto:RLopez@lopezmchugh.com]
**Sent:** Wednesday, August 9, 2017 8:37 PM
**To:** Richard North <richard.north@nelsonmullins.com>; Matthew Lerner <matthew.lerner@nelsonmullins.com>; Matt Brown <Matt.Brown@nelsonmullins.com>
**Cc:** Mark O'Connor (GK) (Mark.oconnor@gknet.com) <Mark.oconnor@gknet.com>; Richard S. Lewis <rlewis@hausfeld.com>; Steven B. Rotman <srotman@hausfeld.com>; Stoller, Paul L. <paul.stoller@gknet.com>
**Subject:** Northwestern radiologists

Counsel:

We have determined that the written communications involving the Northwestern radiology physicians (Vogelzang, Desai, Resnick and Lewandowski) are protected communications as set forth in FRCP 26 (b)(4)(C).  Accordingly, none will be produced, and as we discussed yesterday a privilege is not warranted.

Regards,

Ramon

**Ramon Rossi Lopez**

 **LOPEZ MCHUGH** LLP

**CALIFORNIA * PENNSYLVANIA * NEW JERSEY**
100 Bayview Circle, Suite 5600
Newport Beach, CA  92660
(877) 737-8525 – Toll Free
(949) 737-1501 - Telephone
(949) 737-1504 – Facsimile
(949) 812-5771 – Direct Line
(949) 283-0866 - Cell
rlopez@lopezmchugh.com
www.lopezmchugh.com

ᴨ Please consider the environment before printing this email

**Privileged and Confidential Communication.**
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information and/or attorney work-product, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

# EXHIBIT B

| | |
|---|---|
| **From:** | Matthew Lerner |
| **Sent:** | Tuesday, September 5, 2017 6:24 PM |
| **To:** | Stoller, Paul L. |
| **Cc:** | Ramon Lopez (rlopez@lopezmchugh.com); O'Connor, Mark S.; Lewis (rlewis@hausfeld.com); Rotman (srotman@hausfeld.com); Wendy Espitia (wespitia@lopezmchugh.com); Richard North; Matt Brown; Kate Helm; Sheridan, Amanda (asheridan@swlaw.com) (asheridan@swlaw.com); Jim Condo; Jim Rogers |
| **Subject:** | Bard - Northwestern doctors production & Other expert issues |
| **Attachments:** | Northwestern radiologists; Kinney, Kalva, and Roberts, Garcia/Streiff |

Paul,

We've had a chance to review the plaintiffs' production for the Northwestern doctors.  We think that the following issues need to be resolved by the end of this week:

- Bard thinks that all communications From: an expert when another expert appears anywhere on the To:, Cc:, or Bcc: lines of the e-mail should be produced or described on a privilege log *even if a lawyer is on the communication*.  We discussed this issue with Mark on August 24.  We are concerned that experts may have added a plaintiffs' attorney to a communication to attempt to artificially create a privileged communication when the communication reflects a discoverable discussion among the experts.  The plaintiffs' description regarding category 1 below is at odds with Bard's position.  Please let us know the plaintiffs' position on this issue.

- Although the plaintiffs represent that no communications among the Northwestern physicians fall within what is described below as category 3, Bard's position is that any such communications are discoverable.  Discussions among experts are clearly discoverable, and any communication of work product among the experts amounts to waiver because the communication substantially increased the risk that Bard would discover the information.  If the plaintiffs' position is that any such communications are protected from discovery, please let me know of any case law supporting the position.

- The plaintiffs describe what has been produced as the "Northwestern doctors production," but I am unclear about who the plaintiffs are considering the "Northwestern doctors"?  The invoices produced at Dr. Vogelzang's deposition indicate that Drs. Vogelzang, Resnick, Desai, and Lewandowski all worked on the Rule 26 reports.  Please confirm that the plaintiffs have searched the e-mail accounts for all four physicians for responsive communications.

- The communications reflect that the Northwestern doctors were using both @nm.org and @northwestern.edu e-mail addresses.  Please confirm that both e-mail accounts were searched for each doctor for responsive communications.

- The plaintiffs still have not produced communications between Drs. Garcia and Streiff.  If the plaintiffs cannot produce these communications this week, Bard will need to seek Judge Campbell's intervention, as more than 7 weeks have elapsed since the plaintiffs were ordered to produce the communications.

