1  James R. Condo (#005867)
   Amanda C. Sheridan (#027360)
2  SNELL & WILMER L.L.P.
   One Arizona Center
3  400 E. Van Buren, Suite 1900
   Phoenix, AZ 85004-2204
4  Telephone: (602) 382-6000
   jcondo@swlaw.com
5  asheridan@swlaw.com

6  Richard B. North, Jr. (admitted *pro hac vice*)
   Georgia Bar No. 545599
7  Matthew B. Lerner (admitted *pro hac vice*)
   Georgia Bar No. 446986
8  NELSON MULLINS RILEY & SCARBOROUGH LLP
   Atlantic Station
9  201 17th Street, NW, Suite 1700
   Atlanta, GA 30363
10 Telephone: (404) 322-6000
   richard.north@nelsonmullins.com
11 matthew.lerner@nelsonmullins.com

12 *Attorneys for Defendants*
   *C. R. Bard, Inc. and*
13 *Bard Peripheral Vascular, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' RESPONSE TO JONES PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' THIRTEENTH AFFIRMATIVE DEFENSE** |
| DORIS JONES and ALFRED JONES, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>C. R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, INC., an Arizona corporation,<br><br>Defendants. | (Assigned to the Honorable David G. Campbell) |

Pursuant to Fed. R. Civ. P. 56(c), Local Rule 56.1, and Case Management Order No. 23 (Doc. 5770), Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") do not oppose the Jones Plaintiffs' Motion for Partial Summary Judgment as to Defendants' Thirteenth Affirmative Defense (Doc. 7369).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND BACKGROUND

Under Georgia law, the plaintiff bears the burden, as a part of proving proximate cause, that the defendant's product reached the user without substantial change in the condition in which it is sold. As a result, and as Bard explained in its response to Plaintiffs during the meet and confer process, this is not a true affirmative defense and Bard simply reserved its right to argue that Plaintiffs have not met their burden of proof. Regardless, Plaintiffs moved for summary judgment based on the incorrect assumption that Bard bears the burden of proof at trial.

The parties agree that neither party has knowledge about what happened to the Eclipse™ filter after it left the possession, custody, and control of Bard but before implantation in Mrs. Jones. (Pl. Br. At 2.) But, Plaintiffs' failure to establish that the Eclipse filter was properly stored by the hospital before being used to treat Mrs. Jones should not foreclose Bard from arguing that Plaintiffs failed to meet their burden of proof. Bard will withdraw its affirmative defense, but does not waive its right to argue that Plaintiffs have not met their burden of proof at trial.

### II. ARGUMENT AND CITATION OF AUTHORITY

**A. Plaintiffs Must Prove At Trial That The Eclipse Filter Reached The Implanting Physician Without Substantial Change.**

Plaintiffs' argument that Bard bears the burden at trial of proving the Eclipse filter was changed or modified appears to rest on a single phrase in *Talley v. City Tank Corp.*, 279 S.E.2d 264 (Ga. App. 1981) that "a manufacturer is entitled to demonstrate" that an alleged defect is the result of a modification. *Id.* at 270. As an initial matter, the plain reading of this phrase is permissive, and cannot be read to shift the burden of proving

- 1 -

proximate cause from the plaintiff to disproving proximate cause to the defendant.

Moreover, the lengthy discussion in *Tally* leading up to that phrase makes clear that the burden rests with the plaintiff as part of proving proximate cause. In *Talley*, the Georgia Court of Appeals affirmed summary judgment as to the appellant-plaintiff's design defect claims for lack of proximate cause because "[w]hether proceeding under a strict liability or a negligence theory, 'proximate cause' is a necessary element of appellant's case." *Id*. at 269. In *Talley*, the court explained that "[w]hen a manufacturer is sued under [the Georgia product liability statute] for injuries proximately resulting from a defect in the design of his product existing at the time of sale, obviously if the design of that product has been independently altered, eliminated and replaced by a third party after the sale and injuries then result, those injuries cannot be traced to or be the proximate result of the manufacturer's original design which did not exist at the time of injury." *Id*. at 269. Thus, in the context of the manufacturer's motion for summary judgment, *as the moving party*, the *Talley* court stated that "when the alleged defect in a product is the absence of safety features, a manufacturer is entitled to demonstrate that this alleged defect is ultimately based upon the failure of an integral part of the overall product, the original design of which component has been independently eliminated and replaced by another and that there is thus no causal connection between any defect in the product existing at the time of sale and the injury." *Id*. at 270.

