Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Paul L. Stoller (016773) – paul.stoller@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
602-530-8000

*Attorneys for Plaintiffs Doris and Alfred Jones*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-DGC |
| DORIS JONES and ALFRED JONES, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation,<br><br>Defendants. | Case No: 2:16-cv-00782<br><br>**PLAINTIFFS' CONTROVERTING STATEMENT OF FACTS TO DEFENDANTS' SEPARATE STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFFS DORIS AND ALFRED JONES'S CLAIMS**<br><br>(Assigned to the Honorable David G. Campbell) |

In response to each of the paragraphs in Defendants' Separate Statement of Facts ("Bard SOF") [Doc. 7352], Plaintiffs Doris and Alfred Jones respond as follows:

1. Plaintiff Doris Jones received a Bard Eclipse® Filter (the "Filter") ███████████████████████████████████████████ (Ex. A, Plaintiff Fact Sheet of Plaintiff Doris Jones (hereinafter "PFS"), at §§ II.2(a), II.3; Ex. B, Selected Plaintiff Medical Records, at JONESD_MUMC_MDR01287-88).

   **Plaintiffs' Response:** Admit.

2. The Filter is not sold directly to patients. (Ex. C, Eclipse Filter Instructions for Use (the "Eclipse IFU") at page 1.)

   **Plaintiffs' Response:** **Disputed. Defendants' exhibit does not support their assertion of fact as required by Rule 56(c). The Eclipse IFU cited by**

1  **Defendants states, "Caution: Federal (U.S.A.) law restricts this device to sale by or**
2  **on the order of a physician."  The Eclipse IFU does not support Defendants'**
3  **contention that the Filter is not (or cannot be) sold directly to patients.  Further, the**
4  **Plaintiff was billed for her Eclipse IFU.  See JONES_MUMC_BIL00064, attached as**
5  **Exhibit 1.  Defendants' statement is silent as to the identity of the seller at issue.**

6  3. In 2006, before the Filter was implanted, Mrs. Jones experienced ▇▇▇
7  ▇▇▇
8  ▇▇▇. (Ex. B, Selected Plaintiff
9  Medical Records, at JONESD_UFHJ_MDR00266).

10  **Plaintiffs' Response:**    Admit

11  4. In 2009, Mrs. Jones was ▇▇▇
12  ▇▇▇ (*Id.* at JONESD_MUMC_MDR01548-1549).

13  **Plaintiffs' Response:**    Admit ▇▇▇
14  ▇▇▇.

15  5. Despite her doctors' earlier advice, ▇▇▇
16  ▇▇▇
17  ▇▇▇ (*Id.* at JONESD_MUMC_MDR00452-456).

18  **Plaintiffs' Response:**    Dispute ▇▇▇
19  ▇▇▇
20  ▇▇▇
21  ▇▇▇
22  ▇▇▇
23  ▇▇▇. *Id.* Plaintiffs admit that Doris Jones ▇▇▇
24  ▇▇▇.

25  6. She had also previously been told ▇▇▇
26  ▇▇▇ (*Id.* at JONESD_MUMC_MDR00723).

27  **Plaintiffs' Response:**    Dispute ▇▇▇ **Mrs.**
28  **Jones was not able to obtain treatment or medical care of any kind due to her**

1  **financial situation and lack of health insurance, not because of any refusal to seek**
2  **care.  Transcript of deposition of Shanice Matthews, dated Aug. 7, 2017, attached as**
3  **Ex. 2, at 15:18-23; Transcript of deposition of Sharese May, dated Aug. 7, 2017,**
4  **attached as Ex. 3, at 42:4-16.  The record Bard cites is not competent evidence of this**
5  **alleged fact.[1]**

6  　　　7.　　　In August 2010, Mrs. Jones ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
7  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
8  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*Id.* at
9  JONESD_MUMC_MDR01287-88).

10  　　　**Plaintiffs' Response:**　　　**Disputed** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
11  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
12  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
13  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

14  　　　8.　　　Mrs. Jones' implanting physician, Dr. Anthony Avino, ▓▓▓▓▓▓
15  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
16  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
17  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. D,
18  March 23, 2017, Deposition Transcript of Anthony Avino, M.D. ("Avino Dep. Tr.") at
19  110:22 to 113:25.)

20  　　　**Plaintiffs' Response:**　　　**Objection; this statement mischaracterizes Dr.**
21  **Avino's testimony.  Subject to that objection, Plaintiffs dispute this alleged fact.**
22  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
23  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
24  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
25  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

[1] Plaintiffs admit that the referenced documents contains statements attributed to Doris Jones, but there is no competent medical evidence this actually happened.  But given the alleged fact's utter irrelevance to any argument on summary judgment by either party, Plaintiffs will not burden the Court with additional filings.

