UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BARD IVC FILTERS PRODUCTS
LIABILITY LITIGATION

MDL No. 2641

(SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO –60)

On August 17, 2015, the Panel transferred 22 civil action(s) to the United States District Court for the District of Arizona for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 122 F.Supp.3d 1375 (J.P.M.L. 2015). Since that time, 106 additional action(s) have been transferred to the District of Arizona. With the consent of that court, all such actions have been assigned to the Honorable David G. Campbell.

It appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the District of Arizona and assigned to Judge Campbell.

Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. § 1407 to the District of Arizona for the reasons stated in the order of August 17, 2015, and, with the consent of that court, assigned to the Honorable David G. Campbell.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of Arizona. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7–day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is pending at this time, the stay is lifted.

Oct 24, 2017

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**IN RE: BARD IVC FILTERS PRODUCTS
LIABILITY LITIGATION**

MDL No. 2641

### SCHEDULE CTO-60 − TAG-ALONG ACTIONS

| **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
|---|---|---|---|
| NEW YORK SOUTHERN | | | |
| NYS | 1 | 17-07878 | Pasha et al v. C.R. Bard Inc. et al |