1   Ramon Rossi Lopez - rlopez@lopezmchugh.com
2   (California Bar Number 86361; admitted *pro hac vice*)
    Lopez McHugh LLP
3   100 Bayview Circle, Suite 5600
    Newport Beach, California  92660
4   949-812-5771

5
    Mark Stephen O'Connor (011029) – mark.oconnor@gknet.com
6   Gallagher & Kennedy, P.A.
    2575 East Camelback Road
7   Phoenix, Arizona  85016-9225
8   602-530-8000

9   *Co-Lead/Liaison Counsel for Plaintiffs*

10                IN THE UNITED STATES DISTRICT COURT

11
                   FOR THE DISTRICT OF ARIZONA
12

13  | In Re Bard IVC Filters Products | No. MD-15-02641-PHX-DGC |
    | Liability Litigation | |
14
                                      **PLAINTIFFS' OPPOSITION TO**
15                                    **DEFENDANTS' MOTION AND**
                                      **MEMORANDUM TO SEAL RELATING**
16                                    **TO PLAINTIFFS' RESPONSES TO**
                                      **DEFENDANTS MOTIONS TO EXCLUDE**
17                                    **PLAINTIFFS' EXPERTS**

18

19  **I.      INTRODUCTION**

20          Plaintiffs hereby oppose C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.

21  (Collectively referred to as "Bard") Motion and Memorandum to Seal Relating to Plaintiffs'

22  Responses to Defendants' Motions to Exclude Plaintiffs' Experts ("Responses and

23  Exhibits") and request this Court refrain from sealing the documents at issue as Defendants

24  offer no sufficient justification to seal documents in this matter.

25          Bard has asked this Court for the "exceptional" remedy of sealing documents from

26  the public in derogation of the common law and First Amendment rights of access to judicial

27  documents.

28

1
2
3
4
5
6

Although Bard's brief does not address this point, Bard has put the very documents it seeks to seal at issue. Bard filed *Daubert* motions in every bellwether action against most of Plaintiffs' experts, and Plaintiffs' rely on these experts to support their Responses to Bard's Motions for Summary Judgments. The documents that Bard urges the Court to seal are not only relevant, but necessary for Plaintiffs to fully and properly respond to Bard's motions seeking to defeat Plaintiffs' causes of action and exclude Plaintiffs' experts.

7
8
9
10
11
12
13
14
15

The Motions before the Court and the documents at issue in Bard's Motion to Seal are of significant importance to the public in general, and particularly to these Plaintiffs and the thousands of other individuals in this litigation who allege harm by Bard's defective products. This is a critical health safety litigation with significant stakes and a national scope, and these are the first cases before the MDL court to reach the *Daubert* motion stage. Bard has represented to this Court – and the Plaintiffs, the public, and everyone with an interest in this litigation - that several of Plaintiffs' experts have no factual support for their testimony. This is not true.  In fact, Plaintiffs' experts have reviewed and relied on many Bard internal documents which Bard did not provide to its own experts.

16
17
18
19
20
21
22
23
24
25
26

Bard requests to redact a total of thirty (34) Responses and Exhibits listed in Ex. A to Defendants' Motion and Incorporated. Memorandum To Seal (discussed in detail within this brief); Bard's Motion should be denied for the following reasons: (1) Defendants failed to meet the burden to show "compelling reasons" based on specific facts that demonstrate real and actual harm or hardship that will result from disclosure for the Response and Exhibits related to Robert McMeeking, PhD. and Derek Muehrcke, M.D.; (2) Defendants failed to show that "good cause" to exist to seal their documents related to Plaintiffs' Responses and Exhibits for Rebecca Betensky, Ph.D, David Garcia, M.D., Michael Streiff, M.D., and Suzanne Parisian, M.D.; (2) the documents are neither trade secrets nor confidential information; speculative commercial harm is insufficient to seal information and the public is entitled to a right to access these Responses and Exhibits.

