Ramon Rossi Lopez (admitted *pro hac vice*)
(CA Bar No. 86361)
LOPEZ McHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
rlopez@lopezmchugh.com

Mark S. O'Connor (011029)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
mark.oconnor@gknet.com

*Attorneys for Plaintiffs*

James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY &
    SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
Telephone: (602) 382-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**THE PARTIES' JOINT STATUS REPORT FOR THE NOVEMBER 17, 2017 CASE MANAGEMENT CONFERENCE** |

In accordance with Paragraph G of Case Management Order No. 27 [Doc. 8133], the Parties hereby submit their Joint Status Report for the November 17, 2017 Case Management Conference.

**I.    Discovery**

   A.    MDL Common Discovery

The Parties completed MDL common discovery on February 3, 2017. The following depositions have been completed:

| Date | Deponent |
|---|---|
| December 15, 2015 | 30(b)(6) re FDA Warning Letter |
| January 11, 2016 | Kay Fuller |
| January 20, 2016 | Continued 30(b)(6) re FDA Warning Letter |
| March 18, 2016 | 30(b)(6) re corporate structure |
| April 27, 2016 | 30(b)(6) re ESI systems structure |
| May 3, 2016 | Murray Asch, M.D. |
| May 11, 2016 | Carol Vierling |
| May 17, 2016 | Anne Bynon |
| May 24, 2016 | Len DeCant |
| June 2, 2016 | John DeFord |
| June 9, 2016 | Bret Baird |
| June 16, 2016 | Robert DeLeon |
| June 17, 2016 | Joe DeJohn |
| July 18, 2016 | Abithal Raji-Kubba |
| July 27, 2016 | Bill Little |
| July 27, 2016 | Judy Ludwig |
| July 29, 2016 | John Wheeler |
| August 9, 2016 | Maureen Uebelacker |
| August 16, 2016 | Daniel Orms |
| August 19, 2016 | Mary Edwards |
| August 24, 2016 | Cindi Walcott |

| | | |
|---|---|---|
| 1 | August 30, 2016 | 30(b)(6) re REACH program |
| 2 | September 7, 2016 | Steve Williamson |
| 3 | September 7, 2016 | 30(b)(6) re Sales/Marketing |
| 4 | September 7, 2016 | Kevin Shifrin |
| 5 | September 16, 2016 | Jack Sullivan |
| 6 | September 19, 2016 | Brian Doherty |
| 7 | September 23, 2016 | Holly Glass |
| 8 | September 29, 2016 | John Van Vleet |
| 9 | October 11, 2016 | Chris Ganser |
| 10 | October 18, 2016 | Natalie Wong |
| 11 | November 3, 2016 | Jack Sullivan (continued) |
| 12 | November 11, 2016 | Robert Cortelezzi |
| 13 | December 6, 2016 | David Peeler, M.D. |
| 14 | January 4, 2017 | John Kaufman, M.D. |
| 15 | January 18, 2017 | Michael Randall - 30(b)(6) Meridian/Denali |
| 16 | January 18, 2017 | Kim Romney |
| 17 | January 19, 2017 | Robert Carr - 30(b)(6) Key Opinion Leaders |
| 18 | January 20, 2017 | Scott Trerotola, M.D. |
| 19 | January 24, 2017 | Scott Randall |
| 20 | January 25, 2017 | Gary Cohen, M.D. |
| 21 | January 26, 2017 | Chad Modra - 30(b)(6) Failure Rate Thresholds |
| 22 | January 26, 2017 | Anthony Venbrux, M.D. |
| 23 | January 30, 2017 | Frank Lynch, M.D. |
| 24 | January 31, 2017 | Mark Wilson |
| 25 | February 1, 2017 | William Stavropoulos, M.D. |
| 26 | February 2, 2017 | Mike Randall |
| 27 | February 2, 2017 | Kevin Boyle |
| 28 | June 6, 2017 | Rob Carr (Preemption Declaration) |

