Exhibit A

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
10/26/2017 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2017-000927                                          10/24/2017
Consolidated


                                              CLERK OF THE COURT
HONORABLE ROGER E. BRODMAN                          M. Corriveau
                                                      Deputy



DANNY MCMAHILL, et al.                    ROBERT W BOATMAN

v.

C R BARD INC, et al.                      AMANDA C SHERIDAN


                                          LINCOLN COMBS
                                          JAMES E FUCETOLA
                                          MARK S O'CONNOR
                                          JOSHUA S PARILMAN
                                          PAUL L STOLLER



SUPPLEMENTAL RULING ON CASE SCHEDULING ORDER


        On September 13, 2017, the parties filed their Joint Status Report Re Cases and their
Proposed Class Schedules.  On October 6, 2017, the Court held a scheduling conference. The
Court issues the following rulings on issues in the Scheduling Order on which the parties have
not reached an agreement.

## A.  CASE SCHEDULES

        First, the parties do not agree on case schedules. Plaintiffs believe it would be most
efficient to group the cases together by device.  They argue that grouping them by the same or
similar devices will help coordinate discovery, make a difference in terms of the burden on
witnesses providing expert testimony, and will permit joinder of claims.  Defendants believe the
Court should group them together by date of filing.  Defendants argue that case-specific issues
vary significantly from case to case regardless of the device involved, expert testimony will be

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2017-000927                                        10/24/2017

focused on case specific issues (rather than general liability issues), and joinder would be unfair, confusing, and prejudicial.

The Court will establish the following trial dates: 1) August 6, 2018, 2) February 4, 2019, 3) May 6, 2019 and 4) October 7, 2019. Using the "next case up" philosophy, these trial dates will be used for the next case in line, no matter when the case in front of it settles. In short, counsel must be prepared to try multiple cases. If a case settles on the eve of trial, the next trial-ready case will go forward on the next trial day.

The Court will block three separate months of the trial for these cases in 2019 (which consists of approximately 25% of the Court's total trial time). The Court is not about to block that time and then sit around and do nothing as these cases settle.

In the event a case in front of it is resolved, the next trial-ready case will be tried during the period of time previously assigned to the case before it. In other words, if *Romero* settles, *Stesney* will go to trial on August 6, 2018. If *Romero* and *Stesney* both settle, *Benzing* will go to trial on August 6, 2018 and so forth. If *Romero* does not settle, *Stesney* (or the next case in line if *Stesney* settles) will go to trial in February 2019. All Tranche 2 and 3 cases will be ready for trial by February 2019, so if all Tranche 1 cases settle before February 2019, the cases in Tranche 2 will be ready for trial. If all Tranche 1 and 2 cases settle, the first Tranche 3 case will go to trial in February 2019.

All cases in Tranche 1 must be resolved before the Court moves on to Tranche 2 trials; all Tranche 2 cases must be resolved before the Court moves on to Tranche 3 trials. And so forth.

All tranches shall be composed of four cases. The Court will assign the order of the first six cases. The cases in the additional tranches will be selected using a "snake" draft order.  In a snake draft, the parties will take turns selecting a case to include in each Tranche.   In the interest of fairness, the order of picks will reverse in each Tranche.

In conclusion, the order of the cases will be as follows:

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2017-000927                                      10/24/2017


     1. <u>Tranche 1</u>

     All cases in this tranche will be ready for trial by August 6, 2018. If a case settles in front of it, each case must be ready to go to trial by August 6, 2018 or the next available trial date.

     1.1 Romero (G2 Express)
     1.2 Stesney (Recovery)
     1.3 Benzing (Recovery)
     1.4 Moore (Recovery)

| EVENT | DEADLINE |
|---|---|
| Disclosure Statements | Done |
| Lay Witness Disclosure | 11/17/17 |
| Expert Disclosure Schedule | |
|     Plaintiff | 1/9/18 |
|     Defendant | 2/6/18 |
|     Plaintiffs' Rebuttal | 2/27/18 |
| Written Discovery | 2/13/18 |
| Lay Witness Depositions | 2/13/18 |
| Expert Witness Depositions | 3/20/18 |
| Final Supplemental Disclosure | 3/7/18 |
| All Discovery | 3/21/18 |
| Dispositive | 4/11/18 |
|     Responses | 5/9/18 |
|     Replies | 5/31/18 |
| *Daubert* Motions (same schedules as MSJs) | 4/11/18 |
| Private Mediation | 4/3/18 |
| Trial Readiness | 8/6/18 |

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2017-000927                                          10/24/2017


2. Tranche 2

Both sides agree that Smith and Bauer should be in Tranche 2. The other two cases in this tranche will be selected by the parties. All cases in this tranche will be ready for trial by February 2019.

