# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC<br><br>**CASE MANAGEMENT ORDER NO. 28** |

The Court held a twelfth case management conference on November 17, 2017. The conference occurred after oral argument on two motions for summary judgment. The conference addressed ongoing matters identified in the parties' joint report. Doc. 8851.

**A.   Motion Hearings.**

The Court heard Defendants' motions for summary judgment on preemption and the Booker case. In preparation for the motions hearing to be held on **December 15, 2017 at 1:00 p.m.**, the Court will attempt to prepare for the next six motions identified in Doc. 8172. If the Court is unable to do so, it will endeavor to notify the parties before the December 15 hearing.

**B.   Scheduling of Bellwether Trials.**

Plaintiffs suggested that the Court and the parties be prepared to try the Jones case or another bellwether case in March if the Booker case settles. This prompted questions from the Court regarding the likelihood of settling bellwether cases. As the Court stated in more detail on the record, the bellwether cases have been carefully selected to represent cases consolidated in this MDL. The purpose of the bellwether trials is to give

the parties insight into how their claims and defenses are received by juries, in the hope of helping facilitate a global settlement before the cases are remanded to their original jurisdictions. Selective settlements (or dismissals) of bellwether cases is inconsistent with this purpose. The Court expects to try the five bellwether cases that have been identified so far, and a sixth case if necessary, as mentioned in previous case management orders. If the parties start eliminating bellwether cases through settlement or otherwise, the Court will seriously consider whether further bellwether trials are justified. If the process is not going to result in trial of a representative sample of cases, the Court's likely view will be that the MDL should be terminated and all cases returned to their original districts. The primary purpose of the MDL – common discovery and ruling on common issues – will have been accomplished, and the added benefit of bellwether trials to assist the parties in resolving the litigation globally will be lost if settlements or dismissals skew the representative nature of the bellwether cases.

The Court also stated that it does not see any need to begin working on a second group of bellwether trials. The Court's current view is that the trial of five or six cases should provide the parties with ample information to achieve a global settlement if such a settlement is possible.

C. **Scheduling for the Booker Trial.**

The Booker trial is set to begin on March 13, 2018. This assumes that the Court can resolve the pending *Daubert* motions before that time. The Court will diligently endeavor to do so. Assuming the Court can accomplish this goal, a final pretrial conference will be held on **February 23, 2018 at 2:00 p.m.** In preparation for that conference, the Court enters the following orders:

1. The attorneys who will be responsible for the trial of the case shall attend the final pretrial conference. Counsel shall bring their calendars so that trial scheduling can be discussed.

2. The parties jointly shall prepare a proposed final pretrial order and shall lodge it with the Court no later than **4:00 p.m.** on **February 15, 2018**. Preparation

and lodging of the proposed final pretrial order in accordance with the requirements of this order shall be deemed to satisfy the disclosure requirements of Rule 26(a)(3) of the Federal Rules of Civil Procedure. The parties shall submit a copy of the proposed final pretrial order to the Court in Word format to Nancy_Outley@azd.uscourts.gov.

3. The proposed final pretrial order shall include the information prescribed in the Joint Proposed Final Pretrial Order form found at www.azd.uscourts.gov under: (1) Judges' Information, (2) Orders, Forms and Procedures, and (3) David G. Campbell. Information shall not be set forth in the form of a question, but shall be presented in concise narrative statements.

4. The Court will not allow the parties to offer any exhibit, witness, or other evidence that was not disclosed in accordance with the provisions of this order and the Federal Rules of Civil Procedure and listed in the proposed final pretrial order, except to prevent manifest injustice. Fed. R. Civ. P. 16(e). Objections to witnesses and documents should also be listed.

