# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC <br><br> **CASE MANAGEMENT ORDER NO. 29** |

The Court held a thirteenth case management conference on December 15, 2017. The conference occurred after oral argument on various expert motions, and addressed ongoing matters identified in the parties' joint report. Doc. 9245.

**A.  Motion Hearings.**

In preparation for the hearing to be held on **January 19, 2018 at 1:00 p.m.**, the Court will attempt to prepare for the motions related to experts Muehrcke, Hurst, Eisenberg, Betensky, and McMeeking. *See* Doc. 8172. The Court will decide, without oral argument, the motions related to experts Morris, Grassi, Garcia/Streiff, and the use of criminal law standards. This will leave the Ritchie motion to be heard. The parties should confer and decide whether one of the five motions scheduled for January 19 or the Ritchie motion can be decided without oral argument. If so, an additional hearing will not be needed. The Court likely will rule on the motion for summary judgment in the Jones case after the bellwether trial in the Booker case.

**B.  Scheduling of Bellwether Trials.**

The Booker bellwether trial will begin on March 14, 2018. This is a day later than originally scheduled and is necessitated by the Court's schedule. The trial must be completed by March 30, 2018, as the Court is fully committed the week of April 2, 2018.

The Court will allot 27 hours of trial time to Plaintiffs and 25 hours to Defendants. This time will be counted against opening and closing statements, direct examination, and cross-examination. The Court will advise the parties of the time they have used each day at noon and at the end of the day.

### C. Jury Questionnaire.

The Court plans to seat nine jurors. The parties have submitted a proposed jury questionnaire. The Court will review the proposal and decide whether a questionnaire should be used and, if so, the form of the questionnaire.

### D. Motion to Certify Appeal.

Defendants ask the Court to certify its order on Defendants' preemption motion for summary judgment, dated November 22, 2017, for interlocutory appeal under 28 U.S.C. § 1292(b). Doc. 9244. The parties and the Court discussed this motion at the December 15 conference.

A district court may certify an order for interlocutory appeal if it (1) involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Although Defendants' preemption argument, if accepted, would constitute a controlling ruling of law, the Court cannot conclude that there is substantial ground for difference of opinion or that an immediate appeal would materially advance the ultimate termination of this litigation.

For reasons stated in its order (Doc. 8872), the Court finds that Plaintiffs' claims are not preempted. The Court does not view this as a close question. Although some jurists have expressed concern about confusion in preemption law, this fact does not, in the Court's view, leave the issue addressed in the Court's ruling open to substantial question.

Further, the Court cannot conclude that an immediate appeal of its order would materially advance the ultimate termination of cases in this MDL. As mentioned during the conference, the Court certified an issue to the Ninth Circuit in August 2015. *See*

*Smilovits v. First Solar Inc.*, 119 F. Supp. 3d 978, 1011 (D. Ariz. 2015). The Court of Appeals accepted review in November 2015, but no decision has been issued. This level of delay is typical of matters addressed in the docket-heavy Ninth Circuit. The Court concludes that there is little prospect that certification of this issue would result in an appellate decision in time to aide in the termination of this litigation. This is true particularly in light of the fact that Defendants hope to pursue this issue to the Supreme Court, a process that would take even longer.

### E. *Cisson* Motion.

Plaintiffs seek leave to file a motion to preclude Defendants from presenting FDA-related evidence at trial. Doc. 9245 at 12. Plaintiffs may file the motion by **January 3, 3018**. Defendants shall respond by **January 17, 2018**, and Plaintiffs shall reply by **January 26, 2018**. The motion and response may be 10 pages long, the reply 5 pages.

### F. Next Case Management Conference.

The Court will hold another case management conference after the motions hearing on **January 19, 2018 at 1:00 p.m.**. The parties shall file a joint status report five days prior to the conference.

**IT IS ORDERED** that Defendants' motion to certify the Court's preemption order for interlocutory appeal under 28 U.S.C. § 1292(b) (Doc. 9244) is **denied**.

Dated this 21st day of December, 2017.

_____
David G. Campbell
United States District Judge