**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC<br><br>**ORDER** |

This multidistrict litigation ("MDL") involves thousands of personal injury cases related to inferior vena cava ("IVC") filters manufactured and marketed by Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard"). Bard has filed a motion to disqualify four medical experts: Drs. Scott Resnick, Robert Vogelzang, Kush Desai, and Robert Lewandowski. Doc. 6678. The motion is fully briefed, and the Court heard oral arguments on December 15, 2017. The motion is moot with respect to Dr. Resnick, and will be denied for the other doctors.

**I.  Background.**

Each Plaintiff in this MDL received an implant of a Bard IVC filter and claims that the filter is defective and has caused serious injury or death. Plaintiffs allege that Bard filters tilt, perforate the IVC, or fracture and migrate to neighboring organs. Plaintiffs claim that Bard filters are more dangerous than other IVC filters, and that Bard failed to warn about the higher risks. Plaintiffs assert a host of state law claims, including manufacturing and design defects, failure to warn, breach of warranty, and consumer

fraud and unfair trade practices. Doc. 303-1. Bard disputes Plaintiffs' allegations, contending that overall complication rates for Bard filters are comparable to those of other IVC filters, and the medical community is aware of the risks associated with IVC filters.

The parties intend to use various expert witnesses at trial, including medical professionals. The doctors subject to the present motion are colleagues at Northwestern University's interventional radiology department. The doctors formed a consulting group, SBBK Consultants, LLC ("SBBK"), for purposes of IVC filter litigation. Plaintiffs retained SBBK in this MDL, and Drs. Vogelzang and Desai have provided three expert reports concerning medical problems caused by alleged defects in Bard IVC filters. Plaintiffs have listed Drs. Vogelzang and Desai as testifying experts.[1]

Defendants seek to disqualify each doctor, and SBBK as a whole, because Dr. Resnick served as a consultant to Bard and previously worked for Bard as an expert in IVC filter litigation. Doc. 6678. Given this prior relationship and Dr. Resnick's involvement in drafting the expert reports, Defendants contend that each SBBK expert effectively has engaged in impermissible "side switching." *Id.* at 8.[2]

Plaintiffs do not oppose Dr. Resnick's disqualification. They contend, however, that his colleagues should not be disqualified because they had no confidential relationship with Bard and received no Bard confidential information from Dr. Resnick. Doc. 7029 at 1-3 & n.2. Plaintiffs further contend that disqualification of Drs. Vogelzang and Desai as testifying experts would be unfair. *Id.* at 12-14.

**II. Disqualification Standard.**

"Courts have inherent power to disqualify an expert witness to protect the integrity of the adversary process, protect privileges that otherwise may be breached, and promote public confidence in the legal system." *In re Incretin Mimetics Prods. Liab. Litig.*, MDL

---

[1] Drs. Resnick and Lewandowski participated in drafting the expert reports, but Plaintiffs do not intend to use them as testifying experts.

[2] Page citations are to numbers placed at the top of each page by the Court's electronic filing system rather than the document's original page numbers.

No. 13-md-2452 AJB, 2015 WL 1499167, at *2 (S.D. Cal. Apr. 1, 2015) (citing *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir.1980)). Courts have developed two tests for the exercise of this power, a bright-line rule and a two-part test.

The bright-line rule applies where it is undisputed that the expert was retained by, and received confidential information from, one party and then switched sides in the same litigation. *Wang Labs., Inc. v. Toshiba Corp.*, 762 F. Supp. 1246, 1248 (E.D. Va. 1991). Where the parties disagree on whether the expert had a confidential relationship or received confidential information, courts apply a two-part test that asks whether the party seeking disqualification has shown (1) it was reasonable for the party to believe that a confidential relationship existed, and (2) the expert received or had reasonable access to confidential information relevant to the current litigation. *Id.*; *see In re C. R. Bard, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2187, 2014 WL 6960396, at *7 (S.D. W. Va. Dec. 8, 2014). Courts also consider public policy factors, including whether disqualification would be fair and promote confidence in the legal system. *Wang*, 762 F. Supp. at 1248; *Rhodes v. E.I. Du Pont de Nemours & Co.*, 558 F. Supp. 2d 660, 667-68 (S.D. W. Va. 2008).[3]

**III.  Dr. Resnick.**

Plaintiffs' response to Defendants' motion includes this statement:

> Plaintiffs' Counsel did not know of Dr. Resnick's past relationship consulting with Bard when they hired him as a non-testifying consultant, and since learning of such, as a result of Bard's motion (July 12, 2017), Plaintiffs' Counsel represents that he has instructed Doctors Vogelzang and Desai not to consult in any manner with Dr. Resnick on this case going forward, and they have agreed and complied. Thus, Dr. Resnick will not have any future role in this case, and that aspect of the motion is moot.

Doc. 7029 at 2. In light of this avowal, the Court concludes that the motion is moot with respect to Dr. Resnick.

---

[3] The Ninth Circuit has not adopted a specific approach, but has recognized in dicta that district courts can disqualify "an expert who is initially retained by one party, dismissed, and employed by the opposing party in the same or related litigation." *Erickson v. Newmar Corp.*, 87 F.3d 298, 300 (9th Cir. 1996).

**IV. Drs. Vogelzang and Desai and Their Expert Reports.**

Drs. Vogelzang and Desai have provided three expert reports. Plaintiffs argue that the doctors should not be disqualified as testifying experts under either the bright-line rule or the two-part test because they had no confidential relationship with Bard and received no confidential Bard information. Doc. 7029 at 2-3. Plaintiffs contend that no information Bard provided to Dr. Resnick had any influence on the reports and opinions of his colleagues. *Id.* at 9; *see* Docs. 7029-1, 7029-2 ¶ 4.

