# EXHIBIT A

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

- - -

IN RE: BARD IVC FILTERS     : No. MD-15-02641-PHX-DGC
PRODUCTS LIABILITY LITIGATION :
------------------------------

- - -
OCTOBER 11, 2016
- - -

DO NOT DISCLOSE - SUBJECT TO FURTHER

CONFIDENTIALITY REVIEW

Videotaped deposition of CHRISTOPHER D. GANSER, held at HILTON SHORT HILLS, 41 John F. Kennedy Parkway, Short Hills, New Jersey, commencing at 9:32 a.m., before Margaret M. Reihl, a Registered Professional Reporter, Certified Realtime Reporter, and Notary Public.

GOLKOW TECHNOLOGIES, INC.
877.370.3377 ph | 917.591.5672 fax
deps@golkow.com

Page 57

1      Q.      Have you ever read it?

2      A.      No.

3      Q.      Do you know you're featured throughout
4   the report?

5              MS. DALY:  Object to the form.

6   BY MR. LOPEZ:

7      Q.      No, I mean your name is in the report.
8   Wouldn't you want to see what Dr. Kessler, a
9   plaintiff's expert said about, you know, some of the
10  documents that you may have created or weighed in on?

11             MS. DALY:  Object to the form.

12             THE WITNESS:  I'm sure I will be
13         presented with certain documents from that
14         report with my name on it.

15  BY MR. LOPEZ:

16     Q.      Okay.  And you haven't seen any part of
17  the report?

18     A.      I have not seen any part of the report.

19     Q.      ==Sir, do you agree that when a device is==
20  ==cleared to be marketed through the 510(k) process that==
21  ==this does not reflect a determination by the FDA that==
22  ==the device is safe and effective?==

23     A.      ==Yes.==

24     Q.      That a determination of substantial

1   equivalence is not equivalent to an approval by the FDA
2   of the device's safety and effectiveness; you agree
3   with that?
4           A.      Could you repeat the question.
5           Q.      Do you agree that a determination of
6   substantial equivalence is not equivalent to an
7   approval by the FDA of the device's safety and
8   effectiveness?
9           A.      Yes.
10          Q.      And would you also agree that
11  substantial equivalence determination does not in any
12  way denote official approval of the device and that any
13  representation conveying an impression of official
14  approval is misleading and constitutes misbranding?
15                  MS. DALY:  Object to the form, lack of
16          foundation.
17                  THE WITNESS:  I would agree.
18  BY MR. LOPEZ:
19          Q.      Okay.  The next document, we talked
20  about guidance documents and how part of your job was
21  to be familiar with certain guidance documents as they
22  related to devices.
23                  Do you recall that?
24          A.      Yes.