Ramon Rossi Lopez (admitted *pro hac vice*)
(CA Bar No. 86361)
LOPEZ McHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
rlopez@lopezmchugh.com

Mark S. O'Connor (011029)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
mark.oconnor@gknet.com

*Attorneys for Plaintiffs*

James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY &
   SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
Telephone: (602) 382-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**THE PARTIES' JOINT STATUS REPORT FOR THE JANUARY 19, 2018 CASE MANAGEMENT CONFERENCE** |

In accordance with Paragraph G of Case Management Order No. 27 [Doc. 8133], the Parties hereby submit their Joint Status Report for the January 19, 2018 Case Management Conference.

**I.      Discovery**

      **A.      MDL Common Discovery**

The Parties completed MDL common discovery on February 3, 2017. The following depositions have been completed:

| Date | Deponent/Topic |
|---|---|
| December 15, 2015 | 30(b)(6) re FDA Warning Letter |
| January 11, 2016 | Kay Fuller |
| January 20, 2016 | Continued 30(b)(6) re FDA Warning Letter |
| March 18, 2016 | 30(b)(6) re corporate structure |
| April 27, 2016 | 30(b)(6) re ESI systems structure |
| May 3, 2016 | Murray Asch, M.D. |
| May 11, 2016 | Carol Vierling |
| May 17, 2016 | Anne Bynon |
| May 24, 2016 | Len DeCant |
| June 2, 2016 | John DeFord |
| June 9, 2016 | Bret Baird |
| June 16, 2016 | Robert DeLeon |
| June 17, 2016 | Joe DeJohn |
| July 18, 2016 | Abithal Raji-Kubba |
| July 27, 2016 | Bill Little |
| July 27, 2016 | Judy Ludwig |
| July 29, 2016 | John Wheeler |
| August 9, 2016 | Maureen Uebelacker |
| August 16, 2016 | Daniel Orms |
| August 19, 2016 | Mary Edwards |
| August 24, 2016 | Cindi Walcott |

| | | |
|---|---|---|
| 1 | August 30, 2016 | 30(b)(6) re REACH program |
| 2 | September 7, 2016 | Steve Williamson |
| 3 | September 7, 2016 | 30(b)(6) re Sales/Marketing |
| 4 | September 7, 2016 | Kevin Shifrin |
| 5 | September 16, 2016 | Jack Sullivan |
| 6 | September 19, 2016 | Brian Doherty |
| 7 | September 23, 2016 | Holly Glass |
| 8 | September 29, 2016 | John Van Vleet |
| 9 | October 11, 2016 | Chris Ganser |
| 10 | October 18, 2016 | Natalie Wong |
| 11 | November 3, 2016 | Jack Sullivan (continued) |
| 12 | November 11, 2016 | Robert Cortelezzi |
| 13 | December 6, 2016 | David Peeler, M.D. |
| 14 | January 4, 2017 | John Kaufman, M.D. |
| 15 | January 18, 2017 | Michael Randall - 30(b)(6) Meridian/Denali |
| 16 | January 18, 2017 | Kim Romney |
| 17 | January 19, 2017 | Robert Carr - 30(b)(6) Key Opinion Leaders |
| 18 | January 20, 2017 | Scott Trerotola, M.D. |
| 19 | January 24, 2017 | Scott Randall |
| 20 | January 25, 2017 | Gary Cohen, M.D. |
| 21 | January 26, 2017 | Chad Modra - 30(b)(6) Failure Rate Thresholds |
| 22 | January 26, 2017 | Anthony Venbrux, M.D. |
| 23 | January 30, 2017 | Frank Lynch, M.D. |
| 24 | January 31, 2017 | Mark Wilson |
| 25 | February 1, 2017 | William Stavropoulos, M.D. |
| 26 | February 2, 2017 | Mike Randall |
| 27 | February 2, 2017 | Kevin Boyle |
| 28 | June 6, 2017 | Rob Carr (Preemption Declaration) |

