James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone:  (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' MOTION TO BIFURCATE TRIAL**<br><br>(Assigned to the Honorable David G. Campbell) |
| SHERR-UNA BOOKER, an individual,<br><br>                        Plaintiff,<br><br>v.<br><br>C. R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, INC., an Arizona corporation,<br><br>                        Defendants. | |

*(vertical left margin)* Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

Nelson Mullins Riley & Scarborough

L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

Pursuant to Fed. R. Civ. P. 42(b), Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") move to bifurcate the trial of this case to avoid prejudice. Specifically, Bard requests this Court conduct trial in two phases: determining liability, compensatory damages, and whether punitive damages should be awarded in the first phase of trial and, if necessary, determining the amount of punitive damages in the second phase following the procedure set out in Georgia's state statute on punitive damages O.C.G.A. § 51-12-5.1(d).

## I.      Factual Background

This is a product liability action in which the plaintiff asserts that she suffered personal injuries arising out of the implantation of Bard's G2 Filter ("G2 Filter"). The G2 Filter was designed and sold by Bard Peripheral Vascular, Inc., a division of Bard, headquartered in Arizona. As part of her suit against Bard, the plaintiff has alleged she is entitled to recover punitive damages against Bard – which Bard denies. In light of plaintiff's claim for punitive damages, the trial of this case should be bifurcated in order to avoid prejudice.

## II.      Legal Standard

Section 51-12-5.1 of the Georgia Code Annotated specifically defines the substantive limitations of punitive damages awards and mandates a bifurcated trial procedure in determining the amount of punitive damages to be awarded. While the substantive portions of O.C.G.A. § 51-12-5.1 apply to this case[1], bifurcation is a matter of

---

[1] Plaintiff resided in Georgia at the time she allegedly suffered injuries due to the G2 Filter implant and listed the Northern District of Georgia in her Short Form Complaint as the appropriate forum court absent direct filing in this MDL. (Case 2:16-cv-00474-DGC, Doc. 1, ¶¶ 5-7) Consequently, Georgia substantive law – including substantive law concerning punitive damages – applies to this case. *See Sanchez v. Boston Sci. Corp.*, No. 2:12-CV-05762, 2014 WL 202787, at *4 (S.D.W. Va. Jan. 17, 2014) (recognizing that courts apply the choice-of-law rules of the "originating jurisdiction" for cases that originate outside the MDL court's judicial district and that are filed directly into the MDL); *In re Fresenius Granuflo/NaturaLyte Dialysate Prod. Liab. Litig.*, 76 F. Supp. 3d 294, 303 n. 6 (D. Mass. 2015) (noting that direct-filing MDL plaintiffs should be required to declare an appropriate home forum in their complaint to serve as the "proper originating forum"); *Coon v. Medical Center, Inc.*, 335 Ga.App. 278, 282, 780 S.E.2d 118 (2015) (noting that, under its choice-of-law rules, Georgia applies the substantive law of the place where the injury was suffered).

procedure and, thus, the Federal Rules govern a bifurcation decision in diversity cases. *Simpson v. Pittsburgh Corning Corp.*, 901 F.2d 277, 283 (2d Cir. 1990) (holding bifurcation is procedural and applying federal rules); *Rosales v. Honda Motor Co.*, 726 F.2d 259, 262 (5th Cir. 1984) (upholding bifurcation under federal rules); *Moss v. Associated Transp., Inc.*, 344 F.2d 23, 24 (6th Cir. 1965) (upholding bifurcation under federal rules).

Under the Federal Rules of Civil Procedure, bifurcation is governed by Rule 42(b) which allows federal courts discretion to order bifurcation of issues "[f]or convenience, to avoid prejudice, or to expedite and economize[.]" Fed. R. Civ. P. 42(b). As set out below, when considering bifurcation of punitive damages in cases applying Georgia substantive law, a number of district courts have exercised their discretion under Rule 42(b) and adopted the bifurcation procedures set out in O.C.G.A. § 51-12-5.1(d) to avoid prejudice to defendants. The bifurcation procedures outlined in O.C.G.A. § 51-12-5.1(d) should, likewise, be adopted in the present case in order to avoid prejudice to Bard.

## III.   Argument

### Bifurcation of trial in accordance with O.C.G.A. § 51-12-5.1(d) is necessary to avoid introduction of prejudicial evidence during the determination of liability and compensatory damages.

The most common reason for bifurcating is to exclude evidence of the defendant's wealth or net worth from the compensatory damages phase. Traditionally, evidence of a defendant's financial net worth is admissible and relevant for the purpose of evaluating the amount of punitive damages to be awarded. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 270, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); *United States v. Big D Enterprises, Inc.,* 184 F.3d 924, 932 (8th Cir.1999). Courts, however, have widely recognized that such evidence is wholly irrelevant to liability or compensatory damages and can be highly prejudicial to the jury's determination on those issues. *See Parsons v. First Investors Corp.,* 122 F.3d 525, 529 (8th Cir.1997) (recognizing that bifurcation of trial into separate phases to consider, first, liability and compensatory damages, and

Nelson Mullins Riley & Scarborough
L.L.P.
201 17ᵗʰ Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

second, punitive damages, can avoid the potential that evidence pertinent to punitive damages will improperly prejudice a determination on liability and compensatory damages); *State Farm Fire & Cas. Co. v. Woods*, 896 F. Supp. 658, 660 (E.D. Tex. 1995) (ordering bifurcation and holding that "[w]hile [defendant's] net worth will be relevant to a determination of punitive damages, that same information could severely prejudice the [defendant] in the calculation of actual damages.").

