1  James R. Condo (#005867)
   Amanda C. Sheridan (#027360)
2  SNELL & WILMER L.L.P.
   One Arizona Center
3  400 E. Van Buren, Suite 1900
   Phoenix, AZ 85004-2204
4  Telephone: (602) 382-6000
   jcondo@swlaw.com
5  asheridan@swlaw.com

6  Richard B. North, Jr. (admitted *pro hac vice*)
   Georgia Bar No. 545599
7  Matthew B. Lerner (admitted *pro hac vice*)
   Georgia Bar No. 446986
8  NELSON MULLINS RILEY & SCARBOROUGH LLP
   Atlantic Station
9  201 17th Street, NW, Suite 1700
   Atlanta, GA 30363
10 Telephone: (404) 322-6000
   richard.north@nelsonmullins.com
11 matthew.lerner@nelsonmullins.com

12 *Attorneys for Defendants*
   *C. R. Bard, Inc. and*
13 *Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 2 TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE REGARDING THE DEVELOPMENT OF THE RECOVERY® FILTER**<br><br>(Assigned to the Honorable David G. Campbell) |

Bard moves *in limine* to exclude certain irrelevant and unfairly prejudicial evidence regarding the development of the Recovery® Filter, a device **Plaintiff did not receive**, by respectfully showing the Court as follows[1]:

## ARGUMENT AND CITATION OF AUTHORITY

**A.   Evidence Regarding the Development of the Recovery Filter is Irrelevant**

Evidence is relevant when it has "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a), 402; *Lewy v. Remington Arms Co.*, 836 F.2d 1104, 1109 (8th Cir. 1988) (holding that trial court abused its discretion by admitting extensive evidence about prior model gun); *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *14 (M.D. Fla. July 22, 2004) (excluding "extended evidence of [first generation product's] design, testing, or development history; or evidence of alleged defects in first generation [product], and the alleged rush to market the first generation [product]"); *accord Bradley v. Cooper Tire & Rubber Co.*, No. 4:03CV00094DPJJCS, 2007 WL 4624613, at *4 (S.D. Miss. Aug. 3, 2007).[2] Furthermore, evidence of prior actions is inadmissible if relevant solely to prove bad character or propensity. *See* Fed. R. Evid. § 404(b); *United States v. Bailleaux*, 685 F.2d 1105, 1110 (9th Cir. 1982) ("[P]rior [acts] must not be too remote in time."). Here, evidence regarding the development of the Recovery Filter occurring almost a decade or more before Plaintiff received her G2® Filter is irrelevant and far too remote in time to be admissible.

For example, Plaintiff will likely seek to admit evidence regarding the informal, unsigned and unfinalized Recovery Filter migration test, which included only Recovery Filters with a leg span of 30-31mm. This test of a ***specific subset*** of the Recovery Filter,

---

[1] Counsel for Defendants conferred with counsel for Plaintiffs and this motion is opposed.
[2] Unlike in *Hockensmith v. Ford Motor Co.*, No. CIV.A. 1:01-CV-3645G, 2003 WL 25639639, at *6 (N.D. Ga. Apr. 17, 2003), Ms. Booker has not carried her burden of showing that the alleged defects at issue with the design of her G2 Filter are substantially similar to the same aspects of the Recovery Filter design. Nor could she, as Bard implemented important design changes to the G2 Filter that specifically addressed and improved the clinical performance of Plaintiff's G2 Filter over the prior product. *See*, *e.g.*, Bard's Motion *in Limine* to Exclude Evidence of Recovery Filter Complications.

- 1 -

performed in April 2000, seven years before Plaintiff received her G2 Filter, has no bearing on whether her G2 Filter is defectively or negligently designed, or whether Bard provided a legally adequate warning regarding her G2 Filter. Indeed, the G2 Filter is designed to have a leg span of 38-42mm (approximately 25% wider than the Recovery Filter (30-34mm)), making the results of the Recovery Filter's migration studies irrelevant to determine whether the G2 Filter is defectively designed. Similarly, Plaintiff has already injected in this case evidence of Bard's informal comparative migration resistance testing of the Recovery Filter, ***not the G2 Filter***, performed in March 2004, more than three years before Plaintiff received her G2 Filter. *See* Doc. 8163 at 3. For the same reasons, this evidence is irrelevant to show that the G2 Filter was defective or its warnings inadequate.

