James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 4 TO EXCLUDE TESTIMONY AND EVIDENCE REGARDING PHOTOGRAPH OF BARD EMPLOYEE MICHAEL RANDALL**<br><br>(Assigned to the Honorable David G. Campbell) |

Bard moves *in limine* to exclude testimony and evidence related to a photograph of Bard employee Michael Randall that is irrelevant, unfairly prejudicial, and not properly admissible character evidence by respectfully showing the Court as follows[1]:

## FACTUAL BACKGROUND

This is a product liability action in which the plaintiff asserts that she suffered personal injuries arising out of the implantation of Bard's G2® Filter. The G2 Filter was designed and sold by Bard Peripheral Vascular, Inc., a division of Bard, headquartered in Arizona. Michael Randall ("Mr. Randall") is a Bard employee who was deposed as a Federal Rule of Civil Procedure 30(b)(6) designated witness for Bard on January 18, 2017 and deposed individually on February 2, 2017. During both depositions, Mr. Randall was questioned regarding a picture of him which was included in a draft copy of an internal Bard presentation.[2] (*See* January 18, 2017 Mike Randall Dep. Tr. at 287:6-288:20; and February 2, 2017 Mike Randall Dep. Tr. at 171:2-174:5.) The picture depicts Mr. Randall extending his middle finger[3] to the camera. While perhaps originally intended as a bit of light-hearted fun, the photograph of Mr. Randall giving the finger carries a substantial and irreversible danger of prejudice if shown to the jury in this case. As a result, the photograph and any related testimony should be excluded as irrelevant, unfairly prejudicial, and not properly admissible character evidence.

## ARGUMENT AND CITATION OF AUTHORITY

**A.    The Picture Of Mr. Randall Is Irrelevant And Should Be Excluded Under Rule 402**

Relevant evidence is defined as having "any tendency to make a fact more or less

---

[1] Counsel for Defendants conferred with counsel for Plaintiffs and this motion is opposed.
[2] Other Bard witnesses were also questioned regarding the picture of Mr. Randall including Roslyn Radee-Smith (April 5, 2017 R. Radee-Smith Dep. Tr. at 137:20-138:9), Erin Torres Coda (April 3, 2017 E. Coda Dep. Tr. at 162:13-163:8), and Scott Karch (March 20, 2017 S. Karch Dep. Tr. at 242:16-243:3).
[3] As noted by the Second and Seventh Circuits, the depicted gesture is commonly referred to as "the finger" and it is widely regarded as an offensive insult. *See Bad Frog Brewery, Inc. v. New York State Liquor Auth.*, 134 F.3d 87, 91, fn. 1 (2d Cir. 1998); *see also Bagley v. Ameritech Corp.*, 220 F.3d 518, 520, fn. 1 (7th Cir. 2000) (indicating that the "proper name" for a gesture consisting of an extended middle finger is, simply, "the finger"). To avoid confusion, the gesture will be referred to as "the finger."

1  probable than it would be without the evidence … and the fact is of consequence in
2  determining the action." Fed. R. Evid. 401.  The determination of the present action turns
3  on questions regarding alleged product defects and plaintiff's alleged injuries.  The picture
4  of Mr. Randall displaying the finger, however, has no effect on any facts bearing on these
5  determinative questions.  As a result, testimony and evidence regarding the picture of Mr.
6  Randall displaying the finger is irrelevant and should be excluded pursuant to Federal
7  Rule of Evidence 402, which provides that irrelevant evidence is not admissible.

**B.  The Probative Value Of The Picture Of Mr. Randall Is Substantially Outweighed By A Danger Of Unfair Prejudice And Should Be Excluded Under Rule 403**

Giving the finger has a longstanding and widely recognized meaning [4] as a "patently offensive" insult.  *See Bad Frog Brewery*, 134 F.3d at 91 and fn. 1 (explaining the meaning of the gesture and dating an early recorded use to ancient Greece).  As an insult – and a particularly vulgar one at that – the finger is manifestly inflammatory.  Thus, it stands to reason that showing or describing to the jury the photograph of Mr. Randall – a Bard employee and witness – carries a substantial risk of unfairly prejudicing the jury against Bard.  Considering the picture's lack of relevance to the instant action, the probative value of the picture, if any, is far outweighed by the danger of unfair prejudice.  Consequently, testimony and evidence regarding the picture of Mr. Randall giving the finger should be excluded pursuant to Federal Rule of Evidence 403.  *See Mems v. City of St. Paul Dep't of Fire & Safety Servs.*, No. 01-1378 PAM/JGL, 2001 WL 1640034, at *4 (D. Minn. Nov. 12, 2001) (excluding photograph of supervisor and coworker giving the finger in employment discrimination suit under Rule 403).

**C.  The Picture Of Mr. Randall Has No Bearing On His Propensity For Truthfulness And, Thus, Is Not Proper Character Evidence And Should Be Excluded Under Rule 404**

Under Federal Rule of Evidence 404, introduction of character evidence to prove particular action of a witness in conformity therewith is prohibited unless the evidence

---

[4] For a thorough discussion of the finger's history, usage, and treatment in American jurisprudence see Ira P. Robbins, *Digitus Impudicus: The Middle Finger and the Law*, 41 U.C. Davis L. Rev. 1403 (2008).

- 2 -

bears on the witness's credibility under Federal Rules of Evidence 607, 608, or 609.  *See* Fed. R. Evid. 404(a)(3).  Here, the picture of Mr. Randall giving the finger – while, perhaps, vulgar and offensive – does not impugn or have any bearing on Mr. Randall's propensity for truthfulness. Consequently, testimony and evidence regarding the picture of Mr. Randall should be excluded under Rule 404.

## **CONCLUSION**

For the foregoing reasons, Bard respectfully moves for an entry of an *in limine* order to exclude any testimony and evidence regarding the picture of Mr. Randall giving the finger.

RESPECTFULLY SUBMITTED this 26th day of January, 2018.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of January, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

s/Richard B. North, Jr.
Richard B. North, Jr.