Ramon Rossi Lopez – rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California  92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona  85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
| SHERR-UNA BOOKER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation,<br><br>Defendants. | **PLAINTIFF'S MOTION *IN LIMINE* #2 AND MEMORANDUM IN SUPPORT TO EXCLUDE EVIDENCE OF ALLEGED BENEVOLENT ACTIVITIES**<br><br>(The Honorable David G. Campbell)<br><br>(Oral Argument Requested) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ALLEGED BENEVOLENT ACTIVITIES**

Plaintiff moves *in limine* for an Order precluding evidence and argument relating to (1) any alleged benevolent activities such as charitable acts or services Bard provides to patients and/or society (whether through its products, employees, community service or otherwise), (2) Bard's "good character" in general, and (3) the quality and intent of its workforce as a whole.

## MEMORANDUM OF LAW

Based on previous trials, Plaintiff anticipates that Bard will make will argue at trial that Bard and its employees are conscientious people who develop medical products – not limited to IVC filters – that save lives throughout America and throughout the world. *See* Transcript *Phillips v. C.R. Bard et al.*, Opening Statement, January 26, 2015, Exhibit A, at 72:6–72:17.  Plaintiff also anticipates that Bard, as it has in the past, will present or argue that it makes products other than IVC filters that help people and the public's health including cancer treatments. Such evidence and any evidence of Bard's claimed benevolent acts, "good character," and intentions through their corporate culture, conscientious workforce or products is not relevant to the instant case; and even if it were, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and being unnecessarily time-consuming.  Fed. R. Evid. 401, 402, and 403.

### A.  The Evidence at Issue Is Irrelevant, Unfairly Prejudicial, and Should Be Excluded

Any reference to Defendants' stated, but not proven "good conduct" or "good character" for helping patients and/or society by developing products that save lives,[1] improve health, and that its products (not limited to IVC filters) have saved lives throughout America and the world is irrelevant and unfairly prejudicial, and should be excluded under Federal Rules of Evidence 402, 403, 405 (limiting evidence of conduct to cases in which character is "an essential element of a charge, claim, or defense"). *See* Apple iPod iTunes Antitrust Litig., 05-CV-0037 YGR, 2014 WL 12719192, at *4 (N.D. Cal. Nov. 18, 2014) (excluding character of Apple's late CEO, Steve Jobs, unless it becomes at-issue).

---

[1] Plaintiff simultaneously files herewith Motion in Limine #3 addressing specifically and with particularity why evidence that Bard's IVC filters are life-saving devices should be excluded.

2

1  Reference to the alleged live-saving nature of other products has no relevance in the
2  instant case. It would only serve to confuse and mislead the jury and would be unfairly
3  prejudicial to Plaintiff. For example, references to Bard as a leading manufacturer in
4  America of "breast cancer biopsy products to help doctors" would be highly prejudicial,
5  providing an image to the jury that Bard is at the forefront of the fight against cancer in
6  America. *See* Exhibit A, at 72:9-17. The probative value of evidence that Bard produces
7  such products (and others) is far outweighed by the prejudicial nature of presenting the
8  defendants as stewards of public's health. Reference to Bard's cancer prevention products,
9  urological products, and all other medical devices Bard designs, manufactures, and
10 produces will confuse to jury as the relevant issues and while serving to generate sympathy
11 for Bard.
12 Similarly, evidence of Bard's "good character" and/or that Bard is a manufacturer
13 of quality and useful products made by conscientious employees is also highly prejudicial,
14 as well as any references to Bard's Company Mission Statement and asserted corporate
15 goals of advancing the delivery of healthcare and saving lives. Even if such evidence
16 were supported, it is irrelevant, unfairly prejudicial, and should be excluded under Federal
17 Rules of Evidence 402 and 403.

18 RESPECTFULLY SUBMITTED this 26th day of January, 2018.

GALLAGHER & KENNEDY, P.A.

By: */s/ Mark S. O'Connor*
    Mark S. O'Connor
    2575 East Camelback Road
    Phoenix, Arizona  85016-9225

LOPEZ McHUGH LLP
    Ramon Rossi Lopez (CA Bar No. 86361)
    (admitted *pro hac vice*)
    100 Bayview Circle, Suite 5600
    Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of January, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

                                            */s/ Gay Mennuti*