Ramon Rossi Lopez – rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California  92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona  85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
| SHERR-UNA BOOKER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation,<br><br>Defendants. | **PLAINTIFF'S MOTION *IN LIMINE* #3 AND MEMORANDUM IN SUPPORT TO EXCLUDE DESCRIPTIONS OF FILTERS AS "LIFESAVING" OR "LIFE-EXTENDING" DEVICES**<br><br>(The Honorable David G. Campbell)<br><br>(Oral Argument Requested) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE DESCRIPTIONS OF FILTERS AS "LIFESAVING" OR "LIFE-EXTENDING" DEVICES**

Plaintiff moves *in limine* for an Order precluding evidence and argument relating to Bard's IVC Filter devices as "lifesaving" or "life-extending" devices. Such arguments go beyond the indications of the device, and any such testimony or argument is not relevant. Even if it were relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and/or needlessly presenting cumulative evidence. Fed. R. Evid. 401, 402, 403.

1    In similar litigations regarding products used to prevent bone loss in patients whose cancer metastasized to their bones, the plaintiffs filed motions *in limine* to prevent the defense from describing the drugs or their benefits as a "wonder drug," "miracle drug," "prolongs life," "extends life," or "cures cancer." *Stanley v. Novartis Pharm. Corp.*, 2014 WL 12573393, at *12 (C.D. Cal. May 6, 2014); *accord Georges v. Novartis Pharm. Corp.*, 2013 WL 5217198, at *14 (C.D. Cal. Apr. 4, 2013) (quoting *Bessemer v. Novartis Pharmaceuticals Corp.*, No. MID–L–1835–08–MT (N.J. Sup. Ct. Law Div. June 11, 2010) (unpub. order)).  Courts granted these motions and prevented the defense from so describing its drugs.  Such arguments and opinions are both unverifiable and subjective, rendering the probative value of these opinions limited at best – they certainly offer no insight into or support of the efficacy of Bard's IVC filter's implanted in Ms. Booker.  *See, e.g., Stanley,* 2014 WL 12573393, at *12.

For the same reasons, Bard should not be allowed to describe its IVC filters as "life-saving" devices or any variation of its "filters save lives" defense.  IVC filters are designed to prevent blood clots from traveling from the lower extremities of the body through the heart and to the lungs. Any other presumed benefit of IVC filters is speculative and outside the scope of the product's Instructions for Use. Suggesting "filters save lives" is no different than the other products-liability defendants stating that its' product prolongs or extends life; these are subjective opinions. *See Stanley,* 2014 WL 12573393, at *12; *Georges*, 2013 WL 5217198, at *14 (holding that defendant "may not offer unverifiable, subjective opinions from its experts, such as Aredia or Zometa is a 'wonder drug,' 'miracle drug,' 'prolongs life,' 'extends life,' or 'cures cancer.'").  As the *Georges* Court noted, "[t]he probative value of these opinions is limited because the opinions offer no insight into the [products'] efficacy, and the risk of prejudice is high because the claims have not been proven."  *See Stanley,* 2014 WL 12573393, at *12 (C.D. Cal. May 6, 2014).

There is no evidence in this case that Ms. Booker's IVC filter saved her life or even stopped a clot from traveling to her heart or lungs.  Any suggestion that these

2

devices are "life-saving" is more prejudicial than probative in the case at bar and should be excluded from the trial.

RESPECTFULLY SUBMITTED this 26th day of January, 2018.

GALLAGHER & KENNEDY, P.A.

By: */s/ Mark S. O'Connor*
Mark S. O'Connor
2575 East Camelback Road
Phoenix, Arizona 85016-9225

LOPEZ McHUGH LLP
Ramon Rossi Lopez (CA Bar No. 86361)
(admitted *pro hac vice*)
100 Bayview Circle, Suite 5600
Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of January, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*/s/ Gay Mennuti*