James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 5 TO EXCLUDE FACT EVIDENCE FROM PLAINTIFFS' EXPERT, DR. THOMAS KINNEY, REGARDING HIS WORK FOR BARD AS AN IVC FILTER CONSULTANT AND EXPERT WITNESS**<br><br>(Assigned to the Honorable David G. Campbell) |

Bard moves *in limine* to exclude irrelevant, unfairly prejudicial, and potentially misleading factual evidence that Plaintiffs' expert witness, Dr. Thomas Kinney, was an expert witness for Bard in two prior IVC filter cases and a paid consultant to Bard pertaining to the design, testing, and use of its IVC filters (hereinafter "Bard IVC Filter Work").[1]  Bard respectfully shows the Court as follows:

## ARGUMENT AND CITATION OF AUTHORITY

**A.  Evidence That Dr. Kinney Was Bard's Expert Witness and Consultant is Irrelevant and Inadmissible Because Plaintiffs Aver that Dr. Kinney's Bard IVC Filter Work is Wholly Unrelated to His Expert Opinions in the MDL**

Dr. Kinney is a medical doctor and engineer who Plaintiffs retained as an expert witness "to opine about alleged design defects in Bard's filters and Bard's alleged failure to warn physicians who implant them."  Doc. 9428 at 2.  Bard moved to disqualify Dr. Kinney based on his prior work for Bard as a litigation expert and paid consultant, which the Court denied.  *See* Docs. 5677, 9428.  Bard's present motion is based in part on Plaintiffs' and Dr. Kinney's representations to Bard and the Court during briefing on Bard's motion to disqualify Dr. Kinney.  *See* Docs. 5803, 5803-1.

In their opposition to Bard's motion to disqualify Dr. Kinney, Plaintiffs stated that Dr. Kinney's expert opinions in the MDL are not based on his experiences as Bard's litigation expert or paid consultant, nor are such opinions based on knowledge acquired during that work. *See* Doc. 5803.  Plaintiffs plainly stated that "[n]one of [Dr. Kinney's consulting] work related to the issues discussed, subject matter, or bases of the opinions rendered in [Dr. Kinney's] report in this MDL."  *Id.* at 6, n.2.  Dr. Kinney testified that his expert work and opinions in the MDL are not based on documents, data, or information he derived or received while he consulted for Bard.  *See* Doc. 5803-1 at ¶¶ 29-34.  Going even further, Plaintiffs declared that Dr. Kinney's confidential consulting relationship with Bard from 2005 to 2008 "has absolutely nothing to do with the issues and causes of action in this MDL."  *See* Doc. 5803 at 9.

Similarly, with respect to his prior work as Bard's expert witness, Plaintiffs averred

---

[1] Counsel for Defendants conferred with counsel for Plaintiffs and this motion is opposed.

- 1 -

that such work did not "remotely relate[] to the issues and subject matter of Dr. Kinney's expert report in this MDL." *Id.* at 3. Plaintiffs stated that Dr. Kinney's prior expert work was strictly limited to reviewing plaintiff-specific medical records "that have no bearing whatsoever on the broad, more far reaching opinions he offers in the MDL." *Id.* at 8. Plaintiffs further averred that while serving as Bard's expert witness, Dr. Kinney was not privy to Bard's internal documents that he now relies on to form his opinions in this MDL. *Id.* at 7. Nor was Dr. Kinney informed of Bard's legal ideas, theories of liability, or strategy, as stated by Plaintiffs. *Id.* at 8.

Plaintiffs and Dr. Kinney's representations to the Court make it apparent that Dr. Kinney's expert opinions in this MDL are 100 percent removed from his work as Bard's expert witness and consultant. Accordingly, the fact that Dr. Kinney was Bard's expert witness and consultant is not relevant and inadmissible because that work is neither a part of Dr. Kinney's Rule 702 expert opinions, nor is it a basis for those opinions under Rule 703. By Plaintiffs' own admissions, disclosing the facts of Dr. Kinney's Bard IVC Filter Work to the jury will do nothing to assist them in evaluating his expert opinions.

**B.   Judicial Estoppel Bars Plaintiffs From Arguing That Dr. Kinney's Bard IVC Filter Work is Relevant to His MDL Expert Testimony**

The equitable doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (citation and internal quotation omitted). "Three factors inform the decision whether to apply the doctrine in a particular case." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1045 (9th Cir. 2016) (citation and internal quotation omitted). "First, a party's later position must be clearly inconsistent with its earlier position." *Id.* "Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." *Id.* "A third consideration is whether the party seeking to assert an inconsistent

1  position would derive an unfair advantage or impose an unfair detriment on the opposing
2  party if not estopped." *Id.*

3  Here, judicial estoppel bars Plaintiffs from arguing to the Court that facts related to
4  Dr. Kinney's Bard IVC Filter Work are relevant because such are a part of Dr. Kinney's
5  expert opinions or that he relies on those facts to form his opinions. Plaintiffs argued the
6  exact opposite position to this Court in order to defeat Bard's motion to disqualify Dr.
7  Kinney. *See* Docs. 5803, 9428. Further, if Plaintiffs were not estopped from asserting this
8  inconsistent position, Bard would suffer an unfair detriment because Plaintiffs' arguments
9  to defeat Bard's motion to disqualify Dr. Kinney formed the basis of the Court's decision
10 not to disqualify Dr. Kinney. In addition, allowing Dr. Kinney to disclose this evidence to
11 the jury would cause a substantial risk of unfair prejudice to Bard. *See infra* Section C.

**C.   Any Probative Value of Disclosing Dr. Kinney's Bard IVC Filter Work is Substantially Outweighed by the Risk of Unfair Prejudice, Misleading the Jury, and Wasting the Court and the Jury's Time**

14 Even if this Court were to find that the facts of Dr. Kinney's Bard IVC Filter Work
15 were relevant, which Bard specifically denies, this evidence should still be excluded
16 pursuant to Federal Rule of Evidence 403. Any arguable probative value of this evidence
17 is substantially outweighed by the risk that members of the jury will falsely believe that
18 Dr. Kinney's work as an expert witness for Bard and the time he spent working as a paid
19 consultant of Bard on the design, testing, and use of its IVC filters would have provided
20 Dr. Kinney with Bard's "insider information" that informs his expert opinions against
21 Bard in this MDL on these same issues. This will cause Bard to suffer unfair prejudice.
22 Further, if Dr. Kinney is allowed to disclose these facts to the jury, Bard would be
23 required to respond and take significant time establishing the parameters and bounds of
24 his prior work as Bard's expert witness and consultant. Because Plaintiffs have already
25 averred that Dr. Kinney's IVC Filter Work and his MDL expert opinions are wholly
26 unrelated, this will waste the jury and the Court's time during trial.

## CONCLUSION

28 For these reasons, Bard respectfully requests that this Court grant Bard's Motion.

RESPECTFULLY SUBMITTED this 26th day of January, 2018.

s/ Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of January, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

s/Richard B. North, Jr.<br>
Richard B. North, Jr.

- 5 -