Ramon Rossi Lopez – rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California  92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona  85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
| SHERR-UNA BOOKER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation,<br><br>Defendants. | **PLAINTIFF'S MOTION *IN LIMINE* #6 AND MEMORANDUM IN SUPPORT TO EXCLUDE ARGUMENT OR EVIDENCE REGARDING FAULT OF NON-PARTIES/"EMPTY CHAIR" DEFENSE AND "STANDARD OF CARE" OF PLAINTIFF'S HEALTHCARE PROVIDERS NOT SUBJECT TO NOTICE OF NON-PARTY FAULT**<br><br>(The Honorable David G. Campbell)<br><br>(Oral Argument Requested) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE ARGUMENT OR EVIDENCE REGARDING FAULT OF NON-PARTIES/"EMPTY CHAIR" DEFENSE AND "STANDARD OF CARE" OF PLAINTIFF'S HEALTHCARE PROVIDERS NOT SUBJECT TO NOTICE OF NON-PARTY FAULT**

Plaintiff moves *in limine* for an Order precluding evidence and argument (1) relating to fault or negligence of non-parties not subject to Defendants' Notice of Non-Party Fault, and (2) the "standard of care" of Plaintiff's healthcare providers not identified in Defendants' Notice of Non-Party Fault.

# MEMORANDUM OF LAW

### A. Fault Or Negligence of Non-Parties/"Empty Chair" Defense of Plaintiff's Healthcare Providers Not Subject to Defendants' Notice of Non-Party Fault.

On November 13, 2017, Bard served a Notice of Non-Party Fault under O.C.G.A. § 51-12-33, that it intends to claim Dr. Amer's alleged acts and omissions are the sole proximate cause and/or contributing cause to Ms. Booker's injuries.[1] Because Bard Notice of Non-Party Fault identifies only Dr. Amer as a non-party at fault,[2] under Georgia law all evidence and argument relating to the negligence or fault of any other non-parties is improper and prohibited by O.C.G.A. § 51-12-33.

### B. The "Standard of Care" of Plaintiff's Healthcare Providers Not Identified In Defendants' Notice of Non-Party Fault.

Any evidence or testimony regarding the "standard of care" of Plaintiff's healthcare providers is inappropriate, irrelevant, and improper under Georgia law, and would be unfairly prejudicial to Plaintiff. Fed. R. Evid. 402, 403. Because the notice only refers to Dr. Amer's alleged acts or omissions, Bard should be prohibited from eliciting testimony that Plaintiff's other healthcare providers treatment fell below the "standard of care." Even if subsequent negligence arguably caused or contributed to additional harm sustained by Plaintiff, it would be legally inappropriate and highly prejudicial for Bard to claim, argue or otherwise suggest of a non-party healthcare provider without first timely complying with Notice of Non-Party Fault requirement. *See* O.C.G.A. § 51-12-33. Any argument, evidence, testimony, or suggestion regarding the fault of any healthcare providers in this action is not only irrelevant, but is also highly prejudicial and creates a substantial risk of misleading the jury, especially since Bard has failed to comply with Georgia's statutory notice requirement.

---

[1] *See* Exhibit A, Defendants' Notice of Non-Party Fault (Doc. 8844), November 13, 2017.

[2] Plaintiff has simultaneously filed a separate motion *in limine* addressing the Notice of Non-Party Fault filed regarding Dr. Amer and why evidence alleging he is a non-party fault should be excluded at trial.

2

Bard has not disclosed a retained or non-retained expert witness to establish non-party healthcare provider fault and therefore, cannot prove either a failure to comply with the applicable standard of care or causation. Setting Georgia law aside, pursuant to Fed. R. Civ. P. 26(a)(2)(B), Bard is required to disclose the identity of experts and a report or appropriate disclosure of the testimony. Specifically, when parties identify experts who are not retained, such as treating physicians, a party must state the "subject matter" on which the witness is expected to testify with a "summary of the facts and opinions". *See* Fed. R. Civ. P. 26(a)(2)(C). Here, Bard has not followed the requisite disclosure necessary for a witness, expert or otherwise, to support a claim of non-party healthcare provider fault.

Accordingly, Plaintiff respectfully requests that this Court enter an Order granting this motion and prohibiting at trial all evidence and argument relating to fault or negligence of non-parties not identified in Defendants' Notice of Non-Party Fault filed on November 13, 2017.

RESPECTFULLY SUBMITED this 26th day of January, 2018.

GALLAGHER & KENNEDY, P.A.

By: */s/ Mark S. O'Connor*
    Mark S. O'Connor
    2575 East Camelback Road
    Phoenix, Arizona  85016-9225

LOPEZ McHUGH LLP
    Ramon Rossi Lopez (CA Bar No. 86361)
    (admitted *pro hac vice*)
    100 Bayview Circle, Suite 5600
    Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of January, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*/s/ Gay Mennuti*

4