Ramon Rossi Lopez – rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California  92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona  85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
| SHERR-UNA BOOKER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation,<br><br>Defendants. | **PLAINTIFF'S MOTION *IN LIMINE* #7 AND MEMORANDUM IN SUPPORT TO EXCLUDE PRIOR JUDICIAL OPINIONS ON PLAINTIFF'S EXPERTS**<br><br>(The Honorable David G. Campbell)<br><br>(Oral Argument Requested) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE PRIOR JUDICIAL OPINIONS ON PLAINTIFF'S EXPERTS**

Plaintiff moves *in limine* for an Order precluding evidence and argument relating to prior judicial opinions about Plaintiff's experts, including the number of times those experts' testimony has been precluded or stricken by courts in other litigations.

**MEMORANDUM OF LAW**

Opinions of other courts regarding the admissibility of Plaintiff's experts' opinions in other litigations are irrelevant to the issues being tried in the present case.  Bard should be precluded from misleading or confusing the jury by introducing testimony on the

number of times any of the experts supporting Plaintiff's case have been precluded from testifying in other cases. By so doing, Bard would be attempting to circumvent the decisions of the courts admitting those experts. This Court alone determines the scope of what Plaintiff's experts are qualified to testify about regardless of prior courts' opinions. The injection and introduction of this prejudicial information to the jury would be an attempt by Bard to distract the jury with irrelevant and highly prejudicial commentary in conflict with this Court's decision in relation to the experts' qualifications in this case.

In *Wilson v. Maricopa County*, this Court concluded that an expert's disqualification in a previous trial was of "dubious relevance" to the case before the Court. *Wilson v. Maricopa County*, CV-04-2873 PHXDGC, 2007 WL 686726, at *11 (D. Ariz. Mar. 2, 2007). Several factors not available to the current Court, such as the point at which the disqualification occurred, the quality of advocacy by the attorneys, what other evidence had been presented, and a host of other factors might well have influenced the trial judge's decision. *Id*. As such, this Court found that the qualification of an expert is reserved for the current court and jury, and "not a judge in a different case, to decide." *Id*.

Further, such testimony would inevitably lead to a "trial within a trial" concerning issues and other unrelated facts that have nothing to do with the causes of action, the facts, the standards of care, the damages or any other aspect of this case. These "mini-trials" would be particularly wasteful, confusing to the jury, and prejudicial to Plaintiff. The prejudicial impact of introducing prior disqualifications of Plaintiff's trial experts in other jurisdictions would be extremely high, in that the jury could simply assume the outcome in prior cases involving those experts directly applies to this case. Plaintiff would be required to spend a substantial amount of time discussing and explaining the previous court's opinion, which could include explanation of the different circumstances between the prior cases and this case and/or discussing how the other court erred in reaching its decision. Any supposed probative value of this evidence is *substantially* outweighed by the numerous dangers associated with the admission of such evidence. Fed. Rules of Evid. 401, 403.

The Court has determined the admissibility of Plaintiff's experts' opinions. If the Court allows Bard to discuss prior rulings concerning experts, Bard would essentially be allowed to reargue challenges to the qualifications of experts in front of the jury. This would not only create a danger of unfair prejudice, but also confuse the issues of the case and mislead the jury. This Court made the determination whether Plaintiff's experts are qualified to testify and what the scope of that testimony can be, and in making that decision the Court considered prior courts' opinions. Defendants should not be allowed to second-guess this Court's decision in front of the jury by presenting the judicial opinion of a different judge presiding over a different matter.

Accordingly, Plaintiff respectfully requests an Order granting this motion and prohibiting at trial all evidence and argument relating to other judicial opinions on Plaintiff's experts.

RESPECTFULLY SUBMITTED this 26th day of January, 2018.

GALLAGHER & KENNEDY, P.A.

By: */s/* Mark S. O'Connor
    Mark S. O'Connor
    2575 East Camelback Road
    Phoenix, Arizona 85016-9225

LOPEZ McHUGH LLP
    Ramon Rossi Lopez (CA Bar No. 86361)
    (admitted *pro hac vice*)
    100 Bayview Circle, Suite 5600
    Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*/s/ Gay Mennuti*