Ramon Rossi Lopez – rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
| SHERR-UNA BOOKER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation,<br><br>Defendants. | **PLAINTIFF'S MOTION *IN LIMINE* #9 AND MEMORANDUM IN SUPPORT TO EXCLUDE EVIDENCE OF TRADE ASSOCIATIONS, SOCIETIES OR ORGANIZATIONS**<br><br>(The Honorable David G. Campbell)<br><br>(Oral Argument Requested) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF TRADE ASSOCIATIONS, SOCIETIES OR ORGANIZATIONS**

Plaintiff moves *in limine* for an Order precluding evidence, testimony, or argument based on the statements or conclusions, or lack thereof, of physician trade associations, societies, or organizations based on Federal Rules of Evidence 402, 403, 703, and 801.

Plaintiff anticipates that Bard will attempt to elicit evidence of opinions and statements from various associations, trade groups, organizations, societies of physicians, medical providers, and/or implicate meaning to be drawn from a lack of statements or

opinions. *See, e.g.*, Exhibit A, Deposition Testimony of Ann Roberts, July 7, 2017, at 78:9-79:6.

## MEMORANDUM OF LAW

### A. Hearsay/Rule 801

These medical societies' statements constitute inadmissible hearsay—and possibly hearsay within hearsay. They are out-of-court declarations; to the extent that they are offered for the truth of the matter asserted, they are inadmissible under Rule 801. To the extent that Bard's witnesses quote or rely on such statements in their testimony, the authors of the statements are not subject to cross-examination at trial. Eliciting testimony that these groups have *not* taken a position or other action regarding IVC filters would be even more unfair as Plaintiff would be left trying to disprove a negative without even the opportunity for cross-examination. *See* Exhibit A.

Using the out-of-court statements of medical societies—or the absence of such statements—to encourage a jury to conclude that a medical society approves Bard's product or found it is safe and effective is improper and prejudicial as these medical societies are not parties to this litigation and no witness in this trial is authorized to speak on these societies' behalves regarding IVC filters.

### B. *Daubert*/Rule 703

To permit Bard's non-expert witnesses to testify about statements from medical societies regarding IVC filters, especially the Society of Interventional Radiologists (SIR) and its IVC filter Guidelines, would allow Bard to avoid the scrutiny of *Daubert* challenges as to those statements. Specifically, Bard has argued in previous cases that the SIR Guidelines of 2003 established acceptable safety thresholds and complication rates for IVC filters. In reality, those Guidelines were designed for practitioners and hospitals, not manufacturers, and did not establish acceptable complication rates/thresholds. If Bard is permitted to introduce the SIR Guidelines and/or similar evidence to the jury through its non-expert witnesses the jury will likely be misled into concluding that Bard met its legal

standard of care in developing, designing, and promoting its IVC filters because of the veneer of reliability attached to organizations like the SIR.

### C. Probative Nature Outweighed by Prejudicial Effect/Rule 403 and Unnecessary Mini Trials.

Use of the statements or opinions published by medical societies such as the SIR and its "Guidelines" of 2003 is also misleading because of the way Bard has tried to use them in other IVC filter cases. Bard continually asserts that the Guidelines were intended by SIR to establish acceptable failure rates for manufacturers to evaluate the safety profiles of their products. Bard then used the Guidelines as a marketing tool to justify its IVC filters' failure rates. *See* Exhibit B, Compilation of Deposition Testimony of Bard's Witnesses. But its own witnesses state the 2003 SIR "Guidelines" were not intended for manufacturers and allowing its witnesses to rely on such opinions is improper and misleading. Fed. R. Evid. 402, 403. Indeed, recently the SIR Guidelines were updated with the following clarification that further emphasizes the misleading nature of Bard's misuse of the Guidelines:

> "The following events may or may not be clinically significant in a particular patient. For this reason, <u>threshold for these events are not included in this document</u>."

> "The data in the table represents reported outcomes from various publications and <u>not the SIR standard for complications</u>."

*See* Exhibit C, 2016 Quality Improvement Guidelines, p. 13 (emphasis added). The Guidelines are also irrelevant as none of the IVC filters making up the "Guidelines" in the publication were retrievable filters; it does not include a single filter at-issue in this case and therefore is irrelevant. Fed. R. Evid. 401, 402, 403.

The time it would take to cross-examine Bard's witnesses on its fundamental misuse of the "Guidelines" would create a trial within a trial an unnecessary waste of time. *Wilson v. Maricopa County*, 2007 WL 686726, at *12-13 (D. Ariz. Mar. 2, 2007) (stating that if certain evidence is admitted the opposing party would be compelled to

1  present rebuttal evidence concerning the nature of the evidence causing the case to "devolve into a series of mini-trials").

Moreover, statements made by professional organizations with lofty names, or the implication of a lack of official statement made by such organizations, regarding Bard's IVC filters has limited probative value and is substantially outweighed by the risk for unfair prejudice, confusion and delay. Even if such evidence were supported, it is irrelevant, unfairly prejudicial, and should be excluded under Federal Rules of Evidence 402 and 403.

Accordingly, Plaintiff requests the Court enter an Order granting this motion and ruling that Bard may not introduce evidence, testimony or argument based on the statements or conclusions, or lack thereof, of any physician trade associations, societies, or organizations including, but not limited to, the SIR and its 2003 Guidelines on IVC filters.

RESPECTFULLY SUBMITTED this 26th day of January, 2018.

GALLAGHER & KENNEDY, P.A.

By: */s/ Mark S. O'Connor*
    Mark S. O'Connor
    2575 East Camelback Road
    Phoenix, Arizona  85016-9225

LOPEZ McHUGH LLP
    Ramon Rossi Lopez (CA Bar No. 86361)
    (admitted *pro hac vice*)
    100 Bayview Circle, Suite 5600
    Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of January, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

    */s/ Gay Mennuti*