Ramon Rossi Lopez – rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
| SHERR-UNA BOOKER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation,<br><br>Defendants. | **PLAINTIFF'S MOTION *IN LIMINE* #13 AND MEMORANDUM IN SUPPORT TO EXCLUDE REFERENCE TO ALLEGED FAULT OF NON-PARTY SARWAT KAMAL AMER, M.D.**<br><br>(The Honorable David G. Campbell)<br><br>(Oral Argument Requested) |

**MEMORANDUM SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE REFERENCE TO ALLEGED FAULT OF NON-PARTY SARWAT KAMAL AMER, M.D.**

Plaintiff moves *in limine* for a pretrial ruling to preclude Defendants ("Bard") from presenting evidence or argument regarding the alleged fault of Sarwat Kamal Amer, M.D., in the causation of Plaintiff's injuries. Although Bard filed a Notice of Non-Party Fault[1] identifying Dr. Amer's alleged acts or omissions as the sole proximate cause and/or contributing cause to Ms. Booker's injuries, Bard has not disclosed expert testimony

---

[1] *See* Exhibit A, Defendants' Notice of Non-Party Fault (Doc. 8844), November 13, 2017.

supporting proximate cause for consideration by a jury as required by Georgia law. *Zaldivar v. Prickett*, 297 Ga. 589, 591, 774 S.E. 2d 688, 691 (2015)

## MEMORANDUM OF LAW

Under O.C.G.A. § 51-12-33(c), the jury "shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit." The jury may only consider such alternative fault if a named defendant gives notice no later than 120 days before the date of trial and sets forth specific information about the non-party including a statement of the basis for arguing the non-party is at fault. O.C.G.A. 51-12-33(d)(1-2). On November 13, 2017, Bard served a Notice of Non-Party Fault claiming alleged acts or omissions of Dr. Amer, a radiologist involved in Ms. Booker's care, were the sole proximate cause or a contributing cause of Ms. Booker's injuries:

> Dr. Amer was the diagnostic radiologist who read Plaintiff's [x-ray] on March 26, 2009 which showed her G2 Filter had fractured . . . Dr. Amer failed to properly report the condition of Plaintiff's filter to her treating physicians and therefore prohibited her treating physicians from fully evaluating her medical condition and options for treatment. This failure constituted the sole proximate cause and/or contributing cause to Plaintiff's injuries.

*See* Exhibit A.

However, Bard has not identified an expert or evidence showing that the alleged non-party's fault caused or contributed to Plaintiff's injuries. Under Georgia law, to argue the fault of a non-party such as Dr. Amer, Bard must show that (1) Dr. Amer committed a tort (medical malpractice), and (2) the tort was a proximate cause of Ms. Booker's injuries. *Zaldivar*, 297 Ga. at 591, 774 S.E. 2d at 691 (stating that a trier of fact can only consider the alleged fault of a non-party when the "the non-party is shown to have committed a tort against the plaintiff that was a proximate cause of his injury."); *Swint v. Mae*, 340 Ga. App. 480, 482, 798 S.E. 2d 23, 25 (Ga. Ct. App. 2017) (citation omitted). "A mere showing of negligence without proof of causation" is not sufficient. *Id.*

2

1  Moreover, causation can only be established though expert testimony, which Bard has not
2  supplied. *Id*.

3  Bard's attempt to apportion fault to Dr. Amer fails. Bard has offered no expert
4  opinion establishing that Dr. Amer's review of Ms. Booker's x-ray on March 26, 2009 or
5  establishing that failure to report the condition to Ms. Booker's treating physicians was
6  the proximate cause or contributed to the injuries Ms. Booker is claiming in this matter.

7  "When presenting a causation opinion, the expert is required to 'express some basis
8  for both the confidence with which his conclusion is formed, and the probability that his
9  conclusion is accurate.'" *Zwiren v. Thompson*, 276 Ga. 498, 501, 578 S.E. 2d 862, 865
10 (Ga. 2003) (citation omitted). An expert may also meet the causation requirement by
11 stating that "the only apparent cause of the plaintiff's injury was the defendant's action."
12 *Killingsworth v. Poon*, 167 Ga.App. 653, 657, 307 S.E. 2d 123, 126 (Ga. Ct. App. 1983).
13 In other words, a defendant cannot blame a non-party healthcare provider for allegedly
14 injuring a plaintiff without proof that the alleged negligence was a cause or contributed to
15 the harm.  Bard has conspicuously failed to meet this burden.

16 Bard has produced two expert witnesses who comment on the x-rays Dr. Amer
17 reviewed: Dr. Sobieszczyk and Dr. Cousin. Neither physician has testified or otherwise
18 disclosed in their reports any opinion establishing the necessary causal link between
19 Dr. Amer's alleged failure to report any finding of filter failure on the March 26, 2009 x-
20 ray and how a report would affect an ordering physician. In fact, Dr. Sobieszczyk
21 admitted in his deposition he was not asked to provide an opinion as to the standard of
22 care applicable of any of Ms. Booker's physicians who may have received the imaging
23 report. Dr. Sobieszcyk also admitted that his opinions did not address any criticism of
24 Dr. Amer. *See* Exhibit B, Deposition Testimony of Piotr Sobieszczyk, M.D., at 45:6–
25 46:18.

26 Bard may attempt to argue that opinions of defense expert Dr. Cousin establish
27 causation on its non-party defense. Here again Bard is wrong. According to his report,
28 Daniel Cousin, M.D., holds the opinion that by "failing to identify and report the

3

abnormal appearance of the inferior vena cava filter, the diagnostic radiologists [Dr. Amer] prevented Ms. Booker's treating physicians from having information to assess her medical condition pertaining to her IVC filter." Exhibit C, Expert Report of Daniel Cousin, M.D., at 5-6.  He also testified that Dr. Amer's review of Ms. Booker's x-ray on March 26, 2009 was a "missed opportunity."  Exhibit D, Deposition Testimony of Daniel Cousin, M.D., at 135:16-19.

But neither his report nor his testimony include any opinion as to how an alleged "missed opportunity" contributed to the cause of Ms. Booker's injuries or even what the standard of care applicable to the physician who ordered the imaging might require. Dr. Cousin does not explain, let alone offer an opinion, that an interpretation of filter malposition would have led to an attempted removal, that such removal would have been successful, or even how a different report to Ms. Booker's other physicians might have changed the course of her treatment. Indeed, any such opinions would be improperly based on sheer speculation and, therefore, inadmissible.

Accordingly, the Court should enter an Order granting this motion and ruling that Bard has not established a non-party at fault defense under Georgia law as to Dr. Amer, and thus Bard cannot make any such argument or introduce any evidence or testimony that Dr. Amer bears any fault for Plaintiff's harm.

RESPECTFULLY SUBMITTED this 26th day of January, 2018.

> GALLAGHER & KENNEDY, P.A.
>
> By: */s/ Mark S. O'Connor*
>   Mark S. O'Connor
>   2575 East Camelback Road
>   Phoenix, Arizona  85016-9225
>
> LOPEZ McHUGH LLP
>   Ramon Rossi Lopez (CA Bar No. 86361)
>   (admitted *pro hac vice*)
>   100 Bayview Circle, Suite 5600
>   Newport Beach, California 92660
>
> *Co-Lead/Liaison Counsel for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of January, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

/s/ Gay Mennuti

5