Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 56 Ramon Rossi Lopez – rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California  92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona  85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
| SHERR-UNA BOOKER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation,<br><br>Defendants. | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE FACT EVIDENCE FROM PLAINTIFF'S EXPERT, DR. THOMAS KINNEY, REGARDING HIS WORK FOR BARD AS AN IVC FILTER CONSULTANT AND EXPERT WITNESS**<br><br>(The Honorable David G. Campbell)<br><br>(Oral Argument Requested) |

Plaintiff hereby responds in opposition to Defendants' Motion and Memorandum in Support of Motion *in Limine* No. 5 to Exclude Fact Evidence From Plaintiff's Expert, Dr. Thomas Kinney, Regarding His Work As An IVC Filter Consultant And Expert Witness.

**A.     The Fact That Dr. Kinney Worked As A Bard Consultant Is Relevant To His Opinions.**

As previously demonstrated by Plaintiffs [Doc. 9248], and as addressed in Defendants moving papers [Doc. 9868], Dr. Kinney's consulting relationship with Bard from 2005 to 2008 did not relate to the causes of action in this MDL. Dr. Kinney was not privy to Bard's internal documents, nor was Dr. Kinney informed of Bard's legal ideas, theories of liability, or strategy; however, the *fact* that Dr. Kinney worked as a consultant is nonetheless relevant and admissible in part because his role provides context for his opinions and his motivation to become an expert witness for the Plaintiff. *See* Exhibit A, Kinney, Kalva, Roberts Expert Report, para. 26; *See also* Exhibit B, Deposition Transcript of Thomas Kinney, M.D., June 17, 2017 at 98:1 – 100:12.

In perspective, Dr. Kinney's previously role as a Bard consultant shows Bard's lack of transparency with doctors and consultants, and the seriousness of the problems with its IVC filters. For example, Dr. Kinney testified:

> And so maybe I'm unique because I was a consultant with Bard, and I thought I should have had the information shared with me. But I think that there is other physicians that are in difficult situations with patients that have Bard filters, and I suspect if you ask them, they might say they wished they had known.

*See* Exhibit B at 197:16–21.

Further in paragraph 26 of the Summary of Qualifications section of the Kinney, Kalva, Roberts Expert Report, Dr. Kinney states:

> Had I been aware of this evidence I would not have used the early Bard devices (RNF and G2), nor would I have agreed to act as a paid consultant to Bard. I would have recommended a long-term follow-up study of the RNF as recommended by Dr. Asch to better understand and document performance characteristics of this filter. I would have strongly urged Bard to not launch RNF and G2, or to immediately recall both products very shortly (3-4 months) after releasing each for widespread use based on the adverse complications and injuries that were being reported by many of my colleagues and Bard's internal analysis of the same.

This testimony and report are demonstrative of the importance of Dr. Kinney establishing his role as a consultant; not in an effort to share data or information from his work as a consultant, but to set forth the corporate culture within Bard that disregarded concerns of consultants and patient safety.[1] That Bard once thought Dr. Kinney worthy of consulting with it on select items also denudes any current effort by Bard to challenge his credibility as a witness. Given these circumstances, the fact that Dr. Kinney served as a Bard consultant is relevant and admissible under Fed. R. Evid. 401 and 402.

### B. The Doctrine of Judicial Estoppel Is Not Applicable Here.

Bard's application of the doctrine of judicial estoppel is misplaced. Citing *New Hampshire v. Maine* for guidance, Defendants argue generally that judicial estoppel bars Plaintiff from asserting to the Court that facts related to Dr. Kinney's work as a Bard consultant are relevant because Plaintiff argued the opposite to defeat Bard's motion to disqualify Dr. Kinney. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).[2] Contrary to Defendants assertion, Plaintiff never represented that facts related to Dr. Kinney's work are irrelevant; instead, Plaintiff argued, and this Court agreed, Dr. Kinney received absolutely no confidential information relevant to this litigation as part of his consulting and legal medical review work a decade ago, nor did Dr. Kinney have discussions regarding the liability theories or defense theories of the litigation at bar, or any of the issues addressed in his Rule 26 Report *See* Court Order dated Dec. 22, 2017

---

[1] In regards to Defendants' statement in its moving papers that Dr. Kinney was a paid consultant to Bard pertaining to the design, testing and use of IVC filters, Plaintiff intends to obey the Court's Order that "Drs. Kinney, Kalva, and Roberts are not experts in mechanical design and testing, more specific rulings will have to be made during trial." [Doc. 9434]. It is important to reiterate here that Dr. Kinney states in his declaration "The bases and substance of my opinions are not based on any information I derived or received when I was a consultant for Bard." [Doc. 5803, Exhibit A].

[2] The two cases Defendants rely upon are distinguishable to the circumstance here. These cases relate to inconsistent factual positions held in separate litigations. *See New Hampshire v. Maine,* 532 U.S. 742, 749 (2001); (the court found it was unable to discern any broad interest of public policy that gives New Hampshire the prerogative to construe "Middle of the River" differently today than it did 25 years ago); *See also Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024 (9th Cir. 2016) (the court found that the union attorney, not the plaintiff took a position during the previous arbitration, plaintiff's current litigating position could not be "clearly inconsistent" with a nonexistent earlier position).

[Doc. 9434]. In reply to Defendants' allegations, Plaintiff stands firm in her response, and Dr. Kinney's Declaration confirms, that the work Dr. Kinney performed for case-specific medical legal review and as a consultant did not "relate to the issues and subject matter of Dr. Kinney's expert report in this MDL." [Doc. 5803, Exhibit A].

### C. Disclosing That Dr. Kinney's Worked As A Bard Consultant Is Not Unduly Prejudicial.

While it may be indeed frustrating to Bard that Dr. Kinney is now an expert witness for Plaintiff, there is nothing unfairly prejudicial about the fact Dr. Kinney worked as a consultant for Bard. Plaintiff's position is that there is no prejudice to Bard from disclosure that Dr. Kinney previously worked as a Bard consultant, and even if there were, is not "unduly prejudicial" and does not "substantially outweigh" the probative value of the fact under Rule 403; Dr. Kinney's role provides context for his opinions and motivation to become an Plaintiff's expert witness as Dr. Kinney has firsthand experience of Bard's corporate culture of disregarding patient safety. As such, fact evidence regarding Dr. Kinney's role as a consultant is admissible under Rule 403.

For these reasons, Plaintiff respectfully requests that Defendants' Motion *in Limine* No. 5 be denied.

RESPECTFULLY SUBMITTED this 1st day of February, 2018.

GALLAGHER & KENNEDY, P.A.

By: */s/ Mark S. O'Connor*
    Mark S. O'Connor
    2575 East Camelback Road
    Phoenix, Arizona  85016-9225

LOPEZ McHUGH LLP
    Ramon Rossi Lopez (CA Bar No. 86361)
    (admitted *pro hac vice*)
    100 Bayview Circle, Suite 5600
    Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of February, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

/s/ Gay Mennuti