**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC<br><br>**ORDER** |

This multidistrict litigation proceeding ("MDL") involves thousands of personal injury cases related to inferior vena cava ("IVC") filters manufactured and marketed by Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard"). Plaintiffs have filed a motion to exclude the opinions of Dr. Clement Grassi. Doc. 7326. Defendants have filed a response. Doc. 7798. No reply has been filed, and the parties agree that oral argument is not necessary. The Court will deny the motion as moot.

The IVC is a large vein that returns blood to the heart from the lower body. IVC filters are small metal devices implanted in the IVC to catch blood clots before they reach the heart and lungs. Like most medical devices on the market today, the Bard IVC filters at issue in this MDL received premarket clearance from the Food and Drug Administration ("FDA").

Plaintiffs allege that Bard filters are more dangerous than other IVC filters because they have a higher risk of tilting, perforating the IVC, or fracturing and migrating to neighboring organs. Plaintiffs further allege that Bard failed to warn physicians and patients about these higher risks. Doc. 303-1. Bard disputes Plaintiffs' allegations,

contending that complication rates for Bard filters are comparable to those of other IVC filters and that the medical community is aware of the risks associated with IVC filters.

Defendants have identified Dr. Grassi, an interventional radiologist, as an expert witness on various issues related to Bard IVC filters. Plaintiffs do not dispute Dr. Grassi's expertise in the field of interventional radiology, but contend that he is not qualified to offer opinions about the FDA regulatory process for IVC filters. Doc. 7326 at 3-5. Plaintiffs identify no such opinions in Dr. Grassi's expert report. Instead, Plaintiffs seek to exclude Dr. Grassi's deposition testimony that (1) he "know[s] from personal experience when [he] participated in the Simon nitinol FDA pre-approval testing what was done in terms of testing with that filter device" (Doc. 7798-2 at 5), and (2) he is "aware of the processes and the standards that [Bard] is required to undergo as part of its FDA pre-acceptance testing under what would be a 510(k) application" (Doc. 7326-2 at 4).

Defendants respond that Dr. Grassi does not purport to be an FDA regulatory expert, and that he will limit his opinions at trial to the issues addressed in his report. Doc. 7798 at 3-4. Given this avowal, Plaintiffs' motion to exclude Dr. Grassi's deposition testimony is moot.

**IT IS ORDERED** that Plaintiffs' motion to exclude the opinions of Clement Grassi, M.D. (Doc. 7326) is **denied** as moot.

Dated this 6th day of February, 2018.

_____
David G. Campbell
United States District Judge