James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-PHX-DGC<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OF ALLEGED BENEVOLENT ACTIVITIES**<br><br>(Assigned to the Honorable David G. Campbell) |

*Nelson Mullins Riley & Scarborough*
L.L.P.
201 17ᵀʰ Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") submit this response in opposition to Plaintiff's Motion *in Limine* No. 2 and respectfully show the Court as follows:

## ARGUMENT AND CITATION OF AUTHORITY

Bard submits this response in opposition to Plaintiff's Motion *in Limine* No. 2 which seeks to exclude evidence of benevolent activities by Bard.[1] Specifically, Bard requests this Court deny the Plaintiff's Motion on the grounds that the evidence sought to be excluded is admissible background information about Bard, is relevant to rebut the Plaintiff's claim for punitive damages, and is vague and overbroad in its scope.

**A.    Plaintiff's Motion Seeks to Exclude Admissible Background Information Concerning Bard's Corporate Identity and Should, Therefore, Be Denied.**

Plaintiff, ostensibly, describes the evidence she seeks to exclude as character evidence. Upon closer examination, however, much of the evidence is more properly categorized as admissible background information concerning Bard's corporate identity.

Plaintiff identifies the evidence she wants excluded in the highlighted portion of Exhibit A to her motion. The highlighted portion answers the rhetorical question "Who are the defendants?" by setting out what C.R. Bard and Bard Peripheral Vascular do (develop and manufacture "medical devices in various fields"), describing what some of those products are and their intended purpose ("breast cancer biopsy products to help doctors in their diagnoses"), and noting where Bard Peripheral Vascular is located ("Tempe"). Each of these facts is relevant and helpful in identifying "who" Bard is to the jury.

This type of identifying background information is "universally" admitted as helpful to the jury's understanding of the parties and the case. Fed. R. Evid. 401 (Advisory Committee Notes, 1972) ("Evidence which is essentially background in nature

---

[1] Bard does not intend to present evidence that it engaged in benevolent activities such as providing scholarships or making charitable contributions. *See In re: Tylenol (Acetaminophen) Mktg.*, No. 2436, 2016 WL 3125428, at *11 (E.D. Pa. June 3, 2016) (excluding such evidence). Thus, to the extent the Plaintiff's motion seeks to exclude such evidence, it should be denied as moot.

Nelson Mullins Riley & Scarborough
— L.L.P. —
201 17ᵗʰ Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

… is universally offered and admitted as an aid to understanding."); *see also Prescott v. R&L Transfer, Inc.*, No. CV 3:11-203, 2015 WL 12591783, at *1–2 (W.D. Pa. Apr. 9, 2015) (denying plaintiff's motion *in limine* to exclude a description of defendant as a "family-owned business" because the information was relevant background concerning a corporate defendant, helpful to the jury in understanding who the parties in the case were, and would not confuse or mislead the jury); *Hibu, Inc. v. Peck*, No. 16-1055-JTM, 2018 WL 372437, at *3 (D. Kan. Jan. 11, 2018) (noting that "to the extent [a party]'s corporate history … provides helpful background information to the jury, such evidence is admissible").  Thus, the Plaintiff's Motion should be denied.

**B.  Plaintiff's Motion Seeks to Exclude Evidence that Is Relevant and Necessary to Rebut Plaintiff's Punitive Damages Claims and Should, Therefore, Be Denied.**

In addition to the identifying background information cited above, the Plaintiff also seeks to exclude evidence concerning the quality and usefulness of Bard's products, conscientiousness of Bard's employees, references to Bard's mission statement, and any mention that the purpose behind Bard's products is to promote health and save lives. Such evidence, however, is relevant and necessary to rebut the Plaintiff's claim for punitive damages.

In support of her claim for punitive damages, the Plaintiff will attempt to argue that Bard's actions constituted willful, malicious, or reckless conduct.  In order to rebut the Plaintiff's claims, Bard intends to introduce evidence of its corporate mission statement and how it upholds that mission statement in designing and manufacturing medical devices that improve the quality of people's lives.  Such evidence is directly relevant to the conduct and intentions of Bard employees in the areas of research and development, product formulation, marketing efforts, product monitoring, and regulatory compliance. This is not character evidence.  Rather, it is admissible evidence of Bard's corporate operations instituted and executed in order to meet and exceed its duties under the law. *See In re: Tylenol (Acetaminophen) Mktg.*, No. 2436, 2016 WL 3125428, at *11 (E.D. Pa.

Nelson Mullins Riley & Scarborough

L.L.P.
201 17ᵗʰ Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

June 3, 2016) (allowing defendants to present evidence about their operations – aimed at improving the lives of consumers – to explain to the jury what steps were taken to meet their statutory and common law duties"); *In re Wright Med. Tech. Inc.*, No. 1:13-CV-297-WSD, 2015 WL 6690046, at *3 (N.D. Ga. Oct. 30, 2015) ("Although good works, charity, community involvement, and other good deed evidence is not evidence that is generally admissible at trial, (*see* Fed.R.Evid., 404(a), 401, 402), it is conceivable, if not likely, that Defendants' mission statement and the manner in which it guided them in the manufacture of hip implant devices is probative of Defendants' intent for the purpose of the jury's consideration of a punitive damages award."). As a result, the Plaintiff's Motion should be denied.

**C.    Plaintiff's Motion Is Vague and Overbroad Because It Seeks to Exclude Unspecified Evidence and Should, Therefore, Be Denied.**

Finally, to the extent plaintiff seeks to exclude evidence of unspecified instances of Bard's "good conduct", the Plaintiff's Motion is vague and overbroad and should be denied. *See In re: Tylenol (Acetaminophen) Mktg.*, 2016 WL 3125428, at *9 (denying plaintiff's motion *in limine* to exclude evidence of defendants' reputation and good acts as vague and unclear where plaintiff failed to identify "[w]hat this information would include and how it would be used").

### CONCLUSION

For these reasons, Bard respectfully requests that this Court deny the Plaintiff's Motion *in Limine* No. 2.

RESPECTFULLY SUBMITTED this 9th day of February, 2018.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050

Nelson Mullins Riley & Scarborough
— L.L.P. —
201 17th Street NW, Suite 1700
Atlanta, GA 30063
(404) 322-6000

richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

Nelson Mullins Riley & Scarborough
L.L.P.
201 17ᵗʰ Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on this 9th day of February, 2018, the foregoing was

3

electronically filed with the Clerk of Court using the CM/ECF system which will

4

automatically send email notification of such filing to all attorneys of record.

5

6

s/Richard B. North, Jr.
Richard B. North, Jr.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Nelson Mullins Riley & Scarborough
L.L.P.
201 17ᵗʰ Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000