James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-PHX-DGC<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE THAT IVC FILTERS ARE THE GOLD STANDARD OR STANDARD OF CARE TREATMENT**<br><br>(Assigned to the Honorable David G. Campbell) |

1   Despite the Plaintiff's arguments, there is no basis for the Court to preclude
2   introduction of evidence that use of IVC filters, such as the G2® Filter (the "Filter"), was
3   within the standard of care for treating the Plaintiff.[1] Rather, such evidence is directly
4   relevant to the issues in this case and should be admitted. Accordingly, Defendants C. R.
5   Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") submit this response in
6   opposition to Plaintiff's Motion *in Limine* No. 4 and respectfully show the Court as
7   follows:

## ARGUMENT AND CITATION OF AUTHORITY

9   The Plaintiff seeks to exclude any reference in this case that use of an IVC filter
10  was within the standard of care for the her treatment, arguing that such evidence is
11  irrelevant to any issue in this case. As discussed below, however, this evidence is directly
12  relevant to several key and contested issues in this case and, therefore, is admissible. The
13  Plaintiff has not identified any applicable exclusionary exception that would preclude the
14  admission of this evidence aside from unfounded fears of confusion and delay.
15  Accordingly, as relevant evidence not subject to any exclusionary exception, this evidence
16  should be admitted in this case, and the Motion should be denied. *See* Fed. R. Evid. 401-2.

17  The medical evidence in this case supports that, in the Plaintiff's situation, the use
18  of the Filter was within the standard of care. The fact of the matter is that when the Filter
19  was implanted, use of retrievable IVC filters, like the Filter, was within the standard of
20  care and that the Plaintiff was a perfect candidate for the appropriate indications for an
21  IVC filter. Furthermore, the evidence in this case supports that Dr. D'Ayala, the
22  physician who implanted the Filter, intended to place a filter that was designed for
23  retrievable use. Bard expects that medical witnesses and experts in this case will testify to
24  all of these points.[2] Federal law supports the admissibility of this evidence because it is

---

[1] Bard notes that it does not intend to characterize IVC filters generally, or the Filter, as the "gold standard" for the treatment of pulmonary embolism. Accordingly, this Response will focus only on the exclusion of evidence that IVC filters, like the Filter, are within the standard of care for the treatment of pulmonary embolism.

[2] *See, e.g.,* Darren Hurst, M.D. Expert Report, p. 5, §b ("Based on the information and records available, Dr. D'Ayala properly placed the G2 filter consistent with the standard of care.").

- 1 -

directly relevant to both the strict liability and negligence analysis required by the plaintiff's claims in this case, as explained below.

Evidence that IVC filters, like the Filter, were within the standard of care in the Plaintiff's circumstances would aid the jury to determine the Plaintiff's design defect claim. Under Georgia law, the gravamen of a design defect claim is based on the whether the utility and benefits of a product outweigh the inherent risk of harm in its use. *Banks v. ICI Americas, Inc.*, 450 S.E.2d 671, 673 (1994). The "utility and benefits" aspect of this analysis requires Bard to introduce evidence regarding the circumstances and situations in which the placement of an IVC filter is required, desired, or performed. Without information regarding the circumstances in which doctors implant IVC filters, the jury cannot hope to adduce either the utility or the benefits of the Filter, which they must know to properly weigh them against the risks in the use of IVC filters for purposes of the Plaintiff's design defect claim. Thus, such evidence is relevant and should be admitted in this case.

Similarly, evidence that IVC filters, like the Filter, were within the standard of care in the Plaintiff's circumstances is relevant to the Plaintiff's negligence claim. The primary question in determining the Plaintiff's negligence claim is whether Bard's actions in designing, manufacturing, and marketing the Filter were reasonable. Central to this inquiry is the fact that Bard created the Filter to fill a gap in medical technology and that doctors consider use of IVC filters, including retrievable IVC filters, as within the standard of care for the prevention of pulmonary embolism. Put otherwise, to adequately defend against the Plaintiff's negligence claim, it is vital that Bard be able to demonstrate that in designing, manufacturing, and marketing the Filter, Bard was acting reasonably to respond to doctors' needs and to provide a much needed medical device, and not simply making a superfluous product and pushing it on doctors.

Finally, the Plaintiff also argues that evidence that IVC filters were within the standard of care in the Plaintiff's treatment should be excluded because it would cause confusion and delay without adding any probative value. The Plaintiff's fears are

unfounded, however. Not only is evidence of the standard of care for the Plaintiff a central concept in this case, but discussing it would not confuse the jury, as juries are capable of holding more than one relevant concept in their minds, and applying more than one relevant standard at once. This is especially true where, as here, the standard of care for a physician and Bard's standard of care with regard to the design and manufacture of its products are distinct. The Plaintiff also expresses concern in the Motion that introduction of evidence of the standard of care for the treatment of the Plaintiff will cause a trial within a trial, resulting in delays at trial. This fear, too, is unfounded, as discussion of this standard will simply involve the introduction of an appropriate amount of evidence regarding a relatively straightforward concept: physicians' choices to implant the filter, given the risks and benefits of IVC filter products. In short, there is no basis for the concerns of undue prejudice, confusion, and delay raised in the Motion.

As discussed above, evidence that IVC filters, like the Filter, were within the standard of care in the Plaintiff's circumstances is relevant to the determination of the Plaintiff's claims. *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007) (to be relevant, evidence must simply "logically advance a material aspect of the party's case."). Therefore, this evidence is presumptively admissible in this case. *See Stonehocker v. Gen. Motors Corp.*, 587 F.2d 151, 155 (4th Cir. 1978); *Smithfield Foods, Inc. v. United Food & Commercial Workers Int'l Union*, 586 F. Supp. 2d 632, 635 (E.D. Va. 2008). Because the Plaintiff fails to identify any authority or legitimate rationale that would preclude the admission of this relevant evidence, the Court should not exclude it, and the Motion should be denied.

**CONCLUSION**

For these reasons, Bard respectfully requests that this Court deny the Plaintiff's Motion *in Limine* No. 4.

RESPECTFULLY SUBMITTED this 9th day of February, 2018.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599

- 3 -

Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of February, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

s/Richard B. North, Jr.
Richard B. North, Jr.