James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 6 TO EXCLUDE ARGUMENT OR EVIDENCE REGARDING FAULT OF NON-PARTIES/"EMPTY CHAIR" DEFENSE AND "STANDARD OF CARE" OF PLAINTIFF'S HEALTHCARE PROVIDERS NOT SUBJECT TO NOTICE OF NON-PARTY FAULT**<br><br>(Assigned to the Honorable David G. Campbell) |

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") submit this response in opposition to Plaintiff's Motion *in Limine* No. 6 and respectfully show the Court as follows:

## ARGUMENT AND CITATION OF AUTHORITY

This is the second of three motions filed by Plaintiff in which she is attempting to exclude clearly relevant evidence relating to her medical care and damages that Georgia law holds should be considered by the jury. Plaintiff's Motion should be denied because O.C.G.A. § 51-12-33 does not categorically exclude all evidence or argument relating to other potential causes of the Plaintiff's damages. To the contrary, evidence relating to her care and medical treatment is directly relevant to her damages claim and to whether there were any actions of others that caused those damages.

In October 2017, the Georgia Supreme Court specifically held that "there is no requirement in Georgia that an intervening act be 'wrongful or negligent' to break the causal chain" between a defendant's act or omission and a plaintiff's injury. *See Jordan v. Everson*, 806 S.E.2d 533, 534 (Ga. 2017). Thus, contrary to the Plaintiff's assertion, Bard is not required to prove that the conduct of any of the Plaintiff's healthcare providers was wrongful or negligent before the jury can consider whether such conduct constitutes an intervening act breaking the causal chain of liability for the Plaintiff's damages. *Id.* Moreover, the jury is, and has always been, entitled to consider events that could have broken the causal chain regardless of whether the intervening actor was a party to the action. *See, e.g.*, *Ontario Sewing Mach. Co. v. Smith*, 572 S.E.2d 533, 535 (Ga. 2002) (consideration of whether intervening act of non-party was the sole proximate cause of the plaintiff's injuries was a question for the jury).

The Plaintiff has directly placed her medical care that occurred after the filter was implanted at issue in this case.[1] In fact, the Plaintiff herself acknowledges that the conduct

---

[1] It is axiomatic that evidence of the Plaintiff's medical history is relevant to her damages claim. *See, e.g.*, *In re Wright Med. Tech. Inc.*, No. 1:13-CV-297-WSD, 2015 WL 6690046, at *4 (N.D. Ga. Oct. 30, 2015) (evidence of the plaintiff's medical history is "relevant evidence on damages"); *Miller v. Cole*, 657 S.E.2d 585, 587 (Ga. Ct. App. 2008)

- 1 -

of her healthcare providers "arguably caused or contributed to additional harm sustained by Plaintiff." (Pl.'s Mot. at 2.) The Plaintiff's own expert witnesses testified regarding the actions of her healthcare providers. Thus, Bard is fully entitled to introduce, and the jury is entitled to hear, evidence regarding the medical care provided by Ms. Booker's healthcare providers during the course of her medical treatment, and to determine whether such conduct proximately caused or contributed to some or all of her injuries regardless of whether that conduct was "wrongful or negligent." *Jordan*, 806 S.E.2d at 534. For example, the jury is entitled to hear evidence that Brandon Kang, M.D. tore the Plaintiff's tricuspid valve during his attempt to retrieve a fractured strut in her right ventricle. This evidence, and other evidence, testimony, and argument concerning the treatment provided by any of Ms. Booker's healthcare providers, is highly relevant to the Plaintiff's claim for damages. Fed. R. Evid. 401, 402.

To be clear, Bard will not offer opinions, testimony, or argument that any healthcare provider, other than Sarwat Kamal Amer, M.D., fell below the "standard of care." Nor is Bard seeking to have any of Ms. Booker's other healthcare providers added to the verdict form, or to have the jury apportion fault to any healthcare provider other than Dr. Amer. (*See* Doc. 8844.) But Bard should not be precluded from offering relevant evidence, argument, or testimony that the conduct of Ms. Booker's other healthcare providers during the course of her medical treatment relates to her damages claim and constitutes an intervening act that severed Bard's liability. The Georgia Supreme Court agrees. Plaintiff has not cited a legitimate reason that she would be unfairly prejudiced by this relevant evidence. Fed. R. Evid. 403. But Bard would be highly prejudiced by its exclusion, and there is a substantial risk that the jury would be misled by the incomplete picture that Ms. Booker seeks to present regarding her medical course. Thus, the Plaintiff's Motion should be denied.

Furthermore, contrary to the Plaintiff's assertion, Bard has disclosed retained

---

(evidence of the plaintiff's underlying "medical history" and medical treatment is admissible and "always relevant").

expert witnesses to establish the fault of non-party Dr. Amer in this case. *See* Defendants' Response in Opposition to Plaintiffs' Motion *in Limine* No. 13, filed contemporaneously herewith. Dr. Daniel Cousin testified that Dr. Amer breached the standard of care governing diagnostic radiologists by failing to report the condition of Ms. Booker's filter to her treating physicians. Dr. Piotr Sobiesczyck opined that had this information been properly reported, Ms. Booker's filter could have been timely retrieved long before the fractured strut embolized to her right ventricle. Thus, Bard complied with its disclosure requirements under Federal Rule of Civil Procedure 26(a)(2)(B). Plaintiff's Motion ignores this combined expert testimony. Therefore, the Plaintiff's Motion should be denied.

## CONCLUSION

For these reasons, Bard respectfully requests that this Court deny the Plaintiff's Motion *in Limine* No. 6.

RESPECTFULLY SUBMITTED this 9th day of February, 2018.

s/ Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of February, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

                                        s/Richard B. North, Jr.
                                        Richard B. North, Jr.

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000