James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE DESCRIPTIONS OF FILTERS AS "LIFESAVING" OR "LIFE-EXTENDING" DEVICES**<br><br>(Assigned to the Honorable David G. Campbell) |

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") submit this response in opposition to Plaintiff's Motion *in Limine* No. 3 and respectfully show the Court as follows:

## ARGUMENT AND CITATION OF AUTHORITY

Plaintiff's Motion to exclude evidence that Bard's IVC Filters, like the G2® Filter implanted in Ms. Booker, can be a lifesaving device is an imprudent attempt to preclude relevant evidence related to the purpose, benefits, and utility of Bard's IVC filters as well as the underlying medical conditions the filters protect against. This evidence is ***highly probative*** to the Plaintiff's design defect claim and the jury's analysis of the G2® Filter's "utility" under Georgia's risk-utility test.

Bard's IVC Filters are placed by surgeons or interventional radiologists in the inferior vena cava, which is the large vein leading from the lower extremities to the heart. Once the filter is deployed, its arms and legs open and anchor the filter in the walls of the IVC. The filter then acts to "catch" and prevent large blood clots that form in the deep veins of the body ("deep vein thrombosis" or "DVT") from traveling up through the inferior vena cava to the heart or lungs and causing pulmonary embolus ("PE"), a well-recognized and leading cause of sudden death.[1] Accordingly, the primary utility of Bard's IVC Filters, and the sole reason they are implanted into patients, is to act as a lifesaving device. In fact, Ms. Booker's treating physician, Dr. Brandon Kang, and even the Plaintiff's own expert, Dr. Thomas Kinney, testified that Bard's IVC Filters are lifesaving devices. *See* June 15, 2017 Brandon Kang, M.D. Dep. Tr., at 72:25-73:5, relevant portions attached hereto as Exhibit B; June 17, 2017 Thomas Kinney, M.D. Dep. Tr., at 111:11-112:2, relevant portions attached hereto as Exhibit C.

---

[1] In the United States alone, it is estimated that there are between 500,000 – 600,000 cases of pulmonary embolism each year and approximately 300,000 people die as a result of the event (approximately 54.5%). William T. Kuo, *Percutaneous Interventions for Acute Pulmonary Embolism*, ch. 86, p. 613 (Mauro, Murphy, Thompson, Venbrux, and Morgan eds., *Image-Guided Interventions*, 2014), attached hereto as Exhibit A.

- 1 -

A. **Evidence That Bard's G2® Filter Can Be a "Lifesaving" Device is Relevant to Plaintiff's Design Defect Claims and the Jury's Risk-Utility Analysis.**

The Plaintiff in this case asserts strict liability design defect claims against Bard, which the jury will determine pursuant to Georgia's risk-utility analysis. (*See* Doc. 9881 at 3.) Under this balancing test, the jury must decide whether "the risk of the product" outweighs "the utility or benefit derived from the product." *See Banks v. ICI Americas, Inc.*, 450 S.E.2d 671, 673-74 (Ga. 1994). Evidence that Bard's IVC filters, including Ms. Booker's G2® filter, are utilized by physicians to "catch" lower extremity blood clots and prevent a potentially deadly PE, and that filters are therefore lifesaving devices, is directly relevant to the "utility" of the G2® Filter. Accordingly, Bard must be permitted to tell the jury about the benefits of its IVC Filters through appropriate expert testimony or other admissible evidence.

Further, evidence that Bard's IVC Filters are lifesaving devices is not unverifiable and subjective, as the Plaintiff suggests. Studies show that when a retrievable IVC filter, such as the G2® Filter, is implanted, clots break through the filter causing a pulmonary embolism in 0 - 1.9% of cases (and therefore the filters are "catching" the clots 98.1 - 100% of the time). *See* John Chung and Richard J.T. Owen, *Using inferior vena cava filters to prevent pulmonary embolism*, Canadian Family Physician, 2008, 54:49-55, table 2, attached hereto as Exhibit D. This means that when an IVC filter is in place, studies approximate that there is a 0 - 1.9% chance of death from a pulmonary embolism as opposed to a 54.5% chance of death without a filter. See *id.,* footnote 1. This is empirical evidence that Bard's G2® Filter can be a lifesaving device, and this evidence must be presented to the jury for them to have a complete picture of the device's utility.

B. **The Cases Plaintiff Cites are Inapposite to the Facts of This Case.**

In support of her motion, the Plaintiff cites two cases from the Central District of California relating to the drugs Aredia and Zometa, which are prescribed to patients with bone cancer to limit bone loss. *See Georges v. Novartis Pharm. Corp.*, No. CV 06-05207 SJO VBKX, 2013 WL 5217198, at *1, *6-7 (C.D. Cal. Apr. 4, 2013); *Stanley v. Novartis*

- 2 -

1  *Pharm. Corp.*, No. CV1103191JGBOPX, 2014 WL 12573393, at *12 (C.D. Cal. May 6, 2014). These two cases do not support the Plaintiff's position here and are entirely distinguishable from the facts of this case. In both cases, the court excluded statements about the drugs that were actually unrelated to the drugs' approved benefit (limiting bone loss) such as "cancer drug, wonder drug, miracle drug, it prolongs life, it extends life, it is a pain reliever, cures cancer, or fights cancer, and statements that Plaintiff's life has been extended by the [] Drugs." *Id.* Statements about Aredia and Zometa's ability to cure cancer, treat cancer, or extend a person's life suffering from cancer were excluded in the *Georges* and *Stanley* case because the drugs at issue were not cancer drugs, but rather drugs that were given to cancer patients to decrease bone loss. *Id.* In other words, the excluded statements related to the treatment of cancer and were not relevant to or descriptive of the drugs' primary utility. By contrast, in the *Booker* case, evidence that Bard's IVC Filters are lifesaving devices that "trap" blood clots and prevent the clots from becoming a deadly PE, is directly relevant to the devices' primary benefit and utility.

**C. Relevant Evidence Related to the Utility of Bard's IVC Filters Should Not be Excluded Pursuant to Rule 403.**

In the alternative, the Plaintiff argues that relevant evidence relating to the G2® Filter's benefits should be excluded pursuant to Rule 403. Yet, the Plaintiff's Motion is entirely void of any reasoning to support her assertions. In fact, the Plaintiff's Motion does not identify how this evidence presents any risk whatsoever for unfair prejudice towards her, confusing the issues, misleading the jury, or needlessly presenting cumulative evidence, let alone how those risks substantially outweigh the evidence's probative value. For the foregoing reasons, the evidence the Plaintiff seeks to exclude in her motion is highly probative to her design defect claim and to inform the jury about the benefits of the G2® Filter as well as the medical conditions the Filters protects against.

**CONCLUSION**

For these reasons, Bard respectfully requests that this Court deny the Plaintiff's Motion *in Limine* No. 3.

- 3 -

1       RESPECTFULLY SUBMITTED this 9th day of February, 2018.

                                  s/ Richard B. North, Jr.
                                  Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of February, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

                                    s/Richard B. North, Jr.
                                    Richard B. North, Jr.

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000