James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Telephone: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants
C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 12 TO EXCLUDE DR. KANG'S SOCIAL MEDIA**<br><br>(Assigned to the Honorable David G. Campbell) |

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") submit this response in opposition to Plaintiff's Motion *in Limine* No. 12 and respectfully show the Court as follows:

## ARGUMENT AND CITATION OF AUTHORITY

The Court should deny the Plaintiff's Motion to exclude Dr. Brandon Kang's public social media posts that reflect his approach to and attitude about filter removal. The posts are plainly relevant to the central issue of whether Dr. Kang's retrieval was unduly aggressive in this case. Moreover, the Plaintiff failed to show that the evidence's probative value is ***substantially*** outweighed by any prejudice, let alone the ***unfair prejudice*** required for exclusion under Rule 403.

A disputed issue in this case is whether Dr. Kang's failed retrieval attempt, which admittedly damaged Ms. Booker's tricuspid valve, was unduly aggressive. The Plaintiff claims Dr. Kang acted appropriately. Bard, however, will present expert and other evidence that Dr. Kang should have followed a more conservative approach. Indeed, the evidence is undisputed that Dr. Kang's aggressive retrieval attempt caused Ms. Booker unnecessary harm.

Under Georgia law, the jury is entitled to consider whether Dr. Kang's actions caused or contributed to Ms. Booker's alleged injuries. *See Jordan v. Everson,* 806 S.E.2d 533 (Ga. 2017) They are also entitled to evaluate his credibility and bias.[1] As such, Dr. Kang's publicly-accessible social media posts, including the following tweet, are relevant and probative of his aggressive approach to filter retrievals:

> **Brandon Kang MD** @BrandonKangMD · May 22
> #IRad cowboy 🤠 and his lasso 🔘 is all that's needed for simple #filterout in less than 5 min. #GTFO @SIRRFS @JVIRmedia @Interventional2

---

[1] Similarly, the jury is entitled to hear that he did not tell the Plaintiff that he damaged her tricuspid valve during the procedure that he performed. *See* June 15, 2017 Dep. Tr. Brandon Kang, M.D., ("Dr. Kang Dep. Tr.") at 135, excerpts attached hereto as Exhibit A.

- 1 -

1    Contrary to the Plaintiff's argument, the evidence is plainly relevant to the
2 disputed issue of Dr. Kang's approach and attitude about filter retrievals under Rule 401.
3 During his deposition Dr. Kang testified in response to questions from the Plaintiff's
4 counsel that he used a "lasso" to retrieve the Plaintiff's filter. *See* Ex. A Dr. Kang Dep.
5 Tr., at 36:2-9. He also testified that the procedure he performed on the Plaintiff was "like
6 a cowboy with a lasso." *Id.* at 111:3-9. Further, Dr. Kang admitted that his social media
7 posts refer to his use of a snare as a "lasso" as he did in retrieving Ms. Booker's filter and
8 he admits that the cowboy is a metaphor for him. *See id.* at 139:4 to 140:9.[2] He referred
9 to it as "lighthearted humor" to describe a medical procedure. *Id.* at 159:12-160:2. Dr.
10 Kang's social media accounts are public and he does not restrict access to them. *See id.*
11 at 77:3-4 ("Q. It's publicly available? A. Yes.") He chose to use these phrases and emojis
12 to describe his practice and his approach toward the retrieval of IVC filters, the very
13 procedure at issue in this case. The social media posts are probative because they are
14 unguarded and public affirmations of a witness's approach and attitude about a relevant
15 issue in this case.

16    The Plaintiff likewise offers no argument that the probative value of this evidence
17 is substantially outweighed by any unfair prejudice. That the evidence is simply
18 prejudicial (as opposed to unfairly prejudicial) in that it tends to support Defendants'
19 theory of the case is insufficient for exclusion under Rule 403. Indeed, the Plaintiff's
20 counsel had a fair opportunity to examine Dr. Kang on this evidence at his deposition,
21 and are free to designate his testimony about the posts to place them in context.[3] Because
22 the evidence is relevant to a disputed issue, and the probative value outweighs any
23 prejudice, the Plaintiff's Motion should be denied.

---

[2] The fact that Dr. Kang chose to use an acronym ("#GTFO") that can have more than one meaning is a risk that anyone who posts publicly on social media should know when they take it.
[3] Bard understands that the Plaintiff will not call Dr. Kang live.

Case 2:15-md-02641-DGC   Document 10063   Filed 02/09/18   Page 4 of 5

Case 2:15-md-02641-DGC   Document 10063   Filed 02/09/18   Page 4 of 5

**CONCLUSION**

For these reasons, Bard respectfully requests this Court deny the Plaintiff's Motion *in Limine* No. 12.

RESPECTFULLY SUBMITTED this 9th day of February, 2018.

      s/*Richard B. North, Jr.*
      Richard B. North, Jr.
      Georgia Bar No. 545599
      Matthew B. Lerner
      Georgia Bar No. 446986
      NELSON MULLINS RILEY & SCARBOROUGH, LLP
      Atlantic Station
      201 17th Street, NW / Suite 1700
      Atlanta, GA  30363
      PH: (404) 322-6000
      FX: (404) 322-6050
      richard.north@nelsonmullins.com
      matthew.lerner@nelsonmullins.com

      James R. Condo (#005867)
      Amanda Sheridan (#005867)
      SNELL & WILMER L.L.P.
      One Arizona Center
      400 E. Van Buren
      Phoenix, AZ 85004-2204
      PH: (602) 382-6000
      JCondo@swlaw.com
      ASheridan@swlaw.com

      **Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

- 3 -

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of February, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

s/Richard B. North, Jr.
Richard B. North, Jr.

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000