James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY &
    SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
Telephone: (602) 382-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com
*Attorneys for Defendants C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-DGC |
| | **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 14 TO EXCLUDE EVIDENCE OF PERSONAL TRAITS OF BARD'S CURRENT AND FORMER EMPLOYEES AND WITNESSES** |
| | (Assigned to the Honorable David G. Campbell) |

*Snell & Wilmer*
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") submit this response in opposition to Plaintiff's Motion *in Limine* No. 14 and respectfully show the Court as follows:

Bard opposes the Plaintiff's Motion, in part.  Bard agrees that ***no party*** should elicit information from any witness regarding their religion, religious beliefs, religious activities, church membership or affiliation.  Federal Rule of Evidence 610 (never cited in Plaintiff's Motion) clearly states that "evidence of a witness's religious beliefs or opinions is not admissible to attack or support the witness's credibility."  Bard agrees and will not designate such testimony.  Plaintiff should also be prohibited from discussing her religious beliefs, church membership or affiliation.  Bard does not agree, however, that all the various types of background information the Plaintiff seeks to exclude is irrelevant and inadmissible.  Bard therefore asks the Court to deny the Plaintiff's Motion, in part.

## RELEVANT FACTUAL BACKGROUND

Plaintiff Sherr-Una Booker filed this product liability action against Defendants claiming she has suffered damages as a result of complications allegedly experienced related to a Bard G2® inferior vena cava ("IVC") filter, a prescription medical device that was placed in her IVC before undergoing surgery to remove a cancerous cervical mass to help prevent a potentially life-threatening pulmonary embolism. The subject G2® Filter was placed in Ms. Booker's IVC on June 21, 2007. Plaintiff claims that the Filter was defective because, after placement, it allegedly fractured, migrated, tilted, and one or more struts of the Filter perforated her IVC.  As part of her claims against Bard, the Plaintiff has alleged Bard acted willfully and wantonly and/or with conscious indifference and disregard to the consequences of its actions, and claims she is therefore entitled to punitive damages.  Bard denies that it conducted itself in any way which would entitle Plaintiff to punitive damages.  Both the Plaintiff and Bard are designating deposition testimony from both former and current Bard employees to use at trial.

## ARGUMENT AND CITATION OF AUTHORITY

Plaintiff moves to exclude what can properly be characterized as "background

2

testimony" regarding Bard's former and current company witnesses.  The examples they gave, besides religious affiliation, are "socioeconomic status, marital status, parental relationships, family health status and children."  (Pl.'s Mot. at 3.)  Plaintiffs do not cite to a single rule of evidence or case in support of their position that such evidence should be excluded, and there is no basis for the Court to exclude such background testimony.  Background testimony is "generally admissible to permit a witness to become comfortable and to introduce the witness to the jury."  *Rodriguez v. Chertoff*, No. CIV05-546-TUC-CKJ, 2008 WL 4693395, at *5 (D. Ariz. Oct. 22, 2008); 3 Litigating Tort Cases § 39:76 (July 2008).  The Ninth Circuit recognizes it as "well settled" that a reasonable range of inquiry may be made about a witness's occupation and "the environment in which he chooses to live."  *Sawyear v. United States*, 27 F.2d 569, 570 (9th Cir. 1928).

Here, Bard has or intends to designate some deposition testimony that helps introduce its company witnesses to the jury.  Such testimony will be limited to a few lines such as "where did you grow up" or "are you married?"  Background testimony such as this serves to relax the witness and humanize him or her for the jury.  There is nothing prejudicial, as the Plaintiff contends, about someone's marital status, or whether they have kids.  Clearly the Plaintiff's real intent is to prevent Bard from personalizing its company witnesses to the jury.  It is axiomatic that the Plaintiff's counsel will elicit all sorts of personal information regarding the Plaintiff and attempt to paint her in a sympathetic light to the jury.  Bard should not be prohibited from engaging in a few questions which tell the jury about their witness's backgrounds.  Additionally, for a few witnesses there is a compelling reason to ask a few background questions.

For example, one of Bard's witnesses, Andre Chanduszko, emigrated to the United States as a teenager and has a heavy Polish accent.  English is his second language.  He is likely being called live at trial.  Bard might elicit some testimony at trial regarding where he grew up and how he learned English to explain to the jury his nationality, why he speaks with an accent, and how he processes questions asked of him in English.  If the Plaintiff was successful in her motion, Bard would be precluded from doing so.

Snell & Wilmer

L.L.P.

LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

Finally, the Plaintiff has made a claim for punitive damages against Bard. This requires that the jury look at Bard's conduct in designing and manufacturing the G2® filter and deciding whether Bard is guilty of "willful misconduct, malice, fraud, wantonness, oppression or entire want of care that would raise the presumption of conscious indifference to consequences." Ga. Pattern Jury Instructions § 66.702*; Alliance Transp. Inc. v. Mayer*, 301 S.E.2d 290 (Ga. App. Ct. 1983). The jury must also decide whether Bard "acted with specific intent to cause harm." *Id.* at § 66.711. Because punitive damages are alleged, Bard is entitled to put on evidence that the company, through the actions and conduct of its employees and former employees, did not act with an intent to cause harm. Some of the testimony the Plaintiff seeks to exclude may therefore be relevant to Bard's defenses against the claim for punitive damages. For instance, if a Bard employee has a family member who had a G2® Filter implanted, that would be relevant to the issue of whether that employee acted with an intent to harm.

## CONCLUSION

Bard agrees that no party should be permitted to put on evidence regarding any witness's religious beliefs or church membership. As Bard has shown, however, background testimony such as marital status and whether a witness has kids is admissible and should not be excluded. Additionally, some of the evidence is relevant to Bard's defenses on the Plaintiff's claim for punitive damages. Therefore, Bard respectfully requests that this Court deny, in part, the Plaintiff's Motion *in Limine* No. 14.

Respectfully submitted this 9th day of February 2018.

SNELL & WILMER L.L.P.

By: s/Amanda C. Sheridan
     James R. Condo (005867)
     Amanda C. Sheridan (027360)
     One Arizona Center
     400 E. Van Buren, Suite 1900
     Phoenix, Arizona  85004-2202

     Richard B. North, Jr. (admitted *pro hac vice*)
     Georgia Bar No. 545599
     Matthew B. Lerner (admitted *pro hac vice*)

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

4

Georgia Bar No. 446986
Nelson Mullins Riley & Scarborough LLP
201 17th Street, NW / Suite 1700
Atlanta, GA  30363

*Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 9th, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

<u>s/Richard B. North, Jr.</u>
Richard B. North, Jr.