James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 13 TO EXCLUDE REFERENCE TO ALLEGED FAULT OF NON-PARTY SARWAT KAMAL AMER, M.D.**<br><br>(Assigned to the Honorable David G. Campbell) |

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") submit this response in opposition to Plaintiff's Motion *in Limine* No. 13 and respectfully show the Court as follows:

**ARGUMENT AND CITATION OF AUTHORITY**

The Plaintiff's Motion is, in effect, a motion for a ruling as a matter of law on Bard's apportionment of fault under O.C.G.A. § 51-12-33.[1] The Motion should be denied because Bard has provided expert opinion on the elements of its non-party at fault claim. It is well established under Georgia law, that "[c]ausation may be established by linking the testimony of several different experts and must be determined in light of the evidentiary record as a whole. [Q]uestions regarding causation are peculiarly questions for the jury except in clear, plain, palpable and undisputed cases." *Hosp. Auth. of Valdosta/Lowndes Cty. v. Fender*, 802 S.E.2d 346, 353 (Ga. Ct. App. 2017) (citations omitted) (affirming denial of summary judgment on causation in medical malpractice action based on combined expert testimony that had the sonographer and radiologist properly reported the degree of the injury seen in the radiology, "it most likely would have led to successful surgical intervention" before the plaintiff suffered the massive stroke), *cert. granted* (Ga. Dec. 11, 2017), *cert. denied* (Ga. Dec. 11, 2017); *accord Cent. Georgia Women's Health Ctr., LLC v. Dean*, 342 Ga. App. 127, 137, 800 S.E.2d 594, 603 (Ga. Ct. App. 2017) (affirming denial of directed verdict based on combined expert testimony on causation); *Moore v. Singh*, 755 S.E.2d 319, 323 (Ga. Ct. App. 2014) (reversing directed verdict based on combined expert testimony on causation); *Knight v. Roberts*, 730 S.E.2d 78 (Ga. Ct. App. 2012) (reversing grant of summary judgment based on combined expert testimony on causation).

The Plaintiff ignores this principle of law, instead demanding that Bard provide a single expert on the issue of non-party fault or a "standard of care" opinion on causation. (*See* Pl.'s Mot. at 2-3.) The Plaintiff's position is contrary to Georgia law. The Plaintiff

---

[1] Although, she had the opportunity to do so, Plaintiff did not file a motion for summary judgment on Bard's apportionment defense, nor did she challenge Bard's Notice of Non-Party Fault, or attempt to limit or exclude the opinions of Dr. Cousin or Dr. Sobieszczyk.

- 1 -

1  concedes that Bard has offered two expert witnesses on the issue of Sarwat Kamal Amer,
2  M.D. as a non-party at fault: Dr. Cousin and Dr. Sobieszczyk. (*See id.* at 3.) Dr. Cousin
3  testified about the standard of care for the practice of diagnostic radiologists, and testified
4  that Dr. Amer breached that standard of care. The Plaintiff does not challenge these
5  opinions. (*See id.* at 3-4.) Additionally, and contrary to the Plaintiff's erroneous assertion,
6  Dr. Sobieszczyk opined on how the breach of this standard of care caused or contributed
7  to Ms. Booker's injuries. The Plaintiff simply ignores Dr. Sobieszczyk's causation
8  opinions disclosed in his expert report:

> A lumbar spine X-ray performed at Lincoln Memorial Hospital in March of 2009 did not report any abnormalities . . . An x-ray of the lumbar spine reported presence of an IVC filter.
>
> \*   \*   \*
>
> **March 26th 2009.** Lumbosacral spine X-ray performed at Lincoln Memorial Hospital showed an IVC filter with one short fragment separated from the filter and pointing up above the filter tip. Another fragment, part of a "leg" strut is separated from the filter and moved towards midline.
>
> \*   \*   \*
>
> Ms. Booker underwent periodic CT imaging which clearly defined progressive tilting and strut movement. ***Recognition of this process would have allowed timely retrieval of the filter***. *In February of 2008 the filter, although intact, was tilted and a strut was entering the aortic wall. This was a missed opportunity to retrieve the filter. Several other opportunities were missed.* By December 2011, the filter strut was in the aortic lumen and another fragment was fractured and displaced upward. Another strut eventually embolized to the right ventricle, an event first demonstrated on a CT scan in April of 2013 and chest x-ray in June of that year. None of these changes were truly recognized until June of 2014. An earlier report of these changes in April of 2014 was not fully appreciated.

21 *See* Exhibit A, Expert Report of Piotr Sobieszczyk, M.D., at 6, 9, 11 (emphasis added).

22  To be clear, Bard has never intended to offer Dr. Sobieszczyk to opine on the
23  standard of care applicable to any of Ms. Booker's physicians, nor on whether Dr. Amer,
24  specifically, breached that standard by failing to report the condition of Ms. Booker's
25  filter to her treating physicians. Bard retained Dr. Cousin for that purpose, which the
26  Plaintiff was well aware of at the time of Dr. Cousin's deposition on August 25, 2017.
27  (*See* Pl.'s Mot. at 3-4.) Rather, Dr. Sobieszczyk's expert testimony establishes the
28  necessary causal link between Dr. Amer's medical negligence and the Plaintiff's injury --

had this information been properly reported, Ms. Booker's filter could have been timely retrieved percutaneously long before the strut embolized to her right ventricle. *See* Ex. A, at 11. The fact that the Plaintiff chose not to question Dr. Sobieszczyk about his opinions on causation in his deposition on September 29, 2017, instead, satisfying herself that he was not rendering any opinion on standard of care, is not grounds for excluding his testimony. In fact, Dr. Sobieszczyk was never asked in his deposition about his opinions on the "missed opportunities" to retrieve the filter and struts, other than to confirm he was not offering an opinion on the standard of care.[2]

