James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBITS IN SUPPORT OF ITS REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OF RECOVERY® FILTER COMPLICATIONS AND OTHER COMPLICATIONS THAT ARE NOT SUBSTANTIALLY SIMILAR TO THE INCIDENT AT ISSUE** |

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") hereby respectfully move this Court, pursuant to the Stipulated Protective Order (Doc. 269), Federal Rule of Civil Procedure 26(c)(1)(G), and Local Civil Rule 5.6 for leave to file under seal exhibits attached in support of Bard's Reply in Support of its Motion *in Limine* No. 1 to Exclude Evidence of Recovery® Filter Complications and

Other Complications that Are Not Substantially Similar to the Incident at Issue. These exhibits, contain certain trade secrets and confidential information that are protected under the Stipulated Protective Order, warranting protection from public disclosure. Accordingly, there is good cause to grant Defendants' Motion for Leave to File Under Seal Exhibits in Support of its Reply in Support of its Motion *in Limine* No. 1 to Exclude Evidence of Recovery® Filter Complications and Other Complications that Are Not Substantially Similar to the Incident at Issue. Defendants have notified Plaintiffs of their intent to file this Motion. Plaintiffs have agreed to the filing of such motions in the past; however, to date, Plaintiffs have not yet responded to Defendants' attempts to meet and confer on whether Plaintiffs oppose the Motion once Plaintiffs have had an opportunity to review the documents in issue. A list of the exhibits sought to be sealed are attached hereto as Exhibit A.

### ARGUMENT AND CITATION OF AUTHORITY

"When a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). *See also, Medicis Pharm. Corp. v. Acella Pharm., LLC*, CV 10-1780-PHX-JAT, 2012 WL 2260928 at *2 (D. Ariz. June 15, 2012) (sealing exhibits related to "Medicis' marketing strategy, Acella's product formulation,…various emails and deposition transcripts, viscosity test data, sales and marketing information, and various other documents" because "[m]uch of this information has been previously sealed by the Court, has been designated as confidential by the parties pursuant to the protective order in this case, or could otherwise potentially harm the parties if released publicly because of its confidential and sensitive nature.").

The exhibits to Bard's Reply in Support of its Motion *in Limine* No. 1 to Exclude Evidence of Recovery® Filter Complications and Other Complications that Are Not Substantially Similar to the Incident at Issue, specifically Exhibit B (excerpts from MDR

Reportability Guidelines IVC Filters (FM1287100)), and <u>Exhibit C</u> (excerpts from G2 Filter Design Failure Modes and Effects Analysis (DFMEA070022)), contain highly competitive, confidential, proprietary information that warrant protection under Federal Rule of Civil Procedure 26(c)(1)(G) because the documents are not made public by Bard and, if obtained by Bard's competitors, could give an unfair economic advantage to those competitors. *Blanchard & Co., Inc. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). These Bard documents were produced to Plaintiffs as "Confidential – Subject to Protective Order" on each page pursuant to Stipulated Protective Order (Doc. 269) ¶ 6.

The public disclosure of these exhibits would reveal confidential, proprietary and trade secret information and would create a heightened risk of irreparable harm to Bard's competitive business concerns. Further, its inclusion in the public record would not only harm Bard because of the trade secrets and confidential information it contains, but it would also eviscerate the significant time and resources Bard has expended in protecting its business information. The potential for abuse and for competitive loss are real. Accordingly, Defendants request that the exhibits identified in Exhibit A be sealed.

RESPECTFULLY SUBMITTED this 16th day of February, 2018.

By: /s/ Richard B. North, Jr.
James R. Condo
Amanda C. Sheridan
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
Nelson Mullins Riley & Scarborough LLP
201 17th Street, NW / Suite 1700
Atlanta, GA  30363

**Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

                                                s/ Richard B. North, Jr.

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

# EXHIBIT A

## DOCUMENTS PROPOSED TO BE FILED UNDER SEAL

Defendants request they be permitted to file under seal the following documents in support of their Reply in Support of its Motion *in Limine* No. 1 to Exclude Evidence of Recovery® Filter Complications and Other Complications that Are Not Substantially Similar to the Incident at Issue.

| | |
|---|---|
| Exhibit B. | Excerpts from MDR Reportability Guidelines IVC Filters (FM1287100). |
| Exhibit C. | Excerpts from G2 Filter Design Failure Modes and Effects Analysis (DFMEA070022). |