James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY &
  SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Telephone: (602) 382-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com
*Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' PROPOSED VERDICT FORM** |

In accordance with the Case Management Order No. 28 [Doc. 8871], and the Court's Civil Minutes dated February 16, 2018 [Doc. 10151], Defendants hereby submit their proposed Verdict Form.

Respectfully submitted this 28th day of February, 2018.

SNELL & WILMER L.L.P.

By: s/Amanda C. Sheridan
James R. Condo
Amanda C. Sheridan
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202

Richard B. North, Jr. (admitted *pro hac vice*)
Matthew B. Lerner (admitted *pro hac vice*)
Nelson Mullins Riley & Scarborough LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363

*Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on February 28th, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

s/ Amanda C. Sheridan

## DEFENDANTS' PROPOSED VERDICT FORM

1. Do you find by a preponderance of the evidence that the Bard G2® Filter implanted in Plaintiff was defective in its design?

    Answer "yes" or "no": _____

2. If you answered Question 1 "yes," do you find by a preponderance of the evidence that the design defect in the G2® Filter proximately caused Plaintiff's injuries?

    Answer "yes" or "no": _____

### A. Warning Defect

1. Do you find by a preponderance of the evidence that the Bard did not provide an adequate warning of the known or reasonably foreseeable dangers from the use of the G2® Filter implanted in Plaintiff?

    Answer "yes" or "no": _____

2. If you answered Question 1 "yes," do you find by a preponderance of the evidence that the failure to warn of the known or reasonably foreseeable dangers from the use of the G2® Filter implanted in Plaintiff proximately caused Plaintiff's injuries?

    Answer "yes" or "no": _____

### B. Negligent Design

1. Do you find by a preponderance of the evidence that Bard was negligent in the design of the G2® Filter implanted in Plaintiff?

    Answer "yes" or "no": _____

2. If you answered Question 1 "yes," do you find by a preponderance of the evidence that the negligent design proximately caused Plaintiff's injuries?

    Answer "yes" or "no": _____

C. **<u>Negligent Failure to Warn</u>**

1. Do you find by a preponderance of the evidence that Bard was negligent in failing to provide an adequate warning to Dr. D'Ayala of the known or reasonably foreseeable dangers from the use of the G2® Filter implanted in Plaintiff?

    Answer "yes" or "no": _____

2. If you answered Question 1 "yes," do you find by a preponderance of the evidence that the negligent failure to warn Dr. D'Ayala of the known or reasonably foreseeable dangers from the use of the G2® Filter implanted in Plaintiff proximately caused Plaintiff's injuries?

    Answer "yes" or "no": _____

4

**INSTRUCTION**: If you answered "no" to Questions A.1, B.1., C.1., and D1, stop here and answer no further questions. If you answered "yes" to any of those questions, but "no" to A.2., B.2., C.2. and D.2. stop here and answer no further questions.

### D. Damages

If you answered "yes" to any of the above claims, what amount of damages do you find to have been proven by a preponderance of the evidence?

$ _____

### E. Apportionment of fault

1. Do you find by a preponderance of the evidence that Dr. Amer caused or contributed to Plaintiff's injuries and damages?

   Answer "yes" or "no": _____

2. If you answered "yes to Question 1, below enter the percentage of fault you attribute to Bard and the percentage of fault you attribute to Dr. Amer for Plaintiff's injuries and damages.

   Bard _          _____%

   Dr. Amer        _____%

### F. Punitive Damages

If you found that Bard is liable to Plaintiff for any damages, do you find by clear and convincing evidence that Bard acted with malice, oppression, fraud, or that entire want of care which would raise the presumption of conscious indifference to consequences entitling Plaintiff to recover punitive damages?

Answer "yes" or "no": _____

DATED: _____

_____
JURY FOREPERSON