**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC |
| Doris Jones and Alfred Jones, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>C.R. Bard, Inc., a New Jersey corporation and Bard Peripheral Vascular, Inc., an Arizona corporation,<br><br>Defendants. | No. CV16-0782 PHX DGC<br><br>**ORDER** |

The Court will adopt the following procedures for jury selection in the Jones bellwether trial:

1. By **March 8, 2018**, the parties shall provide the Court with proposed changes to the questionnaire used in the Booker bellwether trial. The Court will consider these proposals in finalizing the questionnaire to be used for the Jones trial.

2. The Clerk shall mail the questionnaire to 200 jurors no later than **March 16, 2018**. The questionnaire will instruct the prospective jurors to return it to the Court no later than **April 13, 2018**.

3. A disk will be prepared for counsel (one disk for each side) containing

copies of the questionnaires and will be available for pickup at the jury office on **April 20, 2018**.

4. On **April 24, 2018**, the Court will provide the parties with a list of prospective jurors the Court proposes to excuse for hardship on the basis of their responses to the first question in the questionnaire.

5. The Court will hold a final pretrial conference in the Jones case on **May 4, 2018 at 10:00 a.m.** At the final pretrial conference on May 4, 2018, counsel will be permitted to challenge the Court's excusal of any of the listed jurors for hardship. If counsel do not object to the Court's proposed excusal of a particular juror for hardship, that juror will be excused from further involvement in this case. After hearing counsel's objections to hardship excusals, the Court will determine which of the challenged jurors should be excused for hardship and which should appear for voir dire. In addition, counsel shall be prepared to make challenges for cause to jurors on the basis of information contained in their questionnaires. These challenges should be limited to jurors who clearly could not serve as a fair juror on the basis of their questionnaire answers. The Court will rule on these challenges at the final pretrial conference. All prospective jurors who returned questionnaires and who have not been excused for hardship or successfully challenged for cause will be candidates for voir dire.

6. On **May 15, 2018 at 9:00 a.m.**, 60 prospective jurors will be called to Court to appear for voir dire. The Court will permit counsel to ask follow-up questions of individual jurors based on information contained in the juror questionnaires. Counsel should not venture into new subjects – they should limit their follow-up questions to the items covered in the questionnaire. Following voir dire, the Court will hear and rule on challenges for cause.

7. The Court will seat 9 jurors. Each side will have 3 pre-emptory strikes.

8. The Court anticipates that opening statements and evidence will begin on the afternoon of May 15, 2018.

Dated this 2nd day of March, 2018.

_____
David G. Campbell
United States District Judge