James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: (602) 382.6000
Facsimile: (602) 382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Telephone: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS C. R. BARD, INC. AND BARD PERIPHERAL VASCULAR, INC.'S BRIEF REGARDING ADMISSIBILITY OF DEPOSITION TESTIMONY OF WITHDRAWN EXPERT WITNESSES**<br><br>(Assigned to the Honorable David G. Campbell) |

Further research has revealed that courts have looked to Rules 801,[1] 26(b),[2] 804,

---

[1] *Glendale Fed. Bank, FSB v. United States*, 39 Fed. Cl. 422, 425 (1997) (finding that withdrawing the expert before trial prevents an opposing party to introduce the witness's deposition testimony as an "admission" by the party under Rule 801(d)(2)(C)).

[2] *House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236 (N.D. Iowa 1996) (discussing numerous tests that have developed under Rule 26(b) for using testimony of an opposing party's withdrawn expert).

and 32 to decide whether a party may call an opposing party's withdrawn expert either live or via deposition designation. Those decisions have yielded conflicting results.

In addition to the cases previously cited that focused on Rule 801, some courts have analyzed the issue under Rule 804. The "former testimony" exception to the hearsay rule under Rule 804(a)(5) and (b)(1) requires that the party offering the former testimony demonstrate "reasonable means" to procure the live testimony of the witness and that the party against whom the testimony is offered had "similar motive" to develop the testimony during the former examination. Ms. Booker has offered no evidence to satisfy the "reasonable means" element. And Bard, in defending the *discovery* depositions at issue did not have "similar motive" to develop its *trial* testimony. *See, e.g., Kirk v. Raymark Industs., Inc.*, 61 F.3d 147, 165 (3d Cir. 1995) (noting that the similarity of motive requirement assures "that the earlier treatment of the witness is the rough equivalent of what the party against whom the statement is offered would do at trial if the witness were available to be examined by that party") (quotation and citations omitted); *Am. Auto. Co. v. Omega Flex, Inc.*, 2013 WL 12181768, at *2 (E.D. Mo. July 5, 2013) (finding that the plaintiff did not demonstrate unavailability of the expert and that the defendant did not have similar motive to develop testimony during a discovery examination as at trial); *but see Niles v. Owensboro Med. Health Sys., Inc*., 2011 WL 3439278, at *4 (W.D. Ky. Aug. 5, 2011) (noting that the similarity of motive requirement is irrelevant because Rule 32 is an independent exception to the hearsay rule).

The sparse case law that has addressed admissibility of a withdrawn expert's deposition testimony under Rule 32, as opposed to other rules, have supported admissibility generally. *See, e.g., SolidFX LLC v. Jeppesen Sanderson Inc.*, 2014 WL 1319361 (D. Colo. Apr. 2, 2014) (finding that if the defendant decided not to call its expert at trial, that the plaintiff would be able to introduce the deposition testimony under Rule 32, because the Rule does not differentiate between expert and fact witnesses); *Penn Nat. Ins. Co. v. HNI Corp.*, 245 F.R.D. 190, 193-94 (M.D. Pa. 2007) (finding that once an expert is deposed, the testimony may be admissible at trial "should the expert become

1  unavailable or as a basis for impeachment" and used by either party); *Nichols v. Am. Risk Mgmt.*, 2000 WL 97282, at *1 (S.D.N.Y. Jan. 28, 2000) (holding that Rule 32 allowed the plaintiff to play the deposition of a settling party's expert in the plaintiff's case-in-chief against the remaining defendant).

Courts have consistently found, however, that Rule 403 precludes admission of testimony about which party retained the expert, often commenting that otherwise the prejudice to the party who originally retained the expert would be "explosive." *See, e.g., Rubel v. Eli Lilly & Co.*, 160 F.R.D. 458 (S.D.N.Y. 1995) (collecting cases and finding that allowing testimony of the opposing party's withdrawn expert would result in substantial and "explosive" prejudice under Rule 403 and that the expert testimony should not be admitted when there are other experts available) (citing Wright & Miller, *Federal Practice & Procedure* § 2032 at 447 (1994); *Carter-Wallace, Inc. v. Otte*, 474 F.2d 529 (2d Cir. 1972) (Friendly, J.) (finding that former testimony of an expert should be admitted when there is a showing that no other expert of similar qualifications is available or it is somehow unique)); *Falise v. Am. Tobacco Co.*, 2000 WL 1880305 (E.D.N.Y. Dec. 27, 2000) (Weinstein, J.) (noting the Rule 403 prejudice, hearsay, and "similar motive" issues in designating deposition testimony of the opposing party's withdrawn expert, and instead excluding the deposition testimony in the exercise of the court's power to control the case given the numerous other experts in the case); *see also, e.g., Peterson v. Willie*, 81 F.3d 1033, 1037 (11th Cir. 1996) (collecting cases and finding that the district court erred in allowing disclosure of the fact that an expert who testified at trial was originally retained by the opposing party); *House*, 168 F.R.D. at 248 (collecting cases and allowing the withdrawn expert to testify for the opposing party but excluding testimony about how the expert became involved in the case). Accordingly, if the Court determines that the deposition testimony of Bard's withdrawn experts is admissible, the Court should exclude testimony about who retained the experts. Bard also reserves its rights to object to the scope of the testimony elicited as beyond those offered in the experts' Rule 26 reports and testimony that is otherwise inadmissible under the Rules of Evidence.

DATED this 6th day of March, 2018.

        s/ *Richard B. North, Jr.*
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
JCondo@swlaw.com
ASheridan@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that March 6, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

s/*Richard B. North, Jr.*
Richard B. North, Jr.