Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California  92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona  85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
|---|---|
| SHERR-UNA BOOKER, an individual, Plaintiff, v. C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation, Defendants. | **PLAINTIFF'S MEMORANDUM RE BARD'S MOTION TO EXCLUDE DEPOSITION TESTIMONY OF WITHDRAWN BARD EXPERTS**<br><br>(The Honorable David G. Campbell) |

Plaintiff responds to Bard's objections to Plaintiff using in her case-in-chief the deposition testimony of three defense experts subsequently withdrawn by Bard as expert witnesses.  As the Court noted in oral argument, these witnesses' deposition testimony can properly be used by Plaintiff under Rule 32(a) of the Federal Rules of Civil Procedure and Rule 804(b)(1)(A) of the Federal Rules of Evidence.

These witnesses are unavailable to testify since Bard has withdrawn them as testifying experts for this trial.  Rule 32(a)(4)(D), Fed. R. Civ. P., provides that a party may use a deposition "for any purpose" if the deponent cannot be procured by subpoena for trial.  And such testimony would not be subject to a hearsay exception because Rule

804(b)(1)(A), Fed. R. Evid., provides an exception to the hearsay rule for "former testimony" including deposition testimony where the witness is unavailable.  *See Tatman v. Collins*, 938 F.2d 509, 511 (4th Cir. 1991) (holding that deposition could be used at trial under Rule 32(a) and that it was "irrelevant to the issue" who noticed the deposition, when it was taken, or that the opposing party believed the deposition "was initiated only for discovery purposes").  Although Bard's counsel asked for time to research the issue, no case refutes the straightforward application of Rules 32 and 804 to allow Plaintiff to use Bard's expert witnesses' depositions.

As the Court noted, apparently all of the case law on the use of depositions of expert witnesses not being called at trial addressed a different exception to the hearsay rule and not the application of Rules 32 and 804.  But the depositions of Drs. Stein, Rogers, and Moritz are likewise admissible under that case law and Rule 801, Fed. R. Evid.  *Glendale Federal*, the only authority on point that Bard cites, acknowledged the line of federal cases allowing the opposing party to use the other side's expert deposition, and only ruled to the contrary because in that case the defendants "had only a short time to find experts and should not have been constrained by the need to determine ahead of time who would provide favorable testimony."  *Glendale Fed. Bank, FSB v. U.S.*, 39 Fed. Cl. 422, 425 (1997).  The Court of Federal Claims went on to say that if it had a situation like this litigation, where both sides had ample time to obtain and disclose experts, its ruling would be different: "On the other hand, neither party should be burdened with the *expense of deposing excessive numbers of witnesses only to have them withdrawn prior to trial and their testimony rendered unusable as substantive evidence*."  *Id.* (emphasis added).  In this litigation, where Bard has had years to secure experts favorable to its positions, and where it continues to disclose these same experts in cases in other jurisdictions, it cannot hide its experts' unfavorable (to Bard) opinions from the jury under the hearsay rule.

RESPECTFULLY SUBMITTED this 6th day of March, 2018.

GALLAGHER & KENNEDY, P.A.

By: /s/Mark S. O'Connor
    Mark S. O'Connor
    2575 East Camelback Road
    Phoenix, Arizona  85016-9225

LOPEZ McHUGH LLP
    Ramon Rossi Lopez (CA Bar No. 86361)
    (admitted *pro hac vice*)
    100 Bayview Circle, Suite 5600
    Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

/s/ Gay Mennuti

3