1  Ramon Rossi Lopez (admitted *pro hac vice*)
   (CA Bar No. 86361)
2  LOPEZ McHUGH LLP
   100 Bayview Circle, Suite 5600
3  Newport Beach, California 92660
   rlopez@lopezmchugh.com
4
5  Mark S. O'Connor (011029)
   GALLAGHER & KENNEDY, P.A.
6  2575 East Camelback Road
   Phoenix, Arizona 85016-9225
7  Telephone: (602) 530-8000
   mark.oconnor@gknet.com
8
   *Attorneys for Plaintiffs*
9
   Richard B. North, Jr. (admitted *pro hac vice*)
10 Georgia Bar No. 545599
   Matthew B. Lerner (admitted *pro hac vice*)
11 Georgia Bar No. 446986
   NELSON MULLINS RILEY &
12    SCARBOROUGH LLP
   201 17th Street, NW / Suite 1700
13 Atlanta, GA  30363
   Telephone: (404) 322-6000
14 Telephone: (602) 382-6000
   richard.north@nelsonmullins.com
15 matthew.lerner@nelsonmullins.com
16 *Attorneys for Defendants C. R. Bard, Inc. and
   Bard Peripheral Vascular, Inc.*
17

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
| SHERR-UNA BOOKER, an individual, <br><br>Plaintiff, <br><br>v. <br><br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation, <br><br>Defendants. | **PLAINTIFF'S PROPOSED ADDITIONAL VOIR DIRE QUESTIONS AND DEFENDANTS' OBJECTIONS** <br><br>(The Honorable David G. Campbell) |

Plaintiff Sherr-Una Booker and Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, through their respective counsel, hereby submit the proposed additional voir dire questions and Defendants' objections as directed in the Court's Case Management Order No. 31 [Doc. 10323].

**PLAINTIFF'S PROPOSED FDA VOIR DIRE QUESTIONS**

1. Is there anyone on the panel who has worked for the United States Food and Drug Administration ("FDA")?

2. Is there anyone here who is unwilling to follow my instruction about the FDA and the nature and effect of its role in this case?

3. Is there anyone who has knowledge of or experience with the process of the FDA for having a product or device cleared to place on the market?

4. Is there anyone who believes that if a medical device corporation submits an application to the FDA to sell a medical device and the FDA cleared it, that means the corporation acted reasonably?

5. Is there anyone who believes that if a medical device corporation submits its product to FDA for clearance the device must be safe and effective?

6. Does anyone believe that if the FDA does not require a medical device corporation to recall its product, then the product must not be defective?

7. Does anyone believe that a medical device corporation must first obtain approval from the FDA before warning the public about risks and dangers it knows about its product?

8. Is there anyone who feels that you would be prevented from finding against the medical device corporation if the FDA cleared the medical device corporation to sell its medical device to the public?

9. Is there anyone who believes that if a medical device corporation submitted its product to the FDA for clearance that means the device must be safe and effective and therefore would begin the case with a bias against the plaintiff and in favor of the defendant?

2

**THE DEFENDANTS' OBJECTIONS**:

The Defendants do not object to the content of Question Nos. 1 and 3, although they believe the answers to those questions would have already been provided as a part of the Juror Questionnaire (and specifically, in response to Question Nos. 12, 40, 43 and 52, either alone or in combination).

The Defendants object to the remaining questions listed in the Plaintiffs' proposed additional voir dire questions. Those questions are argumentative; they seek to bias the jury; and they seek to commit the jurors to a pre-determined outcome. The issues raised in those questions can be readily addressed via objections to any testimony that the Plaintiffs believe misconstrue the nature of the regulatory process.

RESPECTFULLY SUBMITTED this 7th day of March, 2018.

| GALLAGHER & KENNEDY, P.A. | SNELL & WILMER L.L.P. |
|---|---|
| By: */s/ Mark O'Connor*<br>Mark S. O'Connor (011029)<br>2575 East Camelback Road<br>Phoenix, Arizona 85016-9225<br><br>Ramon Rossi Lopez<br>(admitted *pro hac vice*)<br>CA Bar No. 86361<br>LOPEZ McHUGH LLP<br>100 Bayview Circle, Suite 5600<br>Newport Beach, California 92660<br><br>*Attorneys for Plaintiffs* | By: */s/ Kate Helm*<br>James R. Condo (005867)<br>Amanda C. Sheridan (027360)<br>One Arizona Center<br>400 E. Van Buren, Suite 1900<br>Phoenix, Arizona 85004-2202<br><br>Richard B. North, Jr. (*pro hac vice*)<br>Georgia Bar No. 545599<br>Matthew B. Lerner (*pro hac vice*)<br>Georgia Bar No. 446986<br>Nelson Mullins Riley & Scarborough LLP<br>201 17th Street, NW / Suite 1700<br>Atlanta, GA  30363<br><br>*Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of March, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*Gay Mennuti*