## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

_____

| | |
|---|---|
| **In Re:  Bard IVC Filters** | ) |
| Products Liability Litigation | ) |
| | ) **MD-15-02641-PHX-DGC** |
| | ) |
| | ) |
| | ) Phoenix, Arizona |
| | ) February 16, 2018 |
| _____ | ) |

**BEFORE:  THE HONORABLE DAVID G. CAMPBELL, JUDGE**

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**TELEPHONIC HEARING**

Official Court Reporter:
Elizabeth A. Lemke, RDR, CRR, CPE
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, SPC. 34
Phoenix, Arizona  85003-2150
(602) 322-7247

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

```
 1                    A P P E A R A N C E S

 2      Plaintiffs' Co-Lead/Liaison Counsel and State/Federal Liaison
        Counsel:
 3
                     LOPEZ McHUGH
 4                   By:  Ramon Rossi Lopez, Esq.
                     100 Bayview Circle, Suite 5600
 5                   Newport Beach, CA  92660

 6      Plaintiffs' Steering Committee Counsel:

 7                   GALLAGHER & KENNEDY
                     By:  Mark S. O'Connor, Esq.
 8                        C. Lincoln Combs, Esq.
                     2575 East Camelback Road, Suite 1100
 9                   Phoenix, AZ  85016

10      For the Plaintiffs:

11                   HEAVISIDE REED ZAIC
                     By:  Julia Reed Zaic, Esq.
12                        Laura Elizabeth Smith, Esq.
                     312 Broadway, Suite 203
13                   Laguna Beach, CA  92651

14                   SNYDER & WENNER, PC
                     By:  David A. Wenner, Esq.
15                   12725 W. Indian School Road, Suite E-101
                     Avondale, AZ  85392
16
        For the Defendants:
17
                     NORTH MULLINS RILEY & SCARBOROUGH
18                   By:  Richard B. North, Jr., Esq.
                          Matthew B. Lerner, Esq.
19                        Bradee Kowalzyk, Esq.
                          Taylor T. Daly, Esq.
20                        Elizabeth C. Helm, Esq.
                     201 17th Street NW, Suite 1700
21                   Atlanta, GA  30363

22                   SNELL & WILMER
                     By:  James R. Condo, Esq.
23                   By:  Amanda Christine Sheridan, Esq.
                     400 East Van Buren
24                   Phoenix, AZ  85004

25
```

1          **P R O C E E D I N G S**

2                THE CLERK:  In the Matter of MDL 2015-2641, *Bard IVC*

3    *Filters Products Liability Litigation* on for a telephonic

4    hearing.

5                Will the parties please announce.

6                MR. O'CONNOR:  Mark O'Connor.

7                MR. LOPEZ:  Go ahead, Mark.  I'm sorry.

8                MR. O'CONNOR:  Good afternoon.  Mark O'Connor,

9    co-lead for the plaintiffs.

10               MR. LOPEZ:  Ramon Lopez, also co-lead for the

11   plaintiffs.

12               MR. NORTH:  Richard North for the defendants.

13               MR. LERNER:  Matthew Lerner for the defendants.

14               MR. CONDO:  And Jim Condo on behalf of defendants.

15               THE COURT:  All right.  Good afternoon, everybody.

16               I understand there were several issues you wanted to

17   run by me.  Whoever wishes to speak first, go ahead.

18               MR. O'CONNOR:  All right.  Your Honor, Mark O'Connor.

19               I'll lead off.  Specifically -- and we talked to

20   Mr. North about this and told him we were going to be raising

21   the issue of exhibit lists and deposition designations.

22               Let me start with the exhibit list.  I know that both

23   sides are working on this.  And tentatively, there was going

24   to be an exchange today.  Our first issue is we would like to

25   exchange the initial list by Monday.

MD-15-02641-PHX-DGC      TELEPHONIC HEARING      2/16/18

1          But the question will be when can we have a final

2     joint list with objections to you?  And our request is we

3     would like to get that by March 2.  We think the additional

4     time is necessary to go through and reduce duplicates.

5          There are just literally hundreds of exhibits; but

6     reduce duplicates.  And then after we get a list that's

7     narrowed and also remove overlap between the parties, we think

8     we'll have a better shot at seeing what we can agree to by way

9     of pretty admission and have a better sense.

10         Also pending, rulings on the motions in limine.  What

11    objections should be stayed for you to rule on.  So that's the

12    first issue is extending time for the final list to you -- the

13    final joint list with objections extending that to March 2.

14         The other issue that's going on right now, both

15    sides, and we've been working on this for quite a while now,

16    exchanging deposition designations and objections and both

17    sides have been cooperating.

