Ramon Rossi Lopez – rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
| SHERR-UNA BOOKER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation,<br><br>Defendants. | **PLAINTIFF'S EXPLANATION OF SNF DOCUMENTS**<br><br>(The Honorable David G. Campbell) |

Plaintiff respectfully submits an explanation of the submitted SNF documents regarding Objections to Bard's Simon Nitinol Filter evidence [Minute Order; Doc 10485]. By way of background, early in this MDL, Plaintiffs argued that SNF design and testing documents as well as adverse events and complaint files were relevant to assess Bard's claim that later filters were substantially equivalent to the SNF. Bard vigorously opposed production of those materials over Plaintiffs' contention that SNF "design, testing, … adverse events, [etc.] . . . are all relevant to the efficacy of the later devices based on its design." [Joint Report for CMO #2.] Plaintiff clarified at the January 29, 2016 Case Management Conference that, for example, the fatigue bench testing for SNF and related

acceptance criteria were relevant to compare with the fatigue testing of the Recovery and G2 filters. [Transcript, p. 136:2-13, 137:8-138:2.] The Court ruled that "[it] does not believe that discovery related to the design or testing of the SNF is relevant to this case. Plaintiffs do not contend that the SNF is defective." [CMO 10, Doc. 1319.]

Discovery into the design and testing of the SNF would have permitted Plaintiff to challenge Bard's litigation-created assertion that the SNF had as many failures as the Recovery and G2 filters. Further, the hearsay documents Bard proposes to rely on relate to earlier versions of the SNF, which received safety-related design changes up through at least 1995; so studies relying information gathered on pre-1995 SNF filters, in particular, should be excluded. The submitted documents are illustrative of the SNF information produced by Bard and serve to highlight the information that is not available to Plaintiff. Plaintiff respectfully directs the Court's attention to the following in the submitted documents, identified by number:

- #283: Page 3 provides an example of the SNF data produced in discovery—that Bard had zero reports of SNF fatalities and tils, and 2 reports of migrations and fractures with over 75,000 units sold.
- #530: Page 1 shows that the 510(k) application for FDA clearance for the Recovery filter identified the SNF filter as a predicate devices. Page 3 indicates that the FDA cleared the Recovery filter as substantially equivalent to the SNF filter.
- #709: Page 6 provides an example of the SNF performance that Bard now tries to contradict: "Throughout its over two decades of clinical use, no evidence has been found to support a link between SNF permanent filter implantation and the serious health consequences that have been an expressed concern from FDA regarding removable IVC filters."
- #992: Similar to #709, page 2 contains the statement "may I suggest the safest filter on the market . . . for the longest time in its current form... The Simon Nitinol?"
- #999: Similarly, Page 1 contains the question "The G2 is a permanent filter; we also have one (the SNF) that has virtually no complaints associated with it."
- #1343: Similarly, on page 2 (top): "We have . . . experienc[ed] a very low and unremarkable adverse event rate [with SNF]."
- #1548: Generally, a1997 technical file for the SNF. Pages 28-30 provide examples of the testing performed, for which Bard did not produce details.
- #1729: Page 1 provides another example of Bard's low complaint rate with SNF for fatalities and migrations.

In summary, Plaintiff will be unable to contradict the hearsay documents Bard intends to rely on because the relevance and correct interpretation of the results from those articles depends on the precise version of the SNF filter at issue and the testing criteria used with each version of the SNF.

RESPECTFULLY SUBMITTED this 29th day of March, 2018.

> GALLAGHER & KENNEDY, P.A.
>
> By: */s/* Mark S. O'Connor
>     Mark S. O'Connor
>     2575 East Camelback Road
>     Phoenix, Arizona 85016-9225
>
> LOPEZ McHUGH LLP
>     Ramon Rossi Lopez (CA Bar No. 86361)
>     (admitted *pro hac vice*)
>     100 Bayview Circle, Suite 5600
>     Newport Beach, California 92660
>
> *Co-Lead/Liaison Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of March, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

> */s/ Gay Mennuti*