**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC |
| _____ | |
| Sherr-Una Booker, an individual, | No. CV-16-00474-PHX-DGC |
| Plaintiff, | |
| v. | |
| C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, | **ORDER** |
| Defendants. | |

Near the close of trial last week, Plaintiff objected to Defendants presenting evidence of complications associated with Bard's Simon Nitinol Filter ("SNF"). In addition to arguments made in court, the parties have filed memoranda addressing the issue. Docs. 10487, 10488.[1]

In seeking to prove her claim that Defendants defectively designed the G2 filter and failed to warn about its risks, Plaintiff has claimed during trial that the G2, and its

---

[1] Each party also provided the Court with a USB flash drive containing SNF-related documents. Defendants' documents consist of medical literature about SNF complications, expert reports citing some of those articles, and documents produced to Plaintiff during discovery. Plaintiff's documents consist largely of internal Bard communications about the safety and effectiveness of the SNF.

predicate device, the Recovery filter, were considerably less safe that the SNF. Defendants intend to rebut this evidence by presenting medical literature about SNF failure rates and expert testimony that failures with the SNF, as a permanent filter, are reported less frequently than failures for retrievable filters.

Plaintiff claims that Defendants should be prevented from presenting this evidence because she was barred from conducting relevant discovery, citing Case Management Order No. 10 ("CMO 10"). *See* Doc. 1319. Defendants argue that Plaintiff's reliance on CMO 10 is misplaced because the order afforded Plaintiff significant discovery concerning the SNF, all of Bard's adverse event data concerning the SNF were produced, and the only materials not produced were SNF design and testing documents. Doc. 10487 at 2.

Plaintiff sought production of six categories of documents related to the SNF: (1) design materials, (2) testing information, (3) regulatory communications, (4) sales and marketing materials, (5) information comparing the SNF to other filters, and (6) internal Bard communications related to these subjects. Doc. 1161 at 1-2. The Court permitted discovery regarding topics (4), (5), and (6), and Defendants agreed to produce the documents on topic (3). Doc. 1319 at 4-5. The only discovery not allowed by CMO 10 was on topics (1) and (2) – the design and testing of the SNF. The Court foreclosed this discovery because Plaintiff did not contend then, and does not contend now, that the SNF is defective.

Plaintiff argues that discovery regarding the design and testing of the SNF would somehow have permitted her to challenge Bard's assertion that the SNF has had as many failures as the Recovery and G2. Doc. 1048 at 2. But Plaintiff was not precluded from conducting discovery of SNF failures. CMO 10 specifically permitted Plaintiff to obtain "documents comparing filter performance and failure rates to the SNF." Doc. 1319 at 4. True, Plaintiff was precluded from conducting discovery into the design and testing of the SNF, but that was because she does not claim that the SNF was designed defectively. Rather, she asserts that the SNF is a markedly safer filter than the Recovery and G2. The

Court cannot see, and Plaintiff does not explain, how discovery into the design and testing of the SNF would have produced any information on failure rates the SNF experienced after it was on the market.

Plaintiff argues that the SNF received design changes through 1995 and that she will be unable to contradict the medical literature Defendants intend to present because those articles depend on the precise version of the SNF filter at issue. But Plaintiff never made this argument in connection with CMO 10, and, in arguing that the SNF is a safe and effective filter, Plaintiff has never distinguished between different versions.

Nor has Plaintiff shown that she will be unable to rebut the medical literature Defendants intend to present. To the contrary, Plaintiff has identified multiple internal Bard documents showing that failure rates for the SNF were much lower than Recovery and G2 rates. This information was produced by Defendants during discovery. Plaintiff has already presented much of it during trial, will present more, and will be free to cross-examine witnesses with this evidence.

Plaintiff may make appropriate evidentiary objections to any evidence Defendants seek to present, but the Court will not preclude Defendants from presenting their SNF evidence on the basis of a discovery ruling. The Court does not agree that Plaintiff was foreclosed from obtaining relevant evidence for rebuttal.

Dated this 19th day of March, 2018.

_____
David G. Campbell
United States District Judge