# EXHIBIT A

**DEFENDANTS' REVISED REQUEST FOR INSTRUCTION NO. 4**

<u>FAILURE TO READ WARNING</u>

If you find that Plaintiff failed to prove by a preponderance of the evidence that Dr. D'Ayala read the warning provided by Bard, you must find for Bard on the Plaintiff's claims relating to the adequacy of the warning.

"[F]ailure to read instructions or printed warnings will prevent a plaintiff from recovering on a claim grounded on failure to provide adequate warning of the product's potential risk." *Wilson Foods Corp. v. Turner*, 218 Ga. App. 74, 75, 460 S.E.2d 532, 534 (1995); *Camden Oil Co., LLC v. Jackson*, 609 S.E.2d 356, 358 (Ga. App. 2004) ("where a plaintiff does not read an allegedly inadequate warning, the adequacy of the warning's contents cannot be a proximate cause of the plaintiff's injuries").

- 4 -

**DEFENDANTS' REQUEST FOR INSTRUCTION NO. 11**

<u>LACK OF REGULATORY ACTION</u>

Under Georgia law, whether the FDA instituted any regulatory action with respect to the claimed defect in the G2 filter is a factor you may consider in evaluating whether the design was defective or negligent.

*Browning v. Paccar, Inc.*, 214 Ga. App. 496, 498, 448 S.E.2d 260, 263 (1994) (stating that when a plaintiff claims a design defect in a widely-distributed product, "[t]he fact that . . . [defendant] had never been subjected to regulatory action with respect to the claimed defect . . . tends to negate the allegation that the configuration was a dangerous design.").

**DEFENDANTS' REQUEST FOR INSTRUCTION NO. 13**

When a duty to warn arises in a products liability action such as this, that duty may be breached in two ways:

1. Failure to provide an adequate warning of the product's potential risks;

Or

2. Failing to adequately communicate the warning to the implanting physician.

Failure to communicate an adequate warning involves the location and presentation (such as position, color, and font size) of the warning.

*Wilson Foods Corporation v. Turner*, 218 Ga. App. 74, 460 S.E. 2d 532 (1995)

"[F]ailure to read instructions or printed warnings will prevent a plaintiff from recovering on a claim grounded on failure to provide adequate warning of the product's potential risk." *Wilson Foods Corp. v. Turner*, 218 Ga. App. 74, 75, 460 S.E.2d 532, 534 (1995); *Camden Oil Co., LLC v. Jackson*, 609 S.E.2d 356, 358 (Ga. App. 2004) ("where a plaintiff does not read an allegedly inadequate warning, the adequacy of the warning's contents cannot be a proximate cause of the plaintiff's injuries").

Failure to communicate a warning is "whether or not the manufacturer was negligent in failing to place a warning in such *position*, color, and size print or to use symbols which would call the user's attention to the warning or cause the user to be more likely to read the label and warning than not." *Wilson*, 460 S.E.2d at 534, citing, Eldridge's Georgia Products Liability, Theories of Negligence, §2-24, p. 49. (Emphasis in original). See also, *Watkins v. Ford Motor Company*, 190 F3d. 1213, 1219 (11th Cir.1999); *Camden Oil Co., LLC v. Jackson*, 609 S.E.2d 356, 359 (2004).