# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC |
| _____ | |
| Doris Jones and Alfred Jones, Sr., | No. CV-16-00782-PHX-DGC |
| Plaintiffs, | |
| v. | |
| C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, | **ORDER** |
| Defendants. | |

The Jones trial is set to begin on **May 15, 2018 at 9:00 a.m.** A final pretrial conference will be held on **May 4, 2018 at 10:00 a.m.** In preparation for trial, the Court enters the following orders:

1. The attorneys who will be responsible for the trial of the case shall attend the final pretrial conference.

2. The parties jointly shall prepare a proposed final pretrial order and shall lodge it with the Court no later than **4:00 p.m.** on **April 27, 2018**. Preparation and lodging of the proposed final pretrial order in accordance with the requirements of this order shall be deemed to satisfy the disclosure requirements of Rule 26(a)(3) of the Federal Rules of Civil Procedure. The parties shall submit a copy of the proposed final

pretrial order to the Court in Word format to Nancy_Outley@azd.uscourts.gov.

3. The proposed final pretrial order shall include the information prescribed in the Joint Proposed Final Pretrial Order form found at www.azd.uscourts.gov under: (1) Judges' Information, (2) Orders, Forms and Procedures, and (3) David G. Campbell. Information shall not be set forth in the form of a question, but shall be presented in concise narrative statements. With respect to jury instructions and the verdict form, the Court intends to use the preliminary and final jury instructions and the verdict form from the Booker trial. The parties need not follow the jury instruction form found at www.azd.uscourts.gov, but instead should simply submit their stipulated and proposed changes to the Booker instructions and verdict form. With respect to voir dire, the Court intends to ask the voir dire questions from the Booker trial. The parties should submit only stipulated and proposed changes to the Booker voir dire questions.

4. The Court will not allow the parties to offer any exhibit, witness, or other evidence that was not disclosed in accordance with the provisions of this order and the Federal Rules of Civil Procedure and listed in the proposed final pretrial order, except to prevent manifest injustice. Fed. R. Civ. P. 16(e). Objections to witnesses and documents should also be listed.

5. Plaintiffs shall have the burden of initiating communications concerning the proposed final pretrial order.

6. The parties shall (a) number and mark exhibits in accordance with the Exhibit Marking Instructions at www.azd.uscourts.gov under Judges and Courtrooms and Orders, Forms and Procedures (such numbers shall correspond to exhibits numbers listed in the proposed final pretrial order); (b) meet in person and exchange marked copies of all exhibits to be used at trial no later than **14 days** before the submission deadline for the proposed final pretrial order; and (c) eliminate any duplicate exhibits while meeting to exchange exhibits.

7. The parties shall file and serve all motions in limine no later than **April 18, 2018**. Responses to motions in limine shall be filed on or before

**April 25, 2018.** Each motion in limine shall state with precision the evidence that is the subject of the motion. The motions and responses must be concise and shall not exceed three (3) pages in length. No replies shall be filed. Counsel shall be prepared to argue the merits of such motions at the final pretrial conference.

8. The Court will hold a hearing on **April 13, 2018 at 10:00 a.m.**, to discuss issues decided in connection with the Booker trial that a party believes should be reconsidered for the Jones trial. The parties shall file 5-page memoranda identifying the issues they wish to be reconsidered, and summarizing their reasons, by **5:00 p.m.** Phoenix time on **April 10, 2018**. The memoranda should identify the docket numbers for briefs and orders that previously addressed the issues.

9. The parties shall provide deposition designations for the Court's ruling by **4:00 p.m. on April 20, 2018.**

10. In order to facilitate the creation of an accurate record, the parties shall file a "Notice to Court Reporter" **on or before May 8, 2018** containing the following information that may be used at trial:

    (a) Proper names, including those of witnesses.

    (b) Acronyms.

    (c) Geographic locations.

    (d) Technical (including medical) terms, names or jargon.

    (e) Case names and citations.

    (f) Pronunciation of unusual or difficult words or names.

11. Trial will be held on **May 15-18, 22-25, 29-31, and June 1, 2018**. On the basis of time used during the Booker trial, the fact that the Court believes the parties could have been more efficient, and the fact that Plaintiffs have the burden of proof, the Court will allocate **28 hours** to Plaintiffs and **27 hours** to Defendants.

12. The parties have stipulated to bifurcating the Jones trial into two phases following the procedures set out in Georgia's statute on punitive damages, O.C.G.A. § 51-12-5.1(d)(2). The first phase will determine liability, compensatory damages, and

1   whether punitive damages should be awarded.  If necessary, the second phase will
2   determine the amount of punitive damages.  *See* Doc. 10048.  The parties are reminded
3   that if a second phase is needed, any time devoted to this punitive damages portion of the
4   trial will be counted against the hours allotted to each side in paragraph 11 above.

5       13.   Jury selection and use of jury questionnaires will be as outlined in the order
6   at Doc. 10324.

7       Dated this 30th day of March, 2018.

*[Signature]*

David G. Campbell
United States District Judge