James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE REGARDING OTHER CLAIMS AND LAWSUITS** (Assigned to the Honorable David G. Campbell) |

Bard moves *in limine* to exclude irrelevant and unfairly prejudicial evidence regarding other lawsuits and claims involving Bard's IVC filters, by respectfully showing the Court as follows[1]:

## ARGUMENT AND CITATION OF AUTHORITY

Bard moves the Court to enter an order *in limine* excluding any reference to other pending or past lawsuits or claims involving Bard products. This exclusion would encompass, *inter alia*, pleadings, orders, rulings, settlement negotiations, settlements, and jury verdicts or judgments in connection with these unrelated actions. Such evidence is hearsay, is irrelevant and would confuse the issues and mislead the jury. Finally, any probative value of such evidence is substantially outweighed by a substantial danger of unfair prejudice to Bard.

### A.   Evidence of Other Lawsuits is Inadmissible Hearsay

The Court should exclude evidence of other lawsuits involving Bard's filter products because, as a threshold matter, such evidence is inadmissible hearsay. *In re Ethicon, Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:12-CV-4301, 2014 WL 505234, at *6 (S.D.W. Va. Feb. 5, 2014) (in pelvic mesh multidistrict litigation, granting defendant's motion *in limine* to exclude evidence of other lawsuits); *Smith v. E-backgroundchecks.com, Inc.*, No. 1:13-cv-02658, 2015 WL 11233453 *1 (M.D. Ga. June 4, 2015); *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir.1993). This conclusion is required because evidence of other lawsuits "amounts to nothing more than a summary of allegations by others." *Johnson*, 988 F.2d at 579. Because any evidence of, or reference to, other lawsuits involving Bard's filters is inadmissible hearsay, the Court should exclude it here. Fed. R. Evid. 801, 802.

### B.   Evidence Of Other Lawsuits Is Irrelevant

The Court should also exclude as irrelevant any reference to other lawsuits against Bard, whether the lawsuits involve the Eclipse Filter or not. *See* Fed. R. Evid. 401, 402. Lawsuits against Bard related to products other than the Eclipse Filter are not probative of

---

[1] Counsel for Defendants conferred with counsel for Plaintiffs and this motion is opposed.

- 1 -

whether a defect existed in Plaintiff's Eclipse Filter. Alleged defects in the manufacture or design of other products are inherently unique to those products, and have no bearing on Plaintiff's claims based on her Eclipse Filter. *E.g.*, *Hill v. Novartis Pharm. Corp.*, 944 F. Supp. 2d 943, 952 (E.D. Cal. 2013) (excluding reference to other litigation as irrelevant); *Ross v. Am. Red Cross*, 567 F. App'x 296, 308 (6th Cir. 2014) (affirming district court's decision to withhold evidence of other lawsuits against defendant in a negligence action). Accordingly, evidence concerning lawsuits involving products other than the Eclipse Filter should be excluded because such evidence is irrelevant and immaterial to the issues presented in this case. *Realtek Semiconductor Corp. v. LSI Corp.*, No. C-12-03451-RMW, 2014 WL 46997, at *7 (N.D. Cal. Jan. 6, 2014); *In re Related Asbestos Cases*, 543 F. Supp. 1152, 1159 (N.D. Cal. 1982) ("[P]laintiff's counsel shall not make any reference to the existence or settlement of, or judgment or verdict in, any other asbestos-related lawsuits pending anywhere in the United States, other than the present plaintiff's case, without first obtaining permission of the court outside the presence and hearing of the jury."); *Rushing v. Wells Fargo Bank, N.A.*, No. 8:10-cv-1572-T-24-AEP, 2012 WL 3155790, *1 (M.D. Fla Aug. 3, 2012) ("evidence of other lawsuits is not normally relevant and not permitted.").

The Court should also exclude as irrelevant any evidence of other lawsuits pertaining to the Eclipse Filter itself. Not doing so would impermissibly allow Plaintiff's attorneys to argue that because they have commenced a large number of claims against Bard, the claims they assert in Plaintiff's case have merit.[2] These other lawsuits involve only *claims*, however, and mere claims are not evidence. *See, e.g.*, *Hernandez v. Nielson*,

---

[2] Should the Court permit Plaintiff to introduce evidence of other lawsuits, Bard would also be entitled to introduce evidence that those cases have not been adjudicated against Bard, and that some of the cases have been dismissed or have had summary judgment entered in favor of Bard. Finally, admitting evidence of claims in other lawsuits would also complicate and prolong the trial in this action. Because each of the claims asserted in the other lawsuits is unique, Bard has unique defenses to each of those claims. Plaintiff's introduction of evidence of those other lawsuits as supposed evidence of liability here would require Bard in turn to point out to the jury the differences between those other cases and Plaintiff's case here and would only slow the proceedings. Such "mini-trials" of unrelated claims would only confuse and mislead the jury. Bard believes the better result is to exclude all evidence of other lawsuits unrelated to Plaintiff Booker—filings, dismissals, judgments, everything—under Rules 401 and 402.

No. 00C50113, 2002 WL 31804788, at *1 (N.D. Ill. Dec. 13, 2002) (granting summary judgment despite plaintiff's assertion that other plaintiffs have sued defendants for excessive force, noting: "Just because somebody alleges something does not make it so.").

### C. The Probative Value Of Evidence Of Other Lawsuits Is Substantially Outweighed By A Danger Of Unfair Prejudice To Bard

The Court should also exclude evidence of other claims and lawsuits involving Bard products because not doing so creates a real danger of unfair prejudice to Bard. *See* Fed. R. Evid. 403; *Hill*, 944 F. Supp. 2d at 952 (excluding reference to other litigation because, even if it were relevant, such evidence would be confusing to the jury). Evidence that Bard has been sued is of little, if any, probative value; it proves only that other plaintiffs have made claims against Bard. The admission of such evidence, however, would incorrectly and unfairly suggest to the jury that it may find Bard liable in this case based on the prior and unproven alleged acts at issue in other lawsuits. Indeed, evidence of other such lawsuits would be likely to cause the jury to believe the truth of Plaintiff's asserted claims in this case and, therefore, "is likely to confuse and mislead the jury" from its task of determining that any alleged defect in Plaintiff's Filter caused her injuries. *In re Ethicon*, 2014 WL 505234, at *6 (granting defendant's motion *in limine* to exclude evidence of other lawsuits); *E-backgroundchecks.com*, 2015 WL 11233453 *1. Because any scant probative value of evidence of other claims and lawsuits is substantially outweighed by the danger of unfair prejudice to Bard, the Court should exclude any such evidence. *See* Fed. R. Evid. 403.

### CONCLUSION

For these reasons, Bard respectfully moves for an entry of an *in limine* order to exclude any evidence regarding other lawsuits and claims involving Bard's IVC filters.

RESPECTFULLY SUBMITTED this 18th day of April, 2018.

s/ Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of April, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

                      s/Richard B. North, Jr.
                      Richard B. North, Jr.

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000