Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California  92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona  85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
| DORIS JONES,<br><br>Plaintiffs,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation,<br><br>Defendants. | **PLAINTIFFS' MOTION *IN LIMINE* #7**<br><br>(Assigned to the Honorable David G. Campbell)<br><br>(Oral Argument Requested) |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ATTORNEY ADVERTISING AND RELATED TOPICS

Plaintiff seeks a pretrial ruling to preclude at trial evidence and argument relating to any references to attorney advertising, counsel's specializing in personal injury or products liability litigation, contingency fee agreements, circumstances under which Plaintiff selected her counsel, or any reference to this litigation being driven by attorney advertising.

### MEMORANDUM OF LAW

In the first Bellwether trial in this MDL the parties entered into a stipulation as to certain motions *in limine* that would be unnecessary as it was agreed that certain topics would not be addressed, including any "[a]dvertising by Plaintiff's counsel, Plaintiff's counsel specializing in personal injury and/or products liability litigation, contingency fee agreements, and/or advertising by any counsel nationally for Bard IVC Filter cases and/or any other IVC filter case."  (Doc. 10235, at 2).  Bard refuses to enter into that stipulation for this second bellwether trial.[1]  Based on Bard's previous arguments, including one Bard made on "Science Day", Plaintiff anticipates that Bard will assert that Plaintiff's counsel and attorneys representing plaintiffs generally have created a "lawyer-driven" case against Bard and a litigation crisis in order to inflame the jury.  Such evidence is not relevant to Mrs. Jones' claims.  Fed. R. Evid. 401; *see also In re: Xarelto (Rivaroxban) Products Liability Litigation*, 2:14-md-02592-EEF-MBN, Apr. 18, 2017 (Doc. 6254), at 2-3 (sustaining motion to exclude evidence of circumstances plaintiff chose attorney and excluding evidence as to any advertising and timing of retention of counsel), copy attached at Exhibit A.  Further, even if tangentially relevant, it should be excluded as it would unduly prejudice Plaintiff as to matters not relevant to her claims.  Fed. R. Evid. 402, 403.

Testimony about attorney advertising, fee arrangements, counsel's focus or specialization in personal injury practice is immaterial to any fact or consequence in Plaintiff's case and is highly prejudicial.  There is no dispute here that Mrs. Jones' Eclipse IVC filter fractured and the broken fragment lodged in her pulmonary artery.  No amount of attorney advertising caused that to happen, and attorney advertising does not make any disputed issue more or less likely to be true.

---

[1] This refusal is ostensibly due to testimony by Alfred Jones that he was worried about Doris' health with a fractured filter strut lodged in her and was wondering if he could get further information about filters when he saw an advertisement for an attorney and called a number to get more information.  Dep. Tr. Alfred Jones Feb. 3, 2017, Ex. B, at 8:19-9:1; 9:6-16; 9:22-10:3.

1      Attorney advertising is permitted by the American Bar Association and the Rules

2  of Professional Responsibility in every jurisdiction, not to mention protected by the First

3  Amendment.  *See Bates v. State Bar of Arizona*, 433 U.S. 350, 376-80 (1977).

4  Mentioning that Plaintiff's attorneys have engaged in advertising to find clients therefore

5  risks unfairly associating Plaintiff's attorneys with some of the baser forms of attorney

6  advertising which would be highly prejudicial.  To allow evidence of attorney advertising

7  in general to be admitted "would serve, potentially, to alienate the jury, by converting the

8  trial into a 'referendum of lawful practices by plaintiff's counsel.'"  *Hart v. RCI*

9  *Hospitality Holdings, Inc*., 90 F. Supp.3d 250, 272 (S.D.N.Y. 2015).  No other evidence

10  admitted at trial could make the professional conduct of plaintiffs' attorneys in this MDL

11  (or generally) probative of any issue in this case.  Similarly, testimony and evidence as to

12  "lawyer-driven" lawsuits are immaterial and unduly prejudicial.  "Argument aimed at a

13  party's counsel is improper and risks depriving the party of a fair trial."  *Stollings v.*

14  *Ryobe Techs., Inc.,* 725 F.3d 753, 761 (7th Cir. 2013).  Any mention of the issue "can

15  serve only to confuse, inflame, and introduce unfair prejudice" in violation of FRE 403.

16  *Hart*, 90 F.Supp.3d at 273; *see also Ruzhinskaya v. HealthPort Technologies*, LLC, 2016

17  WL 7388371 (S.D.N.Y 2016) (forbidding a defendant to defend its case by making

18  insinuations or attacks on lawyer, rather case should be decided on the merits).

19      Moreover, it was Alfred Jones, Plaintiff's husband, who contacted an attorney

20  about his wife's case.  He testified he never saw television advertising; rather he saw an

21  ad on the internet while on Facebook and called a telephone number.[2]  Ex. B at 8:19-9:1;

22  9:6-16. 9:22-10:3.

23      Bard may also attempt to use Mrs. Jones' engagement of legal services as a means

24  to attack her or her attorneys' credibility; first by accusing Mrs. Jones of seeking some

25  form of easy money, and second by accusing her lawyers and the MDL lawyers in

26

---

27  [2] As a point of clarification, Plaintiff's attorneys at Gallagher & Kennedy came to

28  represent the Joneses based on a referral, not based on any advertising they engaged in on
     Facebook.

general of drumming up this litigation with advertising.  Such evidence for this sort of use is not only unsupported by the record but also irrelevant and unfairly prejudicial. This evidence should be excluded under FRE 402 and 403. It would also waste an extraordinary amount of time and distract from the meritorious issues in the case if the parties are forced to jockey back and forth about collateral issues like when and why Mrs. Jones hired a law firm to assert her rights. *See*, *e.g.*, *In re: Welding Fume Products Liab. Litig.*, 2010 WL 7699456, at **65-68 (N.D. Ohio 2010).

The presence of attorney advertising in this trial also raises the specter of evidence of other lawsuits against Bard.  By bringing in attorney advertising, Bard necessarily puts at issue whether the lawsuit is "attorney driven" and not meritorious.  To counter that, the substantial evidence regarding the number of claims Bard faces on these devices is immediately relevant.  Plaintiffs stipulated in *Booker* not to admit evidence of other lawsuits, but that stipulation was premised on the agreement not to have attorney advertising as part of the case.  In the event attorney advertising is raised in this case, Plaintiff will necessarily need to address it by demonstrating that the lawsuits are meritorious enough for there to be 3,700+ cases filed in this Court.  Plaintiff's counsel previously sought to avoid this sideshow by stipulating that both attorney advertising and evidence of the other lawsuits not be presented at trial.   Plaintiff requests that the Court exclude all such evidence in this case, which will allow Plaintiff to agree not to discuss or argue about the other filed cases in this MDL.

4

RESPECTFULLY SUBMITTED this 18th day of April 2018.

GALLAGHER & KENNEDY, P.A.

By: */s/ Mark S. O'Connor*
    Mark S. O'Connor
    2575 East Camelback Road
    Phoenix, Arizona  85016-9225

LOPEZ McHUGH LLP
    Ramon Rossi Lopez (CA Bar No. 86361)
    (admitted *pro hac vice*)
    100 Bayview Circle, Suite 5600
    Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

    */s/ Jessica Gallentine*

5