Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
| | (Assigned to the Honorable David G. Campbell) |
| | (Oral Argument Requested) |
| DORIS JONES, <br><br> Plaintiff, <br><br> v. <br><br> C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation, <br><br> Defendants. | **PLAINTIFF'S MOTION *IN LIMINE* NO. 1:** <br> **UNRELATED MEDICAL ISSUES RELATING TO USE OF NSAIDs** |

Plaintiff Doris Jones moves this Court *in limine* to preclude at trial evidence and argument regarding her use of non-steroidal anti-inflammatory drugs (NSAIDs) and her alleged failure to follow medical advice not to use NSAIDs. Under Federal Rules of Evidence 402 and 403, this Court should exclude such evidence because it is irrelevant and to the extent it has any marginal relevance, its prejudicial effect substantially outweighs any probative value.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     Evidence at Issue**

Plaintiff Doris Jones suffers from migraine headaches. To treat those migraines, Mrs. Jones uses NSAIDs (like Advil and Ibuprofen), including something called "Goody's" headache powder. Unfortunately, Mrs. Jones also suffers from a number of gastric issues, including ulcers, and the NSAIDs can cause issues with Mrs. Jones' ulcers resulting in gastric bleeding. In unrelated visits with health care providers, doctors have advised Mrs. Jones to avoid NSAIDs because of the effect on her gastric system. Unfortunately for Mrs. Jones, however, that is easier said than done. Because of her financial condition, she does not have access to regular healthcare. As a result, NSAIDs are often the only relief available to her to deal with the migraines.

Consequently, there are various references in Plaintiff's medical records and in the treating-physicians' testimony designated by Bard regarding her failure to follow medical advice with respect to NSAIDs. In particular, Bard has designated testimony by Dr. Avino (who implanted her IVC filter) and Dr. Taylor (who saw her for entirely unrelated issues a year after the removal of the broken filter) relating to Mrs. Jones' alleged failure to follow medical advice by continuing to take NSAIDs. But there is no evidence that taking NSAIDs impacts Mrs. Jones' IVC filter or the fragment remaining inside her. Rather, Mrs. Jones suffered gastric ulcers and bleeding in her gastrointestinal tract before she received an IVC filter and has similar problems more recently. Those problems are entirely unrelated to the filter or any symptoms attributed to the filter. Indeed, Mrs. Jones has made no claim that the filter caused her gastric ulcers and bleeding or that any of her abdominal pain is attributable to the Eclipse IVC filter or its failure.

**II.    This Court Should Exclude This Evidence as Irrelevant and Unduly Prejudicial.**

Plaintiff's use of NSAIDs and any medical issues she has suffered as a result thereof (even if against medical advice) are not relevant to any issue in dispute. Nor is her

alleged failure to follow medical advice relating to NSAIDs.  Neither of those issues caused any of the injuries at issue here, and neither affected her IVC filter in any way.

Defendants contend that Plaintiff's bleeding ulcers and failure to follow medical advice are relevant to her need for an IVC filter in 2010.  That is clearly not the case, however; neither of those reasons is identified in the Indications for Use for the filter.  Rather it is the presence of DVT that necessitated a filter – not bleeding from ulcers.  Moreover, and more importantly, even if those conditions were the reason Mrs. Jones needed an IVC filter (they are not), they are still irrelevant because Plaintiff has never contended that she did not need an IVC filter.  Rather, her claim is that the IVC filter she received was defective and that Bard failed to provide appropriate warnings regarding the safety and effectiveness of that filter.  Both of those claims assume that she needed an IVC filter.

Moreover, to the extent that there is any relevance to this evidence, the potential for prejudice to Plaintiff and confusion of the jury substantially outweighs any probative value.  Fed. R. Evid. 403.  The evidence is little more than an attempt to smear Plaintiff as irresponsible and somehow at fault for her condition.

**III.   Conclusion**

Plaintiff's use of NSAIDs is not related to whether Bard's Eclipse IVC filter was defectively designed, whether Bard provided adequate and appropriate warnings relating to the safety and effectiveness of the filter, why Plaintiff's Eclipse IVC filter failed and fractured, or any injury Plaintiff suffered as a result thereof.  Simply, these facts are irrelevant.  Moreover, the potential prejudice of the evidence and confusion of the jury substantially outweighs any probative value it may have.  Accordingly, this Court should preclude any evidence or argument relating to Plaintiff's use of NSAIDs or failure to follow medical advice relating to such use.

RESPECTFULLY SUBMITTED this 18th day of April 2018.

                              GALLAGHER & KENNEDY, P.A.

                              By: */s/ Mark S. O'Connor*
                                    Mark S. O'Connor
                                    2575 East Camelback Road
                                    Phoenix, Arizona  85016-9225

                              LOPEZ McHUGH LLP
                                    Ramon Rossi Lopez (CA Bar No. 86361)
                                    (admitted *pro hac vice*)
                                    100 Bayview Circle, Suite 5600
                                    Newport Beach, California 92660

                              *Co-Lead/Liaison Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

                                                          */s/ Jessica Gallentine*

6568482v1/26997-0031