Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
| | (Assigned to the Honorable David G. Campbell) |
| | (Oral Argument Requested) |
| DORIS JONES,<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation,<br><br>Defendants. | **PLAINTIFF'S MOTION *IN LIMINE* NO. 2:**<br>**UNRELATED MEDICAL ISSUES RELATING TO ANEMIA AND PRESCRIPTIONS** |

Plaintiff Doris Jones moves *in limine* to preclude at trial evidence and argument regarding her anemia, hypertension, and B12 deficiency and specifically her alleged failure to obtain prescriptions for those conditions. Under Federal Rules of Evidence 402 and 403, this Court should exclude such evidence because it is irrelevant and to the extent it has any relevance, its prejudicial effect substantially outweighs any probative value.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  Evidence at Issue

In April 2015, Mrs. Jones went to the emergency room and Memorial University Medical Center ("MUMC") in Savannah, Georgia. During that visit, doctors discovered that Mrs. Jones' Eclipse IVC filter had fractured and a broken filter fragment had traveled to and lodged in her pulmonary artery. The doctors also determined that Mrs. Jones had a B12 deficiency, was suffering from anemia, and had hypertension. While at the hospital, Dr. Kristin Nelson, an interventional radiologist, took charge of her care with respect to the broken IVC filter, retrieval of the filter, and the decision to leave the broken piece in Mrs. Jones' pulmonary artery. Dr. Nelson did not assume care for any of Mrs. Jones' other conditions, including her B12 deficiency, anemia, and hypertension. Dr. David Chodos and his colleagues prescribed medication and vitamins for those conditions – not for anything relating to the IVC filter or the remaining broken strut in her pulmonary artery.

Mrs. Jones subsequently returned to see Dr. Chodos on May 11, 2015. During that visit, Dr. Chodos noted that she had not taken some of the medication that had been prescribed for her anemia and B12 deficiency. Defendants have designated deposition testimony by Dr. Chodos regarding Plaintiff's alleged failure to obtain her medication for these conditions.

Dr. Chodos also recommended that Mrs. Jones follow up with her "primary care provider" on these issues. But as she has no primary care provider and her access to healthcare is limited due to her financial condition and lack of health insurance, Mrs. Jones did not do so.

## II.  This Court Should Exclude This Evidence As Irrelevant and Unduly Prejudicial.

Plaintiff's failures to take medication for her anemia, hypertension, and B12 and any failure to follow up with a primary care physician for those issues – even if true – are not relevant to any issue in this suit. Neither the medical conditions nor any alleged

2

failure to take medication or seek additional treatment for them has anything to do with Plaintiff's IVC filter, its failure, or the injuries it has caused her.  Fed. R. Evid. 402.  Moreover, this evidence only serves to paint Plaintiff in an unfavorable light in front of the jury.  As such, its prejudicial effects substantially outweighs any probative value.  Fed. R. Evid. 403.  Additionally, if Plaintiff's alleged failure to obtain prescriptions and see other doctors for these conditions is at issue, Plaintiff will have to explain that she was unable to obtain the prescriptions and has no primary care provider because of her financial condition and lack of health insurance.  Litigating those collateral issues will only waste time and cause potential confusion for the jury.  *Id.*

This Court should preclude evidence or argument on these issues.

**III.    Conclusion**

For the foregoing reasons, this Court should preclude any evidence or argument regarding Plaintiff's anemia, hypertension, and B12 deficiency and specifically her alleged failure to obtain prescriptions for those conditions or to follow-up with a primary care doctor regarding them.

RESPECTFULLY SUBMITTED this 18th day of April 2018.

              GALLAGHER & KENNEDY, P.A.

              By: */s/ Mark S. O'Connor*
                 Mark S. O'Connor
                 2575 East Camelback Road
                 Phoenix, Arizona  85016-9225

              LOPEZ McHUGH LLP
                 Ramon Rossi Lopez (CA Bar No. 86361)
                 (admitted *pro hac vice*)
                 100 Bayview Circle, Suite 5600
                 Newport Beach, California 92660

              *Co-Lead/Liaison Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 18th day of April 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

                                                */s/ Jessica Gallentine*

6568495v1/26997-0031