Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
| | (Assigned to the Honorable David G. Campbell) |
| | (Oral Argument Requested) |
| DORIS JONES, <br><br> Plaintiff, <br><br> v. <br><br> C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation, <br><br> Defendants. | **PLAINTIFF'S MOTION *IN LIMINE* NO. 3:** <br> **UNRELATED MEDICAL ISSUES RELATING TO MARCH 2016 TREATMENT AND DR. TAYLOR'S TESTIMONY** |

Plaintiff Doris Jones moves *in limine* to preclude at trial evidence and argument regarding her medical condition and treatment in March 2016 for a bleeding ulcer and its relation to her alleged use of NSAIDs and Plaintiff's alleged failure to follow-up with treaters regarding this condition. Under Federal Rules of Evidence 402 and 403, this Court should exclude such evidence because it is irrelevant and to the extent it has any relevance, its prejudicial effect substantially outweighs any probative value.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      Evidence at Issue**

In March 2016, Plaintiff was transported by ambulance to MUMC due to vomiting blood and rectal bleeding.  At the time, Plaintiff was suffering from significant gastrointestinal bleeding due to ulcer.  Dr. Colleen Taylor saw and treated Mrs. Jones in the MUMC emergency room and for portions of her treatment during that stay.  To be clear, none of Dr. Taylor's care and treatment of Doris Jones related to the piece of the filter that was in her pulmonary artery.  *See* deposition transcript C. Taylor, M.D., July 11, 2017, attached as Ex. A, at 48:3-12.  And, Plaintiff has made no claim that these conditions or symptoms were caused by or related to the explanted filter or the filter piece in her pulmonary artery.  Nor is there any expert or other testimony that ties them to her filter, complications from the filter's fracture, or the remaining fractured piece in her pulmonary artery.

Nonetheless, Defendants have designated substantial testimony by Dr. Taylor regarding her treatment of Plaintiff in March 2016.  Defendants have also designated substantial testimony by Dr. Taylor regarding the medical records of other doctors – including records from other facilities and records that she had not previously seen and had not relied upon in her care and treatment of Mrs. Jones.  Defendants also designated testimony by Dr. Taylor regarding whether Plaintiff followed up with a Dr. DeHaven after seeing Dr. Taylor (Dr. Taylor testified that she did not know whether Plaintiff had ever seen Dr. DeHaven).

**II.     This Court Should Preclude This Evidence.**

   A.      <u>None of the Evidence Is Relevant to Any Matter in Dispute.</u>

Simply, none of this evidence has any relation to the IVC filter, the broken filter fragment in Plaintiff, Plaintiff's injuries, or any other contested issue in this suit.  To be sure, Plaintiff has suffered injuries and physical effects from her broken IVC filter and fragment.  But her IVC filter-related injuries do not include gastrointestinal bleeding and the symptoms for which she obtained treatment from Dr. Taylor.

Moreover, the alleged failure to follow medical advice relating to the use of NSAIDs and any alleged tie to her gastric ulcer and gastrointestinal bleeding is irrelevant and unduly prejudicial for the reasons set forth in Plaintiff's Motion in Limine No. 1. Plaintiff's alleged failure to follow medical advice has an even more tenuous connection to any relevant issue in March 2016 – nearly a year after her IVC filter has been removed. Simply, there is no relevance and the evidence would only serve to unduly prejudice the jury against Plaintiff.

### B. Any Alleged Failure by Plaintiff to Seek Follow-Up Care for Dr. Taylor's Treatment Is Irrelevant.

Defendants have designated testimony regarding whether Plaintiff should have followed up with other healthcare providers after her treatment by Dr. Taylor. But, again, the conditions at issue are utterly irrelevant to those at issue in this lawsuit. And, again, the effect of such evidence would only be to cause the jury to look unfavorably on Plaintiff for reasons not relevant to her claims, injuries, or damages or any of Bard's defenses. The evidence is unduly prejudicial and the Court should preclude it.

## III. Conclusion

For the foregoing reasons, this Court should preclude evidence and argument regarding Plaintiff's medical condition and treatment in March 2016 for a bleeding ulcer, its relation to her alleged use of NSAIDs, and her alleged failure to follow-up with treaters regarding this condition.

3

RESPECTFULLY SUBMITTED this 18th day of April 2018.

                                  GALLAGHER & KENNEDY, P.A.

                                  By: */s/ Mark S. O'Connor*
                                        Mark S. O'Connor
                                        2575 East Camelback Road
                                        Phoenix, Arizona  85016-9225

LOPEZ McHUGH LLP
        Ramon Rossi Lopez (CA Bar No. 86361)
        (admitted *pro hac vice*)
        100 Bayview Circle, Suite 5600
        Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of April 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

                                  */s/ Jessica Gallentine*