Ramon Rossi Lopez – rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona  85016-9225
602-530-8000

*Co Lead/Liason Counsel for Plaintiffs
Doris and Alfred Jones*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
|---|---|
| DORIS JONES and ALFRED JONES, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation,<br><br>Defendants. | **PLAINTIFFS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE OF TOBACCO USE**<br><br>(Assigned to the Honorable David G. Campbell)<br><br>**(Oral Argument Requested)** |

Plaintiff Doris Jones moves *in limine* to exclude evidence of her tobacco use at trial.  Evidence of Mrs. Jones' smoking is not relevant to any issue in the case and is unduly prejudicial. Thus, evidence of her smoking should be excluded under FRE 401, 403, 404, and 702.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Mrs. Jones' medical records indicate that she is a tobacco user.  She confirmed in her deposition that she smokes cigarettes, sharing a pack of cigarettes with her husband

about every three days.  Tr. Dep. Doris Jones dated Feb. 3, 2017, Ex. A, at 29:14-22.  Her daughter Shanice Matthews testified that she smokes "like one cigarette a day."  Tr. Dep. Shanice Matthews dated August 7, 2017, Ex. B, at 17:5-10.

   Defendants seek to present evidence of Mrs. Jones smoking habit.  Yet this evidence does not tend to make any fact at issue in the case more or less probable.  Mrs. Jones' tobacco use has no bearing on her need to have the Eclipse IVC filter placed, nor is it alleged (by either side) to have contributed to its failure.  Defendants have presented no expert opinions or evidence that smoking is responsible for any of the pain or medical complaints that Mrs. Jones associates with her filter fracture and the strut that remains lodged in her IVC.  Thus, smoking is simply irrelevant and inadmissible under FRE 401.

   Similarly, tobacco use has a stigmatizing effect that could be distracting for the jury.  And while Bard may argue that smoking is relevant to Mrs. Jones' complaints of shortness of breath, that argument merely underscores the confusing nature of such evidence being presented to the jury. No Bard expert or treating physician has linked smoking with Mrs. Jones' complaints of shortness of breath, making smoking a red herring and prejudicial distraction from the real issues in the case.  Other courts have ruled such evidence inadmissible after a party sought exclusion on Rule 403 grounds.  *See, e.g.*, *In re Prempro Prods. Liab. Litig., Rush v. Wyeth*, 2006 WL 3806391 at *4 (E.D. Ark. Dec. 27, 2006) (ruling evidence of the plaintiff's smoking history was inadmissible where the plaintiff argued the evidence was unduly prejudicial and there was no expert testimony to establish a causal connection to her injuries); *Allegro Ventures, Inc. v. Almquist*, 2014 WL 1871628, at *4 (S.D. Cal. May 8, 2014) (excluding evidence of a plaintiff's smoking

history for the purpose of showing causation and damages and admitting it only to the extent relevant for a willful misconduct claim); *Nolte v. AbbVie, Inc., (In re Testosterone Replacement Therapy Prods. Liab. Litig. Coordinated Pretrial Proceedings)*, No. 14 C 1748, 2018 U.S. Dist. LEXIS 2547, at *205-06 (N.D. Ill. Jan. 6, 2018) (noting that "[e]vidence of tobacco use, like evidence of alcohol use, carries a risk of unfair prejudice" and finding probative value of evidence outweighed by "substantial danger of unfair prejudice to [the plaintiff])".

Additionally, because Defendants have not identified any expert to opine that smoking caused any of Mrs. Jones's symptoms, they cannot introduce this theory at trial. As this Court has previously acknowledged, "state law governs whether expert testimony is required to establish causation in a diversity action." *Dougherty v. Lincare*, 2011 WL 3510903 at *2 (Aug. 10, 2011[KEH1]) (*citing Domingo ex rel Domingo v. T.K.*, 289 F.3d 600, 607 (9th Cir. 2002)).  And Georgia law requires expert testimony to establish a causal link when "medical questions relating to causation are involved" unless common knowledge or experience is sufficient for the jury to determine the cause of the injury. *Nixon v. Pierce County School Dist.*, 746 S.E.2d 225, 228 (Ga. App. 2013), *quoting Cowart v. Widener*, 697 S.E.2d 779 (2010).  Importantly, the question of whether a plaintiff's exposure to even a well-known toxin caused her injuries is one that requires expert testimony. *Seymour Elec. and Air Conditioning Service, Inc. v. Statom*, 710 S.E.2d 874, 877-78 (Ga. App. 2011) ("Likewise, we have held that while it may be common knowledge that certain fumes are generally dangerous to breathe, a plaintiff still must present expert medical evidence establishing that the fumes caused *that particular*

2

*plaintiff's* medical problems. This is especially true if there is some evidence of exposure to toxic substances or chemicals other than the one alleged by the plaintiff as the source of his or her injuries. . ." (emphasis original; internal citation omitted)).  Here, Defendants have not presented any expert testimony under F.R.E. Rule 702 to connect Plaintiff's symptoms to smoking, and this argument and any evidence allegedly in support of it is therefore inadmissible.

For these reasons, Plaintiff respectfully requests an order excluding any evidence relating to Mrs. Jones' tobacco use because such evidence is irrelevant under Rule 401, lacks required expert support to demonstrate a causal link to any symptom or injury at issue in this case, and because the unfair prejudice and confusion from such testimony or evidence far outweighs any slight modicum of relevance.  Rule 403, F.R.E.; *see also Jackson v. County of San Bernardino*, 194 F. Supp. 3d 1004 (C.D. Cal. 2016) (holding that motion *in limine* reduces the likelihood that unduly prejudicial evidence will ever reach the jury).

RESPECTFULLY SUBMITTED this 17th day of April 2018.

        GALLAGHER & KENNEDY, P.A.

        By: */s/ Mark O'Connor*
            Mark S. O'Connor
            2575 East Camelback Road
            Phoenix, Arizona 85016-9225

        LOPEZ McHUGH LLP
            Ramon Rossi Lopez (CA Bar No. 86361)
            (admitted *pro hac vice*)
            100 Bayview Circle, Suite 5600
            Newport Beach, California 92660

        *Co-Lead/Liason Counsel for Plaintiffs Doris and Alfred Jones*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of April, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

/s/ Jessica Gallentine