Ramon Rossi Lopez – rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
| DORIS JONES and ALFRED JONES, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation,<br><br>Defendants. | **PLAINTIFF'S MOTION *IN LIMINE* #5 AND MEMORANDUM IN SUPPORT TO EXCLUDE EVIDENCE OF BARD EMPLOYEES' FAMILY MEMBERS OR FRIENDS HAVING BARD IVC FILTERS**<br><br>(The Honorable David G. Campbell)<br><br>(Oral Argument Requested) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT THAT BARD EMPLOYEES' FAMILY MEMBERS OR FRIENDS HAVE BARD IVC FILTERS**

Plaintiff moves *in limine* for an Order precluding evidence or argument alleging that Bard employees or their family members have received Bard IVC filters.

**MEMORANDUM OF LAW**

In the recent *Booker* trial, Bard witnesses twice vouched for the safety and efficacy of Bard's IVC filters by asserting that members of their own family had received Bard's filters:

> Q. Did you continue to believe that the Recovery filter provided a valuable therapeutic tool to doctors?
> A. Yes, I did, and *one of my family members received the product*.

*Booker* Trial Transcript, Shari Allen O'Quinn Direct Examination, Day 7, March 23, 2018, at 1557:19-22 (emphasis added).

> Q. [Discussing failure rates for recipients of Bard IVC filters] Mr. Modra, these numbers are people; right?
> A. I understand that.
> Q. They are people with names; right?
> A. *Some my relatives*.

*Id.*, Chad Modra Cross-Examination, Day 10, March 28, 2018, at 2376:23-2377:1 (emphasis added).  This testimony is improper, unfairly prejudicial, irrelevant, and creates side issues that will waste time at trial.  As such it should be prohibited under Federal Rules of Evidence 401-403.  Also, because there is no evidence in the record whatsoever as to the medical history of these alleged family member recipients of Bard IVC filters, this testimony lacks foundation and is prohibited by Rule 602.

Bard seeks to have its employees offer this information in order to implicitly "vouch" for the safety and efficacy of its filters.  But the medical history of unnamed and undisclosed Bard employee family members is entirely irrelevant to the claims and defenses in this case.  The specific circumstances of those purported Bard IVC filter implantations and any follow-up monitoring or complications are likely wildly different from Plaintiff's medical course or experience.  Certainly any even limited relevance of this "defense" are substantially outweighed under Rule 403 by unfair prejudice, confusing the jury with a side issue, and forcing Plaintiff to waste time responding to these assertions that weren't even prompted by questioning.  Defendants and courts in other drug and medical device MDLs have acknowledged that such trial testimony is improper.  *See In re Prempro Prod. Liab. Lit.*, 2006 WL 3806391, at *2 (E.D. Ark. 2006) (granting "Plaintiff's Motion in Limine No. 9 to Bar Testimony by Wyeth Employees, Witnesses, Experts, or Counsel Regarding Their Personal Use of Premarin or Prempro" because it was unopposed by defendants).

1     Finally, even assuming *arguendo* that these issues are somehow relevant and potentially admissible under Rules 401-403, and Bard's employee witnesses attempt at trial to lay foundation for their assertions about their family members' medical history to pass muster under Rule 602, Bard's "we put our filters in our own family members" defense is not a defense to Mrs. Jones' claims. Plaintiffs chose to not pursue the medical history of Bard employees including requests for medical records and additional depositions of those family members during the discovery period as that likely would have been met with opposition including claims of harassment. Plaintiffs did not anticipate that Bard would have two of their witnesses state gratuitously in open court that they had family members who had Bard IVC filters.

    Accordingly, Plaintiff respectfully requests an Order granting this motion and prohibiting at trial all evidence and argument relating to the receipt of Bard IVC filters by any Bard employee or family member of a Bard employee.

    RESPECTFULLY SUBMITTED this 18th day of April, 2018.

                             GALLAGHER & KENNEDY, P.A.

                             By: */s/* Mark S. O'Connor
                                  Mark S. O'Connor
                                  2575 East Camelback Road
                                  Phoenix, Arizona 85016-9225

                         LOPEZ McHUGH LLP
                              Ramon Rossi Lopez (CA Bar No. 86361)
                              (admitted *pro hac vice*)
                              100 Bayview Circle, Suite 5600
                              Newport Beach, California 92660

                         *Co-Lead/Liaison Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of April, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

/s/ Jessica Gallentine

6568067v2/26997-0001