Ramon Rossi Lopez – rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California  92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona  85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
| DORIS JONES,<br><br>Plaintiffs,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation,<br><br>Defendants. | **PLAINTIFF'S MOTION *IN LIMINE* #6 AND MEMORANDUM IN SUPPORT TO EXCLUDE EVIDENCE OR ARGUMENT THAT PLAINTIFF'S EXPERTS HAVE BEEN HIRED OR USED BY HER LAWYERS IN OTHER LITIGATION**<br><br>(The Honorable David G. Campbell)<br><br>(Oral Argument Requested) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT THAT PLAINTIFF'S EXPERTS HAVE BEEN HIRED OR USED BY HER LAWYERS IN OTHER LITIGATION**

Plaintiff moves *in limine* for an Order precluding evidence or argument alleging that Plaintiffs' experts were hired by these same lawyers in other litigation or anything similar.

**MEMORANDUM OF LAW**

In the recent *Booker* trial, lead Bard trial counsel Richard North asked Plaintiff's expert Dr. Robert McMeeking about his work in the Cook Medical IVC filter litigation

Q And were you retained in [the Cook IVC] litigation by *some of the same attorneys that retained you in this litigation*?

. . .

THE WITNESS: Yes, some of them are the same attorneys.

*Booker* Trial Transcript, Robert McMeeking Cross-Examination, Day 3, March 16, 2018, at 626:15-20 (emphasis added).  There are multiple evidentiary problems with this line of questioning.  To start with, the question has a misleading premise.  Despite Dr. McMeeking's answer in the affirmative, in fact none of Mrs. Jones' attorneys were involved in preparing Dr. McMeeking for his testimony in the Cook bellwether trial.  Although there is overlap between the *leadership groups* for the Plaintiffs in the Cook and Bard IVC filter MDLs, if Bard is allowed to ask these questions, then it opens the door to Plaintiffs being able to explain to the jury through their experts and other witnesses about what an MDL is, how MDL plaintiffs' counsel leadership groups work, and the thousands of cases against both Bard and Cook that have been filed in courts all over the country.

What Bard really seeks to do with this line of questioning is to overly emphasize the role of Plaintiff's counsel in matters beyond the Bard IVC filter litigation, as discussed in more detail in Plaintiff's concurrently-filed Motion in Limine No. 7 addressing lawyer advertising, which is incorporated here by reference.  The implicit message is that Plaintiff's attorneys are driving the litigation, hiring experts to sue multiple manufacturers in lawsuits all over the country.  Focusing the case and questioning witnesses on the role of Plaintiff's attorneys in the litigation is inappropriate and has nothing to do with Plaintiff's claims or any of Bard's defenses.  As such, this line of questioning directed at any of Plaintiff's experts is prohibited by Rules 402 and 403.  *See Ruzhinskaya v. HealthPort Technologies*, 2016 WL 7388371, at *7 (S.D.N.Y. 2016) (slip op.) (granting motion in limine to preclude argument that the lawsuit was "lawyer-driven"; "The Court will not permit HealthPort to defend this case by making insinuations or attacks directed at class-action lawyers. The case is to be defended solely on the merits."); *Hart v. RCI Hospitality Holdings, Inc.*, 90 F. Supp. 3d 250, 271-72 (S.D.N.Y. 2015) (granting motion

1  in limine to exclude evidence and argument regarding motivation and conduct of
2  plaintiffs' counsel and other attorney-related issues).

3        To be clear, Plaintiff is not seeking to exclude questioning or argument directed at Dr. McMeeking's or any other of Plaintiff's experts' testimony or opinions in any other litigation, including the Cook IVC filter litigation. Such inquiries are fair game to explore bias or undermine the expert's opinions, and Plaintiff will seek to do the same with Bard's witnesses. Nor is it improper to ask, as defense counsel did in the *Booker* trial, experts like Plaintiff's damages expert Lora White how many times they have worked for Plaintiff's attorneys' law firm, Gallagher & Kennedy. But it is improper and unfairly prejudicial to link an expert's work in the Cook IVC litigation to these "same attorneys" in Doris Jones' trial.

      Accordingly, Plaintiff respectfully requests an Order granting this motion and prohibiting at trial all evidence and argument relating to any of Plaintiff's experts working for these "same attorneys," or anything similar, in the Cook IVC litigation.

      RESPECTFULLY SUBMITTED this 18th day of April, 2018.

                  GALLAGHER & KENNEDY, P.A.

                  By: */s/ Mark S. O'Connor*
                      Mark S. O'Connor
                      2575 East Camelback Road
                      Phoenix, Arizona 85016-9225

                  LOPEZ McHUGH LLP
                      Ramon Rossi Lopez (CA Bar No. 86361)
                      (admitted *pro hac vice*)
                      100 Bayview Circle, Suite 5600
                      Newport Beach, California 92660

                  *Co-Lead/Liaison Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 18th day of April, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

                                                      */s/ Jessica Gallentine*