James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR NEW TRIAL PURSUANT TO RULE 59**<br><br>(Assigned to the Honorable David G. Campbell) |
| SHERR-UNA BOOKER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>C. R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, INC., an Arizona corporation,<br><br>Defendants. | **(Oral Argument Requested)** |

## MOTION

Pursuant to Federal Rule of Civil Procedure 59(a), Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") respectfully move this Court for an order granting a new trial on Plaintiff's strict liability and negligent failure to warn claims. Bard is entitled to a new trial because the jury's verdict is irreconcilably inconsistent as to Bard's failure to warn, because the elements are identical in Plaintiff's strict liability and negligence claims. In a concurrently filed motion under Federal Rule of Civil Procedure 50(b), Bard alternatively requests that judgment be entered in its favor as a matter of law.

This motion is supported by the accompanying memorandum of points and authorities, all pleadings, papers, and other documents on file with this Court, the minutes of the court clerk, and the reporter's transcripts of the trial.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction

Ms. Booker's case was the first bellwether trial in this MDL designed to assist the parties in reaching fair values for the claims brought by more than 3,700 plaintiffs, as well as many other plaintiffs with claims outside the MDL.  But the jury's inconsistent verdicts threaten to undermine this purpose: the jury found that Bard provided "an adequate warning of the G2 filter's potential dangers" and "adequately communicate[d] to Ms. Booker's physicians the warning provided" (Jury Instructions (Doc. 10589), at 18), but also that "Bard was negligent in failing to warn about the risks of the G2 IVC filter." (*Id.* at 21.) As a matter of law, if Bard's warning was adequate, then Bard could not have been negligent, especially in Georgia where the elements of negligent and strict liability failure to warn are *identical*. The Court should exercise its authority under Rule 59(a) concerning these inconsistent verdicts and order a partial new trial on the limited issue of failure to warn liability. Such a trial would preserve the jury's other distinct and separate findings and efficiently give the parties the clarity they need to apply these findings to other cases.[1]

---

[1] Bard also plans to file a Rule 50(b) motion on the issues of the jury's punitive damages award and negligent failure to warn verdict, which may render the instant Motion moot.

- 1 -

## II. Factual Background

In Instruction No. 15, the jury was provided a detailed page-and-a-half instruction regarding the law on Ms. Booker's strict liability failure to warn claim. (*See* Jury Instructions (Doc. 10589), at 18-19). The jury was instructed, *inter alia*:

- a manufacturer "may be liable to any person who is injured because of an inadequate warning;"
- to recover under strict liability based on an inadequate warning, Ms. Booker must establish "First, the warning given with the product was inadequate; Second, the inadequate warning existed at the time the product left the control of Bard; and Third, the inadequate warning was a proximate cause of Ms. Booker's injury";
- "Bard's duty to warn may have been breached by:  a) failing to provide an adequate warning of the G2 filter's potential dangers or b) failing to adequately communicate to Ms. Booker's physicians the warning provided";
- "You must decide whether adequate efforts were made by Bard to communicate all risks that were known or reasonably should have been known to Bard . . . and whether the warning that Bard communicated was adequate";
- "If you find by a preponderance of the evidence that Bard did not adequately warn when an adequate warning should have been given, and that this inadequate warning proximately caused Ms. Booker's injury, then you may find the G2 filter to be defective and for that reason, find that Ms. Booker is entitled to recovery."

(*Id.*)  Based on these Instructions, the jury entered the following verdict:

    2.     Strict Product Liability Failure to Warn Claim.

Do you find by a preponderance of the evidence that Bard is liable to Ms. Booker on the strict product liability failure to warn claim? ___ Yes  _X_ No

(Verdict Form (Doc. 10595), at 1.)

