James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*



**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

IN RE: Bard IVC Filters Products Liability Litigation,

DORIS JONES and ALFRED JONES, a married couple,

Plaintiffs,

v.

C. R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, INC., an Arizona corporation,

Defendants.

No. 2:15-MD-02641-DGC

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 6 TO EXCLUDE EVIDENCE THAT PLAINTIFF'S EXPERTS WERE HIRED BY HER LAWYERS IN OTHER LITIGATION**

(Assigned to the Honorable David G. Campbell)

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") submit this response in opposition to Plaintiff's Motion *in Limine* No. 6 which seeks to exclude evidence that Plaintiff's experts have been hired by her attorneys in other cases.[1] Specifically, Bard requests this Court deny the Plaintiff's Motion on the grounds that the evidence sought to be excluded is relevant and admissible to show witness bias and Plaintiff has offered no valid legal argument for exclusion.

**Plaintiff's Motion seeks to exclude relevant, admissible evidence of witness bias and should, therefore, be denied.**

"Federal courts have adopted a liberal attitude toward the admission of evidence, otherwise irrelevant and prejudicial, to show bias on the part of a witness." *Plough v. Baltimore & O.R. Co.*, 164 F.2d 254, 255 (2d Cir. 1947). Indeed, the Supreme Court has "recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Davis v. Alaska*, 415 U.S. 308, 316–17, 94 S. Ct. 1105, 1110, 39 L. Ed. 2d 347 (1974); *see also United States v. Abel*, 469 U.S. 45, 52, 105 S. Ct. 465, 469, 83 L. Ed. 2d 450 (1984) ("Proof of bias is almost always relevant").

Courts which have addressed this issue generally admit evidence concerning an expert witness' relationship with the attorney who hired the expert – including whether the expert has testified for the same attorney in other cases. *See Shaheen v. Advantage Moving & Storage, Inc.*, 369 Ill. App. 3d 535, 543-44, 860 N.E.2d 375, 383 (2006) ("Courts generally admit evidence that an expert … testified for the same attorney in other cases."); *Goldberg v. Boone*, 396 Md. 94, 117, 912 A.2d 698, 711 (2006) (holding that "whether the witness is frequently employed by a particular party or attorney … [is]

[1] Plaintiff's motion concedes that expert witnesses may be cross-examined regarding testimony or opinions offered in other litigation – including the Cook IVC filter litigation – and, thus, Bard's response does not address that issue. *See* Plaintiff's MIL No. 6, Doc. No. 10818, at 3:3-7 ("To be clear, Plaintiff is not seeking to exclude questioning or argument directed at Dr. McMeeking's or any other of Plaintiff's experts' testimony or opinions in any other litigation, including the Cook IVC filter litigation. Such inquiries are fair game to explore bias or undermine the expert's opinions, and Plaintiff will seek to do the same with Bard's witnesses.").

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

appropriate … to expose an expert witness's bias" and admitting evidence that expert had testified in about 25 other cases for plaintiff's attorney); *Sears v. Rutishauser*, 102 Ill. 2d 402, 411, 466 N.E.2d 210, 214 (1984) (recognizing that "a majority of jurisdictions that have considered this issue have ruled that a medical may be cross-examined concerning the number and frequency of referrals from an attorney."); *Smith v. Transducer Technolgy, Inc.*, No. CIV. 1995/28, 2000 WL 1717334, at *2 (D.V.I. Nov. 16, 2000) (fact that expert witnesses often testify in cases for plaintiff's attorney relevant to consideration of witnesses' bias); *Campos v. MTD Prod., Inc.*, No. 2:07-0029, 2009 WL 920337, at *4 (M.D. Tenn. Apr. 1, 2009) (recognizing relevance of evidence that witness provided "expert services performed on behalf of the defendant and defendant's counsel in other cases."); *Bello v. Horace Mann Companies*, No. CV 07-4793, 2010 WL 11541596, at *2–3 (E.D. La. Mar. 11, 2010) ("…the financial relationship between a party and an expert witness is relevant to show bias.").

