James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT THAT BARD EMPLOYEES' FAMILY MEMBERS OR FRIENDS HAVE BARD IVC FILTERS** |
| DORIS JONES and ALFRED JONES, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>C. R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, INC., an Arizona corporation,<br><br>Defendants. | (Assigned to the Honorable David G. Campbell) |

- 1 -

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Defendants" or "Bard") submit this opposition to Plaintiff's Motion *in Limine* #5 to Exclude Evidence of Bard Employees' Family Members or Friends Having Bard IVC Filters (Doc. 10817).

Relevant evidence may only be excluded "if its probative value is *substantially* outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added). "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis..." *Id*., Adv. Comm. Notes.

Although Plaintiff asserts her claims against Bard, they are, by extension, directed against Bard's employees. By bringing negligence, fraudulent concealment, and punitive damages claims, Plaintiff puts the conduct and credibility of Bard's employees at issue. Employees who have, in many cases, dedicated years of their lives to designing, testing, and monitoring the safety of Bard's IVC filters. Plaintiff's claims are all based on those employees' knowledge of alleged risks with Bard's IVC filters, and disregarding or concealing those risks. During the *Booker* trial, Plaintiff argued that:

> this case is about Bard knowingly and deliberately choosing the wrong paths and the wrong choices, and those choices always best suited their needs, their wants, their commercial interests, and never the path that would have spared good, decent people like Sheri Booker from being exposed to the product that they knew was dangerous, that they knew needed to be fixed, that they knew how to fix and didn't do it."

Trial Tr. Day 11, March 29, 2018, Pl.'s Closing Argument, at 2484:20 – 2485:2. And, moreover, Plaintiff attacks the credibility of Bard's employees on these issues. *See e.g.*, Trial Tr. Day 10, March 28, 2018, Chad Modra Cross-Examination, at 2376:3 – 2377:1 (suggesting that because Mr. Modra discussed MAUDE data in terms of "numbers" and "rates", that he did not understand or was simply uncaring that the reported data involved actual patients); Trial Tr. Day 11, March 29, 2018, Pl.'s Closing Argument, at 2511:14-17

(arguing Bard's employees acted with "conscious indifference to consequences, when they put out a device on the market that they have no idea is safe and effective.").

Now, without pointing to any specific prejudice, Plaintiff seeks to deprive Bard's employees from defending themselves against Plaintiff's accusations that they knowingly endangered the public and acted with reckless indifference. The public includes Bard's employees' friends and families. The fact that some employees recommended Bard's filters to their loved ones demonstrates that they did not, as Plaintiff argues, know Bard's filters were dangerous. It further demonstrates that they did not act with "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to the consequences." O.C.G.A. § 51-12-5.1(b). As a result, these statements are highly relevant.

Furthermore, these statements are not offered to suggest the medical similarity to the plaintiff at issue. Rather, they are only offered to negate Plaintiff's attacks on their conduct and credibility, and it is clear that this is the only relevant context for these statements.[1] Plaintiff challenges two single sentences of testimony by Bard witnesses, one offered during cross-examination. These two sentences do not "create[] side issues that will waste time at trial," as Plaintiff alleges. The jury understands that there are generally different Bard IVC filters, and each filter has different uses for different patients. There will not be any juror confusion as to the narrow but critical importance of these

---

[1] Plaintiff cites *In re Prempro Prod. Liab. Lit.*, 2006 WL 3806391 (E.D. Ark. 2006) in support of her motion. That decision, however, has little persuasive value, since the plaintiffs' motion in that case was unopposed. A similar motion was opposed in *In re: Tylenol (Acetaminophen) Marketing*, 2016 WL 3125428 (E.D.Pa.). There, the court denied the motion in part, allowing testimony about the plaintiffs' witnesses and experts personally using Tylenol as relevant to causation and credibility. In any event, these pharmaceutical cases are different from the situation at issue here because the products at issue in those cases required prolonged use, or over-use, for the injury to occur. As a result, testimony that an employee occasionally used the medication had much less relevance, and required more investigation into the employees' specific usage and medical history, than the implantation of an IVC filter could possibly necessitate. Moreover, the proposed testimony in the pharmaceutical cases appears more extensive than this case. As a result, the two single sentences identified in Plaintiff's motion do not create "unfair prejudice."

statements. These two statements are no more prejudicial than the other incident evidence Plaintiff intends to offer, which similarly provide no specific medical background.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Motion *in Limine* in its entirety.

RESPECTFULLY SUBMITTED this 25th day of April, 2018.

s/ *Richard B. North, Jr.*
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
JCondo@swlaw.com
ASheridan@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

- 4 -

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of April, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

s/ Richard B. North, Jr.
Richard B. North, Jr.

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000