# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION | No. MD-15-02641-PHX-DGC |
| THIS DOCUMENT RELATES TO:<br>*Betsie Dean v. C.R. Bard, Inc., et al.* | No. CV-17-03288-PHX-DGC |

**DECLARATION OF BLAIR B. MATYSZCZYK IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD**

I, BLAIR B. MATYSZCZYK , hereby declare as follows:

1. My name is Blair B. Matyszczyk and I am an attorney practicing at the law firm of Bertram & Graf, L.L.C.'s office in Kansas City, Missouri. Additional counsel of record includes Benjamin A. Bertram, Esq., of Bertram & Graf, L.L.C.

2. This Declaration is submitted in support of the Motion to Withdraw as Counsel of Record ("Motion to Withdraw") filed on behalf of all Plaintiff's counsel identified in paragraph 1.

3. I make this Declaration based upon my personal knowledge and would competently testify to the matters set forth herein if called as a witness.

4. Pursuant to CMO 5 the deadline for serving a Plaintiff Profile From ("PPF") was November 21, 2017.

5. On September 22, 2017, a letter was sent via Federal Express to Plaintiff regarding the return of her PPF.

6. Plaintiff has not responded to the letter that was sent on September 22, 2017.

7. On November 20, 2017, our office sent Plaintiff an e-mail message to follow up on the return of her PPF.

8. Plaintiff has not responded to the e-mail sent on November 20, 2017.

9. Our office made at least three phone call attempts on November 20, 2017, but encountered a busy signal on each occasion.

10. On November 20, 2017, counsel for Plaintiff requested a twenty (20) day extension to serve Plaintiff's PPF, which was granted by counsel for Defendants.

11. As of November 29, 2017, Plaintiff had not returned a completed PPF.

12. On November 29, 2017, multiple phone calls were made to Plaintiff and on each occasion our office continued to encounter busy signals.

13. On December 4, 2017, counsel spoke with Plaintiff's husband and he indicated that Plaintiff had told him that she was going to call us during the previous week.

14. On December 5, 2017, counsel received a voice mail from Plaintiff at 6:30 a.m. and tried to return the call during office hours but Plaintiff's voice mailbox was full.

15. On December 6, 2017, counsel for Plaintiff sent an e-mail to Plaintiff regarding her unreturned PPS and the urgency with which we needed to speak with her.

16. Counsel has not received a response from Plaintiff since December 5, 2017.

17. On December 11, 2017, having not received Plaintiff's completed PPF, counsel for Plaintiff requested a ten (10) day extension to serve Plaintiff's PPF, which was granted by counsel for Defendants.

18. On December 11 and December 20, 2017, counsel was able to leave voice mail messages for Plaintiff indicating that she need to call our office.

2

19. On February 2, 2018, counsel attempted to contact Plaintiff through social media as well as text messaging.

20. Plaintiff and has not responded to any additional efforts to contact her at any time since December 2017.

21. As of the date of this Declaration, counsel for Plaintiff have no explanation as to why she has not responded to the multiple attempts to contact her or returned a completed PPF with signed Authorizations.

22. As of the date of this Declaration, Plaintiff has not advised any of the attorneys identified herein as to whether she intends to provide a completed PPF with signed Authorizations and otherwise attempt to comply with the deadlines set forth in CMO 5.

PURSUANT TO 28 U.S.C. § 1746, I HEREBY SWEAR THE FOREGOING STATEMENTS ARE TRUE AND ACCURATE UNDER PENALTY OF PERJURY.

Date: April 24, 2018                               /s/ Blair B. Matyszczyk
                                                   BLAIR B. MATYSZCZYK, ESQ.

3