James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Telephone: (602) 382-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* #1 UNRELATED MEDICAL ISSUES RELATING TO USE OF NSAIDS** |

This is the first of four motions in limine in which Ms. Jones attempts to exclude her medical condition from evidence, and prevent the jury from considering all the relevant facts and circumstances in deciding this case. The motion should be denied and the evidence allowed. When Ms. Jones filed this lawsuit and made allegations of injuries she contends are related to the filter, she put her medical condition in issue, including her pre-existing and on-going medical conditions that caused or contributed to her need for a filter and caused or contributed to her alleged injuries. Ms. Jones claims shortness of breath, dizziness and

1  "tiredness" as a result of a retained filter strut in her pulmonary artery.  (Deposition of Doris
2  Jones, 54:1-3, attached as Exhibit A).

3      Ms. Jones suffers from gastric ulcers and gastrointestinal bleeds as a result of her
4  chronic use of NSAIDs, despite continuing medical advice not to use them.  Her medical
5  conditions are inter-related. For example, her gastrointestinal bleeds contribute to her pre-
6  existing condition of anemia (that she also attempts to exclude), and those conditions, including
7  the use of NSAIDs are what necessitated the need for the implant of a filter.

8      In 2010 (before she received the Eclipse Filter), the plaintiff presented to the hospital
9  with a history of blood clots and gastrointestinal bleeds and complained of  "fatigue and
10 dizziness" (two of the symptoms she attributes to the filter). At that time, it was also noted she
11 REDACTED                              Deposition of Dr. Anthony Avino, Exhibit 4027, attached as
12 Exhibit B).  REDACTED
13 
14                         Dr. Avino, the physician who implanted the filter, REDACTED
15 
16 
17 
18 (Deposition of Dr. Avino, page 113, attached as Exhibit C).   In 2016, after her filter was
19 retrieved, she again presented to the hospital with a GI bleed, and she admitted to taking both
20 Aleve and aspirin.  (Deposition of Dr. Colleen Taylor, Exhibit 4, attached as Exhibit D).

21     Under Georgia law, it is axiomatic that the jury is entitled to evaluate all of Ms. Jones
22 medical conditions to determine whether her current alleged symptoms were proximately caused
23 by the filter or whether they are the result of her pre-existing and on-going medical conditions,
24 including those caused by her continued used of NAISDs . See, *Levine v. Choi,* 240 Ga. App.
25 384, 385 (1999).  Further, a defendant is entitled to thoroughly cross examine the plaintiff
26 concerning other medical conditions to show that the injuries at issue are not the result of the
27 defendant's actions. *Lindsey v. Turner*, 279 Ga. App. 595, 597 (2006) ( "Lindsey also argues
28 that Turner should not have been permitted to question him about "wholly unrelated" injuries

1  allegedly incurred <u>prior to and after</u> the collision. But 'evidence concerning a plaintiff's 'other'
2  injuries may be admissible to show that the injuries currently at issue are not the result of the
3  defendant's alleged negligence.") (Emphasis added). It is for the jury to decide whether the
4  plaintiff's on-going use of NSAIDs caused or contributed to her current medical conditions. *Id*.

5       The plaintiff's use of NSAIDs is also admissible to address the opinions offered by the
6  plaintiff's expert witnesses. Bard incorporates its response to Plaintiff's MIL No. 3.
7  Accordingly, because the evidence relating to Ms. Jones medical conditions, including her on-
8  going use of NSAIDs is relevant to the issues of causes and damages, the plaintiff's motion
9  should be denied.

10       RESPECTFULLY SUBMITTED this 25th day of April, 2018.

s/ *Richard B. North, Jr.*
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
JCondo@swlaw.com
ASheridan@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25th, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

                                                s/ Richard B. North, Jr.
                                                Richard B. North, Jr.

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street, N.W., Suite 1700
Atlanta, GA 30363
(404) 322-6000