James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Telephone: (602) 382-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* #2 TO EXCLUDE EVIDENCE OF UNRELATED MEDICAL ISSUES RELATING TO ANEMIA AND PERSCRIPTIONS** |

The plaintiff's medical condition is directly relevant to her claims in this case. The plaintiff argues that evidence of her untreated anemia should be excluded because she claims that it is unrelated to her IVC filter and her alleged injuries. However, the plaintiff's anemia is directly relevant to the alleged symptoms she relates to the filter and to the allegations that she has an increased and continuing risk of developing a blood clot and pulmonary embolism because of the Eclipse filter strut in her pulmonary artery. Thus, whether the filter strut, as opposed to alternate causes like anemia, are the cause of her

1  injuries risk and the extent to which it may be will become prominent issues at trial.
2  Accordingly, the evidence should be admissible under Rule 401, and the plaintiff's motion
3  should be denied.

4  Under Georgia law, a plaintiff cannot recover for injuries sustained as a result of a
5  defendant's actions unless the plaintiff shows that those actions were the proximate cause
6  of the injury. *Blosfield v. Hall*, 236 Ga. App. 286 (1999).  Evidence that a plaintiff's
7  alleged injuries are pre-existing or caused by another source is directly relevant to the
8  claims of proximate cause. Id., See, *Levine v. Choi*, 240 Ga. App. 384, 385 (1999), citing
9  *Duncan v. Randolph*, 236 Ga. App. 466. 568 (1999) and *Blosfield*.

10  The plaintiff testified that she attributes "tiredness" to the filter strut in her
11  pulmonary artery. (Deposition of Doris Jones, 54:1-3, attached as Exhibit A).  Further, the
12  plaintiff's cardiothoracic surgery, hematology, and interventional radiology experts opine
13  that the plaintiff is at increased risk of clot development and pulmonary embolism because
14  of the filter strut in her pulmonary artery.[1]

15  In 2010, REDACTED
16  REDACTED (Deposition of Dr. Anthony Avino, Exhibit 4027, attached as Exhibit E) Dr.
17  Avino, who implanted the plaintiff's filter in 2010, testified that the filter was necessary in
18  part REDACTED
19  REDACTED (Deposition of Dr. Avino page 113:13-18, attached as
20  Exhibit F).  Similarly, at the time the filter was removed in 2015, the plaintiff was treated
21  by Dr. David Chodos, who diagnosed her REDACTED

---

[1] Dr. Derek D. Muehrcke, the plaintiff's cardiothoracic surgery expert, opines that due to the remaining filter strut, the plaintiff "remains at high risk for PE." (*See* Derek Muehrcke, M.D. Rule 26 Report, at 8, excerpt attached as Exhibit B.) Dr. Darren R. Hurst, the plaintiff's interventional radiology expert, opines that "[b]ecause of the location of the embedded filter fragment, the plaintiff is at risk to develop thrombosis in her pulmonary artery." (*See* Darren Hurst, M.D. Rule 26 Report, at 11, excerpt attached as Exhibit C.) Finally, the plaintiff's hematology expert, Dr. David A. Garcia, opines that "the presence of a foreign body in a pulmonary artery branch represents a permanent, significant risk factor for the development of in situ thrombosis." (*See* David Garcia, M.D. Rule 26 Report, at 1, excerpt attached as Exhibit D.)

and prescribed medication for those conditions, (Deposition of Dr. David Chodos, page 131, attached as Exhibit G). Importantly, Dr. Chodos testified that one of the primary REDACTED Id. at 126:13. Based on that testimony alone, the plaintiff's pre-existing and continuing anemia and failure to take the medication prescribed for it are relevant to whether the retrained strut is the proximate cause of her "tiredness," or whether it is a pre-existing condition unrelated to the filter.

Further, the plaintiff's anemia is an independent risk factor for developing a blood clot and pulmonary embolism, and therefore is relevant to causation and damages. *See, e.g.,* Hung, *Association Between Venous Thromboembolism and Iron-Deficiency Anemia: A Population-Based Study*, 26 Blood Coagul Fibrinolysis 368 (2015) (finding association between venous thromboembolism and anemia).[2] Given the plaintiff's reliance on her experts' opinion that the remaining filter strut puts her at a continuing increased risk of developing blood clots and pulmonary embolism, Bard should be entitled to cross-examine her experts about the basis of their testimony, and whether other independent factors, including anemia, contribute to her purported risk and whether these independent factors would negate (or diminish) the plaintiff's calculation of damages. Accordingly, the plaintiff's untreated anemia is relevant to causation and damages, and the plaintiff's motion should be denied.

---

[2] The plaintiff also emphasizes that she has suffered from lightheadedness because of the filter strut in her pulmonary artery. *See* Ex. B, Muehercke Rep., at 7. Anemia is also an independent cause of lightheadness. Karnath, *Anemia in the Adult Patient*, 40 Hosp. Phys. 32 (2004) (lightheadness a sign and symptom of anemia).

RESPECTFULLY SUBMITTED this 25th day of April, 2018.

s/ *Richard B. North, Jr.*
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
JCondo@swlaw.com
ASheridan@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 25th, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

                                                    s/ Richard B. North, Jr.
                                                    Richard B. North, Jr.

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street, N.W., Suite 1700
Atlanta, GA 30363
(404) 322-6000