James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Telephone: (602) 382-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* #3 TO EXCLUDE UNRELATED MEDICAL ISSUES RELATING TO MARCH 2016 TREATMENT AND DR. TAYLOR'S TESTIMONY** |

The plaintiff argues that evidence of Dr. Colleen Taylor's treatment of her March 2016 gastrointestinal bleeding and ulcers associated with NSAID use should be excluded because these medical issues are unrelated to her IVC filter and her alleged injuries.[1] In response, Bard incorporates its response to the plaintiff's MIL No. 1 relating to her use of NSAIDs generally.

Dr. Taylor's treatment of the plaintiff in 2016 for another GI bleed and her

---

[1] The portion of the motion relating to Dr. Taylor's testimony about treatment by other physicians is moot, as Bard did not include any such designations in the deposition transcript submitted to the Court on April 23, 2018 for review of objections.

1  testimony about the role NSAIDs played in the plaintiff's medical condition are directly
2  relevant. On the one hand, the plaintiff claims that the filter strut in her pulmonary artery
3  puts her at lifelong risk of developing a clot. However, the plaintiff's use of NSAIDs
4  themselves puts her at increased risk of developing a clot. Specifically, the
5  gastrointestinal bleeding that she experiences because of her NSAID use is the reason that
6  she cannot take anticoagulants, thereby increasing the risk of future clotting. In short,
7  whether the plaintiff continues taking NSAIDs impacts her future risk, separate and apart
8  from the retained strut. Hence, these issues are interwoven with whether the plaintiff can
9  prove causation and damages regarding her claim to need future medical care. The
10 evidence should therefore be admissible under Rule 401, and the plaintiff's motion should
11 be denied.

12 An alleged future risk of clotting is a major component of the plaintiff's damages
13 claim. The plaintiff's cardiothoracic surgery expert, Dr. Derek Muehrcke, opines that Ms.
14 Jones is at an increased risk of clot development and pulmonary embolism because of the
15 filter strut in her pulmonary artery. In that regard, he opines that Mrs. Jones "is also at risk
16 for her Eclipse filter fragment to . . . clot her pulmonary artery without anticoagulation
17 (which she is not a candidate for due to GI bleeding issues) . . . ." (*See* Derek Muehrcke,
18 M.D. Rule 26 Report, at 8, excerpt attached as Exhibit A.)

19 NSAID use is a known cause of clot development and gastrointestinal bleeding.
20 *See, e.g.*, Lanas, *Objective Evidence of Aspirin Use In Both Ulcer And Nonulcer Upper
21 and Lower Gastrointestinal Bleeding,* 103 Gastroenterology 862 (1992) (reporting high
22 association between current intake of NSAIDs with gastrointestinal bleeding); Ungprasert,
23 *Non-steroidal anti-inflammatory drugs and risk of venous thromboembolism: a systematic
24 review and meta-analysis*, 54 Rheumatology 736 (2014) (review of six studies finding that
25 NSAID users have statistically significant increased risk of venus thromboembolism)
26 Here, Dr. Taylor's testimony speaks directly to the relationship between the plaintiff's
27 chronic gastrointestinal issues and her NSAID use. (*See* Colleen Taylor, M.D. Dep. Tr., p,
28 17 excerpt attached as Exhibit B.) Given the plaintiff's reliance on her experts' opinions

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street, N.W., Suite 1700
Atlanta, GA 30363
(404) 322-6000

that the plaintiff is contraindicated for anticoagulants due to her history of gastrointestinal bleeding, Bard should be entitled to present evidence relating to her on-going use of NSAID's and the required medical treatment as a result of it. Bard should be able to cross-examine her experts about other reasons why Ms. Jones cannot be anticoagulated, and whether Ms. Jones can be anticoagulated if she does not take NSAIDs. Further, Bard should be able to cross-examine the plaintiff's experts on whether these issues impact Ms. Jones' need for medical monitoring. Accordingly, Dr. Taylor's testimony and Ms. Jones' March 2016 medical issues regarding gastrointestinal bleeding and NSAID use are relevant to causation and damages, and the plaintiff's motion should be denied.

RESPECTFULLY SUBMITTED this 25th day of April, 2018.

s/ *Richard B. North, Jr.*
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
JCondo@swlaw.com
ASheridan@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25th, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

s/ Richard B. North, Jr.
Richard B. North, Jr.

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street, N.W., Suite 1700
Atlanta, GA 30363
(404) 322-6000