James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Telephone: (602) 382-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* #4 TO EXCLUDE EVIDENCE OF TOBACCO USE** |

Evidence of the plaintiff's tobacco use is relevant to both the alleged symptoms she attributes to the filter and to her expert's opinions. The plaintiff argues that evidence of her tobacco use should be excluded because she claims that her smoking is unrelated to her IVC filter and her alleged injuries.[1] However, the plaintiff alleges shortness of breath caused by the strut in her pulmonary artery. (Deposition of Doris Jones, page 54:1-3, attached as Exhibit A). In addition, her retained expert witnesses allege she has an

---

[1] None of the cases cited by the plaintiff relating to the exclusion of smoking address the facts in this case, where smoking is an alternative cause for the alleged symptoms.

1  increased continuing risk of developing a blood clot and pulmonary embolism because of
2  the strut in her pulmonary artery.[2] Thus, whether the filter strut, as opposed to alternate
3  causes like smoking, cause or contribute to her symptoms and this alleged increased risk
4  and the extent to which it may do so will be prominent issues at trial. Accordingly, the
5  evidence should be admissible under Rule 401, and the plaintiff's motion should be
6  denied.

7  The jury is entitled to consider other causes for the plaintiff's shortness of breath.[3]
8  REDACTED
9
10
11
12  (Deposition of Colleen Taylor, page
13  60:24 - 61:2, attached as Exhibit E). Further, contrary to the plaintiff's assertion that
14  expert testimony is required, the effects of smoking are well recognized. In *Spain v.*
15  *Brown & Williamson Tobacco Corp.*, 363 F.3d 1183 (11th Cir. 2004), the court held that
16  the ordinary cigarette consumer, with access to knowledge common to the community,
17  could not be unaware of the dangers of smoking at least as by the 1990's. An ordinary
18  cigarette consumer could not be unaware given the existence of the Surgeon General's
19  warning dating back to 1965 and the extensive evidence of the dangers of smoking. *See*

---

[2] Dr. Derek D. Muehrcke, the plaintiff's cardiothoracic surgery expert, opines that due to the remaining filter strut, the plaintiff "remains at high risk for PE." (*See* Derek Muehrcke, M.D. Rule 26 Report, at 8, excerpt attached as Exhibit B.) Dr. Darren R. Hurst, the plaintiff's interventional radiology expert, opines that "[b]ecause of the location of the embedded filter fragment, the plaintiff is at risk to develop thrombosis in her pulmonary artery." (*See* Darren Hurst, M.D. Rule 26 Report, at 11, excerpt attached as Exhibit C.) Finally, the plaintiff's hematology expert, Dr. David A. Garcia, opines that "the presence of a foreign body in a pulmonary artery branch represents a permanent, significant risk factor for the development of in situ thrombosis." (*See* David Garcia, M.D. Rule 26 Report, at 1, excerpt attached as Exhibit D.)

[3] Smoking is a commonly known and independent cause of shortness of breath, and thus is also relevant to causation and damages. *See e.g.* Liu, *Smoking Duration, Respiratory Symptoms, and COPD in Adults Aged ≥45 Years with a Smoking History*, 10 Int. J. Chron. Obstruct. Pulmon. Dis. 1409-16 (2015).

*Food & Drug Admin. v. Brown & Williamson Tobacco Corp.,* 529 U.S. 120, 138, 120 S.Ct. 1291, 1303, 146 L.Ed.2d 121 (2000) (finding that when Congress enacted various tobacco-related legislation from 1965 through 1992 "the adverse health consequences of tobacco use were well known, as were nicotine's pharmacological effects"); *see also Johnson v. Brown & Williamson Tobacco Corp.,* 122 F.Supp.2d 194, 204 (D.Mass. 2000) ("this Court is firmly convinced that the risks of smoking were quite clear to the population at large before 1969"); *Guilbeault v. R.J. Reynolds Tobacco Co.,* 84 F.Supp.2d 263, 273 (D.R.I. 2000) (taking judicial notice of "the community's common knowledge of the general disease-related health risks associated with smoking, including the risk of contracting cancer, as of 1964"); *Paugh v. R.J. Reynolds Tobacco Co.,* 834 F.Supp. 228, 231 (N.D. Ohio 1993) ("[T]he risks of smoking are an inherent characteristic of cigarettes, and ... knowledge of these risks has been common to the community since well before 1966.")

Additionally, the plaintiff's smoking is relevant to her expert's opinions. Smoking is an independent risk factor for developing a blood clot and pulmonary embolism, and therefore is relevant to causation and damages. *See, e.g.,* Cheng, *Current and Former Smoking and Risk for Venous Thromboembolism: A Systemic Review and Meta-Analysis*, 10 PLOS Medicine 1, 9-11 (2013) (meta-analysis of 32 observational studies that concludes that smoking increases risk of deep vein thrombosis and clots). Given the plaintiff's reliance on her experts' opinions that the remaining filter strut puts her at a continued and increased risk of developing blood clots and pulmonary embolism, Bard should be entitled to cross-examine her experts about the basis of their testimony, and whether other independent factors, including smoking, contribute to her purported risk and whether these independent factors would negate or diminish the plaintiff's calculation of damages. Finally, the plaintiff's life care planner and economist opine that she has a normal life expectancy, and Bard should be entitled to cross-examine them on whether they took into consideration her long-term smoking habit. Accordingly, the plaintiff's tobacco use is relevant to causation and damages, and the plaintiff's motion should be

denied.

RESPECTFULLY SUBMITTED this 25th day of April, 2018.

s/ *Richard B. North, Jr.*
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
JCondo@swlaw.com
ASheridan@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25th, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

s/ Richard B. North, Jr.
Richard B. North, Jr.

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street, N.W., Suite 1700
Atlanta, GA 30363
(404) 322-6000

- 5 -