James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 7 TO EXCLUDE EVIDENCE OF ATTORNEY ADVERTISING AND RELATED TOPICS**<br><br>(Assigned to the Honorable David G. Campbell) |
| DORIS JONES and ALFRED JONES, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>C. R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, INC., an Arizona corporation,<br><br>Defendants. | |

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") submit this response in opposition to Plaintiff's Motion *in Limine* No. 7 and respectfully show the Court as follows:

## ARGUMENT AND CITATION OF AUTHORITY

Plaintiff moves to exclude evidence and argument at trial relating to "any references to attorney advertising, counsel's specializing in personal injury or products liability litigation, contingency fee agreements, circumstances under which Plaintiff selected her counsel, or any reference to this litigation being driven by attorney advertising." (Pl.'s Mot. at 1.) This Court should deny Plaintiff's Motion on the grounds that the evidence sought to be excluded is relevant and admissible to the issue of whether Plaintiff's claims that she has experienced and continues to experience physical symptoms related to her Eclipse® Filter, such as "short of breath, tiredness, [and] dizziness"[1] were stimulated by attorney advertising and litigation, and Plaintiff has offered no legitimate argument for exclusion. *See* Fed. R. Evid. 401, 402, 403.

The growing trend in mass-tort product liability litigation is to admit evidence of attorney advertising where it is probative of the "credibility regarding [Plaintiff's] injuries." *In re Ethicon, Inc., Pelvic Repair System Prods. Liab. Litig. (Carolyn Lewis v. Ethicon, Inc., et al.)*, No. 2:12-cv-04301, 2014 WL 505234, at *3 (S.D. W.Va. Feb. 5, 2014) (denying plaintiff's motion *in limine* to exclude evidence that the plaintiff "was prompted by a television commercial to file suit—this statement is probative of her credibility regarding her injuries"); *In re: Risperdal Litigation (W.C. v. Janssen Pharmaceuticals, Inc.)*, No. 130301803, 2015 WL 1505248, *1 (Pa. Com. Pl. Feb. 6, 2015) (denying plaintiff's motion *in limine* to exclude any references to "Lawyer Involvement" or "Lawyer-Made" claims); *David Haller v. AstraZeneca LP (In re AstraZeneca LP)*, No. 606MD-1769-ORL-22DAB, 2009 WL 260989, at *7 (M.D. Fla. Feb. 4, 2009) (denying plaintiff's motion *in limine* and reserving ruling for trial where attorney advertising was relevant to whether "it played a role in a Plaintiff's belief that he

---

[1] (Feb. 3, 2017 Doris Singleton-Jones Dep. Tr. ("Ex. A"), at 54:3.)

- 1 -

or she suffered injury as a result of [the product]"); *see also In re Welding Fume Prod. Liab. Litig.*, No. 1:03-CV-17000, 2010 WL 7699456, at *67 (N.D. Ohio June 4, 2010) (excluding evidence but recognizing three exceptions, including where the plaintiff saw an advertisement describing symptoms that might be expected, and the plaintiff saw this advertisement before he ever complained of symptoms).

In the instant case, whether Mrs. Jones filed her lawsuit because of symptoms she was experiencing with her Eclipse® Filter, or whether her suit was instigated by attorney advertisement is both relevant and necessary evidence regarding her claimed injuries. *See* Fed. R. Evid. 401; *In re Ethicon, Inc.*, 2014 WL 505234, at *3; *In re Welding*, 2010 WL 7699456, at *67.[2] Defendants will offer evidence that Mrs. Jones did not report complaints about her Eclipse® Filter or a strut that remained in her right lung following the removal of the filter itself, until after her husband, former co-Plaintiff Alfred Jones,[3] saw an attorney advertisement on Facebook and initiated this lawsuit. (*See* Pl.'s Ex. B, at 8:16 to 10:6.) In his deposition, Mr. Jones testified that he was worried about his wife's health, but instead of contacting a doctor for medical advice and "further information about filters," he sought legal advice from an attorney. (*Id.* at 8:20 to 9:10.) He was prompted by a "pop-up" attorney advertisement regarding IVC Filter litigation that directed him to a 1-800 number that ultimately connected him to Gallagher & Kennedy, P.A. (*Id.* at 9:6 to 10:3.) This evidence is directly relevant to Mrs. Jones's claimed injuries because it tends to make her disputed claims that her symptoms are related to her Eclipse® Filter less probable. *See* Fed. R. Evid. 401.

Moreover, evidence of attorney advertising is necessary to provide the full context for certain evidence that Bard anticipates Plaintiff will seek to admit at the Jones trial involving the Eclipse® Filter. For example, based on deposition designations submitted by the parties, Plaintiff intends to introduce testimony and evidence regarding an internal Bard document for the Eclipse® Filter that states: "REDACTED

---

[2] Bard refused to stipulate to exclusion of this evidence in this case, though it did so for the Booker trial, because its relevance must be determined on a case-by-case basis.
[3] Mr. Jones recently dismissed his claims against Bard with prejudice. (*See* Doc. 10692.)

- 2 -

1  REDACTED

2  REDACTED (July 27, 2016

3  Bill Little Dep. Tr., ("Ex. B"), 208:16-20.) Plaintiff seeks to affirmatively use this

4  evidence at trial while precluding Bard from providing the full context for the statement.

5  As Bill Little testified in his deposition in response to questioning by counsel for Plaintiff,

6  REDACTED (*Id.* at

7  205:3-25.) Filterlaw.com was an attorney advertising website sponsored by two plaintiff

8  firms intended to provide information regarding the then pending IVC filter litigation

9  against Bard and to solicit new plaintiffs to "join" the litigation.[4] For this reason too, this

10  evidence is relevant in this case.[5]

11  Moreover, counsel for Plaintiff have offered no legitimate reason for exclusion.

12  Though this evidence may be unfavorable to Plaintiff, this does not mean it is unduly

13  prejudicial. *See* Fed. R. Evid. 403. Plaintiff's counsel wish to distance themselves from

14  "some of the baser forms of attorney advertising," because they claim such association

15  would be "unfair" and "highly prejudicial." (Pl.'s Mot at 3.) But they concede that their

16  representation of Mrs. Jones resulted from an attorney advertisement that Mr. Jones saw

17  on Facebook. (*Id.* at 3 n.2.) How this undisputed fact can be unfairly prejudicial strains

18  credulity. And such prejudice, if any, does not substantially outweigh the probative value

19  of the evidence to Plaintiff's credibility regarding her injuries. Nor would admission of

20  this evidence waste time because, as the Court has previously recognized in the context of

21  other evidence, "efficient management of the evidence and adherence to the Court's time

22  limits will avoid any risk of unnecessary or time-consuming mini trials." (Doc. 9881 at 7.)

23  **CONCLUSION**

24  For these reasons, Bard respectfully requests that this Court deny Plaintiff's Motion

25  *in Limine* No. 7.

---

[4] *See https://web.archive.org/web/20130107082243/http://www.filterlaw.com:80/Practice-Areas/Status-of-Litigation.shtml* (last accessed April 23, 2018).

[5] Bard submits that evidence of other claims and lawsuits is still irrelevant, inadmissible, and unfairly prejudicial, and incorporates by reference its arguments raised in its previously filed Motion to Exclude such evidence. (*See* Doc. 10809.)

- 3 -

RESPECTFULLY SUBMITTED this 25th day of April, 2018.

        s/ Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of April, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

s/ Richard B. North, Jr.<br>
Richard B. North, Jr.