Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California  92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona  85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
| DORIS JONES, <br><br> Plaintiff, <br><br> v. <br><br> C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation, <br><br> Defendants. | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING OTHER LAWSUITS** <br><br> (Assigned to the Honorable David G. Campbell) <br><br> (Oral Argument Requested) |

Bard seeks to have it both ways. On the one hand, it wants to tell the jury that Plaintiff Doris Jones obtained counsel after nationwide litigation against Bard for IVC filter failures resulted in advertising for legal representation, which Plaintiff's husband viewed. At the same time, Bard wants to prevent Plaintiff from referencing the existence of the thousands of other lawsuits over its IVC filters. This combination of rulings would result in undue prejudice against Plaintiff and her counsel.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Evidence at Issue

Plaintiff's husband, Alfred Jones, saw a pop-up advertisement on Facebook regarding Bard IVC filters, which prompted him to make a phone call seeking additional

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

1    information. Dep. Tr. Alfred Jones (Feb. 3, 2017), attached as Ex. A, at 8:19-9:1. Before

2    he saw the ad, he had been "looking for some answers" about his wife's broken filter.  *Id.*

3    at 9:1.  Bard does not contend (nor could it) that this was an advertisement paid for or

4    authorized by Plaintiff's counsel, Gallagher & Kennedy (or indeed any of the PLC firms).

5    While neither party has a copy of the actual advertisement itself, there is no reason to

6    doubt Alfred Jones's recollection; at the time, Bard was already embroiled in extensive

7    litigation over its IVC filters, prompting advertisements like the one Alfred viewed.

8          Importantly, this was an advertisement specifically targeted to individuals who

9    might be unaware of their rights and the potential claims against Bard. Indeed, as Alfred

10   Jones testified, the advertisement specifically asked whether he or a loved one had a

11   broken IVC filter.  *Id.* at 8:19-9:1.  It was the scope of Bard's (and other filter

12   manufacturers') conduct and the wide array of affected patients that prompted

13   advertisements that could reach people like Alfred and Doris Jones.  But Bard now seeks

14   to tell the jury Alfred Jones answered an advertisement without providing that context.

15   **II.    If Bard wants to introduce evidence of attorney advertising, it cannot hide the**

16   **context in which this advertising occurred.**

17         Plaintiff offered not to introduce evidence of the other lawsuits against Bard if

18   Bard would agree not to reference attorney advertising, a stipulation that governed the

19   *Booker* trial [Doc. 9861, item 10]. Bard would not agree. Thus, the narrow question before

20   the Court is whether a party may introduce evidence of other lawsuits for the purpose of

21   explaining the attorney advertising in the first place, if necessary.

22         As discussed in Plaintiff's Motion *in Limine* No. 7, evidence of attorney

23   advertising carries an inherent risk of prejudice, in that it focuses the jury's attention on a

24   party's lawyers and not on the facts and issues in the case. That risk will be resolved if the

25   Court grants Plaintiff's Motion *in Limine* No. 7—rendering the present dispute moot.

26   However, if the Court denies that motion, the risk of prejudice will be amplified

27   considerably if Plaintiff is then prevented from providing the context for the

28   advertisements. Specifically, such a ruling would allow Bard to cast Plaintiff and her

husband as though the two had been out scouring the Internet for a lawyer, looking for opportunities to sue someone.

At its core, this is an attack on Plaintiff's credibility. But neither Plaintiff nor her husband was in the market for a lawsuit when Alfred Jones interacted with the Facebook advertisement. They were not researching attorneys. They were not responding to generalized advertisements for legal representation. Mr. Jones wanted answers about why Plaintiff's filter broke and was browsing Facebook when he happened upon a targeted ad directed toward those who had experienced the specific kind of injury his wife had endured. *See* Ex. A at 8:19-9:1. The underlying lawsuits are therefore relevant because they explain how (and why) a couple who was not in the market for a lawsuit could nevertheless be so directly targeted by attorney advertising. And without providing such context, there is a risk the jury will assume that Plaintiff's claims are "lawyer-driven" and therefore non-meritorious.

