Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
| DORIS JONES,<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation,<br><br>Defendants. | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF FINANCIAL INFORMATION**<br><br>**(Assigned to the Honorable David G. Campbell)**<br><br>**(Oral Argument Requested)** |

Defendants seek to argue that Plaintiff Doris Jones failed to obtain follow-up care—but then to prevent her from testifying why. In so doing, Defendants presumably hope to persuade the jury that Plaintiff could have prevented or lessened some of her damages in this case, but elected not to do so. Notwithstanding the fact that there is no medical evidence in the case linking any supposed lack of follow up to any of her conditions at issue in this case, MIL No. 3 [Doc. 10815], the actual reason Plaintiff did not seek additional care is simple: she could not afford it. Under Federal Rules of Evidence 402 and 403, this evidence is material, relevant to causation, and non-prejudicial to Defendants. and Defendants' motion should therefore be denied.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     Evidence at Issue**

Doris Jones is very poor, and she does not have health insurance.  Thus, when she gets sick, she seeks medical care at the emergency room.  Her healthcare has been paid by Georgia's Medicaid program, and Bard has indicated it will stipulate that evidence or argument concerning Mrs. Jones' receipt of compensation from such sources are not admissible.  As as result of her indigency, Plaintiff would sometimes not follow medical advice to obtain and use of vitamins, drugs, including blood thinners, and to seek certain treatment for her chronic headache condition – particularly because she could not afford to do so.  These facts are not disputed, but they are highly inflammatory and distracting from the legal and factual issues that are in dispute in the case.

**II.    This Court Should Not Preclude Evidence that the Reason Doris Jones Did Not Seek Additional Treatment Was Her Inability to Pay.**

    A.    <u>Bard has chosen to make this a material issue.</u>

Bard intends to present evidence that Plaintiff failed to take vitamins, medications, and otherwise not to follow up with her medical care.  As Plaintiff has already argued in her Motion *in Limine* No. 3, whether Plaintiff followed up with other healthcare providers after her treatment by Dr. Taylor is irrelevant.  Bard also seeks to introduce evidence that Plaintiff did not obtain medication prescribed by Dr. Chodos and his colleagues for anemia and B12 deficiency; Plaintiff has objected to that testimony as irrelevant.  If this Court grants Plaintiff's motion and objections, the issue presented by Bard's motion will be rendered moot; Plaintiff only seeks to introduce evidence of her finances to combat the false implication that she contributed to (or else failed to mitigate) her damages by neglecting her own health.  Presumably, Bard hopes to parlay this argument into one for comparative fault or lack of proximate cause.  In this context, evidence of a plaintiff's financial condition becomes not only relevant, but material to the case.

Georgia's courts recognize such evidence is material when proximate cause is in question.  *Matheson v. Stilkenboom*, 555 S.E.2d 73, 75 (Ga. App. 2001).  In *Matheson*, the

2

plaintiff delayed seeking treatment for an injury she claimed she sustained in a car accident, and the defendant argued her the crash was not the proximate cause of her injuries—in part by demonstrating the plaintiff had failed to obtain timely treatment. *Id.* The plaintiff testified on direct examination that she had delayed seeking care due to an inability to pay for treatment while on a cruise ship. *Id.* The court noted: "[e]vidence that [the plaintiff] delayed seeking medical treatment-and her explanation for that delay" were both material to the case, and allowed the defendant to cross-examine the plaintiff on her insurance coverage. *Id.* Although such evidence would not generally be admissible, a party who invites such questioning by injecting the issue into the trial has opened the door. *Id.* at 75-76.

The issue is also material when a defendant argues a plaintiff's failure to follow a doctor's recommendation should result in a reduced damages award. In *McGee v. Jones*, the court held that the plaintiff had properly been permitted to testify that she "could not afford to have surgery that her doctors recommended" where the defendant had asked for a jury instruction that would have reduced damages based upon her failure to obtain follow-up care. 499 S.E.2d 398, 400 (Ga. App. 1998). The court found such evidence was "material under the circumstances" because the defendant had put it at issue, and therefore not subject to Georgia's general bar on evidence of a plaintiff's finances. *Id.*

Here, Defendants seek to argue to the jury that Plaintiff failed to seek care (presumably to argue either comparative fault or that her injuries were less severe than she claims), then conceal from the jury the reasons why. Evidence of her financial condition is relevant for the purposes of establishing proximate cause as well as comparative fault. For these reasons, he cases upon which Defendants rely in their Motion are readily distinguishable—in each of those cases, evidence of a party's finances would have been introduced as evidence of *damages*. *See Worthy v. Kendall*, 474 S.E. 2d 627, 629 (1996) (noting evidence that a plaintiff had exhausted his retirement fund was inadmissible as "irrelevant to the issue of damages[,]" where Georgia law did not allow recovery for such damages); *Webb v. Thomas Trucking, Inc.*, 566 S.E.2d 390, 395 (2002) (evidence of a

1  plaintiff's financial condition was irrelevant "to the issue of damages"); *Fedon*
2  *Mavromatis & Elisabeth Mavromatis v. Murphy*, 2016 WL 3012051, at *2 (N.D. Ga. May
3  26, 2016) (granting a motion to exclude evidence of the plaintiff's ability or inability to
4  pay the bills that had already been incurred where plaintiff and defendant both agreed the
5  evidence was irrelevant and inadmissible). In contrast to these cases, *McGee* and
6  *Matheson* both make clear that evidence of an inability to pay is relevant and material
7  when used in the narrow setting of explaining why a plaintiff did not obtain additional
8  care.

In comparison to the probative value of this evidence, the risk of prejudice against Defendants is slight. If anything, the risk of unfair prejudice here favors admissibility. If Defendants' motion is granted, Bard will be allowed to accuse Plaintiff of failing to obtain additional treatment without any opportunity for rebuttal, leaving the jury to assume she was contributing to (or else failing to mitigate) her damages by her own negligence or apathy. Bard should not be permitted to use Plaintiff's lack of financial resources to mount an attack on her character.

## III.  Conclusion

For the foregoing reasons, this Court should deny Defendants' Motion *in Limine*, and permit Plaintiff to testify to her reasons for not obtaining additional care.

RESPECTFULLY SUBMITTED this 25th day of April 2018.

GALLAGHER & KENNEDY, P.A.

By: */s/ Mark S. O'Connor*
    Mark S. O'Connor
    2575 East Camelback Road
    Phoenix, Arizona 85016-9225

LOPEZ McHUGH LLP
    Ramon Rossi Lopez (CA Bar No. 86361)
    (admitted *pro hac vice*)
    100 Bayview Circle, Suite 5600
    Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of April 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*/s/ Jessica Gallentine*

5