**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC |
| _____ | |
| Doris Jones, an individual, | No. CV-16-00782-PHX-DGC |
|     Plaintiff, | |
| v. | |
| C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, | **CASE MANAGEMENT ORDER NO. 32** |
|     Defendants. | |

The Court held a final pretrial conference on May 4, 2018. Doc. 10993. In addition to the transcript of the hearing, this order will capture rulings that were made.

1. All of the jurors previously identified in Doc. 10844 will be excused for hardship. By separate order, the Court will identify additional jurors that will be excused for hardship.

2. The Court heard challenges for cause and granted the challenges with respect to eight jurors. They were identified on the record and will be included in a separate order.

3. The Court and the parties decided that 60 potential jurors will be called to court on May 15, 2018.

4. The Court will not give Plaintiff's proposed voir dire questions regarding punitive damages. Doc. 10933.

5. On or before **May 11, 2018**, the parties shall provide the Court with a list of witnesses to be shared with the prospective jurors before jury selection.

6. The Court confirmed that Plaintiff has been allotted 28 hours of trial time and Defendants have been allotted 27 hours. The Court will hold the parties to this time. *See* Doc. 10922.

7. The Court instructed the parties to resubmit their proposed changes to the final jury instructions. These changes shall be submitted by **May 8, 2018**.

8. The Court addressed several matters from the parties' proposed final pretrial order:

    a. Plaintiff has withdrawn her claim of fraudulent concealment.

    b. The defense of failure to mitigate damages will be deemed a part of the final pretrial order. Plaintiff may argue during trial that the defense should not be submitted to the jury due to lack of evidence.

    c. The Court will not address the availability of punitive damages in light of O.C.G.A. § 51-12-5.1(e)(1). Defendants may raise that issue in the future if they seek a ruling from the Court.

    d. Defendants may file a motion to seal trial exhibits 21 days after the last trial transcript is placed on the docket.

    e. Plaintiff may present testimony from experts formerly retained by Defendants, but withdrawn by Defendants, in accordance with the requirements in Doc. 10382.

    f. Defendants object to the use of Medhi Syed's deposition because, although Plaintiffs provided Defendants with all designations for Mr. Syed during the Booker trial, she did not provide them in this case. Doc. 10932 at 24. The Court will not preclude Plaintiff from using Mr. Syed's deposition if a punitive damages phase is necessary. The Court will rule on objections in the deposition designations.

g. The proposed final pretrial order (Doc. 10932), as revised in this order, is approved and adopted as the final pretrial order pursuant to Rule 16(e). Modifications to the order will be permitted only to prevent manifest injustice.

9. Defendants object to Plaintiff calling Dr. Kandarpa to testify at trial because Plaintiff did not identify him as a witness until well after the close of discovery and shortly before the Booker trial. Doc. 10932 at 3. The Court excluded Dr. Kandarpa from the Booker trial under Rule 37(c) on the ground that he was not identified in any Rule 26(a) disclosure, and this failure was neither substantially justified nor harmless. Doc. 10323 at 3. The parties clarified at the final pretrial conference for the Jones case that Rule 26(a) disclosures have not been exchanged in this MDL, but they agree that Dr. Kandarpa was not disclosed in response to Defendants' interrogatory seeking the identity of witnesses and the subject matter of their testimony. *See* Fed. R. Civ. P. 33(b). Defendants argue that the recent identification of Dr. Kandarpa is much too late, and that they would have deposed him had he been timely disclosed. *Id.* The Court agrees.

Rule 33(b) requires that interrogatories be answered within 30 days of service. Plaintiff identified Dr. Kandarpa as a witness more than a year after Defendants served their interrogatories and well after discovery closed in 2017. Plaintiff provides no justification for the delay, other than noting that Defendants have known about Dr. Kandarpa for years. But mere knowledge that a potential witness exists is no substitute for knowing that one's opponent intends to call him at trial.

Plaintiff asserts that any delay is harmless because, even if she had timely identified Dr. Kandarpa as a witness, there was little time left in the discovery period for Defendants to depose him. But Defendants have made clear that they would have sought to schedule his deposition before the close of discovery and would have sought an extension from the Court if necessary. The Court cannot conclude that the delay in identifying Dr. Kandarpa as a witness is harmless.

Where a party fails to fully answer an interrogatory, the sanctions set forth in Rule 37(b) may be imposed. Fed. R. Civ. P. 37(d)(3). Those sanctions include

- 3 -

prohibiting the party from introducing the non-disclosed matter into evidence. Fed. R. Civ. P. 37(b)(2)(A)(ii). The Court finds that prohibiting Plaintiff from calling Dr. Kandarpa as a witness at trial is an appropriate sanction.

Even if the Court excludes Dr. Kandarpa as a substantive witness, Plaintiff asks that she be permitted to call him solely for the purpose of authenticating certain documents and admitting them in evidence. The Court understands these to be documents Dr. Kandarpa either authored or reviewed at the time of their creation, and concludes that even this limited testimony would not be harmless because Defendants would not have had an opportunity to depose him about the documents. The Court will not permit this limited testimony.

10. Plaintiff objects to Defendants presenting evidence that the FDA took no enforcement action against them and never suggested a recall of their IVC filters. Doc. 10932 at 20. The Court ruled in the Booker trial that this evidence was admissible, but Plaintiff again contends that the evidence lacks probative value and is misleading and highly prejudicial. *Id.* The Court does not agree.

Plaintiff will make many FDA-related arguments. She will assert that the Recovery filter was adulterated and misbranded in violation of federal regulations, that the device should have been recalled, and that it was not substantially equivalent to its predicate device. She will seek to introduce an FDA warning letter and argue that Defendants' mishandling of complaints, including for the Eclipse filter, violated federal regulations and reflects a conscious indifference to patient safety. *See* Docs. 10520 at 3, 10708 at 6. She also will assert that Defendants misled the FDA and failed to disclose relevant information. To counter this evidence and argument regarding the FDA, Defendants should be permitted to present evidence regarding their communications with the FDA and its lack of enforcement action with respect to their filters.

Moreover, the lack of action by the FDA is relevant to the negligent design claim. Doc. 10323 at 3 (citing *Browning v. Paccar*, 448 S.E.2d 260, 263 (Ga. 1994)). Although most product recalls are voluntary, Plaintiffs do not dispute that the FDA has authority to

initiate a recall and other enforcement actions against a manufacturer. The fact that the FDA did not do so in this case has some probative value. *See Browning*, 448 S.E.2d at 263.

Plaintiff contends that Defendants should not be permitted to imply that the FDA investigated and reached favorable conclusions regarding the filters. The Court agrees that the any suggestion about the state of mind of the FDA or its officials would be improper. If Plaintiff believes that Defendants are crossing this line, she may object. But the fact that the FDA took no enforcement action is relevant to her claims and theory of the case.

11. The Court heard argument on whether exclusion of evidence of deaths caused by cephalad migration of Recovery filters will seriously impair Plaintiff's case. The Court will address this issue in a separate order.

Dated this 7th day of May, 2018.

David G. Campbell
United States District Judge