James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' BENCH BRIEF REGARDING ADMISSIBILITY OF MONTHLY MANAGEMENT REPORTS** |
| DORIS JONES and ALFRED JONES, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>C. R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, INC., an Arizona corporation,<br><br>Defendants. | (Assigned to the Honorable David G. Campbell) |

Plaintiff has indicated that she will seek to admit several management reports into evidence. Each of these reports contains information about irrelevant product lines (such as stents), along with a chart summarizing "MDRs" or medical device reports ("MDR Charts"). The summaries in this chart pertain to various products: not only the Eclipse and not only IVC filters.[1] More importantly, the summaries include out-of-court statements from representatives and doctors.[2] *See* Booker Trial Tr. Day 10 A.M. at 2168:17-2169:15 (agreeing that such statements constitute multiple hearsay). During the *Booker* trial, this Court admitted the last three pages of one such document—Exhibit 4327—ruling that "information from another source" could be "part of the business record" under *United States v. Childs*, 5 F.3d 1328 (9th Cir. 1993). Booker Trial Tr. Day 10 P.M. at 2302:5-18.

Defendants respectfully submit that *Childs* does not resolve the admissibility of multiple hearsay within the management reports, or the MDR Charts, because *Childs* addressed whether business records of one company could also be admitted as business records of another company. *Id.* at 1333-34. The documents there were certificates of title, purchase orders, and odometer statement—and each themselves met the requirements of Fed. R. Evid. 803(6) even though the documents were not made by the automobile dealers who maintained those records. *Childs*, 5 F.3d at 1333-34. *Childs* did not involve, nor discuss, multiple hearsay issues, nor whether a statement from an outside source—as opposed to a business record from an outside source—could be admitted without further hearsay analysis. *See generally id.*

Ninth Circuit law is clear that "each layer of hearsay must satisfy an exception to the hearsay rule." *Sana v. Hawaiian Cruises, Ltd.*, 181 F.3d 1041, 1045 (9th Cir. 1999). Because Fed. R. Evid. 803(6) "is premised on the reliability of records that an employee

---

[1] For this reason, even if this Court ultimately admits the management reports or MDR Charts—which Defendants respectfully argue it should not—information about products not at issue in this case should be redacted, because it is irrelevant and prejudicial.

[2] The statements in the MDR Chart in Exhibit 4327 specifically reference a "rep report" or "DM report" or state that a "[doctor] reported" something. The exhibits proffered by Plaintiff for this trial, from 2009 and 2010, include the same information but use the generic term "it was reported that," usually without stating who reported the relevant events or from where the information was obtained. *See* Exhibit 4512.

- 1 -

has a business duty to keep," the Rule "does not permit introduction of statements made by customers unless the employee was responsible for verifying the statements." *United States v. Arteaga*, 117 F.3d 388, 395 (9th Cir. 1997), *as amended on denial of reh'g* (July 23, 1997). In *Arteaga*, the Ninth Circuit criticized the trial court's ruling admitting Western Union forms that were completed by a customer under the business records exception. *Id.* The court observed that customer-supplied information within the business record should be excluded unless it was independently verified. *Id.*; *see also United States v. Bland*, 961 F.2d 123, 127 (9th Cir. 1992) (holding that the admissibility of customer-supplied information within a business record "turns on whether the person completing" the record "was able in some way to verify" that information); *ADT Sec. Servs. v. Sec. One Int'l, Inc.*, No. 11-CV-5149 YGR, 2013 WL 4766401, at *3–4 (N.D. Cal. Sept. 5, 2013) ("Rule 803(6) does not cover records based on information obtained from an outsider."). The Ninth Circuit has applied similar analysis when faced with multiple hearsay in public records, and has held that outsider statements within public records "may not be admitted pursuant to the public records exception but must satisfy some other exception in order to be admitted." *United States v. Morales*, 720 F.3d 1194, 1202 (9th Cir. 2013); *accord Wilson v. Maricopa Cty.*, No. CV-04-2873 PHXDGC, 2007 WL 686726, at *5 (D. Ariz. Mar. 2, 2007) (Campbell, J.) ("[T]he admissibility of a report as a public record does not result in the admissibility of hearsay statements contained within the report.").

