Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
| DORIS JONES and ALFRED JONES, a married couple,<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation,<br><br>Defendants. | **PLAINTIFF'S BENCH BRIEF REGARDING ADMISSIBILITY OF MONTHLY MANAGMENT REPORTS & SUMMARY OF COMPLAINTS (FRE 1006)**<br><br>(Assigned to the Honorable David G. Campbell) |

## A. **INTRODUCTION**

Plaintiff initiated a meet and confer with Defendants in an effort to pre-admit exhibits in the interest of judicial economy. Plaintiffs provided Defendants with several categories of documents including 1) global monthly management reports similar to an exhibit admitted in the Booker trial (five specific reports were provided), and 2) a complaint summary chart in compliance with FRE 1006. Plaintiffs previously attached an almost identical FRE 1006 summary chart consisting of verbatim summaries taken from Bard's internal complaint records while opposing Bard's Motion *in Limine* No. 1. (Doc. 10068, at fn.1. *See also*, Doc. 10068, at Ex. F).

### 1. Global Monthly Management Reports

Bard seeks to revisit a ruling from the Booker trial in which the Court admitted adverse event reports over Bard's hearsay objection based on the foundation provided by Mr. Modra and based on the *Childs* case (*Booker* Transcript, March 28, 2018, 2302:5-18) ("I am going to admit the last three pages of document 4327 in light of the *Childs* case and the testimony of Mr. Modra. It's clear to me that the MDR records that are collected from representatives and doctors and others are collected regularly in Bard's business, they are retained in the ordinary course of business. They are relied upon by the company.").

Despite Bard's brief urging the Court to reconsider its prior ruling regarding Defendants' Motion *in Limine* 1, (Doc. 9862)[1] the MDR reports attached to Bard's global monthly reports are admissible for three independent reasons. First, as the Court previously ruled, they may be admitted as business records under 803(6), *Childs*, *Kilbride* and the foundation established by Mr. Modra. Second, the reports are properly admitted under Rule 801(d)(2)(A), (B), (C), and (D). Not only were the statements made by a party representative within the scope of employment (facts not contested by Bard), but the reports are made by Bard's employees <u>under a duty to report</u>. Third, even if not admissible under the rules cited above, they may be admitted for notice to Bard.

---

[1] *See* Doc 10582 (providing an April 10, 2018 deadline to re-urge motions and an April 18, 2018 deadline to file motions *in limine*).

1

1       First, the adverse event reports satisfy the business records exception, under
Federal Rule of Civil Procedure 803(6). A record is made in the regular course of business
when it is "made pursuant to established company procedures for the systematic or routine
and timely making and preserving of company records," and "relied upon by the business
in the performance of its functions. *Clark v. Los Angeles*, 650 F.2d 1033, 1037 (9th Cir.
1981) (citations omitted). "The basis for the business record exception is that accuracy is
assured because the maker of the record relies on the record in the ordinary course of
business activities." *Id. See* Advisory Committee Note to Rule 803(6). Hearsay
statements are admissible if the observer or participant in furnishing the information to be
recorded was "acting routinely, under a duty of accuracy, with employer reliance on the
result, or in short 'in the regular course of business." *United States v. Pitman*, 475 F.2d
1335 (9th Cir. 1973), cert. denied, 414 U.S. 873, 94 S.Ct. 146, 38 L.Ed.2d 92; Advisory
Committee Note to Rule 803(6).

