James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SEAL CERTAIN TRIAL EXHIBITS**<br><br>(Assigned to the Honorable David G. Campbell) |

Plaintiff's Opposition to Bard's Motion to Seal (ECF No. 11235) fails to note several key issues: (1) the Court has *already determined* that compelling reasons exist to protect the confidential information Bard seeks to seal here when it granted Bard's earlier motions to seal documents filed in connection with Bard's motion for summary judgment; (2) Plaintiff is simply re-urging arguments previously decided by the Court; and (3) the law favors the least restrictive means for sealing documents, which is the approach Bard has taken here, and not the *more* restrictive means of sealing the entire trial proceeding, as Plaintiff claims is required. Because compelling reasons exist to protect Bard's confidential and trade secret information and Bard's proposed sealing of the non-public exhibits introduced at trial in the *Booker v. Bard* case is the least restrictive means of protecting that confidential and trade secret information, Bard respectfully requests that the Court grant its Motion to Seal Certain Trial Exhibits (the "Motion").

## I. ARGUMENT AND CITATION OF AUTHORITY

### A. The Court has *already determined* that compelling reasons exist to protect the type of confidential information Bard seeks to seal here.

Despite Plaintiff's insinuation that the Court is controlled by the reasoning employed, and conclusions reached, by a judge in another District Court, the Court has already allowed documents filed in connection with Bard's motion for summary judgment and Plaintiff's opposition thereto to be redacted to protect the same categories of information Bard seeks to be protected in its Motion. The Court's protection of the confidentiality of the information contained in those documents was subject to the same "compelling reasons" standard that applies to Bard's Motion here.

Indeed, contrary to Plaintiff's protestations, various Courts have found compelling reasons to protect these types of documents and information from public disclosure. For example, in *In re Incretin-Based Therapies Products Liability Litigation*, No. 13MD2453 AJB (MDD), 2015 WL 11658712 (S.D. Cal. Nov. 18, 2015), the Court considered motions to seal related to cross-motions for summary judgment. The court found that compelling reasons existed to grant the motions to seal because the information was

- 1 -

"confidential and proprietary information specific to each drug at issue and the development, testing, and regulation of each drug." *Id.* at *3. The court found that such information "is readily subject to improper use resulting in significant competitive harm if disclosed publicly and available to competitors." *Id.* Similarly, in *Jochims v. Isuzu Motors, Ltd.*, 151 F.R.D. 338, 341 (S.D. Iowa 1993), the court sealed the same types of trial exhibits sought to be sealed here: internal engineering standards, confidential information regarding advertising expenditures, and test reports relating to the design and development of the product at issue. In so holding, the court reasoned that "[d]epriving these documents of their confidential status would be inimical to Isuzu's competitive interests." *Id.* Finally, in *Spectrum Pharmaceuticals, Inc. v. Sandoz Inc*., No. 2:12-CV-00111-GMN, 2014 WL 4202540, at *2 (D. Nev. Aug. 21, 2014), the court considered documents submitted in support of Sandoz's motion for summary judgment. The documents related to an Abbreviated New Drug Application to the FDA, technical information about the product, and specific efforts to obtain FDA approval of the Application, including actual and planned confidential communications with the FDA. *Id.* The court found that information of this nature could injure the parties' business, thereby constituting a compelling reason to grant a motion to seal the documents. *Id.*

As set forth more fully set forth in Bard's Motion, the trial exhibits that Bard has moved to seal are the same types of documents already deemed worthy of protection from public disclosure by the Court in this litigation, and by various courts in similar cases, under the compelling reasons standard: design and testing documents, non-testing product design and development materials, quality system and adverse event response documents, and FDA submission-related documents. Thus, Bard respectfully requests that the Court grant the Motion.

**B.   Plaintiff is re-urging arguments previously decided by the Court.**

Plaintiff's brief repeats several arguments used in opposition to Bard's previous Motion to Seal Certain Exhibits attached to Plaintiff's Opposition to Bard's for Summary Judgment. For instance, the Plaintiff again claims that the confidential information and

documents Bard seeks to seal cannot be characterized as a trade secret. In so arguing, Plaintiff ignores the uncontested Declaration of Robert Carr,[1] which specifically addresses the type of confidential and trade secret information at issue in the Motion, details the investment made by Bard to create that information and procedures employed by Bard to protect it in the highly competitive medical device industry, and establishes the practical harm to Bard should that information be made public.

Further, using a variant of an argument made previously, Plaintiff claims that the Motion should not be granted because the only harm from disclosure of Bard's confidential and trade secret information would be further lawsuits against Bard. Without public access to the documents Bard seeks to seal, Plaintiff's argument goes, the public will remain unaware of the alleged "safety hazard" that Bard's IVC filters pose. This argument fails under slight scrutiny, however. Given the amount of information publicly available regarding IVC filters, it is difficult to imagine how disclosure of these confidential and technical documents will add to the public's knowledge of alleged risks regarding Bard's IVC Filters. Because Plaintiff is relying on arguments previously considered, and rejected, by the Court in opposition to the Motion, Bard respectfully requests that the Court grant the Motion.

