# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC<br><br>**CASE MANAGEMENT ORDER NO. 33** |

Following the close of trial in the Jones case, the Court conferred with the parties regarding scheduling matters. On the basis of the conference, the Court enters the following order:

1. <u>Next Bellwether: Mulkey</u>.

The parties agreed on the Mulkey case as the bellwether trial for September 2018.

2. <u>Jury Questionnaire and Jury Selection for Mulkey Trial</u>.

　　a. By **July 5, 2018**, the parties shall provide the Court with proposed changes to the questionnaire used in the Jones bellwether trial. The Court will consider these proposals in finalizing the questionnaire for the Mulkey trial.

　　b. The Clerk shall mail the questionnaire to 200 jurors no later than **July 13, 2018.** The questionnaire will instruct the prospective jurors to return it to the Court no later than **August 10, 2018**.

　　c. A thumb drive will be prepared for counsel (one for each side) containing copies of the questionnaires and will be available for pickup at the jury office on **August 17, 2018.** The thumb drive and any paper copies made by counsel must be returned to the Court by counsel on the day of jury selection.

1        d.    On **August 24, 2018**, the Court will provide the parties with a list of prospective jurors the Court proposes to excuse for hardship on the basis of their responses to the first question in the questionnaire.

      e.    The Court will hold a final pretrial conference in the Mulkey case on **August 30, 2018 at 10:00 a.m.**  At the final pretrial conference, counsel will be permitted to challenge the Court's excusal of any of the listed jurors for hardship.  If counsel do not object to the Court's proposed excusal of a particular juror for hardship, that juror will be excused from further involvement in this case.  After hearing counsel's objections to hardship excusals, the Court will determine which of the challenged jurors should be excused for hardship and which should appear for voir dire.  In addition, counsel shall be prepared to make challenges for cause to jurors on the basis of information contained in their questionnaires.  These challenges should be limited to jurors who clearly could not serve as a fair juror on the basis of their questionnaire answers.  The Court will rule on these challenges at the final pretrial conference.  All prospective jurors who returned questionnaires and who have not been excused for hardship or successfully challenged for cause will be candidates for voir dire.

      f.    On **September 18, 2018, at 9:00 a.m.,** 50 prospective jurors will be called to Court to appear for voir dire.  The Court will permit counsel to ask follow-up questions of individual jurors based on information contained in the juror questionnaires.  Counsel should not venture into new subjects – they should limit their follow-up questions to the items covered in the questionnaire.  Following voir dire, the Court will hear and rule on challenges for cause.

      g.    The Court will seat 9 jurors.  Each side will have 3 pre-emptory strikes.

      h.    The Court anticipates that opening statements and evidence will begin on the afternoon of **September 18, 2018**.

/ / /

/ / /

3. <u>Briefing on Specific Issues</u>.

By **June 15, 2018**, the parties should simultaneously file six-page memoranda addressing the following issues:

    a. The Plaintiff for the fourth and fifth bellwether trials (Hyde and Kruse);

    b. The identity of the Plaintiff for the sixth bellwether trial (Peterson, Tinlin, King, Mixson, or DeWitt);

    c. The presence of SNF cases in this MDL and what should happen with them; and

    d. The appropriate time for remand of the "mature" cases discussed in previous Case Management Orders.

4. <u>Mulkey Motion for Summary Judgment</u>.

The Court will rule on the pending Mulkey motion for summary judgment as soon as possible.

5. <u>Mulkey Motions in Limine</u>.

Motions in limine, limited to three pages each, shall be filed by **July 27, 2018**. Responses to motions in limine, limited to three pages each, shall be filed by **August 10, 2018**. No replies shall be filed.

6. <u>Deposition Designations</u>.

The parties shall provide deposition designations by **August 15, 2018**.

7. The proposed final pretrial order shall be submitted by **August 17, 2018**. The Court will enter a separate order governing the materials that should be submitted with the final pretrial order.

8. <u>Trial days</u>.

Trial will be held on September 18-21 and 24-28, and October 1-5. Plaintiff will be allotted 33 hours of trial time and Defendants will be allotted 30 hours of trial time. These hour allocations are greater than in previous trials, and are undertaken to address Plaintiff's concern that a more complete case could be presented with additional time.

This represents five more hours of trial time for Plaintiff than allotted in the Jones trial and six more hours than allotted in the Booker trial. The Court will consider whether to shorten the allotted time for the fourth bellwether trial. Plaintiff's counsel were more efficient in the Jones trial than the Booker trial, but the Court concludes that greater efficiency could still be achieved without a loss of persuasive effect. The Court nonetheless believes that one purpose of the bellwether trials is to give the parties a fair sense of how cases will be decided in various trials, and will allot this additional time in order to provide information on the result of a trial where more time is allowed. This schedule should allow the case to get to the jury by the morning of October 4, 2018.

9. The Court previously ruled that Plaintiffs could not use Dr. Kandarpa as a witness because of their failure to disclose him during the discovery period. The Court concluded that this failure was not harmless because Defendants would have deposed Dr. Kendarpa had he been properly identified. Doc. 11011 at 3. Because there are more than three months between now and the start of the Mulkey trial, and a deposition of Dr. Kendarpa has already been scheduled in similar state cases for the month of June, the Court concludes that the harm to Defendants can be alleviated through the deposition. As a result, the Court will permit Plaintiff Mulkey to use Dr. Kandarpa as a witness at trial.

10. *Cisson* Ruling.

The Court previously rejected Plaintiff's *Cisson* argument. Plaintiff's counsel have asked the Court to reconsider this ruling in light of the state law that will apply to future bellwether cases. Plaintiff may file a five-page memorandum on this subject by **June 15, 2018**, and Defendants may file a five-page response by **June 29, 2018.** No reply shall be filed. The Court will review the original *Cisson* briefing, as well as these two additional memoranda, and issue a decision during the month of July.

Dated this 1st day of June, 2018.

_____
David G. Campbell
United States District Judge