```
                    UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF ARIZONA

                    _____

 In Re: Bard IVC Filters              )   MD-15-02641-PHX-DGC
 Products Liability Litigation        )
                                      )   Phoenix, Arizona
                                      )   June 1, 2018
 _____)
 Doris Jones, an individual,          )
                                      )
                     Plaintiff,       )
                                      )   CV-16-00782-PHX-DGC
             v.                       )
                                      )
 C.R. Bard, Inc., a New Jersey        )
 corporation; and Bard Peripheral     )
 Vascular, Inc., an Arizona           )
 corporation,                         )
                                      )
                     Defendants.      )
 _____)
```

**BEFORE:   THE HONORABLE DAVID G. CAMPBELL, JUDGE**

REPORTER'S TRANSCRIPT OF PROCEEDINGS

**TRIAL DAY 12   (VERDICT)**

(Pages 2509 - 2523)

Official Court Reporter:
Patricia Lyons, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Ste. 312
401 West Washington Street, SPC 41
Phoenix, Arizona  85003-2150
(602) 322-7257

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared with Computer-Aided Transcription

```
 1                    A P P E A R A N C E S

 2     For Plaintiff:

 3            Gallagher & Kennedy
              By: MARK S. O'CONNOR, ESQ.
 4            By: PAUL L. STOLLER, ESQ.
              By: SHANNON L. CLARK, ESQ.
 5            By: C. LINCOLN COMBS, ESQ.
              2575 East Camelback Road, Suite 1100
 6            Phoenix, AZ  85016

 7            Lopez McHugh, LLP
              By: RAMON ROSSI LOPEZ, ESQ.
 8            100 Bayview Circle, Suite 5600
              Newport Beach, CA  92660
 9
              Lopez McHugh, LLP
10            By: JOSHUA MANKOFF, ESQ.
              214 Flynn Ave.
11            Moorestown, NJ  08057

12            Heaviside Reed Zaic
              By: JULIA REED ZAIC, ESQ.
13            By: LAURA E. SMITH, ESQ.
              312 Broadway, Ste. 203
14            Laguna Beach, CA  92651

15

16     For Defendants:

17            Nelson Mullins Riley & Scarborough
              By: RICHARD B. NORTH, JR. ESQ.
18            By: ELIZABETH C. HELM, ESQ.
              201 17th Street NW, Suite 1700
19            Atlanta, GA  30363

20            Nelson Mullins Riley & Scarborough.
              BY: JAMES F. ROGERS, ESQ.
21            1320 Main St.
              Columbia, SC  29201
22
              Snell & Wilmer
23            By: AMANDA C. SHERIDAN, ESQ.
              400 East Van Buren
24            Phoenix, AZ  85004

25
```

**P R O C E E D I N G S**

(Proceedings resumed in open court outside the presence of the jury.)

THE COURT: All right. So we received a note from the jury that says, "Your Honor, what is the procedure if the end result is we do not agree?" Signed by Juror 7.

So it appears -- I assume Juror 7 is the foreperson. It appears that he's of the view that after the deliberations they've done to this point, they cannot reach a unanimous agreement.

I note for the record that the jury deliberated about four to five hours yesterday. They arrived at 9:00 this morning, so they've been deliberating another five hours. So they've been at it between nine and ten hours of deliberation.

What are your thoughts, Counsel, on what we should do?

MR. O'CONNOR: I think you need to encourage them to keep trying to arrive at a resolution, Your Honor.

THE COURT: What do defendants think?

MR. NORTH: I'm not sure what alternatives the Court has other than something akin to an *Allen* charge.

THE COURT: I will tell you that the Ninth Circuit's *Allen* charge is the softest in the country. These are sometimes called dynamite charges. It's not even a

14:02:26  1  firecracker, in my opinion.

2  I'll read it to you. It says: "Members of the jury,
3  you have advised that you have been unable to agree upon a
4  verdict in this case. I have decided to suggest a few
14:02:40  5  thoughts to you. As jurors you have a duty to discuss the
6  case with one another and to deliberate in an effort to reach
7  unanimous verdict if each of you can do so without violating
8  your individual judgment and conscience. Each of you must
9  decide the case for yourself, but only after you consider the
14:02:58  10  evidence impartially with the other jurors.

11  During your deliberations you should not be unwilling
12  to reexamine your own views and change your opinion if you
13  become persuaded that it is wrong. However, you should not
14  change an honest belief as to the weight or effect of the
14:03:14  15  evidence solely because of the opinions of the other jurors or
16  the mere purpose of return- -- for the mere purpose of
17  returning a verdict.

