**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC |
| _____ | |
| Sherr-Una Booker, an individual, | No. CV-16-00474-PHX-DGC |
| Plaintiff, | |
| v. | |
| C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, | **ORDER** |
| Defendants. | |

Defendants have filed a motion to seal exhibits used in the Booker trial. Doc. 11010. The motion is fully briefed and neither side has requested oral argument. The motion will be denied.

Defendants request that numerous trial exhibits be sealed pursuant to the stipulated protective order. *Id.* at 1 (citing Doc. 269). But Defendants have not satisfied the compelling reasons standard for the sealing of judicial records, and otherwise have waived the right to have the exhibits sealed because they were disclosed to the public during trial.

**I.  Defendants Have Waived the Right to Have the Exhibits Sealed.**

The stipulated protective order permits the parties to designate as confidential certain documents, but makes clear that its terms do not restrict or otherwise apply to the use of confidential documents at trial. Doc. 269 at 12-13. The use of such documents at trial was to be addressed by agreement of the parties or further order of the Court. *Id.* at 13. The protective order provides that where a party intends to use confidential documents as exhibits and contends that the documents should be sealed, the party "must file a motion for an order sealing the documents consistent with applicable law and comply with the provisions of Local Rule of Civil Procedure 5.6." *Id.* at 10.

Before the exhibits were disclosed during the Booker trial, Defendants neither reached an agreement with Plaintiffs regarding their use nor obtained an order sealing them pursuant to Local Rule 5.6. The protective order makes clear that the exhibits are now part of the public domain and no longer confidential or subject to being sealed. *Id.* at 15 ("Publically available includes documents that have been . . . entered as an exhibit during trial not under seal."). "Indeed, with respect to materials used at trial, 'it is well established that the release of information in open court is a publication of that information and, if no effort is made to limit its disclosure, operates as a waiver of any rights a party had to restrict its future use.'" *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No. CIV.A. 09-290, 2013 WL 1336204, at *5 (W.D. Pa. Mar. 29, 2013) (quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)).

In short, Defendants have waived the right to have the trial exhibits sealed. *See* Doc. 269 at 20-22, *Phillips v. C. R. Bard, Inc.*, No. 3:12-cv-00344-RCJ-WGC (D. Nev. June 1, 2015) (finding waiver where Bard "made no motion to seal the exhibits or testimony at the public trial"); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV-09-1531-PHX-JAT, 2012 WL 1432519, at *7 (D. Ariz. Apr. 25, 2012) (information disclosed in open court would remain public because the parties "already voluntarily 'let the cat out of the bag,' and this Court is unwilling, let alone able, to undo what is already done"); *Fleming v. Escort, Inc.*, No. CV 09-105-S-BLW, 2013 WL 1290418, at *4 (D.

Idaho Mar. 27, 2013) (denying motion to seal where the "matters were discussed on the record during the public trial, and no attempt was made . . . at that time to seal the proceedings or otherwise protect the information from disclosure"); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2014 WL 10537440, at *6 (N.D. Cal. Aug. 6, 2014) ("[W]here, as here, the parties did not request closure of the courtroom . . . and the disclosures were not inadvertent, the Court will not permit an ex post facto redaction of statements made in open court[.]"); *Pfizer, Inc. v. Teva Pharm. USA, Inc*., No. 08-1331, 2010 WL 2710566, at *4 (D.N.J. July 7, 2010) ("Once a hearing is conducted in open court, information placed on the record is just that: information that is *on the record*. Ex-post facto sealing should not generally be permitted.") (emphasis in original); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) ("[H]owever confidential [the information] may have been beforehand, subsequent to publication it was confidential no longer. . . . We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again.").

Defendants' reliance on *Livingston v. Isuzu Motors, Ltd.*, 910 F. Supp. 1473 (D. Mont. 1995), is misplaced. Doc. 11010 at 8. The exhibits in *Livingston*, unlike those in this case, were produced pursuant to a protective order which contemplated use of such documents at trial without loss of their confidentiality, and during trial the documents "were regarded by all parties as confidential, sensitive information, and by implication agreed that the untoward release of them had the potential to harm defendants." 910 F. Supp. at 1480. In this case, Defendants never reached an agreement with Plaintiffs regarding the use of confidential documents at trial, and Plaintiffs disagree with the assertion that the exhibits constitute Bard trade secrets that would be harmful to Bard if disclosed. Doc. 11235. The court in *Livingston* concluded that because the exhibits ultimately were returned to the parties, the exhibits "did not enter the public record[.]" 910 F. Supp. at 1480 (citing *Jochims v. Isuzu Motors, Ltd.*, 151 F.R.D. 338, 340 (S.D. Iowa 1993)). This conclusion is squarely at odds with the more recent cases cited above

and this Circuit's strong presumption in favor of public access to judicial records. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

Defendants' reliance on *PQ Labs, Inc. v. Yang Qi*, No. C-12-450-CW, 2014 WL 4617216 (N.D. Cal. Sept. 15, 2014), fares no better. Doc. 11319 at 5. The motion to seal in that case was granted because the parties sought specific redactions that "limited their request only to trade secret or other confidential information." *Id.* at *1. In this case, Defendants seek to seal broad categories of documents based on generalized assertions that the documents contain protectable information. As explained more fully below, documents cannot be sealed on that basis. *See Kamakana*, 447 F.3d at 1178-79.

**II.     Defendants Have Not Satisfied the Compelling Reasons Standard.**

It has long been established that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Unless a judicial record is one traditionally kept secret, "a 'strong presumption in favor of access' is the starting point." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal a judicial record must meet a "compelling reasons" standard – that is, "the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure[.]" *Id.* at 1178-79 (citations omitted).

Defendants have not met their burden. They seek to have nearly 100 trial exhibits sealed simply by listing them in a chart and categorizing them into four broad categories (design and testing, product development, quality system and adverse events, and FDA documents). Docs. 11010 at 3-4, 11010-1 at 2-7. The compelling reasons standard requires more specificity. It is not enough to simply list the exhibits in a chart with a corresponding category number. A party "must articulate specific facts to justify sealing, and must do so with respect to each item sought to be sealed." *B2B CFO Partners, LLC v. Kaufman,* No. CV 09-2158-PHX-JAT, 2010 WL 2104257, at *1 (D. Ariz. May 25,

2010); *see Kamakana*, 447 F.3d at 1183-84 ("[T]he United States purports to justify each redaction by listing one of four general categories of privilege . . . . Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden."); *PCT Int'l Inc. v. Holland Elecs. LLC*, No. CV-12-01797-PHX-JAT, 2014 WL 4722326, at *3 (D. Ariz. Sept. 23, 2014) ("[A] formulaic recitation concerning the purported competitive advantage of these documents is in the vein of a legal conclusion and is not specific facts showing a compelling reason to seal."); *Trudel v. Am. Family Mut. Ins. Co.*, No. CV-12-1208-PHX-SMM, 2014 WL 11514215, at *2 (D. Ariz. Aug. 15, 2014) ("[T]he material that Defendant seeks to seal can be sorted into one or more of three general categories . . . . Since Defendant failed to brief compelling reasons with sufficient specificity, the Court can only speculate about whether or not designated evidence is a trade secret.").[1]

**IT IS ORDERED** that Defendants' motion to seal certain trial exhibits (Doc. 11010) is **denied**.

Dated this 22nd day of June, 2018.

_____
David G. Campbell
United States District Judge

---

[1] Defendants assert in their reply that the Court allowed documents submitted with summary judgment motions to be redacted. Doc. 11319 at 2. But Defendants do not address the redacted sections or explain how prior redactions require the sealing of entire trial exhibits.