1  Ramon Rossi Lopez - rlopez@lopezmchugh.com
   (California Bar Number 86361; admitted *pro hac vice*)
2  Lopez McHugh LLP
   100 Bayview Circle, Suite 5600
3  Newport Beach, California  92660
   949-812-5771
4
5  Mark S. O'Connor (011029) – mark.oconnor@gknet.com
   Gallagher & Kennedy, P.A.
6  2575 East Camelback Road
   Phoenix, Arizona  85016-9225
7  602-530-8000

   *Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC<br><br>**PLAINTIFFS' REPONSE AND OBJECTION TO DEFENDANTS' "RESPONSE" IN OPPOSITION TO PLAINTIFF'S NOTICE RE BELLWETHER CASES** |
|---|---|

Plaintiffs respond and object to Bard's Response in Opposition to Plaintiff's Notice Re Bellwether Cases [Doc. 11640] ("Response").

**I.   Background**

On June 13, 2018, this Court ordered that by 3:00 p.m. on June 22, 2018, the parties "shall file a short notice on the docket indicating if plaintiff Mulkey will be able to proceed to trial in September." [Doc. 11549.]  The Court further stated that "[i]f her ability to proceed with trial in September is uncertain, the Court will review existing briefing and issue a decision [the] week of June 25, 2018 on another plaintiff for the September bellwether trial." *Id.* (emphasis added).  The Court further requested the parties to propose a schedule for addressing the *Cisson* argument if plaintiff Mulkey is replaced. *Id.*

On June 21, 2018, Plaintiffs filed a notice explaining Ms. Mulkey's health status and that her availability for the September trial date was uncertain.  [Doc. 11639.]

Plaintiffs did not advocate for or suggest a case to replace *Mulkey* as the third bellwether trial. Pursuant to this Court's June 13 Order, Plaintiffs further indicated that they did not intend to re-urge the *Cisson* motion for the third bellwether trial subject to the Court's prior rulings.

The following day, Bard filed a "Response" to that notice. Despite this Court's statement in its June 13 Order that it would decide the replacement bellwether case for *Mulkey* based on "existing briefing," Bard took another bite at the apple – further advocating that the Court select *Kruse*, supplementing the argument it made in its June 15, 2018, memorandum. Bard also requested to re-urge its motion in *limine* regarding the admissibility of Recovery Filter migration death evidence. *Id.*

**II.   Argument**

Plaintiffs object to Bard's "Response" as unauthorized and beyond the scope of the Court's Order and Plaintiffs' Notice. Plaintiffs' Notice provided solely the information the Court requested in its June 13 Order: Ms. Mulkey's ability to proceed with trial in September and, given her uncertainty, Plaintiffs' position that they would not be re-urging the *Cisson* argument regardless of which case the Court selects for bellwether 3. After conceding that *Mulkey* should not proceed in September, Bard's Response argued regarding the Court's selection of the replacement bellwether trial. Not only did that argument exceed the scope of this Court's June 13 Order, which indicated the Court would decide the replacement bellwether case based on the "existing briefing," it violated this Court's CMO 33, which ordered the parties to submit by June 15, 2018, simultaneous memoranda as to the order of bellwether trials and selection of the sixth bellwether trial [Doc. 11320].

Plaintiffs cannot "unring the bell" of Bard's filing and thus request that they be permitted to respond to Bard's arguments in the "Response" as follows:

2

### A. This Court Should Ignore Bard's Argument to Select *Kruse* as the Third Bellwether Trial Because It Is a "Non-Fracture" Case.

Bard argues in its Response that the Court should select *Kruse* as the third bellwether trial, contending it is a "non-fracture" case. But, the parties (including Bard) stipulated to Plaintiff Mulkey's case serving as the third bellwether knowing that it involves a fracture. Thus, Bard clearly did not regard the fact of fracture in *Mulkey* as being somehow disqualifying until the loss of her ability to proceed to trial in September.

Indeed, while Bard purports to seek "balance" by its nomination of *Kruse*, its own selection of proposed bellwether cases skews heavily in favor of fracture cases. Of the five cases for which it advocated in its proposed bellwether filing, four involve fractures: *Jones*, *Mulkey*, *Nelson*, and *Hyde*. Only *Kruse* did not involve a fracture.[1]

Thus, this Court should select *Hyde* as the next bellwether trial for the reasons set forth in Plaintiffs' June 15, 2018, submission.

### B. This Court Should Disregard Bard's Request to Re-Urge Exclusion of Recovery Cephalad Migration Deaths.

This Court's June 13 Order was clear as to the subject matter of the parties' June 22 filing: (1) the status of Ms. Mulkey's health and her ability to participate in trial in September, and (2) briefing on any *Cisson* argument for a replacement bellwether trial. Despite that, Bard's Response requests to re-urge for a third time its motion to exclude cephalad migration evidence. As such, Bard's request is improper.

Additionally, Plaintiffs note that both *Hyde* and *Kruse* involve G2 filters (*Hyde* a G2x, and *Kruse* a G2). In *Booker*, this Court has decided the admissibility of Recovery cephalad migration deaths multiple times in the context of claims relating to a G2 device. Thus, there is no need to address this issue again with respect to G2 devices, and the Court should deny Bard's request to revisit its ruling regardless of which case it selects to replace *Mulkey* as the next bellwether trial.

---

[1] In its recent filing, Bard advocated for the *King* case as the sixth bellwether, but as noted in Plaintiffs' June 15 filing, this Court found and Bard previously conceded that *King* is not appropriate for a bellwether.

C. **It is Not Premature to Move *Mulkey* to the Fifth Bellwether Slot (the Trial Beginning in Early 2019).**

The parties have briefed their positions on the next two cases to be tried, and those are *Hyde* and *Kruse*. Given the uncertainty about Ms. Mulkey's ability to attend trial in September 2018, and the fact that a diagnosis will not even be reached for over a month, it only makes sense to move *Mulkey* to the fifth bellwether trial to avoid any potential delay in preparing for the fourth bellwether (the bellwether in November 2018). In fact, counsel for plaintiff (and likely the defense) will begin planning and preparing for the fourth bellwether now, as it is only four months away. There is simply no reason to risk being back in the same position with the *Mulkey* case in November.

RESPECTFULLY SUBMITTED this 27th day of June 2018.

GALLAGHER & KENNEDY, P.A.

By: */s/ Mark S. O'Connor*
Mark S. O'Connor
2575 East Camelback Road
Phoenix, Arizona 85016-9225

LOPEZ McHUGH LLP
Ramon Rossi Lopez (CA Bar No. 86361)
(admitted *pro hac vice*)
100 Bayview Circle, Suite 5600
Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of June 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*/s/ Jessica Gallentine*