**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC<br><br>**CASE MANAGEMENT ORDER NO. 34** |

Following the close of the second bellwether trial, the Court conferred with the parties regarding scheduling matters. The parties agreed on the Mulkey case as the next bellwether trial for September 2018. The Court directed the parties to file memoranda addressing other bellwether trials and cases in this MDL. Doc. 11320. Having reviewed the memoranda, the Court enters the following order:

**I.    Next Three Bellwether Trials: Kruse, Hyde, and Mulkey.**

During a recent telephonic conference, counsel for Ms. Mulkey expressed concern about her availability for trial in September due to certain health issues. Doc. 11549. Counsel thereafter provided an update on her condition which leaves her availability for trial uncertain. Doc. 11639. Defendants have no objection to a different case for the next bellwether, and propose Kruse in lieu of Mulkey. Doc. 11640. Plaintiffs propose Hyde as the next bellwether. Doc. 11553.

Having considered the parties' positions, the Court concludes that the order of the next three bellwether trials should be as follows: Kruse, Hyde, and Mulkey. Trial in the Kruse bellwether will begin in **September 2018** as set forth below. Trial in the Hyde

bellwether will be held on **November 5-9**, **12-16**, and **19-20**. Trial in the Mulkey bellwether will be held in **February 2019**. The Court will set the specific trial dates by separate order.

**II. Kruse Trial.**

The dates and deadlines set forth in Case Management Order No. 33 for the Mulkey trial will apply to the Kruse bellwether as follows (see Doc. 11320 for further details):

    **A. Jury Questionnaire and Jury Selection for Kruse Trial.**

        1. By **July 5, 2018**, the parties shall provide the Court with proposed changes to the questionnaire used in the Jones bellwether trial. The Court will consider these proposals in finalizing the questionnaire for the Kruse trial.

        2. The Clerk shall mail the questionnaire to 200 jurors no later than **July 13, 2018.** The questionnaire will instruct the prospective jurors to return it to the Court no later than **August 10, 2018**.

        3. A thumb drive will be prepared for counsel (one for each side) containing copies of the questionnaires and will be available for pickup at the jury office on **August 17, 2018.** The thumb drive and any paper copies made by counsel must be returned to the Court by counsel on the day of jury selection.

        4. On **August 24, 2018**, the Court will provide the parties with a list of prospective jurors the Court proposes to excuse for hardship on the basis of their responses to the first question in the questionnaire.

        5. The Court will hold a final pretrial conference in the Kruse case on **August 30, 2018 at 10:00 a.m.** and will address with the parties juror excusals for hardship and challenges for cause. *See* Doc. 11320 at 2, ¶ 2(e).

        6. On **September 18, 2018, at 9:00 a.m.,** 50 prospective jurors will be called to Court to appear for voir dire. Following voir dire, the Court will hear and rule on challenges for cause. The Court will seat 9 jurors. Each side will have 3 pre-emptory strikes. *See* Doc. 11320 at 2, ¶ 2(f).

### B. Kruse Motion for Summary Judgment.

The Court will rule on the Kruse summary judgment motion as soon as possible.

### C. Motions in Limine.

Motions in limine, limited to three pages each, shall be filed by **July 27, 2018**. Responses to motions in limine, limited to three pages each, shall be filed by **August 10, 2018**. No replies shall be filed.

Defendants may re-urge their motion in limine regarding Recovery death evidence (Doc. 9862) pursuant to the schedule set forth above. Memoranda on this issue may be up to 5 pages long. The parties shall not repeat arguments previously made. The issue was fully briefed for the Booker trial, and the Court has addressed Recovery death evidence in several orders. Docs. 10258, 10819, 10920, 11041.[1]

### D. Deposition Designations.

The parties shall provide deposition designations by **August 15, 2018**.

### E. Proposed Final Pretrial Order.

The proposed final pretrial order for the Kruse bellwether shall be submitted by **August 17, 2018**. The Court will enter a separate order governing the materials that should be submitted with the proposed final pretrial order.

### F. Trial days.

Trial in the Kruse bellwether will be held on **September 18-21** and **24-28**, and **October 1-5**. Plaintiff will be allotted **33 hours** of trial time and Defendants will be allotted **30 hours** of trial time. This schedule should allow the case to get to the jury by the morning of October 4, 2018.

### G. Dr. Kandarpa.

Kruse may use Dr. Kandarpa as a witness at trial. *See* Doc. 11320 at 4, ¶ 9.

---

[1] The Court stated that it would propose a new schedule for Plaintiffs' *Cisson* motion if the Mulkey case were to be replaced. Doc. 11549. Plaintiffs have made clear, however, that they do not intend to re-urge the motion regardless of which case is chosen for the third bellwether. Doc. 11639 at 3.

### III. The Sixth Bellwether: Tinlin.

Defendants propose the King case for the sixth bellwether, and Plaintiffs propose Tinlin. Docs. 11550, 11553. The five cases already selected for bellwether trials consist of three G2 cases (Booker, Kruse, and Hyde) and two Eclipse cases (Jones and Mulkey). The Court agrees with Plaintiffs that it is important to have a Recovery case as one of the six bellwether trials. Doc. 11553 at 2-3. The Tinlin case is the only potential bellwether that involves a Recovery filter. The Court previously found Tinlin to be a strong candidate for a bellwether, but expressed concern that she may not be able to endure the rigors of an out-of-state trial due to her illness. Doc. 5770 at 1-2. Plaintiffs, however, have confirmed that Tinlin is willing and able to travel to Arizona for trial. Doc. 11553 at 3.

For reasons stated on the record at the ninth case management conference, the Court does not view King as a helpful bellwether case. Doc. 5770 at 2. Defendants do not address those concerns in their memorandum. Moreover, King involves a G2 like three of the other bellwether cases. Defendants assert that the King case is representative of the MDL inventory as a whole because it involves perforation and an unsuccessful retrieval attempt. Doc. 1550 at 2. But even if this were true, the Court finds that it is more important for the sixth bellwether to be a Recovery case.[2]

Trial in the Tinlin bellwether will be held in **May 2019**. The Court will determine the specific trial dates after the Kruse trial.

### IV. Disposition of the SNF Cases.

The nearly 100 Simon Nitinol Filter ("SNF") cases should not be part of this MDL. The SNF is not part of the master complaint, which is limited to Bard retrievable filters. Doc. 364. The SNF cases have been filed by more than 20 different law firms. Defendants do not oppose the request by Plaintiffs' counsel to have 30 days to obtain

---

[2] Given the selection of Tinlin for the sixth bellwether, the Court need not consider Plaintiffs' alternative choice, DeWitt. Neither side proposes Nelson, Peterson, or Mixson as the final bellwether case.

responses from the firms representing the SNF plaintiffs as to what action should be taken in those cases. Doc. 11550 at 4. Plaintiffs shall file a notice regarding the status of the SNF cases by **July 16, 2018**.

### V. Remand of the "Mature" Cases.

More than two years ago, the parties estimated that the 10 mature cases would be "ripe for remand in 4-6 months." Doc. 914 at 2. Since that time, common fact discovery and expert disclosures in this MDL have been completed, and the Court has ruled on *Daubert* motions and Defendants' summary judgment motion based on preemption. The Court concludes that it is time to remand the mature cases to their home districts. The Court will look into the proper procedure for remand and invite briefing if necessary.

Dated this 28th day of June, 2018.

*/s/ Daniel G. Campbell*
_____
David G. Campbell
United States District Judge