# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, <br>_____<br>Carol Kruse,<br>    Plaintiff,<br>v.<br>C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation,<br>    Defendants. | No. MDL 15-02641-PHX DGC<br><br>No. CV-15-01634-PHX-DGC<br><br>**ORDER** |

The Kruse trial is set to begin on **September 18, 2018 at 9:00 a.m.**  A final pretrial conference will be held on **August 30, 2018 at 10:00 a.m.**  In preparation for trial, the Court enters the following orders:

1. The attorneys who will be responsible for the trial of the case shall attend the final pretrial conference.

2. The parties jointly shall prepare a proposed final pretrial order and shall lodge it with the Court no later than **4:00 p.m.** on **August 17, 2018**.  Preparation and lodging of the proposed final pretrial order in accordance with the requirements of this order shall be deemed to satisfy the disclosure requirements of Rule 26(a)(3) of the Federal Rules of Civil Procedure.  The parties shall submit a copy of the proposed final pretrial order to the Court in Word format to Nancy_Outley@azd.uscourts.gov.

3. The proposed final pretrial order shall include the information prescribed in the Joint Proposed Final Pretrial Order form found at www.azd.uscourts.gov under: (1) Judges' Information, (2) Orders, Forms and Procedures, and (3) David G. Campbell. Information shall not be set forth in the form of a question, but shall be presented in concise narrative statements. With respect to jury instructions and the verdict form, the Court intends to use the preliminary and final jury instructions and the verdict form from the Jones trial. The parties need not follow the jury instruction form found at www.azd.uscourts.gov, but instead should simply submit their stipulated and proposed changes to the Jones instructions and verdict form. With respect to voir dire, the Court intends to ask the voir dire questions from the Jones trial. The parties should submit only stipulated and proposed changes to the Jones voir dire questions.

4. The Court will not allow the parties to offer any exhibit, witness, or other evidence that was not disclosed in accordance with the provisions of this order and the Federal Rules of Civil Procedure and listed in the proposed final pretrial order, except to prevent manifest injustice. Fed. R. Civ. P. 16(e). Objections to witnesses and documents should also be listed.

5. Plaintiffs shall have the burden of initiating communications concerning the proposed final pretrial order.

6. The parties shall (a) number and mark exhibits in accordance with the Exhibit Marking Instructions at www.azd.uscourts.gov under Judges and Courtrooms and Orders, Forms and Procedures (such numbers shall correspond to exhibits numbers listed in the proposed final pretrial order); (b) meet in person and exchange marked copies of all exhibits to be used at trial no later than **14 days** before the submission deadline for the proposed final pretrial order; and (c) eliminate any duplicate exhibits while meeting to exchange exhibits.

7. In order to facilitate the creation of an accurate record, the parties shall file a "Notice to Court Reporter" **on or before August 17, 2018** containing the following information that may be used at trial:

|   |     |                                                              |
|---|-----|--------------------------------------------------------------|
| (a) | | Proper names, including those of witnesses.                |
| (b) | | Acronyms.                                                  |
| (c) | | Geographic locations.                                      |
| (d) | | Technical (including medical) terms, names or jargon.      |
| (e) | | Case names and citations.                                  |
| (f) | | Pronunciation of unusual or difficult words or names.      |

Dated this 28th day of June, 2018.

_____
David G. Campbell
United States District Judge