Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
| DORIS JONES and ALFRED JONES, a married couple,<br>                  Plaintiff,<br>v.<br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation,<br>                  Defendants. | **PLAINTIFF'S MOTION TO CONTACT JURORS**<br><br>(Assigned to the Honorable David G. Campbell) |

     Pursuant to LRCiv 39.2(b), Plaintiff Doris Jones hereby moves the Court for leave to contact the jurors in her trial which concluded on June 1, 2018.  Plaintiff seeks to send the letter attached at Exhibit A to the individual jurors to see if they are interested in speaking with counsel about the recent trial.  This motion is timely as it is filed within the time granted for a motion for new trial.

     Good cause exists to support this motion.  Plaintiff and the Plaintiffs' Steering Committee believe that speaking with the *Jones* jurors will maximize the benefit of the

bellwether process by allowing them to learn how neutral finders of fact view the cases in this MDL based on the evidence presented at trial.  Moreover, the jurors in this case were deadlocked after approximately ten hours of deliberations and informed the Court they were at impasse.  Only after the Court gave an instruction to keep deliberating did they jury come back with a defense verdict.  Plaintiff has some concern that there was a fundamental misunderstanding by the jurors that they could hold their positions and that a mistrial and another trial at a later date would result.  Notably, at least three jurors were visibly emotional when they were polled, strongly suggesting that they truly would have found for the Plaintiff but felt that they needed to capitulate to reach a unanimous verdict before the weekend.  While these facts support a showing of good cause, Plaintiff does not propose to use the information gained to challenge the verdict rendered, but rather to supplement the information gained from this bellwether trial.

   Plaintiff believes that the following interrogatories are appropriate under these circumstances and will both clarify the reasons for the impasse and ultimate defense verdict and maximize the benefit of the bellwether process for the nearly 4,000 other plaintiffs in the MDL:

   1. After the jury was initially deadlocked, what facts or arguments changed the vote of those jurors who had previously favored Plaintiff?

   2. What was the most important fact or facts that lead you to conclude that the Eclipse was not defectively designed?

   3. Are there other facts about the design of the Eclipse that you would have wanted to know?

2

4. Would your opinion about the nature of the Eclipse's design have been different if Mrs. Jones had died from the filter fragment?

5. Did you believe that Mrs. Jones suffered actual harm?

6. Had you found the Eclipse filter defective, would you have been inclined to award damages for future harm to her? If so, what amount? Were any amounts for damages ever discussed?

7. Did you or any other juror express that punitive damages were appropriate in this case?

8. Was FDA evidence important to you?

9. Did you feel a decision by the FDA was dispositive and could not be questioned by you?

10. Did you feel the Society for Interventional Radiology Guidelines applied to a medical device company?

11. Did you feel the SIR Guidelines provided acceptable thresholds for IVC filter failure rates?

Plaintiff proposes that the letter attached at Exhibit A, which includes the interrogatories listed above, be sent by certified mail to the members of the *Jones* jury inviting them to contact Plaintiff's counsel to discuss these questions if they so choose. Plaintiff would not oppose Defendants being granted leave to send a similar letter inviting contact with defense counsel should the jury wish to do so. Nor would Plaintiff or the Plaintiff's Steering Committee oppose contact with the *Booker* jurors. If jurors are willing

to discuss their thoughts and deliberations, both sides will only further benefit from the enormous investment of both sides' and the Court's resources in the bellwether process.

For the foregoing reasons Plaintiff respectfully requests that the Court grant the instant motion, enter an Order in the form submitted concurrent with this motion, and allow Plaintiff's counsel to send out the letter attached at Exhibit A by certified mail to the last known contact information for the *Jones* jurors.

RESPECTFULLY SUBMITTED this 28th day of June, 2018.

                    GALLAGHER & KENNEDY, P.A.

                    By:*/s/ Lincoln Combs*
                        Mark S. O'Connor
                        2575 East Camelback Road
                        Phoenix, Arizona  85016-9225

                  LOPEZ McHUGH LLP
                      Ramon Rossi Lopez (CA Bar No. 86361)
                      (admitted *pro hac vice*)
                      100 Bayview Circle, Suite 5600
                      Newport Beach, California 92660

                  *Co-Lead/Liaison Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

                                              /s/ Jessica Gallentine

6644575v2/26997-0031