Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California  92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona  85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-DGC |
| CAROL KRUSE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation,<br><br>Defendants. | **NOTICE OF LODGING PROPOSED CHANGES TO JONES JUROR QUESTIONNAIRE FOR *KRUSE V. BARD***<br><br>(Assigned to the Honorable David G. Campbell) |

Pursuant to the Court's order dated June 26, 2018 (Doc. 11659), the parties submit their proposed modifications to the Jones juror questionnaire for the *Kruse v. Bard* bellwether trial.  Those changes are shown in the attached Track Changes version of the Court's questionnaire in Jones.  Those changes that are not highlighted are agreed to by the parties.  The three highlighted changes are proposed by Plaintiff and objected to by Defendants.

With respect to the first objected-to addition (Question No. 2), Plaintiff submits that the proposed question will allow parties to assess whether the prospective juror harbors bias or prejudgment against either party based on the Brief Statement of the Case.

1  The question does not precondition jurors to a particular result that favors either party.  It
2  is a neutral question placed relatively close to the Brief Statement of Facts which can be
3  answered while the facts are fresh in the mind of the prospective juror.  Defendants submit
4  that Question No. 2 is vague (with language like "is there anything"), and more important,
5  the question is repetitive of Question No. 66 (which more broadly asks for any reason why
6  a potential juror cannot be fair and impartial).

7  With respect to the second objected-to addition (Question No. 40), Plaintiff
8  submits that the question will allow the parties to assess what, if any, preconceived
9  notions or understanding a prospective juror may have about FDA clearance of a medical
10 device.  This question will assist the parties to assess whether a prospective juror has a
11 misunderstanding of the FDA clearance and what it means when a medical device is
12 cleared for the market.  Defendants object to Question No. 40, regarding FDA
13 "clearance".  The same information is sought by Question Nos. 39 and 59 (which already
14 asks whether a potential juror has experience with FDA clearance and whether the juror
15 has strong views about the FDA).  Hence, the only possible purpose in adding still another
16 question on the topic is to afford Plaintiffs' counsel with additional opportunities to pose
17 argumentative follow-up questions to the panel about the differences between FDA
18 clearance and approval.

19 With respect to the third objected-to addition (Question No. 52) Plaintiff submits
20 that the question will enlighten the parties on any preconceived biases or prejudgments a
21 prospective juror has about litigation and lawsuits.  It is worded in a neutral manner that
22 does not precondition jurors to a particular result. Defendants object to Question No. 52.
23 The question seeks the potential jurors' reaction to a vaguely described scenario, without
24 sufficient detail to make any response meaningful.  Further, Question No. 52 attempts to
25 identify the potential jurors' attitudes toward litigation, topics already thoroughly explored
26 by Question Nos. 51, 60, 61, and 62.

27
28

RESPECTFULLY SUBMITTED this 5th day of July, 2018.

| GALLAGHER & KENNEDY, P.A. | SNELL & WILMER L.L.P. |
|---|---|
| By: */s/ Mark S. O'Connor*<br>    Mark S. O'Connor (011029)<br>    2575 East Camelback Road<br>    Phoenix, Arizona 85016-9225<br><br>    Ramon Rossi Lopez<br>    (admitted *pro hac vice*)<br>    CA Bar No. 86361<br>    LOPEZ McHUGH LLP<br>    100 Bayview Circle, Suite 5600<br>    Newport Beach, California 92660<br><br>    *Attorneys for Plaintiff Carol Kruse* | By: */s/ Richard B. North* (with permission)<br>    James R. Condo (005867)<br>    Amanda C. Sheridan (027360)<br>    One Arizona Center<br>    400 E. Van Buren, Suite 1900<br>    Phoenix, Arizona 85004-2202<br><br>    Richard B. North, Jr. (*pro hac vice*)<br>    Georgia Bar No. 545599<br>    Matthew B. Lerner (*pro hac vice*)<br>    Georgia Bar No. 446986<br>    Nelson Mullins Riley & Scarborough LLP<br>    201 17th Street, NW / Suite 1700<br>    Atlanta, GA  30363<br><br>    *Attorneys for C. R. Bard, Inc. and*<br>    *Bard Peripheral Vascular, Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of July, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

                                                     */s/ Jessica Gallentine*

6689437v1/26997-0079