James R. Condo (#005867)
Amanda C. Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-DGC<br><br>**MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO SEAL** |

Pursuant to Arizona Local Rule 7.2(g) C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Bard"), respectfully seek reconsideration and clarification of the Court's Order Denying Bard's Motion to Seal (the 'Order") certain exhibits admitted during the *Booker* trial (Dkt. 11642) on the basis that the Court failed to consider material facts that were presented to the Court before it issued the Order and shows as follows:

A motion for reconsideration is appropriate upon a showing of manifest error. L.R. Civ. 7.2(g)(1); see *Carroll V. Nakatano*, 342 F.3d 934, 935 (9th Cir. 2003). Further, this Court and District recognize that reconsideration is appropriate when there is a showing that the Court failed to consider material facts that were presented before it reached its

decision. *Hill v. Premier Healthcare Services, LLC,* 2010 WL 1740868 (D. Arizona 2010); citing *Motorola v. J.B. Rodgers Mechanical Contractors, Inc.,* 215 F.R.D. 581, 586 (D. Arizona 2003). Bard respectfully submits that the Court failed to consider material facts presented and known to it before it entered the Order.

**A. The Court failed to consider that it previously ruled that Bard properly preserved the issue of sealing exhibits before the *Booker* trial.**

In the Order, the Court found that Bard waived its right to seal the exhibits after the trial because Bard did not reach an agreement with the plaintiff or seek an order to seal them before the start of the trial in compliance with Local Rule 5.6. (Dkt. 11642, Page 2: L10-12) Bard seeks reconsideration and clarification of this issue as it was raised <u>both</u> in the *Booker* Pretrial Order (Dkt. 10255) and at the Pretrial Conference on March 2, 2018.

During the Pretrial Conference the following exchange took place:

> THE COURT: I wanted to talk about paragraph A on page 62 and this issue of sealing exhibits. Here's what I was unsure about: The fact that exhibits are given to Traci and admitted into evidence does nothing to make them public. They don't go into the Court's docket. They're evidence for purposes of the trial, but they stay in the courtroom in their box. They go on the software to be shown to the jury. They never get into the district court docket. Where they eventually get into the record that might be public is when they go to the Court of Appeals if they're attached to a brief or something.
>
> And so I didn't understand what the concern was on page 62 from the defendants about us possibly making them available to the public during trial.
>
> MS. HELM: Your Honor, may I address that?
>
> THE COURT: Yeah.
>
> MS. HELM: Frankly, the concern is that we have to raise the issue of confidentiality to make sure that we preserve it and we don't waive it.

- 2 -

And so the purpose of this paragraph, maybe not so artfully written, was to preserve our right to move to seal exhibits and/or portions of the transcript after the trial, and not knowing what the Court did with them.  **We wanted to make sure that we weren't in some way waiving that by asking to address it at the conclusion of the trial and asking that it be maintained confidentially during the trial.**

**THE COURT:  Okay.  That issue's preserved.  You have not waived it.**

**MS. HELM:  Thank you.**

**THE COURT:  So if you decide we need to address it later, we can do that.**

**MS. HELM:  Thank you, Your Honor**.

(March 2, 2018 Transcript Page 91:4-92:9 *Emphasis added*.  The portion of the transcript of the Pretrial Conference addressing this issue is attached as Exhibit A).

As is set forth above, Bard <u>did</u> seek direction from the Court (so as not to waive this issue).  Bard received a ruling from the Court before the trial and was told, "That issue's preserved.  You have not waived it." (*Id.*, Page 92:5-6).  This fact that the Court had ruled that Bard preserved the issue before the start of the trial was not addressed in the Court's Order.  Further the Order directly contradicts the Court's ruling before the start of the trial.  Bard relied on the Court's ruling and did not file a motion before the trial.  Based on this, Bard requests that the Court reconsider its ruling that Bard waived its right to seek to seal the transcripts and exhibits after the trial and reinstate its prior ruling that Bard properly preserved the issue.[1]

---

[1] Although the Court gave direction to Bard as to how to proceed, to the extent the Court does not reconsider this ruling in the Order, Bard also seeks direction as to how to proceed in the remaining bellwether trials.  Bard again raised the issue in the *Jones* pretrial Order, and the Court said, "We will deal with that in the same way we did in the *Booker* trial." *See,* Portion of May 4, 2018 transcript attached as Exhibit B, Page 68:6-7).  Bard has filed a Consent Motion for Extension regarding the Motion to Seal the *Jones* exhibits. (Dkt. 11697).

**A. Local Rule 5.6 does not apply, but Bard complied with that Rule**

Bard also seeks reconsideration of the Order based on the Court's reliance of L.R. Civ. 5.6 in finding that Bard waived the right to move to seal the exhibits after the *Jones* trial. Rule 5.6 does not address the procedure to seal exhibits that are not on the docket. To the contrary, L.R. Civ. 5.6 addresses the sealing of documents <u>filed on the docket</u>. As the Court stated during the pretrial conference, the exhibits admitted at trial (and which Bard seeks to seal) are <u>not</u> part of the docket. Further, on April 13, 2018 in questioning the need for a motion to seal the *Booker* exhibits, the Court again noted that the exhibits Bard sought to protect are not, and would never be, part of the public docket, but because the plaintiffs took the position that the use of the exhibits at trial rendered them no longer confidential, Bard needed to file a motion and the Court set a briefing schedule. (Pertinent portions of the transcript are attached as Exhibit C, Pages 25-29.) The Order likewise does not address this statement or direction from the Court before Bard filed the Motion to Seal.

