# Exhibit C

MD15-02641 - 04-13-18 - Bard - Jones PTC.txt

```
 1                    UNITED STATES DISTRICT COURT

 2                     FOR THE DISTRICT OF ARIZONA

 3                    _____

 4    In Re: Bard IVC Filters            )    MD-15-02641-PHX-DGC
      Products Liability Litigation      )
 5                                       )    Phoenix, Arizona
                                         )    April 13, 2018
 6    _____    )
      Doris Jones, an individual,        )
 7                                       )
                      Plaintiff,         )
 8                                       )    CV-16-00782-PHX-DGC
            v.                           )
 9                                       )
      C.R. Bard, Inc., a New Jersey      )
10    corporation; and Bard Peripheral   )
      Vascular, Inc., an Arizona         )
11    corporation,                       )
                                         )
12                    Defendants.        )
      _____    )
13

14

15         BEFORE:   THE HONORABLE DAVID G. CAMPBELL, JUDGE

16              REPORTER'S TRANSCRIPT OF PROCEEDINGS

17                       PRETRIAL CONFERENCE

18

19

20

21    Official Court Reporter:
      Patricia Lyons, RMR, CRR
22    Sandra Day O'Connor U.S. Courthouse, Ste. 312
```

Page 1

EXHIBIT C, Page 1

```
                MD15-02641 - 04-13-18 - Bard - Jones PTC.txt
            401 West Washington Street, SPC 41
   23       Phoenix, Arizona   85003-2150
            (602) 322-7257
   24
            Proceedings Reported by Stenographic Court Reporter
   25       Transcript Prepared with Computer-Aided Transcription
                                                                              2



    1                        A P P E A R A N C E S

    2       For Plaintiff:

    3              Gallagher & Kennedy
                   By: MARK S. O'CONNOR, ESQ.
    4              By: PAUL L. STOLLER, ESQ.
                   By: SHANNON L. CLARK, ESQ.
    5              By: C. LINCOLN COMBS, ESQ.
                   2575 East Camelback Road, Suite 1100
    6              Phoenix, AZ   85016

    7

    8

    9       For Defendants:

   10              Nelson Mullins Riley & Scarborough
                   By: ELIZABETH C. HELM, ESQ.
   11              By: JAMES F. ROGERS, ESQ.
                   By: MATTHEW B. LERNER, ESQ.
   12              201 17th Street NW, Suite 1700
                   Atlanta, GA   30363
   13
                   Snell & Wilmer
   14              By: JAMES R. CONDO, ESQ.
                   By: AMANDA C. SHERIDAN, ESQ.
   15              400 East Van Buren
                   Phoenix, AZ   85004
   16

   17

   18

   19
                                     Page 2
```

MD15-02641 - 04-13-18 - Bard - Jones PTC.txt

8   evidence.  So you might think about whether there's a way to

9   rephrase it to make clear the point that the FDA 510(k)

10  process decides substantial equivalence and does not address

11  the same thing as the PMA process which decides fair -- I mean

12  safety and effectiveness.  It may be more persuasive to me if

13  it's reworded a bit.  But that's up to you as to whether or

14  not you want to do that.  I'm happy to hear whatever you

15  propose.

16          I think that addresses all of the issues that were

17  raised in the briefs for today.

18          There's another issue that the defendants raised,

19  which is the redaction of matters from the Booker trial.  But

20  before we address that, is there anything else you all want to

21  raise in the nature of changes in rulings with respect to

22  Jones that hasn't been discussed?

23          MR. ROGERS:  Nothing from the defendant, Your Honor.

24          MR. O'CONNOR:  Nothing from us, the plaintiffs.

25          THE COURT:  On this redaction issue, help me

                                                          23

1   understand what it is -- by the way, I don't have any problem

2   with waiting until all the transcripts are in to make the

3   decision, but I'm not clear in what we would be redacting and

4   why.

Page 25

MD15-02641 - 04-13-18 - Bard - Jones PTC.txt

5      MS. HELM:  Thank you, Your Honor.

6      In previous litigation, the plaintiffs took the

7  position that exhibits tendered into evidence during the trial

8  were now public and had to be sealed.  And we addressed

9  that --

10     THE COURT:  Had to be sealed?

11     MS. HELM:  We had to move to seal them because they

12 became public records once they were tendered as exhibits at

13 trial.

14     So there are limited number -- I understand the

15 exhibits have been given back to the parties.  I guess the

16 electronic version still exists here in the court.  But --

17     THE COURT:  But it's not in the docket.

18     MS. HELM:  Correct.

19     THE COURT:  And might have even been wiped off the

20 computer.  Traci is nodding.  I think it's been eliminated

21 from the computer that was in the jury room.  So I don't think

22 we have the exhibits here any more.

23     MS. HELM:  Okay.  So I guess the clarification is to

24 the extent that the plaintiffs take the position that because

25 an exhibit was tendered into evidence at trial, in order to

                                                          24

1  protect that from being disseminated publicly outside of the

Page 26

MD15-02641 - 04-13-18 - Bard - Jones PTC.txt

2  confines of the trial, do we need to move to seal them?

3  Because if we don't, then a substantial portion of the

4  potential motion is not necessary.  If we do, then there are a

5  limited number of exhibits we would move to seal.

6             And we understand the sealing standard and all of

7  that.

