IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC<br><br>**ORDER** |

As explained more fully in Case Management Order No. 34, the Court has concluded that the ten mature cases in this MDL should be remanded to their home districts. Doc. 11659 at 5; *see* Doc. 914-1 (listing mature cases). The statutory power to order a remand of transferred actions lies in the United States Judicial Panel for Multidistrict Litigation (the "Panel"). *See* 28 U.S.C. § 1407(a); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1998). The Panel typically relies on the transferee court to suggest when it should order remand. *See In re Motor Fuel Temperature Sales Practices Litig.*, No. 07-MD-1840-KHV, 2012 WL 1963350, at *1 (D. Kan. May 30, 2012). Indeed, the Panel "is reluctant to order a remand absent the suggestion of the transferee judge." J.P.M.L. Rule 10.3(a); *see In re Regions Morgan Keegan Sec., Derivative & ERISA Litig.*, No. 2:09-md-2009-SHM, 2013 WL 5614285, at *2 (W.D. Tenn. Feb. 28, 2013) (noting that "most transferred actions are remanded at the suggestion of the transferee district court judge"); *In re Multi-Piece Rim Prods. Liab. Litig.*, 464 F. Supp. 969, 975 (J.P.M.L. 1979) ("If and when the transferee judge determines that any action or claim is, in fact, ready for trial, or otherwise ready for remand because the common pretrial proceedings pertaining to that action or claim have

been completed and the action or claim would no longer benefit from inclusion in the coordinated or consolidated pretrial proceedings, the transferee judge may suggest to the Panel that the Panel remand the action or claim to its transferor district.").

The Court intends to issue a suggestion of remand for the ten mature cases. To assist the transferor courts, the suggestion of remand should include a summary of developments in the cases to be remanded and the MDL as a whole. *See* Barbara J. Rothstein & Catherine R. Borden, *Managing Multidistrict Litigation in Products Liability Cases*, § 15 (Fed. Jud. Ctr. 2011). The summary generally should chronicle the MDL proceedings, summarize the key MDL legal and evidentiary rulings that will affect the remanded cases, identify any remaining discovery or other pretrial issues, and estimate the time needed to resolve such issues and make the cases ready for trial. *Id.* at 49; *see In re Prempro Prods. Liab. Litig.*, No. 4:03-CV-1507-WRW, 2011 WL 124188, at *1 (E.D. Ark. Jan. 13, 2011); *In re Seroquel Prods. Liab. Litig.*, No. 6:06-md-1769 (M.D. Fla. May 13, 2010) (Doc. 1640). The Court is of the view that a single summary will suffice for all of the mature cases.

**IT IS ORDERED** that the parties are directed to confer and file a joint proposed summary for purposes of the suggestion of remand by **July 27, 2018**.

Dated this 9th day of July, 2018.

_____
David G. Campbell
United States District Judge