James R. Condo (#005867)
Kristine L. Gallardo (#033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
kgallardo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-DGC |
| Doris Jones and Alfred Jones, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>C. R. Bard, Inc., a New Jersey corporation and Bard Peripheral Vascular, Inc., an Arizona corporation,<br><br>Defendants. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO CONTACT JURORS**<br><br>(Assigned to the Honorable David G. Campbell) |

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Defendants" or "Bard") submit this opposition to Plaintiff's Motion to Contact Jurors.

Plaintiff's interrogatories, and proposed unilateral phone calls with jurors,

4841-0639-5245

improperly invade the jury's deliberative process. Indeed, Plaintiff concedes that all of these interrogatories are designed to elicit jurors' "thoughts and deliberations." Pl. Br. 3-4. But, Federal Rule of Evidence 606(b) flatly prohibits parties from asking jurors "about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment."[1] *See also, Hard v. Burlington N. R. Co.*, 870 F.2d 1454, 1461 (9th Cir. 1989) (although Rule 606(b) only references juror "testimony", "Rule 606(b) bars not just juror testimony but *evidence of any sort* as to a statement by a juror concerning jury deliberations, so long as a juror would be barred from making the same statement in the form of testimony in court.") (emphasis added). Thus, "the Court must review the [juror] statements under the same standard as would be applied were the statement spoken live, in court." *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 6574785, at *11 (N.D. Cal. Dec. 17, 2012) (citing *Hard,* 870 F.2d at 1461); *see also*, *N. Pac. Ry. Co. v. Mely*, 219 F.2d 199, 202 (9th Cir. 1954) ("We do hold for future guidance that it is improper and unethical for lawyers . . . to interview jurors to discover what was the course of deliberation of a trial jury."); *Harris Corp. v. Indep. Techs.*, No. CV 01-2995 ER(AJWX), 2002 WL 31006045, at *1 (C.D. Cal. July 25, 2002) (denying a request to "conduct juror interviews . . . in order to assess the impact of Defendant's arguments" because "such inquiry is improper and will not be allowed because it seeks information on the jurors' deliberative processes. Defendant's closing arguments clearly are not 'outside' or 'extraneous' influences that can impeach the jury's verdict.").

---

[1] Rule 606(b) allows a narrow exception for jurors speaking about the presence of improper extraneous information or outside influence, but even in that narrow circumstance, the jurors' deliberative process is protected. *Abatino v. United States*, 750 F.2d 1442, 1446 (9th Cir.1985) ("[J]urors may not be questioned about the deliberative process or subjective effects of extraneous information, nor can such information be considered by the trial or appellate courts.") (quoting *United States v. Bagnariol*, 665 F.2d 877, 884–85 (9th Cir.1981), *cert. denied*, 456 U.S. 962, 102 S.Ct. 2040, 72 L.Ed.2d 487 (1982)).

4841-0639-5245

"Thus, except where the inquiry is authorized by statute, 'intrusion into the expressions, arguments, motives, and beliefs' of jurors during retirement is unanimously condemned.'" *Harrod v. Ryan*, No. CV-16-02011-PHX-GMS, 2016 WL 6082109, at *1 (D. Ariz. Oct. 18, 2016) (*quoting Mely*, 219 F.2d at 202). *See also, Ellison v. Ryan*, No. CV-16-08303-PCT-DLR, 2017 WL 1491608, at *1 (D. Ariz. Apr. 26, 2017) (summarizing the "very substantial concerns [that] support the protection of jury deliberations from intrusive inquiry" as enunciated in *Tanner v. United States*, 483 U.S. 107, 127 (1987), including that such juror harassment would "seriously disrupt the finality of the process" and could undermine "full and frank discussion in the jury room, jurors' willingness to return an unpopular verdict, and the community's trust in a system that relies on the decisions of laypeople.").

