Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-DGC |
| LISA HYDE and MARK HYDE, a married couple, ,<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation,<br><br>Defendants. | **NOTICE OF LODGING PROPOSED CHANGES TO JONES JUROR QUESTIONNAIRE FOR *HYDE V. BARD***<br><br>(Assigned to the Honorable David G. Campbell) |

Pursuant to the Court's order dated July 13, 2018 (Doc. 11871), the parties submit their proposed modifications to the *Jones* juror questionnaire for the *Hyde v. Bard* bellwether trial. The proposed changes are shown in the attached Track Changes version of the Court's questionnaire in Jones. The Parties are unable to agree on the following four modifications and those portions are highlighted in yellow on the proposed juror questionnaire:

1) <u>Brief Statement of the Case (The Parties have each submitted a proposed statement for the Court's consideration)</u>

**Plaintiffs' Position:**

Defendants seek to impose uncertainty at this late stage of the bellwether process regarding the identification of which filter Ms. Hyde received. Defendants selected the *Hyde* case for the bellwether process stating it was a G2X case. *See*, Defendants' Submission Regarding Selection Of Cases For Bellwether Group 1. (Doc. 5652, April 24, 2017.) Defendants stated unequivocally that their case selections "are representative cases, individually and as a group." They further represented to the Court that "Ms. Hyde had a G2X implanted on 2/25/11. Ms. Hyde's case is representative as it involves a filter fracture (25% of the pool) and involves multiple complications in a single case…"

Defendants' representations to the Court regarding the product Ms. Hyde received were neither uninformed nor made in a vacuum without sufficient discovery. Defendants deposed Mrs. Hyde's explanting physician on March 23, 2017, the sales representative on March 27, 2017, and her implanting physician on April 6, 2017, all before making its Group 1 bellwether submission on April 24, 2017 representing to the Court that *Hyde* was, in fact, a G2X case. Defendants state below that they noted the alleged question of fact in their motion for summary judgment, yet have provided no evidence that Ms. Hyde's filter was an Eclipse. Moreover, the motion was filed four months after Defendants made their representations to the Court in their Bellwether submission with the benefit of the relevant medical records and depositions that clearly support Ms. Hyde received a G2X filter as Defendants represented. Plaintiffs' position is that Bard has waived its opportunities to challenge the identification of the filter it stated was a G2X.

**Defendants' Position:**

There is a question of fact in the Hyde case as to whether Ms. Hyde received a G2X or Eclipse Filter. Because there is no lot number for the IVC filter implanted in Ms. Hyde and the filter was discarded after it was retrieved, there is no way to definitely identify the model of Ms. Hyde's IVC filter. At the time of the bellwether selection in

2

April 2017, it appeared based on statements in the medical records, that the filter was a G2 filter. During subsequent discovery, defendants discovered, based on sales records to the hospital where the filter was implanted and long after its bellwether submission in April 2017, that the plaintiff's filter is most likely an Eclipse in August 2017 and supplemented responses to the plaintiffs' requests for admission on August 21, 2017 to reflect this determination. *See* Defendants' supplemental response to request for admission no. 1, relevant portions attached as Exhibit A. Defendants also noted this issue and Bard's position in its motion for partial summary judgment (doc. 7359, n.2) and the plaintiffs responded to the defendants' assertions in their opposition motion (doc. 7952, n.1). Because it is a question of fact for the ultimately selected jury to decide whether Ms. Hyde's filter was a G2X or Eclipse, it is inappropriate to state one model or the other in the jury questionnaire's statement of the case and the filter should be referred to generically as a "Bard Filter."

2)  Plaintiffs' Proposed Addition of Question No. 2

**Plaintiffs' Position:**

Plaintiffs submit that the proposed question will allow parties to assess whether the prospective juror harbors bias or prejudgment against either party based on the Brief Statement of the Case. The question does not precondition jurors to a particular result that favors either party. It is a neutral question placed relatively close to the Brief Statement of Facts which can be answered while the facts are fresh in the mind of the prospective juror.

**Defendants' Position:**

Defendants objects to this addition and submit that Question No. 2 is vague (with language like "is there anything"), and more important, the question is repetitive of Question No. 66 (which more broadly asks for any reason why a potential juror cannot be fair and impartial).

### 3) Plaintiffs' Proposed Addition of Question No. 40

**Plaintiffs' Position:**

Plaintiffs submit that the question will allow the parties to assess what, if any, preconceived notions or understanding a prospective juror may have about FDA clearance of a medical device. This question will assist the parties to assess whether a prospective juror has a misunderstanding of the FDA clearance and what it means when a medical device is cleared for the market.

**Defendants' Position:**

Defendants object to Question No. 40, regarding FDA "clearance". The same information is sought by Question Nos. 38, 39 and 59 (which already asks whether a potential juror has experience with FDA clearance and whether the juror has strong views about the FDA). Hence, the only possible purpose in adding still another question on the topic is to afford Plaintiffs' counsel with additional opportunities to pose argumentative follow-up questions to the panel about the differences between FDA clearance and approval.

### 4) Plaintiffs' Proposed Addition of Question No. 52

**Plaintiffs' Position:**

Plaintiffs submit that the question will enlighten the parties on any preconceived biases or prejudgments a prospective juror has about litigation and lawsuits. It is worded in a neutral manner that does not precondition jurors to a particular result.

**Defendants' Position:**

Defendants object to Question No. 52. The question seeks the potential jurors' reaction to a vaguely described scenario, without sufficient detail to make any response meaningful. Further, Question No. 52 attempts to identify the potential jurors' attitudes toward litigation, topics already thoroughly explored by Question Nos. 51, 60, 61, and 62.

RESPECTFULLY SUBMITTED this 18th day of July, 2018.

| GALLAGHER & KENNEDY, P.A. | SNELL & WILMER L.L.P. |
|---|---|
| By: */s/ Mark O'Connor* <br> Mark S. O'Connor (011029) <br> 2575 East Camelback Road <br> Phoenix, Arizona 85016-9225 <br><br> Ramon Rossi Lopez <br> (admitted *pro hac vice*) <br> CA Bar No. 86361 <br> LOPEZ McHUGH LLP <br> 100 Bayview Circle, Suite 5600 <br> Newport Beach, California 92660 <br><br> *Attorneys for Plaintiff Carol Kruse* | By: */s/ Matthew Lerner* (with permission) <br> James R. Condo (005867) <br> Amanda C. Sheridan (027360) <br> One Arizona Center <br> 400 E. Van Buren, Suite 1900 <br> Phoenix, Arizona 85004-2202 <br><br> Richard B. North, Jr. (*pro hac vice*) <br> Georgia Bar No. 545599 <br> Matthew B. Lerner (*pro hac vice*) <br> Georgia Bar No. 446986 <br> Nelson Mullins Riley & Scarborough LLP <br> 201 17th Street, NW / Suite 1700 <br> Atlanta, GA  30363 <br><br> *Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of July, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

  /s/ Jessica Gallentine