Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
602-530-8000
*Co-Lead/Liaison Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO SEAL**<br><br>(Assigned to the Honorable David G. Campbell) |
| SHERR-UNA BOOKER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation,<br><br>Defendants. | |

Plaintiff responds to Defendants C.R. Bard, Inc.'s and Bard Peripheral Vascular, Inc.'s ("Bard") Motion for Reconsideration of Order Denying Motion to Seal (Dkt. 11766).

**I.   The Court Did Not Address Or Adjudicate Any Issue of Confidentiality at the *Booker* Pre-Trial Conference.**

Prior to the *Booker* trial's commencement, the Court held a mandatory pre-trial conference. During that conference, Bard addressed the posting of exhibits and trial transcripts on the public docket during the trial as it desired to preserve its ability to seal exhibits and/or

portions of the trial transcript after trial. (Def. Ex. A, March 2, 2018 Transcript at 91:4-92:9.) The court confirmed that the issue was not waived. (*Id*.) Bard implies the issue of confidentiality of each document and sections of the transcript it now, after trial, seeks to seal as confidential were before the Court and adjudicated pre-trial. There was no such analysis, and the Court, respectfully, only relayed the policy regarding the handling of documentary evidence at trial. (*Id.*; *see also,* Pl. Ex. A, District Court of Arizona's Electronic Case Filing Administrative Policies and Procedures Manual, II(N)(3).)

    At the Pretrial Conference, Bard did not request the courtroom to be sealed. Bard neither filed a motion to seal the courtroom nor sought an Order from the Court restricting public access. (Def. Ex. A.) Instead, Bard's request "was to preserve our right to move to seal exhibits and/or portions of the transcript <u>after trial</u>…we wanted to make sure that we weren't in some waiving that by asking to address it at the <u>conclusion of the trial</u> and asking that it maintained confidentially during the trial." Bard's assertion that it "relied on the Court's ruling and did not file a motion before the trial" cannot be true. If Bard planned to "maintain confidentially during the trial," it was required to take steps to ensure that the public could not access its purportedly confidential information and that all such information was limited to the courtroom. At a minimum, that required Bard to follow the procedures set forth in the Protective Order and LRCiv 5.6; it should have file a motion to seal the evidence and the courtroom.[1] The District Court of Arizona's policy to not post trial exhibits or transcripts on the docket does not in effect seal the exhibits or protect their confidentiality. Counter to Bard's assertion, Plaintiff's contend the Court did not issue an Order on the subject as there were not specific documents or other evidence before it to rule on and determine whether any such evidence was confidential; and even if confidential, would it remain so during and after a public trial. Nor did it ever seal the courtroom to preclude the public from being present, hearing the testimony, or seeing exhibits as they were displayed.

    Moreover, the exhibits were subsequently published in open Court with no effort to limit disclosure. This effectively operated as a "waiver of any rights a party had to restrict its

---

[1] Dkt. 269 at 10.

2

future use." *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No. CIV.A. 09-290, 2013 WL 1336204, at *5 (W.D. Pa. Mar. 29, 2013) (quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). Hence, the Court's ruling on this matter is correct.

Moreover, Bard's exchange with the Court at the April 13, 2018, *Jones* Pretrial Conference dispels its contention that "Bard relied on the Court's ruling and did not file a motion before the trial." From the record, it is clear Bard knew that even though the District Court of Arizona's policy regarding the treatment of trial exhibits on the docket meant that the exhibits were not available to the public, this policy does not effectively seal or determine the confidential status of the trial exhibits or transcripts from public access in other forums. (*See* Def. Ex. C, April 13, 2018, Transcript at 23:5 - 25:25.) In pertinent part,

