# Exhibit A

1   James R. Condo (#005867)
    Amanda C. Sheridan (#027360)
2   SNELL & WILMER L.L.P.
    One Arizona Center
3   400 E. Van Buren, Suite 1900
    Phoenix, AZ 85004-2204
4   Telephone:  (602) 382-6000
    jcondo@swlaw.com
5   asheridan@swlaw.com

6   Richard B. North, Jr. (admitted *pro hac vice*)
    Georgia Bar No. 545599
7   Matthew B. Lerner (admitted *pro hac vice*)
    Georgia Bar No. 446986
8   NELSON MULLINS RILEY & SCARBOROUGH LLP
    Atlantic Station
9   201 17th Street, NW, Suite 1700
    Atlanta, GA  30363
10  Telephone: (404) 322-6000
    richard.north@nelsonmullins.com
11  matthew.lerner@nelsonmullins.com

12  *Attorneys for Defendants*
    *C. R. Bard, Inc. and*
13  *Bard Peripheral Vascular, Inc.*

14              IN THE UNITED STATES DISTRICT COURT

15                  FOR THE DISTRICT OF ARIZONA

16  IN RE:  Bard IVC Filters Products Liability         No. 2:15-MD-02641-DGC
    Litigation,
17                                                       **DEFENDANTS' SUPERSEDEAS BOND**

18

19  SHERR-UNA BOOKER, an individual,                    (Assigned to the Honorable David G.
                                                         Campbell)
20
                        Plaintiff,
21                                                       Bond No. 015202016
    v.
22
    C. R. BARD, INC., a New Jersey
23  corporation and BARD PERIPHERAL
    VASCULAR, INC., an Arizona
24  corporation,

25                      Defendants.

26

27

28

*(Left margin, vertical text:)* Nelson Mullins Riley & Scarborough L.L.P. 201 17th Street NW, Suite 1700 Atlanta, GA 30363 (404) 322-6000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Nelson Mullins Riley & Scarborough
L.L.P.
201 17ᵗʰ Street NW, Suite 1700
Atlanta, GA 30363
(401) 522-6000

Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard"), as Principal, and Liberty Mutual Insurance Company, a Massachusetts corporation, as Surety, acknowledge that we are bound to pay Sherr-Una Booker the sum of THREE MILLION SIX HUNDRED THOUSAND DOLLARS ($3,600,000.00), together with post-judgment interest at the rate of 2.33% per annum from July 9, 2018, until the Final Judgment is paid in full, which is calculated at ONE HUNDRED SIXTY SEVEN THOUSAND SEVEN HUNDRED SIXTY DOLLARS ($167,760.00) based on the median time for disposition of cases in the United States Court of Appeals for the Ninth Circuit, and seek a Supersedeas Bond in the amount of THREE MILLION SEVEN HUNDRED SIXTY SEVEN THOUSAND SEVEN HUNDRED SIXTY DOLLARS ($3,767,760.00) as security therefore.

The condition of this bond is such that if Bard shall prosecute an appeal of this Court's Final Judgment entered on July 9, 2018 to the United States Court of Appeals for the Ninth Circuit and/or the Supreme Court of the United States and shall satisfy the judgment in full together with interest, then this bond is void. Otherwise, the bond is to remain in full force and effect.

By this undertaking, the Principal is bound to satisfy in full the Final Judgment of the district court, including costs, interest, and damages for delay that may be awarded, if the appeal should be dismissed or the judgment affirmed. The Surety is also so bound, up to the amount of the bond. The Principal is bound to satisfy in full any modification of the judgment ordered by the appellate court, or, if the judgment should be affirmed only in part, to satisfy that part of the judgment affirmed, including costs, interest and damages for delay that may be awarded. The Surety is also so bound, up to the amount of the bond.

Should the Principal satisfy the judgment as described above, all obligations under this bond would be discharged. Should the Principal fail to satisfy the judgment as described above, all obligations under this bond, including the obligation of the Surety to

satisfy the judgment, up to the amount of the bond, shall remain in full force and effect. In any event, the aggregate liability of the surety shall not exceed $3,767,760.00.

This bond shall become effective as of the 18th day of July, 2018.

Signed, sealed and dated this 18th day of July, 2018.

s/ Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

Liberty Mutual Insurance Company

By: _____
April D. Perez, Attorney-In-Fact

This Power of Attorney limits the acts of those named herein, and they have no authority to bind the Company except in the manner and to the extent herein stated. Not valid for mortgage, note, loan, letter of credit, bank deposit, currency rate, interest rate or residual value guarantees.  To confirm the validity of this Power of Attorney call 610-832-8240 between 9:00 am and 4:30 pm EST on any business day.

Liberty Mutual Insurance Company
The Ohio Casualty Insurance Company
West American Insurance Company

# POWER OF ATTORNEY

KNOWN ALL PERSONS BY THESE PRESENTS:  That The Ohio Casualty Insurance Company is a corporation duly organized under the laws of the State of New Hampshire, that Liberty Mutual Insurance Company is a corporation duly organized under the laws of the State of Massachusetts, and West American Insurance Company is a corporation duly organized under the laws of the State of Indiana (herein collectively called the "Companies"), pursuant to and by authority herein set forth, does hereby name, constitute and appoint, __April D. Perez__

of the city of _____Morristown_____ , state of _____New Jersey_____ its true and lawful attorney-in-fact, with full power and authority hereby conferred to sign, execute and acknowledge the following surety bond:

Principal Name: _C.R. Bard, Inc., a New Jersey corporation and Bard Peripheral Vascular, Inc., an Arizona corporation_

