1
2
3
4

Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California  92660
949-812-5771

5
6
7
8

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona  85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

9

UNITED STATES DISTRICT COURT

10

DISTRICT OF ARIZONA

11
12
13
14
15

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
| | **SECOND NOTICE OF PLAINTIFF DEBRA MULKEY'S STATUS FOR TRIAL** |

16
17

Pursuant to the Court's Order, Plaintiffs provide the following update on Plaintiff Debra Mulkey's ability to proceed with trial:

18
19
20

1.      Plaintiff's counsel, David DeGreeff, recently spoke with both Plaintiff and Dr. Hanif's nurse.   Dr. Hanif is Plaintiff's treating neurologist for her seizure-like symptoms.  Her nurse passed on the following from Dr. Hanif:

21
22

a.   Plaintiff remains without a diagnosis for her ongoing seizure-like episodes and symptoms;

23

b.   The following testing was recently completed:

24

i.   An EEG to determine if Plaintiff is having seizures;

25
26

ii.   Requiring Plaintiff to wear an event monitor for 7 days to ascertain whether she is having heart problems; and

27
28

iii.   Tilt table testing to determine if Plaintiff is having issues with sudden blood pressure changes.

c.  The testing was normal, yet Plaintiff continues to suffer from seizure-like episodes.  As such, additional testing and/or medication is likely needed.

d.  Plaintiff is scheduled to see Dr. Hanif again in mid-August to discuss the test results, re-evaluate plaintiff's ongoing symptoms/episodes, determine whether and what additional testing is needed, and decide what medications to prescribe Plaintiff.

e.  It is important to understand Plaintiff's medical issues before subjecting her to the stress of a 3-week trial across the country, and at this point no diagnosis has been made.

f.  When a diagnosis is ultimately made, there may be additional timing issues. For example, Plaintiff's doctors may have to work with her medications over a period of time to get everything properly regulated.

2.      Pursuant to CMO 34, the Court set this matter for trial beginning in February of 2019.  That trial date ensures enough time is available to resolve Plaintiff's health issues and avoids a similar issue prior to the November 2018 bellwether trial.  That rationale remains sound, as Plaintiff still lacks a diagnosis and continues to suffer from seizure-like episodes/symptoms.  As such, plaintiff requests her case remain set to begin for trial in February of 2019.  This should allow enough time to resolve all potential health concerns.

3.      A separate pleading addressing the status of the *Tinlin* case and its readiness for trial will be filed by Plaintiffs' leadership for the MDL, as requested by the Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

2

1

2

RESPECTFULLY SUBMITTED this 20th day of July, 2018.

GALLAGHER & KENNEDY, P.A.

3

4

By:/s/ Mark S. O'Connor
     Mark S. O'Connor
     2575 East Camelback Road
     Phoenix, Arizona  85016-9225

5

6

LOPEZ McHUGH LLP
     Ramon Rossi Lopez (CA Bar No. 86361)
     (admitted pro hac vice)
     100 Bayview Circle, Suite 5600
     Newport Beach, California 92660

7

8

9

10

Co-Lead/Liaison Counsel for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of July, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*/s/ Jessica Gallentine*