Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California  92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona  85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

Joe Johnson – jjohnson@babbittjohnson.com
(Florida Bar Number 372250; admitted *pro hac vice*)
Babbitt & Johnson, P.A.
1641 Worthington Road
Suite 100
West Palm Beach, FL  33409
(561) 684-2500

James P. Cannon – jpc.atty@yahoo.com
(Missouri Bar Number 37052; admitted *pro hac vice*)
James A. Montee – jmontee@monteelawfirm.com
(Missouri Bar Number 33489; admitted *pro hac vice*)
Montee Law Firm, P.C.
10200 Holmes
Kansas City, MO  64131
(816) 523-0521

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-DGC **PLAINTIFF GEORGE LEUS' REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO THE TRANSFEROR DISTRICT COURT** **Oral Argument Requested** (Assigned to the Honorable David G. Campbell) |

1    Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard")

2    accuse plaintiff George Leus of seeking to do an "*end run*" around awaiting the results of

3    bellwether trials.  However, it is Bard that seeks to do an "*end run*" around 28 U.S.C.A. § 1407

4    and *Lexicon* by choosing to ignore the intent of both.  28 U. S.C.A. § 1407 specifically states that

5    the transfer of an action for purposes of multi-district litigation is for "*coordinated or*

6    *consolidated pretrial proceedings*."  (Emphasis added.)

7    Bard's entire argument that plaintiff George Leus' case should remain in this MDL is

8    based upon the potential for settlement "after" completion of "all" the bellwether trials, even

9    going so far as to say George Leus "*must take the bitter with the sweet, and … await the results of*

10   *the bellwether process*."  Response at 8.  This was not the intent of 28 U.S.C.A. § 1407 or

11   *Lexicon*.

12   As such, when it comes right down to it, the real question is whether the bellwether trial

13   process is considered part of the "consolidated pretrial proceedings" and, if so, is it "good cause"

14   to remand his case when "all" plaintiff George Leus has to benefit from remaining as an MDL

15   litigant for another year is "*IF*" Bard decides it is in its best interest to effectuate a global MDL

16   settlement when plaintiff George Leus (1) has been waiting over five (5) years for trial, (2) has

17   benefited all he can from common pre-trial discovery, (3) does not benefit from further bellwether

18   trials, (4) will not fit into any matrix or group settlement process, and (5) is as "mature" of a case

19   as those identified on the Court's MDL "Mature Case List."

20   Bard argues that plaintiff George Leus relies upon "unfounded attacks on Bard's

21   willingness to settle following the bellwether trials."  Response at 2.  Yet, Bard has offered

22   nothing in its Response that would give any indication that such a willingness even exists.

23   It is very doubtful that remanding one of the original twenty-two (22) cases transferred in

24   this MDL would undermine the bellwether process or eviscerate the MDL pool.  It would only

25   force Bard to defend a mature case in the plaintiff's home district – something it would have had

26   to do years ago but for the formation of the MDL.

27   It is plaintiff George Leus' position that bellwether trials are simply an "*added benefit*" to

28   promote "possible" global settlement of "representative" cases once common and consolidated

2

1   pre-trial proceedings have been completed.  This Court took this position in Case Management

2   Order No. 28 (Doc. 8871) stating "[*T*]*he primary purpose of the MDL – common discovery and*

3   *rulings on common issues – will have been accomplished, and the **added benefit** of bellwether*

4   *trials to assist the parties in **resolving the litigation globally** will be lost if settlement or*

5   *dismissals skew the representative nature of bellwether cases*."  (Emphasis added.)

6        28 U.S.C.A. § 1407, *Lexicon* and the MDL Transfer Order all point to the same

7   conclusion that transfers for purposes of multi-district litigation are for the transferee district court

8   to conduct consolidated pre-trial proceedings and protect the right of individual plaintiffs to

9   remand once the pre-trial stage has been completed.

