**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC |
| _____ | |
| Sherr-Una Booker, an individual, | No. CV-16-00474-PHX-DGC |
|      Plaintiff, | |
| v. | |
| C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, | **ORDER** |
|      Defendants. | |

On June 25, 2018, the Court issued an order denying Defendants' motion to seal certain exhibits used in the Booker trial.  Docs. 11010, 11642.  Defendants have filed a motion for reconsideration of that order.  Doc. 11766.  Plaintiffs have filed a response. Doc. 11922.  The motion will be granted in part and denied in part.

**I.      Reconsideration Standard.**

Motions for reconsideration are disfavored and should be granted only in rare circumstances.  *See Ross v. Arpaio*, No. CV-05-4177-PHX-MHM, 2008 WL 1776502, at \*2 (D. Ariz. Apr. 15, 2008).  A motion for reconsideration will be granted where the

1  Court has overlooked or misapprehended matters or otherwise has committed manifest

2  error. *See* LRCiv 7.2(g)(1); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

3  **II.    Discussion.**

4          **A.    Waiver of the Right to File a Motion to Seal.**

5          The Court found in part that Defendants had waived the right to have trial exhibits

6  sealed because they did not file a motion to seal before trial pursuant to Local Rule 5.6.

7  Doc. 11642 at 2.  Defendants argue that this finding was in error.  Doc. 11766 at 2-3.

8  The Court agrees in part.

9          The issue of sealing exhibits was raised in the final pretrial order.  Doc. 10255

10  at 62.  Defendants noted that although many of the documents listed as exhibits had been

11  produced subject to the parties' stipulated protective order, that order does not cover the

12  use of exhibits at trial.  *Id.*; *see* Doc. 269 at 12-13.  Defendants requested that trial

13  exhibits be maintained by the courtroom clerk and "not made publicly available

14  throughout the trial and until the Court rules on any motion to seal."  Doc. 10255 at 62.

15  Defendants further requested that the Court set a "post-trial briefing schedule on a motion

16  to seal."  *Id.*  Plaintiffs took the position that unless an exhibit is sealed before trial under

17  this Circuit's "compelling reasons" standard, the exhibit becomes a "public record at the

18  time admitted into evidence."  *Id.* (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d

19  1172, 1178 (9th Cir. 2006)).

20          The issue was further discussed at the pretrial conference.  The Court inquired

21  about the need for sealing given that exhibits admitted at trial do not become part of the

22  Court's docket.  Doc. 11766-1 at 5.  Counsel for Defendants stated that they sought "to

23  preserve [Defendants'] right to move to seal exhibits and/or portions of the transcript

24  after the trial[.]"  *Id.* at 6.  Defendants made clear that they "wanted to make sure that

25  [they] weren't in some way waiving that [right] by asking to address it at the conclusion

26  of the trial[.]"  *Id.*  The Court responded:  "That issue's preserved.  You have not waived

27  it. . . . So if you decide we need to address it later, we can do that."  *Id.*

28          Given this exchange, it is clear that Defendants preserved the right to file a post-

1    trial motion to seal.  The Court therefore reverses its ruling that Defendants waived the

2    right to file such a motion.  The motion for reconsideration is granted in this regard.

3              **B.    Waiver of the Right to Have Trial Exhibits Sealed.**

4         Defendants may have preserved the right to file a post-trial motion to seal, but

5    they have not shown that any particular trial exhibit should be sealed.  As the Court

6    explained in its prior order, "'the release of information in open court is a publication of

7    that information and . . . operates as a waiver of any rights a party had to restrict its future

8    use.'"  Doc. 11642 at 2 (quoting *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No.

