**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, _____ George Leus, an individual,     Plaintiff, v. C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation,     Defendants. | No. MDL 15-02641-PHX DGC No. CV-15-01623-PHX-DGC **ORDER** |

    Plaintiff George Leus has filed a motion for remand. Doc. 11876. The motion is fully briefed, and oral argument will not aid the Court's decision. For reasons that follow, the Court will deny the motion.

    Plaintiff contends that his case should be remanded because he filed suit five years ago, he is disabled and suffers financial hardship, and he will not benefit from the remaining bellwether process. Doc. 11876 at 5-6. Defendants contend that Plaintiff's personal circumstances are not unique and a remand would open the door to a myriad other plaintiffs seeking the same relief. Doc. 12014 at 2. Defendants argue that Plaintiff has not shown good cause for a remand, and that having chosen to be part of this MDL,

Plaintiff must await the results of the bellwether and settlement processes like other litigants. *Id.* at 4-8.

The power to remand MDL cases rests solely with the United States Judicial Panel for Multidistrict Litigation (the "Panel"). *See* 28 U.S.C. § 1407(a); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1998). The transferee judge may suggest to the Panel that a case be remanded where the action is "ready for trial, or . . . would no longer benefit from inclusion in the coordinated or consolidated pretrial proceedings." *In re Multi-Piece Rim Prods. Liab. Litig.*, 464 F. Supp. 969, 975 (J.P.M.L. 1979); *see In re Motor Fuel Temperature Sales Practices Litig.*, No. 07-MD-1840-KHV, 2012 WL 1963350, at *2 (D. Kan. May 30, 2012). Plaintiff does not claim that his case is ready for trial, nor has he shown that the bellwether process will provide him no benefit.

Moreover, Plaintiff's counsel affirmatively requested that his case be transferred to this MDL when the case already had been pending for almost two years. Doc. 90 at 2, Case No. CV-15-1623-PHX-DGC. The case had been stayed to allow Plaintiff to litigate a parallel state court action, but Plaintiff chose to dismiss the state action and move forward with his federal case in this MDL. Doc. 11876-1. Having chosen not to pursue his state case, Plaintiff should not now be heard to complain that he has waited too long for the resolution of this MDL.

Plaintiff asserts that his case would have been one of the "mature" cases the parties agree should be remanded if his case had not been stayed. Doc. 11876 at 10. But the parties did not agree, and Plaintiff has not shown that his case is ready for trial.

The Court finds that a suggestion of remand is not warranted. *See In re Maxim Integrated Prods., Inc.*, MDL No. 2354, 2015 WL 1757779, at *3 (W.D. Pa. Apr. 17, 2015) (declining to suggest remand where the case was "not trial-ready"); *In re Reciprocal of Am. (ROA) Sales Practices Litig.*, No. CV 04-2410, 2012 WL 13018843, at *3 (W.D. Tenn. Apr. 11, 2012) (finding no basis for a suggestion of remand where the plaintiff asserted that his case had been "pending for some years [and] progressing

slowly"); *In re Ameriquest Mortg. Co. Mortg. Lending Practices Litig.*, No. 05-7097, 2010 WL 1418399, at *2 (N.D. Ill. Apr. 6, 2010) ("Although we acknowledge that [plaintiff] may feel that the [MDL] has not benefitted her, she has not identified any authority which would permit us to suggest a remand because of the alleged uniqueness of her claims or the delay associated with inclusion in the MDL.").

**IT IS ORDERED** that Plaintiff George Leus's motion for remand to the transferor district court (Doc. 11876) is **denied**.

Dated this 3rd day of August, 2018.

_____
David G. Campbell
United States District Judge