1  James R. Condo (#005867)
   SNELL & WILMER L.L.P.
2  One Arizona Center
   400 E. Van Buren, Suite 1900
3  Phoenix, AZ 85004-2204
   Telephone: (602) 382-6000
4  jcondo@swlaw.com

5  Richard B. North, Jr. (admitted *pro hac vice*)
   Georgia Bar No. 545599
6  Matthew B. Lerner (admitted *pro hac vice*)
   Georgia Bar No. 446986
7  NELSON MULLINS RILEY & SCARBOROUGH LLP
   Atlantic Station
8  201 17th Street, NW, Suite 1700
   Atlanta, GA 30363
9  Telephone: (404) 322-6000
   richard.north@nelsonmullins.com
10 matthew.lerner@nelsonmullins.com

11 *Attorneys for Defendants*
   *C. R. Bard, Inc. and*
12 *Bard Peripheral Vascular, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation,<br><br>This Document Relates to:<br><br>Lisa Hyde, et al. v. C. R. Bard, Inc., et al.<br>CV-16-00893-PHX-DGC | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OF MARKETING MATERIALS**<br><br>(Assigned to the Honorable David G. Campbell) |

Bard moves *in limine* to exclude any reference, evidence, or argument concerning marketing materials by respectfully showing the Court as follows[1]:

**ARGUMENT AND CITATION OF AUTHORITY**

**I.    Evidence of Marketing Materials is Irrelevant in this Case.**

Plaintiffs intend to use evidence of Bard's marketing practices, including specific marketing materials concerning Bard's G2®, G2® Express, Eclipse®, and Meridian® Filters, at trial in this case, as apparent from ten exhibits admitted in the *Jones* bellwether trial. Bard has attached select examples of these trial exhibits hereto as Exhibit "A." But this evidence is irrelevant to the issues to be tried in this case for three reasons.

*First,* there is no evidence in the record that Mrs. Hyde or Dr. Henry, her implanting physician, ever saw these marketing materials. To the contrary, "Mrs. Hyde admits that she never spoke to anyone at Bard or received any information from Bard." Doc. 12007 at 18. Moreover, this Court found that Plaintiffs presented no evidence that either "Dr. Henry or Mrs. Hyde relied on representations made by Bard," or "that Dr. Henry relied on *any information* Bard provided about its IVC filters, through its sales force or otherwise." *Id.* (emphasis added). It was for these reasons, and for lack of causation, that the Court granted summary judgment on Plaintiffs' misrepresentation, concealment, and fraud claims. *Id.* The Court also granted summary judgment on Plaintiffs' failure to warn claims. *Id.* at 14-17. Absent some evidence that either Mrs. Hyde or Dr. Henry saw these marketing materials, this evidence is irrelevant in this case.[2]

*Second,* this evidence says nothing about the remaining claims to be tried in this case: strict liability design defect, negligent design defect, negligence per se, and loss of

---

[1] Counsel for Defendants conferred with counsel for Plaintiffs and this motion is opposed.
[2] Bard continues to submit that the reasonable expectations of other physicians in the community have no relevance to Plaintiffs' product liability claims, especially in the face of contrary evidence from the fact witnesses that truly matter to the determination of the action: the Plaintiff and her implanting physician. Regardless, whatever expectations the physician community may have had, if any, with regard to Bard's marketing materials is irrelevant in this case because the Court granted summary judgment on Plaintiffs' failure to warn, misrepresentation, concealment, and fraud claims. Doc. 12007 at 14-18.

consortium. Proof of representations that Bard made in its marketing materials does not show that the G2X or Eclipse Filter that Mrs. Hyde received had a design defect when it left Bard's control, or that Bard failed to exercise reasonable care in designing and testing the filters. Nor does it prove that design defects with respect to the G2X or Eclipse filter proximately caused Plaintiffs' injury. This evidence may have had some relevance to Plaintiffs' failure to warn, misrepresentation, and fraud claims. But, as noted above, those claims failed as a matter of law. *Id*. This evidence does not prove any of Plaintiffs' claims at trial. Therefore, it should be excluded as irrelevant. Fed. R. Evid. §§ 401, 402.

***Third,*** the marketing materials evidence is not relevant to proving punitive damages in this case and its admission would violate Due Process. The United States Supreme Court has been clear that pursuant to the Due Process clause, "[a] defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages." *State Farm Mut. Auto. Ins. v. Campbell*, 538 U.S. 408, 422 (2003). Due process prohibits imposing punitive damages to "punish and deter conduct that b[ears] no relation" to a plaintiff's injury. *Id.* at 422-23 ("A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business."); *see also BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 568 (1996) (a punitive damages award based on conduct unrelated to the plaintiff's harm enters the "zone of arbitrariness" that violates due process); *Philip Morris USA v. Williams*, 549 U.S. 346, 353 (2007) ("Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon non-parties or those whom they directly represent.").

As the Ninth Circuit and other appellate courts have held, allowing the jury to consider evidence that does not have a "nexus to the specific harm" suffered by the plaintiff violates the defendant's due process rights. *See, e.g.*, *Merrick v. Paul Revere Life Ins. Co.*, 500 F.3d 1007, 1016 (9th Cir. 2007) (vacating punitive damages award in part because of a significant risk that the jury awarded punitive damages based on unethical behavior that did not specifically harm the plaintiff); *Williams v. ConAgra Poultry Co.*,

1  378 F.3d 790, 797 (8th Cir. 2004) (as a matter of due process, "courts cannot award punitive damages to plaintiffs for wrongful behavior that they did not themselves suffer"); *INGEN Int'l, Inc. v. Roche Diagnostics GmbH*, 335 F.3d 303, 313-14 (4th Cir. 2003) (district court erred in submitting punitive damages claim to the jury by "extend[ing] its focus beyond" the conduct that allegedly caused plaintiff's harm).

As demonstrated above, this marketing materials evidence does not prove any of Plaintiffs' remaining claims to be tried. Plaintiffs, as a matter of law, were not injured by Bard's conduct in marketing the G2X or Eclipse filters. *See* Doc. 12007 at 14-18. Therefore, this evidence bears no relation to Bard's potential liability for Plaintiffs' underlying tort claims. Due Process prohibits the use of this irrelevant evidence to impose punitive damages on Bard for conduct that Plaintiffs themselves did not suffer. *See Campbell*, 538 U.S. at 423 ("Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis"); *Kehl v. Economy Fire & Cas. Co.*, 433 N.W.2d 279, 280 (Wis. Ct. App. 1988) ("Juries are not given license to roam the caverns of their consciences to punish conduct they deem despicable unless a plaintiff can prove that he or she has suffered some actual damage as a result of the conduct."); *accord Henrikson v. Strapon*, 758 N.W.2d 205 (Wis. Ct. App. 2008) (upholding *Kehl* and holding that punitive damages are unavailable if the conduct does not cause or contribute to the plaintiff's damages).

Accordingly, this evidence concerning marketing materials is irrelevant in this case and should be excluded under Federal Rules of Evidence §§ 401, 402.

## **CONCLUSION**

For these reasons, Bard respectfully requests that the Court grant its Motion.

//
//
//
//

RESPECTFULLY SUBMITTED this 10th day of August, 2018.

s/ Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of August 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

          s/Richard B. North, Jr.
          Richard B. North, Jr.