James R. Condo (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC |
| This Document Relates to:<br><br>Lisa Hyde, et al. v. C. R. Bard, Inc., et al.<br>CV-16-00893-PHX-DGC | **DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE TESTIMONY ABOUT PERSONAL OPINIONS OF DR. MUEHRCKE**<br><br>(Assigned to the Honorable David G. Campbell) |

Bard moves *in limine* to exclude personal opinion testimony and conjecture by Plaintiff's expert Dr. Derek Muehrcke (and all of Plaintiffs' experts), by respectfully showing the Court as follows:

**ARGUMENT AND CITATION OF AUTHORITY**

One of Plaintiffs' retained experts, Dr. Derek Muehrcke, previously testified in response to a question about whether he still used Bard filters, that he "personally felt betrayed" because Bard had not told physicians about the information contained in the internal documents he was provided to review as a retained expert, and that he has a "moral and ethical issue" with how Bard addressed adverse events. (*Jones* transcript, 760:9-17, attached as Exhibit "A").  That testimony, and any similar to it, should be excluded because is it not proper expert testimony and any probative value is substantially outweighed by the prejudicial effect of the testimony.

Federal Rule of Evidence 702 sets forth the specific requirements for expert testimony to be admissible. Dr. Muehrcke's injection of his personal opinions and beliefs do not meet those requirements.[1] A retained expert is required to offer objective and reliable opinions, not personal opinions or conjecture. Expert testimony based on subjective beliefs is not admissible. *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 590, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).  The Ninth Circuit has expressly ruled that personal opinion testimony by an expert witness is "inadmissible as a matter of law under Rule 702." *Ollier v. Sweetwater Union High School District*, 768 F.3d 843, 861 (9th Cir. 2014).  As such, Dr. Muehrcke (and all of Plaintiffs' experts) should be precluded from offering any personal opinions, including those testified to previously.

The testimony should also be excluded under Federal Rule of Evidence 403. Dr. Muehrcke's personal comments and conjecture on Bard's internal documents and processes have no relevance to the claims in this case.  There is no longer a failure to warn claim pending in this case, but Dr. Muehrcke's testimony relating to his opinions of "betrayal" and "moral and ethical issue" are based on the fact that he read documents as a

---

[1] Bard also notes that these opinions were not included in Dr. Muehrcke's Rule 26 report.

retained expert and the information in those documents was "not relayed to physicians in their marketing material or through their representatives…" (Muehrcke 760:4-5).  As such, the testimony is not relevant and has no probative value because it relates solely to a failure to warn claim.  Further to the extent the Court finds that there is any probative value to his conjecture, it is substantially outweighed by the prejudicial impact those inflammatory statements will have on the jury.  Consequently, neither Dr. Muehrcke nor any of Plaintiffs' experts should be allowed to attempt to inject their personal "opinions" or beliefs in the case.

## CONCLUSION

For these reasons, Bard respectfully requests that the Court grant its Motion.

RESPECTFULLY SUBMITTED this 10th day of August, 2018.

s/ Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of August, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

s/Richard B. North, Jr.
Richard B. North, Jr.
