James R. Condo (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation,<br><br>This Document Relates to:<br><br>Lisa Hyde, et al. v. C. R. Bard, Inc., et al.<br>CV-16-00893-PHX-DGC | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE OPINION TESTIMONY OF DR. KANDARPA**<br><br>(Assigned to the Honorable David G. Campbell) |

Bard moves *in limine* to exclude opinion testimony of Dr. Kandarpa by respectfully showing the Court as follows:

## ARGUMENT AND CITATION OF AUTHORITY

Krishna Kandarpa, MD is an interventional radiologist who worked in 2006 as a medical monitor on the Everest Study of Bard G2® filters. He has not been identified by Plaintiffs as an expert witness, nor has he provided a Federal Rule 26(b) report.[1] Dr. Kandarpa is a lay witness who ostensibly is offering testimony as a fact witness relating to his involvement with the Everest Study. However, in his July 19, 2018 deposition, Plaintiffs elicited expert opinion testimony from the witness that is inadmissible under Federal Rules of Evidence 701.

First, as a lay witness, Dr. Kandarpa may only testify to opinions "which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The purpose of Rule 701(c), which prohibits opinion testimony by a lay witness based on scientific, technical, or otherwise specialized knowledge, is to "eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701, advisory committee's note to 2000 amendment. Here, Plaintiffs intend to introduce opinion testimony that goes beyond Dr. Kandarpa's personal observations and experience—and far beyond the scope of his knowledge of the Everest Study—in an attempt to proffer "an expert in lay witness clothing."

There are four principal areas of expert opinion that Plaintiffs attempted to elicit from Dr. Kandarpa in his deposition that they may attempt to introduce in this case:

---

[1] Plaintiffs failed to identify this witness in either its disclosures or its responses to Defendants' interrogatories, and Plaintiffs did not otherwise make known the identify of Dr. Kandarpa during discovery. Following the *Jones* trial, this Court concluded that "*Hyde* may use Dr. Kandarpa as a witness" because the harm from Plaintiffs' failure to timely disclose him as a witness in the first two trials could be alleviated through taking his deposition. *See* Doc. 11871 at 3, ¶ G; Doc. 11320 at 4, ¶ 9.

- 1 -

(1) physician expectations, (2) filter design and defect, (3) complication rates, and (4) alleged interrelatedness among complications.[2] *See* Ex. A attached hereto for examples of expert opinions elicited by Plaintiff. These gratuitous expert opinions must be excluded because Dr. Kandarpa did not form these opinions based on his observations as a medical monitor of the Everest Study. *See* Fed. R. Evid. 701.

For example, when asked "[d]id you form a belief as the medical monitor…", Dr. Kandarpa responded, "*I didn't form – I didn't form that opinion because of the study. It's something that happens that's generally known that you don't want that because these are the consequences of a migrating filter.*" *See* Ex. A, 2018.07.19 Dep. of Kandarpa at 60:4-13 (emphasis added). Necessarily, he has drawn inferences from undisclosed knowledge bases. Because this testimony "results from process of reasoning which can be mastered only by specialists in the field[,]" it falls outside the scope of permissible lay opinion testimony. Fed. R. Evid. 701, advisory committee's note to 2000 amendment.

Second, "the Court should be vigilant to preclude manipulative conduct designed to thwart the expert disclosure and discovery process." *See* Fed. R. Evid. 701, advisory committee's note to 2000 amendment (quoting Joseph, *Emerging Expert Issues Under the 1993 Disclosure Amendments to the Federal Rules of Civil Procedure*, 164 F.R.D. 97, 108 (1996)). Dr. Kandarpa's expert opinions were not disclosed in accordance with the deadlines imposed by this Court so that Bard could have an opportunity to appropriately discover and potentially challenge them. *See id.* ("there is no good reason to allow what is essentially surprise expert testimony"). To permit such testimony would subvert the

---

[2] Dr. Kandarpa provides expert opinions on the structure, design, strength, and stability of filters. *See e.g.*, Ex. A, 2018.07.19 Dep. of Kandarpa at 49:18-50:5; 126:1-20. He provides expert opinions on migration rates being too high. *See id.* at 126:17-24—127:1. He provides expert opinions on the association of filter complications. *See id.* at 60:4-16. Yet, Dr. Kandarpa did not provide an expert report, was never disclosed as an expert, and Defendants have no way of assuring this expert testimony rests on a reliable foundation. *See Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (Under Rule 702 and *Daubert*, expert testimony "is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline."). Indeed, Dr. Kandarpa's knowledge and experience in the field of interventional radiology does not provide a sufficient foundation for these opinions. *See also* Doc.9434 at 9-11 (order precluding disclosed experts from providing similar testimony).

requirements of Federal Rule of Civil Procedure 26. *See* Fed. R. Evid. 701, advisory committee's note to 2000 amendment (Rule 701 "ensures that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 … by simply calling an expert witness in the guise of a layperson.").

Because Plaintiffs elicited "surprise expert testimony" from Dr. Kandarpa, it must be excluded. *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 824–26 (9th Cir. 2011) (affirming district court's decision to preclude certain experts from testifying because plaintiff failed to disclose her experts' reports); *Rodriguez v. Gen. Dynamics Armament & Tech. Prod.*, 510 F. App'x 675, 676 (9th Cir. 2013) (plaintiffs were harmed when defendant's lay witness offered expert opinions because plaintiffs were not previously provided with the evidence the lay witness relied on in his testimony and thus plaintiffs were "not afforded the important protections of Federal Rule of Civil Procedure 26(a)(2)").

## **CONCLUSION**

For these reasons, Bard respectfully requests this Court grant its motion *in limine*.

RESPECTFULLY SUBMITTED this 10th day of August, 2018.

>s/ Richard B. North, Jr.
>Richard B. North, Jr.
>Georgia Bar No. 545599
>Matthew B. Lerner
>Georgia Bar No. 446986
>NELSON MULLINS RILEY & SCARBOROUGH, LLP
>Atlantic Station
>201 17th Street, NW / Suite 1700
>Atlanta, GA  30363
>PH: (404) 322-6000
>FX: (404) 322-6050
>richard.north@nelsonmullins.com
>matthew.lerner@nelsonmullins.com

- 3 -

James R. Condo (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of August, 2018, the foreground was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

s/Richard B. North, Jr.
Richard B. North, Jr.

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

- 5 -