James R. Condo (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone:  (602) 382-6000
jcondo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC |
| This Document Relates to: | **DEFENDANTS' MOTION TO BIFURCATE TRIAL** |
| Lisa Hyde, et al. v. C. R. Bard, Inc., et al. CV-16-00893-PHX-DGC | (Assigned to the Honorable David G. Campbell) |

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

1     Pursuant to Fed. R. Civ. P. 42(b), Defendants C. R. Bard, Inc. and Bard Peripheral
2     Vascular, Inc. (collectively "Bard") move to bifurcate the trial of this case to avoid
3     prejudice.  Specifically, Bard requests this Court conduct trial in two phases as the Court
4     conducted trial in the *Booker* and *Jones* trials: determining liability, compensatory
5     damages, and whether punitive damages should be awarded in the first phase of trial and,
6     if necessary, determining the amount of punitive damages in the second phase.

### I.     Factual Background

8     This is a product liability action in which the plaintiffs assert that Ms. Lisa Hyde
9     suffered personal injuries arising out of the implantation of a Bard IVC Filter ("Filter").[1]
10    The Filter at issue was designed and sold by Bard Peripheral Vascular, Inc., a division of
11    Bard, headquartered in Arizona.  The plaintiffs allege that they are entitled to recover
12    punitive damages against Bard – which Bard denies.  In light of the plaintiffs' claim for
13    punitive damages, the trial of this claim should be bifurcated from the issues of liability
14    and compensatory damages[2], in order to avoid prejudice.

### II.    Legal Standard

16    Bifurcation is a matter of procedure and, thus, the Federal Rules govern a
17    bifurcation decision in diversity cases. *Simpson v. Pittsburgh Corning Corp.*, 901 F.2d
18    277, 283 (2d Cir. 1990) (holding bifurcation is procedural and applying federal rules);
19    *Rosales v. Honda Motor Co.*, 726 F.2d 259, 262 (5th Cir. 1984) (upholding bifurcation
20    under federal rules); *Moss v. Associated Transp., Inc.*, 344 F.2d 23, 24 (6th Cir. 1965)
21    (upholding bifurcation under federal rules).

22    Under the Federal Rules of Civil Procedure, bifurcation is governed by Rule 42(b),
23    which allows federal courts discretion to order bifurcation of issues "[f]or convenience, to
24    avoid prejudice, or to expedite and economize[.]" Fed. R. Civ. P. 42(b).  In particular,
25    Rule 42(b) provides courts with clear authority to separate trials into liability and damage

---

[1] The issue of whether the filter implanted in Ms. Hyde was a G2®X or an Eclipse® is being addressed in a separate submission.

[2] The Court has previously ruled that Wisconsin law applies to the plaintiffs' substantive claims against Bard. *See* July 26, 2018 Order [Doc. 12007].

Nelson Mullins Riley & Scarborough

L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

- 1 -

1    phases. *See Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 603–04 (9th Cir. 2016), *cert.*

2    *denied sub nom. City of Anaheim, Cal. v. Estate of Diaz*, 137 S. Ct. 2098, 197 L. Ed. 2d

3    895 (2017) *citing* 9A Charles A. Wright & Arthur R. Miller, *Federal Practice &*

4    *Procedure* § 2390 (3d ed. 2016) ("The separation of issues of liability from those relating

5    to damages is an obvious use for Federal Rule 42(b)."); *Hopkins v. Dow Corning Corp.*,

6    33 F.3d 1116 (9th Cir. 1994) (noting that trial was bifurcated so that liability issue could

7    be determined first, and second trial for damages would be held "if needed").

8    **III.    Argument**

9           **Bifurcation of trial is necessary to avoid introduction of prejudicial**

10          **evidence during the determination of liability and compensatory damages.**

11          The Ninth Circuit has observed that the most common reason for bifurcating is to

12   exclude evidence of the defendant's wealth or net worth from the compensatory damages

13   phase. *In re Hawaii Fed. Asbestos Cases*, 960 F.2d 152 (9th Cir. 1992). Evidence of a

14   defendant's financial net worth is admissible and relevant for the purpose of evaluating

15   the amount of punitive damages to be awarded. *City of Newport v. Fact Concerts, Inc.,*

16   453 U.S. 247, 270, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); *United States v. Big D*

17   *Enterprises, Inc.,* 184 F.3d 924, 932 (8th Cir.1999). However, courts have widely

18   recognized that such evidence is wholly irrelevant to liability or compensatory damages,

19   and can be highly prejudicial to the jury's determination on those issues. *See Parsons v.*

20   *First Investors Corp.,* 122 F.3d 525, 529 (8th Cir.1997) (recognizing that bifurcation of

21   trial into separate phases to consider, first, liability and compensatory damages, and

22   second, punitive damages, can avoid the potential that evidence pertinent to punitive

23   damages will improperly prejudice a determination on liability and compensatory

24   damages); *State Farm Fire & Cas. Co. v. Woods*, 896 F. Supp. 658, 660 (E.D. Tex. 1995)

25   (ordering bifurcation and holding that "[w]hile [defendant's] net worth will be relevant to

26   a determination of punitive damages, that same information could severely prejudice the

27   [defendant] in the calculation of actual damages."). Bifurcation of a punitive damage

