<tr>
<tr>
<tr>
<tr>

<tr>

<tr>

<tr>

<tr>

<tr>

<tr>

<tr>

<tr>

<tr>

<tr>

<tr>

<tr>

<tr>

<tr>

<tr>

<tr>
<tr>
<tr>
<tr>
<tr>
<tr>
<tr>
<tr>
<tr>

Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California  92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona  85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
| | (Assigned to the Honorable David G. Campbell) |
| | (Oral Argument Requested) |
| LISA HYDE and MARK HYDE, a married couple,<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation,<br><br>Defendants. | **PLAINTIFFS' MOTION *IN LIMINE* #3 TO EXCLUDE EVIDENCE THAT NOVEMBER 2012 AND MAY 2013 INCIDENTS CAUSED OR CONTRIBUTED TO HYDE'S G2X FILTER FAILURE/FRACTURE** |

Plaintiffs Lisa and Mark Hyde pursuant to Rules 104, 402 and 403 Federal Rules of Evidence, hereby move for an order *in limine* to exclude evidence, testimony, or argument by any witness or defense counsel suggesting incidents in which Lisa Hyde fell in November 2012 and on May 13, 2013 caused or contributed to the failures and fractures of Plaintiff's Bard G2X IVC Filter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

On February 25, 2011, Lisa Hyde underwent an implant of a G2X Filter by David H. Henry, M.D. at Wheaton Franciscan Hospital in Franklin, Wisconsin. The indications for the G2X Filter included a history of deep vein thrombosis (DVT) and pulmonary embolism (PE). Lisa Hyde's G2X Filter eventually caudally migrated within the inferior vena cava. The migration and the penetration of multiple arms of the filter ultimately led to a fracture of a stabilizing arm. The fractured arm embolized to the right ventricle of the heart. These failures necessitated a complex removal by William Kuo, M.D. at Stanford Health Care on August 26, 2014.

**I.     Evidence at Issue**

Unrelated to circumstances leading to the implant of the G2X Filter and its ultimate removal, Plaintiff Lisa Hyde had a slip and fall incident while entering her car in November 2012. Plaintiff was examined in an emergency room for a bruised rib and chest contusion. There are no medical records or evidence suggesting that the November 2012 slip and fall incident caused or contributed to the failures and fracture of Plaintiff's Bard G2X Filter. In addition, medical records dated May 13, 2013 indicate that Lisa Hyde had a work-related fall and was treated in an emergency room. There are no medical records or evidence suggesting that this fall incident caused or contributed to the failures and fracture of Plaintiff's Bard G2X Filter.

Defendants have not disclosed any expert or expert report suggesting a causal relationship between either incident and the G2X Filter failures and fracture. The only reference made was a note in the report of Defendant expert Christopher Morris, M.D. dated June 29, 2017 at p. 5 that Lisa Hyde fell into a trench at work on May 13, 2013 and that Lisa informed Dr. Reyes, pain management specialist, that she had radiating back pain. Dr. Morris, however, has not provided an opinion that the May 13, 2013 fall in any way caused or contributed to the failure and fracture of the G2X filter.

## II. This Court Should Exclude This Evidence as Irrelevant and Unduly Prejudicial.

Neither the November 2012 or May 13, 2013 falls have any bearing on any issue material to the G2X Filter failures and fractures experienced by Lisa Hyde. Any suggestion or testimony elicited from a witness regarding the incidents would create a danger of unfair prejudice to Plaintiffs and leave the jury to speculate whether the incidents somehow caused or contributed to the G2X Filter failures.

Because the danger of unfair prejudice substantially outweighs any minimal, if any, probative value of the incidents, Plaintiffs move for an order *in limine* to exclude any evidence, testimony, argument or suggestion by any witness or defense counsel about Plaintiff Lisa Hyde's fall incidents in November 2012 and May 2013.

RESPECTFULLY SUBMITTED this 10th day of August, 2018.

GALLAGHER & KENNEDY, P.A.

By: */s/ Mark O'Connor*
Mark S. O'Connor
2575 East Camelback Road
Phoenix, Arizona 85016-9225

LOPEZ McHUGH LLP
Ramon Rossi Lopez (CA Bar No. 86361)
(admitted *pro hac vice*)
100 Bayview Circle, Suite 5600
Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*/s/ Jessica Gallentine*