# EXHIBIT B

**Case-Specific Trial Readiness Steps Requirements and Estimated Time**

While fact and expert discovery was done in these cases prior to the formation of the MDL, the Court directed the parties that case-specific discovery in these cases should await their remand. *See* Docs. 3214, at 3; 8871 at 5.  Fact and expert discovery, and certain motions practice, remains to be done, or updated, in these cases. As to the steps needed to make these 10 cases trial ready, Bard reports as follows:

With the exception of the below noted disputed actions, the parties are in agreement as to the steps required for remaining fact and expert discovery, and motions practice, in these cases. The parties intend to substitute MDL generic experts for previously designated generic experts in these cases, with rare exceptions.  Should a party request to add another expert, the parties have agreed to meet and confer on the request, and failing agreement, to seek a ruling by motion to the transferor court for permission to add the expert, and allow the transferor court to rule on the request.  The parties disagree on whether the showing required for such request is "for good cause" or requires a showing "that an exceptional circumstance exists".

If previously designated experts have already been deposed and *Daubert* rulings issued, the parties agree that these experts may update their reports to include MDL discovery and the parties may depose such experts on the supplemental portions of their reports.  The parties will meet and confer on whether new *Daubert* challenges are warranted.  The parties agree that there will not be filing of new *Daubert* motions as to generic experts who were designated in the MDL.  Any additional *Daubert* motions filed

1

in these cases will be limited to case-specific experts, and any such motion will be filed only if the time in which to file such motions in the transferor court had not passed and if there was no ruling on a prior *Daubert* motion filed in the case as to that expert. The parties are also in agreement that the time needed to complete fact and expert discovery in each case is approximately 180 days. The parties have agreed to request a case management conference with the transferor court in each case to discuss which of the MDL court's *in limine* rulings the transferor court intends to adopt, or declines to adopt, based on application of the state law applicable to each case.

## Disputed Issues

| Disputed Issue | Plaintiff's Position | Bard's Position |
| --- | --- | --- |
| Updated depositions of corporate/third party witnesses | Plaintiff's position is that limited additional depositions of corporate witnesses or third party witnesses may be appropriate in some cases with unique facts not covered in the MDL generic deposition of that witness. Plaintiff believes that the transferor court can make decisions as to the propriety of such additional depositions. | Bard's states that a purpose of the MDL was to manage all generic discovery relevant to the litigation. Bard objects to plaintiffs taking additional depositions of corporate or third party witnesses in these cases as it amounts to discovery that was permitted by the MDL Court and should have been done in discovery in the MDL. |
| Updated depositions of Plaintiff's implanting physician and physician who prescribed the (Bard) IVC Filter, and treating physicians | Plaintiff's position is that this should be in the sound discretion of the transferor court as it involves case-specific issues. Plaintiffs reserve the right to redepose these categories of treating physicians based on discovery that has occurred since the formation of this | Bard's position that is redeposition of implanters or other treaters in these cases is not appropriate except to elicit information from those treaters relating to care provided to the plaintiff, since the time of transfer of the case, which testimony is relevant to causation or |

2

| Disputed Issue | Plaintiff's Position | Bard's Position |
|---|---|---|
|  | MDL, which has had jurisdiction over these cases during its pendency, and which discovery, in part, was the basis of these cases not being remanded earlier. Plaintiffs submit that prejudice to these early remands having been removed from their existing trial track for almost 3 years would be compounded if they were singled out as the only MDL-transferred cases that would not have the benefit of such additional discovery. | damages. Should Plaintiff request deposition of any treater previously deposed in the case, the parties must meet and confer on the request and, failing agreement, the party seeking such deposition shall seek a ruling, by motion to the transferor court, for permission to take such deposition, demonstrating good cause under the criteria required by FRCP 30(a)(2)(A)(ii) and 26(b)(1) and (2). |
| Showing required to request designation of a new expert who is neither an MDL designated expert nor an expert designated in the case prior to transfer | Plaintiff position is that the necessary showing should be "for good cause". | Bard's position is that the necessary showing should be that "that an exceptional circumstance exists". |
| Bard Motion for 502(d) Order Protecting Any Attorney Client Privilege and Work Product Revealed Regarding Upcoming Motion for Protective Order (Lehman) | Plaintiff believes that in these cases where the transferor court has not ruled on the issues presented in this motion, that Plaintiff is entitled to a ruling from the transferor court applying the law applicable to the case. | Bard's position is that the MDL Court previously ruled that "the parties agree that this Court's ruling should not affect prior rulings on this issue in other cases. See, Docs. 306 at 21 – 23, 379 at 29 – 30. This ruling shall operative prospectively only, and shall apply in all MDL cases where the issue has not previously been decided." Doc. 699 at 22.  As such, to the extent that a transferor court in any of the cases to be remanded has not ruled on |

| Disputed Issue | Plaintiff's Position | Bard's Position |
| --- | --- | --- |
|  |  | these issues, the MDL Court's ruling must apply and Plaintiff may not reargue the issue in the transferor Court. |

