**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC |
| ——————————————— | |
| Lisa Hyde and Mark E. Hyde, a married couple, | No. CV-16-00893-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, | |
| Defendants. | |

This bellwether case is set for trial in September. The parties dispute whether the Bard IVC filter at issue was a G2X or an Eclipse. Docs. 7359 at 2 n.2, 7952 at 1 n.1. The parties have filed a report addressing whether there is a means for determining the filter type prior to trial, or whether this will be an issue for the jury. Docs. 12007, 12096. The Court concludes that the issue should be presented to the jury.

**I.    Background.**

Multiple versions of Bard IVC filters are involved in this MDL – the Recovery, G2, G2X, Eclipse, Meridian, and Denali. Each filter is a variation of its predecessor.

The G2X is the same as the G2, but with a retrieval hook added to the filter's tip. The Eclipse is an electropolished version of the G2X.

Plaintiff Lisa Hyde received a Bard filter implant in February 2011. Dr. David Henry implanted the filter at Wheaton hospital in Wisconsin. In May 2014, a CT scan showed that the filter had tilted, perforated the IVC wall, and fractured. Three months later, Dr. William Kuo removed the filter at Stanford medical center in California. The filter was discarded after removal.

## II. Discussion.

Defendants argue that there is no definitive means for determining whether Ms. Hyde received a G2X or an Eclipse and that the issue therefore constitutes a genuine dispute of fact that should be resolved by the jury. Doc. 12096 at 2-6. Because this case was submitted as a G2X case for purposes of the bellwether selection process, Plaintiffs contend that Defendants should be estopped from now claiming that the filter was an Eclipse. *Id.* at 11-15. Defendants counter that judicial estoppel is not warranted because the confusion about the filter type is the result of mere inadvertence. *Id.* at 7-10.

### A. The Filter Type Is a Question of Fact for the Jury.

The medical records are inconclusive. No product number identifying the filter is referenced. Dr. Henry's treatment notes indicate that Plaintiff received a G2 filter (Doc. 12102-2 at 2-4), but the parties agree that the filter was either a G2X or an Eclipse because CT scans show that the filter had a retrieval hook. Dr. Kuo's notes describe the filter as both a G2X and an Eclipse. *Id.* at 7, 11, 14-15.

The doctors were not able to clarify matters during their depositions. When asked whether Ms. Hyde received a G2X filter, Dr. Henry stated: "I believe it may have been, but I'm not sure." Doc. 12102-3 at 3. Dr. Kuo explained that the G2X and Eclipse look the same on an x-ray and, after seeing Ms. Hyde's filter upon removal, he could not distinguish the filter type. Doc. 12102-4 at 4-7.

Bard's sales records and testimony from sales representative for Wheaton hospital suggest that both a G2X and an Eclipse were available to Dr. Henry on the date of

implant. Doc. 12096 at 4-6. Nothing in the evidence conclusively shows the type of filter Ms. Hyde actually received. The issue must be resolved by the jury.

### B. Judicial Estoppel Is Not Warranted.

Judicial estoppel is an equitable doctrine that protects the integrity of the judicial process by precluding a party from "asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Relevant factors include whether: (1) the party's positions are clearly inconsistent, (2) the party has misled the court, (3) the positions were based on "chicanery" instead of inadvertence or mistake, and (4) the party would derive an unfair advantage if not estopped. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001); *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 995 (9th Cir. 2012); *Johnson v. Or. Dep't of Human Res.*, 141 F.3d 1361, 1369 (9th Cir. 1998).

Plaintiffs do not specifically address these factors. Doc. 12096 at 11-16. Defendants argue that the factors show that judicial estoppel is not warranted. *Id.* at 7-10. The Court agrees with Defendants.

Based upon the medical records, the parties initially believed that Ms. Hyde received a G2 filter. Indeed, the filter was identified as a G2 in Ms. Hyde's short-form complaint, profile form, and fact sheet. Doc. 12102 at 2, 5; Doc. 1 at 3, Case No. 16-CV-00893-PHX-DGC. The filter also was described as a G2 in Plaintiffs' submission of cases for the bellwether selection process. Doc. 5706 at 17.

Bard stated that the filter was a G2X in its submission for bellwether cases, but nothing suggests that Bard took this position in an effort to mislead the Court or gain an unfair advantage at trial. Doc. 5652 at 6. Defendants argued that their proposed bellwether cases were representative of other cases in the MDL based largely on filter complications, not filter types. *Id.* at 6-8. Ms. Hyde's case was no exception. Defendants claimed that her case was representative because it "involves a filter fracture (25% of the pool) and also involves multiple complications in a single case including tilt, perforation, a filter strut to the heart, and a complex filter retrieval." *Id.* at 6.

Plaintiffs assert that they are prepared to try a G2X case, not an Eclipse case. *Id.* at 11. But Plaintiffs identify no specific unfair advantage that Defendants would gain if the case were to be tried as an Eclipse case. Plaintiffs have been aware of Defendants' position regarding the filter type for more than a year. Doc. 11921-1 at 3. Plaintiffs noted in their summary judgment brief that because the Eclipse filter did nothing to address the design defects of the G2X, "the difference between the models is unimportant." Doc. 7952 at 1-2 n.1. Moreover, Plaintiffs will be allowed to present evidence to the jury that the filter was a G2X. *See id.*

In summary, the Court cannot conclude that Defendants would gain an unfair advantage at trial by presenting evidence that the filter was an Eclipse. Nor can the Court conclude that Defendants have misled the Court or that their change in position was based on "chicanery" rather than inadvertence and mistake. *Johnson*, 141 F.3d at 1369. Judicial estoppel is not warranted. *See United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008) (holding that the party's "mistake does not meet the criteria for applying judicial estoppel").

**IT IS ORDERED** that the parties' dispute as to whether Plaintiff Lisa Hyde received a G2X or an Eclipse filter presents a triable issue of fact for the jury.

Dated this 16th day of August, 2018.

David G. Campbell
Senior United States District Judge

- 4 -