James R. Condo (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
kgallardo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-DGC |
| LISA HYDE and MARK HYDE, a married couple,<br><br>    Plaintiffs<br><br>v.<br><br>C. R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, INC., an Arizona corporation,<br><br>    Defendants. | **DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO BIFURCATE TRIAL**<br><br>(Assigned to the Honorable David G. Campbell) |

1    Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively
2    "Bard") respond to the plaintiffs' opposition to its motion to bifurcate as follows:

**I.   Federal Law Governs Bifurcation of the Plaintiffs' Claims**

In federal courts, federal law governs bifurcation. *See, e.g., Hopkins v. Dow Corning Corp.*, 33 F.3d 1116 (9th Cir. 1994). Thus, the plaintiffs' argument that Wisconsin bifurcation law should govern the Court's approach to Ms. Hyde's case should fail.

Federal courts will look to state law regarding bifurcation <u>only</u> if there is no conflict between Fed. R. Civ. P. 42(b) and the relevant state bifurcation rule. But if a conflict exists, then federal law governs. *Rosales v. Honda Motor Co.*, 726 F.2d 259, 262 (5th Cir. 1984) (upholding district court's bifurcation of liability and damages issues pursuant to federal rules because of conflict with state law); *Simpson v. Pittsburgh Corning Corp.*, 901 F.2d 277, 283 (2d Cir. 1990) (holding bifurcation is procedural and applying federal rules); *Moss v. Associated Transp., Inc.*, 344 F.2d 23, 24 (6th Cir. 1965) (upholding bifurcation under federal rules).

The plaintiffs' argument that Wisconsin law allows bifurcation of claims but not issues demonstrates that Wisconsin law, W.S.A. 895.05(2), conflicts with Rule 42(b), which explicitly allows for bifurcation of claims and issues. Unlike in Wisconsin, Rule 42 affords district courts discretion to bifurcate issues, and places no limitations on how a federal court exercises its discretion to separate a trial into different phases. *See* Fed. R. Civ. P. 42 ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."); *Allstate Ins. Co. v. Breeden*, 410 F. App'x 6, 9 (9th Cir. 2010) (noting wide discretion of trial court to bifurcate issues and claims); *M2 Software, Inc. v. Madacy Entertainment*, 421 F.3d 1073, 1088 (9th Cir. 2005) (same); *Arthur Young & Co. v. U. S. Dist. Court*, 549 F.2d 686, 697 (9th Cir. 1977) (same). Federal law grants the Court great latitude to structure the trial and presentation of separate issues and claims, including the issue of punitive damages calculation from the

- 1 -

1. remainder of triable issues, as needed to achieve the goals expressed in Rule 42(b). Conversely, the plaintiffs argue that Wisconsin law handles bifurcation differently. *Waters v. Pertzborn*, 243 Wis. 2d 703, 717, 627 N.W.2d 497, 503 (Wis. 2001) ("Unlike Federal Rule 42, [805.05(2)] does not permit bifurcation of issues, but only separate trial of discrete claims.") (citations omitted). Because of the conflict of approaches between federal law and Wisconsin law, federal law alone should govern the Court's approach in Ms. Hyde's case.

**II.  Introduction of Bard's Financial Condition is Prejudicial, and Irrelevant To The Issues of Liability, Compensatory Damages, and Entitlement to Punitive Damages**

Bard does not seek to completely exclude evidence of its financial condition, but rather is asking the Court to use the same procedure that worked well in *Jones* and *Booker*: ensure that evidence regarding Bard's financial condition and profits is considered by the jury only if and when it is relevant—during the determination of a punitive damages award—and not during the liability phase of trial. *See Danes v. Senior Residential Care of Am., Inc.*, No. 04-C-594, 2007 WL 30880, at *3 (E.D. Wis. Jan. 4, 2007) ("In light of the fact that any claim for punitive damages will be excluded, evidence relating to the finances of the defendant is not relevant and therefore shall be precluded pursuant to Rule 402.").

Moreover, federal courts have found that the introduction of a defendant's wealth is prejudicial enough to warrant conducting a separate phase at trial dedicated solely to determining the amount of punitive damages. *In re Collins*, 233 F.3d 809, 811 (3d Cir. 2000) (upholding MDL panel's decision to withhold remand of punitive damages for trial and observing the fact that evidence of wealth is not considered when determining compensatory damages as one reason for "allowing new trials devoted solely to determining punitive damages."); *Monroe v. Griffin*, No. 14-CV-00795-WHO, 2015 WL 5258115, at *6 (N.D. Cal. Sept. 9, 2015) (allowing bifurcation of liability and entitlement to punitive damages from punitive damages amount, and determining that "evidence of defendants' financial condition will only be admissible in the second phase of the trial").

Evidence about Bard's financial status during the liability portion of the trial could potentially cause the jury to improperly factor Bard's financial status into their analysis of liability and compensatory damages, and thus would be highly prejudicial to Bard.

### III. Bifurcation Will Not Waste Time or Resources

Finally, the plaintiffs' statement that a separate punitive damages phase will lead to duplicative evidence, and will waste of time and resources, is inaccurate and inconsistent with the parties' experience in *Booker*. The transcript from the punitive damages phase of *Booker* reveals that the entire second phase of trial lasted less than two hours. This minimal time commitment during what will be a weeks-long trial is not a waste of time, particularly when balanced against the prejudice that Bard will face if its financial condition is considered by the jury during its deliberation of liability and compensatory damages. Moreover, during the *Booker* and *Jones* bellwether trials, the plaintiffs argued numerous times that they had too little time to present their case-in-chief. Yet now, they seek to inject the issue of financial condition into the case-in-chief, which will further shorten their time for an issue that is relevant solely to consideration of a punitive damages award. As in *Booker* and *Jones*, bifurcation of Bard's financial condition serves to make trial more, not less, efficient.

### IV. Conclusion

For the foregoing reasons, the trial of this case should be bifurcated in accordance with the Rule 42(b).

RESPECTFULLY SUBMITTED this 28th day of August, 2018.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com

matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

- 4 -

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of August, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

s/Richard B. North, Jr.
Richard B. North, Jr.

- 1 -