# Exhibit C

```
                    UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF ARIZONA

                     _____

In Re: Bard IVC Filters            )   MD-15-02641-PHX-DGC
Products Liability Litigation      )
                                   )   Phoenix, Arizona
                                   )   March 14, 2018
_____)
Sherr-Una Booker, an individual,   )
                                   )
                    Plaintiff,     )
                                   )   CV-16-00474-PHX-DGC
         v.                        )
                                   )
C.R. Bard, Inc., a New Jersey      )
corporation; and Bard Peripheral   )
Vascular, Inc., an Arizona         )
corporation,                       )
                                   )
                    Defendant.     )
_____)
```

**BEFORE:   THE HONORABLE DAVID G. CAMPBELL, JUDGE**

REPORTER'S TRANSCRIPT OF PROCEEDINGS

<u>**TRIAL DAY 1 A.M. SESSION**</u>

(Pages 1 - 114)

Official Court Reporter:
Patricia Lyons, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Ste. 312
401 West Washington Street, SPC 41
Phoenix, Arizona  85003-2150
(602) 322-7257

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared with Computer-Aided Transcription

```
 1                    A P P E A R A N C E S

 2    For the Plaintiff:

 3            Lopez McHugh
              By: RAMON ROSSI LOPEZ, ESQ.
 4            100 Bayview Circle, Suite 5600
              Newport Beach, CA  92660
 5
              Gallagher & Kennedy
 6            By: MARK S. O'CONNOR, ESQ.
              2575 East Camelback Road, Suite 1100
 7            Phoenix, AZ  85016

 8            Heaviside Reed Zaic
              By: JULIA REED ZAIC, ESQ.
 9            312 Broadway, Ste. 203
              Laguna Beach, CA  92651
10
              Snyder & Wenner, PC
11            By: DAVID A. WENNER, ESQ.
              2200 E. Camelback Rd., Ste. 213
12            Phoenix, AZ  85016

13

14    For Defendants:

15            Nelson Mullins Riley & Scarborough
              By: RICHARD B. NORTH, JR., ESQ.
16            By: ELIZABETH C. HELM, ESQ.
              201 17th Street NW, Suite 1700
17            Atlanta, GA  30363

18            Snell & Wilmer
              By: JAMES R. CONDO, ESQ.
19            400 East Van Buren
              Phoenix, AZ  85004
20

21

22

23

24

25
```

```
08:48:13   1    slides the defendants have objected to, I'll let Mr. North
           2    discuss that, he believes there is some undue emphasis on some
           3    Recovery filter matters.
           4            MR. NORTH:  If they've taken those two out, that's
08:48:26   5    good.
           6            The only other thing is I was going to make, for the
           7    record, I think there's an undue emphasis in their
           8    presentation on Recovery filter migration deaths.  I'm sure
           9    the Court's going to allow that in at this juncture, but just
08:48:39  10    for the record, I wanted to mention that.
          11            THE COURT:  Okay.
          12            So do you want me to look at the slides and make a
          13    ruling, Mr. North?
          14            MR. NORTH:  I have them here, Your Honor.
08:48:47  15            THE COURT:  Why don't you walk over and show them the
          16    ones that you have a concern about, just to make sure they're
          17    still being used.
          18            MS. REED ZAIC:  I believe they are, Your Honor.  And
          19    the counter to that would be the four slides only discuss a
08:48:57  20    few of the Recovery filter migration deaths leading up to the
          21    product hold, and none afterward, as part of the regulatory
          22    history of the Recovery leading to the G2.
          23            THE COURT:  All right.  Look at that, make sure
          24    you're on the same page, and then hand me the slides.  I'll be
08:49:10  25    happy to look at them.
```

08:49:11  1           MS. REED ZAIC: We would like to keep these in.
          2  These deal with the first and the second migration death, and
          3  it actually deals with the product hold. There are no other
          4  migration deaths. And there were several others that we did
08:49:22  5  not include. It just deals with the regulatory hold.
          6           THE COURT: Okay. Why don't you bring that forward,
          7  please.
          8           MR. NORTH: May I approach, Your Honor?
          9           THE COURT: Yes.
08:50:37 10           A question for plaintiffs' counsel. The complaint
         11  records that you are showing, it's too small for me to read.
         12           MS. REED ZAIC: I understand that. It's actually --
         13  on the PowerPoint it's a call-out next to it.
         14           THE COURT: Okay. So what's on the right is
08:50:50 15  what's --
         16           MS. REED ZAIC: Is what is going to be discussed --
         17           THE COURT: -- quoted from --
         18           MS. REED ZAIC: Yes. And what's on the left is too
         19  small to read.
08:50:58 20           THE COURT: And are these internal Bard documents on
         21  the left?
         22           MS. REED ZAIC: Yes, they are.
         23           THE COURT: Okay. I'm going to allow these slides to
         24  be used.
08:51:17 25           MS. REED ZAIC: Thank you, Your Honor.

08:51:17   1              THE COURT:  As I indicated in the ruling on the
           2   Recovery filter problems and deaths, I think it's relevant
           3   because of the design defect claim in the G2 and the fact that
           4   the Recovery was the predicate.
08:51:30   5              I still am sensitive to the notion that those deaths
           6   should not be overemphasized.  As you've already seen in a
           7   number of my deposition rulings, I'm allowing them to be
           8   mentioned, but to the extent they're repeated too often or if
           9   it were ever to be the case, as Mr. North posited at one
08:51:48  10   point, that there is a real focus in questioning on this death
          11   and this death and this death, it seems to be nothing but
          12   trying to elicit sympathy from the jury.  That, to me, would
          13   be inappropriate.  But I think what is in the slides is fair
          14   game, and I'm going to allow those to be used.
08:52:03  15              MS. REED ZAIC:  Thank you, Your Honor.
          16              THE COURT:  Defendants, did you have matters that you
          17   want to raise before we start?
          18              MR. NORTH:  Well, Your Honor, they have provided us
          19   with a long list, very long list, of objections to our
08:52:13  20   opening, and I find them very confusing because they object to
          21   some slides that are in their own opening.  They object to 15
          22   slides because they said they postdate -- have information
          23   that postdate the date of implant, 2007 in this case, yet half
          24   of their slides postdate the implant, and there is a
08:52:35  25   continuing duty to warn claim in this case.

```
12:07:56   1    black lectern, so you can face the jury during opening
           2    statements.  We'll ask you to stay at the lectern and speak
           3    into the mic so we can hear you.
           4             Anything else we need to address before we break?
12:08:08   5             Okay.  I'll see you at 1:05.
           6         (Recess taken at 12:08.)
           7         (End of a.m. session transcript.)
           8                        * * * * *
           9
          10
          11
          12
          13
          14
          15
          16
          17
          18
          19
          20
          21
          22
          23
          24
          25
```

## **C E R T I F I C A T E**

I, PATRICIA LYONS, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control, and to the best of my ability.

DATED at Phoenix, Arizona, this 14th day of March, 2018.

s/ Patricia Lyons, RMR, CRR
Official Court Reporter