Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
| LISA HYDE and MARK HYDE, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation,<br><br>Defendants. | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OF MARKETING MATERIALS**<br><br>(Assigned to the Honorable David G. Campbell)<br><br>(Oral Argument Requested) |

## MEMORANDUM OF LAW IN SUPPORT

Plaintiffs oppose Defendants' Motion *in Limine* No. 2 to exclude evidence of marketing materials. While the failure to warn claims have been dismissed, marketing materials are still relevant to Plaintiffs' punitive damages claims.

First, the marketing materials are relevant to Plaintiffs' design defect case. The marketing materials provide significant details of the G2 filter's design, as they provide a description of its design features such as its "proven conical filter shape arranged into two offset layers," "a wider leg span and thicker fixation hooks" and a "specially designed pusher wire and articulated arms." [See Ex. A, Pg. 3 attached to Defendants' Motion *In Limine* No. 2]. These statements by Bard regarding the design features of its G2 IVC filter are highly relevant to Plaintiffs' argument of a reasonable alternative design; Bard's iteration in its marketing materials of its products' design provides context for the jury to determine the company's knowledge of the design features that were ineffective and dangerous. Against this backdrop, the marketing materials are probative of the lack of adoption of a reasonable alternative design. *See*, Wis. Stat. §895.047(1)(a).[1]

Additionally, the marketing materials are also evidence of Bard's intent to design a filter that was not predisposed to tilt, migration or fracture. In other words, Bard knew what IVC filters were supposed to achieve and what they were supposed to prevent, but continued to design them defectively, regardless of this basic knowledge. The marketing materials are relevant evidence for a jury to consider in evaluating Plaintiffs' design defect case because the statements made on its marketing material exhibit Bard's understanding that 1) a safer alternative design could be contemplated, and 2) that Bard's

---

[1] To the extent Defendants seek to invoke the factors listed in the Restatement (3d) of Torts, Product Liability, sec. 2, comment f with regard to determining whether an alternative design is reasonable, the marketing materials are relevant to show Bard's knowledge of both filter failure modes and alternative design features to address the failures. (Comment f factors include "the nature and strength of consumer expectation regarding the product, including expectations arising from product portrayal and marketing").

1 2 G2 design was defective since it failed to avoid or reduce the very foreseeable risks of harm that Bard claimed it was designed to prevent.

3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 Second, the fact that neither Mrs. Hyde nor Dr. Henry (albeit not the ultimate consumer) testified that they had seen the marketing materials is irrelevant for proving that punitive damages are warranted against Bard. With regard to punitive damages, the Wisconsin Supreme Court has concluded "that a person acts in an intentional disregard of the rights of the plaintiff if the person acts with a purpose to disregard the plaintiff's rights, or is aware that his or her acts are substantially certain to result in the plaintiff's rights being disregarded." *Strenke v. Hogner*, 279 Wis. 2d 52, 58 (Wis. 2005); *see also*, Wis Stat. §895.043(3).  The Court further held that a defendant's conduct giving rise to punitive damages need not be directed at the specific plaintiff seeking punitive damages in order to recover. *Strenke, 279 Wis.2d, at 58*. The marketing materials show an intentional disregard by Bard to the rights of any potential consumer and thus, can be used in Mrs. Hyde's specific case. When Bard is promoting  its filters as "self-centering," having "increase migration resistance, and "enhanced fracture resistance,"  "taking strength and stability to a new level", and using their Trademarked "Timeless Performance" on marketing materials, knowing that those claims *were not* true, punitive damages are warranted under Wisconsin law regardless of whether or not Mrs. Hyde saw those specific marketing materials.  [Ex. A, attached hereto].  Moreover, such materials are evidence of design features omitted from the G2 Filters that an alternative design could have provided rendering the product not reasonably safe. *See*, Wis. Stat. §895.047(1)(a). To exclude evidence bearing directly on an element Plaintiff must prove would be unduly prejudicial. Fed. R. Evid. 403.

24 25 26 27 28 Third, these marketing materials *do* have a specific nexus to the harm caused to Mrs. Hyde and her remaining strict liability and design defect claim, as discussed above. Thus, it does not violate Bard's Due Process rights to further use these materials as proof of Bard's acts as an intentional disregard of the rights of the plaintiff if the person acts with a purpose to disregard the plaintiff's rights, or is aware that his or her acts are substantially

certain to result in the plaintiff's rights being disregarded. *Strenke v. Hogner*, 279 Wis. 2d 52, 58 (Wis. 2005); see also *Sharp*, 227 Wis.2d at 21, 595 N.W.2d 380 (holding that the phrase "disregard of rights" described a type of conduct that involved an indifference on the defendant's part to the consequences of his or her actions). The nexus is the contrast between the design elements presented in the marketing materials and the actual, defectively designed filter received by Mrs. Hyde.

For the above stated reasons, Plaintiffs respectfully request that Defendant's Motion *In Limine* No. 2 be denied.

RESPECTFULLY SUBMITTED this 28th day of August 2018.

GALLAGHER & KENNEDY, P.A.

By: */s/ Mark S. O'Connor*
   Mark S. O'Connor
   2575 East Camelback Road
   Phoenix, Arizona  85016-9225

LOPEZ McHUGH LLP
   Ramon Rossi Lopez (CA Bar No. 86361)
   (admitted *pro hac vice*)
   100 Bayview Circle, Suite 5600
   Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of August 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*/s/ Jessica Gallentine*