Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
949-812-5771

Mark S. O'Connor (011029) – mark.oconnor@gknet.com
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
602-530-8000

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC |
| LISA HYDE and MARK HYDE, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation,<br><br>Defendants. | **PLAINTIFFS' RESPONSE TO DEFENDENTS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF THE SIMON NITINOL FILTER AS A REASONABLE ALTERNATIVE DESIGN**<br><br>(Assigned to the Honorable David G. Campbell)<br><br>(Oral Argument Requested) |

## ARGUMENT AND CITATION OF AUTHORITY

**I.     The Issue Of Reasonable Alternative Design Is For The Trier Of Fact.**

The Court's Order on Defendants' Motion for Summary Judgement states "[p]laintiffs have presented sufficient evidence of a reasonable alternative design to survive summary judgment" related to evidence of caudal anchors and penetration limiters. (Doc. 12007). In footnote 5 to the above, the Court addressed the dispute regarding the Simon Nitinol Filter (here after "SNF") as an alternative design for Plaintiffs' design defect claim; "given the ruling above, the Court need not resolve this issue for purposes of summary judgement." *Id*.

A motion *in limine* should not be used to resolve factual disputes or weigh evidence." *Research Corp. Techs., Inc. v. Microsoft Corp.,* CV-01-658TUCRCJ, 2009 WL 2971755, at *1 (D. Ariz. Aug. 19, 2009)(citing *C & E Servs., Inc. v. Ashland*, Inc., 539 F.Supp.2d 316, 323 (D.D.C.2008). Defendants offer no basis for excluding argument that the SNF is a reasonable alternative design. [1] Defendants attempt to use a motion *in limine* to address a factual issue for the jury; whether Plaintiffs can establish the SNF would have "reduced" or "avoided" the harm posed to Mrs. Hyde. Wis. Stat. 895.047(1)(a).

**II.   The G2X Or Eclipse Filters Were Cleared As Permanent Devices With An Option To Retrieve By The FDA.**

Because the SNF is a permanent filter does not make it less of a reasonable alternative design for the G2X or Eclipse filter. Both were submitted for clearance to the FDA as *permanent* devices with an option to retrieve.[2] Each of Bard's IVC filters is predicated on the one before it, that is Eclipse is predicated on G2X, G2X on G2, G2 on Recovery, and Recovery on SNF. Defendants' argue the SNF filter cannot be a reasonable alternative design because the filter cannot be retrieved; this argument fails as Defendants cannot have it both ways, purport to the FDA the predicate devices are substantially equivalent and then argue to the Court the predicate devices are unrelated. Bard's Medical Director, Dr. David Ciavarella, even acknowledged that both the G2 and SNF are permanent filters, "The G2 is a permanent filter, we also have one (the SNF) that has virtually no complaints associated with it. Why shouldn't doctors be using that one rather than the G2?" Ex. C, BPVE-01-00245186. The 2008 Patient Brochure for the G2 device states in response to the question "how long will the filter last?" that the "G2 Filter is designed to be a permanent implant and not to be removed, repositioned

---

[1] Several Circuit Courts prohibit the use of motions *in limine* to convert into summary judgment motions; a motion *in limine* should focus on narrowing evidentiary issues for trial or precluding unnecessary trial interruptions and not resolving a legal matter which is cast as an evidentiary issue. *See Louzon v. Ford Motor Co.,* 718 F.3d 556, 561 (6th Cir. 2013)(citing *Meyer Intellectual Props. Ltd. v. Bodum, Inc.,* 690 F.3d 1354, 1378 (Fed.Cir. 2012); *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1070 (3d Cir. 1990)(internal quotation marks omitted); *Mid–America Tablewares, Inc. v. Mogi Trading Co*., 100 F.3d 1353, 1363 (7th Cir.1996).

[2] Ex. A, G2X 510(k) application (K080668), BPV-17-01-00130498 at 663; Ex. B, Eclipse 510(k) application (K093659), BPV-17-01-00116991 at 996.

1

or replaced."[3] Ex. D, BPV-17-01-00137624 at 629; Ex. E, BPV-17-01-00142912. Further, testimony from Bard's Product Manager, Rob Carr, provides evidence the G2 and G2X filters were permanent devices, Ex. F, Carr Dep. Tr., 11/5/2013, 41:11-41:24:

> Q. And during this time frame – that is the Recovery era, the G2 era and the G2 Express era – did Bard have a truly permanent filter that was commercially available?
> A. **All of them are truly permanent**.

