**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, <br> ———————————————— <br> Lisa Hyde and Mark E. Hyde, a married couple, <br>     Plaintiffs, <br> v. <br> C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, <br>     Defendants. | No. MDL 15-02641-PHX-DGC <br><br><br> No. CV-16-00893-PHX-DGC <br><br> **ORDER** |

This bellwether case is set for trial next month. Defendants have filed a motion to bifurcate the trial pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. Doc. 12094. The motion is fully briefed, and oral argument will not aid the Court's decision. For reasons stated below, the Court will grant the motion.

**I.     Background.**

Plaintiff Lisa Hyde received a Bard IVC filter implant in 2011. In 2014, she learned that the filter had tilted, perforated the IVC wall, and fractured. The filter and fractured limbs were removed three months later.

Mrs. Hyde and her husband assert various claims. Doc. 364; Doc. 1, Case No. CV-16-00893. The Court granted summary judgment on certain claims, applying the law of the forum state, Wisconsin. Doc. 12007. The following claims remain: strict liability design defect (Count III), negligent design (Count IV), negligence per se (Count IX), loss of consortium (Count XV), and punitive damages. *Id.* at 19.

**II. Discussion.**

**A. The Court's Power to Bifurcate.**

Rule 42(b) confers broad discretion on the Court to bifurcate a trial involving separate issues or claims for "convenience, to avoid prejudice, or to expedite and economize" the proceedings. Fed. R. Civ. P. 42(b); *see Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 998 (9th Cir. 2001). The power to bifurcate under Rule 42(b) includes "the authority to separate trials into liability and damage phases." *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 601 (9th Cir. 2016) (citing *De Anda v. City of Long Beach*, 7 F.3d 1418, 1421 (9th Cir. 1993)). Indeed, because the existence of liability must be resolved before damages are considered, the "separation of issues of liability from those relating to damages is an obvious use" for Rule 42(b). 9A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2390 (3d ed. 2016)) *see M2 Software, Inc., v. Madacy Entm't*, 421 F.3d 1073, 1088 (9th Cir. 2005) ("The district court had broad discretion to try the liability phase first and did not abuse its discretion in bifurcating the trial.").

**B. Bifurcation of the Hyde Trial is Warranted.**

In the first two bellwether trials, the Court bifurcated the trials into a first phase that determined liability, compensatory damages, and whether punitive damages should be awarded, and if necessary, a second phase that determined the amount of punitive damages. Docs. 10048 at 2, 10587 at 3-4. Defendants request that the Hyde trial be conducted in the same manner to avoid the prejudicial effect of admitting evidence of Bard's net worth during the liability and compensatory damages phase. Doc. 12094 at 3. Plaintiffs oppose bifurcation, contending that (1) Wisconsin law does not provide for

bifurcation with respect to the amount of punitive damages, (2) Defendants have not met their burden to justify any form of bifurcation, and (3) bifurcation would prolong the trial and prejudice Plaintiffs. Doc. 12205 at 1.

### 1. Bifurcation Is Not Precluded by Wisconsin Law.

Bifurcation in the Booker and Jones trials was based in part on Georgia law. *See* O.C.G.A § 51-12-5.1(d)(2) ("If it is found that punitive damages are to be awarded, the trial shall immediately be recommenced in order to receive such evidence as is relevant to a decision regarding [the] amount of damages[.]"). Plaintiffs note that Wisconsin's statute on punitive damages does not require bifurcation. Doc. 12205 at 3.

But neither does the statute preclude bifurcation. The statute provides that the plaintiff "may introduce evidence of the wealth of the defendant" if the plaintiff "establishes a prima facie case for the allowance of punitive damages[.]" Wis. Stat. 895.043(4)(a). The statute says nothing about bifurcation, and Plaintiffs cite no authority suggesting that the statute somehow limits the Court's discretion under Rule 42(b). "As a procedural matter, the discretion to bifurcate remains with the district court, even in diversity cases with a conflicting state law on bifurcation." *N.T. by & through Nelson v. Children's Hosp. Med. Ctr.*, No. 1:13CV230, 2017 WL 5969343, at *5 (S.D. Ohio Sept. 28, 2017); *see Arvest Bank v. Byrd*, No. 10-02004, 2012 WL 12887955, at *5 (W.D. Tenn. Sept. 27, 2012) (Rule 42(b) is "controlling on the issue of bifurcation in this case"); *Riddle v. Royal Indem. Co.*, No. 3:05CV-540-S, 2007 WL 542389, at *1 n.1 (W.D. Ky. Feb. 16, 2007) ("Although a federal court sitting in diversity applies the law of the forum state, the conduct of discovery and bifurcation are matters of federal procedural law." (citing *Erie*)); *Hamm v. Am. Home Prods. Corp.*, 888 F. Supp. 1037, 1038 (E.D. Cal. 1995) (noting that "there is ample precedent holding that bifurcation is a procedural issue for purposes of *Erie* analysis" (citing cases)).

### 2. Defendants Have Met Their Burden Under Rule 42(b).

Plaintiffs contend that Defendants have not shown that bifurcation will avoid prejudice or promote judicial economy. Doc. 12205 at 4-5. The Court does not agree.

