# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC |
| _____ | |
| Lisa Hyde and Mark E. Hyde, a married couple, | No. CV-16-00893-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, | |
| Defendants. | |

The parties have submitted deposition excerpts for the Court's review. This order includes the Court's ruling on objections contained in some of these excerpts. The order will identify objections by the number of the deposition page on which they appear. If more than one objection appears on a page, the order will identify the line on which the objection starts. Where an objection is sustained, the order will identify the page and lines that should be omitted, but if no lines are identified, the objection is sustained with respect to all designated testimony on that page.

A. Dr. Murray Asch.

    1. 28:17 to 30:9 – overruled.

2. 37:9-18 – overruled.
3. 41:22 to 42:10 – overruled.
4. 44:11-17 – overruled.
5. 44:24 to 45:10 – overruled.
6. 46:15-22 – sustained.  Dr. Asch's personal feelings are not relevant.
7. 57 – overruled.
8. 65 – overruled.  See ruling on motions in limine 4 and 5.
9. 67 – overruled.  See ruling on motions in limine 4 and 5.
10. 68 – overruled.  See ruling on motions in limine 4 and 5.
11. 69 – overruled.  See ruling on motions in limine 4 and 5.
12. 70 – overruled.
13. 76 – overruled.
14. 89 – overruled.  See ruling on motions in limine 4 and 5.
15. 90 – overruled.
16. 92 – overruled.
17. 115 – overruled.
18. 116 – overruled.
19. 121:18 to 122:4 – overruled.
20. 122:22-23 – overruled.
21. 123 – overruled.
22. 124:3-5 – sustained.
23. 124:22 to 125:4 – overruled.
24. 126:22 to 127:4 – sustained.  Leading.
25. 127:6-11 – overruled.
26. 127:13-19 – sustained.  Leading.
27. 131:16 to 132:9 – sustained.  Leading.
28. 132:23 to 133:3 – sustained.  Leading.
29. 134:22 to 135:3 – overruled (no objection to the form), but sustained as

leading on 135:6-9.

    30.    150 – overruled.

    31.    161:24 to 162:15 – overruled.

    32.    164:5 to 165:24 – sustained.  What Dr. Asch would like to share with the jury is not relevant.

    33.    170 to 174 – overruled.

    34.    193 – overruled.

    35.    195 – overruled.

    36.    196 – overruled.

    37.    206 – overruled.

    38.    207 – overruled.

    39.    208 – overruled.

B.    Dr. David Henry.

    1.    23 – overruled.

    2.    25 – overruled.

    3.    36 – overruled.

    4.    62 – no objection stated.

    5.    64 – overruled.

    6.    85 – overruled.

    7.    86 – overruled.

    8.    87 – overruled.

    9.    90 to 91 – overruled.

C.    Matthew Fermanich.

    1.    24 – overruled.

    2.    31 – overruled.

    3.    38 to 39 – overruled.

    4.    100:7-16 – sustained.  Rule 403.

    5.    100:17-20 – overruled.

1    6.    103 to 104 – overruled.

2    7.    107:18 to 109:6 – sustained.

3    8.    121 to 123:2 – overruled.

4    9.    123:8-20 – sustained.

5    10.    125:12 to 126:25 – sustained.

6    11.    138 – overruled.

7    12.    140 – overruled.

8    13.    142 to 143 – overruled.

9    14.    152 – overruled.

10    15.    155 to 156 – overruled.

11    16.    163 – overruled.  Bard has argued that the IFU is relevant because what it told doctors about risks is relevant to whether the product was "not reasonably safe" under the Wisconsin statute.  The Court has agreed with this argument in its ruling on MILs 4 and 5.  If Bard is permitted to present evidence about its warnings to doctors as part of its defense to the design defect and negligence claims, then Plaintiff is permitted to present evidence about what warnings Bard did not give.  The Court may at some point need to draw a line on such evidence lest this become a failure to warn trial, but at this point the Court concludes that the evidence is relevant.

