James R. Condo (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC |
| Lisa Hyde and Mark Hyde,<br><br>                    Plaintiffs,<br>v.<br>C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation,<br><br>                    Defendants. | **DEFENDANTS' TRIAL BRIEF REGARDING THE ADMISSIBILITY OF DR. ASCH'S FORMER TRIAL TESTIMONY**<br><br>(Assigned to the Honorable David G. Campbell) |

4812-1923-3137

Before trial, Plaintiff's indicated that they will object to Bard's use of Dr. Murray Asch's former trial testimony on the grounds it is inadmissible hearsay that does not qualify under Federal Rule of Evidence 804.  This position is incorrect.  Dr. Asch is unavailable and his testimony in the previous MDL trials was not only given for the very same purpose, it was given in a case involving the same issues, the same judge, and the same counsel.  This testimony is the clearest example of hearsay with special guarantees of trustworthiness since Dr. Asch's former testimony was given during a formal proceeding in *this* courtroom, and was made under oath by a witness subject to cross-examination by *these* attorneys.  As will be shown, Dr. Asch's former testimony is admissible under Federal Rule of Evidence 804.  *See also* C. MCCORMICK, HANDBOOK OF THE LAW OF EVIDENCE § 245, at 581 (2d ed. 1972) (explaining that former testimony does not suffer from most of the defects traditionally associated with hearsay).

First, in order to qualify under Rule 804 as an exception to the rule against hearsay, Dr. Asch must be unavailable.  Fed. R. Evid. 804. "A declarant is considered to be unavailable as a witness if the declarant … is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure" the declarant's attendance.  Fed. R. Evid. 804(a).  Bard has not been able to procure Dr. Asch's attendance by process or any reasonable means.

Here, Dr. Asch resides in Canada and is therefore outside the Court's subpoena power.  *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998 (9th Cir. 2004) (finding that deposition testimony of insurance expert from another case was admissible as testimony of an unavailable witness where expert was outside court's subpoena power and partner of opposing party's attorney had cross-examined the expert at the deposition). Dr. Asch is also an adverse witness who has previously provided expert consulting to Plaintiffs.  *See* Dep. Tr. of Dr. Asch, May 2, 2016, at 48:11-18 (explaining he previously provided expert consulting and a supporting affidavit to Mr. Lopez's firm).  In addition, Dr. Asch charges $5,000 a day to testify. Booker Trial Tr., Mar. 15, 2018, at 370:2.  Thus,

- 1 -

4812-1923-3137

in light of Plaintiff's 804 objection, Bard made an attempt to procure Dr. Asch's attendance by requesting that Plaintiffs make Dr. Asch available to testify live at trial. As shown, Bard took reasonable steps to procure Dr. Asch's attendance. Because these attempts proved futile, Dr. Asch meets the criteria for being unavailable under Fed. R. Evid. 804(a).

Second, the former testimony qualifies as an exception to the rule against hearsay if it: "(A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and (B) is now offered against a party who had--or, in a civil case, whose predecessor in interest had--an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1)(A)-(B). Dr. Asch's testimony "was given as a witness at a trial" and therefore falls squarely within Fed. R. Evid. 804(b)(1)(A). And, the testimony is admissible because *Booker* and *Jones* are predecessors in interest who had an opportunity and similar motive to develop Dr. Asch's former testimony. *See* Fed. R. Evid. 804(b)(1)(B).

A previous party is a predecessor in interest to the present party if it had like motive to develop the testimony about the same material facts. *See Horne v. Owens-Corning Fiberglass Corp.*, 4 F.3d 276, 283 (4th Cir. 1993); *Murphy v. Owens-Illinois, Inc.*, 779 F.2d 340, 343 (6th Cir. 1985); *Lloyd v. Am. Export Lines*, 580 F.2d 1179, 1187 (3rd Cir. 1978). Although the Ninth Circuit stated in dicta that it has not decided whether "the presence of an adversary with the same motive to cross-examine" is sufficient under Federal Rule of Civil Procedure 32, *Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982), District Courts within the Ninth Circuit -- including this Court -- have followed this formulation when deciding whether to admit former testimony under Fed. R. of Civ. P. 32 and Fed. R. of Evid. 804. *See, e.g.*, *Jackson v. ABC Nissan, Inc.*, No. CIV 03-563 PHXSMM, 2007 WL 274315, at *1 (D. Ariz. Jan. 29, 2007) ("The accepted inquiry focuses on whether the prior cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit."); *see also Hynix Semiconductor Inc. v. Rambus*

- 2 -

*Inc.*, 250 F.R.D. 452, 458 (N.D. Cal. 2008) (interpreting Rule 804(b)(1) and stating that "[t]he modern test does not require privity between the current party and the party who participated in the prior proceeding. A previous party having like motive to develop the testimony about the same material facts is a predecessor in interest to the present party." (internal quotation marks and citation omitted)).

