**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, <br> _____ <br> Lisa Hyde and Mark E. Hyde, a married couple, <br>     Plaintiffs, <br> v. <br> C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, <br>     Defendants. | No. MDL 15-02641-PHX-DGC <br><br><br> No. CV-16-00893-PHX-DGC <br><br> **ORDER** |

The case brought by Plaintiffs Lisa and Mark Hyde is set for a bellwether trial on September 18, 2018. Defendants seek to admit testimony that Dr. Murray Asch – their former consultant in a study of Bard filters – gave in the Booker and Jones trials earlier this year. Doc. 12388 at 46. Plaintiffs object, arguing that the previous trial testimony is hearsay and Defendants cannot satisfy the requirements of Rule 804. The Court agrees.

Dr. Asch's testimony in the Booker and Jones trials constitutes hearsay because it consists of statements Dr. Asch made while not testifying in the current trial, offered for the truth of the matters asserted. Fed. R. Evid. 801(c). Defendants contend that the testimony is admissible as "former testimony" under Rule 804(b)(1). Doc. 12388 at 46. To satisfy this hearsay exception, Defendants must show, among other things, that

Dr. Asch is unavailable as a trial witness because they have "not been able, by process or other reasonable means, to procure . . . [his] attendance[.]" Fed. R. Evid. 804(a)(5). Defendants bear the burden of showing that Dr. Asch is unavailable under this standard. *See United States v. Eufracio-Torres*, 890 F.2d 266, 269 (10th Cir. 1989) ("the proponent of the evidence bears the burden of demonstrating the unavailability of [the] declarant") (citing *Roberts*, 448 U.S. at 65); *see Kirk*, 61 F.3d at 165 (same); *Moore v. Miss. Valley State Univ.*, 871 F.2d 545, 552 (5th Cir. 1989) ("the burden is on the offering party" to satisfy Rule 408(a)(5)).

Dr. Asch lives and works in Canada. He is beyond the Court's subpoena power. *See* Fed. R. Civ. P. 45(c)(1)(A). This portion of the Rule 804(a)(5) standard is satisfied. The key question, then, is whether Defendants attempted to procure his attendance at trial through "other reasonable means." Fed. R. Evid. 804(a)(5). Defendants argue that Dr. Asch has appeared at previous trials as Plaintiffs' witness; Defendants asked Plaintiffs to make Dr. Asch available for this trial and Plaintiffs declined; Dr. Asch charges $5,000 a day to testify; and Plaintiffs themselves are asserting that Dr. Asch is unavailable for purposes of using his deposition under Federal Rule of Civil Procedure 32(a)(4). After considering each of these arguments, the Court concludes that Defendants have not met their burden.

Rule 804(a)(5) "places the duty on the proponent of the hearsay statement to attempt to secure the attendance of the person making the statement." *United States v. Vasquez-Ramirez*, 629 F.2d 1295, 1297 (9th Cir. 1980) (rejecting the government's assertion that the witness was unavailable for trial because the defendant could have subpoenaed the witnesses but did not). Defendants made no attempt to contact Dr. Asch directly and request his attendance at trial. Defendants contend that any attempt on their part to secure his presence at trial would have been futile, but the Supreme Court has instructed that "the possibility of a refusal is not the equivalent of asking and receiving a rebuff." *Barber v. Page*, 390 U.S. 719, 724-25 (1968) (citation omitted). "The advisory committee's note to Rule 804(a)(5) refers to *Barber* . . . as the standard for the

reasonableness of efforts to obtain non-resident witnesses, and *Barber* holds that a [proponent] may not omit making a request just because the answer is not a sure thing." *United States v. Kehm*, 799 F.2d 354, 360 (7th Cir. 1986); *see Ohio v. Roberts*, 448 U.S. 56, 74 (1980) (noting that the law does not require the doing of a futile act, such as attempting to procure the attendance of a witness who has died, but if there is a possibility, albeit remote, that affirmative measures might produce the declarant, then good faith efforts may be required), *abrogated on other grounds by Crawford v. Washington*, 541 U.S. 36 (2004).

Defendants note that Dr. Asch charges $5,000 a day to testify, but Defendants do not claim that this amount is unreasonable or unaffordable, and many other witnesses have been paid comparable amounts in this case. Nor have Defendants otherwise shown that the fee is a basis for finding Dr. Asch unavailable under Rule 804(a)(5). *See Kirk*, 61 F.3d at 165 ("Kirk made no independent attempt to contact Dr. Burgher, offer him his usual expert witness fee, and request his attendance at trial. Because Dr. Burgher was never even as much as contacted, Kirk has failed to prove that she used 'reasonable means' to enlist his services.").

