**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation,<br>_____<br>Lisa Hyde and Mark E. Hyde, a married couple,<br>    Plaintiffs,<br>v.<br>C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation,<br>    Defendants. | No. MDL 15-02641-PHX-DGC<br><br>No. CV-16-00893-PHX-DGC<br><br>**ORDER** |

The case brought by Plaintiffs Lisa and Mark Hyde is set for a bellwether jury trial on September 18, 2018. Defendants seek reconsideration of the Court's summary judgment ruling that Wisconsin's product liability statute, Wis. Stat. § 895.047, does not create a rebuttable presumption that the Bard IVC filter is not defective. Doc. 12007 at 10-12. The issue was addressed by the parties in their trial briefs and proposed jury instructions, and discussed at the final pretrial conference held on September 6, 2018. *See* Docs. 12358 at 11-14, 12438 at 49, 12400 at 11-12. Defendants stated in their trial brief that the issue warrants more detailed briefing (Doc. 12358 at 13), but made clear at the pretrial conference that the materials submitted are sufficient. For the reasons stated

below, the Court will deny Defendants' request for reconsideration.

Section 895.047(3)(b) creates a rebuttable presumption that a product is not defective if it complied with "relevant standards, conditions, or specifications adopted or approved by a federal or state law or agency[.]" Defendants argued in their summary judgment motion that the design of the Bard filter and the warnings provided with the device are presumed to be non-defective because Bard complied with the FDA's 510(k) process. Doc. 7359 at 12. The Court rejected this argument because 510(k) review focuses on equivalence, not safety. Doc. 12007 at 11. The Court noted that Defendants had cited no legal authority for the proposition that the presumption applies even if the government standard is not safety. *Id.* at 12 n.4.

Defendants' recent briefing relies on *Kilty v. Weyerhaeuser Co.*, No. 16-CV-515-WMC, 2018 WL 2464470 (W.D. Wis. June 1, 2018), a decision issued after summary judgment briefing was complete. Defendants argue that it would be incorrect to conclude that only safety regulations are entitled to the presumption of non-defectiveness under § 895.047(3)(b), but *Kilty* did not consider this issue. The regulations in *Kilty* were safety standards – regulations enacted by the National Institute of Occupational Safety and Health and the U.S. Bureau of Mines concerning the performance and quality of respiratory equipment used to protect workers against asbestos exposure. 2018 WL 2464470, at *3 (discussing regulations set forth in 30 C.F.R. 11 *et seq.*); *see also Commercial Union Ins. Co. v. United States*, No. CIV.A. 87-3913, 1988 WL 92081, at *1 (E.D. La. Aug. 19, 1988) (explaining that "Title 30 of the Code of Federal Regulations establishes a schedule for testing to insure compliance with safety standards").

The fact that the safety standards in *Kilty* were sufficient to meet § 895.047(3)(b)'s "relevant standards" requirement, Defendants contend, "does not mean that 'safety' is a necessary condition under the statute." Doc. 12358 at 12 n.17. But *Kilty* does not address this issue one way or the other, and Defendants cite no authority holding that the Wisconsin presumption arises from non-safety regulations. Surely the statute's reference to "*relevant* standards, conditions, or specifications" requires some connection to the

alleged defect. Wis. Stat. § 895.047(3)(b) (emphasis added). For example, it would make no sense to hold that an auto manufacturer's compliance with federally-promulgated fuel efficiency standards gives rise to a presumption of non-defectiveness in a roll-over case where the plaintiff claims that the car's suspension was defective. *Kilty*'s reliance on federal regulations that clearly concerned the safety of respiratory equipment does nothing to suggests that this Court erred when it held that Defendants' compliance with the 510(k) process does give rise to the statutory presumption. As the Court noted in its summary judgment ruling, other cases specifically have held that § 895.047(3)(b) creates no rebuttable presumption for medical devices cleared under 510(k) review because that review does not concern the safety of the product. *See Hall v. Boston Sci. Corp.*, No. 2:12-CV-08186, 2015 WL 874888, at *2 (S.D. W. Va. Feb. 27, 2015) ("510(k) is not a 'relevant standard' here. Section 895.047 concerns whether a defect rendered the product 'unreasonably dangerous,' § 895.047(1), and, as the Supreme Court has held, 510(k) compliance does not go to the safety of a product."); *Williams v. Boston Sci. Corp.*, No. 2:12-CV-02052, 2016 WL 1448860, at *3 (S.D. W. Va. Apr. 12, 2016) (same). The Court continues to find these cases persuasive.[1]

Defendants argue that whether the presumption applies in this case, and whether Plaintiffs have overcome it, are questions of fact for the jury to decide. Doc. 12358 at 13 n.18. Defendants cite language from the Wisconsin model jury instruction, Wis JI-Civil § 3260.1, stating that the jury "must resolve this conflict." *Id.* But the "conflict" referred to is not whether the rebuttable presumption has arisen, but whether it has been overcome. *See* Doc. 12438 at 49 (quoting Wis JI-Civil § 3260.1 ("There was evidence received that at the time of sale, the product complied in material respects with relevant standards . . . adopted or approved by a federal or state law or agency. From this

---

[1] Defendants contend that it would be unfair for Plaintiffs to argue that Defendants are liable for negligence per se based on violations of the "safety" standards set forth in FDCA and its implementing regulations if Defendants are precluded from relying on the same standards for purposes of § 895.047(3)(b). Doc. 12358 at 13. This issue is moot because the Court has entered judgment in favor of Defendants on the negligence per se claim. Doc. 12589.

evidence, a rebuttable presumption arises that the product was not defective. However, there is also evidence which may be believed by you that the product is defective. You must resolve this conflict.")). Whether a defendant complied in material respects with the government standard may also create a triable issue of fact. *See Merryfield v. KLI, Inc.*, No. 17-C-742, 2018 WL 4178178, at *4 (E.D. Wis. Aug. 30, 2018) (denying summary judgment in part because the jury reasonably could find that the product was not made according to government specifications).

But whether the government standard is one from which a rebuttable presumption may arise in the first instance – that is, whether it is a "relevant" standard for purposes of § 895.047(3)(b) – is a question of law for the court. *See Williams*, 2016 WL 1448860, at *3 (finding as a matter of law that § 895.047(3)(b) creates no presumption of non-defectiveness for medical devices cleared under 510(k) review because that review does not concern the safety of the product); *Kilty*, 2018 WL 2464470, at *3 (finding that the presumption arose where the government issued specific safety regulations and certified the manufacture's compliance). Addressing that question of law, the Court again concludes that the 510(k) process, which looked at substantial equivalence rather than safety, and did not otherwise approve or certify the design of the Bard filter, is not a relevant standard for purposes of the presumption in § 895.047(3)(b). The Court will not instruct the jury that the presumption exists in this case.

**IT IS ORDERED** that Defendants' request for reconsideration (Doc. 12358 at 11-14) is **denied**.

Dated this 13th day of September, 2018.

David G. Campbell
Senior United States District Judge

- 4 -