James R. Condo (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
kgallardo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE RE: SNF CASES**<br><br>(Assigned to the Honorable David G. Campbell) |

In their recently filed Amended Notice re: Status of SNF Cases (Doc. 12356), the Plaintiffs reveal that roughly 39 individual cases involving the Simon Nitinol Filter will be seeking remand to their transferor jurisdictions. The Defendants object to the remand of those cases, and ask this Court to delay remand pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") as to whether this MDL should be expanded to include those cases or a separate MDL should be created to centralize discovery in those cases.

As this Court has previously recognized (Doc. 11659 at 4), the JPML's original order creating MDL No. 2641 contemplated the transfer of cases involving Bard's "retrievable" filters. By definition, that transfer order therefore did not include Bard's Simon Nitinol Filter, which is a permanent filter that cannot be percutaneously retrieved. Nonetheless, almost 100 plaintiffs filed lawsuits in this MDL involving the Simon Nitinol Filter. Only limited discovery, however, has been conducted in this MDL concerning the Simon Nitinol Filter. Further, none of the Plaintiffs' expert witnesses have alleged a defect in the Simon Nitinol Filter. To the contrary, a number of the Plaintiffs' experts laud the permanent filter, and tout it as a "reasonable alternative design."

Given those circumstances, Bard raised at an earlier conference what should be done with the approximately 100 cases involving that filter. The Plaintiffs recently indicated that the majority of those plaintiffs would simply dismiss their cases, but 39 plaintiffs are insisting on maintaining their actions, and seeking remand to their individual transferor courts. Bard therefore faces the specter of having to do repetitive discovery in 39 individual cases, in multiple jurisdictions throughout the country.

Such a scenario is antithetical to the purposes of an MDL – to serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. *See* 28 U.S.C. § 1407(a). The JPML has consistently held that "[c]entralization will eliminate duplicative discovery, avoid inconsistent pretrial rulings (including with respect to discovery, privilege, and *Daubert* motion practice), and conserve the resources of the parties, their counsel and the judiciary." *In re: Bard IVC Filters Prod. Liab. Litig.*,

122 F. Supp. 3d 1375, 1376 (J.P.M.L. 2015); *see also In re Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.*, 883 F. Supp. 2d 1355, 1356 (J.P.M.L. 2012) ("Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary"); *In re DePuy Orthopaedics, Inc.*, 753 F. Supp. 2d 1378, 1379 (J.P.M.L. 2010) ("Centralization under Section 1407 will eliminate duplicate discovery, prevent inconsistent trial rulings on discovery and other issues, and conserve the resources of the parties, their counsel and the judiciary").

It is beyond dispute that like the actions pending in this MDL, "there will be significant overlaps in factual issues, parties, and claims," as well as discovery, in these 39 cases. *In re Generic Digoxin & Doxycycline Antitrust Litig.*, 222 F. Supp. 3d 1341, 1343 (J.P.M.L. 2017). "The actions likely will involve overlapping discovery concerning many of the same scientific studies, common expert witness issues, and duplicative pretrial motions." *In re Viagra (Sildenafil Citrate) Prod. Liab. Litig.*, 224 F. Supp. 3d 1330, 1332 (J.P.M.L. 2016). Moreover, "the same witnesses are likely [to be] subject to discovery across all actions." *In re Generic Digoxin & Doxycycline Antitrust Litig.*, 222 F. Supp. 3d at 1343. "Even if plaintiffs' counsel [] successfully coordinat[e] their discovery efforts and scheduling, re-litigation of the same issues in different courts [will] significantly impact[] the parties and the judiciary." *In re: Bard IVC Filters Prod. Liab. Litig.*, 122 F. Supp. 3d at 1376. Thus, "[c]oordination of common discovery will be essential to avoiding duplication and inconvenience to the parties, witnesses, and the courts," as well as preventing the "significant risk of inconsistent rulings regarding the scope of discovery" and other pretrial matters. *In re Generic Digoxin & Doxycycline Antitrust Litig.*, 222 F. Supp. 3d at 1343.

Given the benefits that coordinated pre-trial discovery would provide for the Simon Nitinol cases, the Defendants would like to ask the JPML to either expand the scope of the present MDL to include those cases or create a new MDL solely for the Simon Nitinol cases. The JPML certainly has the authority to expand the scope of MDL 2641 to include

the Simon Nitinol cases. *See, e.g. In re Generic Digoxin & Doxycycline Antitrust Litig.*, 222 F. Supp. 3d at 1343-44 (expanding scope of MDL 2724 beyond generic digoxin and doxycycline to include these and other generic drugs allegedly subject to similar and overlapping price fixing conspiracies); *In re Viagra (Sildenafil Citrate) Prod. Liab. Litig.*, 224 F. Supp. 3d at 1332 (expanding scope of MDL No. 2691 to include both Viagra and Cialis products). Alternatively, if this Court would prefer not to accept an expanded MDL at this juncture, or if the JPML were to determine that this MDL is too far advanced to be expanded, the Panel would then have the authority to create a new MDL for those cases. *See, e.g.*, *In re: Coloplast Corp. Pelvic Support Sys. Prod. Liab. Litig.*, 883 F. Supp. 2d 1348, 1350 (J.P.M.L. 2012).

For those reasons, the Defendants ask that this Court delay any remand of the Simon Nitinol Filter cases. Following the completion of the Hyde trial that is ongoing, the parties can then meet and confer as to whether they can agree on a joint request to the JPML regarding the handling of those cases, either through an expansion of this MDL or the creation of a new one. The Defendants would contemplate filing a motion with the Panel by November 1, 2018, either jointly with the Plaintiffs or solely on behalf of the Defendants, depending on whether the parties could reach an agreement.

RESPECTFULLY SUBMITTED this 21st day of September, 2018.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
kgallardo@swlaw.com

**Attorney for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of September 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

s/Richard B. North, Jr.<br>
Richard B. North, Jr.