IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No.  MDL15-2641 PHX DGC |
| _____ | |
| Lisa Hyde and Mark Hyde, a married couple, | |
| Plaintiffs, | No. CV16-0893 PHX DGC |
| v. | |
| C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, | |
| Defendants. | |

**COURT'S PROPOSED PRELIMINARY JURY INSTRUCTIONS**

DATED:  September 6, 2018

_____
David G. Campbell
United States District Judge

### 1.3  DUTY OF JURY (COURT READS INSTRUCTIONS AT THE BEGINNING OF TRIAL BUT DOES NOT PROVIDE WRITTEN COPIES)

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

## 1.5  CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This is a personal injury case against a medical product manufacturer.

Plaintiffs are Lisa Hyde and her husband, Mark Hyde.  Mrs. Hyde is a 54 year old woman who had a Bard filter placed in her inferior vena cava ("IVC"), the vein that carries blood back to the heart.  An IVC filter is intended to catch blood clots before they reach the heart or lungs.  Defendants C.R. Bard, Inc. and Bard Peripheral Vascular designed, manufactured, and sold the Bard filter.

Plaintiffs claim that the Bard filter was defectively and negligently designed. They allege that Mrs. Hyde was injured by the filter, and they seek to recover money from Defendants to compensate for her injuries and for Mr. Hyde's loss of consortium. Plaintiffs also seek damages to punish Defendants for their allegedly wrongful conduct.

Defendants deny that their filter was defectively or negligently designed. Defendants assert that they are not responsible for any injuries or damages suffered by Plaintiffs.

### 1.8  TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS

Although there are two defendants in this case, C.R. Bard, Inc. and Bard Peripheral Vascular, Inc., you should decide the case as to the two defendants jointly.  As a result, in these instructions and often during trial, I will refer to defendants collectively as "Bard."  Unless otherwise stated, the instructions apply to both Bard and Plaintiffs.

### 1.9  WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

## 1.10  WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.  Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.  Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## 1.11  EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

## 1.12  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## 1.13  RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## 1.14  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.     the opportunity and ability of the witness to see or hear or know the things testified to;

2.     the witness's memory;

3.     the witness's manner while testifying;

4.     the witness's interest in the outcome of the case, if any;

5.     the witness's bias or prejudice, if any;

6.     whether other evidence contradicted the witness's testimony;

7.     the reasonableness of the witness's testimony in light of all the evidence; and

8.     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## 1.15  CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

## 1.17  NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

## 1.18  TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you.  When you leave, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

## 1.20  BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## 1.21  OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## 2.2 STIPULATIONS OF FACT (?)

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you].  You must therefore treat these facts as having been proved.

## 2.4  DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [*name of witness*] was taken on [*date*].  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

## 2.9 IMPEACHMENT EVIDENCE – WITNESS

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## 2.11 USE OF INTERROGATORIES

Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

## 2.12 USE OF REQUESTS FOR ADMISSION

Evidence will now be presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

## 2.13 EXPERT OPINION

You are about to hear testimony from [*name*] who will testify to opinions and the reasons for his/her opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## 2.14 CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE (?)

Certain charts and summaries not admitted into evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

### 2.15 CHARTS AND SUMMARIES RECEIVED IN EVIDENCE (?)

Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.