James R. Condo (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC |
| Lisa Hyde and Mark Hyde,<br><br>                Plaintiffs,<br>v.<br>C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation,<br><br>                Defendants. | **DEFENDANTS' STATEMENT OF AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW ON ALTERNATIVE DESIGN**<br><br>(Assigned to the Honorable David G. Campbell) |

# STATEMENT OF AUTHORITITES

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard"), submit the following statement of authorities in support of its oral motion for judgment as a matter of law.

## I.   Legal Standard

When a plaintiff fails to present admissible evidence to support her claim, judgment as a matter of law is appropriate. *See Peralta v. Dillard*, 744 F.3d 1076, 1088 (9th Cir. 2014) (affirming judgment as a matter of law where plaintiff fails to present sufficient evidence to support claim). "A judgment as a matter of law is proper when the evidence permits only one reasonable conclusion" such as when plaintiff fails to prove an "indispensable element" of her cause of action. *See Crowe v. Wiltel Commc'ns Sys.*, 103 F.3d 897, 899-900 (9th Cir. 1996) (affirming judgment under Rule 50 where plaintiff failed to introduce any evidence of publication in support of her defamation claim). Moreover, judgment as a matter of law is also appropriate where a claim suffers from "inadequate proof" or proof that is inadmissible. *Montiel v. City of Los Angeles*, 2 F.3d 335, 343 (9th Cir. 1993) (affirming grant of judgment as a matter of law where only evidence of claim was inadmissible as unreliable hearsay). "The evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party." *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205–06 (9th Cir. 2008) (quotation omitted).

## II.   The Wisconsin Product Liability Statute

Pursuant to Wisconsin Statute 895.047(1)(a) (the "Wisconsin Statute"), in order for a manufacturer to be held strictly liable for a defective design, the plaintiff bears the burden of proving that "the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the manufacturer and the omission of the alternative design renders the product not reasonably safe." The plaintiff also bears the burden of proving that "the defective condition was a cause of the claimant's damages." *Id.* ¶ (e). *See also, In re Zimmer*

1  *Nexgen Knee Implant Prod. Liab. Litig.*, 218 F. Supp. 3d 700, 725–26 (N.D. Ill. 2016), *aff'd sub nom. In re Zimmer, NexGen Knee Implant Prod. Liab. Litig.*, 884 F.3d 746 (7th Cir. 2018) (The deficiencies in Plaintiffs' design defect claim similarly doom their claim of negligent design….[because] Plaintiffs have failed to produce evidence of a safer alternative design.").

**III.  Different Products Are Not Safer Alternative Designs**

Two New York Federal Courts, in cases involving two different IVC filter manufacturers, recently held that a retrievable IVC filter was not a reasonable alternative to a permanent filter.  *See Oden v. Boston Sci. Corp.,* No. CV180334SJFSIL, 2018 WL 3102534 (E.D.N.Y. June 4, 2018).  Applying the Restatement Third under New York law, the *Oden* court dismissed the plaintiff's complaint, holding that "[A] permanent filter . . . is not comparable to a retrievable filter, since the design and purpose of these two products is different.".  *Id.* at *5.  *See also, Quintana v. B. Braun Med. Inc.*, No. 17-CV-06614 (ALC), 2018 WL 3559091, at *5, n. 5 (S.D.N.Y. July 24, 2018) ("[A]ssuming such a requirement [for an alternative design at the pleading stage] is appropriate, it is clear that a retrievable filter, the only alternative design Plaintiff alleges, is not an appropriate comparator."); *Tyler v. Boston Sci. Corp.*, No. 17 C 9170, 2018 WL 2220531, at *3 (N.D. Ill. May 15, 2018) (conversely permitting the plaintiff to get past the pleading stage, but noting that "[i]t would appear that Tyler's theory of a design defect [in a permanent filter] based on the existence of an alternative retrievable filter fails under this test [requiring the plaintiff to show the product did not 'perform as expected in light of its nature and intended function'], where the Greenfield filter is intended to function as a permanently implanted device"). As the Fifth Circuit explained in an implantable medical device case, positing a substantially different alternative to the product used goes not to the reasonableness of the design, but rather to the physician's choice of treatment for the patient:

> [The plaintiff] therefore argues that other products that do not use pedicle screws should be considered as alternative designs. . . .   Underlying this

- 2 -

> argument is the assumption that all pedicle screws are defective and there can be no system using pedicle screws that would be an acceptable product. The problem with this argument is that it really takes issues with the choice of treatment made by [the plaintiff's] physician, not with a specific fault of the pedicle screw sold by [the defendant].

*See Theriot v. Danek Med., Inc.*, 168 F.3d 253, 255 (5th Cir. 1999).

