# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

IN RE:  Bard IVC Filters Products
Liability Litigation,

No.  MDL15-2641-PHX-DGC

———————————————————

Lisa Hyde and Mark E. Hyde, a married
couple,

No. CV-16-00893-PHX-DGC

                    Plaintiffs,

v.

C. R. Bard, Inc., a New Jersey corporation;
and Bard Peripheral Vascular, Inc., an
Arizona corporation,

                    Defendants.

## JURY INSTRUCTIONS

DATED:  October 3, 2018

_____

David G. Campbell
United States District Judge

## INSTRUCTION NO. 1

Members of the Jury:  Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done as indicating that I have an opinion regarding the evidence or what your verdict should be.

## INSTRUCTION NO. 2

Although there are two defendants in this case, C.R. Bard, Inc. and Bard Peripheral Vascular, Inc., you should decide the case as to the two defendants jointly.  As a result, in these instructions and in the verdict form, we will refer to defendants collectively as "Bard."  Unless otherwise stated, the instructions apply to both Bard and the Plaintiffs.

## INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of the witnesses;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I have instructed you to accept as proved.

## <u>INSTRUCTION NO. 4</u>

In reaching your verdict, you may consider only the testimony of the witnesses, the exhibits received into evidence, any facts to which the parties have agreed, and any evidence which I have instructed you to accept.

Certain things are not evidence, and you must not consider them in deciding what the facts are.  I will list them for you:

1. Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, may say in closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

2. Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objections or by my rulings on them.

3. Testimony that is excluded or stricken, or that you were instructed to disregard, is not evidence and must not be considered.  In addition, some evidence is received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received during the trial.

## <u>INSTRUCTION NO. 5</u>

Some exhibits admitted into evidence have been partially "redacted," which means that certain contents of the exhibits have been blacked out or whited out.  The parties and I have redacted information that is not properly admitted as evidence.  You may give the unredacted information in any exhibit whatever weight you choose, but you must disregard the redacted information and must not speculate about what it might say.

## **INSTRUCTION NO. 6**

You have heard testimony from a number of witnesses who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed because of the education or experience of those witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## <u>INSTRUCTION NO.</u> 7

Federal law prohibits current FDA employees from testifying in court regarding any function of the FDA, and prohibits current and former FDA employees from testifying about information acquired in the discharge of their official duties, without authorization of the Commissioner of the FDA.  As a result, neither side in this case was able to present testimony from current FDA employees or former FDA employees regarding the discharge of their duties related to this case.

Each side has presented expert witnesses to testify about FDA procedures and the 510(k) process in this case, but this testimony was based on the expertise of these witnesses and work they did after being retained as experts in this litigation.

## <u>INSTRUCTION NO. 8</u>

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the evidence in the case.  These have been referred to as demonstrative exhibits.  The demonstrative exhibits are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

## **INSTRUCTION NO. 9**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

## <u>INSTRUCTION NO. 10</u>

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

## <u>INSTRUCTION NO. 11</u>

Plaintiff Lisa Hyde asserts two claims against Bard: strict liability based on design defect and negligent design.  Plaintiff Mark Hyde asserts a derivative claim for loss of consortium.   I will instruct you on the law that applies to each of these claims.  You should consider each claim separately.

Plaintiffs seek compensatory damages, which are damages to compensate them for their alleged injuries.  Plaintiffs also seek punitive damages to punish Bard for its allegedly wrongful conduct.  I will instruct you on the law that applies to compensatory and punitive damages.

## INSTRUCTION NO. 12

Before I give you instructions about Plaintiffs' specific claims, I will give you a few instructions about the verdict form you will complete after your deliberations and the burden of proof for the claims.

The verdict form requires you to state whether you find for Plaintiffs or Bard on each claim. For each claim, the burden is on Plaintiffs to satisfy you by the greater weight of the credible evidence, to a reasonable certainty, that you should find for Plaintiffs. If you find that Plaintiffs have met this burden of proof on any claim, you should find for Plaintiffs on that claim. If you find that Plaintiffs have not met this burden of proof on any claim, you should find for Bard on that claim.

"Credible evidence" means evidence you believe in light of reason and common sense.

