# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC<br><br>**CASE MANAGEMENT ORDER NO. 38** |

Following the close of evidence in the Hyde case, the Court conferred with the parties regarding scheduling matters.  On the basis of the conference, the Court enters the following order.

## I.    Future Bellwether Trials.

The Court confirmed that it will hold two more bellwether trials in this MDL proceeding – Plaintiffs Mulkey and Tinlin.  The Court will not hold a sixth bellwether trial.  Because discovery in the Tinlin case is still being completed and Ms. Mulkey's health appears at this time to permit a trial, the Court will hold the Mulkey trial in February and the Tinlin trial in May.  In the meantime, the Tinlin discovery schedule set forth in Doc. 12061, as modified by Doc. 12759, shall remain in place.  The Court will rule as promptly as possible on the motion for summary judgment in the Mulkey case.  If the Court grants summary judgment in Mulkey, the Tinlin trial will be held in February. If Ms. Mulkey's health worsens, the Court will hear from the parties on whether the Tinlin trial should be moved to February, but this issue should be raised with the Court

during the week of November 12, 2018, in light of the jury questionnaire schedule set forth below.

**II.     February Bellwether Trial**.

      **A.     Jury Questionnaire and Jury Selection.**

      1.     By **November 26, 2018**, the parties shall provide the Court with proposed changes to the questionnaire used in the Hyde bellwether trial.  The Court will consider these proposals in finalizing the questionnaire for the February trial.

      2.     The Clerk shall mail the questionnaire to 200 jurors no later than **November 30, 2018.**  The questionnaire will instruct the prospective jurors to return it to the Court no later than **January 4, 2019**.

      3.     A thumb drive will be prepared for counsel (one for each side) containing copies of the questionnaires and will be available for pickup at the jury office on **January 11, 2019.**  The thumb drive and any paper copies made by counsel must be returned to the Court by counsel on the day of jury selection.

      4.     On **January 18, 2019**, the Court will provide the parties with a list of prospective jurors the Court proposes to excuse for hardship on the basis of their responses to the first question in the questionnaire.

      5.     The Court will hold a final pretrial conference case on **January 28, 2019 at 10:00 a.m.**   At the final pretrial conference, counsel will be permitted to challenge the Court's excusal of any of the listed jurors for hardship.  If counsel do not object to the Court's proposed excusal of a particular juror for hardship, that juror will be excused from further involvement in this case.  After hearing counsel's objections to hardship excusals, the Court will determine which of the challenged jurors should be excused for hardship and which should appear for voir dire.  In addition, counsel shall be prepared to make challenges for cause to jurors on the basis of information contained in their questionnaires.  These challenges should be limited to jurors who clearly could not serve as a fair juror on the basis of their questionnaire answers.  The Court will rule on these challenges at the final pretrial conference.  All

prospective jurors who returned questionnaires and who have not been excused for hardship or successfully challenged for cause will be candidates for voir dire.

6.    On **February 11, 2019, at 9:00 a.m.,** 50 prospective jurors will be called to Court to appear for voir dire.  The Court will permit counsel to ask follow-up questions of individual jurors based on information contained in the juror questionnaires. Counsel should not venture into new subjects – they should limit their follow-up questions to the items covered in the questionnaire.  Following voir dire, the Court will hear and rule on challenges for cause.

7.    The Court will seat 9 jurors.  Each side will have 3 pre-emptory strikes.

8.    The Court anticipates that opening statements and evidence trial will begin on the afternoon of **February 11, 2019**.

**B.    Dispositive and *Daubert* Motions.**

Dispositive and *Daubert* motions in the Tinlin case shall be filed by **December 7, 2018,** responses by **December 21, 2018,** and replies by **December 28, 2019**.  *See* Doc. 12061 ¶ 7.

**C.    Motions in Limine.**

Motions in limine, limited to three pages each, shall be filed by **December 14, 2018**.  Responses to motions in limine, limited to three pages each, shall be filed by **December 28, 2019**.  No replies shall be filed.

**D.    Deposition Designations**.

The parties shall provide deposition designations by **December 14, 2019**.

**E.    Final Pretrial Order.**

The proposed final pretrial order shall be submitted by **January 11, 2019**.  The Court will enter a separate order governing the materials that should be submitted with the final pretrial order.

**F.    Final Pretrial Conference.**

The Court will hold a final pretrial conference on **January 28, 2019 at 10:00 a.m.**

**G.     Trial Days.**

Trial in will be held on **February 11-15**, **19-22**, **25-28**, and **March 1, 2019**. Plaintiff will be allotted 33 hours of trial time and Defendants will be allotted 30 hours of trial time.  This schedule should allow the case to get to the jury by the morning of February 28, 2019.

