**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC<br><br>**CASE MANAGEMENT ORDER NO. 40**<br>**(Mulkey Bellwether Trial)** |

Plaintiffs have filed a motion to remove the Mulkey case from the bellwether trial schedule. Doc. 12990. The motion is fully briefed and no party has requested oral argument. Docs. 13118, 13170. The Court will grant the motion.

**I.  Background.**

In April 2017, the parties submitted memoranda proposing specific cases for bellwether trials from a pool of more than 40 cases. Docs. 5652, 5706. Both sides selected the Mulkey case. Docs. 5652 at 3, 5706 at 1. Based on the parties' submissions and oral arguments at the ninth case management conference, the Court selected Mulkey and four other cases for bellwether trials: Booker, Jones, Kruse, and Hyde. Doc. 5770 at 1. The Court stated that it would select a sixth bellwether case after two bellwether trials had been completed. *Id.* at 2.

The Booker case was tried in March 2018 and resulted in a $3.6 million jury verdict in the plaintiff's favor. Docs. 10595, 10596. The Jones case was tried two months later and resulted in a defense verdict. Doc. 11350.

Following the close of the Jones trial, the Court concluded that the order of the next three bellwether trials should be Kruse, Hyde, and Mulkey. Doc. 11659 at 1. The Court scheduled Kruse for September 2018, Hyde for November 2018, and Mulkey for February 2019. *Id.* at 1-2. The Court selected Tinlin, a Recovery case, for the sixth bellwether trial in May 2019. *Id.* at 4.

The Court subsequently granted summary judgment in favor of Defendants in the Kruse case. Doc. 12202. The parties agreed that Hyde could be moved to the September 2018 bellwether trial slot in lieu of Kruse. Doc. 11871 at 1. The Hyde trial resulted in another defense verdict. Doc. 12891.

Due to certain health issues experienced by Ms. Mulkey and the fact that discovery in Tinlin was ongoing, the Court determined that Mulkey should be tried in February 2019 and Tinlin three months later. Docs. 12061, 12853, 12971. The Court also determined that a sixth bellwether trial would not be necessary. Doc. 12853 at 1. The summary judgment granted in Kruse had resolved a sixth case.

Plaintiffs seek to remove Mulkey from the bellwether trial schedule, arguing that another trial involving an Eclipse filter would be redundant and a waste of resources. Doc. 12990 at 4-6. Defendants oppose the motion. Doc. 13118.

**II.	Discussion.**

The primary purposes of this MDL – common discovery and ruling on common issues – have been accomplished. The parties requested that the Court hold bellwether trials to provide insight into how their claims and defenses would be received by juries, with the hope that a global settlement could be achieved before the cases are remanded. *See In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019 (5th Cir. 1997); *Manual for Complex Litigation, Fourth* § 22.315 (Federal Judicial Center 2004). The four bellwether cases resolved to date – Booker, Jones, Kruse, and Hyde – have served this purpose.

Booker involved a G2 filter that had experienced multiple failures, with a fractured strut migrating to the plaintiff's heart. *See* Doc. 8873 at 2. The jury found in favor of the plaintiff on the failure to warn and punitive damages claims, awarding $1.6

million in compensatory and $2 million in punitive damages. Docs. 10595, 10596. Plaintiffs have stated that this verdict provides sufficient information regarding the estimated value of G2 cases involving fractures and serious injuries (Doc. 13117 at 49), and neither side proposes trying another G2 bellwether case.

Jones involved an Eclipse filter that had experienced failures similar to the G2 filter in Booker. The trial resulted in a defense verdict.

Kruse was resolved in Defendants' favor on the basis of a statute of limitations defense. The same defense is asserted in other MDL cases.

Hyde was tried as both a G2X and Eclipse case, with Plaintiffs claiming that Ms. Hyde's filter was a G2X and Defendants claiming that it was an Eclipse. The parties agree that the Eclipse filter design is same as the G2X, with the exception of electro-polishing. The trial produced another defense verdict.

If Mulkey goes to trial, it would be the third trial involving an Eclipse filter. The parties have learned much about the strengths, weaknesses, and value of Eclipse cases from the Jones and Hyde trials. Defendants would present essentially the same liability evidence in Mulkey that they presented in Jones and Hyde.

Plaintiffs believe there is nothing to gain from trying another Eclipse case. Docs. 12990 at 4-6, 13117 at 7-8. The Court similarly concludes that there is little to gain, and that the limited knowledge to be acquired from another Eclipse trial is outweighed by the time, money, and judicial resources another three-week jury trial would consume.

Defendants assert that Mulkey is different from Jones and Hyde because it is a non-fracture case, and would be the only such case among the bellwether trials. Doc. 13118 at 3. But Plaintiffs dispute this assertion, and would present evidence at trial suggesting that a filter arm fractured. Docs. 12990 at 5, 13170 at 3 & n.2. Plaintiffs further claim that several filter limbs have perforated Ms. Mulkey's IVC wall, and imaging in January 2017 shows that the limbs are abutting the aorta and interacting with the duodenum and L3-L4 disc space. Doc. 12990 at 5. The Court does not agree with

Defendants' assertion that Mulkey "is close to a non-injury case." Doc. 13117 at 55-56; *see* Doc. 13118 at 4. And if another Eclipse defense verdict resulted from a Mulkey trial, as appears likely, the parties would learn nothing about the valuation of limited injuries in filter cases.

Defendants suggest that Plaintiff's motion is an attempt to game the bellwether trial process. The Court does not agree. The Court previously warned the parties that it would not tolerate attempts to manipulate the bellwether trial process, and still holds that view. Doc. 8871 at 1-2. Plaintiffs seek to eliminate the Mulkey trial because it would be the third trial to present Eclipse filter evidence, and the previous two have already resulted in defense verdicts. This is not, in the Court's view, an effort to skew the bellwether process, but a legitimate effort to avoid the expense of a trial that most likely will provide little new information.[1]

As the Court noted when the bellwether process began, "five or six cases should provide the parties with ample information to achieve global settlement if such settlement is possible." *Id.* at 2. With completion of the Tinlin trial, the Court will have resolved five bellwether cases on the merits – one on the statute of limitations defense and four through jury trials.

The Court will grant Plaintiffs' motion and remove Mulkey from the bellwether trial schedule. This decision is based not on Ms. Mulkey's withdrawal of her *Lexecon* waiver, but on the Court's decision that the time and expense of trying Mulkey would significantly outweigh any benefits to be derived from the trial.

**IT IS ORDERED:**

1. Plaintiffs' motion to amend the bellwether trial schedule to remove the Mulkey case (Doc. 12990) is **granted**.

---

[1] The Court also disagrees with Defendants' suggestion that Plaintiffs previously tried to skew the bellwether pool by failing to provide *Lexecon* waivers in two cases. As Defendants know, the Court specifically found otherwise. *See* Doc. 3214 at 1.

- 4 -

2. The dates and deadlines for the February 2019 bellwether trial set forth in Case Management Order No. 38 (Doc. 12853 at 2-4) are **vacated**. The Court will try the Tinlin case in May 2019 as presently scheduled. *See* Doc. 12971 (CMO No. 39).

3. The Court will hold a status conference with the parties on **December 6, 2018, at 10:00 a.m.** Out-of-state counsel may participate by phone. The purpose will be to discuss compliance with the Tinlin schedule and any other matters the parties deem relevant. The parties should file a joint status report three days before the conference.

Dated this 8th day of November, 2018.

David G. Campbell
Senior United States District Judge