James R. Condo (#005867)
Kristine L. Gallardo (#033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
jcondo@swlaw.com
kgallardo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com
Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

IN RE: Bard IVC Filters Products Liability Litigation

Case No. 2:15-MD-02641-DGC

**DEFENDANTS C. R. BARD INC. AND BARD PERIPHERAL VASCULAR INC.'S MOTION TO STRIKE DR. MUEHRCKE'S UNTIMELY GENERIC RECOVERY FILTER OPINIONS**

(Assigned to the Honorable David G. Campbell)

**(Tinlin Bellwether Case)**

The Court ordered the plaintiffs to produce full and complete expert disclosures about common fact and expert issues in the MDL (exclusive of case-specific issues) no later than March 3, 2017. On December 7, 2018, however, the plaintiffs produced the report of Dr. Derek Muehrcke that contains previously undisclosed opinions about common issues concerning the Recovery Filter. These opinions should be stricken under

Rule 37(c)(1) for failure to comply with Case Management Order No. 8 (Doc. 519) and Rule 26(a)(2)(A)-(C).

**BACKGROUND**

On February 2, 2016, the Court entered Case Management Order No. 8 (Doc. 519), which set out the sequence of general fact and expert discovery in the MDL. The Court provided that "Plaintiffs shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **December 16, 2016.**" (*Id.* at 2.) The Court further ordered that "As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports under Rule 26(a)(2)(B) must set forth 'the testimony the witness is expected to present during direct examination, together with the reasons therefor.' Full and complete disclosures of such testimony are required on the dates set forth above; absent extraordinary circumstances, parties will not be permitted to supplement expert reports after these dates." (*Id.* at 3.)

On October 17, 2016, and at the plaintiffs' request, the Court adjusted the discovery schedule in Case Management Order No. 18 (Doc. 3685) to allow expert disclosures to be produced no later than March 3, 2017. The Court further informed the parties that "expert disclosures on these dates must be full and complete as required by Rule 26(a)(2)(A)-(C) . . . ." (*Id.* at 3.) Pursuant to CMO 18, the plaintiffs produced expert reports on general matters (i.e., not case-specific issues) for numerous physician experts, including Drs. Thomas Kinney, Anne Roberts, Sanjeeva Kalva, David Kessler, and Suzanne Parisian. Each of these physicians dedicated large portions of their reports to opining about the Recovery Filter: Drs. Kinney, Roberts, and Kalva dedicated approximately 30 pages of their report to the Recovery Filter; Dr. Kessler dedicated approximately 100 pages of his report to the Recovery Filter; and Dr. Parisian dedicated approximately 115 pages of her report to the Recovery Filter.

On December 7, 2018—more than 1.5 years after the Court's deadline in CMO 18—the *Tinlin* plaintiffs produced an "Expert Disclosure for Debra Tinlin" by Dr.

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

Muehrcke. In that report, Dr. Muehrcke includes a 5-page section at the end of the report, entitled "Bard Recovery Filter Specific Opinions" that contains newly disclosed generic opinions about the Recovery Filter. (Muehrcke *Tinlin* Expert Disclosure, at 11-15, attached as Exhibit A.) None of Dr. Muehrcke's previous case-specific Rule 26 Reports for *Booker*, *Jones*, *Hyde*, *Mulkey*, or *Kruse* contained analogous sections for the filters at issue in those cases. (Muehrcke Reports. regarding *Booker*, *Jones*, *Hyde*, *Mulkey*, and *Kruse*, collectively attached as Exhibit B.)

**ARGUMENT AND CITATION OF AUTHORITY**

Dr. Muehrcke's newly disclosed opinions should be stricken, and he should not be permitted to testify about opinions expressed in the "Bard Recovery Filter Specific Opinions" section of his *Tinlin* Rule 26 Report.

