James R. Condo (#005867)
Kristine L. Gallardo (#033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
jcondo@swlaw.com
kgallardo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com
Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | Case No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS C. R. BARD INC. AND BARD PERIPHERAL VASCULAR INC.'S MOTION TO STRIKE PORTIONS OF DR. McMEEKING'S *TINLIN* RULE 26 REPORT**<br><br>(Assigned to the Honorable David G. Campbell)<br><br>**(Tinlin Bellwether Case)** |

The Court ordered the plaintiffs to produce full and complete expert disclosures about common fact and expert issues in the MDL (exclusive of case-specific issues) no later than March 3, 2017. On December 7, 2018, however, the plaintiffs produced a sweeping report of Dr. Robert McMeeking that seems to (1) collect and reiterate certain opinions that were previously disclosed during depositions or reiterate opinions contained

in his March 2017 Rule 26 Report about generic issues pertaining to Bard's filters; and (2) disclose new opinions about common issues concerning the Recovery Filter. Neither category of opinions concerns Ms. Tinlin, and neither category of opinions should be permitted. Accordingly, Bard moves to strike the opinions under Rule 37(c)(1) for failure to comply with Case Management Order No. 8 (Doc. 519) and Rule 26(a)(2)(A)-(C).[1]

## **BACKGROUND**

On February 2, 2016, the Court entered Case Management Order No. 8 (Doc. 519), which set out the sequence of general fact and expert discovery in the MDL. The Court provided that "Plaintiffs shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **December 16, 2016.**" (*Id.* at 2.) The Court further ordered that "As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports under Rule 26(a)(2)(B) must set forth 'the testimony the witness is expected to present during direct examination, together with the reasons therefor.' Full and complete disclosures of such testimony are required on the dates set forth above; absent extraordinary circumstances, parties will not be permitted to supplement expert reports after these dates." (*Id.* at 3.)

On October 17, 2016, and at the plaintiffs' request, the Court adjusted the discovery schedule in Case Management Order No. 18 (Doc. 3685) to allow expert disclosures to be produced no later than March 3, 2017. The Court further informed the parties that "expert disclosures on these dates must be full and complete as required by Rule 26(a)(2)(A)-(C) . . . ." (*Id.* at 3.) On March 3, 2017, the plaintiffs produced Dr. McMeeking's Rule 26 Report on general matters (i.e., not case-specific issues), which Dr. McMeeking entitled, "Assessment of the Designs of Bard Inferior Vena Cava Filters: The

---

[1] To be clear, Bard is not moving to strike the entirety of Dr. McMeeking's *Tinlin* Report, attached as Exhibit A. Indeed, his *Tinlin* Report attached as Exhibit A is highlighted to reflect Dr. McMeeking's actual case specific opinions relating to the filter implanted in Ms. Tinlin (although any such opinions might ultimately be objectionable under *Daubert* and Rule 702).

- 2 -

Recovery, G2, G2 Express, Eclipse, Meridian and Denali Models." (The "Generic Report," attached as Exhibit B). Dr. McMeeking's Generic Report contained 55 single-spaced pages about his generic opinions concerning the Recovery Filter.

On December 7, 2018, the *Tinlin* plaintiffs produced another report prepared by Dr. McMeeking, entitled "Report on the Bard Inferior Vena Cava Filter Implanted in Mrs. Debra Tinlin." (The "*Tinlin* Report") (Ex. A)  The *Tinlin* Report contains general opinions about testing and adverse events associated with the Recovery Filter that fall into one of two categories:  (1) the restatement (albeit not identical) of opinions that were previously disclosed during his deposition or that are contained in his Generic Report; and (2) new opinions (not previously disclosed) about common issues concerning the Recovery Filter.  Thus, although the *Tinlin* Report is styled as a case-specific Report, Dr. McMeeking does not limit the Report to case-specific opinions.  To the contrary, the vast majority of the *Tinlin* Report, starting in the second full paragraph on page 2, constitutes general opinions about the design, testing, failures, and complications of the Recovery Filter wholly unrelated to Ms. Tinlin's case.

