James R. Condo (#005867)
Kristine L. Gallardo (#033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
kgallardo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBITS IN SUPPORT OF BARD'S MOTIONS TO STRIKE PORTIONS OF DR. MUEHRCKE AND DR. McMEEKING'S *TINLIN* REPORTS** |

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") hereby respectfully move this Court, pursuant to the Stipulated Protective Order (Doc. 269), Federal Rule of Civil Procedure 26(c)(1)(G), and Local Civil Rule 5.6 for leave to file under seal the exhibits attached in support of Bard's Motions to Strike the Certain Portions of Dr. Muehrcke and Dr. McMeeking's *Tinlin* Reports served on December 7, 2018. ("the Motions"). The exhibits to the Motions contain certain trade secrets and confidential information that are protected under the Stipulated Protective

Order, warranting protection from public disclosure. Additionally, the exhibits contain confidential medial information about Ms. Tinlin and other MDL plainitffs that the plaintiffs have sought to seal in prior submissions. Accordingly, there is good cause to grant Defendants' Motion for Leave to File Under Seal the Exhibits in Support of Bard's Motions. Plaintiffs have agreed to the filing of such motions in the past; however, to date, Plaintiffs' have not yet responded to Defendants' attempts to meet and confer on whether Plaintiffs oppose this Motion. A list of the Exhibits sought to be sealed are attached hereto as Exhibit A.

## ARGUMENT AND CITATION OF AUTHORITY

"When a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). *See also, Medicis Pharm. Corp. v. Acella Pharm., LLC*, CV 10-1780-PHX-JAT, 2012 WL 2260928 at *2 (D. Ariz. June 15, 2012) (sealing exhibits related to "Medicis' marketing strategy, Acella's product formulation,…various e-mails and deposition transcripts, viscosity test data, sales and marketing information, and various other documents" because "[m]uch of this information has been previously sealed by the Court, has been designated as confidential by the parties pursuant to the protective order in this case, or could otherwise potentially harm the parties if released publicly because of its confidential and sensitive nature.").

The exhibits to Bard's Motions contain and recite pieces of highly competitive, confidential, proprietary information that warrant protection under Federal Rule of Civil Procedure 26(c)(1)(G) because the documents are not made public by Bard and, if obtained by Bard's competitors, could give an unfair economic advantage to those competitors. *Blanchard & Co., Inc. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). The Reports cite and extensively quote dozens of confidential

Bard documents, including technical and design files, testing documents, internal adverse event investigations and analysis, design and risk management documents, and numerous internal e-mails between high-level Bard employees. The Reports quote so extensively from confidential documents that filing the Reports is akin to filing the documents themselves. Except for a small number of publicly available documents, all of the Bard documents cited in the Reports were produced to Plaintiffs as "Confidential – Subject to Protective Order" on each page pursuant to Stipulated Protective Order (Doc. 269) ¶ 6.

The public disclosure of these exhibits would reveal confidential, proprietary and trade secret information and would create a heightened risk of irreparable harm to Bard's competitive business concerns. Further, its inclusion in the public record would not only harm Bard because of the trade secrets and confidential information it contains, but it would also eviscerate the significant time and resources Bard has expended in protecting its business information.

Further, both expert reports at issue contain information about Mrs. Tinlin and her medical conditions, diagnoses and treatment. And Dr. Muehrcke's reports attached as Exhibit B to the Motion to Strike certain of his opinions contain information about the medical conditions, diagnoses and treatment of the plaintiffs address in those reports. This is information that the plaintiffs treated as confidential and moved to seal in other submissions regarding MDL plaintiffs.

Accordingly, good cause exists for sealing the Exhibits at issue.

//
//
//
//
//

RESPECTFULLY SUBMITTED this 21st day of December, 2018.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Kristine L. Gallardo (#033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
JCondo@swlaw.com
KGallardo@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

# EXHIBIT A

# DOCUMENTS PROPOSED TO BE FILED UNDER SEAL

Defendants request they be permitted to file under seal the following documents:

1. Exhibit A to Dr. Muehrcke motion – Dr. Muehrcke *Tinlin* Expert Disclosure
2. Exhibit B to Dr. Muehrcke motion – Dr. Muehrcke Reports regarding *Booker, Jones, Hyde, Mulkey,* and *Kruse*
3. Exhibit A to Dr. McMeeking motion – Dr. McMeeking's *Tinlin* Report
4. Exhibit B to Dr. McMeeking motion – Dr. Meeking's Generic Report