**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC<br>**ORDER** |

Defendants have filed a motion to enforce a protective order over certain trial exhibits. Doc. 13126. The motion is fully briefed (Docs. 13433, 13494), and oral argument has not been requested. The Court will deny the motion.

**I.     Background.**

Early in this case, the Court entered a stipulated protective order treating certain information produced by the parties during discovery as confidential pursuant to Federal Rule of Civil Procedure 26(c)(1)(G). Doc. 269.[1] The protective order imposes various limitations on the use of confidential information produced pursuant to the order (*id.* ¶¶ 12-20), but does not apply to the use of such information at trial (*id.* ¶ 28).

Following the Booker trial in May 2018, Defendants moved for an order sealing certain exhibits that had been admitted into evidence during the trial. Doc. 11010 at 2. The Court denied the motion because Defendants had failed to satisfy the compelling reasons standard for sealing judicial records, *see Kamakana v. City & Cty. of Honolulu*,

---

[1] The rule provides that a party from whom discovery is sought may move for a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]"

447 F.3d 1172, 1178-79 (9th Cir. 2006), and had waived the right to have the exhibits sealed. Doc. 11642. Because Defendants obtained no order sealing the exhibits before they were admitted into evidence at trial, the Court found the exhibits to be part of the public record and no longer confidential or subject to being sealed. *Id.* at 2 (citing *Phillips v. C. R. Bard, Inc.*, No. 3:12-cv-00344-RCJ-WGC, 2015 WL 3485039, at *2 (D. Nev. June 1, 2015) (finding waiver where Bard "made no motion to seal the exhibits or testimony at the public trial"); *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988) ("It is well established that the release of information in open court 'is a publication of that information and, if no effort is made to limit its disclosure, operates as a waiver of any rights a party had to restrict its future use.'" (citation omitted)); *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No. CIV.A. 09-290, 2013 WL 1336204, at *5 (W.D. Pa. Mar. 29, 2013) (same)). The Court noted that this finding was consistent with the provision in the protective order that information deemed publicly available "includes documents that have been . . . entered as an exhibit during trial not under seal." *Id.* (quoting Doc. 269 ¶ 34).

Defendants sought reconsideration, arguing that the protective order remained in effect and precluded Plaintiffs from disclosing to the public any exhibit admitted into evidence but not openly disclosed during trial or made part of the Court's electronic docket. Doc. 11766 at 5-6. The Court agreed that Defendants had preserved their right to file a post-trial motion to seal, but otherwise denied their request for relief. Defendants failed to show that the Court erred in finding a waiver of the right to seal trial exhibits. Defendants also failed to identify specific exhibits that were admitted into evidence but not published in open court. Doc. 12069 at 3-4 & n.1.

Defendants now identify 80 exhibits admitted into evidence in the Jones and Hyde trials that they claim were not fully disclosed during trial. Doc. 13126-1 at 9-11. Defendants contend that the "unused" portions of these exhibits never became publicly available and therefore remain confidential and subject to the protective order. Doc. 13126 at 2. Plaintiffs counter that the protective order has no application because

once an unredacted exhibit is admitted into evidence at a public trial and not sealed, the entire exhibit – regardless of which pages were actually displayed or discussed in open court – becomes a judicial record to which the public has a right of access. Doc. 13433 at 2-8.

## II. Discussion.

The Court must answer several questions. First, are the exhibits and portions of exhibits addressed in Defendants' motion judicial records subject to the public's interest in judicial proceedings? Second, are the exhibits subject to the parties' stipulated protective order? Third, did Defendants waive any right to have the documents sealed by permitting them to be admitted into evidence? Fourth, if no such waiver occurred, have Defendants shown compelling reasons to seal the exhibits now?

