Ramon Rossi Lopez
rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California  92660
949-812-5771

Mark S. O'Connor (011029)
moconnor@beusgilbert.com
Beus Gilbert, PLLC
701 N. 44th Street
Phoenix, Arizona  85008
602-429-3019

*Co-Lead/Liaison Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANTS C. R. BARD INC. AND BARD PERIPHERAL VASCULAR INC.'S MOTION TO EXCLUDE THE OPINIONS OF DR. MUEHRCKE** <br><br> (Assigned to the Honorable David G. Campbell) <br><br> **(Tinlin Bellwether Case)** |

    Plaintiff submits this brief in opposition to Defendants C. R. Bard Inc. and Bard Peripheral Vascular Inc.'s ("Bard's") Motion to Exclude the Opinions of Derek D. Muehrcke, M.D. ("Mot.").

## INTRODUCTION

    Bard's motion focuses on the final section of Dr. Muehrcke's expert report concerning Ms. Tinlin's case, labeled as "Bard Recovery Filter Specific Opinions."  Dr. Muehrcke's report properly adopts and incorporates by reference "facts or data in the case that the expert has been made aware of [by other experts]." Fed. R. Evid. 703, and applies

1 those facts and data to Ms. Tinlin's case, the first of the bellwether cases to involve a

2 Recovery filter. Whereas Dr. Muehrcke previously offered opinions on bellwether

3 plaintiffs with filters other than the Recovery, he appropriately included additional

4 opinions concerning the Recovery filter for this case.  As Bard's own recently served

5 supplemental report, which contains precisely analogous case-specific opinions

6 concerning the Recovery device specifically, reflects, the bellwether process should allow

7 clarification or refinement of opinions as the parties continue the process. Even if this

8 Court were to construe Dr. Muehrcke's opinions as new, exclusion of these opinions is not

9 warranted under Rule 37, because the disclosure of his Recovery-specific opinions was

10 harmless, as Bard has had the opportunity to depose Dr. Muehrcke about those opinions,

11 and will not be surprised at trial by his testimony.

12 ## **LEGAL STANDARD**

13       Rule 37(c)(1) allows for the use of information not disclosed in a timely manner if

14 the disclosure was "substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1). This

15 Court has "particularly wide latitude" in determining whether to issue the particularly

16 harsh sanctions under Rule 37(c)(1) of excluding such opinions. *Yeti by Molly, Ltd. v.*

17 *Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001).  "Among the factors that

18 may properly guide a district court in determining whether a violation of a discovery

19 deadline is justified or harmless are: (1) prejudice or surprise to the party against whom

20 the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood

21 of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing

22 the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).[1]

23

24 [1] District courts in this Circuit consistently exercise their discretion to avoid the harsh sanction of exclusion. *See, e.g., Park v. Cas Enterprises, Inc.*, 2010 WL 55888, at *4

25 (S.D. Cal. 2010) (noting that the Ninth Circuit gives the district courts wide discretion to avoid sanctions under Rule 37(c)(1) and denying motion); *Galentine v. Holland America*

26 *Line—Westours, Inc.*, 333 F. Supp. 2d 991, 995 (W.D. Wash. 2004) (holding that prejudice to defendant from late expert witness disclosure was not so severe as to warrant

27 exclusion and the court could remedy harm by granting a limited extension of discovery); *F.D.S. Marine, LLC v. Brix Maritime Co.*, 211 F.R.D. 396, 400 (D. Or. 2001) (holding

28 that incomplete expert disclosure did not warrant exclusion).

1 Bard cannot meet the standard for exclusion.

2 <u>**ARGUMENT**</u>

3 1.  <u>**Dr. Muehrcke's Recovery-Related Opinions Are Case-Specific.**</u>

4 Dr. Muehrcke's section of the Tinlin case-specific report on "Bard Recovery Filter

5 Specific Opinions" cites to and relies upon numerous other experts' opinions concerning

6 the Recovery filter, as well as other parts of the record, including deposition transcripts

7 and internal Bard documents.  In rejecting Bard's previous attempt to exclude Dr.

8 Muehrcke's testimony on this ground, this Court expressly held that "Rule 703 permits

9 experts to rely on opinions of other experts."  ECF No. 9771, at 5 (collecting authorities).

10 The portion of Dr. Muehrcke's report at issue pieces together these already-existing (and

11 thus not new) expert opinions and puts them in the context in a manner that assists *this*

12 *specific case* (the first of the bellwether cases to involve a Recovery filter) with respect to

13 Tinlin's Recovery filter.  That is the point of a case-specific report, and the inclusion of

14 those opinions results in no prejudice to Bard, which has been aware of the information

15 and opinions cited in Dr. Muehrcke's report for years.

