1   Ramon Rossi Lopez
    rlopez@lopezmchugh.com
2   (California Bar Number 86361; admitted *pro hac vice*)
    Lopez McHugh LLP
3   100 Bayview Circle, Suite 5600
    Newport Beach, California  92660
4   949-812-5771

5   Mark S. O'Connor (011029)
    moconnor@beusgilbert.com
6   Beus Gilbert, PLLC
    701 N. 44th Street
7   Phoenix, Arizona  850008
    602-429-3019
8
    *Co-Lead/Liaison Counsel for Plaintiffs*
9

10              **UNITED STATES DISTRICT COURT**

11                 **DISTRICT OF ARIZONA**

12  In Re Bard IVC Filters Products          No. MD-15-02641-PHX-DGC
    Liability Litigation
13                                           **PLAINTIFF'S OPPOSITION TO**
                                             **DEFENDANTS C. R. BARD INC. AND**
14                                           **BARD PERIPHERAL VASCULAR**
                                             **INC.'S MOTION TO STRIKE**
15                                           **DR. MCMEEKING'S *TINLIN* RULE 26**
                                             **REPORT**
16
                                             (Assigned to the Honorable David G.
17                                           Campbell)

18                                           **(Tinlin Bellwether Case)**

19

20          Plaintiff submits this brief in opposition to Defendants C. R. Bard Inc. and Bard

21  Peripheral Vascular Inc.'s ("Bard") Motion to Strike Portions of Dr. McMeeking's Tinlin

22  Rule 26 Report (ECF No. 14016) ("Mot.").

23                          <u>**INTRODUCTION**</u>

24          Bard's Motion seeks to strike supposedly-new opinions by Dr. McMeeking, yet

25  fails to specifically cite and pinpoint which opinions are "new."  This is because Dr.

26  McMeeking's general opinions in his *Tinlin* case-specific report do not materially differ

27  from or add to his prior, non-case-specific opinions. Even to the extent they did (they do

28  not), those minor modifications are both justified and harmless.  They are justified

1    because, as Bard's own recently served supplemental report, which contains precisely

2    analogous case-specific opinions concerning the Recovery device specifically reflects, the

3    bellwether process should allow clarification or refinement of opinions as the parties

4    continue the process.  They are harmless because any plausible prejudice to Bard is

5    negated by its ability to depose Dr. McMeeking on his purportedly new opinions.  The

6    Court should deny Bard's motion.

7                                        **LEGAL STANDARD**

8            Rule 37(c)(1) allows for the use of information not disclosed in a timely manner if

9    the disclosure was "substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1). This

10   Court has "particularly wide latitude" in determining whether to issue the particularly

11   harsh sanctions under Rule 37(c)(1) of excluding such opinions. *Yeti by Molly, Ltd. v.*

12   *Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001).  "Among the factors that

13   may properly guide a district court in determining whether a violation of a discovery

14   deadline is justified or harmless are: (1) prejudice or surprise to the party against whom

15   the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood

16   of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing

17   the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).[1]

18           Bard cannot meet the standard for exclusion.

19                                        **ARGUMENT**

20   **I.**     **Dr. McMeeking's Opinions in the Tinlin Case-Specific Report Do Not Differ**
21           **From or Add to His Previously Disclosed Opinions**

22           All of Dr. McMeeking's previously disclosed opinions, through reiterated in the

---

23   [1] District courts in this Circuit consistently exercise their discretion to avoid the harsh
24   sanction of exclusion. *See, e.g., Park v. Cas Enterprises, Inc.*, 2010 WL 55888, at *4
     (S.D. Cal. 2010) (noting that the Ninth Circuit gives the district courts wide discretion to
25   avoid sanctions under Rule 37(c)(1) and denying motion); *Galentine v. Holland America*
     *Line—Westours, Inc.*, 333 F. Supp. 2d 991, 995 (W.D. Wash. 2004) (holding that
26   prejudice to defendant from late expert witness disclosure was not so severe as to warrant
     exclusion and the court could remedy harm by granting a limited extension of discovery);
27   *F.D.S. Marine, LLC v. Brix Maritime Co.*, 211 F.R.D. 396, 400 (D. Or. 2001) (holding
28   that incomplete expert disclosure did not warrant exclusion).

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE DR. MCMEEKING'S REPORT
CASE NO:  2:15-MD-02641-DGC

1   context of the case-specific reports provided here, do not stray from his previously-

2   disclosed opinions – and thus it is unclear what Bard's complaint is. At most, Dr.

3   McMeeking's opinions elaborate on his non-case-specific opinions through the prism of

4   his case-specific opinions. But that is not, as Bard attempts to paint it, the last-minute

5   introduction of new theories or opinions.

