James R. Condo (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
jcondo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com
Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | Case No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS C. R. BARD, INC. AND BARD PERIPHERAL VASCULAR, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE PORTIONS OF DR. McMEEKING'S *TINLIN* RULE 26 REPORT**<br><br>(Assigned to the Honorable David G. Campbell)<br><br>**(Tinlin Bellwether Case)** |

Plaintiffs do not dispute that the deadline for serving generic Recovery opinions was more than a year and a half ago. (Dkt 14016 at page 2.) Nor do they dispute that the Court clearly held that "absent extraordinary circumstances, parties will not be permitted to supplement expert reports after these dates." *Id.* Nevertheless, the first sentence of Dr. McMeeking's report in *Tinlin* states "This report supplements my general reports,"

(Emphasis added). Plaintiffs concede that they did not seek, and were not authorized, to serve *any* generic Recovery opinions, let alone supplemental opinions, at this late date. Plaintiffs admit that Dr. McMeeking's opinions are not identical and that his "opinions elaborate on his non-case specific opinions. . . ." (Dkt 14653 at 3; 12.) Plaintiffs make clear that the Court's admonition about unauthorized supplementation simply should not apply to them, arguing that "later reports . . . should allow for clarification and refinement." (*id.* at 12). In an attempt to ask for forgiveness rather than first obtaining permission, plaintiffs attempt to justify their tardy disclosure by improperly claiming (1) it is unclear what specific opinions are at issue, (2) Bard carries the burden to prove prejudice, and (3) Bard has likewise disclosed supplemental opinions. The Court should reject these arguments and grant the motion to strike.

## ARGUMENT AND CITATION OF AUTHORITY

First, Bard clearly identified the portions of Dr. McMeeking's report that are at issue in this motion. Exhibit "A" to Bard's motion is a copy of Dr. McMeeking's report highlighted to specifically show which opinions are case-specific. Bard agrees that the highlighted information is specific to Ms. Tinlin, but anything that is not highlighted is an improper generic opinion that Dr. McMeeking has either copied from his original report or added to his opinions in the original report. Under either scenario they should be stricken. Dr. McMeeking's testimony at trial about the Recovery filter should be based on his report issued on March 3, 2017.[1]

Second, plaintiffs ask the Court to apply the wrong legal standard. "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). Moreover, although the plaintiffs claim that the Court has "particularly wide latitude" in *not* applying sanctions, that quote is taken out of context: "we give particularly wide

---

[1] After three MDL trials, all of the experts would like a "do-over" to revise their reports, but this was not contemplated by the Court and Dr. McMeeking should not be allowed to unilaterally rewrite his report.

- 2 -

latitude to the district court's discretion to issue sanctions under Rule 37(c)(1). This particular subsection, implemented in the 1993 amendments to the Rules, is a recognized *broadening* of the sanctioning power. "[T]he new rule clearly contemplates *stricter adherence* to discovery requirements, and *harsher sanctions* for breaches of this rule. . . ." *Id*. at 1106 (9th Cir. 2001) (quoting *Klonoski v. Mahlab,* 156 F.3d 255, 269 (1st Cir.1998)) (emphasis added).

Bard did, in fact, identify prejudice as a result of Dr. McMeeking's untimely and new opinions: Bard could not offer its own case-specific experts' rebuttal opinions about the Recovery filter without violating the same Case Management Orders that the plaintiffs violated. (Mot. at 4.) Cross examining Dr. McMeeking does not and cannot cure this prejudice. As such, the late disclosure is not harmless, and the plaintiffs, who have the burden of proving harmlessness, have failed to demonstrate otherwise. *Yeti by Molly,* 258 F.3d at 1107. To the contrary, granting the motion to strike would not harm plaintiffs in the least. If the generic opinions at issue were properly disclosed in timely MDL reports or MDL deposition testimony, plaintiffs can point to those original sources in response to any nondisclosure objections at trial.

Indeed, the four factors that the Ninth Circuit has identified in the harmlessness analysis weigh in Bard's favor: (1) Bard was prejudiced and surprised because Dr. McMeeking has utilized his *Tinlin* report to either offer new opinions or "shore up" and revise previous opinions to protect against anticipated "nondisclosure" objections at trial; (2) by contrast, Bard cannot cure the prejudice without likewise violating the Court's Case Management Orders; (3) the schedule does not allow for additional rebuttal reports ahead of trial; and (4) Dr. McMeeking's report is not properly focused on opinions related to Ms. Tinlin in clear violation of this Court's orders. *Lanard Toys Ltd. v. Novelty Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010).

