James R. Condo (#005867)
Kristine L. Gallardo (#033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
jcondo@swlaw.com
kgallardo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com
Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | Case No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE DR. MUEHRCKE'S UNTIMELY GENERIC RECOVERY FILTER OPINIONS**<br><br>(Assigned to the Honorable David G. Campbell)<br><br>**(Tinlin Bellwether Case)**<br><br>**(Oral Argument Requested)** |

In their response, the plaintiffs make two arguments: (1) the new section to Dr. Muehrcke's Rule 26 Report, which is entitled "Bard Recovery Filter Specific Opinions" is really the application of Recovery Filter "facts and data to Ms. Tinlin's case, the first bellwether to involve a Recovery Filter" (Pls. Opp. Br. (Doc. 14652) at 2); and (2) Bard

1  has not identified any prejudice that deposing Dr. Muehrcke did not cure. (*Id.* at 3.)
2  Neither argument is persuasive.

3  Plaintiffs' first argument fails upon a review of the new, five-page "Bard Recovery
4  Filter Specific Opinions" section in Dr. Muehrcke's Rule 26 Report, which shows that it is
5  clearly not *Tinlin* specific. In fact, nearly every word of the five-page section is cut and
6  pasted from the report of Drs. Kinney, Roberts, and Kalva—a report prepared long before
7  *Tinlin* was selected as a bellwether case.[1] The section talks about the Asch study, Dr.
8  Asch's deposition testimony, a 2004 meeting at the SIR that was moderated by Dr.
9  Kinney, reports of migration deaths, Health Hazard Evaluations, New Product
10 Development Review Meetings, Natalie Wong's "statistical analysis," Remedial Action
11 Plans, design aspects of the Recovery Filter, and general marketing issues—all generic
12 Recovery Filter opinions. These documents have long been available to Dr. Muehrcke
13 and opinions about these documents could have been presented by the Court's March 3,
14 2017, deadline (as they were in the Report of Drs. Kinney, Roberts, and Kalva). Thus, the
15 plaintiffs have not shown substantial justification for the untimely disclosure.

16 Plaintiffs' second argument fails because Bard did, in fact, identify prejudice as a
17 result of Dr. Muehrcke's untimely and new opinions: Bard could not offer its own case-
18 specific experts' rebuttal opinions about the Recovery Filter without violating the same
19 Case Management Orders that the plaintiffs violated. (Mot. (Doc. 14015) at 4.) Cross
20 examining Dr. Muehrcke does not and cannot cure this prejudice. As such, the late
21 disclosure is not harmless, and the plaintiffs, who have the burden of proving
22 harmlessness, have failed to demonstrate otherwise. *Yeti by Molly, Ltd. v. Deckers*

---

[1] Bard has attached a chart as Exhibit A that contains the language from Dr. Muehrcke's "Bard Recovery Filter Specific Opinions" as compared to sections of the Report of Drs. Kinney, Roberts, and Kalva. Bard has also attached the entirety of Drs. Kinney, Roberts, and Kalva's Report as Exhibit B. Dr. Muehrcke gives no indication or attribution to the fact that the new, five-page section of his report is nearly a verbatim copy of the Report of Drs. Kinney, Roberts, and Kalva, and Dr. Muehrcke testified at his deposition that "I wrote everything in this report." (Muehrcke Dep. Tr., 55:3-10, Jan. 11, 2019, attached as Exhibit C.) Bard is evaluating whether a separate *Daubert* motion about this issue is warranted.

*Outdoor Corp.*, 258 F.3d 1101, 1107 (9th Cir. 2001) ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.").

Indeed, the four factors that the Ninth Circuit has identified in the harmlessness analysis weigh in Bard's favor:  (1) Bard was prejudiced and surprised because Dr. Muehrcke has not offered generic filter opinions in the other bellwether cases, and none of his other reports contain a section similar to his new "Recovery Filter Specific Opinions" section of the *Tinlin* Report; (2) Bard cannot cure the prejudice without violating the Court's Case Management Orders; (3) the schedule does not allow for additional rebuttal reports ahead of trial; and (4) although Bard cannot place itself into the minds of the plaintiffs to make a bad faith or willfulness determination, objectively gamesmanship appears to be at play with disclosure of generic opinions coming more than 1.5 years late and with nearly the entire new section being cut and pasted from another Rule 26 Report. *Lanard Toys Ltd. v. Novelty Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010).

