James R. Condo (#005867)
Kristine L. Gallardo (#033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
jcondo@swlaw.com
kgallardo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE CERTAIN OPINIONS OF DEREK MUEHRCKE, M.D. IN *TINLIN***<br><br>(Assigned to the Honorable David G. Campbell)<br><br>**(Oral Argument Requested)** |

**MOTION**

Pursuant to Federal Rules of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") respectfully move this Court to exclude portions of the opinions of Derek Muehrcke, M.D.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  Introduction.**

Although the Court previously issued an Order outlining the permissible scope of his opinions (Doc. 9771), Dr. Muehrcke's *Tinlin* Rule 26 Report violates that Order with a new section, entitled "Bard Recovery Filter Specific Opinions,"[1] which is almost entirely lifted from the Rule 26 Report of Drs. Kinney, Roberts, and Kalva. Because this Court has previously ruled that "[n]either Dr. Muehrcke nor any other expert will be permitted at trial to simply parrot the opinions of other experts" (Doc. 9771, at 5), the Court should exclude the opinions contained in this new section in their entirety.

**II.  Factual Background.**

On March 6, 2017, Drs. Kinney, Roberts, and Kalva signed their Rule 26 Report for use in the bellwether cases. (Rule 26 Rep. of Drs. Kinney, Roberts, and Kalva, excerpts attached as Exhibit A.)

In June 2017, the plaintiffs served Dr. Muehrcke's Rule 26 Reports in *Booker, Jones, Kruse, Hyde,* and *Mulkey*. In those Reports, Dr. Muehrcke wrote that "I read the expert report of Drs. Kinney, Roberts, and Kalva, and I adopt and agree with the opinions set forth therein." (*See, e.g.,* Rule 26 Rep. of Dr. Muehrcke in *Booker*, at 6, excerpts attached as Exhibit B.)

Bard moved to exclude Dr. Muehrcke's opinions in the bellwether cases, among other reasons, because he relied on other experts' opinions. (Doc. 7304.) The Court ruled that Dr. Muehrcke could rely on opinions of other experts in forming his own opinions,

---

[1] This new section of Dr. Muehrcke's *Tinlin* Report is also the subject of a separate Motion to Strike (Doc. 14015).

but that he would not be permitted at trial to "simply parrot the opinions of other experts . . . ." (Or. (Doc. 9771), at 5.)

On December 7, 2018, the plaintiffs served Dr. Muehrcke's Rule 26 Report in *Tinlin*. In his *Tinlin* Report, Dr. Muehrcke included a new section entitled, "Bard Recovery Filter Specific Opinions." (Rule 26 Rep. of Dr. Muehrcke in *Tinlin*, attached as Exhibit C.)  This new section is almost entirely cut and pasted from the Report of Drs. Kinney, Roberts, and Kalva without any attribution.[2]  In fact, Dr. Muehrcke's new section contains 15 paragraphs and spans nearly 5 pages, which are nearly verbatim the same text as the Report of Drs. Kinney, Roberts, and Kalva.  Despite the length of the new section, which repeat by rote paragraphs from the Report of the other experts, Dr. Muehrcke testified at his recent deposition that "I wrote everything in this report." (Muehrcke Dep. Tr., 55:3-10, Jan. 11, 2019, attached as Exhibit E.)

### III. Argument and Citation of Authority.

This Court previously found that "[E]xpert opinions may find a basis in part on what a different expert believes on the basis of expert knowledge not possessed by the first expert." (Or. (Doc. 9434), at 3 (quoting *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 978 F. Supp. 2d 1053, 1066 (C.D. Cal. 2013); *id.* (citing *E. Allen Reeves, Inc. v. Michael Graves & Assocs., Inc.*, No. 10-1393 (MAS), 2015 WL 105825, at *5 (D.N.J. Jan. 7, 2015) (An expert . . . may rely on the opinion of another expert in formulating his or her opinion.").)  Based on this rationale, this Court ruled that experts in this litigation may rely on other experts in forming their own opinions, but that "[n]either Dr. Muehrcke nor any other expert will be permitted at trial to simply parrot the opinions of other experts . . . ." (Or. (Doc. 9771), at 5.)

