# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC<br><br>**CASE MANAGEMENT ORDER NO. 41**<br><br>(Tinlin Trial, SNF Cases, Remand of Mature Cases, and Possible Settlement Procedures) |

The Court held a case management conference with the parties on February 1, 2019. *See* Doc. 15070. The conference concerned issues raised in the parties' joint status report (Doc. 14870) and other matters. On the basis of the conference, the Court enters the following orders:

1. <u>Tinlin Trial</u>.

The Court reviewed with the parties the schedule for the Tinlin trial, as set forth in Case Management Order No. 39 (Doc. 12971), as modified by a later minute entry (Doc. 13587). With the exception of one expert deposition, the parties are on schedule. The Court agrees that the parties may complete the deposition of Dr. Morris during the month of February 2019. *See* Doc. 14870 at 2. The rest of the schedule will remain in place.

The Court discussed with the parties the ability of Ms. Tinlin to travel to Phoenix for trial. Plaintiff's counsel should provide an update to the Court on this issue by **March 1, 2019**. If Plaintiff's counsel learn that Ms. Tinlin cannot travel, counsel for

both sides should confer about her possible remote participation in the trial and, if she intends to testify, about compliance with Rule 43(a). Plaintiff's counsel will also need to begin making arrangements to have Ms. Tinlin participate in the trial from the federal court in Wisconsin. This topic should be addressed in the March 1, 2019 status report.

2. <u>Simon Nitinol Filter ("SNF") Cases</u>.

The Court agrees with the parties' assessment (*id.* at 2-3) that the recent order of the Judicial Panel on Multidistrict Litigation (Doc. 14112) confirms that the SNF cases are part of this MDL proceeding. The Court enters the following orders:

a. By **March 1, 2019**, Plaintiffs' lead counsel shall contact and confer with attorneys representing SNF clients in this MDL proceeding. Lead counsel will inform these attorneys that the Court is requiring them to organize into a plaintiffs' steering committee for SNF cases and to assist in the management and efficient litigation of those cases.

b. Attorneys responsible for those cases shall confer with defense counsel regarding an appropriate schedule and procedures for preparing the cases for trial. These discussions should include the five topics identified in the parties' joint status report (Doc. 14870 at 3).

c. The Court will hold a case management conference on **March 18, 2019, at 2:00 p.m.** Current lead counsel for Plaintiffs, defense counsel, and lawyers who agree to represent SNF plaintiffs in this MDL will participate in the conference. The purpose of the conference will be to identify leadership for the SNF plaintiffs and establish an efficient schedule for litigating the SNF cases. The parties shall file a joint status report regarding the SNF cases by **March 13, 2019**.

d. Once lead plaintiffs' counsel have been identified for the SNF cases, the Court will require them to reach agreement on the establishment of a common fund for the SNF cases. The Court presumes that this agreement will be similar to the common fund established for the rest of this MDL. *See* Doc. 372 (CMO No. 6).

e. The Court's intent will be to complete discovery and motion practice

on the SNF cases in the most efficient manner possible and, if necessary, hold one or two bellwether trials on the SNF cases.

3.   Remand of Mature Cases.

The Court confirmed that an order for transfer of the record to the transferor districts for the mature cases has been entered.  *See* Doc. 14973.  The Clerk's office has sent a zip file to each of these districts containing the record on remand stipulated to by the parties.  *See* Doc. 13158.

4.   Possible Establishment of Settlement Procedures.

The Court and parties discussed the possibility of establishing a separate track in this MDL for cases likely to be resolved in settlement.  Defense counsel proposed that cases which have been settled in principle, or which are near settlement in principle, could be placed on this track until the settlements could be consummated, rather than being remanded to transferor districts.  The Court is willing to consider such a procedure, but directed the parties to confer and present a joint proposal by **March 1, 2019**.  Any such proposal would need to specify the basis on which a case would be identified to be placed on a settlement track rather than being remanded to the transferor court, establish a schedule under which cases on the settlement track would either reach a completed settlement or be remanded, and a schedule for when the settlement track would be initiated and how long it would remain in place.  After receiving this submission, the Court will consider whether such a settlement track would be appropriate in this case, or whether remand of all cases should simply begin after the Tinlin trial.

Dated this 8th day of February, 2019.

*David G. Campbell*
David G. Campbell
Senior United States District Judge