Mark S. O'Connor (#011029)
BEUS GILBERT PLLC
701 N 44th Street
Phoenix, Arizona 85008
Telephone: (480) 429-3019
moconnor@beusgilbert.com

Ramon Rossi Lopez (admitted *pro hac vice*)
(CA Bar No. 86361)
LOPEZ MCHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
rlopez@lopezmchugh.com

*Attorneys for Plaintiffs*

James R. Condo (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**THE PARTIES' JOINT PROPOSAL REGARDING THE CREATION OF AN INACTIVE DOCKET**<br><br>(Assigned to the Honorable David G. Campbell) |

In Case Management Order No. 41 (Doc. 15176), the Court directed the parties to submit a joint proposal for establishing "a separate track" for the handling of cases that have been settled in principle, or which appear close to settlement. The parties are therefore submitting this proposal in compliance with the Court's order.

## I. BACKGROUND

The parties are well aware, the Court intends to begin the process of remanding cases back to their respective transferor district courts following the trial of the *Tinlin* case. However, there are cases currently pending in the MDL that are settled in principle or likely to settle in the near term. To avoid unnecessary administrative burdens on the courts (both this Court and the transferor courts), and to avoid unnecessary litigation costs, the parties respectfully submit this proposal with the hope that the Court will consider the establishment of an "inactive docket" for such cases. Specifically, an inactive docket would allow cases that are either tentatively settled or part of productive settlement negotiations to be stayed and remain in the MDL for a brief period of time pending the filing of dismissals and/or the conclusion of settlement-related negotiations. Pursuant to the Court's request, what follows is merely a proposal for such a process, and the parties stand ready to address any questions the Court may have regarding this issue.

## II. THE MECHANICS

Under this proposal, the parties request that the Court establish and place the following cases on an inactive docket: (i) any case or group of cases that have tentatively settled and resolved in principle pursuant to an executed release or term sheet ("Tentatively Resolved Cases"); and (ii) any case or group of cases that are the subject of substantive settlement negotiations and both sides agree that the settlement discussions have progressed to a point that execution of a release or term sheet (covering multiple cases) is likely ("Cases Near Settlement"). On or before a date set by the Court (following the completion of the *Tinlin* trial), the parties would jointly submit to the Court a list identifying all such Tentatively Resolved Cases and/or Cases Near Settlement,

including the name of the case, the case number and the status of the settlement (hereinafter, the "Inactive Docket List").

If the Court agrees to establish and place the cases on an inactive docket, the Parties propose the following procedure for the cases identified on the Inactive Docket List:

- The Court would not conduct further proceedings in the actions.
- Any fact sheet deadlines would be continued until further order of the Court.
- For all Tentatively Resolved Cases, the Parties would have four months from the date of any Order establishing an inactive docket to file agreed upon orders of dismissal with prejudice.
- For all Cases Near Settlement, the Parties would have three months from the date of any Order establishing an inactive docket to finalize those settlements, and sign releases and/or term sheets (covering multiple cases). Once releases and/or term sheets are executed, the Parties would have an additional six (6) months to file agreed upon orders of dismissal with prejudice.
- If the period for filing dismissals has concluded and certain cases remain on the inactive docket, the parties would submit a proposal to the Court regarding the appropriate action pertaining to the remaining cases.
- The Court would reinstate any of the Tentatively Resolved Cases and/or Cases Near Settlement to the active docket if either party affirmatively elects to reinstate the case(s) and proceed with remand by submitting a "Notice of Election to Proceed with Remand" to the Court. The parties agree that any notice to proceed with remand shall not disclose confidential settlement discussions, pursuant to Federal Rule of Evidence 408.
- The Parties would provide monthly or every 60 days reports to the Court as to their progress in dismissing the cases on the inactive docket.

### III. CONCLUSION

The parties believe this procedure would reduce the burden on both this Court and the transferor courts by eliminating the need to remand cases that will likely not be further litigated. Such a procedure would also save the parties from incurring unnecessary costs associated with the remand of these cases. The procedure would also preserve the right of plaintiffs who have not tentatively settled their cases, and who do not believe their cases are nearing settlement, to proceed with a prompt remand of their actions to the respective transferor courts.

As previously noted, the parties stand ready to address any questions or concerns the Court may have.

RESPECTFULLY SUBMITTED this 1st day of March, 2019.

| BEUS GILBERT, PLLC | NELSON MULLINS RILEY & SCARBOROUGH, LLP |
|---|---|
| By: /s/ *Ramon Rossi Lopez* (with permission)<br>Ramon Rossi Lopez<br>(admitted *pro hac vice*)<br>CA Bar No. 86361<br>LOPEZ MCHUGH LLP<br>Phoenix, AZ 85016-9225<br>100 Bayview Circle, Suite 5600<br>Newport Beach, CA 92660<br>PH: (949) 737-1501<br>FX: (949) 737-1504<br>rlopez@lopezmchugh.com | By: /s/ *Richard B. North, Jr.*<br>Richard B. North, Jr. (*pro hac vice*)<br>Georgia Bar No. 545599<br>Matthew B. Lerner (*pro hac vice*)<br>Georgia Bar No. 446986<br>Atlantic Station<br>201 17th Street, NW / Suite 1700<br>Atlanta, GA 30363<br>PH: (404) 322-6000<br>FX: (404) 322-6050<br>richard.north@nelsonmullins.com<br>matthew.lerner@nelsonmullins.com |
| Mark S. O'Connor (011029)<br>701 N. 44 Street<br>Phoenix, AZ 85008<br>PH: (480) 429-3000<br>moconnor@beusgilbert.com | James R. Condo (005867)<br>SNELL & WILMER L.L.P.<br>One Arizona Center<br>400 E. Van Buren<br>Phoenix, AZ 85004-2204<br>PH: (602) 382-6000<br>jcondo@swlaw.com |
| *Co-Lead/Liaison Counsel for Plaintiffs* | *Counsel for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of March, 2019, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

*s/Richard B. North, Jr.*
Richard B. North, Jr.