Exhibit 1

Do Not Disclose - Subject to Further Confidentiality Review

```
 1                  UNITED STATES DISTRICT COURT

 2                     DISTRICT OF ARIZONA

 3

 4

 5      ------------------------------

                                    )

 6   IN RE BARD IVC FILTERS         )

     PRODUCTS LIABILITY             ) NO. MD-15-02641-PHX-DGC

 7   LITIGATION,                    )

                                    )

 8      ------------------------------

 9                      DO NOT DISCLOSE

            SUBJECT TO FURTHER CONFIDENTIALITY REVIEW

10

11                  VIDEOTAPED DEPOSITION

                          - of -

12             CHRISTOPHER S. MORRIS, M.D.

13

14

15       taken on behalf of the Plaintiffs on Tuesday,

         July 25, 2017, at the Courtyard by Marriott,

16       25 Cherry Street, Burlington, Vermont,

         commencing at 9:08 AM.

17

18

19

20       VIDEO TECHNICIAN:  DEVYN MULHOLLAND

21      COURT REPORTER:  JOHANNA MASSÉ, RMR, CRR

22

23

24
```

Do Not Disclose - Subject to Further Confidentiality Review

```
 1   filters?

 2        A.   Yes.

 3        Q.   And what kind of filters were they?

 4        A.   Every one's been a Bard Denali.

 5        Q.   And have you tried to -- have you retrieved

 6   any filters in the last year?

 7        A.   A few.

 8        Q.   Can you give a --

 9        A.   Two.  Probably two.

10        Q.   And what -- what kind of filter did you

11   retrieve?

12        A.   They're a Bard Denali.

13        Q.   And did your colleagues retrieve filters this

14   year?

15        A.   Yes.

16        Q.   Instead of you?

17        A.   Yes.

18        Q.   And did you -- you say in your report that you

19   had placed about 800 filters.  You're referring back to

20   2002?

21        A.   I'm referring back to 1986.

22        Q.   And of the 800 filters that you placed, can

23   you give some estimate of how many filters you placed

24   that were Bard filters from the Recovery filter through
```

EXHIBIT 1, Page 2

Do Not Disclose - Subject to Further Confidentiality Review

 1   the Denali?

 2        MR. ROGERS:  Percentagewise or numberwise?

 3        Q.   Just numberwise, percentagewise, whatever --

 4   whatever number you can give us.

 5        A.   A wild guess, 200 to 300.

 6        Q.   And of the -- of the 200 to 300 filters that

 7   you placed, did you retrieve any percentage of them?

 8        A.   Anywhere from 25 to 60 percent.

 9        Q.   And that was over the time period from 2000

10   when?

11        A.   Yes.

12        Q.   2002, 2003?

13        A.   Let me correct that.  We're just talking about

14   Bard filters, because we placed a lot of Cook Tulips

15   before Bards.  I would say anywhere from 8 -- 18

16   percent to 60 to 70 percent of those we've actually

17   retrieved.

18        Q.   So between 18 percent and 60 or 70?

19        A.   60 -- we're up to about 60 to 70 percent now.

20        Q.   Of the filter -- of the --

21        A.   That we've placed.

22        Q.   -- Bard filters you've retrieved?

23        A.   We've retrieved.

24        Q.   All right.  And that percentage has changed

EXHIBIT 1, Page 3

Do Not Disclose - Subject to Further Confidentiality Review

```
 1      A.   Yes.

 2      Q.   And did you review the report of Dr.

 3  Eisenberg?

 4      A.   Yes.

 5      Q.   And do all those reports that I just mentioned

 6  cite and quote extensively from various Bard internal

 7  documents?

 8      A.   And much of -- yes.  And much of the verbiage

 9  is identical among all those reports.

10      Q.   And in any of those reports, after reviewing

11  what those experts had to say about those internal

12  documents, did they change any of the opinions that you

13  have in this case?

14      A.   No.

15      Q.   Doctor, you were asked several questions by

16  plaintiffs' counsel where you were given hypotheticals

17  about filter fragments traveling to the heart and

18  causing possible consequences.  Do you recall that?

19      A.   Yes.

20      Q.   And in your practice have you ever seen that

21  occur?

22      A.   Rarely, yes.

23      Q.   And -- and so when you were testifying about

24  those various scenarios, were you testifying about that
```

EXHIBIT 1, Page 4

Do Not Disclose - Subject to Further Confidentiality Review

1   as a hypothetical situation?

2       A.   Only, yes.

3       Q.   And when you say "rarely," can you give us

4   some sense of what that means?

5       A.   Well, we've -- this is my best estimate that

6   we've placed roughly 1,000 Bard retrievable filters

7   over the years and we've removed -- I should know the

8   exact number, but it's somewhere between -- at least

9   300 -- actually, it's probably now more -- you know,

10  closer to -- over 300 of those filters, and we've only

11  encountered four fractures of a Bard filter.  We've

12  seen other fractures of some of the other filters we've

13  placed.  And I only know of two cases where there

14  was -- where there -- where there were fragments in the

15  chest, one in the right ventricle and another in the --

16  several fragments in the pulmonary arteries.

17      Q.   Doctor, to shift gears on you a little bit, do

18  you recall being asked by plaintiffs' counsel to -- you

19  were asked several questions asking you to quantify the

20  level of certainty that you were giving for your

21  opinions in this case.  Do you recall that?

22      A.   Yes.

23      Q.   And prior to today, have you ever been asked

24  in the course of your career to quantify the level of

EXHIBIT 1, Page 5

Do Not Disclose - Subject to Further Confidentiality Review

```
 1              C E R T I F I C A T E

 2

 3              I, Johanna Massé, RMR, CRR, Court Reporter and

 4     Notary Public, do hereby certify that the foregoing

 5     pages, numbered 7 through 365, inclusive, are a true

 6     and accurate transcription of my stenographic notes of

 7     the Deposition of Christopher S. Morris, M.D., who was

 8     first duly sworn by me, taken before me on Tuesday,

 9     July 25, 2017, commencing at 9:08 AM, in the matter of

10     In Re Bard IVC Filters Products Liability Litigation,

11     Case No. MD-15-02641-PHX-DGC, as to which a transcript

12     was duly ordered.  Review of the transcript was

13     requested.

14              I further certify that I am neither attorney

15     nor counsel for, nor related to or employed by any of

16     the parties to the action in which this transcript was

17     produced, and further that I am not a relative or

18     employee of any attorney or counsel employed in this

19     case, nor am I financially interested in this action.

20

21

22

23              _____

                JOHANNA MASSÉ, RMR, CRR

24              Comm. expires:  2/10/19
```

EXHIBIT 1, Page 6