James R. Condo (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
jcondo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | Case No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS C. R. BARD INC. AND BARD PERIPHERAL VASCULAR INC.'S MOTION TO DISMISS DUPLICATIVE COMPLAINTS FILED IN THE MDL**<br><br>(Assigned to the Honorable David G. Campbell) |

Pursuant to Fed. R. Civ. P. 12(b), Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Bard") respectfully move this Court to dismiss without prejudice duplicative actions filed in the MDL.

# I. FACTUAL AND PROCEDURAL HISTORY

At the Scheduling Conferences held on August 23, 2016, and December 9, 2016, Bard raised the issue of duplicative filings, and this Court explained that a plaintiff in more than one case in this MDL represented by different lawyers cannot proceed.[1]

The following individuals have duplicate cases pending in the MDL: William Joseph Giambra, Betty Joyce Holland, Reginald Mathis, Bernadette McBride, Charlene Pedersen, Tracy Pirl, and Pamela M. Smith. As shown in Exhibit A attached hereto, and depicted in the chart below, more than one lawsuit has been initiated for each of these plaintiffs for a single cause of action, and all of the identified cases are currently pending in the MDL as parallel, duplicative cases.

| Plaintiff | Docket Number | Date Filed |
| --- | --- | --- |
| Giambra, Sr, William Joseph | CV-17-00191-PHX-DGC | 1/20/2017 |
| Giambra, Sr, William Joseph | CV-17-03891-PHX-DGC | 10/24/2017 |
| Holland, Betty Joyce | CV-16-03147-PHX-DGC | 9/16/2016 |
| Holland, Betty Joyce | CV-17-03440-PHX-DGC | 10/4/2017 |
| Mathis, Reginald | CV-17-03469-PHX-DGC | 10/4/2017 |
| Mathis, Reginald | CV-17-04302-PHX-DGC | 11/27/2017 |
| McBride, Bernardette | CV-16-01090-PHX-DGC | 4/18/2016 |
| McBride, Bernardette | CV-17-00876-PHX-DGC | 3/24/2017 |
| Pedersen, Charlene B | CV-17-00941-PHX-DGC | 3/29/2017 |
| Pedersen, Charlene B | CV-17-04308-PHX-DGC | 11/27/2017 |
| Pirl, Tracy | CV-17-00899-PHX-DGC | 3/27/2017 |
| Pirl, Tracy | CV-17-03025-PHX-DGC | 9/6/2017 |
| Smith, Pamela M | CV-17-00916-PHX-DGC | 3/28/2017 |
| Smith, Pamela M | CV-17-03089-PHX-DGC | 9/11/2017 |

---

[1] *See* Exhibit B, August 23, 2016 Fifth Scheduling Conference Hr. Tr. at 90:12-19 ("We can't go forward with two cases represented by two different lawyers. And consolidation isn't the answer, in my view, because then you've still got two lawyers purporting to each represent the plaintiff. Unless they want to team up and jointly represent them in a single case, in which event just dismiss one and have the lawyer appear in the other. But I don't think we ought to continue on with two cases with two different lawyers."); December 9, 2016 Seventh Scheduling Conference Hr. Tr. at 48:18-49:10 (granting Bard's motion to dismiss a complaint filed by a deceased individual and expressing concerns about the fact Bard sent several letters and e-mails to the plaintiff's attorney and the PSC members before filing the motion to dismiss, but never received any response).

Before filing this motion, Bard sent several letters notifying each plaintiff's attorneys and the Plaintiff Steering Committee ("PSC") of the duplicative actions. *See* Ex. A. Each letter explained that the duplicate complaints raise the same claims for the same individual, and each letter requested that one of the cases be dismissed immediately. Since the first letter was sent in 2017, none of the identified duplicate cases listed in Exhibit A have been dismissed.[2] *See* Ex. A. Moreover, and perhaps most bothersome, no one in the Plaintiffs' leadership has even acknowledged Bard's requests, much less responded to them. As a result, Bard has incurred unnecessary costs from a duplication of labor.

