
James R. Condo (#005867)
Kristine L. Gallardo (#033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
jcondo@swlaw.com
kgallardo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC |
| This Document Relates to:<br><br>Debra Tinlin, et al. v. C. R. Bard, Inc., et al.<br>CV-16-00263-PHX-DGC | **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO PERMIT PLAINTIFF DEBRA TINLIN TO APPEAR IN COURT AND PROVIDE TESTMONY BY CONTEMPORANEOUS ELECTRONIC TRANSMISSION FROM ANOTHER LOCATION**<br><br>(Assigned to the Honorable David G. Campbell)<br><br>**(Oral Argument Requested)** |

Pursuant to Fed. R. Civ. P. 43(a), and Case Management Order No. 41 (Doc. 15176), Defendants C. R. Bard, Inc., and Bard Peripheral Vascular, Inc. ("Bard") respectfully submit their response to Plaintiffs' motion to permit Plaintiff Debra Tinlin to appear in court and provide testimony by contemporaneous electronic transmission from another location. Bard does not object to Mrs. Tinlin participating at trial and providing testimony remotely as long as appropriate safeguards are put in place and followed.

## ARGUMENT AND CITATION OF AUTHORITY

### I. Rule 43 Mandates "Appropriate Safeguards" for Remote Testimony.

Rule 43(a) provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43. "The primary purposes of Rule 43(a) are to ensure that the accuracy of witness statements may be tested by cross-examination and to allow the trier of fact to observe the appearance and demeanor of the witnesses." *In re Adair*, 965 F.2d 777, 780 (9th Cir. 1992). The Advisory Committee notes make clear that "[t]he importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling." Fed. R. Civ. P. 43, advisory committee's note (1996).

Because of this, Rule 43(a) explicitly requires "appropriate safeguards" to be used "to ensure the integrity of testimony given by contemporaneous transmission from a remote location." *See, e.g.*, *Scott Timber, Inc. v. United States*, 93 Fed. Cl. 498, 501 (2010). "[T]he Advisory Committee notes that when remote transmission is to be used, the court must adopt safeguards to ensure accurate transmission of the testimony, accurate identification of the witness, and protection against influence by persons that might be present with the witness while the testimony is being given." 8 *Moore's Federal Practice - Civil* § 43.03 (2019); Fed. R. Civ. P. 43, advisory committee's note (1996) ("Safeguards must be adopted that . . . protect against influence by persons present with the witness."). Indeed, the Manual for Complex Litigation specifically emphasized that "it is necessary to control the presence of other persons in the room in which the witness is being

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

interrogated by remote means." Manual Complex. Litig. § 12.334 n. 346 (4th ed. 2004).

**A.  Appropriate Safeguards for the Tinlin Bellwether Trial.**

Bard does not object to Mrs. Tinlin participating remotely during jury selection, and opening and closing statements (the stages requested in Plaintiffs' Motion), or providing testimony remotely by contemporaneous transmission from a different location, so long as appropriate safeguards are adopted and followed. In particular, Bard requests that the Court impose the following safeguards that other courts have adopted to ensure reliable testimony, as well as additional, reasonable safeguards appropriate for the circumstances:

*First,* Mrs. Tinlin must be alone in the room when she is testifying, other than a courtroom deputy clerk and videographer, unless the Court directs otherwise. *See, e.g.*, *Junjiang Ji v. Jling Inc.*, No. 15-CV-4194 (SIL), 2017 WL 6501865, at *3 (E.D.N.Y. Dec. 19, 2017) ("In order to safeguard against any outside influence from the remote location, the Court directs that, with the exception of a videographer with no knowledge of the substantive facts of this case, Ji is to be alone in the room where he is testifying unless the Court directs otherwise."); *Monserrate v. K.K. Mach. Co. Inc.*, No. 10-3732 TLM, 2013 WL 1412194, at *2 (E.D.N.Y. Apr. 8, 2013) ("No person other than the video conference operator and, if necessary, a certified translator, may be present in the room with Monserrate during the time that he testifies."); *Scott Timber, Inc.*, 93 Fed. Cl. at 501 ("As a safeguard, no one other than Ms. Woodard shall be present in the room during her testimony, to avoid any possible prejudice arising from the presence of a representative of one party and not the other during the transmission."); *In re San Juan Dupont Plaza Hotel Fire Litig.*, 129 F.R.D. 424, 427 (D.P.R. 1989) ("Spectators and counsel will not be allowed in the room where the witness testifies. Present with the witness shall be a courtroom deputy clerk of the United District Court from where the transmission originates, a court reporter, if necessary, and any technical staff needed for the satellite transmission."); *In re Washington Pub. Power Supply Sys. Sec. Litig.*, No. MDL NO. 551, 1988 WL 525314, at *3 (W.D. Wash. Aug. 9, 1988) (same).

