# EXHIBIT C

```
                                                         Page 1
 1           IN THE UNITED STATES DISTRICT COURT
 2                 FOR THE DISTRICT OF ARIZONA
 3
 4
         IN RE BARD IVC FILTERS         CASE NO.
 5       PRODUCTS LIABILITY LITIGATION  MD-15-02641-PHX-DGC
 6                                      (PAGES 1-118)
 7
 8
 9
10
11          VIDEOTAPED DEPOSITION OF EXPERT WITNESS
12     ROBERT M. McMEEKING, PhD, NAE, FREng, FRSE, LFASME
13          WEDNESDAY, JANUARY 30, 2019, 10:02 A.M.
14
15
16
17
18
19
20
21
22
23
24    OUR JOB NO:  3191492
25    REPORTED BY:  GINA STACY KAREN, CSR 7927
```

Page 2

1          VIDEOTAPED DEPOSITION OF EXPERT WITNESS ROBERT M.
2    McMEEKING, PhD, NAE, FREng, FRSE, LFASME, TAKEN ON BEHALF
3    OF DEFENDANTS C.R. BARD, INC., AND BARD PERIPHERAL
4    VASCULAR, INC., AT 10:02 A.M., WEDNESDAY, JANUARY 30,
5    2019, AT MARRIOTT SANTA BARBARA GOLETA, 401 STORKE ROAD,
6    GOLETA, CALIFORNIA, BEFORE GINA STACY KAREN, CSR 7927,
7    PURSUANT TO NOTICE
8
9    APPEARANCES OF COUNSEL:
10
11   FOR THE PLAINTIFFS:
12          GALLAGHER & KENNEDY, P.A.
             BY:  PAUL L. STOLLER, ATTORNEY AT LAW
13          2575 EAST CAMELBACK ROAD
             PHOENIX, ARIZONA  85016-9225
14          602.530.8220
             PAUL.STOLLER@GKNET.COM
15
16   FOR THE DEFENDANTS C.R. BARD, INC., AND BARD PERIPHERAL
     VASCULAR, INC.:
17
             NELSON MULLINS RILEY & SCARBOROUGH, LLP
18          BY:  RICHARD B. NORTH, JR., ATTORNEY AT LAW
             (ADMITTED PRO HAC VICE)
19          201 17TH STREET, NW
             SUITE 1700
20          ATLANTA, GEORGIA  30363
             404.322.6000
21          RICHARD.NORTH@NELSONMULLINS.COM
22
     ALSO PRESENT:  MICHAEL CURRIE, VIDEOGRAPHER
23
24
25

Case 2:15-md-02641-DGC   Document 16011-3   Filed 03/15/19   Page 4 of 9
Robert M. McMeeking , PhD, NAE, FRSE                January 30, 2019
In Re: Bard IVC Filters Products Liability

Page 56

1   Greenfield filter has a lower risk of migration,
2   perforation, fracture, or embolization?
3       A    That's correct.
4       Q    And you've performed no calculations in this case
5   to determine whether the Tulip filter has a lower risk of
6   tilt than the Recovery filter; correct?
7       A    That's correct.  Not in this case.
8       Q    Have you in this litigation?
9       A    I've made assessment -- on this litigation?
10      Q    Yes.
11      A    No.  No.  No.
12      Q    And any assessments you've made in other
13  litigation are not forming the basis of your opinions
14  here?
15      A    That's correct.
16      Q    And in this litigation and as a part of your
17  opinions in this litigation you have performed no
18  calculations to determine whether the Bird's Nest filter
19  has a lower risk of tilt, migration, perforation,
20  fracture, or embolization than the Recovery filter;
21  correct?
22      A    That's correct.
23      Q    It is possible that the addition of caudal
24  anchors to the Recovery filter would not have eliminated
25  the risk of caudal migration; correct?

Case 2:15-md-02641-DGC   Document 16011-3   Filed 03/15/19   Page 5 of 9
Robert M. McMeeking, PhD, NAE, FRSE         January 30, 2019
In Re: Bard IVC Filters Products Liability

Page 57

1   A   Correct.
2   Q   And it's entirely possible that adding those
3   anchors would not have eliminated the risk of migration,
4   fracture, or embolization?
5   A   That's correct.  Would not have eliminated it,
6   correct.
7   Q   And you have done no calculations as to the
8   extent of which caudal anchors would have reduced the
9   risk of penetration, tilt, migration, fracture, or
10  embolization; correct?
11  A   That's correct.
12  Q   And it's entirely possible that adding
13  penetration limiters to the Recovery filter would not
14  have eliminated the risk of penetration; correct?
15  A   Would not have eliminated the risk, correct.
16  Q   Right.
17      And it's entirely possible that adding the
18  penetration limiters would not have eliminated the risk
19  of tilt, migration, fracture, or embolization; correct?
20  A   Correct.  Would not have eliminated them.
21  Correct.
22  Q   But you have done no calculations to attempt to
23  quantify the extent to which adding penetration limiters
24  to the Recovery filter would reduce the risk of
25  penetration, tilt, migration, fracture, or embolization;

