Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California  92660
949-812-5771

Mark S. O'Connor (011029) – moconnor@beusgilbert.com
BEUS GILBERT, PLLC
701 N.44th St.
Phoenix AZ 85008
480-429-3019

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE REGARDING MOTION EXCLUDE CERTAIN OPINIONS AND TESTIMONY OF CHRISTOPHER S. MORRIS, M.D.**<br><br>(Assigned to the Honorable David G. Campbell)<br><br>**(Tinlin Bellwether Case)**<br><br>Oral Arguments Requested |

Had Dr. Morris offered an opinion on the standard of care regarding Mrs. Tinlin's surgeries, the opinion arguably might have been relevant to superseding causes or apportionment, i.e., evidence that a jury might consider on a contested issue. But Bard has conceded that Dr. Morris was merely describing other potential actions Mrs. Tinlin's doctors might have taken and possible outcomes, and was not offering a standard-of-care opinion. Bard Opposition, [Doc 15661], p. 5 ("Bard is not offering Dr. Morris to opine on the standard of care for the two cardiothoracic surgical procedures that Plaintiff underwent, . . .  nor is he being offered to opine on any breach of any standard of care for those procedures."). Viewed in this light, the two opinions Plaintiff challenges have no

bearing on Bard's negligence or damages: They are irrelevant to liability because they do not tend to prove or disprove anything about Bard's knowledge or the warnings or design of the filter. They are irrelevant to damages because, if Bard is liable, the jury may award damages for all injuries sustained, including where any initial injury is a substantial factor in causing a later injury. Dr. Morris's opinions should therefore be excluded because they would confuse the jury by focusing on facts and issues that are not reasonably in contention in this case.

It has long been the rule in Wisconsin that a defendant, if found liable, is responsible for the full amount of damages that result:

> The theory of the defense is that some of the damages resulted from mistaken medical treatment. The rule for awarding damages for injuries aggravated by subsequent mistaken medical treatment was established in *Selleck v. Janesville* in 1898, and has been followed since. Assuming that the plaintiff exercised good faith and due care in the selection of his treating physician, an assumption borne out by the record in this case, under the *Selleck* rule the defendants are liable for the full amount of damages caused by the aggravation.

*Fouse v. Persons*, 259 N.W.2d 92, 95 (1977) (citing *Selleck*, 75 N.W. 975 (Wis. 1898); footnotes omitted). *See also Hanson v. Am. Family Mut. Ins. Co.*, 716 N.W.2d 866, 874 (Wis. 2006) (following *Selleck* rule and holding plaintiff entitled to arguably unnecessary medical treatments as a matter of law). Under Wisconsin law, "If the jury does find that the negligence of [a] first actor was a substantial factor in causing [an] accident, *then the defense of intervening cause is unavailing unless the court determines as a matter of law that there are policy factors which should relieve the first actor from liability*." *Stewart v. Wulf*, 271 N.W.2d 79, 86 (Wis. 1978) (emphasis in original). Whether a subsequent act is an intervening or superseding cause is a question of law. *Rixmann v. Somerset Pub. Sch.*, 266 N.W.2d 326, 334 (Wis. 1978). An intervening act is a superseding cause only if "the conscience of the court would be shocked if the first actor were not relieved from liability." *Id.* (internal quotations and citation omitted). *See also* WIS JI-CIVIL 1700 (amount awarded "should reasonably compensate the person for the damages from the

accident") 1725 (damages for later-sustained injury may be awarded if "the earlier injury was a substantial factor in causing the later injury"), 1750.2 ("what sum of money will fairly and reasonably compensate (plaintiff) for any personal injuries (he) (she) sustained as a result of the accident. Your answer to this question should be the amount of money that will fairly and reasonably compensate (plaintiff) for the personal injuries (he) (she) has suffered to date and is reasonably certain to suffer in the future as a result of the accident").[1]

Here, Bard is not arguing that there was subsequent negligence, let alone an intervening tort. Bard has not made cross-claims against any of Mrs. Tinlin's doctors. Nor has Bard claimed that Mrs. Tinlin failed to exercise ordinary care in selecting her doctors. Dr. Morris merely opines that alternative treatments were available, and their possible effect. Bard Opposition, p. 3 (a "minimally-invasive procedure . . . might have avoided the cardiothoracic surgical operation, and 'could have prevented [post-surgical complications]'." ) (quoting Morris report, Bard Ex. 2). Regardless of the existence of other treatment options, if Bard is found liable, it is responsible for the injuries sustained from the procedures actually performed; no reasonably jury could conclude that the fractured filter was not a substantial factor in causing the later medical care and the injury that resulted from that care. Evidence of alternatives, therefore, does not tend to make any fact in issue more or less probable and is therefore not relevant. Bard's attempt to divert attention from the facts in issue related to its liability and Mrs. Tinlin's damages would only serve to prejudice Plaintiff and confuse the jury. The court should exclude the challenged opinions.

Additionally, even if Bard is permitted to offer speculation by virtue of its burden of proof as a defendant, it has failed to address the other issues Plaintiff identified with Dr.

---

[1] Bard is also responsible for damages caused by subsequent medical negligence as long as Mrs. Tinlin used ordinary care in selecting her doctors. WIS JI-CIVIL 1710. While this instruction indicates that a standard-of-care opinion would also be irrelevant because damages should still be awarded, if Bard claimed that Mrs. Tinlin's doctors breached the standard of care, there would arguably be a jury question, whereas in light of Bard's response, there is no genuine dispute as to any material fact.

1  Morris's opinion, nor tie the purported permissible speculation to issues in the case. *See*
2  Plaintiff's Mot. p. 8-9: Dr. Morris did not explain how moderate sedation, a percutaneous
3  procedure, or lower risk would have made any difference to Mrs. Tinlin's injuries, and
4  Bard did not respond to Plaintiff's contention that the opinion therefore lacks foundation.
5  *Id.*, p. 8. Neither Dr. Morris nor Bard explain the relevance of the opinion that surgery
6  might have been contraindicated if no strut was found in the heart <u>when a strut was, in
7  fact, found in her heart</u>. *Id.*, p. 8-9. Neither Dr. Morris nor Bard explain why additional
8  imaging to identify the number of struts in the heart would have been useful, or why his
9  opinion about a percutaneous attempt is relevant if there was no one available to perform
10 such an attempt. *Id.*, p. 9-10.

Plaintiff's motion should be granted, and the challenged opinions of Dr. Morris in paragraphs 6-7 on pages 17-18 of his report should be excluded.

RESPECTFULLY SUBMITTED this 15th day of March, 2019.

        BEUS GILBERT, PLLC

        By:*/s/ Mark S. O'Connor*
           Mark S. O'Connor (011029)
           701 N.44th St.
           Phoenix AZ 85008

        LOPEZ McHUGH LLP
        Ramon Rossi Lopez (CA Bar No. 86361)
        (admitted *pro hac vice*)
        100 Bayview Circle, Suite 5600
        Newport Beach, California 92660

        *Co-Lead/Liaison Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 15th day of March, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

                                */s/Jessica Gallentine*