Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
949-812-5771

Mark S. O'Connor (011029) – moconnor@beusgilbert.com
BEUS GILBERT, PLLC
701 N.44th St.
Phoenix AZ 85008
480-429-3019

*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO PERMIT PLAINTIFF DEBRA TINLIN TO APPEAR IN COURT AND PROVIDE TESTIMONY BY CONTEMPORANEOUS ELECTRONIC TRANSMISSION FROM ANOTHER LOCATION** <br><br> (Assigned to the Honorable David G. Campbell) <br><br> **(Tinlin Bellwether Case)** <br><br> Oral Arguments Requested |

Plaintiffs, by and through counsel undersigned, hereby submit this Reply in support of her Motion to Permit Plaintiff Debra Tinlin to Appear in Court and Provide Testimony by Contemporaneous Electronic Transmission from Another Location.

Apparently, there is not a dispute that Debra Tinlin should be allowed to provide testimony by contemporaneous electronic transmission from another location. Further, Plaintiffs agree that appropriate safeguards should be implemented to accomplish her testimony. Although Plaintiffs agree that Mrs. Tinlin should be alone in the room when testifying, Plaintiffs also believe that she should have her own counsel present in the

1  courthouse.  Further, while Defendant has requested the right to have counsel for Bard present in the courthouse, Plaintiffs request that there be no contact between defense counsel and Mrs. Tinlin at any time before, during or after the testimony.

Plaintiffs also agree that documentary evidence be marked and provided to Plaintiff and counsel in advance of Plaintiff's testimony.  In addition, Plaintiffs will be responsible for costs associated with the remote testimony and participation.  However, Plaintiffs request that the costs should be treated as taxable costs pursuant to Fed. R. Civ. P. 54(d)(1).

At this time, it is not clear to what extent Plaintiff's filter-related medical complications contribute to her inability to travel or have aggravated other medical conditions.

Plaintiff's medical expert, Derek Muehrcke, M.D., has determined that the Bard Recovery IVC filter has caused medical conditions which require follow up care.

> Mrs. Tinlin's post open heart problems will require life-long follow up.  It is very likely her tracheomalacia, respiratory compromise/dysfunction, and shortness of breath will progress.  She is now at risk for cardiac arrhythmias, cardiac failure and recurrent diaphragm hernias, and she has anxiety about her diaphragm hernia recurring.  She will require semi-annual surveillance from a pulmonologist to monitor her shortness of breath from the tracheomalacia and diaphragm injuries.  She will require semi-annual cardiology and cardiac surgery follow ups with chest CT scans, echocardiograms, and EKGs to monitor for persistent sternal non-union, arrhythmias, endocarditis, and cardiac dysfunction as a result of the multiple incisions made into her heart during the unconventional open-heart retrieval of her IVC filter fragment.  Moreover, Mrs. Tinlin has three more filter struts which have emobilized to her lungs.

\*   \*   \*

Derek Muehrcke, M.D., FACS; Expert Report regarding Debra Tinlin (marked with page numbers and attached to his January 11, 2019 deposition as Exhibit 7), a copy of the relevant page of which is attached hereto as Exhibit A.

As noted above, whether these filter related conditions contribute to Plaintiff's travel restrictions remain unclear. Therefore, Plaintiffs believe that any instruction regarding Debra Tinlin's remote testimony and absence from trial should avoid any inaccurate medical conclusions. Plaintiffs propose the instruction states "Debra Tinlin's doctors have advised her not to travel due to medical conditions."

As far as Debra Tinlin's participation in other aspects of the trial, Plaintiffs request that Debra Tinlin have the option to observe any aspect of the trial deemed necessary by her and counsel. This can be done without Debra Tinlin appearing on camera other than for her own testimony and perhaps in the beginning for purposes of introducing her to the panel prior to jury selection.

RESPECTFULLY SUBMITTED this 20th day of March, 2019.

BEUS GILBERT, PLLC

By: */s/ Mark S. O'Connor*
Mark S. O'Connor (011029)
701 N.44th St.
Phoenix AZ 85008

LOPEZ McHUGH LLP
Ramon Rossi Lopez (CA Bar No. 86361)
(admitted *pro hac vice*)
100 Bayview Circle, Suite 5600
Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of March, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

/s/Jessica Gallentine

- 4 -