James R. Condo (#005867)
Kristine L. Gallardo (#033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
jcondo@swlaw.com
kgallardo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
Telephone: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC |
| | **DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF THE CRISIS COMMUNICATIONS PLAN** |
| This Document Relates to: | (Assigned to the Honorable David G. Campbell) |
| Debra Tinlin, et al. v. C. R. Bard, Inc., et al. CV-16-00263-PHX-DGC | **(Oral Argument Requested)** |

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

Nelson Mullins Riley & Scarborough
L.L.P.
201 17ᵗʰ Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

Bard moves to exclude evidence of the crisis communications plan ("CCP").[1] The CCP is irrelevant to any issues at trial. Even if it were relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion, undue delay, and time wasting. *See* Fed. R. Evid. 401, 402, & 403.

## ARGUMENT AND CITATION OF AUTHORITY

**I.      The CCP Should be Excluded as Irrelevant.**

The CCP is not relevant to any material issue at trial for three reasons.

***First***, Plaintiffs cannot show substantial similarity between this incident and the other incidents referenced in the CCP, and absent this showing, the CCP's subject matter is irrelevant and inadmissible.[2] *Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1105 (9th Cir. 1991) ("A showing of substantial similarity is required when a plaintiff attempts to introduce evidence of other accidents as direct proof of negligence, a design defect, or notice of the defect."); *see State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003) ("A defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages."). The CCP was initiated to guide Bard's responses to potential media inquiries into reported Recovery Filter cephalad migration deaths,[3] but there is no evidence or allegation of cephalad migration or resultant death here. In *Jones*, the Court excluded other-incident evidence for this precise reason. Doc. 10920 (concluding that "deaths by cephalad migration" were not substantially similar to the plaintiff's filter fracture and migration of a strut to her lung). Like the other-incident evidence in *Jones*, the CCP should be excluded.

***Second***, the media inquiries for which the CCP was created never occurred, and so

---

[1] For purposes of this Motion, the CCP includes the original April 13, 2004 Memorandum (Ex. A) and all subsequent revisions, the "Standby Statement for Corporate Copy Review Process" (Ex. B), and all emails or other materials related to the CCP.

[2] Plaintiffs have used the CCP to admit other-incident evidence in prior trials, and Bard expects them to try the same tactic here. *See, e.g.*, *Booker* Trial Tr. at 150:20–21 (D. Ariz. Mar. 28, 2018) (stating in opening that "[Bard] created a crisis communication plan *as the word got out that people were dying from this filter*.") (emphasis added).

[3] Ex. C, Deposition of Holly Glass at 64:12–21 ("[T]his was prepared after the reported death of a patient."); *see Booker* Trial Tr. at 150:20–21.

the plan was never put into action.[4] It therefore had no causative impact on Plaintiffs' claims or alleged injuries.

**Third**, the CCP does not support Plaintiffs' punitive damages claim. This claim requires a finding that Bard "acted maliciously toward the plaintiff or in an intentional disregard of the plaintiff's rights." Wis. Stat. § 895.043(3). The "acted maliciously" and "intentional disregard" elements both require deliberate conduct. *Strenke v. Hogner*, 694 N.W.2d 296, 302–04 (Wis. 2005) (explaining that punitive damages "require that an act or course of conduct be deliberate"). Retaining a public-relations firm to prepare the CCP (a common business practice)[5] is irrelevant to punitive damages. *In re Prempro Prods. Liab. Litig.*, 554 F. Supp. 2d 871, 894–95 (E.D. Ark. 2008) *aff'd in part, rev'd in part*, 586 F.3d 547 (8th Cir. 2009) ("Employing a public relations firm to counter the media is not, in itself, evidence of reckless disregard by the company; rather, it may be a business model employed by most corporations."). And because the CCP was never put into action, it did "not cause or contribute to the plaintiff's loss." *Henrikson v. Strapon*, 758 N.W.2d 205, 211 (Wis. 2008); *see Kehl v. Economy Fire & Cas. Co.*, 433 N.W.2d 279, 280 (Wis. Ct. App. 1988) ("[P]laintiff [must] prove that he or she has suffered some actual damage as a result of the conduct."); *cf.* Doc. 12734 ("*Kehl* and *Henrikson* make clear that actions of a defendant are not admissible on punitive damages unless they caused or contributed to the plaintiff's loss.").[6] The CCP is neither evidence of a "deliberate act or course of conduct" nor a cause of Plaintiffs' damages and thus does not support Plaintiffs' punitive damages claim.

[4] Ex. C at 64:4–11 ("I don't believe anything, this or anything else in [the CPP] was ever used . . . ."); 169:18–20 ("No, this plan was never implemented.").

