Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California  92660
949-812-5771

Mark S. O'Connor (011029) – moconnor@beusgilbert.com
BEUS GILBERT, PLLC
701 N.44th St.
Phoenix AZ 85008
480-429-3019
*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC<br><br>(Oral Argument Requested)<br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 1:  MEDICAL CARE AS INTERVENING CAUSE OF INJURY**<br><br>(Assigned to the Honorable David G. Campbell)<br><br>**(Tinlin Bellwether Case)** |

Plaintiffs move *in limine* to preclude evidence and argument that Mrs. Tinlin's medical care to save her life from Bard's failed Recovery filter was an intervening cause of injury that relieves Bard of liability. The contention that different or better care might have resulted in lesser injury is irrelevant and prejudicial because it does not relieve Bard from liability for all damages that stem from its wrongful conduct.[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. Evidence at Issue**

Bard has offered the opinion of Dr. Morris, an interventional radiologist, that "a minimally-invasive drainage procedure to remove blood that had accumulated around Mrs. Tinlin's heart that could have been performed by an interventional radiologist in lieu

---

[1] The evidence Plaintiffs seek to exclude Bard also proposes to offer through the testimony of Dr. Morris, an interventional radiologist, whose opinions on these issues are the subject of a related *Daubert* motion [Doc. 16032].

of a more invasive cardiothoracic operation . . . by a heart surgeon." Bard Response in Opposition to Plaintiffs' Motion to Exclude Certain Opinions and Testimony of Christopher S. Morris, M.D., p. 2 [Doc. 15661] (Bard Morris *Daubert* Response). Similarly, Bard proposes to offer an opinion "about the diagnostic radiological imaging that should have been performed prior to the surgical intervention . . . to remove a strut from Mrs. Tinlin's heart, and a minimally-invasive procedure that potentially could have been performed in lieu of that more invasive cardiothoracic operation." *Id.* More broadly, Bard should be precluded from offering any argument or evidence that Mrs. Tinlin's medical care resulting from the filter failures she experienced was an intervening cause of injury or could have been provided more skillfully, less invasively, or with lower risk.

## II. Evidence and Argument That Subsequent Medical Care Is An Intervening Cause Is Counter To Wisconsin Law, Irrelevant, Prejudicial, And Should Be Excluded.

It has long been the rule in Wisconsin that a defendant, if found liable, is responsible for the full amount of damages that result:

> The rule for awarding damages for injuries aggravated by subsequent mistaken medical treatment was established in *Selleck v. Janesville* in 1898, and has been followed since. Assuming that the plaintiff exercised good faith and due care in the selection of his treating physician, an assumption borne out by the record in this case, under the *Selleck* rule the defendants are liable for the full amount of damages caused by the aggravation.

*Fouse v. Persons*, 259 N.W.2d 92, 95 (1977) (citing *Selleck*, 75 N.W. 975 (Wis. 1898); footnotes omitted). *See also Hanson v. Am. Family Mut. Ins. Co.*, 716 N.W.2d 866, 874 (Wis. 2006) (following *Selleck* rule and holding plaintiff entitled to damages from alleged unnecessary medical treatments as a matter of law). Under Wisconsin law, "If the jury does find that the negligence of [a] first actor was a substantial factor in causing [an] accident, *then the defense of intervening cause is unavailing unless the court determines as a matter of law that there are policy factors which should relieve the first actor from liability*." *Stewart v. Wulf*, 271 N.W.2d 79, 86 (Wis. 1978) (emphasis in original); *see also Tutkowski v. Rudesill*, 902 N.W.2d 809 (Wis. App. 2017) (unpublished), *review dismissed*, 905 N.W.2d 842 (Wis. 2017) (citing *Stewart*, 271 N.W.2d at 86 (1978))

Whether a subsequent act is an intervening or superseding cause is a question of law. *Rixmann v. Somerset Pub. Sch.*, 266 N.W.2d 326, 334 (Wis. 1978). An intervening act is a superseding cause only if "the conscience of the court would be shocked if the first actor were not relieved from liability." *Id.* (internal quotations and citation omitted). *See also* WIS JI-CIVIL 1725 (damages for later-sustained injury may be awarded if "the earlier injury was a substantial factor in causing the later injury"), 1750.2 ("what sum of money will fairly and reasonably compensate (plaintiff) for any personal injuries . . . (she) sustained as a result of the accident. . . . should be the amount of money that will fairly and reasonably compensate (plaintiff) for the personal injuries . . . (she) has suffered to date and is reasonably certain to suffer in the future as a result of the accident").

Here, regardless of the existence of other treatment options, if Bard is found liable, it is responsible for the injuries sustained from the procedures actually performed (even if they involved medical malpractice, which Bard does not claim occurred here[2]). Because no reasonably jury could conclude that the fractured filter was not a substantial factor in causing the later medical care and any injury that resulted from that care, evidence of alternatives does not tend to make any fact in issue more or less probable and is therefore not relevant.

### III. CONCLUSION

This Court should preclude any evidence that any medical care is an intervening cause of injury that would relieve Bard from liability for injuries Mrs. Tinlin sustained when doctors attempted to save her life and mitigate damages from the failed Bard Recovery filter because the filter failure was a substantial factor in causing the treatment.

---

[2] Bard Morris *Daubert* Response, p. 5 [Doc. 15661].

RESPECTFULLY SUBMITTED this 29th day of March, 2019.

BEUS GILBERT, PLLC.

By: */s/ Mark S. O'Connor*
Mark S. O'Connor
BEUS GILBERT, PLLC
701 N.44th St.
Phoenix AZ 85008
480-429-3019

LOPEZ McHUGH LLP
Ramon Rossi Lopez (CA Bar No. 86361)
(admitted *pro hac vice*)
100 Bayview Circle, Suite 5600
Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of March, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

/s/ Jessica Gallentine