Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
949-812-5771

Mark S. O'Connor (011029) – moconnor@beusgilbert.com
BEUS GILBERT, PLLC
701 N.44th St.
Phoenix AZ 85008
480-429-3019
*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC<br><br>(Oral Argument Requested)<br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 3 TO PRECLUDE EVIDENCE OF UNRELATED MEDICAL CONDITIONS**<br><br>(Assigned to the Honorable David G. Campbell)<br><br>**(Tinlin Bellwether Case)** |

Plaintiffs move this Court *in limine* for an order precluding the introduction of evidence or argument concerning Plaintiff Debra Tinlin's medical conditions that are unrelated to her IVC filter and the injuries she alleges she sustained as a result of the filter's failure. Any such evidence is inadmissible under Federal Rules of Evidence 401 and 403 because it is irrelevant to issues of causation and damages, and its prejudicial effect substantially outweighs any potential probative value.

The injuries that Mrs. Tinlin has put at issue in this case are serious and directly attributable to the failure of her Recovery filter. In short, Mrs. Tinlin was implanted with a Recovery filter on May 7, 2005. She soon experienced lower back pain following placement of the filter. On June 10, 2013, she was brought to the emergency room, where she was diagnosed with cardiac tamponade, cardiogenic shock, and multi-organ failure.

- 1 -

The filter had fractured, and two struts had embolized to her heart, requiring open cardiothoracic surgery.  Her sternum did not fuse properly following that surgery, causing ongoing complications, and she has ongoing injuries related to her prolonged intubation.  Filter fragments also remain in Mrs. Tinlin's lung.

In addition to these injuries from her filter, Mrs. Tinlin suffers from a variety of medical conditions that either predate the implantation and failure of her Recovery filter, or have nothing to do with either the Recovery filter's implantation, failure, and her resulting injuries.  Bard, however, has refused to stipulate that evidence of Mrs. Tinlin's unrelated medical conditions should not be introduced at trial.  These unrelated conditions include:

- Graves' disease
- surgical resection of thyroid gland
- hypothyroidism
- Sjogren's syndrome
- Hypertension
- uterine and rectal prolapse
- fibromyalgia and rheumatoid arthritis
- pernicious anemia

Bard has not, and cannot, show that any of these conditions are related to any issue in this case.  There is no plausible argument, for example, that Sjoren's syndrome, an autoimmune disease that affects saliva glands, has anything do with Mrs. Tinlin's filter or her filter-related injuries.  Mrs. Tinlin's uterine and rectal prolapses predated her visit to the ER in June 2013 and subsequent open-heart surgery.  Her thyroid-related conditions (of which Graves' disease is one) predate her filter-related injuries as well; her thyroid was removed when she was seventeen years old.  She is not claiming that the filter caused these conditions, or seeking damages relating to them.  Injuries caused by the Recovery filter's failure here are distinct from those related to Mrs. Tinlin's preexisting conditions, and Bard should not be permitted to manufacture a fact issue as to potential alternative

explanations of ongoing pain or medical complications where there is no basis.

This Court previously granted Plaintiff Jones' motion *in limine* to preclude introduction of evidence of the use of NSAID's to treat migraines, as well as gastric complications related to their use. *See* Doc. No. 10947, at 4-5. The Court also granted Plaintiff's motion concerning other unrelated medical issues (hypertension and B12 deficiency) where Bard could not show – as it cannot here – that the issues concerned causation or damages. *Id.* at 2. Here, Bard has refused even to stipulate that hypertension is unrelated and evidence of it should not be introduced, even following the Court's ruling in *Jones*.

None of these conditions bear on Mrs. Tinlin's purported need for a filter in the first place, whether the filter was defectively designed, whether Bard failed to provide adequate warnings concerning the filter's safety and effectiveness, or the damages that Mrs. Tinlin has suffered as a result of the filter's failure. They are irrelevant under Rule 401 of the Federal Rules of Evidence. Further, even if this evidence were relevant, it is inadmissible under Rule 403 of the Federal Rules of Evidence, because it is likely to mislead the jury, create a confusion of issues, and waste time. Bard should not be permitted to use Mrs. Tinlin's relatively complicated medical profile to confuse the jury or distract its attention from the core issues in this case.

For these reasons, the Court should preclude any introduction of Mrs. Tinlin's medical conditions that are unrelated to the implantation of her Recovery filter and the injuries that she claims relating to the filter.

1  RESPECTFULLY SUBMITTED this 29th day of March, 2019.

2

BEUS GILBERT, PLLC.

3

By:*/s/ Mark S. O'Connor*
　　Mark S. O'Connor
　　BEUS GILBERT, PLLC
　　701 N.44th St.
　　Phoenix AZ 85008
　　480-429-3019

LOPEZ McHUGH LLP
Ramon Rossi Lopez (CA Bar No. 86361)
(admitted *pro hac vice*)
100 Bayview Circle, Suite 5600
Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 29th day of March, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

                                                */s/ Jessica Gallentine*