Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California  92660
949-812-5771

Mark S. O'Connor (011029) – moconnor@beusgilbert.com
BEUS GILBERT, PLLC
701 N.44th St.
Phoenix AZ 85008
480-429-3019
*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC<br><br>(Oral Argument Requested)<br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 2:  VENA CAVA SIZE**<br><br>(Assigned to the Honorable David G. Campbell)<br><br>**(Tinlin Bellwether Case)** |

COMES NOW Plaintiff Debra Tinlin ("Plaintiff"), by and through her undersigned counsel, and moves this Court *in limine* to preclude at trial evidence and argument regarding the size of her inferior vena cava (IVC).  Under Federal Rules of Evidence 402 and 403, this Court should exclude such evidence because it is irrelevant and to the extent it has any marginal relevance, its prejudicial effect substantially outweighs any probative value and will serve as nothing more than a distraction and mini-trial during the course of an already lengthy trial.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. Evidence at Issue**

At the time of her implant, Plaintiff's IVC was measured at 28mm-29mm.  Dr. Joshua Riebe, Plaintiff's implanting physician, took the measurement via CT scan prior to deployment.  Exhibit A, Deposition of Joshua Riebe, M.D., at 98:24-99:8.  After the filter was deployed, Dr. Riebe confirmed successful placement with no complications.  *Id*. at

100:4-23. The filter was checked the next day on May 8, 2005, and it was again confirmed that the Bard Recovery Filter was in good position and intact. *Id*. at 101:10-104:25. Subsequently, the filter fractured and migrated.

Bard has taken the position that because the Bard Recovery Filter was implanted with the vena cava at or just barely over 28 mm, that is the cause of Plaintiff's injuries and has gone farther to claim that Dr. Riebe's decision to implant the filter fell below the standard of care. See Exhibit B, Expert Report of Christopher S. Morris, MD at 15-16. Plaintiff, however, has made no medical malpractice allegations against Dr. Riebe and including this evidence into the trial will lead to a minitrial on a doctor who is not a party to this case.

Bard's internal documents show that it knew vena cavas had the potential to expand in patients considered obese contradicting any labeling regarding vena cava size. Exhibit B, BPVE-01-00010858; *see also* Exhibit C, BPV-17-01-00098282. Thus, Dr. Riebe had no knowledge that implanting the Bard Recovery Filter at the upper limits of the indication would necessarily result in migration or other failures modes because the vena cava might expand far beyond the upper. Exhibit A, at 83:15-85:2, 98:13-17. Bard had no thorough understanding of caval dynamics when it marketed the Recovery filter, and still did not when it conducted an internal review of its filter franchise five years later in 2008. Exhibit D, BPVE-01-00622867. Considering this lack of understanding, Ms. Tinlin's cava size is not relevant and certainly not for the purpose Bard would like to use it: to suggest that her implanting physician acted below the standard of care.

**II. This Court Should Exclude This Evidence as Irrelevant and Unduly Prejudicial.**

Plaintiff's vena cava size and any allegations of medical malpractice against Dr. Riebe should be excluded as neither are relevant to any issue in this trial. Dr. Riebe's involvement in this case is not as a party but as a witness who will be played the jury to discuss the care and treatment, namely the implant of the Bard Recovery Filter, of Plaintiff. Plaintiff did not name Dr. Riebe as a defendant in this case; there are no medical malpractice

- 2 -

claims asserted against any physician.

This case relates solely to the defective design of the Recovery Filter and Bard's failure to warn. Allowing the jury to hear from Bard's expert that Dr. Riebe's care and treatment fell below the standard of care is improper as if it were a fact in the case, is improper and seriously misleading. The potential for prejudice to Plaintiff and confusion that would arise with such testimony substantially outweighs any probative value. Fed. R. Evid. 403.

### III.  Conclusion

This Court should preclude any evidence regarding Plaintiff's vena cava size so that the case and issues do not devolve into a medical malpractice trial against Dr. Riebe. Any evidence of this nature violates Fed. R. Evid. 403 even if determined by this Court to have marginal relevance (it does not).

RESPECTFULLY SUBMITTED this 29th day of March, 2019.

        BEUS GILBERT, PLLC.

        By:/s/
        Mark S. O'Connor
        BEUS GILBERT, PLLC
        701 N.44th St.
        Phoenix AZ 85008
        480-429-3019

        LOPEZ McHUGH LLP
        Ramon Rossi Lopez (CA Bar No. 86361)
        (admitted *pro hac vice*)
        100 Bayview Circle, Suite 5600
        Newport Beach, California 92660

        *Co-Lead/Liaison Counsel for Plaintiffs*

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on this 29th day of March, 2019, I electronically transmitted |
| 3 | the attached document to the Clerk's Office using the CM/ECF System for filing and |
| 4 | transmittal of a Notice of Electronic Filing. |
| 5 | |
| 6 | _____ |
| 7 | |
| 8 | |
| ... | |
| 28 | |