# EXHIBIT E

```
              SUPERIOR COURT OF CALIFORNIA
     COUNTY OF SAN DIEGO, EAST COUNTY REGIONAL CENTER
                        - - -
    MARY GIORDANO, individually  :
    and on Behalf of the Estate  :
    of Jacqueline Keith and      :
    other qualified survivors,   :
              Plaintiffs,        :
                                 : Case No. 37-2011-
              vs.                : 00069363-CU-PO-EC
                                 :
    C.R. BARD, INC., a           :
    corporation, BARD PERIPHERAL :
    VASCULAR INC., a corporation,:
    THOMAS BRANNIGAN, M.D., an   :
    individual, FRANKLIN KALMAR, :
    M.D., an individual, JULIE   :
    LAIDIG, M.D., an individual, :
    SHARP GROSSMONT HOSPITAL, a  :
    corporation, SHARP           :
    HEALTHCARE, a corporation,   :
    and DOES 1 through 100       :
    inclusive,                   :
              Defendants.        :
                        - - -

               Tuesday, November 12, 2013

                        - - -
            Videotaped Deposition of DAVID
    CIAVARELLA, M.D., held at Short Hills Hilton, 41
    John F. Kennedy Parkway, Short Hills, New
    Jersey, on the above date, beginning at 9:43 a.m.,
    before Kimberly A. Overwise, a Certified
    Realtime Reporter and Notary Public.
                        - - -
               GOLKOW TECHNOLOGIES, INC.
          877.370.3377 ph|917.591.5672 fax
                  deps@golkow.com
```

```
 1    APPEARANCES:
 2
          LOPEZ McHUGH LLP
 3        BY:  RAMON ROSSI LOPEZ, ESQ.
          100 Bayview Circle, Suite 5600
 4        Newport Beach, CA  92660
          949-737-1501
 5        rlopez@lopezmchugh.com
          Counsel for Plaintiffs
 6
 7        HEAVISIDE REED ZAIC
          BY:  JULIA REED ZAIC, ESQ.
 8        312 Broadway Street, Suite 203
          Laguna Beach, CA  92651
 9        949-715-5120
          julia@hrzlaw.com
10        Counsel for Plaintiffs
11
          BABBITT, JOHNSON, OSBORNE & LeCLAINCHE,
12        P.A.
          BY:  JOSEPH R. JOHNSON, ESQ.
13        1641 Worthington Road, Suite 100
          West Palm Beach, FL  33401
14        561-684-2500
          jjohnson@babbitt-johnson.com
15        Counsel for Plaintiffs
16
          NELSON MULLINS RILEY & SCARBOROUGH LLP
17        BY:  TAYLOR TAPLEY DALY, ESQ.
          Atlantic Station
18        201 17th Street NW, Suite 1700
          Atlanta, GA  30363
19        404-322-6158
          taylor.daly@nelsonmullins.com
20        Counsel for Defendant C.R. Bard, Inc.
21
22    ALSO PRESENT:
23    Catherine Smalfus, videographer
24
25
```

```
 1   APPEARANCES VIA TELEPHONE:
 2
         HEAVISIDE REED ZAIC
 3       BY:   LAURA SMITH, ESQ.
         312 Broadway Street, Suite 203
 4       Laguna Beach, CA  92651
         949-715-5120
 5       Counsel for Plaintiffs
 6
         KARON & DALIMONTE, LLP
 7       BY:   JOHN A. DALIMONTE, ESQ.
         85 Devonshire Street, Suite 1000
 8       Boston, MA  02109
         617-367-3311
 9       johndalimonte@kdlaw.net
         Counsel for Plaintiffs
10
11       CLARK, FOUNTAIN, LA VISTA, PRATHER, KEEN &
         LITTKY-RUBIN, LLP
12       BY:   CYRUS S. NIAKAN, ESQ.
         1919 N. Flagler Drive
13       West Palm Beach, FL  33407
         561-899-2111
14       cniakan@clarkfountain.com
         Counsel for Plaintiff Anthony Payne
15
16       NEIL, DYMOTT, FRANK, McFALL & TREXLER, APLC
         BY:   ALAN B. GRAVES, ESQ.
17       1010 Second Avenue, Suite 2500
         San Diego, CA  92101
18       619-238-2286
         agraves@neildymott.com
19       Counsel for Defendant Julie Laidig, M.D.
20
         LAFOLLETTE, JOHNSON, DEHAAS, FESLER & AMES
21       BY:   N. BEN CRAMER, ESQ.
         501 W. Broadway, Suite 800
22       San Diego, CA  92101
         619-400-4978
23       bcramer@ljdfa.com
         Counsel for Defendant Franklin Kalmar, M.D.
24
25
```

```
 1                      I N D E X
 2   WITNESS:                                           Page
 3   DAVID CIAVARELLA, M.D.
 4       By Mr. Lopez.....................11, 384
 5       By Ms. Daly........................380
 6
 7                    E X H I B I T S
 8                       (Attached.)
 9   No.                Description                     Page
10   Ciavarella 20   Curriculum vitae of                 10
                    David J. Ciavarella, M.D.
11
     Ciavarella 21   Bard Regulatory Affairs             75
12                   Manual, Title:  Product
                     Remedial Actions, Bates
13                   Nos. BPV-17-01-00024667-
                     684
14
     Ciavarella 22   Spreadsheet, Bates Nos.            115
15                   BPVEFI LTER-01-00010268-
                     289
16
     Ciavarella 23   E-mail, 4/23/04, to                119
17                   Weiland and others from
                     Carr, with attachments,
18                   Bates Nos. BPVE-01-
                     00268632-658
19
     Ciavarella 24   Group of documents,                122
20                   Bates No. BPVE-01-
                     00542149
21
     Ciavarella 25   E-mail string, 11/7/05-            142
22                   11/14/05, with
                     attachments, Bates Nos.
23                   BPVE-01-01510714-58 and
                     BPVE-01-01510769-96
24
25
```

