Ramon Rossi Lopez - rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California  92660
949-812-5771

Mark S. O'Connor (011029) – moconnor@beusgilbert.com
BEUS GILBERT, PLLC
701 N.44th St.
Phoenix AZ 85008
480-429-3019
*Co-Lead/Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC<br><br>(Oral Argument Requested)<br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 5:  RETRIEVABLE FILTER SALES VERSUS SNF FILTER SALES**<br><br>(Assigned to the Honorable David G. Campbell)<br><br>**(Tinlin Bellwether Case)** |

Plaintiffs move *in limine* to preclude evidence and argument that Bard retrievable filters are more popular among doctors because sales increased over time while Simon Nitinol Filter ("SNF") sales declined. Under Federal Rules of Evidence 402 and 403, this Court should exclude such evidence because it is irrelevant and to the extent it has any marginal relevance, its prejudicial effect substantially outweighs any probative value.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  Evidence at Issue**

In the past three bellwether trials, Bard has argued that doctors prefer retrievable filters based on a chart purporting to show that sales for retrievable filters increased while sales for the SNF filter decreased during the years 2005-2016. Exhibit A, *Jones* Trial Tr., May 30, 2018, 2155:21-2156:17; Exhibit B, Tr. Exhibit 7900. Bard further argued in closing that the Simon Nitinol is "is not a viable alternative" because "the chart we showed you . .

. showing the sales over the last 13 years" shows "that doctors in this country . . . do not want to implant permanent filters. . . . In today's medical world, an old permanent filter like the Simon Nitinol filter is not a viable alternative." Exhibit A, May 31, 2018, 2458:19-2459:6).

**II. The Sales Comparisons Are Irrelevant And Misleading Because They Are Based On Sales Data After Mrs. Tinlin Received Her Recovery Filter And Based On Filters With Different Features Than The Recovery Filter.**

The chart that Plaintiff anticipates Bard will use is not relevant in this case because the purported declining SNF sales represented on the chart occurred from 2005 through 2016, after Mrs. Tinlin received her Recovery filter on May 7, 2005. The retrievable filter sales data when the SNF sales were purportedly declining were also based on filters that were different in design from the Recovery filter—changes that Bard has repeatedly argued were improvements.

This evidence and argument is also misleading and prejudicial because it suggests that doctors views of the SNF in 2016 in comparison to the later Bard filters (such as the Denali filter) somehow suggest that the Recovery filter in 2005 was better or more desirable than the SNF, or relates somehow to what doctors knew about the Recovery filter in back in 2005.

**III. Conclusion.**

This Court should preclude any evidence or argument that doctors preferred retrievable filters based on sales data from 2005-2016 because the information lacks relevance and is misleading.

RESPECTFULLY SUBMITTED this 29th day of March, 2019.

BEUS GILBERT, PLLC.

By:<u>*/s/ Mark S. O'Connor*</u>
Mark S. O'Connor
BEUS GILBERT, PLLC
701 N.44th St.
Phoenix AZ 85008
480-429-3019

LOPEZ McHUGH LLP
Ramon Rossi Lopez (CA Bar No. 86361)
(admitted *pro hac vice*)
100 Bayview Circle, Suite 5600
Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of March, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*/s/ Jessica Gallentine*