Ramon Rossi Lopez, Bar No. 86361
LOPEZ McHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
Telephone: (949) 737-1501
Facsimile:  (949) 737-1504
rlopez@lopezmchugh.com

Mark S. O'Connor (011029)
moconnor@beusgilbert.com
Beus Gilbert, PLLC
701 N. 44th Street
Phoenix, AZ 85005
Telephone: 602-429-3019

*Co-Lead/Liaison Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **IN RE: Bard IVC Filters Products Liability Litigation** | No. MD-15-02641-PHX-DGC<br><br>(Oral Argument Requested)<br><br>**PLAINTIFF'S SUPPLEMENT TO MOTION *IN LIMINE* NO. 2:  VENA CAVA SIZE**<br><br><u>(Assigned to the Honorable David G. Campbell)</u><br><br><u>(Tinlin Bellwether Case)</u> |

      Plaintiff Debra Tinlin submits this supplement to her motion *in limine* No. 2 to preclude at trial evidence and argument regarding the size of her inferior vena cava (IVC). On the same day as the Court's deadline to file motions *in limine*, Bard's expert, Dr. Christopher Morris, gave his deposition in this case.  Dr. Morris' testimony bolsters Plaintiff's motion that any argument or testimony regarding Plaintiff's vena cava size causing or contributing to her injuries will only confuse and mislead jurors into irrelevant issues at trial.  As such, Plaintiff files this brief supplement to apprise the Court of this testimony prior to ruling on the motion *in limine*.

## I. SUPPLEMENTAL ARGUMENT

Defendants' expert Dr. Christopher S. Morris was deposed on Friday, March 29, 2019. During his deposition, Dr. Morris testified about his expected opinions at trial. As discussed in Plaintiff's original motion *in limine*, Dr. Morris opines in his report that Dr. Riebe's choice to implant the filter into a vena cava measuring in between 28mm-29mm fell below the standard of care thereby causing or contributing to Plaintiff's injuries.

However, when asked in his deposition about these opinions, Dr. Morris replied with the following:

> Q. So any risks associated with a large IVC did not occur in Ms. Tinlin, true?
> A. I can't say that because, as I alluded to earlier, if it's a large inferior vena cava, we don't know what that does to the filter. The arms can get splayed, and we don't know if that contributes to fracture or not.
> ***
> A. We also didn't know whether the filter was moving back and forth. You know, we have all these confounding factors that can make a filter appear like it's moving, but we just don't know. I do know that it seems to change tilt over time, and I don't know how that related to the large size of her IVC filter – of her inferior vena cava.
> Q. The point is, like you told me before, it's speculation on your part, correct?
> A. It's a theory, yes.
> Q. Okay. Speculation at best?
> A. Conjecture.

Exhibit A, Deposition of Christopher S. Morris, M.D., at 127:4-128:7. Simply stated in his own words, Dr. Morris "just [doesn't] know" what effect, if any, Mrs. Tinlin's IVC size would have on the filter. *Id.* at 131:2-12; *see also* 81:21-25. An expert's testimony must be based on knowledge, not mere subjective belief or unsupported speculation. *Wright v. United* States, 2008 U.S. Dist. LEXIS 24016, 20 (D. Ariz. Mar. 25, 2008). Consequently, Dr. Morris' opinions that Dr. Riebe's decision to implant the filter fell below the standard of care and that her vena cava size caused her injuries are unfounded and should be deemed inadmissible at trial.

Dr. Morris further testified that "there could be other reasons" for the filter failure and that he doesn't "know exactly what's all been in play" with Plaintiff meaning he could not make a reliable, differential diagnosis. *Id.* at 133:17-23.  Even on Bard's own direct examination, Dr. Morris could not affirmatively state that Plaintiff's vena cava size and Dr. Riebe's choice to implant the filter caused her injuries. *Id.* at 170:4-18.  Thus, any testimony regarding Plaintiff's vena cava size and a causal connection to her injuries lacks expert support and is purely speculative.  Moreover, without an opinion tying Plaintiff's vena cava size to her injuries, the evidence and testimony on this issue is not relevant to an issue in the trial and admitting such evidence would violate Federal Rule of Evidence 403.

## II. CONCLUSION

This Court should preclude any evidence regarding Plaintiff's vena cava size so that the case and issues do not devolve into a medical malpractice trial against Dr. Riebe.  Any evidence of this nature violates Federal Rule of Evidence 403 and would be based on conjecture and speculation.

RESPECTFULLY SUBMITTED this 8th day of April, 2019.

BEUS GILBERT, PLLC.

By: */s/ Mark S. O'Connor*
Mark S. O'Connor
BEUS GILBERT, PLLC
701 N.44th St.
Phoenix AZ 85008
480-429-3019

LOPEZ McHUGH LLP
Ramon Rossi Lopez (CA Bar No. 86361)
(admitted *pro hac vice*)
100 Bayview Circle, Suite 5600
Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of April, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

　　　　　　　　　　　　　　　　　　　*/s/ Jessica Gallentine*