James R. Condo (#005867)
Kristine L. Gallardo (#033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2202
Telephone: (602) 382.6000
Facsimile: (602) 382.6070
jcondo@swlaw.com
kgallardo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Telephone: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants
C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC |
| This Document Relates to:<br><br>Debra Tinlin, et al. v. C. R. Bard, Inc., et al.<br>CV-16-00263-PHX-DGC | **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 1: INTERVENING CAUSE OF INJURY**<br><br>(Assigned to the Honorable David G. Campbell)<br><br>**(Oral Argument Requested)** |

Plaintiffs move to exclude relevant evidence and argument concerning intervening medical care that Mrs. Tinlin received: specifically, two cardiothoracic surgical procedures that Mrs. Tinlin underwent, but more broadly any "medical care resulting from the filter failures she experienced." (Mot. at 1-2.) It is unclear to Bard exactly which medical care is at issue in the Motion, and whether Dr. Joshua Riebe's initial placement of the Recovery® Filter, or Dr. Robert Haller's subsequent failure to identify the fractured struts, is included. Nonetheless, this Court should deny Plaintiffs' motion for four reasons:

***First,*** the medical treatment that Mrs. Tinlin received is highly relevant to the jury's determination of causation and should not be excluded. Bard has the right to suggest potential alternative causes of Plaintiffs' injuries to "weaken" those claims of injuries even "with medical proof couched in terms of possibilities." *Felde v. Kohnke*, 184 N.W.2d 433, 441 (Wis. 1971); *Westrich v. Mem'l Health Ctr., Inc.*, 831 N.W.2d 824 (Wis. Ct. App. 2013) (finding reversible error in exclusion of evidence establishing a "potential alternative cause" for plaintiff's injury where causation was a "key issue"). As the Supreme Court of Wisconsin has made clear:

> The burden of proof as to injuries is upon the plaintiff, and h[er] medical testimony in meeting such burden cannot be based on mere possibilities. However, a defendant in resisting such claim of injuries is not required to confine himself to reasonable medical probabilities. . . . We see no inconsistency in requiring that one with the burden of proof produce medical testimony which is based upon reasonable medical probabilities and at the same time in permitting the side which does not have the burden of proof to attempt to upset such proof by showing other relevant possibilities.

*Hernke v. N. Ins. Co. of New York*, 122 N.W.2d 395, 399–400 (Wis. 1963); *accord Woody v Mercy Medical Center of Oshkosh*, No. 07CV678, 2010 WL 6620187 (Wis. Cir. Ct. Oct. 25, 2010) (denying the plaintiff's motions *in limine* and holding that the defense has the "right to suggest alternative casual possibilities" even with "possibility testimony . . . offered in direct testimony by defense experts").[1] Plaintiffs' Motion seeks to interfere with

---

[1] *See also Roy v. St. Lukes Med. Ctr.*, 741 N.W.2d 256, 264 (Wis. Ct. App. 2007) ("[A] defense expert is allowed to produce evidence of possibilities."); *Van Vreede v. Mich*, 513 N.W.2d 708 (Wis. Ct. App. 1994) (defendants permitted to "weaken the claim for injuries with medical proof couched in terms of possibilities"); *Noel v. Wisconsin Health Care Liab. Ins. Plan*, 458 N.W.2d 388 (Wis. Ct. App. 1990) (direct testimony of defendant's

- 1 -

Bard's right to "weaken" their claim for injuries with other causes. It should be denied.

***Second***, this evidence is highly relevant to apportionment of fault. Plaintiffs' Motion ignores that the jury *must* have the opportunity to consider the negligence of all potential tort-feasors who contributed to the injury when apportioning fault, including nonparties like Dr. Riebe and Dr. Haller. *See Connar v. West Shore Equipment of Milwaukee*, 227 N.W.2d 660, 662 (Wis. 1975) ("It is established without doubt that, when apportioning negligence, a jury must have the opportunity to consider the negligence of all parties to the transaction, whether or not they be parties to the lawsuit and whether or not they can be liable to the plaintiff or to the other tort-feasors either by operation of law or because of a prior release."); *see also Johnson v. Heintz*, 243 N.W.2d 815, 826-827 (Wis. 1976) ("[A] special verdict embracing all of the actors [including nonparties] could have been requested."); *Martz v. Trecker*, 535 N.W.2d 57, 61 (Wis. Ct. App. 1995) (nonparty "properly included" in the special verdict because "it gave the jury the opportunity to consider the negligence of all parties for comparison purposes").

