James R. Condo (#005867)
Kristine L. Gallardo (#033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2202
Telephone: (602) 382.6000
Facsimile: (602) 382.6070
jcondo@swlaw.com
kgallardo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Telephone: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

IN RE: Bard IVC Filters Products Liability Litigation,

This Document Relates to:

Debra Tinlin, et al. v. C. R. Bard, Inc., et al.
CV-16-00263-PHX-DGC

No. 2:15-MD-02641-DGC

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 2: VENA CAVA SIZE**

(Assigned to the Honorable David G. Campbell)

**(Oral Argument Requested)**

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

Plaintiffs move to exclude highly relevant evidence and testimony concerning the size of Mrs. Tinlin's inferior vena cava ("IVC"), and the related opinions of Bard's expert, Christopher S. Morris, M.D. This Court should deny Plaintiffs' motion for three reasons:[1]

***First,*** the size of Mrs. Tinlin's IVC is a critical fact that is directly relevant to the jury's determination of causation and should not be excluded. Bard has the right to suggest potential alternative causes of Plaintiffs' injuries to "weaken" those claims of injuries even "with medical proof couched in terms of possibilities." *Felde v. Kohnke*, 184 N.W.2d 433, 441 (Wis. 1971); *Westrich v. Mem'l Health Ctr., Inc.*, 831 N.W.2d 824 (Wis. Ct. App. 2013) (finding reversible error in exclusion of evidence establishing a "potential alternative cause" for plaintiff's injury where causation was a "key issue"). As the Supreme Court of Wisconsin has made clear:

> The burden of proof as to injuries is upon the plaintiff, and h[er] medical testimony in meeting such burden cannot be based on mere possibilities. However, a defendant in resisting such claim of injuries is not required to confine himself to reasonable medical probabilities. . . . We see no inconsistency in requiring that one with the burden of proof produce medical testimony which is based upon reasonable medical probabilities and at the same time in permitting the side which does not have the burden of proof to attempt to upset such proof by showing other relevant possibilities.

*Hernke v. N. Ins. Co. of New York*, 122 N.W.2d 395, 399–400 (Wis. 1963); *accord Woody v. Mercy Medical Center of Oshkosh*, No. 07CV678, 2010 WL 6620187 (Wis. Cir. Ct. Oct. 25, 2010) (denying the plaintiff's motions *in limine* and holding that the defense has the "right to suggest alternative casual possibilities" even with "possibility testimony . . . offered in direct testimony by defense experts").[2]

[1] Bard responds herein only to the arguments raised in Plaintiffs' original motion (Doc. 16578), and will respond to the arguments raised in Plaintiffs' supplemental motion (Doc. 16748) in a separate response on or before the deadline set by the Court. (Doc. 16749.)

[2] *See also Roy v. St. Lukes Med. Ctr.*, 741 N.W.2d 256, 264 (Wis. Ct. App. 2007) ("[A] defense expert is allowed to produce evidence of possibilities."); *Van Vreede v. Mich*, 513 N.W.2d 708 (Wis. Ct. App. 1994) (defendants permitted to "weaken the claim for injuries with medical proof couched in terms of possibilities"); *Noel v. Wisconsin Health Care Liab. Ins. Plan*, 458 N.W.2d 388 (Wis. Ct. App. 1990) (direct testimony of defendant's experts based on "medical possibilities" proper); *Baumgarten v City View Nursing Home*, No. 02CV2768, 2005 WL 6073784 (Wis. Cir. Ct. Feb. 21, 2005) ("[T]he defense argues that a defendant, because the burden of proving the claim lies with the plaintiff, may properly offer competent medical testimony as to alternative possibilities rather [than] being required to demonstrate medical probability. That is a correct statement of law.").

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

Bard submits that Dr. Riebe's decision to implant the Recovery® Filter in Mrs. Tinlin after measuring her IVC diameter at greater than 28 mm constituted medical negligence that was a substantial factor in producing her alleged injuries. (*See* Mot. at 2; Morris Rep. at 15-16 (Doc. 15081-1) (filed under seal).); Wis. JI-Civil 1023 ("A doctor who fails to conform to th[e] standard [of care] is negligent. . . . A person's negligence is a cause of a plaintiff's (injury) (condition) if the negligence was a substantial factor in producing the present condition of the plaintiff's health."). Therefore, Mrs. Tinlin's IVC size is a critical fact in this case because had Dr. Riebe followed the Instructions for Use ("IFU") and the standard of care, Mrs. Tinlin would never have received the filter, nor been injured by it as she alleges.[3] Put simply, this lawsuit would not exist.

