James R. Condo (#005867)
Kristine L. Gallardo (#033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2202
Telephone: (602) 382.6000
Facsimile: (602) 382.6070
jcondo@swlaw.com
kgallardo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Telephone: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation,<br><br>This Document Relates to:<br><br>Debra Tinlin, et al. v. C. R. Bard, Inc., et al.<br>CV-16-00263-PHX-DGC | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* NO. 6: SOCIAL SECURITY DISABILITY BENEFITS WHICH ARE BARRED BY WISCONSIN'S COLLATERAL SOURCE RULE**<br><br>(Assigned to the Honorable David G. Campbell)<br><br>**(Oral Argument Requested)** |

The plaintiffs argue that testimony and evidence about Mrs. Tinlin's "social security disability benefits or applications to obtain such benefits" are barred by Wisconsin's collateral source rule. But Bard does not intend to offer evidence of Mrs. Tinlin's disability to show that she received benefits from a collateral source as compensation for any part of her alleged losses, or to offset/reduce any potential damages award. Rather, Mrs. Tinlin has various physical limitations that have nothing to do with the Recovery Filter, and the jury should be able to hear evidence that puts these limitations into context to prevent the jury from assuming or inferring that her disability is related to the filter. Thus, the plaintiffs' motion should be denied.

The Wisconsin Supreme Court has summarized the collateral source rule as "help[ing] claimants recover 'reasonable value of the medical services rendered, without limitation to the amounts paid.'" *Leitinger v. DBart, Inc.*, 736 N.W.2d 1, 8 (Wis. 2007) (quoting *Lagerstrom v. Myrtle Werth Hosp.*, 700 N.W.2d 201, 215-16 (Wis. 2005)). Wisconsin's collateral source rule "denies a tortfeasor credit for payments or benefits conferred upon the plaintiff by any person other than the tortfeasor." *Id.* As such, an award of damages cannot be limited or reduced by a collateral source payment. *Id.* Likewise, the collateral source rule precludes introduction of evidence about <u>benefits</u> a plaintiff has obtained from a collateral source. *Id.*

None of the evidence that Bard seeks to introduce, or that the plaintiffs identified in their Motion, concerns payment or benefits that Mrs. Tinlin received because of her disability, however. Rather, when Mrs. Tinlin suffers from a neurological disorder, has undergone numerous open surgeries, alleges permanent debilitating pain and suffering because of those surgeries, and has apparent physical limitations, including being wheelchair bound, the jury should be able to hear evidence that most, if not all, of these physical limitations are due to reasons other than the Recovery Filter. This evidence includes the fact that Mrs. Tinlin was adjudicated as disabled <u>before</u> she received a Recovery Filter. This evidence includes the fact that her neurologist thought that Mrs. Tinlin's deep venous thrombosis with pulmonary emboli (the very reason that

- 1 -

Mrs. Tinlin needed an IVC filter) combined with her neurological condition were such serious medical conditions that she believed Mrs. Tinlin to be permanently disabled and unable to work as a result. And this evidence includes the fact that before any alleged fracture of the Recovery Filter, Mrs. Tinlin's neurologist thought that Mrs. Tinlin was permanently disabled, physically unable to work, and physically never would be able to work again. Bard believes that this type of evidence is not only relevant, but in fact essential to putting Mrs. Tinlin's current physician condition and any damages into context, and to prevent the jury from assuming or inferring that her disability is related to the filter.

For these reasons, Bard respectfully requests that the Court deny the Motion.

RESPECTFULLY SUBMITTED this 12th day of April, 2019.

s/ Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Kristine L. Gallardo (#033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
kgallardo@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**