# Exhibit C

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, _____ | MD 15-02641-PHX-DGC |
| **Lisa Hyde and Mark Hyde, a married couple,** | Phoenix, Arizona **September 25, 2018** |
| Plaintiffs, | |
| v. | CV 16-00893-PHX-DGC |
| **C.R. Bard, Inc., a New Jersey corporation, and Bard Peripheral Vascular, an Arizona corporation,** | |
| Defendants. _____ | |

**BEFORE:   THE HONORABLE DAVID G. CAMPBELL, JUDGE**

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**TRIAL DAY 6 - P.M. SESSION**

Official Court Reporter:
Jennifer A. Pancratz, RMR, CRR, FCRR, CRC
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 42
Phoenix, Arizona 85003-2151
(602) 322-7198

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

1    referred to?
2            MS. HELM:  That's the date that you eventually --
3            THE COURT:  Let me look at this briefly.
4            11256 doesn't talk about the FDA warning letter.  It
5    talks about the Modra complaint exhibits and Recovery cephalad
6    migration.
7            MS. HELM:  Excuse me, Your Honor, the numbered
8    sentence 2.
9            THE COURT:  Okay.  That's not -- yeah, I say it but
10   that's not an explanation.
11           MS. HELM:  It was tendered on -- that order was
12   entered on May 29th.  It was tendered on May 17.  And I'm
13   reading, admittedly, a summary of the transcript, but you said
14   there was not enough evidence yet to let it come in.
15           And then it was tendered again on May 22nd and again
16   on May 25th.  So it -- and it was after a substantial amount of
17   evidence, so...
18           THE COURT:  Okay.  Hold on just a minute.
19           MS. HELM:  I have a clean copy.
20           THE COURT:  I'm not reading the notes.
21           Well, my memory is that I let this in last time after
22   Mr. Modra had testified, and I think in Jones much of the
23   testimony came in during the defense case on the extensive
24   complaint handling procedures that Bard had in place.  And I
25   thought it was relevant then that the FDA had critiqued the

1  complaint handling procedures.
2          Mr. O'Connor has covered much of that ground with
3  Mr. Modra today on detailed complaint handling procedures.  I
4  think that, as redacted, this FDA warning letter does not
5  violate Rule 403.  The section that will come in, which is
6  section 3, I think, concerns complaint handling procedures.
7          And so I'm going to overrule the objection and allow
8  the redacted exhibit to come in.
9          MR. O'CONNOR:  Thank you.
10         (End of discussion at sidebar.)
11         THE COURT:  Thanks, ladies and gentlemen.
12         MR. O'CONNOR:  Move for admission of Exhibit 1680,
13 Your Honor.
14         THE COURT:  Admitted.
15         (Exhibit No. 1680 admitted into evidence.)
16         MR. O'CONNOR:  May I publish?
17         THE COURT:  You may.
18         MR. O'CONNOR:  And, Felice, if you could highlight
19 the first paragraph.
20 BY MR. O'CONNOR:
21 Q.  This talks about a number of inspections that -- well,
22 inspections that occurred; specifically, an inspection that
23 occurred at the Tempe facility on November 18, 2014.  Correct?
24 A.  That's correct.
25         MR. O'CONNOR:  And then, Felice, if you could go down