# Exhibit D

```
                       UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF ARIZONA

                       _____

  In Re: Bard IVC Filters                )  MD-15-02641-PHX-DGC
  Products Liability Litigation          )
                                         )  Phoenix, Arizona
                                         )  March 27, 2018
  _____)
  Sherr-Una Booker, an individual,       )
                                         )
                         Plaintiff,      )
                                         )  CV-16-00474-PHX-DGC
               v.                        )
                                         )
  C.R. Bard, Inc., a New Jersey          )
  corporation; and Bard Peripheral       )
  Vascular, Inc., an Arizona             )
  corporation,                           )
                                         )
                         Defendants.     )  Amended
  _____)
```

**BEFORE:   THE HONORABLE DAVID G. CAMPBELL, JUDGE**

**REPORTER'S AMENDED TRANSCRIPT OF PROCEEDINGS**

**TRIAL DAY 9 A.M. SESSION**

(Pages 1876 - 2000)

Official Court Reporter:
Patricia Lyons, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Ste. 312
401 West Washington Street, SPC 41
Phoenix, Arizona  85003-2150
(602) 322-7257

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared with Computer-Aided Transcription

08:41:32  1   the letter in light of the overall facts at trial.
           2        My conclusion, now that I've heard the evidence, is
           3   that Section 3 of the warning letter is relevant to this case.
           4   I reach that conclusion for a few reasons:
08:41:50  5        The argument that was made by the defendants in the
           6   brief was largely a causation argument, that none of the
           7   complaints could have caused Ms. Booker's injuries because
           8   they were either after the implant or the doctors who removed
           9   the filter had no knowledge of those complaints.
08:42:07 10        I agree with that.  I don't think it goes to
          11   causation.  But I think the relevancy of Section 3 of the
          12   warning letter goes to a few other issues that have been
          13   addressed.
          14        There has been much evidence before the jury about
08:42:23 15   the MAUDE database, about the data upon which Bard relied,
          16   upon reports to the FDA.  There has been evidence about root
          17   cause analysis and when it was or was not done.  There has
          18   been evidence about the fact that the FDA has not submitted
          19   questions, other than those that were identified in documents
08:42:46 20   that were put in evidence, has not taken recall action.
          21        I believe the implication, if not the express
          22   argument to the jury, is that the FDA never took any action
          23   with respect to Bard.
          24        And yet Section 3 of this letter does concern Bard's
08:43:05 25   handling and reporting of adverse events with respect to the

```
08:43:09   1    G2 filter in at least four different instances, as well as the
           2    adequacy of Bard's evaluation for root cause of the
           3    violations.  Root cause is in Section 3A, the G2 filter is
           4    mentioned in Section 3B.  3C includes other filters which
08:43:29   5    apparently largely are unidentified, but which plaintiffs at
           6    least assert includes one G2 filter.
           7              I think it's relevant in light of the information
           8    that's been presented to the jury.  And, therefore, I'm going
           9    to permit the following portions of the G2 letter to be
08:43:45  10    presented:
          11              Page 1, which is largely introductory information.
          12              Page 4, starting with the heading "Quality System
          13    Regulation Violations of Tempe, Arizona Facility and
          14    Queensbury, New York Facility."  That heading can be included,
08:44:07  15    as can the rest of the page, which is Section 3.
          16              Page 5 through the end of the third paragraph.  So it
          17    should not include the heading "Quality System Regulation
          18    Violations at Queensbury, New York," which is a different set
          19    of violations.
08:44:24  20              So that essentially leaves in all of Section 3.
          21              And page -- the version of the exhibit I have
          22    actually has the page numbers out of order.
          23              Page 10, beginning with the paragraph at the bottom
          24    that reads "Your firm should take prompt action to correct the
08:45:17  25    violations addressed in this letter," that paragraph at the
```