**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL15-2641-PHX DGC |
| ——————————————— | |
| Debra and James Tinlin, a married couple, | No. CV16-0263-PHX-DGC |
| Plaintiffs, | |
| v. | **ORDER** |
| C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, | |
| Defendants. | |

Defendants move to strike and exclude the opinions of Plaintiffs' engineering expert, Dr. Robert McMeeking. Docs. 14016, 15075. The motions are fully briefed. Docs. 14655, 14840, 15752, 16012. Defendants request oral argument, but it will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f). For reasons stated below, the Court will deny the motion to strike and deny in part and grant in part the motion to exclude.

**I.   Motion to Strike General Opinions in the Tinlin Report.**

Plaintiffs disclosed Dr. McMeeking's initial report on the design of Bard IVC filters on March 3, 2017, the deadline for expert disclosures on common issues in this MDL. Doc. 14018-1; *see* Doc. 3685 at 3. The report includes Dr. McMeeking's general opinions

about the Recovery filter, the device at issue in the Tinlin case. Doc. 14018-1 at 27-82. Plaintiffs disclosed Dr. McMeeking's report for the Tinlin case on December 17, 2018. Doc. 14018.

Defendants do not challenge the case-specific opinions in the Tinlin report as untimely. Rather, Defendants contend that Dr. McMeeking should not be permitted to reiterate or summarize his general opinions about the Recovery's design in the Tinlin report because this will allow Plaintiffs to get "a second bite at the apple by re-writing and revising" Dr. McMeeking's original report. Doc. 14016 at 4. But Defendants identify no rewritten or revised opinion in the Tinlin report. Instead, Defendants highlight the case-specific opinions and claim that anything not highlighted is a "generic opinion that Dr. McMeeking has either copied from his original report or added to his opinions in the original report." Doc. 14840 at 2; *see* Doc. 14018 (highlighted report).

The Court cannot conclude that Dr. McMeeking (or any other expert in this MDL) should be precluded from restating general opinions in case-specific reports to provide necessary context and a basis for case-specific opinions. *See Coleman v. Home Depot U.S.A., Inc.*, No. 1:15-CV-21555-UU, 2016 WL 4543120, at *1 (S.D. Fla. Mar. 21, 2016) (denying motion to strike in part where the expert merely reiterated opinions set forth in his initial report); *U.S. Fire Ins. v. Omnova Sols., Inc.*, No. 10-1085, 2012 WL 5288783, at *3 (W.D. Pa. Oct. 23, 2012) (denying motion to exclude supplemental report that did not expand or alter opinions in the original report). For example, Dr. McMeeking may restate his general opinion that the "Recovery filter has significant problems relating to migration (including caudal migration), tilt, perforation, and fracture" in concluding that "Ms. Tinlin's filter failed in all of those ways." Doc. 14018 at 3. Defendants' proposed eliminations from the Tinlin report (the portions not highlighted) would result in a host of conclusory case-specific opinions unconnected to Dr. McMeeking's general opinions about the Recovery's design. A primary purpose of a case-specific report is for the expert

to apply his general opinions to the facts of the case. This necessarily requires the expert to reiterate or summarize some of his general opinions.[1]

The Court agrees with Defendants that Dr. McMeeking may not offer new or materially revised opinions about the Recovery's design in the Tinlin report, but Defendants provide no basis for the Court to distinguish between any new or revised opinion and those that are merely being restated. The Court accordingly will deny the motion to strike portions of the Tinlin report. *See Curlee v. United Parcel Serv., Inc.*, No. 3:13-CV-00344-P, 2014 WL 11516719, at *8 (N.D. Tex. Dec. 12, 2014) (finding it unnecessary to strike an expert's supplemental report where it "[did] not provide new expert opinions, only reiterate[d] his past opinions"); *Adams v. United States*, No. 03-0049-E-BLW, 2009 WL 982031, at *1 (D. Idaho Apr. 9, 2009) (finding that it would serve little purpose to exclude portions of a rebuttal report that reiterated the expert's initial opinions where the report would not be admitted into evidence); *Vista Ridge Dev., LLC v. Assurance Co. of Am.*, No. 08-cv-01205-ZLW-KLM, 2009 WL 960718, at *1 (D. Colo. Apr. 7, 2009) (denying motion to strike expert affidavit where the defendant failed to direct the court to any opinion in the affidavit that went beyond the information contained in the original report).[2]

**II.     Motion to Exclude Case-Specific Opinions in the Tinlin Report.**

Defendants move to exclude Dr. McMeeking's opinions regarding alternative designs for the Recovery and Bard's "choices" in designing the filter. Docs. 15075 at 2-3, 16012 at 9-11.

---

[1] Defendants' proposed eliminations also include Dr. McMeeking's qualifications, hourly rate, and the materials he relied on in forming his opinions. *See id.* at 2, 7. This information clearly is permissible.

