# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

|  |  |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No.  MDL15-2641-PHX-DGC |
| Debra Tinlin and James Tinlin, | |
| Plaintiffs, | No. CV-16-00263-PHX-DGC |
| v. | |
| C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, | |
| Defendants. | |

## PRELIMINARY JURY INSTRUCTIONS

DATED:  April 29, 2019

_____
David G. Campbell
United States District Judge

**1.3**    You are now the jury in this case and it is my duty to instruct you on the law. It your duty to find the facts from all of the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you, whether you agree with it or not, and you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.  At the end of the trial, I will give you final instructions.  It is the final instructions that will govern your deliberations and your duties as jurors.  Please do not read into these instructions, the final instructions, or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

**1.5**    To help you follow the evidence, I will give you a brief summary of the positions of the parties.  This is a personal injury case against a medical product manufacturer.  The plaintiff, Debra Tinlin, had a Bard Recovery IVC filter placed in her inferior vena cava, which we'll refer to throughout the trial as the IVC, the vein that carries blood back to the heart.  An IVC filter is intended to catch a blood clot before it reaches the heart or lungs. Defendants C.R. Bard, Inc. and Bard Peripheral Vascular designed, manufactured and sold the filter.

Mrs. Tinlin and her husband allege that the filter was defectively designed, that Defendants were negligent, and that Defendants failed to warn about risks of their filters. Plaintiffs allege that Mrs. Tinlin was injured by the filter she received, and they seek to recover money from Defendants to compensate for their injuries and to punish Defendants for their allegedly wrongful conduct.

Defendants deny that their filter was defectively designed or that they were negligent or failed to warn of the risks of the filter.  Defendants assert that they are not responsible for any injuries or damages suffered by Mr. and Mrs. Tinlin.

2

**1.8**     There are two defendants in this case, C.R. Bard, Inc., and Bard Peripheral Vascular.  From time to time the parties may refer to them collectively as Bard or BPV. You should decide the case as to the two defendants jointly.  Unless otherwise stated, the instructions apply to all of the parties.

**1.9**     The evidence you are to consider in deciding what the facts are will consist of the sworn testimony of the witnesses, the exhibits that are admitted into evidence, any facts to which all of the lawyers have agreed, and any facts that I may instruct you to accept as proved.

**1.10**   In reaching your verdict, you may consider only the testimony and exhibits received in evidence.  Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you.

First, arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they may say in their opening statements, their closing arguments, or at other times is intended to help you interpret the evidence but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

Second, questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by any lawyer's objection or by my ruling on it.

Third, testimony that is excluded or stricken or that I instruct you to disregard is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose.  If I instruct to you consider certain evidence only for a limited purpose, you must do so and must not consider that evidence for any other purpose.

3

Finally, anything you may see or hear when the Court is not in session is not evidence.  You are to decide the case solely on the evidence that will be received during the trial.

**1.12**   Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you can find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**1.13**   There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the Rules of Evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess at what the answer might have been.  Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

**1.14**   In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  In considering the testimony of any witness, you may take into account the opportunity and ability of the witness to see or hear or know the things testified to, the witness's memory, the witness's manner while testifying, the witness's interest in the outcome of the case if any, the witness's bias or prejudice if any,

whether other evidence contradicted the witness's testimony, the reasonableness of the witness's testimony in light of all of the evidence, and any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things and make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide the testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.  The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses were and how much weight you think their testimony deserves.

**1.15**   I will now say a few words about your conduct as jurors.  First, please keep an open mind throughout the trial and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received during trial and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I instruct you otherwise, do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.

This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging or any Internet chat room, blog, website or application including, but not limited to, Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.

This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else, including your family members, your employer, the media or press, and the people involved in the trial although you can notify your family and your employer that you have been seated as a juror in this case and how long the trial is expected to last.

But if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the Court immediately.

Because you will receive all of the evidence and legal instruction you properly may consider to return a verdict during this trial, do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it.  Do not do any research such as consulting dictionaries, searching the Internet, or using other reference materials, and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed during the trial.

Also, do not do any research about the case, the law, or the people involved including the parties, the witnesses, or the lawyers until you have been excused as jurors.

If you happen to read or hear anything touching on this case in the media, please turn away immediately and report the contact to me as soon as possible.

We have these rules to protect each party's right to have this case decided only on the evidence that is presented here in court.  Witnesses in court take an oath to tell the truth and the accuracy of their testimony is tested through the trial process.

If you do any research or investigation outside of the courtroom or gain any information through improper communication, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  At least it will be based on information that these parties never had an opportunity to address during the trial.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in the Court, you will have denied the parties a fair trial.

