James R. Condo (#005867)
Kristine L. Gallardo (#033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
jcondo@swlaw.com
kgallardo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Telephone: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF ON THIRD PARTY FAULT**<br><br>(Assigned to the Honorable David G. Campbell) |
| This Document Relates to:<br><br>Debra Tinlin, et al. v. C. R. Bard, Inc., et al.<br>CV-16-00263-PHX-DGC | |

Bard submits this Supplemental Trial Brief to address the issue raised by the Court at the April 29, 2019, Pretrial Conference: does allocation of fault of third parties apply to Wisconsin strict liability claims? Wisconsin federal courts answered this question in the affirmative, both before and after the 2011 product liability statute was enacted. The fact that the fault belongs to a third party does not matter. Moreover, based on a plain reading of the contributory fault statute, and Wisconsin's longstanding application of contributory negligence and misuse defenses to strict liability claims, the Court should conclude that allocation of fault applies here.

## I. Wisconsin Federal Courts Applied Allocation of Fault of Third Parties to Strict Liability Claims Before and After the 2011 Product Liability Statute.

The court in *Ladwig v. Ermanco Inc.*, 504 F. Supp. 1229 (E.D. Wis. 1981) explained that a percentage of fault must be allocated to every potential tortfeasor, regardless of whether the claim is based on strict liability:

> In the order of October 21, 1980, I held that it is necessary under Wisconsin law to apportion the negligence of all tortfeasors found liable. **This is not altered by the fact that some of the tortfeasors were found liable under a theory of strict liability** while others were found liable under a theory of negligence. When contribution is an issue, a percentage of the judgment **must be allocated among all those liable**.

*Id*. at 1237 (citation omitted) (emphasis added).[1] After the 2011 product liability statute was enacted, the court in *Bushmaker v. A. W. Chesterton Co.*, No. 09-CV-726-SLC, 2013 WL 11079371 (W.D. Wis. Mar. 1, 2013) reached a similar conclusion in permitting a jury verdict question "combining the apportionment of fault for strict liability and negligence in the same verdict question." *Id*. at *13. There, like here, the plaintiff relied on *Fuchsgruber v. Custom Accessories, Inc.*, 244 Wis.2d 758, 628 N.W.2d 833 (Wis.2001) for the proposition that apportionment of fault is different for strict liability claims. The court distinguished *Fuchsgruber*, explaining that it "presented a different situation

---

[1] Plaintiffs argue that Wisconsin's product liability statute did not change common law. (*See e.g*., Doc. 17288 at 2.) Although Bard disagrees with this argument, Plaintiffs cannot now dispute that allocation of fault is required here.

because it involved one product—a hydraulic jack—and three defendants involved in the chain of distribution (the manufacturer, distributor and retailer)." *Id*. In contrast, the court explained that "[h]ere, there are several possible products that **could** have contributed to plaintiff's injuries but each of those products involved only one company in the chain of distribution. The combined [jury verdict] question related to comparative fault in this case appropriately compares plaintiff's conduct to the alleged defectiveness of each of those products, as well as to the alleged negligence of defendant **and possibly other companie**s." *Id*. (emphasis added).[2] Thus, allocation of fault applies, and has always applied, to strict liability claims, regardless of whether the fault belongs to a third party.

## II. The Plain Language of Wisconsin's Contributory Negligence Statute Supports Allocation of Fault of Third Parties to Strict Liability Claims.

Under the plain language of Wisconsin's contributory negligence statute, 895.045(3), apportionment applies in a strict product liability case. Pursuant to the statute, the jury is first supposed to determine whether the plaintiff has the "right" to recover based on comparing her percentage of the total causal responsibility against the percentage resulting from the defective condition of the product, and the "percentage result[ing] from the contributory negligence **of any other person**." *Id*. (emphasis added). Plaintiff concedes this fact, (Doc. 17357 at 3 n.2.), and provides no basis for excluding third party fault from the plain language of the statute.

Indeed, the statute states that the "responsibility for the damages to the injured party" for purposes of the product defendant's liability is determined by its "percentage of causal responsibility for the injury to the person attributed to the defective product." Thus, if the jury finds Bard's causal responsibility for the damages to be less than 51 percent, then Bard's liability for damages is limited to that "percentage of responsibility for the damages to the injured party." 895.045(3)(d).  This calculation requires the fault of "any

---

[2] The plaintiff in *Bushmaker* did not object to the combined jury verdict question despite being given additional time to do so. *Id*. Given the court's discussion, however, even if plaintiff had objected, the end result here would be the same: comparative fault is appropriately applied between every entity at issue, regardless of whether the fault pertains to strict liability or negligence.

other person" to be considered, because if the fault of third parties were ignored, then a product manufacturer would be subject to a percentage greater than its responsibility, directly contrary to the statute.

### III. Wisconsin's Application of Contributory Negligence and Misuse Defenses to Strict Liability Claims Supports Allocation of Fault to Third Parties.

Even though Plaintiffs concede that a plaintiff's negligence can be compared in a strict liability claim, she still argues that there can be no allocation of fault to third parties "because the focus in a strict liability case is on the product itself." (Doc. 17357 at 4.) But, Wisconsin precedent provides no such limitation, and instead contains broad language permitting the comparison of all types of different conduct, whether in terms of negligence or misuse, in strict liability claims. "Wisconsin law allows for defendants in strict liability cases to attempt to diminish their liability by arguing contributory and comparative negligence in cases such as product liability and safe-place statutes." *Roberts v. Chips Exp., Inc.*, No. 12-CV-42-JPS, 2012 WL 4866495, at *5 (E.D. Wis. Oct. 12, 2012) (citing numerous authority); *see also, Christman v. Isuzu Motors Am., Inc.*, 220 Wis. 2d 357, 582 N.W.2d 504 (Ct. App. 1998) (rejecting the plaintiff's argument that only misuse, not contributory negligence, may be considered against the plaintiff's strict liability claims because "[Wisconsin precedent] does not attempt to limit the types of contributory negligence that may be considered as a defense in a strict liability action." Similarly, a defense to a claim of strict product liability is that the product was not being "reasonably used for the purpose for which it was intended." *Dippel v. Sciano*, 37 Wis.2d 443, 460, 155 N.W.2d 55 (1967); WIS J I-CIVIL 3268.

In short, contrary to Plaintiffs' argument, Wisconsin law expressly contemplated comparison of fault in a strict liability action. Plaintiffs have offered no justification – nor could they – why it should be permissible to compare a plaintiff's fault but not that of a third party.

1     RESPECTFULLY SUBMITTED this 3rd day of May, 2019.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Kristine L. Gallardo (#033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com
kgallardo@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**