**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No.  MDL15-2641-PHX-DGC |
| _____ | |
| Debra Tinlin and James Tinlin, | No. CV-16-00263-PHX-DGC |
| Plaintiffs, | |
| v. | |
| C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, | |
| Defendants. | |

**THE PARTIES' JOINT SUBMISSION OF PROPOSED JURY INSTRUCTIONS CONCERNING PLAINTIFFS' FRAUDULENT CONCEALMENT CLAIM**

Pursuant to Paragraph 1(c) of Case Management Order No. 43 (Dkt. No. 17494), the parties provide this joint submission regarding proposed jury instructions on Plaintiffs' claim for fraudulent concealment.

RESPECTFULLY SUBMITTED this 6th day of May, 2019.


BEUS GILBERT PLLC

NELSON MULLINS RILEY &
SCARBOROUGH, LLP


*s/ Mark S. O'Connor*
Mark S. O'Connor (011029)
BEUS GILBERT PLLC
701 N 44th Street
Phoenix, AZ 85008

Ramon Rossi Lopez
(admitted *pro hac vice*)
CA Bar No. 86361
LOPEZ & McHUGH LLP
Phoenix, AZ 85016-9225
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

*s/ Richard B. North, Jr. (with permission)*
Richard B. North, Jr. (*pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (*pro hac vice*)
Georgia Bar No. 446986
Atlantic Station
201 17th Street NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (005867)
SNELL & WILMER LLP
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com

*Attorneys for Defendants C. R. Bard, Inc.
and Bard Peripheral Vascular, Inc.*

2

**PLAINTIFFS' PROPOSED INSTRUCTION RE: FRAUDULENT CONCEALMENT**

Mrs. Tinlin contends that Bard fraudulently concealed the true risks and dangers of the Recovery filter.  To prove Bard's liability for fraudulent concealment, Mrs. Tinlin must establish that Bard failed to disclose the true risks of the Recovery filter, that Bard did so with the intent to deceive Mrs. Tinlin or her doctor, and that Bard's failure to disclose induced her or her doctor to act and resulted in her injuries.

Order on Summary Judgment (Dkt. No. 17008), at 9; *Schmidt v. Bassett Furniture Indus.*, No. 08-cv-1035, 2009 WL 3380354 (E.D. Wis. Oct. 20, 2009).

**Bard's Objection:**  As a threshold matter, Defendants do not believe the Plaintiffs will ultimately produce evidence sufficient to submit a concealment claim to the jury.  At the appropriate time, Defendants will move pursuant to Fed. R. Civ. P. 50 for judgment as a matter of law on that claim.

In addition, Plaintiff's proposed jury instruction improperly presupposes a duty on Bard to disclose material facts related to its filters directly to a patient.  For example, plaintiffs' instruction reads: "…Bard's failure to disclose induced her or her doctor to act…". This Court has already ruled that it will apply the learned intermediary doctrine to plaintiff's failure to warn claims. The learned intermediary doctrine "holds that the manufacturer of a prescription drug or medical device fulfills its duty to warn of the product's risks by informing the prescribing physician of those risks." Karnes v. C. R. Bard, Inc., No. 18-CV-931-WMC, 2019 WL 1639807, at *7 (W.D. Wis. Apr. 16, 2019) (quoting In re Zimmer, NexGen Knee Implant Prods. Liab. Litig., 884 F. 3d 746, 751 (7th Cir. 2018). Thus, "Bard had no duty to warn the plaintiffs *directly*[.]" Id.

While no Wisconsin court has addressed the application of the learned intermediary doctrine in the context of a fraudulent concealment claim, courts in other jurisdictions have found that the doctrine bars fraudulent concealment claims based on information withheld from the plaintiffs as opposed to plaintiffs' physicians. See e.g., Huskey v. Ethicon, Inc., 29 F. Supp. 3d 736, 745 (S.D.W. Va. 2014) ("[T]he learned intermediary doctrine applies to all claims based on a medical device manufacturer's failure to warn, including fraud, fraudulent concealment, constructive fraud, negligent misrepresentation, and breach of warranty."); Centocor, Inc. v. Hamilton, 372 S.W.3d 140, 169 (Tex. 2012) ("We hold that when a patient alleges a fraud-by-omission claim against a prescription drug manufacturer for alleged omissions about a prescription drug's potential side effects, (1) the patient cannot plead around the basic requirements of a failure-to-warn claim, and (2) the learned intermediary doctrine applies."); Catlett v. Wyeth, Inc., 379 F.Supp.2d 1374, 1381 (M.D.Ga.2004) ("the 'learned intermediary rule' encompasses any fraud, fraudulent concealment, misrepresentation, failure to warn or breach of warranty claims related to the sale and use of prescription drugs"); see also In

re Norplant Contraceptive Prod. Liab. Litig., 955 F. Supp. 700, 709 (E.D. Tex. 1997) ("If the [learned intermediary] doctrine could be avoided by casting what is essentially a failure to warn claim under a different cause of action[], then the doctrine would be rendered meaningless."), aff'd sub nom. In re Norplant Contraceptive Prod. Litig., 165 F.3d 374 (5th Cir. 1999).

