# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, <br><br>_____<br><br>Debra Tinlin and James Tinlin, a married couple,<br><br>    Plaintiffs,<br><br>v.<br><br>C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation,<br><br>    Defendants. | No. MDL 15-02641-PHX-DGC<br><br><br><br>No. CV-16-00263-PHX-DGC<br><br><br>**ORDER** |

The parties have submitted deposition excerpts in advance of trial. This order will set forth the Court's ruling on objections contained in these excerpts. The order will identify objections by the number of the deposition page on which they appear (without repeating the word "page" each time). If more than one objection appears on a page, the order will identify the line on which the objection starts. Where an objection is sustained, the order will identify the page and lines that should be omitted, but if no lines are identified, the objection is sustained with respect to all designated testimony on that page.

A. Sanjeeva Kalva, M.D.

    1. Defendants' opening objection – overruled.

  2.  17 – overruled.

  3.  30:23 to 31:14 – sustained.

  4.  50 – sustained. These and later designations go beyond his retention by Plaintiffs' counsel and get into details of the expert report, which are not relevant to his fact testimony.

  5.  51:10-15 – sustained.

  6.  52 – sustained.

  7.  53-54 – sustained.

  8.  55-56 – sustained.

  9.  56:25 to 58:2 – sustained.

  10.  58:23 to 59:23 – sustained.

  11.  75-79 – overruled.

  12.  81-82 – overruled.

  13.  93-94 – overruled.

  14.  127 – overruled.

  15.  139-140 – overruled.

  16.  144 – overruled.

  17.  153:19 to 156:15, 159:23 to 161:17 – sustained. Opinions developed during Kalva's expert work not relevant because he is not being called as an expert.

B. John Worland.

  1.  General objection to use of deposition overruled.

  2.  19:8 to 32:7 – overruled, except: 25:3 to 26:8 – sustained (double hearsay).

  3.  32:10-18 – overruled.

  4.  32:25 to 33:6 – overruled.

  5.  33:16 to 34:23 – sustained; expert opinion on key issue in this case.

  6.  34:25 to 35:7 – overruled,

  7.  36 – overruled.

  8.  37:21 to 38:13 – overruled.

|   |   |   |
|---|---|---|
| 9. | 38:14 to 39:23—sustained; 403. |
| 10. | 40:13 to 43:16 – overruled, except 40:23 to 41:3 and 42:5-11 are sustained. |
| 11. | 43 – overruled. |
| 12. | 44 – overruled. |
| 13. | 45-46 – overruled. |
| 14. | 48 – overruled; no testimony identified. |
| 15. | 49 – sustained; 401, 403. |
| 16. | 53 – overruled. |
| 17. | 56 – overruled. |
| 18. | 58 – sustained. |
| 19. | 64 – overruled. |
| 20. | 69-74 – overruled. |
| 21. | 75 – overruled; cannot tell what testimony is subject of objection. |
| 22. | 77-90:2 – overruled, except 80:7 to 85:15 sustained as hearsay, 84:8-15 sustained under 602, 84:18-22 and 89:17 to 90:2 sustained as hearsay (Grassi article). |
| 23. | 108 – overruled. |
| 24. | 109:3-8 overruled. |
| 25. | 109:9 to 111:11 (through "shelf") – overruled. |
| 26. | 111:11 to 112:1 – sustained; hearsay. |
| 27. | 112:2-18 – sustained; 401, 403 |

C. Joshua Riebe.

1. 16 – leading objection waived.
2. 25 – sustained; leading.
3. 26:23 to 27:3 – sustained; leading.
4. 27:25 to 28:3 – sustained; leading.
5. 28 – all sustained; leading.
6. 29 – all sustained; leading.

7. 30 – sustained; leading.
8. 49-50 – overruled.
9. 50 – overruled.
10. 51 – overruled.
11. 53 – sustained; leading.
12. 59 – overruled.
13. 60:2-6 – sustained; leading.
14. 60:10 to 64:17 – overruled.
15. 64:20 to 66:3 – overruled.
16. 70 – overruled.
17. 71 – overruled; no testimony identified.
18. 74:13 to 79:14 – overruled.
19. 81-85 – all overruled.
20. 87-88 – overruled.
21. 95 to 97:13 – overruled.
22. 97:16-20 – sustained; leading.
23. 98-99 – overruled.
24. 105-106 – overruled.
25. 107-108 – overruled.
26. 115 – overruled.
27. 122 – overruled.
28. 129-130 – overruled.
29. 146 – overruled.
30. 153-156 – all overruled.
31. 172:3-6 – sustained; leading.
32. 172:25 to 176:8 – sustained.

D.      Leah A. Nitke, D.O.

Much of the designated testimony in this deposition concerns various health conditions suffered by Ms. Tinlin.  In the motion in limine briefing, Defendants indicated that they believe many of Ms. Tinlin's conditions produce symptoms that overlap with symptoms she will attribute to filter complications at trial.  The Court cannot tell from the motion briefing or the deposition which symptoms allegedly overlap.  The Court directs the parties to revisit their designations and objections in the Nitke deposition with the following guidance:  Defendants should designate testimony about only those conditions that produce symptoms (according to expert or other evidence about the symptoms the conditions produce) that Defendants contend overlap with symptoms Plaintiffs will attribute to the filter.  As part of this process, the parties should confer about what symptoms Plaintiffs will attribute to the filter at trial.  The Court believes this process should reduce the number of deposition designations and the number of objections, and should provide the Court with a more informed basis for ruling on any remaining areas of disagreement in this deposition.

Dated this 7th day of May, 2019.

_____
David G. Campbell
Senior United States District Judge