Ramon Rossi Lopez
rlopez@lopezmchugh.com
(California Bar Number 86361; admitted *pro hac vice*)
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
949-812-5771

Mark S. O'Connor (011029)
moconnor@beusgilbert.com
Beus Gilbert PLLC
701 North 44th St.
Phoenix, Arizona 85008
480-429-3000

*Co-Lead/Liaison Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation<br><br>This Document Relates to All Actions | No. MD-15-02641-PHX-DGC<br><br>**MEMORANDUM AND CLARIFICATION REGARDING COMMON BENEFIT ESCROW ACCOUNTS**<br><br>(Assigned to the Honorable David G. Campbell) |

Pursuant to this Court's Order of May 10, 2019 (ECF No. 17686) ("May 10 Order"), Plaintiffs offer the below clarification on their pending motion to stablish common benefit fund fee and expense accounts, to appoint an escrow agent, and to increase the common benefit assessments from six and two percent for fees and costs, respectively, to nine and five percent (ECF No. 16932) ("Motion"). This Memorandum also clarifies and corrects a contention in the reply memorandum submitted in support of the Motion.

Because the establishment of the accounts and the appointment of the escrow agent are not opposed, the Court directed the parties to file a proposed order authorizing the establishment of the accounts and the appointment of the escrow agent, while deferring decision on the increase in the assessment percentages. Plaintiffs submitted that proposed

1  order on May 1, 2019.  *See* ECF Nos. 17493 and 17637 (noting Defendants' consent to
2  the proposed order).  The Court's May 10 Order pointed out that the escrow agreement
3  that Plaintiffs submitted still reflects the proposed fourteen percent total assessment, and
4  directed that Plaintiffs file a memorandum clarifying this issue.

5  Plaintiffs propose that the Court can authorize the establishment of the escrow
6  accounts and appointment of the escrow agent, but that the escrow agreement reflect the
7  lower assessment percentages.  If the Court approves the increased assessment
8  percentages, the signatories to the escrow agreement will expeditiously amend the
9  agreement to provide for the altered assessment percentages.  Plaintiffs have attached, as
10 Exhibit 1, a copy of the escrow agreement that includes the lower assessment percentages.

11 In addition, Plaintiffs wish to clarify an assertion in the reply memorandum,
12 submitted on May 10, 2019.  ECF No. 17687.  The reply asserted that the increased
13 assessment percentages for fees and costs would not affect individual plaintiffs, because
14 the assessment amounts would be drawn from fees already owed to individual plaintiffs'
15 attorneys.  *Id.* at 2, 5-6.  While this is true of the additional three percent requested as
16 applied to attorneys' fees, which would total nine percent, the additional three percent in
17 *costs* would be borne by individual plaintiffs.  This was pointed out to the PSC by an
18 objecting attorney, and the PSC wanted to place this clarification on the record.

19 RESPECTFULLY SUBMITTED this 15th day of May, 2019.

20 BEUS GILBERT PLLC

21 By: */s/ Mark S. O'Connor*
22      Mark S. O'Connor
        701 N. 44th Street
23      Phoenix, Arizona 85008

24 LOPEZ McHUGH LLP
        Ramon Rossi Lopez (CA Bar No. 86361)
25      (admitted *pro hac vice*)
        100 Bayview Circle, Suite 5600
26      Newport Beach, California 92660

27 *Co-Lead/Liaison Counsel for Plaintiffs*

28

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on this 15th day of May 2019, I electronically transmitted the |
| 3 | attached document to the Clerk's Office using the CM/ECF System for filing and |
| 4 | transmittal of a Notice of Electronic Filing. |
| 5 | */s/ Jessica Gallentine* |