UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filter Products Liability Litigation, | No. MDL 15-02641-PHX-DGC |
| FLORENCE J. DULSKI | No. CV-18-02985-PHX-DGC |
| Plaintiff, | |
| v. | |
| C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. | |
| Defendant(s) | |

## MOTION FOR SUBSTITUTION OF PARTY AND LEAVE TO AMEND THE CAPTION AND FILE AN AMENDED COMPLAINT

Contemporaneously with filing this motion, counsel for Plaintiff in the above-referenced action gives notice and suggests upon the record, Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, Counsel's recently discovered death of Florence J. Dulski. Florence J. Dulski passed away on March 9, 2019. A true and accurate copy of Florence J. Dulski's Death Certificate, redacted pursuant to Rule 5.2 of the Federal Rules of Civil Procedure is attached as Exhibit A.

On May 6, 2019 the Surrogate's Court of the State of New York, Erie County appointed decedent's daughter Janette M. Bialecki Executrix of the Estate of Florence J. Dulski. A true and accurate copy of the Certificate of Appointment, redacted pursuant to Rule 5.2 of the Federal Rules of Civil Procedure is attached as Exhibit B. Pursuant to Rule 25 (a)(1) of the Federal Rules of Civil Procedure. Janette M. Bialecki, as Executrix of the Estate of Florence J. Dulski hereby

requests through counsel that she be substituted in place and stead of Florence J. Dulski, so that Florence J. Dulski's claims survive the action on her behalf and may proceed.

Plaintiff further moves pursuant to Federal Rule of Civil Procedure 15(a)(2) to file an amended complaint attached as Exhibit C to plead a wrongful death and survival action pursuant to New York Estates, Powers and Trusts Law Sections 5-4.1 *et seq.*, which provides that an appointed representative may bring the wrongful death claim on behalf of the decedent's distributees for the "wrongful act, neglect or default which caused the decedent's death against a person who would have been liable to the decedent by reason of such wrongful conduct if death had not ensued." All discovery is current, no motions or trial dates are pending, the parties will not be prejudiced by the filing, and there has been no undue delay or bad faith by Plaintiff. *See Forman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc., - the leave sought should, as the rule require, be 'freely given.'"). The caption should then be amended accordingly.

The request under this Motion is not sought for delay or for any improper purpose but so that justice may be done.

DATED: May 22, 2019　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　/s/ Brian A. Goldstein　　　,
　　　　　　　　　　　　　　　　Brian A. Goldstein, Esq.
　　　　　　　　　　　　　　　　Counsel of Record for Petitioner
　　　　　　　　　　　　　　　　CELLINO & BARNES, P.C.
　　　　　　　　　　　　　　　　2500 Main Place Tower
　　　　　　　　　　　　　　　　350 Main Street,
　　　　　　　　　　　　　　　　Buffalo, New York 14202-3725
　　　　　　　　　　　　　　　　(716) 888-8888