# Exhibit B

```
 1                    UNITED STATES DISTRICT COURT

 2                    FOR THE DISTRICT OF ARIZONA

 3                    _____

 4    In Re: Bard IVC Filters         ) MD-15-02641-PHX-DGC
      Products Liability Litigation   )
 5                                    )
                                      ) Phoenix, Arizona
 6                                    ) August 23, 2016
                                      )
 7    _____ )

 8

 9

10

11

12         BEFORE:  THE HONORABLE DAVID G. CAMPBELL, JUDGE

13            REPORTER'S TRANSCRIPT OF PROCEEDINGS

14                 FIFTH SCHEDULING CONFERENCE

15

16

17

18

19

20

21   Official Court Reporter:
     Patricia Lyons, RMR, CRR
22   Sandra Day O'Connor U.S. Courthouse, Ste. 312
     401 West Washington Street, SPC 41
23   Phoenix, Arizona  85003-2150
     (602) 322-7257
24
     Proceedings Reported by Stenographic Court Reporter
25   Transcript Prepared with Computer-Aided Transcription
```

```
12:32:00   1   in one of those cases saying if they didn't dismiss one of
           2   those cases and work out this conflict, I intended to raise it
           3   with the Court.  I'm happy to report half of them have since
           4   been dismissed.  So there are only three of those cases
12:32:15   5   pending.  But there are separate lawyers representing the
           6   plaintiff in each case for those three plaintiffs.
           7             THE COURT:  Okay.  What I want to do with those three
           8   is this:  I would like to direct the plaintiffs steering
           9   committee to have a conversation with the lawyers in those
12:32:27  10   three cases.
          11             Obviously, it has to be resolved one way or the
          12   other.  We can't go forward with two cases represented by two
          13   different lawyers.  And consolidation isn't the answer, in my
          14   view, because then you've still got two lawyers purporting to
12:32:42  15   each represent the plaintiff.  Unless they want to team up and
          16   jointly represent them in a single case, in which event just
          17   dismiss one and have the lawyer appear in the other.  But I
          18   don't think we ought to continue on with two cases with two
          19   different lawyers.
12:32:56  20             So let's have somebody on the plaintiffs steering
          21   committee designated to talk to those three and I'll ask you
          22   to give a status report in mid October as to what's happened
          23   with them.  And if we have a situation where two plaintiffs
          24   lawyers won't agree, then I'll allow a motion to be filed and
12:33:09  25   I'll decide what ought to happen with those.
```

```
 1                    UNITED STATES DISTRICT COURT

 2                     FOR THE DISTRICT OF ARIZONA

 3                    _____

 4    In Re: Bard IVC Filters         ) MD-15-02641-PHX-DGC
      Products Liability Litigation   )
 5                                    ) Phoenix, Arizona
                                      ) December 9, 2016
 6    _____)

 7

 8

 9

10

11         BEFORE:   THE HONORABLE DAVID G. CAMPBELL, JUDGE

12              REPORTER'S TRANSCRIPT OF PROCEEDINGS

13                 SEVENTH SCHEDULING CONFERENCE

14

15

16

17

18

19

20

21    Official Court Reporter:
      Patricia Lyons, RMR, CRR
22    Sandra Day O'Connor U.S. Courthouse, Ste. 312
      401 West Washington Street, SPC 41
23    Phoenix, Arizona  85003-2150
      (602) 322-7257
24
      Proceedings Reported by Stenographic Court Reporter
25    Transcript Prepared with Computer-Aided Transcription
```

```
16:16:33   1   to file an amended short-form complaint.  This concerns
           2   Florence Edwards, who is deceased.  The case apparently was
           3   initially brought by her husband.  They want to amend to
           4   substitute her sister-in-law as the plaintiff in the
16:17:03   5   short-form complaint.  Is there any objection to that?
           6           MR. NORTH:  That's not the one where another
           7   deceased person filed a complaint, is it?  There's one like
           8   that somewhere.
           9           THE COURT:  No.  This is one where apparently -- I'm
16:17:20  10   sorry.  It wasn't -- it wasn't the deceased's husband, it was
          11   the deceased's son who was plaintiff and he wants to
          12   substitute the deceased's daughter as a plaintiff.
          13           MR. NORTH:  No objection to that, Your Honor.
          14           THE COURT:  Okay.  That's at Docket 4136.  We'll
16:17:36  15   grant that.
          16           The striking of the complaint is at Docket 4137.
          17   We'll grant that.
          18           There's a motion to dismiss that was filed by
          19   defendants back on November 14th and this concerns an
16:17:54  20   individual named Aron Aldridge who was deceased at the time
          21   the complaint was filed.  The motion indicates there have been
          22   several letters written, e-mails sent, both to the counsel for
          23   this plaintiff but also to plaintiff steering committee
          24   counsel, without response, so they filed a motion to dismiss
16:18:17  25   and it's now over time with no response.  It's been on file
```

| | | |
|---|---|---|
| 16:18:21 | 1 | for almost a month. |
| | 2 | Apparently David Matthews is shown as the plaintiff's |
| | 3 | attorney. |
| | 4 | I'm inclined to just grant the motion because it's |
| 16:18:34 | 5 | long overdue and there doesn't appear to be any dispute the |
| | 6 | fellow was deceased when it was filed, but I am concerned |
| | 7 | about what appears to be lack of response, both from |
| | 8 | Mr. Matthews and from PSC members who letters and e-mails were |
| | 9 | addressed to, and the motion says we couldn't get a response |
| 16:18:51 | 10 | as to what was going to happen. |
| | 11 | MR. LOPEZ: I'm equally concerned. I know |
| | 12 | Mr. Matthews well, so I'll certainly look into that, Your |
| | 13 | Honor. Figure out how that happened, why it happened, and |
| | 14 | rectify it. |
| 16:19:02 | 15 | THE COURT: All right. I'm going to grant the |
| | 16 | motion to dismiss. This motion is at Docket 4007. I'm |
| | 17 | granting it for the same reason that I granted the motion to |
| | 18 | dismiss the Noterman, N-O-T-E-R-M-A-N, a complaint back in |
| | 19 | May at Docket 1978. |
| 16:19:20 | 20 | And for purposes of talking it over, Mr. Lopez, this |
| | 21 | is Doc 4007 that includes the motion and attachments. |
| | 22 | All right. Those are all of the issues I wanted to |
| | 23 | raise. Do plaintiffs counsel have other matters you'd like to |
| | 24 | raise? |
| 16:19:37 | 25 | MR. LOPEZ: Not at this time, Your Honor. |