# Exhibit A



IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  C.R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC. PRODUCTS LIABILITY DIVISION | Case No. 2:17-cv-02263-DGC<br><br>MDL No. 2641 |

**This applies to:**
**Deitra Davis**
**v. C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

DEITRA DAVIS,

                      Plaintiff,

vs.

C.R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC.

                      Defendants.

### NOTICE OF A LAWSUIT
### AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:    Bard Peripheral Vascular, Inc.
        1625 West 3rd Street
        Tempe, AZ 85181

**Why are you getting this?**

      A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above.   A copy of the complaint is attached.

      This is not a summons, or an official notice from the court.   It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must return the signed waiver within 30 days from the date shown below, which is the date this notice was sent.   Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy.   You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint.

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:   July 14, 2017                         Faraci Lange, LLP

*/s/ Hadley L. Matarazzo*

By: Hadley L. Matarazzo, Esq.
28 E. Main Street, Suite 1100
Rochester, New York 14614
(585) 325-5150
(585) 325-3285 (fax)
hmatarazzo@faraci.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

IN RE: C.R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC. PRODUCTS LIABILITY DIVISION

Case No. 2:17-cv-02263-DGC

MDL No. 2641

**This applies to:**
**Plaintiff Deitra Davis**
**v. C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

DEITRA DAVIS,

                          Plaintiff,

vs.

C.R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC.

                          Defendants.

## WAIVER OF THE SERVICE OF SUMMONS

To:    Hadley L. Matarazzo, Esq.
         Faraci Lange, LLP
         28 E. Main Street, Suite 1100
         Rochester, New York 14614

      I have received your request to waive service of a summons on behalf of Bard Peripheral Vascular, Inc. in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

      I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

      I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from July 14, 2017, the date when this request was sent. If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:

By: _____
Attorneys for Defendant,
Bard Peripheral Vascular, Inc.

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.



IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

IN RE:  C.R. BARD, INC. and BARD PERIPHERAL
VASCULAR, INC. PRODUCTS LIABILITY
DIVISION

Case No. 2:17-cv-02263-DGC

MDL No. 2641

**This applies to:
Plaintiff Deitra Davis
v. C.R. Bard, Inc. and Bard Peripheral
Vascular, Inc.**

DEITRA DAVIS,

                Plaintiff,

vs.

C.R. BARD, INC. and BARD PERIPHERAL
VASCULAR, INC.

                Defendants.

### WAIVER OF THE SERVICE OF SUMMONS

To:    Hadley L. Matarazzo, Esq.
         Faraci Lange, LLP
         28 E. Main Street, Suite 1100
         Rochester, New York 14614

       I have received your request to waive service of a summons on behalf of Bard Peripheral Vascular, Inc. in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

       I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

       I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

  I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from July 14, 2017, the date when this request was sent.  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:

                _____
                By:
                Attorneys for Defendant,
                Bard Peripheral Vascular, Inc.

### Duty to Avoid Unnecessary Expenses of Serving a Summons

  Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

  "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

  If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

  If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

FARACI LANGE, LLP
28 E. Main Street, Suite 1100
Rochester, New York 14614
(585) 325-5150 (telephone)
(585) 325-3285 (facsimile)
hmatarazzo@faraci.com



RECEIVED
JUL 17 2017
C.R. BARD, INC.
LAW DEPT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION<br><br>*This document pertains to Plaintiff Dietra Davis* | No. MD-15-02641-PHX-DGC<br><br>Individual Case No. 2:17-cv-02263-DGC<br><br>**MASTER SHORT FORM COMPLAINT FOR DAMAGES FOR INDIVIDUAL CLAIMS** |

Plaintiff named below, for their Complaint against Defendants named below, incorporate the Master Complaint for Damages in MDL 2641 by reference (Doc. 364). Plaintiff further show the Court as follows:

