Exhibit A

| | |
|---|---|
| **From:** | John Dalimonte <john@drlawllp.com> |
| **Sent:** | Monday, February 5, 2018 11:33 AM |
| **To:** | Richard North; Matthew Lerner; Maria Turner |
| **Cc:** | Richard Dusablon |
| **Subject:** | Greene v. CR Bard |
| **Attachments:** | Greene, Taylor - Filed Civil Cover Sheet.pdf; Greene, Taylor - Filed Short Form Complaint - Bard.pdf; Greene, Taylor - Notice of Lawsuit - Bard Peripheral Vascular, Inc.pdf; Greene, Taylor - Waiver of Service of Summons.pdf; Greene, Taylor - Waiver of Service of Summons.pdf; Greene, Taylor - Filed Civil Cover Sheet.pdf; Greene, Taylor - Filed Short Form Complaint - Bard.pdf; Greene, Taylor - Notice of Lawsuit - C.R. Bard, Inc.pdf; Greene, Taylor - Waiver of Service of Summons.pdf; Greene, Taylor - Waiver of Service of Summons.pdf |

Pursuant to CMO 4, attached please find a copy of the short form complaint, civil action cover sheet, notice of lawsuit and 2 copies of the waiver of service of summons for each of your clients.  Please forward the waivers to the attention of myself and my legal assistant Richard Dusablon.

Very truly yours,

John A. Dalimonte, Esq

DALIMONTE RUEB LLP
85 Devonshire Street, Suite 1000
Boston, MA 02109
Tel:  (617) 302-9900
Fax:  (617 742-9130

John A. Dalimonte
(Admitted Pro Hac Vice, MA Bar No. 554554)
**DALIMONTE RUEB, LLP**
85 Devonshire Street, Suite 1000
Boston, MA 02109
Telephone: (617) 302-9900
Facsimile: (617) 742-9130
john@drlawllp.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION<br><br>This Document Applies to:<br><br>**TAYLOR R. GREENE, PLAINTIFF** | No. 2:15-MD-02641-PHX-DGC<br><br>**SECOND AMENDED MASTER SHORT FORM COMPLAINT FOR DAMAGES FOR INDIVIDUAL CLAIMS AND DEMAND FOR JURY TRIAL** |

Plaintiff(s) named below, for their Complaint against Defendants named below, incorporate the Master Complaint for Damages in MDL 2641 by reference (Doc. 364). Plaintiff(s) further show the Court as follows:

1. Plaintiff/Deceased Party:

   Taylor R. Greene

2. Spousal Plaintiff/Deceased Party's spouse or other party making loss of consortium claim:

   _____

3. Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   _____

4. Plaintiff's/Deceased Party's state(s) [if more than one Plaintiff] of residence at the time of implant:

   Nevada

5. Plaintiff's/Deceased Party's state(s) [if more than one Plaintiff] of residence at the time of injury:

Nevada

6. Plaintiff's current state(s) [if more than one Plaintiff] of residence:

Nevada

7. District Court and Division in which venue would be proper absent direct filing:

USDC District of Nevada

8. Defendants (Check Defendants against whom Complaint is made):

☒ C.R. Bard Inc.

☒ Bard Peripheral Vascular, Inc.

9. Basis of Jurisdiction:

☒ Diversity of Citizenship

☐ Other: _____

a. Other allegations of jurisdiction and venue not expressed in Master Complaint:

_____

_____

_____

10. Defendants' Inferior Vena Cava Filter(s) about which Plaintiff(s) is making a claim (Check applicable Inferior Vena Cava Filter(s)):

☐ Recovery® Vena Cava Filter

☐ G2® Vena Cava Filter

☐ G2® Express

☐ G2® X Vena Cava Filter

☐ Eclipse® Vena Cava Filter

☐ Meridian® Vena Cava Filter

☒ Denali® Vena Cava Filter

-2-

|   |   |   |   |
|---|---|---|---|
| 1 |  | ☐ | Other: _____ |
| 2 | 11. | Date of Implantation as to each product: |
| 3 |  | <u>June 16, 2015</u> |
| 4 |  | _____ |
| 5 | 12. | Counts in the Master Complaint brought by Plaintiff(s): |
| 6 |  | ☒ | Count I: Strict Products Liability – Manufacturing Defect |
| 7 |  | ☒ | Count II: Strict Products Liability – Information Defect (Failure to Warn) |
| 9 |  | ☒ | Count III: Strict Products Liability – Design Defect |
| 10 |  | ☒ | Count IV: Negligence - Design |
| 11 |  | ☒ | Count V: Negligence - Manufacture |
| 12 |  | ☒ | Count VI: Negligence – Failure to Recall/Retrofit |
| 13 |  | ☒ | Count VII: Negligence – Failure to Warn |
| 14 |  | ☒ | Count VIII: Negligent Misrepresentation |
| 15 |  | ☒ | Count IX: Negligence *Per Se* |
| 16 |  | ☒ | Count X: Breach of Express Warranty |
| 17 |  | ☒ | Count XI: Breach of Implied Warranty |
| 18 |  | ☒ | Count XII: Fraudulent Misrepresentation |
| 19 |  | ☒ | Count XIII: Fraudulent Concealment |
| 20 |  | ☒ | Count XIV: Violations of Applicable <u>Nevada</u> (insert State) Law Prohibiting Consumer Fraud and Unfair and Deceptive Trade Practices |
| 23 |  | ☐ | Count XV: Loss of Consortium |
| 24 |  | ☐ | Count XVI: Wrongful Death |
| 25 |  | ☐ | Count XVII: Survival |
| 26 |  | ☒ | Punitive Damages |

-3-

| | | | |
|---|---|---|---|
| 1 | ☒ | Other(s): | All claims for Relief set forth in the Master Complaint for an amount to be determined by the trier of fact. (please state the facts supporting this Count in the space immediately below) Plaintiff suffered from a failed attempt to remove the filter. The filter hook was in contact with the lateral wall of the vena cava and was deeply engaged by fibrous tissue, preventing the engagement of the filter for withdrawal of the filter. |

13. Jury Trial demanded for all issues so triable?

☒ Yes

☐ No

RESPECTFULLY SUBMITTED this 16th day of January, 2018.

