# Exhibit A

| | |
|---|---|
| **From:** | Josmary Gomez <JGomez@Curtis-LawGroup.com> |
| **Sent:** | Monday, April 30, 2018 12:06 PM |
| **To:** | Richard North; Maria Turner; Matthew Lerner |
| **Subject:** | BARD IVC MDL 2641: Waivers of Service of summons |
| **Attachments:** | MM-#646733-v1-Bard_Waiver_of_Service_of_summons_-_Harpster.PDF; MM-#646732-v1-Bard_Waiver_of_Service_of_summons_-Lemmons.PDF; MM-#646731-v1-Bard_Waiver_of_Service_of_summons_-_Jones.PDF; MM-#646730-v1-Bard_Waiver_of_Service_of_summons_-_Barnes.PDF; MM-#646729-v1-Bard_Waiver_of_Service_of_Summons_-_Howard.PDF; MM-#646711-v1-FS_complaint_and_civil_cover_sheet.PDF; MM-#646709-v1-FS_complaint_and_civil_cover_sheet.PDF; MM-#646707-v1-FS_Complaint_and_civil_cover_sheet.PDF; MM-#645763-v1-FS_Complaint_and_civil_cover_sheet.PDF; MM-#645568-v1-FS_complaint_and_civil_cover_sheet.PDF |

Counsel,

Attached please find a copy of the filed short form complaints for the Plaintiffs listed below along with waivers of service of summons.

1. Howard Henry, Jr.
2. Amanda Barnes
3. Jereme Jones
4. Derrick Lemmons
5. Elizabeth Harpster

Thank you.

*Josmary A. Gomez*
Paralegal to William B. Curtis



12225 Greenville Ave., Suite 750
Dallas, Texas  75243
Ofc: 214.890.1000
Fax: 214.890.1010
www.Curtis-LawGroup.com
*jgomez@Curtis-LawGroup.com*

1

http://www.azd.uscourts.gov/cgi-bin/generate_civil_js44.pl

Case 2:15-md-02641-DGC Document 18581-1 Filed 06/20/19 Page 3 of 9
Case 2:18-cv-01197-DGC Document 1-1 Filed 04/18/18 Page 1 of 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the District of Arizona.

**The completed cover sheet must be printed directly to PDF and filed as an attachment to the Complaint or Notice of Removal.**

**Plaintiff**(s): Elizabeth Harpster

County of Residence: Outside the State of Arizona

County Where Claim For Relief Arose: Maricopa

**Defendant**(s): Bard Peripheral Vascular, Inc. ; C.R. BARD INC.

County of Residence: Maricopa

Plaintiff's Atty(s):

**William B Curtis**
**Curtis Law Group**
**12225 Greenville Ave., Suite 750**
**Dallas, Texas 75243**
**214-890-1000**

Defendant's Atty(s):

<u>II. Basis of Jurisdiction</u>: **4. Diversity (complete item III)**

<u>III. Citizenship of Principal Parties</u> **(Diversity Cases Only)**

Plaintiff:- **2 Citizen of Another State**
Defendant:- **4 AZ corp or Principal place of Bus. in AZ**

<u>IV. Origin</u> : **1. Original Proceeding**

<u>V. Nature of Suit</u>: **367 Health Care/Pharmaceutical Personal Injury Product Liability**

<u>VI. Cause of Action</u>: **28 U.S.C. § 1332**

<u>VII. Requested in Complaint</u>

Class Action: **No**
Dollar Demand:
Jury Demand: **Yes**

<u>VIII. This case</u> **IS RELATED** to Case Number <u>**MDL 2641**</u> assigned to Judge <u>**David G. Campbell.**</u>

Signature: <u>**William B. Curtis**</u>

Date: 4/18/2018

**If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the** *Back* **button in your browser and change it. Once correct, save this form as a PDF and include it as an attachment to your case opening documents.**

Revised: 01/2014

|   |   |
|---|---|
| William B. Curtis, *admitted pro hac vice* <br> Texas SBN: 00783918 <br> **CURTIS LAW GROUP** <br> 12225 Greenville Ave. <br> Suite 750 <br> Dallas, TX 75243 <br> T: (214) 890-1000 <br> F: (214) 890-1010 <br> Email: bcurtis@curtis-lawgroup.com | |

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION | No. MD-15-02641-PHX-DGC <br><br> **MASTER SHORT FORM COMPLAINT FOR DAMAGES FOR INDIVIDUAL CLAIMS AND DEMAND FOR JURY TRIAL** |

