IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

IN RE: BARD IVC FILTERS                                No. 2:15-cv-MD-02641-DGC
PRODUCTS LIABILITY LITIGATION

This Document Relates to:
*Humberto Moya v. C.R. Bard, et al.*
Civil Action No. 2:17-cv-02990

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH
AMENDED CASE MANAGEMENT ORDER NO. 5

COMES NOW, Plaintiff Humberto Moya ("Plaintiff"), by and through his counsel of record, and files this Response to Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to Comply with Amended Case Management Order No. 5 (Doc. 18927). Plaintiff respectfully requests that this Court deny Defendants' Motion and, in support thereof, states as follows:

1. In September 2015, Plaintiff contacted undersigned counsel regarding a potential claim involving his Bard IVC filter and alleged subsequent injury.

2. Upon information and belief, in January 2017, Plaintiff also retained the law firm of Cellino & Barnes, P.C. to represent him in a claim involving his IVC filter.

3. In late August 2017, it was brought to the attention of undersigned counsel that Plaintiff may have retained another law firm to also represent him in a claim involving his IVC filter.

4. Undersigned counsel attempted to contact Plaintiff in the days prior to filing Plaintiff's Complaint but were unable to make contact.

1

5. As a means of preserving the applicable statute of limitations, undersigned counsel filed the Complaint in this matter on September 1, 2017. The Complaint was filed in good faith based on Plaintiff's original request to file suit on his behalf.

6. In the months following the filing of the Complaint, Plaintiff expressed serious confusion as to which law firm he believed to be representing him in this matter and which law firm would be submitting the required Plaintiff Profile Form on his behalf.

7. Upon information and belief, in May 2019, Plaintiff received a letter from Cellino & Barnes, P.C. whereby notifying Plaintiff that such law firm was withdrawing from any representation they may have in connection with Plaintiff's claims regarding his IVC filter. Upon further information and belief, any confusion and issues regarding the potential dual representation had by Plaintiff have now been resolved.

8. On July 2, 2019, the Plaintiff Profile Form was served in accordance with the provisions of Amended Case Management Order No. 5

9. Plaintiff has now complied with the terms of Amended Case Management Order No. 5. There was no bad faith, nor was there an attempt to avoid Plaintiff's obligations, only confusion by Plaintiff as to which law firm would be submitting the Plaintiff Profile Form on his behalf.

10. Plaintiff's case is categorized as Track 1.

11. Further, Defendants have now received the Plaintiff Profile Form, along with the required medical records, and have suffered no prejudice by receiving them. Plaintiff may be irreparably harmed if his case were to be dismissed.

In light of the above-circumstances, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss.

Dated:  July 2, 2019                              Respectfully submitted,

                                                    **ALLEN & NOLTE, PLLC**

                                                    /s/ John H. Allen, III
John H. "Trey" Allen, III - Trial/Lead Counsel
Texas Bar No.: 00788798
trey@allennolte.com
Jennifer Nolte
Texas Bar No.: 24007755
jnolte@allennolte.com
5445 La Sierra Drive, Suite 350
Dallas, TX 75231
Telephone:  (214) 521-2300
Facsimile:  (214) 452-5637

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that the foregoing was filed and served on all counsel of record by way of the Court's CM/ECF filing system on this 2nd day of July, 2019.

                                                    /s/ John H. Allen, III
John H. Allen, III