Ramon Rossi Lopez (admitted *pro hac vice*)
(CA Bar No. 86361)
LOPEZ McHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660
rlopez@lopezmchugh.com

Mark S. O'Connor (011029)
BEUS GILBERT PLLC
701 N 44th Street
Phoenix, AZ 85008
Telephone: (480) 429-3019
moconnor@beusgilbert.com

*Attorneys for Plaintiffs*

James R. Condo (#005867)
Kristine L. Gallardo (033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
jcondo@swlaw.com
kgallardo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY &
   SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Telephone: 404.322.6000
Facsimile: 404.322.6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**THE PARTIES' JOINT MEMORANDUM REGARDING SETTLEMENT AND NON-SETTLEMENT TRACK CASES** |

In accordance with Case Management Order No. 42 [Doc. 16343] and Case Management Order No. 43 [Doc. 17494], the parties submit this Joint Memorandum identifying cases in this MDL that fall within Track 1 (Tentatively Resolved cases) or Track 2 (Cases Subject to Settlement Discussions), and those cases not falling within any track (the "Non-Track" cases).

For each Non-Track case, the parties further identify below whether it was transferred by the JPML or directly filed in this MDL pursuant to Second Amended Case Management Order No. 4 [Doc. 1485]. For transferred cases, the parties identify below the district from which it was transferred by the JPML. For the directly-filed cases, the parties identify the district to which it should be transferred, and any disputes the parties have as to venue or jurisdiction.

**Track 1 – Tentatively Resolved Cases**

A list of cases falling within Track 1 (Tentatively Resolved) is attached as Exhibit A.

**Track 2 – Cases Subject to Settlement Discussions**

A list of cases falling within Track 2 (Cases Subject to Active Settlement Discussions) is attached as Exhibit B.

**Non-Track Cases**

Under Second Amended CMO 4, the Court ordered that, prior to the transfer of directly-filed cases, "Defendants may object to the district specified in the Short Form, Amended Short Form, or Second Amended Short Form Complaint, based on venue or jurisdiction (including lack of personal jurisdiction based on *Daimler AG v. Bauman*, 134 S. Ct. 746)), and propose an alternative jurisdiction for the Court's consideration." [Doc. 1485, p. 4]. In CMOs 42 and 43, the Court further ordered the parties to identify the district to which cases should be transferred.

For virtually all of the Non-Track directly-filed cases, Defendants have very limited information to evaluate whether the forum identified by Plaintiffs in their short-form complaints is proper, and whether Defendants have grounds to object to venue or

1  jurisdiction, including lack of personal jurisdiction.  Defendants note that for many of the
2  cases, the only information they have is the unverified allegations in the short-form
3  complaint. While Plaintiffs were required to serve Plaintiff Profile Forms (PPFs) providing
4  basic information relating to the cases, there are numerous limitations with reliance on those
5  unverified forms to make venue and personal jurisdiction determinations.  Of the 1381
6  number of Non-Track cases, Defendants note that, as of July 5, 2019, they have not yet
7  received PPFs in 208 cases (181 of which are not yet due), and that there are unresolved
8  deficiencies that have been noted in an additional 10 cases. Even where Defendants have
9  received completed PPFs, those forms have limited information relevant to jurisdiction and
10 venue. For example, for plaintiffs who were treated with a filter in one state but currently
11 reside in a different state, there is currently no information about when the plaintiff changed
12 residences in relation to his or her filter treatment, or where the majority of the relevant
13 treating physicians reside. Even for plaintiffs who reside in the same state as where they
14 received the filter, similar information -- including whether the plaintiff relocated to a
15 different district within the state after implant -- could be determinative of which district
16 court is appropriate. Given those issues, Defendants respectfully request the Court, upon
17 transferring the Non-Track cases, to specifically preserve Defendants' right to object to
18 venue and/or jurisdiction once further information is known.

