James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
JCondo@swlaw.com
ASheridan@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
Richard.North@nelsonmullins.com
Matthew.Lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | MDL NO. 15-02641-PHX-DGC |
| This Document Relates to: | |
| EDMUND OUTLAND, <br><br> Plaintiff, <br><br> v. <br><br> C. R. BARD, INC., a New Jersey Corporation; AND BARD PERIPHERAL VASCULAR INC., an Arizona Corporation, <br><br> Defendants. | Case No. 2:17-CV-04120-DGC <br><br> **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH AMENDED CASE MANAGEMENT ORDER NO. 5** |

Pursuant to Fed. R. Civ. P. 12(b) Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Bard") respectfully move this Court to dismiss Plaintiff Edmund Outland's Complaint for failure to comply with the terms of Amended Case Management Order No. 5 pertaining to timely service of Plaintiff Profile Forms ("PPF").

## I. PROCEDURAL HISTORY

On November 8, 2017, Plaintiff filed a Short Form Complaint in MDL 2641, *In Re: Bard IVC Filters Products Liability Litigation*, and subsequently, served Bard with a copy of the Complaint on November 10, 2017. *See* Waiver Transmittal Email and pertinent attachments from Plaintiff's counsel attached hereto as Exhibit A. On March 3, 2016, this Court entered Case Management Order No. 5 [Doc. 927] (the "Order") which ordered, in part:

> In cases that have been filed in, removed to or transferred to this MDL on or after the date of this Order, each plaintiff shall submit a completed PPF to defendants within 60 days of filing the complaint.

*Id.* at 1:18-19. The Order further made clear that:

> If a plaintiff does not submit a PPF within the time specified in this Order, defendants shall mail an overdue letter by e-mail and U.S. mail to Plaintiffs' Co-Lead Counsel and the plaintiffs' individual representative counsel, stating that defendants may move to dismiss that plaintiff's case within 20 days of receipt of the letter. If no PPF is received within those 20 additional days, defendants may move immediately to dismiss that plaintiff's case.

*Id.* at 2:17-22.

Plaintiff's PPF was due to be served within sixty (60) days of filing the complaint, to wit: Monday, January 8, 2018, but Bard was not served with Plaintiff's PPF by that date. Subsequently, on January 30, 2018; August 6, 2018; and November 8, 2018, counsel for Bard sent Plaintiff's Co-Lead Counsel and individual representative counsel an overdue letter via email and U.S. Mail notifying Plaintiff's counsel of the overdue PPF and Bard's right under the Order to move to dismiss the Complaint for failure to comply with the protocol set forth

by the Order. *See* emails and letters from Bard's counsel, attached as <u>Exhibit B</u>. To date, Bard still has not received a PPF from Plaintiff in response to its overdue letters.

## II. ARGUMENT AND CITATION TO AUTHORITY

The Ninth Circuit has ruled that at least one federal district court sitting over an MDL action did not abuse its discretion in dismissing certain plaintiff's complaints for failure to comply with case management orders related to service of plaintiff fact sheets. *In re: Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1232-34 (9th Cir. 2006).

Here, the Court entered an Order governing the timely service of PPFs, and providing a clear protocol for sending and responding to PPF overdue (and deficiency) letters. Plaintiff failed to serve a PPF within sixty (60) days of the filing of the complaint, failed to serve a PPF within twenty (20) days of receiving the first overdue letter, and has subsequently ignored additional requests to serve a PPF upon Bard; thereby, delaying the discovery process and forcing Bard to incur the cost of filing this Motion. Accordingly, Plaintiff's Complaint may be dismissed by the Court pursuant to the terms of Case Management Order No. 5 [Doc. 927].

WHEREFORE, Bard respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint for the foregoing reasons. For the Court's convenience, a proposed order is attached as <u>Exhibit C</u>.

This 12th day of July, 2019.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
PH: (404) 322-6000
FX: (404) 322-6050
Richard.North@nelsonmullins.com

James R. Condo (#005867)
Amanda Sheridan (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
JCondo@swlaw.com
ASheridan@swlaw.com

**Attorney for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

Nelson Mullins Riley & Scarborough L.L.P.
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 12, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to all counsel of record.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
Richard.North@nelsonmullins.com
