# Exhibit A

| | |
|---|---|
| **From:** | Jashawn Couch <jcouch@bernllp.com> |
| **Sent:** | Friday, November 10, 2017 11:53 AM |
| **To:** | Richard North; Matthew Lerner; Maria Turner |
| **Cc:** | Debra J. Humphrey; Kevin Wang; Annery Nunez |
| **Subject:** | Edmund Outland v. C.R. Bard, Inc., et al.2:17-cv-04120-DGC, Bard MDL 264 |
| **Attachments:** | Filed Bard Short Form Complaint.pdf; Filed CCS.pdf; WAIVER OF THE SERVICE OF SUMMONS C.R..pdf; WAIVER OF THE SERVICE OF SUMMONS VASCULAR.pdf |

Good Morning:

On behalf of Debra J. Humphrey, Esquire, attached please find the filed Civil Cover Sheet and filed Complaint. Also attached are the two corresponding Waiver of Service of Summons for you to execute and file, for the above-captioned case.

Thank You,
**Jashawn Couch**
*Paralegal*



One Grand Central Place
60 East 42nd Street, Suite 950
New York, New York 10165
Toll Free: (800) LAW-5432
Tel: (212) 702-5000
Fax: (212) 818-0164
JCouch@BernLLP.com
www.BernLLP.com

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege. This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated. To learn more about our firm, please visit our website at www.bernllp.com

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | | |
|---|---|---|
| Edmund Outland | ) | MDL Case No. 2:15-md-02641-DGC |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:17-cv-04120-DGC |
| C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: Debra J. Humphrey, Esq.
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from  11/08/2017  , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 11/10/2017

C.R. Bard, Inc.
*Printed name of party waiving service of summons*

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| Edmund Outland | ) | MDL Case No. 2:15-md-02641-DGC |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:17-cv-04120-DGC |
| C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: Debra J. Humphrey, Esq.
   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from  11/08/2017  , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  11/10/2017

_____
*Signature of the attorney or unrepresented party*

Bard Peripheral Vascular, Inc.
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION | No.<br><br>**AMENDED MASTER SHORT FORM COMPLAINT FOR DAMAGES FOR INDIVIDUAL CLAIMS** |

Plaintiff(s) named below, for their Complaint against Defendants named below, incorporate the Master Complaint for Damages in MDL 2641 by reference (Doc. 364). Plaintiff(s) further show the Court as follows:

1. Plaintiff/Deceased Party:

   Edmund Outland

2. Spousal Plaintiff/Deceased Party's spouse or other party making loss of consortium claim:

   N/A

3. Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   N/A

4. Plaintiff's/Deceased Party's state(s) [if more than one Plaintiff] of residence at the time of implant: Maryland

5. Plaintiff's/Deceased Party's state(s) [if more than one Plaintiff] of residence at the time of injury:

Maryland

6. Plaintiff's current state(s) [if more than one Plaintiff] of residence:

Maryland

7. District Court and Division in which venue would be proper absent direct filing:

United States District Court for the District of Maryland

8. Defendants (check Defendants against whom Complaint is made):

- ☑ C.R. Bard Inc.
- ☑ Bard Peripheral Vascular, Inc.

9. Basis of Jurisdiction:

- ☑ Diversity of Citizenship
- ☐ Other: _____

a. Other allegations of jurisdiction and venue not expressed in Master Complaint:

Multi-District Litigation

10. Defendants' Inferior Vena Cava Filter(s) about which Plaintiff(s) is making a claim (Check applicable Inferior Vena Cava Filter(s)):

- ☐ Recovery® Vena Cava Filter
- ☐ G2® Vena Cava Filter

-2-

1. ☐ G2® Express (G2®X) Vena Cava Filter
2. ☐ Eclipse® Vena Cava Filter
3. ☐ Meridian® Vena Cava Filter
4. ☑ Denali® Vena Cava Filter
5. ☐ Other: _____

6. 11. Date of Implantation as to each product:
7. October 19, 2015
8. _____

9. 12. Counts in the Master Complaint brought by Plaintiff(s):
10. ☑ Count I: Strict Products Liability – Manufacturing Defect
11. ☑ Count II: Strict Products Liability – Information Defect (Failure to
12. Warn)
13. ☑ Count III: Strict Products Liability – Design Defect
14. ☑ Count IV: Negligence - Design
15. ☑ Count V: Negligence - Manufacture
16. ☑ Count VI: Negligence – Failure to Recall/Retrofit
17. ☑ Count VII: Negligence – Failure to Warn
18. ☑ Count VIII: Negligent Misrepresentation
19. ☑ Count IX: Negligence *Per Se*
20. ☑ Count X: Breach of Express Warranty
21. ☑ Count XI: Breach of Implied Warranty
22. ☑ Count XII: Fraudulent Misrepresentation

-3-

☑ Count XIII: Fraudulent Concealment

☑ Count XIV: Violations of Applicable <u>Maryland</u> (insert state) Law Prohibiting Consumer Fraud and Unfair and Deceptive Trade Practices

☐ Count XV: Loss of Consortium

☐ Count XVI: Wrongful Death

☐ Count XVII: Survival

☑ Punitive Damages

☐ Other(s): _____ (please state the facts supporting this Count in the space immediately below)

_____

_____

_____

_____

_____

13. Jury Trial demanded for all issues so triable?

☑ Yes

☐ No

-4-

RESPECTFULLY SUBMITTED this 8th day of November 2017.

**MARC J. BERN & PARTNERS LLP**

By: */s/ Debra J. Humphrey*
Debra J. Humphrey
One Grand Central Place
60 East 42nd St., Suite 950
New York, New York 10165
(212) 702-5000

*Attorneys for Plaintiff(s)*

I hereby certify that on this 8th day of November 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*/s/ Debra J. Humphrey*

5131774