James R. Condo (#005867)
Kristine L. Gallardo (#033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
jcondo@swlaw.com
kgallardo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-DGC<br><br>**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBIT IN SUPPORT OF PLAINTIFFS' STATEMENT REGARDING JOINT NOTICE EXHIBIT F** |

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") hereby respectfully move this Court, pursuant to the Stipulated Protective Order (Doc. 269), Federal Rule of Civil Procedure 26(c)(1)(G), and Local Civil Rule 5.6 for leave to file under seal the document that Plaintiffs attach in support of their statement regarding Joint Notice Exhibit F (Track 3 Direct-Filed Cases Where the Parties Do Not Agree to the Venue Identified in the Short Form Complaints). The document attached by Plaintiffs (the

1  "Exhibit") contains certain medical information, trade secrets, and confidential information
2  that are protected under the Stipulated Protective Order, warranting protection from public
3  disclosure. Specifically, it contains all of Bard's IVC Filter sales data from 2002 through
4  2016. Accordingly, there is good cause to grant Defendants' Motion for Leave to File Under
5  Seal. Plaintiffs do not oppose this Motion.

## ARGUMENT AND CITATION OF AUTHORITY

"When a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). *See also, Medicis Pharm. Corp. v. Acella Pharm., LLC*, CV 10-1780-PHX-JAT, 2012 WL 2260928 at *2 (D. Ariz. June 15, 2012) (sealing exhibits related to "Medicis' marketing strategy, Acella's product formulation,…various e-mails and deposition transcripts, viscosity test data, sales and marketing information, and various other documents" because "[m]uch of this information has been previously sealed by the Court, has been designated as confidential by the parties pursuant to the protective order in this case, or could otherwise potentially harm the parties if released publicly because of its confidential and sensitive nature.").

The Exhibit at issue in Bard's Motion contains highly competitive, confidential, proprietary information that warrants protection under Federal Rule of Civil Procedure 26(c)(1)(G) because the Exhibit and its underlying data are not made public by Bard and, if obtained by Bard's competitors, could give an unfair economic advantage to those competitors. *Blanchard & Co., Inc. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). The Exhibit contains Bard's national sales data organized by filter model, year, and state, and was produced to Plaintiffs as "Confidential – Subject to Protective Order" on each page pursuant to Stipulated Protective Order (Doc. 269) ¶ 6. Moreover, this highly sensitive sales data has no bearing whatsoever to Plaintiffs' substantive claims, and

- 2 -

1  is only being submitted by Plaintiffs as part of a jurisdictional dispute. The public has no
2  interest in this information, but Bard's competitors would find substantial value in this data
3  and put Bard at a competitive disadvantage.

4      The public disclosure of these exhibits would reveal confidential, proprietary and
5  trade secret information and would create a heightened risk of irreparable harm to Bard's
6  competitive business concerns.  Further, its inclusion in the public record would not only
7  harm Bard because of the trade secrets and confidential information it contains, but it would
8  also eviscerate the significant time and resources Bard has expended in protecting its
9  business information.

10      Accordingly, good cause exists for sealing the Exhibit at issue.

11      RESPECTFULLY SUBMITTED this 26th day of July, 2019.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
Kristine L. Gallardo (#033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
FX: (602) 382-6070
JCondo@swlaw.com
KGallardo@swlaw.com

**Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**