WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC<br>**ORDER** |

The parties' memorandum and exhibits regarding settlement (Tracks 1 and 2) and non-settlement (Track 3) cases raise issues concerning (1) the filing of duplicate cases, (2) cases in which Defendants have received no plaintiff profile form ("PPF") or a deficient PPF, and (3) cases that have not been served on Defendants. *See* Docs. 19445, 19798. The Court will address each issue.

1. Duplicate Cases.

The Court previously dismissed duplicative complaints filed in this MDL. Docs. 16343 at 4-5, 18540 at 2 (citing *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) ("It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims.")). Defendants have identified two additional plaintiffs who have filed more than one complaint in this MDL: Malcom Fortune and Kristin McCullough. Doc. 19798-9 (Exhibit H). The Court will dismiss Ms. McCullough's duplicative complaint in Case No. CV-18-01692. Her initial complaint in Case No. CV-17-01516 remains part of the MDL. Mr. Fortune's duplicative complaint in Case No. CV-18-1426 already has been dismissed. *See* Docs. 18450, 19458.

2. <u>Cases with PPF Issues</u>.

    a. Defendants' motions to dismiss cases with no PPF.

Case Management Order No. 5 requires each Plaintiff who directly files a short form complaint in this MDL to provide a PPF to Defendants within 60 days of filing the complaint. Doc. 365 at 1. If no PPF is received within the 60-day period, Defendants were to send an overdue letter to Plaintiff's counsel giving Plaintiff an additional 20 days to provide a PPF. *Id.* at 2. Defendants may seek dismissal of the case if Plaintiff fails to provide a PPF during this grace period. *Id.*

Defendants have moved to dismiss eighteen cases in which no PPF has been filed. Docs. 18520, 18557-59, 18561, 18576, 18581, 18833, 18925-26, 19455, 19459-61, 19497-500. In each case, Plaintiff failed to serve a PPF within 60 days of filing the complaint and within 20 days of receiving the overdue letter. *See id.*

The McBride case already has been dismissed because it involved a duplicative complaint. *See* Doc. 16343 at 5. Defendants no longer seek dismissal of the two Track 2 cases (Harpster and Romero) in which PPFs have now been filed, or the six Track 1 cases with no PPF (Brooks, Deane, Outland, Schwirian, Waller, and Woods). The motions to dismiss these cases will be denied. *See* Docs. 18520, 18561, 18581, 19455, 19460, 19497-500.

In two Track 2 cases (Brown and Madison), Plaintiffs' counsel states that he has diligently sought to contact Plaintiffs to inform them of the settlement discussions and obtain information needed to prepare a PPF, but he has not heard back from either Plaintiff. Docs. 19090 at 1, 19095 at 1. He requests additional time to locate Plaintiffs and provide the requisite PPFs. *Id.* at 2. Defendants do not object.

Plaintiffs Brown and Madison shall have until **August 22, 2019** to provide Defendants with a substantially complete PPF. *See* Doc. 365 at 2. Defendants' motions to dismiss will be denied without prejudice. *See* Docs. 18557, 18833. Defendants may seek dismissal if either Plaintiff fails to provide a substantially complete PPF by the August 19 deadline.

No response brief has been filed in the other seven cases (Cervantes, Crawford, Greene, Martinez, Morris, Orr, and Pospisil). The Court will grant the motions to dismiss these cases. *See* Docs. 18558-59, 18576, 18925-26, 19459, 19461; *see also* Doc. 365 at 1-2; LRCiv 7.2(i) (the lack of a response may be deemed a consent to the granting of the motion and the Court may dispose of the motion summarily).

      b.      Direct-Filed Track 3 cases with no PPF or deficient PPFs.

