Ramon Rossi Lopez (admitted *pro hac vice*)
(CA Bar No. 86361)
LOPEZ McHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660
rlopez@lopezmchugh.com

Mark S. O'Connor (011029)
BEUS GILBERT PLLC
701 N 44th Street
Phoenix, AZ 85008
Telephone: (480) 429-3019
moconnor@beusgilbert.com

*Attorneys for Plaintiffs*

James R. Condo (#005867)
Kristine L. Gallardo (033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
jcondo@swlaw.com
kgallardo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY &
  SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Telephone: 404.322.6000
Facsimile: 404.322.6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**THE PARTIES' JOINT REPORT REGARDING TRACK 3 CASES IN WHICH SUBJECT MATTER JURISDICTION DOES NOT EXIST** |

As requested by the Court in a docket entry dated August 8, 2019 (Doc. 19881), the parties submit this joint report stating their views as to what should be done with Track 3 cases that lack subject matter jurisdiction.

## I.   PLAINTIFFS' POSITION

The Plaintiff Executive Committee has notified counsel identified in Exhibit J of the Court's desire to address the jurisdictional issues.  Responses for those attorneys who have responded are included in the version of Exhibit J attached to this report.  Generally speaking, those attorneys responding have indicated that they wish to either re-file their cases in New Jersey or Arizona state court.  Counsel in some cases are seeking dismissal of C.R. Bard such that diversity jurisdiction would remain available in the District of New Jersey.  While some attorneys who have responded do not agree (at least at this time) to voluntary dismissal of their clients' actions, it is all Plaintiffs' counsel's understanding that dismissal of the Exhibit J cases would necessarily be without prejudice.

## II.   DEFENDANTS' POSITION

In the Track 3 cases previously identified as lacking subject matter jurisdiction (Doc. 19798-10), or subsequently identified in the September 3, 2019 joint report (Doc. 20042) as also lacking jurisdiction, the plaintiff is domiciled in either Arizona or New Jersey.  In turn, C. R. Bard, Inc. is a citizen of New Jersey, and Bard Peripheral Vascular, Inc. is a citizen of Arizona.   Hence, in those cases, diversity of jurisdiction does not exist.  See 28 U.S.C. sec. 1332.  As diversity is the only basis for subject matter jurisdiction in this case, the cases should be dismissed. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir.2004) ("In the absence of diversity of citizenship of the real parties in interest, the district court did not have subject matter jurisdiction and should have dismissed the action."); *accord Bernal v. Comerica Bank*, No. CV 10-04631 MMM (FMO, 2010 WL 3037259, at *3 (C.D. Cal. July 30, 2010) ("Absent a showing by plaintiffs that there is complete diversity of citizenship between the parties, the action must be dismissed for lack of subject matter jurisdiction."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III. VOLLICK, DUKES, and FULLER CASES

The Court's August 8th docket entry (Doc. 19881) also sought clarification concerning these three cases. In each of those cases, however, the plaintiff is domiciled in a state other than New Jersey or Arizona. Specifically, the plaintiff in Vollick is a citizen of Nevada; the plaintiff in Dukes is a citizen of Virginia; and the plaintiff in Fuller is a citizen of New York. As a result, diversity of citizenship exists in all three of those cases, and subject matter jurisdiction is proper. See 28 U.S.C. sec. 1332.

Respectfully submitted, this 6th day of September, 2019.

| | |
|---|---|
| LOPEZ McHUGH, LLP<br><br>By: *s/ Ramon Rossi Lopez*<br>Ramon Rossi Lopez<br>(admitted *pro hac vice*)<br>CA Bar No. 86361<br>LOPEZ MCHUGH LLP<br>100 Bayview Circle, Suite 5600<br>Newport Beach, California 92660<br><br>Mark S. O'Connor (011029)<br>BEUS GILBERT PLLC<br>701 N 44th Street<br>Phoenix, Arizona 85008<br><br>Attorneys for Plaintiffs | NELSON MULLINS RILEY &<br>SCARBOROUGH LLP<br><br>By: *s/ Richard B. North*<br>Richard B. North, Jr. (admitted *pro hac vice*)<br>Georgia Bar No. 545599<br>Matthew B. Lerner (admitted *pro hac vice*)<br>Georgia Bar No. 446986<br>NELSON MULLINS RILEY &<br>SCARBOROUGH LLP<br>201 17th Street, NW / Suite 1700<br>Atlanta, GA  30363<br><br>James R. Condo (005867)<br>Kristine L. Gallardo (033975)<br>SNELL & WILMER L.L.P.<br>One Arizona Center<br>400 E. Van Buren, Suite 1900<br>Phoenix, Arizona  85004-2202<br><br>Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2019, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

/s/ Richard B. North