Ramon Rossi Lopez (admitted *pro hac vice*)
(CA Bar No. 86361)
LOPEZ McHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660
rlopez@lopezmchugh.com

Mark S. O'Connor (011029)
BEUS GILBERT MCGRODER PLLC
701 N 44th Street
Phoenix, AZ 85008
Telephone: (480) 429-3019
moconnor@beusgilbert.com

*Attorneys for Plaintiffs*

James R. Condo (#005867)
Kristine L. Gallardo (033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
jcondo@swlaw.com
kgallardo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY &
   SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Telephone: 404.322.6000
Facsimile: 404.322.6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**THE PARTIES' JOINT REPORT CONCERNING PROFILE FORMS** |

In a September 4, 2019 amended report regarding the settlement status of cases (Doc. 20061), the parties identified multiple cases that are ripe for transfer. The submission identified the cases from that list in which a properly completed profile form ("PPF") had not been served. Thereafter, in an order dated September 4, 2019, the Court gave those Plaintiffs until September 24, 2019 to provide a PPF to Defendants and stated that the PPF "shall include the place of filter implant." (Doc. 20115.) The Court further ordered the parties to file a status report by September 26, 2019 indicating whether a proper PPF has been provided in each such case and noting that the Court "may dismiss any case in which no proper PPF has been provided."

In accordance with the Court's Order, the parties have attached Exhibit "A," which is a list of the status of the previously identified cases where a proper PPF had not yet been served. For those 13 cases for which it is indicated that a PPF has been served, Defendants have acknowledged receipt of the PPFs and have stated to Plaintiffs that Defendants do not have any issues with these PPFs.

At this time there are four cases in which a proper PPF has not been submitted—*Sattizahn v. C.R. Bard, et al.*, *Fiset v. C.R. Bard, et al.*, *Williams v. C.R. Bard, et al.*, and *Barr v. C.R. Bard, et al*.

Plaintiffs Sattizahn and Fiset. Plaintiffs' counsel has indicated that, after months of attempts to communicate with Plaintiffs Beth Sattizahn and David Allen Fiset, Plaintiffs' counsel discovered that each of these Plaintiffs has recently deceased. Despite efforts to identify and elicit representatives to continue the underlying claims, such efforts failed. The parties have agreed to stipulate to the dismissal of these claims without prejudice. The parties will file such stipulations shortly.

<u>Request to Extend Deadline for Plaintiff Williams.</u>  Plaintiffs' counsel petitions the court to extend the deadline for Edward Richardson Williams to serve his PPF to October 11.  Plaintiffs' counsel communicated with Mr. Williams on or about May 20, 2019, and sent him a form of PPF to complete and return; unfortunately, after May 20, Mr. Williams was unable to communicate with counsel due to the inability to obtain a mobile telephone or a long-term housing arrangements.  Additionally, after re-establishing contact with Mr. Williams, counsel learned that Mr. Williams' mother has recently passed away and he is dealing with the loss and her estate.  Plaintiff requests this brief extension to grieve his mother's passing.  Defendants do not oppose this request for extension.

<u>Plaintiff John C. Barr.</u>  The Dalimonte Rueb Stoller firm filed a complaint for Mr. Barr as local counsel for the Heard Law Firm with the understanding that the latter firm would be applying to appear *pro hac vice* in the case.  The Dalimonte Rueb Stoller firm does not have direct contact with Plaintiff Barr or any of his medical records or files and, thus, is not able to cure the PPF delinquency.  Plaintiffs' counsel understands that the Heard Firm has reached out to counsel for Defendants, is serving a complete PPF today, and is applying to appear *pro hac vice* and filing a motion for extension of time to serve the Barr PPF.

Respectfully submitted, this 27th day of September, 2019.

| | |
|---|---|
| BEUS GILBERT MCGRODER PLLC | NELSON MULLINS RILEY & SCARBOROUGH LLP |
| By: *s/ Mark S. O'Connor*<br>Ramon Rossi Lopez<br>(admitted *pro hac vice*)<br>CA Bar No. 86361<br>LOPEZ MCHUGH LLP<br>100 Bayview Circle, Suite 5600<br>Newport Beach, California 92660<br><br>Mark S. O'Connor (011029)<br>BEUS GILBERT MCGRODER PLLC<br>701 N 44th Street<br>Phoenix, Arizona 85008<br><br>Attorneys for Plaintiffs | By: *s/ Richard B. North*<br>Richard B. North, Jr. (admitted *pro hac vice*)<br>Georgia Bar No. 545599<br>Matthew B. Lerner (admitted *pro hac vice*)<br>Georgia Bar No. 446986<br>NELSON MULLINS RILEY & SCARBOROUGH LLP<br>201 17th Street, NW / Suite 1700<br>Atlanta, GA 30363<br><br>James R. Condo (005867)<br>Kristine L. Gallardo (033975)<br>SNELL & WILMER L.L.P.<br>One Arizona Center<br>400 E. Van Buren, Suite 1900<br>Phoenix, Arizona 85004-2202<br><br>Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2019, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

/s/ Jessica Gallentine