Joe Johnson – jjohnson@babbittjohnson.com
(Florida Bar Number 372250; admitted *pro hac vice*)
Babbitt & Johnson, P.A.
1641 Worthington Road
Suite 100
West Palm Beach, FL  33409
(561) 684-2500

James P. Cannon – jpc.atty@yahoo.com
(Missouri Bar Number 37052; admitted *pro hac vice*)
James A. Montee – jmontee@monteelawfirm.com
(Missouri Bar Number 33489; admitted *pro hac vice*)
Montee Law Firm, P.C.
10200 Holmes
Kansas City, MO  64131
(816) 523-0521

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No.: MD-15-02641-PHX-DGC |
| GEORGE LEUS, an individual, | |
| Plaintiff, | |
| v. | PLAINTIFF GEORGE LEUS' MOTION FOR REMAND  AND/OR TRANSFER TO THE TRANSFEROR DISTRICT COURT AND MEMORANDUM IN SUPPORT |
| C.R. BARD, INC., a New Jersey Corporation and BARD PERIPHERAL VASCULAR, an Arizona corporation, | (Assigned to the The Honorable David G. Campbell) |
| Defendants. | |

Plaintiff George Leus submits his Motion for Remand  and/or Transfer to the Transferor

Court and Memorandum in Support.

1.  On June 11, 2013, plaintiff George Leus filed a civil action against C.R. Bard, Inc. and

    Bard Peripheral Vascular (Hereinafter collectively known as "*Bard*") in the United States

    District Court for the Western District of Missouri – Western Division (Case No.: 4:13 –

    CV00585-GAF) (Hereinafter known as the "*Transferor District Court*") alleging he

    suffered physical and emotional injuries, including, but not limited to, bi-lateral above-

    the-knee amputations, as a result of a defective Bard G2 IVC Filter.

2.  On August 17, 2015 the United States Judicial Panel on Multidistrict Litigation

    (Hereinafter known as the "*JPML*") signed a Transfer Order transferring plaintiff's case

    to the United States District Court – District of Arizona (Hereinafter known as the

    "*Transferee District Court*") under 28 U.S.C. s1407 "*solely*" for coordinated or

    consolidated pretrial proceedings under Case No.:  MD-15-02641-PHX-DGC. George

    Leus' case was one of the initial twenty-two (22) cases transferred under the Transfer

    Order. At the time his case was transferred substantial discovery, including the

    designation and deposition of expert witnesses, had been conducted.

3.  Plaintiff previously filed a "Motion for Remand to Transferor District Court" on July 16,

    2018 (Doc 11876) after completion of the Booker G2 Bellwether trial.  Bard opposed

    said remand and the Court denied said Motion (Doc 12072).

4.  On July 10, 2019 a Joint Memorandum was filed (Doc 19445) in accordance with Case

    Management Order No. 42 (Doc 16343) identifying cases in the MDL that fell within

    Track 1 (Tentatively Resolved Cases) or Track 2 (Cases subject to Settlement

    Discussions).  Plaintiff George Leus' case was listed erroneously as a case falling with

    Track 1.

5.  There has been no settlement in plaintiff George Leus' case and his case has not been the subject of any settlement discussions.  Plaintiff believes it is not in his best interest to settle his case at this time.

6.  Plaintiff George Leus believes it is in his best interest and elects that his case be remanded by the JPML or transferred under 1404(a) to the Transferor District Court for continued prosecution.

7.  Case Management Order No. 42 (Doc 16343) advised the parties that "*it does not intend to delay remand or transfer of MDL cases after a reasonable opportunity to settle*" and "[A]*ll cases in Track 1 for which a stipulated dismissal has not been filed by November 1, 2019 will be recommended to the JPML for remand or will be transferred under §1404(a).*"

8.  Plaintiff George Leus has not agreed to waive *Lexecon*.

9.  On July 10, 2019 a Joint Proposed Report (Doc 19444) was filed pursuant to Case Management order No. 42 (Doc 16343) updating and filing the stipulated Designation of Record, Pertinent Orders, Bellwether Trial Exhibits and Joint Proposed Report to be sent with remanded and transferred cases (Hereinafter collectively known as "Designation of Record").

10. All Bellwether trials have been completed and plaintiff George Leus has nothing to gain by his case remaining in the MDL.

WHEREFORE, plaintiff George Leus respectfully requests this Court's Order remanding and/or transferring his case to the Transferor District Court and directing the Clerk of the Court to provide the Transferor District Court with the ZIP File containing the Designation of Record.

Respectfully Submitted,


/s/ *Joe Johnson*

_____

BABBIT & JOHNSON, P.A.
Joe Johnson #FL372250
(Admitted Pro Hac Vice)
1641 Worthington Road
Suite 100
West Palm Beach, FL  33409
jjohnson@babbitt-johnson.com


/s/ *James P. Cannon*

_____

MONTEE LAW FIRM, P.C.
James P. Cannon  #37052MO
(Admitted Pro Hac Vice)
James A. Montee  #33489 MO
(Admitted Pro Hac Vice)
10200 Holmes
Kansas City, MO  64131
(816) 523-0521
Fax:  (816) 523-0084
jpc.atty@yahoo.com
jmontee@monteelawfirm.com

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of November, 2019, the foregoing was electronically filed with the clerk of the Court using CM\ECF system which will automatically send email notification of such filing to all attorneys of record and a copy delivered via U.S. Mail, postage prepaid to:

Nelson Mullins Riley & Scarborough, LLP
Richard B. North, Jr.
Georgia Bar No. 545599
Mathew B. Lerner
Georgia Bar No. 446986
Atlantic Station
201 17th Street, NW
Suite 1700
Atlanta, GA  30363
richard.north@nelsonmullins.com
mathew.lerner@nelsonmullins.com

**ATTORNEYS OR DEFENDANTS C.R. BARD, INC.**
**AND BARD PERIPHERAL VASCULAR, INC.**

/s/ *James Cannon*

_____
Attorney for Plaintiff