Ramon Rossi Lopez (admitted *pro hac vice*)
(CA Bar No. 86361)
LOPEZ McHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660
rlopez@lopezmchugh.com

Mark S. O'Connor (011029)
BEUS GILBERT PLLC
701 N 44th Street
Phoenix, AZ 85008
Telephone: 480.429-3019
moconnor@beusgilbert.com

*Attorneys for Plaintiffs*

James R. Condo (#005867)
Kristine L. Gallardo (033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
jcondo@swlaw.com
kgallardo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY &
   SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Telephone: 404.322.6000
Facsimile: 404.322.6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**THE PARTIES' JOINT REPORT ON THE SETTLEMENT STATUS OF CASES** |

Pursuant to Case Management Order No. 42 (Docs. 164343 & 20954), the parties submit this monthly report concerning the settlement status of cases pending in this MDL:

While the Defendants' counsel believes this report is "joint", they have been unable to obtain final confirmation from the Plaintiffs' counsel. The Plaintiffs' counsel were provided an earlier draft of this report, and proposed changes which have been incorporated. The Plaintiffs' counsel orally notified the Defendants' counsel that the report could be filed once their revisions were made. Thereafter, the Defendants had to make some modifications to the exhibits, and sent those to the Plaintiffs' counsel for review and confirmation that the Defendants were still authorized to proceed with the filing. Despite multiple inquiries, the Defendants have been unable to obtain that confirmation.

As a result, the Defendants are proceeding with filing the report on the belief that it represents a "joint" report. In the event the Plaintiffs' counsel later identifies any issues with the report, the parties will work to prepare and submit an amended report on Monday, December 9, 2019.

## I.   TRACK 1 CASES

On July 26th, the parties provided the Court with a list of cases that have been resolved in principle pursuant to an executed release or term sheet (Doc. 19798-1).

The vast majority of those plaintiffs have now filed stipulations of dismissal. In accordance with Case Management Order No. 42 and this Court's order dated November 15, 2019 (Doc 20954), the remaining cases are now subject to remand to their transferor jurisdictions or, if directly filed in this MDL, transfer to the appropriate venues.

A list of Track 1 cases ripe for remand by the Judicial Panel of Multidistrict Litigation is attached as Exhibit "A." A list of those direct filed cases ripe for transfer is attached as Exhibit "B."

A small number of cases previously assigned to Track 1 were mistakenly placed in that category because they were not settled at that time. They should have been assigned to Track 2. These cases, however, have very recently been settled. A list of those cases is set forth in Exhibit "C." Given that the settlement of those cases only recently occurred, the

parties respectfully request that they be held in abeyance with the other settled Track 2 cases until May 1, 2020.

## II. TRACK 2 CASES

On July 26th, the parties provided the Court with a list of cases that are the subject of substantive settlement negotiations, with a likelihood of ultimately settling (Doc. 19798-2). On September 24, 2019, the parties filed their Joint Report on the Settlement Status of Cases (Doc. 200061) with a list of cases from Track 2 that should be moved to Track 3. Since that status report, no other cases presently in Track 2 have been designated to move to Track 3.

The parties have now settled or reached an agreement on a term sheet as contemplated by CMO No. 42 related to a significant number of cases in Track 2. A list of those cases is attached as Exhibit "D." Consistent with the procedure outlined in Case Management Order No. 42, the parties ask that those cases remain in Track 2 until May 1, 2020 to allow time to complete settlement paperwork and file stipulated dismissals. See Doc.16343 at 7.

In the event Track 2 settlement agreements provide for funding after May 1, 2020, or due to currently unknown or unforeseen circumstances any case is not funded until after May 1, 2020, the parties hereby request that said dismissals need not be filed until 5 days after the settlement is fully funded. If permitted, the parties involved in said settlements will advise the court in a joint filing on or before May 1, 2020, which cases fall within this category.

In accordance with Case Management Order No. 42 and this Court's order dated November 15, 2019 (Doc 20954), the remaining cases are now subject to remand to their transferor jurisdictions or transfer to the appropriate venues. However, as in the past, a number of those cases have deficient profile forms or jurisdictional issues. In addition, a number of the cases have never been served.

A list of those cases ripe for remand to the JPML that do not have any additional issues is attached as Exhibit "E."

1        A list of those direct filed cases ready for transfer that do not have any additional issues is attached as Exhibit "F."

       A list of those cases that have not been served is attached as Exhibit "G."

       A list of those cases that have profile form deficiencies is attached as Exhibit "H."

       A list of those cases where diversity of citizenship does not exist is attached as Exhibit "I."

       A list of those cases that are duplicate filings by plaintiffs that have already settled is attached as Exhibit "J."

       A list of those cases where a plaintiff has multiple filings to be remanded is attached as Exhibit "K."

       A list of those cases in which the plaintiffs dis not identify a venue in the complaint is attached as Exhibit "L."

       Due to the significant logistical tasks involved in ensuring these lists are accurate at this stage, e.g., the volume of cases filed, coordination with multiple firms, multiple spreadsheets to be reviewed for accuracy, etc., the parties jointly and respectfully request that the Court not recommend to the JPML any cases for remand until at least fourteen (14) days after the filing of this joint report. In the event the parties were to find a discrepancy in any of the filed exhibits, they can be addressed with the court prior to the remand process.

       The Defendants also request that the remand/transfer order for these cases specifically preserve their right to challenge venue and personal jurisdiction upon remand, as the Court did in the previous remand/transfer order (Doc. 19899).

Respectfully submitted, this 6th day of December, 2019.

| LOPEZ McHUGH, LLP | NELSON MULLINS RILEY & SCARBOROUGH LLP |
|---|---|
| By: *s/ Ramon Rossi Lopez*<br>Ramon Rossi Lopez<br>(admitted *pro hac vice*)<br>CA Bar No. 86361<br>LOPEZ MCHUGH LLP<br>100 Bayview Circle, Suite 5600<br>Newport Beach, California 92660<br><br>Mark S. O'Connor (011029)<br>BEUS GILBERT PLLC<br>701 N 44th Street<br>Phoenix, Arizona 85008<br><br>Attorneys for Plaintiffs | By: *s/ Richard B. North*<br>Richard B. North, Jr. (admitted *pro hac vice*)<br>Georgia Bar No. 545599<br>Matthew B. Lerner (admitted *pro hac vice*)<br>Georgia Bar No. 446986<br>NELSON MULLINS RILEY & SCARBOROUGH LLP<br>201 17th Street, NW / Suite 1700<br>Atlanta, GA  30363<br><br>James R. Condo (005867)<br>Kristine L. Gallardo (033975)<br>SNELL & WILMER L.L.P.<br>One Arizona Center<br>400 E. Van Buren, Suite 1900<br>Phoenix, Arizona  85004-2202<br><br>Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2019, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

/s/ Richard B. North