James R. Condo (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants*
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | MDL NO. 15-02641-PHX-DGC |
| This Document Relates to: | |
| JIMMY PHILLIPS,<br><br>Plaintiff,<br><br>v.<br><br>C. R. BARD, INC., a New Jersey Corporation; AND BARD PERIPHERAL VASCULAR INC., (a subsidiary and/or Division of Defendant C. R. BARD, INC.) an Arizona Corporation,<br><br>Defendants. | Case No. 2:17-CV-01154-DGC<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT** |

## I. INTRODUCTION

The Court should dismiss the Complaint because it is a legal nullity. Plaintiff Jimmy Phillips (the "plaintiff") filed a lawsuit on April 18, 2017, against Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard") for personal injuries allegedly sustained from a Bard Eclipse™ inferior vena cava filter (the "Filter").[1] The style of the Complaint identifies "Jimmy Phillips" as the plaintiff, and identifies no other plaintiff. At the time the Complaint was filed, however, the plaintiff had been deceased for over four months.[2] Because a deceased party cannot be party to a legal proceeding, the Complaint is void *ab initio*.

Bard notes at the outset that it contacted the plaintiff's counsel in an effort to obtain dismissal of this action without the Court's involvement. To that end, Bard reached out to the plaintiff's counsel on May 20, 2019 in an effort to resolve this dispute without filing a formal motion.[3] Ultimately, however, the plaintiff's counsel did not respond to Bard, and this motion follows.

## II. FACTUAL BACKGROUND

The Complaint asserts claims against Bard for negligence, strict liability, breach of warranty, negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, and punitive damages in connection with injuries the plaintiff alleges resulted from the Filter. (*See generally* Compl., Ex. A). The Filter was implanted at Saint Thomas West Hospital in Nashville, Tennessee on or about August 16, 2010. (*Ex. B*, pp. 1-2, § 3). Subsequently, the plaintiff claims that the filter tilted and embedded in the wall of his inferior vena cava ("IVC"), with a strut perforating his IVC. (*Id.* at 2-5). The Filter was subsequently removed, with another IVC filter being put in its place. (*Id.* at 3, § 5(C)).

---

[1] ECF No. 1, Case 2:17-CV-01154 (D. Ariz). A copy of the Complaint is attached hereto as Exhibit A.
[2] *See* Exhibit B, Plaintiff Profile Form for Jimmy Phillips, p. 1, §2.
[3] A copy of this correspondence is attached hereto as Exhibit C.

The Complaint was filed in the MDL on April 18, 2017 (Ex. A), but the plaintiff passed away on December 2, 2016. (*See* Ex. B, PPF for Jimmy Phillips, p. 1, § 2.) As such, the plaintiff had been dead for over four months before the Complaint was filed in the MDL.

### III.   ANALYSIS

The Court lacks jurisdiction to consider the Complaint because it is a legal nullity. Accordingly, Bard respectfully requests that the Court dismiss this case pursuant to Federal Rule of Civil Procedure 12(b).

"Only a real party in interest has the capacity to bring a lawsuit." *In re: Bard IVC Filters Prod. Liab. Litig.*, No. 2641, 2016 WL 3055112, at *1 (D. Ariz. May 31, 2016), *appeal dismissed* (July 15, 2016). "The capacity doctrine relates to the issue of a party's personal right to litigate in federal court'" and presents a jurisdictional issue to the court. *Id.* "[A] party must have a legal existence as a prerequisite to having the capacity to sue or be sued." *Adelsberger v. United States*, 58 Fed. Cl. 616, 618 (Fed. Cl. 2003) ("The question presented is whether an action can be initiated in the name of a deceased person. We think the answer is plainly, 'no.'"). Indeed, under Tennessee law, [4] a deceased individual cannot be a party to a lawsuit. *McCormick v. Illinois Cent. R. Co.*, No. W200800902COAR9CV, 2009 WL 1392575, at *7 (Tenn. Ct. App. May 19, 2009) (holding that because the plaintiff "was deceased when the complaint was filed on his behalf, the suit was a nullity, and thus not amenable to substitution.").

Here, however, the Complaint was filed in Jimmy Phillips's name, in his individual capacity, despite the fact that he had been deceased for over four months. Hence, the Complaint is a nullity, which should be dismissed with prejudice. *See Bard IVC Filters Prod. Liab. Litig.*, 2016 WL 3055112, at *1.

---

[4] This issue is governed by Tennessee substantive law and federal procedural law. *See In re Donald J. Trump Sec. Litig.*, 7 F.3d 357 (3rd Cir. 1993) (*cert. denied*); *In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F.Supp.2d 1346 (Jud.Pan.Mult.Lit. 2001); *Sadler v. Pella Corp.*, 2015 WL 7454516 (D. South Carolina Nov. 23, 2015).

