Ramon Rossi Lopez (admitted *pro hac vice*)
(CA Bar No. 86361)
LOPEZ McHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660
rlopez@lopezmchugh.com

Mark S. O'Connor (011029)
BEUS GILBERT PLLC
701 N 44th Street
Phoenix, AZ 85008
Telephone: 480.429-3019
moconnor@beusgilbert.com

*Attorneys for Plaintiffs*

James R. Condo (#005867)
Kristine L. Gallardo (033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
jcondo@swlaw.com
kgallardo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY &
    SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Telephone: 404.322.6000
Facsimile: 404.322.6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**THE PARTIES' JOINT REPORT RESPONDING TO THE COURT'S JANUARY 6, 2020 ORDER REGARDING SETTLEMENT STATUS OF CASES** |

In accordance with the Court's January 6, 2020 docket-entry Order [Doc. 21193], and further extensions granted by the Court, the parties submit this joint memorandum addressing the issues raised by the Court relating to the parties' January 2, 2020 Joint Report of the Settlement Status of cases [Doc. 21167].

**Plaintiffs' Lead Counsel Prefatory Statement**

Plaintiffs' Lead Counsel recognize their court-appointed roles and duties, as does the Plaintiffs' Leadership Committee and Plaintiffs' Executive Committee. This MDL litigation has reached a stage where the majority of Plaintiff's counsel affected by the issues addressed in this Joint Report have not been involved in any leadership roles, nor do attorneys in leadership positions represent many of the individual Plaintiffs who would be directly affected by the outcome of the issues and the parties' positions addressed in this Supplemental Joint Report. The roles and responsibilities of Plaintiffs' Lead Counsel, the PEC and PLC attorneys, who have all served in roles to manage this litigation, are clearly defined in CMO No. 1. The issues and matters being addressed in this Supplemental Joint Report do not relate to the generic and common benefit duties set forth in CMO No. 1, but rather involve unique case specific issues and matters relating to individual Plaintiffs and cases wherein the attorney-client relationship is tantamount. The issues set forth in this Joint Report involve the exclusive rights and responsibilities of each affected Plaintiff and his/her attorney of record.

**A. Amended Exhibit G – Direct-filed cases ready for transfer that have never been served on Defendants**

Defendants assert that cases identified on the attached Amended Revised Exhibit G were not served in compliance with CMO No. 4 [Doc. 363], which requires the plaintiff to send "a request for waiver of service pursuant to the provisions of Fed. R. Civ. P. 4" to counsel for Bard. Rule 4(m) provides that, by motion, the court may dismiss these cases if they are not served within 90 days after the complaint is filed, and the plaintiff has failed to show good cause for the delay. In its most recent analysis, counsel for Bard was unable to locate any request for waiver of service, and, in the Joint Memorandum [Doc. 21167],

1  Plaintiffs have not provided any showing of good cause for the delay. As a result, Bard
2  believes that, pursuant to Fed. R. Civ P. 4(m), these cases could be immediately dismissed
3  without prejudice. Nonetheless, consistent with the Court's August 7, 2019 Order relating
4  to previous remand cases, Bard respectfully requests that the Court order that (1) Plaintiffs
5  identified on Amended Exhibit G have 20 days to serve the short form complaint and
6  request for waiver of service on Defendants' counsel; and (2) within five business days
7  thereafter, the parties file an updated Amended Exhibit G, indicating for each case whether
8  service has been completed by the deadline. Absent good cause, Bard respectfully requests
9  that the Court then dismiss the cases on Amended Exhibit G which have not been served
10 on the Defendants.

11  Plaintiffs' Lead Counsel are not in a position to agree or disagree with Defendants'
12 recommended action as relates to the issue of dismissals of cases in which other firms are
13 counsel of record for the plaintiff. This issue pertains to case specific matters and are the
14 sole responsibility of counsel of record in the related plaintiff's case.

15  Plaintiffs' Lead Counsel, and representatives for Plaintiffs' Lead Counsel, have
16 communicated via email  seven times since this Court's Amended Order on January 7, 2020
17 - to all affected plaintiffs' counsel regarding this Joint Statement.  Plaintiffs' Lead Counsel
18 have instructed all affected Plaintiffs' counsel to communicate directly with defense counsel
19 and/or the Court about Defendants' the Defendant-drafted Exhibits attached hereto,
20 generally, and specifically about any potentially affected case if they are in disagreement
21 with Defendants stated proposals.

22  Regarding Defendants' statement that Plaintiffs have not provided good cause for
23 delay, Plaintiffs' Lead Counsel cannot address individual cases or communications with
24 Bard to which we have neither been privy nor represent those individual plaintiffs.
25 Plaintiffs' Lead Counsel have been made aware of certain cases in which Bard seeks
26 dismissals.  However, in many instances counsel of record for individual plaintiffs have
27 indicated service issues have been rectified and communicated same to Defendants. As of
28

1 the date of filing this supplemental report, Plaintiffs' Lead Counsel are not aware of further
2 discrepancies.

