IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: BARD IVC FILTERS <br> PRODUCTS LIABILITY LITIGATION <br> _____ <br> <br> **This Document Relates to All Actions** <br> _____ | No. 2:15-MD-02641-DGC |

**RESPONSE OF FREESE & GOSS AND MATTHEWS & ASSOCIATES
IN OPPOSITION TO THE MOTION TO FILE UNDER SEAL
FILED BY PLAINTIFFS' CO-LEAD COUNSEL AND THE
PLAINTIFFS' EXECUTIVE COMMITTEE**

Come now, Freese & Goss, PLLC and Matthews & Associates (collectively "FG/MA"), on their own behalf and as firms representing thousands of clients who have paid or will pay common benefit assessments, and file this, their Response in Opposition to the Motion to File Under Seal Filed by Plaintiffs' Co-Lead Counsel and the Plaintiffs' Executive Committee. In support of this Response, FG/MA would respectfully show the Court the following:

**I.
INTRODUCTION AND RELEVANT BACKGROUND**

It is well-recognized that the public, and certainly affected litigants, are to be afforded access to judicial documents. To merit an exception to this long-standing rule of public access, a party moving to seal a document from public scrutiny must show "good cause" for doing so.

In the last few days, Plaintiff's Co-Lead Counsel and Plaintiffs' Executive Committee (collectively referenced as "PEC" herein) have taken certain actions, purportedly relating to Common Benefit fee and cost determinations, which have been shielded from the review of Plaintiffs, Plaintiffs' counsel, and the public -- without offering any factual information about the

1

nature of its actions or any legal explanation as to why those actions must be kept secret from fellow Plaintiffs and Plaintiffs' counsel. These actions include:

- Document No. 21437: On February 6, 2020, the PEC filed a single sentence motion asking the Court for leave to file their "Recommendation" under seal. (Doc. 21437, p. 1). The PEC claimed to make such motion "pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and Local Rule 5.6" and "in accordance with the Court's sealed minute entry (Doc. 21432)."[1] *Id.* No further information regarding the nature or substance of the sealed recommendation was included in the PEC's motion.

- Document No. 21438: Accompanying the PEC's motion for leave to file under seal was a document identified as a "Proposed Recommendation to Appoint Common Benefit Fee and Cost Committee." ("Recommendation")(Doc 21438). Because it was lodged for filing under seal, FG/MA is unable to access the document to determine the nature or substance of the PEC's Proposed Recommendation.

FG/MA recognizes that there may be valid reasons for keeping certain information confidential; yet, the PEC's efforts to shield information and recommendations relating to the Common Benefit fee and cost allocation process -- without (a) identifying what information is being shielded, and (b) stating the reasons that filing under seal is necessary -- makes it impossible for Plaintiffs and Plaintiffs' counsel to determine whether filing under seal is appropriate. Because the PEC's motion fails to establish good cause for maintaining its Proposed Recommendation

---

[1] The PEC states that its filings are made "in accordance with" Minute Entry (Doc. 21432). The nature and substance of the communication resulting in the Minute Entry is inaccessible to FG/MA and other Plaintiffs' counsel because the Minute Entry has been sealed. All FG/MA can determine from the docket listing is that the Minute Entry relates to a telephone conference held before Judge David Campbell on February 4, 2020. It is unclear to FG/MA whether the PEC is acting in accordance with a directive to file a Proposed Recommendation regarding the FCC or whether the PEC was specifically directed by the Court to file its Proposed Recommendation *under seal*.

regarding appointments to the Common Benefit Fee and Cost Committee ("FCC") under seal, the default posture of public access should prevail.

## II.
## ARGUMENT

**A. The PEC has Failed to Overcome the Strong Presumption Favoring Access to Judicial Filings and Records.**

It is well-established that the public has a general right to access and inspect judicial records and documents. *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978).  This right is justified by the interest of citizens (let alone litigants) in "keeping a watchful eye" on judicial workings.  *Id*.  Thus, "a strong presumption in favor of access" to judicial filings is the starting point for any motion to seal.  *Foltz v. State Farm Mutual Auto. Insurance Company,* 331 F.3d 1122, 1135 (9th Cir.2003).  To overcome this presumption, a party seeking to seal a judicial record must meet (i) the "compelling reasons" standard if the record is a dispositive pleading or (ii) the "good cause" standard if the record is a non-dispositive pleading.  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

Here, the PEC has hardly attempted to meet its burden for showing good cause to restrict Plaintiffs' access to its Proposed Recommendation.  Local Rule 5.6 provides the procedure for obtaining an order to file a document under seal in an Arizona District Court.  Rule 5.6 states that "[a]ny motion or stipulation to file a document under seal ***must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal***."  The PEC's generic, single sentence motion does not begin to satisfy this standard.  Thus, the PEC's motion to seal should be denied because it does not set forth any factual basis for sealing the Proposed Recommendation. *St. Clair v. Nellcor Puritan Bennett LLC*, No. CV-10-1275-PHX-LOA, 2011 WL 5335559, at *1 (D. Ariz. Nov. 7, 2011)(denying motion to seal that consisted only of " a one-

sentence-fits-all explanation why the so-called confidential information deserves trade secret status and should be sealed"); *Gamble v. Arpaio,* No. CV-12-790-PHX-GMS, 2013 WL 142260, at *5 (D. Ariz. Jan. 11, 2013)(denying to seal filing where movant's "motion to seal does not discuss, much less establish, the compelling reasons standard required by the Ninth Circuit").

