1   Ramon Rossi Lopez - rlopez@lopezmchugh.com
    (California Bar Number 86361; admitted *pro hac vice*)
2   Lopez McHugh LLP
    100 Bayview Circle, Suite 5600
3   Newport Beach, California  92660
    949-812-5771
4
    Mark S. O'Connor (011029) – moconnor@beusgilbert.com
5   Beus Gilbert McGroder PLLC
    701 North 44th Street
6   Phoenix, Arizona  85008
    480-429-3000
7
    *Co-Lead/Liaison Counsel for Plaintiffs*
8
                   UNITED STATES DISTRICT COURT
9
                        DISTRICT OF ARIZONA
10
11  In Re Bard IVC Filters Products          No. MD-15-02641-PHX-DGC
    Liability Litigation
12
13                                           **REPLY AND OBJECTION TO
                                             RESPONSE OF FREESE & GOSS AND
14                                           MATTHEWS & ASSOCIATES IN
                                             OPPOSITION TO THE MOTION TO
15                                           FILE UNDER SEAL FILED BY
                                             PLAINTIFFS' CO-LEAD COUNSEL AND
16                                           THE PLAINTIFFS' EXECUTIVE
                                             COMMITTEE AND SUBSEQUENT
17                                           JOINDERS**

18          Plaintiffs' Co-Lead Counsel and Plaintiffs' Executive Committee (hereafter

19  collectively "PEC") file this Reply and Objection to Response of Freese & Goss and

20  Matthews & Associates in Opposition to the Motion to File Under Seal Filed by Plaintiffs'

21  Co-Lead Counsel and the Plaintiffs' Executive Committee and Subsequent Joinders.

22          **I.      It was appropriate to file the Recommendation to Appoint Common
    Benefit Fee and Cost Committee under seal.**

23          Filing the Recommendation to Appoint Common Benefit Fee and Cost Committee

24  (hereafter "Recommendation") under seal is appropriate and necessary to shield the

25  document from Defendants who have no standing to object or respond to such a

26  recommendation.  The filing followed an *ex parte* conversation with the Court held on

27  February 4, 2020.  The Court was aware the Recommendation would be submitted and

28  understood the need to file under seal—the Court even issued a sealed minute entry

Reply re Motion to File Under Seal(590486.11).doc

1    directing Co-Leads and the PEC to submit the Recommendation.  As such, the concerns

2    set forth in the Response of Freese & Goss, et al. should be alleviated.

3          Furthermore, the issues of transparency raised by Freese & Goss, et al. are

4    unfounded.  "Participating Counsel," as defined in Case Management Order No. 6 (Doc.

5    372, hereinafter "CMO 6"), have been provided with a copy of the Recommendation and

6    were notified of the intent of the Co-Leads and PEC to start the process of cost

7    reimbursement and initial partial fee allocation.   No recommendation regarding fee or

8    cost allocations has been made to the Court and no work has begun in making any such

9    recommendation.

10         **II.      The PEC opposes the appointment of Tim Goss,**

11         The Co-Lead Counsel and the PEC opposes the request that Tim Goss be appointed

12   to the Common Benefit Fee and Cost Committee ("Committee").

13         The Recommendation includes a proposed representative slate of appointees to the

14   Committee.  Decisions regarding fees and cost allocation belong to Co-Lead Counsel

15   under CMO 6 (Doc. 372).  Co-Lead Counsel engaged the PEC on this issue and included

16   the PEC in final decisions for the proposed slate of members, which is diverse and

17   inclusive.  The proposed members were agreed to unanimously by the PEC and Co-Lead

18   Counsel and approved by the Special Master whose court appointment is based on

19   providing "fairness, consistency, objectivity, and experienced oversight" on common

20   benefit fees and cost matters. (Doc. 6404). The final approval will come from the Court.

