IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **IN RE: BARD IVC FILTERS** <br> **PRODUCTS LIABILITY LITIGATION** <br> _____ <br><br> **This Document Relates to All Actions** <br> _____ | No. 2:15-MD-02641-DGC |

**FREESE & GOSS AND MATTHEWS & ASSOCIATES' MOTION FOR LEAVE TO FILE A (1) SURREPLY TO THE REPLY AND OBJECTION TO THE RESPONSE IN OPPOSITION TO THE MOTION TO FILE UNDER SEAL FILED BY PLAINTIFFS' CO-LEAD COUNSEL AND THE PLAINTIFFS' EXECUTIVE COMMITTEE[1] AND (2) RESPONSE TO THE PEC'S OPPOSITION TO THE APPOINTMENT OF TIM GOSS**

Come now, Freese & Goss and Matthews & Associates (collectively "FG/MA"), on their own behalf and as firms representing thousands of clients who have paid or will pay common benefit assessments, and respectfully move the Court for leave to file a short surreply in response to certain points raised in the "Reply and Objection to Response of Freese & Goss and Matthews & Associates in Opposition to the Motion to File Under Seal Filed By Plaintiffs' Co-Lead Counsel and the Plaintiffs' Executive Committee and Subsequent Joinders." In support of this motion Plaintiffs state as follows:

1. On February 14, 2020, the PEC filed its Reply to FG/MA's response in opposition to the PEC's motion to seal. In its Reply, the PEC stated for the first time its reason for filing its Recommendation regarding appointments to the Common Benefit Fee and Cost Committee ("FCC") under seal. The PEC's original motion did not describe the

---

[1] For purposes of this motion, FG/MA will refer to Plaintiffs' Co-Lead Counsel and Plaintiffs' Executive Committee collectively as the "PEC."

1

nature of the document at issue or give any reason for requesting a sealed filing. Thus, it was impossible for FG/MA to know or address the PECs rationale until it was revealed for the first time in the PEC's Reply. Accordingly, a surreply is necessary to address arguments that were not contained in the PEC's original motion.

2. Additionally, the PEC used its Reply to oppose the appointment of Tim Goss to the FCC. This opposition was not raised in the PEC's original motion to seal. In the interest of fairness, FG/MA should be permitted to file a surreply to respond to the PEC's concern's regarding Mr. Goss' qualifications for serving as an FCC member.

*3.* The decision to grant or deny leave to file a surreply is committed to the sound discretion of the court. *Preminger v. Peake*, 552 F.3d 757, 769 n.11 (9th Cir. 2008) (court reviews for abuse of discretion a district court's decisions concerning its management of litigation). Granting leave to file a surreply is particularly appropriate where, as here, a Reply leaves a party unable to address matters presented to the Court for the first time.

## CONCLUSION

For the foregoing reasons, FG/MA respectfully requests that this Court issue an order granting FG/MA leave to file their proposed Surreply. FG/MA also requests any other and further relief to which they or their clients may be justly entitled.

Dated this 19th day of February, 2020.

>Respectfully submitted,
>*/s/David P. Matthews*
>**MATTHEWS & ASSOCIATES**
>2509 Sackett St.
>Houston, Texas 77098
>Telephone: 713-522-5250
>Facsimile: 713-535-7184
>E-mail: dmatthews@matthewslawfirm.com

>Tim K. Goss
>**FREESE & GOSS, PLLC**
>3500 Maple Avenue, Suite 1100
>Dallas, Texas 75219
>Telephone: 214-761-6610
>Facsimile: 214-761-6688
>E-mail: tim@freeseandgoss.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of February, 2020, a copy of the foregoing pleading was filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access this filing through the Court's system and notice of this filing will be sent to these parties by operation of the Court's electronic filing system.

>*/s/ David P. Matthews*