Matthew R. McCarley
Texas Bar No. 24041426
**Fears Nachawati PLLC**
5473 Blair Rd.
Dallas, TX 75231
214-890-0711
Fax: 214-890-0712
mccarley@fnlawfirm.com

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation<br><br>This Document Relates to Recommendation to Appoint CBFCC | No. MDL-15-2641-PHX-DGC<br><br>**FEARS NACHAWATI PLLC'S OBJECTION TO RECOMMENDATION TO APPOINT COMMON BENEFIT FEE AND COST COMMITTEE AND REQUEST FOR ACCOUNTING** |

Plaintiffs' Counsel, Matthew R. McCarley, for himself and on behalf of capital contributor Fears Nachawati PLLC, hereby objects to the Recommendation to Appoint Common Benefit Fee and Cost Committee (dated 2/6/2020) filed herein by the Co-Lead/Liaison Counsel for Plaintiffs (occ. "Recommendation").

## I.   Introduction

Co-Lead/Liaison Counsel for Plaintiffs ask that the Court appoint nine attorneys, including two of the Recommendation's signatories, to serve on a Common Benefit Fees and Costs Committee (CBFCC). The undersigned is a member of the Plaintiffs' Steering Committee whose firm financially contributed to the common benefit fee and expense

funds, ███████████████████████████████ (*see* § II *infra*). The undersigned is excluded from the Recommendation and was not consulted before it was filed with the Court. The undersigned hereby objects to the Recommendation's roster of proposed CBFCC members, requests an accounting of all capital contributions and the Bard IVC Filters Fee Fund and the Bard IVC Filters Expense Fund, and requests inclusion on any fee committee.

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

The requested accounting will reveal information fundamental both to protecting the fairness of the common benefit fund process, and to the ultimate disbursement from the Court-approved Funds. ██████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
███████████████████████████████. As Plaintiffs' counsel who has substantially funded the common benefit efforts from the start of this litigation, the undersigned objects that he is omitted from the CBFCC recommendation roster, and further objects that the candidates proposed cannot be properly screened without an accounting.

## II.   The Undersigned Is a PSC Member Who Has Substantially Contributed to the Common Benefit Fund Since 2015.

The undersigned, Matthew McCarley of Fears Nachawati Law Firm, was appointed to the Plaintiffs' Steering Committee on October 30, 2015. CMO No. 1, 3:8 [Doc. 248, Page 3 of 8]. His tenure serving on the Plaintiffs' Steering Committee was extended on November 16, 2016, on March 21, 2017, and on February 4, 2019. Am. CMO No. 1, 3:18-19 [Doc. 4016, Page 3 of 9]; 2nd Am. CMO No. 1, 3:22-23 [Doc. 5285, Page 3 of 9]; 3d Am. CMO No. 1, 3:11 [Doc. 15098, Page 3 of 8]. The undersigned submitted the payments, in timely and complete compliance with the capital disbursement requests, based on the understanding that these payments were an obligation of maintaining a position on the Plaintiffs' Steering Committee, and the reasonable assumption other members were also making capital contribution. *See* Declaration of Matthew McCarley, ¶6.

The common benefit payments made by Fears Nachawati commenced in 2015 and



████████████████████████████████  ████████
████████████████████████████████  ████████
████████████████████████████████   ███████
      ████                          ████████

████████████████████████████████████████████, the Recommendation was filed with the Court without consultation with the undersigned, without providing the undersigned with an accounting of how these capital contributions have been disbursed, and without including the undersigned on the roster of proposed CBFCC members.

## III.   The Capital Contributors' Objections to the Recommendation Should Be Sustained

### A. The Oversight of Common Benefit Funds Must Pass the Test of Fairness.

While the Court has discretion in appropriate circumstances to appoint a committee of attorneys to propose a fee allocation to the Court for its consideration, this process cannot be used as a vehicle for dispensing with "traditional judicial standards of transparency, impartiality, procedural fairness, and ultimate judicial oversight." *In re High Sulfur Content Gasoline Prod. Liab. Litig.*, 517 F.3d 220, 234 (5th Cir. 2008); *see also, generally*, *In re Nineteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 982 F.2d 603, 616 (1st Cir. 1992) ("the hearing procedures devised by the district court deprived the individual plaintiffs of meaningful input into the decisionmaking process by which the

---

[1] *See* Declaration of Matthew McCarley, ¶¶ 4, 5 & exhibit A thereto.

court decided what costs were properly to be charged against the plaintiffs' fund. Hence, because the plaintiffs . . . did not receive due process of law, the costs, as well as the fees, must be determined afresh."); *In re Vioxx Prod. Liab. Litig.*, 802 F. Supp. 2d 740, 773–74 (E.D. La. 2011) ("the Court maintains the 'responsibility to closely scrutinize the attorneys' fee allocation, especially when the attorneys recommending the allocation have a financial interest in the resulting awards.'") (citing *High Sulfur,* 517 F.3d at 227); MANUAL COMPLEX LIT. § 14.232 (4th ed.) ("Due process may require affording claimants a meaningful opportunity to be heard concerning competing applications for fees payable from a common fund.") (note 591 citing *Nineteen Appeals*, 982 F.2d at 616).





