**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| IN RE: BARD IVC FILTERS | &#124; | No. 2:15-MD-02641-DGC |
|---|---|---|
| PRODUCTS LIABILITY LITIGATION | &#124; | |
| | &#124; | |
| _____ | &#124; | |
| | &#124; | |
| This Document Relates to All Actions | &#124; | |
| _____ | &#124; | |

## FREESE & GOSS AND MATTHEWS & ASSOCIATES' RESPONSE TO ADDENDUM TO RECOMMENDATION TO APPOINT COMMON BENEFIT FEE AND COSTS COMMITTEE

Come now, Freese & Goss and Matthews & Associates (collectively "FG/MA"), on their own behalf and as firms representing thousands of clients who have paid or will pay common benefit assessments, and file this, their Response to the Addendum to Recommendation to Appoint Common Benefit Fee and Costs Committee.  In support of this Response, FG/MA respectfully states as follows:

**I.**

On February 6, 2020 Co-Lead Counsel and the Plaintiffs' Executive Committee (collectively referenced as "PEC" herein) lodged its "Proposed Recommendation to Appoint Common Benefit Fee and Cost Committee ("Recommendation") (Doc. 21438). The Recommendation was accompanied by a motion for leave to file the Recommendation under seal (Doc. 21437).  FG/MA filed a response in opposition to the motion to file under seal advocating for a procedurally fair and transparent fee allocation process and questioning the PEC's (unstated) reason for filing its Recommendation under seal (Doc. 21442).  Others joined FG/MA's objection (Doc 21443, 21446). In reply, the PEC provided its Recommendation to all Participating Counsel and stated that it had only been filed under seal to shield the identities of

1

nominees from Defendants  (Doc. 21447).  The PEC's release of the Recommendation raised new issues requiring a surreply by FG/MA  (Doc 21449) and prompting other firms to respond with questions as to whether the PEC's nominees had made the required capital contributions to the litigation, whether the PEC's nominees had complied with relevant orders regarding common benefit funds, and demanding access to all proposed procedures governing common benefit disbursements, access to all court-filed monthly accounting reports, and that the Court order a full audit and accounting (Doc. 21453).  Both FG/MA and others have asked that the makeup of the FCC include persons other than just the PEC's slate of insider co-leads and executive committee members.

In response to these well-founded questions and concerns, the PEC has now filed an Addendum to its Recommendation  (Doc. 21456).  The Addendum does not address concerns regarding its FCC nominees' capital contributions or their compliance with orders relating to common benefit fees and costs.  Nor does the Addendum clarify the procedural process relating to common benefit allocations and disbursements or welcome the two outsiders who asked to be considered for FCC positions (Tim Goss of FG/MA and Matthew McCarley of Fears Nachawati PLLC).  Instead, the PEC continues its insider strategy by stating only that two of its existing FCC nominees, Howard Nations and Wendy Fleishman, have been "chosen" (not *nominated* for the Court's approval) to co-chair the FCC and oversee the audit process. Interestingly, the PEC did not file the Addendum identifying its chosen co-chairs under seal – raising further question as to the legitimacy of its stated reason for ever filing the Recommendation under seal.

## II.

The PEC's Addendum puts the cart before the horse by choosing co-chairs for a committee whose membership has not yet been determined and whose governing procedures either have not been set or have not been made known to Participating Counsel.  There is no need for such a rush.  As of yet, it is believed that no substantial assessments have even been placed in the common benefit account. Rather than rushing to fill the FCC and its co-chair positions exclusively with Co-Leads and Executive Committee members  without adequate vetting, FG/MA submits that a more deliberate, transparent and inclusive process – including the steps described below – would better serve the interest of fairness and inspire confidence that common benefit funds are being appropriately used, allocated and distributed.

- **Performance of an audit by a qualified, independent, forensic accountant/auditor.** It is not merely Objectors who are requesting an audit.  Members of the Plaintiffs' Steering Committee have requested an audit.  Even the PEC has acknowledged the need for an audit by filing an Addendum that purports to select persons to "oversee the audit process."  Given the widespread agreement that an audit is called for, the most helpful and appropriate procedure would be to utilize a qualified, independent forensic accountant/auditor.  By using a professional, the Court and interested parties can be confident that the audit results are thorough and free of bias and that the persons ultimately selected to oversee common benefit allocations and distributions are properly qualified.

- **Completion of the audit prior to selection of FCC members.** The audit should take place prior to the appointment of any person to the FCC – as compliance with

requirements regarding expenditures and related matters should be a minimum condition for FCC membership.

- **Publication of audit results to Participating Counsel.** FG/MA has paid capital assessments to help fund this MDL.  In addition, FG/MA has settled thousands of cases and has paid (or will pay) substantially more in case assessments than any other individual group in the MDL.   As such, FG/MA (like other Participating Counsel) has an interest in the common benefit issues.[1]   Publication of the audit results, which, presumably,  will include amounts paid as assessments, will allow Participating Counsel to assess the qualifications of persons proposed to allocate  common benefit funds.

- **Appointment of Tim Goss to the FCC.** Tim Goss renews his request that the Court consider him for appointment to the FCC.  As an outsider to the PEC who, nevertheless, has extensive experience litigating IVC filter cases against Bard (and other manufacturers), Mr. Goss is able to provide meaningful insight on the value of different work while offering a diverse viewpoint on the FCC.  For the convenience of the Court, the relevant experience and qualifications of Mr. Goss are summarized at Appendix A.

Dated this 2nd day of March, 2020.

Respectfully submitted,
*/s/David P. Matthews*
**MATTHEWS & ASSOCIATES**
2509 Sackett St.
Houston, Texas 77098
Telephone: 713-522-5250
Facsimile: 713-535-7184
E-mail: dmatthews@matthewslawfirm.com

---

[1] A former partner at Freese & Goss (F&G), Sheila Bossier, was, at pertinent times, a member of the Bard IVC Filter MDLs Plaintiffs' Steering Committee.  During the time that Ms. Bossier was a partner at F&G, F&G paid $50,000 in capital assessments to help fund the Bard IVC filter MDL.

Tim K. Goss
**FREESE & GOSS, PLLC**
3500 Maple Avenue, Suite 1100
Dallas, Texas 75219
Telephone: 214-761-6610
Facsimile: 214-761-6688
E-mail: tim@freeseandgoss.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of March, 2020, a copy of the foregoing pleading was filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access this filing through the Court's system and notice of this filing will be sent to these parties by operation of the Court's electronic filing system.

*/s/ David P. Matthews*