# APPENDIX A

**<u>Summary of Relevant Experience Qualifying Tim Goss to Serve on the Bard IVC Filter MDL Fee and Cost Committee</u>**

**<u>IVC FILTER TRIAL EXPERIENCE</u>**:

- *Tracy Reed-Brown v. Rex Medical L.P.*, Cause No. 00241 (Philadelphia Court of Common Pleas). This case produced the first verdict for plaintiff ($33,684,140) in a case against Rex Medical LP involving Defendant's IVC filter. It produced a trial package that was available for future litigation against Rex Medical LP. Tim Goss was co-lead counsel.
- *Jeffrey Pavlock v. Cook Inc., et al.*, Cause No. 2017-03885 (Harris County, Texas). This case produced the first verdict for plaintiff ($1.2 million) in a case against the Cook Entities involving Defendants Inferior Vena Cava ("IVC") filter. It produced a trial package that was available for future litigation against the Cook Entities. Tim Goss was co-lead counsel.

**<u>BARD IVC FILTER CASES SET FOR TRIAL</u>:**

- *Saviour v. Bard, Inc. et al.*; Case No. 02647 (Court of Common Pleas of Philadelphia). This case was filed in 2015 and was among the earliest G2 cases set for trial and was designated as a bellwether case in the MDL litigation. The case was settled prior to trial in September of 2017. In the years spent preparing the *Saviour* case for trial, Mr. Goss and his team prepared multiple experts and defended against a summary judgment challenge. Along with creating original work product with his team, Mr. Goss also reviewed and utilized PSC work product in his trial preparations for the *Saviour* case.
- *Dilworth v. Bard, Inc. et al.*, Case No. DC-16-06484 (Dallas County, Texas). This case was filed in 2016, and was set for trial January 2018 before being settled in September 2017. In the years spent preparing the *Dilworth* case, Mr. Goss and his team prepared multiple experts, prepared for and defended the deposition of one of those experts, and defended against summary judgment. Along with creating original work product with his team, Mr. Goss also reviewed and utilized PSC work product in his trial preparations for the *Dilworth* case.
- *Jimenez v. Bard Inc., et al.*, Case No. 2018-43955 (Harris County, Texas). This case was filed in 2018 and is currently set for trial in 2020.

**<u>SERVICE ON OTHER MDL EXECUTIVE COMMITTEES AND STEERING COMMITTEES</u>**

During the past five years, Tim Goss/Freese & Goss have participated in the following MDLs as leadership:
- <u>MDL 2570: Cook Medical IVC Filter MDL:</u> Tim Goss currently serves as a Plaintiffs' Steering Committee co-lead for the Law and Briefing Committee. Goss also served on the trial team for two of the three bellwether cases that have been tried.
- <u>MDLs 2187, 2325, 2326, 2327: Consolidated Pelvic Repair Systems MDL:</u> Tim Goss currently serves as a member of the Plaintiffs' Steering Committee for each of the MDLs involving the four major pelvic mesh manufacturers. F&G has resolved over 15,000 pelvic mesh cases.

- <u>In re Cordis IVC Filter Cases:</u>  FG partner, Rich Freese, serves as co-lead counsel in this consolidated litigation centralized in the State of California, Alameda County.
- <u>MDL 2782: In re Ethicon Physiomesh Flexible Composite Hernia Mesh MDL</u>:  FG partner, Rich Freese, currently serves as a member of the Plaintiffs Steering Committee.
- <u>Other leadership role</u>:  Tim Goss served an active role in the plaintiffs' counsel group in the Rex Argon IVC filter consolidated litigation in Philadelphia, Pennsylvania.  Tim Goss served as one of the lead trial attorneys in the first bellwether trial in the Rex Argon litigation.

## OTHER RELEVANT RECENT TRIAL EXPERIENCE:

- *Ramirez v. Johnson & Johnson, et al.,* Cause No. 2012-CI-18690 (Bexar County, Texas).  Ms. Ramirez was a client of F&G.  This case was also one of the first, if not the first, to involve a manufacturing defect and to pursue the issue of particle loss allegedly associated with pelvic mesh devices. Tim Goss was co-lead counsel.
- *Cavness v. Johnson & Johnson, et al*., Case No. DC-14-04220 (Dallas County, Texas). This case, which concluded with a jury verdict for the defendant that was never entered as a judgment, produced a trial package that was available for future pelvic litigation involving Defendants JJ/Ethicon's Prosima pelvic mesh device. Tim Goss prepared for and presented plaintiff's regulatory expert witness. Tim Goss was co-lead trial  counsel.
- *Perry v. Ethicon, et al,* Case No. S-1500-CV-279123 (Kern County, California). This was the first trial involving the TVT-Abbrevo device and produced the first plaintiff's verdict in a TVT-Abbrevo case ($5.7 million).   Tim Goss was trial and appellate counsel.
- *Salazar v. Boston Scientific, Corp. et al*., Cause No. DC-12-14349 (Dallas County, Texas).  This case produced the first verdict ($73,465,000) for a plaintiff in a case against pelvic mesh manufacturer Boston Scientific.  It produced a trial package that was available for future pelvic mesh litigation. Tim Goss was co-lead trial  counsel.
- *Batiste v. Johnson & Johnson, et al,* Case No. DC-12-14350 (Dallas County, Texas). This was the first trial, and first plaintiff's verdict, in a case involving Defendants JJ/Ethicon's TVT-O transvaginal mesh device ($1.2 million).   It was pursued by F&G through appeal to the Texas Supreme Court. It produced a trial package that was available for future litigation. Tim Goss was trial and appellate counsel.
- *Lewis v. Ethicon, et al.,*Case No. 2:12-cv-04301 (S.D.W.Va). This was the first pelvic mesh MDL Bellwether trial and first trial of a TVT Classic transvaginal mesh device. The *Lewis* trial laid the structure for many aspects of subsequent cases as it involved the first briefing and arguments on various summary judgment issues, *Daubert* challenges, and motions in limine. It also established trial themes, exhibit lists and witness outlines that became the framework for future litigation.
- *Anderson v. Janssen Pharmaceuticals Inc.*, in Philadelphia County Court of Common Pleas. In this case, F&G obtained a plaintiff's verdict ($3,000,000) against a subsidiary of Johnson & Johnson and drug manufacturer, Janssen Pharmaceuticals, with the jury finding that defendant failed to warn plaintiff of the risks of birth with the use of the prescription drug Topamax in pregnant users. Tim Goss was trial counsel.