IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: BARD IVC FILTERS<br>PRODUCTS LIABILITY LITIGATION<br><br>_____<br><br>This Document Relates to All Actions<br>_____ | No. 2:15-MD-02641-DGC |

**FREESE & GOSS AND MATTHEWS & ASSOCIATES' (1) SURREPLY TO THE REPLY AND OBJECTION TO THE RESPONSE IN OPPOSITION TO THE MOTION TO FILE UNDER SEAL FILED BY PLAINTIFFS' CO-LEAD COUNSEL AND THE PLAINTIFFS' EXECUTIVE COMMITTEE[1] AND (2) RESPONSE TO THE PEC'S OPPOSITION TO THE APPOINTMENT OF TIM GOSS**

Come now, Freese & Goss and Matthews & Associates (collectively "FG/MA"), on their own behalf and as firms representing thousands of clients who have paid or will pay common benefit assessments, and file this, their (1) Surreply to the Reply and Objection to the Response in Opposition to the Motion to File Under Seal Filed by Plaintiffs' Co-Lead Counsel and the Plaintiffs' Executive Committee and (2) Response to the PEC's Opposition to the Appointment of Tim Goss. In support of this Surreply, FG/MA would respectfully show the following:

**I.
AN OPEN AND TRANSPARENT PROCESS FOR SELECTING FEE AND COST COMMITTEE MEMBERS IS BENEFICIAL**

After FG/MA filed its response and objection to the PEC's filing of its Recommendation under seal, the Recommendation was sent by email to all "Participating Counsel." While this action allowed FG/MA to review the sealed filing, it did not (1) establish good cause for filing the

---

[1] For purposes of this surreply/response, FG/MA will refer to Plaintiffs' Co-Lead Counsel and Plaintiffs' Executive Committee collectively as the "PEC."

1

Recommendation under seal, or (2) resolve the difficulties posed when a document is needlessly filed under seal.

In its Reply, the PEC states that its Recommendation was filed under seal only to shield it "from Defendants who have no standing to object or respond to the Recommendation." This does not establish good cause. The PEC cites no authority for its position that an opponent's lack of standing to challenge a document automatically renders the document confidential. Nor does the fact that the Court sealed its Minute Entry equate to pre-approval or a directive to the PEC to file its Recommendation under seal. Simply stated, the PEC has not shown the necessary good cause for restricting use and access to its proposed Recommendation.

The problem with filing documents under seal without good cause is not merely that they are shielded from review by those who have a need and desire to review them -- but also that their use is restricted. Now that FG/MA has had the opportunity to review the PEC's Recommendation, it is apparent that the PEC does not intend to accept applications from Participating Counsel who wish to be considered for service on the Common Benefit Fee and Cost Committee ("FCC"). As such, Mr. Goss renews his request that he be considered and appointed to the FCC by the Court. In support of his request, Mr. Goss would like to discuss his qualifications and unique contributions in relation and comparison to those of the candidates put forth in the Recommendation; but the sealed filing prevents such comparisons. In effect, Mr. Goss is hamstrung in his efforts to show (in anything more than generalities) how his qualifications and contributions favorably compare to those proposed for the FCC and how he can bring a diverse viewpoint that is not represented by the current slate of FCC nominees.

## II.
## THE PEC'S RESPONSE DEMONSTRATES WHY THE FCC SHOULD INCLUDE AN "OUTSIDER" PERSPECTIVE SUCH AS WOULD BE PROVIDED BY THE APPOINTMENT OF TIM GOSS

If the PEC is serious about its stated goal of "ensuring a representative membership," then it would be well served to consider the advice of Judge Fallon who advised that it is helpful to get input from (1) "the plaintiffs' attorneys who occupied leadership roles," (2) "those who actually did the work in the MDL and the state courts," and (3) "*someone outside of this group,* who can bring an objective perspective to the issue." Eldon E. Fallon, *Common Benefit Fees in Multidistrict Litigation,* 74 La. Law Rev., p. 387 (2014)(emphasis added). This respect for diverse viewpoints and contributions was put into practice in the Vioxx litigation where the common benefit allocation committee consisted of several members of the PSC *as well as several attorneys who were not on the PSC* but who had performed work in the MDL or in coordinated state court cases. *In re Vioxx Prods. Liab. Litig.,* MDL No. 1657 (E.D. La. Nov. 20, 2007)(Pretrial Order No. 32)(available at http://vioxx.laed.uscourts.gov/Orders/Orders.htm). A similarly diverse group of appointees to the FCC should be the goal in this litigation as well.

