Ramon Rossi Lopez (admitted *pro hac vice*)
(CA Bar No. 86361)
LOPEZ McHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660
rlopez@lopezmchugh.com

Mark S. O'Connor (011029)
BEUS GILBERT PLLC
701 N 44th Street
Phoenix, AZ 85008
Telephone: 480.429-3019
moconnor@beusgilbert.com

*Attorneys for Plaintiffs*

James R. Condo (#005867)
Kristine L. Gallardo (033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
jcondo@swlaw.com
kgallardo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY &
   SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Telephone: 404.322.6000
Facsimile: 404.322.6050
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. 2:15-MD-02641-DGC<br><br>**THE PARTIES' JOINT MOTION TO EXTEND DEADLINE FOR TRACK 2 CASES** |

1  Under Case Management Order No. 42 (Doc. 16343) and this Court's order dated November 15, 2019 (Doc. 20954), the parties have until May 1, 2020 to complete settlement paperwork and file stipulated dismissals for Track 2 cases that were settled as of December 1, 2019. Even in the best of times, finalizing this large volume of settlements within five months would be an enormous challenge. Under the present circumstances, with the disruption caused by the Covid-19 pandemic, the task has proven to be impossible to accomplish. The parties therefore jointly move this Court to extend the May 1, 2020 deadline relating to Track 2 Cases in Case Management Order No. 42 cases until November 1, 2020.

Over 1,800 Track 2 cases are presently settled and subject to a term sheet. Those cases were identified in Exhibit "D" to the parties' report submitted on December 6, 2019 (Doc. 21092) or later added to the list prior to the most recent remand order. In the December 6th report, and even before the emergence of the pandemic, the parties acknowledged the possibility that finalizing settlements of that volume by May 1st might be difficult. Specifically, the parties noted:

> In the event Track 2 settlement agreements provide for funding after May 1, 2020, or due to currently unknown or unforeseen circumstances any case is not funded until after May 1, 2020, the parties hereby request that said dismissals need not be filed until 5 days after the settlement is fully funded. If permitted, the parties involved in said settlements will advise the court in a joint filing on or before May 1, 2020, which cases fall within this category.

(Doc. 21092 at 3). Since that date, "unforeseen circumstances" have obviously occurred (with the development of the pandemic), disrupting much more than just the timing of getting the settlements funded.

A majority of the Track 2 cases at issue are controlled by attorneys with large case inventories. In fact, members of the Plaintiffs' Steering and Executive Committees are representing many of the plaintiffs in the cases presently on Track 2. Many of those attorneys have dozens (and in some instances, hundreds) of individual cases that have been settled. Implementing the settlements outlined in the term sheets requires those attorneys to contact each of their clients, to confirm their acceptance of the settlement amounts contemplated, and then to obtain signed releases

from those individuals. That process is extremely time-consuming and complicated in normal circumstances. Now, however, the process has become particularly daunting. Most of the law offices involved have closed because of the pandemic, and employees in most instances are working remotely. Most telephone communication is occurring via cell phones, without a centralized method of fielding and routing calls. The sending and receiving of releases is made more complicated by the fact that law firm employees are generally working outside of their offices. In short, the business disruption caused by the pandemic has complicated the process in a myriad of ways.

For all of those reasons, the parties respectfully and jointly request that the May 1st deadline be extended until November 1, 2020. The parties stand ready to discuss and address any questions the Court may have about this request, and would appreciate the opportunity for a telephone hearing to apprise the court more fully about the circumstances.

Respectfully submitted, this 24th day of April, 2020.

| LOPEZ McHUGH, LLP | NELSON MULLINS RILEY & SCARBOROUGH LLP |
|---|---|
| By: *s/ Ramon Rossi Lopez*<br>Ramon Rossi Lopez<br>(admitted *pro hac vice*)<br>CA Bar No. 86361<br>LOPEZ MCHUGH LLP<br>100 Bayview Circle, Suite 5600<br>Newport Beach, California 92660<br><br>Mark S. O'Connor (011029)<br>BEUS GILBERT PLLC<br>701 N 44th Street<br>Phoenix, Arizona 85008<br><br>Attorneys for Plaintiffs | By: *s/ Richard B. North*<br>Richard B. North, Jr. (admitted *pro hac vice*)<br>Georgia Bar No. 545599<br>Matthew B. Lerner (admitted *pro hac vice*)<br>Georgia Bar No. 446986<br>NELSON MULLINS RILEY & SCARBOROUGH LLP<br>201 17th Street, NW / Suite 1700<br>Atlanta, GA 30363<br><br>James R. Condo (005867)<br>Kristine L. Gallardo (033975)<br>SNELL & WILMER L.L.P.<br>One Arizona Center<br>400 E. Van Buren, Suite 1900<br>Phoenix, Arizona 85004-2202<br><br>Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. |

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2020 the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

/s/ Richard B. North