# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC<br><br>**ORDER** |

From a filing in an individual case on Friday, the Court learned for the first time that some cases in this MDL have been dismissed without being settled, the parties having entered into a tolling agreement so they can continue settlement discussions outside the confines of the MDL. The filing indicates that if settlement is not reached in these cases, the plaintiff will have 90 days to bring a new action. The Court is very concerned about this information.

The Court entered CMO 42 on March 21, 2019, to govern the settlement process in this MDL. Doc. 16343. CMO 42 contemplated that cases in this MDL would remain in two settlement tracks until either they are settled or settlement talks failed, in which event they would be remanded or transferred to the proper districts. CMO 42 specifically contemplated that parties would either "complete settlement paperwork and file a stipulated dismissal" or the cases would be remanded or transferred. *Id.* at 7. The order did not

contemplate that cases would be dismissed without being settled, with the prospect of later being re-filed as new cases. The Court has serious problems with this approach.

First, if a case in this MDL is dismissed and Plaintiff files a new case later, the new case will not have been part of this MDL and the Court's and parties' extensive work will not be law of the case. The parties may be bound by various preclusion doctrines, but that is a matter that may have to be litigated in the new case – a waste of time for matters that in fact have been part of this MDL. Nor will the judge in the new case have the benefit of the lengthy explanatory order prepared by the Court about the MDL or the selections of records prepared by the parties.

Second, the Court is not aware of the parties having informed it of this tolling arrangement with any stipulated dismissals. Had the Court known, it would not have granted dismissal, but instead would have transferred the cases to the appropriate districts.

Third, this looks like an attempted end-run around CMO 42. The Court made clear that it required the parties to achieve settlement or face remand or transfer, and it appears the parties sought instead to avoid the Court's requirement by dismissing cases without settlement.

The Court is inclined to vacate every dismissal that has not been made pursuant to a completed settlement, remand or transfer the cases to the appropriate district, and advise the district not to accept dismissal of the action without a complete settlement and instead to set the case for trial so these matters can be resolved promptly. Before doing so, however, the Court will require the parties to explain the following matters: (1) How many cases have been dismissed pursuant to stipulations but without settlement? (2) Why was the Court not informed of this fact, particularly given the clear intent of CMO 42? (3) What is the agreement between the parties with respect to these cases? (4) What has happened

to the cases since they have been dismissed?  These questions shall be answered in a joint filing by **July 8, 2020**.  The Court may set a phone conference to discuss the joint filing.[1]

Dated this 29th day of June, 2020.

David G. Campbell
Senior United States District Judge

---

[1] The Court notes, upon review, that many of the stipulated dismissals to date have been without prejudice.  The Court delegated to staff the task of processing the thousands of stipulated dismissals under CMO 42 and therefore did not review the stipulations individually, and Court staff were not aware that a dismissal without prejudice could mean a dismissal without settlement.  The Court notes that even settled cases can be dismissed without prejudice if the plaintiff provides a complete release or a covenant not to sue.  The Court's law clerk assumed that dismissals without prejudice merely meant that payments had yet to be made in cases that had settled.

- 3 -