**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC<br><br>**CASE MANAGEMENT ORDER NO. 47** |

A recent filing in an individual case asserted that some cases in this MDL have been dismissed without prejudice and without being settled, the parties having entered into a tolling agreement so they could continue settlement discussions outside the confines of the MDL. Doc. 21526 at 1-2. The filing indicated that if settlement is not reached in these cases, the plaintiffs will have 90 days to bring new actions. *Id.*[1]

In an order dated June 29, 2020, the Court expressed concern about this information because CMO 42 (Doc. 16343), which governs the settlement process in this MDL, contemplated that cases would remain in two settlement tracks until either they are settled or settlement talks fail, in which event they would be remanded or transferred to the proper districts. Doc. 21527. CMO 42 did not permit cases that have failed to settle to be dismissed from this MDL without prejudice only to be refiled as a new cases. *Id.* That

---

[1] The filing, and the parties' response to the Court's inquiries discussed below, have been filed under seal because they contain privileged attorney-client communications and terms of confidential settlement agreements. This order sets forth the relevant, non-confidential terms of the settlements.

approach would undermine the purposes of this MDL and create law-of-the-case issues in refiled actions.  *Id.*

The Court directed the parties, by July 8, 2020, to explain: (1) How many cases have been dismissed pursuant to stipulations but without settlement; (2) Why was the Court not informed of this fact, particularly given the clear intent of CMO 42; (3) What is the agreement between the parties with respect to these cases; and (4) What has happened to the cases since they have been dismissed?  *Id.* at 2-3.  The parties have filed a response which makes clear that the information provided in the individual filing was not entirely accurate.  Doc. 21534.

The response explains that all of the dismissed cases were subject to written term sheets negotiated between various Plaintiffs' counsel and Defendants.  The term sheets set forth an aggregate settlement amount to be paid by Defendants for the inventory of claims asserted by certain Plaintiffs' counsel and the process by which payment will occur.  The allocation of the settlement amount among Plaintiffs is the responsibility of Plaintiffs' counsel – Defendants are not responsible for and do not participate in the allocation.  Plaintiffs' counsel state that they have retained ethical and medical experts to guide them through the formation and implementation of these settlements.  *Id.*

The term sheets require Plaintiffs' counsel to present Defendants with executed releases for a majority of their inventory of cases by a specified date.  Once an agreed-upon percentage of Plaintiffs have executed releases, Defendants will pay the entire aggregate settlement amount to Plaintiffs' counsel.  The term sheets leave open the possibility that a small portion of Plaintiffs may elect not to participate, in which event Defendants will receive a credit for Plaintiffs who do not settle and those Plaintiffs may refile their claims within 90 days pursuant to a tolling agreement between the parties.  *Id.*[2]

---

[2] The joint filing cites various law review articles suggesting that this form of aggregate inventory settlement has become commonplace in mass-tort MDLs in recent years.  *See* Lynn A. Baker, *Mass Tort Remedies and the Puzzle of the Disappearing*

- 2 -

The response states that of the 4,332 cases dismissed pursuant to term sheets and tolling agreement, 3,317 plaintiffs have provided releases and an additional 921 Plaintiffs are advancing through the administration process. 94 Plaintiffs have rejected their allocation of the settlement proceeds. The parties state that "counsel can provide the court with the names of those plaintiffs who have rejected the settlement allocation, so that the dismissals in those cases can be vacated and the cases remanded or transferred to the appropriate jurisdiction. That procedure would eliminate any potential 'law of the case' issue[.]" *Id.*

The response makes clear that the information contained in the individual filing that prompted the Court's concerns was inaccurate. The cases dismissed by stipulation have been subject to agreed-upon settlement terms. The Court was not aware, however, that many of the dismissed Plaintiffs had not yet agreed to the settlement terms and that the parties had agreed those Plaintiffs could refile their cases if they did not agree. That portion of the arrangement is inconsistent with CMO 42 and would present the problems identified in the Court's June 29, 2020 order – new cases filed by the opt-out Plaintiffs would not have been part of this MDL, would not bring with them the voluminous discovery completed in this MDL, and would not be subject to law of the case and the numerous legal rulings made in the MDL. Clearly, Plaintiffs in those cases should not file new claims, but their cases should be revived in this MDL and remanded or transferred to the proper courts subject to all of the discovery and rulings completed in this MDL over the last several years.

The Court held a telephone conference with the parties on July 15, 2020. *See* Doc. 21538. The parties provided additional information and updates on some of the

*Defendant*, 98 Tex. L. Rev. 1165, 1166 (2020); D. Theodore Rave, *Closure Provisions in MDL Settlements*, 85 Fordham L. Rev. 2175, 2190 (2017); Elizabeth Chamblee Burch, *Monopolies in Multidistrict Litigation*, 70 Vand. L. Rev. 67, 87 (2017). Such settlements look much like class-action settlements from which class members can opt-out, except that they lack the judicial oversight and approval required by Rule 23(e). The Advisory Committee on the Federal Rules of Civil Procedure is considering whether rules should be proposed to address and regulate such MDL settlements. This order should not be construed as reflecting approval of these forms of settlement.

