UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In Re:  Bard IVC Filter Products Liability Litigation | § § § § | No. MDL 15-2641 PHX DGC |
| REBECCA COOKE,  Plaintiff, | § § § § | No. CV19-00629 PHX DGC |
| v. | § § | |
| C.R. BARD, INC. et al.,  Defendants. | § § § | |

## MOTION TO SEAL MEMORANDUM TO THE COURT REGARDING REBECCA COOKE

Pursuant to Local Rule 5.6, the undersigned counsel of Matthews & Associates ("Counsel"), respectfully move this Court to maintain under seal their Memorandum to the Court Regarding Rebecca Cooke.  In support of this motion, Counsel would respectfully show the Court as follows:

1. On July 8, 2020, this Court ordered Counsel to file a Memorandum to the Court regarding Ms. Rebecca Cooke. [Dkt. 21536]. Counsel seeks to file its Memorandum under seal because the memorandum discusses protected attorney-client communications between Ms. Cooke as well as confidential settlement terms. Specifically, the Memorandum references communications between Ms. Cooke and Counsel regarding the settlement of her of IVC Filter claim where legal advice was sought and given. The memorandum also discusses certain terms of that confidential settlement agreement.

2. Good cause exists for granting Counsel's motion to seal.  Under federal common law, the attorney-client privilege protects confidential communications between attorneys

1

and clients, which are made for the purpose of legal advice. *Jett v. County of Maricopa*, 2019 WL 6310252 at *1 (D. Ariz. 2019) (citing *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011)). Similarly, courts often protect confidential settlement agreements from public disclosure. *See Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) ("Most significantly, courts have granted protective orders to protect confidential settlement agreements.")(citation omitted); *Kalinauskas v. Wong*, 151 F.R.D. 363, 365 (D. Nev. 1993)("The secrecy of a settlement agreement and the contractual rights of the parties thereunder deserve court protection.")(citation omitted); *Prosurance Grp., Inc. v. Liberty Mut. Grp., Inc.*, No. 10-CV02600-LHK, 2011 WL 704456, at *1 (N.D. Cal. Feb. 18, 2011) (granting leave to file confidential settlement agreement and related document discussing its terms under seal "on the grounds that it is necessary to preserve the confidentiality of the settlement agreement agreed to by the parties.").

3. Because the Memorandum references confidential settlement terms and protected attorney-client communications, good cause exist to grant Counsel's request to seal the Memorandum.

For the foregoing reasons, Counsel respectfully requests that its Memorandum Regarding Rebecca Cooke remain sealed.

> Respectfully submitted,
> MATTHEWS & ASSOCIATES
>
>
> */s/ David P. Matthews*

David P. Matthews
**MATTHEWS & ASSOCIATES**
Texas Bar No. 13206200
2509 Sackett St.
Houston, TX  77098
Telephone:     713-522-5250
Facsimile:      713-535-7184
E-mail: dmatthews@matthewslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of July, 2020, a copy of the foregoing pleading was filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access this filing through the Court's system and notice of this filing will be sent to these parties by operation of the Court's electronic filing system.

*/s/David P. Matthews*
David P. Matthews