**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC<br><br>**ORDER** |

The Court closed this MDL more than a year ago, after the primary purposes of the MDL – coordinated pretrial discovery and resolution of common issues – had been fulfilled.  Doc. 18079.  Thousands of cases in the MDL have settled and been dismissed. More than two thousand cases have been remanded or transferred to appropriate districts. The parties have until November 2, 2020, to settle and file stipulated dismissals for the remaining Track 2 cases.  Docs. 16343, 21518.

Counsel for certain Plaintiffs, Stuart Goldenberg at GoldenbergLaw PLLC, has filed a motion to establish a "qualified settlement fund" as described in Treasury Regulation § 1.468B-1 ("the Fund"), and to appoint a Fund Administrator.  Doc. 21613.  The proposed Fund would be used to make payments under, and otherwise effectuate, the terms of an undisclosed "Master Settlement Agreement."  *Id.* ¶¶ 5, 9; *see id.* ¶ 18 ("To the extent any paragraphs in this Motion conflict or are in any way inconsistent with the terms and conditions of the Master Settlement Agreement, the Master Settlement Agreement controls.").  Mr. Goldenberg proposes that "[a]ll aspects of the administration of the Fund

shall remain subject to the jurisdiction of the Court until such time as the Fund has settled all eligible claims according to the terms of the Master Settlement Agreement." *Id.* ¶ 5. Mr. Goldenberg further states that the proposed Fund Administrator – ARCHER Systems, LLC – will be indemnified and held harmless against all claims "except to the extent that it is finally determined by this Court that the Fund Administrator . . . was[] negligent or acted with willful misconduct in connection with the administration of [the] Fund." *Id.* ¶ 7. Mr. Goldenberg anticipates the Court's approval for distributions from the Fund "to the extent required by law for claims involving deaths and/or minors." *Id.* ¶ 16. Mr. Goldenberg further anticipates that, from time to time, the Court will request reports related to the administration of the Fund. *Id.* ¶ 8.

The motion contains no explanation of the reason for the Fund, no discussion of the controlling Master Settlement Agreement, no legal citations suggesting that the Court has authority to create such a fund in a case like this, and few details about how the fund would be managed, how plaintiffs' claims would be settled under the fund, how disputes would be resolved, whether Mr. Goldenberg's clients have consented to creation of the fund and agree to be bound by its determinations, etc.  The Court will require Mr. Goldenberg, by **October 9, 2020**, to file a supplemental memorandum attaching a copy of the Master Settlement Agreement and fully addressing the issues identified above and the following questions:[1]

1. Why is a qualified settlement fund, as described in Treasury Regulation § 1.468B-1, required in order for the parties to settle the claims and effectuate settlement payments and releases?

2. What authority exists for establishing a qualified settlement fund in a case like this one, and why under any such authority should the Court establish a qualified settlement fund for GoldenbergLaw and its clients?

---

[1] The Court has required a similar memorandum regarding the motion to establish a qualified settlement fund filed by the Lopez McHugh law firm.  Docs. 21609, 21612.

3. Why should the Court exercise jurisdiction over any qualified settlement fund after the relevant cases have been dismissed from this MDL by the November 2, 2020 deadline?

4. How are settlements being handled for clients of GoldenbergLaw? Specifically, how are the clients' interests being protected, have clients consented to creation of the fund, how will disputes be resolved, and how will releases will be given?

5. How, and under what specific circumstances, would the Court determine whether "the Fund Administrator . . . was[] negligent or acted with willful misconduct in connection with the administration of [the] Fund." *Id.* ¶ 7. And what authority would the Court have to act if such a finding were made, given that the Fund Administrator is not a party to this case and no claims have been made against the administrator in this Court?

6. How, and under what specific circumstances, would the Court approve or disapprove distributions from the Fund "for claims involving deaths and/or minors." *Id.* ¶ 16.

7. Who will ensure that the Fund "compl[ies] with the Treasury Regulations Section 1.468B-1 et seq. regarding taxation and tax reporting obligations," and how will compliance be verified? *Id.* ¶ 6.

8. When, and for what purpose, should the Court request reports related to the administration of the Fund? *See id.* ¶ 8.

9. What is the expected life of the Fund, and why should the Court retain jurisdiction during that life given that this MDL proceeding is in its concluding stages?

Dated this 2nd day of October, 2020.

David G. Campbell
Senior United States District Judge

- 3 -