FILED

AUG 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: BARD IVC FILTERS PRODUCT LIABILITY LITIGATION, _____ <br><br> DORIS JONES, <br><br>       Plaintiff-Appellant, <br><br>  v. <br><br> C. R. BARD, INC., a New Jersey corporation; BARD PERIPHERAL VASCULAR, INC., a subsidiary and/or Division of defendant C.R. Bard, Inc., an Arizona corporation, <br><br>       Defendants-Appellees. | No.   18-16461 <br><br> D.C. Nos.   2:15-md-02641-DGC <br>                2:16-cv-00782-DGC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted February 3, 2020
Phoenix, Arizona

Before: GRABER, HURWITZ, and MILLER, Circuit Judges.

Doris Jones asserted product-liability claims against C.R. Bard, Inc. and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Bard Peripheral Vascular, Inc. (collectively, "Bard"), based on injuries she suffered from an intravascular filter, a medical device designed and manufactured by Bard. Following a jury verdict in Bard's favor, Jones appeals the district court's order excluding certain evidence under Federal Rule of Evidence 403. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court has discretion to exclude otherwise relevant and admissible evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. A district court's application of Rule 403 "is subject to great deference, because 'the considerations arising under Rule 403 are susceptible only to case-by-case determinations, requiring examination of the surrounding facts, circumstances, and issues.'" *United States v. Hinkson*, 585 F.3d 1247, 1267 (9th Cir. 2009) (en banc) (quoting *R.B. Matthews, Inc. v. Transam. Transp. Servs., Inc.*, 945 F.2d 269, 272 (9th Cir. 1991)).

Jones was injured when Bard's "Eclipse" filter broke apart and one of the pieces moved to her lung. She sought to introduce evidence of a different outcome (deaths of patients) caused by a different kind of complication (cephalad migration) from a different device made by Bard (the "Recovery" filter, last sold more than four years before Jones received her Eclipse filter). In a careful and thorough order, the district court concluded that the evidence would have "at most, marginal relevancy," and posed a danger of "prompt[ing] a jury decision based on

2

emotion" because it involved patients who had died. Because "it appears from the record as a whole that the trial judge adequately weighed the probative value and prejudicial effect of [the] proffered evidence . . . we conclude that the demands of Rule 403 have been met." *Boyd v. City & Cty. of San Francisco*, 576 F.3d 938, 948 (9th Cir. 2009) (quoting *United States v. Verduzco*, 373 F.3d 1022, 1029 n.2 (9th Cir. 2004)).

Jones contends that Bard opened the door to the introduction of the evidence by suggesting that intravascular filters were lifesaving devices. The district court permitted Jones to respond to Bard's suggestion by "presenting evidence that [intravascular] filter complications can also cause death," but it determined that the other evidence Jones sought to introduce remained of limited relevance. That was not an abuse of discretion. *See United States v. Sine*, 493 F.3d 1021, 1037–38 (9th Cir. 2007).

**AFFIRMED**.