**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC<br><br>**ORDER** |

In Case Management Order ("CMO") 47, the Court directed the parties (1) to file, by October 23, 2020, a joint report identifying all cases that were dismissed without prejudice under a settlement agreement but where the plaintiffs have opted out of the settlement, and (2) to file, by November 13, 2020, a joint report on all Track 2 cases for which no appropriate stipulated dismissal has been filed by the November 2, 2020 deadline. Doc. 21540 at 5-6.[1]

On October 23, the parties filed a report indicating that 101 plaintiffs, who were originally part of a settlement and dismissed their cases, have now opted out of the settlement. Doc. 21663 at 2; *see* Docs. 21663-1 (listing 2 cases to be remanded by the JPML), 21663-2 (listing 99 cases to be transferred to appropriate courts).[2] The parties also identified, in the October 23 report, 327 plaintiffs who have not opted out of the settlement

---

[1] CMO 42 provides that all Track 2 cases for which no stipulated dismissal has been filed by May 1, 2020, will be recommended to the JPML for remand or will be transferred under § 1404(a). Doc. 16343 at 7. The May 1 deadline was extended to November 2, 2020. Doc. 21518.

[2] *See also* Doc. 21664 (identifying materials to be provided to courts receiving the cases via remand or transfer).

but who have yet to sign a release of claims. Doc. 21663 at 2. The parties state that 99 plaintiffs are still considering the settlement amount allocated to them, 43 plaintiffs are deceased with no known heirs, 78 plaintiffs have been unresponsive to inquiries from counsel, and counsel have been unable to locate 107 plaintiffs. *Id.* The parties "seek direction from the Court as to how it would like to treat plaintiffs in these categories[,]" noting that the plaintiffs "have not opted out of the settlement, but the possibility exists that they may in the future." *Id.* at 3.

On November 6, the parties identified 901 cases remaining in the MDL that were not dismissed by the November 2 deadline. Doc. 21717 at 2. The parties state that these cases are subject to settlement agreements and each plaintiff has signed a release. *Id.* The parties further state that the plaintiffs have been unable to dismiss their cases "because – for a variety of reasons – the settlement funds have not been disbursed as of yet." *Id.* The parties move for an extension until March 15, 2021 to finalize the settlements and file dismissals in these cases. *Id.*

A telephonic hearing is set for **December 8, 2020 at 2:00 p.m.** on the motion for extension of time (Doc. 21717) and the 327 plaintiffs who have not opted out of the settlement but who have yet to sign a release (Doc. 21663). Three days before the hearing, the parties jointly shall file a memorandum addressing the following issues:

1. Whether plaintiffs' counsel gave each plaintiff a deadline to either accept the allocated settlement amount or opt out of the settlement;

2. Whether any of the 99 plaintiffs who were considering the settlement amount have since decided to accept the amount or opt out of the settlement;

3. The specific efforts plaintiffs' counsel have made (a) to identify known heirs of the 43 deceased plaintiffs, (b) to contact – via phone, email, or mail – the 78 unresponsive plaintiffs, and (c) to locate the 107 missing plaintiffs identified in the October 23 report (Doc. 21663 at 2);

4. Whether some or all of the 327 cases in which the plaintiffs have not signed

a release or opted out of the settlement should remain dismissed, or whether the dismissals should be vacated and the cases remanded or transferred to appropriate courts;

     5.     The reasons why the settlement funds have not been disbursed to the 901 plaintiffs identified in the motion for extension of time (Doc. 21717);

     6.     The specific steps that need to be taken for the settlement funds to be disbursed, and the time it will take to complete each such step; and

     7.     The reasons, if any, why dismissals would not be filed by the requested March 15, 2021 deadline given that each of the 901 plaintiffs have signed a release, "thereby committing to the settlements and waiving the ability to opt out of the settlements" (*id* at 2).[3]

Counsel for plaintiffs shall initiate a dial-in telephone conference for purposes of the hearing. Counsel for plaintiffs shall provide the dial-in number to counsel for all parties and the Court no later than 12:00 noon on December 7, 2020.

Dated this 9th day of November, 2020.

David G. Campbell
Senior United States District Judge

---

[3] The parties state that after March 15, 2021, they "would submit the report required by [CMO 47] for the remaining plaintiffs who have not filed a dismissal." *Id.*

- 3 -