Mark S. O'Connor (011029)
BEUS GILBERT PLLC
701 North 44th St.
Phoenix, AZ 85008
Telephone: (480) 429-3000
moconnor@beusgilbert.com

Ramon Rossi Lopez (admitted *pro hac vice*)
(CA Bar No. 86361)
LOPEZ MCHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660
rlopez@lopezmchugh.com

*Attorneys for Plaintiffs*

James R. Condo (#005867)
Kristine L. Gallardo (#033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2204
Telephone: (602) 382-6000
jcondo@swlaw.com
kgallardo@swlaw.com

Richard B. North, Jr. (admitted *pro hac vice*)
Georgia Bar No. 545599
Matthew B. Lerner (admitted *pro hac vice*)
Georgia Bar No. 446986
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
richard.north@nelsonmullins.com
matthew.lerner@nelsonmullins.com

*Attorneys for Defendants
C. R. Bard, Inc. and
Bard Peripheral Vascular, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-DGC<br><br>**JOINT REPORT REGARDING "TRACK 2" CASES THAT HAVE NOT BEEN DISMISSED**<br><br>(Assigned to the Honorable David G. Campbell) |

In Case Management Order No. 47 dated July 16, 2020 (Doc. 21540), the Court ordered the parties to submit a joint report on November 13, 2020 identifying those cases remaining in the MDL that were not dismissed by November 2, 2020. The order further required the parties to submit the necessary information regarding those cases so that they could be remanded or transferred to the appropriate jurisdiction. The parties are therefore submitting this report.

## I. DISMISSED CASES TO BE REINSTATED AND TRANSFERRED

In the status report submitted to the Court on October 23, 2020 (Doc. 21663), the parties noted that a number of plaintiffs who had previously dismissed their cases had not decided whether to accept the settlement amounts allocated to them. Since that date, roughly 20 have "opted out" of the settlement reached by their attorneys. Hence, the parties have attached as Exhibit "A" a list of those plaintiffs. In accordance with this Court's previous orders, these cases are ready to have the previous dismissals vacated, and then be transferred to the appropriate jurisdictions.

## II. "TRACK 2" CASES WITH SIGNED RELEASES

The parties have previously filed a motion asking this Court to extend the deadline for filing dismissals of cases where the plaintiff has already signed a release. See Doc. 21717. That motion identified roughly 900 plaintiffs that fall in that category. Since the date that motion was filed, a number of additional plaintiffs have signed releases. The parties respectfully request that those plaintiffs be afforded the same extension as the previous plaintiffs who signed releases. A revised list of cases with signed releases is attached as Exhibit "B". However, if this Court denies the motion for an extension that was previously filed, the parties will of course promptly furnish the Court an exhibit providing the information necessary to complete the remand or transfer of those cases.

## III. "TRACK 2" CASES WITH NO FEDERAL JURISDICTION

Of the remaining "Track 2" cases now ready to be remanded or transferred, there is a small number of cases in which diversity of citizenship is lacking. A list of those cases is

attached as Exhibit "C". The defendants respectfully request that those cases be dismissed for lack of subject matter jurisdiction.

### IV. THE REMAINING "TRACK 2" CASES

Case Management Order no. 47 requires that the remaining cases be remanded or transferred at this time. There are no cases to be remanded to the Judicial Panel on Multidistrict Litigation. A list of the cases to be transferred pursuant to 28 U.S.C. sec. 1404 is attached as Exhibit "D". The parties note that only a small number of these plaintiffs have actually opted out of the settlements reached by their attorneys. However, for a variety of reasons, the other plaintiffs have not signed a release as of this date. The parties are hopeful that a majority of those plaintiffs will eventually finalize their settlements.

### V. CASES WHERE COUNSEL MAY WITHDRAW

Lastly, there are a small number of cases where, if the plaintiffs do not immediately return signed releases, the plaintiffs' attorneys intend to seek leave to withdraw from the cases. Those cases are listed on Exhibit "E". Counsel for these plaintiffs would prefer that the motions to withdraw be addressed in this Court, rather than after remand. The plaintiffs' attorneys therefore request that the Court afford those plaintiffs 30 additional days either to sign a release and dismiss their cases, or for the attorneys to file a motion to withdraw.

The parties stand ready to address any questions or concerns about this request that the Court may have.

RESPECTFULLY SUBMITTED this 13th day of November, 2020.

BEUS GILBERT PLLC

By: /s/ *Mark O'Connor* (with permission)
   Mark S. O'Connor (011029)
   701 North 44th St.
   Phoenix, AZ 85008

   Ramon Rossi Lopez
   (admitted *pro hac vice*)
   CA Bar No. 86361
   LOPEZ MCHUGH LLP

NELSON MULLINS RILEY & SCARBOROUGH, LLP
By: /s/ *Richard B. North, Jr.*
   Richard B. North, Jr. (*pro hac vice*)
   Georgia Bar No. 545599
   Matthew B. Lerner (*pro hac vice*)
   Georgia Bar No. 446986
   Atlantic Station
   201 17th Street, NW / Suite 1700
   Atlanta, GA 30363

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |

100 Bayview Circle, Suite 5600
Newport Beach, CA 92660

*Co-Lead/Liaison Counsel for Plaintiffs*

James R. Condo (005867)
Kristine L. Gallardo (033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2204

*Attorneys for C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*