UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC<br><br>**ORDER GRANTING AGREED MOTION TO ESTABLISH QUALIFIED SETTLEMENT FUND AND TO APPOINT <u>TRUSTEE</u>** |

Upon Agreed Motion of the Parties, and for good cause shown, the Court hereby **ORDERS** as follows:

1. The "Gallagher & Kennedy IVC Filter Settlement Trust 1" (the "Fund") shall be established as a Qualified Settlement Fund trust within the meaning of Treas. Reg. Section 1.468B-1, et seq., and shall remain subject to the continuing jurisdiction of this Court, as required by Treas. Reg. Section 1.468B-1(c)(1).

2. Eastern Point Trust Company is appointed as Trustee pursuant to the terms, conditions, and restrictions of the Agreed Motion to Establish Qualified Settlement Fund and the Master Settlement Agreement referenced therein, and said Trustee with all duties, and the powers so granted by the applicable trust code is additionally granted the authority to conduct any and all activities necessary to administer this Fund as described in said Motion and Master Settlement Agreement. The Trustee shall be the administrator of the Fund within the meaning of Treasury Regulation Section 1.468B-2(k)(3).

3.    No bond is required for the Fund and the Fund, which includes all principal and interest earned thereon, shall be deposited in an account comprised of (a) United States Agency, Government Sponsored Enterprises (GSEs) or Treasury securities or obligations (or a mutual fund invested solely in such instruments), (b) cash equivalent securities, and/or (c) certificates of deposit, provided all said certificates of deposit are fully insured by the FDIC.  The Fund shall be held at Atlantic Union Bank located at 24010 Partnership Blvd., Ruther Glen, VA 22546, which is a financial institution doing business in the State of Virginia (hereinafter "Custodian"), for the benefit of and titled in the legal name of the Fund according to the terms and conditions of the Master Settlement Agreement, and said financial institution shall be responsible for any and all investment related decisions, pursuant to these terms and conditions.  Notwithstanding the foregoing, Custodian shall not be allowed to distribute any income or principal from the Fund except upon the written instructions of the Trustee upon written approval or authorization by Bard, or if requested, upon an order of this Court in accordance with, or as may be otherwise provided in, the Master Settlement Agreement.

4.    The Fund is authorized to enter into agreements with persons requesting the use of settlements with periodic payments.

5.    The Fund is authorized to effect qualified assignments of any resulting structured settlement liability within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee in compliance with all the requirements of Section 130 of the Internal Revenue Code and Rev. Proc. 93-94, 1993-2 C.B. 470.

6.      The Trustee is authorized to distribute (on behalf of Claimants) all attorneys' fees and litigation expenses to counsel for Claimants, consistent with the existing contingency fee contracts, as allowed in the Master Settlement Agreement and any applicable laws relating to cases involving minor children.

7.      The Trustee is authorized, upon final distribution of all monies paid into the Fund to eligible claimants under the terms of the Master Settlement Agreement, to take appropriate steps to wind-down the Fund, including remitting unused funds back to Bard, and thereafter the Trustee are discharged from any further responsibility with respect to the Fund.

SIGNED THIS _____ DAY OF _____, 2020.


_____
JUDGE DAVID G. CAMPBELL
Senior United States District Judge


8384508v1/26997-0000