UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Bard IVC Filters Products Liability Litigation | No. MDL15-02641-PHX-DGC<br><br>**ORDER GRANTING AGREED MOTION TO ESTABLISH MOODY QUALIFIED SETTLEMENT FUND AND TO APPOINT FUND ADMINISTRATOR** |

Upon Agreed Motion of the Parties (Doc. 21760), and for good cause shown, the Court hereby ORDERS as follows:

1. The "Moody Bard IVC Qualified Settlement Fund" (the "Fund") shall be established as a Qualified Settlement Fund within the meaning of Treas. Reg. Section 1.468B-1, and shall remain subject to the continuing jurisdiction of this Court, as required by Treas. Reg. Section 1.468B-1(c)(1).

2. ARCHER Systems, LLC is appointed as Fund Administrator pursuant to the terms, conditions, and restrictions of the Agreed Motion to Establish Qualified Settlement Fund and the Master Settlement Agreement referenced therein, and said Fund Administrator is granted the authority to conduct any and all activities necessary to administer this Fund as described in said Motion and Master Settlement Agreement. The Fund Administrator shall be the administrator of the Fund within the meaning of Treasury Regulation Section 1.468B-2(k)(3).

3. No bond is required for the Fund and the Fund, which includes all principal and interest earned thereon, shall be deposited in an account comprised of (a) any obligations of, or any obligation guaranteed as to principal and interest by, the United

States of America or any agency or instrumentality thereof, including the Federal Deposit Insurance Corporation; or (b) U.S. dollar denominated deposit accounts with domestic commercial or national banks that have a short term issuer rating on the date of purchase of "A-1" or better by S&P or "Prime-1" or better by Moody's and maturing no more than 360 days after the date of purchase (provided that ratings on holding companies are not considered as the rating of the bank); or (c) money market accounts or money market funds registered under the Federal Investment Company Act of 1940, whose shares are registered under the Securities Act, and rated "AAAm" or "AAAm-G" or better by S&P, and "Aaa," "Aa1" or "Aa2" if rated by Moody's, including any mutual fund for which the Fund Administrator or an affiliate of the Fund Administrator serves as investment manager, administrator, shareholder servicing agent, and/or custodian. The Fund shall be held at Amegy Bank, a division of Zions Corp., NA, which is a financial institution doing business in the State of Texas (hereinafter "Escrow Agent"), for the benefit of and titled in the legal name of the Fund according to the terms and conditions of the Master Settlement Agreement, and said financial institution shall be responsible for any and all investment related decisions, pursuant to these terms and conditions. Notwithstanding the foregoing, Escrow Agent shall not be allowed to distribute any income or principal from the Fund except upon the written instructions of the Fund Administrator upon written approval or authorization by Bard, or if requested, upon an order of this Court in accordance with, or as may be otherwise provided in, the Master Settlement Agreement.

4. The Fund is authorized to enter into agreements with persons requesting the use of settlements with periodic payments.

5. The Fund is authorized to effect non-qualified or qualified assignments of any resulting structured settlement liability within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee in compliance with all the requirements of Section 130 of the Internal Revenue Code and Rev. Proc. 93-94, 1993-2 C.B. 470 as directed in writing by Claimants or their counsel.

6. The Fund Administrator is authorized to distribute (on behalf of Claimants) all attorneys' fees and litigation expenses to counsel for Claimants, consistent with the existing contingency fee contracts, as allowed in the Master Settlement Agreement.

7. The Fund Administrator is authorized, upon final distribution of all monies paid into the Fund to eligible claimants under the terms of the Master Settlement Agreement, to take appropriate steps to wind-down the Fund, including remitting unused funds back to Bard, and thereafter the Fund Administrator is discharged from any further responsibility with respect to the Fund.

Dated this 15th day of January, 2021.

_____
David G. Campbell
Senior United States District Judge