UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

| | | |
|---|---|---|
| In Re: Bard IVC Filters | ) | No. **MD-15-2641-PHX-DGC** |
| Products Liability | ) | |
| Litigation | ) | Phoenix, Arizona |
| | ) | January 27, 2021 |
| _____ | ) | 4:34 p.m. |

BEFORE:   THE HONORABLE DAVID G. CAMPBELL, JUDGE

REPORTER'S TRANSCRIPT OF PROCEEDINGS

TELEPHONIC STATUS CONFERENCE

Official Court Reporter:
Candy L. Potter, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 36
Phoenix, Arizona 85003-2151
(602) 322-7246

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

**MD-15-2641-PHX-DGC - January 27, 2021**

**T E L E P H O N I C**
**A P P E A R A N C E S**

For the Plaintiffs:
    Freese & Goss
    By:  **Tim K. Goss**, Esq.
    3500 Maple Avenue, Suite 1100
    Dallas, Texas 75219

    Lopez McHugh
    By:  **Ramon Rossi Lopez**, Esq.
    100 Bayview Circle, Suite 5600
    Newport Beach, California 92660

    Beus Gilbert McGroder
    By:  **Mark Stephen O'Connor**, Esq.
    701 North 44th Street
    Phoenix, Arizona 85008

For the Defendants:
    Nelson Mullins Riley & Scarborough
    By:  **Richard B. North, Jr.**, Esq.
    201 17th Street NW, Suite 1700
    Atlanta, Georgia 30363

    The Wagner Law Group
    By:  **Russell Gaudreau**, Esq.
    99 Summer Street, 13th Floor
    Boston, Massachusetts 02110

1     (Proceedings begin at 4:34 p.m.)

2          THE CLERK:  MDL case 15-2641, In Re: Bard IVC Filters

3    Liability Litigation, on for a telephonic status conference.

4          Counsel, please announce for the record.

5          MR. GOSS:  Tim Goss for the plaintiffs.

6          MR. LOPEZ:  Good afternoon, Your Honor, Ramon Lopez

7    also for the plaintiffs.

8          MR. O'CONNOR:  Your Honor, Mark O'Connor for the

9    plaintiffs.

10         MR. NORTH:  Richard North for the defendants.

11         MR. GAUDREAU:  Russell Gaudreau for the defendants.

12         THE COURT:  Anybody else?

13         Okay.  Counsel, I have reviewed the status report that

14   was filed on January 26th by plaintiffs' counsel at Matthews &

15   Associates and Freese & Goss, and -- as well as previous

16   documents that we've entered.

17         This is where I see things standing as of today:  We

18   are going to be entering an order in the next day or two that

19   will reinstate a number of cases that were previously dismissed

20   subject to the tolling agreement.  The number that we've been

21   working with is 143 such cases, but the status report indicates

22   on page 2 that there's another four that have turned down the

23   settlement.

24         So what we need to do is get from plaintiffs' counsel

25   the identity of those four cases.  We will add them to the

1   other 143, and we will enter the order that brings those cases
2   back into the MDL.  And as I say, we'd like to get that done in
3   the next day or two.  So if you haven't given us the
4   identification information for those four cases, we'd
5   appreciate you doing it today or first thing tomorrow.                16:36:57
6           MR. NORTH:  Your Honor.
7           THE COURT:  Go ahead, Mr. North.
8           MR. NORTH:  I'm sorry, Your Honor, Richard North.
9           I did send to Miss Outley yesterday via email and
10  copied the plaintiffs' attorneys the information for those four      16:37:14
11  cases so they can be included in the reinstatement order.
12          THE COURT:  Okay.  Nancy, any issues with that
13  information?
14          MS. OUTLEY:  Let me look for it.  I don't recall
15  receiving it, so let me look.                                        16:37:27
16          THE COURT:  Why don't you look for it as we keep going
17  and let us know by the end of the call if for some reason that
18  hasn't come in.
19          The next step we will then take is to enter a remand
20  and transfer order.  That remand and transfer order will             16:37:41
21  include these cases that we're reinstating in the MDL.  By our
22  count there's going to be three cases that will be remanded,
23  that will be Schedule A to remanded transfer order.  It's about
24  500 cases that will be transferred under 1404.  That will be
25  Schedule B.                                                          16:38:08

