David P. Matthews
MATTHEWS & ASSOCIATES
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
dmatthews@matthewslawfirm.com

Tim K. Goss
FREESE & GOSS
3500 Maple Ave., Suite 1100
Dallas, TX 75204
Telephone: (214) 751-6610
tim@freeseandgoss.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation | No. 2:15-MD-02641-DGC<br><br>**UPDATED STATUS REPORT**<br><br>(Assigned to the Honorable David G. Campbell) |

In Case Management Order No. 49, the Court ordered the parties to submit an updated status report addressing the 200 dismissed cases previously identified to the Court in which the plaintiffs had not signed a release or opted out of the settlement (the "200 Cases"). As directed by the Court, Freese & Goss and Matthews & Associates ("FG/MA") submit the following updated information regarding the 200 Cases for the Court's consideration:

**I.**

Since the Court was last updated on January 26, 2021, FG/MA has continued its efforts to locate, contact, and secure settlement decisions in the remaining 200 Cases that had been dismissed without a settlement decision. As a result of that work, FG/MA has resolved 71 of the 200 Cases: (a) fifty-seven (57) plaintiffs have accepted the settlement,

(b) thirteen (13) plaintiff have chosen to opt-out of the settlement, and (c) one (1) plaintiff has requested that her case be closed.[1]  Thus, there remain 129 dismissed cases without settlement decisions (the "129 Cases").

**II.**

The current status of the remaining 129 Cases is summarized in the following chart and discussed in greater detail in the following paragraphs:

|  | Oct. 23, 2020 | Dec. 4, 2020 | Jan. 26, 2021 | March 15, 2021 |
|---|---|---|---|---|
| Considering the settlement | 99 | 24 | 20 | 0 |
| Deceased with no known heirs | 43 | 43 | 21 | 22 |
| Nonresponsive to inquiries | 78 | 111 | 114 | 66 |
| Not able to be located | 107 | 39 | 45 | 41 |
| TOTAL | 327 | 217 | 200 | 129 |

<u>Plaintiffs Considering the Settlement: (0)</u>  Since January 26, 2021, FG/MA has resolved 17 of the 20 cases involving dismissed plaintiffs who were still considering the settlement (13 accepted the settlement, 3 opted out, and 1 plaintiff asked to have her case closed).  Of the remaining three plaintiffs that had been considering the settlement:  two have become non-responsive to efforts by FG/MA to reach them by telephone, text, voicemail, email and/or correspondence and have been recategorized as non-responsive, and one plaintiff was determined to be deceased and has been recategorized as such.

---

[1] Although not a part of the 200 Cases, FG/MA would note that 12 plaintiffs who had previously opted-out of the settlement have changed their mind and executed settlement releases.  These 12 releases are separate from and *in addition to* the 57 decisions to accept the settlement received from among the 200 Cases. In those instances where the case has been transferred out of the MDL Court, the parties are taking appropriate steps to have the case dismissed by the transferee court. If any plaintiff communicates a change of decision prior to being transferred out of this Court, the list of opt-outs will be modified to reflect that plaintiff's new decision.

<u>Deceased Plaintiffs With No Known Heirs:</u> (22) Since last updating the Court, FG/MA has succeeded in locating, contacting and securing a settlement decision in two of the twenty-one cases previously categorized as "deceased with no known heirs/unresponsive heirs." Heirs in one case have chosen to accept the settlement and heirs in the other have chosen to opt out. . To the 19 cases that remained in the deceased category, three have been added after it was determined by FG/MA that plaintiffs from the "considering" (1 plaintiff) and " non-responsive" (2 plaintiffs) categories had passed away.

<u>Plaintiffs Who Are Non-Responsive to Inquiries:</u> (66) Over the past six weeks, FG/MA was able to obtain settlement decisions from 44 of the 114 plaintiffs whose cases had been categorized as "Non-Responsive." Of those 44 plaintiffs: 36 accepted the settlement and 8 chose to opt out of the settlement. Six plaintiffs from the non-responsive category were reclassified after new information was discovered about their cases (2 were moved to the "deceased" category and 4 were reclassified as "not able to be located"). To the 64 cases that remained in the "non-responsive" category, two were added that had previously been a part of the "considering" group.

