RUSSELL W. BUDD (admitted *pro hac vice*)
(TX Bar No.: 03312400)
CHARLES G. ORR III
(TX Bar No.: 00788148)
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Tel.: (214) 521-3605
Fax: (214) 520-1181
rbudd@baronbudd.com
corr@baronbudd.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC <br><br> **UNOPPOSED MOTION FOR ENTRY OF A QUALIFIED PROTECTIVE ORDER** |

By this motion, Baron & Budd, P.C. ("Claimants' Counsel") seeks the entry of the attached Qualified Protective Order allowing protected health information and/or individually identifiable health information as defined by 45 C.F.R. 160.103 or information that is otherwise protected from disclosure by Health Insurance Portability and Accountability Act of 1996 ("HIPAA")[1] or other applicable state law, regarding the individuals listed on Exhibit A to the attached Qualified Protective Order, to be transmitted to undersigned counsel and any third-party authorized by undersigned counsel to assist in the resolution of potential liens and reimbursement claims. Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard") do not oppose this Motion.

The Settlement Agreement requires the appointment of a Lien Resolution Administrator to assist in the resolution of potential liens and reimbursement claims, including, but not limited to,

---

[1] HIPAA shall mean the provisions of the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, 110 Stat. 1936 (1996) and the implementing regulations issued thereunder including 45 C.F.R. Parts 160 and 164. HIPAA allows the Secretary of Health and Human Services to implement any appropriate or necessary regulations. *Murphy v. Dulay*, 768 F.3d 1360, 1368 (11th Cir. 10/10/2014). The Secretary of Health and Human Services promulgated 45 C.F.R. Parts 160 and 164 to address the privacy and disclosure of protected health information and/or individually identifiable health information. *Id.*

1  those that may be asserted with respect to federal Medicare benefits as contemplated by the
2  Medicare Secondary Payer Act, 42 U.S.C. § 1395y and interpreting case law, including but not
3  limited to private carriers that have provided coverage pursuant to Medicare Part C (any Medicare
4  Advantage Plan); Medicaid liens; other governmental healthcare programs with statutory
5  reimbursement or subrogation rights (including, by way of example without limitation,
6  TRICARE, VA, and Indian Health Services benefits); or other private insurers. The Lien
7  Resolution Administrator's duties and functions include the authority to act as agent for
8  undersigned counsel for purposes of lien identification; to receive and release identifiable health
9  information; and to resolve liens and reimbursement claims.

10  In order to complete the duties and functions described above, the Lien Resolution
11  Administrator will need access to protected health information and/or individually identifiable
12  health information as defined by 45 C.F.R. 160.103 or information that is otherwise protected
13  from disclosure by HIPAA or other applicable state law, regarding the individuals listed on
14  Exhibit A to the attached Qualified Protective Order.

15  C.F.R. 164.512(e)(1)(i) provides:

16  (e) Standard: Disclosures for judicial and administrative proceedings. (1) Permitted
    disclosures. A covered entity may disclose protected health information in the
17  course of any judicial or administrative proceeding: (i) In response to an order of a
    court or administrative tribunal, provided that the covered entity discloses only the
18  protected health information expressly authorized by such order….

19  The attached Qualified Protective Order has satisfactory safeguards in place to limit the
20  disclosure and use of protected health information and/or individually identifiable health
21  information as defined by 45 C.F.R. 160.103 or information that is otherwise protected from
22  disclosure by HIPAA or other applicable state law because the information cannot be used for a
23  purpose other than the settlement of this litigation and the information must be destroyed at the
24  conclusion of this litigation.

25  Wherefore, Claimants' Counsel respectfully requests that this Motion for Entry of a
26  Qualified Protective Order be granted.

27
28

| | | |
|---|---|---|
| 1 | Dated: April 1, 2021 | /s/ Russell W. Budd |
| 2 | | Russell W. Budd (admitted *pro hac vice*) |
| | | (TX Bar No.: 03312400) |
| 3 | | Charles G. Orr, III |
| | | (TX Bar No.: 00788148) |
| 4 | | BARON & BUDD, P.C. |
| | | 3102 Oak Lawn Avenue, Suite 1100 |
| 5 | | Dallas, TX 75219 |
| | | Tel.: (214) 521-3605 |
| 6 | | Fax: (214) 520-1181 |
| | | rbudd@baronbudd.com |
| 7 | | corr@baronbudd.com |

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2021, I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing to all counsel of record who have appeared.

/s/Russell W. Budd
Russell W. Budd