# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC<br><br>**QUALIFIED PROTECTIVE ORDER** |

The individuals listed on attached Exhibit A have asserted claims against defendants in the above captioned action. These individuals have retained BARON & BUDD, P.C. as Counsel to represent them in relation to the above-captioned action. BARON & BUDD, P.C. ("Counsel") agrees that they represent the individuals identified in Exhibit A.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. By virtue of their status as Counsel for the individuals listed on Exhibit A, Counsel shall resolve any potential Part A and/or Part B fee-for-service Medicare Secondary Payer (MSP) claim(s) related to settlements, judgments, awards, or other payments associated with the above captioned action for those individuals on Exhibit A who are or were Medicare beneficiaries.

2. Counsel has also retained ARCHER Systems, LLC ("ARCHER") to identify and resolve potential healthcare liens with Medicaid agencies, TRICARE, Veteran's Administration, Department of Defense, Indian Health Services, and private health insurers, (hereinafter, collectively "the Agencies") claim(s) related to settlements, judgments, awards, or other payments associated with the above captioned action for those individuals on Exhibit A who are or were beneficiaries of the Agencies.

3. The entry of this HIPAA-compliant qualified protective order is necessary in this action in order to permit the Agencies to transmit lists of information, including protected health information and other related information regarding the individuals

listed on Exhibit A to ARCHER, rather than providing copies of individual HIPAA authorizations and information on a claimant-by-claimant basis, including any third party authorized by ARCHER or the Court to assist in the resolution of the Agencies' potential liens and reimbursement claims.

4. As such, it is hereby ordered:

   a. This Qualified Protective Order shall apply to all "protected health information" and "individually identifiable health information," as defined by 45 CFR § 160.103, or information that is otherwise protected from disclosure by the Privacy Act, 5 U.S.C. § 551a, the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, 42 CFR § 431 Subpart F, titled "Safeguarding Information on Applicants and Recipients" and other applicable state law, created, received or collected from plaintiffs and claimants by the Agencies, including, but not limited to: (a) names and addresses, dates of birth, social security numbers, identification numbers and other demographic information that identifies, or could be used to identify the individuals listed on Exhibit A; (b) eligibility and entitlement information for the individuals listed on Exhibit A; (c) claims information relating to the past, present, or future health care of the individuals listed on Exhibit A; (d) claims information relating to the provision of healthcare to the individuals listed on Exhibit A; and, (e) claims information relating to the past, present, or future payment for the provision of healthcare to the individuals listed on Exhibit A.

   b. Each Agency is hereby authorized and directed to transmit to ARCHER to assist in the resolution of potential liens or reimbursement claims, any information, including claims information and other protected health information, for those individuals listed on Exhibit A against whom they may assert liens or reimbursement claims.

   c. ARCHER shall not use or disclose any protected health information or individually identifiable health information subject to this Qualified Protective Order for any purpose other than this litigation, including compliance with any

applicable Court orders or other legal obligations. Similarly, the Agencies shall only use the information listed on Exhibit A for the specific purposes of transmitting to ARCHER any information, including claims information and other protected health information, for those individuals listed on Exhibit A in the above-captioned matter against whom the Agencies have asserted liens or reimbursement claims, or in whose potential settlements the Agencies may have an interest. The Agencies shall only make the information for the individuals listed on Exhibit A available to those within their respective Agency who need access to the information for the individuals listed on Exhibit A for the specific purpose stated in this paragraph. If the Agency utilizes outside vendors or companies to perform part or all of their tort recovery practices, the outside vendors or companies shall be expressly bound by all terms and conditions of this Qualified Protective Order.

d.  ARCHER shall maintain any protected health information or individually identifiable health information subject to this Qualified Protective Order in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such protected health information as is exercised by ARCHER with respect to its own confidential proprietary information.

**IT IS SO ORDERED.**

Dated this _____ day of _____, 2021.

_____
David G. Campbell
Senior United States District Judge