**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation | No. MDL 15-02641-PHX-DGC |
| _____ | |
| Catriona Mhairi Duncanson, | No. CV-18-03082-PHX-DGC |
| Plaintiff, | |
| v. | |
| C. R. Bard, Inc.; and Bard Peripheral Vascular, Inc., | **ORDER** |
| Defendants. | |

The Court previously dismissed multiple cases from this MDL for lack of subject matter jurisdiction.  *See* Docs. 20667, 21461, 21759, 21741.  The parties have filed an updated status report identifying one additional case – *Duncanson v. C. R. Bard*, *Inc.*, No. CV-18-03082 – for which no federal jurisdiction exists.  Docs. 21995 at 2, 21995-3.  For reasons stated below, the Court will dismiss that case without prejudice.

Federal subject matter jurisdiction may be based on either federal question jurisdiction or diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  Courts "analyze federal question jurisdiction with reference to the well-pleaded complaint rule."  *Yokeno v. Mafnas*, 973 F.2d 803, 807 (9th Cir. 1992).  Under that rule, "federal jurisdiction exists only when a federal question is presented on the face of a properly pleaded complaint."  *Scholastic*

*Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 986 (9th Cir. 2003).  The complaint must establish either that "federal law creates the cause of action or that . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1102 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

The master complaint in this MDL asserts seventeen state law claims.  Doc. 364 ¶¶ 166-349.  Because the complaint asserts no federal claim and Plaintiffs' right to relief on the state law claims does not depend on resolution of a federal law question, the Court lacks subject matter jurisdiction under the federal question statute.  *See* 28 U.S.C. § 1331; *Yokeno*, 973 F.2d at 809.

Subject matter jurisdiction must therefore be based on diversity of citizenship.  *See Yokeno*, 973 F.2d at 809.  District courts have diversity jurisdiction over cases between citizens of different states involving claims greater than $75,000.  28 U.S.C. § 1332(a). Section 1332 requires complete diversity between the parties – that is, the citizenship of the plaintiff must be diverse from the citizenship of each defendant.  *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

For purposes of diversity jurisdiction, Defendant C. R. Bard, Inc. is a citizen of New Jersey and Defendant Bard Peripheral Vascular, Inc. is a citizen of Arizona.  *See* Doc. 364 ¶¶ 11-12; *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (noting that "a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business") (citing 28 U.S.C. § 1332(c)).  Complete diversity does not exist, therefore, where the Plaintiff is a resident of either Arizona or New Jersey and has sued both C. R. Bard and Bard Peripheral Vascular.  *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) ("Although diversity jurisdiction provides an independent basis for federal jurisdiction over state law claims, complete diversity is lacking in this case because both [plaintiff] and [defendant] are citizens of California.").

The parties agree in their updated status report that diversity jurisdiction does not exist in *Duncanson* because Plaintiff resides in New Jersey and has sued C. R. Bard, a citizen of New Jersey.  Docs. 21995 at 2, 21995-3; *see also* Doc. 1 ¶¶ 4-8, No. CV-18-03082.  A district court may dismiss a case for lack of subject matter jurisdiction at any time during the pendency of the action.  *See* Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (noting that Rule 12(h)(3) permits a district court to "raise the question of subject matter jurisdiction[] sua sponte"); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1230-31 (9th Cir. 2006) (an MDL "transferee judge exercises all the powers of a district judge in the transferee district under the Federal Rules of Civil Procedure").  Because subject matter jurisdiction does not exist in *Duncanson*, the case will be dismissed without prejudice.

**IT IS ORDERED** that *Duncanson v. C. R. Bard*, *Inc.*, No. CV-18-03082-PHX-DGC, is **dismissed without prejudice**.

Dated this 6th day of April, 2021.

David G. Campbell
Senior United States District Judge