1       **UNITED STATES DISTRICT COURT**

2       **FOR THE DISTRICT OF ARIZONA**

3       _____

4

5   **In Re: Bard IVC Filters**            ) **MD-15-02641-PHX-DGC**
    **Products Liability Litigation**      )
6                                          ) Phoenix, Arizona
                                           ) **March 19, 2021**
7   _____) 8:58 a.m.

8

9

10

11      **BEFORE:   THE HONORABLE DAVID G. CAMPBELL, JUDGE**

12      **REPORTER'S TRANSCRIPT OF PROCEEDINGS**

13      <u>**TELEPHONIC STATUS CONFERENCE**</u>

14

15

16

17

18

19

20

21  Official Court Reporter:
    Patricia Lyons, RMR, CRR
22  Sandra Day O'Connor U.S. Courthouse, Ste. 312
    401 West Washington Street, SPC 41
23  Phoenix, Arizona  85003-2150
    (602) 322-7257
24
    Proceedings Reported by Stenographic Court Reporter
25  Transcript Prepared with Computer-Aided Transcription

```
 1              T E L E P H O N I C   A P P E A R A N C E S

 2    For the Plaintiffs:

 3            Beus Gilbert, PLLC
              By: MARK S. O'CONNOR, ESQ.
 4            701 N. 44th St.
              Phoenix, AZ   85008
 5
              Freese & Goss, PLLC
 6            By: TIM GOSS, ESQ.
              3500 Maple Ave., Ste. 1100
 7            Dallas, TX   75219

 8


 9    For Defendants:

10            Nelson Mullins Riley & Scarborough
              By: RICHARD B. NORTH, JR., ESQ.
11            201 17th Street NW, Suite 1700
              Atlanta, GA   30363
12
              Snell & Wilmer
13            By: JAMES R. CONDO, ESQ.
              400 East Van Buren
14            Phoenix, AZ   85004

15

16    Also present:   Russell Gaudreau

17

18

19

20

21

22

23

24

25
```

**P R O C E E D I N G S**

THE COURTROOM DEPUTY: This is MDL case number 15-2641, In Re Bard IVC Filters Products Liability Litigation, on for telephonic status conference.

Counsel, please announce for the record.

MR. GOSS: Tim Goss for the plaintiffs.

MR. O'CONNOR: Your Honor, Mark O'Connor, co-lead for the plaintiffs in the MDL.

MR. NORTH: Your Honor, Richard North for the defendants.

MR. CONDO: Good morning, Your Honor. James Condo on behalf of defendants.

THE COURT: Anybody else?

Okay. Good morning, everybody.

I want to talk about three things, and then if there's any other matters you all want to raise, we can do that.

The first topic is the 200 dismissed cases that were addressed in Case Management Order Number 49. I've received the status report that was filed by Matthews & Associates and Freese & Goss this week, and I've read that. That report is at Docket 21962. And it indicates that some of the additional -- some of the 200 cases have been resolved. Looks like the parties had a fair amount of success in tracking down

```
08:59:43   1    additional folks.
           2              There are 129 cases that remain either in the status
           3    of nonresponsive or plaintiff is deceased with no known heir,
           4    or cannot be located.
09:00:04   5              Hold on just one second, my grandson is playing the
           6    piano, I'll be right back.
           7              He's not a great pianist; he's five years old.
           8              Okay.
           9              I assume, Mr. Goss, you've seen there is a document
09:00:32  10    filed this week on behalf of a plaintiff by the name of Dennis
          11    Word, that's at Docket 21955, by an attorney indicating that
          12    they found an heir, a son, that wants to accept the
          13    settlement?
          14              MR. GOSS:  Your Honor, I had not seen that; I
09:00:53  15    certainly will take a look at it.
          16              THE COURT:  It's 21955.  If you could take that into
          17    account.
          18              MR. GOSS:  Okay.
          19              THE COURT:  I've read the request in the status
09:01:12  20    report for an additional 60 days.  Mr. Goss, if you want to
          21    say anything more on that I'm happy to hear what you have to
          22    say, but I did read carefully what you had filed.
          23              MR. GOSS:  Just generally, Your Honor, we recognize
          24    the Court's been very accommodating and patient with us on
09:01:28  25    this issue, and we would not have asked for the additional
```

```
09:01:31   1    time if this was a situation where these were just folks that
           2    were refusing to make a decision.  What concerns us is that
           3    all of the people we're unable to locate, and in particular
           4    some of the hardship stories that we suspected all along are
09:01:47   5    starting to come to light as we do get ahold of people, and
           6    weighing all those factors together, we felt compelled to ask
           7    the Court for another extension.
           8                THE COURT:  All right.
           9                Mr. North, Mr. Condo, do you have any thoughts on
09:02:04  10    that issue?
          11                MR. NORTH:  Your Honor, Richard North for the
          12    defendants.  We have no objection and defer to the Court and
          13    the plaintiffs' attorneys on that.
          14                THE COURT:  Okay.
09:02:22  15                I certainly understand the reason for the request,
          16    but this is a situation where I accepted the parties' proposed
          17    settlement schedule almost exactly two years ago, March 21st
          18    of 2019.  At that time we provided that there was about six
          19    months to negotiate and if there was an executed release or
09:02:54  20    term sheet as of November 1st, then there would be dismissals
          21    as of May 1st, 2020.
          22                So we set more than a year to get those settlements
          23    done.
          24                We later extended the May 1st deadline to
09:03:11  25    November 2nd of 2020.
```

