Ben C. Martin
bmartin@martinbaughman.com
Texas Bar No. 13052400
**Martin|Baughman**
3141 Hood St. Suite 600
Dallas, Texas 75219
T: 214-761-6614
F: 214-744-7590

*Appearing In Propria Persona*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| In Re Bard IVC Filters Products Liability Litigation | No. MD-15-02641-PHX-DGC<br><br>**BCM's MOTION AND MEMORANDUM IN SUPPORT TO FILE EXHIBITS TO AFFIDAVIT UNDER SEAL**<br><br>(Assigned to the Honorable David G. Campbell) |
|---|---|

Comes now the Law Offices of Ben C. Martin and the law firm of Martin|Baughman (herein collectively referred to as "BCM"), and submits this Motion and Memorandum in Support to File Exhibits to Affidavit Under Seal, and in support thereof would respectfully show the Court as follows:

The Affidavit of Ben C. Martin provides the factual basis for BCM's Motion to Reduce and Exempt Client Recoveries from Common Benefit Fee and Expense Assessment ("BCM's Motion"), and the Exhibits to the Affidavit reveal the identities of BCM's clients – including clients who never filed a lawsuit against Defendants. Although "access to judicial records is not absolute," parties seeking to

seal a judicial record must satisfy the "compelling reasons" standard.[1] Compelling reasons to seal records exist when the records: (1) "could be a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets;"[2] (2) contain "information about proprietary business operations, [or] a company's business model or agreements with clients;"[3] and (3) reveal "sales figures, advertising numbers, and strategy information."[4]

Here, the Exhibits to the Affidavit of Ben C. Martin should be filed under seal for each of the three compelling reasons articulated by courts in this Circuit. Under the first prong, the facts in the Exhibits could be a vehicle for improper purposes because they reveal the number and identities of people who have settled their claims with Defendants, including those who never filed a lawsuit against Defendants. Public availability of the above information permits improper use: (1) by an industry competitor to gratify its spite against Defendants or Plaintiffs' counsel; (2) by media to promote public scandal against medical devices, Plaintiffs' counsel, or the BCM clients identified in the Exhibits; and/or (3) by litigants and litigators to circulate libelous statements against law firms or BCM's clients who

---

[1] *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).
[2] *Id.* at 1179.
[3] *Selling Source, LLC v. Red River Ventures, LLC*, 2:09-CV-01491-JCM, 2011 WL 1630338 (D. Nev. Apr. 29, 2011).
[4] *JL Bev. Co. v. Beam, Inc.*, No. 2:11-cv-00417-MMD-CWH, 2013 U.S. Dist. LEXIS 35370, at *10 (D. Nev. 2013), *rev'd on other grounds*, *JL Bev. Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1101 (9th Cir. 2016).

may have achieved less (or more) success against Defendants. Accordingly, compelling reasons support filing the Exhibits under seal.

Under the second prong, the Exhibits should be sealed because they reveal BCM's agreements with specifically identified clients, who have not filed a lawsuit against Defendants. Those identities, while necessary and sufficient to justify the relief sought by BCM's Motion, serve no other legitimate purpose when publicly disseminated. To the contrary, maintaining the identities of BCM's clients private – especially those who never filed a lawsuit against Defendants – allows BCM and its clients to benefit from their agreements without fear of public disclosure or future harassment. Moreover, BCM's clients have an interest in not having their individual litigation, injury, and settlement status publicly revealed. Accordingly, compelling reasons support filing the Exhibits under seal.

Additionally, the Ninth Circuit has observed "the public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials."[5] Here, the Exhibits support a non-dispositive motion, which will not impact the public's understanding of the claims against Defendants in the MDL or the final resolution of those claims. Accordingly, the Court should permit BCM to file the Exhibits to the Affidavit of Ben C. Martin under seal.

---

[5] *Kamakana*, 447 F.3d at 1179.

**WHEREFORE, PREMISES CONSIDERED**, the Court should grant this Motion in its entirety, permit BCM to file the Exhibits to the Affidavit of Ben C. Martin under seal, and provide BCM with all such other and further relief to which it may show itself justly entitled.

RESPECTFULLY SUBMITTED this 25th day of January, 2022.

/s/ Ben C. Martin
Ben C. Martin
bmartin@martinbaughman.com
**Martin|Baughman**
3141 Hood St. Suite 600
Dallas, Texas 75219
T: 214-761-6614
F: 214-744-7590

*Appearing In Propria Persona*

### CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

/s/ Ben C. Martin
Ben C. Martin