Ben C. Martin - bmartin@martinbaughman.com
(TX Bar No. 13052400)
MARTIN|BAUGHMAN, PLLC
3141 Hood Street, Suite 600
Dallas, Texas 75219
T:  (214) 761-6614
F:  (214) 744-7590

*Appearing In Propria Persona*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| IN RE:  Bard IVC Filters Products Liability Litigation | No. MDL 15-02641-PHX-DGC <br><br> **REPLY BRIEF OF THE LAW OFFICES OF BEN C. MARTIN AND MARTIN\|BAUGHMAN, PLLC IN SUPPORT OF THEIR MOTION TO REDUCE AND EXEMPT CLIENT RECOVERIES FROM COMMON BENEFIT FEE AND EXPENSE ASSESSMENT** |
|---|---|

## I.   INTRODUCTION

The Law Offices of Ben C. Martin and the law firm of Martin | Baughman (collectively, "BCM") respectfully submit this Reply Brief in further support of their Motion to Reduce and Exempt Client Recoveries from Common Benefit Fee and Expense Assessment.

In its Response in Opposition, the Common Benefit Fees and Costs Committee argues that BCM should be deemed to have signed a Participation Agreement, obligating its current and future clients without regard to their connection to this MDL proceeding to

have fee and cost assessment holdbacks paid into a fund created by this Court to compensate for Common Benefit work performed in this MDL proceeding.

As BCM made clear in its initial Memorandum of Law, BCM concedes that it is obligated to have these holdbacks assessed against the recoveries achieved in the cases in which BCM represented clients whose cases were a part of the MDL proceeding, although in those cases BCM is seeking to have the assessments applied only to the portion of the recoveries fairly traceable to the efforts of the Common Benefit work.

Although Judge Chhabria's now-published ruling from last June in *In re: Roundup Products Liab. Litig.*, 544 F. Supp. 3d 950 (N.D. Cal. 2021), which is currently on appeal to the Ninth Circuit, is not binding on this Court, the decision represents a very recent, and very insightful, examination of the sort of arguments and considerations that BCM's present motion requires this Court to resolve. As Judge Chhabria — a careful, fair, and scholarly judge who has a distinguished background that includes having clerked for Justice Breyer on the U.S. Supreme Court — recognized in *In re: Roundup*, applying MDL Common Benefit holdbacks in non-MDL cases — including state court cases, federal court cases that were never a part of the MDL proceeding, and unfiled cases — stretches and may very well exceed the boundaries of federal court authority even in cases in which the lawyer for such parties signed a Participation Agreement and/or also represented other clients whose cases were a part of the MDL proceeding.

Because Judge Chhabria's ruling in *In re: Roundup* has been appealed to the Ninth Circuit, it could very well be transformed into binding Ninth Circuit precedent in the not too distant future, and thus the decision is not as easily dismissed as the Common Benefit

2

Fees and Costs Committee pretends it to be in its Response in Opposition. BCM respectfully submits that the discussion and resolution of the issues raised herein, contained in the *In re: Roundup* opinion, are far more persuasive than what the Committee has offered in its Response in Opposition.

## II. BCM'S REPLY TO THE FACTUAL AVERMENTS CONTAINED IN THE COMMITTEE'S RESPONSE

The Committee does not dispute that over half of the cases in which BCM has secured settlements from Bard are cases that have yet to be filed in any court, state or federal, or that BCM also has a sizeable number of clients whose cases were filed in federal court after the close of the MDL and thus were never part of the MDL.

The Committee responds by arguing that BCM should be deemed to have signed a Participation Agreement, thereby obligating both current and future clients of BCM who had claims against Bard, whether their cases were filed in state court, in federal court after this MDL proceeding concluded, or never filed in any court, to pay the same fee and costs assessment holdbacks that applied to the cases that were a part of this MDL proceeding.

Next, the Committee observes that BCM accessed the Common Benefit materials over 5000 times, even though the Committee's Orwellian tracking of that data proves nothing, as BCM clearly was entitled to access that material an unlimited number of times in connection with its MDL cases. How many times BCM accessed the material proves nothing, because fees were not being assessed on a per access basis. Moreover, had BCM simply downloaded the materials to its own internal database, BCM could have made

exactly the same use of those materials while accessing them via the Dropbox site fewer than a dozen times.

