David M. Langevin (admitted *pro hac vice*)
Rhett A. McSweeney (admitted *pro hac vice*)
MCSWEENEY LANGEVIN LLC
2116 2nd Ave. S,
Minneapolis, MN 55404
Telephone: 612.746.4646
Facsimile: 612.454.2678
dave@westrikeback.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filter Products Liability Litigation | Case No. MDL 15-02641-PHX-DGC |

## UNOPPOSED MOTION FOR ENTRY OF A QUALIFIED PROTECTIVE ORDER

By this motion, McSweeney/Langevin, LLC ("Claimants' Counsel") seeks the entry of the attached Qualified Protective Order allowing protected health information and/or individually identifiable health information as defined by 45 C.F.R. 160.103 or information that is otherwise protected from disclosure by Health Insurance Portability and Accountability Act of 1996 ("HIPAA")[1] or other applicable state law, regarding the individuals listed on Exhibit A to the attached Qualified Protective Order, to be transmitted to undersigned counsel and any third-party authorized by undersigned counsel to assist in the resolution of potential liens and

---

[1] HIPAA shall mean the provisions of the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, 110 Stat. 1936 (1996) and the implementing regulations issued thereunder including 45 C.F.R. Parts 160 and 164. HIPAA allows the Secretary of Health and Human Services to implement any appropriate or necessary regulations. *Murphy v. Dulay*, 768 F.3d 1360, 1368 (11th Cir. 10/10/2014). The Secretary of Health and Human Services promulgated 45 C.F.R. Parts 160 and 164 to address the privacy and disclosure of protected health information and/or individually identifiable health information. *Id.*

reimbursement claims. Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard") do not oppose this Motion.

Bard has entered into a Master Compromise, Settlement, Release and Indemnity Agreement (the "Settlement Agreement") with plaintiffs and claimants asserting similar claims against Defendant, including the individuals listed on Exhibit A to the attached Qualified Protective Order.

The Settlement Agreement requires the appointment of a Lien Resolution Administrator to assist in the resolution of potential liens and reimbursement claims, including, but not limited to, those that may be asserted with respect to federal Medicare benefits as contemplated by the Medicare Secondary Payer Act, 42 U.S.C. § 1395y and interpreting case law, including but not limited to private carriers that have provided coverage pursuant to Medicare Part C (any Medicare Advantage Plan); Medicaid liens; other governmental healthcare programs with statutory reimbursement or subrogation rights (including, by way of example without limitation, TRICARE, VA, and Indian Health Services benefits) ; or other private insurers. The Lien Resolution Administrator's duties and functions include the authority to act as agent for undersigned counsel for purposes of lien identification; to receive and release identifiable health information; and to resolve liens and reimbursement claims.

In order to complete the duties and functions described above, the Lien Resolution Administrator will need access to protected health information and/or individually identifiable health information as defined by 45 C.F.R. 160.103 or information that is otherwise protected from disclosure by HIPAA or other applicable state law, regarding the individuals listed on Exhibit A to the attached Qualified Protective Order.

45 C.F.R. 164.512(e)(1)(i) provides:

(e) Standard: Disclosures for judicial and administrative proceedings. (1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding: (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order….

The attached Qualified Protective Order has satisfactory safeguards in place to limit the disclosure and use of protected health information and/or individually identifiable health information as defined by 45 C.F.R. 160.103 or information that is otherwise protected from disclosure by HIPAA or other applicable state law because the information cannot be used for a purpose other than the settlement of this litigation and the information must be destroyed at the conclusion of this litigation.

Wherefore, Claimants' Counsel respectfully requests that this Motion for Entry of a Qualified Protective Order be granted.

DATED: February 28, 2022

Respectfully submitted,

<u>/s/ David M. Langevin</u>
**David M. Langevin, Esq.**
**McSweeney Langevin**
2116 Second Avenue South
Minneapolis, MN 55106
Telephone: (612) 746-4646
Facsimile:  (612) 454-2678
dave@westrikeback.com

**ATTORNEYS FOR PLAINTIFFS**

3

| | |
|---|---|
| 1 | **AGREED AS TO SUBSTANCE AND FORM:** |
| 2 | */s/ Russell Gaudreau (w permission)* |
|   | **Russell Gaudreau** |
| 3 | gaudreaur@gtlaw.com |
|   | **Bina Palnitkar** |
| 4 | bina@gtlaw.com |
| 5 | **Greenberg Traurig, LLP** |
|   | 2200 Ross Avenue, Suite 5200 |
| 6 | Dallas, TX 75201 |
|   | P: 214.665.3727 |
| 7 | F: 214.665.3601 |
| 8 | **ATTORNEYS FOR DEFENDANT** |
|   | **C.R. BARD, INC.** |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2022, I electronically transmitted the foregoing document using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

/s/ *David M. Langevin*