Ben C. Martin
bmartin@martinbaughman.com
Texas Bar No. 13052400
Martin Baughman P.L.L.C.
3141 Hood St. Suite 600
Dallas, Texas 75219
T: (214) 761-6614
F: (214) 744-7590

*Appearing in Propria Persona*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

IN RE: Bard IVC Filters Products Liability Litigation

No. MDL 15-02641-PHX-DGC

**EMERGENCY MOTION OF LAW OFFICES OF BEN C. MARTIN AND MARTIN BAUGHMAN TO STAY DISTRIBUTION PENDING APPEAL**

(Assigned to the Honorable David G. Campbell)

The Law Offices of Ben C. Martin and the law firm of Martin Baughman PLLC (collectively, "BCM") file this Emergency Motion to Stay Distribution Pending Appeal (the "Motion").[1] BCM respectfully requests that this Court stay distribution of common benefit fees

[1] This is filed as an emergency motion because BCM has information indicating that distribution of the assessment amounts from BCM's settlement with Bard is imminent. *See* Declaration of Ben C. Martin in Support of Emergency Motion to Stay Distribution Pending Appeal, paragraph 7.

and expenses from BCM's unfiled, state court, and federal non-multi-district litigation ("MDL") settlements until BCM has exhausted its appeal of the 8% in common benefit fees and 2% in common benefit expenses applied to BCM's unfiled, state, and non-MDL federal settlements. On the same date as the filing of this motion, BCM filed its Notice of Appeal of this Court's May 20, 2022 order [Doc. 22162] denying BCM's motion to reduce and exempt its clients' recoveries from common benefit fee and expense assessments [Doc. 22163].

A stay pending appeal is appropriate pursuant to the factors articulated by the Ninth Circuit: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Mi Familia Vota v. Hobbs*, 977 F.3d 948, 952 (9th Cir. 2002) (citing and quoting *Nken v. Holder*, 556 U.S. 418, at 434 (2009)).

With regard to the first factor, enforcement of the "Participation Agreement" and the resulting distribution of the common benefit fees and expenses are squarely at issue before the Ninth Circuit as a result of the appeal of *In re Roundup Prods. Liab. Litig.*, 544 F. Supp. 3d 950 (N.D. Cal. 2021), appeal docketed, No. 21-16228 (9th Cir. July 26, 2021). This Court has extensively reviewed the case law regarding the federal courts' authority in enforcing and distributing common benefit fees and expenses in MDL litigation. *See* Doc. 22162. However, this Court's interpretation and conclusions are not unanimous among the courts. *See, e.g., In re Roundup Prods. Liab. Litig.*, 544 F. Supp. 3d 950 (N.D. Cal. 2021). Based on the evidence and argument presented in its underlying motion, brief, and reply brief, and based on the holding of *In re Roundup Prods. Liab. Litig.*, 544 F. Supp. 3d 950 (N.D. Cal. 2021) and the briefing on

appeal, BCM contends it is likely to succeed on the merits. BCM notes that if the Ninth Circuit upholds Judge Chhabria's ruling that a district court does not have authority over cases not before it (*e.g.*, unfiled or in state court) and lacks the power to tax fees and costs for MDL work product against such cases/clients, *id*. at 962-73, such a decision would be binding and dispositive here.

With regard to the second factor, without a stay, BCM is likely to be irreparably injured. If BCM prevails on appeal, this Court would likely be required to enforce reimbursement of the funds which will likely be distributed before completion of the appeal and any ruling by the Ninth Circuit. Such reimbursement from the many law firms at issue will be administratively burdensome, and in some cases, the funds may have already been spent and reimbursement may not be possible. Because the assessments are in a Court-ordered account and any distribution of the assessment from BCM's cases may not take place absent this Court's order,[2] the facts here are analogous to appeal of an "in rem" matter in which BCM asks this court to preserve the existence of a "res" as BCM's legal challenge to its ownership continues, because otherwise those who are entitled to possession may not have any way to recover it. A hasty distribution is neither in BCM's nor this Court's interest.

With regard to the third factor, issuance of the stay will not substantially injure the other parties interested in the proceeding. By this motion, BCM only seeks to delay disbursement of

---

[2] Pursuant to Case Management Order No. 6, "No amounts will be disbursed without review and approval by the Court, or such other mechanism as the Court may order. Specifically, such sums shall be distributed only upon Order of this Court. This Court retains jurisdiction over any common benefit award or distribution."

the assessment as applied to *some* of its cases. Specifically, BCM only seeks the delay as to 304 of its clients – namely, those whose claims were filed in state court, filed in federal court after the close of the MDL, or never filed at all. A list of these clients, along with the total settlement amount and total assessment amount for these categories of cases, is provided in the Declaration of Ben C. Martin in Support of Motion to Stay Distribution Pending Appeal ("Martin Declaration"). Granting this motion would delay distribution of only approximately thirty-seven percent of the total assessment on BCM's cases/clients, allowing nearly two-thirds of the money to be distributed now. *See* Martin Declaration, paragraph 6. Given the substantial amount of money that will be distributed from BCM's other clients and that has already been distributed from the settlements of other firms, there is no substantial injury in holding back approximately one-third of the assessment on BCM's cases to ensure that the ultimate distribution is in accordance with the holdings of the Ninth Circuit and, if applicable, the U.S. Supreme Court.

With regard to the fourth factor, to order distribution of common benefit fees and expenses from the Bard IVC Filters Fee Fund and the Bard IVC Filters Expense Fund before BCM can complete its appeal would violate the notions of fairness, justice, and judicial economy. In consideration of the conflicting rulings by district courts in the Ninth Circuit, it is reasonable and in the public interest to grant this Motion and temporarily delay distribution while BCM appeals. The inconvenience of delayed disbursement of the common benefit fees and expenses at issue pales in comparison to a court enforcing a participation agreement on cases and on individual clients of BCM it arguably has no jurisdiction over.

Accordingly, BCM requests that this Court grant the Motion and enter a stay of distribution of common benefit fees and expenses related to BCM's unfiled, state, and non-MDL federal cases until BCM has exhausted its appeals of this Court's May 20, 2022 order denying BCM's motion to reduce and exempt its clients' recoveries from common benefit fee and expense assessments [Doc. 22162].

RESPECTFULLY SUBMITTED this 6th day of June 2022.

By: */s /Ben C. Martin*

**MARTIN | BAUGHMAN, PLLC**
Ben C. Martin
Texas Bar No: 13052400
bmartin@martinbaughman.com
3141 Hood Street, Suite 600
Dallas, Texas 75219
T: (214) 761-6614
F: (214) 744-7590

*Appearing in Propria Persona*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing.

*/s/ Ben C. Martin*
Ben C. Martin