Ben C. Martin
Texas Bar No. 13052400
bmartin@martinbaughman.com
**MARTIN | BAUGHMAN, PLLC**
3141 Hood St., Suite 600
Dallas, Texas 75219
T: (214) 761-6614
F: (214) 744-7590

*Appearing in Propria Persona*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| In Re Bard IVC Filters Products Liability Litigation | No. MDL-15-02641-PHX-DGC |
|---|---|
| | **REPLY IN SUPPORT OF MOTION OF LAW OFFICES OF BEN C. MARTIN AND MARTIN BAUGHMAN TO STAY DISTRIBUTION PENDING APPEAL** |
| | (Assigned to the Honorable David G. Campbell) |

The Law Offices of Ben C. Martin and the law firm of Martin Baughman, PLLC (collectively, "BCM") respectfully submit this Reply in support of their Motion to Stay Distribution Pending Appeal.

The Answering Brief for Joint Appellees filed on April 25, 2022 by Jeffrey A. Lamken, Esquire of the MoloLamken LLP law firm in the *In re: Roundup* Ninth Circuit appeal pending at No. 21-16228 (9th Cir.) seeks affirmance of Judge Chhabria's decision in that case, among other grounds, on the basis that an MDL court lacks the power to assess fees against never filed cases and cases pending only in state court, regardless of whether the plaintiff's counsel in such

1

cases did or did not sign a participation agreement. Moreover, the holdbacks at issue in this Court's ruling affect the recovery of clients in unfiled and state court cases, and it is undisputed that those clients did not themselves agree in any binding manner that the recoveries in their cases would be subject to this Court's authority or jurisdiction. Thus, the Common Benefit Fees and Costs Committee (CBFCC) is incorrect when it argues that the Ninth Circuit's forthcoming decision in the *In re: Roundup* appeal could not compel the reversal of this Court's decision that is the subject of BCM's appeal.

As BCM's Motion to Stay Distribution Pending Appeal explained, the challenged assessments constitute a *res* over which this Court possesses jurisdiction. This Court should avoid the irreparable destruction of that *res* by distributing it to dozens of law firms from whom its recovery would be unnecessarily expensive, difficult if not impossible to achieve, and unnecessarily wasteful of judicial resources in numerous different forums simply because those law firms would rather have their share of BCM's disputed assessments in their own coffers sooner rather than later or, depending on the outcome of BCM's appeal, not at all. What is at issue here is not money that would otherwise belong to BCM but rather to the clients in those cases. And it would be the clients in those cases who would need to bear the expense of trying to recover the improper assessments if BCM prevails on appeal but the assessments have already been distributed to numerous other law firms. The CBFCC's response in opposition entirely overlooks the harms from attempting to recover those assessments that permitting distribution now would inflict on those injured claimants over whom this Court never possessed jurisdiction should BCM prevail on appeal.

Similarly unpersuasive is the CBFCC's argument that staying distribution of the contested assessments would somehow reveal otherwise confidential settlement amounts in individual cases. The data that BCM has provided to this Court under seal will enable this Court to enter an order directing the CBFCC in the aggregate what total amount of disputed assessments to hold back. That total amount would not permit the CBFCC or anyone else to employ "reverse mathematics" (*see* CBFCC's br. at 3) to determine the settlement amounts achieved by any of BCM's individual clients whose assessments are being challenged on appeal.

The insubstantial nature of the CBFCC's opposition to BCM's stay request is highlighted by the CBFCC's decision to request, as affirmative relief in its response, either the imposition of a costs bond against BCM or the escrowing of not only the assessment amounts at issue but also BCM's share of fees and costs in the cases that are the subject of the appeal. These attempts to punish BCM for pursuing its appellate rights are without legal merit.

In *Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007), the Ninth Circuit considered those rare circumstances when a costs bond pursuant to Fed. R. App. P. 7 can include security for the appellee's counsel fees. The Ninth Circuit concluded that counsel fees can only be included where "an applicable fee-shifting statute includes them in its definition of recoverable costs, and only if the appellee is eligible to recover such fees." *Azizian*, 499 F.3d at 953. Yet the CBFCC has failed to identify any such fee shifting statute that is applicable here. Although the CBFCC cites to an Arizona statute providing that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees," (*see* CBFCC's br. at 5, citing Ariz. Rev. Stat. §12-

341.01(A)), this matter does not arise out of a contract, and is certainly not a breach of contract dispute, but rather concerns whether this Court has the power, independent of any applicable Participation Agreement, to assess fees and costs against parties to suits that were never pending in or before this Court.

The CBFCC also suggests, without citing any actual evidence, that law firms entitled to share in the distribution of the disputed fee and costs assessments would suffer supposed economic hardships if they were required to await the outcome of BCM's Ninth Circuit appeal. *See* CBFCC's br. at 4. Even if this Court were to indulge the possibility that these distributions were needed to enable those otherwise seemingly very successful law firms to meet their ordinary business obligations, which again no evidence exists to establish, that hypothetical harm pales in comparison to the harm that BCM's affected clients would suffer if the fee distributions were made now and then, down the road, BCM wins its Ninth Circuit appeal, leaving no readily available, segregated proceeds from which those clients could recover the disputed fee and costs assessments.

Nor is escrowing BCM's fees and costs from the cases at issue necessary or appropriate either to "protect the confidential nature of the settlements" or to "create a corpus from which any award of attorneys' fees to replenish the common benefit fees depleted by MB's litigation and appeal." CBFCC's br. at 6. As explained above, the stay that BCM is seeking, if granted, would not imperil the confidential nature of the settlements because it would in no way reveal the settlement amounts of individual cases. Rather, this Court would merely be ordering the CBFCC to continue to hold in escrow a total, aggregate amount of fee and costs assessments. Thus, escrowing BCM's fees and costs in these cases is not necessary to achieve

confidentiality. And the CBFCC has failed to demonstrate any legal entitlement to recover from BCM its fees and costs in opposing the relief that is now the subject of BCM's Ninth Circuit appeal even were the CBFCC to prevail in achieving affirmance, or that such fees and costs would total anywhere near the amount that the CBFCC is asking this Court to place in escrow, representing the entirety of BCM's fees and costs for representing clients who never filed a claim or sued in state court.

BCM recognizes that any request for a stay pending appeal puts a district court in the uncomfortable position of having to assess the correctness of a decision that the district court inevitably thought was correct or else it would have reached the opposite result. But, as BCM has demonstrated, between the appeal that BCM has taken in this case and the appeal that the common benefit committee has taken in the *In re: Roundup* case, the Ninth Circuit will inevitably be determining the extent to which an MDL court can or cannot lawfully impose fee and costs assessments against unfiled cases and cases pending in state court. The only way to ensure the existence of the relief that BCM's clients would be entitled to if BCM prevails in its appeal is for this Court to enter a stay now precluding the distribution of the fee and costs assessments at issue until after the Ninth Circuit rules. That is reason enough to grant the requested stay.

For these reasons, and the reasons set forth in BCM's opening brief, this Court should grant a stay of distribution of the contested funds pending appeal.

RESPECTFULLY SUBMITTED this 27th day of June 2022.

                          **MARTIN | BAUGHMAN, PLLC**

By:   */s /Ben C. Martin*
       Ben C. Martin
       Texas Bar No: 13052400
       bmartin@martinbaughman.com
       3141 Hood Street, Suite 600
       Dallas, Texas 75219
       T: (214) 761-6614
       F: (214) 744-7590

       *Appearing in Propria Persona*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of June, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

       */s/ Ben C. Martin*
       Ben C. Martin