**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC<br>**ORDER** |

In an order dated May 20, 2022, the Court denied a motion by The Law Offices of Ben C. Martin and the law firm Martin|Baughman (collectively, "BCM") to exempt some of its clients from common benefit fee and cost assessments in this MDL.  Docs. 22144, 22162; *see also In re Bard IVC Filters Prods. Liab. Litig.*, 2022 WL 1606779, --- F.Supp.3d ---- (D. Ariz. May 20, 2022).  On June 6, 2022, BCM appealed the order to the Ninth Circuit Court of Appeals.  Docs. 22163, 22168.

BCM has now filed an emergency motion to stay distribution of its common benefit assessments pending appeal.  Doc. 22164.  The Common Benefit Fee and Cost Committee opposes the motion and requests that BCM be required to post a supersedeas bond to cover attorneys' fees it will incur in opposing the appeal.  Doc. 22174.  The motions are fully briefed, and the Court heard oral argument on July 14, 2022.  *See* Docs. 22172, 22177-81.

BCM's motion to stay will be denied because nearly all of the common benefit assessments have been withheld from its clients' recoveries and placed in escrow, and the order from which BCM has appealed does not authorize distribution of those assessments to participating common benefit attorneys.  The Court will, however, require that the assessments for BCM's non-MDL cases be held in escrow pending completion of the

appeal. This will ensure that BCM and its clients can recover the assessments if BCM prevails on appeal. The Committee's motion for a supersedeas bond will be denied because the prevailing party likely will bear its own attorneys' fees on appeal.

**I.      Background.**

Case Management Order ("CMO") 6 was issued early in the MDL to provide for the fair and equitable sharing among plaintiffs and their counsel of the burden of litigating this complex case. Doc. 372 at 1. A common benefit fund was established to ensure that attorneys who performed work that benefited all plaintiffs would be reasonably compensated. *Id.*

CMO 6 provided for the establishment of two interest-bearing accounts to receive and disburse common benefit funds – the Bard IVC Filters Fee Fund and the Bard IVC Filters Expense Fund. *Id.* at 9. The Court granted the Plaintiffs' Steering Committee's ("PSC") request to establish these accounts and appointed Citibank as escrow agent. *See* Docs. 16932, 17777. The accounts are funded through assessments on the gross monetary recoveries received by plaintiffs and their counsel. Doc. 372 at 9-10.

CMO 6 established a total common benefit assessment amount of 8%, which included 6% for attorneys' fees and 2% for expenses. *Id.* at 10. In May 2019, the Court found that significant unanticipated common benefit work justified an increase in the attorneys' fees assessment to 8%, but declined to increase the 2% assessment for expenses. Doc. 18038 at 3-5.

Pursuant to the terms of a "Participation Agreement," which was incorporated into CMO 6, BCM and other plaintiffs' firms agreed to pay common benefit assessments from the recoveries obtained in all of their cases. Doc. 372 at 10, 15, 17.

In January 2022, BCM moved to exempt its non-MDL cases – cases that were filed in federal court after the MDL closed, were filed in state court, or were never filed in any court – from the common benefit assessments. Doc. 22144 at 7-9.[1] BCM primarily relied

---

[1] BCM also moved to reduce the assessments for its MDL cases. *Id.* at 9-11. The Court denied that request (Doc. 22162 at 23-25), which is not relevant to BCM's motion to stay. *See* Doc. 22164 at 3-4.

2

on *In re Roundup Products Liability Litigation*, 544 F. Supp. 3d 950 (N.D. Cal. 2021), in urging the Court to exempt BCM's non-MDL cases from common benefit assessments. *Id.* at 1-2, 7-9.

The Court found that the *Roundup* court faced a different set of facts than this case and did not rule on the question presented here – whether a district court has authority over the recovery of someone whose lawyer knowingly entered into a participation agreement and whose recovery was secured in part because of the common MDL work product. *See* Doc. 22162 at 13-17; 544 F. Supp. 3d at 967-68. The Court concluded that it has inherent power to enforce the terms of the Participation Agreement and CMO 6, to hold BCM to its promise to pay the Court-ordered common benefit assessments on recoveries obtained in its non-MDL cases, and to hold BCM's clients to the agreement made by their counsel. Doc. 22162 at 11-17. The Court further found that compelling equities of the common benefit doctrine and simple fairness require BCM to pay common benefit assessments. *Id.* at 17-23.

## II. BCM's Emergency Motion to Stay Distribution Pending Appeal.

BCM moves to stay distribution of the common benefit assessments from its non-MDL cases until it has exhausted its appeal. Doc. 22164 at 1-2. But the order from which BCM has appealed does not authorize distribution of those assessments from the common benefit escrow accounts. The order requires BCM to pay into the accounts the full 10% common benefit assessment for all of cases in which it has obtained a recovery from Defendants, but says nothing about when those funds will be disbursed. *See* Doc. 22162.