- The plaintiffs still have not produced communications between Drs. Kinney, Roberts, and Kalva despite sworn testimony that such communications exist.  I've been trying to get clarification from the plaintiffs since August 11 (and really much earlier) about these physicians' communications (see attached), but have heard nothing.  If the plaintiffs cannot produce responsive communications, or confirm in writing that no responsive communications exist, then Bard will need to seek Judge Campbell's intervention.

1

- We also had questions about the documents that the plaintiffs produced on Sunday:

    o NWDOCS0001 is an e-mail about a quarter of the way down page 3 of a document.  Will you please produce pages 1, 2, the other communication(s) on page 3, and any/all other communications on the chain?

    o NWDOCS0006 is the second page of an e-mail chain.  This chain does not appear to be part of the chain from NWDOCS0005.  Will you please produce page 1 of the e-mail chain?

    o NWDOCS0007 through NWDOCS0012 and NWDOCS0018 all appear to omit e-mails on the e-mail chains.  Will you please produce the full e-mails chains?

    o NWDOCS0017 is the second page of an e-mail chain.  This chain does not appear to be part of the chain from NWDOCS0016.  Will you please produce page 1 of the e-mail chain?

- On a related issue that we've been discussing with the plaintiffs in conjunction with the production of expert communications, since June 30, we have asked for the plaintiffs to produce invoices for Dr. Kinney.  To date, however, we have not received the invoices despite multiple assurances that they would be produced.  Please produce Dr. Kinney's invoices to date.

- Similarly, NWDOCS0003 references a June 7 invoice from the Northwestern doctors that the plaintiffs have not produced.  Please produce this invoice.

- Finally, at Dr. Kinney's deposition, he brought a graph that was marked as Exhibit 7 to the deposition.  We have repeatedly requested a native copy of the graph, and Ramon informed us that he would let us know about a production.  As we previously and repeatedly requested, please either produce the native file, or identify any legal authority that plaintiffs have to support their refusal to do so.  In any event, the copy of the graph that Dr. Kinney brought to the deposition is illegible in several areas, and Bard again requests a fully legible copy.

Will you also please let me know the plaintiffs' availability later this week and next week for a conference with Judge Campbell about any unresolved issues? Some of these issues have remained unresolved for <u>over two months.</u>

-Matthew


**From:** Stoller, Paul L. [mailto:paul.stoller@gknet.com]
**Sent:** Sunday, September 3, 2017 2:26 PM
**To:** Matthew Lerner <matthew.lerner@nelsonmullins.com>
**Cc:** Ramon Lopez (rlopez@lopezmchugh.com) <rlopez@lopezmchugh.com>; O'Connor, Mark S. <mark.oconnor@gknet.com>; Lewis (rlewis@hausfeld.com) <rlewis@hausfeld.com>; Rotman (srotman@hausfeld.com) <srotman@hausfeld.com>; Wendy Espitia (wespitia@lopezmchugh.com) <wespitia@lopezmchugh.com>; Richard North <richard.north@nelsonmullins.com>; Matt Brown <Matt.Brown@nelsonmullins.com>; Kate Helm <Kate.Helm@nelsonmullins.com>; Sheridan, Amanda (asheridan@swlaw.com) (asheridan@swlaw.com) <asheridan@swlaw.com>; Jim Condo <jcondo@swlaw.com>
**Subject:** Bard - Northwestern doctors production

Matthew-

Attached are the communication documents for the Northwestern doctors that are not protected from discovery by Federal Rule of Civil Procedure 26(b)(4)(C).  We have redacted portions of the emails that included attorney-expert communications that do not fall within the exceptions (i)-(iii) of Rule 26(b)(4)(C); those redactions are indicated on the documents and we have attached a redaction log.

We reviewed all communications involving these experts related to this matter and categorized them as follows:

1. Expert-to-attorney or attorney-to-expert and communications (regardless of whether other experts are copied on the communication) that do not include or address any of the exceptions identified in FRCP 26(b)(4)(C).
2. Expert-to-attorney or attorney-to-expert and communications that include or address the exceptions identified in FRCP 26(b)(4)(C).
3. Expert-to-expert communications that include work-product communications from attorney(s) [e.g. discussing work-product/strategy information provided by attorneys to the experts].
4. Expert-to-expert communications that do not include work-product communications from attorney(s).

The vast majority of the emails fall within category 1.  Because those communications are voluminous and they are blanketly protected by Rule 26(b)(4)(C), we have not individually logged those communications.

We have produced in the attached set of documents all communications that fall in categories 2 and 4.  There are no communications that fall within category 3.