Moreover, the *Talley* court quoted the Restatement Second of Torts Section 402A, which states that "[o]ne of the conditions for imposition of strict liability against a manufacturer of 'defective' products is that the product 'is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.'" *Talley,* 279 S.E.2d at 269 (quoting Restatement of the Law, Torts 2d, 348, § 402A.). Comment g to that provision states that "[t]he burden of proof that the product was in a defective condition at the time that it left the hands of the particular seller is upon the injured plaintiff; and unless evidence can be produced which will support the conclusion that it was then defective, the burden is not sustained."

This is consistent with more recent Georgia Court of Appeals decisions after *Talley* placing the burden on the plaintiff to establish the product reached the plaintiff in the same condition as its manufacture. In *Sheats v. Kroger Co.*, 784 S.E.2d 442 (Ga. App. 2016), related to claims of defective packaging, the Georgia Court of Appeals explained that "although [the plaintiff] points to evidence about the condition of the package at the time she removed it from the store shelf, she is unable to prove that there was an original design or manufacturing defect that existed at the time it left [the manufacturer's] possession. Instead, it is just as likely that the problem that caused the package's bottom flap to open occurred because of something that was not related to its manufacture that occurred at some point after the package left [the manufacturer's] possession." *Id.* at 446. "Consequently, [the plaintiff] *cannot meet her burden of proving, by a preponderance of the evidence*, that the package was defective when it left [the manufacturer's] possession." *Id.* at 447 (emphasis added). *See also, Miller v. Ford Motor Co.*, 653 S.E.2d 82, 84 (Ga. App. 2007) ("In order to establish a negligent manufacturing claim, the plaintiff must come forward with evidence that, among other things, there was a defect in the product when it left the manufacturer that was caused by the manufacturer's negligence.") (citations omitted); *Jenkins v. Gen. Motors Corp.*, 524 S.E.2d 324, 325 (Ga. App. 1999) ("There are several plausible explanations for the brake failure, including negligent brake repair or excessive trailer weight. The failure of the brakes in this instance is not evidence that the brakes were defective when [the truck left the manufacturer].").

Lastly, Georgia's approach is consistent with federal courts in this jurisdiction. *See e.g.*, *Allstate Ins. Co. v. Ford Motor Co.*, No. CV-08-2276-PHX-NVW, 2010 WL 1654145, at *19 (D. Ariz. Apr. 21, 2010) ("Allstate argues, and Ford concedes, that there is insufficient evidence to support the affirmative defenses of product modification and misuse under A.R.S. § 12–683. However, Ford argues that it may nevertheless offer evidence of vehicle modifications and neglect to negate Allstate's circumstantial evidence that the ABS control module was defective when it left Ford's control. While Ford bears the burden of proving modifications and misuse as complete defenses, Allstate bears the

burden of proving that the product was defective when it left Ford's control. There is a distinction between using evidence to satisfy one's own burden of proof and using it to demonstrate that the opposing party has failed to satisfy its burden of proof. Ford seeks to do only the latter, which is permissible."); *Geurin v. Winston Indus., Inc*., 316 F.3d 879, 885 (9th Cir. 2002) (vacating partial summary judgment, final judgment, and remanding for further proceedings and finding that "[t]he district court's dismissal of Winston's affirmative defense of third-party liability meant that Winston could not attempt to prove that there were third parties who had a duty to plaintiff that they breached, causing Geurin's injuries. Whatever the merits of that holding, it is totally irrelevant to the issue of Winston's right to defend itself by disproving an essential element of Geurin's claim—proximate cause."). As a result, Bard will withdraw its affirmative defense, but does not waive its right to argue that Plaintiffs have not met their burden of proof at trial regarding whether the Eclipse filter reached the user without substantial change in the condition in which it is sold.

### III.   CONCLUSION

For these reasons, Bard does not oppose Plaintiffs' Motion for Partial Summary Judgment, but reserves its right to argue that Plaintiffs have not met their burden of proof regarding proximate cause.

RESPECTFULLY SUBMITTED this 2nd day of October, 2017.

s/ Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#027360)
SNELL & WILMER L.L.P.

One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

- 5 -

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of October, 2017, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

                                           s/Richard B. North, Jr.
                                           Richard B. North, Jr.

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000