1  ████████████████████████████████████████████████████
2  ██████████████████████████████████████████████████████
3  ████
4      9.   █████████████████████████████████████████████
5  ████████████████████████ (Ex. B, Selected Plaintiff Medical Records, at
6  JONESD_MUMC_MDR01287-88).
7      **Plaintiffs' Response:**   **Dispute this is an accurate quote. The relied-upon**
8  **document states Mrs. Jones** ████████████████████████████████████████
9  ████████████████████████████████████████████ ***See* Bard SOF Ex. B**
10 **at JONESD_UFHJ_MDR01287 (emphasis supplied).**
11     10.  Dr. Avino testified that ████████████████████████████
12 ██████████████████████████████████████████████████████
13 (*Id.* at ¶ #). ██████████████████████████ (Ex. D, Avino Dep. Tr. at 54:14 to
14 55:8.)
15     **Plaintiffs' Response:**   **Objection; this statement mischaracterizes Dr.**
16 **Avino's testimony. Subject to that objection, Plaintiffs dispute this alleged fact. Dr.**
17 **Avino testified that he did not recall such a discussion with Mrs. Jones.** ████
18 █████
19 ████████████████████████████
20 ████████████████████████████
21 ████████████████████████████
22 ████████████████████████████
23 **Bard SOF Ex. D at 54:14-23. He further testified.**
24 ████████████████████████████
25 ████████████████████████████
26 ████████████████████████████
27 ***Id.* at 55:9-15. Additionally, it was Alfred Jones—not Doris Jones—who spoke with**
28 **Dr. Avino,** ████████████████████████████████████████████

4

1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **Transcript of deposition of Doris**
2 **Jones, dated Feb. 3, 2017, attached as Ex. 4, at 33.  Alfred Jones recalls the**
3 **conversation with Dr. Avino and its contents.  Transcript of deposition of Alfred**
4 **Jones, dated Feb. 3, 2017, attached as Ex. 5, at 23-25.**

5      11.   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. B, Selected Plaintiff Medical
6 Records, at JONESD_MUMC_MDR01287-88).

7      **Plaintiffs' Response:**   **Admit.**

8      12.   Dr. Avino testified that he does not recall ever reading the IFU. (Ex. D,
9 Avino Dep. Tr. at 47:21-23)

10      **Plaintiffs' Response:**   **Objection; mischaracterizes Dr. Avino's testimony.**
11 **Subject to that objection, Plaintiffs dispute this alleged fact.  Dr. Avino testified while**
12 **he didn't "read them on every package, because they're the same from the same**
13 **device," he did read and was familiar with the IFUs for Bard's IVC filters.  Bard**
14 **SOF Ex. D at 47:11-20.  He could not specifically recall whether he had read the IFU**
15 **for the Eclipse IVC filter.**  *Id.* **at 47:21-23.  Moreover, the warnings and potential**
16 **complications in the IFUs for the Eclipse and its two immediately preceding devices**
17 **(G2X and G2) are identical with respect to the issues here.**  *See* **Plaintiffs' Omnibus**
18 **Statement of Facts, filed contemporaneously, ¶¶ 278-282.**

19      13.   Dr. Avino was "generally familiar with IVC filter IFUs, if they warn of
20 things like fractures, migration, perforation, tilt; complications like that," and began
21 implanting IVC filters during his residency, 20 years before he implanted Mrs. Jones'
22 filter. (*Id.* at 8:16-23; 29:15-25; 48:2-7.)

23      **Plaintiffs' Response:**   **Admit except to the extent Bard is suggesting this is**
24 **the limit of Dr. Avino's familiarity with IFUs for IVC filters.**  *See* **Response to Bard**
25 **SOF ¶ 12, above.**

26      14.   The Eclipse IFU applicable in August 2010 (when Plaintiff received her
27 Filter) included the following warnings:
28        •   Under the bolded heading "**Warnings**" the Eclipse® IFU reads as follows:

|   |   |
|---|---|
| 1 | • Filter fractures are a known complication of vena cava filters. There have been some reports of serious pulmonary and cardiac complications with vena cava filters requiring the retrieval of the fragment utilizing endovascular and/or surgical techniques. |

(Ex. C, Eclipse IFU at p. 2.)

**Plaintiffs' Response:**     **Admit that the quoted language appears in the Eclipse IFU under the heading warnings.  Bard fails to indicate that the quoted language is listed as item 11 of 14.  See Bard SOF Ex. C at 2.**

15.   This warning is repeated under the bolded heading "**Potential Complications**", which also adds that:

\* \* \*

**All of the above complications have been associated with serious adverse events such as medical intervention and/or death. There have been reports of complications including death, associated with the use of vena cava filters in morbidly obese patients. The risk/benefit ratio of any of these complications should be weighed against the inherent risk/benefit ration for a patient who is at risk of pulmonary embolism without intervention.**

(*Id.* at pp. 2-3.)

**Plaintiffs' Response:**     **Disputed.  Bard has not fully and correctly quoted the document.  The correct quote begins: "All of the above complications <u>may be</u> associated with serious adverse events. . ."  See Bard SOF Ex. C at 3 (emphasis added).  Otherwise, Plaintiffs admit that the quoted language (except for a typo in the word "ratio") appears in the Eclipse IFU under the heading Potential Complications.**

16.   The "Clinical Experience" section notes the number of fracture observed during the clinical study of one hundred patients. (*Id.* at p. 4.)