27
28

1

## II.   ARGUMENT

### A.   THE PROTECTIVE ORDER IS INSUFFICIENT ON ITS OWN TO ESTABLISH THAT THESE DOCUMENTS SHOULD BE FILED UNDER SEAL

On November 9, 2015, the Court granted a stipulated blanket protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure. (Dkt. No. 268). The Order provided a broad definition of what information could meet the "good cause" standard under Rule 26 and allowed Bard to self-designate <u>discovery materials</u> as protected:

> The parties, through their respective counsel, stipulate to the entry of a protective order to govern the dissemination of documents, materials, and other information, including the substance and content thereof, designated by any party as confidential and produced by any party in support of motions, in response to written discovery, or during any formal or informal discovery in this litigation subject to the terms as set forth below.

Courts frequently enter umbrella or blanket protective orders to govern voluminous productions to expedite discovery efforts rather than requiring a showing of good cause on a document-by-document basis for all responsive documents produced at the outset of litigation. *United States ex rel. Brown v. Celgene Corp.*, 2016 WL 6542729, at \*4 (C.D. Cal. Mar. 14, 2016). Therefore, the protective order in this case did not modify Bard's burden to provide particularized showing of good cause with respect to any individual documents or address Bard's burden regarding establishing compelling reasons when seeking to seal dispositive motions, or *Daubert* motions submitted "in connection with" pending motions for summary judgment. *See*, *San Jose Mercury News, Inc. v. U.S. Dist. Court—Northern Strict (San Jose),* 187 F.3d 1096 (9th Cir. 1999); *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1120–21 (9th Cir. 2012).

First, Bard seeks an overly broad application of the protective order by requesting protection for documents that were never subject to the discovery process, such as expert reports and schedules. Next, Bard presumes the Order only affords protection for them and overlooks that the language of the Order also provides relief to Plaintiffs; Plaintiffs rely on

1     paragraph 22, "Challenges to Designation of Confidential Information," to support their

2     opposition and to challenge the sealing of their Responses and Exhibits based on Bard's

3     failure to show "good cause" along with the First Amendment right to access.[1]

4        "Though a stipulated protective order may provide documents designated as

5     confidential are presumptively protected, a party's calling a document confidential pursuant

6     to a protective order does not make it so when it comes to filing the document with the

7     court." *Tillman v. C.R. Bard, Inc.*, 297 F.R.D. 660, 665 (M.D. Fla. 2014)(quoting *Joao Bock*

8     *Transaction Sys., LLC v. Fidelity Nat. Info. Servs. Inc.*, Case No. 3:13-cv-223-J-32JRK,

9     2014 WL 279656, at \*1 (M.D. Fla. Jan. 24, 2014)).  As such, Plaintiffs challenge the

10    designation of the Documents at Issue, and assert that protective orders are insufficient on

11    their own to establish that documents should be filed under seal.

12
13
14
15

       **B.**      **BARD CANNOT MEET THE HEAVY "COMPELLING REASONS" BURDEN REQUIRED TO JUSTIFY SEALING DOCUMENTS SUPPORTING THEIR DAUBERT RESPONSES AND EXHIBITS WHICH FORM THE BASIS OF PLAINTIFFS' RESPONSES TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGEMENT.**

16
17

       **1.**      **The "Compelling Reasons" Standard Applies To *Daubert* Motions Submitted "In Connection With" Pending Motions For Summary Judgment.**

18         The "compelling reasons" standard applies not only to motions for summary

19    judgment, but also to *Daubert* motions submitted "in connection with" pending motions for

20    summary judgment because "exclusion of expert testimony could cause a crippling blow to

21    the sponsoring party's ability to prove its case." *See, Open Text S.A. v. Box, Inc.,* 13-CV-

22    04910-JD, 2014 WL 7368594, at \*2 (N.D. Cal. Dec. 26, 2014)(*citing In re Midland Nat.*

23    *Life Ins. Co. Annuity Sales Practices Litig*., 686 F.3d 1115, 1120–21 (9th Cir. 2012).

24

25

26
27
28

[1] There is a default common law right of access to records in civil proceedings. *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 597, 55 L. Ed. 2d 570, 98 S. Ct. 1306 (1978). As stated above, the dispositive motion standard was not addressed in the Order. (Dkt. No. 268).