B.  MDL Expert Disclosure and Discovery

Plaintiffs made their initial disclosures of expert witnesses on March 3, 2017, and their initial disclosures relating to the Meridian and Denali devices on April 7, 2017. Those disclosures included the following witnesses:

- David W. Bates, M.D., MSc
- Rebecca Betensky, Ph.D.
- Mark J. Eisenberg, M.D.
- David Garcia, M.D.
- Steven M. Hertz, M.D.
- Sanjeeva Kalva M.D.
- David A. Kessler, M.D.
- Thomas Kinney, M.D., M.S.M.E.
- Robert M. McMeeking, Ph.D., NAE, FREng, FRSE, LFASME
- Robert O. Ritchie, Ph.D.
- Suzanne Parisian, M.D.
- Anne Christine Roberts, M.D.
- Michael B. Streiff, M.D.
- Robert L. Vogelzang, M.D.

Defendants made their initial disclosures of expert witnesses on April 14, 2017, and their initial disclosures relating to the Meridian and Denali devices on May 12, 2017. Those disclosures included the following witnesses:

- Christine L. Brauer, Ph.D.
- Paul Briant, Ph.D., P.E.
- Audrey A. Fasching, Ph.D., P.E.
- David W. Feigal. Jr., M.D., M.P.H.
- Clement J. Grassi, M.D.
- Mark W. Moritz, M.D.
- Christopher S. Morris, M.D.

4

| | |
|---|---|
| 1 | Frederick B. Rogers, M.D., FACS |
| 2 | Moni Stein, M.D., FSIR |
| 3 | Ronald A. Thisted, Ph.D. |
| 4 | Donna Bea Tillman, Ph.D., M.P.A. |

5   Plaintiffs made their rebuttal disclosures of expert witnesses on May 12, 2017.
6   Those disclosures included the following witnesses:

| | |
|---|---|
| 7 | Rebecca Betensky, Ph.D. |
| 8 | Kush Desai, M.D. |
| 9 | Mark J. Eisenberg, M.D. |
| 10 | Steven M. Hertz, M.D. |
| 11 | Robert M. McMeeking, Ph.D. |
| 12 | Robert O. Ritchie, Ph.D. |
| 13 | Robert L. Vogelzang, M.D. |

14   The following expert depositions have been taken:

| | | |
|---|---|---|
| 15 | May 9, 2017 | David W. Bates, M.D., MSc (class-action) |
| 16 | May 16, 2017 | Steven M. Hertz, M.D. (class-action) |
| 17 | May 17, 2017 | Christopher S. Morris, M.D. |
| 18 | June 5, 2017 | Robert L. Vogelzang, M.D. |
| 19 | June 6, 2017 | Kush Desai, M.D. |
| 20 | June 9, 2017 | Robert O. Ritchie, Ph.D. |
| 21 | June 15, 2017 | Clement J. Grassi, M.D. |
| 22 | June 17, 2017 | Thomas Kinney, M.D., M.S., M.E. |
| 23 | June 21, 2017 | David L. Garcia, M.D. |
| 24 | June 21, 2017 | Suzanne Parisian, M.D. |
| 25 | June 21, 2017 | Anne Christine Roberts, M.D. |
| 26 | June 23, 2017 | Rebecca Betensky, Ph.D. |
| 27 | June 26, 2017 | Audrey Fasching, Ph.D., PE |
| 28 | July 6, 2017 | Mark J. Eisenberg, M.D., MPH, FACC, FAHA |