2.1 Smith (Recovery)
2.2 Bauer (Eclipse)
2.3 Selected by plaintiffs
2.4 Selected by defendants

| EVENT | DEADLINE |
|---|---|
| Disclosure Statements | 12/1/17 |
| Expert Disclosure Schedule | |
|    Plaintiff | 4/13/18 |
|    Defendant | 5/15/18 |
|    Plaintiffs' Rebuttal | 6/5/18 |
| Lay Witness Disclosure | 2/16/18 |
| Final Supplemental Disclosure | 8/6/18 |
| Written Discovery Completion Date | 7/16/18 |
| Lay Witness Depositions | 7/16/18 |
| Expert Witness Depositions | 8/20/18 |
| All Discovery | 8/20/18 |
| Dispositive Motions | 9/20/18 |
| *Daubert* Motions | 9/20/18 |
| Private Mediation | 9/12/18 |
| Trial Readiness | 2/19 |

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2017-000927                                        10/24/2017

3. Tranche 3

All cases in this tranche also will be ready for trial by February 2019.

3.1 Selected by defendants
3.2 Selected by plaintiffs
3.3 Selected by plaintiffs
3.4 Selected by defendants

| EVENT | DEADLINE |
|---|---|
| Disclosure Statements | 12/1/17 |
| Expert Disclosure Schedule | |
|    Plaintiff | 4/13/18 |
|    Defendant | 5/15/18 |
|    Plaintiffs' Rebuttal | 6/5/18 |
| Lay Witness Disclosure | 2/16/18 |
| Final Supplemental Disclosure | 8/6/18 |
| Written Discovery Completion Date | 7/16/18 |
| Lay Witness Depositions | 7/16/18 |
| Expert Witness Depositions | 8/20/18 |
| All Discovery | 8/20/18 |
| Dispositive Motions | 9/20/18 |
| *Daubert* Motions | 9/20/18 |
| Private Mediation | 9/12/18 |
| Trial Readiness | 2/19 |

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2017-000927                                          10/24/2017

4. <u>Tranche 4</u>

All cases in this tranche will be ready for trial by May 2019.

4.1 Selected by defendants
4.2 Selected by plaintiffs
4.3 Selected by plaintiffs
4.4 Selected by defendants

| EVENT | DEADLINE |
|---|---|
| Disclosure Statements | 12/1/17 |
| Expert Disclosure Schedule | |
|     Plaintiff | 7/10/18 |
|     Defendant | 8/7/18 |
|     Plaintiffs' Rebuttal | 8/28/18 |
| Lay Witness Disclosure | 6/22/18 |
| Final Supplemental Disclosure | 10/26/18 |
| Written Discovery | 10/5/18 |
| Lay Witness Depositions | 10/5/18 |
| Expert Witness Depositions | 11/9/18 |
| All Discovery | 11/9/18 |
| Dispositive Motions | 12/13/18 |
| *Daubert* Motions | 12/13/18 |
| Private Mediation | 11/30/18 |
| Trial Readiness | 5/19 |

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2017-000927                                    10/24/2017

5. Tranche 5

All cases in this tranche will be ready for trial by October 2019.