5. Plaintiffs shall have the burden of initiating communications concerning the proposed final pretrial order.

6. The parties shall (a) number and mark exhibits in accordance with the Exhibit Marking Instructions at www.azd.uscourts.gov under Judges and Courtrooms and Orders, Forms and Procedures (such numbers shall correspond to exhibits numbers listed in the proposed final pretrial order); (b) meet in person and exchange marked copies of all exhibits to be used at trial no later than **14 days** before the submission deadline for the proposed final pretrial order; and (c) eliminate any duplicate exhibits while meeting to exchange exhibits.

7. The parties shall file and serve all motions in limine no later than **January 26, 2018**. Responses to motions in limine shall be filed on or before **February 9, 2018**. Each motion in limine shall state with precision the evidence that is the subject of the motion. The motions and responses must be concise and shall not exceed three (3) pages in length. No replies shall be filed. Counsel shall be prepared to

argue the merits of such motions at the final pretrial conference. (Each side indicated that it wishes to file one motion in limine longer than 3 pages. Permission is granted for one such motion from each side.)

      8.     The parties shall complete the following tasks by the time of the lodging of the proposed final pretrial order:

      (a)     The parties shall file a concise, stipulated description of the case to be read to the jury panel during voir dire (no longer than 2 or 3 paragraphs).

      (b)     The parties shall jointly file a proposed set of voir dire questions. The voir dire questions shall be drafted in a neutral manner. To the extent possible, the parties shall stipulate to the proposed questions. If the parties have any disagreement about a particular question, they shall state the reason for their objection below the question. The parties shall also provide, for the purposes of voir dire, a joint master list of the witnesses who may be called at trial.

      (c)     The parties shall file proposed jury instructions in accordance with "Guidelines for Jury Instructions in Civil Cases" found at www.azd.uscourts.gov under: (1) Judges and Courtrooms, (2) Orders, Forms and Procedures, and (3) David G. Campbell.

      (d)     Each party shall file a proposed form of verdict, including any proposed special verdict forms or juror interrogatories.

      (e)     The joint statement of the case, proposed voir dire questions, proposed jury instructions, and forms of verdict shall be submitted in Word format to Nancy_Outley@azd.uscourts.gov.

      9.     In order to facilitate the creation of an accurate record, the parties shall file a "Notice to Court Reporter" **one week before trial** containing the following information that may be used at trial:

      (a)     Proper names, including those of witnesses.

      (b)     Acronyms.

      (c)     Geographic locations.

    (d) Technical (including medical) terms, names or jargon.

    (e) Case names and citations.

    (f) Pronunciation of unusual or difficult words or names.

  10. Counsel shall review Judge Campbell's statement of Trial Conduct and Decorum before the final pretrial conference. A copy can be found on the Court's website at www.azd.uscourts.gov under: (1) Judges and Courtrooms, (2) Orders, Forms and Procedures, and (3) David G. Campbell.

  11. Full and complete compliance with this Order shall be required by the Court.

### D. Jury Questionnaire.

The Court and the parties discussed whether a jury questionnaire would be appropriate for the Booker case. The parties will confer on this issue. If they conclude a questionnaire would be helpful, they shall present a proposed questionnaire to the Court prior to the **December 15, 2017** conference discussed below.

### E. Mature Cases.

The parties and the Court discussed whether case-specific discovery should occur in what have previously been referred to as "mature cases" – ten or so cases that were close to trial when this MDL was organized. The Court anticipates that the parties and the Court will be busy over the next few months preparing for motions hearings and trial. The Court concludes that case-specific discovery in the mature cases should await their remand, and will not authorize such discovery now.

### F. Meetings of Counsel in Preparation for Trial.

Plaintiffs suggested that the Court schedule meetings for the parties to discuss trial preparation and how to expedite trial. The Court will leave it to the parties to schedule such meetings.

### G. Next Case Management Conference.

The Court will hold another case management conference after the motions hearing on **December 15, 2017**. The parties shall file a joint status report five days

- 5 -

1  before the conference.
2      Dated this 21st day of November, 2017.

_____
David G. Campbell
United States District Judge