Defendants do not claim that Drs. Vogelzang and Desai had confidential relationships with Bard, nor that they personally received confidential information from Bard. As a result, neither doctor would be disqualified under a traditional application of the bright-line rule or the two-part test. Defendants' argument is based on the fact that Dr. Resnick worked with Drs. Vogelzang and Desai in the creation of their expert reports. Defendants argue that the sharing of confidential information in such a setting is unavoidable, and that any claim to the contrary "does not seem credible." Doc. 7058 at 4. Defendants also argue that the entity SBBK, which includes Drs. Vogelzang and Desai, should be disqualified from this litigation. *Id.* (citing *Kane v. Chobani, Inc.*, No. 12-CV-02425-LHK, 2013 WL 3991107, at *5 (N.D. Cal. Aug. 2, 2013)).

The Court concludes that disqualification would be warranted in this circumstance only if Defendants presented evidence that Drs. Vogelzang and Desai actually received Bard confidences. Disqualification is a drastic measure that should be used sparingly. *Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp. 2d 1087, 1092 (N.D. Cal. 2004). "Cases granting disqualification are rare because courts are generally reluctant to disqualify expert witnesses, especially those . . . who possess useful specialized knowledge." *Rhodes*, 558 F. Supp. 2d at 664 (quotation marks and citations omitted). "Accordingly, the party seeking disqualification bears a 'high standard of proof' to show that disqualification is warranted." *Id.* (quotation marks and citations omitted).

Defendants have not satisfied this high standard. Drs. Vogelzang, Desai, and Resnick have provided sworn declarations stating that Dr. Resnick never shared

- 4 -

confidential Bard information with the other doctors. Docs. 7029-1, 7029-2, 7029-3. Defendants provide no evidence to the contrary. Defendants offer no declaration concerning the nature or extent of the confidential information shared with Dr. Resnick. They deposed Drs. Vogelzang and Desai after they knew of their collaboration with Dr. Resnick, and yet never asked them about their communications with Dr. Resnick or the sharing of any Bard-related information. Defendants make no effort to identify Bard confidential information found in the expert reports of the doctors. And although Defendants complain that such efforts would require them to reveal the very confidences they seek to protect, Defendants are well aware of *in camera* procedures and have made no request to submit confidential information to the Court that would identify the confidences that have been compromised.

In short, Defendants ask the Court to disqualify Drs. Vogelzang and Resnick on the *assumption* that they received confidential Bard information from Dr. Resnick. The Court concludes that the drastic step of expert disqualification cannot be based on an assumption. *See Williams v. Old Faithful Tours, Inc.*, No. 11-CV-287-F, 2012 WL 9490902, at *4 (D. Wy. Sept. 25, 2012) (denying motion to disqualify where the expert affirmed under oath that he neither received nor used any confidential information provided by the adverse party in developing his report); *Sarl v. Sprint Nextel Corp.*, No. 09-2269-CM/DJW, 2013 WL 501783, at *7 (D. Kan. Feb. 8, 2013) (requiring receipt of confidential information concerning legal strategies to warrant disqualification where the expert had no prior relationship with the moving party); *In re Incretin-Based Therapies Prods. Liab. Litig.*, No. 15-56997, 2017 WL 6030735, at *3 (9th Cir. Dec. 6, 2017) (suggesting that disqualification of an expert should not occur unless the court has "specific and unambiguous" evidence that the expert received confidential information).[4]

---

[4] In order to protect the highly sensitive attorney-client relationship, attorney disqualification rules permit courts to assume that confidences were received. *See Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980) ("As we have stated, the underlying concern is the possibility, or appearance of the possibility, that the attorney may have received confidential information during the prior representation that would be relevant to the subsequent matter in which disqualification is sought. The test does not require the former client to show that actual confidences were disclosed."). But expert

Disqualification of Drs. Vogelzang and Desai would also seriously prejudice Plaintiffs at this late stage of the litigation. Discovery has closed, expert motions have been filed, and the parties are preparing to begin bellwether trials. Disqualifying Drs. Vogelzang and Desai now would mean that Plaintiffs must proceed without their area of expertise, something the Court is not willing to require in the absence of evidence that Defendants have been disadvantaged in some way. *See Williams*, 2012 WL 9490902, at *4 (declining to disqualify expert because doing so would leave the proponent of his testimony "scrambling to find a liability expert on the eve of trial").[5]

Defendants' reliance on *Kane v. Chobani*, 2013 WL 3991107, at *5, is misplaced. The court in that case was presented with sworn declarations from defense counsel that they discussed litigation strategy with the consulting group and a particular consultant who switched sides. *Id.* at *6. Defendants have presented no such evidence in this case. Moreover, the court in *Kane* found no prejudice from disqualification because the case was still in its initial stages. *Id.* at *7.

**IT IS ORDERED** that Defendants' motion to disqualify experts (Doc. 6678) is moot with respect to Dr. Resnick and is otherwise **denied**. The Court enters this order in reliance on Plaintiffs' avowal that Dr. Resnick will have no further involvement in this case.

Dated this 21st day of December, 2017.

_David G. Campbell_
David G. Campbell
United States District Judge

---

disqualification cases have declined to adopt such an approach. *See, e.g., Hewlett-Packard Co.*, 330 F. Supp. 2d at 1092; *U.S. ex rel. Cherry Hill Convalescent, Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 249 (D.N.J. 1997); *Formosa Plastics Corp. v. Kajima Int'l, Inc.*, 216 S.W.3d 436, 451 (Tex. Ct. App. 2006).

[5] The fourth member of SBBK, Dr. Lewandowski, has no prior relationship with Bard and is not a testifying expert in this case. The Court therefore also concludes that his disqualification is unnecessary.

- 6 -