3

**B.    MDL Expert Disclosure and Discovery**

Plaintiffs made their initial disclosures of expert witnesses on March 3, 2017, and their initial disclosures relating to the Meridian and Denali devices on April 7, 2017. Those disclosures included the following witnesses:

- David W. Bates, M.D., MSc
- Rebecca Betensky, Ph.D.
- Mark J. Eisenberg, M.D.
- David Garcia, M.D.
- Steven M. Hertz, M.D.
- Sanjeeva Kalva M.D.
- David A. Kessler, M.D.
- Thomas Kinney, M.D., M.S.M.E.
- Robert M. McMeeking, Ph.D., NAE, FREng, FRSE, LFASME
- Robert O. Ritchie, Ph.D.
- Suzanne Parisian, M.D.
- Anne Christine Roberts, M.D.
- Michael B. Streiff, M.D.
- Robert L. Vogelzang, M.D.

Defendants made their initial disclosures of expert witnesses on April 14, 2017, and their initial disclosures relating to the Meridian and Denali devices on May 12, 2017. Those disclosures included the following witnesses:

- Christine L. Brauer, Ph.D.
- Paul Briant, Ph.D., P.E.
- Audrey A. Fasching, Ph.D., P.E.
- David W. Feigal. Jr., M.D., M.P.H.
- Clement J. Grassi, M.D.
- Mark W. Moritz, M.D.
- Christopher S. Morris, M.D.

4

| | |
|---|---|
| 1 | Frederick B. Rogers, M.D., FACS |
| 2 | Moni Stein, M.D., FSIR |
| 3 | Ronald A. Thisted, Ph.D. |
| 4 | Donna Bea Tillman, Ph.D., M.P.A. |

Plaintiffs made their rebuttal disclosures of expert witnesses on May 12, 2017. Those disclosures included the following witnesses:

- Rebecca Betensky, Ph.D.
- Kush Desai, M.D.
- Mark J. Eisenberg, M.D.
- Steven M. Hertz, M.D.
- Robert M. McMeeking, Ph.D.
- Robert O. Ritchie, Ph.D.
- Robert L. Vogelzang, M.D.

The following expert depositions have been taken:

| Date | Deponent |
|---|---|
| May 9, 2017 | David W. Bates, M.D., MSc (class-action) |
| May 16, 2017 | Steven M. Hertz, M.D. (class-action) |
| May 17, 2017 | Christopher S. Morris, M.D. |
| June 5, 2017 | Robert L. Vogelzang, M.D. |
| June 6, 2017 | Kush Desai, M.D. |
| June 9, 2017 | Robert O. Ritchie, Ph.D. |
| June 15, 2017 | Clement J. Grassi, M.D. |
| June 17, 2017 | Thomas Kinney, M.D., M.S., M.E. |
| June 21, 2017 | David L. Garcia, M.D. |
| June 21, 2017 | Suzanne Parisian, M.D. |
| June 21, 2017 | Anne Christine Roberts, M.D. |
| June 23, 2017 | Rebecca Betensky, Ph.D. |
| June 26, 2017 | Audrey Fasching, Ph.D., PE |
| July 6, 2017 | Mark J. Eisenberg, M.D., MPH, FACC, FAHA |