Here, evidence relevant only to the amount of punitive damages – such as Bard's financial net worth – carries the same potential for severe prejudice recognized by other courts.  The balance between relevance and prejudice of punitive damages evidence creates a dilemma not resolvable under the all-or-nothing approach of Fed. R. Evid. 403. Limiting instructions are also ineffective at curtailing the potential prejudice inherent in trials involving punitive damages claims. *See Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 603–04 (9th Cir. 2016), *cert. denied sub nom. City of Anaheim, Cal. v. Estate of Diaz*, 137 S. Ct. 2098, 197 L. Ed. 2d 895 (2017) (reversing district court's denial of bifurcation of punitive damages issue and noting that "if a limiting instruction was considered sufficient to cure all prejudice, there would be no need ever to bifurcate to avoid prejudice").  Bifurcation of the proceedings under Fed. R. Civ. P. 42(b), however, provides a solution for both problems.  On one hand, bifurcation protects against prejudice by excluding the offending evidence during the first phase of trial.  And, on the other hand, it allows the appropriate introduction of relevant evidence during the second phase.

The bifurcation procedure laid out in Georgia's statute on punitive damages – O.C.G.A. § 51-12-5.1(d) – is instructive.[2]  Under the Georgia statute, cases involving

---

[2] Other portions of O.C.G.A. § 51-12-5.1 dealing with punitive damages are substantive and, thus, binding on federal courts sitting in diversity. *See, e.g., Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 430, 116 S. Ct. 2211, 2221, 135 L. Ed. 2d 659 (1996) (holding that N.Y. state statute governing determination whether punitive award is excessive applies in diversity cases); *Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 278, 109 S. Ct. 2909, 2921–22, 106 L. Ed. 2d 219 (1989) ("In a diversity action, or in any other lawsuit where state law provides the basis of decision, the propriety of an award of punitive damages for the conduct in question, and the factors the jury may consider in determining their amount, are questions of state law."); *In re Mentor Corp. ObTape Transobturator Sling Prod. Liab. Litig.*, No. 3:07-CV-00101, 2010 WL 1998166, at *2 (M.D. Ga. May 18, 2010) (applying "one award"

Nelson Mullins Riley & Scarborough
L.L.P.
201 17ᵗʰ Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

punitive damages are bifurcated with the jury determining liability, compensatory damages, and the availability of punitive damages in the initial phase of trial. O.C.G.A. § 51-12-5.1(d)(1). Should the jury find that punitive damages should be awarded, then the second phase of trial immediately recommences in order to receive additional evidence relevant to the amount of punitive damages and for the jury to make a determination as to the amount of punitive damages to be awarded. O.C.G.A. § 51-12-5.1(d)(2). A number of other federal district courts, applying substantive Georgia law on the issue of punitive damages, have exercised their discretion under Fed. R. Civ. P. 42(b) and applied the procedural bifurcation structure set out by O.C.G.A. § 51-12-5.1(d). *See Scroggins v. Yellow Freight Sys., Inc.*, 98 F. Supp. 2d 928, 932 (E.D. Tenn. 2000) (exercising discretion under FRCP 42, in case involving Georgia law, to bifurcate proceedings – if necessary – in light of O.C.G.A. 51-12-5.1(d)'s intended purpose to protect defendants from prejudice); *Galack v. PTS of Am., LLC*, No. 4:13-CV-0288-HLM, 2015 WL 11578452, at *1 (N.D. Ga. Sept. 9, 2015) (granting bifurcation and finding that "trial should proceed according to O.C.G.A. 51-12-5.1(d)"); *In re Mentor Corp. ObTape Transobturator Sling Prod. Liab. Litig.*, No. 3:07-CV-00101, 2010 WL 1998166, at *4 (M.D. Ga. May 18, 2010) ("Pretermitting whether this issue [of bifurcation] is procedural or substantive and thus governed by federal or Georgia law, the Court finds Georgia law on the issue instructive.").

The structure of the bifurcation procedures under O.C.G.A. § 51-12-5.1(d) strikes the appropriate balance between exclusion of prejudicial evidence and admission of relevant evidence pertinent to the issue of the amount of punitive damages, if any, to be awarded. Thus, in order to avoid severe prejudice through the admission of net worth or other evidence during the determination of liability and compensatory damages, the trial

provision of O.C.G.A. 51-12-5.1(e)(1) in MDL case where Georgia's punitive damages statute applied); *Cisson v. C.R. Bard, Inc.*, No. 2:11-CV-00195, 2015 WL 251437, at *4 (S.D.W. Va. Jan. 20, 2015), *aff'd sub nom. In re C.R. Bard, Inc., MDL No. 2187, Pelvic Repair Sys. Prod. Liab. Litig.*, 810 F.3d 913 (4th Cir. 2016) (MDL court sitting in diversity applied and upheld constitutionality of O.C.G.A. 51-12-5.1(e)(2)'s requirement that 75% of any amount awarded as punitive damages be paid to the state treasury).

of this case should be bifurcated in accordance with the procedure set out in O.C.G.A. 51-12-5.1(d).

**IV.    Conclusion**

For the foregoing reasons, the trial of this case should be bifurcated in accordance with the procedures set out in O.C.G.A. 51-12-5.1(d).

RESPECTFULLY SUBMITTED this 26th day of January, 2018.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

*Nelson Mullins Riley & Scarborough*
*L.L.P.*
*201 17th Street NW, Suite 1700*
*Atlanta, GA 30363*
*(404) 322-6000*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of January, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

s/Richard B. North, Jr.
Richard B. North, Jr.

Nelson Mullins Riley & Scarborough
L.L.P.
201 17ᵗʰ Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000