Additionally, Plaintiff has also introduced in this case the deposition testimony of Dr. Asch, who claimed he was somehow misled by Bard regarding the nature of and use of data from his clinical trial of the Recovery Filter. *See* Doc. 8163 at 19. But Dr. Asch's personal feelings or opinions regarding information shared with him about the Recovery Filter clinical trial, which are rebutted by Bard witnesses and fully unsubstantiated by any documentation whatsoever, have no impact on the design, manufacture, or warnings of an entirely different device: the G2 Filter, which Plaintiff received.

Finally, Plaintiff has made clear she intends to seek to admit the testimony from Ms. Kay Fuller, who claims she did not sign the cover letter that accompanied Bard's 510(k) application for the Recovery Filter. *See* Doc. 9520 at 6. Plaintiff intends to argue that Ms. Fuller's signature was "forged," notwithstanding Ms. Carol Vierling's testimony that she signed the cover letter on her behalf and on behalf of Ms. Fuller, as reflected in the version of the letter sent to the FDA. *See* Doc. 7950 at ¶¶ 186-90. Evidence regarding who signed the cover letter for the Recovery Filter 510(k) submission in 2002 is simply not relevant to the issues to be tried in this matter regarding the G2 Filter.[3] Accordingly,

---

[3] Bard notes that the letter that Ms. Fuller claims she did not sign was actually the "library copy" of the letter, which always remained at Bard and was never sent to FDA. The version of the letter actually sent to FDA, which Bard obtained via a FOIA request, indicates on its face that Ms. Vierling was signing on behalf of Ms. Fuller. Also, the letter is merely a cover letter, containing no attestation or verification of the contents of Bard's

1  this evidence regarding the development of the Recovery Filter should be excluded as
2  irrelevant under Fed. R. Evid. §§ 401, 402, and 404.

**B.     Evidence of the Recovery Filter Development Is Inadmissible Under Rule 403**

Evidence regarding alleged "bad acts" by Bard (or by NMT prior to Bard's acquisition of NMT's line of filter products) concerning the development of the Recovery Filter has absolutely no relevance to the issues in this case, as discussed above. Even if such evidence had some minimal probative value, that value would be substantially outweighed by the danger of unfair prejudice and misleading or confusing the jury. *See* Fed. R. Evid. 403; *Baker v. Cty. of San Diego*, No. 09-CV-1194 BEN WMC, 2012 WL 1903899, at *3 (S.D. Cal. May 24, 2012) ("Bad act" evidence is inadmissible under Rule 403 where it "may be used to impose liability for an improper basis."). Allegations of "forgery" or "withholding information from a clinical investigator" regarding the Recovery Filter, a device ***that Plaintiff did not receive***, and that occurred ***many years before Plaintiff received her G2 Filter***, have a substantial risk of misleading or confusing the jury, and causing unfair prejudice to Bard. Plaintiff's sole purpose in seeking to admit such evidence is to paint Bard in a "bad light" and to suggest to the jury that Bard had a propensity to act in the same manner regarding the development of the G2 Filter.

Further, introduction of this evidence will necessarily result in a trial-within-a-trial on the Recovery Filter. This would waste significant judicial resources, prevent the parties from trying the issues presented by this particular case -- whether the design of Plaintiff's G2 Filter (***not the Recovery Filter***) is defective and whether Bard provided legally adequate warnings regarding her G2 Filter (***not the Recovery Filter***) -- and ultimately result in unavoidable confusion, as well as add substantially to the length of the trial. Therefore, this evidence should be excluded under Rule 403.

## CONCLUSION

For these reasons, Bard respectfully requests that this Court grant Bard's Motion.

---

510(k) submission. Thus, Plaintiff's claim that the cover letter sent to FDA was somehow "forged" is false, and even if true, has no probative value on the issues in this case.

- 3 -

RESPECTFULLY SUBMITTED this 26th day of January, 2018.

s/ Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

- 4 -

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of January, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

                                                  s/Richard B. North, Jr.
                                                  Richard B. North, Jr.

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000