As described above, in medical negligence cases under Georgia law, "[c]ausation may be established by linking the testimony of several different experts." *Moore v. Singh*, 755 S.E.2d 319, 323 (Ga. Ct. App. 2014). Indeed, the Georgia Court of Appeals in *Moore*, addressed a nearly identical situation to the case here. The plaintiff in *Moore* appealed from a directed verdict in favor of the defendants in a medical malpractice action. *Id.* at 321. The plaintiff had sustained a fractured tibia after a fall in her home and went to the hospital for treatment. *Id.* The defendant nephrologist, Dr. Singh, failed to discover the fracture. *Id.* Specifically, Dr. Singh did not order imaging or an orthopedic consult, and failed to adequately report her findings regarding the plaintiff's injury, noting only "severe pain in the left leg." *Id.* at 322. The plaintiff later underwent surgical intervention to repair the fracture after it had displaced and was discovered by another physician. *Id.*

At trial, the plaintiff's expert, Dr. Borkan, testified that Dr. Singh's failure to order imaging and to adequately report the injury was a breach of the standard of care governing nephrologists. *Id.* at 322-23. A separate plaintiff expert, Dr. Orcutt, testified that "if the fracture had been detected while it was nondisplaced, then it could have been treated without surgical intervention." *Id.* at 323. He did ***not*** offer a standard of care opinion, nor did he testify that Dr. Singh was at fault. He testified regarding the "missed opportunity" to treat the fracture before the plaintiff's more complicated surgical intervention. The

---

[2] Contrary to Plaintiff's assertion, there are no magic words for establishing causation. *See Zwiren v. Thompson*, 578 S.E.2d 862, 867 (Ga. 2003) (recognizing no magic language for expert opinion on proximate causation).

- 3 -

defendants moved for a directed verdict on proximate causation, which the trial court granted. *Id.* The Georgia Court of Appeals reversed, holding that "[c]ausation may be established by linking the testimony of several different experts." *Id.* "Based on the combined expert testimony," the *Moore* court held

> [I]t was possible for the jury to link the testimony of all the witnesses to find that Dr. Singh's breach of the standard of care resulted in a missed diagnosis of a nondisplaced fracture[], which later displaced requiring surgery. The jury also could have found that while surgery could have been required in any event, the failure to diagnose resulted in approximately two months of lack of treatment and a more complicated surgery or recovery period.

*Id.* at 324. The similarities between the *Moore* case and Ms. Booker's are striking:

| *Moore v. Singh* | *Booker v. C. R. Bard, Inc., et al.* |
| --- | --- |
| Dr. Borkan testified to standard of care governing nephrologists. | Dr. Cousin testified to standard of care governing diagnostic radiologists. |
| Dr. Borkan testified to Dr. Singh's breach of standard of care by her failure to discover fracture through further imaging and failure to adequately report her findings, noting only that she had "severe pain in the left leg." | Dr. Cousin testified to Dr. Amer's breach of standard of care by his failure to adequately report the findings of Ms. Booker's filter, noting only that "IVC filter is noted." |
| Dr. Orcutt testified regarding missed opportunity to treat the fracture before the fracture displaced. | Dr. Sobieszczyk opined about "missed opportunities" to retrieve the filter before the strut embolized to Ms. Booker's heart. |
| Dr. Orcutt testified that had the condition of her fracture been discovered and the information been properly reported the plaintiff's complicated surgery could have been avoided. | If asked Dr. Sobieszczyk would have testified that had the condition of her device fracture been discovered and the information been properly reported Ms. Booker's filter could have been timely retrieved, avoiding her complicated surgery. |
| Dr. Orcutt did not opine on the standard of care, or the fault of Dr. Singh. | Dr. Sobieszczyk did not opine on the standard of care, or the fault of Dr. Amer. |

The Plaintiff does not challenge Bard's use of the combined expert testimony of Dr. Cousin and Dr. Sobieszczyk to establish Dr. Amer's non-party fault. The Plaintiff also did not challenge or attempt to limit their expert opinions. Dr. Sobieszczyk opined on the causation element. The jury should be allowed to consider his testimony and decide the issue.

## **CONCLUSION**

For these reasons, Bard respectfully requests that this Court deny Plaintiff's Motion *in Limine* No. 13.

RESPECTFULLY SUBMITTED this 9th day of February, 2018.

> s/ Richard B. North, Jr.
> Richard B. North, Jr.
> Georgia Bar No. 545599
> Matthew B. Lerner
> Georgia Bar No. 446986
> NELSON MULLINS RILEY & SCARBOROUGH, LLP
> Atlantic Station
> 201 17th Street, NW / Suite 1700
> Atlanta, GA  30363
> PH: (404) 322-6000
> FX: (404) 322-6050
> richard.north@nelsonmullins.com
> matthew.lerner@nelsonmullins.com
>
> James R. Condo (#005867)
> Amanda Sheridan (#027360)
> SNELL & WILMER L.L.P.
> One Arizona Center
> 400 E. Van Buren
> Phoenix, AZ 85004-2204
> PH: (602) 382-6000
> jcondo@swlaw.com
> asheridan@swlaw.com
>
> **Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of February, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

                                                        s/Richard B. North, Jr.
                                                       Richard B. North, Jr.

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000