18         But here again, we recognize now that with the length

19    of these depositions and pending rulings on the motions in

20    limine, we think additional time would be helpful to everybody

21    to again look at the deposition designations that have been

22    done, see what can be eliminated or reduced or what agreements

23    we may be able to arrive at between both sides.

24         And, again, we're requesting that that be continued

25    and that we submit that final list to you on March 2nd as

1    well.

2            So those are the first two issues.  And I know

3    Mr. Lopez has another issue he wanted to bring up.

4            Ramon, did I cover the dates we were thinking of?

5            MR. LOPEZ:  Yea.  And just to supplement that, Your

6    Honor -- Ramon Lopez.

7            The exhibit lists, one of the things that we want to

8    do -- I think both sides -- we talked to Mr. North about this

9    and we did this in the first trial, you know, there's always a

10   lot more exhibits that are on that list than you probably

11   intend to use, but you put it on the list in case something

12   comes up and, you know, you don't want to be penalized because

13   you didn't have something on the list.

14           And the idea is actually to make this a lot easier

15   task and not only for us but for you so that you'll know, you

16   know, probably 99 percent of the documents that you really

17   need to pay attention to either because there's a pending

18   exhibit or maybe we have resolved those things by way of

19   stipulation.

20           And with the volume of depositions -- I mean, the

21   volume of the documents and the duplicates and just being able

22   to get this into a joint list is a fairly daunting task but I

23   think one that will prove to be a lot more efficient from the

24   standpoint of certainly your time and/or what we intend to ask

25   you to -- in other words, we may each have -- I don't want to

 1   throw out a number, but it's going a be a scary number.  Let's

 2   just say 500.  Or maybe there's only 200 that we know based on

 3   our final deposition cuts and what we now have planned to do

 4   with the live witnesses and the expert witnesses.  That these

 5   are the ones that we would like you to look at before trial.

 6          And maybe we can even narrow that scope down to, you

 7   know, a double-digit number because both sides have agreed to

 8   either the admissibility of them or the foundation or any

 9   objections that exist.  So that's with respect to the

10   documents.

11          Now, the depositions, we started this process --

12   Mr. North's office and mine and others that have been

13   involved, we have been through this before.  And, you know,

14   before you get motions in limine ruled on, before you really

15   have designed your case the way, you know, you intend to, you

16   tend to over-designate when all of a sudden you realize that

17   you've got more than you can possibly play, especially if

18   you're dealing with a time allotment and we will have that

19   done.

20          Just so you know, we started this about three weeks

21   ago -- two or three weeks ago and we have gone through a

22   formal list of counters, counters to counters, objections.

23          And the final phase of that is going to happen.

24   Mr. Lerner probably knows this date better than I.  I think

25   it's Monday, isn't it, Matt, that we finally know what each

1   side is going to designate and counter and everyone's

2   objections?

3        MR. LERNER:  Yea. I don't have the date in front of

4   me but it's sometime next week.

5        MR. LOPEZ:  So it's the same issue, Judge.  I mean

6   I'll just tell you, we've got to get our designations down

7   into at least half, if not more, than we have exchanged.  And

8   we're -- we have meetings to do that and we're going to do

9   that as soon as we now see what the scope is of what both

10  sides have designated and what objections may exist.

11       You know, some of them are well take and some of

12  these depositions might have the same document discussed, you

13  know, maybe three or four times.  And we understand that we

14  can't -- we'd better probably choose which one we're going to

15  use.  But a lot is going to depend on what live witnesses are

16  going to be available to us as well.

17       So, again, it's a more efficient thing for the Court

18  as much as it is for us to give you something that's

19  manageable as opposed to dumping something on you where maybe

20  half of it is maybe something you don't even need to look at.