In Instruction No. 17, the jury was provided less than half-a-page of instructions that provided, *inter alia*, "Ms. Booker claims that Bard was negligent in failing to warn about the risks of the G2 IVC filter she received"; "Ms. Booker must prove . . . Bard breached that duty in the adequacy of the warnings about the G2 filter, [and] the breach was a proximate cause of her injury . . . ." (Jury Instructions (Doc. 10589), at 21.) Based on these Instructions, the jury entered the following verdict:

> 4.  Negligent Failure to Warn Claim
>
> Do you find by a preponderance of the evidence that Bard is liable to Ms. Booker on the negligent failure to warn claim?  _X_ Yes  ___ No

(Verdict Form (Doc. 10595), at 2.)

## III.   Argument and Citation of Authority

### A.   Applicable Legal Standards

A court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Specifically, a new trial may be granted where the jury renders an inconsistent verdict that cannot be reconciled. *See Floyd v. Laws*, 929 F.2d 1390, 1396 (9th Cir. 1991); *Toner v. Lederle Labs., a Div. of Am. Cyanamid Co.*, 828 F.2d 510, 512–13 (9th Cir. 1987) (considering consistency of the jury verdicts in light of the jury instructions, and noting that the law and the instructions required the jury to examine the case from two different points of view). When inconsistent general verdicts cannot be reconciled, the Court has the authority to order a new trial if the legal conclusions in the verdicts are predicated on one another. *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1034 (9th Cir. 2003) ("Unless one legal conclusion is the prerequisite for another, inconsistencies between them must stand."); *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 818 F. Supp. 2d 1193, 1221 (E.D. Cal. 2011) (ordering new trial on legally inconsistent verdict involving legal prerequisites); *see also Bonner v. Normandy Park*, No. C07-962RSM, 2009 WL 279070, at *1 (W.D. Wash. Feb. 2, 2009) (recognizing authority

under *Zhang* to order new trial); *Lam v. City of San Jose*, No. 14-CV-00877-PSG, 2016 WL 10654047, at *7 (N.D. Cal. May 13, 2016) (same); *see generally* Shaun P. Martin, *Rationalizing the Irrational: The Treatment of Untenable Federal Civil Jury Verdicts*, 28 Creighton L. Rev. 683, 708 (1995) (opining, after noting that many federal courts accept inconsistent general verdicts, that this view "is almost certainly wrong"; "There is no substantial justification for the judicial acceptance of flatly inconsistent civil jury verdicts simply because those irrational findings arise from general verdicts rather than other procedural devices [governed by Rule 49].").

**B.     Bard Is Entitled To a New Trial Due to the Jury's Inconsistent Verdicts**[2]

Under Georgia law, the elements of failure to warn under negligence and strict liability are *identical*. J. Kennard Neal and Catherine Payne, *Ga. Products Liability Law* § 8:1 (4th ed. 2018) ("Georgia has traditionally recognized failure to warn claims arising both in negligence and in strict liability. [H]owever, Georgia courts make no distinction between the two, but apply the same duty concepts and the same tripartite test of foreseeability.") (citations omitted); *Id.* at § 2:1 ("[I]n examining either type of claim, Georgia courts have consistently applied the same duty-based negligence analysis."); *see, e.g.*, *Shelton v. GALCO Int'l, Ltd.*, No. 3:16-CV-00033-TCB, 2017 WL 3597497, at *6