Here, Plaintiff seeks to exclude evidence of Dr. Robert McMeeking's sworn testimony that he was "retained in [the Cook IVC] litigation by some of the same attorneys that retained [him] in this litigation[.]" (Plaintiff's MIL No. 6, Doc. No. 10818, at 2:1-3). Evidence that any of Plaintiff's experts have been retained by her attorneys in other cases, however, is exactly the type of evidence courts have held to be relevant and admissible to show witness bias. *See Shaheen*, 369 Ill. App. 3d at 543-44, 860 N.E.2d at 383 ("Courts generally admit evidence that an expert … testified for the same attorney in other cases."). Moreover, Plaintiff seems to concede this point in her own motion acknowledging the admissibility of evidence regarding the frequency with which Plaintiff's experts have worked with her attorneys.[2]

[2] "Nor it is improper to ask … experts like Plaintiff's damages expert Lora White how many times they have worked for Plaintiff's attorneys' law firm, Gallagher & Kennedy." (Plaintiff's MIL No. 6, Doc. No. 10818, at 3:7-9).

Nelson Mullins Riley & Scarborough L.L.P. 201 17th Street NW, Suite 1700 Atlanta, GA 30363 (404) 322-6000

In fact, aside from her conjecture that Bard intends to cast this case as "lawyer-driven"[3], the only argument Plaintiff makes for excluding the disputed portion of Dr. McMeeking's testimony is its alleged inaccuracy.[4] Yet, Plaintiff has not submitted any evidence – other than her bare assertion – that Dr. McMeeking's testimony is inaccurate. Furthermore, her argument conflates her attorneys' *retention* of Dr. McMeeking in other cases with their alleged lack of involvement in *preparing* Dr. McMeeking for his testimony in the Cook IVC cases. The question posed to Dr. McMeeking asked if he was "*retained* in [the Cook IVC] litigation by some of the same attorneys that *retained* [him] in this litigation?" (Plaintiff's MIL No. 6, Doc. No. 10818, at 2:1-3) (emphasis added). Dr. McMeeking's affirmative answer is accurate because Plaintiff's attorneys in this case are heavily involved in the Cook IVC filter litigation – Mr. Ramon Lopez is on the Plaintiffs' Executive Committee for the Cook MDL and Mr. Paul Stoller (of Gallagher & Kennedy) is on the Plaintiffs' Steering Committee for the Cook MDL. Even if, *arguendo*, Dr. McMeeking's testimony is mistaken, however, slight factual inaccuracies in an expert's testimony are proper subjects for cross-examination – not grounds for exclusion. *See Nisus Corp. v. Perma-Chink Sys., Inc.*, No. 3:03-CV-120, 2005 WL 6112992, at *7 (E.D. Tenn. May 27, 2005) (holding that factual inaccuracies in expert's report were "proper subjects for cross-examination" but did not warrant exclusion of expert's testimony). Finally, whether some of Plaintiff's attorneys retained Dr. McMeeking in the Cook IVC litigation is a simple concept which will not require, as Plaintiff suggests, a mini-seminar for the jury on multi-district litigation.

**CONCLUSION**

For these reasons, Bard respectfully requests that this Court deny the Plaintiff's Motion *in Limine* No. 6.

---

[3] This argument is discussed in more detail in Bard's Response in Opposition to Plaintiff's Motion in Limine No. 7.

[4] "Despite Dr. McMeeking's answer in the affirmative, in fact none of Mrs. Jones' attorneys were involved in preparing Dr. McMeeking for his testimony in the Cook bellwether trial." (Plaintiff's MIL No. 6, Doc. No. 10818, at 2:6-8).

RESPECTFULLY SUBMITTED this 24th day of April, 2018.

s/ Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of April, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

s/ Richard B. North, Jr.
Richard B. North, Jr.