"[A] party's credibility is always relevant." *Wilkins v. Maricopa County*, 2010 WL 2231909, at *4 (D. Ariz. June 2, 2010). For this reason, the jury "has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness's testimony." *United States v. Abel*, 469 U.S. 45, 52 (1984). Thus, whereas evidence of other lawsuits for the purpose of showing propensity or wrongful conduct is clearly inadmissible under F.R.E. Rule 404, courts have found such evidence admissible when it is introduced as evidence bearing on a witness's credibility. *See, e.g.*, *Actuate Corp. v. Aon Corp.*, 2012 WL 2285187, at *1 (N.D. June 18, 2012) (precluding evidence of other lawsuits to suggest a plaintiff was litigious, but permitting it as relevant to the question of witness bias); *Jackson v. Federal Express*, 2011 WL 13268074, at *2 (C.D. Cal. June 13, 2011) ("Generally speaking, evidence of other lawsuits against a defendant is admissible where relevant and offered for a proper purpose under Rule 404(b)."); *Pacific Coast Steel v. Leany*, 2013 WL 5476625, at *2 (D. Nev. Sep. 30, 2013) (finding evidence of litigation could be relevant for other admissible purposes under Rule 404(b), including motive, and waiting to resolve hearsay objections of such evidence until trial); *Skil Corp. v. Lugsdin*,

309 S.E.2d 921, 922 (Ga. App. 1983) (finding testimony concerning other lawsuits was properly admitted where "the purpose of the testimony was not to prove by prior incidents that the [product] used by [the plaintiff] was defective . . .[m]oreover, the witness did not testify as to the particular facts, allegations, or outcomes of the individual incidents reported.").  Here, Plaintiff does not seek to introduce evidence of other lawsuits against Bard for the purpose of showing Bard's propensity, but rather to demonstrate that Plaintiff and her husband were not out hunting for a get-rich-quick scheme when they were targeted by advertisers connected with other Bard lawsuits. This evidence is therefore proper under Rules 401 and 404.

Since the evidence of the other lawsuits is admissible for a proper purpose under Rule 404, a limiting instruction is sufficient to cure any prejudice that the Court finds might otherwise result to Bard.  *See United States v. Bailey*, 696 F.3d 794, 809 (9th Cir. 2012).  Here, the Court can limit the scope of admissibility to ensure Plaintiff does not attempt to introduce it for an improper purpose, or even provide a jury instruction.  Thus, there is no substantial risk of undue prejudice sufficient to warrant exclusion.

By contrast, Bard's desire to introduce evidence of the advertisement while concealing its context runs afoul of the principles of fairness, as embodied in F.R.E. Rule 106, 611(a), and the common law rule of completeness.  Whereas Rule 106 applies to written and recorded statements, at common law, the rule of completeness also applies to "the truncated use of acts, declarations, and conversations." 21A Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5072 (2d ed. 2015).[1]  In applying this rule, courts generally strive to "exercise common sense and a sense of fairness" to ensure a party who elicits statement taken from oral testimony be required to "present fairly the 'substance or effect' and context of the statement[.]" *United States v. Castro*, 813 F.2d 571, 576 (2d Cir.

---

[1] Both the United States Supreme Court and the Ninth Circuit have confirmed the common law rule of completeness continues to apply notwithstanding its partial codification in F.R.E. Rule 106.  *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171-72 (1988); *United States v. Collicott*, 92 F.3d 973, 983 n. 12 (acknowledging Rule 611(a) "grants district courts the same authority regarding oral statements which [Rule] 106 grants written and recorded statements").

1  1987).  Here, Bard hopes to use its redacted account of events to attack Plaintiff's

2  credibility in asserting her claims in this suit. But for a jury to consider such information,

3  principles of fairness demand that it must also consider the context for the advertisement

4  and Mr. Jones's decision to respond to it.[2]

5  **III.    Conclusion**

6  Evidence of the other lawsuits against Bard is relevant in this case—not to show

7  Bard has committed other actions in other cases, but rather because it bears on Plaintiff's

8  credibility.  Bard wishes to open the door to this topic by putting the advertisement at

9  issue, and should not be permitted to limit the jury's information on that advertisement to

10 only the facts Bard believes are helpful to its case. For the foregoing reasons, this Court

11 should deny Defendants' Motion *in Limine*,

12 RESPECTFULLY SUBMITTED this 25th day of April 2018.

13 GALLAGHER & KENNEDY, P.A.

14

15 By: */s/ Mark S. O'Connor*
        Mark S. O'Connor
16      2575 East Camelback Road
        Phoenix, Arizona  85016-9225
17
   LOPEZ McHUGH LLP
18      Ramon Rossi Lopez (CA Bar No. 86361)
        (admitted *pro hac vice*)
19      100 Bayview Circle, Suite 5600
        Newport Beach, California 92660
20
21 *Co-Lead/Liaison Counsel for Plaintiffs*

22

23

24

25 _____
   [2] As a final note, Bard objects on hearsay grounds to any reference to other lawsuits.
26 While Plaintiff recognizes that reciting allegations from other Complaints would be
   inadmissible hearsay, mere reference to the existence of these other suits does not
27 constitute hearsay. Rather than issue a blanket exclusion, the Court can appropriately
   defer ruling on the hearsay objections until Bard raises them on a case-by-case basis at
28 trial. *See Pacific Coast Steel*, 2013 WL 5476625, at *2.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*/s/ Jessica Gallentine*