Thus, for the MDR Charts to be admissible, each statement or "report" within the charts must independently fall within a hearsay exception. If a Bard representative made the report shown in the charts, the report must still have been made at or near the time of the events described, and the Bard representative must have either had personal knowledge of the events or obtained the information directly from someone with personal knowledge (for instance, by the implanting physician, rather than a hospital administrator who did not observe events). Fed. R. Evid. 803(6). If an "outsider"—such as a doctor, other medical personnel, or anyone else not employed by Bard—made a statement reflected in the charts, that statement is inadmissible hearsay unless it can be shown that

Bard verified the information in the statement, rather than simply accepting whatever was reported. *See Arteaga*, 117 F.3d at 395.

The Eleventh Circuit has affirmed exclusion of similar reports as inadmissible hearsay. *Goldstein v. Centocor, Inc.*, 310 F. App'x 331, 332 n.1 (11th Cir. 2009). In *Goldstein*, the trial court addressed whether MedWatch reports from the FDA's adverse event reports database were admissible under Fed. R. Evid. 803(6). *Goldstein v. Centocor*, No. 05-21515 CIV, 2007 WL 7428597, at *1–2 (S.D. Fla. May 14, 2007). The court found that the plaintiff had not established that the reports were admissible under the business records exception, holding:

> the records themselves are based, at least in part, on medical histories from patients, thus creating a double-hearsay problem. …The fact that the FDA and Defendant are now the repositories of the MedWatch reports and admittedly keep them in the course of their business does not assist Plaintiff in meeting the requirements of the exception concerning the creation of the reports, <u>or in admitting double hearsay</u>.

*Id.* at *2 (emphasis added). The Eleventh Circuit affirmed this ruling, agreeing that the MedWatch reports were hearsay and did not fall within any exception. *Goldstein v. Centocor, Inc.*, 310 F. App'x 331, 332 n.1 (11th Cir. 2009). Here, the documents Plaintiff seeks to admit include yet an additional layer of hearsay to the reports at issue in *Goldstein*—the documents are not MDRs or MedWatch reports themselves but instead simply recite some of the statements from those documents. *See* Ex. 4512 at BPVEFILTER-01-00191876 (quoting MedWatch report); Ex. 4507 at BPVEFILTER-01-00229104 (same). The MDR Charts are rife with multiple hearsay and should not be admitted.

Further, the seriatim presentation of dozens of MDR summaries within these charts is cumulative and prejudicial. *See* Fed. R. Evid. 403. To the extent Plaintiff intends to show notice through these charts, she could do so without introducing multiple management reports to this effect. *See Schwartz v. New Castle Corp.*, 131 F.3d 148, 1997 WL 753346, at *2 (9th Cir. 1997) (unpublished table op.) (holding that the "sheer cumulativeness of admitting 28 additional [slip and fall] reports risked unfairly prejudicing" the defendant, where evidence of four incidents was sufficient to show

- 3 -

notice); *Nelson v. Brunswick Corp.*, 503 F.2d 376, 380 (9th Cir. 1974) (affirming exclusion of other explosions and holding that while such incidents could sometimes be admitted to show notice, the trial court should keep in mind "the danger that it may afford a basis for improper inferences, the likelihood that it may cause confusion or operate to unfairly prejudice the party against whom it is directed and that it may be cumulative"). Further, Plaintiff may not rely on any prior adverse events from the MDR Charts to show notice without proving that the prior event in question was substantially similar to what happened to Ms. Jones's filter. *Daniel v. Coleman Co. Inc.*, 599 F.3d 1045, 1048 (9th Cir. 2010) (affirming exclusion of evidence from different models of space heater than caused accident); *Arnold v. Sam's Club*, 662 F. App'x 506 (9th Cir. 2016) ("Moreover, the district court did not abuse its discretion in excluding reports of other slip-and-fall incidents… because … Arnold failed to establish that all of the incidents occurred under substantially similar circumstances.").

## **CONCLUSION**

For the reasons explained above, Defendants respectfully request that this Court exclude monthly management reports and/or the charts of MDRs appended to those reports from evidence.

RESPECTFULLY SUBMITTED this 14th day of May, 2018.

> s/ Richard B. North, Jr.
> Richard B. North, Jr.
> Georgia Bar No. 545599
> Matthew B. Lerner
> Georgia Bar No. 446986
> NELSON MULLINS RILEY & SCARBOROUGH, LLP
> Atlantic Station
> 201 17th Street, NW / Suite 1700
> Atlanta, GA  30363
> PH: (404) 322-6000
> FX: (404) 322-6050
> richard.north@nelsonmullins.com
> matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
JCondo@swlaw.com
ASheridan@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of May 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

                                        s/ Richard B. North, Jr.
                                        Richard B. North, Jr.

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000