Here, Mr. Modra testified that Bard follows a standard operating procedure for handling adverse event reports. *Booker* Trial Tr., March 28, 2018, 2257:22-24. Complaints are "processed in a uniform and timely manner, investigated, and employees are responsible for "ensur[ing] that the information received is comprehensive." Trial Ex. 5691 at 17. Further, the complaints "must be reviewed and determined to be accurate and complete," before an investigation is closed. *Id.* at 23. Complaints are investigated to determine a root cause of a failure, *Id.* at 20, and for "tracking and trending" for safety and performance. *Booker* Trial Tr., March 28, 2018, 2259:8-20. Every employee in the company is trained in complaint handling, and a special department investigates to "get to the bottom of what happened" when a complaint comes in. *Id.* at 2261:13-2262:15. The investigation is conducted by quality engineers with engineering degrees to "get as much information as they can about the event," and then employees from Research and Development and Manufacturing are involved during the investigation. *Id.* at 2265:18-2266:11. In short, the investigation of complaints is comprehensive, governed by FDA regulation, and supports the accuracy of the statements involved. *Id.* at 2266:21-2269:7.

2

The testimony of a qualified witness (Mr. Modra), 803(6)(D), therefore shows that the adverse event reports are "made at or near the time by — or from information transmitted by — someone with knowledge," 803(6)(A), were "kept in the course of a regularly conducted activity of a business", and the recordings were "regular practice of that activity," 803(6)(B), (C), satisfying all elements of 803(6). [2] Bard's employees were additionally under a duty—internal operating procedures and FDA regulations—to report the information learned. The evidence here is like the evidence admitted in *Kilbride*, where the defendant sought to exclude over half a million complaints sent to various non-parties regarding span allegedly sent by the Defendants. *United States v. Kilbride*, No. CR 05-870-PHX-DGC, 2007 U.S. Dist. LEXIS 40471, at *6 (D. Ariz. June 1, 2007) (Campbell, J.). The Court held that the complaints were admissible under 803(6) because the requirements were met, noting that a "person with knowledge" need not be the one who records the information, and this requirement "is liberally construed." *Id.* at *7 (quoting 5 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 803.08[5] (2007)).[3]

Second, the reports are statements of an opposing party under Rule 801(d)(2). The information is recorded by Bard employees, who are therefore speaking for the party in a

---

[2] Reports from third parties fall under 803(6)(A) because they are transmitted by someone with knowledge. But in addition, doctors have an independent duty of accuracy in reports because they are made pursuant to medical care, so any embedded hearsay is admissible for this additional reason. *Clark v. Los Angeles*, 650 F.2d 1033, 1037 (9th Cir. 1981) (embedded hearsay admissible when the reporter "acting routinely, under a duty of accuracy").

[3] The Court relied on *Childs*, which held that information held by dealers in the regular course of business was admissible even if the dealers did not make the records at issue, as long as "the circumstances indicate the records are trustworthy." *United States v. Childs*, 5 F.3d 1328, 1333 (9th Cir. 1993). Contrary to Defendant's assertion that the underlying information was created as a business record, (Brief at 1), the *Childs* court noted only that the "documents in question were <u>kept</u> in the regular course of business at the <u>dealerships</u>." *Id.* at 1334 (emphasis supplied). The cases cited by Defendants support Plaintiff's position, because the evidence here was verified by Bard pursuant to its standard operating procedure.

3

representative capacity. Rule 801(d)(2)(A). Bard has also "manifested that it adopted or believed to be true," by investigating and confirming it, and reporting it to the FDA. Rule 801(d)(2)(B); *see Sea-Land Serv. v. Lozen Int'l, LLC*, 285 F.3d 808, 821 (9th Cir. 2002) (information received and forwarded by employee is adoptive admission); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 454 F.Supp.2d 966, 973 (D. Cal. 2006) ("If content created by individuals other than the creator of an email is incorporated into the email, the incorporated content is also admissible non-hearsay under Rule 801(d)(2)(B)."). Finally, statements made by Bard employees are those that are "whom the party authorized to make a statement on the subject," and on "matter[s] within the scope of that relationship and while it existed." Rule 801(d)(2)(C), (D).