**C. The law favors the least restrictive means for sealing documents, such as the approach Bard has taken here, and not the *more* restrictive means of sealing the entire trial proceeding as Plaintiff claims is required.**

First, Plaintiff overstates the "ex-post facto" nature of Bard's motion. Bard compared the Court's final exhibit list with Bard's list to ensure that there were no discrepancies and to minimize the risk of piecemeal and/or incorrect references to exhibits.[2] Moreover, Bard made Plaintiff aware of its intent to seal these documents. In

---

[1] Plaintiff merely points out that Mr. Carr's declaration was prepared for a previous motion to seal documents. However, the previous motion to seal, for which Mr. Carr prepared his declaration, sought to seal the same types of documents and to protect the same type of information as is sought to be protected through the Motion.

[2] Bard states that it does not intend to move to seal documents that were admitted in the *Phillips* trial. To the extent that any documents that Plaintiff identifies as being admitted

- 3 -

any event, there is ample authority for sealing documents introduced at trial and Plaintiff's argument that it is wholly impermissible to do so falls flat. *See e.g., PQ Labs, Inc. v. Qi*, No. C 12-450 CW, 2014 WL 4617216, at *1 (N.D. Cal. Sept. 15, 2014) (granting motion to "seal from the public record, by redaction, certain parts of the Reporter's Transcript of the trial proceedings on March 10 and March 11, 2014, which concern Plaintiffs' trade secrets; and (2) to seal certain trial exhibits which were admitted into evidence on March 10 and 11, 2014, and which contain trade secrets, pricing and customer data, and other confidential information"); *see also, Pal v. New York Univ.*, No. 06 CIV. 5892 (PAC), 2010 WL 2158283, at *2 (S.D.N.Y. May 27, 2010) (sealing exhibits after case settled mid-trial and the media intervened requesting access to certain exhibits).

Second, Plaintiff takes the position that in order to maintain confidentiality over any trial exhibit, Bard is required to move to close the entire courtroom during trial. This tactic is *more* restrictive than necessary, however, and is inapplicable to the hundreds of extraneous pages of lengthy exhibits that were never discussed or relied on during trial. Bard is not moving to seal the entire trial transcript, but narrowed its sealing request to the documents themselves, which contain a vastly greater amount of information than was discussed during, or was necessary to, trial. In any event, Plaintiff cites to no controlling authority that any exhibit used during trial is automatically public unless a party moves to seal the courtroom before the exhibit's introduction to evidence. Indeed, case law supports sealing the documents, as Bard requests. *See Org. for Competitive Markets, Inc. v. Seaboard Farms, Inc.*, No. 00-3432, 2001 WL 842029, at *1 (8th Cir. Feb. 1, 2001) (affirming the district court's denial of a third party intervenor's motion to access trial exhibits after the case settled mid-trial, and denial as moot the intervenor's "motion to prohibit the withdrawal or destruction of trial exhibits"); *see also, Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 781 (1st Cir.1988) (noting that "trial exhibits that were restored to their owner after a case has been completely terminated and which were

---

in *Phillips* were, in fact, admitted at both the *Phillips* and *Booker* trials, Bard does not seek for those exhibits to be sealed.

1  properly subject to destruction by the clerk of court are no longer judicial records within
2  supervisory power of district court" and may be destroyed), *cert. denied*, 488 U.S. 1030
3  (1989) (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 683 (3d Cir.1988)).

Finally, aside from Plaintiff's generic public hazard argument, the thrust of her remaining attempts to prevent the sealing of documents reflecting Bard's confidential business practices, actual and planned confidential communications with the FDA, and internal business deliberations, organization, and capabilities under the compelling reasons standard is to simply state that the documents involve products that are no longer on the market. As noted in Bard's Motion, however, the value in the vast amounts of information contained in the trial exhibits here are not limited to their specific application to the Simon Nitinol Filter, Recovery® Filter, and G2® Filter, but instead reveal Bard's confidential business processes, research and development, and testing and strategies across numerous and current product lines. As a result, Bard requests that this information be sealed.

## II. CONCLUSION

The public disclosure of the exhibits introduced at the *Booker v. Bard* trial would reveal confidential, proprietary and trade secret information and would create a heightened risk of irreparable harm to Bard's competitive business concerns. Accordingly, pursuant to the Protective Order in this case, Bard requests that the previously identified exhibits to the trial in *Booker v. Bard* be sealed.

This 1st day of June, 2018.

s/Elizabeth C. Helm
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
Elizabeth C. Helm
Georgia Bar No. 289930
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050

- 5 -

Kate.Helm@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
JCondo@swlaw.com
ASheridan@swlaw.com

**Attorneys for Defendant C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of June, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

s/Elizabeth C. Helm
Elizabeth C. Helm

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

- 7 -