18  All of you are equally honest and conscientious
19  jurors who have heard the same evidence. All of you share an
14:03:28  20  equal desire to arrive at a verdict. Each of you should ask
21  yourself whether you should question the correctness of your
22  present position.

23  I remind you that in your deliberations you are to
24  consider the instructions I have given you as a whole. You
14:03:43  25  should not single out any part of the instructions, including

```
14:03:46   1    this one, and ignore others.  They're all equally important.
           2             You may now return and continue your deliberations.
           3             That's what it says.
           4             I would absolutely give this if we were at 4:30
14:04:02   5    yesterday and they'd been deliberating for three hours.
           6    They've been in there for almost ten hours, and I don't know
           7    that this will make a difference, but --
           8             Let me throw out another thought for you to consider.
           9             MR. O'CONNOR:  I'm sorry, Your Honor?
14:04:24  10             THE COURT:  You can sit down.
          11             Let me throw out another thought for you to consider.
          12             When I have hung juries, my practice is to bring them
          13    into the courtroom, with you present, and I ask them some
          14    questions to -- this is after I've declared a mistrial, to
14:04:42  15    figure out how the jury was divided, to get the thoughts of
          16    the jurors why they were coming out one way or another.  The
          17    idea being to educate the lawyers as to what the outcome of
          18    the trial was.
          19             I don't do that, obviously, when we have a verdict
14:04:56  20    because of the rules that govern verdicts.
          21             This is a bellwether trial.  The question I throw out
          22    to you is whether that kind of procedure might be valuable and
          23    informative to you in the litigation so that could you learn
          24    something.
14:05:18  25             I will tell you that if I declare a mistrial, I'm not
```

```
14:05:21   1    going to retry the Jones case.  We're going to go on with
           2    other bellwether trials.  Because you've got a data point from
           3    that trial; it was a hung jury.  And you'll also hear the
           4    jurors' thoughts on what the outcome was.
14:05:38   5              MR. LOPEZ:  Can we huddle, Your Honor, for a few
           6    minutes?
           7              THE COURT:  Yeah, you can absolutely huddle.
           8         (Counsel huddle.)
           9              THE COURT:  All right, Counsel, what are your
14:10:23  10    thoughts?
          11              MR. O'CONNOR:  Yes, Your Honor.  Our team has talked.
          12    We would request that you do give them the instruction and ask
          13    them to continue to deliberate until the end of the day.  If
          14    at that point they can't, bring them in here and we'd ask you
14:10:40  15    to engage in the questioning that you had talked about to give
          16    us the data points.  And the reason is, is that we've come
          17    this far, and we just think it's important that we have them
          18    go as long as we possibly can have them go today.
          19              MR. NORTH:  Your Honor, we have discussed it and
14:11:04  20    we've also evaluated our position in light of you reading us
          21    the Ninth Circuit *Allen* charge, which does seem somewhat tepid
          22    compared to the one I was accustomed to, and also noting, as
          23    the Court has, that the jury has deliberated at least ten
          24    hours now.  We would go ahead and move for mistrial based on
14:11:24  25    the hung jury at this point.
```

14:11:26  1        We believe it would give the parties an advantage to
          2   be able to question these jurors if the Court were to declare
          3   a mistrial and bring them in now.  I'm concerned if we go to
          4   the end of the day, my understanding is the Court has three to
14:11:39  5   five hearings this afternoon, that we will lose that window of
          6   opportunity to gain that data.  We would therefore ask for
          7   mistrial at this time.
          8        MR. O'CONNOR:  Your Honor, may I respond to what was
          9   just said?
14:12:38 10        At least one more hour certainly would not affect
         11   anything that's happened in here.
         12        THE COURT:  Well, but how do we do that?  I don't
         13   think --
         14        MR. O'CONNOR:  With the instruction --
14:12:51 15        THE COURT:  I don't think I can tell them go
         16   deliberate for one hour.  I mean, if I tell them go back and
         17   deliberate, it seems to me they go back and deliberate as long
         18   as they feel they should.  And they could get to the end of
         19   the day and say we're undecided, we'll come back Monday.
14:13:10 20        If we let them deliberate again, we've got to let
         21   them deliberate.  I don't think I can tell them to go do it
         22   for another hour.
         23        That's why I'm pausing up here.  I do start hearings
         24   at 4 o'clock.  But I don't think it would be appropriate for
14:13:38 25   me to say go back for another hour.