Further, to the extent the Court finds that L.R. Civ. 5.6 somehow applies, the Order again did not consider the fact that during the pretrial conference before the *Booker* trial, Bard complied with L.R. Civ. 5.6(b) and obtained an order from the Court as to how the protection of the documents would be addressed.

> **THE COURT: Okay. That issue's preserved. You have not waived it.**
>
> **MS. HELM: Thank you.**
>
> **THE COURT: So if you decide we need to address it later, we can do that.**

(*See,* Exhibit A, Page 92:5-9).

Based on the discrepancy between the Court's Order and its pre-trial rulings that the issue of sealing was preserved and not waived and the fact that the exhibits are not part of the public docket, Bard respectfully submits that the ruling that Bard waived the right to seek to seal the exhibits and failed to comply with L.R. Civ. 5.6 constitutes

manifest error. Bard asks the Court to reconsider its finding in the Order that Bard somehow waived its right to seek to seal certain exhibits tendered during the *Booker* trial and reinstate its prior ruling that Bard properly preserved the issue.

### B. Bard met the compelling reasons standard as to the exhibits at issue

Bard also seeks reconsideration of the Court's finding that Bard did not meet the compelling reasons standard to seal the exhibits. Bard believes the Court's ruling is manifest error and does not reflect the Court's own repeated statements that the exhibits are not part of the public docket. Further, the Order does not take into consideration the fact that the Court previously granted a motion to seal many of the documents at issue, under the compelling reasons standard. (Dkt. 7787).

Bard did not seek to seal the transcript, and agrees that it is publicly available, but the majority of the exhibits at issue in Bard's motion to seal were only discussed generally, and many were not discussed at all and simply admitted into evidence. Further, as the Court stated, the exhibits are not part of the docket or any public record:

> The fact that exhibits are given to Traci and admitted into evidence does nothing to make them public. They don't go into the Court's docket. They're evidence for purposes of the trial, but they stay in the courtroom in their box. They go on the software to be shown to the jury. They never get into the district court docket.

(*See,* Exhibit A, Page 91:6-11).

The Court's Order does not consider the following facts known to the Court: (1) the documents were produced subject to a protective order; (2) there has been no challenge to their confidentiality; (3) they are not part of a public record; and (4) many were previously sealed by the Court during the summary judgment briefing. Bard submits that it is manifest error to ignore those facts known to the Court and render Bard's confidential trade secrets and confidential information no longer protected so that the plaintiff may now, for example, post them on attorney websites, or provide them to the media. Bard further submits that these scenario is on all fours with *Livingston v. Isuzu*

*Motors*, 910 F. Supp 1473 (D.Mont. 1995), (decided under the umbrella of the Ninth Circuit presumption of access to public records) and the exhibits should be sealed. The exhibits in *Livingston*, just as the exhibits at issue here, subject to a protective order, were admitted at trial, but were not filed on the record, and were returned to the parties. The Court in *Livingston* found, and Bard, submits this Court should find, that the Protective Order previously entered should remain in effect and protect the documents. Further, under these facts the Ninth Circuit presumption in favor of public access to judicial records is maintained. The trial transcripts are available publicly, but the exhibits that were never made publicly available by any party, are not.

The Court's Order should also be reconsidered because it ignores the fact that the Court previously found that the compelling standard was met by Bard during the summary judgment briefing when Bard submitted the affidavit of Robert Carr addressing many of the documents at issue (and all of the categories of documents) when they were lodged to be filed on the public docket. (Dkt. 7787). Mr. Carr's affidavit addresses the documents at issue, and the same standard applies. Bard took the same approach in its Motion to Seal at the summary judgment stage as it took in the Motion to Seal the trial exhibits, and addressed the like documents in categories. If the compelling standard was met to seal documents filed on the public docket during the summary judgment briefing, it was likewise met to prevent plaintiff and her lawyers from disseminating documents that, as the Court stated, are not available publicly. Because the Order contradicts the Court's prior ruling on a motion to seal, and has the impact of allowing documents that "will never get into the district court docket" to be disseminated publicly, Bard requests that the Court reconsider its ruling and enter one consistent with its prior ruling granting the motion to seal.

In light of the fact that the Court did not consider material facts available and known to it at the time it entered the Order denying the Motion to Seal, Bard respectfully requests that it reconsider the Order and find that Bard did not waive its right to seek to seal the exhibits and that Bard again met the compelling reasons standard to seal the not

- 6 -

publically available exhibits identified in the Motion to Seal.

RESPECTFULLY SUBMITTED this 6th day of July, 2018.

/s/ Richard B. North, Jr.
James R. Condo
Amanda C. Sheridan
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
Nelson Mullins Riley & Scarborough LLP
201 17th Street, NW / Suite 1700
Atlanta, GA  30363

**Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

                                         s/ Richard B. North, Jr.

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000