8             But we raise this issue -- I raised it at the

9  pretrial and we're raising it because of a position they took

10  in a case, the case in Nevada a few years ago.

11            THE COURT:  Let me make sure I understand what you're

12  saying, Ms. Helm.  You said if they don't.  If they don't

13  think it needs to be sealed, you're okay.  Are you thinking

14  it's then governed by the protective order in terms of use in

15  other places?

16            MS. HELM:  Yes, Your Honor.

17            THE COURT:  Okay.  I'll be happy to hear from

18  plaintiffs on that.

19            As you know, because we're at the dispositive portion

20  of the trial, the Ninth Circuit standard is compelling need or

21  compelling interests.

22            MS. HELM:  Your Honor, I'm well aware of the

23  standard.  And then I don't -- there may be very, very limited

24  portions of the transcript where an exhibit is read in detail

25  that we might seek to redact.  Frankly, I'm going through it

Page 27

```
 1    as quickly as I can and haven't gotten to anything yet, but I
 2    just want to make sure that we have that -- that we preserve
 3    that right.  And ask that we do it -- the whole purpose was
 4    let's just do it one time rather than having to do it every
 5    time a transcript drops.
 6              THE COURT:  Okay.  Thank you.
 7              MS. HELM:  Thank you.
 8              THE COURT:  Plaintiff's counsel.
 9              MR. O'CONNOR:  Your Honor, the people on our team
10    that are working on this are not here.  But as a practical
11    matter, this courtroom is open to the public, and so anything
12    that comes into evidence is a matter of public record.
13              And to the extent that this should probably be
14    briefed, I think that's what we think should happen here
15    because it's been a major issue, and I think it's going to
16    continue to be an issue in these trials, as to what they
17    contend should not be a matter of public record, or whatever
18    their position is.
19              THE COURT:  Okay.  I understand that.
20              You do need to file a motion in light of the
21    plaintiff's position.  And I agree that we should only do it
22    once.  So is your thought that within a certain number of days
```
Page 28

MD15-02641 - 04-13-18 - Bard - Jones PTC.txt

23   after the last transcript is produced?

24          MS. HELM: Following the order or rule, my proposal

25   is 21 days after the last transcript drops.

26

1           THE COURT: When you say drops, you mean gets in the

2    docket?

3           MS. HELM: Yes, sir.

4           THE COURT: Any objection to that?

5           MR. O'CONNOR: The timing of where that may end up in

6    our trial -- and I believe Julia Zaic and Laura Smith are the

7    two people that are front and center on this, I believe.

8           I believe for the time that makes sense.

9           THE COURT: What I will do is say in the minute entry

10   that 21 days after the last transcript is filed in the docket,

11   the motion will be filed. And it will be briefed in the

12   normal course. If you find that because we're in the Jones

13   trial at that time you need an extension, you can raise that

14   with me, obviously.

15          Question. How do you know when it's the last

16   transcript?

17          Are you keeping track?

18          MS. HELM: We're following it. We're following it,

19   Your Honor.

Page 29

MD15-02641 - 04-13-18 - Bard - Jones PTC.txt

20        THE COURT:  Okay.  We'll trust you to correctly
21   identify it.
22        MS. HELM:  And once we identify -- once we think the
23   last transcript has been filed on the docket, we'll notify the
24   plaintiffs and we can file something with the Court if you
25   want, just to file a notice that will start the briefing.

                                                          27


1         THE COURT:  Okay.  Hold on.
2         (The Court and the court reporter confer.)
3         THE COURT:  Ms. Helm, I assume the transcripts we're
4    talking about are just trial transcripts; right?
5         MS. HELM:  Yes, Your Honor.
6         THE COURT:  Not any other hearing transcripts?
7         MS. HELM:  No, no, just trial transcripts.  And I
8    actually -- I think it actually may have -- we may be 21 days
9    from yesterday.
10        THE COURT:  Tricia tells me that she has finished the
11   transcripts for the verdict return and that's going to be
12   filed.  She was going to confirm with Elaine that everything
13   Elaine has done is on the docket.
14        But assuming the verdict is the last one, she'll say
15   on the docket last trial transcript, and that will trigger the
16   21 days.

                          Page 30

MD15-02641 - 04-13-18 - Bard - Jones PTC.txt

17         MS. HELM:  Yes, Your Honor.

18         THE COURT:  Now, something she pointed out that I

19    don't think is a problem, is that under the local rules

20    there's 90 days to seek redaction of a transcript.  After 90

21    days the transcript is made available to the public.

22         I'm assuming that 21 days after today or tomorrow --

23    or Monday will not be 90 days after the first trial transcript

24    was filed.  I think we're okay within that window.

25         MS. HELM:  I think if -- 21 days from today, for

                                                              28


1    example, is going to be May 4th and we started trial on

2    March 13, so we're within the 90.

3         THE COURT:  Okay.  So we should be okay on that.

4         MS. HELM:  April, May, June.  As long as we have it

5    done by whatever the June date is.

6         THE COURT:  Okay.  So you don't need to file

7    anything, Tricia will simply note it's the last transcript and

8    that will be the trigger.

9         MS. HELM:  That will be our trigger.

10         THE COURT:  Okay.  In terms of the schedule that

11    remains, as you know -- I will tell you we have the jury

12    questionnaires in.  I have not -- we don't necessarily have

13    all of them, but we've got a big stack.  I've not gone through

                              Page 31