Although Local Rule 39.2 requires "good cause" to interview jurors, "[w]here a losing party in a civil case seeks to impeach a jury verdict, it must be shown by a preponderance of the evidence that the outcome would have been different." *Hard*, 870 F.2d at 1461. Plaintiff attempts to circumvent this burden by claiming that her interrogatories are for informational purposes only, and that she will not challenge the verdict. A similar fishing expedition related to the extraneous information exception of Rule 606(b), however, was rejected in *TIG Ins. Co. v. Liberty Mut. Ins. Co.*, 250 F. Supp. 2d 1197 (D. Ariz. 2003). In *TIG*, the losing party argued it sought to question the jurors "for obtaining additional information" to determine "[w]hether [the extraneous information] rises to the level required by those cases in the Ninth Circuit." *Id*. at 1199. The court denied the request, finding that the party was "not entitled to question the jury based on suspicion." *Id*.

All of Plaintiff's interrogatories relate to the deliberative process: facts and arguments the jury considered, and "the effect of [those facts and arguments] on that juror's or another juror's vote." Fed. R. Evid. 606(b). As a result, Plaintiff cannot show "good cause", particularly where interviews on these topics would not be permissible to impeach a verdict. The text of Federal Rule of Evidence 606(b)(1) flatly prohibits

- 3 -

4841-0639-5245

inquiries into "statements made or incident[s] that occurred during the jury's deliberations," yet Interrogatory Nos. 6 and 7, for example, explicitly ask jurors whether they discussed damages, both in terms of amount and type. Similarly, though Federal Rule of Evidence 606(b)(1) bars inquiries as to the effect of anything on a juror's vote, Interrogatory No. 1 asks, "After the jury was initially deadlocked, what facts or arguments changed the vote of those jurors who had previously favored Plaintiff?" Interrogatory No. 2 asks, "[w]hat was the most important fact that lead [sic] you to conclude the Eclipse was not defectively designed?" Finally, Federal Rule of Evidence 606(b)(1) prohibits inquiry into "any juror's mental processes […]," yet Interrogatories numbers 8 through 11 ask the juror to provide information on the importance of certain evidence and how the juror "feels" about that evidence. Importantly, those questions relate to the FDA and Society of Interventional Radiology Guidelines evidence, both of which Plaintiff moved to exclude *in limine*. Each of these interrogatories flagrantly disregard the limitations set by the Rule. In other words, Plaintiff seeks the jury's mental processes related to evidence crucial to Bard's defenses, evidence that Plaintiff will likely seek to exclude again in the future, and evidence which may form the basis of Plaintiff's appeal. Thus, Bard requests the Court to use its "'wide discretion'" to restrict contact with jurors to protect jurors from 'fishing expeditions' by losing attorneys." *Harrod*, 2016 WL 6082109, at *3 (D. Ariz. Oct. 18, 2016) (quoting *United States v. Wright*, 506 F.3d 1293, 1303 (10th Cir. 2007)).

To be clear, Bard does not categorically oppose the possibility of the parties ***jointly*** seeking input from jurors in a bellwether case in this MDL, if done consistent with the existing rules. However, Plaintiff's proposed questions and focus are demonstrably not consistent with the rules, and do not meet the "good cause" standard. Instead, they are biased and clearly run afoul of the applicable rules.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Motion to Contact Jurors in its entirety.

- 4 -

4841-0639-5245

RESPECTFULLY SUBMITTED this 12th day of July, 2018.

SNELL & WILMER L.L.P.

By: *s/Kristine L. Gallardo*
James R. Condo
Kristine L. Gallardo
400 E. Van Buren, One Arizona Center
Phoenix, AZ 85004

~ and ~

Richard B. North, Jr.
(admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner
(admitted *pro hac vice*)
Georgia Bar No. 446986
Nelson Mullins Riley & Scarborough LLP
201 17th Street, NW / Suite 1700
Atlanta, GA  30363

*Attorneys for C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

4841-0639-5245

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of July, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

*s/ Kathy Sprinkle*

4841-0639-5245