> MS. HELM: Okay. So I guess the clarification is **to the extent that the plaintiffs take the position that because an exhibit was tendered into evidence at trial, in order protect that from being disseminated publicly outside of the confines of the trial, do we need to move to seal them?** … **I raised it at the pretrial and we're raising it because of a position they took in a case, the case in Nevada a few years ago.**
>
> THE COURT: … **Are you thinking it's then governed by the protective order in terms of use in other places?**
>
> MS. HELM: **Yes**, Your Honor.
>
> THE COURT: Okay. I'll be happy to hear from plaintiffs on that. **As you know, because we're at the dispositive portion of the trial, the Ninth Circuit standard is compelling need or compelling interests.**
>
> * * *
>
> MR. O'CONNOR: Your Honor, the people on our team that are working on this are not here. **But as a practical matter, this courtroom is open to the public, and so anything that comes into evidence is a matter of public record.**

And, as Bard was aware, there were present in the courtroom throughout the trial multiple public observers, including members of the press. Bard made no effort to exclude those public individuals or to prevent them from disclosing information they learned during the trial.

Further, the parties addressed the admission of exhibits at trial in the Feb. 28, 2018, Proposed Pretrial Order, adopted at the March 2, 2018 Pretrial Conference. (Dkt. 10255.) As stated in the Proposed Pretrial Order "Defendants request that the exhibits be maintained by the Court reporter and not made available publicly throughout the trial and until the Court rules on any motion to seal, and that the Court set a briefing schedule for a post-trial briefing

schedule on a motion to seal."[2] Because of the Court's policy regarding the treatment of trial exhibits and transcripts on the docket, Bard's request "that the exhibits be maintained by the Court reporter and not made available publicly throughout the trial and until the Court rules on any motion to seal" was effectively satisfied; Bard knew the Court's procedural policy regarding the docket did not supersede its requirement to file a motion to seal as represented in its Motion for Reconsideration. (Dkt. 11766 at 2-3.)

## II.     LRCiv 5.6 and Parties' Protective Order Address Sealing Procedures.

LRCiv 5.6 along with the Protective Order outline the procedure for sealing documents of any kind, including exhibits. (Dkt. 269.)[3] Bard is aware the confidentiality restrictions set forth in the Protective Order do not apply to documents available to the public through publication or otherwise: "<u>This includes information published during public hearings and trials, if the Supplying Party does not move to seal or appeal any order denying such motion to seal within the time permitted under the applicable rules.</u>" (Dkt. 269 at 5 (emphasis added). Where a party intends to use confidential documents as exhibits and contends that the documents should be sealed, the party "must file a motion for an order sealing the documents consistent with applicable law and comply with the provisions of Local Rule of Civil Procedure 5.6." (Dkt. 269 at 10.)

Unlike Bard, Plaintiff insists there is no discrepancy between the information the Court provided to parties about the Court's docket policy[4] and the Court's Order on the Motion to Seal. (Dkt. 11642.) The Court's Order states Defendants "have waived the right to have the exhibits sealed because they were disclosed to the public during trial." Ninth Circuit precedent

---

[2] Plaintiff's contention: "Plaintiff disagrees with this request and contends the exhibits are public record at the time admitted into evidence. There is a strong presumption towards public access to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006); A motion to seal transcripts and evidence adduced at trial must satisfy the "compelling reasons" test, because a trial is a dispositive proceeding. *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008).
[3] L.R. Civ. 5.6(a) states "[f]or the purposes of this Rule, the term "document" means any exhibit, record, filing or other item to be filed under seal with the Court"
[4] This information is also publicly available in District Court of Arizona's Electronic Case Filing Administrative Policies and Procedures Manual, II(N)(3). "Evidentiary and Trial Exhibits: Evidentiary and trial exhibits must be submitted directly to the appropriate courtroom deputy clerk and will not be filed with the court."