Obligee Name: _Sherr-Una Booker_

Surety Bond Number: _____015202016_____         Bond Amount: _____$3,767,760.00_____

IN WITNESS WHEREOF, this Power of Attorney has been subscribed by an authorized officer or official of the Companies and the corporate seals of the Companies have been affixed thereto this _27th_ day of _February, 2017._



The Ohio Casualty Insurance Company
Liberty Mutual Insurance Company
West American Insurance Company

By: _____
          David M. Carey, Assistant Secretary

STATE OF PENNSYLVANIA          ss
COUNTY OF MONTGOMERY

On this _27th_ day of _February, 2017,_ before me personally appeared David M. Carey, who acknowledged himself to be the Assistant Secretary of , Liberty Mutual Insurance Company, The Ohio Casualty Company, and West American Insurance Company, and that he, as such, being authorized so to do, execute the foregoing instrument for the purposes therein contained by signing on behalf of the corporations by himself as a duly authorized officer.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my notarial seal at King of Prussia, Pennsylvania, on the day and year first above written.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Teresa Pastella, Notary Public
Upper Merion Twp., Montgomery County
My Commission Expires March 28, 2021

By: _Teresa Pastella_
          Teresa Pastella, Notary Public

Member, Pennsylvania Association of Notaries

This Power of Attorney is made and executed pursuant to and by authority of the following By-laws and Authorizations of, The Ohio Casualty Insurance Company, Liberty Mutual Insurance Company, and West American Insurance Company which resolutions are now in full force and effect reading as follows:

**ARTICLE IV – OFFICERS** – Section 12. Power of Attorney. Any officer or other official of the Corporation authorized for that purpose in writing by the Chairman or the President, and subject to such limitation as the Chairman or the President may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Corporation to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations.  Such attorneys-in-fact, subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Corporation by their signature and execution of any such instruments and to attach thereto the seal of the Corporation. When so executed, such instruments shall be as binding as if signed by the President and attested to by the Secretary. Any power or authority granted to any representative or attorney-in-fact under the provisions of this article may be revoked at any time by the Board, the Chairman, the President or by the officer or officers granting such power or authority.

**ARTICLE XIII – Execution of Contracts – SECTION 5. Surety Bonds and Undertakings.** Any officer of the Company authorized for that purpose in writing by the chairman or the president, and subject to such limitations as the chairman or the president may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations.  Such attorneys-in-fact subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Company by their signature and execution of any such instruments and to attach thereto the seal of the Company.  When so executed such instruments shall be as binding as if signed by the president and attested by the secretary.

**Certificate of Designation** – The President of the Company, acting pursuant to the Bylaws of the Company, authorizes David M. Carey, Assistant Secretary to appoint such attorneys-in-fact as may be necessary to act on behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations.

**Authorization** – By unanimous consent of the Company's Board of Directors, the Company consents that facsimile or mechanically reproduced signature of any assistant secretary of the Company, wherever appearing upon a certified copy of any power of attorney issued by the Company in connection with surety bonds, shall be valid and binding upon the Company with the same force and effect as though manually affixed.

I, Renee C. Llewellyn, the undersigned, Assistant Secretary, of The Ohio Casualty Insurance Company, Liberty Mutual Insurance Company, and West American Insurance Company do hereby certify that the original power of attorney of which the foregoing is a full, true and correct copy of the Power of Attorney executed by said Companies, is in full force and effect and has not been revoked.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seals of said Companies this _18th_ day of _____July_____ , _____2018_____ .



By: _____
          Renee C. Llewellyn, Assistant Secretary



**LIBERTY MUTUAL INSURANCE COMPANY**

**FINANCIAL STATEMENT — DECEMBER 31, 2017**

| Assets | | Liabilities | |
|---|---:|---|---:|
| Cash and Bank Deposits | $370,003,299 | Unearned Premiums | $7,503,154,587 |
| *Bonds — U.S Government | 1,331,664,975 | Reserve for Claims and Claims Expense | 19,658,731,454 |
| *Other Bonds | 11,127,053,004 | Funds Held Under Reinsurance Treaties | 224,693,828 |
| *Stocks | 16,367,850,688 | Reserve for Dividends to Policyholders | 967,520 |
| Real Estate | 272,895,626 | Additional Statutory Reserve | 52,491,027 |
| Agents' Balances or Uncollected Premiums | 5,258,657,823 | Reserve for Commissions, Taxes and | |
| Accrued Interest and Rents | 100,341,596 | Other Liabilities | 4,049,392,852 |
| Other Admitted Assets | 11,192,287,530 | **Total** | **$31,489,431,268** |
| | | Special Surplus Funds $176,230,822 | |
| | | Capital Stock 10,000,000 | |
| | | Paid in Surplus 9,484,316,385 | |
| | | Unassigned Surplus 4,860,776,066 | |
| **Total Admitted Assets** | **$46,020,754,541** | **Surplus to Policyholders** | **14,531,323,273** |
| | | **Total Liabilities and Surplus** | **$46,020,754,541** |



\* Bonds are stated at amortized or investment value; Stocks at Association Market Values.
The foregoing financial information is taken from Liberty Mutual Insurance Company's financial statement filed with the state of Massachusetts Department of Insurance.

I, TIM MIKOLAJEWSKI, Assistant Secretary of Liberty Mutual Insurance Company, do hereby certify that the foregoing is a true, and correct statement of the Assets and Liabilities of said Corporation, as of December 31, 2017, to the best of my knowledge and belief.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Corporation at Seattle, Washington, this 16th day of March, 2018.

_____
Assistant Secretary