10       As such, it is plaintiff George Leus' contention that he has the right of remand without the

11  Court having to consider good cause in light of the fact that consolidated pre-trial discovery has

12  been completed for quite some time.  Further, if this one unique case is remanded, it will have no

13  direct influence, whatsoever, on whether a global settlement is accomplished for representative

14  cases.  Bard cannot argue that its ultimate decision as to whether or not to enter into a global

15  settlement at the end of all bellwether trials will depend upon whether plaintiff George Leus' case

16  is remanded.

17       Counsel for George Leus believes this case was not considered for inclusion in the MDL

18  Mature Case List simply because discovery was ongoing in the New Jersey State Court Action

19  under a Federal Court Stay Order.  If this had not been the case, George Leus' case would likely

20  have been on the MDL Mature Case List considering his case was filed before the majority of the

21  other mature cases and significant discovery had been conducted to the point where a trial date

22  had been set and mediation had occurred.

23       This Court recognized early on the need for certain mature cases to be remanded to their

24  respective home districts following completion of the consolidated pre-trial proceedings and that

25  it would be unfair to make such cases wait-out the bellwether trial process once consolidated pre-

26  trial discovery is complete.  Plaintiff George Leus' case is surely one of these types of cases.

27       Bard argues that it was Plaintiff who was part of a group of cases that sought multi-district

28  litigation and that Plaintiff has never mentioned remand before.  This argument is without merit

3

1   because plaintiff patiently waited to benefit from common discovery which is the purpose of

2   multi-district litigation and it was not until the completion of said common discovery that he was

3   procedurally able to seek remand.

4        George Leus has received the benefits from common consolidated discovery at the price

5   of a three (3) year delay in getting his case tried so he can get on with his life and determine if a

6   Jury will award him those damages necessary to provide for long-awaited care.  Surely, the time

7   has come to let Plaintiff George Leus have his day in court.

8        Plaintiff *does* agree with defendant Bard's assertion that he is "*frustrated*."  Who wouldn't

9   be after five (5) years waiting in a wheelchair for his day in court forced to wait another year with

10   Bard holding all the cards as to whether there may be a meaningful settlement.

11        Plaintiff George Leus is entitled to and/or has shown good cause for a remand of his case

12   to the Transferor District Court.

13        Finally, plaintiff is aware of the procedural process for remand provided by the Judicial

14   Panel.  However, Plaintiff did not include this in his motion in light of the fact that the Court

15   requested briefing regarding the process by which the cases included in the MDL Mature Case

16   List would be remanded.  Plaintiff believed it would be best to wait for the Court's decision

17   regarding what process should be used so any remand of a case not included in the MDL Mature

18   Case List would be accomplished in the same manner for the sake of consistency.

19        RESPECTFULLY SUBMITTED this 3rd day of August, 2018.

20        GALLAGHER & KENNEDY, P.A.

22        By:  */s/ Mark S. O'Connor*
     Mark S. O'Connor (011029)

23        2575 East Camelback Road
     Phoenix, Arizona 85016-9225

24        Ramon Rossi Lopez

25        (admitted *pro hac vice*)
     CA Bar No. 86361

26        LOPEZ McHUGH LLP
     100 Bayview Circle, Suite 5600
     Newport Beach, California 92660

27

28

BABBIT & JOHNSON, P.A.
Joe Johnson #FL372250
(Admitted Pro Hac Vice)
1641 Worthington Road
Suite 100
West Palm Beach, FL  33409
jjohnson@babbitt-johnson.com

MONTEE LAW FIRM, P.C.
James P. Cannon  #37052MO
(Admitted Pro Hac Vice)
James A. Montee  #33489 MO
(Admitted Pro Hac Vice)
10200 Holmes
Kansas City, MO  64131
(816) 523-0521
Fax:  (816) 523-0084
jpc.atty@yahoo.com
jmontee@monteelawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*/s/ Jessica Gallentine*