9    CIV.A. 09-290, 2013 WL 1336204, at *5 (W.D. Pa. Mar. 29, 2013)).  Thus, to the extent

10   an exhibit was not merely admitted into evidence but also was published or discussed in

11   open court, the exhibit is no longer confidential and Defendants have waived the right to

12   have the exhibit sealed.  *See In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK,

13   2014 WL 10537440, at *6 (N.D. Cal. Aug. 6, 2014) ("[W]here, as here, the parties did

14   not request closure of the courtroom . . . and the disclosures were not inadvertent, the

15   Court will not permit an ex post facto redaction of statements made in open court[.]");

16   *Fleming v. Escort, Inc.*, No. CV 09-105-S-BLW, 2013 WL 1290418, at *4 (D. Idaho

17   Mar. 27, 2013) (denying motion to seal where the "matters were discussed on the record

18   during the public trial"); *Pfizer, Inc. v. Teva Pharm. USA, Inc*., No. 08-1331, 2010 WL

19   2710566, at *4 (D.N.J. July 7, 2010) ("Once a hearing is conducted in open court,

20   information placed on the record is just that:  information that is *on the record*.  Ex-post

21   facto sealing should not generally be permitted." (emphasis in original)).

22        In this Circuit, there is a strong presumption in favor of public access to judicial

23   records that are not traditionally kept secret.  *See Kamakana*, 447 F.3d at 1178.  This

24   presumption is the starting point in deciding whether a judicial record should be sealed.

25   *Id.*  Where the record already has been disclosed in open court, however, "there is no

26   longer a favorable *presumption* of public access; rather, there *is* public access." *TriQuint*

27   *Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV-09-1531-PHX-JAT, 2012 WL

28   1432519, at *7 (D. Ariz. Apr. 25, 2012) (emphasis in original).

1   Defendants were well aware of the presumption in favor of public access to

2   judicial records and Plaintiffs' position that disclosure of an exhibit in open court would

3   result in a waiver of the right to later have the exhibit sealed.  *See* Docs. 10255 at 62,

4   11766-3 at 5-7; *Phillips v. C.R. Bard, Inc.*, No. 3:12-CV-00344-RCJ, 2015 WL 3485039,

5   at \*2 (D. Nev. June 1, 2015) (finding waiver where Bard did not seek to have exhibits

6   sealed before using them at trial).  And yet Defendants sought only to file a post-trial

7   motion to seal.  They proposed no procedure to prevent trial exhibits from being

8   discussed and shown in open court.

9       Defendants have not shown that the Court erred in concluding that Defendants

10  waived the right to have trial exhibits sealed.  *See TriQuint*, 2012 WL 1432519, at \*7

11  (rejecting the parties' "after-the-fact reliance on *Kamakana*" and noting that nothing in

12  that case "references the sealing of information that has already been disclosed at a public

13  proceeding").  The motion for reconsideration is denied in this regard.[1]

14      **C.      Defendants Have Not Met the Compelling Reasons Standard.**

15      Defendants seek to have nearly 100 exhibits sealed simply by listing them in a

16  chart and grouping them into four broad categories.  Doc. 11010-1.  The Court found this

17  approach insufficient because the compelling reasons standard is met only where a party

18  "articulate[s] specific facts to justify sealing, and [does] so with respect to each item

19  sought to be sealed."  Doc. 11642 at 4 (quoting *B2B CFO Partners, LLC v. Kaufman,* No.

20  CV-09-2158-PHX-JAT, 2010 WL 2104257, at \*1 (D. Ariz. May 25, 2010)).  Merely

21  listing documents by category and making general assertions as to why they should

22  remain confidential is not sufficient to meet the compelling reasons standard.  *See*

23  *Kamakana*, 447 F.3d at 1183-84 ("[T]he United States purports to justify each redaction

24  by listing one of four general categories of privilege . . . .  Simply mentioning a general

25  category of privilege, without any further elaboration or any specific linkage with the

26

27      [1] Defendants assert that the majority of the exhibits at issue were only discussed
    generally at trial, and many were not discussed at all and simply admitted into evidence.
28  Doc. 11766 at 5.  But Defendants do not identify the exhibits that were simply admitted
    into evidence and not disclosed in open court.