28   claim from other triable issues is the "preferred method" of preventing prejudice against

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

1    the defendant due to litigation of its financial condition.  *Smith v. Lightning Bolt Prods.*,

2    Inc., 861 F.2d 363, 373–74 (2d Cir. 1988) ("the preferred method of accommodating the

3    various interests is to delay trial as to the amount of an award of punitive damages until

4    the usual issues of liability and compensatory damages have been tried, along with the

5    matter of whether the defendant's conduct warrants any award of punitive damages at

6    all.")[3]

7         Here, evidence relevant only to the amount of punitive damages – such as Bard's

8    financial net worth – carries the same potential for severe prejudice recognized by other

9    courts.   Limiting instructions are also ineffective at curtailing the potential prejudice

10   inherent in trials involving punitive damages claims. *See Estate of Diaz*, 840 F.3d at 603–

11   04 (9th Cir. 2016) (reversing district court's denial of bifurcation of punitive damages

12   claim and noting that "if a limiting instruction was considered sufficient to cure all

13   prejudice, there would be no need ever to bifurcate to avoid prejudice").   Bifurcation of

14   the proceedings under Fed. R. Civ. P. 42(b), however, provides a solution for both

15   problems.   On the one hand, bifurcation protects against prejudice by excluding the

16   offending evidence during the first phase of trial.   And, on the other hand, it allows the

17   appropriate introduction of relevant evidence during the second phase.

18

---

19   [3] Federal courts sitting in diversity often consider the relevant state law regarding
     bifurcation of the punitive damages claims from other triable issues if there is no conflict
20   with Rule 42(b).  *In re USA Commercial Mortg. Co.*, No. 2:07-CV-00892-RCJ, 2010 WL
     4702341, at *2 (D. Nev. Nov. 12, 2010);   *Cuc Dang v. Sutter's Place, Inc.*, No. C-10-
21   02181 RMW, 2012 WL 6203203, at *4 (N.D. Cal. Dec. 12, 2012); *Allied Serv. Corp. v.
     WG Warranty & Ins. Serv.*, No. CIV.A. 3:93-CV-0411-, 1996 WL 33417524, at *1 (N.D.
22   Tex. Mar. 7, 1996); *In re Mentor Corp. ObTape Transobturator Sling Prod. Liab. Litig.*,
     No. 3:07-CV-00101, 2010 WL 1998166, at *4 (M.D. Ga. May 18, 2010) ("Pretermitting
23   whether this issue [of bifurcation] is procedural or substantive and thus governed by
     federal or Georgia law, the Court finds Georgia law on the issue instructive.")   In
24   Wisconsin, section 805.05(2) of the Wisconsin Statute allows for bifurcation of any claim
     if separate trials will "avoid prejudice." Wis. Stat. § 805.05(2).   Wisconsin courts have
25   consistently applied section 805.05(2) to prevent the introduction of prejudicial evidence
     into the liability and compensatory damages stage of trial.  *See, e.g., Strenke v. Hogner*,
26   No. 03-2527, 2004 WL 1097753, at *4 (Wis. Ct. App. May 18, 2004) (affirming trial
     court's bifurcation of compensatory damages from punitive damages where evidence of
27   defendant's intoxication, for which defendant already conceded liability, was highly
     prejudicial and not relevant to compensatory damages claim); *Russell v. Wisconsin Mut.
28   Ins. Co.*, 214 Wis. 2d 591, 571 N.W.2d 924 (Ct. App. 1997) (same).

Nelson Mullins Riley & Scarborough
L.L.P.
201 17ᵗʰ Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

1   Bifurcating the issues of liability and compensatory damages from the issue of

2 punitive damages strikes the appropriate balance between exclusion of prejudicial

3 evidence and admission of relevant evidence pertinent to the issue of the amount of

4 punitive damages, if any, to be awarded.  Indeed, Bard is simply requesting that the Court

5 adopt the same bifurcation procedure here as it did during the *Jones* and *Booker*

6 bellwether trials -- the jury will determine liability, compensatory damages, and the

7 availability of punitive damages in the initial phase of trial and, should the jury find that

8 punitive damages should be awarded, the second phase of trial will immediately

9 commence so that the jury can determine the amount of punitive damages to award. Thus,

10 in order to avoid severe prejudice through the admission of net worth or other evidence

11 during the determination of liability and compensatory damages, the trial of this case

12 should be bifurcated in accordance with Rule 42(b).

13   **IV.   Conclusion**

14   For the foregoing reasons, the trial of this case should be bifurcated in accordance

15 with the Rule 42(b).

16   RESPECTFULLY SUBMITTED this 10th day of August, 2018.

17
s/Richard B. North, Jr.
18
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
19
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
20
Atlantic Station
201 17th Street, NW / Suite 1700
21
Atlanta, GA  30363
PH: (404) 322-6000
22
FX: (404) 322-6050
richard.north@nelsonmullins.com
23
matthew.lerner@nelsonmullins.com

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

James R. Condo (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.**

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

- 5 -

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of August, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

s/Richard B. North, Jr.
Richard B. North, Jr.

Nelson Mullins Riley & Scarborough
L.L.P.
201 17ᵗʰ Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

- 1 -