**Plaintiff and Bard's Agreed Upon Discovery and Motions Practice Required for Case Trial Readiness**
**(Items in dispute identified on the previous page, requiring a ruling from the Court, are not included on this chart)**

| Plaintiff/ Filter Facts | Original Jurisdiction | Fact and Expert Discovery to be Completed | Motions and Other Pretrial Issues that Remain |
|---|---|---|---|
| Cason, Pamela<br><br>G2, Fracture, filter and struts in situ | GA – N.D. Ga.<br><br>1:12-cv-1288 | Fact discovery remaining:<br>• Supplemental written discovery responses and identification by plaintiff of additional medical providers and employers, and provision of updated executed authorizations for records obtaining<br>• Obtain updated medical and other records since 2015<br>• Obtain updated deposition of plaintiff and potentially of other new case-specific fact witnesses identified by plaintiff<br>• Depositions, or updated depositions, of Plaintiff's treating physicians who have provided care to the Plaintiff relevant to causation and damages, since the time of case transfer to the MDL.<br><br>Expert discovery remaining:<br>• Adoption of Generic Experts' Reports and Depositions completed in MDL<br>• Plaintiffs provide supplemental reports of case specific medical experts<br>• Bard provides supplemental reports of its case specific medical experts<br>• Plaintiffs case specific medical experts deposed relative to supplemental opinions<br>• Bard's case specific medical experts deposed relative to supplemental opinions | Motions and Other Pre Trial Issues remaining:<br><br>The following motions had been filed and ruled upon by the transferor court:<br>• Motion for Summary Judgment<br>• *Daubert* motions<br><br>The parties may need to file the following motions:<br>• Generic MILs, filed in and ruled upon by the MDL Court, applicable to the case<br>• Case specific MILs |

| Plaintiff/ Filter Facts | Original Jurisdiction | Fact and Expert Discovery to be Completed | Motions and Other Pretrial Issues that Remain |
|---|---|---|---|
| Coker, Jennifer<br><br>RNF, fracture, filter in situ | GA – N.D. Ga.<br><br>1:13-cv-515 | Fact discovery remaining:<br>• Supplemental written discovery responses and identification by plaintiff of additional medical providers and employers, and provision of updated executed authorizations for records obtaining<br>• Obtain updated medical and other records since 2015<br>• Obtain updated deposition of plaintiff and potentially of other new case-specific fact witnesses identified by plaintiff<br>• Depositions, or updated depositions, of Plaintiff's treating physicians who have provided care to the Plaintiff relevant to causation and damages, since the time of case transfer to the MDL.<br><br>Expert discovery remaining:<br>• Adoption of Generic Experts' Reports and Depositions completed in MDL<br>• Plaintiffs provide supplemental reports of case specific medical experts<br>• Bard provides supplemental reports of its case specific medical experts<br>• Plaintiffs case specific medical experts deposed relative to supplemental opinions<br>• Bard's case specific medical experts deposed relative to supplemental opinions<br>• Re-deposition of Dr. Patterson and deposition of Dr. Sing on their | Motions and Other Pre Trial Issues remaining:<br>The deadline for filing motions had not passed at time of transfer. The parties may need to file:<br>• Dispositive motions.<br>• *Daubert* motions as to certain case specific experts<br>• Generic MILs, filed in and ruled upon by the MDL Court, applicable to the case<br>• Case specific MILs |