To distinguish the SNF design from the filter implanted in Mrs. Hyde, Defendants point to Plaintiff's implanting physician, Dr. Henry. Dr. Henry may have chosen a filter with a retrievable option, but he also understood Mrs. Hyde's filter "could be permanent or temporary."[4] Also, Mrs. Hyde testified her doctors said nothing about retrieving the filter, "[w]hat I remember was he said these are temporary filters but we're leaving them in. We leave them in, and it's okay."[5] Mrs. Hyde's filter was approved as a permanent device and understood to have the potential to be used as a permanent device by her implanting physician. The filter's potential to be retrievable does not nullify the argument that the SNF was a reasonable alternative design. More importantly, the August 29, 2005 EVEREST Medical Monitoring Meeting Minutes reveal at 6 months the G2 filter "must be considered permanent."[6] Dr. Kris Kandarpa, the medical monitor of the EVEREST retrievability trial confirmed Bard chose not to conduct a long-term study to determine risks as a permanent device; the EVEREST protocol called for retrieval within 6 months of initial implantation. Ex. I at 196:23-197:1.

Defendants cite one Wisconsin case to argue that a reasonable alternative design must not "make the product something else." *See Godoy ex rel. Gramling v. E.I. du Pont de Nemours & Co.*, 743 N.W.2d 159, 162 (2007).[7] The retrieval option of the G2/G2X /Eclipse filter is not

---

[3] G2X is identical in design to the G2 with a snare at the filter top. G2X is identical in design to the Eclipse with the addition of an electropolished finish. *See*, Ex. A to Doc. 5398, Declaration of Robert Carr at ¶¶47, 103,105, 114, 119, and 120.
[4] Ex. G, Henry Dep. Tr. at 72:23-73:1.
[5] Ex. H, Hyde Dep. Tr., 1/25/17, at 75:14-76:1; 81:13-18; 83:6-10.
[6] Ex. I, Kandarpa Dep. Tr., 7/19/18, at 73:3-22, Ex. J, BPVEFILTER-25-00097877.
[7] Defendants cite to several cases outside the jurisdiction to support "a different product is not a safer alternative design", without explanation or discussion of how the cases apply to Wisconsin law and the facts here. Section II of this motion and ¶¶ 1-6, 113-128, 150-190 to Plaintiffs' OSOF establish the SNF, G2X, and Eclipse filters are all permanent devices with options for retrieval. (Doc. 8186).

an ingredient, like in *Godoy*, that makes the product "something else."[8] These devices can be considered as much a permanent device as an optional device; in fact, its similarity to its permanent predecessors is the very reason Bard was able to use the 510(k) application process to seek clearance of its products instead of the more rigorous Premarket Approval safety review process. If the device can be used both permanently and temporarily, it cannot be logically argued that one or the other is an ingredient that "makes the product something else."

### III.  Plaintiffs' Offer Sufficient Evidence Supporting SNF Filter Would Have Reduced The Harm Posed By The G2X/Eclipse Filter.

A manufacturer may be liable under Wisconsin Statute §895.047(1)(a) where the alternative design would have "reduced" or "avoided" the harm posed by the product. Plaintiffs incorporate by reference paragraphs 1-6, 113-128, 150-190 to Plaintiffs' Omnibus Statement of Facts in Support of Their Response to Defendants' Motion for Summary Judgement to establish evidence that the SNF would have reduced or avoided harm posed by the G2X/Eclipse to Mrs. Hyde. *See,* Doc. 8186; *See also,* Wis. Stat. 895.047(1)(a). Further, Plaintiffs' expert Dr. McMeeking offered a 12-page opinion concluding "from my engineering perspective the design of the SNF is substantially better than those of the Recovery, G2 and similar Bard filters, with respect to migration, tilt, arm fracture and arm perforation, after considering the combination of attributes that are positive or negative in each case for each filter design. Therefore, based on my assessments it is my opinion that, in sum, the SNF is a safer filter than the Recovery, G2 and similar Bard filters." Ex. K, Rebuttal Report of Robert McMeeking, dated 05/11/17.

### IV.  Conclusion.

Plaintiffs request this Court deny Defendants Motion *in Limine* No. 3.

---

Further, Defendants misstate Dr. McMeeking; he testified he is not offering an opinion about the use of permanent and retrievable filters because he is not a medical doctor. *See*, Def. Mot., Ex. B.

[8] *Godoy* involved a product known as white lead carbonate pigment. The alleged design defect was the presence of lead; court found "without lead there can be no white lead carbonate" and "the presence of lead "is a characteristic of the product itself" so it was not a design feature that made it defective. *Id.* at 678. The facts in *Godoy* are inapposite to the design features in the present filter.

RESPECTFULLY SUBMITTED this 28th day of August 2018.

                          GALLAGHER & KENNEDY, P.A.

                          By: */s/ Mark S. O'Connor*
                                Mark S. O'Connor
                                2575 East Camelback Road
                                Phoenix, Arizona 85016-9225

                          LOPEZ McHUGH LLP
                                Ramon Rossi Lopez (CA Bar No. 86361)
                                (admitted *pro hac vice*)
                                100 Bayview Circle, Suite 5600
                                Newport Beach, California 92660

                        *Co-Lead/Liaison Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

                                */s/ Jessica Gallentine*