- 3 -

Defendants argue, correctly, that evidence of Bard's net worth is relevant only to the amount of punitive damages and may have a prejudicial effect with respect to the jury's determinations on liability and compensatory damages. Docs. 12094 at 4, 12391 at 3. The Supreme Court has cautioned that "evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 417 (2003). Given this potential prejudice, courts in this Circuit regularly bifurcate trials under Rule 42(b). *See Kanellakopoulos v. Unimerica Life Ins. Co.*, No. 15-CV-04674-BLF, 2018 WL 984826, at *6 (N.D. Cal. Feb. 20, 2018) (granting motion to bifurcate trial "such that all issues other than the amount of punitive damages will be addressed in Phase I, and the amount of punitive damages (if any) will be addressed in Phase II"); *Doe v. Rose*, No. CV-15-07503-MWF-JC, 2016 WL 9150617, at *1 (C.D. Cal. July 27, 2016) ("Evidence of Defendants' income, assets, and net-worth could improperly influence the jury's determination of liability and compensatory damages. Separating the trial into two phases would avoid such prejudice to Defendants without significantly delaying the proceedings."); *Norwood v. Children & Youth Servs., Inc.*, No. CV-10-07944-GAF-MANx, 2012 WL 12882757, at *2 (C.D. Cal. July 27, 2012) ("[W]ithout bifurcation, the jury will concurrently hear testimony about Defendant's liability and wealth. Due to . . . the relevance of Defendant's wealth in the punitive damages determination, the potential bias to Defendant weighs in favor of bifurcating the trial." (internal citation omitted)); *Lincoln Benefit Co. v. Frangos*, No. 2:09-CV-1466-RLH-PAL, 2010 WL 3613915, at *2 (D. Nev. Sept. 8, 2010) ("[D]isclosure and presentation of evidence of Plaintiff's net worth, if necessary for the punitive damages portion of the trial, will occur immediately after the trial and verdict in the first portion of the trial."); *Gonzalez v. Cty. of L.A.*, No. 2:07-CV-02064-FMC-RCx, 2009 WL 10691184, at *1 (C.D. Cal. June 9, 2009) ("The Court will bifurcate evidence of defendants' personal net worth, so that in the event the jury returns a verdict which includes findings of conduct supporting punitive damages, a brief second phase will be conducted to present evidence of defendants' worth[.]"); *PMG,*

*Inc. v. Lockheed Martin Idaho Techs. Co.*, No. CV-02-539-E-BLW, 2006 WL 1207609, at *2 (D. Idaho Apr. 27, 2006) ("[T]he Court will bifurcate the issue regarding the amount of punitive damages. The Court has routinely followed this procedure to avoid placing evidence of a defendant's net worth before the jury in the main trial as liability is being considered."); *see also In re Haw. Fed. Asbestos Cases*, 960 F.2d 152 (9th Cir. 1992) (noting that the "most common reason for bifurcating is to exclude evidence of the defendant's wealth or net worth from the compensatory damages phase" (unpublished disposition)).

### 3. Bifurcation Will Not Prolong the Trial or Prejudice Plaintiffs.

Wisconsin's pattern jury instruction on punitive damages sets forth eight factors a jury should consider in determining the amount of punitive damages. *See* WIS JI-CIVIL 1707.2. Noting that many of these factors are also relevant to their case-in-chief, Plaintiffs contend that bifurcation would require that evidence be presented twice, resulting in a prolonged trial and unfair prejudice to Plaintiffs. Doc. 12205 at 6.

But Plaintiffs do not explain why they would need to present any evidence twice. The same jury will determine both liability and damages, and punitive damages will be addressed immediately after the jury's verdict on liability, while evidence from the trial is fresh in the jurors' minds, and after the jury has found that an award of punitive damages is warranted. The only additional evidence in the second phase will concern Defendants' financial condition, and Plaintiff will be free to argue, in light of that new information, for an appropriate punitive damages award. This was the approach used in the Booker trial, and the jury awarded $2 million in punitive damages.

The Court cannot conclude that a bifurcated trial in the Hyde case will result in prejudice to Plaintiffs or a prolonged trial. *See Monroe v. Griffin*, No. 14-CV-00795-WHO, 2015 WL 5258115, at *6 (N.D. Cal. Sept. 9, 2015) (finding that bifurcation would "not raise serious efficiency concerns, as the same jury that decides liability and entitlement to punitive damages may also decide the amount of punitive damages"); *Barker v. Yassine*, No. 2:11-CV-00246-AC, 2016 WL 4264149, at *3 (E.D. Cal. Aug. 15,

2016) (noting that "bifurcation would expedite and economize trial by precluding the presentation of evidence or argument relating to punitive damages unless and until it is necessary").

**III. Conclusion.**

The Court will exercise its discretion under Rule 42(b) and bifurcate the Hyde trial into two phases: determining liability, compensatory damages, and whether punitive damages should be awarded in the first phase and, if necessary, determining the amount of punitive damages in the second phase.

**IT IS ORDERED** that Defendants' motion to bifurcate trial (Doc. 12094) is **granted**.

Dated this 31st day of August, 2018.

*David G. Campbell*
David G. Campbell
Senior United States District Judge