19    17.    176 – sustained.

20    18.    189:1-5 – overruled.

21    19.    189:9-13 – sustained.  No question designated.

22    20.    211 – overruled.

23    21.    215:20 to 218:5 – sustained.

24    22.    228 to 229 – sustained.  Rule 602.

25    23.    231 to 232:14 – sustained.  Rule 602.

26    24.    249:13 to 250:23 – sustained.  Here and in paragraphs 25-32 below, the witness lacks personal knowledge regarding the complaint reports he is being shown; much of the testimony consists of the questioner reading from the reports and having the

witness merely confirm that the reading is correct; some of the reports appear to contain hearsay within hearsay; and this testimony crosses the line into presenting a failure to warn claim, which is not part of the upcoming trial. Sustained under Rules 401-403, 602, and 801.

    25.    254:1-4 – sustained.

    26.    254:5 to 256:6 – sustained.

    27.    256:24 to 257:4 – sustained.

    28.    258:9-24 – sustained.

    29.    261:1-6 – sustained.

    30.    261:11 to 262:20 – sustained.

    31.    270:2 to 271:8 – sustained.

    32.    273:23 to 274:2 – sustained.

D.    David Ciavarella.

    1.    40 – overruled.

    2.    42 – overruled.

    3.    44:3-15 – overruled.

    4.    44:17 to 45:7 – overruled.

    5.    54 – overruled.

    6.    94 – overruled.

    7.    99 – sustained. No testimony designated.

    8.    105 – overruled.

    9.    111:18-19 – sustained.

    10.    117 – sustained. Because this case involves either an Eclipse or G2X filter, the Court will exclude evidence of Recovery filter cephalad migrations deaths under Rule 403, for the reasons it excluded the same evidence in the Jones trial. *See In re Bard IVC Filters Prods. Liab. Litig.*, No. CV-16-00782-PHX-DGC, 2018 WL 2124146 (D. Ariz. May 8, 2018); *In re Bard IVC Filters Prods. Liab. Litig.*, No. CV-16-00782-PHX-DGC, 2018 WL 1993767 (D. Ariz. Apr. 27, 2018); *In re Bard IVC Filters Prods. Liab.*

*Litig.*, No. CV-16-00782-PHX-DGC, 2018 WL 1876896, at *2-4 (D. Ariz. Apr. 18, 2018).

11. 120 – General objection based on Lehmann report overruled. Not all questions call for content of Lehmann report. The Court will rule on specific objections.

12. 121 – overruled. These are general discussions about the existence of the Lehmann report, not its contents, and Defendants have not objected to such discussions (see pages 119-120).

13. 122:13 to 123:12 – sustained based on Recovery cephalad migration death evidence. Rule 403.

14. 124 to 125:4 – sustained. Addresses content of Lehmann report, which the Court has found to be protected work product.

15. 125:16 to 130:14 – sustained. Addresses content of Lehmann report, which the Court has found to be protected work product.

16. 131:24 to 134:13 – sustained. Addresses content of Lehmann report, which the Court has found to be protected work product.

17. 135 – overruled.

18. 136:4 to 137:5 – sustained. Addresses content of Lehmann report, which the Court has found to be protected work product.

19. 140 – overruled.

20. 141 – overruled.

21. 144 – overruled.

22. 145:13-146:1 – sustained. Hearsay.

23. 148 – overruled.

24. 151 – no objection.

25. 157-158 – overruled.

26. 165 – overruled, but Defendants cannot introduce 166:6 if they are standing on their objection to the Lehmann report.

E. Asch trial testimony – Plaintiff's hearsay objection appears well-founded, so the

Court will not address objections in the transcript. The parties should be prepared to address use of the Asch trial testimony at the final pretrial conference.

Dated this 4th day of September, 2018.

*David G. Campbell*
David G. Campbell
Senior United States District Judge