Thus, determining whether Rule 804(b)(1)'s predecessor in interest requirement has been satisfied is accomplished if the relationship between the hearsay opponent and the party who previously cross-examined the witness necessarily links the interests of the parties. *See e.g.*, *Dykes v. Raymark Indus., Inc.*, 801 F.2d 810, 816 (6th Cir. 1986) (finding a corporation was the predecessor in interest of an unrelated corporation); *In re Related Asbestos Cases*, 543 F. Supp. 1142, 1147-48 (N.D. Cal. 1982) (finding a factory worker was the predecessor in interest of a shipyard worker employed by an unrelated company involved in the subsequent proceeding); *Lloyd*, 580 F.2d at 1187 (finding the Coast Guard was the predecessor in interest of a private plaintiff).

Here, even though the parties are not identical, the presence of an adversary with the same motive to cross-examine the deponent, coupled with a substantial identity of the issues in the prior action, is sufficient to permit the use of Dr. Asch's prior testimony in this subsequent action. *See e.g.*, *Minyen v. Am. Home Assur. Co*., 443 F.2d 788, 791 (10th Cir. 1971) ("The court in *Insul-Wool* reasoned that testimony adduced in a prior suit may be admissible in a subsequent suit even if the parties are not identical, so long as the issues are so similar that the party-opponent in the prior case had the same interest and motives in his cross-examination that the present opponent has. By this time, the decision in Insul-Wool has become bedrock authority."); *Ikerd v. Lapworth*, 435 F.2d 197, 205 (7th Cir. 1970) ("Although it is generally the rule that a deposition is not admissible as to one not having the opportunity to be represented at its taking, the presence of an adversary with the same motive to cross-examine the deponent and identity of issues in the case in which the deposition was taken with the one in which it is sought to be used provide a well-

- 3 -

4812-1923-3137

recognized exception to the rule."). *See also* C. MCCORMICK, HANDBOOK OF THE LAW OF EVIDENCE § 256, at 620 (2d ed. 1972) (advancing the "similar motive and interest" test).

Moreover, the fairness concern embodied in Rule 804(b)(1), which is a primary factor in interpreting the term 'predecessor in interest,' is satisfied under the facts presented. For one, the manner in which Dr. Asch was previously handled by another party is a non-issue in this context. And, the MDL presents a unique relationship among the bellwether plaintiffs and Bard since the cases involve near identical issues of fact and law and the same attorneys. Thus, the attorneys in all proceedings are similarly motive to develop testimony bearing on the same issues involved in the subsequent proceedings. This unique trial setting makes it fair to bind the present party, Hyde, with her predecessor's examination of the proffered former testimony. Because Dr. Asch's testimony was given under oath and cross-examined by a person whose motive in developing the testimony was similar to that of the person against whom the testimony is being offered, the Court should admit the former testimony.

If Plaintiffs respond that they did not have similar motive to develop the testimony at the former proceedings because of a tactical decision specific to those two trials, this response is unpersuasive as courts have nevertheless admitted such testimony in light of similar objections. *See* Fed. R. Evid. 804, advisory committee's note to 1972 proposed rules ("An even less appealing argument is presented when failure to develop fully was the result of a deliberate choice."). Here, the parties were clearly motived by the same interest as these cases all relate to Bard IVC filters, involve the same attorneys, and implicate common questions of law and fact. This testimony falls squarely within the hearsay exception for former testimony and is therefore admissible. *See* Fed. R. Evid. 804.

In addition, Dr. Asch's former trial testimony should be treated analogously to Dr. Asch's former deposition testimony and thus should be admitted. There is no more

- 4 -

reliable second best testimony than testimony taken at a prior trial involving all of the same lawyers, all of the same issues, and the same judge. Bard should not be limited to use of Dr. Asch's former deposition testimony provided the former deposition testimony is no more reliable than his former trial testimony.

Because Dr. Asch is unavailable, and because his former trial testimony is now offered against a party whose predecessor in interest had an opportunity and similar motive to develop the former testimony, such testimony is admissible. *See* Fed. R. Evid. 804.

### **CONCLUSION**

For the reasons explained above, Defendants respectfully request that this Court admit the former trial testimony of Dr. Asch.

RESPECTFULLY SUBMITTED this 5th day of September, 2018.

                SNELL & WILMER L.L.P.

By: *s/James R. Condo*
    James R. Condo
    One Arizona Center
    400 E. Van Buren
    Phoenix, AZ 85004-2204

            -and-

    Richard B. North, Jr.
    (admitted *pro hac vice*)
    Matthew B. Lerner
    (admitted *pro hac vice*)
    NELSON MULLINS RILEY &
    SCARBOROUGH LLP
    201 17th St., NW, Suite 1700
    Atlanta GA  30363

    *Attorneys for C. R. Bard, Inc.*
    *and Bard Peripheral Vascular, Inc.*

4812-1923-3137

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 5th day of September 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

                                                          *s/James R. Condo*
                                                              James R. Condo

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

4812-1923-3137