Plaintiffs intend to present Dr. Asch's deposition testimony at trial under Rule 32 of the Federal Rules of Civil Procedure, which they can do only if he is unavailable. Defendants argue that if Dr. Asch is unavailable to Plaintiffs under Rule 32(a)(4), then he likewise is unavailable to Defendants under Rule 804(a)(5). But the standards of the two rules are not the same. Rule 32 is an "independent exception" to the hearsay rule; it does not rely on Rule 804. *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 914 (9th Cir. 2008) (citing Fed. R. Evid. 802 advisory committee's note (identifying Rule 32(a) as one of the "other rules" that allows for the admission of hearsay); *Fletcher*, 895 F.3d at 1020 (citing *Nationwide* and noting that decisions from around the country have concluded that Rule 32(a) operates as an independent exception to the hearsay rule). A witness is unavailable under Rule 32(a)(4) simply if he is more than 100 miles from the place of trial or outside the United States. Fed. R. Civ. P. 32(a)(4)(B), (D). Unlike Rule

804(a)(5), Rule 32(a)(4) "does not require 'the party seeking to admit the deposition testimony to show that it was unable to procure the attendance of the [witness] through 'process or other reasonable means.'" *Carey v. Bahama Cruise Lines*, 864 F.2d 201, 204 n.2 (1st Cir. 1988); *see Nationwide*, 541 F.3d at 914 ("[B]ecause [the deposition] testimony properly was admitted under Rule 32(a)(4)(B), it need not also meet the requirements for admissibility set forth in Rule 804[.]"); *Fletcher v. Tomlinson*, 895 F.3d 1010, 1020 (8th Cir. 2018) (same). Thus, the fact Dr. Asch is unavailable for purposes of Rule 32(a)(4) does not mean that he is unavailable for purposes of Rule 804(a)(5).[1]

In short, Defendants have not shown that Dr. Asch is unavailable under Rule 804. Many other cases have reached similar conclusions. *See United States v. Pena-Gutierrez*, 222 F.3d 1080, 1086 (9th Cir. 2000) (holding that a foreign witness was not unavailable where the government had his name and address but made no effort to contact him in his native country); *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1004 (9th Cir. 2002) (the proponent failed to show that the witness was unavailable where he proffered no evidence that the witness refused or was unable to testify); *Kirk*, 61 F.3d at 165 (district court abused its discretion in admitting prior trial testimony where there was no evidence of reasonable means employed by the proponent to procure the witness's attendance); *Glob. Med. Sols., Ltd. v. Simon*, No. CV-12-04686-MMM-JCX, 2013 WL 12065418, at *12 n.114 (C.D. Cal. Sept. 24, 2013) (finding Rule 804 not applicable where the proponents did not try to obtain the witness's attendance); *see also Rodriguez v. Hayman*, No. CIV. 08-4239 RBK/KMW, 2013 WL 1222644, at *2 (D.N.J. Mar. 25, 2013) (noting that whether a party used reasonable means to locate a witness is generally left to the

---

[1] Defendants suggested at the final pretrial conference that Plaintiffs' failure to arrange for Dr. Asch's attendance at trial means that his absence "was procured by the party offering the deposition" within the meaning of Rule 32(a)(4). If true, this would prevent Plaintiffs from using Dr. Asch's deposition at trial, but it would not authorize Defendants' use of his prior trial testimony under Rule 804. In addition, the Court cannot conclude that Plaintiffs "procured" Dr. Asch's absence simply by not arranging for him to attend trial. Cases have held that "procuring absence" requires active steps and not just "doing nothing to facilitate presence." *See Carey*, 864 F.2d at 204; *Wal-Mart Stores, Inc. v. Cuker Interactive, LLC*, No. 5:14-CV-5262, 2017 WL 1312968, at *2 (W.D. Ark. Apr. 5, 2017) (citing cases).

district court's discretion and "the touchstones of 'reasonable means' under Rule 804(a)(5) are variation and repetition") (citations omitted).[2]

At the final pretrial conference, Defendants also argued that Dr. Asch's trial testimony is admissible under Rule 807, the residual hearsay exception. That rule requires, however, that the offered evidence be "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a)(3). Defendants asserted that this requirement is satisfied, but they did not explain why, and the Court cannot conclude that Dr. Asch's previous trial testimony is more probative than other reasonably available evidence. Dr. Asch was deposed by Defendants and Plaintiffs before trial, and his deposition spans more than 200 pages. Additionally, his deposition testimony was videotaped and would permit the jury to view and assess his demeanor, unlike the prior trial testimony that would be available only through a written transcript to be read to the jury. What is more, various other witnesses and documents concern the study Dr. Asch conducted of Bard filters and could be presented in support of positions Defendants wish to make. The Court accordingly cannot conclude that Defendants have satisfied the requirement of Rule 807(a)(3).

**IT IS ORDERED** that Dr. Asch's prior trial testimony is inadmissible hearsay in the Hyde trial.

Dated this 13th day of September, 2018.

David G. Campbell
Senior United States District Judge

---

[2] Given this ruling, the Court need not decide whether Booker and Jones were predecessors in interest who had an opportunity and similar motive to develop Dr. Asch's testimony. *See* Fed. R. Evid. 804(b)(1)(B).