In the context of pharmaceuticals and medical devices, courts similarly reject the argument that a plaintiff can meet her burden on reasonable alternative design with evidence of different products. *See, e.g.*, *Robertson v. AstraZeneca Pharms., L.P.*, No. CIV.A. 15-438, 2015 WL 5823326, at *4 (E.D. La. Oct. 6, 2015) (applying Louisiana law) (dismissing the plaintiff's design defect claim where she "failed to demonstrate the existence of a specific alternative design" and instead alleged that "numerous" over-the-counter and prescription medicines "could have been used to treat her symptoms" because "the existence of alternative products does not demonstrate the existence of a specific alternative design"); *Simon v. Smith & Nephew, Inc.*, 990 F. Supp. 2d 395, 405 (S.D.N.Y. 2013) (applying New York law) (holding that the plaintiff's allegation that "other hip manufacturers" had designed a hip-replacement system that "did not create metal-on-metal interactions" was insufficient to show whether a reasonable alternative design existed for the hip-replacement system at issue); *Massa v. Genentech, Inc.*, No. H-11-70, 2012 WL 956192 (S.D. Tex. Mar. 19, 2012) (applying Texas law) (holding that the plaintiff failed to establish alternative design by pointing to the existence of "competitive" products, even though the competitive products served "the same general purpose as the allegedly defective product"—because an alternative design must be for the same product rather than "a substantially different product").

For example, in *Massa*, the plaintiff attempted to establish a safer alternative design for a psoriasis treatment by pointing to "the existence of a number of competitive psoriasis treatments" on the market. *Id.* at *7. The plaintiff's theory was that, based on the existence of the competitors' treatments, "Defendants always had the option of using an alternative chemical compound." *Id.* The court rejected this theory, reasoning that

- 3 -

"competitive" products are not reasonable alternative designs because they are, at bottom, different products: "A plaintiff cannot demonstrate the existence of a safer alternative design by pointing to a substantially different product, even when the other product has the same general purpose as the allegedly defective product. A safer alternative design must be one for the product at issue, not a different product." *Id.*

That the allegedly alternative design serves a similar purpose does not change the result. *See Brockert v. Wyeth Pharmaceuticals, Inc.*, 287 S.W.3d 760, 770–71 (Tex. App. 2009) (explaining that "a plaintiff cannot prove that a safer alternative design exists by pointing to a substantially different product, *even when the other product has the same general purpose as the allegedly defective product*") (emphasis added); *Pinello v. Andreas Stihl AG & Co.*, No. 8:08-CV-00452, 2011 WL 1302223, at *15 (N.D.N.Y. Mar. 31, 2011) (applying New York law) (characterizing a stationary saw as "an entirely different type of tool" or "an entirely different product" from a handheld saw and thus did not constitute evidence of an alternative design); *Torkie-Tork v. Wyeth*, 739 F. Supp. 2d 895, 900 (E.D. Va. 2010) (applying Virginia law) (rejecting the plaintiff's argument that a drug using a natural active ingredient could serve as an alternative design for a drug using a synthetic active ingredient, although both drugs would serve the same purpose, because "an alternative design must not be an altogether essentially different product."); *Kimball v. RJ Reynolds Tobacco Co.*, No. C03-664JLR, 2006 WL 1148506, at *3 (W.D. Wash. April 26, 2006) (applying Washington law) (holding that the plaintiff "cannot point to an entirely different product as an alternative design"); *Hosford v. BRK Brands, Inc.*, 223 So.3d 199, 208 (Ala. 2016) (holding that the plaintiff failed to establish a safer alternative design for an ionization smoke alarm by pointing to the existence of a dual-sensor smoke alarm because a plaintiff cannot rely on "a design for a different, albeit similar product, even if it serves the same purpose").

## IV. Alternative Designs Considerations

Wisconsin courts have found alternative design evidence insufficient when "proposed designs are theoretical only and not supported with any data, testing or analysis to show their efficacy or feasibility in general, much less that they would have made any difference in any of the instant cases." *Am. Family Mut. Ins. Co. v. Electrolux Home Prod., Inc.*, No. 11-CV-678-SLC, 2014 WL 2893179, at *6 (W.D. Wis. June 26, 2014). The Electrolux court, in analyzing an allegedly defective dryer, required additional factors:

> Includ[ing], but [] not limited to, the degree to which the alternative design is compatible with existing systems and circuits; the relative efficiency of the two designs; the short- and long-term maintenance costs associated with the alternative design; the ability of the purchaser to service and to maintain the alternative design; the relative cost of installing the two designs; and the effect, if any, that the alternative design would have on the price of the machine. Many of these considerations are product- and manufacturer-specific, and most cannot be determined reliably without testing.

*Id.* (*quoting Cummins v. Lyle Industries*, 93 F.3d 362, 368 (7th Cir.1996)). *See also, Below by Below v. Yokohama Tire Corp.*, No. 15-CV-529-WMC, 2017 WL 888835, at *3 (W.D. Wis. Mar. 3, 2017) (holding that the plaintiff's expert "may testify as to his specialized knowledge regarding the benefit of [the alternative design] and the use of [the alternative design] in the tire industry, but plaintiffs must introduce other evidence regarding the process for and cost of manufacturing [the alternative design] in support of their strict liability and negligent design defect claims from other witnesses at trial) (citing Wis. Stat. § 895.047).

//
//
//
//
//

- 5 -

RESPECTFULLY SUBMITTED this 28th day of September, 2018.

s/ *Richard B. North, Jr.*
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#027360)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
asheridan@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of September, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

                                            s/Richard B. North, Jr.
                                            Richard B. North, Jr.

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000