The "greater weight" of the credible evidence means that the evidence in favor of a finding for a party has more convincing power than the evidence opposed to it.

"Reasonable certainty" means that you are persuaded based upon a rational consideration of the evidence. Absolute certainty is not required, but a guess is not enough to meet the burden of proof.

## INSTRUCTION NO. 13

Mrs. Hyde contends that Bard is strictly liable because of a defective design of the Bard IVC filter she received.  To prove the liability of Bard for the strict liability design defect claim, Mrs. Hyde must establish each of the following five elements:

1.  The filter is defective because the foreseeable risks of harm posed by the filter's design could have been reduced or avoided by the adoption of a reasonable alternative design by Bard, and the omission of the alternative design renders the product not reasonably safe.

2.  The defective condition rendered the filter unreasonably dangerous to persons or property.

3.  The defective condition existed at the time the filter left the control of Bard.

4.  The filter reached the user or consumer without substantial change in the condition in which it was sold.

5.  The defective condition was a cause of Mrs. Hyde's damages.

## <u>INSTRUCTION NO. 14</u>

Mrs. Hyde may not recover on the strict liability design defect claim if the damages were caused by an inherent characteristic of the product that would be recognized by an ordinary person with ordinary knowledge common to the community that uses or consumes the product.

## INSTRUCTION NO. 15

Ms. Hyde also claims that Bard was negligent in the design of the Bard IVC filter she received.

A person is negligent when he or she fails to exercise ordinary care.  Ordinary care is the care which a reasonable person would use in similar circumstances.  A person is not using ordinary care if the person, without intending to do harm, does something or fails to do something that a reasonable person would recognize as creating an unreasonable risk of injury or damage to a person or property.

It is the duty of a manufacturer to exercise ordinary care in the design of its product so as to render the product safe for its intended use and also safe for unintended uses which are reasonably foreseeable.  It is the further duty of the manufacturer, in the exercise of ordinary care, to make all reasonable and adequate tests and inspections of its product so as to guard against any defective condition which would render such product unsafe when used as it is intended to be used.  A manufacturer is charged with knowledge of its own methods of designing its product and the defects in such methods, if any.

Failure of the manufacturer to perform any such duty constitutes negligence.

## **INSTRUCTION NO. 16**

If you find that the Bard IVC filter was defectively or negligently designed, you must also decide whether that design caused injury to Mrs. Hyde.  An injury may have more than one cause.  The defective or negligent design caused an injury if it was a substantial factor in producing the injury.  An injury may be caused by one cause or by the combination of multiple causes.

## INSTRUCTION NO. 17

It is the duty of the court to instruct you about the measure of damages.  By instructing you on damages, I do not mean to suggest for which party your verdict should be rendered.

If you find for Mrs. Hyde on any claim, the verdict form will require you to find the amount of damages that will reasonably compensate her for her injuries or losses. In considering the amount to be awarded as damages, if any, the burden of proof rests on Mrs. Hyde to satisfy you by the greater weight of the credible evidence, to a reasonable certainty, that she sustained damages with respect to the claim and the amount of the damages sustained.  As you have seen, Instruction 12 provides a further explanation of this burden of proof.

If you find for Mrs. Hyde on one or both of her claims, you must determine her compensatory damages.  Your answer to this question should be the amount of money that will fairly and reasonably compensate Mrs. Hyde for the injuries she has suffered to date and is reasonably certain to suffer in the future as a result of the defective or negligent design of the Bard IVC filter.

Personal injuries include pain and suffering, which means any physical pain, worry, distress, embarrassment, and humiliation which Mrs. Hyde has suffered in the past and is reasonably certain to suffer in the future.  You should consider the extent to which Mrs. Hyde's injuries have impaired and will impair her ability to enjoy the normal activities, pleasures, and benefits of life.  Also consider the nature of her injuries, the effect produced by her injuries in the past, and the effect the injuries are reasonably certain to produce in the future, bearing in mind her age, prior mental and physical condition, and the probable duration of her life.

Determining damages for pain and suffering cannot always be made exactly or with mathematical precision.  You should award as damages amounts which will fairly compensate Mrs. Hyde for her injuries.