**III.    May Bellwether Trial**.

**A.     Jury Questionnaire and Jury Selection.**

1.     By **March 1, 2019**, the parties shall provide the Court with proposed changes to the questionnaire.  The Court will consider these proposals in finalizing the questionnaire.

2.     The Clerk shall mail the questionnaire to 200 jurors no later than **March 8, 2019.**  The questionnaire will instruct the prospective jurors to return it to the Court no later than **April 5, 2019**.

3.     A thumb drive will be prepared for counsel (one for each side) containing copies of the questionnaires and will be available for pickup at the jury office on **April 12, 2019.**  The thumb drive and any paper copies made by counsel must be returned to the Court by counsel on the day of jury selection.

4.     On **April 19, 2019**, the Court will provide the parties with a list of prospective jurors the Court proposes to excuse for hardship on the basis of their responses to the first question in the questionnaire.

5.     The Court will hold a final pretrial conference case on **April 30, 2019 at 10:00 a.m.**  At the final pretrial conference, counsel will be permitted to challenge the Court's excusal of any of the listed jurors for hardship.  If counsel do not object to the Court's proposed excusal of a particular juror for hardship, that juror will be excused from further involvement in this case.  After hearing counsel's objections to hardship excusals, the Court will determine which of the challenged jurors should be excused for hardship and which should appear for voir dire.  In addition, counsel shall be prepared to make challenges for cause to jurors on the basis of information contained in

their questionnaires.  These challenges should be limited to jurors who clearly could not serve as a fair juror on the basis of their questionnaire answers.  The Court will rule on these challenges at the final pretrial conference.  All prospective jurors who returned questionnaires and who have not been excused for hardship or successfully challenged for cause will be candidates for voir dire.

6.      On **May 13, 2019, at 9:00 a.m.,** 50 prospective jurors will be called to Court to appear for voir dire.  The Court will permit counsel to ask follow-up questions of individual jurors based on information contained in the juror questionnaires.  Counsel should not venture into new subjects – they should limit their follow-up questions to the items covered in the questionnaire.  Following voir dire, the Court will hear and rule on challenges for cause.

7.      The Court will seat 9 jurors.  Each side will have 3 pre-emptory strikes.

8.      The Court anticipates that opening statements and evidence will begin on the afternoon of **May 13, 2019**.

**B.      Dispositive and *Daubert* Motions**.

Dispositive and *Daubert* motions shall be filed by **February 1, 2019,** responses by **March 1, 2019,** and replies by **March 15, 2019**.

**C.      Motions in Limine**.

Motions in limine, limited to three pages each, shall be filed by **March 29, 2018**.  Responses to motions in limine, limited to three pages each, shall be filed by **April 12, 2019**.  No replies shall be filed.

**D.      Deposition Designations**.

The parties shall provide deposition designations by **March 29, 2019**.

**E.      Final Pretrial Order.**

The proposed final pretrial order shall be submitted by **April 12, 2019**.  The Court will enter a separate order governing the materials that should be submitted with the final pretrial order.

- 5 -

**F.     Final Pretrial Conference.**

The Court will hold a final pretrial conference on **April 30, 2019 at 10:00 a.m.**

**G.     Trial Days.**

Trial will be held on **May 13-17**, **20-24**, **and 28-31**.  Plaintiff will be allotted 33 hours of trial time and Defendants will be allotted 30 hours of trial time.  This schedule should allow the case to get to the jury by the morning of May 30, 2019.

**IV.     Motion to Seal Trial Exhibits.**

Defendants shall file any motion to seal trial exhibits in the Jones and Hyde cases by **October 26, 2018**.

**V.     Settlement Talks and Remand.**

Counsel shall meet in person and engage in good faith global settlement talks no later than **November 30, 2018**.  Within five working days after the talks, the parties shall file a joint report informing the Court that good faith settlement talks have been held and reporting generally on the outcome of such talks.

The Court intends to remand all cases in this MDL shortly after completion of the May 2019 bellwether trial.

**VI.     SNF Cases.**

Defendants shall, by **November 2, 2018**, file a motion with the panel on multidistrict litigation to expand this MDL to include the SNF cases or to create a new MDL including the SNF cases.  If the panel concludes that the motion should be granted in some respect, the undersigned judge will be willing to oversee the SNF cases.

Dated this 5th day of October, 2018.

_____
David G. Campbell
United States District Judge