First, in CMO 8, the Court explicitly informed the parties that all generic opinions must be disclosed by December 16, 2016 (later amended to March 3, 2017), and that the parties would not be permitted to supplement expert reports absent extraordinary circumstances. No extraordinary circumstances exist here. None of the material that Dr. Mehrcke cites to support his general opinions about the Recovery filter was unavailable to him. In fact, it is cited by the doctors whose reports were timely served in March, 2017. Nothing prevented Dr. Muehrcke from offering his generic Recovery Filter opinions in March 2017. Thus, the plaintiffs should be precluded from offering Dr. Muehrcke's clearly generic Recovery Filter opinions under the guise of a case-specific *Tinlin* Rule 26 Report.

Second, Rule 37(c)(1) provides that a party's failure to disclose information as required by Rule 26(a) precludes the party from using that information on a motion, at a hearing, or at trial unless the failure was substantially justified or is harmless. The Ninth Circuit has found that Rule 37(c)(1) "gives teeth to [Rule 26's] requirements by forbidding the use at trial of any information at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd v. Deckers*

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

*Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The Ninth Circuit further acknowledged that Rule 37(c)(1)'s sanctions are "self-executing" and "automatic." to "provide[] a strong inducement for disclosure of material . . . ." *Id.* (quoting Fed. R. Civ. P. 27 Advisory Committee's Note (1993) and affirming exclusion of expert's opinion even though no explicit court order had been violated and absent bad faith or willfulness).

Here, the plaintiffs have no substantial justification for failing to disclose Dr. Muehrcke's generic Recovery Filter opinions in March 2017, as required under CMOs 8 and 18. Dr. Muehrcke could have disclosed his opinions about the Recovery Filter by the March 2017 deadline, just as Drs. Kinney, Roberts, Kalva, Kessler, and Parisian disclosed their lengthy opinions about the Recovery Filter in March 2017. As this Court found in *Lemon v. Harlem Globetrotters Intern, Inc.*, Nos. CV 04-0299 PHX DGC, CV 04-1023 PHX DGC, 2006 WL 3499969, at **3-4 (D. Ariz. Dec. 5, 2006), failure to disclose expert opinions within the time required by the case management orders and with a delay of over one year is grounds for barring the opinions at trial when the opinions could have been timely disclosed. Such is the case with Dr. Muehrcke's late-disclosed opinions.

Nor would allowing Dr. Muehrcke to present his opinions at trial be harmless. Although Bard will cross examine Dr. Muehrcke about his new opinions at a deposition,[1] Bard cannot have its own experts offer rebuttal generic opinions about the Recovery Filter without violating the same Case Management Orders that the plaintiffs violated. Because the time for responding to generic opinions offered by the plaintiffs' experts has long since passed, Bard cannot fully defend itself against Dr. Muehrcke's newly disclosed generic opinions. Thus, the late disclosure is not harmless.[2]

---

[1] Because the Court most likely will not issue an order on Bard's motion before Dr. Muehrcke's deposition, which is scheduled for January 11, 2019, Bard will be forced to question Dr. Muehrcke about his new opinions during the deposition to lessen its prejudice if the Court denies Bard's motion. Bard's questioning of Dr. Muehrcke during his deposition about the substance of his newly disclosed opinions, however, should not have any bearing on Bard's motion.

[2] The Court should also note that, although not relevant to the Rule 37(c)(1) test, the plaintiffs will not be prejudiced in having Dr. Muehrcke's new opinions stricken. As

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

**CONCLUSION**

For all of the foregoing reasons, Bard respectfully requests that the Court grants its Motion to Strike and preclude Dr. Muehrcke from offering any of the opinions contained in the "Bard Recovery Filter Specific Opinions" of his *Tinlin* Rule 26 Report at trial.

This 21st day of December 2018.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
Richard.North@nelsonmullins.com

James R. Condo
Kristine L. Gallardo
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
JCondo@swlaw.com
kgallardo@swlaw.com

**Attorney for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

---

mentioned previously, the plaintiffs have five other physician experts who can testify about generic issues concerning the Recovery Filter.