## ARGUMENT AND CITATION OF AUTHORITY

Dr. McMeeking's non-case specific opinions in the *Tinlin* report should be stricken because they violate the Court's Case Management Orders, Rule 26(a)(2)(A)-(C), and Rule 37(c)(1).[2]

First, in CMO No. 8, the Court explicitly informed the parties that all generic opinions must be disclosed by December 16, 2016 (later amended to March 3, 2017, in CMO No. 18), and that the parties would not be permitted to supplement expert reports absent extraordinary circumstances.  No extraordinary circumstances exist here.  Nothing prevented Dr. McMeeking from producing the generic portions of his *Tinlin* Report in March 2017.  Thus, the plaintiffs should be precluded from offering a supplement/revision

---

[2] In the event the Court does not strike Dr. McMeeking's general opinions contained in Ex. A, Bard reserves the right to challenge them under *Daubert* and Rule 702.

to Dr. McMeeking's Generic Report more than 19 months late under the guise of a case-specific *Tinlin* Rule 26 Report. To the extent that Dr. McMeeking's Tinlin report "reiterates" or summarizes opinions that previously were disclosed, there are no "extraordinary circumstances" to allow him to supplement/revise his Generic Report. The plaintiffs may simply cite to the MDL Report or deposition testimony if Bard raises a non-disclosure objection at trial. Otherwise, the plaintiffs would unfairly get a second bite at the apple by re-writing and revising Dr. McMeeking's report to aid them at trial. If the plaintiffs' approach were proper, then every expert who offered general opinions in March 2017 could revise/supplement their reports to refine their opinions.

Second, Rule 37(c)(1) provides that a party's failure to disclose information as required by Rule 26(a) precludes the party from using that information on a motion, at a hearing, or at trial unless the failure was substantially justified or is harmless. The Ninth Circuit has found that Rule 37(c)(1) "gives teeth to [Rule 26's] requirements by forbidding the use at trial of any information at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The Ninth Circuit further acknowledged that Rule 37(c)(1)'s sanctions are "self-executing" and "automatic." to "provide[] a strong inducement for disclosure of material . . . ." *Id.* (quoting Fed. R. Civ. P. 27 Advisory Committee's Note (1993) and affirming exclusion of expert's opinion even though no explicit court order had been violated and absent bad faith or willfulness).

Here, the plaintiffs have no substantial justification for failing to disclose all of Dr. McMeeking's generic Recovery Filter opinions in March 2017, as required under CMOs 8 and 18. Dr. McMeeking clearly had analyzed and evaluated the Recovery Filter and discussed his opinions at length in his Generic Report (for over 55 pages). There is simply no justification for failing to include the newly disclosed opinions at that time. As this Court found in *Lemon v. Harlem Globetrotters Intern, Inc.*, Nos. CV 04-0299 PHX DGC, CV 04-1023 PHX DGC, 2006 WL 3499969, at **3-4 (D. Ariz. Dec. 5, 2006), failure to

- 4 -

disclose expert opinions within the time required by the case management orders and with a delay of over one year is grounds for barring the opinions at trial when the opinions could have been timely disclosed.  Such is the case with Dr. McMeeking's new and late-disclosed opinions.

With respect to general opinions that were in fact previously identified in the MDL report, there is no substantial justification for allowing Dr. McMeeking to clean up or revise his general opinions about the Recovery Filter in the *Tinlin* report.  His opinions regarding the Recovery Filter should be those included in the Generic Report as required by the Court, otherwise all of the experts who offered general opinions in March 2017 could be "revising" their reports and refining their opinions.

To allow Dr. McMeeking to present new general opinions or to revise his prior general opinions is not harmless.  Although Bard will cross examine Dr. McMeeking about the new opinions at a deposition,[3] Bard cannot have its own experts offer rebuttal generic opinions about the Recovery Filter, or revise their prior reports without likewise violating the Case Management Orders.

### **CONCLUSION**

For the foregoing reasons Bard respectfully requests that the Court grant the motion to strike.  To the extent Dr. McMeeking purports to offer any general opinions about the Recovery Filter at trial, the plaintiffs should be required to rely on properly identified opinions in Dr. McMeeking's Generic Report or his deposition testimony.

/s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner

---

[3] If the Court has not issued an order on Bard's motion before Dr. McMeeking's deposition, which is scheduled for January 8, 2019, Bard will be forced to question Dr. McMeeking about his new opinions during the deposition to lessen its prejudice if the Court denies Bard's motion.  Bard's questioning of Dr. McMeeking during his deposition about the substance of his newly disclosed or reiterated opinions, however, should not have any bearing on Bard's motion.

Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
Richard.North@nelsonmullins.com

James R. Condo (#005867)
Kristine L. Gallardo
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
JCondo@swlaw.com
kgallardo@swlaw.com

**Attorney for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**