### A. Exhibits Admitted into Evidence at Trial Are Judicial Records.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana*, 447 F.3d at 1178 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). This common law right is based in part on the strong "public interest in understanding the judicial process." *Id.* at 1178-79 (citations omitted). "[T]he resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of [this] interest[.]" *Id.* at 1179; *see Nat'l Polymer Prods., Inc. v. Borg-Warner Corp.*, 641 F.2d 418, 421-23 (6th Cir. 1981) (discussing the line of Supreme Court cases emphasizing the importance of public trials to our system of justice and recognizing the right to publish information made part of the record in a judicial proceeding); *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998) ("Courts long have recognized 'that public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system,' and this "recognition has given rise to a presumption that the public has a common-law right of access to judicial documents" (quoting *Nixon*, 435 U.S. at 597)).

"[W]hat makes a document a judicial record and subjects it to the common law right of access is the role it plays in the adjudicatory process." *United States v. El-*

*Sayegh*, 131 F.3d 158, 163 (D.C. Cir. 1997); *see Kamakana*, 447 F.3d at 1179 (explaining that "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action") (citations omitted).[2] Case law clearly recognizes that transcripts of court proceedings and exhibits presented in open court constitute judicial records for purposes of the public right of access.[3]

While exhibits that are not openly displayed or discussed in court, but are admitted into evidence, may "present a somewhat closer question," *Benedict v. Hankook Tire Co.*, 323 F. Supp. 3d 747, 760 & n.14 (E.D. Va. 2018), courts have found that such exhibits become, "simply by virtue of that event," judicial records subject to the public right of access. *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 589 (E.D. Va. 2009) (citing cases); *see Certusview Techs., LLC v. S&N Locating Servs., LLC*, 198 F. Supp. 3d 568, 588 n.12 (E.D. Va. 2016) ("[T]o the extent that the parties . . . have

---

[2] *See also In re Application for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (holding that "documents filed with the court are 'judicial records' if they play a role in the adjudicative process"); *In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002) (holding that the "presumptive right of access attaches to those materials 'which properly come before the court in the course of an adjudicatory proceeding'") (citation omitted); *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) ("The status of a document as a 'judicial record[]' . . . depends on whether a document has been filed with the court, or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.").

[3] *See Carnegie Mellon*, 2013 WL 1336204, at *5-6 (denying motion to seal Powerpoint slides because the court made evidentiary rulings on the slides and the presenting attorney "walked the [c]ourt, counsel, and anyone who wished to listen through each of [the] slides"); *Warner Chilcott Co. v. Mylan Inc.*, 2014 U.S. Dist. LEXIS 1811576, at *3 (D.N.J. Dec. 10, 2014) (noting that courts have denied requests to seal a "transcript of a proceeding that was held in open court"); *In re Google Inc. Gmail Litig.*, 2014 U.S. Dist. LEXIS 136420, at *34 (N.D. Cal. Aug. 6, 2014) (rejecting ex post facto redactions of statements "made in open court in the transcript"); *Fleming v. Escort, Inc.*, No. CV 09-105-S-BLW, 2013 WL 1290418, at *4 (D. Idaho Mar. 27, 2013) (declining to seal portions of the transcript where the "matters were discussed on the record during the public trial"); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV-09-1531-PHX-JAT, 2012 WL 1432519, at *2 (D. Ariz. Apr. 25, 2012) (denying motion to seal "portions of a transcript from a proceeding held in open court"); *Pfizer, Inc. v. Teva Pharms. USA, Inc.*, No. CIV.A. 08-1331 (DMC), 2010 WL 2710566, at *3 (D.N.J. July 7, 2010) (denying motion for redactions made "after the hearing was held in open court and the record transcribed").

1  entered such documents into evidence, the Court considers the parties' arguments
2  regarding the need for such information to be sealed to have been waived."); *Dees v. Cty.*
3  *of San Diego*, 302 F. Supp. 3d 1168, 1173 n.1 (S.D. Cal. 2017) (denying post-trial
4  motions to seal because the information in the documents became part of the public
5  record when the exhibits were admitted into evidence during trial).