16 2.  <u>**The Recovery-Specific Opinions Cause No Prejudice or Surprise to Bard.**</u>

17

18 Even if the Court finds that the approximately four pages of Recovery-specific

19 opinions in Dr. Muehrcke's *Tinlin* report are new opinions, their disclosure is wholly

20 harmless, as Bard has had the opportunity to depose Dr. Muehrcke about them, curing any

21 potential prejudice and avoiding any surprise at trial.

22 Indeed, Bard has cited to *no* prejudice in its brief that it would suffer at trial by

23 having an expert rely on opinions stated by others and include other previously-disclosed

24 information in the context of this specific case. *See, e.g., FastVDO LLC v. AT&T Mobility*

25 *LLC*, No. 3:16-CV-00385-H-WVG, 2016 WL 9049523, at *2 (S.D. Cal. Dec. 28, 2016)

26 (failure to cite to prejudice is fatal to motion to exclude).

27 Bard cannot point to any prejudice because there is none.  Bard concedes that it had

28 the opportunity to question Dr. Muehrcke about his Recovery-specific opinions at his

January 11, 2019 deposition.  *See* Mot. (ECF No. 14015), at 4, n.1. In analogous cases, courts have extended deadlines to allow for the deposition of the expert and his or her opinions, a step that is not even necessary here.  *See, e.g., Macias v. Perez*, No. 10CV973-MMA BGS, 2011 WL 2669475, at *5 (S.D. Cal. July 7, 2011) (finding late supplementation harmless and requiring the expert be available for later deposition). Similarly, in *In re Cathode Ray Tube (CRT) Antitrust Litig*., No. 14-CV-2058-SC, 2015 WL 4451579 (N.D. Cal. July 20, 2015), the Court rejected defendants' claim of prejudice and harm, holding that any prejudiced was "cured … by taking [the expert's] deposition." *Id.* at *5; *see also Holen v. Jozic,* No. C17-1147JLR, 2018 WL 5761775, at *6 (W.D. Wash. Nov. 2, 2018) (finding even where two additional depositions had to be scheduled, the expert supplementation was harmless).  In a footnote, Bard asserts, without explanation, that its "questioning of Dr. Muehrcke during his deposition … should not have any bearing on Bard's motion," Mot. (ECF No. 14015), at 4 n.1.  But that deposition effectively moots Bard's motion.

Dr. Muehrcke's opinions are further harmless because they are not the type over which Bard can feign surprise. The Recovery-specific opinions reflect facts and opinions that have been litigated vigorously throughout this litigation, and cannot be a surprise to Bard, which does not argue as much. Indeed, Dr. Muehrcke's deposition of only days ago (January 11, 2019) revealed the lack of surprise. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Courts in this Circuit have found that where "topics on which this witness would testify seem[] apparent," such supplementation is harmless. *Griffin v. Union Pacific Railroad Company*, No. 1:17-CV-0384 - JLT, 2018 WL 6592776, at *3 (E.D. Cal. Dec. 14, 2018); *see also*

1   *Granados v. N. Nev. High Speed, LLC*, No. 3:14-cv-00081-LRH-VPC, 2014 WL

2   5503118, at *5 (D. Nev. Oct. 30, 2014) (finding that the plaintiff's delayed disclosure

3   after the expert disclosure deadline was not "the type of harm" contemplated by Fed. R.

4   Civ. P. 37(c)(1)).

5           Bard's cries of prejudice also ring hollow in light of its recent service of a

6   supplemental defense report by Dr. Christopher S. Morris (disclosed on January 9, 2019;

7   *see* ECF No.14348). Exh. A. ████████████████████████████████████████████

8   ████████████████████████████████████████████████████████████

9   ████████████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████████████

12  ████████  Although there is certainly tension between these newly-added opinions and

13  Bard's motion, those new opinions also reflect  that the bellwether process is not intended

14  to freeze in time experts' initial opinions from years prior. Instead, later reports – as

15  would be expected in a bellwether process, should allow for clarification and refinement

16  as the parties learn more and try these cases.

17          Finally, there is no bad faith in the disclosure of opinions that parse together

18  previously fully-disclosed opinions and facts *as applied to this case*.

19                                    **CONCLUSION**

20          For the foregoing reasons Plaintiff respectfully requests that the Court deny Bard's

21  motion to exclude Dr. Muehrcke's Recovery-related opinions.

22

23

24

25

26

27

28

RESPECTFULLY SUBMITTED this 18th day of January, 2019.

BEUS GILBERT, PLLC.

By: */s/ Mark S. O'Connor*
      Mark S. O'Connor
      701 N. 44th Street
      Phoenix, Arizona 85008

LOPEZ McHUGH LLP
      Ramon Rossi Lopez (CA Bar No. 86361)
      (admitted *pro hac vice*)
      100 Bayview Circle, Suite 5600
      Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on this 18th day of January 2019, I electronically transmitted

3   the attached document to the Clerk's Office using the CM/ECF System for filing and

4   transmittal of a Notice of Electronic Filing.

5                                                     */s/Jessica Gallentine*_____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28