6        In fact, Bard generically states that "new" opinions are in the case-specific *Tinlin*

7   opinion, but then fails to specifically cite and pinpoint which opinions are "new." At best,

8   Bard argues that the case-specific *Tinlin* opinion restates "general opinions that were in

9   fact previously identified in the MDL report" and improperly "clean[s]" them up. Mot. at

10   5. While Bard attached a highlighted copy of the *Tinlin* case-specific report (as Exhibit A

11   to its brief), all that is highlighted is how Dr. McMeeking's previously-expressed generic

12   opinions apply to Ms. Tinlin's specific circumstances. That is precisely what a case-

13   specific report is supposed to do. In short, Bard has failed to give this Court a guide to

14   what is new and objectionable and what is not, forcing this Court – and Plaintiffs – to play

15   a guessing game.[2]

16        Dr. McMeeking's case-specific *Tinlin* report (Exh. A. to Mot.) simply incorporates

17   his previously-expressed generic opinions (Exh. B to Mot.), which then are applied to

18   Tinlin's specific circumstances. Bard's recently served supplemental report from Dr.

19   Morris, with its section devoted specifically to the Recovery IFU (Information for Use)

20   does the same.  As would be expected with the long history and various iterations of the

21   filters at issue, Dr. McMeeking's general opinion is lengthy and detailed. *Id.* (totaling 122

22   pages in length). ████████████████████████████████

23   ████████████████████████████████████████████

24   ████████████████████████████████████████████

25   ████████████████████████████████████

26   _____

27   [2] Bard, in a footnote (Mot. at 2, n.1), says that it is *not* seeking to strike the "entirety of Dr. McMeeking's [report]," but it does not identify with specificity what it *is* asking the Court

28   to strike.  Having failed to do that in its own opening papers, it cannot attempt to do so for the first time on reply.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE DR. MCMEEKING'S REPORT
CASE NO:  2:15-MD-02641-DGC

█████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████ all of which are areas

with which counsel and the Court have developed a deep familiarity. Thus, Dr.

McMeeking's previous opinions on each filter generation build upon the opinions

concerning the earlier-generation filters.

The following chart shows where Dr. McMeeking addressed the same subjects in

previously offered opinions as he did in this case-specific *Tinlin* report.



| Topic | Dr. McMeeking Case-specific *Tinlin* Report (Defense Exhibit A) | Dr. McMeeking Prior Opinions on This Subject Regarding the Recovery |
|---|---|---|
| ███ | ██████████ | ██████████ |
| ███ | ██████████ | ██████████ |
| ███ | ██████████ | ██████████ |
| | | ██████████ |
| | | ██████████ |



1679713.9

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE DR. MCMEEKING'S REPORT
CASE NO:  2:15-MD-02641-DGC





1679713.9



1679713.9

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE DR. MCMEEKING'S REPORT
CASE NO:  2:15-MD-02641-DGC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

      This Court's prior ruling on the admissibility of Dr. McMeeking's opinions also belies Bard's assertion that Dr. McMeeking's general opinions as expressed in the *Tinlin* report are somehow "new." In February of 2018, this Court permitted Dr. McMeeking to opine on all of the subject matters that Bard (Plaintiffs presume) find objectionable.[3]

---

[3] All citations are to ECF No. 10051 (with respect to the Court allowing Dr. McMeeking to testify on various matters).

1679713.9

| Subject Matter | Court Ruling (ECF No. 10051) |
| --- | --- |
| Recovery migration. | Permitted (at 8). |
| Instability of the filter in the IVC leading to tilt and perforation. | Permitted (at 5-6). |
| Choice of design/alternative designs. | Permitted (at 8). |
| Rapid limb fatigue and fracture. | Permitted (at 5). |
| Failure to properly engineer. | Permitted (at 7). |
| Inadequate testing. | Permitted (at 4). |

It is entirely unclear what specific and purportedly new opinions that Bard seeks to strike. Moreover, none of Dr. McMeeking's opinions as expressed in the *Tinlin*-specific report are new.  The Court's inquiry may stop here.

## II.    Bard Cannot Show Prejudice or Surprise Stemming from Dr. McMeeking's *Tinlin* Report.

Even if the Court finds that certain opinions in Dr. McMeeking's *Tinlin* report are new opinions, their disclosure is wholly harmless, as Bard has had the opportunity to depose Dr. McMeeking about them, curing any potential prejudice and avoiding any surprise at trial.

Indeed, Bard has cited to *no* prejudice in its brief that it would suffer at trial by having an expert rely on opinions stated by others and include other previously-disclosed information in the context of this specific case. *See, e.g., FastVDO LLC v. AT&T Mobility LLC*, No. 3:16-CV-00385-H-WVG, 2016 WL 9049523, at *2 (S.D. Cal. Dec. 28, 2016) (failure to cite to prejudice is fatal to motion to exclude).