Third, the plaintiffs argue that Bard's expert, Dr. Morris, has done the same as Dr. McMeeking. Actually, what Dr. Morris did in his report is exactly what Bard agrees

- 3 -

1  Dr. McMeeking should be allowed to do – he offered case specific opinions about
2  Ms. Tinlin and her care and treatment. For example, as Exhibit "A" makes clear Bard does
3  not contend the Court should strike Dr. McMeeking's opinion that Ms. Tinlin's filter
4  experienced any specific failure mode.  Dr. Morris's opinions regarding the Recovery
5  filter IFU are applied specifically to Ms. Tinlin's medical course, such as opining that
6  Ms. Tinlin's IVC diameter was larger than 28 millimeters, and therefore contraindicated
7  under the IFU.

   Finally, all of the plaintiffs' cited cases are distinguishable or wholly inapplicable
   to the present issue because none of them address a supplemental report containing
   information that could have been disclosed initially, and because they largely address
   *initial* or *rebuttal* expert disclosures. *FastVDO LLC v. AT&T Mobility LLC*, No. 3:16-cv-
   00385-H-WVG, 2016 WL 9049523, at *2 (S.D. Cal. Dec. 28, 2016) ("FastVDO argues
   that its service of the supplemental expert report on December 10, 2016 was substantially
   justified because FastVDO only received the relevant Qualcomm source code on
   December 7, 2016"); *Macias v. Perez*, No. 10CV973-MMA BGS, 2011 WL 2669475, at
   *4 (S.D. Cal. July 7, 2011) (addressing the sufficiency of the expert's *initial* report, and
   still noting that "if [the expert] attempts to deviate from the opinions in his written
   disclosure or reference exhibits not identified in his May 25 report, Defendant will have
   strong grounds to argue that those opinions and exhibits should be excluded as improper
   supplementation"); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 14-CV-2058-SC,
   2015 WL 4451579, at *3 (N.D. Cal. July 20, 2015) (finding a rebuttal expert was timely
   disclosed pursuant to the stipulated scheduling order, and that "the undersigned does not
   find any order requiring advance disclosure of a rebuttal expert witness' identity before
   service of that expert's rebuttal report"); *Holen v. Jozic*, No. C17-1147JLR, 2018 WL
   5761775, at *6 (W.D. Wash. Nov. 2, 2018) (finding rebuttal experts were timely
   disclosed, in accordance with the scheduling order and with one month remaining of
   discovery, because the disclosing party "clearly believed—albeit mistakenly—that these

- 4 -

witnesses were rebuttal witnesses, which is why [the disclosing party] disclosed them in accordance with Federal Rule of Civil Procedure 26(a)(2)(D)(ii)"); *Griffin v. Union Pac. R.R. Co.*, No. 1:17-cv-0384-JLT, 2018 WL 6592776, at *3 (E.D. Cal. Dec. 14, 2018) (addressing motion to exclude a late-disclosed *fact* witness); *Granados v. N. Nevada High Speed, LLC*, No. 3:14-cv-00081-LRH, 2014 WL 5503118, at *6 (D. Nev. Oct. 30, 2014) (contrasting the late disclosure in *Yeti by Molly,* which Bard asserts is applicable here, with the disclosure of "the supplemental evidence of damages calculation one month after [the] initial disclosure of experts and more than a month before the date the Court approved for the close of discovery [and that] [t]he Court has not yet set a trial date").

## **CONCLUSION**

For the foregoing reasons Bard respectfully requests that the Court grant the motion to strike (Dkt 14016). To the extent Dr. McMeeking purports to offer any general opinions about the Recovery filter at trial, plaintiffs should be required to rely on properly identified opinions in Dr. McMeeking's Generic Report.

/s/ Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
Richard.North@nelsonmullins.com

James R. Condo (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
JCondo@swlaw.com

**Attorney for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 25, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH:  (404) 322-6000
FX:  (404) 322-6050
Richard.North@nelsonmullins.com

**Attorney for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**