Moreover, the cases that the plaintiffs cite to show harmlessness are all distinguishable from *Tinlin* because all of the cases rested the harmlessness determination on either the moving parties' ability to provide rebuttal reports to the untimely disclosed opinions or a very minor timeliness issue (i.e., ten days late).[2] But offering rebuttal reports about generic issues was not an option for Bard under a plain reading of the Court's Case Management Orders, and the plaintiffs' delay of more than 1.5 years is not a minor delay. Deposing Dr. Muehrcke simply is not a cure to Bard's prejudice.

---

[2] *FastVDO LLC v. AT&T Mobility LLC*, No. 3:16-CV-00385-H-WVG, 2016 WL 9049523 (S.D. Cal. Dec. 28, 2016) (dealing with only a 10-day delay in the disclosure, as opposed to more than 1.5 years late, and finding no prejudice where Samsung was able to serve rebuttal reports, an option not available to Bard); *Marcias v. Perez*, No. 10CV973-MMA BGS, 2011 WL 2669475, at *5 (S.D. Cal. July 7, 2011) (dealing only with a 10-day delay and no other claim of prejudice); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 14-CV-2058-SC, 2015 WL 4451579 (N.D. Cal. July 20, 2015) (found that prejudice was cured by allowing a deposition of the expert *and* additional sur-rebuttal reports, an option not available to Bard); *Holen v. Jozic*, No. C17-1147JLR, 2018 SL 5761775 (W.D. Wash. Nov. 2, 2018) (finding no prejudice where the party seeking exclusion had sufficient time to produce rebuttal reports, an option not available to Bard).

Finally, the plaintiffs claim that Bard's Motion "ring[s] hollow" in light Dr. Morris' report that discusses the Recovery Filter Instructions for Use, but this is an apples to oranges argument that is nonetheless irrelevant to Bard's Motion. The opinions that Dr. Morris includes about the Recovery Filter Instructions for Use are tied directly and extensively to either Ms. Tinlin's medical course or Dr. Hurst's opinions contained in his *Tinlin* report about the Recovery Filter Instructions for Use. By contrast, the opinions that Dr. Muehrcke cut and pasted from a Rule 26 Report drafted by other experts that pre-dated any discovery in *Tinlin* necessarily are not specific to the *Tinlin* case and are unrelated to Ms. Tinlin's medical course. Thus, Dr. Morris' case-specific Recovery Filter opinions are dissimilar to Dr. Muehrcke's generic Recovery Filter opinions.

## CONCLUSION

In sum, the plaintiffs have shown no substantial justification for the extraordinarily late disclosure of Dr. Muehrcke's generic Recovery Filter opinions, and they have not shown that this delay is harmless. To the contrary, the disclosure prejudices Bard, and the Court should strike the entirely of Dr. Muehrcke's "Bard Recovery Filter Specific Opinions" section of his *Tinlin* Rule 26 Report.

This 25th day of January 2019.

        s/Richard B. North, Jr.
        Richard B. North, Jr.
        Georgia Bar No. 545599
        Matthew B. Lerner
        Georgia Bar No. 446986
        NELSON MULLINS RILEY & SCARBOROUGH, LLP
        Atlantic Station
        201 17th Street, NW / Suite 1700
        Atlanta, GA 30363
        PH: (404) 322-6000
        FX: (404) 322-6050
        Richard.North@nelsonmullins.com

        James R. Condo
        Kristine L. Gallardo
        SNELL & WILMER L.L.P.
        One Arizona Center
        400 E. Van Buren
        Phoenix, AZ 85004-2204

PH: (602) 382-6000
JCondo@swlaw.com
KGallardo@swlaw.com

**Attorney for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000