---

[2] Bard has attached a chart as Exhibit D that contains the language from Dr. Muehrcke's "Bard Recovery Filter Specific Opinions" as compared to sections of the Report of Drs. Kinney, Roberts, and Kalva.  Exhibit A also highlights the language from Report of Drs. Kinney, Roberts, and Kalva that appears in Dr. Muehrcke's *Tinlin* Report.

1    Dr. Muehrcke is not relying on other experts to form his opinion, but rather he is
2 taking other experts opinions—word for word—as his own.  In considering this new
3 section of Dr. Muehrcke's Report, *Cholakyan v. Mercedes-Benz, USA, LLC*, 281
4 F.R.D.534 (C.D. Cal 2012) is instructive.  There, an expert (Walters) prepared a report
5 that was "copied almost word-for word" from another expert's report (Potok).  *Id.* at 545.
6 The court compared the opinions of Walters and Potok, finding "that they are not only
7 identical in their reasoning and conclusions, but *identical in the language used to detail*
8 *the reasoning and conclusions*." *Id.* (emphasis in original).  The court continued, "Waters
9 appears to have cut and paste large parts of Potok's declaration, altered a few key
10 sentences and phrases, and simply adopted Potok's conclusions as his own." *Id.* at 546.
11 The court noted that even though Waters reviewed "a large number of documents" in
12 support of his opinions, "it strains credulity to think that his opinions were so exactly
13 coextensive to Potok's that he felt comfortable simply taking an *entire* declaration,
14 copying it almost verbatim, and submitting it as his own." *Id.*  Rather, the court found that
15 Walters' actions "strongly suggests" that he took Potok's work and reproduced it as his
16 own, engaging in little if any evaluation of the merits. *Id.*  In excluding Waters' opinions,
17 the court concluded that it "cannot rely on such 'testimony'." *Id.*

18    In *Tinlin*, the Court should reach the same conclusion as the *Cholakyan* case.  Not
19 only is Dr. Muehrcke attempting to "parrot" the opinions of Drs. Kinney, Roberts, and
20 Kalva in violation of the Court's previous Order (Doc. 9771), but his report "copied
21 almost word-for word" the language of the other experts' report.  Indeed, Dr. Muehrcke's
22 new section is not only identical in the reasoning and conclusion as the Report of
23 Drs. Kinney, Roberts, and Kalva, but it is "identical in the language used to detail the
24 reasoning and conclusions."   Although Dr. Muehrcke lists numerous documents and
25 depositions that he reviewed, "it strains credulity" to think that Dr. Muehrcke
26 independently arrived at opinions that are "so exactly coextensive" to those of
27 Drs. Kinney, Roberts, and Kalva that the wording of the reports is "almost verbatim."
28 Rather, Dr. Muehrcke's actions "strongly suggest" that he merely copied the Report of

- 3 -

1  Drs. Kinney, Roberts, and Kalva, and "submit[ed] it as his own," engaging in little if any
2  evaluation of the merits. As in *Cholakyan*, the Court "cannot rely on such 'testimony,'"
3  and the new section of Dr. Muehrcke's Report should be excluded. *See also Crescenta*
4  *Valley Water District v. Exxon Mobile Corp.*, No. CV 07-2630-JST (ANX), 2013 WL
5  12120533, at *2 (C.D. Cal. Mar. 14, 2013) ("it is insufficient for an expert to simply rely
6  on or parrot another expert's report prepared solely for litigation").

**IV. Conclusion.**

For these reasons, Bard respectfully requests that this Court grant its Motion to Exclude the Opinions of Dr. Muehrcke.

RESPECTFULLY SUBMITTED this 1st day of February, 2019.

        s/Richard B. North, Jr.
        Richard B. North, Jr.
        Georgia Bar No. 545599
        Matthew B. Lerner
        Georgia Bar No. 446986
        NELSON MULLINS RILEY & SCARBOROUGH, LLP
        Atlantic Station
        201 17th Street, NW / Suite 1700
        Atlanta, GA  30363
        PH: (404) 322-6000
        FX: (404) 322-6050
        richard.north@nelsonmullins.com
        matthew.lerner@nelsonmullins.com

        James R. Condo (#005867)
        Kristine L. Gallardo (#033975)
        SNELL & WILMER L.L.P.
        One Arizona Center
        400 E. Van Buren
        Phoenix, AZ 85004-2204
        PH: (602) 382-6000
        FX: (602) 382-6070
        JCondo@swlaw.com
        KGallardo@swlaw.com

        **Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000