For example, Bard has received two Plaintiff Profile Forms for every individual listed in Exhibit A except Bernadette McBride. In response, Bard has had to prepare two Defense Profile Forms and draft two deficiency notices for each individual. These costs could and should have been avoided. After several attempts to resolve the issue without intervention from this Court, Bard is left with no choice but to file this motion to dismiss the later-filed duplicative actions.

## II. ARGUMENT AND CITATION TO AUTHORITY

A litigant "ha[s] no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Walton v. Easton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977); *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled in part on other grounds* by *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). Federal courts, therefore, "retain broad powers to prevent duplicative or unnecessary litigation," *Slack v. McDaniel*, 529 U.S. 473, 478 (2000), which "includes the power to dismiss duplicative claims." *M.M. v. Lafayette Sch. Dist.* 681 F.3d 1082, 1091 (9th Cir. 2012) (finding that the district court did not abuse its discretion in dismissing duplicative claims) (internal citation omitted).

---

[2] A motion to dismiss was filed by Padberg, Corrigan & Appelbaum for Tracy Pirl, but the motion was filed in the individual case number, CV-17-03025-PHX-DGC, and received a deficiency notice. The two duplicate cases for Tracy Pirl remain open in the MDL. *See* Ex. A.

"A suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *iStar RC Paradise Valley LLC v. Five Star Dev.*, No. CV-10-2191-PHX-GMS, 2011 WL 4852293, at *8 (D. Ariz. Oct. 13 2011) (quoting *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999), *aff'd* 225 F.3d 1100 (9th Cir. 2000) (internal citation omitted)). Dismissal of the second action is proper "when a complaint involving the same parties and issues has already been filed[.]" *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *Barapind*, 72 F.Supp.2d at 1144 (where one suit is duplicative of another, "the court has discretion to abate or dismiss the second action."). *See*, *e.g.*, *Fed. Trade Comm'n v. Elec. Payment Sols. of Am. Inc.*, No. CV-17-02535-PHX-DJH, 2018 WL 3648409, at *4 (D. Ariz. Aug. 1, 2018) (granting defendant's motion to dismiss plaintiffs' duplicative claims that the plaintiffs had already asserted in another federal district litigation). Indeed, "increasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation[.]" *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).

The first-to-file doctrine of federal comity permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. *Kerotest Mft. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952); *Pacesetter Systems*, 678 F.3d at 96. Three factors are considered in applying the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *See Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625-26 (9th Cir. 1991). The first-to-file rule is not rigid or inflexible, but is applied to serve sound judicial administration principles. *Pacesetter Systems*, 678 F.2d at 96. The rule may be dispensed with for equitable reasons; for example, when the later-filed action has progressed further, *see Church of Scientology of California v. United States Dept. of the Army*, 611 F.2d 738, 750 (9th Cir. 1979), or where "the balance of convenience weighs in favor of the later-filed action." *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994).

Here, there is no question that the claims, parties, and available relief do not differ between the two actions pending in the MDL for each individual identified in Exhibit A. In fact, the two actions are identical. As a principal of sound judicial administration, the first suit should have priority, absent a showing of balance of convenience in favor of the second case, or unless there are special circumstances which justify giving priority to the second action. Bard is unaware of any special circumstances that prevent application of the first-to-file rule. Due to the duplicative nature of the actions identified in Exhibit A, the later-filed complaint should be dismissed without prejudice.

WHEREFORE, Bard respectfully requests that this Court enter an Order dismissing the duplicative actions identified in Exhibit A for the foregoing reasons.

This 4th day of March, 2019.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
Richard.North@nelsonmullins.com

James R. Condo (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
JCondo@swlaw.com

**Attorney for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 4, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to all counsel of record.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
Richard.North@nelsonmullins.com

**Attorney for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**