***Second,*** to further "protect against influence by persons present with the witness," Bard should have the right to have counsel for Bard present at any time in the courthouse where Mrs. Tinlin is participating or testifying remotely to observe that all of the safeguards the Court adopts are being followed. To be clear, assuming the Court orders that Ms. Tinlin must testify in a room without her counsel present, Bard would anticipate having counsel present in the courthouse building in the general area of the testimony, but not in the same room. In furtherance of this, Plaintiffs must give counsel for Bard advance notice of when Mrs. Tinlin is expected to participate or testify remotely.

***Third,*** Mrs. Tinlin must be provided all documentary evidence expected to be presented to her both marked and in advance of her testimony. *See, e.g.*, *Monserrate*, 2013 WL 1412194, at *2 ("All documentary evidence presented to Petitioner and Mr. Monterosas will be marked prior to the trial and provided to them to facilitate their testimony."); *Scott Timber, Inc.*, 93 Fed. Cl. at 501 ("So long as Ms. Woodard is provided in advance with all the documentary exhibits that might be needed during her testimony, she should not require the assistance of any person during her testimony, and Scott Timber's request constitutes a reasonable safeguard appropriate for the circumstances."); *In re San Juan Dupont Plaza Hotel Fire Litig.*, 129 F.R.D. at 427 ("The party calling the witness shall furnish the Document Depository at least seven (7) working days prior to the transmission a list of all documents to which the witness will be asked in direct examination. The Document Depository will provide the courtroom deputy clerk at the district where the witness will appear copy of all such documents with sufficient time in advance for these to be available when the testimony is scheduled to commence.").

***Fourth,*** Mrs. Tinlin must pay all costs associated with her remote testimony and participation. *See, e.g.*, *Alcala*, No. 4:14-CV-04176-RBH, 2015 WL 1893291, at *2–3 (D.S.C. Apr. 27, 2015) ("Petitioner (through counsel) will pay any costs associated with the remote testimony."); *Monserrate*, 2013 WL 1412194, at *2 ("Plaintiffs are to bear all costs associated with the establishment of any video conference connections."); *see also* Manual Complex. Litig. § 12.334 n. 346 (4th ed. 2004) ("The cost should generally be

-3-

borne by the party calling the witness, though a portion may be allocated to other parties who prolong examination by extensive cross-examination or objections.").

*Finally,* Bard requests that the Court provide an appropriate instruction to the jury explaining why Mrs. Tinlin cannot appear live at trial. Specifically, Bard requests a jury instruction that makes clear that Mrs. Tinlin is not unable to attend trial based on any complaints with her Recovery® Filter, but rather because "[s]he is wheelchair bound due to long-standing right leg paralysis and bilateral upper extremity dysmetria complicated by muscle spasms and poor endurance." (Pls.' Ex. A.) Bard requests that the Court read to the jury the correspondence from Dr. Heather A. Stanko that forms the basis for Plaintiffs' instant request. (*See id.*) Without this instruction, there is a very real danger that the jury will wrongly infer that Mrs. Tinlin is unable to appear at trial because of her Recovery Filter, which would unfairly prejudice Bard.

### B. Mrs. Tinlin's Remote Participation for Non-Testimonial Purposes.

Bard does not object to Mrs. Tinlin remotely *observing* jury selection and opening and closing statements (the stages of trial requested in Plaintiffs' Motion) by live video-feed. But Bard specifically objects to Mrs. Tinlin *appearing* by video during those (or any other) stages of trial when she is not providing testimony pursuant to Rule 43(a). Indeed, the federal rules do not expressly permit remote appearance by video or other means for non-testimonial purposes. *Cf.* Fed. R. Civ. P. 43(a) (governing "testimony"). Bard is concerned that Plaintiffs' request will unduly highlight Mrs. Tinlin during these non-testimonial stages of trial in a way that would not otherwise occur if she were appearing live, which will unfairly prejudice Bard. By permitting Mrs. Tinlin to observe the trial without appearing on camera, the Court will be able to balance her right to participate at trial with the undue prejudice to Bard that her remote participation will entail.

### CONCLUSION

For the foregoing reasons, Bard respectfully requests that the Court adopt the appropriate safeguards described herein.

RESPECTFULLY SUBMITTED this 13th day of March, 2019.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Kristine L. Gallardo (#033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
kgallardo@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that March 13, 2019, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

s/ Richard B. North, Jr.
Richard B. North, Jr.

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000