Case 2:15-md-02641-DGC   Document 16011-3   Filed 03/15/19   Page 6 of 9
Robert M. McMeeking , PhD, NAE, FRSE                January 30, 2019
In Re: Bard IVC Filters Products Liability

Page 58

1   correct?
2      A    That's correct.
3      Q    It's entirely possible that using a two-tiered
4   design would not have prevented Mrs. Tinlin from
5   sustaining any of the injuries she alleges in this case;
6   correct?
7      A    That's correct.
8           Sorry.  Could repeat the question.
9      Q    It's entirely possible that using a two-tiered
10  design would not have prevented Mrs. Tinlin from
11  sustaining any of the injuries she alleges in this case?
12     A    Yes.  I agree.
13     Q    And you have done no calculations in this
14  litigation as to -- to try to quantify the extent to
15  which a two-tiered design might reduce the risk of
16  Mrs. Tinlin having sustained the injuries she did?
17     A    That's correct.
18     Q    It's entirely possible that improving the shape
19  of the cap, as you suggest, would not have prevented
20  Mrs. Tinlin from sustaining any of the injuries she
21  alleges; correct?
22     A    That's correct.
23     Q    And you have performed no calculations in this
24  litigation to quantify the extent to which a cap would
25  have reduced the risk to Mrs. Tinlin of sustaining the

Case 2:15-md-02641-DGC   Document 16011-3   Filed 03/15/19   Page 7 of 9
Robert M. McMeeking , PhD, NAE, FRSE                January 30, 2019
In Re: Bard IVC Filters Products Liability

Page 59

1   injuries?
2      A   That's correct.
3      Q   And, therefore, it is possible that adding all of
4   the design features you suggest would not have prevented
5   Mrs. Tinlin from sustaining the injuries she alleges;
6   correct?
7      A   That's correct.
8      Q   You are not aware of any single IVC filter that
9   carries no risk of fractures; correct?
10     A   I'm not aware of any, that's correct.
11         MR. NORTH:  Why don't we take a break.  We've
12  been going 75 minutes, I think.
13         MR. STOLLER:  Fine.
14         THE VIDEOGRAPHER:  The time is 11:15 a.m., and we
15  are off the record.
16                      (Recess.)
17         THE VIDEOGRAPHER:  The time is 11:26 a.m., and
18  we're back on the record.
19  BY MR. NORTH:
20     Q   Dr. McMeeking, you agree that all IVC filters can
21  tilt; correct?
22     A   I'm not sure I agree with that.  But many of them
23  do tilt, yes, or can tilt.
24     Q   And all IVC filters can penetrate?
25     A   Yes.  I agree with that.

Case 2:15-md-02641-DGC   Document 16011-3   Filed 03/15/19   Page 8 of 9
Robert M. McMeeking , PhD, NAE, FRSE         January 30, 2019
In Re: Bard IVC Filters Products Liability

Page 60

1    Q    All IVC filters can migrate; correct?
2    A    I agree with that, yes.
3    Q    And all IVC filters can fracture?
4    A    I think that's likely the case, yes, I agree.
5    Q    Now, you said -- seemed to apply that not all IVC
6    filters can tilt.  Are there some that you believe cannot
7    tilt?
8    A    I think the ones that are quite cylindrical in
9    shape are perhaps unable to tilt.
10   Q    But many of the filters that are on the market
11   can tilt; correct?
12   A    That's correct.
13   Q    As we sit here today, Doctor, you cannot say to a
14   reasonable degree of engineering certainty that the
15   design changes you discuss in your report would have
16   prevented Mrs. Tinlin's injuries, can you?
17   A    That's correct.
18   Q    And you cannot say by what percentage the risk
19   would have been reduced with these design changes, can
20   you?
21   A    That's correct.
22   Q    Is there anywhere in your report where you
23   outline the specific health conditions Mrs. Tinlin
24   suffers that might have impacted her filter in and its
25   performance?

Case 2:15-md-02641-DGC   Document 16011-3   Filed 03/15/19   Page 9 of 9
Robert M. McMeeking, PhD, NAE, FRSE           January 30, 2019
In Re: Bard IVC Filters Products Liability

Page 85

1    design features to eliminate or reduce tilt?
2         A    Correct.
3         Q    And you're not aware of any design feature or any
4    IVC filter that totally eliminates the risk of tilt; is
5    that correct?
6         A    That's correct.
7         Q    And you cannot say that any feature, if added to
8    the Recovery filter, would have eliminated tilt in
9    Mrs. Tinlin's case; correct?
10        A    That's correct.
11        Q    And you cannot say by what percentage of risk
12   tilt would have been -- what percentage risk of tilt
13   occurring would have been reduced -- let me try this
14   again.
15             You can't quantify how much the risk of tilt
16   would be reduced in a filter with any particular safety
17   feature added to the Recovery; correct?
18        A    That's correct.
19        Q    And you cannot say that Mrs. Tinlin's injuries
20   would been avoided all together by the addition of any
21   particular safety feature to eliminate or reduce tilt?
22        A    That's correct.
23        Q    Now, you've given previous testimony and you've
24   talked in your previous reports about Bard's testing and
25   analysis; correct?