[5] *See, e.g.*, Dep't of Homeland Sec., https://www.ready.gov/business/implementation/crisis (last visited Mar. 26, 2019) (recommending businesses adopt a crisis communication plan); Amy George, *Why You Need a Crisis Communication Plan and How to Start Building It Today*, Inc. (Jun. 11, 2018), https://www.inc.com/amy-george/do-you-have-a-crisis-communication-plan-heres-why-you-need-one-how-to-get-started-right-now.html ("Every company, no matter how big or small, needs a crisis communication plan . . . .").

[6] Plaintiffs may argue that withholding the CCP information is evidence of conduct warranting punitive damages. But the information was not "withheld;" rather, the media inquiries for which it was initiated never happened. And even if the CCP were available to Ms. Tinlin's implanting physician, he testified that he generally does not read IFUs, marketing materials, or dear doctor letters from device manufacturers. *See* Doc. 15073.

-2-

Nelson Mullins Riley & Scarborough

L.L.P.
201 17ᵗʰ Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

## II.     The CCP Should be Excluded Under Rule 403.

As stated above, the CCP is irrelevant to the issues to be tried. It also lacks probative value because it was originally drafted by a public relations firm named Hill & Knowlton ("H&K"), not Bard.[7] Various Bard representatives provided comments or revisions, but H&K determined the CCP's form and component parts. It used "a lot of" generic, "template language" that was not specific to Bard.[8] And it was never finalized.[9]

Even if the CCP had some marginal probative value, its value is substantially outweighed by the risk of unfair prejudice, confusion, undue delay, and time wasting. It is inherently unfair to offer against Bard evidence of an unfinished media-inquiry response plan that was never implemented because there were no media inquiries. And it allows Plaintiffs to sneak in other-incident evidence without making the requisite "substantial similarity" showing. *See Cooper*, 945 F.2d at 1105. Absent this showing, the "jury could easily be confused or misled into imposing liability on the mere basis of what *could* have happened rather than what *did* happen." *Bauerlein v. Equity Residential Prop. Mgmt. Corp.*, No. CIV 04-1904 PHXSMM, 2007 WL 1546101, at *1 (D. Ariz. May 24, 2007) (excluding evidence of other deaths involving defendant's products that occurred under different circumstances). This would lead to mini-trials on the dissimilarity of incidents the CCP references. And Plaintiffs have previously invited the jury to believe Bard misled physicians by withholding information in the CCP,[10] but the CCP was not intended for physicians. It was solely for responding to media inquiries and was not finalized or released because these media inquiries never occurred. Bard would have to spend critical trial time providing the jury with proper context for the CCP although it does not affect Plaintiffs' claims. This would lead to inefficiency and would unfairly prejudice Bard. It should be excluded.

---

[7] Ex. C at 121:20–21; 152:23–153:3.

[8] Ex. C at 147:14–17; 153:1–3.

[9] *See* Ex. C at 169:18–174:17.

[10] Plaintiffs' counsel has argued this to the Court and the jury. *See Booker* Trial Tr. at 150:18–24 ("[Bard] created a crisis communication plan . . . [and] stated that on migration resistance testing, I wouldn't raise this subject if at all possible."); *see also Jones* Pretrial Conf. at 83:16–84:12 (D. Ariz. May 4, 2018).

1    RESPECTFULLY SUBMITTED this 29th day of March, 2019.

2                                              s/Richard B. North, Jr.

3                                              Richard B. North, Jr.
                                               Georgia Bar No. 545599
4                                              Matthew B. Lerner
                                               Georgia Bar No. 446986
5                                              NELSON MULLINS RILEY & SCARBOROUGH, LLP
                                               Atlantic Station
6                                              201 17th Street, NW / Suite 1700
                                               Atlanta, GA 30363
7                                              PH: (404) 322-6000
                                               FX: (404) 322-6050
8                                              richard.north@nelsonmullins.com
                                               matthew.lerner@nelsonmullins.com

9                                              James R. Condo (#005867)
                                               Kristine L. Gallardo (#033975)
10                                             SNELL & WILMER L.L.P.
                                               One Arizona Center
11                                             400 E. Van Buren
                                               Phoenix, AZ 85004-2204
12                                             PH: (602) 382-6000
                                               jcondo@swlaw.com
13                                             kgallardo@swlaw.com

14                                             **Attorneys for Defendants C. R. Bard, Inc. and**
                                               **Bard Peripheral Vascular, Inc.**
15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Nelson Mullins Riley & Scarborough*
L.L.P.
201 17ᵗʰ Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000