David Ciavarella, M.D.

Page 5

| | | | |
|---|---|---|---|
| 1 | Ciavarella 26 | Spreadsheet, Bates Nos. BPVE-01-01631586-606 and | 166 |
| 2 | | BPVE-01-01631612-39 and BPVE-01-01631650-52 and | |
| 3 | | BPVE-01-01631664-70 and BPVE-01-01631678-79 | |
| 4 | | | |
| | Ciavarella 27 | Chart, Bates No. BPVEFILTER-01-00050487 | 176 |
| 5 | | | |
| 6 | Ciavarella 28 | PowerPoint presentation entitled "Filters | 182 |
| 7 | | Complaint History, Data as of 7/31/07," Bates No. | |
| 8 | | BPV-17-01-00180239 | |
| 9 | Ciavarella 29 | Document entitled "NMT Medical, Inc., R&D | 189 |
| 10 | | Technical Report," 9/1/00, Bates Nos. BPVE-01- | |
| 11 | | 00054540-546 | |
| 12 | Ciavarella 30 | Memorandum, 4/19/05, to Ring/Weiland from Ganser, | 210 |
| 13 | | Bates Nos. BPVE-01-00434275-276 | |
| 14 | | | |
| | Ciavarella 31 | Memorandum, 8/3/05, to Ring/Weiland from Ganser, | 210 |
| 15 | | Bates Nos. BPV-17-01- | |
| 16 | | 0017-0083-84 | |
| 17 | Ciavarella 32 | E-mail string, 11/16/05, with attachments, Bates | 10 |
| 18 | | Nos. BPVE-01-00420379-84 | |
| 19 | Ciavarella 33 | E-mail string, 12/20/05-12/27/05, Bates Nos. | 265 |
| 20 | | BPVE-01-00028224-225 | |
| 21 | Ciavarella 34 | Memo, 12/15/04, to Passero from Lehmann, | 285 |
| 22 | | with attachment, Bates Nos. BPVE-01-01019785-808 | |
| 23 | | | |
| 24 | | | |
| 25 | | | |