The *Connar* standard is "applicable to any tort action," including cases involving medical negligence so long as expert testimony is provided on breach of the standard of care. *Zintek v. Perchik*, 471 N.W.2d 522, 528 (Wis. Ct. App. 1991) ("[A]s applied in this case, *Connar* required that an expert give an opinion to a reasonable degree of medical certainty that [the nonparty physicians] were negligent before any question concerning their alleged negligence could be included on the special verdict."), *overruled on other grounds by Steinberg v. Jensen*, 534 N.W.2d 361 (Wis. 1995); Wis. JI-Civil 1023.

Dr. Morris, Bard's medical expert, opines that Dr. Riebe's decision to implant the filter in Mrs. Tinlin after measuring her IVC diameter at greater than 28 mm fell below the standard of care. (*See* Morris Rep. at 15-16 (Doc. 15081-1) (filed under seal).) Had Dr. Riebe followed the standard of care, and the Instructions for Use, Mrs. Tinlin would never

---

experts based on "medical possibilities" proper); *Baumgarten v City View Nursing Home*, No. 02CV2768, 2005 WL 6073784 (Wis. Cir. Ct. Feb. 21, 2005) ("[T]he defense argues that a defendant, because the burden of proving the claim lies with the plaintiff, may properly offer competent medical testimony as to alternative possibilities rather [than] being required to demonstrate medical probability. That is a correct statement of law.").

have received the filter nor been injured by it as she alleges. Likewise, both Dr. Owens, Bard's medical expert, and Dr. Hurst, Plaintiffs' expert, agree that Dr. Haller breached the standard of care by failing to identify the asymptomatic fractured struts on April 15, 2008 that were clearly seen in Mrs. Tinlin's heart. (*See* Ex. A, Owens Rep. at 1-2; Ex. B, Hurst Dep. Tr. at 147:2-7 ("I would -- yes, this is a deviation from the standard of care. You have to -- you have to identify this on the CT scan.") Dr. Haller's negligence prevented Mrs. Tinlin's treating physicians from having information to evaluate her medical condition before she sustained her alleged injuries in this case. (*See* Ex. A, Owens Rep. at 2; Ex. B, Hurst Dep. Tr. at 147:8 to 148:6.) Plaintiffs have not challenged these opinions. Thus, the jury "must have the opportunity to consider the negligence" of Dr. Riebe and Dr. Haller "when apportioning negligence" in this case. *Connar*, 227 N.W.2d at 662.

***Third***, because the medical negligence of Dr. Riebe and Dr. Haller preceded Plaintiffs' alleged injuries in this case, the *Selleck* rule referenced in Plaintiffs' Motion simply does not apply. *Cf. Hanson v. Am. Family Mut. Ins. Co.*, 716 N.W.2d 866, 874 (Wis. 2006); *Fouse v. Persons*, 259 N.W.2d 92, 95 (1977). Indeed, the rule only governs liability for damages from the "aggravation" of (or failure to reduce) the original injury because of subsequent negligent medical treatment. *See* Wis. JI-Civil 1710 (Aggravation of Injury Because of Medical Negligence). A necessary predicate to the rule is an original injury to aggravate. Yet Plaintiffs' alleged injuries in this case—the pericardial effusion, resulting open heart surgery, and post-surgical complications—all occurred *after* Dr. Riebe's negligent decision to implant the filter, and *after* Dr. Haller's negligent failure to identify the fractured struts, which were asymptomatic at the time. An asymptomatic filter complication is not an injury. Therefore, to the extent that Plaintiffs seek to exclude this relevant evidence under the *Selleck* rule, the Court should deny the Motion.

***Finally,*** as demonstrated above, Mrs. Tinlin's intervening medical treatment is highly probative of critical issues in this case. This probative value substantially outweighs any prejudice to Plaintiffs, which they have otherwise failed to articulate.

For these reasons, Bard respectfully requests that the Court deny this Motion.

1  RESPECTFULLY SUBMITTED this 12th day of April, 2019.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Kristine L. Gallardo (#033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
kgallardo@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**