It is undisputed that the IFU that accompanied the Recovery Filter that Mrs. Tinlin received warned that the filter "***must not be***" used in patients with IVCs exceeding 28 mm. (Ex. A, Recovery IFU.) Indeed, the IFU explicitly included in a black box warning:

| **CAUTION: If the IVC diameter exceeds 28 mm, the filter must not be inserted into the IVC.** |
|---|

(*Id.*) The IFU also clearly warned elsewhere that "The Recovery Filter should not be implanted in: . . . Patients with an IVC diameter larger than 28 mm," and "The Recovery Filter is intended to be used in the inferior vena cava (IVC) with a diameter less than or equal to 28 mm." (*Id.*) Plaintiffs' Motion seeks to interfere with Bard's right to "weaken" their claim for injuries with alternative causes, including Dr. Riebe's negligent decision to treat Mrs. Tinlin with the filter in the face of these clear warnings. It should be denied.

***Second,*** this evidence is highly relevant to the jury's apportionment of fault. Plaintiffs argue that Dr. Riebe's negligence is not relevant to any issue in this trial simply because they chose not to pursue a medical malpractice claim against him as a named defendant. But Plaintiffs ignore that the jury ***must*** have the opportunity to consider the

[3] Plaintiffs contend that on May 8, 2005, the day after implant, the "filter was checked [and] was in good position," and "subsequently, the filter fractured and migrated." (Mot. at 2.) Plaintiffs fail to point out, however, that their own expert, Dr. Hurst, believes based on his review of the CT scan from May 8, 2005 that the filter had experienced tilt of 18 degrees, caudal migration of 9 mm, and multiple penetrations of struts through Mrs. Tinlin's IVC, including five Grade 3 penetrations. (Ex. B, Hurst Rep. at 3.)

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

negligence of all potential tort-feasors who contributed to the injury, including nonparties like Dr. Riebe. *See Connar v. West Shore Equipment of Milwaukee*, 227 N.W.2d 660, 662 (Wis. 1975) ("It is established without doubt that, when apportioning negligence, a jury must have the opportunity to consider the negligence of all parties to the transaction, whether or not they be parties to the lawsuit and whether or not they can be liable to the plaintiff or to the other tort-feasors either by operation of law or because of a prior release."); *Johnson v. Heintz*, 243 N.W.2d 815, 827 (Wis. 1976) (inclusion of nonparties in special verdict "could have been requested"); *Martz v. Trecker*, 535 N.W.2d 57, 61 (Wis. Ct. App. 1995) (nonparty "properly included" in special verdict as "it gave the jury the opportunity to consider the negligence of all parties for comparison purposes").

The *Connar* standard is "applicable to any tort action," including cases involving medical negligence so long as expert testimony is provided on breach of the standard of care. *See Zintek v. Perchik*, 471 N.W.2d 522, 528 (Wis. Ct. App. 1991) ("[A]s applied in this case, *Connar* required that an expert give an opinion to a reasonable degree of medical certainty that [the nonparty physicians] were negligent before any question concerning their alleged negligence could be included on the special verdict."), *overruled on other grounds by Steinberg v. Jensen*, 534 N.W.2d 361 (Wis. 1995); Wis. JI-Civil 1023 ("A doctor who fails to conform to th[e] standard [of care] is negligent."). As Plaintiffs concede, Dr. Morris, Bard's medical expert, opines "that Dr. Riebe's decision to implant the filter fell below the standard of care." (Mot. at 2.) Plaintiffs have not challenged this opinion. Therefore, the jury "must have the opportunity to consider the negligence" of Dr. Riebe "when apportioning negligence" in this case, regardless of Plaintiffs' tactical decision not to bring suit against him. *Connar*, 227 N.W.2d at 662.

***Third,*** the size of Mrs. Tinlin's IVC is highly probative of Plaintiff's failure-to-warn claims. The fact that Dr. Riebe ignored the black box warning in the IFU concerning IVC size is probative of Plaintiffs' claims that Dr. Riebe would have read an IFU that contained an "adequate warning" and would have changed his decision to use the filter.

For these reasons, Bard respectfully requests that the Court deny this Motion.

RESPECTFULLY SUBMITTED this 12th day of April, 2019.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Kristine L. Gallardo (#033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
kgallardo@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

Nelson Mullins Riley & Scarborough
L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000