[2] Plaintiffs avow that Dr. McMeeking's opinions about the Recovery's design in the Tinlin report do not differ materially from his prior opinions. Doc. 14655 at 3. Plaintiffs also assert, however, that any "minor modifications" are justified because "the bellwether process should allow clarification or refinement of opinions as the parties continue the process." *Id.* at 1-2. The bellwether process provides no basis for a party to disclose modified expert opinions after the deadlines for expert disclosures set forth in the Court's case management orders. *See* Docs. 519 (CMO No. 8), 3685 (CMO No. 18).

### A. Alternative Designs.

In the Tinlin report, Dr. McMeeking discusses the Recovery's failure modes and proposes several design features that he believes would have helped reduce the failures. Doc. 15078-1 at 3-4. Specifically, he opines that:

- Alternative design features available to Bard before Ms. Tinlin received her Recovery filter include "caudal anchors, penetration limiters, two-tier design, and a better (smoother and rounded) chamfer at the mouth of the 'cap' on the filter";

- "Many of these design features existed in other IVC filter products already on the market, including the Simon Nitinol Filter, the Cook Gunther Tulip filter, the Greenfield filter, and the Cook Bird's Nest filter"; and

- "[I]ncorporation of these features would have helped to mitigate or eliminate the failures [he] identified and that occurred in [Ms.] Tinlin's filter."

*Id.* at 4.

Defendants seek to preclude these opinions because Dr. McMeeking testified in his deposition that he cannot say whether the design changes would have prevented Ms. Tinlin's injuries, and does not know by what percentage the risk would have been reduced. Docs. 15075 at 4. These admissions, Defendants contend, show that Dr. McMeeking's opinions are unreliable and do not fit Ms. Tinlin's case as required by Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). *Id.* at 2; Doc. 16012 at 2-4, 9-10. The Court does not agree.

Wisconsin's product liability statute, Wis. Stat. § 895.047, requires Plaintiffs to show that that a reasonable alternative design would have "reduced" the Recovery's risk of harm. § 895.047(1)(a); *see Janusz v. Symmetry Med. Inc.*, 256 F. Supp. 3d 995, 1000 (E.D. Wis. 2017); Wis JI-Civil 3260.1. The fact that Dr. McMeeking cannot say that his proposed design changes would have "prevented" Ms. Tinlin's injuries does not render his opinions unreliable or otherwise unhelpful to the jury.

Nor have Defendants shown that Dr. McMeeking must state the percentage by which the risk of harm would have been reduced to a mathematical certainty. "Under

- 4 -

Wisconsin law, negligence or defect 'caused' an injury if it was a substantial factor in producing the injury." *Burton v. Am. Cyanamid*, No. 07-CV-0303, 2019 WL 325318, at *2 (E.D. Wis. Jan. 25, 2019); *see Sumnicht v. Toyota Motor Sales, U.S.A.*, 360 N.W.2d 2, 11 (Wis. 1984) ("The long-standing test for cause in Wisconsin is whether the defect was a substantial factor in producing the injury."); *Morgan v. Pa. Gen. Ins.*, 275 N.W.2d 660, 666 (Wis. 1979) ("The test of cause-in-fact is whether the negligence was a 'substantial factor' in producing the injury."); *see also* Wis JI-Civil 1500. Dr. McMeeking's opinion that alternative design features would have "helped to mitigate" the failures that occurred in Ms. Tinlin's filter clearly is relevant to the design defect claims. Doc. 1578-1 at 4.[3]

Defendants contend that Dr. McMeeking's failure to consider Ms. Tinlin's anatomy and medical history precludes him from "quantify[ing] the impact his purported alternative designs would have had on reducing the risk of harm to Ms. Tinlin, or [stating] whether such risk would have been eliminated[.]" Doc. 15075 at 6, 14. Again, Dr. McMeeking is not required to state with certainty that the design changes would have eliminated all risk of harm, or to quantify the reduced risk, in order for his opinions to be reliable and helpful to the jury. Defendants will be free to assert through cross-examination that Dr. McMeeking did not consider Ms. Tinlin's anatomy and medical history.

Defendants note that Dr. McMeeking did not test or analyze caudal anchors, penetration limiters, a two-tiered design, or a chamfered cap. Doc. 15075 at 7-9, 15-17. But this does not preclude the jury from finding that these features are reasonable alternative designs. *See Lynn v. Yamaha Golf-Car Co.*, 894 F. Supp. 2d 606, 629-30 (W.D. Pa. 2012) (a plaintiff "may rely on credible expert testimony that the alternative design could have been practically adopted at the time of sale, even where the expert itself has produced no prototype"). The lack of testing and analysis goes to the weight of Dr. McMeeking's opinions, not their admissibility.

---

[3] Dr. McMeeking offered similar opinions in the Hyde, Jones, and Booker cases to which Defendants did not object. *See* Docs. 15752-6 at 3, 157524-7 at 4, 15752-8 at 3.