Please remember that you have taken an oath to follow these rules and it is very important that you do so.  A juror who violates these restrictions jeopardizes the fairness of this trial and a mistrial could result that would require the entire trial process to start over again.  If any of you is exposed to any outside information, please notify me immediately.

**1.17**   I urge you to pay close attention to the trial testimony as it is given.   When you deliberate at the end of the case, you will not have a transcript of what was said. Even though we have a court reporter taking down everything that is said, it takes several days after a trial is over for the court reporter to go back and clean up that transcript and compare it with the recording and get it completely accurate. That process won't be finished by the time you're deliberating, so you will not have a transcript of the trial.  As a result, I urge you to pay close attention to the evidence as it is given.

**1.18**   If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave each day or during a break, your notes should be left in the courtroom on your chair.  Nobody will read your notes.  Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**1.20**   From time to time during the trial it may become necessary for me to talk to the lawyers outside of your hearing, either by having a conference here at the side of the bench or by calling a recess and excusing you from the courtroom.  We will do our best to keep such conferences to a minimum.  Please understand that the purpose of those conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the Rules of Evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant a lawyer's request for a conference.  Please do not consider my granting or denying a request for a conference as any indication of my opinion of what your verdict should be.

**Court's instruction:**  Mrs. Tinlin will not be present in the courtroom for trial, but instead will participate in portions of the trial by videoconference from her home in Wisconsin.  Mrs. Tinlin is not attending trial because her doctors have advised her not to travel due to medical conditions that are not related to issues in this case.  You should not draw any inference concerning her claims – whether favorable or unfavorable – as a result of her absence from the courtroom.

**1.21**   Trials proceed in the following way:  First each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you

understand what that party expects the evidence will show.  The plaintiff will then present evidence and counsel for the defendant may cross-examine.  Then the defendant may present evidence and counsel for the plaintiff may cross-examine.  After all of the evidence has been presented, I will give you instructions on the law that applies to this case and the attorneys will make their closing arguments.  After that you will go to the jury room to deliberate on your verdict.

## CIVIL VOIR DIRE QUESTIONS

1.     Introduce self and staff:   My name is Dave Campbell.   I am a United States District Court Judge.   Christine Boucher is my courtroom deputy clerk.   Tricia Lyons is the court reporter.   My law clerks are Luci Davis, Janet Howe, Ahmad Al Dajani, and Jeff Kilmark.   My Judicial Assistant is Nancy Outley.   Do any of you know me or any member of my staff on any basis, social, professional or otherwise?

2.     The Plaintiff is represented by Ramon Rossi Lopez of Lopez McHugh, Mark O'Connor of Beus Gilbert, and Paul Stoller, Shannon Clark and Lincoln Combs of Gallagher & Kennedy, Julia Reed Zaic and Laura Smith of Heaviside Reed Zaic. Counsel please stand.

- •      Do any of you know Plaintiffs' counsel, or any of the employees in their offices on any basis, social, professional or otherwise?

- •      Counsel, please introduce your client and those present at the counsel table. Do any of you know these individuals on any basis, social, professional or otherwise?

3.     The Defendants are represented by James R. Condo and Amanda Sheridan of Snell & Wilmer and Richard North, Matthew Lerner, and Elizabeth Helm, and James Rogers of Nelson Mullins Riley & Scarborough.

- Do any of you know the Defendants' counsel or any employees of their office on any basis, social, professional or otherwise?

- Counsel, please introduce your client and those present at the counsel table. Do any of you know these individuals on any basis, social, professional, or otherwise?

- If a company or corporation: Have any of you ever had a business or employment relationship of any kind with the defendant?

4.   Do any of you know or think you might know any of the witnesses listed on the sheet that was given to you in the jury assembly room?

5.   Ladies and gentlemen, we recognize that jury service is probably an inconvenience for you, taking you away from your jobs and families and disrupting your daily routine.  Jury service is, however, one of the most important duties that citizens of this country can perform.  For this reason, from time to time we ask citizens to make sacrifices and serve on juries, even when inconvenient.  Prospective jurors can be excused from jury service if the length of the trial or the daily schedule would impose undue hardship.   By undue hardship I mean more than inconvenience – I mean genuine hardship that would be experienced by you or your family.  This case is expected to last ___ days.  Would the length of the trial create an undue hardship for any of you?

6.     Do any of you have any other reason whatsoever, such as a physical difficulty, a health problem or home problems that might interfere with your serving as a fair and impartial juror in this case?

7.     Did any of you know each other before this morning?

8.     Have any of you done any research or been exposed to any information about this case since you filled out your jury questionnaire?