The Court's application of the learned intermediary doctrine should be no different in the present case.   The Karnes case relied upon by Plaintiffs is not to the contrary. Instead, that decision merely recites the general elements of a concealment claim in the context of determining the sufficiency of the pleadings.  Thus, the Court should reject plaintiffs' proposed jury instruction as incongruent with the law to be applied in this case.

**Plaintiffs' Response:** As Bard concedes, not a single Wisconsin court – federal or state – has applied the learned intermediary doctrine to claims of fraudulent concealment. Fraudulent concealment, involving intentional omission,  is a distinct claim from Plaintiffs' negligent failure to warn claim, as to which the Court has decided that the learned intermediary doctrine applies.  Bard's own treatment of the claim in the recent *Karnes* case, which it cites, supports the concealment claim's independent status.  In *Karnes*, Bard sought dismissal of the failure-to-warn claim based on application of the learned intermediary doctrine, but not the fraudulent concealment claim, which Bard instead simply asserted had not been pled with particularity.  *See Karnes*, 2019 WL 1639807, at *6-7.  The *Karnes* court dismissed the plaintiffs' failure-to-warn claim, but allowed the fraudulent concealment claim to proceed.  In sustaining the latter claim, the court stated the elements of fraudulent concealment to focus on the omissions' effect on the plaintiff, and cited allegations that *both* the plaintiff *and* her physicians and healthcare providers had been misled.  *Id.* at *6.  Plaintiffs' proposed instruction is consistent with that approach, recognizing that a defendant can be held liable if either the physician or the plaintiff is induced to act to the plaintiff's detriment by the defendant's omissions.

## BARD'S PROPOSED INSTRUCTION RE: FRAUDULENT CONCEALMENT

In order for plaintiff to establish a claim for fraudulent concealment, she must prove: (1) Bard failed to disclose a material fact to plaintiff's prescribing doctor prior to plaintiff receiving the filter implant; (2) Bard had a duty to disclose the material fact to plaintiff's prescribing doctor; (3) Bard failed to disclose the material fact with intent to defraud and induce plaintiff's prescribing doctor to act based on the nondisclosure; and (4) plaintiff's prescribing doctor justifiably relied on Bard's nondisclosure to the plaintiff's detriment.

Ollerman v. O'Rourke Co., 94 Wis. 2d 17, 26, 288 N.W.2d 95, 100 (1980); Kaloti Enterprises, Inc. v. Kellogg Sales Co., 2005 WI 111, ¶ 12, 283 Wis. 2d 555, 569, 699 N.W.2d 205, 211; Hennig v. Ahearn, 230 Wis. 2d 149, 169, 601 N.W.2d 14, 23 (Ct. App. 1999).

**Plaintiffs' Objection:** Bard's instruction introduces unnecessary complexity and potential confusion. The Court's own formulation of this claim in the summary judgment order, citing established Wisconsin law, is more concise and a more accurate synthesis of Wisconsin law. Bard's proposed instruction also unnecessarily introduces legal concepts of materiality and duty that potentially require additional instructions. As for materiality, the facts that Plaintiffs must establish that Bard withheld – the risks of the Recovery filter – can be simply stated in the instruction, as they are in Plaintiffs' proposed instruction. As for duty, Wisconsin courts have repeatedly held that the question of duty is a legal one, for the Court. *See, e.g., Ollerman*, 94 Wis. 2d at 26; *Kaloti*, 238 Wis. 2d at 571.

Additionally, for the reasons stated in response to Bard's objections to Plaintiffs' proposed fraudulent concealment instruction, any instruction on this claim should reference a failure to disclose to the plaintiff *or* her doctor. Whether or not the learned intermediary doctrine applies to Plaintiffs' failure-to-warn claim, the fraudulent concealment claim is distinct from Plaintiffs' failure-to-warn claim, as reflected in the Court's treatment of both claims in last month's decision in *Karnes v. C.R. Bard, Inc.*, No. 18-cv-931, 2019 WL 1639807, at *7 (W.D. Wis. Apr. 16, 2019). There, the Court dismissed the plaintiffs' failure-to-warn claim, but sustained the fraudulent concealment claim, referencing allegations that both the plaintiffs and her healthcare providers had been misled to allow the claim to proceed. To prove this claim, the plaintiff must simply show that "the omission led to a different result than would have occurred if disclosure had been made." *Lewis v. Paul Revere Life Ins. Co.*, 80 F. Supp. 2d 978, 999 (E.D. Wis. 2000). The instruction should not be limited to the actions of Mrs. Tinlin's doctor.

**Bard's Response**: Bard's proposed instruction is an accurate statement of Wisconsin law, tailored only to include the learned intermediary rule (for the reasons stated in Bard's objection to Plaintiffs' own instruction on fraudulent concealment).

Further, the requirements of duty and materiality, about which Plaintiffs complain, are included in virtually all articulations of the elements of such a claim in Wisconsin, including in this Court's summary of the elements in the summary judgment order.