1. Plaintiff/Deceased Party:

   Deitra Davis

2. Spousal Plaintiff/Deceased Party's spouse or other party making loss of consortium claim:

   n/a

3. Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   n/a

4. Plaintiff's/Deceased Party's state(s) [if more than one Plaintiff] of residence at the time of implant:

   n/a

COMPLAINT - 1

5. Plaintiff's/Deceased Party's state(s) [if more than one Plaintiff] of residence at the time of injury:

   n/a

6. Plaintiff's current state(s) [if more than one Plaintiff] of residence:

   Maryland

7. District Court and Division in which venue would be proper absent direct filing:

   United States District Court, District of Maryland, Southern Division

8. Defendants (check Defendants against whom Complaint is made):

   X    C.R. Bard Inc.

   X    Bard Peripheral Vascular, Inc.

9. Basis of Jurisdiction:

   X    Diversity of Citizenship

   ☐    Other:

   _____

   a. Other allegations of jurisdiction and venue not expressed in Master Complaint:

   _____
   _____
   _____

10. Defendants' Inferior Vena Cava Filter(s) about which Plaintiff(s) is making a claim (Check applicable Inferior Vena Cava Filter(s)):

    ☐    Recovery® Vena Cava Filter

    ☐    G2® Vena Cava Filter

COMPLAINT - 2

  X  G2® Express (G2®X) Vena Cava Filter

  ☐  Eclipse® Vena Cava Filter

  ☐  Meridian® Vena Cava Filter

  ☐  Denali® Vena Cava Filter

  ☐  Other: _____

11. Date of Implantation as to each product:

  Upon information and belief in 2004/2005

12. Counts in the Master Complaint brought by Plaintiff(s):

  X  Count I:  Strict Products Liability – Manufacturing Defect

  X  Count II:  Strict Products Liability – Information Defect (Failure to Warn)

  X  Count III:  Strict Products Liability – Design Defect

  X  Count IV:  Negligence - Design

  X  Count V:  Negligence - Manufacture

  ☐  Count VI:  Negligence – Failure to Recall/Retrofit

  X  Count VII:  Negligence – Failure to Warn

  X  Count VIII:  Negligent Misrepresentation

  X  Count IX:  Negligence *Per Se*

  X  Count X:  Breach of Express Warranty

  X  Count XI:  Breach of Implied Warranty

  X  Count XII:  Fraudulent Misrepresentation

  X  Count XIII:  Fraudulent Concealment

COMPLAINT - 3

| | | |
|---|---|---|
| X | Count XIV: | Violations of Maryland's Consumer Protection Act – Section 13-301 et seq. (Unfair or Deceptive Trade Practices) |
| X | Count XV: | Loss of Consortium |
| ☐ | Count XVI: | Wrongful Death |
| ☐ | Count XVII: | Survival |
| X | Punitive Damages | |
| ☐ | Other(s): | _____ (please state the facts supporting this Count in the space immediately below) |

_____
_____
_____
_____

RESPECTFULLY SUBMITTED this 12th day of July, 2017.

                **FARACI LANGE, LLP**

                By:/s/ Hadley L. Matarazzo

                    Hadley L. Matarazzo (NY Bar No. 437785)
                    (admitted *pro hac vice*)
                    28 E. Main Street, Suite 1100
                    Rochester, New York 14614
                    (585) 325-5150 (telephone)
                    (585) 325-3285 (facsimile)
                    hmatarazzo@faraci.com

                    *Attorneys for Plaintiff*

COMPLAINT - 4

I hereby certify that on this 12th day of July, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

/s/ Hadley L. Matarazzo

COMPLAINT - 5



**FIRST CLASS MAIL**



Faraci Lange, LLP
28 East Main Street
Suite 1100
Rochester, NY 14614

**Faraci Lange**
ATTORNEYS

RECEIVED
JUL 17 2017
C.R. BARD, INC.
LAW DEPT

C.R. Bard, Inc.
730 Central Avenue
Murray Hill, NJ 07974