By: */s/John A. Dalimonte*
John A. Dalimonte
(Admitted Pro Hac Vice, MA Bar No. 554554)
**DALIMONTE RUEB, LLP**
85 Devonshire Street, Suite 1000
Boston, MA 02109
Telephone: (617) 302-9900
Facsimile: (617) 742-9130
john@drlawllp.com

I hereby certify that on this 24th day of January, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*/s/John A. Dalimonte*

-4-

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use **only** in the District of Arizona.

**The completed cover sheet must be printed directly to PDF and filed as an attachment to the Complaint or Notice of Removal.**

---

**Plaintiff(s): Taylor R. Greene**

County of Residence: Outside the State of Arizona

County Where Claim For Relief Arose: Outside the State of Arizona

**Defendant(s): Bard Peripheral Vascular, Inc. ; C.R. Bard, Inc.**

County of Residence: Maricopa

Plaintiff's Atty(s):

**John A. Dalimonte , Esq.**
**Dalimonte Rueb, LLP**
**85 Devonshire Street, Suite 1000**
**Boston, Massachusetts 02109**
**(617)302-9900**

Defendant's Atty(s):

---

II. Basis of Jurisdiction: **4. Diversity (complete item III)**

III. Citizenship of Principal Parties (Diversity Cases Only)
    Plaintiff:- **2 Citizen of Another State**
    Defendant:- **4 AZ corp or Principal place of Bus. in AZ**

IV. Origin : **1. Original Proceeding**

V. Nature of Suit: **365 Personal Injury - Product Liability**

VI. Cause of Action: **28 USC 1332 - Diversity, Product Liability - Bard IVC Filter MDL 2641**

VII. Requested in Complaint
    Class Action: **No**
    Dollar Demand:
    Jury Demand: **Yes**

VIII. This case **IS RELATED** to Case Number **2:15-MD-2641** assigned to Judge **David G. Campbell.**

**Signature:** <u>John A. Dalimonte</u>

    **Date:** <u>1/24/2018</u>

**If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, save this form as a PDF and include it as an attachment to your case opening documents.**

**Revised: 01/2014**

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | | |
|---|---|---|
| Taylor R. Greene | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:18-cv-00260-DGC |
| Bard Peripheral Vascular, Inc. and C.R. Bard, Inc. | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: Bard Peripheral Vascular, Inc
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within   30   days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:   02/05/2018

/s/John A. Dalimonte
*Signature of the attorney or unrepresented party*

John A. Dalimonte
*Printed name*

Dalimonte Rueb, LLP
85 Devonshire Street, Suite 1000
Boston, MA 02109
*Address*

john@drlawllp.com
*E-mail address*

(617)302-9900
*Telephone number*

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| Taylor R. Greene | ) |
|---|---|
| *Plaintiff* | ) |
| v. | )  Civil Action No.  2:18-cv-00260-DGC |
| Bard Peripheral Vascular, Inc. and C.R. Bard, Inc. | ) |
| *Defendant* | ) |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  C.R. Bard, Inc.
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within   30   days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:   02/05/2018

/s/John A. Dalimonte
*Signature of the attorney or unrepresented party*

John A. Dalimonte
*Printed name*

Dalimonte Rueb, LLP
85 Devonshire Street, Suite 1000
Boston, MA 02109
*Address*

john@drlawllp.com
*E-mail address*

(617)302-9900
*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| Taylor R. Greene | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:18-cv-00260-DGC |
| Bard Peripheral Vascular, Inc. and C.R. Bard, Inc. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: John A. Dalimonte
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 02/05/2018, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | | |
|---|---|---|
| Taylor R. Greene | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:18-cv-00260-DGC |
| Bard Peripheral Vascular, Inc. and C.R. Bard, Inc. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: John A. Dalimonte
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 02/05/2018, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Printed name of party waiving service of summons*

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| Taylor R. Greene | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:18-cv-00260-DGC |
| Bard Peripheral Vascular, Inc. and C.R. Bard, Inc. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  John A. Dalimonte
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 02/05/2018, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 

*Signature of the attorney or unrepresented party*

*Printed name of party waiving service of summons*

*Printed name*

*Address*

*E-mail address*

*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| Taylor R. Greene <br> *Plaintiff* <br> v. <br> Bard Peripheral Vascular, Inc. and C.R. Bard, Inc. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 2:18-cv-00260-DGC <br> ) <br> ) |

**WAIVER OF THE SERVICE OF SUMMONS**

To: John A. Dalimonte
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 02/05/2018 , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:

*Printed name of party waiving service of summons*

*Signature of the attorney or unrepresented party*

*Printed name*

*Address*

*E-mail address*

*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.