Plaintiff(s) named below, for their Complaint against Defendants named below, incorporate the Master Complaint for Damages in MDL 2641 by reference (Doc.364). Plaintiff(s) further show the Court as follows:

1. Plaintiff/Deceased Party:

   Elizabeth Harpster

2. Spousal Plaintiff/Deceased Party's spouse or other party making loss of consortium claim:

   n/a

3. Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   n/a

4. Plaintiff's/Deceased Party's state(s) [if more than one Plaintiff] of residence at the time of implant:

<u>Virginia</u>

5. Plaintiff's/Deceased Party's state(s) [if more than one Plaintiff] of residence at the time of injury:

<u>Pennsylvania</u>

6. Plaintiff's current state(s) [if more than one Plaintiff] of residence:

<u>Pennsylvania</u>

7. District Court and Division in which venue would be proper absent direct filing:

<u>USDC for the District of Pennsylvania, USDC for the District of New Jersey</u>

8. Defendants (check Defendants against whom Complaint is made):

☑ C.R. Bard Inc.

☑ Bard Peripheral Vascular, Inc.

9. Basis of Jurisdiction:

☑ Diversity of Citizenship

☐ Other: _____

a. Other allegations of jurisdiction and venue not expressed in Master Complaint:

_____

_____

_____

-2-

10. Defendants' Inferior Vena Cava Filter(s) about which Plaintiff(s) is making a claim (Check applicable Inferior Vena Cava Filter(s)):

- ☑ Recovery® Vena Cava Filter
- ☑ G2® Vena Cava Filter
- ☐ G2® Express Vena Cava Filter
- ☐ G2® X Vena Cava Filter
- ☐ Eclipse® Vena Cava Filter
- ☐ Meridian® Vena Cava Filter
- ☐ Denali® Vena Cava Filter
- ☐ Other: _____

11. Date of Implantation as to each product:

June 6, 2008

12. Counts in the Master Complaint brought by Plaintiff(s):

- ☑ Count I: Strict Products Liability – Manufacturing Defect
- ☑ Count II: Strict Products Liability – Information Defect (Failure to Warn)
- ☑ Count III: Strict Products Liability – Design Defect
- ☑ Count IV: Negligence - Design
- ☑ Count V: Negligence - Manufacture
- ☑ Count VI: Negligence – Failure to Recall/Retrofit
- ☑ Count VII: Negligence – Failure to Warn
- ☑ Count VIII: Negligent Misrepresentation
- ☑ Count IX: Negligence *Per Se*

-3-

☑ Count X: Breach of Express Warranty

☑ Count XI: Breach of Implied Warranty

☑ Count XII: Fraudulent Misrepresentation

☑ Count XIII: Fraudulent Concealment

☑ Count XIV: Violations of Applicable Louisiana Law Prohibiting Consumer Fraud and Unfair and Deceptive Trade Practices

☐ Count XV: Loss of Consortium

☐ Count XVI: Wrongful Death

☐ Count XVII: Survival

☑ Punitive Damages

Other(s): _____ (please state the facts supporting this Count in the space immediately below)

_____

_____

Jury Trial demanded for all issues so triable?

☑ Yes

☐ No

-4-

RESPECTFULLY SUBMITTED on this 18th day of April, 2018.

**CURTIS LAW GROUP**

By: */s/ William B. Curtis*
William B. Curtis, *admitted pro hac vice*
(TX SBN: 00783918)
12225 Greenville Ave., Suite 750
Dallas, TX 75243
T: (214) 890-1000
F: (214) 890-1010
Email: bcurtis@curtis-lawgroup.com
*Attorney for Plaintiff*

I hereby certify that on this 18th day of April, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*/s/ William B. Curtis*
William B. Curtis

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| Elizabeth Harpster | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:18-cv-01197-DGC |
| C.R. Bard Inc., et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: William B. Curtis
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 04/30/2018, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

Bard Peripheral Vascular, Inc. and C. R. Bard, Inc
*Printed name of party waiving service of summons*

*Signature of the attorney or unrepresented party*

Richard B. North, Jr. (Ga. Bar No. 545599)
*Printed name*

Nelson Mullins Riley & Scarborough, LLP
201 17th St., NW, Suite 1700, Atlantic Station,
Atlanta, GA 30363
*Address*

richard.north@nelsonmullins.com
*E-mail address*

(404) 322-6155
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.