19         Plaintiffs oppose this request based on the Court's existing Order (CMO #4) where
20 the Court clearly states it will address objections based on venue or jurisdiction prior to
21 transfer (including personal jurisdiction based on *Daimler,* where additional case-specific
22 information is likely not necessary for determination), and **Bard shall propose alternative**
23 **jurisdictions**, as indicated in CMO #4 (Dkt. 1485)(emphasis added). Presumably, this
24 process would avoid the possibility of multiple transfers, which would be inefficient,
25 wasteful of judicial resources, and increase costs to the parties.  Moreover, Bard's proposal
26 might result in the remedy of case dismissal in the event it is determined that personal
27 jurisdiction is not established.  Depending on the various state savings statutes, this could
28 potentially result in valid claims that were timely filed being barred from re-filing in an

appropriate jurisdiction due to the statute of limitation. The Court appears to have envisioned a better remedy by evaluating jurisdictional issues before transfer so that transfer can be made to the appropriate court in the first instance. Finally, Plaintiffs note that Bard's request to preserve a right to object to venue/jurisdiction based on where a plaintiff lives or where his/her filter was implanted until "further information is known" appears to include choice of law issues to be determined in the transferor court. Plaintiffs do not believe that issues of specific personal jurisdiction are amenable to bright line resolution. If, however, the Court were inclined not to consider alternative jurisdictions and adopt Bard's unduly narrow view of personal jurisdiction described herein, Plaintiffs request that cases that are subject to this jurisdictional challenge be remanded to the district where the implanting procedure took place, as opposed to such cases being dismissed after pending for months or years in this MDL. Ultimately, Plaintiffs' position recognizes this Court's current orders and they are not inclined to create new agreements around those orders; the issue is squarely within the Court's discretion.

Alternatively, in the event that the Court chooses not to defer this issue to the remand courts, Defendants submit that the appropriate bright-line rule is that jurisdiction is only proper, and consistent with due process, in the state in which the plaintiff was implanted with the filter. Specific jurisdiction "exists when the defendant has purposefully availed itself of the privilege of conducting business in the forum State and the plaintiff's injuries arise out of the defendant's forum-related activities." *In re: Bard IVC*, No. 15-2641, 2016 WL 6393596, at *4 (D. Ariz. Oct. 28, 2016). (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Sup. Ct. of Calif., San Francisco Cty.*, 137 S. Ct. 1773, 1781, 198 L. Ed. 2d 395 (2017). In other words, contacts "that the 'defendant himself' creates with the forum State" serve as a basis for jurisdiction, *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (citations omitted), but contacts formed by "the mere 'unilateral activity of those who claim some relationship with a nonresident defendant'" do not. *World-Wide Volkswagen Corp. v.*

4

*Woodson*, 444 U.S. 286, 298 (1980) (citation omitted). "[M]ere injury to a forum resident is not a sufficient connection to the forum." *Walden v. Fiore*, 571 U.S. 277, 290, 134 S. Ct. 1115, 1125, 188 L. Ed. 2d 12 (2014). "Put simply, however significant the plaintiff's contacts with the forum may be, those contacts cannot be 'decisive in determining whether the defendant's due process rights are violated.'" *Id.* at 285, 1122. *See also, Daimler AG v. Bauman*, 571 U.S. 117, 137–38, 134 S. Ct. 746, 760–61, 187 L. Ed. 2d 624 (2014) ("Plaintiffs would have us look beyond the exemplar bases *Goodyear* identified, and approve the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business.' That formulation, we hold, is unacceptably grasping.") (citations omitted).