On July 26, 2019, Defendants identified 70 Track 3 cases with no PPF or a deficient PPF. Doc. 19798-11 (Exhibit K). In many of these cases, the PPF was not due until August 3, 2019. *See id.* In other cases, the 60-day period for providing a substantially complete PPF has expired. Defendants have sent overdue or deficiency letters to Plaintiffs' counsel in some of these cases, but have received no response. *Id.*; *see* Doc. 365 at 2.[1]

Defendants seek complete PPFs in these Track 3 cases in order to propose a transfer forum based on the place of filter implant. Doc. 19798-11. Defendants propose that Plaintiffs should be required to provide PPFs within 14 days of the Court's order. *Id.* Plaintiffs do not object to this proposal. *See id.*

Each Plaintiff identified on Exhibit K, other than Cervantes and Martinez, shall have until **August 22, 2019** to provide PPFs to Defendants. The PPFs shall include the place of filter implant. By **August 29, 2019**, the parties shall file an updated exhibit indicating whether a proper PPF has been provided in each case. The Court may dismiss any case in which no proper PPF has been provided.

      3.      <u>Direct-Filed Track 3 Cases Without Proper Service</u>.

Case Management Order No. 4 requires Plaintiffs who file a short form complaint to send a request for waiver of service to Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. Doc. 363 at 4. Rule 4(m) provides that "if a defendant is not

---

[1] Defendants moved to dismiss two of the cases, Cervantes and Martinez. Docs. 18558, 18925. These cases will be dismissed for reasons stated above.

served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Defendants have identified 100 cases that have not been served on Defendants. Doc. 19798-7 (Exhibit G). The 90-day service period under Rule 4(m) has not expired in most of these cases. *See id.* Indeed, many cases were filed on or shortly before May 31, 2019 – the date the MDL closed to new cases. *Id.*

Each Plaintiff identified on Exhibit G shall have until **August 29, 2019** to send the short form complaint and a request for waiver of service to Defendants' counsel. *See* Doc. 363 at 4; Fed. R. Civ. P. 4(d)(1), (m); *see also United States v. 2,164 Watches*, Inc., 366 F.3d 767, 772 (9th Cir. 2004) (district courts have "broad discretion" under Rule 4(m) to extend time for service). By **September 6, 2019**, the parties shall file an updated exhibit indicating for each case whether service has been completed by the August 29 deadline and, if not, Plaintiff shall state the reasons for the delay. The Court may dismiss any case in which service has not been completed absent Plaintiff showing good cause for the failure to serve. *See* Fed. R. Civ. P. 4(m).

**IT IS ORDERED:**

1. Plaintiff Kristin McCollough's duplicative complaint filed in CV-18-01692 is **dismissed**. Her initial complaint filed in CV-17-01516 remains part of the MDL.

2. Defendants' motions to dismiss the following cases are **granted**:
   - *Cervantes, Alice*, CV-18-00473 (Doc. 18558);
   - *Crawford, Shirley*, CV-17-03305 (Doc. 18559);
   - *Greene, Taylor*, CV-18-00260 (Doc. 18576);
   - *Martinez, Carlos*, CV-18-00595 (Doc. 18925);
   - *Morris, John*, CV-17-03608 (Doc. 18926);
   - *Orr, Mary Beth*, CV-18-01109 (Doc. 19459); and
   - *Pospisil, Paul*, CV-18-00703 (Doc. 19461).

3. The following motions to dismiss are **denied**: Docs. 18520, 18557, 18561, 18581, 18833, 19455, 19460, 19497-500.

4. Each Plaintiff identified on Exhibit K (Doc. 19798-11), other than Cervantes and Martinez, shall have until **August 22, 2019** to provide substantially complete PPFs to Defendants. By **August 29, 2019**, the parties shall file an updated exhibit indicating whether a proper PPF has been provided in each case.

5. Each Plaintiff identified on Exhibit G (Doc. 19798-7) shall have until **August 29, 2019** to send the short form complaint and a request for waiver of service to Defendants' counsel. By **September 6, 2019**, the parties shall file an updated exhibit indicating for each case whether service has been completed by the August 29 deadline and, if not, Plaintiff shall state the reasons for the delay.

Dated this 7th day of August, 2019.

David G. Campbell
Senior United States District Judge