The Court has already dismissed a case with the same operative facts as a legal nullity. On May 31, 2016, the Court dismissed the complaint filed in Pamela Noterman's name, which was filed in Florida state court approximately nine months after Ms. Noterman died. In so holding, the Court reasoned that "[a] lawsuit filed in the name of a deceased individual is . . . a nullity, which presents a jurisdictional defect that cannot be saved by substitution or amendment." *Id.*

Similarly, in *McCormick v. Illinois Cent. R. Co.*, the Tennessee Court of Appeals addressed the same issue before the Court under controlling law and held that the plaintiff's complaint was a legal nullity because it was filed when he was already deceased. *McCormick*, 2009 WL 1392575. In *McCormick*, the plaintiff died on September 1, 2005, but filed a lawsuit about nine months later, on June 8, 2006. *Id.* at *1. On March 21, 2007, the plaintiff's counsel filed a Suggestion of Death with the court, notifying it of the plaintiff's death in 2005, and attempted to substitute his wife as the party plaintiff. *Id.* The defendant subsequently filed a motion to dismiss, which, after some procedural wrangling, the lower court denied, allowing the plaintiff to substitute his wife as the party plaintiff. *Id* at *1-2. On review, the Court of Appeals reversed the lower court's denial of the defendant's motion to dismiss and dismissed the case, reasoning that "because Mr. McCormick was deceased when the complaint was filed on his behalf, the suit was a nullity, and thus not amenable to substitution." *Id.* at *7.

In addition to the *Noterman* matter and the *McCormick* litigation, numerous state courts, and federal courts interpreting various states' laws, have held that cases filed naming deceased parties are nullities that must be dismissed with prejudice. *E.g., Banakus v. United Aircraft Corp.*, 290 F.Supp. 259, 260 (S.D.N.Y.1968) (Since [the plaintiff] was dead when the action for personal injuries was commenced, that action must be treated as a nullity" and as such, "there were no claims capable of amendment"); *Adelsberger*, 58 Fed.Cl. at 618–19 (action brought in the name of a deceased individual declared null); *Banks v. Employers' Liab. Assur. Corp. Ltd., of London, England*, 4 F.R.D. 179, 180 (W.D. Mo. 1944) (in

dismissing suit brought in the name of a deceased individual and stating "[c]learly a suit could not be brought in the name of [the plaintiff] after his decease."); *Pasos v. Eastern S.S. Co.*, 9 F.R.D. 279 (D. Del. 1949) ("the suit should be dismissed if the court is clearly convinced that neither at the institution of the suit or at any time since has there been a legally existent party plaintiff and at no time could there have been entered a valid judgment in the matter."); *Garlock Sealing Techs., LLC v. Pittman*, No. 2008-IA-01572-SCT, 2010 WL 4009151, at *4 (Miss. Oct. 14, 2010) (holding that a case filed in the name of a deceased person was a legal nullity, adding that such an action "has no hope of success and is therefore frivolous."); *Black Canyon Citizens Coalition, Inc. v. Bd. of County Comm'rs of Montrose County*, 80 P.3d 932, 933–35 (Colo.App.2003) (suit filed in the name of a nonexistent corporation deemed void *ab initio*); *Mathews v. Cleveland*, 159 Ga.App. 616, 617, 284 S.E.2d 634, 636 (1981) (deceased person cannot commence an action); *Levering v. Riverside Methodist Hosp.*, 2 Ohio App.3d 157, 159, 441 N.E.2d 290, 291 (Ohio App.1981) (complaint declared a nullity where plaintiff died prior to its filing); *Gregory v. DiCenzo*, 713 A.2d 772, 775 (R.I. 1998) (complaint commenced in deceased person's name deemed a nullity); *Williams v. Travelers Property & Casualty of America*, 2007 WL 1299245 (Conn. Super. Ct. Apr. 13, 2007).

The issue decided in *Noterman*, *McCormick*, and the other cases cited above is identical to the issue in the present case. In those cases, the complaints at issue were dismissed as nullities because they were brought in the name of a deceased plaintiff. Because the Complaint was brought in the name of Jimmy Phillips in his individual capacity, despite the fact that he had been deceased for over four months, the Complaint should be void *ab initio*. Therefore, Bard respectfully requests that the Court dismiss the Complaint with prejudice.

### IV.  CONCLUSION

Because the Complaint named Jimmy Phillips as the plaintiff, despite the fact that he was deceased at the time of filing, the Complaint is a nullity. For that reason, Bard

respectfully requests that the Court dismiss the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b).

This 12th day of December, 2019.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
Matthew B. Lerner
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

James R. Condo (#005867)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204
PH: (602) 382-6000
jcondo@swlaw.com

**Attorney for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 12, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to all counsel of record.

s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050
richard.north@nelsonmullins.com