### B. Amended Exhibit H – Cases otherwise ripe for remand or transfer, except for fact they have deficiencies in the Plaintiff Profile Form

With regard to the cases identified on the attached Amended Exhibit H that have Plaintiff Profile Form deficiencies, Defendants respectfully request that the Court enter an order similar to past remand/transfer orders that (1) require those Plaintiffs to serve substantially complete Profile Forms, including providing the place of filter implant within 14 days of the Court's Order; and (2) further provides that a failure to comply with the order may result in dismissal of the case. *See, e.g.,* Doc. 20115. Defendants further respectfully propose that within three business days thereafter, the parties file a joint status reporting indicating whether a proper Plaintiff Profile Form has been provided by in each of those cases. If any Plaintiffs fail to file a Profile Form or correct any deficiency by that date, the Defendants believe that Plaintiff's case should be dismissed.  The Defendants will remove any Plaintiff who serves a substantially complete profile form.

Plaintiffs' Lead Counsel are not in a position to agree or disagree with Defendants recommended action as relates to the issue of dismissals of cases in which other firms are counsel of record for the plaintiff.  This issue pertains to case specific matters and are the sole responsibility of counsel of record in the related plaintiff's case.

### C. Amended Exhibit L– Cases in which Plaintiffs did not identify a venue in the complaint

For cases where Plaintiffs have not identified a venue in the Complaint, Bard proposes that those cases be transferred to the district where the filters were implanted based on the information provided in the Plaintiff Profile Forms. Based on a review of the Profile Forms and the location of implant, Bard proposes that the cases be transferred to the districts as noted in the attached Amended Exhibit L. Plaintiffs' Lead Counsel do not oppose this request. However, Plaintiffs' Lead Counsel have also been made aware that some individual

plaintiffs' counsel of record claim to have not known of these drafting errors and intend to rectify the oversight.

### D. Amended Exhibits I, J, K – Cases where no federal jurisdiction exists, duplicate filings, multiple cases filed by same plaintiff

Defendants believe that the cases within Amended Exhibit I (those cases with no federal jurisdiction), Amended Exhibit J (those cases that are still pending but are duplicate filings by plaintiffs that have already settled, and Amended Exhibit K (those cases where a plaintiff has multiple cases filed on the list of cases to be remanded or transferred) should be dismissed.

Plaintiffs' Lead Counsel are not in a position to agree or disagree with Defendants recommended action as relates to the issue of dismissals of cases in which other firms are counsel of record for the plaintiff. This issue pertains to case specific matters and are the sole responsibility of counsel of record in the related plaintiff's case.

In response to Lead Counsel's communications with all affected plaintiffs' counsel, several issues were reported as to duplicate filings and dual representation, however, at the time of this filing, Plaintiffs' Lead Counsel have followed up with counsel of record responsible for these cases and believe the issues have been resolved. However, the duplicative complaints filed by other firms may have not yet been dismissed. Lead Counsel object to dismissals under these circumstances, since resolution has either occurred or can be easily accomplished.

With regard to the Court's stated intention to dismiss cases where there is no federal jurisdiction, Plaintiffs' Lead Counsel have been advised that many plaintiff's counsel have indicated that their cases are in active, ongoing settlement discussions with Defendants. Plaintiffs' Lead Counsel are not aware of any agreements where Bard seeks to settle an unfiled or dismissed case with individual plaintiffs. Lead Counsel object to any such dismissals without counsel of record being heard on behalf of their individual plaintiffs in matters in which Bard is actively engaged in negotiating monetary resolution, and simultaneously seeking dismissal without monetary compensation or settlement agreement.

### E. Amended Exhibits

Since the January 2nd Joint Report, a number of cases have changed status. In some instances, the Plaintiffs have served the complaint since that date, and/or corrected deficiencies regarding the profile forms. In other cases, the Plaintiffs have filed a motion to amend the short form complaint to drop the non-diverse Defendant (which the Defendants will not oppose). In addition, in a small number of cases, the Plaintiffs' attorney has advised that a case previously identified as one to be remanded has in fact settled, or that a case previously identified as settled should in fact be remanded or transferred. The Defendants have therefore revised the exhibits to reflect those changes and have attached them to this filing.

Respectfully submitted, this 17th day of January, 2020.

| LOPEZ McHUGH, LLP | NELSON MULLINS RILEY & SCARBOROUGH LLP |
|---|---|
| By: *s/ Ramon Rossi Lopez*<br>Ramon Rossi Lopez<br>(admitted *pro hac vice*)<br>CA Bar No. 86361<br>LOPEZ MCHUGH LLP<br>100 Bayview Circle, Suite 5600<br>Newport Beach, California 92660<br><br>Mark S. O'Connor (011029)<br>BEUS GILBERT PLLC<br>701 N 44th Street<br>Phoenix, Arizona 85008<br><br>Attorneys for Plaintiffs | By: *s/ Richard B. North*<br>Richard B. North, Jr. (admitted *pro hac vice*)<br>Georgia Bar No. 545599<br>Matthew B. Lerner (admitted *pro hac vice*)<br>Georgia Bar No. 446986<br>NELSON MULLINS RILEY & SCARBOROUGH LLP<br>201 17th Street, NW / Suite 1700<br>Atlanta, GA 30363<br><br>James R. Condo (005867)<br>Kristine L. Gallardo (033975)<br>SNELL & WILMER L.L.P.<br>One Arizona Center<br>400 E. Van Buren, Suite 1900<br>Phoenix, Arizona 85004-2202<br><br>Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2020 the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

/s/ Richard B. North