**B.     Transparency in the Fee Allocation Process Is Important to Foster Confidence and Trust that the Process is Fair, Open, and Inclusive.**

Courts generally recognize that the process of awarding common benefit fees should be transparent, fair, open, and inclusive. *E.g. In re Actos (Pioglitazone) Prod. Liab. Litig.*, 274 F. Supp. 3d 485, 555 (W.D. La. 2017); *In re Vioxx Prod. Liab. Litig.,* 802 F. Supp. 2d 740, 825 (E.D. La. 2011).  Eldon E. Fallon, *Common Benefit Fees in Multidistrict Litigation,* 74 La. Law Rev., p. 387 (2014)(recommending that the process for distribution of common benefit funds involve input from a diverse group).

Here, it may well be that the PEC's motion to seal was filed for an appropriate purpose; but it is impossible for interested Plaintiffs and Plaintiffs' Counsel to make that determination based on a motion to seal that is devoid of any specific facts or legal argument.  At most, FG/MA can surmise from the docket entry that the PEC has made an undisclosed recommendation relating to the appointment of a fee and cost committee.  It is unclear whether that Recommendation simply lays out a proposal for soliciting, applying for and selecting FCC committee members or whether the Recommendation proposes the appointment of specific individuals.  Nor is it clear what good reason exists for keeping the PEC's recommendation (whether of a process or of a slate of nominees) confidential.

In the view of FG/MA, the process for making common benefit assessments and distributions would benefit from being as open and transparent as possible -- which includes sealing documents *only* when good cause has been demonstrated for doing so. By filing the

4

Recommendation under seal, FG/MA and other interested and qualified attorneys are deprived of the opportunity to (1) know how members were appointed to the FCC, (2) assess the qualifications, diversity of experiences and perspective of proposed FCC members, and (3) seek appointment to the FCC themselves if they feel that their clients' interests and viewpoints are not adequately represented. Simply stated, making the process, mechanism and/or FCC nominees known would enable all interested participants to offer input and would, ultimately, enhance all parties' understanding and trust in the fairness of the allocation process.

**C.     FG/MA Requests that Tim Goss Be Appointed to the Common Benefit Fee and Cost Committee.**

If the PEC's sealed Recommendation relates to a process whereby interested participants and contributors to the litigation will be invited to apply for selection and appointment to the FCC, FG/MA partner Tim K. Goss intends to submit an application. If, however, the FCC selection and appointment process is being conducted under seal and without solicitation of additional input, F&G requests that the Court consider Mr. Goss for appointment to the FCC for the following reasons:

1.     **Trials, Appeals and Other Relevant Experience:** FG/MA (with Mr. Goss as co-lead trial attorney) has tried to a jury verdict two separate IVC filter case against two manufacturers, winning verdicts totaling approximately $35 million:

- *Reed-Brown v. Rex Medical,* et al., No. 00241 (Ct. Com. Pleas, Phil. PA) (Plaintiff verdict for $33,684,140)

- *Pavlock v. Cook Inc., et al.,* No. 2017-00798-CV (Dist. Ct. Harris Co., TX)(Plaintiff verdict for $1,240,500)

Through these trial experiences (and through extensive trial experience in other product liability MDLs), Mr. Goss has been heavily involved in generating litigation work product (including Daubert motions and responses, dispositive motions and responses, motions in limine and other

5

trial briefing), pursuing and using discovery (including key depositions and document production), assessing and developing trial themes and strategy, and the actual trial process.  This experience allows Mr. Goss to provide insight regarding the time and expense required for various tasks, the significance of many trial-related activities.  Additionally, Mr. Goss and other attorneys at FG/MA are co-lead counsel in other IVC MDL's including Cook, Cordis and Rex Medical -- where they work with many of the Bard PEC members.

    2.  **Settlements:**  In 2019, FG/MA negotiated the first mass settlement of IVC filter cases with Bard.  As the lead negotiator and architect for that settlement, Mr. Goss can offer input on the role and significance of common benefit work relating to settlements.

    3.  **Common Benefit Contributions**:  FG/MA has contributed a substantial sum to the Common Benefit Fund for this litigation.  Indeed, FG/MA may be the single largest contributor to the Common Benefit Fund.  As such, FG/MA has a particular interest in contributing to the process whereby the Common Benefit Fund is assessed and distributed.

For these reasons, if there is not to be an open future process for soliciting and evaluating candidates for appointment to the FCC, FG/MA requests that Tim Goss be appointed to the Common Benefit Fee and Cost Committee.

### III.
### CONCLUSION

FG/MA prays that the PEC's motion to seal be denied. Additionally or alternatively, FG/MA requests that Tim Goss be appointed to the Common Benefit Fee and Cost Committee. Lastly,  FG/MA requests any other and further relief to which they or their clients may be justly entitled.

Dated this 11th day of February 2020.

Respectfully submitted,

*/s/ David P. Matthews*
**MATTHEWS & ASSOCIATES**
2509 Sackett St.
Houston, Texas 77098
Telephone: 713-522-5250
Facsimile: 713-535-7184
E-mail: dmatthews@matthewslawfirm.com

Tim K. Goss
**FREESE & GOSS, PLLC**
3500 Maple Avenue, Suite 1100
Dallas, Texas 75219
Telephone: 214-761-6610
Facsimile: 214-761-6688
E-mail: tim@freeseandgoss.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of February 2020, a copy of the foregoing pleading was filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access this filing through the Court's system and notice of this filing will be sent to these parties by operation of the Court's electronic filing system.

*/s/ David P. Matthews*