21         Mr. Goss did not have substantial involvement in any aspect of the litigation. The

22   trials, appeals and other experience attributed to Mr. Goss stem from his involvement in

23   unrelated IVC MDLs.  While neither Co-Lead Counsel nor the PEC deny Mr. Goss'

24   experience in cases against non-Bard IVC filter manufacturers, it does not uniquely

25   qualify him to provide insight on the time and costs expended in bringing claims against

26   Bard; nor does his negotiation of a settlement that did not involve the Co-Leads or the

27   PEC who *are* most familiar with the time and cost involved in the Bard litigation.

28   Moreover, the terms of that settlement are unknown to Co-Lead Counsel, the PEC, the

Reply re Motion to File Under Seal(590486.11).doc

1    Special Master or the Court, and therefore inconsequential in determining any alleged

2    common benefit it provided to Plaintiffs and Participating Counsel.

3         Proposed members, on the other hand, are particularly suited to serve on the Fee

4    and Cost Committee.  Co-Lead Counsel and the PEC considered the layers of common

5    benefit work performed (e.g., discovery, trial, ESI, bellwether trials, motion practice,

6    remands, appeals, etc.), the timespan of the work performed, and the separate tracks of

7    litigation in the MDL (e.g., medical monitoring, class action, product liability litigation,

8    preemption litigation, trial work, etc.). The objective was to limit the number of

9    participants while still ensuring a representative membership.  The lawyers who are

10   recommended to participate on the Committee also participated in all layers and tracks of

11   common benefit work and possess an in-depth understanding of the work performed

12   throughout the litigation.  Co-Lead Counsel and the PEC are in the best position to

13   determine the composition of the Committee having been involved in all aspects and

14   layers of the litigation themselves. Moreover, under CMO 6, Co-Lead Counsel have sole

15   authority to make a recommendation of fee and cost distributions to the Court at the

16   appropriate time yet decided, in the spirit of fairness and transparency, to engage the PEC

17   in the selection of a diverse committee that will assist with that recommendation.

18        **III.    Filers of Joinders did not perform common benefit work.**

19        Finally, neither Marc J. Bern & Partners LLP nor Blankenship Law Firm who have

20   filed Joinders regarding this issue (Docs. 21443 and 21446 respectively), performed

21   common benefit work in this litigation.  No attorney from Marc J. Bern & Partners LLP

22   has performed any common benefit work nor have they served in any position in

23   Plaintiffs' Leadership Counsel, and the firm has not laid out any common benefit costs.

24        While William F. Blankenship of Blankenship Law Firm has performed common

25   benefit work, all such work was performed solely during his time with Freese &

26   Goss—whose submitted time and costs, if any, will be fairly addressed by the committee

27   this Court approves in consultation with the Special Master appointed specifically to assist

28   with the fair, objective, and consistent oversight of these matters.  As with Marc J. Bern &

Reply re Motion to File Under Seal(590486.11).doc

3

Partners LLP, neither Mr. Blankenship nor any member of his current firm has held any position within the Plaintiffs' Leadership Counsel, no common benefit work was performed by any attorney of Blankenship Law Firm while that attorney was practicing with Blankenship Law Firm, and the firm has not laid out any common benefit expenses. The Court should not place any weight on their submissions.

RESPECTFULLY SUBMITTED this 14th day of February 2020.

BEUS GILBERT MCGRODER PLLC

By:/s/ *Mark S. O'Connor*
    Mark S. O'Connor
    701 North 44th Street
    Phoenix, Arizona 85008

LOPEZ McHUGH LLP
    Ramon Rossi Lopez (CA Bar No. 86361)
    (admitted *pro hac vice*)
    100 Bayview Circle, Suite 5600
    Newport Beach, California 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on this 14th day of February 2020, I electronically transmitted

3   the attached document to the Clerk's Office using the CM/ECF System for filing and

4   transmittal of a Notice of Electronic Filing.

5                                                              */s/ Jessica Gallentine*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Reply re Motion to File Under Seal(590486.11).doc