**C. Co-Lead/Liaison Counsel Should Provide an Accounting.**

An accounting is necessary to insure the procedural and substantive fairness of how the Funds are allocated. Disbursement decisions consistently rely on accountings. *See In re Actos (Pioglitazone) Prod. Liab. Litig.*, 274 F. Supp. 3d 485, 526 (W.D. La. 2017) ("this Court has benefit of an objective history and actual accounting and review of the actual work performed by all counsel or their firms, the location and the nature of the work performed, and the impact or value of that work in this case."); *In re NuvaRing Prod. Liab.*

*Litig.*, No. 4:08 MDL 1964 RWS, 2014 WL 7271959, at *5 (E.D. Mo. Dec. 18, 2014) (discussing detailed accounting court directed liaison counsel to provide to the special master); *Fanning v. Acromed Corp.*, No. 1014, 2000 WL 1622741, at *3 (E.D. Pa. Oct. 23, 2000) (discussing independent review of court-appointed auditor). *Cf. In re Genetically Modified Rice Litig.*, No. 4:06 MD 1811 CDP, 2010 WL 716190, at *7 (E.D. Mo. Feb. 24, 2010), *aff'd*, 764 F.3d 864 (8th Cir. 2014) (after stating that accounting was not "now required," decision states that, "[b]efore any distributions are made from the fund, the court will provide an opportunity for all parties to be heard and to seek appropriate information."). ████████████████████████████████████████████████ member of the Plaintiffs' Steering Committee, the undersigned hereby requests an accounting of the capital contributions and the Funds subject to CMO No. 6.

### D. Co-Lead Counsel Should Provide Materials Filed Under Seal to the Members of the Plaintiffs' Steering Committee, Including Undersigned.

According to CMO No. 6, Plaintiffs' Co-Lead Counsel had a duty to provide the Court with "monthly reports showing the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance." CMO No. 6, 11:28-12:2 [Doc. 372, Pages 11-12 of 35]. Assuming Co-Lead Counsel is following CMO No. 6, then reports with accounting information have been filed with the Court. █████████████████████████████████████████████ █████████████████████████████████████████████████

---

[4] *See* § III.B *supra*.

1    Steering Committee with access to the underlying procedures governing disbursement of

2    the Bard IVC Filters Fee Fund and Bard IVC Filters Expense Fund.

3         All court-filed accounting reports and procedural proposals should be made

4    available to the undersigned, whose firm is a substantial capital contributor. In *High Sulfur,*

5    for example, the court explained that the process leading to attorneys' fee allocation should

6

7    be publicized. 517 F.3d at 230.

8

9         Independently, these reports were filed with the Court pursuant to Court order, and

10   therefore there is a right of public access. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*,

11   809 F.3d 1092, 1096 (9th Cir. 2016) ("It is clear that the courts of this country recognize a

12

13   general right to inspect and copy public records and documents, including judicial records

14   and documents.") (quoting *Nixon v. Warner Commnc'ns, Inc*., 435 U.S. 589, 597 (1978)).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

████████████████████████████████████████████

████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████

Simply put, the Recommendation is fatally flawed. No authority supports the appointment of a fee committee without the underlying information discussed herein.[5]

## V.   Conclusion and Prayer for Relief.

Undersigned counsel prays that these objections be sustained, that the Recommendation filed on February 6, 2020, be rejected, that the Court order a full accounting, and that any fee committee appointed in this litigation include the undersigned counsel as a member.

---

[5] The Recommendation misplaces reliance on *In re Actos (Pioglitazone) Products Liab. Litig.*, 274 F. Supp. 3d 485 (W.D. La. 2017), which does not support the appointment of a CBFCC where, as here, power would be conferred ████████████ To the contrary, in that case, a Deputy Special Master was given the duties that would have been performed by a traditional fee committee. 274 F. Supp. 3d at 555 ("The protocol set in place by the Court had me, as Deputy Special Master, appointed to perform the duties that have been traditionally performed by the 'fee committee'") (Attachment A, Report and Recommendation).

An accounting of the capital contributions and the Funds, including the basis for any withdrawals, is necessary to determine whether the nine proposed CBFCC members are qualified to serve. Counsel from firms that have not paid their fair share in capital contributions are not appropriate arbiters to sit in judgment of who should and should not be paid. The undersigned member of the Plaintiffs' Steering Committee is from a firm that has made timely capital contributions, and he accordingly requests inclusion on the CBFCC.

Dated: February 25, 2020

Respectfully Submitted,

By: /s/*Matthew R. McCarley*
Matthew R. McCarley
Texas Bar No. 24041426
**Fears Nachawati PLLC**
5473 Blair Rd.
Dallas, TX 75231
214-890-0711
Fax: 214-890-0712
mccarley@fnlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February 2020, a copy of the foregoing pleading was filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access this filing through the Court's system and notice of this filing will be sent to these parties by operation of the Court's electronic filing system.

/s/*Matthew R. McCarley*