Tim Goss is well-qualified to offer the unique perspective of an attorney who, along with his team, has (1) performed substantial common benefit work (approximately 3500 hours submitted), (2) is likely the largest contributor to the common benefit fund, (3) has paid substantial PSC assessments in this MDL, and (4) has prepared, tried, and settled numerous IVC cases (against Bard and other IVC manufacturers), *but who has not held a position on the PEC.* Because this is an important viewpoint that should be represented on the FCC, Mr. Goss renews his request that he be considered and appointed to the FCC by the Court.

The PEC's extremely narrow objection to Mr. Goss' application for appointment to the FCC reveals the very bias that makes his appointment necessary. That is, the PEC denies that Mr. Goss

3

had "substantial involvement in any aspect of the litigation." In so doing, the PEC discounts the 3500 hours of common benefit work submitted by Mr. Goss and his team. In particular, the PEC ignores the work that Mr. Goss performed on the case *Saviour v. Bard, Inc. et al.;* Case No. 02647 (Court of Common Pleas of Philadelphia). That case was filed in 2015 and was among the earliest G2 cases set for trial -- with its trial date preceding that of the first Bard MDL trial case. The *Savior* case was settled prior to trial in September of 2017. In the years spent preparing the *Saviour* case for trial, Mr. Goss and his team prepared multiple experts and defended against a summary judgment challenge. Along with creating original work product with his team, Mr. Goss also reviewed and utilized PSC work product in his trial preparations for the *Saviour* case. That the co-leads and PEC members consider these trial activities insubstantial is the exact reason someone who participated in them (such as Mr. Goss) should be given a voice on the FCC.

     Similarly, the fact that the co-leads and PEC have pre-judged FG/MA's activities in bringing Bard to the settlement table and negotiating the first mass settlement to be "inconsequential" is further evidence that additional perspectives are needed. The PEC tips its hand by noting that Mr. Goss' negotiation of a settlement "did not involve the Co-Leads or the PEC"; yet, the value of FG/MA's settlement work should not automatically be presumed insignificant simply because the Co-Leads or the PEC were not involved. Non-PEC members, such as Mr. Goss, must be given a voice on the FCC to discuss the value of work not performed by the PEC.

     The PEC acknowledges Mr. Goss's extensive experience in the broader IVC filter litigation. That some of this experience involved other IVC filter manufacturers does not render it inapplicable to an assessment of common benefit work performed in the Bard MDL. First, many of the key legal issues (preemption, FDA regulations, etc...) apply across *all* IVC filter MDLs.

Second, many of the IVC filter MDLs have had overlapping experts and certain shared scientific literature (*e.g.* studies dealing with multiple filter brands). Third, the general process for preparing and trying cases is consistent for all filter manufacturers. Thus, Mr. Goss' experience litigating cases against other IVC filter manufacturers is helpful to his ability to assess common benefit work. Indeed, having seen (and in some regards, set) the standard for common benefit work in other IVC MDLs, Mr. Goss is well-informed about the significance, quality and value of various common benefit work performed in this litigation.

### III.
### CONCLUSION

FG/MA prays that the PEC's motion to seal be denied. Additionally, or alternatively, FG/MA requests that Tim Goss be appointed to the Common Benefit Fee and Cost Committee. Lastly, FG/MA requests any other and further relief to which they or their clients may be justly entitled.

Dated this 19th day of February, 2020.

Respectfully submitted,
*/s/David P. Matthews*
**MATTHEWS & ASSOCIATES**
2509 Sackett St.
Houston, Texas 77098
Telephone: 713-522-5250
Facsimile: 713-535-7184
E-mail: dmatthews@matthewslawfirm.com

Tim K. Goss
**FREESE & GOSS, PLLC**
3500 Maple Avenue, Suite 1100
Dallas, Texas 75219
Telephone: 214-761-6610
Facsimile: 214-761-6688
E-mail: tim@freeseandgoss.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of February, 2020, a copy of the foregoing pleading was filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access this filing through the Court's system and notice of this filing will be sent to these parties by operation of the Court's electronic filing system.

*/s/ David P. Matthews*