- 3 -

numbers set forth above.  On the basis of the joint filing and the conference call, the Court enters the following order:

    1.    The Court will vacate the dismissal of any case that was dismissed as part of an aggregate settlement agreement between counsel and where the Plaintiff chooses not to accept the agreed-upon settlement terms.  The Court specifically orders that no such case shall be refiled as a new lawsuit.  Instead, the dismissal will be vacated and the Court will remand or transfer the case to the appropriate court, thereby ensuring that the case remains subject to the work completed in this MDL.

    2.    By **July 31, 2020**, Plaintiffs and Defense counsel shall provide a joint report on the status of Track 2 cases.  The report shall identify the Track 2 cases that are subject to settlement agreements, and the date by which settlements must be completed under those agreements.  The report shall identify the Track 2 cases that are not subject to settlements agreements and describe their status and what if any additional action should be taken in those cases as part of this MDL.  If Track 2 cases are ready for remand or transfer, the parties shall provide (a) the Plaintiff's name, (b) the individual case number, (c) the date the case was transferred to or directly filed in the MDL, (d) the appropriate remand or transfer venue, and (e) if that venue is either Arizona or New Jersey, the basis for diversity jurisdiction.  The parties also shall:

- Update and lodge with the Court the joint proposed report to be sent to the JPML with cases recommended for remand and to districts receiving transfers under § 1404(a) (*see* Doc. 12534);
- Update and file the stipulated designation of record to be sent with remanded and transferred cases (*see* Doc. 13158);
- Provide the Clerk of Court with a ZIP file containing the documents identified in the updated designation of record (*see* Doc. 14973; JPML Rule 10.4); and
- Provide the Court with Word-formatted versions of the report concerning

the status of Track 2 cases, the joint proposed report to be sent to receiving courts, and the stipulated designation of record.

3. By **October 23, 2020**, Plaintiffs and Defense counsel shall provide the Court with a list of all cases that were dismissed under a settlement agreement but where the Plaintiffs have opted out of the settlement. The Court will vacate the settlement of all listed cases and transfer or remand them to appropriate courts. For each such case, the parties shall provide (a) the Plaintiff's name, (b) the individual case number, (c) the date the case was transferred to or directly filed in the MDL, (d) the appropriate transfer or remand venue, and (e) if that venue is either Arizona or New Jersey, the basis for diversity jurisdiction. The parties also shall:

- Update and lodge with the Court the joint proposed report to be sent to the JPML with cases recommended for remand and to districts receiving transfers under § 1404(a) (*see* Doc. 12534);
- Update and file the stipulated designation of record to be sent with remanded and transferred cases (*see* Doc. 13158);
- Provide the Clerk of Court with a ZIP file containing the documents identified in the updated designation of record (*see* Doc. 14973; JPML Rule 10.4); and
- Provide the Court with Word-formatted versions of the report concerning dismissed Track 2 cases, the joint proposed report to be sent to receiving courts, and the stipulated designation of record.

4. By **November 13, 2020**, Plaintiffs and Defense counsel shall provide a joint report on all Track 2 cases for which no appropriate stipulated dismissal has been filed by November 2, 2020.[3] For each such case, the parties shall provide (a) the Plaintiff's name,

---

[3] CMO 42 provides that all Track 2 cases for which no stipulated dismissal has been filed by May 1, 2020, will be recommended to the JPML for remand or will be transferred under § 1404(a). Doc. 16343 at 7. The May 1 deadline was extended to November 2, 2020. Doc. 21518.

- 5 -

(b) the individual case number, (c) the date the case was transferred to or directly filed in the MDL, (d) the appropriate transfer or remand venue, and (e) if that venue is either Arizona or New Jersey, the basis for diversity jurisdiction. The parties also shall:

- Update and lodge with the Court the joint proposed report to be sent to the JPML with cases recommended for remand and to districts receiving transfers under § 1404(a) (*see* Doc. 12534);
- Update and file the stipulated designation of record to be sent with remanded and transferred cases (*see* Doc. 13158);
- Provide the Clerk of Court with a ZIP file containing the documents identified in the updated designation of record (*see* Doc. 14973; JPML Rule 10.4); and
- Provide the Court with Word-formatted versions of the report concerning the non-dismissed Track 2 cases, the joint proposed report to be sent to receiving courts, and the stipulated designation of record.

Dated this 15th day of July, 2020.

*David G. Campbell*

David G. Campbell
Senior United States District Judge