|   |   |   |
|---|---|---|
| 1 | That remanded transfer order will be essentially the | |
| 2 | same order that we've entered before, just updated a little | |
| 3 | bit.  And we'll send those cases back to their home districts. | |
| 4 | We will then have in place the March 15th deadline | |
| 5 | that we established in CML 48 for the remaining Track 2 cases. | 16:38:27 |
| 6 | And so we'll be working toward that March 15th deadline. | |
| 7 | I don't know if we have a hearing set related to that | |
| 8 | yet.  But let's -- Christine, maybe you could look to see if we | |
| 9 | have one in or around March 15th, and we can come back and talk | |
| 10 | about that. | 16:38:53 |
| 11 | A question that was raised in the status report that | |
| 12 | you filed concerns the 200 or so cases that are still dismissed | |
| 13 | subject to a tolling order.  And in the January 26 status | |
| 14 | report it indicates that there are about 20 of them considering | |
| 15 | the settlement, about 21 who are deceased with no known heirs, | 16:39:14 |
| 16 | about 114 that are not responding to inquiries, and about 45 | |
| 17 | that can't be located, for a total of about 200 cases. | |
| 18 | We will extend the deadline for dealing with those to | |
| 19 | March 15th.  I think that makes sense.  But I want to tell you | |
| 20 | what I think we should do then and get your thoughts. | 16:39:41 |
| 21 | I don't think it makes any sense if we still have, as | |
| 22 | I'm sure we will, cases on March 15th where they're deceased | |
| 23 | with no known heirs, or they're not responding, or they can't | |
| 24 | be located, to send those cases back to other courts and just | |
| 25 | have them have to deal with that problem.  It seems to me, | 16:40:03 |


```
                  MD-15-2641-PHX-DGC - January 27, 2021

 1              That remanded transfer order will be essentially the
 2   same order that we've entered before, just updated a little
 3   bit.  And we'll send those cases back to their home districts.
 4              We will then have in place the March 15th deadline
 5   that we established in CML 48 for the remaining Track 2 cases.      16:38:27
 6   And so we'll be working toward that March 15th deadline.
 7              I don't know if we have a hearing set related to that
 8   yet.  But let's -- Christine, maybe you could look to see if we
 9   have one in or around March 15th, and we can come back and talk
10   about that.                                                         16:38:53
11              A question that was raised in the status report that
12   you filed concerns the 200 or so cases that are still dismissed
13   subject to a tolling order.  And in the January 26 status
14   report it indicates that there are about 20 of them considering
15   the settlement, about 21 who are deceased with no known heirs,      16:39:14
16   about 114 that are not responding to inquiries, and about 45
17   that can't be located, for a total of about 200 cases.
18              We will extend the deadline for dealing with those to
19   March 15th.  I think that makes sense.  But I want to tell you
20   what I think we should do then and get your thoughts.               16:39:41
21              I don't think it makes any sense if we still have, as
22   I'm sure we will, cases on March 15th where they're deceased
23   with no known heirs, or they're not responding, or they can't
24   be located, to send those cases back to other courts and just
25   have them have to deal with that problem.  It seems to me,          16:40:03
```

|  |  |  |
|---|---|---|
| 1 | given the amount of effort that appears to have been put in to |  |
| 2 | locating these people, to getting them to respond, that their |  |
| 3 | cases should just be dismissed because they can't be |  |
| 4 | prosecuted. |  |
| 5 | And it sounds as though plaintiffs' counsel have been | 16:40:20 |
| 6 | making diligent efforts to try to get them engaged or locate |  |
| 7 | them and get them to deal with their case, and they're not. |  |
| 8 | And it seems to me they should just be dismissed for lack of |  |
| 9 | prosecution. |  |
| 10 | And my thought is that we ought to change the | 16:40:35 |
| 11 | dismissal without prejudice to a dismissal with prejudice, |  |
| 12 | because they're just not responding and they've had a lot of |  |
| 13 | time to do that. |  |
| 14 | And I would include in that anybody who won't make a |  |
| 15 | decision on the settlement by then.  The 20 or so who haven't | 16:40:51 |
| 16 | decided ought to be told, you've got until then to decide, and |  |
| 17 | if you don't decide, we're going to dismiss your case.  If you |  |
| 18 | opt out, fine, we'll remand it to another court.  If you opt |  |
| 19 | in, fine, you'll get the settlement.  But if you sit on the |  |
| 20 | fence, you're going to get your case dismissed, so that they | 16:41:10 |
| 21 | know they actually need to make a decision by March 15th. |  |
| 22 | That's my initial thought, but I'm interested in what |  |
| 23 | you all think we ought to do when we get there.  Why don't we |  |
| 24 | start with plaintiffs' counsel. |  |
| 25 | MR. GOSS:  Sure, Your Honor. | 16:41:24 |

1            This -- and for the court reporter this is Tim Goss.

2            I agree with the -- Your Honor's suggestion.  I think

3   that will get some people to move.