<u>Plaintiffs Who Are Not Able to Be Located:</u> (41) FG/MA (assisted by lead counsel/referring counsel) has been able to locate and obtain settlement decisions from 8 of the 45 plaintiffs previously identified as "Not Able to be Located." Thirty-seven (37) plaintiffs remain classified as "Not Able to Be Located" and four (4) plaintiffs have been moved from the "non-responsive" group into this category. after it was determined by FG/MA that the contact information on file for those four plaintiffs was not correct.

### III.

FG/MA is appreciative of the Court's patience in allowing FG/MA to conduct the time-consuming work of locating and contacting hard-to-find plaintiffs. Because of the Court's reasonableness in granting extensions, nearly 200 Plaintiffs who might otherwise

have seen their claims dismissed have, instead, been able to choose whether to participate in the settlement.

When FG/MA last requested an extension of time until March 15, 2021 to pursue settlement decisions among the remaining 200 Cases, FG/MA sincerely believed that that extension would be the last one necessary. FG/MA has been surprised by the success of its most recent efforts and encouraged to seek one, *final,* extension of time in hopes of achieving a further significant reduction from among the remaining 129 Cases.

Over the past seven weeks, FG/MA has been able to resolve over one-third of the 200 Cases that were identified to the Court in January. Significantly, there are no plaintiffs left on the fence: *every* known and responsive plaintiff that had been considering the settlement has now made a settlement decision.

Equally significant is the fact that settlement decisions have been obtained from over 50 plaintiffs (or heirs of plaintiffs) who had previously been unknown, missing or non-responsive. FG/MA believes that the substantial progress made in these groups during the most recent seven -week period was enabled, in part, by the work begun during the preceding term to identify, locate and contact plaintiffs. Similarly, FG/MA expects that information discovered and contacts made during this most recent term will continue to result in additional settlement decisions in the coming weeks.[2] Indeed, in the days (and even hours) leading up to the filing of this Updated Status Report, settlement decisions continued to be received by FG/MA.

Given the settlement momentum that FG/MA has currently generated and FG/MA's ability to focus resources intensely on a shrinking pool of cases, FG/MA requests an additional period of sixty (60) days to make a final, targeted, effort directed at the

---

[2] In its conversations with previously "missing" plaintiffs in this and other litigations, FG/MA has come to appreciate the role of the pandemic -- and the economic hardships it created -- in making certain clients unreachable. Several clients have shared stories of losing jobs, losing homes and apartments, having to move in with friends or relatives, or having their phone or internet service shut off. Indeed, FG/MA has also learned that at least one of its clients who could not be located died due to COVID, as recently reported by a surviving heir. Given that many of these hard-to-reach plaintiffs might be among those most in need of the relief afforded by settlement participation, FG/MA believes that the circumstances warrant an additional period of time to continue its efforts to find and contact missing Plaintiffs.

remaining 129 Cases. FG/MA would propose that a status conference be scheduled on or shortly after May 17, 2021 at which time FG/MA anticipates being able to provide the Court with a final list of cases for reinstatement and transfer or remand.

RESPECTFULLY SUBMITTED this 17th day of March, 2021.

> By: /s/ *David P. Matthews*
> David P. Matthews
> Texas Bar No. 13206200
> dmatthews@matthewslawfirm.com
> MATTHEWS & ASSOCIATES
> 2509 Sackett St.
> Houston, TX 77098
> Telephone: (713) 522-5250
> Facsimile (713) 535-7184
>
> Tim K. Goss
> Texas Bar No. 08222660
> tim@freeseandgoss.com
> FREESE & GOSS
> 3500 Maple Ave., Suite 1100
> Dallas, TX 75204
> Telephone: (214) 761-6610
> Facsimile: (214) 761-6688
> *Attorneys for Plaintiffs*

I hereby certify that on this 17th day of March, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

/s/ *David P. Matthews*