09:03:14  1            We then extended the November 2nd deadline to
          2   March 15th of 2021.  And when I granted that extension, I said
          3   in Case Management Order Number 49, and I'm quoting here, "As
          4   stated on the record and agreed to by counsel for both sides,
09:03:39  5   the Court will dismiss with prejudice any case in which, on
          6   March 15th, 2021, the plaintiff or their heirs cannot be
          7   located, the plaintiffs remain nonresponsive, or the
          8   plaintiffs failed to make a settlement decision.  Those cases
          9   will be dismissed with prejudice for failure to prosecute."
09:04:02 10            My conclusion is that two years is -- has been ample
         11   time to try to locate folks, and even with the pandemic, to
         12   give them a full and fair opportunity to accept settlements.
         13   In fact, the last two extensions were largely due to
         14   conditions brought on by the pandemic.
09:04:24 15            And so I'm going to stand by the dates that were in
         16   Case Management Order Number 49 and we're going to dismiss
         17   with prejudice the cases that still have no known heirs or are
         18   nonresponsive or cannot be located.
         19            And what that means, Mr. Goss, is that we need to get
09:05:00 20   two things from you, two lists.  We need to get from you the
         21   list of 129 cases, or it may be 128 with this Mr. Word having
         22   been found, where they can't be located or you can't find
         23   heirs or they're not responsive, and that list needs to
         24   include the plaintiff's name, the plaintiff's case number, and
09:05:29 25   the date and docket number of the previous order we entered

09:05:36   1    dismissing their case without prejudice.
           2             So we need each of those items of information for
           3    every one of the individuals who fall into these categories.
           4    So, again, that's their name, case number, and the date and
09:05:55   5    docket number of the previous order we entered dismissing them
           6    without prejudice.
           7             And once we have that list in hand, we are going to
           8    amend the orders in each of those cases to dismissals with
           9    prejudice.
09:06:14  10             The second thing that we need is a list from you,
          11    Mr. Goss, of the 13 plaintiffs who have opted out of
          12    settlements, as indicated in your report.  And for them we
          13    need the same information:  That is, the plaintiff, their case
          14    number, and the date and document number of the order
09:06:37  15    dismissing them.  And what we will do with those 13 is
          16    reinstate their case and we will transfer or remand them to
          17    their home courts.
          18             I don't think, and correct me if I'm wrong on this,
          19    that we need to do anything with regard to the 57 plaintiffs
09:07:01  20    who have accepted settlements and the one plaintiff who simply
          21    wants her case closed.  I assume those just remain dismissed
          22    without prejudice and you all document the releases that the
          23    people give for the settlements and those cases are done.  Do
          24    you agree with that last point?
09:07:22  25             MR. GOSS:  This is Tim Goss.  I do.

09:07:24  1              THE COURT: Mr. North, does that sound right to you?
          2              MR. NORTH: Yes, Your Honor, it does.
          3              THE COURT: And Mr. Goss, any questions on those two
          4   lists that we need to get from you?
09:07:36  5              MR. GOSS: No questions. I do have a related
          6   question, and that is I think we were actually getting people
          7   that were -- were finding people up until last week, until
          8   right before we filed this status report.
          9              Let's say we get someone tomorrow or over the weekend
09:07:58 10   or Monday that they changed their mind or we found them and
         11   they want to accept their settlement. Is there still time for
         12   those folks that are kind of in an in-between area now?
         13              THE COURT: I was going to set a date for when you'll
         14   get those lists to us.
09:08:21 15              MR. GOSS: Okay.
         16              THE COURT: And I'm willing to say anybody who you
         17   find up until those dates can be included in the settlement.
         18              MR. GOSS: Okay.
         19              THE COURT: We need to pick that date. I don't know
09:08:34 20   if a week from today is too quick for you to get those lists
         21   or you need two weeks. What would work --
         22              MR. GOSS: Well, I'm certain I'm not the one that's
         23   going to be putting them together and I'm certain my people
         24   would want me to say two weeks.
09:08:52 25              THE COURT: Okay. So let's say, then, by Friday,

```
09:08:55   1    April 2nd, you'll get to us those two lists.  And if the 129
           2    cases drops by four or five or 10 between now and then, then
           3    you don't need to include those additional folks if you found
           4    them in that time.
09:09:14   5            MR. GOSS:  Okay.
           6            THE COURT:  Okay.  So we'll look forward to getting
           7    those lists on April 2nd and leave it to you to deal with
           8    Mr. Word.
           9            Anything else we need to talk about with respect to
09:09:31  10    the 200 dismissed cases from anybody?
          11            Okay.
          12            The second thing I want to talk about are what we've
          13    been calling the 950 settled cases on Track 2.  These were
          14    dealt with in Case Management Order 48.  We extended the
09:09:55  15    dismissal deadline or the transfer deadline to March 15th with
          16    those as well.  We know that many of those cases are
          17    resolving.  Nancy has been very busy the last couple of weeks
          18    processing stipulations that have come in, and Missy Pruneau
          19    in our clerk's office, who's done the yeoman's work on
09:10:18  20    managing the docketing on all of this, has been working on
          21    those as well.
          22            We -- I think in response to an e-mail from you,
          23    Mr. North, we agreed you could file a report with respect to
          24    any remaining cases by March 26th, which is a week from today.
09:10:39  25            And I'm assuming, Mr. North, that that report will
```