Furthermore, that the Committee has chosen to reimburse some state court activity as Common Benefit work does nothing to establish that recoveries that are achieved in state court litigation can or should be assessed Common Benefit fees and costs holdbacks in this MDL proceeding. Those are two entirely separate inquiries that can produce differing outcomes without any internal inconsistency. That some state court work turned out to be for the Common Benefit fails to confer on the MDL court the power to impose fees and costs on plaintiffs and cases not actually pending before it.

The hypothetical that the Committee offers, whereby a law firm "could simply have filed a single, low value, placeholder case in the MDL and, through forum shopping or tolling agreements, avoided assessments on hundreds or thousands of cases that all benefited from the MDL work product," Committee's Resp. at 8, does not describe what happened here and is unrealistic in the extreme. BCM and other law firms in comparable situations must always act in the best interests of their clients, who have the need and desire for prompt compensation and whose cases have filing deadlines that are not realistically subject to evasion through the methods that the Committee hypothesizes.

Next, the objections from the Committee and from Bard regarding confidentiality concerns are overblown. BCM is not seeking to discover specific settlement amounts in specific cases. Rather, all that BCM seeks, for this Court's review under seal, is the average recovery achieved in cases that settled before remand in this MDL proceeding, so that this

Court can compare that number against the average result that BCM achieved in its remanded MDL cases.[1]

Lastly, whether or not BCM objected to the Committee's earlier requests concerning the holdback percentages that the Committee requested for Common Benefit fees and costs does not give rise to waiver, because BCM is not challenging those percentages here. Rather, BCM merely challenges which recoveries, and what portion of certain recoveries, those percentages are assessed against. Moreover, per this Court's order setting the assessment, "the 8% assessment for attorneys' fees represents a holdback, not a determination of the final amount to be disbursed out of the common benefit fee fund." Order at 3, Doc. No. 18038 (5/31/2019).[2]

### III. ARGUMENT IN REPLY

**A.  Judge Chhabria's Highly Persuasive Decision In In re: Roundup, Rather Than The Third Circuit's Unpublished Decision in Avandia, Should Guide This Court's Decision Whether To Exclude Unfiled Cases, State Court Cases, And Post-MDL Federal Cases From Any Fee Or Costs Assessments**

In *In re: Roundup Products Liab. Litig.*, 544 F. Supp. 3d 950 (N.D. Cal. 2021), U.S. District Judge Vincent Chhabria concluded that an MDL court simply lacks the power to tax fees and costs for MDL work product against clients whose cases were never filed in

---

[1] Although Bard, in its response in opposition, appears to humorously question BCM's assertion that BCM achieved a better than average recovery for BCM clients following remand of their cases from this MDL proceeding, Bard's response fails to assert that it has reviewed the relevant data to determine whether BCM is correct, nor does Bard supply that data to this Court, to BCM, and to the Committee for their review.

[2] BCM objects to the Committee's suggestion that the entirety of BCM's attorneys' fees from the Bard settlement be escrowed. There is no conceivable outcome where the Committee's claim would be of greater value than the 10% holdbacks plus the interest that would accrue via BCM's escrow request.

any court and clients whose cases were pending in state court, but that even if he had such power, he would decline to impose the assessments. *Id.* at 962-73. Given the limited space available in this Reply Brief, BCM simply commends Judge Chhabria's highly convincing opinion to this Court's attention, as it carefully and persuasively addresses all of the relevant considerations now before this Court and concludes that assessing fees and costs against state court cases, non–MDL federal court cases, and unfiled cases would be improper and inappropriate even if within his power.

In response thereto, the Committee relies heavily on an unpublished, and thus non-precedential, ruling of the U.S. Court of Appeals for the Third Circuit in *In re Avandia Marketing, Sales Practices & Products Liab. Litig.*, 617 Fed. Appx. 136 (3d Cir. 2015). In that decision, which due to its unpublished nature does not even constitute binding precedent on the Third Circuit or on federal district courts within the Third Circuit, the court concluded that where an attorney had executed a participation agreement that the district court later adopted as an order of the court, the district court had jurisdiction over the attorney to require that MDL fee assessments be paid from the attorney's state court cases.

The outcome in *Avandia*, which Judge Chhabria accurately characterized as "strange" in his opinion in *In re: Roundup*, 544 F. Supp. 3d at 968, places tremendous weight on a lawyer's ability to agree to bind current and future clients whose cases are not otherwise under the control of the MDL court. Even if an attorney can bind his current and future clients with regard to his attorney fee entitlement — notwithstanding that an attorney fee is initially a part of the client's recovery in all cases including non-MDL cases — the

costs assessment that the Committee seeks is charged directly against the portion of the recovery belonging to the client in the Bard MDL proceeding, and thus it is quite doubtful that any attorney agreement suffices to obligate clients whose cases are not a part of the MDL proceeding to pay such costs assessments.