Defendants started the process of transferring the assessments on BCM's recoveries to the common benefit escrow accounts before BCM filed its stay motion. Doc. 22172 at 2. Approximately 95% of BCM's assessments have been transferred or are in the process of being transferred to the accounts. Doc. 22181 at 2. Defendants have not transferred 5.27% of the assessments because they have not yet received executed releases

from the relevant claimants, but those assessments will be transferred as soon as Defendants receive the releases. *Id.*

BCM sought an emergency stay because it thought distribution of its assessments to the various Plaintiffs' counsel who participated in the common benefit work was imminent. Doc. 22164 at 1 n.1. But as BCM itself acknowledges, "the assessments are in a Court-ordered account and any distribution of the assessment[s] from BCM's cases may not take place absent this Court's order." *Id.* at 3. The Court has control over all common benefit funds under the Participation Agreement, CMO 6, and the Court's inherent authority to manage the MDL, and the Participation Agreement makes clear that no common benefit funds will be disbursed without the Court's order. Doc. 372 at 26. CMO 6 similarly provides that no common benefit funds "will be disbursed without review and approval by the Court[.]" *Id.* at 12.

There presently is no motion before the Court for an order authorizing common benefit fund disbursements.[2] Thus, as BCM acknowledged at the hearing, its motion to stay distribution is premature. The Court will deny the motion.[3]

## III. BCM's Assessments Shall Be Held in Escrow Pending Appeal.

While BCM's request for a stay is premature, its appeal of the Court's order raises legitimate legal questions that have sparked differing views among district court judges and have not been resolved by any federal court of appeals. *See* Doc. 22162 at 4-23. And BCM has legitimate concerns that it will have difficulty recouping its assessments if it prevails on appeal and the assessments have been disbursed to the many law firms who performed common benefit work. About 30 law firms are entitled to receive common benefit funds. The Committee argued that the Court has authority to require those firms to reimburse BCM if necessary, but could make no assurance that the firms would be willing

---

[2] The Committee indicated at the hearing that the next motion for disbursements likely will be filed later this year.

[3] Given this ruling, the Court need not address the traditional four-factor test for deciding whether to stay an order pending appeal. *See Nken v. Holder*, 556 U.S. 418, 426, 434 (2009); *Mi Familia Vota v. Hobbs*, 977 F.3d 948, 952 (9th Cir. 2020).

4

or able to reimburse BCM. What is more, any distributed assessments would likely be further disbursed to lawyers within the participating firms, the composition of some firms could change during the pendency of BCM's appeal, and some firms may no longer exist, making it very difficult if not impossible for BCM to be fully reimbursed.[4] As a result, the Court will require that BCM's assessments for its non-MDL cases be held in the common benefit escrow accounts until the appeal is resolved.

The Court recognizes that the participating law firms will be required to wait for the appeal to be resolved before receiving some of the fees they have earned for common benefit work. But the funds will not be at risk – they will remain in the escrow accounts and earn interest. Weighing the delay faced by these firms against the very real possibility that BCM will not recoup all of its assessments if it prevails on appeal and the assessments have been disbursed, the balance weighs in BCM's favor. BCM's assessments for its non-MDL cases will be held in escrow, earning interest, until the appeal is resolved. *See* Docs. 22164 at 3-4 (noting that BCM only seeks to delay distribution as to its 304 non-MDL cases); Doc. 22166 (declaration identifying those cases and assessment amounts).[5] The parties shall notify the Court when BCM's appeal has been resolved. The Court will then hear from the parties and determine what should happen with the escrowed assessments in light of the Ninth Circuit's ruling.

**IV.   The Committee's Motion for a Supersedeas Bond.**

The Committee moves for a supersedeas bond pursuant to Rule 7 of the Federal Rules of Appellate Procedure. Doc. 22174 at 4-5. That rule provides that "the district court may require an appellant to file a bond . . . to ensure payment of costs on appeal." Fed. R. App. P. 7. But the Committee does not seek a bond to cover its appellate costs (*see*

---

[4] Several members of Plaintiffs' leadership counsel in this MDL have changed firms during the course of this litigation. It is reasonable to expect other changes among counsel and law firms receiving common benefit funds.

[5] The Committee noted at the hearing that the Court denied BCM's prior request that its assessments be held in escrow (*see* Doc. 22162 at 25), and that BCM has not sought reconsideration of that ruling. But the Court clearly has discretion to reconsider its prior orders. *See Wheatcroft v. City of Glendale*, No. CV-18-02347-PHX-MTL, 2022 WL 1128941, at *1 (D. Ariz. Apr. 15, 2022) (citing Fed. R. Civ. P. 54(b)).