Paul



2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016-9225
602-530-8000 | www.gknet.com

**Paul L. Stoller**
Attorney Profile
paul.stoller@gknet.com
602-530-8220

This message and any of the attached documents contain information from the law firm of Gallagher & Kennedy, P.A. that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information, and no privilege has been waived by your inadvertent receipt. If you have received this transmission in error, please notify the sender by reply e-mail and then delete this message. Thank you.

# EXHIBIT C

| From: | Matthew Lerner |
|---|---|
| Sent: | Friday, September 8, 2017 12:18 PM |
| To: | Stoller, Paul L. |
| Cc: | O'Connor, Mark S.; Ramon Lopez (rlopez@lopezmchugh.com); Wendy Espitia (wespitia@lopezmchugh.com); Richard North; Sheridan, Amanda (asheridan@swlaw.com); Jim Condo; Matt Brown; Jim Rogers |
| Subject: | RE: Bard - Streiff/Garcia docs & Other Expert Issues |
| Attachments: | Bard - Northwestern doctors production & Other expert issues |

Paul,

Thanks you for the production.  After review, I have several questions:

- As with the Northwestern production, just about all of these e-mails have large pieces of white space, which appear to be e-mails that have not been produced or put onto a privilege log.  Please clarify what these white spaces are, and produce a privilege log for them, as appropriate, for any withheld communications involving the plaintiffs' experts.

- On S&GDOCS002, the plaintiffs redacted a communication from David Garcia on the basis that it communicated attorney work product.  Discussions among experts are clearly discoverable, however, and therefore any communication of work product among the experts amounts to waiver because the communication substantially increased the risk that Bard would discover the information.  Please provide us with any case law that you have supporting your assertion of work product.

- Dr. Garcia used multiple e-mail addresses (@uw.edu and @gmail.com).  Please confirm that both e-mail accounts were searched for responsive communications.

- I am uncertain based on the production and your e-mail below as to whether there were any communications "From:" an expert involving counsel and another expert.  As I've mentioned several times, Bard's position is that all such communications should be put on a privilege log if the plaintiffs claim that they are protected.  CMO-26 specifically says, "Plaintiffs shall produce communications among their experts to Defendants.  If Plaintiffs conclude that any such communications are properly withheld, they shall provide Defendants with a privilege log that identifies the specific basis on which Plaintiffs' conclude that the communications are protected under Rule 26(b)."  Please let us know the plaintiffs' position about this issue.

Finally, regarding my September 5 e-mail to the plaintiffs (attached), I have not received anything in response.  Please respond to the issues that I raised in that e-mail and provide the plaintiffs' availability next week so that the parties can discuss unresolved issues with Judge Campbell, if needed.

Have a nice weekend.

Matthew



NELSON MULLINS

MATTHEW B. LERNER  PARTNER

1

matthew.lerner@nelsonmullins.com

**ATLANTIC STATION | SUITE 1700**

**201 17TH STREET NW | ATLANTA, GA 30363**

T 404.322.6158   F 404.322.6050

**NELSONMULLINS.COM   VCARD   VIEW BIO**

**From:** Stoller, Paul L. [mailto:paul.stoller@gknet.com]
**Sent:** Thursday, September 7, 2017 4:56 PM
**To:** Matthew Lerner <matthew.lerner@nelsonmullins.com>
**Cc:** O'Connor, Mark S. <mark.oconnor@gknet.com>; Ramon Lopez (rlopez@lopezmchugh.com)
<rlopez@lopezmchugh.com>; Wendy Espitia (wespitia@lopezmchugh.com) <wespitia@lopezmchugh.com>
**Subject:** Bard - Streiff/Garcia docs

Matthew-

Attached are the Steiff and Garcia communications and a redaction log for the redaction to one of the emails.

As with the Vogelzang and Desai documents, we have not produced any communications from attorney to expert or expert to attorney pursuant to Rule 26(b)(4)(C). There are no documents/communications that fall within the exceptions under the Rule.

We have produced the attached redaction log for the one expert-to-expert communication that has been redacted.  There are no other expert-to-expert communications involving these doctors relating to this litigation.

Paul



**Paul L. Stoller**
Attorney Profile
paul.stoller@gknet.com
602-530-8220

2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016-9225
602-530-8000 | www.gknet.com

This message and any of the attached documents contain information from the law firm of Gallagher & Kennedy, P.A. that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information, and no privilege has been waived by your inadvertent receipt. If you have received this transmission in error, please notify the sender by reply e-mail and then delete this message. Thank you.