**Plaintiffs' Response:**     **Admit**

17.   In April 2015, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Ex. B, Selected Plaintiff Medical Records, at JONESD_MUMC_MDR00007-00011.)

6

1 | **Plaintiffs' Response:   Admit**
2 |
3 | **Plaintiffs dispute**
4 |
5 |
6 |
7 | **Bard SOF Ex. B at JONESD_MUMC_MDR00007 (emphasis added).**
8 |    18.
9 | (*Id.* at JONESD_MUMC_MDR00114-115.)
10 | **Plaintiffs' Response:   Admit**
11 |
12 |
13 |
14 |    19.
15 | (*Id.*; *Id.* at JONESD_MUMC_MDR00065.)
16 | **Plaintiffs' Response:   Disputed.**
17 |
18 | **Bard**
19 | **SOF Ex. B at JONESD_MUMC_MDR00005.  Additionally, the full quote of the**
20 | **record on which Bard relies reads as follows:**
21 |
22 |
23 |
24 |
25 | *Id.* **at JONESD_MUMC_MDR00065.  It is not clear what the doctor meant by**
26 |
27 |    20. (*Id.*
28 | at JONESD_MUMC_MDR00004-6).

7

1    **Plaintiffs' Response:**     **Disputed.** ████████████████

2    ████████████████████████████████████████████████

3    ████████████████████████████████████████████████

4    ████████████████████████████████████████████████

5    ████████████████████████████████████████████████

6    ██

7        21.    Plaintiff's expert, Dr. Muehrcke, acknowledges that all IVC filters are known to have potential complications, including filter fracture, migration, tilt, and perforation. (Ex. E, July 24, 2017 Dr. Derek Muehrcke Deposition Transcript ("Muehrcke Dep. Tr."), at 55-22 to 57:9.)

    **Plaintiffs' Response:**     **Admit.**

    22.    The plaintiffs' engineering expert testified that he is not aware of any IVC filter that has been developed that is complication free, (Ex. F, July 19, 2016 Dr. Robert McMeeking Deposition Transcript, at 133:19 to 134:19), nor is he aware of any implantable medical device that is one hundred percent complication free. (Ex. G, April 22, 2014 Dr. Robert McMeeking Deposition Transcript, at 149:9-13).

    **Plaintiffs' Response:**     **Objection; the questioner failed to establish adequate foundation for the testimony.  Subject to that objection, disputed.  Bard's alleged fact misstates Dr. McMeeking's testimony.  Dr. McMeeking testified that it was possible for an IVC filter to be complication-free.  Bard SOF Ex. F at 134:3-7.  Additionally, he never testified that he was unaware of a complication-free device; rather, he testified that he lacked the data:**

> **Q:**    And nobody has created an IVC filter that is complication free, have they? No company?
> **[Objections]**
> **A:**    I'm not sure.  I don't – I don't have the data.

***Id.*** **at 134:15-19.**

    23.    As the plaintiffs' experts recognize, "[e]very filter can have a complication;" therefore, it would be "unrealistic" for a physician implanting a Bard IVC filter to expect

8

that the filter would never migrate, tilt, perforate, or fracture. (Ex. E, Muehrcke Dep. Tr. at 102:16 to 103:2).

**Plaintiffs' Response:** **Disputed. Bard has failed to establish that this alleged position is held by multiple of "plaintiffs' experts." Bard cites testimony from a single expert. In response to the question of whether he believed that "a physician implanting a Bard filter has an expectation that under no circumstances, in no scenario, no matter what happens, that filter will not migrate," Dr. Muehrcke testified "that's an unrealistic expectation." Dr. Muehrcke was then asked "And the same would be true as to tilt, perforation, or fracture?" He answered "Every filter can have a complication." Bard SOF Ex. E at 102:16-103:2.**

24. The Filter was cleared by the FDA for retrievable use on January 14, 2010, through the 510(k) process outlined in the Food, Drug, and Cosmetic Act. (Ex. H, August 29, 2005 FDA Clearance Letter[2]).

**Plaintiffs' Response:** **Admit. [Plaintiffs note that the reference appears to include a typo as to the date of the FDA Clearance letter.]**

RESPECTFULLY SUBMITTED this 2nd day of October 2017.

                                  GALLAGHER & KENNEDY, P.A.

                                  By:*/s/ Paul L. Stoller*
                                      Mark S. O'Connor
                                      Paul L. Stoller
                                      2575 East Camelback Road
                                      Phoenix, Arizona  85016-9225

                                  *Attorneys for Plaintiffs*

---

[2] Available at https://www.accessdata.fda.gov/cdrh_docs/pdf9/K093659.pdf, last accessed August 25, 2017.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of October 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

                                             */s/ Deborah Yanazzo*

6201719/26997-0001