1    When *Daubert* motions seeking to exclude the testimony of experts are "aimed

2    squarely at the other side's damage methodology" and "in connection with" pending

3    motions for summary judgment, the Ninth Circuit applies the "compelling reasons" standard

4    and requires the moving party to comply with this standard instead of the "good cause"

5    standard. *Id*. A *Daubert* motion does not, on its own, conclusively invoke the higher burden

6    of proof. *Id*. A *Daubert* motion must be connected to a pending summary judgment motion,

7    effectively "dispositive of a motion for summary judgment." *Open Text S.A. v. Box, Inc.,* at

8    *2. (*quoting Lust ex rel. Lust v. Merrell Dow Pharm., Inc.,* 89 F.3d 594, 597 (9th Cir.1996).[2]

9    Here, Plaintiffs rely on experts Robert McMeeking, PhD. and Derek Muehrcke, M.D.

10   to establish genuine issues of material facts "in connection with" the following Responses

11   to Bard's Motions for Summary Judgment:

12   – Plaintiffs' Omnibus Separate Statement of Facts In Support Of Their

13     Response to Defendants' Motion For Summary Judgments In The Bellwether

14     Cases, (Dkt. 7950);

15   – Plaintiff's Controverting Statement of Facts In Opposition to Bard's Motion

16     For Partial Summary Judgment as to Plaintiffs Lisa and Mark Hyde's Claims,

17     (Dkt. 7953);

18   – Plaintiffs' Controverting Statement of Facts to Defendants' Separate

19     Statement of Facts in Support of Motion for Summary Judgment as to

20     Plaintiffs Doris And Alfred Jones's Claims, (Dkt. 7944);

21   – Plaintiff Carol Kruse's Controverting Statement of Facts in Support of Her

22     Memorandum in Opposition to Defendants' Motion and Memorandum in

23     Support of Motion for Summary Judgment as to Plaintiff Carol Kruse's

24     Claims, (Dkt.7948);

25

26   ---

27   [2] Non-dispositive motions "are often 'unrelated, or only tangentially related, to the
     underlying cause of action," and, as a result, the public's interest in accessing dispositive
28   materials does "not apply with equal force" to non-dispositive materials. *Kamakana v.
     City & County of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006).

1
2
3
4
5

    − Plaintiff's Controverting Statement of Facts in Opposition to Bard's Motion for Summary Judgment as to Plaintiff Debra Mulkey's Claims, (Dkt. 7946);

    − Plaintiff's Controverting Statement of Facts in Opposition to Bard's Motion for Summary Judgment as to Plaintiff Sheri-Una Booker's Claims, (Dkt. 8165).

6
7
8
9
10
11

As such, Defendants' *Daubert* Motions to Exclude Plaintiffs' Experts are "aimed squarely at the other side's damage methodology" and Plaintiffs' Response sand Exhibits in regards to Robert McMeeking, PhD. and Derek Muehrcke, M.D. are "in connection with" pending motions for summary judgments as listed above; here, Bard is required to show "compelling reasons" to seal based on specific facts that actual resulting harm outweighs the strong presumption of access to court records.

12
13

### 2. Standard for Sealing *Daubert* Motions Submitted "In Connection With" Pending Motions For Summary Judgment.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978). To overcome the "strong presumption in favor of access" in relation to a dispositive motion, the party seeking to seal bears the burden of overcoming this presumption by meeting the "compelling reasons" standard. *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178-79 (internal citations and quotations omitted). "In turn the Court must conscientiously balance the competing interest of the public and the party who seeks to keep certain judicial records secret." *Id*. at 1179. (internal citations and quotations omitted). Conclusory statements concerning hypothetical harm that may result from public disclosure of such documents fail to carry this burden *Id*. at 1182. Whenever a document has been filed in connection with a dispositive motion, even if the document had been previously sealed upon a showing of good cause, the "compelling

1    reasons" standard applies. *Id.* at 1179-80. *See also*, *In re Pradaxa (Diabigatran Etexilate)*

2    *Products Liability Litigation*, 2014 WL 321656, at *4 (S.D. Ill. Jan. 29, 2014) (ordering a

3    German drug maker to de-designate 85 documents previously marked as confidential and

4    ordering the court clerk to unseal the documents).