| | |
|---|---|
| July 6, 2017 | Robert M. McMeeking, Ph.D., NAE, FREng, FRSE, LFASME |
| July 7, 2017 | Anne Christine Roberts, M.D. |
| July 11, 2017 | Sanjeeva Kalva, M.D. |
| July 12, 2017 | Michael B. Streiff, M.D. |
| July 13, 2017 | Paul Briant, Ph.D, PE |
| July 18, 2017 | Mark W. Moritz, M.D. |
| July 18, 2017 | Frederick B. Rogers, M.D., MS, FACS |
| July 20, 2017 | David W. Feigal, Jr., M.D., MPH |
| July 21, 2017 | Dr. Darren R. Hurst |
| July 24, 2017 | Dr. Derek D. Muehrcke |
| July 25, 2017 | Christopher S. Morris, MD |
| July 26, 2017 | J. Matthew Sims, MC, MS |
| July 26, 2017 | Dr. Kenneth Herbst |
| July 28, 2017 | Ronald A. Thisted, Ph.D. |
| July 31, 2017 | David A. Kessler, M.D. |
| July 31, 2017 | Moni Stein, MD |
| August 2, 2017 | Christine L. Brauer, M.D., Ph.D. |
| August 3, 2017 | Paul Briant, Ph.D., PE |
| August 3, 2017 | Audrey Fasching, Ph.D. |
| August 3, 2017 | David S. Poll, MD |
| August 4, 2017 | Robert O. Ritchie, Ph.D. |
| August 4, 2017 | Donna Bea Tillman, Ph.D.MPA, FRAPS |
| August 16, 2017 | Lora K. White, RN, BSN, CCM, CNLCP |
| August 25, 2017 | Dr. Daniel Cousin |
| September 29, 2017 | Dr. Piotr Sobiesczyk |

C. *Barazza* Class Action Discovery

The Parties completed the depositions of the named plaintiffs. The following depositions were taken:

| | |
|---|---|
| October 19, 2016 | Diane Washington |
| October 28, 2016 | James Holt |
| November 10, 2016 | Gregory Lester |
| November 16, 2016 | Maria Barazza |
| November 30, 2016 | Edward Mims |
| December 1, 2016 | Nancy Mosher |
| December 6, 2016 | Thomas Flournay |
| December 6, 2016 | Delmar Lee Peck |
| December 15, 2016 | Denise Tomlin |
| January 24, 2017 | John Van Vleet |
| February 27, 2017 | Linda Walker |
| May 11, 2017 | Ana Hernandez |

The Parties designated and disclosed experts on class certification issues, including Plaintiffs' rebuttal expert reports. Many of those class certification experts were also the same experts in the general MDL and were deposed at the same time for both the MDL and the class action.

D. Bellwether Group 1 Depositions

1. Fact Discovery

In addition to the numerous fact witness depositions taken by the Parties before the last status conference, the Parties have scheduled or have already taken the following fact witness depositions in the five bellwether cases since that status conference:

| | |
|---|---|
| May 31, 2017 | Angelic Thompson (Mulkey) |
| May 31, 2017 | Lorelie Thompson (Mulkey) |
| May 31, 2017 | Torin Walters, M.D. (Mulkey) |
| June 1, 2017 | Pho Nguyen, M.D. (Mulkey) |

7

| | | |
|---|---|---|
| 1 | June 15, 2017 | Brandon Kang, M.D. (Booker) |
| 2 | June 20, 2017 | Richard Harvey, M.D. (Booker) |
| 3 | June 26, 2017 | Eric Hairston (Booker) |
| 4 | June 27, 2017 | Brody Puckett (Kruse, postponed due to illness) |
| 5 | July 7, 2017 | Amy Sparks, M.D. (Hyde) |
| 6 | July 11, 2017 | Colleen Taylor, M.D. (Jones) |
| 7 | July 12, 2017 | Aaron Donner (Mulkey) |
| 8 | August 3, 2017 | Chris Smith (Jones) |
| 9 | August 15, 2017 | Bryan Vogel (Booker and Kruse) |
| 10 | August 23, 2017 | Tim Hug (Hyde) |

Per CMO 25 (Doc. 6227), the deadline for deposing medical witnesses (treating physicians) was August 7, 2017, and the deadline for deposing all other fact witnesses was August 15, 2017.