5.1 Selected by defendants
5.2 Selected by plaintiffs
5.3 Selected by plaintiffs
5.4 Selected by defendants

| EVENT | DEADLINE |
|---|---|
| Disclosure Statements | 1/1/17 |
| Expert Disclosure Schedule | |
|    Plaintiff | 11/9/18 |
|    Defendant | 12/10/18 |
|    Plaintiffs' Rebuttal | 1/2/19 |
| Lay Witness Disclosure | 9/25/18 |
| Final Supplemental Disclosure | 1/24/19 |
| Written Discovery (Completed) | 1/8/19 |
| Lay Witness Depositions | 1/8/19 |
| Expert Witness Depositions | 4/12/19 |
| All Discovery | 4/12/19 |
| Dispositive Motions | 5/5/19 |
| *Daubert* Motions | 5/5/19 |
| Private Mediation | 4/28/19 |
| Trial Readiness | 10/19 |

The parties will conduct the "snake" draft and submit the cases in each tranche to the Court by **November 6, 2017**.

**B.  FORM OF EXPERT DISCLOSURE**

Plaintiffs propose that disclosures of new expert opinions (excluding the opinions, reports, and testimony of experts disclosed in the MDL) shall be made in accordance with Arizona Rule of Civil Procedure 26.1(a)(6); disclosures should include a list of the facts or data considered by the expert in forming his or her opinions.  Defendants argue that because the parties have agreed to follow the Federal Rule of Civil Procedure 26(b)(4)(B) and (C) for expert communications and drafts, for consistency, Rule 26 of the Federal Rules of Civil Procedure should apply in its entirety as it relate to experts and expert reports, including section 26(a)(2)

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2017-000927                                            10/24/2017

(generally requiring experts to provide a written report that contains a complete statement of all opinion).

**RULING**.  The parties agree that the parties' relations with their experts will be governed by Federal Rule of Civil Procedure 26(b)(4)(B) and 26(b)(4)(C). Disclosure of expert opinions will conform with the Arizona Rules of Civil Procedure.

## C.  USE OF DEPOSITIONS AND DOCUMENTS FROM RELATED LITIGATION

Plaintiffs propose that the parties shall be permitted to use in these consolidated actions those documents produced and depositions taken in the Bard IVC Filter Product Liability Litigation MDL; the parties shall be permitted to use in these consolidated cases depositions taken in other Bard IVC filter product liability cases by attorneys who are both (a) an attorney of record in a case or cases in these consolidated proceedings and (b) personally or whose firm is or was a member of the Plaintiffs Leadership Committee in the MDL.  Defendants state that counsel for the parties have access to extensive documents and depositions from related Bard IVC filter litigation. Except to the extent they involve attorney-client privilege or work product materials, upon entry of a protective order in this action, the parties shall be permitted to use those documents and previous depositions (in accordance with Ariz. R. Civ. P. 32) in this litigation, as if they were produced in this action, and there use shall be subject to the protective order entered in this action.

**RULING.**  The depositions may be used so long as the conditions in Arizona Rule of Civil Procedure 32(a)(1) are met.  Rule 32(a)(1) governs the use of depositions in the same or a similar action, and provides as follows:

> At a hearing or trial, all or part of a deposition taken in the action–or in another federal or state court action involving the same subject matter between the same parties, or their representatives or predecessors in interest–may be used against a party if: (A) the deposition testimony would be admissible under the Arizona Rules of Evidence if the deponent were present and testifying; (B) the party or its predecessor in interest was present or represented at the deposition or had reasonable notice of it; and (C) the party, its representative, or its predecessor in interest had an opportunity and similar motive to develop the testimony by examination at the deposition.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2017-000927                                          10/24/2017

## D.  ALLOCATION OF DEPOSITION TIME

### 1.  Parties, Present Officers, Employees, Agents, Consultants

Both sides agree that the noticing party shall be entitled to all time permissible under Arizona Rule of Civil Procedure 30(d). The parties disagree on the allocation of time in the event counsel for the witness extends the deposition to examine the witness.  Plaintiffs propose that if counsel extends the deposition time beyond the time allowed, the noticing party shall be entitled to an additional amount of deposition time <u>equal</u> to the time used by the extending party. Defendants propose that the noticing party be entitled to an additional amount of deposition time equal to <u>half</u> the time used by the extending party.

**RULING.**  The noticing party shall be entitled to an additional amount of deposition time equal to the time used by the extending party.