5

| | |
|---|---|
| July 6, 2017 | Robert M. McMeeking, Ph.D., NAE, FREng, FRSE, LFASME |
| July 7, 2017 | Anne Christine Roberts, M.D. |
| July 11, 2017 | Sanjeeva Kalva, M.D. |
| July 12, 2017 | Michael B. Streiff, M.D. |
| July 13, 2017 | Paul Briant, Ph.D, PE |
| July 18, 2017 | Mark W. Moritz, M.D. |
| July 18, 2017 | Frederick B. Rogers, M.D., MS, FACS |
| July 20, 2017 | David W. Feigal, Jr., M.D., MPH |
| July 21, 2017 | Darren R. Hurst, M.D. |
| July 24, 2017 | Derek D. Muehrcke, M.D. |
| July 25, 2017 | Christopher S. Morris, M.D. |
| July 26, 2017 | J. Matthew Sims, MC, MS |
| July 26, 2017 | Kenneth Herbst, M.D. |
| July 28, 2017 | Ronald A. Thisted, Ph.D. |
| July 31, 2017 | David A. Kessler, M.D. |
| July 31, 2017 | Moni Stein, M.D. |
| August 2, 2017 | Christine L. Brauer, M.D., Ph.D. |
| August 3, 2017 | Paul Briant, Ph.D., PE |
| August 3, 2017 | Audrey Fasching, Ph.D. |
| August 3, 2017 | David S. Poll, M.D. |
| August 4, 2017 | Robert O. Ritchie, Ph.D. |
| August 4, 2017 | Donna Bea Tillman, Ph.D.MPA, FRAPS |
| August 16, 2017 | Lora K. White, RN, BSN, CCM, CNLCP |
| August 25, 2017 | Daniel Cousin, M.D. |
| September 29, 2017 | Piotr Sobieszczyk, M.D. |

C. *Barazza* **Class Action Discovery**

The Parties completed the depositions of the named plaintiffs. The following depositions were taken:

| | |
|---|---|
| October 19, 2016 | Diane Washington |
| October 28, 2016 | James Holt |
| November 10, 2016 | Gregory Lester |
| November 16, 2016 | Maria Barazza |
| November 30, 2016 | Edward Mims |
| December 1, 2016 | Nancy Mosher |
| December 6, 2016 | Thomas Flournay |
| December 6, 2016 | Delmar Lee Peck |
| December 15, 2016 | Denise Tomlin |
| January 24, 2017 | John Van Vleet |
| February 27, 2017 | Linda Walker |
| May 11, 2017 | Ana Hernandez |

The Parties designated and disclosed experts on class certification issues, including Plaintiffs' rebuttal expert reports. Many of those class certification experts were also the same experts in the general MDL and were deposed at the same time for both the MDL and the class action.

D. **Bellwether Group 1 Depositions**

1. **Fact Discovery**

In addition to the numerous fact witness depositions taken by the Parties before the last status conference, the Parties have scheduled or have already taken the following fact witness depositions in the five bellwether cases since that status conference:

| | |
|---|---|
| May 31, 2017 | Angelic Thompson (Mulkey) |
| May 31, 2017 | Lorelie Thompson (Mulkey) |
| May 31, 2017 | Torin Walters, M.D. (Mulkey) |
| June 1, 2017 | Pho Nguyen, M.D. (Mulkey) |

7

| | | |
|---|---|---|
| 1 | June 15, 2017 | Brandon Kang, M.D. (Booker) |
| 2 | June 20, 2017 | Richard Harvey, M.D. (Booker) |
| 3 | June 26, 2017 | Eric Hairston (Booker) |
| 4 | June 27, 2017 | Brody Puckett (Kruse, postponed due to illness) |
| 5 | July 7, 2017 | Amy Sparks, M.D. (Hyde) |
| 6 | July 11, 2017 | Colleen Taylor, M.D. (Jones) |
| 7 | July 12, 2017 | Aaron Donner (Mulkey) |
| 8 | August 3, 2017 | Chris Smith (Jones) |
| 9 | August 15, 2017 | Bryan Vogel (Booker and Kruse) |
| 10 | August 23, 2017 | Tim Hug (Hyde) |

Per CMO 25 (Doc. 6227), the deadline for deposing medical witnesses (treating physicians) was August 7, 2017, and the deadline for deposing all other fact witnesses was August 15, 2017.

**2.    Case-Specific Expert Disclosures and Discovery**

On June 5, 2017, Plaintiffs disclosed case-specific expert reports by the following expert witnesses in all five bellwether cases:

Darren Hurst, M.D.