21  So I just wanted to add to that.

22       The issue that I was going to address was the time

23  that we have allotted to us.  I know that when you said you

24  were having to take away that one day, that we would work

25  within that schedule.  And I could tell you that -- and we

```
 1    also discussed, I think at that time, the possibility of

 2    adding some time back by way of maybe during the day or, you

 3    know, an extra half-hour or an hour here.

 4            I'm just going to tell you -- I'm just going to say

 5    this, and that is, we need that day back somehow.  And if

 6    it's -- I did my math.  If we can get an extra half-hour a

 7    day, that gives us that day back or, again, I ask this.

 8            If one of those Mondays that were dark, is it

 9    possible based on your schedule or the potential of

10    rescheduling, to maybe get that day back on a Monday; or if

11    not, to allow us to get back that day by way of extra time,

12    you know, during the eleven days we have allotted.

13            I wouldn't ask for this, Judge, unless I absolutely

14    felt that we needed it to put on a fair trial for this client,

15    knowing, you know, that we still have to scale this thing way,

16    way back based on the evidence and the witnesses and the

17    experts we intend to call.

18            And, you know, with having the *Cisson* issue now, you

19    know, not favorable to us, and that gives them the -- you

20    know, all of a sudden we're calling Dr. Kessler where we

21    weren't going to had the *Cisson* ruling gone differently and

22    that could be a day by itself.

23            So, anyway, that's what we are requesting on behalf

24    of the defense.  We also discussed that with Mr. North a

25    couple days ago.
```

```
 1              THE COURT:  All right.  Defense counsel, do you want

 2   to comment on those issues?

 3              MR. NORTH:  Yes, Your Honor.  Richard North.

 4              With regard to the exhibit list and the deposition

 5   designations, we remain ready to proceed in accordance with

 6   the Court's schedule.

 7              We are concerned -- I don't know what Your Honor's

 8   usual practice is, but it seems to me as if the Court might be

 9   going to actually look at some exhibit objections and

10   deposition objections as a part of the Pretrial Conference.

11   And if that is so, I'm not sure March 2 is workable since that

12   is the date of the Pretrial Conference.

13              But we will defer to the Court and what works for the

14   Court on that.  We're certainly not going to oppose it if it

15   doesn't pose a problem for the Court.  But we are ready to

16   proceed by exchanging exhibit lists with the Plaintiffs today

17   and then doing objections next week.

18              And then the deposition process is just about

19   finished, as Mr. Lerner said, one day next week.  I will say

20   it is very unwieldy though, as Mr. Lopez says, because at this

21   point the plaintiffs have designated, I believe at last count,

22   36 different depositions.

23              Turning to the times of trial, Your Honor, we

24   appreciate the work that the Court and the parties have all

25   done to get us to this point and we're mindful of the Court's
```

 1   directives and comments and the time limits that have been

 2   agreed upon by all parties at the last three conferences in

 3   October, December and January.  These time limitations were

 4   discussed and consented to by the parties.

 5          As far as Mondays go, our understanding from the

 6   Court's comments in the past, is that the Court schedules plea

 7   arrangements on Monday, so I suspect that that precludes the

 8   use of those days, but I would defer to the Court's calendar

 9   on that.

10          As far as extra hours each day, we're a little

11   concerned about that because of the fact that the burden upon

12   the jurors, those that have commutes and things of that

13   nature, but also, perhaps, more importantly, that when we sent

14   out the jury questionnaires that everybody agreed upon, we

15   advised the jurors, potential jurors, specifically that the

16   trial day would last from 9:00 to five o'clock and go four

17   days a week.  And they are probably going to be reporting

18   hardships based on that information.  And we're concerned

19   about how an extension might affect that.

20          So we're ready to proceed within the Court's time

21   limits.  We believe they should work if all the parties are

22   efficient in presenting their cases.

23          THE COURT:  Well, let me ask you a couple of

24   questions.

25          What is the thought behind the suggestion you made,

```
 1    Mr. Lopez, and that you alluded to, Mr. North, that I would be

 2    looking at exhibits before trial?

 3              I have never done that before and I'm just wondering

 4    what it is you would expect me to do with a long exhibit list.

 5    I mean, I certainly can't rule on objections just by looking

 6    at the exhibit and looking at a one-word or three-word

 7    objection.  The objections have to be addressed in context.

 8              They're put into the Final Pretrial Order to preserve

 9    them for trial.

10              So I guess I'm not understanding why I would look at

11    exhibits ahead of trial.  But I want to make sure I've -- I

12    understand what you have in mind.

13              MR. NORTH:  Your Honor, I'm sorry to interrupt, but I

14    think I'm the one that introduced that idea into the

15    discussion.

16              I may have misunderstood when the Court said you

17    wanted the objections submitted prior to trial.  I have had a

18    few judges, although it's rare, in the past that would look at

19    objections as part of the pretrial hearing.

20              I agree with you it's somewhat hard to do in that

21    context, but I apologize for being confused on that point.

22              MR. O'CONNOR:  Your Honor --

23              MR. LOPEZ:  Well -- go ahead, Mark.

24              MR. O'CONNOR:  Your Honor, this is Mark O'Connor.  I

25    was going to remind everybody, in terms of exhibits, we have
```

1    sent out Requests for Admission and we're also trying to

2    simplify or at least bring more organization with charts under

3    the rule that allows summaries.

4            So we have sent Requests for Admissions to the other

5    side and we're looking at summaries pursuant to Rule 1006.