---

[2] Bard was not given the opportunity to object to the inconsistent general verdicts prior to the jury being discharged and thus did not waive its objection. (*See* Mar. 30, 2018, Trial Tr. at 2574:1 to 2583:17; 2617:11 to 2619:22.); *see also Flores v. City of Westminster*, 873 F.3d 739, 757 n.11 (9th Cir. 2017) (finding waiver where "[t]he parties were twice asked if they saw any reason the jury could not be discharged and did not object. *See L.A. Nut House v. Holiday Hardware Corp.*, 825 F.2d 1351, 1354–55 & n.3 (9th Cir. 1987) (discussing cases appropriately applying waiver)."); *Brandon v. Liddy*, No. CV-12-0788-PHX-FJM, 2014 WL 4304011, at *1 (D. Ariz. Sept. 2, 2014) (counsel specifically given opportunity to address any "issues with what the verdicts mean," but declined, resulting in waiver of objection to inconsistency in general verdicts); *see generally* 9-49 *Moore's Federal Practice - Civil* § 49.20 (2018) ("The Ninth Circuit distinguished the waiver cases on the basis that in nearly all of them, counsel had been given an opportunity to object to inconsistencies before the jury's discharge but that counsel had declined to do so. Thus, the Ninth Circuit reasoned, waiver would be an appropriate result in those instances where counsel had affirmatively misled the judge in order to get the jury dismissed prior to objecting to the inconsistency."). *Cf. Williams v. Bridgeport Music, Inc.*, No. LACV1306004JAKAGRX, 2015 WL 4479500, at *35 (C.D. Cal. July 14, 2015) (counsel was specifically "invited to move to correct the verdict if an inconsistent one were returned"), *aff'd sub nom. Williams v. Gaye*, 885 F.3d 1150 (9th Cir. 2018) (reversing district court's reconciliation of inconsistent general verdicts due to waiver).

(N.D. Ga. July 19, 2017) ("In a products liability case, whether or not grounded in a strict liability or negligence theory, a manufacturer's duty to warn depends on the foreseeability of the use in question, the type of danger involved, and the foreseeability of the user's knowledge of the danger.") (quotation omitted); *Wheat v. Sofamor, S.N.C.*, 46 F. Supp. 2d 1351, 1360 (N.D. Ga. 1999) ("With respect to claims for manufacturing defects, marketing defects and inadvertent design defects, there is no difference between liability based on strict product liability and liability based on negligence."); *see also Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 815 (11th Cir. 2010) (affirming summary judgment on plaintiff's strict liability and negligent failure to warn claims; "In standard products liability cases premised on a failure to warn, Georgia law insists that a plaintiff show that the defendant had a duty to warn, that the defendant breached that duty, and that the breach proximately caused the plaintiff's injury.").[3]

In fact, the Georgia Pattern Jury Instructions do not have a separate charge for negligent failure to warn, but rather have unified charges on inadequate warning. *See* Council of Superior Court Judges of Georgia, *Suggested Pattern Jury Instructions*, Vol. I: Civil Cases, 62.680-62.683 (5th ed. 2016); *see also Dorminey v. Harvill Mach., Inc.*, 141 Ga. App. 507, 508, 233 S.E.2d 815, 817 (1977) (no error in failing to charge jury on negligent failure to warn because all of plaintiff's contentions fell within the structure of strict liability; "a charge on negligence . . . may well have confused the jury"); *Restatement (Third) of Torts: Prod. Liab.* § 2, cmt. n (1998) ("[T]wo or more factually identical failure to warn claims should not be submitted to the trier of fact in the same

---

[3] Other federal courts also have recognized the lack of distinction under Georgia law. *See also Benefield v. Pfizer Inc.*, 103 F. Supp. 3d 449, 461 (S.D.N.Y. 2015) ("In Georgia, 'a claim for negligent failure to warn exists separately from strict liability claims.' But whether asserted in negligence or strict liability, a failure to warn claim has the same elements: a plaintiff must show . . . that a defendant had a duty to warn the plaintiff, that it breached that duty, and that the breach proximately caused the plaintiff's injury.") (citation omitted); *Holizna v. Boston Sci. Corp.*, No. 2:12-CV-06173, 2015 WL 2452480, at *3 n.1 (S.D.W. Va. May 21, 2015) (citation omitted) ("Georgia recognizes separate claims for strict liability failure to warn and negligent failure to warn. Georgia courts, however, analyze these separate claims together."); *see generally Ga. Products Liability Law* at § 3:1 ("Georgia courts have long noted the lack of a distinction between negligence and strict products liability.")

case under different doctrinal labels[,] whether 'strict liability,' [or] 'negligence.'" To do so "would generate confusion and may well result in inconsistent verdicts.").