Third, the global monthly reports and their summaries of adverse events are admissible for notice even if not admitted under the above rules. *Drake v. Allergan, Inc.*, 2:13-CV-234, 2014 WL 12717875, at *2 (D. Vt. Oct. 23, 2014) ("[adverse event reports] are not hearsay if offered to prove that . . . [Defendant] should have been on notice of the events alleged in the [reports]."); *Newman ex rel Newman v. McNeil Consumer Healthcare*, 10 C 1541, 2013 WL 4460011, at *13 (N.D. Ill. March 29, 2013) (adverse events and rates may be relevant to notice and knowledge). As previously argued, even if complaints associated with Bard's IVC filters are considered traditional "other similar incidents", analysis from the Ninth Circuit governs this issue. The current state of the law where a party seeks to introduce other similar incidents to prove up negligence, design defect, or notice is based on whether those incidents are substantially similar to those associated with the product at issue. *Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1105 (9th Cir. 1991). Where a party seeks admissibility of other incidents for the purpose of notice, the requirement is "less strict." *Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880, 889 (9th Cir. 1991). Customer reports, which are essentially what medical device complaints are, are admissible under the business records exception to the hearsay rule.

This evidence is not cumulative because Bard does not argue that it was unaware of reports of filter failures. It instead claims there were only a small number of failures. Evidence of the reports to upper management during the relevant time-period are probative of the fact that Bard was on notice of more than just one or a small number of prior failures or lack of effectiveness. Also, Bard assessed and tracked trends in this data, so any cumulativeness is precisely what is relevant here. Trial Ex. 5691 at 64; *C.f. Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1105 (9th Cir. 1991) (cumulative prior accident evidence properly admitted for impeachment purposes because it was "highly probative of the credibility of the assertion of [Defendant's] experts that the [product] was generally safe"). The adverse events are also sufficiently similar to the failures at issue (e.g., fracture, migration, tilt) in this case because the notice of prior failures in predicate filters relate to the Eclipse filter. The Eclipse filter was a modification of, and part of the family, the G2 filter. The G2 filter was a modification of the Recovery and the various modifications Bard implemented did not address all of the failures that were occurring then or now. Thus Bard's notice of tilt, migration, and fracture in prior filters put it on notice of this issue with the Eclipse filter.

2. <u>FRE 1006 Summary Chart</u>

The same arguments apply to individual complaints Bard received that were associated with the Eclipse, G2, and Recovery filters. Due to the voluminous nature of these complaints, Plaintiff seeks to admit a summary of the evidence based on verbatim reports from Bard's complaint files. "The admission of summary evidence is within the discretion of the district court and is upheld absent an abuse of discretion." *United States v. Bundy*, 2017 WL 549593, at *1–2 (D. Nev. Feb. 8, 2017) (citing *United States v. Anekwu*, 695 F.3d 967, 981 (9th Cir. 2012). S*ee also, United States v. Marchini*, 797 F.2d 759, 766 (9th Cir. 1986).

Charts and summaries may be admitted as evidence under FRE 1006 in lieu of the underlying records. *United States v. Wood*, 943 F.2d 1048, 1053 (9th Cir. 1991). It's only

5

when a party seeks to admit the underlying evidence <u>and</u> the summary is the summary not considered evidence. *Wood*, 943 F.2d 1048, 1053.

### B. <u>CONCLUSION</u>

Plaintiff respectfully requests that the Court affirm its ruling in the Booker trial and admit the MDR reports into evidence.

RESPECTFULLY SUBMITTED this 15th day of May 2018.

                GALLAGHER & KENNEDY, P.A.

                By: */s/ Mark S. O'Connor*
                      Mark S. O'Connor
                      2575 East Camelback Road
                      Phoenix, Arizona  85016-9225

                LOPEZ McHUGH LLP
                      Ramon Rossi Lopez (CA Bar No. 86361)
                      (admitted *pro hac vice*)
                      100 Bayview Circle, Suite 5600
                      Newport Beach, California 92660

                *Co-Lead/Liaison Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

                */s/ Gay Mennuti*