14:13:43  1        MR. CLARK: This is a question. Is it possible that
         2    after they've been deliberating for another hour, say, that we
         3    inquire as to where they are? Are they still at the impasse?
         4        MR. STOLLER: I'm sorry, I'm muttering, Your Honor.
14:13:59  5    Their question is what is the procedure if their end result is
         6    we don't agree. We're all inferring from that that they're
         7    not agreeing, but they haven't said, Judge, we're at an
         8    impasse, we can't agree.
         9        THE COURT: That's what this note says. Yeah. I
14:14:15 10    mean, in other words, we can't agree, what now. That's what
        11    they're saying. So, yeah. The way they worded it wasn't as
        12    direct, but that's what they're saying.
        13        I will tell you, in all the trials I've had that
        14    resulted in a hung jury, I've given this instruction. I've
14:14:58 15    had one out of all of them that's actually reached a verdict.
        16    It did work one time. Most of the time it doesn't. But we
        17    can try it.
        18        It may -- if it means they come back, you know, at 5
        19    o'clock and say we can't agree, that we just adjourn for the
14:15:20 20    day, declare a mistrial. So we may lose the opportunity to
        21    talk to them if we go that route. But it would be nice to get
        22    a verdict. So I will give them the charge and we'll see what
        23    happens.
        24        Traci, would you have them come in.
14:15:42 25        THE COURTROOM DEPUTY: Yes, sir.

14:15:44  1            (The jury entered the courtroom at 2:16.)
          2            THE COURT:  Please be seated.
          3            Members of the jury, I received the note that you
          4   sent out and I talked to the lawyers about it.  You've been at
14:17:26  5   this for a long time.  We recognize that.
          6            The procedure that we follow when a jury is unable to
          7   reach an agreement is to tell them to try one more time.
          8            There's a specific instruction from the Court of
          9   Appeals that's been written for that circumstance.  I'm going
14:17:47 10   to read it to you.  It doesn't have great revelations in it,
         11   but it's a reminder.  And then we'll ask you to go a bit
         12   longer, as long as you think is reasonable.  If you're able to
         13   reach agreement, great.  If not, you can tell us that.
         14            This is the instruction:
14:18:04 15            Members of the jury, you have advised that you've
         16   been unable to agree upon a verdict in this case.  This
         17   instruction will suggest a few thoughts to you.
         18            As jurors, you have a duty to discuss the case with
         19   one another and to deliberate in an effort to reach a
14:18:18 20   unanimous verdict, if each of you can do so without violating
         21   your individual judgments and conscience.  Each of you must
         22   decide the case for yourself, but only after you consider the
         23   evidence impartially with the other jurors.
         24            During your deliberations you should not be unwilling
14:18:34 25   to reexamine your own views and change your opinion, if you