is clear, "[i]n sum, where, as here, the parties did not request closure of the courtroom ... and the disclosures were not inadvertent, the Court will not permit an ex-post facto redaction of statements made in open court in the transcript." *In re Google Inc. Gmail Litig.*, 2014 U.S. Dist. LEXIS 136420, 2014 WL 1053744032-33 (N.D. Cal. Aug. 6, 2014). The Court did not need to take into consideration that trial exhibits or transcripts are never made available on the public docket in Arizona District Court cases. (Dkt. 11642 at 3.) In accordance with Ninth Circuit precedent, if Bard desired to seal trial exhibits and the transcripts from the public, it would need to seal the courtroom prior to the start of trial. Since it did not, Bard waived the right to have the exhibits sealed from the public *de facto* by not filing a motion to seal the courtroom.[5]

### III. Bard's Other Arguments Do Not Preserve Confidentiality.

Bard argues the Court did not take into consideration it previously granted a motion to seal based on the compelling reasons standard for documents attached to a motion for summary judgment,[6] however, Bard fails to consider that the analysis and case precedent for sealing a dispositive motion greatly differ from sealing the judicial record.[7]

---

[5] From the Court's Order on Motion to Seal, "[i]n short, Defendants have waived the right to have the trial exhibits sealed. *See* Doc. 269 at 20-22, *Phillips v. C. R. Bard, Inc.*, No. 3:12-cv-00344-RCJ-WGC (D. Nev. June 1, 2015) (finding waiver where Bard "made no motion to seal the exhibits or testimony at the public trial").

[6] Defense counsel is aware of the limited circumstances that warrant *de facto* sealing of trial exhibits and transcripts. Further, Defendants asserted this <u>exact</u> argument in it's Reply in Support of Motion to Seal Certain Trial Exhibits and Portions of the Trial Transcript in the *Phillips* case.

[7] The United States Supreme Court has long made it unequivocally clear that "[a] trial is a public event. What transpires in the court room is public property." *Craig v. Harney*, 331 U.S. 367, 374 (1947). *See Warner Chilcott Co., LLC v. Mylan Inc.*, 2014 U.S. Dist. LEXIS 181576 at * 3 (D.N.J. Dec. 10, 2014); (courts have overwhelmingly denied requests seeking after-the-fact sealing of allegedly trade secret information that was disclosed in open court); *see also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) ("[h]owever confidential [the information] may have been beforehand, subsequent to publication it was confidential no longer. . . . We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again."). *Pfizer, Inc. v. Teva Pharms. USA, Inc.*, U.S. Dist. LEXIS 6763, 2010 WL 2710566, at *10-12 (D.N.J. July 7, 2010)(denying post-hearing motion to seal transcript because information disclosed during open court is part of the public record and because "the onus is on the parties to request sealing of the courtroom prior to a hearing that will involve the discussion of allegedly confidential information.").

Bard further contends "(1) the documents were produced subject to a protective order; (2) there has been no challenge to their confidentiality; and (3) they are not part of a public record." (Dkt. 11766 at 5.) These arguments fail. First, the Protective Order expressly states it does not apply to the use of documents at trial: "The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of Confidential Information at trial." (Dkt. 101101, ¶28, at 5.) Second, Plaintiffs have consistently challenged the confidentiality of Bard' documents. (A few examples, Dkts. 8184, 11013, 11016.) Bard's third contention, as stated *supra*, is directly contrary to the Supreme Court's pronouncement that trial is presumptively a "public event" and to the District Court of Arizona's policy to not post trial exhibits or transcripts on the public docket and the Court's explanation that the documents "will never get into the district court docket" does not in effect seal the exhibits or uphold their confidentiality.[8]

## IV.　Conclusion

Therefore, Plaintiff request this Court deny Bard's Motion for Reconsideration of the Order Denying the Motion to Seal.

GALLAGHER & KENNEDY, P.A.

By: */s/ Mark S. O'Connor*
　　Mark S. O'Connor
　　2575 East Camelback Road
　　Phoenix, Arizona 85016-9225

LOPEZ McHUGH LLP
　Ramon Rossi Lopez (CA Bar No. 86361)
　(admitted *pro hac vice*)
　100 Bayview Circle, Suite 5600
　Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiff*

---

[8] Bard's fourth point is addressed in the first paragraph in section III.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of July 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*/s/ Jessica Gallentine*