1    documents, does not satisfy the burden."); *Phillips*, 2015 WL 3485039, at \*1 (finding that

2    the categories of documents listed by Bard "do not satisfy the compelling reasons test").

3          Defendants assert that many of the exhibits were previously sealed by the Court

4    during summary judgment briefing.  Doc. 11766 at 5.  But Defendants do not specify the

5    exhibits that were previously sealed.  *See id.*; Doc. 11642 at 5 n.1.  Moreover, the

6    compelling reasons standard "must be met each time a party seeks to seal information in

7    a court record, regardless of whether the Court has previously allowed the same or

8    similar information to be filed under seal."  *TriQuint*, 2012 WL 1432519, at \*6 (citing

9    *Kamakana*, 447 F.3d at 1179).

10         Many of the exhibits Defendants seek to have sealed are more than 10 years old

11   and do not appear to constitute protectable trade secrets or proprietary information.

12   Doc. 11010-1.  Defendants provide the declaration of Robert Carr that previously was

13   submitted at the summary judgment stage, but the declaration does not meet the

14   compelling reasons standard with respect to the trial exhibits.  Docs. 7851-1, 11010-2.

15   The declaration addresses only a dozen documents, some of which were partially

16   redacted.  Doc. 7851-1 at 6-7.  Mr. Carr states generally that the redacted information

17   would be of economic value to Bard's competitors, but does not explain why this is so

18   with respect to any particular document.  *Id.* at 5.  In short, Defendants have not

19   articulated compelling reasons to seal trial exhibits.  *See Fed. Trade Comm'n v.*

20   *DIRECTV, Inc.*, No. 15-CV-01129-HSG, 2017 WL 840379, at \*2 (N.D. Cal. Mar. 3,

21   2017) (denying motion to seal trial exhibits that reflected historical pricing information

22   and financial data that would not appear to cause significant competitive harm if

23   divulged); *D'Agnese v. Novartis Pharm. Corp.*, No. CV 12-0749-PHX-JAT, 2012 WL

24   3544725, at \*1 (D. Ariz. Aug. 16, 2012) ("[T]o the extent that a party wishes to seal an

25   entire document, rather than redacting certain secret information from that document,

26   the party must provide . . . compelling reasons to seal *all* of the information in that

27   document." (emphasis in original)).

28

### D. The Protective Order.

Defendants contend that the protective order should remain in effect and protect the trial exhibits that were not made publically available. Doc. 11766 at 6 (citing *Livingston v. Isuzu Motors, Ltd.*, 910 F. Supp. 1473, 1480 (D. Mont. 1995)). The Court has not rescinded the protective order. As noted above, however, Defendants do not identify the exhibits that were simply admitted into evidence and not published or discussed in open court.

### E. Local Rule 5.6.

Defendants contend that Local Rule 5.6 does not apply because it addresses the sealing of documents filed on the docket, and the exhibits Defendants seek to seal are not part of the docket. Doc. 11766. The Court agrees in part. At this point, there simply are no trial exhibits in the docket for the Court to seal. *See* LRCiv 5.6(f) (describing the effect of sealing a document). The exhibits were returned to the parties and are not part of the docket.

The Court is not convinced that Local Rule 5.6 has no application to the use of exhibits at trial. To the extent an exhibit will be published or discussed during trial and a party believes that the exhibit is confidential and should be protected from public disclosure, it seems that the procedures set forth in Local Rule 5.6 should apply. Because the issue of sealing exhibits is likely to arise in the Hyde trial, the parties should confer and propose an appropriate procedure, consistent with Local Rule 5.6 and this Circuit's standard for the sealing of judicial records, in their proposed final pretrial order due August 24, 2018. *See* Doc. 11871 at 3. The issue will be further addressed at the final pretrial conference on September 6. *See id.* at 2.

**IT IS ORDERED** that Defendants' motion for reconsideration of the order denying the motion to seal (Doc. 11766) is **granted in part** and **denied in part** as set forth in this order.

Dated this 3rd day of August, 2018.

David G. Campbell
United States District Judge