| Plaintiff/ Filter Facts | Original Jurisdiction | Fact and Expert Discovery to be Completed | Motions and Other Pretrial Issues that Remain |
|---|---|---|---|
| | | supplemental reports, submitted on August 10 and 11, 2015<br>• Plaintiffs need to complete Richard Bliss deposition which was unable to be completed due to Richard North having to leave.<br>• The parties need to complete the deposition of Dr. John Puskas. | |
| Ebert, Melissa<br><br>G2, fracture, filter retrieved, strut in situ | PA – E.D. Pa. 5:12-cv-1253 | Fact discovery remaining:<br>• Supplemental written discovery responses and identification by plaintiff of additional medical providers and employers, and provision of updated executed authorizations for records obtaining<br>• Obtain updated medical and other records since 2015<br>• Obtain updated deposition of plaintiff and potentially of other new case-specific fact witnesses identified by plaintiff<br>• Depositions, or updated depositions, of Plaintiff's treating physicians who have provided care to the Plaintiff relevant to causation and damages, since the time of case transfer to the MDL.<br><br>Expert discovery remaining:<br>• Adoption of Generic Experts' Reports and Depositions completed in MDL<br>• Plaintiff provides supplemental reports of case specific medical experts | Motions and Other Pre Trial Issues remaining:<br>The following motions had been filed at time of transfer, but have not been ruled upon by the transferor court:<br>• Bard's Motion for Summary Judgment, which may require updating as to facts and law<br>• Bard's Motion to Exclude Opinions of experts Robert McMeeking and Matthew Begley<br>• Bard's Motion to Exclude Opinions of expert Michael Freeman<br><br>The parties may need to file the following additional motions:<br>• Generic MILs, applicable to this case, filed in and ruled upon by the MDL Court<br>• Case specific MILs |

| Plaintiff/ Filter Facts | Original Jurisdiction | Fact and Expert Discovery to be Completed | Motions and Other Pretrial Issues that Remain |
|---|---|---|---|
| | | • Bard provides supplemental reports of its case specific medical experts<br>• Plaintiffs case specific medical experts deposed relative to supplemental opinions<br>• Bard's case specific medical experts deposed relative to supplemental opinions | |
| Fox, Susan<br><br>G2, fracture, filter and one strut retrieved, one strut in situ | TX– N.D. Tex.<br><br>3:14-cv-133 | Fact discovery remaining:<br>• Supplemental written discovery responses and identification by plaintiff of additional medical providers and employers, and provision of updated executed authorizations for records obtaining<br>• Obtain updated medical and other records since 2015<br>• Obtain updated deposition of plaintiff and potentially of other new case-specific fact witnesses identified by plaintiff<br>• Depositions, or updated depositions, of Plaintiff's treating physicians who have provided care to the Plaintiff relevant to causation and damages, since the time of case transfer to the MDL.<br><br>Expert discovery remaining:<br>• Adoption of Generic Experts' Reports and Depositions completed in MDL<br>• Plaintiff provides supplemental reports of case specific medical experts<br>• Bard provides supplemental reports of its case specific medical experts | Motions and Other Pre Trial Issues remaining: The deadline for filing motions had not passed at time of transfer. The parties may need to file:<br>• Dispositive motions.<br>• *Daubert* motions as to certain case specific experts<br>• Generic MILs, filed in and ruled upon by the MDL Court, applicable to the case<br>• Case specific MILs |

8

| Plaintiff/ Filter Facts | Original Jurisdiction | Fact and Expert Discovery to be Completed | Motions and Other Pretrial Issues that Remain |
|---|---|---|---|
| | | • Plaintiffs case specific medical experts deposed relative to supplemental opinions<br>• Bard's case specific medical experts deposed relative to supplemental opinions | |
| Henley, Angela<br><br>G2, fracture, filter and struts in situ | WI – E.D. Wis.<br><br>2:14-cv-59 | Fact discovery remaining:<br>• Supplemental written discovery responses and identification by plaintiff of additional medical providers and employers, and provision of updated executed authorizations for records obtaining<br>• Obtain updated medical and other records since 2015<br>• Obtain updated deposition of plaintiff and potentially of other new case-specific fact witnesses identified by plaintiff<br>• Depositions, or updated depositions, of Plaintiff's treating physicians who have provided care to the Plaintiff relevant to causation and damages, since the time of case transfer to the MDL.<br><br>Expert discovery remaining:<br>• Adoption of Generic Experts' Reports and Depositions completed in MDL<br>• Plaintiff provides supplemental reports of case specific medical experts<br>• Bard provides supplemental reports of its case specific medical experts and new report of new interventional radiology expert (Bard's designated expert in this case is now deceased). | Motions and Other Pre Trial Issues remaining: The deadline for filing motions had not passed at time of transfer. The parties may need to file:<br>• Dispositive motions.<br>• *Daubert* motions as to certain case specific experts<br>• Generic MILs, filed in and ruled upon by the MDL Court, applicable to the case<br>• Case specific MILs |