Personal injuries can also include health care and treatment expenses.  If you are satisfied that Mrs. Hyde will require health care and treatment in the future for injuries sustained as a result of the negligent or defective design, include in your damages award the sum of money that will reasonably and necessarily be expended in the future for that care and treatment.  However, other than fear of future events, you should not award any damages for the cost of a defibrillator or any other medical costs or injuries associated with future cardiac arrhythmias.

The amount of damages is for you to determine from the evidence.  You should not be affected by sympathy or resentment.  Nor should you make any deductions because of a doubt in your minds as to the liability of Bard.  What the attorneys ask for in their arguments is not a measure of damages.  The opinions or conclusions of counsel as to what damages should be awarded should not influence you unless it is sustained by the evidence.  Examine the evidence – carefully and dispassionately – and determine the amount of damages from the evidence in the case.

## INSTRUCTION NO. 18

In determining the amount of damages for medical expenses incurred by Mrs. Hyde in the future, if any, you must determine the present worth in dollars of the future damages.

A lump sum of money received today may be worth more than the same sum paid in installments over a period of months or years.  This is because a sum received today can be invested and earn money at current interest rates.  By making a reduction for the earning powers of money, your answer will reflect the present value in dollars of an award of future damages.

This instruction, which asks you to reduce future damages to present value, does not apply to that portion of future damages which represents future pain and suffering.

## INSTRUCTION NO. 19

Plaintiff Mark Hyde asserts a claim for loss of consortium.  This claim is derivative of the strict liability design defect and negligent design claims asserted by Plaintiff Lisa Hyde.  You therefore may award loss of consortium damages to Mr. Hyde only if you find Bard liable to Mrs. Hyde on one or both of her claims.

"Consortium" involves the love and affection, the companionship and society, the privileges of sexual relations, the comfort, aid, advice and solace, the rendering of material services, the right of support, and any other elements that normally arise in a close, intimate, and harmonious marriage relationship.  A wrongful invasion, impairment, or deprivation of any of these rights, resulting from a disabling injury to a spouse, is a legal loss and a basis for damages to the other spouse harmed or deprived.

In evaluating this claim, you should consider the nature, form, and quality of the relationship that existed between the spouses up to the time of the injury.  Based on that relationship, determine what sum of money will represent fair and reasonable compensation for any loss of consortium that was sustained by Mr. Hyde as a result of the injury.

If you find that the loss will continue in the future, include an amount of damages for the period you are convinced it will continue to exist.

Compensation for loss of consortium, except as it relates to material services, is not measured by any rule of market value.  Instead, it is measured on the basis of what you find is fair and reasonable compensation for the loss sustained by the deprived spouse.  Compensation for material services is to be measured by what it would reasonably cost in the market for like services.

## INSTRUCTION NO. 20

In determining future damages as a result of Plaintiffs' injuries or losses, you may consider the fact that at this time Ms. Hyde is 54 years of age and has a life expectancy of 29.61 more years.

Testimony based on mortality tables was received in evidence as an aid in determining such expectancy. That evidence is not, however, conclusive or binding upon you as to Mrs. Hyde's actual or probable expectancy of life. Mortality tables are based upon averages, and there is no certainty that any person will live the average duration of life rather than a longer or shorter period. To determine the probable length of life of Mrs. Hyde, you should consider all of the facts and circumstances established by the credible evidence bearing upon that subject.

## **INSTRUCTION NO. 21**

In determining the amount of compensatory damages, if any, you must not include in the award, or add to it, any sum to compensate Plaintiffs for state or federal income taxes, since damages received as an award for personal injuries or loss of consortium are not subject to income taxes.  You may not subtract from, or exclude from, your award of compensatory damages any amount because Plaintiffs are not required to pay income taxes.

## <u>INSTRUCTION NO. 22</u>

Punitive damages may be awarded, in addition to compensatory damages, if you find that Bard acted maliciously toward Plaintiffs or in an intentional disregard of the rights of Plaintiffs.

A person acts maliciously when the acts are the result of hatred, ill will, desire for revenge, or inflicted under circumstances where insult or injury is intended.