Defendants argue that the public has no interest in confidential information contained in the trial exhibits because the information has only minimal relevance to claims in the Jones and Hyde trials. Doc. 13126 at 2, 7-8. But the Court's orders admitting the exhibits into evidence have legal significance. As one court has explained, the public right of access to exhibits "sprang into existence upon their being offered into evidence for the jury's consideration at trial[.]" *Level 3 Commc'ns*, 611 F. Supp. at 588; *see Benedict*, 323 F. Supp. 3d at 760 & n.14 (finding that "trial exhibits admitted into evidence constitute judicial records," and noting that the principles concerning the right of public access to such records, "particularly those relating to waiver, . . . counsel against sealing the unused exhibits").

Furthermore, the jurors in the Jones and Hyde cases were specifically instructed that the evidence they were to consider included the exhibits admitted into evidence. Docs. 11411 at 21, 13115 at 12. Those exhibits were provided to the jurors in the jury room during deliberations. *Id.* at 42, 30-31. Except for some portions of the exhibits that the parties jointly redacted with the Court's approval before the exhibits were provided to the jury (portions not at issue in this order), jurors were free to review and consider all information contained in the exhibits, including information not displayed or discussed in the courtroom. *See Baugh v. Cuprum S.A. de C.V.*, 730 F.3d 701, 708 (7th Cir. 2013) (explaining that admitting documents as substantive evidence "sends an important signal" because "[i]t alerts parties to the fact that the exhibit will become part of the actual evidence and therefore may well be available to the jury during deliberation"). The Court has no reliable basis for concluding that all or portions of exhibits admitted into evidence and submitted to the jury were not considered by the jury in reaching its verdict.

Defendants further argue that the trial exhibits at issue are not judicial records because they were not filed with the Court or made part of its electronic docket. Doc. 13126 at 2, 5. As explained above, however, the exhibits became judicial records when they were admitted into evidence at trial. The exhibits are now subject to being made part of the record on appeal. *See* Docs. 12071, 13480; 9th Cir. R. 27-14, Advisory Committee Note (noting that the parties may include in the excerpts of record trial exhibits not filed with the district court); 9th Cir. R. 30-1.4(a)(x) (the excerpts of record shall include portions of the exhibits necessary to resolve the issues on appeal).

## B. The Exhibits Are Not Subject to the Protective Order.

The parties' stipulated protective order in this case "do[es] not preclude, limit, restrict, or otherwise apply to the use of [c]onfidential [i]nformation at trial." Doc. 269 ¶ 28. Instead, the use of confidential information at trial was to be "addressed in a later agreement between the parties, or . . . by further order of the Court." *Id.* The parties reached no such agreement, and Defendants sought no court order during or in advance of trial. In fact, Defendants themselves asked the Court to admit many of the exhibits containing allegedly confidential information.

And even in cases where protective orders arguably could apply to trial exhibits, courts hold that admission of the exhibits into evidence waives coverage of the protective order. *See Littlejohn*, 851 F.2d at 680 ("failure to object to the admission into evidence of the documents, absent a sealing of the record, constituted a waiver of whatever confidentiality interests might have been preserved under the protective order"); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988) (noting that "if the case had gone to trial and the documents were thereby submitted to the court as evidence, such documents would have been revealed to the public and not protected under the [protective order]"); *Glaxo Inc. v. Novopharm Ltd.*, 931 F. Supp. 1280, 1301 (E.D.N.C. 1996) (finding that admission of documents containing trade secrets without sealing the documents rendered them matters of public record and "nullifie[d] any confidentiality interests in those exhibits and the information they contain"); *Biovail Labs., Inc. v.*

*Anchen Pharms., Inc.*, 463 F. Supp. 2d 1073, 1081 (C.D. Cal. 2006) (finding that public policy required the exclusion of documents offered into evidence not under seal from the confidentiality protection of a protective order); *Weiss v. Allstate Ins. Co.*, No. CIV.A. 06-3774, 2007 WL 2377119, at *3 (E.D. La. Aug. 16, 2007) ("Other courts have likewise concluded that admission into evidence of confidential documents precludes an *ex post* invocation of confidentiality provisions set forth in a previously entered protective order.") (citations omitted).