Bard cannot point to any prejudice because there is none.  Bard concedes that it had the opportunity to question Dr. McMeeking about his Recovery-specific opinions at his January 11, 2019 deposition.  *See* Mot. (ECF No. 14016), at 5, n.3. In analogous cases, courts have extended deadlines to allow for the deposition of the expert and his or her opinions, a step that is not even necessary here.  *See, e.g., Macias v. Perez*, No. 10CV973-MMA BGS, 2011 WL 2669475, at *5 (S.D. Cal. July 7, 2011) (finding late

1   supplementation harmless and requiring the expert be available for later deposition).

2   Similarly, in *In re Cathode Ray Tube (CRT) Antitrust Litig*., No. 14-CV-2058-SC, 2015

3   WL 4451579 (N.D. Cal. July 20, 2015), the Court rejected defendants' claim of prejudice

4   and harm, holding that any prejudice was "cured … by taking [the expert's] deposition."

5   *Id.* at *5; *see also Holen v. Jozic,* No. C17-1147JLR, 2018 WL 5761775, at *6 (W.D.

6   Wash. Nov. 2, 2018) (finding even where two additional depositions had to be scheduled,

7   the expert supplementation was harmless).  In a footnote, Bard asserts, without

8   explanation, that its "questioning of Dr. McMeeking during his deposition … should not

9   have any bearing on Bard's motion," Mot. (ECF No. 14015), at 4 n.1.  That bare assertion

10  makes no sense; Dr. McMeeking's deposition renders Bard's motion unnecessary.

11          Dr. McMeeking's opinions are further harmless because they are not the type over

12  which Bard can feign surprise. The opinions that Bard apparently seeks to strike reflect

13  facts and opinions that have been litigated vigorously throughout this litigation, and

14  cannot be a surprise to Bard, which does not argue as much. Courts in this Circuit have

15  found that where "topics on which this witness would testify seem[] apparent," such

16  supplementation is harmless. *Griffin v. Union Pacific Railroad Company*, No. 1:17-CV-

17  0384 - JLT, 2018 WL 6592776, at *3 (E.D. Cal. Dec. 14, 2018); *see also Granados v. N.*

18  *Nev. High Speed, LLC*, No. 3:14-cv-00081-LRH-VPC, 2014 WL 5503118, at *5 (D. Nev.

19  Oct. 30, 2014) (finding that the plaintiff's delayed disclosure after the expert disclosure

20  deadline was not "the type of harm" contemplated by Fed. R. Civ. P. 37(c)(1)).

21          Bard's cries of prejudice also ring hollow in light of its recent service of a

22  supplemental defense report by Dr. Christopher S. Morris (disclosed on January 9, 2019;

23  *see* ECF No.14348). Exh. 1. In Dr. Morris' report, he includes new opinions under a sub-

24  section entitled "Case Specific Opinions Related to Bard Recovery Filter System

25  Information for Use." *Id.* at 22. That sub-section contains multiple general Recovery

26  opinions that are made for the first time about the contraindications for and warnings

27  within the information for use accompanying the Recovery. *Id.* at 22-23 (*see* highlighted

28  sections). Although there is certainly tension between these newly-added opinions and

1   Bard's motion, those new opinions also reflect  that the bellwether process is not intended

2   to freeze in time experts' initial opinions from years prior.  Instead, later reports – as

3   would be expected in a bellwether process, should allow for clarification and refinement

4   as the parties learn more and try these cases.

5        Finally, as outlined above, Dr. McMeeking's opinions are identical (or nearly so)

6   to his prior report. Thus, to the extent the Court finds any minor differences, there

7   certainly is no bad faith in the disclosure of the *Tinlin* case-specific report.

8                                   <u>**CONCLUSION**</u>

9        For the foregoing reasons Plaintiff respectfully requests that the Court deny Bard's

10   motion to strike Dr. McMeeking's unidentified opinions.

11

12   RESPECTFULLY SUBMITTED this 18th day of January, 2019.

13                              BEUS GILBERT, PLLC

14                              By:  */s/ Mark S. O'Connor*
                                     Mark S. O'Connor
15                                   701 N. 44th Street
                                     Phoenix, Arizona  85008
16

17                              LOPEZ McHUGH LLP
                                     Ramon Rossi Lopez (CA Bar No. 86361)
18                                   (admitted *pro hac vice*)
                                     100 Bayview Circle, Suite 5600
19                                   Newport Beach, California 92660

20                              *Co-Lead/Liaison Counsel for Plaintiffs*

21

22

23

24

25

26

27

28

1679713.9

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of January 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*/s/Jessica Gallentine*