Page 6

| | | | |
|---|---|---|---|
| Ciavarella 35 | Document entitled "Health Hazard Evaluation," 12/17/04, Bates Nos. BPVE-01-00245379-383 | 287 |
| Ciavarella 36 | E-mail, 2/7/05, to Chanduszko and others from Hudnall, with attachment, Bates Nos. BPVE-01-00003679-681 | 288 |
| Ciavarella 37 | Memo, 3/10/04, to Uelmen from Lehmann, with attachment, Bates Nos. BPVE-01-00510989-11000 | 95 |
| Ciavarella 38 | Document entitled "Updated Health Hazard Evaluation," 6/30/04, Bates Nos. BPVE-01-00435698-701 | 308 |
| Ciavarella 39 | Document entitled "Updated Health Hazard Evaluation," 7/9/04, Bates Nos. BPV-DEP-00004730-733 | 351 |
| Ciavarella 40 | Document entitled "Health Hazard Evaluation," 2/15/06, Bates Nos. BPVEFILTER-01-00008355-357 | 364 |
| Ciavarella 41 | PowerPoint presentation entitled "Bard Peripheral Vascular Filter Franchise Review," May 6, 2008, Bates Nos. BPVE-01-00622862-900 | 371 |

1  important for a doctor to know about as to

2  whether or not he's going to choose to use

3  my product or not use my product, I've got

4  to put the information out there and let

5  the doctor make the decision?")

6 BY MR. LOPEZ:

7  Q Am I right about that?

8  A Well, yes, the company needs to put

9 the information out there in a way that it is

10 relevant, understandable, not confusing to a

11 physician about its product.

12  Q And information that you know could

13 influence a physician to either use or not use

14 the product for safety reasons, you have got to

15 do that?

16    MS. DALY:  Object to the form.

17 BY MR. LOPEZ:

18  Q There is no higher duty that a device

19 company has than to make sure the doctor has all

20 the information he needs to decide whether or

21 not he's going to put his patient at risk of

22 this treatment, this device, or maybe he would

23 choose something else?

24  A Yes.

25    MS. DALY:  Object to the form.

1    A    Yeah.

2    Q    And, by the way, one of the problems with MAUDE -- forget MAUDE. One of the problems with information that's being relayed from the clinicians that are putting products in is that the number you're getting is probably significant lower than what's actually happening; isn't that right?

9    A    Could be, yeah, could be.

10    Q    I mean, that's a general consensus among -- at FDA, with pharmaceutical companies, medical device companies, and I think you even said so yourself in a document that sometimes you're only getting 1 to 5 percent of what's actually happening?

16    A    Yeah, it's very hard to tell. You get underreporting. You get reporting of unrelated things. You get incomplete information.

19    Q    Yeah, but --

20    A    It's very variable.

21    Q    But if you're looking at a device and you're looking at this information that's coming in, you have to wonder, as you're looking at this information coming in, you know, there's been three deaths with the Recovery filter.

David Ciavarella, M.D.

Page 250

1  BY MR. LOPEZ:
2      Q   Would it be reasonable for a doctor
3  who's considering using a Recovery filter in
4  2005 to want to know whether or not that device
5  had a higher failure rate than other devices?
6              MS. DALY:  Same objections.
7              THE WITNESS:  Yes.
8  BY MR. LOPEZ:
9      Q   Would you also agree that he couldn't
10 do a proper analysis without knowing all of the
11 risks, not only the type of risk but the
12 frequency of risk?
13             MS. DALY:  Same objections.
14             THE WITNESS:  Well, if he --
15     sure, if he didn't have the information.
16 BY MR. LOPEZ:
17     Q   Okay.  Now, let's look at these and
18 compare 30 -- 30 and 31.  We already talked
19 about some of this.  Now, let's go down -- let's
20 look at the numbers again.  So -- by the way,
21 over that six-month period of time, 6,000 more
22 units sold?  I'm sorry.  Actually, over a
23 four-month period of time another 6,000 units
24 sold.  27,000 as of 4/15, 33,000 as of 8/2,
25 actually less than four months.

David Ciavarella, M.D.

Page 386

```
 1                    CERTIFICATE
 2
 3              I HEREBY CERTIFY that the witness
 4    was duly sworn by me and that the deposition is
 5    a true record of the testimony given by the
 6    witness.
 7              It was requested before
 8    completion of the deposition that the witness,
 9    DAVID CIAVARELLA, M.D., have the opportunity to
10    read and sign the deposition transcript.
11
12
13                         _____
                           KIMBERLY A. OVERWISE
14                         Certified Realtime Reporter
                           Notary Public
15                         Dated:  November 26, 2013
16
17
18              (The foregoing certification of
19    this transcript does not apply to any
20    reproduction of the same by any means, unless
21    under the direct control and/or supervision of
22    the certifying reporter.)
23
24
25
```