- 5 -

Defendants' reliance on *Nease v. Ford Motor Co.*, 848 F.3d 219 (4th Cir. 2017), is misplaced. Doc. 15075 at 15-16. The expert in that case opined that "proven design alternatives existed during the relevant time period that would have *prevented* the [plaintiff's] accident." *Nease*, 848 F.3d at 234 (emphasis added). Dr. McMeeking offers no similar opinion in this case. Rather, he opines that alternative design features – including caudal anchors and penetration limiters – would have helped mitigate the failures that occurred in Ms. Tinlin's filter. Doc. 15078-1 at 4. Defendants do not genuinely dispute that caudal anchors help minimize caudal migration, that penetration limiters help minimize perforation of filter limbs through the IVC wall, or that a chamfered cap helps reduce filter arm fractures. *See* Doc. 15078-1 at 3.[4]

Defendants assert that Dr. McMeeking is not qualified to opine that his proposed "alternative filters" – the Simon Nitinol, Greenfield, and Cook filters – were viable options for Ms. Tinlin. Doc. 15075 at 10-12, 14. But Defendants point to no such opinion in the Tinlin report. Dr. McMeeking mentioned these filters to show that his proposed "design features existed in other IVC filter products already on the market[.]" Doc. 15078-1 at 4.

Defendants note that none of Dr. McMeeking's opinions is a recognized standard or published in peer-reviewed literature. Doc. 15075 at 10, 17. But it does not follow that the opinions are unreliable. Dr. McMeeking is a highly-qualified mechanical engineer and materials scientist. *See* Doc. 10051 at 2. His original report provides a description of the methodology he employed and sets forth objective industry and engineering standards for the design of medical implants. Doc. 7318 at 3-10. The report contains a preliminary description of each Bard filter (*id.* at 10-28) and a more detailed assessment of the design, mechanical behavior, and stress and strain characteristics of the Recovery (*id.* at 28-83).

---

[4] The other cases cited by Defendants are similarly unhelpful. *See Martinez v. Terex Corp.*, 241 F.R.D. 631, 638 (D. Ariz. 2007) (finding the expert's opinion unreliable where he had never even seen a prototype of this theoretical "total barrier guard system" and sketched a diagram of the system for the first time in his deposition); *Harrison v. Howmedica Osteonics Corp.*, No. 06-0745-PHX-RCB, 2008 WL 906585, at *14 (D. Ariz. Mar. 31, 2008) (the expert offered nothing more than a "bald assertion" that his proposed metallic surface strengthening would have prevented fatigue cracking). In this case, caudal anchors, penetration limiters, and a chamfered cap are not theoretical designs. *See* Doc. 12805 at 6-7.

The assessment includes, among other things, a discussion of Bard's in vivo loading and finite element analyses, its testing protocols, expected filter strains and their effects on reliability, the impact of device geometry and fabrication, and the risk of filter fracture, migration, perforation, and tilt. Dr. McMeeking relies in part on the conclusions reached in his original report to render opinions in the Tinlin case. *See* Doc. 15078-1. The fact that those opinions have not been published or adopted as recognized standards does not render them inadmissible under Rule 702 and *Daubert*.

Dr. McMeeking's alternative design opinions "both rest[] on a reliable foundation and [are] relevant to the task at hand." *Daubert*, 509 U.S. at 597. The Court will deny the motion to exclude with respect to the opinions.

### B. Bard's Design Choices.

Dr. McMeeking opines that Bard "made a choice" to design the Recovery without caudal anchors and penetration limiters. Doc. 15078-1 at 3. But he has provided no basis for believing that Bard actually considered and rejected these design features for the Recovery. Doc. 15075-4 at 90-92. Nor can he testify as to Bard's state of mind or intent when designing the Recovery. *Id.*

Plaintiffs assert that Dr. McMeeking's opinions will inform the jury about "the information that Bard had within its internal files at the time it was designing the Recovery and the design feature it ultimately used." Doc. 15752 at 10. But the challenged opinions concern the *choices* Bard made, and opinions about Bard's internal decision-making are not admissible. *See* Doc. 9443 at 8 (precluding expert from expressing opinions on Bard's intent, motives, or state of mind); Doc. 9770 at 6 (excluding expert testimony about Bard's corporate knowledge or intent). The motion to exclude will be granted in this regard.

**IT IS ORDERED:**

1. Defendants' motion to strike portions of Dr. McMeeking's Tinlin report (Doc. 14016) is **denied**.

2. Defendants' motion to exclude Dr. McMeeking's Tinlin case-specific opinions (Doc. 15075) is **denied in part and granted in part**.  The motion is **denied** as to the alternative design opinions and **granted** with respect to Bard's design choices.

Dated this 16th day of April, 2019.

*David G. Campbell*
—————————————————
David G. Campbell
Senior United States District Judge