Thus, in medical device cases, courts hold that jurisdiction is only appropriate in the state where the device is implanted, even if by happenstance the plaintiff relocates or sustains an injury in another state. *See e.g.*, *Mitchell v. DePuy Orthopaedics, Inc.*, No. 4:18-CV-00850-NKL, 2019 WL 2343847 (W.D. Missouri June 3, 2019) (dismissing for lack of personal jurisdiction where the plaintiff received a knee replacement implant while she lived in Kansas, then moved to Missouri, claiming that, after she moved there, Missouri was where she suffered injuries and where she sought treatment for her injuries); *In re Zostavax (Zoster Vaccine Live) Prod. Liab. Litig.*, 358 F. Supp. 3d 418, 423 (E.D. Pa. 2019) ("The relevant activity or occurrence with respect to Stanton took place in Edgartown, Massachusetts when she received the Zostavax injection. The relevant activity or occurrence with respect to Morris took place in Connecticut where she was injected with Zostavax. The torts which allegedly caused their injuries happened in places other than Florida. While plaintiffs were long-time residents of Florida, Merck did nothing to and had no interaction with either of them in that state."). *See also, Livingston v. Hoffmann-La Roche Inc.*, 293 F. Supp. 3d 760, 768 (N.D. Ill. 2018) (collecting cases and finding that, where the plaintiff was prescribed with Accutane in Wisconsin and Ohio, "the fact that Plaintiff currently resides in Illinois is insufficient to create personal jurisdiction over an out-of-state defendant").

Based on the very limited information that is available, Defendants have sought to identify cases where they may have objections to personal jurisdiction or venue. At this preliminary stage, given the limited and incomplete nature of the information Defendants have relating to each case, Defendants are basing their jurisdiction and/or venue objections on the Short Form Complaint, allegations in the Plaintiffs' PPFs (where they have been completed) and, in those few cases where they exist, Plaintiff Fact Sheets. As part of their review, Defendants are raising objections to jurisdiction and/or venue to the Plaintiffs' chosen forum when it is not where the filter at issue was implanted. Defendants note that once it has additional information, there may be other grounds or bases to object to jurisdiction and/or venue, and as previously noted, request that the Court enter an order preserving Defendants' right to raise jurisdiction and venue matters upon transfer.

The parties are attaching the following charts relating to Non-Track cases:

- A list of cases transferred by the JPML to which the parties currently agree to the transfer of the case to the forum where originally filed is attached as Exhibit "C".

- A list of cases transferred by the JPML to which the parties have a current dispute as to the transfer forum is attached as Exhibit "D". Included within that chart is the original transferor court, and whether Defendants oppose transfer back to that Court based on jurisdiction. Defendants are not objecting to venue at this time because MDL courts cannot resolve venue issues for cases transferred under § 1407. *In re Zostavax (Zoster Vaccine Live) Prod. Liab. Litig.*, 358 F. Supp. 3d 418, 425 (E.D. Pa. 2019) ("The MDL panel's recent decision in *In Re: Biomet M2A Magnum Hip Implant Products Liability Litigation*, 357 F.Supp.3d 1389, 2018 WL 6426830 (Dec. 6, 2018) gives further support to the position that this court does not have authority under § 1407 to transfer these actions under § 1631.") Consequently, the only challenges that Defendants are making are based on a lack of jurisdiction; Defendants believe those cases should be dismissed by the Court. *Id.* ("As to

specific jurisdiction, there is nothing in the record pointing to any ties between causation of plaintiffs' injuries in Massachusetts and Connecticut and any activity of McKesson in those states. In sum, the court is not able to determine, without a suggestion of the plaintiffs and the presentation of the appropriate jurisdictional facts, in what district or districts, if any, either of these actions could have been brought at the time they were filed. Accordingly, these actions insofar as they are against Merck will be dismissed without prejudice for lack of personal jurisdiction….").

- A list of cases directly filed in this MDL to which the parties currently agree to the transfer of the case to the forum identified in the plaintiff's short form complaint is attached as Exhibit "E". The parties specifically agree that Defendants do not waive (and specifically reserve) the right and ability to raise jurisdiction and venue objections upon transfer of these cases.