4            Just for the Court's information, I think we're pretty

5   much at the end of the road on this.  We've had a 95-percent               16:41:42

6   participation rate approximately.  My experience has always

7   been that releases and decisions continue to trickle in.

8            I think that a good suggestion is that we send one

9   last letter explaining what the Court has informed us of and

10  see where we end up.                                                       16:42:05

11           THE COURT:  Any other thoughts from plaintiffs'

12  counsel?

13           Okay.  How about from the defense?

14           MR. NORTH:  Your Honor, Richard North.

15           I think that sounds like a good plan.                             16:42:19

16           THE COURT:  Okay.  Then what we will do is -- and,

17  Jeff, I think we probably ought to put this into a case

18  management order so it's a document in the docket.

19           We will say that we are extending the time for these

20  dismissed cases to resolve to March 15th.  But if by that date            16:42:40

21  people have not decided on settlements, or they can't be

22  located, or they're deceased without heirs, or they're not

23  responding, we're going to dismiss them without prejudice.  And

24  that way we'll convert their dismissals to dismissals without

25  prejudice, and that way we won't be handing that problem off to            16:43:00

```
 1   a group of judges all across the country who will have to get
 2   up to speed and get all of that done.
 3             Nancy has sent me an email saying she found your
 4   email, Mr. North, so we've got those four additional cases that
 5   we will add to the reinstatement order.                              16:43:20
 6             Christine, did you see whether we have a hearing set
 7   in mid March?
 8             THE CLERK:  Your Honor, there's not.
 9             THE COURT:  Okay.  March 15th is a Monday?
10             THE CLERK:  Yes, Your Honor.                               16:43:44
11             THE COURT:  Yeah, I think what I'd like to do,
12   counsel, is have you file a status report about what's happened
13   as of that March 15th deadline on -- by the close of business
14   on March 17th, so we know where everything stands as of March
15   15th.                                                                16:44:09
16             And then let's set a telephone conference for
17   2:00 p.m. Arizona time on Friday, March 19th.  And that will be
18   the final call to decide what happens with everything that's
19   still either on track 2 or is one of these dismissed cases.
20             Are there questions, concerns, other issues that we       16:44:33
21   ought to talk through today?
22             MR. GOSS:  This is Ken Goss.
23             I don't have anything further, Your Honor.  Thank you.
24             MR. NORTH:  Your Honor, Richard North.
25             Nothing further from the defendants.                       16:44:51
```

| | | |
|---|---|---|
| 1 | THE COURT: Mr. Lopez or Mr. O'Connor on behalf of | |
| 2 | plaintiffs generally, do you see any other issues that we need | |
| 3 | to talk through? | |
| 4 | MR. LOPEZ: Not at this time, Your Honor. | |
| 5 | This is Ramon Lopez, Your Honor. | 16:45:04 |
| 6 | Not at this time. I actually said that, but I was on | |
| 7 | mute. Sorry about that. | |
| 8 | MR. O'CONNOR: And Mark O'Connor. | |
| 9 | Not at this time, Your Honor. | |
| 10 | THE COURT: Jeff, can you see other things we ought to | 16:45:15 |
| 11 | include in today's discussion? | |
| 12 | MR. KILMARK: No, I think that covers everything. | |
| 13 | And I'll revise the upcoming case management order to | |
| 14 | include what we just discussed. | |
| 15 | THE COURT: Okay. Nancy, how about you? Anything | 16:45:31 |
| 16 | we're missing? Any loose ends? | |
| 17 | MS. OUTLEY: No, I think we're good. | |
| 18 | I sent you the email, Jeff has it, and we'll add that | |
| 19 | to the charge and get the order filed. | |
| 20 | THE COURT: Okay. Okay. Thank you everybody. We'll | 16:45:40 |
| 21 | talk to you in March. | |
| 22 | And let me know in the meantime if there's any issues | |
| 23 | we need to address. And stay safe. | |
| 24 | (Proceedings concluded at 4:45 p.m.) | |
| 25 | -oOo- | |

C E R T I F I C A T E

I, CANDY L. POTTER, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

DATED at Phoenix, Arizona, this 4th day of March, 2021.


                                    s/Candy L. Potter_____
                                    Candy L. Potter, RMR, CRR