09:10:43  1  identify cases among the 950 that have not settled and that
          2  need to be transferred or remanded.  Is that your anticipation
          3  as well?
          4            MR. NORTH:  Yes, Your Honor, with one caveat.  Those
09:11:01  5  cases are technically settled because releases have been
          6  signed for those plaintiffs.  But despite extensive
          7  encouragement by Mr. Gaudreau's office, they have not been
          8  dismissed, and we can't make them dismiss them.  So they're
          9  technically settled but not dismissed.  And under the Court's
09:11:18 10  previous order, I believe the Court is ready to remand those.
         11            THE COURT:  How many of them are there?
         12            MR. NORTH:  By my count about an hour ago, there are
         13  406.
         14            Of interest, though, that 406 cases, all but 25 of
09:11:42 15  them are with five law firms that have not filed their
         16  dismissals yet.
         17            THE COURT:  Do you know why they have not filed their
         18  dismissals?
         19            MR. NORTH:  I think Mr. Gaudreau has joined the call
09:11:57 20  a little bit late and he can probably speak better to this,
         21  but there are a variety of reasons, I think.  Some are liens
         22  have not been cleared.  But Mr. Gaudreau could probably
         23  address that better.
         24            If you could.
09:12:10 25            MR. GAUDREAU:  Yes.  Sure.

09:12:11  1          Sorry, Your Honor, I joined late trying to find the
          2  dial-in.
          3          So in many of these deals there are scenarios where
          4  we don't, you know, release funds until we have clearance.
09:12:24  5  For a lot of these firms, they provided releases, but there's
          6  still some hoops to jump through before payment occurs, and
          7  payment usually triggers the filing of dismissal.  So, once
          8  again, it's a timing issue.  If the Court's prepared to remand
          9  them, I think that's the best course of action and may speed
09:12:41 10  up some of this.
         11          THE COURT:  I hate -- I hate to burden other judges
         12  with cases that are essentially resolved, but it seems to me
         13  that that's likely the best way to get them finalized.
         14          (overlapping voices)
09:13:04 15          THE COURT:  Get them in the hands of a judge who is
         16  going to call the lawyers and say we're going and let that be
         17  the incentive for them to document the cases.
         18          So, Jeff, we ought to think about, in the order for
         19  these 406 cases, putting that in, into the order, an
09:13:24 20  explanation for why we're doing it given the fact many of them
         21  or most of them have settled, and encouraging the judges to
         22  call in the lawyers and press them on getting the settlement
         23  documented so they recognize that ought to be the first step,
         24  rather than them thinking they've got to gear up and establish
09:13:51 25  a full discovery schedule and everything.

```
09:13:55   1                THE LAW CLERK:  Okay, we can add that to the
           2   remand/transfer order.
           3                THE COURT:  So, Mr. North, the report you're going to
           4   file a week from today I assume will have within in it the
09:14:11   5   lists of those who have not been dismissed with the
           6   information we've been given in the past about the cases so we
           7   can go ahead and do remand and transfer orders; is that
           8   correct?
           9                MR. NORTH:  Yes, Your Honor.  And we will break that
09:14:26  10   down into two lists as we have in the past, one for any cases
          11   that need to be remanded through the JPML and then another
          12   list for those to be transferred.
          13                THE COURT:  Okay.
          14                Okay, we'll look to get that on the 26th and look to
09:14:45  15   get those cases remanded and transferred.
          16                So once we've dealt with those cases and the 129, are
          17   there any other cases that we need to do anything with that
          18   you're aware of?
          19                MR. NORTH:  Your Honor, Richard North.  I believe,
09:15:06  20   and I don't have the data in front of me, there are a small
          21   number that may not have settled but for some reason didn't
          22   get remanded.  I think it's probably less than ten, it may be
          23   even less than five.  We can flag those in the report with the
          24   two lists.  But my assumption is those should be remanded or
09:15:29  25   transferred also.
```

```
09:15:30   1              THE COURT:  Yeah.  Okay.
           2              Okay, then the intent, it's certainly been mine and
           3   sounds like your alls as well, is to have this report for
           4   every case and address every case so when we take the actions
09:15:47   5   we've just discussed, all of the cases will be transferred
           6   back.  We've got a number of them here, obviously, that I'm
           7   going to handle going forward that are Arizona-based cases,
           8   but all of the others are going to be transferred.
           9              MR. NORTH:  Yes, Your Honor.
09:16:08  10              THE COURT:  Anything else we need to discuss on those
          11   topics we've covered?
          12              MR. NORTH:  Nothing from the defendants, Your Honor.
          13              THE COURT:  Mr. O'Connor, anything from you?
          14              MR. O'CONNOR:  I have nothing, Your Honor.  Thank
09:16:28  15   you.
          16              THE COURT:  Okay.  The third topic is one I want to
          17   talk to you, Mr. O'Connor, about, which concerns Plaintiffs'
          18   Steering Committee matters.  There was an ex parte filing
          19   about issues among plaintiffs' counsel and I just want to talk
09:16:47  20   to you about timing to get those issues addressed.  So why
          21   don't you stay on the call for a minute after we conclude it
          22   with everybody else, if you would, please.
          23              MR. O'CONNOR:  Sure.
          24              MR. GOSS:  Your Honor, this is Tim Goss.  I'm
09:17:04  25   concerned that if I drop off the call -- I might need to, but
```