The Fourth Circuit's published opinion in *In re Showa Denko K.K. L-Tryptophan Products Liab. Litig.-II*, 953 F.2d 162 (4th Cir. 1992), is far more persuasive than the Third Circuit's unpublished opinion in *Avandia*. In common with the Ninth Circuit and Eighth Circuit rulings that BCM cited in its opening brief, the Fourth Circuit in *Showa Denko* concluded that a federal district court in that MDL proceeding "simply has no power to extend the obligations of its order" regarding common benefit fee and costs assessments against "[c]laimants who have not sued and plaintiffs in state and untransferred federal cases" who have not voluntarily entered into the MDL litigation. *Id.* at 166.

In accordance with the legal authorities discussed above and in BCM's opening brief, BCM clients whose cases were pending in state court, whose cases were never filed in any court, and whose cases were filed in federal court after this MDL proceeding concluded should not have any MDL fees or costs holdbacks assessed against their recoveries.

**B.     Because The Enhanced Recoveries That BCM Clients Whose Cases Were Part of the MDL Received Were Due Almost Entirely To BCM's Own Work, Equity Demands A Reduction In The Fee And Costs Assessments In Those Cases**

In its opening brief, BCM proposed that the fair and equitable outcome with regard to fee and costs assessments on BCM's cases remanded from this MDL proceeding would

be for each such settled case to be assessed for fees and costs at the average assessment amount paid on cases that settled solely as the result of the common fund materials and work.

That outcome would necessarily provide a fair payment for common fund work in each of the cases in which BCM represented clients whose cases were part of this MDL, but it would avoid penalizing BCM for its extra work and resulting unique success in these cases, while unfairly rewarding the common fund attorneys for results above and beyond the average recovery that were in no way attributable to their efforts. Moreover, as explained in BCM's opening brief, because thrombosis injuries were inadequately addressed in the MDL,[3] BCM clients with such injuries should not be subject to any fee or cost assessment.

The Committee's and Bard's objection that this would require disclosing confidential information is incorrect, for reasons that BCM has already explained above. All that is required to perform this evaluation is comparing two average recovery numbers, nothing more.

---

[3] In its response, the Committee admits that "clotting due to filter placement was not a signature injury that leadership was charged with developing." Committee's Resp., Doc. No. 22149 at 10. The Committee then incorrectly asserts that it did develop this issue, citing case specific trial testimony discussing a fractured filter fragment that had migrated to a plaintiff's pulmonary artery. This testimony is not a general opinion contained in an expert report that remanded MDL plaintiffs could have relied upon, nor does the testimony address formation of clots on filters that remain in the IVC.

## IV. CONCLUSION

For the foregoing reasons, BCM respectfully requests the issuance of an order excluding BCM clients whose cases were never part of this MDL proceeding (because they were never filed, they were filed in state court, or they were filed in federal court after the close of the MDL) from any obligation to pay a fee or costs holdback in this case. And BCM also respectfully requests that the amount of fee and costs holdback to be applied to its remanded MDL cases be capped at the average fee and costs holdback paid on those cases that settled solely as the result of common fund work, while excluding altogether cases involving thrombosis injuries.

RESPECTFULLY SUBMITTED this 15th day of February, 2022.

MARTIN|BAUGHMAN, PLLC

By: */s/ Ben C. Martin*
Ben C. Martin (TX Bar No. 13052400)
bmartin@martinbaughman.com
MARTIN|BAUGHMAN, PLLC
3141 Hood Street, Suite 600
Dallas, Texas 75219
T: (214) 761-6614
F: (214) 744-7590

*Appearing In Propria Persona*

9

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of February, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing and provided a copy via email to the following:

Mark S. O'Connor
Beus Gilbert McGroder PLLC
701 N. 44th Street
Phoenix, Arizona 85008
mark.oconnor@beusgilbert.com

Howard Nations
The Nations Law Firm
9703 Richmond, Suite 200
Houston, Texas 77042
nations@howardnations.com

Wendy Fleishman
Lieff Cabraser Heimann & Bernstein
250 Hudson Street, 8th Floor
New York, NY 10013
wfleishman@lhcb.com

                */s/ Ben C. Martin*
                Ben C. Martin