Doc. 22174 at 4-5), and the parties agreed that those costs are not sufficient to warrant a Rule 7 bond. *See* Fed. R. App. P. 39(e) (identifying the costs subject to a Rule 7 bond as the preparation and transmission of the record, the reporter's transcript, premiums paid for a supersedeas bond to preserve appellate rights, and the notice of appeal filing fee); *Fleury v. Richemont N. Am., Inc.*, No. C-05-4525 EMC, 2008 WL 4680033, at *8 (N.D. Cal. Oct. 21, 2008) (same).

The Committee instead requests a bond to cover its anticipated attorneys' fees to oppose BCM's appeal. Doc. 22174 at 5. The Committee contends that because BCM's appeal will deplete the pool of common benefit fees otherwise available for attorneys whose work helped create the fund, BCM should be ordered to reimburse those fees. *Id.*

In support, the Committee cites *Azizian v. Federated Department Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007), and A.R.S. § 12-341.01. *Id.* The Ninth Circuit held in *Azizian* that "a district court may require an appellant to secure appellate attorney's fees in a Rule 7 bond, but only if an applicable fee-shifting statute includes them in its definition of recoverable costs, and only if the appellee is eligible to recover such fees." 499 F.3d at 953. The Committee has not identified an applicable fee-shifting statute. Section 12-341.01(A) provides that "[i]n any contested action arising out of a contract, . . . the court may award the successful party reasonable attorney fees." The Committee contends that the Participation Agreement is a contract, BCM's appeal is tantamount to a breach of that contract, and its breach subjects BCM to an award of attorneys' fees under § 12-341.01. Docs. 22174 at 5, 22178 at 4-5. This argument is not likely to succeed.

BCM's appeal challenges the Court's authority to require BCM to pay common benefit assessments. While the Participation Agreement is clearly relevant to that issue, BCM's appeal is not a "contested action arising out of a contract" – that is, a lawsuit arising out of contract. The "action" in question is this MDL, and it does not arise out of contract. It involves product liability and related tort claims arising out of Defendants' design and sale of blood clot filters. The mere presence of the Participation Agreement in the facts underlying BCM's appeal is not likely to be enough to bring it within the statute. *See*

*Kaufman v. Warner Bros. Ent. Inc.*, No. CV-16-02248-PHX-JAT, 2019 WL 2084460, at *5 (D. Ariz. May 13, 2019) ("§ 12-341.01 does not apply if the 'contract is only a factual predicate to the action but not the essential basis of it.'") (quoting *Kennedy v. Linda Brock Auto. Plaza, Inc.*, 856 P.2d 1201, 1203 (Ariz. Ct. App. 1993)).

Instead, it is likely that BCM's appeal will be governed by the "American Rule," under which a successful party is "not entitled to collect a reasonable attorneys' fee from the loser." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561 (1986) (citation omitted). The Committee notes that BCM's appeal will deplete some of the fees that otherwise would be distributed for common benefit work (Doc. 22174 at 5), but that is always true under the American Rule – the prevailing party loses the sums it paid for attorneys' fees. The parties could have addressed this situation by including a fee-shifting provision in the Participation Agreement, but they did not do so.

The Committee also argues that courts have discretionary authority in setting supersedeas bonds and that MDL courts have broad discretion in coordinating and administering the proceedings. Docs. 22174 at 5, 22178 at 2-3 (citations omitted). True, but the Court cannot order a bond for attorney's fees when there is no apparent authority for those fees to be shifted to the losing party.[6]

**IT IS ORDERED:**

1. BCM's motion to stay distribution pending appeal (Doc. 22164) is **denied**.

2. BCM's common benefit assessments for its non-MDL cases (*see* Docs. 22166, 22181) shall be paid fully into the common benefit escrow accounts pending appeal of the Court's order denying BCM's motion to exempt recoveries from common benefit assessments (*see* Docs. 22144, 22162, 22163), and shall not be disbursed until the appeal has been resolved.

---

[6] In the alternative, the Committee requests that BCM be forced to sequester all of its attorneys' fees from its entire inventory of cases – not just the 10% assessment – until the appeal is resolved. Docs. 22174 at 6, 22178 at 6-7. But such a remedy is not called for in the Participation Agreement and the Committee cites no legal authority for such an order.

3. The Committee's motion for a supersedeas bond (Doc. 22174 at 4-5) is **denied**.

Dated this 29th day of July, 2022.

*David G. Campbell*

David G. Campbell
Senior United States District Judge