5         The Ninth Circuit disfavors sealing broad categories of documents; particularly

6    where specific details regarding the need for such protection are absent. *Kamakana* at 1184.

7    The moving party must demonstrate a genuine need and provide a detailed explanation of

8    that need and specific facts supporting the harm that may result. *Id.* at 1182-84.

9         The "compelling reasons" standard is a strict one, and requires that the party seeking

10   to seal material show specific, individualized reasons for sealing the material, "without

11   relying on hypothesis or conjecture," such as "whether disclosure of the material could

12   result in improper use of the material for scandalous or libelous purposes or infringement

13   upon trade secrets." *See Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 679 & n.6 (9th Cir.

14   2009). "Simply mentioning a general category of privilege, without any further elaboration

15   or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447

16   F.3d at 1179.

17        Then the district court must weigh the "relevant factors" and base its decision "on a

18   compelling reason," and "articulate the factual basis for its ruling, without relying on

19   hypothesis or conjecture." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir.

20   2010)(citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995)). "Relevant factors"

21   include the "public interest in understanding the judicial process and whether disclosure of

22   the material could result in improper use of the material for scandalous or libelous purposes

23   or infringement upon trade secrets." *Hagestad*, 49 F.3d at 1434 (quoting *EEOC v. Erection

24   Co., Inc*., 900 F.2d 168, 170 (9th Cir.1990) (*See also*, *Kamakana* 447 F.3d at 1179,

25   "compelling reasons sufficient to outweigh the public's interest in disclosure and justify

26   sealing court records exist when such court files have become a vehicle for "improper

27   purposes, such as the use of records to gratify private spite, promote public scandal, circulate

28   libelous statements, or release trade secrets"). However, the mere fact that unsealing such

1  records may lead to embarrassment, incrimination, or exposure to litigation is not a

2  compelling reason to seal court records. *Id*.

3      As will be discussed below, Bard has not provided "compelling reasons" to seal any

4  of the documents at-issue related to Robert McMeeking, PhD. and Derek Muehrcke, M.D

5  nor has Bard shown the Response and Exhibits to contain trade secrets or confidential

6  information.

7      **C.   BARD HAS FAILED TO MEET ITS BURDEN TO SHOW
       COMPELLING REASONS BASED ON SPECIFIC FACTS THAT**

8      **ACTUAL RESULTING HARM OUTWEIGHS THE STRONG
       PRESUMPTION OF ACCESS TO COURT RECORDS.**

9

10     Bard must establish "compelling reasons" to support redacting documents listed in

11  Exhibit A related to Robert McMeeking, PhD. and Derek Muehrcke, M.D. Bard generally

12  claims that the redacted information in Bard's documents contain "confidential information

13  and correspondence concerning Bard's processes, procedures, methods, and corrective

14  active strategies, policies and procedures." (Dkt. 8123 at 3). Other than such vague

15  generalities, Bard offers <u>no</u> specific grounds or reasons why disclosure of specific

16  documents would put it at any potential competitive disadvantage or provide Bard's

17  competitors with an economic advantage. Nor can such a showing be made. Notably Bard's

18  motion is conspicuously devoid of any supporting affidavits, declarations or other evidence.

19     A review of the exhibits in support of Plaintiffs Responses confirms the nonexistence

20  of "trade secret" information or related categories which Bard incorrectly claims warrant

21  sealing. (Dkt. 8123-1, Exhibit A). Bard does not provide specific, individualized reasons

22  for sealing nor to justify that its redactions are necessary to protect trade secrets; *See Pintos*

23  *v. Pacific Creditors Ass'n,* 605 F.3d 665, 679 & n.6 (9th Cir. 2009). It is clear from a tertiary

24  review of Exhibit A to Bard's Motion that it is lacking compliance with the Ninth Circuit's

25  elevated "compelling reasons" standard based on *Daubert* motions submitted "in

26  connection with" pending motions for summary judgment.