### 2.   Case-Specific Expert Disclosures and Discovery

On June 5, 2017, Plaintiffs disclosed case-specific expert reports by the following expert witnesses in all five bellwether cases:

   Darren Hurst, M.D.

   Derek D. Muehrcke, M.D.

On June 5, 2107, Plaintiffs disclosed the case-specific expert report of David Garcia, M.D. in the Jones bellwether case.

On June 9, 2017, in accordance with the agreement of the Parties, Plaintiffs disclosed case-specific expert reports by Robert M. McMeeking, Ph.D., NAE, FREng, FRSE, LFASME in all five bellwether cases.

On June 12, 2017, in accordance with the agreement of the Parties, Plaintiffs disclosed case-specific expert reports by the following expert witnesses in all five bellwether cases:

   Robert O. Ritchie, Ph.D.

     J. Matthew Sims, MC, MS & Lora K. White, RN, BSN, CNLCP, CCM, MSCC

On July 3, 2017, Defendants disclosed case-specific expert reports for the following expert witnesses:

    Kenneth D. Herbst, M.D.

    Mark W. Moritz, M.D.

    Christopher S. Morris, M.D.

    Moni Stein, M.D., FSIR

On July 13, 2017, in accordance with agreement of the parties, Defendants disclosed case-specific expert reports for the following expert witnesses:

    Audrey A. Fasching, Ph.D.

    Paul Briant, Ph.D

    Daniel Cousin, M.D.

    David Poll, M.D.

    Piotr Sobieszczyk, M.D.

All general MDL deposition discovery and all depositions related to the initial five bellwether cases have been completed (subject to this Court's resolution of the disputes identified below).

## II. Science Day Procedure

The Parties made their Science Day presentations on October 5, 2019 as described in CMO 27.

## III. Bellwether Trials Issues

In paragraph H of CMO 26, the Court advised the Parties that it will, at the upcoming status conference, address the scheduling of bellwether trials. At the October 5, 2017 CMC the Court selected the initial order of the Group I bellwether trials and scheduled them as reflected in paragraph C of CMO 27. The parties note their respective positions on those issues below.

**Plaintiffs' Position**

Plaintiffs will be prepared to discuss with the Court issues relating to the setting of the bellwether cases for trial, specifically "stacking" or "next case up" approach similar to that which is being followed in the Arizona state court consolidated Bard IVC cases. *See* Exhibit A, paragraph A, page 2. This approach will ensure a true bellwether process, that is, if a case is resolved, the next-trial ready case will be tried in that slot. For example, the Court has set the Booker trial starting March 13, 2017. In the event it settles, the Jones case will take the March 13, 2017 slot. This approach will also ensure judicial economy.

Plaintiffs also request a discussion regarding the following bellwether trial issues:

1. **Scheduling of Jones Pre-Trial Motions** – specifically, the schedule for Jones-specific motions to be heard in advance of the March 13, 2017 trial slot in the event that the Booker case resolves.

2. **The balance of Group 1 bellwether cases** – specifically, regarding keeping the balance of the Group 1 bellwether cases trial-ready in the event that Booker and Jones cases resolve prior to the currently slated March 13th trial date.

3. **The balance of Group 2 bellwether cases** – specifically, a schedule to complete discovery in the following Discovery Phase 1 bellwether cases to ensure the readiness for trial in 2018: Mixson, Tinlin, Peterson, Nelson, Dewitt.