### 2.  Former Employees, Agents, Consultants

Plaintiffs propose 4 hours to plaintiff and 1 hour to Bard.  If Bard believes it needs additional time in a given deposition, it shall notify plaintiffs' counsel not less than 10 days prior to the deposition and the parties shall meet and confer as to whether to reallocate time or to extend the time of the deposition and the allocation of any such additional time.  Defendants propose 3 hours to plaintiff and 1 hour to Bard.  If Bard believes unusual circumstances exist to alter the allocation of time, it shall notify plaintiffs' counsel not later than 10 days prior to the deposition date and the parties shall meet and confer as to whether to reallocate time.

**RULING.**  The deposition time shall be allocated as follows: 3 hours to plaintiff and 1 hour to Bard.

### 3.  Third Parties

Plaintiffs propose that for implanting physicians, depositions shall be 6 hours in length with the time presumptively split 50/50; however, any time not used by one side shall be available to the other side for examination. For all other witnesses, presumptive equal time. Defendants propose that for all other fact witnesses, both sides shall have equal time to examine the witnesses, and Arizona Rule of Civil Procedure 30(d) (4 hour presumptive) shall apply to all witnesses.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2017-000927                                    10/24/2017

**RULING.**  For all other fact witnesses, both sides shall have equal time to examine the witnesses, and unless the parties agree otherwise, the depositions shall be 4 hours in length pursuant to Arizona Rule of Civil Procedure 30(d)(1) ("Unless the parties agree or the court orders otherwise, a deposition is limited to 4 hours and must be completed in a single day."). Any time not used by one side may be used by the other.

## E.  NUMBER OF DEPOSITIONS

Plaintiffs propose a presumptive limit of 5 per side per case for non-expert witnesses. Defendants propose that the parties may not take, without mutual agreement of the parties or Order of the Court, more than 5 depositions of case relevant (non-expert) witnesses, exclusive of treating physicians and family members who shall not count toward the 5 deposition limit.

**RULING.**  The number of depositions shall be limited to 5 per side for non-expert witnesses unless good cause is shown to increase the number of depositions.

## F.  NUMBER OF EXAMINERS PER DEPOSITION

Plaintiffs propose that for each deposition in a given case, there should ordinarily be no more than two examining attorneys per side, who shall confer prior to the deposition regarding the allocation of time to question; however, if a deposition is cross noticed among multiple cases, plaintiffs will make a good faith effort to limit questioning to two attorneys, and the parties will meet and confer to discuss additional time, if necessary to accommodate that the deposition has been cross-noticed in multiple cases.  Defendants propose that there should ordinarily be no more than two examining attorneys per side, who shall confer prior to the deposition regarding the allocation of time to question. Counsel for plaintiffs shall cooperate so that examinations by multiple attorneys do not exceed the allotted time. Under no circumstances will plaintiffs' failure to allocate time among themselves (or to enforce such an allocation during the deposition) result in the extension of a deposition.

**RULING.**  There should ordinarily be no more than two examining attorneys per side, who shall confer prior to the deposition regarding the allocation of time to question.  Counsel for plaintiffs shall cooperate so that examinations by multiple attorneys do not exceed the allotted time. Under no circumstances will a party's failure to allocate time among themselves (or to enforce such an allocation during the deposition) result in the extension of a deposition.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2017-000927                                              10/24/2017

### G.  RESTRICTIONS ON DEPOSITIONS OF BARD PRESENT AND FORMER EMPLOYEES

Defendants propose that, consistent with section II.A. of CMO 24 from the MDL, the depositions of defendants' present or former employees may be taken only if the deposition will likely produce probative evidence that could not have reasonably been obtained during the general discovery and depositions that has already been conducted and available for use in this case from related litigation. Should either party object to the taking of any other deposition proposed by the other party, including objecting that one or more of the depositions are disproportionate to the needs of the case in accordance with the standards set forth in Rules 1 and 26(b)(1) in the Arizona Rules of Civil Procedure, the parties will meet and confer on that issue, and failing resolution, shall notify the Court of their need for a ruling on the proprietary of deposing such witnesses.  Plaintiffs argue that the restrictions defendants propose are not appropriate or applicable to these cases. CMO 24, on which defendants rely, was specific to bellwether cases in the MDL. The procedures for discovery there – where there was no case-specific discovery but generic discovery across all cases in advance of the individual bellwether case discovery – simply do not apply here. Defendants' proposed restrictions are in contravention of Ariz. R. Civ. P. 26, which does not restrict the ability of a party to depose witnesses of another party as defendants request. It is also significantly overbroad in that it exceeds any reasonable basis for limitations; plaintiffs agree (as set forth below) that some restrictions are appropriate as to depositions of persons deposed in the MDL as well as those deposed by members of the MDL PLC who have cases in these consolidated proceedings.