Derek D. Muehrcke, M.D.

On June 5, 2107, Plaintiffs disclosed the case-specific expert report of David Garcia, M.D. in the Jones bellwether case.

On June 9, 2017, in accordance with the agreement of the Parties, Plaintiffs disclosed case-specific expert reports by Robert M. McMeeking, Ph.D., NAE, FREng, FRSE, LFASME in all five bellwether cases.

On June 12, 2017, in accordance with the agreement of the Parties, Plaintiffs disclosed case-specific expert reports by the following expert witnesses in all five bellwether cases:

Robert O. Ritchie, Ph.D.

8

        J. Matthew Sims, MC, MS & Lora K. White, RN, BSN, CNLCP, CCM, MSCC

On July 3, 2017, Defendants disclosed case-specific expert reports for the following expert witnesses:

        Kenneth D. Herbst, M.D.

        Mark W. Moritz, M.D.

        Christopher S. Morris, M.D.

        Moni Stein, M.D., FSIR

On July 13, 2017, in accordance with agreement of the parties, Defendants disclosed case-specific expert reports for the following expert witnesses:

        Audrey A. Fasching, Ph.D.

        Paul Briant, Ph.D

        Daniel Cousin, M.D.

        David Poll, M.D.

        Piotr Sobieszczyk, M.D.

All general MDL deposition discovery and all depositions related to the initial five bellwether cases have been completed (subject to this Court's resolution of the disputes identified below).

## II.    Science Day Procedure

The Parties made their Science Day presentations on October 5, 2019 as described in CMO 27.

## III.    Summary Judgment and *Daubert* Motions

The Parties filed their *Daubert* and summary judgment motions in accordance with CMO 23 and this Court's August 31, 2017, Order [Doc. 7368]. The Court has heard and submitted its rulings on the following motions argued on November 17, 2017 and December 15, 2017.

- Defendants' Motion and Memorandum in Support of Motion for Summary Regarding Preemption

- Defendants' Motion and Memorandum in Support of Motion for Partial Summary Judgment of Plaintiff SherrUna Booker's Claims (Docs. 7456 and 8163)
- Defendants' Motion and Memorandum in Support of Motion to Disqualify Robert Vogelzang, M.D. and Kush Desai, M.D. as Testifying Experts; and Scott Resnick, M.D. and Robert Lewandowski, M.D. as Consulting Experts for Plaintiffs (Docs. 6678, 7029, and 7058);
- Defendants' Motion and Memorandum in Support of Motion to Disqualify Thomas Kinney, M.D. as an Expert for Plaintiffs (Docs. 5677, 5803, and 5879);
- Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.'s Motion and Incorporated Memorandum to Exclude (Daubert) the Opinions of David Kessler, M.D. and Memorandum of Law in Support (Docs. 7309 and 7805);
- Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.'s Motion and Incorporated Memorandum to Exclude (Daubert) the Opinions of Suzanne Parisian, M.D. and Memorandum of Law in Support (Docs. 7308 and 7814).
- Defendants C. R. Bard, Inc.'s and Bard Peripheral Vascular, Inc.'s Motion to Exclude (Daubert) the Opinions of Thomas Kinney, M.D., Anne Christine Roberts, M.D., and Sanjeeva Kalva, M.D. and Memorandum of Law in Support (Docs. 7296, and 7812)

In accordance with the Court's Order dated January 4, 2018, Plaintiffs are ready to argue the following motions on January 19, 2018:

1. Defendants C. R. Bard Inc.'s and Bard Peripheral Vascular, Inc.'s Motion to Exclude (*Daubert*) the Opinions of Derek R. Muehrcke, M.D. and Memorandum of Law in Support (Docs. 7304 and 7813)