6            We have talked together, us and Mr. North, and I do

7    know that there are going to be discussions on what the

8    defense will agree may be admissible in terms of various

9    evidentiary issues.  I think one issue may be, of course,

10   which witnesses an exhibit is presented through.

11           I think that by asking for the additional time, we

12   may be able to help with time in file by reducing a lot of the

13   issues amongst ourselves.  So if there is a need to bring an

14   exhibit to the Court's attention during trial, we can

15   streamline that.

16           But my earlier point was by extending the time, at

17   least from our perspective, is we think that we can certainly

18   narrow a lot of the issues, and hopefully, then narrow a lot

19   of the objections and have an understanding on each side as to

20   what requisites are going to be expected out of each other for

21   admission of certain exhibits.

22           THE COURT:  Well, I understand -- I understand that

23   point, Mr. O'Connor.  That's not really what I'm asking about.

24           I was reacting more to, I think, both Mr. Lopez and

25   Mr. North mentioned the idea of me reviewing exhibits before

1    trial and I had never planned on doing that.

2         So I want to make sure I understand what you all had

3    in mind.  Mr. Lopez?

4         MR. LOPEZ:  I'm sorry, Judge.

5         THE COURT:  Go ahead.

6         MR. LOPEZ:  I don't want Mr. North to take full blame

7    for introducing that.  I mean, I did as well.  And I think

8    maybe we're both under the impression -- and maybe based on

9    the Pretrial Order -- that that was something that you were

10   going to do.

11        And, you know, I mean like Mr. North, I have seen it

12   both ways.  I mean, Judge Jones was like -- I don't know, you

13   know:  Introduce it.  If it's admissible, I'll let it in.  If

14   it isn't, I won't.

15        And, you know, that's -- I would agree that, you

16   know, many times that's the way it goes.  And if that's Your

17   Honor's preference, I mean, it actually makes it less onerous

18   as far as what we need to do between now and the pretrial.

19        THE COURT:  Okay.

20        MR. LOPEZ:  I mean, there might be some, Your Honor,

21   that we might want to discuss at the pretrial because maybe we

22   want to discuss certain documents in opening or maybe there's

23   certain things that we believe that, you know, because of the

24   nature of them or the use of them or the stipulations we have,

25   we might ask you to pre-admit.

1          But like Mr. O'Connor said, those are discussions

2     that are ongoing.  But we can reserve a lot of that discussion

3     to the pretrial and then just, you know --

4          THE COURT:  Well, you can raise issues, if you want,

5     at the pretrial, but I'm not going to review the exhibits

6     beforehand --

7          MR. LOPEZ:  Okay.  Gotcha.

8          THE COURT:  -- on my own.

9          And I think, therefore, it's fine to push the date

10     back a bit.  But I don't want it to be the date of the final

11     pretrial.  Because once that list is in, somebody might look

12     at it and have an issue that needs to be addressed then.

13          So let's say that that will be submitted by the close

14     of business on February 28th, which is -- gives you one full

15     working day before the pretrial after it's in.

16          MR. LOPEZ:  Okay.

17          THE COURT:  Let me ask a question on depositions.

18          It sounds as though some or all of these depositions

19     are videotaped.  And a question I have for you is how you were

20     planning to have me rule on objections that may be in the

21     transcript so that you know what portions of the videotape to

22     use?

23          Have you talked about that and decided what to do?

24          MR. LOPEZ:  Well, right now both sides have

25     exchanged -- and we have indicated we have a chart of the

 1    sections of each side's designations where we have listed our

 2    objections to those.

 3              And, again, this is something that, you know, I'm not

 4    sure necessarily has to be done well before trial.

 5              You know, we will -- the reason why we wanted more

 6    time on those is because we realize that the way they have

 7    been designated would take us, you know, into April if we did

 8    nothing but play videotapes.

 9              And, you know, once this process ends, which I think

10    is Monday, might be Tuesday, we -- the plaintiffs' team is

11    going to sit down and we're going to be able to tell the

12    defense, based on each side's designations and prior

13    designations, here is -- you know, here is no longer our

14    40-minute cut but our 22-minute cut.

15              And so those should be ready for both sides to ask

16    you, you know, how much of this are we going to be able to

17    play.  And then we'll have someone available to cut those and

18    make sure we only play what you allow us to play.

19              So I guess the question is:  Is that something you

20    need to do with, you know, 14 depositions before trial?

21              I would --

22              THE COURT:  Well, Mr. Lopez, from my perspective the

23    issue is yours.