Under Georgia law, whether premised on negligence or strict liability, Ms. Booker had to prove that "Bard had a duty to give an adequate warning of known or reasonably foreseeable dangers arising from the use of its G2 IVC filter." (Jury Instructions (Doc. 10589), at 18); *Shelton*, 2017 WL 3597497, at *6 (quoting *Chrysler Corp. v. Batten*, 450 S.E.2d 208, 211 (Ga. 1994)) ("[T]he duty to warn arises whenever the manufacturer knows or reasonably should know of the danger arising from the use of the product."). Under either theory, Ms. Booker also had to prove that Bard breached its duty to warn by "failing to provide an adequate warning of the G2 filter's potential dangers or failing to adequately communicate to Ms. Booker's physicians the warning provided." (Jury Instructions (Doc. 10589), at 18); (*see id.* at 21 (for the negligence claim, the jury was instructed that it must find that "Bard breached that duty in the adequacy of the warnings about the G2 filter")); *Shelton*, 2017 WL 3597497, at *7 ("Where a duty to warn exists, it may be breached by (1) failing to adequately communicate the warning to the ultimate user or (2) failing to provide an adequate warning of the product's potential risks.").[4]

Because the law of strict liability failure to warn and negligent failure to warn in Georgia are identical, reconciling the jury's verdicts that Bard provided an "adequate warning of the G2 filter's potential dangers" and "adequately communicate[d] to Ms. Booker's physicians the warnings provided," but that "Bard was negligent in failing to warn about the risks of the G2 IVC filter" is an impossible task. (Jury Instructions (Doc. 10589), at 18, 21.)  As to the strict liability claim, the jury found by following the detailed Instruction No. 15 that "adequate efforts were made by Bard to communicate all risks that

---

[4] *Accord Puckett v. Plastics Grp., Inc.*, No. 1:11-CV-1120-TCB, 2013 WL 11904721, at *3 (N.D. Ga. Jan. 17, 2013) (applying Georgia law to plaintiff's failure to warn claim premised on both negligence and strict liability), *aff'd*, 561 F. App'x 865 (11th Cir. 2014); *Wright v. Farouk Sys., Inc.*, No. 3:09-CV-92-TCB, 2011 WL 13176233, at *16 (N.D. Ga. Dec. 21, 2011) (applying Georgia law to plaintiff's failure to warn claim premised on both negligence and strict liability), *aff'd in part, vacated in part, remanded*, 701 F.3d 907 (11th Cir. 2012) (affirming summary judgment on plaintiff's failure to warn claims).

- 6 -

were known or reasonably should have been known to Bard, to the physician who implanted the G2 filter in Ms. Booker, and [that] the warning that Bard communicated was adequate." (*Id.* at 19); *see Westinghouse Elec. Corp. v. Gen. Cir. Breaker & Elec. Supply Inc.*, 106 F.3d 894, 901 (9th Cir. 1997) (citations omitted) ("[W]e must assume that the jury followed the trial court's instructions. Therefore we must assume the jury found certain facts" in accordance with the instruction when rendering its general verdict).

Upon these findings, the jury must—as a matter of law and logic—also have found in favor of Bard on Ms. Booker's negligent failure to warn claim because Bard necessarily cannot have been "negligent in failing to warn about the risks of the G2 IVC filter," as discussed in Instruction No. 17. (Jury Instructions (Doc. 10589), at 21.)  The only way the jury could find Bard breached its duty to warn was "in the adequacy of the warnings about the G2 filter." (*Id.*) But the jury had already found that Bard did not breach its duty to provide adequate warnings about the G2 filter under the governing law in Instruction No. 15. In fact, the jury necessarily found that Bard did not breach its "continuing duty to adequately warn of defects in [the G2 filter] even after that product has left the control of [Bard]." (*Id.* at 19.) Therefore, the jury's findings are fatally inconsistent.