14:18:37  1  become persuaded that it is wrong.
2  However, you should not change an honest belief as to
3  the weight or effect of the evidence solely because of the
4  opinions of the other jurors, or for the mere purpose of
14:18:48  5  returning a verdict.
6  All of you are equally honest and conscientious
7  jurors.  You have heard the same evidence.  All of you share
8  an equal desire to arrive at a verdict.  Each of you should
9  ask yourself whether you should question the correctness of
14:19:04  10  your present position.
11  I remind you that in your deliberations you are to
12  consider the instructions I have given you as a whole.  You
13  should not single out any part of any instruction, including
14  this one, and ignore others.  They're all important.
14:19:20  15  So with that additional instruction, we're going to
16  ask you to return to your deliberations.
17  Thank you.
18  (The jury exited the courtroom at 2:19.)
19  THE COURT:  We'll let you know when we hear
14:19:49  20  something.  We're going to start hearings in here at 3:30.
21  MR. O'CONNOR:  You'll have people, lawyers, coming
22  in?
23  THE COURT:  Yes.  Not at 3:30.  We will at 4:00.
24  We've got one at 4:00, two at 4:30.  One on the phone at 3:30.
14:20:04  25  MR. NORTH:  Thank you.

```
14:20:04    1              MS. HELM:  Thank you, Your Honor.
            2         (Recess taken from 2:20 to 4:48.  Proceedings resumed in
            3    open court outside the presence of the jury.)
            4              THE COURT:  All right, Counsel, we've been told the
16:49:19    5    jury reached a verdict, so we'll bring them in.
            6         (The jury entered the courtroom at 4:50.)
            7              THE COURT:  Juror Number 7, I understand that the
            8    jury's reached a unanimous verdict?
            9              JUROR:  Yes, we have, Your Honor.
16:50:51   10              THE COURT:  Would you hand that folder to Nancy,
           11    please.
           12              Thank you.
           13              I'll ask Traci to read the verdict.
           14              THE COURTROOM DEPUTY:  Omitting the formal caption,
16:51:25   15    We the jury, duly empaneled and sworn in the above entitled
           16    action, upon our oaths, find as follows:
           17              A.  Liability.  Number 1.  Product Liability Design
           18    Defect Claim.  Do you find by a preponderance of the evidence
           19    that Bard is liable to Mrs. Jones on the product liability
16:51:46   20    design defect?
           21              No.
           22              Number 2.  Strict Product Liability Failure to Warn
           23    Claim.  Do you find by the preponderance of the evidence that
           24    Bard is liable to Mrs. Jones on the strict product liability
16:52:04   25    failure to warn claim?
```

```
16:52:05   1                 No.
           2                 Number 3.  Negligent Failure to Warn Claim.  Do you
           3       find by the preponderance of the evidence that Bard is liable
           4       to Mrs. Jones on the negligent failure to warn claim?
16:52:23   5                 No.
           6                 Signed by foreperson, Juror Number 7, June 1st, 2018.
           7                 THE COURT:  All right.  Traci, would you poll the
           8       jury, please.
           9                 THE COURTROOM DEPUTY:  Juror Number 1, are these your
16:52:36  10       verdicts?
          11                 JUROR:  Yes.
          12                 THE COURTROOM DEPUTY:  Juror Number 2, are these your
          13       verdicts?
          14                 JUROR:  Yes.
16:52:40  15                 THE COURTROOM DEPUTY:  Juror Number 3, are these your
          16       verdicts?
          17                 JUROR:  Yes.
          18                 THE COURTROOM DEPUTY:  Juror Number 4, are these your
          19       verdicts?
16:52:44  20                 JUROR:  Yes.
          21                 THE COURTROOM DEPUTY:  Juror Number 5, are these your
          22       verdicts?
          23                 JUROR:  Yes.
          24                 THE COURTROOM DEPUTY:  Juror Number 6, are these your
16:52:49  25       verdicts?
```

```
16:52:49   1                       JUROR:  Yes.
           2                       THE COURTROOM DEPUTY:  Juror Number 7, are these your
           3   verdicts?
           4                       JUROR:  Yes.
16:52:53   5                       THE COURTROOM DEPUTY:  Juror Number 8, are these your
           6   verdicts?
           7                       JUROR:  Yes.
           8                       THE COURTROOM DEPUTY:  Juror Number 9, are these your
           9   verdicts?
16:52:58  10                       JUROR:  Yes.
          11                       THE COURT:  All right.  The polling has shown the
          12   jury's verdict is unanimous.
          13                       Ladies and gentlemen, thank you so much for the time
          14   you've devoted to this case, on behalf of everybody here, and
16:53:10  15   for the close attention you've paid for the last three weeks.
          16   We know this hasn't been easy for you, and we very much
          17   appreciate the effort you've put in to helping us resolve
          18   this.
          19                       You are now released from the admonition you've been
16:53:24  20   under throughout the case about not discussing it.  If you
          21   want to talk to family members or friends about it, you can do
          22   that.  Under our local rules, the lawyers, the parties, can't
          23   contact you about the case.  But if you choose to talk to
          24   friends or family, you're free to do that.
16:53:40  25                       We will excuse you with our thanks.  If you wouldn't
```

```
16:53:44   1    mind waiting in the jury room just another minute, I will come
           2    back and thank you personally.
           3            We will excuse you at this time.
           4        (The jury exited the courtroom at 4:53.)
16:54:05   5            THE COURT:  All right.  Counsel, I'm going to ask
           6    counsel for defendants to submit a proposed form of judgment.
           7            MR. NORTH:  Certainly, Your Honor.
           8            THE COURT:  I issued an order today on the matters
           9    that we covered yesterday, so that schedule is in place.
16:54:24  10            And we'll look to get the briefing on those various
          11    matters in the coming weeks.  Is there anything else that we
          12    need to talk about today?
          13            MR. O'CONNOR:  Nothing from plaintiff, Your Honor.
          14            MR. NORTH:  Nothing from defendant, Your Honor.
16:54:35  15            THE COURT:  Okay.  Thank you all.
          16            MR. LOPEZ:  Thank you, Your Honor.
          17            MR. NORTH:  Thank you, Your Honor.
          18        (End of transcript.)
          19                            * * * * *
          20
          21
          22
          23
          24
          25
```

# **C E R T I F I C A T E**

I, PATRICIA LYONS, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control, and to the best of my ability.

DATED at Phoenix, Arizona, this 2nd day of June, 2018.

s/ Patricia Lyons, RMR, CRR
Official Court Reporter