9

| Plaintiff/ Filter Facts | Original Jurisdiction | Fact and Expert Discovery to be Completed | Motions and Other Pretrial Issues that Remain |
|---|---|---|---|
| | | <ul><li>Plaintiffs case specific medical experts deposed relative to supplemental opinions</li><li>Bard's case specific medical experts deposed relative to supplemental opinions</li><li>Plaintiff's treating physicians who have provided care to the Plaintiff relevant to causation and damages, since the time of case transfer to the MDL.</li></ul> | |
| Keen, Harry<br><br>G2X, fracture, filter retrieved, strut in situ | PA – E.D. Pa.<br><br>5:13-cv-5361 | Fact discovery remaining:<br><ul><li>Supplemental written discovery responses and identification by plaintiff of additional medical providers and employers, and provision of updated executed authorizations for records obtaining</li><li>Obtain updated medical and other records since 2015</li><li>Obtain updated deposition of plaintiff and potentially of other new case-specific fact witnesses identified by plaintiff</li><li>Depositions, or updated depositions, of Plaintiff's treating physicians who have provided care to the Plaintiff relevant to causation and damages, since the time of case transfer to the MDL.</li></ul>Expert discovery remaining:<br><ul><li>Adoption of Generic Experts' Reports and Depositions completed in MDL</li><li>Plaintiff provides supplemental reports of case specific medical experts</li></ul> | Motions and Other Pre Trial Issues remaining:<br>The following motions had been filed at time of transfer but have not been ruled upon by the transferor court:<br><ul><li>Bard's Motion for Summary Judgment, which may require updating as to facts and law</li><li>Bard's Motion to Exclude Opinions of Expert William Hyman</li></ul>The parties may need to file the following additional motions:<br><ul><li>Generic MILs, applicable to this case, filed in and ruled upon by the MDL Court, applicable to the case</li><li>Case specific MILs</li></ul> |

| Plaintiff/ Filter Facts | Original Jurisdiction | Fact and Expert Discovery to be Completed | Motions and Other Pretrial Issues that Remain |
|---|---|---|---|
| | | • Bard provides supplemental reports of its case specific medical experts<br>• Plaintiffs case specific medical experts deposed relative to supplemental opinions<br>• Bard's case specific medical experts deposed relative to supplemental opinions | |
| Ocasio, Denise<br><br>G2X,<br>perforation,<br>filter in situ | FL – M.D. Fla.<br><br>8:13-cv-1962 | Fact discovery remaining:<br>• Supplemental written discovery responses and identification by plaintiff of additional medical providers and employers, and provision of updated executed authorizations for records obtaining<br>• Obtain updated medical and other records since 2015<br>• Obtain updated deposition of plaintiff and potentially of other new case-specific fact witnesses identified by plaintiff<br>• Depositions, or updated depositions, of Plaintiff's treating physicians who have provided care to the Plaintiff relevant to causation and damages, since the time of case transfer to the MDL.<br><br>Expert discovery remaining:<br>• Adoption of Generic Experts' Reports and Depositions completed in MDL<br>• Plaintiff provides supplemental reports of case specific medical experts<br>• Bard provides supplemental reports of its case specific medical experts | Motions and Other Pre Trial Issues remaining:<br>The following motions had been filed and ruled upon at time of transfer by the transferor court:<br>• Certain case specific MIL's<br>• *Daubert* motions with respect to Hyman, McMeeking, Begley, Ritchie, which may require updating as to law and opinions of the experts (note that McMeeking was withdrawn in this case and Begley is the remaining engineering expert)<br>• Motion for Motion for Summary Judgment, which may require updating as to facts and law<br><br>The parties may need to file the following additional motions:<br>• Generic MILs, applicable to this case, filed in and ruled upon by the MDL Court<br>• Case specific MILs |

11

| Plaintiff/ Filter Facts | Original Jurisdiction | Fact and Expert Discovery to be Completed | Motions and Other Pretrial Issues that Remain |
|---|---|---|---|
| | | • Plaintiffs case specific medical experts deposed relative to supplemental opinions<br>• Bard's case specific medical experts deposed relative to supplemental opinions | |
| Rivera, Vicki<br><br>G2, fracture, filter in situ | MI—E.D. Mich | Fact discovery remaining:<br>• Supplemental written discovery responses and identification by plaintiff of additional medical providers and employers, and provision of updated executed authorizations for records obtaining<br>• Obtain updated medical and other records since 2015<br>• Obtain updated deposition of plaintiff and potentially of other new case-specific fact witnesses identified by plaintiff<br>• Depositions, or updated depositions, of Plaintiff's treating physicians who have provided care to the Plaintiff relevant to causation and damages, since the time of case transfer to the MDL.<br><br>Expert discovery remaining:<br>• Adoption of Generic Experts' Reports and Depositions completed in MDL<br>• Plaintiff provides supplemental reports of case specific medical experts<br>• Bard provides supplemental reports of its case specific medical experts<br>• Plaintiffs case specific medical experts deposed relative to supplemental opinions | Motions and Other Pre Trial Issues remaining: The deadline for filing motions had not passed at time of transfer. The parties may need to file:<br>• Dispositive motions.<br>• *Daubert* motions as to certain case specific experts<br>• Generic MILs, filed in and ruled upon by the MDL Court, applicable to the case |