A person acts in an intentional disregard of the rights of a plaintiff if the person acts with the purpose to disregard the plaintiff's rights, or is aware that his or her acts are substantially certain to result in the plaintiff's rights being disregarded.  Before you can find an intentional disregard of the rights of the plaintiff, you must be satisfied that the defendant's act or course of conduct was:

1. deliberate;

2. an actual disregard of the plaintiff's right to safety, health, or life, a property right, or some other right; and

3. sufficiently aggravated to warrant punishment by punitive damages.

A defendant's conduct giving rise to punitive damages need not be directed at the plaintiff seeking punitive damages.  There is no requirement that the defendant intended to cause harm or injury to the plaintiff.

The purpose of punitive damages is to punish a wrongdoer or deter the wrongdoer and others from engaging in similar conduct in the future.  Punitive damages are not awarded to compensate the plaintiff for any loss he or she has sustained.  A plaintiff is not entitled to punitive damages as a matter of right.  Even if you find that the defendant acted maliciously or in an intentional disregard of the plaintiff's rights, you do not have to award punitive damages.  Punitive damages may be awarded or withheld at your discretion.

Punitive damages may not be awarded to punish a defendant for harming others. Evidence of actual harm to nonparties may help to show that the defendant's conduct that harmed the plaintiff also posed a substantial risk to the general public, and so was particularly reprehensible; however, punitive damages may not be used to punish the defendant directly for harm to those nonparties.

## <u>INSTRUCTION NO. 23</u>

The burden of proof for punitive damages rests upon Plaintiffs.  The burden is to convince you by evidence that is clear, satisfactory, and convincing, to a reasonable certainty, that an award of punitive damages is warranted.

Clear, satisfactory, and convincing evidence is evidence which when weighed against that opposed to it clearly has more convincing power.  It is evidence which satisfies and convinces you that punitive damages should be awarded because of its greater weight and clear convincing power.

This burden of proof is known as the "middle burden."  The evidence required to meet this burden of proof must be more convincing than merely the greater weight of the credible evidence, but may be less than proof beyond a reasonable doubt.

In the verdict form, you will be asked to specify whether Plaintiffs are entitled to recover punitive damages, but you will not yet be asked to determine an amount of punitive damages.  If you decide that Plaintiffs should be awarded punitive damages, then you will receive some brief additional instructions, evidence, and argument before setting the amount.

There can be no recovery of punitive damages in this case unless there is first a recovery by Plaintiffs of compensatory damages.

## <u>INSTRUCTION NO. 24</u>

Before you begin your deliberations, please elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

<u>**INSTRUCTION NO. 25**</u>

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other form of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

As I've explained before, these rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, that you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start

over. If any of you is exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO. 26

The exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment, how to locate and view the exhibits on the computer, and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the bailiff.  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the bailiff, signed by your presiding juror or by one or more members of the jury.  Do not refer to or discuss any exhibit you are attempting to view in any note you send out.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the bailiff present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable you to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

**<u>INSTRUCTION NO. 27</u>**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in the open court with the parties present. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Please remember that you are not to tell anyone – including the court – how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note you may send out to the Court.

## <u>INSTRUCTION NO. 28</u>

As noted, a verdict form has been prepared for you.  [*Explain verdict form as needed*].  After you have reached unanimous agreement on a verdict, the presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

## INSTRUCTION A

Members of the jury, you have decided that Plaintiffs should be awarded punitive damages.  In order to determine the amount of punitive damages, the parties have presented evidence and will now present brief arguments.  In considering the amount of punitive damages that will accomplish the purpose of punishing or deterring wrongful conduct, you may consider the following factors:

1.  the seriousness of the hazard to the public;

2.  the profitability of the misconduct;

3.  the attitude and conduct on discovery of the misconduct;

4.  the degree of the manufacturer's awareness of the hazard and of its excessiveness;

5.  the employees involved in causing or concealing the misconduct;

6.  the duration of both the improper behavior and its concealment;

7.  the financial condition of the manufacturer and the probable effect on the manufacturer of a particular judgment; and

8.  the total punishment the manufacturer will probably receive from other sources.