Defendants' reliance on *Livingston v. Isuzu Motors, Ltd.*, 910 F. Supp. 1473 (D. Mont. 1995), is misplaced. Doc. 13126 at 10. The exhibits in *Livingston* were produced pursuant to a protective order which contemplated the use of such documents at trial without a loss of confidentiality, and, during trial, the documents were regarded by all parties as protected confidential information. 910 F. Supp. at 1480. In this case, Defendants reached no such agreement with Plaintiffs regarding the use of confidential information at trial and obtained no order from the Court sealing all or part of any exhibit before it was admitted into evidence. And as previously explained (Doc. 11642 at 3-4), the Court does not agree with *Livingston*'s conclusion that the trial exhibits did not enter the public record because they ultimately were returned to the parties.[4]

## C. Defendants Have Waived Their Right to Have the Exhibits Sealed.

As the Court previously found (Doc. 11642 at 2), by permitting the exhibits to become public judicial records through their admission into evidence at trial, Defendants waived their right to have the exhibits sealed now. *See Littlejohn*, 851 F.2d at 677-78; *Carnegie Mellon*, 2013 WL 1336204, at *5. Defendants may believe this to be a harsh result when they raised the issue of sealing exhibits before the Booker trial (Doc. 10255 at 62), but Defendants sought only to preserve the right to file a *post-trial* motion to seal, and they have been granted that opportunity.

---

[4] Defendants claim that information in the trial exhibits might be used to gratify spite or promote public scandal if the protective order is not enforced. Doc. 13126 at 15. Plaintiffs make clear, however, that they have no intent of using the information for such improper purposes. Doc. 13433 at 3 n.1. The Court takes Plaintiffs at their word.

- 7 -

In the parties' proposed pretrial order, Defendants noted that the protective order does not cover the use of documents as exhibits at trial and asked the Court to set a "post-trial briefing schedule on a motion to seal." *Id.* When the Court inquired about the issue of sealing exhibits at the pretrial conference, Defendants made clear that they sought "to preserve [their] right to move to seal exhibits . . . *after the trial.*" Doc. 10482 at 81 (emphasis added). As the Court explained in denying the request for reconsideration (Doc. 12069 at 3), Defendants proposed a post-trial process for the sealing of exhibits despite knowing at the time that Plaintiffs opposed the request because exhibits become public judicial records "at the time admitted into evidence" (Doc. 10255 at 63 (citing *Kamakana*, 447 F.3d at 1178)).

Indeed, Defendants – represented by some of the same attorneys appearing in this MDL – litigated and lost this very issue in the *Phillips* case several years before the Jones and Hyde trials. After the parties settled while the *Phillips* trial was underway, Defendants moved to seal certain trial exhibits. *See Phillips*, 2015 WL 3485039, at *1. The district court denied the request in part because Defendants had made no motion to seal the exhibits at trial. *Id.* at 2 (citing *Littlejohn*, 851 F.2d at 680; *Level 3 Commc'ns*, 611 F. Supp. at 588). In fact, because of this ruling, exhibits entered into evidence in the *Phillips* trial were excluded from the protective order in this case. Doc. 269 ¶ 5. Thus, Defendants were well aware before the bellwether trials that the proper time for asking the Court to address a motion to seal exhibits "would have been prior to trial, or at trial – at the time when they were offered into evidence." *Level 3 Commc'ns*, 611 F. Supp. 2d at 588.[5]

Because the Court finds that Defendants have waived their right to seal the exhibits admitted in evidence during the public trials in Jones and Hyde, it need not address the fourth question identified above – whether sealing would be appropriate under Ninth Circuit law.

---

[5] Even after the Court ruled that Defendants had waived the right to have trial exhibits sealed (Docs. 11642 at 2, 12069 at 3-4), Defendants still sought a *post-trial* briefing schedule on a motion to seal in the Hyde case (Doc. 12388 at 70).

**IT IS ORDERED** that Defendants' motion to enforce the protective order over certain trial exhibits (Doc. 13126) is **denied**.

Dated this 11th day of January, 2019.

*David G. Campbell*
David G. Campbell
Senior United States District Judge