- A list of cases directly filed in this MDL to which the parties have a current dispute as to the transfer forum identified by Plaintiffs in the plaintiff's short form complaint is attached as Exhibit "F". Included within that chart are the Plaintiffs' proposed transfer forum and Defendants' proposed transfer forum. At this preliminary stage, given the limited and incomplete nature of the information Defendants have relating to each case, Defendants are basing their jurisdiction on the allegations in the Plaintiffs' short form complaint, PPFs (where they been completed) and, in those few cases where they exist, Plaintiff Fact Sheets. As part of their review, Defendants are raising objections to jurisdiction because the Plaintiffs' chosen forum is not where the filter at issue was implanted, and suggesting an alternative transfer forum. Defendants are also identifying an appropriate forum where Plaintiffs identified a state court as the forum (since those cases obviously cannot be transferred). Defendants note that once it has additional information, there may be other grounds or bases to object to venue and/or jurisdiction, and as

previously noted, request that the Court enter an order preserving Defendants' right to raise venue and jurisdiction matters upon transfer.

- A list of those directly-filed cases that are not part of Track 1 or 2 and which have not been served on Defendants is attached as Exhibit "G". Absent valid service, those cases should not be remanded or transferred, and instead, they should be handled pursuant to the rule set forth in Fed. R. Civ. P. 4 (m).

- Exhibit "H" contains a list of actions that are duplicates of cases that were previously filed and remain pending and that also are not on Tracks 1 or 2. Bard has previously notified each of the attorneys involved in those cases concerning the duplication, but to date, the duplicate cases have not been dismissed.

- Exhibit "I" contains a list of cases involving the Simon Nitinol Filter. The parties submit that the remand of these cases should be delayed, pending the Court's determination how to handle those cases.

- Exhibit "J" contains a list of cases in which the plaintiff is a resident of either New Jersey or Arizona. Because C. R. Bard, Inc. is incorporated and has its principle place of business in New Jersey, and Bard Peripheral Vascular, Inc. is incorporated is incorporated and has its principle place of business in Arizona, diversity jurisdiction does not exist, and as a result, these cases should be dismissed.

- Exhibit "K" contains a list of cases where as of July 5, 2019, (1) the Plaintiff Profile Form is not yet due, (2) Defendants have not received a past-due Plaintiff Profile Form, or (3) the Plaintiff Profile Form is deficient which prevents Defendants from making a preliminary determination as to whether they have grounds to object to jurisdiction or venue. Of the 218 cases falling within this list, 181 have PPFs that are not yet due.

- A list of directly-filed cases where Defendants did not request a transfer venue in the Short Form Complaint is attached as Exhibit "L". For those cases,

Defendants has indicated in the attached chart the venue it believes to be appropriate based on the place of implant.

Respectfully submitted, this 10th day of July, 2019.

| | |
|---|---|
| LOPEZ McHUGH, LLP | NELSON MULLINS RILEY & SCARBOROUGH LLP |
| By: *s/ Ramon Rossi Lopez*<br>Ramon Rossi Lopez<br>(admitted *pro hac vice*)<br>CA Bar No. 86361<br>LOPEZ MCHUGH LLP<br>100 Bayview Circle, Suite 5600<br>Newport Beach, California 92660<br><br>Mark S. O'Connor (011029)<br>BEUS GILBERT PLLC<br>701 N 44th Street<br>Phoenix, Arizona 85008<br><br>Attorneys for Plaintiffs | By: *s/ Richard B. North*<br>Richard B. North, Jr. (admitted *pro hac vice*)<br>Georgia Bar No. 545599<br>Matthew B. Lerner (admitted *pro hac vice*)<br>Georgia Bar No. 446986<br>NELSON MULLINS RILEY & SCARBOROUGH LLP<br>201 17th Street, NW / Suite 1700<br>Atlanta, GA  30363<br><br>James R. Condo (005867)<br>Kristine L. Gallardo (033975)<br>SNELL & WILMER L.L.P.<br>One Arizona Center<br>400 E. Van Buren, Suite 1900<br>Phoenix, Arizona  85004-2202<br><br>Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. |