| | | |
|---|---|---|
| 09:17:07 | 1 | if I drop off the call I don't know if I'll lose everybody or |
| | 2 | not since I'm the host. |
| | 3 | THE COURT:  Yeah, if you could stay on -- |
| | 4 | MR. O'CONNOR:  Judge, if you would like, I could call |
| 09:17:17 | 5 | you back at a number. |
| | 6 | THE COURT:  Well, the problem is it needs to be a |
| | 7 | conference number that we don't have set up.  Are you all |
| | 8 | right with Mr. Goss being in on the discussion? |
| | 9 | MR. O'CONNOR:  I think that it's probably something |
| 09:17:34 | 10 | that is probably best to stay ex parte.  I'll have to pull the |
| | 11 | papers, but if you want, I can send you another conference |
| | 12 | call number. |
| | 13 | THE COURTROOM DEPUTY:  Your Honor, I have my own |
| | 14 | conference call number that you can use.  This is Christine. |
| 09:17:58 | 15 | THE COURT:  I'm just trying to think about timing and |
| | 16 | logistics about what else is happening. |
| | 17 | THE COURTROOM DEPUTY:  Judge, I'm sorry, this is |
| | 18 | Christine.  I do have my own conference call number if you |
| | 19 | want to use that. |
| 09:18:08 | 20 | THE COURT:  Okay.  Do you have to set that up, |
| | 21 | Christine, or can you just give it to us all and we'll use it |
| | 22 | to call back? |
| | 23 | THE COURTROOM DEPUTY:  I can just give it to you and |
| | 24 | have everyone call back. |
| 09:18:17 | 25 | THE COURT:  Okay, why don't we do that, Mr. O'Connor, |

```
09:18:19   1    and then we'll have the courtroom call back and you and me as
           2    well.
           3             MR. O'CONNOR:  Thank you.
           4             THE COURT:  Go ahead, Christine.
09:18:29   5             THE COURTROOM DEPUTY:  Sorry, computer froze, I'm
           6    pulling up the number.
           7             It is 866-390-1828, and the access code is 5861608.
           8             MR. O'CONNOR:  Can you say that one more time.  586?
           9             THE COURTROOM DEPUTY:  5861608.
09:19:12  10             MR. O'CONNOR:  Okay.  I'll give you a call right
          11    back.
          12             THE COURT:  Okay.  All right.  Thank you, everybody,
          13    for calling in and we'll look forward to getting that -- those
          14    reports on March 26th and April 2nd.
09:19:30  15             MR. NORTH:  Thank you, Your Honor.
          16             MR. GOSS:  Thank you, Your Honor.
          17             MR. O'CONNOR:  I'll call right back.
          18          (End of transcript.)
          19                          * * * * *
          20
          21
          22
          23
          24
          25
```

**C E R T I F I C A T E**

I, PATRICIA LYONS, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control, and to the best of my ability.

DATED at Phoenix, Arizona, this 1st day of April, 2021.


s/ Patricia Lyons, RMR, CRR
Official Court Reporter