27     Bard's failure to provide specific factual support for its claims of trade secret is

28  strikingly similar to the factual deficiency in *Biocore, Inc. v. Khosrowshahi,* 96 F. Supp. 2d

1221, 1231-32 (D. Kan. 2000) ("*Biocore*").  In *Biocore*, a company alleged that its business procedures for conducting clinical trial studies and for obtaining FDA clearance under FDA regulations were trade secrets. As in the present matter, *Biocore*, the plaintiff, failed to produce evidence describing the procedures, and failed to explain how its procedures differed from others in the field or from the general FDA requirements. The court ruled that Biocore had failed to establish the documents were trade secret because "[p]laintiffs failed to meet their burden of proving that their method of conducting efficacy studies is different from methods that are matters of general knowledge in the trade." Id. at 1231. The court explained its decisions as follows:

> While both of these items are marked confidential, they contain nothing but basic information. Plaintiffs do not show that the validation protocol and validation procedures are not generally known. They provide no evidence regarding protocols and procedures which other companies use. Neither document describes any procedure that appears to be out of the ordinary; the documents list obvious procedures which every company in the field would also follow with slight but obvious variations for specific equipment and products.

*Id.* at 1232 (internal citations omitted). As in *Biocare*, Bard has failed to provide anything beyond general and unsupported claims.

## D.    BARD FAILS TO ESTABLISH GOOD CAUSE TO SEAL

Bard relies on the "good cause" standard to justify the sealing of the Plaintiffs' Responses and Exhibits related to Rebecca Betensky, Ph.D, David Garcia, M.D., Michael Streiff, M.D., and Suzanne Parisian, M.D. A party asserting "good cause" bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protection is granted.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130–31 (9th Cir. 2003) (citing *San Jose Mercury News*, 187 F.3d at 1102); *See also*, *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.") (*quoting Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986) (internal quotation

1   marks omitted)); *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D.Md.1987)

2   (requiring party requesting a protective order to provide "specific demonstrations of

3   fact, supported where possible by affidavits and concrete examples, rather than broad,

4   conclusory allegations of potential harm"). The burden is on the party requesting a

5   protection to demonstrate that (1) the material in question is a trade secret or other

6   confidential information within the scope of Rule 26(c), and (2) disclosure would cause

7   an identifiable, significant harm. *Deford*, 120 F.R.D. at 653. Even if a court finds "good

8   cause" under Rule 26(c) to seal a document, it must still determine whether the common

9   law right of access compels production. *Kamakana v. City & County of Honolulu*, 447

10  F.3d 1172, 1180 (9th Cir. 2006)

11         Here, Bard fails to establish "good causes" based in fact that outweigh the general

12  history of access and the public policies favoring disclosure. In one sentence, Bard

13  summarizes it's "good cause" to seal all thirty four (34) documents subject to its Motion:

14  "competitor companies would gain an unfair economic advantage if they gained access

15  to Bard's commercial information, therefore causing Bard real and tangible hard in  the

16  highly competitor medical device industry." (Dkt. 8123 at 4). Not once does Bard

17  articulate or identify an example of the specific harm that could be caused by release of

18  the documents at issue nor does Bard demonstrate a trade secret or information that is

19  at risk. It is clear; Bard fails to satisfy the Rule 26(c) test and the 9th Circuits requirement

20  to establish a "good cause" basis to seal documents attached to Plaintiff's Response and

21  Exhibits to Bard's *Daubert* Motions.

22         The one case Bard cites to suggest that a "good cause" standard for non-

23  dispositive motions is relevant, *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.* 263

24  F.3d. 1304, 1312-13 (11th Cir. 2001), relates only to "material filed with discovery

25  motions," which are not at issue in the Motion before the Court. Further, and more

26  importantly, Bard fails to address the differences between the "compelling reasons"

27  standard and the "good cause" standard. A "good cause" showing will not, without

28

1   more, satisfy a "compelling reasons" test. *See, Foltz*, 331 F.3d at 1135–36; *Phillips ex*

2   *rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir.2002).