4. **The ten (10) Mature/Early Remand cases** – specifically, Plaintiffs request that completion of discovery in these previously identified "mature cases" is scheduled so that they may be ready for remand back to their transferor jurisdictions once all *Daubert* rulings have been issued by this Court listed below:

    1. Cason, Pamela
    2. Coker, Jennifer
    3. Ebert, Melissa

10

4. Fox, Susan
5. Henley, Angela
6. Keen, Harry
7. Ocasio, Denise
8. Rivera, (McClarty), Vicki
9. Smith, Erin
10. Tillman, Leslie

**Defendants' Position**

Bard responds to the Plaintiffs' suggestions, as follows:

(a) **The March 13th Trial Setting**: As a general concept, Bard does not necessarily oppose the notion of "stacking" the Booker and Jones cases, i.e. having the Jones case prepared to proceed to trial if the Booker case resolves on that date. However, as a practical matter, Bard is concerned that such a schedule may not be feasible for the parties and particularly the Court. There are already numerous Daubert motions that need to be heard and decided before the Booker case commences trial, and some of those motions will not be heard until mid-January. There is also a motion for summary judgment motion in Booker to be decided. In addition, there will be a number of motions in limine filed by both sides to be decided prior to the beginning of trial. To achieve the "stacking" the Plaintiffs are requesting would require the Court to resolve a second set of motions in limine (some of which will be duplicative but many of which will not) and the Jones summary judgment motion by the same date. Such an aggressive schedule may not be feasible for either the parties or the Court.

(b) **The "Second" Group of Bellwether Cases:** The Plaintiffs unilaterally refer to the cases not chosen for the initial bellwether group as a "second" group of bellwether cases. However, that group of cases has never been designated by the Court or any of the past Case Management Orders as a second group of

11

bellwether cases. To the contrary, many of those cases (including some cases selected by Plaintiffs and some cases selected by Bard) were ultimately rejected as bellwether cases because they were not sufficiently representative of the MDL inventory or because they had "outlier" facts. Bard believes it would be contrary to the entire purpose of the bellwether process (i.e, the trial of representative cases to permit the assessment of case values) to now restore those cases to bellwether status.

That said, Bard agrees that it would be prudent to have a second set of bellwether cases trial-ready by late 2018. To that end, Bard would suggest that the parties meet and confer about a proposed case management order detailing that selection process, and submit that proposed order to the Court on or before December 1, 2017.

(c) **"Mature" Cases:** Bard agrees that some additional discovery remains to be completed in the "mature" cases before they are ready for trial. The question is whether that discovery should be undertaken now or after the cases are remanded (presumably in the Spring of 2018 after the Daubert motions have been decided). The discovery remaining to be accomplished in these cases is all case-specific. Hence, Bard believes that the discovery should be undertaken once the cases are remanded and the cases are returned to the jurisdiction of the judges who will preside over the trials of those cases. Those judges will all likelihood be unable to provide the parties with immediate trial dates after remand, and as a result, there will be ample time then to complete the targeted amount of discovery that remains to be accomplished. Given that fact, Bard believes there is no need to distract the parties (and even this Court, if disputes arise) with conducting this discovery while final preparations are being made for the first MDL bellwether trial.

## IV. Summary Judgment and *Daubert* Motions

The Parties have filed their *Daubert* and summary judgment motions in accordance with CMO 23 and this Court's August 31, 2017, Order [Doc. 7368]. A schedule for Daubert and Summary Judgment arguments to be heard has been submitted to the Court in accordance with CMO 27. The Court has since altered the schedule *sua sponte* due to changes in its schedule. The parties are ready to argue the Defendants' Motion for Summary Judgment as to Federal Preemption and Defendants' Motion for Summary Judgment in the Booker case on November 17, 2017.

### Plaintiffs' Position

Plaintiffs request a revised schedule for the motions to be heard at the December 15, 2017 hearing.

### Defendants' Position

Bard will be ready to discuss the Court's scheduling preferences for the remaining motions.

## V. Motions in Limine

Historically the parties have submitted generic and case-specific pre-trial motions *in limine* for pre-trial rulings.

### Plaintiffs' Position

1. Plaintiffs request a schedule for pre-trial motions *in limine* including (1) a date by which the parties will identify and confer about disputed evidentiary issues that they anticipate will be the subject of motions *in limine*, and (2) deadlines for filing and responding.
2. One of the generic motions *in limine* that Plaintiffs intend to file will be their "*Cisson* FDA" motion seeking exclusion of certain FDA-related evidence[1].