**RULING**. The Court finds the restrictions proposed by defendants to be inappropriate and overbroad. If there are disputes, the parties are to meet and confer.

### H.  RESTRICTIONS ON PREVIOUSLY-DEPOSED WITNESSES

Plaintiffs agree that if any party wishes to depose a witness who was deposed in the MDL, the parties shall meet and confer regarding the potential deposition. If the parties do not agree, the Court shall resolve whether the deposition may proceed.  Defendants propose that, consistent with section X of CMO 8 from the MDL, if plaintiffs conclude that a previously-deposed witness should be deposed again, plaintiffs shall provide defendants with an explanation as to why the witness should be deposed again. Relevant reasons would include, but are not necessarily limited to, new topics that are relevant to this proceeding and were not addressed in the previous deposition, or new information about topics that were addressed in the previous deposition. Plaintiffs shall provide defendants with an approximation of the time for the renewed deposition. The parties shall confer in good faith to reach agreement with respect to the proposed deposition. If the parties are unable to agree, defendants shall bear the burden of seeking a protective order under Rule 26(C).

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2017-000927                                          10/24/2017


**RULING.** The parties shall meet and confer without the additional written requirements.

I.   **DEFENDANTS' PROPOSAL TO ADOPT CMO 24, SECTIONS II.A
     (PROTOCOLS RELATING TO TREATING PHYSICIANS, *EX PARTE*
     COMMUNICATIONS WITH TREATING PHYSICIANS) AND III.B
     (DISCLOSURE OF DOCUMENTS PRIOR TO DEPOSITIONS OF TREATING
     PHYSICIANS)**

Defendants propose that, consistent with CMO 24 III(B)(3) from the MDL, that the following provisions apply as they to depositions of treating physicians:

Disclosure of Documents Prior to Depositions of Treating Physicians
3. At least five (5) days, counting weekends and holidays, prior to a physician deposition, all examining counsel shall provide to opposing counsel and deponent's counsel bates numbers and/or copies of documents that may be shown to the witness during the deposition or about which counsel expects to examine a deponent, other than the physician's records of treatment. The obligations of this section include the good faith representations of counsel to identify only those documents actually intended to be utilized during the deposition, not to exceed 40 in number.

Based on the experience in the MDL and other IVC filter cases involving the plaintiffs' counsel in these cases, defendants anticipate that during treating physician depositions, the parties may use as exhibits documents that are not otherwise part of the physicians' records of treatment. Given the over eight millions pages of documents that have been produced in the litigation, defendants believe that requiring the parties to disclose documents they may use at the deposition, unrelated to the physician's own records of treatment, as outlined above, will promote efficiencies in taking those depositions and in responding to documents that are used during those depositions.

Plaintiffs argue that the provisions of CMO 24 have no application under Arizona law. The CMO was entered to address the bellwether cases, none of which is an Arizona case, and for which discovery was taken on a very expedited basis. The disclosures that defendants seek to have the Court impose here are not appropriate in these Arizona cases, which are not being conducted on schedules anything like those in the MDL bellwethers. First, unlike some of the states at issue in the bellwether cases, Arizona law does not permit defense counsel to communicate with a plaintiff's treating physician without consent of the plaintiff. *See Duquette v. Superior Ct.*, 161 Ariz. 269 (App. 1989). And, Arizona law imposes no requirements on plaintiffs to disclose information given to those physicians in exchange for such a restriction.