2. Defendants C. R. Bard Inc.'s and Bard Peripheral Vascular, Inc.'s Motion to Exclude (*Daubert*) the Opinions of Darren R. Hurst, M.D., and Supporting Memorandum of Law (Docs. 7302 and 7811);

3. Defendants C. R. Bard Inc.'s and Bard Peripheral Vascular, Inc.'s Motion to Exclude (*Daubert*) the Opinions of Mark J. Eisenberg, M.D. and Memorandum of Law in Support (Docs. 7291 and 7810);

4. Defendants C. R. Bard Inc.'s and Bard Peripheral Vascular, Inc.'s Motion to Exclude the Opinions of Rebecca Betensky, Ph.D. and Memorandum of Law in Support (Docs. 7288 and 7809);

## IV. Pre-Trial Motion Practice

### A. Plaintiffs' "*Cisson* FDA" Motion *in Limine*

**Plaintiffs' Position**

Plaintiffs filed their "*Cisson* FDA" motion *in limine* seeking exclusion of certain FDA-related evidence in accordance with the Court's Case Management Order No. 29 on January 2, 2018 (Doc. 9529). Plaintiffs request a date for oral argument at the Court's earliest possible convenience in order to assist trial preparation.

**Defendants' Position**

The Defendants stand ready to present oral argument if the Court believes it would be beneficial.

### B. Plaintiffs' Motion in Limine re: Non-Party Fault Specific to Booker

**Plaintiffs' Position**

Plaintiff Booker intends to file a motion *in limine* to exclude certain evidence related to Defendants' Notice of Non-Party Fault under O.C.G.A. § 51-12-33(d) filed on November 13, 2017. Plaintiffs request relief from the current three page limit on motions *in limine*, and not to exceed five pages.

**Defendants' Position**

The Defendants have no objection to the Plaintiffs' request.

### C. Defendants' Motion in Limine

**Defendants' Position**

During the status conference held on November 17, 2017, the Court and the parties discussed motions in limine for the upcoming bellwether trials. At that time, the Plaintiffs indicated their desire to file one motion (referred to as the **Cisson** motion) exceeding the Court's customary page limitations for motions in limine. In turn, the Defendants indicated that they also had one motion that they wished to file with an expanded page limitation. Thereafter, the Court entered Case Management Order No. 28 (Doc. No. 8871). In that order, the Court stated that "[e]ach side indicated that it wishes to file one motion in limine longer than 3 pages. Permission is granted for one such motion from each side."

In Case Management Order No. 29 (Doc. No.9415), the Court set a briefing schedule for the Plaintiffs' "**Cisson**" motion, and established expanded page limitations for that motion. However, the Court did not mention or address in that order the motion in limine that the Defendants wish to file in excess of the Court's customary page limitations. Bard respectfully requests that the Court provide it with the same expanded page limitations (including a short reply brief) afforded the Plaintiffs regarding their **Cisson** motion for one of its motions in limine.

**Plaintiffs' Position**

The Plaintiffs have no objection to applying the same protocol established for the *Cisson* motion to one of the Defendants' motions *in limine*.

**D.     Motion for Bifurcation**

**Plaintiffs' Position**

The decision to receive briefing and set scheduling on any matter is solely in the Court's discretion.

**Defendants' Position**

Both of the initial two bellwether cases (**Booker** and **Jones**) will be governed by Georgia substantive law. Georgia's punitive damages statute (O.C.G.A. sec. 51-12-5.1(d) and (e)) calls for a bifurcated proceeding when a claim for punitive damages is asserted. While the application of this statute in a federal court raises some complicated legal questions, at least two other MDL courts – in the context of trying bellwether cases premised on Georgia law – have applied the statute. *See In re Mentor Corp. ObTape Transobturator Sling Prod. Liab. Litig.*, No. 3:07-CV-00101, 2010 WL 1998166, at *2 (M.D. Ga. May 18, 2010); *see also Cisson v. C. R. Bard, Inc.*, No. 2:11-CV-00195, 2015 WL 251437, at *4 (S.D.W.Va. Jan. 20, 2015), *aff'd sub nom. In re C. R. Bard, Inc.*, MDL No. 2187, *Pelvic Repair Sys. Prod. Liab. Litig.*, 810 F.3d 913 (4th Cir. 2016). Bard therefore requests a briefing schedule for the filing of a motion to bifurcate to present this issue to the Court for decision.