24              MR. LOPEZ:  Right.  Okay.

25              THE COURT:  If one side or the other wants to urge an

```
 1   objection that's in your 22-minute cut, it seems to me before
 2   you push "Play" in front of the jury on that 22-minute cut,
 3   you need to know my ruling on that objection.
 4           Because if I sustain it --
 5           MR. LOPEZ:  Of course.
 6           THE COURT:  Because if I sustain it, I may say, you
 7   know, you can't play the next two pages of transcript.
 8           MR. LOPEZ:  Right.
 9           THE COURT:  So I'm not going to, you know, look at
10   deposition designations and say "I think 22 minutes is too
11   long."  It's up to you to decide how much time to use.
12           But my point is if there are objections in the
13   videotaped depositions that one side or the other wants to
14   stand on and get a ruling on, then it seems to me that has to
15   happen before you are playing the videotape.  Because if I
16   sustain it in the middle of the video, we're not going to have
17   the jury wait while you edit it.
18           MR. LOPEZ:  Right.  Of course.  I understand.  I
19   guess what I was asking --
20           THE COURT:  So, you know, it's up to you.
21           MR. LOPEZ:  What I was suggesting -- I'm sorry,
22   Judge.
23           THE COURT:  Go ahead.
24           MR. LOPEZ:  Yea.  I was -- I guess I was suggesting
25   that we could either do all of that before trial or we could
```

 1    do it as we go.  In other words, you would have to do it -- it

 2    would be nice if we could do it two days before so we could do

 3    our editing.

 4         THE COURT:  Here's the problem with that, Mr. Lopez.

 5         When I'm in trial and trial ends, I've got a line of

 6    cases waiting for my attention, including that night, so I am

 7    not going to have time in the evenings during trial to be

 8    reviewing deposition objections.

 9         There's going to be lots of other matters demanding

10    my attention.  So I think you need to get rulings on those

11    before trial.

12         Now, one way to do it --

13         MR. LOPEZ:  Okay.

14         THE COURT:  Now, one way to do it would be for you --

15    once you've got your respective designations identified, have

16    each side identify the objections you really do think are

17    meritorious; you really do want a ruling on.  And then after

18    those are identified, have the parties submit to me the

19    transcript with, you know, plaintiffs' designation in yellow,

20    defendants' designation in blue.  And then tabbed or

21    highlighted in red the objections in that transcript I need to

22    rule on.

23         And I can go through those transcripts, look at the

24    objections.  I'll dictate an order that rules.  I can get that

25    done before trial if I have enough lead time.

1           But it's up to you all, I think, to figure out what

2    you want me to rule on and get it to me ahead of time so I can

3    get you a ruling.

4           MR. LOPEZ:  I think what we were suggesting is we

5    could do that by March 2nd if that's enough time for the

6    Court.

7           THE COURT:  Well, let me look at that next week.

8           Yea.  I think that would work, assuming you are

9    judicious in the objections you really want me to rule on.  I

10   mean, they really need to be matters that make a difference

11   and that are meritorious.

12          So, you know, if I get a transcript and there's, you

13   know, 32 objections noted, I'm probably going to give it back

14   to you.  But assuming, you know, they are really the

15   objections that matter, I think I can get it done if you get

16   those to me on March 2nd.

17          MR. LOPEZ:  Okay.

18          THE COURT:  And so let's say that the deposition

19   designation date will also be February 28th, close of

20   business, and that you will come to the Final Pretrial

21   Conference with the transcripts appropriately marked so I can

22   pick up a transcript, flip to the -- I can see exactly where

23   the objection is you want me to rule on.  I can read the

24   couple of pages before and after and I can make a ruling.  And

25   I'll just dictate an Order that goes through those objections

1    and rules.

2          Now, I may not get that to you until shortly before

3    the start of trial, but I assume you'll have folks who can do

4    the editing of the videotape after trial is started if need

5    be.

6          MR. LOPEZ:  Right.

7          Your Honor, could I ask, from March 1, we actually

8    have our final day that we were all able to get together which

9    is February 28, if we can get that to you by, you know, the

10   close of business on the 1st?

11         THE COURT:  The depositions?

12         MR. LOPEZ:  Or did you want -- the depositions.

13         Unless you want us to send you some --

14         THE COURT:  No.  That's fine.

15         MR. LOPEZ:  Okay.

16         THE COURT:  We'll say March 1st for the depositions.

17         Now, as far as your time issue goes, Mr. Lopez, let

18   me tell you where we are on that.

19         On Monday, the 19th of March, I have eleven

20   sentencings scheduled; a heavy day is seven.

21         On Monday the 26th I have eight sentencings

22   scheduled.