Indeed, federal appellate courts around the country have recognized the implicit irreconcilability of inconsistent verdicts for the defendant on strict liability failure to warn but for the plaintiff on negligent failure to warn; the courts remedied the consistency by ordering new trials. *See, e.g.*, *Moeller v. Garlock Sealing Techs., LLC*, 660 F.3d 950, 958 (6th Cir. 2011) (Guy, J., concurring) (applying Kentucky law) (finding additional ground for reversal where "the jury's affirmative finding on the question of negligence [failure to warn] was fatally inconsistent with its contrary finding for [defendant] on the strict liability claim."); *Kosmynka v. Polaris Indus.*, 462 F.3d 74, 87 (2d Cir. 2006) (applying New York law) (where jury found for defendant on strict liability and for plaintiff on negligence, court vacated judgment and remanded for retrial); *Oja v. Howmedica, Inc.*, 111 F.3d 782, 791-92 (10th Cir. 1997) (applying Colorado law) (vacating judgment and ordering a new trial after concluding that a jury's verdict was "facially inconsistent"

1   where the jury found for defendant on the strict liability failure to warn claim, but for
2   plaintiff on the negligent failure to warn claim); *Tipton v. Michelin Tire Co.*, 101 F.3d
3   1145, 1150-51 (6th Cir. 1996) (applying Kentucky law) ("[T]he jury found no defective
4   product for purposes of the strict liability claim, but did find that the product was
5   defective for purposes of the negligence claim. That finding, we believe, is legally
6   inconsistent."); *Repola v Morbark Industries, Inc*. 934 F2d 483 (3d Cir. 1991) (applying
7   New Jersey law) (jury verdict finding in favor of plaintiff on negligence is irreconcilably
8   inconsistent with jury verdict finding in favor of defendant on parallel strict liability
9   failure to warn claim, necessitating new trial); *Witt v. Norfe, Inc.*, 725 F.2d 1277, 1279
10  (11th Cir. 1984) (applying Florida law) (new trial necessary because it was inconsistent
11  for jury to find that a product was not defective for purposes of strict liability and yet that
12  it was defectively and negligently designed); *Werner v. Upjohn Co.*, 628 F.2d 848, 860
13  (4th Cir. 1980) (applying Maryland law) ("The effect of the jury verdict on negligence
14  was to find that Upjohn failed to use due care to give an adequate warning of the
15  propensities of the drug marketed, and, in the same breath, the verdict on strict liability
16  found that the drug marketed with such an inadequate warning was not unreasonably
17  dangerous. The verdicts in the context of this failure to warn case involving prescription
18  drugs are obviously inconsistent and cannot stand.").[5]

---

[5] *See also Sprankle v. Bower Ammonia & Chem. Co.*, 824 F.2d 409, 413 n.5 (5th Cir. 1987) (citation omitted) ("[A]lthough a jury finding against a claim of negligent failure to warn may not preclude a finding of strict liability, a jury finding against strict liability for failure to warn necessarily precludes a finding in favor of the plaintiff on a negligence theory."); *Trejo v. Johnson & Johnson*, 220 Cal. Rptr. 3d 127, 147 (Cal Ct. App. 2017), *review denied* (Cal. Oct. 11, 2017) ("[T]he jury's finding of negligent failure to warn was logically and legally inconsistent with the finding of no strict products liability failure to warn."); *Hauenstein v Loctite Corp.* 347 N.W.2d 272 (Minn. 1984) (jury's findings of negligent failure to warn, but no strict liability, were irreconcilably inconsistent, since there was no significant difference between the negligence and strict liability theories where the standard for the duty to warn in strict liability cases is based upon concepts of negligence); *see generally* 1 Owen & Davis on Prod. Liab. § 5:29 (4th ed. 2017) ("[M]ost courts have convincingly reasoned that a negligence finding is necessarily inconsistent with a finding that a product was not defective. In such a case, a jury's rendering of two fatally inconsistent findings normally invalidates the verdict, requiring that the verdict be vacated and a new trial granted."); *Products liability: inconsistency of verdicts on separate theories of negligence, breach of warranty or strict liability*, 41 A.L.R.4th 9 § 2[A] ("[I]f the alleged faults underlying the negligence and strict liability claims are

- 8 -

The jury's inconsistent verdicts in Ms. Booker's case presents the precise situation contemplated in *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1034 (9th Cir. 2003), warranting a new trial where one legal conclusion is the prerequisite for another—even more than a prerequisite here because the claims are identical under Georgia law. As many courts have done when faced with verdicts of no liability on strict liability failure to warn but liability on negligent failure to warn, this Court should order a new trial on Ms. Booker's failure to warn claim. Such an order is particularly just given that Ms. Booker's case is the first bellwether trial.