| Plaintiff/ Filter Facts | Original Jurisdiction | Fact and Expert Discovery to be Completed | Motions and Other Pretrial Issues that Remain |
|---|---|---|---|
| | | • Bard's case specific medical experts deposed relative to supplemental opinions<br>Remand cases over the next 3-4 months | |

| Plaintiff/ Filter Facts | Original Jurisdiction | Fact and Expert Discovery to be Completed | Motions and Other Pretrial Issues that Remain |
|---|---|---|---|
| Smith, Erin<br><br>G2, fracture, filter and struts retrieved | TX – E.D. Tex.<br><br>1:13-cv-633 | Fact discovery remaining:<br>• Supplemental written discovery responses and identification by plaintiff of additional medical providers and employers, and provision of updated executed authorizations for records obtaining<br>• Obtain updated medical and other records since 2015<br>• Obtain updated deposition of plaintiff and potentially of other new case-specific fact witnesses identified by plaintiff<br>• Depositions, or updated depositions, of Plaintiff's treating physicians who have provided care to the Plaintiff relevant to causation and damages, since the time of case transfer to the MDL.<br><br>Expert discovery remaining:<br>• Adoption of Generic Experts' Reports and Depositions completed in MDL<br>• Plaintiff provides supplemental reports of case specific medical experts<br>• Bard provides supplemental reports of its case specific medical experts<br>• Plaintiffs case specific medical experts deposed relative to supplemental opinions<br>• Bard's case specific medical experts deposed relative to supplemental opinions | Motions and Other Pre Trial Issues remaining:<br>The following motions had been filed at time of transfer but have not been ruled upon by the transferor court:<br>• Bard's Motion for Summary Judgment, which may require updating as to facts and law<br>• Bard's Motion to Exclude Opinions of William Hyman (briefing on motion was not complete at time of transfer)<br>• Plaintiffs Motion to Exclude Opinions of Frederick Rogers, M.D. (briefing on motion was not complete at time of transfer)<br><br>The parties may need to file the following additional motions:<br>• Generic MILs, applicable to this case, filed in and ruled upon by the MDL Court<br>• Case specific MILs |

14

| Plaintiff/ Filter Facts | Original Jurisdiction | Fact and Expert Discovery to be Completed | Motions and Other Pretrial Issues that Remain |
|---|---|---|---|
| Tillman, Lessie<br><br>G2, nonretrieval, filter in situ | FL – M.D. Fla.<br><br>3:13-cv-222 | Fact discovery remaining:<br>• Supplemental written discovery responses and identification by plaintiff of additional medical providers and employers, and provision of updated executed authorizations for records obtaining<br>• Obtain updated medical and other records since 2015<br>• Obtain updated deposition of plaintiff and potentially of other new case-specific fact witnesses identified by plaintiff<br>• Depositions, or updated depositions, of Plaintiff's treating physicians who have provided care to the Plaintiff relevant to causation and damages, since the time of case transfer to the MDL.<br><br>Expert discovery remaining:<br>• Adoption of Generic Experts' Reports and Depositions completed in MDL<br>• Plaintiff provides supplemental reports of case specific medical experts<br>• Bard provides supplemental reports of its case specific medical experts and new report of new interventional radiology expert (Bard's designated expert in this case is now deceased).<br>• Plaintiffs expert Dr. Hull provided a supplemental report in the case as to which he was not deposed. Plaintiffs case | Motions and Other Pre Trial Issues remaining:<br>The following motions had been filed at the time of transfer but have not been ruled upon by the transferor court:<br>• Bard's Motion to Bifurcate Any Determination as to the Amount of Punitive Damages (DE 181)<br>• Bard's Emergency Motion for Leave to File under Seal Plaintiff's Exhibits<br>• Bard's Motion for Leave to File under Seal Pursuant to the court's April 15, 2015 Order<br><br>The parties may need to file the following additional motions:<br>• Generic MILs, applicable to this case, filed in and ruled upon by the MDL Court<br>• Case specific MILs |

15

| Plaintiff/ Filter Facts | Original Jurisdiction | Fact and Expert Discovery to be Completed | Motions and Other Pretrial Issues that Remain |
|---|---|---|---|
| | | specific medical experts deposed relative to supplemental<br>• Plaintiffs case specific medical experts deposed relative to supplemental opinions<br>• Bard's case specific medical experts deposed relative to supplemental opinions | |