3   Bard seeks to seal documents after the discovery period has closed and just prior

4   to trial.  Plaintiffs' position is that Bard has not shown "good cause" to seal these

5   particular exhibits, precisely they have not argued with specificity the substance and

6   portions of the documents they seek to seal.  Moreover, no arguments have been

7   presented as to the nature and substance of these documents that justify sealing nor has

8   a description of the specific injury, competitive or otherwise, that Bard is likely to

9   experience if these documents are not sealed.

10
11   **E.    BARD'S DOCUMENTS CANNOT BE CHARACTERIZED AS TRADE SECRETS.**

12   Bard's documents at-issue cannot be objectively characterized as trade secrets or

13   confidential information. The information contained in these documents has no inherent or

14   intrinsic actual or potential value. The majority of the information is stale, and several of

15   the documents involve products which have not been sold since 2009. Secret or confidential

16   information becomes "stale" over time and thus rule that a previous confidential designation

17   no longer applies. *See*, *Salomon Smith Barney, Inc. v. HBO & Co.*, 2001 WL 225040, at *2

18   (S.D.N.Y. Mar. 7, 2001) (stating that although there may have been reasons to mark

19   documents as confidential at the time they were generated, there was insufficient cause

20   shown "for so treating them today").

21   Bard argues generally that the medical device industry is competitive. Bard appears

22   to supplant "confidentiality" with "trade secret" because "[b]usiness information alleged to

23   be confidential 'is not entitled to the same level of protection from disclosure as trade secret

24   information.'" *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663 (3d

25   Cir. 1991), quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 685 (3d Cir. 1988). Trade secrets

26   have been defined in the Ninth Circuit as "any formula, pattern, device or compilation of

27   information which is used in one's business, and which gives him an opportunity to obtain

28   an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F.

-11-

1   App'x 568, 569–70 (9th Cir. 2008) (applying the Restatement's definition of trade secret in

2   the record-sealing context).

3        The documents Bard seeks to redact do not include formulas, patterns, or

4   compilations of information which would provide an opportunity or advantage to Bard's

5   competitors. There is nothing in these documents that would provide any value to any

6   competitor or to Bard in keeping them a secret from its competitors. Bard has not elucidated

7   a compelling reason to redact this information and speculative commercial harm is

8   insufficient to overcome the "strong presumption in favor of public access."

9   **III.   CONCLUSION**

10        Bard fails to establish both "compelling reasons" and "good cause" based in fact that

11   outweighs the general history of access and the public policies favoring disclosure; as such

12   Bard failed to establish specific facts showing that these documents are "trade secrets" and

13   that it would suffer a serious and specific harm from disclosure of this information. Bard's

14   motion does not articulate a "narrowly tailored" remedy as required when contemplating

15   suppression of the public's First Amendment right of access to these documents.

16        RESPECTFULLY SUBMITTED this 24th day of October, 2017.

17             GALLAGHER & KENNEDY, P.A.

18
19             By: */s/ Mark S. O'Connor*
                  Mark S. O'Connor
20                2575 East Camelback Road
                  Phoenix, Arizona  85016-9225

21             LOPEZ McHUGH LLP
                  Ramon Rossi Lopez (CA Bar No. 86361)
22                (admitted *pro hac vice*)
                  100 Bayview Circle, Suite 5600
23                Newport Beach, California 92660
24
               HEAVISIDE REED ZAIC
25                Julia Reed Zaic, Esq. (CA Bar No. 224671)
                  (admitted *pro hac vice*)
26                312 Broadway, Suite 203
27                Laguna Beach, California  92660

                  *Counsel for Plaintiffs*
28

1  I hereby certify that on this 24th day of October, 2017, I electronically transmitted

2  the attached document to the Clerk's Office using the CM/ECF System for filing and

3  transmittal of a Notice of Electronic Filing.

4

5  */s/ Gay Mennuti*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28