---

[1] This issue was recently addressed by the Eleventh Circuit in *Eghnayem v. Boston Scientific, Inc.*, 2017 WL 4681345, at *6 (11th Cir. Oct. 19, 2017), and previously by the Fourth Circuit in *In re C.R. Bard, Inc., MDL. No. 2187, Pelvic Repair Sys. Prods. Liab. Litig.,* 810 F.3d 913 (4th Cir. Jan. 14, 2016). This issue was also recently addressed in the Cook IVC Filter MDL. (See, Doc. 8032).

13

1    Plaintiffs request an early ruling on their "*Cisson* FDA" motion *in limine* as this
2    ruling will affect both parties' trial preparation with regard to which witnesses
3    will be called and for how long, as well as which portions of video-taped
4    depositions will be/can be played at trial. Plaintiffs are prepared to file this
5    motion within five (5) days of this Court's ruling on the matter.

6    **Defendants' Position**

7    Bard will be prepared to discuss the Court's preferences for the handling of
8    motions in limine.  Bard is concerned, however, about the Plaintiffs' effort to expedite
9    that process, simply because of the number of summary judgment and Daubert motions
10   that have to be addressed first.  In the event the Court decides to entertain the Plaintiffs'
11   "Cisson" motion at an earlier stage, Bard also has one motion in limine it would like to
12   file at that time because of its similar potential impact on trial preparation.

13   **VI.    Trial Readiness**

14   **Plaintiffs' Position**

15   Plaintiffs request the Court establish a schedule for lead trial counsel to meet and
16   confer about trial and evidentiary issues including witness availability and other potential
17   scheduling conflicts, and other uniform preparation between the parties of certain pre-trial
18   matters that may affect the Court's scheduling of bellwether trials. Other subjects for the
19   meeting should include master uniform exhibits lists, trial time per side, live versus video
20   testimony, pre-admitted evidence.

21   **Defendants' Position**:  The plaintiffs have raised the issue of a meeting between
22   counsel at past conferences, and Bard's counsel has repeatedly indicated a willingness to
23   meet with the Plaintiffs' counsel to discuss trial logistics.   However, Bard is uncertain as
24   to what the Plaintiffs are referencing when they mention "other uniform preparation
25   between the parties of certain pre-trial matters that may affect the Court's scheduling of
26   bellwether trials."  It is Bard's understanding that the Court has scheduled two bellwether
27   trials, and will schedule others, and it should be incumbent on the parties to be prepared
28   for those dates.

Respectfully submitted this 14th day of November 2017.

| | |
|---|---|
| GALLAGHER & KENNEDY, P.A. | SNELL & WILMER L.L.P. |
| By: *s/ Mark O'Connor*<br>  Mark S. O'Connor (011029)<br>  2575 East Camelback Road<br>  Phoenix, Arizona 85016-9225 | By: *s/ Richard B. North*<br>  James R. Condo (005867)<br>  Amanda C. Sheridan (027360)<br>  One Arizona Center<br>  400 E. Van Buren, Suite 1900<br>  Phoenix, Arizona 85004-2202 |
| Ramon Rossi Lopez<br>(admitted *pro hac vice*)<br>CA Bar No. 86361<br>LOPEZ McHUGH LLP<br>100 Bayview Circle, Suite 5600<br>Newport Beach, California 92660<br><br>*Attorneys for Plaintiffs* | Richard B. North, Jr. (admitted *pro hac vice*)<br>Georgia Bar No. 545599<br>Matthew B. Lerner (admitted *pro hac vice*)<br>Georgia Bar No. 446986<br>Nelson Mullins Riley & Scarborough LLP<br>201 17th Street, NW / Suite 1700<br>Atlanta, GA  30363<br><br>*Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2017, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

                                                            *s/Wendy Espitia*