Docket Code 926                     Form V000A                          Page 12

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2017-000927                                          10/24/2017

However, that is what happened in the MDL: Consistent with other MDLs (but not necessarily consistent with the state law of the various states), Judge Campbell agreed to restrict the right of defendants to contact treating physicians; in exchange, he required plaintiffs to disclose information given to those doctors.  The obligation on each side to disclose deposition exhibits in advance of the depositions existed because the doctor depositions in the MDL bellwethers were effectively trial depositions; virtually none of the doctors in those cases will be appearing at trial. Indeed, for precisely that reason, Judge Campbell permitted plaintiffs to proceed first in depositions of treating doctors who they would otherwise call at trial. That will not be the case here. Doctor depositions will be discovery depositions; there is no reason to deviate from the normal procedure for third-party depositions.  *Duquette* precludes defendants from contacting plaintiffs' treating physicians; No additional protocols are required under Arizona law.

        **RULING.** Parties will follow the normal procedure for third-party depositions. Unless the parties agree otherwise, the Arizona Rules of Civil Procedure apply.

## J.  MDL LEHMANN RULING

        In 2004, Bard hired an independent consultant John Lehmann, M.D. to prepare a report relating to the Recovery® Filter (the "Lehmann Report"). Counsel for the parties have litigated the discoverability of the Lehmann Report and whether work product protection should be afforded to it in various jurisdictions, including in the United States District Court of Arizona and in various states court cases, including in Arizona.  Those courts have found the Lehmann Report to be protected work product. *In Re: Bard IVC Filters Products Liability Litigation*, MDL No. 2641, 2:15-md-02641-DGC, Doc. No. 699 (Feb. 11, 2016) (Judge Campbell); *Barkley v. C. R. Bard, Inc.*, CV-2011-21250 (February 27, 2014) (Judge Gerlach); *Towlson v. C. R. Bard, Inc.*, CV-2011-022334 (February 27, 2014) (Judge Warner); *Stesney v. C. R. Bard, Inc., Inc.*, CV-2012-006103 (March 21, 2014) (Judge Rea); *Rackliff v. C. R. Bard, Inc.*, CV-2011-021206 (Feb. 12, 2014) (Special Master Skelly).

        Defendants propose that, considering those rulings, the parties stipulate and agree that they shall not use the Lehmann Report during discovery or trial in this case. This stipulation is without prejudice to either party seeking leave from the Court to use the Lehmann Report in the event new evidence is discovered that suggests it is appropriate to use the Lehmann Report for discovery and trial purposes.  Plaintiffs propose that they reserve the right to challenge the Lehmann ruling based on any new evidence or grounds not previously argued on the motion before Judge Campbell.

        **RULING.** The parties shall not use the Lehmann Report during discovery or trial in this case.  The stipulation is without prejudice to either party seeking leave from the Court to use the

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2017-000927                                              10/24/2017

Lehmann Report in the event grounds not previously argued or new evidence is discovered that suggests it is appropriate to use the Lehmann Report for discovery and trial purposes.

### K.  EXCHANGE OF JOINT REPORTS

Defendants propose that, consistent with Paragraph F of MDL CMO 22, the following language be adopted in this case: "To the extent the parties are required to file a joint report at any time, the parties shall exchange drafts of the joint reports at least four business days before the filing deadline and responses to each side's proposed submissions two business days before the deadline. Additional matters may be included in the joint report if exceptional circumstances arise."

**RULING**. The Court adopts defendants' proposal.

### L.  LIAISON COUNSEL

Defendants propose that to ensure that consolidated cases are efficiently managed, the parties, in accordance with Ariz. R. Civ. P. 16.3(a)(1), are required to designate "Liaison Counsel" within ten days of any Order being entered relating to these submission. The Liaison Counsel shall have authority to speak on behalf of the parties and to bind the parties as to any joint filings or submissions.  Plaintiffs state that they will be prepared to address this issue at the October 6, 2017, Case Management Conference.

**RULING.**  The Court adopts defendants' proposal.

### M. DISCOVERY MASTER

**RULING**. At this time, the Court has no idea of how much involvement will be required by the Court to resolve discovery disputes. In anticipation of more problems than a few, the Court directs the parties to agree upon a Special Discovery Master. If the parties cannot agree, they are to submit a blind list of four names (two from each side) and the Court will choose. The parties shall make their submission within 30 days from the filed date of this Order.