By way of background, Georgia law provides that, during the primary trial, "the trier of fact shall first resolve from the evidence produced at trial whether an award of punitive damages shall be made." *See* O.C.G.A. sec. 51-12-5.1(d). If the trier of fact determines that there is clear and convincing evidence to support an award of punitive damages, a second phase of the trial is convened to "receive such evidence as is relevant to a decision regarding what amount of damages will be sufficient to deter, penalize, or punish the defendant in light of the circumstances of the case." *See* O.C.G.A. sec. 51-12¬5.1 (e). Typically, that second phase (if held) is brief, involving short evidentiary presentations of a defendant's net worth (or similar proof), and short additional arguments.

Bard asks that the Court establish a briefing schedule that will permit the parties to fully brief this issue prior to the pre-trial conference, with the expectation that the issue can be addressed at that time.

### E. Discovery Relating to Second Phase of Trial

**Plaintiffs' Position**

Plaintiffs seek discovery to establish current evidence of defendants' net worth and any other "such evidence as is relevant to a decision regarding the amount of damages will be sufficient to deter, penalize, or punish the defendant in light of the circumstances of the case." *See* O.C.G.A. sec. 51-12-5.1(e).

Said discovery would include requests for the following category of documents: General Ledgers, Income statements, Balance sheets, Annual reports, consolidated financial statements, including working copies, cash flow statements, and detail budget variance reports. Plaintiffs also seek an appropriate defendant representative be produced for a two hour deposition to inquire regarding said documents.

Plaintiffs seek this discovery prior to the start of the *Booker* bellwether trial as currently scheduled to commence on March 14, 2018.

**Defendants' Position**

The Defendants object to the Plaintiffs' attempt to re-open fact discovery on the eve of the first bellwether trial. Under the applicable case management order, general fact

13

discovery closed on February 3, 2017.  In turn, fact discovery specific to the five bellwether cases concluded in August of 2017.  Despite those deadlines, and despite ample notice of the potential relevance of the information, the Plaintiffs waited until now to make their request.  The Plaintiffs should not be permitted to disrupt the Defendants' trial preparation efforts this close to trial, when they had ample past opportunities to accomplish the additional discovery they are now seeking.

RESPECTFULLY SUBMITTED this 12th day of January 2018.

| GALLAGHER & KENNEDY, P.A. | SNELL & WILMER L.L.P. |
|---|---|
| By: */s/ Mark S. O'Connor*<br>Mark S. O'Connor (011029)<br>2575 East Camelback Road<br>Phoenix, Arizona 85016-9225<br><br>Ramon Rossi Lopez<br>(admitted *pro hac vice*)<br>CA Bar No. 86361<br>LOPEZ McHUGH LLP<br>100 Bayview Circle, Suite 5600<br>Newport Beach, California 92660<br><br>*Attorneys for Plaintiffs* | By: */s/ Richard B. North*<br>James R. Condo (005867)<br>Amanda C. Sheridan (027360)<br>One Arizona Center<br>400 E. Van Buren, Suite 1900<br>Phoenix, Arizona  85004-2202<br><br>Richard B. North, Jr. (admitted *pro hac vice*)<br>Georgia Bar No. 545599<br>Matthew B. Lerner (admitted *pro hac vice*)<br>Georgia Bar No. 446986<br>Nelson Mullins Riley & Scarborough LLP<br>201 17th Street, NW / Suite 1700<br>Atlanta, GA  30363<br><br>*Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

/s/ Gay Mennuti

14