23         I have another ten set on Monday, March 12th that

24   we're going to have to move because I have got to be in D.C.

25   that day.  And we're going to have to fit them into spaces

```
 1    that we haven't yet identified.
 2           So my point is:  I just don't have those Mondays
 3    available.  And I can't push them into April, because when I
 4    get into April, if I'm in town, the Mondays are all completely
 5    booked with sentencings.  So that's not an option.  If it was,
 6    I would readily give it to you.
 7           The other issue concerning the longer days that you
 8    mentioned, I think what I told you when I set the trial time
 9    is that I will get you five-and-a-half hours of trial time a
10    day.  If we start at nine o'clock and we hold ourselves to
11    15-minute breaks in the morning and the afternoon, which we
12    will do, and a one-hour break at lunch, then you'll have
13    five-and-a-half hours by 4:00 p.m.
14           Most days we have a hearing set at 4:30 during trial.
15    And by the time we get there every day, we'll have a hearing
16    in another case set at 4:30.
17           We have that half-hour between 4:00 and 4:30 because
18    I find after we say "good-bye" to the jury at 4:00, there are
19    invariably some issues we need to talk about.  I need to look
20    at whatever is coming up at 4:30, the staff needs a break and
21    we don't have any place else to put those 4:30 hearings.
22           So what I can do, if we're running efficiently and
23    not having a lot of difficulty at the end of the day, is we
24    can push those days to 4:15 and pick up time that way.
25           There may be some days when those hearings aren't
```

1     going to be important or don't get set or get canceled where

2     we can go to 4:30.  But the point is most of those evenings or

3     late afternoons are already booked with hearings and will be.

4             So I don't -- I can't give you any assurance now that

5     we're going to be able to pick up an extra half-hour or 45

6     minutes per day.

7             What I will do is look at this issue as we go through

8     trial.  It may be that if we're really getting pinched,

9     there's a day or two where we ask the jurors if they can come

10    in at 8:30 and start then or, you know, maybe we can shorten

11    the lunch breaks on a few days.  We can pick up some time here

12    and there, but that's the best we're going to be able to do.

13            And as I've mentioned to you, my last available day

14    for that trial is Friday, March 30th.  I'm in D.C. the next

15    Monday for a meeting I have to be at.  So we're sort of locked

16    into that amount of time and we'll just have to make due with

17    it as best we can.

18            MR. LOPEZ:  Well, I understand, Judge.  I appreciate

19    what you just said that, you know, if we do come across

20    issues, and we have all been through trials like that where,

21    you know, we have to adjust, you know, fifteen, 20 minutes

22    here and we'll play it by --

23            We're going to do our best to confine this case to

24    the hours allotted.  But as you know, stuff happens in the

25    middle of trial that affects that.

```
 1              So I appreciate the Court understanding that we may

 2    need to extend even fifteen or 20 minutes here or there as we

 3    go.  And I just wanted to bring it to the Court's attention

 4    that we probably -- that there's a good possibility that we

 5    may need that and we'll give the Court advance notice,

 6    especially if it's an expert or if there is a --

 7              I know that even Mr. North has some issues with some

 8    of the lay witnesses that we're subpoenaing or they have to be

 9    certain places at certain times during this trial.

10              Anyway, I want to thank the Court for understanding

11    and being willing to work with us on that.

12              THE COURT:  All right.  Was there a matter about --

13              Oh.  I do want to mention something on the exhibits

14    before we leave that.

15              We have here at the court and you may have seen it in

16    other courts, a large screen with a clean computer attached to

17    it that we call the JERS system.  J-E-R-S.  It's the Jury

18    Evidence Recording System.

19              And what we would like you to do when you come up

20    with your final exhibit list is provide Traci with a disk that

21    has each of those exhibits on it.  And you can have your

22    technical folks or somebody else talk to Traci to figure out

23    exactly the format.

24              And when we admit an exhibit in evidence, that

25    exhibit will go from your disk into the JERS system.  So that
```

1    at the end of trial, the jury has all of the exhibits

2    electronically in that computer and they can scroll through

3    them in the jury room.

4            Juries have found that to be enormously helpful

5    rather than having boxes and boxes of exhibits that have to be

6    handed around, one juror at a time.  This is a big screen they

7    can all see it and it's worked really well.  They don't have

8    the ability to alter it.  They can't use the computer for any

9    other purpose.  We don't put depositions on them.  They're

10   just exhibits that are admitted into evidence.

11           So keep that in mind and be sure to communicate with

12   Traci so that you get us the right electronic format of your

13   exhibits before the Final Pretrial Conference so we can use

14   that system when the jury retires to deliberate.