**C.   A New Trial Should Be Limited to the Issue of Bard's Liability**

Federal Rule of Civil Procedure 59(a) provides that this Court may "grant a new trial on all or some of the issues . . . ." "[A] partial new trial 'may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice.'" *See Masson v. New Yorker Magazine*, 832 F. Supp. 1350, 1377 (N.D. Cal. 1993) (citing *Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931)).  Here, the jury made express findings on the discrete issues on Plaintiff's strict liability and negligent design claims, Dr. Amer's negligence, as well as compensatory and punitive damages. These findings can be easily severed without injustice from the issue of Bard's liability for strict liability and negligent failure to warn.

Courts have often held that the core issues of liability and damages are severable and a new trial may be required for only one of the two issues. Often, the only remaining issue requiring retrial is damages. *See, e.g.*, *Wharf v. Burlington N. R.R.*, 60 F.3d 631, 638 (9th Cir. 1995). But it also may be appropriate to have a new trial focusing solely on liability. For example, the Fifth Circuit held in *Pressey v. Patterson*:

> If the liability and damages issues are sufficiently independent, we may direct a new trial on liability while preserving the damages awards from the earlier trial. We are persuaded that the liability and damages issues are

---

clearly the same, the courts have commonly ruled that a finding of negligence but no strict liability cannot be sustained.").

- 9 -

> sufficiently independent to preserve the jury's findings on damages. **If in the new liability trial the jury finds the city liable, the elements of recoverable damages will be identical to those considered by the jury in the first trial**. In other words, except in the sense that the plaintiff will recover no damages unless he prevails on liability issues, the question of damages is entirely independent of the question of liability.

898 F.2d 1018, 1024 (5th Cir. 1990) (emphasis added). *See also Crane v. Consolidated Rail Corp.*, 731 F.2d 1042, 1051 (2d Cir. 1984) (reversing district court order for new trial on damages in retrying other issues, as nothing in the record showed a need for a new jury to revisit the issue of damages, and first jury's verdict must be honored); *Akermanis v. Sea- Land Serv.*, 688 F.2d 898, 906 (2d Cir. 1982) (new trial limited to liability, not damages, because jury answered detailed interrogatories regarding the aggregate damages and made an allocation based on contributory negligence).

Moreover, the jury's findings on Ms. Booker's strict liability and negligent design claims should be preserved in a new trial. The jury was unequivocal in finding that Bard is not liable to Ms. Booker for strict product liability design defect or negligent design of the G2 filter. (*See* Verdict Form (Doc. 10595), at 1-2.) The jury was separately instructed as to how to find liability based on Bard's design of the G2 filter in Instruction Nos. 14 and 16. (*See* Jury Instructions (Doc. 10589).) These issues are independent, distinct, and can be easily severed from Plaintiff's failure to warn claims.

Furthermore, the jury's findings that Dr. Sarwat Amer was negligent likewise should be preserved in a new trial. The jury was instructed as to how to find negligence on the part of Dr. Amer and indeed found that his negligence "caused or contributed to Ms. Booker's injuries," apportioning twenty percent of the fault to him, (Verdict Form (Doc. 10595), at 2), by following Instruction Nos. 18 and 20. (*See* Jury Instructions (Doc. 10589).) The negligence finding as to Dr. Amer is not dependent upon or inextricably interwoven with the jury's findings regarding Bard's liability for failure to warn. Therefore, a new trial should not revisit those findings. *See, e.g.*, *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 774 (9th Cir. 1981) (new trial limited to discrete negligence claim from one accident, and would not reach claims relating to three other accidents).