15           Any questions on that?

16           MR. LOPEZ:  Yes, Your Honor.

17           MR. O'CONNOR:  Your Honor, I'm sorry.  Mark O'Connor.

18           I had one other issue to raise, and that would be if

19   the parties are permitted to file a trial brief and what would

20   the schedule be.  I believe on our side we're considering

21   preparing a trial brief and would like to file one.  And we

22   were suggesting filing trial briefs by March 9th.

23           THE COURT:  March 9th does not work because I have no

24   time between March 9th and the start of trial to read trial

25   briefs.  Well, wait a minute.  Let me think.  Is that true?  I

1    will have airplane time.  Let me look at the schedule.

2              MR. O'CONNOR:  Judge, that is a Friday.

3              THE COURT:  Pardon?  I know that's a Friday.

4              I'm on a plane to D.C. that weekend and I'm working

5    Saturday on other cases, so that's what I'm trying to figure

6    out.

7              You know, I think I could read trial briefs on the

8    flight home on the evening of March 13th because I don't think

9    I will be preparing for any other hearing.  So, yea, it's okay

10   for you to get them to me by March 19th -- I'm sorry -- March

11   9th.  How long is this trial brief going to be, Mr. O'Connor?

12             MR. O'CONNOR:  Well, Your Honor, I would have to talk

13   to our Law Committee, but I'm sure we can talk about that and

14   submit a proposal to you and talk to the other side about page

15   limits.

16             THE COURT:  Well, I don't think it needs a lot of

17   deliberation.  I'm going to say 15 pages per side for trial

18   briefs.

19             MR. O'CONNOR:  All right.  That would be great.

20             THE COURT:  Because all you need to do -- I mean, the

21   whole point of a trial brief from my view is to acquaint me

22   with the law that you think is most relevant with the issues

23   that you think may come up during the course of trial.

24             Obviously, I am going to be looking at jury

25   instructions and working on that at the same time.  So, yea,

1    if you want to each side submit 15-page trial briefs by March

2    9th, that would be fine.

3            Traci, could you put a note at the end of the day on

4    the 9th to make sure I get those electronically before I leave

5    for D.C.

6            MR. O'CONNOR:  Thank you, Your Honor.  I appreciate

7    that.

8            THE COURT:  All right.  Are there other issues that

9    you all need to raise today?

10           MR. LOPEZ:  Just one -- this is not a new issue, Your

11   Honor, but based on our conversation about objections to

12   exhibits.  And I -- can we assume that we do not have to

13   submit our exhibit list to you with objections affixed to the

14   exhibits?  I mean, that's something we will handle at the time

15   of trial.

16           THE COURT:  I don't know what you're asking.

17           Explain what you mean, Mr. Lopez.

18           MR. LOPEZ:  Well, I don't have the pretrial, but I

19   know that at least our team, the plaintiffs' team is working

20   under the assumption that we have to -- when we submit the

21   exhibit list -- and I could be wrong about this and maybe I

22   got bad information -- that we're supposed to include with the

23   exhibit any objections we may have to the admissibility.

24           But it sounds to me like we don't have to do that.

25           THE COURT:  Well, I think what you're referring to,

1    Mr. Lopez, is that the Final Pretrial Order that you --

2           Well, it's a Proposed Final Pretrial Order that both

3    sides submit, should have attached to that Order as part of it

4    the list of exhibits each side is going to assert, plus the

5    objections that each opponent is asserting with respect to

6    those exhibits.  That should be part of the Final Pretrial

7    Order.

8           Now, it would be helpful for you to give us a

9    separate exhibit list that Traci can use to keep track of what

10   she admits -- or what's admitted and what isn't.

11          That does not have to have objections on it.  But

12   somewhere in that Final Pretrial Order I need to be able to

13   look and determine whether the hearsay objection to Exhibit

14   272 was preserved.  And so that does need to be with that

15   exhibit in what is typically a chart, is what the parties will

16   give me, listing the exhibit and then a separate column

17   listing the objections.

18          Does that answer your question?

19          MR. LOPEZ:  It does.

20          THE COURT:  Okay.

21          Mr. North, did you have other matters to raise?

22          MR. NORTH:  Nothing further, Your Honor.

23          THE COURT:  All right.

24          Let me talk to you all about one other thing then.

25          I think I would like to get on the calendar dates for

1    the third and fourth Bellwether trials.  And I have looked at

2    the calendar and want to tell you the dates that I would like

3    to schedule them so that you are aware of them and let me know

4    if there is a concern.