1    Accordingly, any new trial in this case should not encompass revisiting the jury's
2    findings on strict liability and negligent design, the apportionment of fault between Bard
3    and Dr. Sarwat Amer, or the compensatory and punitive damages in this case.

**D.    Bard Is Entitled To a New Trial Because the Jury's Verdict Is Against the Weight of the Evidence**

If the Court finds that judgment as a matter of law, as addressed in Bard's Rule 50(b) Motion, is inappropriate, then the Court should order a new trial because the jury's verdict is against the clear weight of the evidence. The Court has discretion to grant a new trial when "the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent a . . . miscarriage of justice." *Rattray v. City of National City*, 51 F.3d 793, 800 (9th Cir. 1994) (quoting *Roy v. Volkswagen of National City*, 51 F.3d 793, 800 (9th Cir. 1990) (ellipsis in original)). Unlike a motion for judgment as a matter of law, "[t]he existence of substantial evidence does not [] prevent the court from granting the motion for a new trial pursuant to Fed.R.Civ.P. 59 if the verdict is against the clear weight of evidence." *Landes v. Constr. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987).

In fact, "Upon the Rule 59 motion of the party against whom a verdict has been returned, the district court has the duty . . . to weigh the evidence as [the court] saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where in [the court's] conscientious opinion, the verdict is contrary to the clear weight of the evidence." *Molski v. M.S. Cable Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (internal quotations omitted.) Moreover, the Court "need not view the evidence from the perspective most favorable to the prevailing party." *Landes*, 833 F.2d at 1371. Ultimately, the Court should grant a new trial where, after giving full respect to the jury's findings, the Court is left with the definite and firm conviction that the jury made a mistake. *Id.* at 1371-72 (citations omitted). Indeed, "it is to be expected that [the Court] will grant a new trial." *Id.* at 1371.[6]

---

[6] Bard also notes the Court "is not limited to the grounds a party asserts to justify a new

- 11 -

As demonstrated in Bard's concurrently-filed Rule 50(b) Motion, the trial record contains legally insufficient evidence to uphold the jury's verdict that Bard negligently failed to warn Dr. D'Ayala about the risks of the G2 filter that Ms. Booker received. Even if the Court finds there is sufficient evidence to support the jury's verdict, the jury's verdict is contrary to the clear weight of the evidence presented at trial. The clear weight of the evidence shows that Bard conscientiously and properly designed the G2 filter, followed FDA's Guidance throughout the G2 filter's development, worked with the FDA during and after the 510(k) clearance process, adequately warned about the risks of the G2 filter, and adequately communicated those risk to Dr. D'Ayala. Based on this evidence, the jury found Bard was not strictly liable to Ms. Booker for the adequacy of the warnings, including the adequacy of the communication to Dr. D'Ayala. (*See* Verdict Form (Doc. 10595), at 1; Jury Instructions (Doc. 10589), at 18-19.) Thus, it is apparent after giving full respect to the jury's findings, that upon review of the clear weight of the evidence presented at trial, "the jury has made a mistake," and should have found that Bard was not negligent in failing to warn Dr. D'Ayala. *Landes*, 833 F.2d at 1371. Accordingly, this Court should order a new trial on Bard's liability for failure to warn.

## CONCLUSION

For the foregoing reasons, this Court should order a new trial due to the inconsistent, irreconcilable verdicts of the jury in this case. The new trial should be limited to Bard's alleged liability for failure to warn for the reasons stated above. Alternatively, this Court should order a new trial because the jury's verdict is against the weight of the evidence.

RESPECTFULLY SUBMITTED this 23rd day of April, 2018.

s/ Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner

---

trial, but may sua sponte raise its own concerns about the [] verdict" and grant a new trial "on any ground necessary to prevent a miscarriage of justice." *Experience Hendrix L.L. C. v. Hendrixlicensing.com Ltd*, 762 F.3d 829, 842 (9th Cir. 2014) (citing Rule 59(d)).

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of April, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

s/ Richard B. North, Jr.<br>
Richard B. North, Jr.