5             I want to schedule the third one in September.  And

6    the dates that I would set aside would be September 10th

7    through the 14th, which is a Monday through Friday; 18th

8    through the 21st, which is a Tuesday through Friday; and 24th

9    through 28th, which is a Monday through Friday.

10            And then the fourth would be in November.  And that

11   would be November 5 through 9, which is a Monday through

12   Friday; November 12 through 16, which is a Monday through

13   Friday; November 19 and 20, which are the Monday and Tuesday

14   of Thanksgiving week; and November 26 through 28, which is the

15   Monday through Wednesday after Thanksgiving.

16            I don't know for sure that I can try the cases on

17   those times.  I'm going to try to.  But if I can't, as I have

18   mentioned before, the idea would be to get another judge at

19   our court to try one of those or both, if need be, although I

20   think I could do at least one.

21            And there have been a couple of judges here who have

22   expressed a willingness to do that, so I think we will be able

23   to get another judge to try the cases so they would go on

24   those dates.

25            Does either side see any immediate problems with that

```
 1   schedule?
 2           MR. LOPEZ:  This is Ramon Lopez.
 3           I don't, Your Honor.
 4           Mark, I think we are prepared to -- you know,
 5   whatever the schedule is, we'll adjust to the schedule.
 6           MR. O'CONNOR:  Yea.  No.  I agree with Mr. Lopez.
 7           MR. NORTH:  Your Honor, Richard North.  I think we
 8   don't have any problems with that.
 9           THE COURT:  Okay.  All right.
10           Well, we will put those dates in the minute entry
11   that comes out after today.  And I'm going to put them on the
12   calendar and hold those dates available.
13           And then as those dates draw closer, we can talk
14   about, you know, a Final Pretrial Conference date and motion
15   in limine deadlines and whether or not I need to get another
16   judge onboard to help with them, but at least we'll have those
17   on the calendar.
18           MR. LOPEZ:  And also, Your Honor, the identity of
19   those next two.  I don't know that that's been determined.
20           THE COURT:  Yes.
21           MR. LOPEZ:  I don't think it has.
22           THE COURT:  That's a good point.
23           Why don't you see if you can agree on that.
24           MR. LOPEZ:  Okay.
25           THE COURT:  You know, we've got three Bellwether
```

1    cases left that I have designated.  Some came from plaintiffs'

2    list, some came from defendants'.  My assumption would be that

3    one of those would be a case from the plaintiffs' list and the

4    other case from the defendants' list and why don't you see if

5    you can agree upon those.

6            If you can't, I think you know how I will resolve it.

7            MR. LOPEZ:  Right.

8            MR. NORTH:  Your Honor, Richard North.  If I can

9    mention one other thing, you said earlier that we could file

10   the exhibit lists on the 28th.  And then you said just a

11   moment ago that you wanted the objections filed as a part of

12   the Pretrial Order which is due the 23rd.

13           Am I correct that we can file those objections with

14   the exhibits at the same time as the list on the 28th?

15           THE COURT:  Well, why don't you just -- let's just

16   move the Final Pretrial Order date to the 28th.  I always look

17   over that before the Final Pretrial Conference.  But if you

18   get that in on February 28th, then I will have some time on

19   March 1st.

20           Let me make sure that's right.  Yes.  I'll have time

21   on March 1st to look through it.

22           Does that solve the issue, Mr. North?

23           MR. NORTH:  Yes.  That's fine, Your Honor.

24           THE COURT:  We'll just move the Final Pretrial Order

25   to February 28th.

1          All right.  Anything else?

2          MR. LOPEZ:  No, Your Honor.  Thank you.

3          MR. NORTH:  No, Your Honor.

4          MR. LERNER:  Nothing from the defense.

5          MR. O'CONNOR:  No, Your Honor.

6          THE COURT:  Okay.

7          Have a good weekend.  Thank you.

8      (Proceedings adjourned at 2:40 p.m.)

9                          * * *

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1

 2                    C E R T I F I C A T E

 3

 4         I, ELIZABETH A. LEMKE, do hereby certify that I am

 5    duly appointed and qualified to act as Official Court Reporter

 6    for the United States District Court for the District of

 7    Arizona.

 8         I FURTHER CERTIFY that the foregoing pages constitute

 9    a full, true, and accurate transcript of all of that portion

10    of the proceedings contained herein, had in the above-entitled

11    cause on the date specified therein, and that said transcript

12    was prepared under my direction and control.

13         DATED at Phoenix, Arizona, this 8th day of March,

14    2018.

15

16

17

18

19                        s/Elizabeth A. Lemke
                          ELIZABETH A. LEMKE, RDR, CRR, CPE
20

21

22

23

24

25
```